STEVEN M. SPECTOR (SBN: 51623)
  sspector@buchalter.com
ANTHONY J. NAPOLITANO (SBN: 227691)
  anapolitano@buchalter.com
BUCHALTER, A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891.0700
Facsimile: (213) 896.0400

Attorneys for Secured Creditor
HILLAIR CAPITAL MANAGEMENT LLC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:19-bk-14989-WB |
| SCOOBEEZ, INC., a California corporation, | Chapter 11 |
| Debtor and Debtor in Possession. | (Related Case Nos. 2:19-bk-14991-BB and 2:19-bk-14997-BR) |
| | **HILLAIR CAPITAL MANAGEMENT'S NOTICE OF NON-CONSENT TO USE OF CASH COLLATERAL BY THE DEBTOR** |

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

HILLAIR CAPITAL MANAGEMENT'S NOTICE OF NON-CONSENT TO USE OF CASH COLLATERAL
BN 36314263V1

**TO THE HONORABLE JULIA BRAND, UNITED STATES BANKRUPTCY JUDGE,
THE DEBTOR, ITS COUNSEL AND ALL PARTIES IN INTEREST:**

Hillair Capital Management LLC and its affiliates (collectively, "Hillair") is the senior secured creditor of Scoobeez, Inc., a California corporation, debtor in the above-captioned chapter 11 bankruptcy case ("Scoobeez"), and its affiliated debtors, Scoobeez Global, Inc., an Idaho corporation (formerly known as ABT Holdings, Inc.) ("Scoobeez Global") and Scoobur, LLC, a California limited liability company ("Scoobur") (collectively, the "Debtors"). On April 30, 2019, Scoobeez Global filed its own chapter 11 case designated as *In re Scoobeez Global, Inc.*, Case No. 2:19-bk-14991-BB (Bankr. C.D. Cal.), and Scoobur filed its own chapter 11 case designated as *In re Scoobur, LLC*, Case No. 2:19-bk-14997-BR (Bankr. C.D. Cal.). As of the filing of this Notice of Non-Consent, the Debtors have yet to file any motions for joint administration or motions to transfer the subsequently filed cases to Judge Julia Brand as the presiding judge over the low-numbered case.

A.      **The Debtors' Secured Obligations to Hillair Capital Management.**

On or about October 7, 2016, Scoobeez Global and Hillair entered into and executed that certain Securities Purchase Agreement (the "First SPA"). Under the First SPA, Scoobeez Global agreed to sell and Hillair agreed to buy an aggregate amount of "Debentures" issued by Scoobeez Global totaling $5,800,000. The definition of Debentures in the First SPA is that certain 8% Senior Secured Convertible Debenture Due October 1, 2018. On or about October 7, 2016, Scoobeez Global issued to Hillair its 8% Senior Secured Convertible Debenture Due October 1, 2018 (the "First Debenture"). Under the First Debenture, Scoobeez Global agreed to pay Hillair the principal sum of $5,800,000 on October 1, 2018.

On or about January 30, 2017, Scoobeez Global and Hillair entered into and executed that certain Securities Purchase Agreement (the "Second SPA"). Under the Second SPA, Scoobeez Global agreed to sell and Hillair agreed to buy an aggregate amount of "Debentures" issued by Scoobeez Global totaling $8,584,000. The definition of Debentures in the Second SPA is that certain 8% Senior Secured Convertible Debenture Due January 1, 2019. Under the Second SPA, on or about January 30, 2017, Scoobeez Global issued to Hillair its 8% Senior Secured

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**HILLAIR CAPITAL MANAGEMENT'S NOTICE OF NON-CONSENT TO USE OF CASH COLLATERAL**
BN 36314263V1

1   Convertible Debenture Due January 1, 2019 (hereinafter referred to as the "Second Debenture").

2   Under the Second Debenture, Scoobeez Global agreed to pay Hillair the principal sum of

3   $8,584,000 together with all other interest and charges due thereunder at Maturity on or before

4   January 1, 2019 (the "Maturity Date").   The Second Debenture includes the obligations of

5   Scoobeez Global to Hillair due under the First Debenture.

6   On or about October 7, 2016, Scoobeez and Scoobur each entered into and executed that

7   certain Subsidiary Guarantee in favor of Hillair.   Pursuant to the terms of the Subsidiary

8   Guarantee, Scoobeez and Scoobur each jointly and severally, and unconditionally guaranteed the

9   complete repayment of Scoobeez Global's obligations to Hillair no matter when incurred.

10   To secure repayment of all obligations owing to Hillair, on or about October 7, 2016,

11   Scoobeez Global, Scoobeez and Scoobur each, jointly and severally, executed a Security

12   Agreement.   The Security Agreement granted Hillair a security interest in essentially all of the

13   assets of Scoobeez Global, Scoobeez and Scoobur.   Hillair duly perfected its security interest in

14   the Collateral by filing UCC-1 financing statements as follows:   (a) as to Scoobeez Global, a

15   financing statement was filed with the Idaho Secretary of State on October 11, 2016, as File No.

16   B-2016-1183112-1; (b) as to Scoobeez, a financing statement was filed with the California

17   Secretary of State on October 11, 2016 as File No. 16-7550581531; (c) as to Scoobur, a financing

18   statement was filed with the California Secretary of State on October 11, 2016 as file no. 16-

19   7550581210.

20   There is due, owing and unpaid to Hillair from the Debtors the principal sum of

21   $11,153,098, plus accrued and accruing unpaid interest, late charges, together with other

22   miscellaneous charges set forth in the Second Debenture.

23   **B.  Hillair's Non-Consent to Use of Cash Collateral.**

24   Cash collateral is defined in section 363(a) of Bankruptcy Code as "cash . . . or cash

25   equivalents . . . whenever acquired in which the estate and an entity other than the estate have an

26   interest and includes the proceeds . . . of property subject to a security interest as provided in

27   section 552(b) . . . ."  11 U.S.C. § 363(a).  Based upon the Security Agreement referenced above,

28   all cash or cash equivalents currently in the Debtors' possession, including all post-petition

1  proceeds of the prepetition collateral, constitute cash collateral in which Hillair has an interest.

2        Under section 363(c)(2) of the Bankruptcy Code, the Debtors are prohibited from using

3  any of the cash collateral without Hillair's consent or an order of the Bankruptcy Court

4  authorizing such use.  Previously, Hillair advised the Debtors' bankruptcy counsel that it did not

5  consent and has not consented, whether expressly or implicitly, to the use of the cash collateral by

6  the Debtors.  Further, under section 363(c)(4) of the Bankruptcy Code, Hillair requires that the

7  Debtors segregate and account to Hillair for the cash collateral in their possession, custody or

8  control.

9        Since Hillair does not consent to the Debtors' use of its cash collateral, section 363(e) of

10  Bankruptcy Code provides that in such circumstance, the Debtors can use cash collateral only if

11  they can provide "adequate protection" of Hillair Capital Management's interest in the cash

12  collateral.  *See* 11 U.S.C. § 363(c).  "Adequate protection" is intended to safeguard Hillair Capital

13  Management's constitutional right to have the value of its secured claim, as it existed on the

14  petition date, preserved.  *See United Sav. Ass'n v. Timbers of Inwood Forest Assocs.*, 484 U.S.

15  365, 370 (1988).

16        Section 361 of Bankruptcy Code provides three non-exclusive means of providing

17  adequate protection.  These alternatives include (i) requiring the Debtors to make a cash payment

18  or periodic cash payments to the extent of a decrease in the value of the property; (ii) providing

19  an additional or replacement lien to the extent of a decrease in the value of the property; or

20  (iii) granting other relief that will result in the indubitable equivalent of the interest in the

21  property.  *See* 11 U.S.C. § 361.  The Debtors have the burden of proving the issue of adequate

22  protection.  *See* 11 U.S.C. § 363(o)(1).  The Debtors have not offered adequate protection to

23  Hillair.  If adequate protection cannot be provided, use of the cash collateral must be prohibited.

24  *See In re Megan-Racine Assocs. Inc.*, 202 B.R. 660, 663 (Bankr. N.D.N.Y. 1996).

25  DATED:  April 30, 2019                    BUCHALTER, a Professional Corporation

26                                          By:   */s/ Anthony J. Napolitano*
27                                                STEVEN M. SPECTOR
                                                 ANTHONY J. NAPOLITANO
                                                 Attorneys for Secured Creditor
28                                               HILLAIR CAPITAL MANAGEMENT, LLC

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
BUCHALTER, 1000 Wilshire Blvd, Suite 1500, Los Angeles, CA 90017

A true and correct copy of the foregoing document entitled (specify) **HILLAIR CAPITAL MANAGEMENT'S NOTICE OF NON-CONSENT TO USE OF CASH COLLATERAL BY THE DEBTOR** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) April 30, 2019      , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Ashley M McDow    amcdow@foley.com, sgaeta@foley.com;Ffarivar@foley.com;swilson@foley.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (date) April 30, 2019      , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor
Scoobeez
3463 Foothill Blvd.
Glendale, CA 91214

Presiding Judge
Hon. Julia W. Brand
U.S. Bankruptcy Court – Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1382
Los Angeles, CA 90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) April 30, 2019, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| April 30, 2019 | Sandra Alarcon | /s/ Sandra Alarcon |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.