Ashley M. McDow (245114)
**FOLEY & LARDNER LLP**
555 S. Flower St., Suite 3300
Los Angeles, CA 90071
Telephone: 213.972.4500
Facsimile: 213.486.0065
Email: amcdow@foley.com

[Proposed] Attorneys for Debtors and Debtors-in-Possession, Scoobeez, Scoobeez Global, Inc., and Scoobur, LLC

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>SCOOBEEZ, *et al.*[1]<br><br>Debtors and Debtors in Possession.<br><br>Affects:<br><br>■ All Debtors<br><br>☐ Scoobeez, ONLY<br><br>☐ Scoobeez Global, Inc., ONLY<br><br>☐ Scoober LLC, ONLY | Case Nos.: 2:19-bk-14989; 2:19-bk-14991; 2:19-bk-14997<br><br>Chapter 11<br><br>**DEBTORS' EMERGENCY MOTION FOR ORDER AUTHORIZING (1) THE PAYMENT OF PREPETITION WAGES, (2) THE CONTINUATION OF EMPLOYEE PROGRAMS POSTPETITION, (3) THE WITHHOLDING AND PAYMENT OF PAYROLL RELATED TAXES, AND (4) THE PAYMENT OF PREPETITION CLAIMS RELATING TO EMPLOYEE PROGRAMS; DECLARATION OF SHAHAN OHANESSIAN IN SUPPORT THEREOF**<br><br>Hearing:<br>Date: May 1, 2019<br>Time: 3:00 p.m.<br>Place: Courtroom 1375<br>    U.S. Bankruptcy Court<br>    255 East Temple Street<br>    Los Angeles, CA 90012 |

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Scoobeez (6339); Scoobeez Global, Inc. (9779); and Scoobur, LLC (0343). The Debtors' address is 3463 Foothill Boulevard, Glendale, California 91214.

**TABLE OF CONTENTS**

| | | Page |
|---|---|---|
| I. | Basis for Emergency Relief | 1 |
| II. | STATEMENT OF FACTS | 2 |
| | A. Jurisdiction and Venue | 2 |
| | B. The Debtors and the Chapter 11 Filing | 2 |
| | C. Employees and Payroll Structure | 3 |
| III. | Discussion | 4 |
| | A. Payment of Prepetition Obligations Should Be Authorized Under Bankruptcy Code Section 507(a) | 4 |
| | B. The Proposed Payments To Employees Are Appropriate Under Bankruptcy Code Section 363(b)(1) | 6 |
| | C. Payment of the Prepetition Obligations is Authorized Under Bankruptcy Code Sections 1107(a) And 1108 | 7 |
| | D. Bankruptcy Code Section 105 and the Doctrine of Necessity Support Payment of the Prepetition Obligations | 7 |
| | E. Authorizing the Debtors to Reissue Checks for Prepetition Obligations Is Warranted | 8 |
| | F. Request For Immediate Relief | 8 |
| IV. | COMPLIANCE WITH LOCAL BANKRUPTCY RULE 2081-1 | 8 |
| V. | NOTICE | 9 |
| VI. | CONCLUSION | 9 |

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Busy Beaver Bldg. Centers, Inc.*,
   19 F.3d 833 (3d Cir. 1994) ................................................................................................... 7

*Matter of Canton Casting, Inc.*,
   103 B.R. 874 (Bankr. N.D. Ohio 1989) ............................................................................... 7

*In re Chateaugay Corp.*,
   80 B.R. ................................................................................................................................ 7

*Matter of Columbia Gas*,
   171 B.R. 189 (Bankr. D. Del. 1994) .................................................................................... 7

*In re CoServ, L.L.C.*,
   273 B.R. 487 (Bankr. N.D. Tex. 2002) ................................................................................ 9

*In re Ionosphere Clubs, Inc.*,
   98 B.R. 174 (Bankr. S.D.N.Y. 1989) ............................................................................... 7, 8

*In re Just for Feet, Inc.*,
   242 B.R. 821 (D. Del. 1999) .............................................................................................. 10

*In re Lehigh & New England Ry. Co.*,
   657 F. 2d 570 (3d Cir. 1981) ............................................................................................... 7

*In re NVR L.P.*,
   147 B.R. 126 (Bankr. E.D. Va. 1992) ................................................................................ 10

*In re Quality Interiors*,
   127 B.R. 391 (Bankr. N.D. Ohio 1991) ............................................................................... 6

**Statutes**

11 U.S.C. § 105(a) ..................................................................................................................... 1, 9

11 U.S.C. § 363(b) ......................................................................................................................... 1

11 U.S.C. § 363(c) ......................................................................................................................... 1

11 U.S.C. § 507(a) ......................................................................................................................... 1

11 U.S.C. § 507(a)(4) ................................................................................................................. 5, 6

11 U.S.C. § 507(a)(5) ................................................................................................................. 5, 6

11 U.S.C. § 1107(a) ....................................................................................................................... 9

11 U.S.C. § 1108 .................................................................................................................9

28 U.S.C. § 157 ...................................................................................................................3

28 U.S.C. § 1334 .................................................................................................................3

28 U.S.C. § 157(b)(2) ..........................................................................................................3

28 U.S.C. § 1408 .................................................................................................................3

28 U.S.C. § 1409 .................................................................................................................3

**Rules**

Federal Rules of Bankruptcy Procedure Rule 6003 ...........................................................1

Federal Rules of Bankruptcy Procedure Rule 6004(a) .....................................................11

Federal Rules of Bankruptcy Procedure Rule 6004(h) .....................................................11

Local Bankruptcy Rule 2081-1 .........................................................................................11

Local Bankruptcy Rule 2081-1(a)(6) ................................................................................11

Local Bankruptcy Rule 9075-1 ...........................................................................................3

**Other Authorities**

United States Constitution Article III .................................................................................3

**TO THE HONORABLE JULIA W. BRAND, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, SECURED CREDITORS, 20 LARGEST UNSECURED CREDITORS, AND ALL INTERESTED PARTIES AND/OR THEIR COUNSEL OF RECORD:**

**I.  BASIS FOR EMERGENCY RELIEF**

The Debtors hereby move for authority to pay certain prepetition obligations identified in further detail below (collectively, the "Prepetition Obligations") on an emergency basis pursuant to Rule 9075-1 of the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the Central District of California (the "Local Rules").

The Debtors provide on-demand logistics and delivery services in California, Nevada, Illinois, New York, and Texas.  They offer door-to-door delivery service that facilitates same day deliveries for enterprise clients.  To facilitate the distribution of products and goods, the Debtors rely on a large group of delivery drivers and dispatchers.  Payroll is paid on a semi-monthly basis and, given the timing of the commencement of the above captioned bankruptcy cases (collectively, the "Bankruptcy Cases"), certain of the Debtors' employees (collectively, the "Employees") are currently owed wages and other compensation earned prior to the Petition Date (defined *infra*).  To meet their obligations in a timely manner, the Debtors' payroll company must debit the funds necessary to pay the Prepetition Obligations on or before May 1, 2019.  If the funds cannot be timely debited, the Employees will not receive their wages as scheduled and may lose their benefits.  The Debtors believe that the Employees may seek alternate employment if they do not timely receive their wages and/or any and all benefits to which they are entitled, or if the Employees perceive the inability to pay wages as an indication that the Debtors are unable to maintain operations in the course of the Bankruptcy Cases and, thus, provide long-term job security.  As the loss of one or more Employees could cause immediate and irreparable harm to the Debtors, the estates, and the Debtors' ability to reorganize, the need for the requested relief is immediate.

///

II.   **STATEMENT OF FACTS**

    A.   **Jurisdiction and Venue**

    1.   This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  The Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.  Venue of the Bankruptcy Cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

    B.   **The Debtors and the Chapter 11 Filing**

    2.   On April 30, 2019 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California, Los Angeles Division (the "Court").  The Debtors continue to operate and manage their affairs as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No party has requested the appointment of a trustee or examiner, and no committee has been appointed in any of the Bankruptcy Cases.

    3.   The Debtors are a logistics and delivery company headquartered at 3463 Foothill Boulevard, Glendale, California 91214.

    4.   Over the past two years, an increasing number of lawsuits have been filed against one or more of the Debtors, including various labor disputes.  Most recently, on or about April 22, 2019, Hillair Capital Management LLC ("Hillair") filed a three-count complaint against the Debtors, alleging breach of contract, breach of guaranty and replevin and delivery, which is currently pending as case number 19GDCV00492 in the Superior Court of the State of California, County of Los Angeles, North Central District (the "Los Angeles Case").  On or about April 24, 2019, Hillair filed an *Ex Parte* Application to Appoint Receiver, Issue Temporary Restraining Order and Set Order to Show Cause Why Receiver Should Not Be Confirmed and Why Preliminary Injunction Should Not Be Issued (the "Ex Parte Application") in the Los Angeles Case. The hearing on the Ex Parte Application was set for May 1, 2019 at 1:30 p.m.  In addition, within the past 90-120 days, a number of purported creditors have filed UCC-1 financing

statements asserting purported liens against substantially all, if not all, of the Debtors' personal property, including but not limited to accounts receivable.

5. Based on the aforementioned events and circumstances, amongst others, the Debtors began to explore and evaluate potential reorganization strategies aimed towards preserving and strengthening the Debtors' operations. After significant deliberation by the Debtors in this regard, the Debtors determined, in conjunction with insolvency counsel, that pursing reorganization under chapter 11 of the Bankruptcy Code provided the best option for the Debtors, their customers, and their creditors.

6. By and through the Bankruptcy Cases, the Debtors intend to restructure their obligations and reorganize their operations in order to maximize revenues and, thus, their ability to pay creditors of the bankruptcy estates through a plan of reorganization.

**C.  Employees and Payroll Structure**

7. At present, the Debtors utilize the services of approximately 700 employees. The Debtors pay the Employees on a semimonthly basis through their payroll service, ADP ("<u>ADP</u>"). At least two (2) business before payroll is made, ADP draws the funds needed to satisfy the upcoming payroll obligations from the Debtors' bank accounts. The Employees were last paid on or about April 19, 2019 for the period of April 1, 2019 through and including April 15, 2019, and the Debtors' payroll obligations average approximately $450,000 to $500,000 per week. The Debtors estimate that the Prepetition Obligations total approximately $850,000; however, the portion of the Prepetition Obligations attributable to each Employee is less than $12,850 per Debtor.[2] The payment of the Prepetition Obligations will not render the estate administratively insolvent. Certain of the Employees to be paid pursuant to this Motion are insiders.

8. In addition to wages and salaries, the Debtors also provide benefits to certain of the Employees, including but not limited to health insurance contributions, expense

---

[2] The Debtors do not believe there are amounts owed to any individuals on account of pre-petition wage and salary obligations that exceed $12,850, the priority expense compensation and benefit cap set forth by sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code. To the extent the actual amount owing such employees on account of a Prepetition Obligation exceeds $12,850.00, the Debtors shall only pay them $12,850.00 at this time. The Debtors' general counsel, Scott A. Sheikh, and their CEO, George Voskanian, are entitled to deferred compensation in excess of $12,850.00 that will become due post-petition, in July 2019.

- 3 -

*EMERGENCY* MOTION TO AUTHORIZE PAYMENT OF PREPETITION WAGES

Case 2:19-bk-14989-WB    Doc 8    Filed 05/01/19    Entered 05/01/19 00:37:46    Desc
Main Document    Page 8 of 15

reimbursements, and productivity and referral bonuses (collectively, the "Employee Benefits"). On average, the Debtors spend approximately $850,000 per year on Employee Benefits.

9. The services provided by the Employees are essential to the operation of the Debtors. If the Debtors fail to timely pay the Prepetition Obligations and the Employee Benefits (collectively, the "Prepetition Employee Obligations"), the Employees may suffer extreme personal hardship and, in some cases, may be unable to satisfy basic living expenses. Such a result would have a highly negative impact on workforce morale and would likely result in unmanageable turnover, especially given the current demand for qualified delivery drivers and dispatchers, which would result in immediate and irreparable harm to the Debtors and their estates.

**III.    DISCUSSION**

    **A.    Payment of Prepetition Obligations Should Be Authorized Under Bankruptcy Code Section 507(a)**

Section 507(a) of the Bankruptcy Code provides priority status to certain of the debtor's employment-related unsecured claims. Specifically, 11 U.S.C. §§ 507(a)(4) and (a)(5) provide in pertinent part:

> (a)    The following expenses and claims have priority in the following order: …[¶]…
>
> (4) Fourth, allowed unsecured claims, but only to the extent of $12,850 for each individual or corporation, as the case may be, earned within 180 days before the date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first, for—(A) wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual;
>
> (5) Fifth, allowed unsecured claims for contributions to an employee benefit plan—(A) arising from services rendered within 180 days before the date of the filing of the petition for the date of the cessation of the debtor's business, whichever occurs first, but only (B) for each such plan, to the extent of—(i) the number of employees covered by each such plan multiplied by $12,850; less (ii) the aggregate amount paid to such employees under paragraph (4) of this subsection, plus the aggregate amount paid by the estate on behalf of such employees to any other employee benefit plan.

11 U.S.C. §§ 507(a)(4) and (a)(5).

Since all priority claims must be paid before any distribution to general unsecured creditors, courts regularly permit payment of pre-petition accrued wages and benefits within the

- 4 -

*EMERGENCY* MOTION TO AUTHORIZE PAYMENT OF PREPETITION WAGES

4852-4621-5061.4

gamut of 11 U.S.C. §§ 507(a)(4) and (a)(5) so the debtor-in-possession can maintain its workforce. *See, e.g., In re Quality Interiors*, 127 B.R. 391, 396 (Bankr. N.D. Ohio 1991).

Courts have also consistently authorized the payment of prepetition priority wages and other debt in the absence of a plan of reorganization where such payments create "the greatest likelihood of payment of creditors in full or at least proportionately." *See Matter of Columbia Gas*, 171 B.R. 189, 191-92 (Bankr. D. Del. 1994); *In re Lehigh & New England Ry. Co.*, 657 F. 2d 570, 581 (3d Cir. 1981); *Ionosphere Club*, 98 B.R. 174, 178-179 (Bankr. S.D.N.Y. 1989); *In re Structurlite Plastics Corp.*, 86 Bankr. 922, 932 (Bankr. S.D. Ohio 1988), *citing In re Chateaugay Corp.*, 80 Bankr. 279, 287 (S.D.N.Y. 1987).

As stated by the Ninth Circuit in *In re Adams Apple, Inc*.:

> [A]nother "fundamental tenet"--rehabilitation of debtors . . . may supersede the policy of equal treatment. Cases have permitted unequal treatment of prepetition debts when necessary for rehabilitation, in such contexts as (i) prepetition wages to key employees; (ii) hospital malpractice premiums incurred prior to filing; (iii) debts to providers of unique and irreplaceable supplies; and (iv) peripheral benefits under labor contracts. ... [I]t illustrates a Congressional willingness to subordinate the interests of prepetition creditors to the goal of rehabilitation.

829 F.2d 1484, 1490 (9th Cir. 1987)(internal citations omitted).

Courts have also authorized Chapter 11 debtors to honor prepetition employee benefits. *See Matter of Canton Casting, Inc.*, 103 B.R. 874, 875-876 (Bankr. N.D. Ohio 1989) (prepetition vacation benefits); *In re Busy Beaver Bldg. Centers, Inc.*, 19 F.3d 833, 853 (3d Cir. 1994) ("the bankruptcy court entered numerous interim orders …authorizing … the payment of pre-petition wages and employee benefits…"); *In re Chateaugay Corp.*, 80 B.R. at 281 ("Judge Lifland, upon application of LTV, issued an order authorizing and empowering LTV to continue payment of pre-petition wages and salaries, employee reimbursement expenses, and benefits.").

In the instant case, ample cause exists to authorize the payment of the Prepetition Employee Obligations. The Debtors utilize delivery drivers, dispatchers and other staff to ensure the efficient and cost-effective operation of its enterprise. At present, there is a significant demand for delivery drivers, dispatchers, and staff such as the Employees. As such, if the Debtors are unable to pay the Employees the Prepetition Employee Obligations to which they are entitled, the Debtors believe that the Employees may obtain alternate employment. Additionally,

the Debtors are concerned that any disruption in the satisfaction of the Prepetition Employee Obligations may create doubt as to the viability of the businesses and, thus, the Employee's future employment prospects. The filing of a corporate bankruptcy in and of itself often creates uncertainty amongst employees; however, a bankruptcy filing coupled with the perceived inability to continue to pay wages and provide benefits is far more detrimental to the ability of any entity to reorganize given the inevitable impact such inability would have on the ability to retain a quality workforce.

As noted by the court in *In re Equalnet Communications Corp.*, "the need to pay [pre-petition employee wage claims] in an ordinary course of business time frame is simple common sense. Employees are more likely to stay in place and to refrain from actions which could be detrimental to the case and/or the estate if it pays and benefits remain intact and uninterrupted." 258 B.R. 368, 370 (Bankr. S.D. Tex. 2000). Here, the loss of any Employee is likely to have a direct and significant impact on the Debtors' ability to operate and, thus, their ability to reorganize. Indeed, the Debtors' continued rehabilitation depends on its ability to provide services to its enterprise clients in an efficient and economical manner.

### B. The Proposed Payments To Employees Are Appropriate Under Bankruptcy Code Section 363(b)(1)

Under Bankruptcy Code section 363, a bankruptcy court may authorize a chapter 11 debtor to expend funds outside the ordinary course of business. 11 U.S.C. § 363. In order to obtain approval for the use of estate assets outside the ordinary course of business, the debtor must establish a valid business justification for the expenditure. *See In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989). The Employees consist of a team of delivery drivers, dispatchers and staff. The services provided by the Employees are essential to the operations of the Debtors and, thus, the Debtors' ability to reorganize through bankruptcy. The inability to timely pay the Prepetition Employee Obligations is not only likely to place an undue burden on the Employees, but also irreparably harm morale amongst the Employees that could cause them to lose faith in the ability of the Debtors to maintain operations at a level necessary to reorganize.

///

**C.    Payment of the Prepetition Obligations is Authorized Under Bankruptcy Code Sections 1107(a) And 1108**

The Debtors are operating their business(es) as debtors in possession under Bankruptcy Code sections 1107(a) and 1108.  As such, the Debtors are fiduciaries "holding the bankruptcy estate and operating the business[es] for the benefit of [their] creditors and (if the value justifies) equity owners." *In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002).  The Debtors' fiduciary duties include, among others, the duty "to protect and preserve the estate, including an operating business's going-concern value." *Id*.  In order to fulfill this duty, debtors in possession may be required, under certain circumstances, to satisfy prepetition claims prior to the confirmation of a plan.  *See Id.*  Indeed, the *CoServ* court noted that the pre-plan satisfaction of prepetition claim would be a valid exercise of a debtor's fiduciary duty when the payment "is the only means to effect a substantial enhancement of the estate." *Id*.  Accordingly, and for the reasons stated in further detail above, the payment of the Prepetition Employee Obligations is necessary to ensure the uninterrupted operations of the Debtors.

**D.    Bankruptcy Code Section 105 And The Doctrine of Necessity Support Payment of The Prepetition Employee Obligations**

The payment of the Prepetition Employee Obligations could and should also be authorized pursuant to Bankruptcy Code section 105 and under the "doctrine of necessity."  Section 105 authorizes the Court "to issue any order . . . necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105.  Payment of the Prepetition Employee Obligations is further supported by the doctrine of necessity, which permits a bankruptcy court to authorize payment of certain prepetition claims prior to the completion of the reorganization process where the payment of such claims is necessary to the reorganization.  *See, e.g., In re Just for Feet, Inc.*, 242 B.R. 821, 826 (D. Del. 1999); *see also In re NVR L.P.*, 147 B.R. 126, 127 (Bankr. E.D. Va. 1992).  For the reasons set forth herein, and in light of the critical need for the Debtors to preserve the going concern value of their business(es) in order to effectuate a successful reorganization through, among other things, preservation of the Debtors' current workforce, payment of the Prepetition Employment Obligations on the terms set forth herein is proper pursuant to

Bankruptcy Code section 105 and/or the "doctrine of necessity."

### E. Authorizing the Debtors to Reissue Checks for Prepetition Obligations Is Warranted

The Debtors further request that the Court authorize the Debtors to reissue, to the extent necessary, any checks related to employee compensation, including but not limited to Prepetition Employee Obligations, that were issued prior to the Petition Date and, due to the commencement of the Bankruptcy Case, were not honored and, thus, remain outstanding. As stated *supra*, the Employees are reliable delivery drivers and staff who are essential to the successful operation and reorganization of the Debtors. The ability of the Employees to receive payment on previously-issued checks for services rendered to the Debtors is essential to maintain morale and Employee loyalty during the Bankruptcy Cases. Thus, for the legal and factual reasons stated *supra* in relation to the other Prepetition Employee Obligations, the Debtors request that the Court authorize the Debtors, to the extent necessary, to void and reissue any checks remitted but not honored or negotiated prior to the petition date and reissue checks - thereby ensuring Employees are fully compensated for services they have rendered to one or more of the Debtors.

### F. Request For Immediate Relief

As discussed *supra*, the Debtors require immediate relief in order to pay the Employees the Prepetition Employee Obligations in the ordinary course and, in so doing, maintain a workforce that is essential to the successful operation and reorganization of the Debtors. In addition to the adjudication of the Motion on an emergency basis, the Debtors respectfully request that the Court waive the notice requirements under Rule 6004(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the fourteen (14) day stay of an order authorizing the use, sale, or lease of property, to the extent applicable, under Bankruptcy Rule 6004(h). Absent such relief, the Debtors will be unable to pay Employees in the ordinary course without running afoul of their responsibilities as debtors in possession. Accordingly, immediate relief and waiver of any stay on the order granting such relief is warranted.

## IV.   COMPLIANCE WITH LOCAL BANKRUPTCY RULE 2081-1

The Debtors respectfully submit that the Motion and the evidence filed in support thereof

satisfy the requirements of Local Bankruptcy Rule 2081-1(a)(6).

## V. NOTICE

As reflected in the proof of service that was filed concurrently with the Notice of Emergency Hearing on Debtors' First Day Motions (Docket No. 6), on or about April 30, 2019, and in accordance with the directives of the Court, the Debtors served all known parties-in-interest with notice of the emergency hearing on the First Day Motions. Prior to the hearing, the Debtors will serve a copy of the Motion in the same manner as service of the notice of the emergency hearing. In the event that the Court grants the relief requested by the Motion, the Debtors shall provide notice of the entry of the order granting such relief upon each of the foregoing parties and any other parties in interest as the Court directs. The Debtors submit that such notice is sufficient and that no other or further notice need be given.

## VI. CONCLUSION

As the services of the Employees are essential to the continued operation of the Debtors, and the Debtors believe that payment of the Prepetition Employee Obligations is necessary to retain the Employees, the Debtors respectfully request that the Court entered an order:

a) granting the Motion in its entirety;

b) authorizing the Debtors to pay the Prepetition Employee Obligations immediately upon entry of an order granting this Motion;

c) authorizing the Debtors, to the extent necessary, to void and reissue any checks remitted by any Employee but not honored or negotiated prior to the petition date; and

d) granting such further and additional relief as the Court deems just and proper.

Dated: April 30, 2019

Respectfully submitted,

**FOLEY & LARDNER LLP**

By: /s/ Ashley M. McDow
   Ashley M. McDow

[Proposed] Attorneys for Scoobeez, Scoobeez Global, Inc., and Scoobur, LLC, Debtors and Debtors-in-Possession

- 9 -

**DECLARATION OF SHAHAN OHANESSIAN**

I, Shahan Ohanessian, hereby declare:

1. I am the Chief Executive Officer ("CEO") for Scoobeez, Scoobeez Global, Inc., and Scoobur, LLC, the debtors and debtors in possession (the "Debtors") in the above-captioned bankruptcy cases (the "Bankruptcy Cases"). As such, I am generally responsible for managing the operations of the Debtors and, thus, am familiar with the Debtors' operations, assets, and liabilities. Additionally, as the CEO, I have been involved in discussions and planning sessions related to the potential reorganization options and, thus, am familiar with the objectives the Debtors intend to achieve through the Bankruptcy Cases. I submit this declaration in support of the *Emergency Motion for Order Authorizing (1) the Payment of Prepetition Wages, (2) the Continuation of Employee Programs Postpetition, (3) the Withholding and Payment of Payroll Related Taxes, and (4) the Payment of Prepetition Claims Relating to Employee Programs* (the "Motion"). Unless otherwise stated, I have personal knowledge of the matters set forth herein, and if called as a witness, could and would competently testify to the same. Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Motion.

2. On or about April 30, 2019, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate and manage their affairs.

3. The Debtors provide on-demand logistics and delivery services in California, Nevada, Illinois, New York, and Texas. They offer door-to-door delivery service that facilitates same day deliveries for enterprise clients. To facilitate the distribution of products and goods, the Debtors rely on a large group of delivery drivers and dispatchers.

4. The Debtors are headquartered at 3463 Foothill Boulevard, Glendale, California 91214.

5. The Employees received their last payments on or about April 19, 2019 for the period of April 1, 2019 through and including April 15, 2019.

6. The Debtors pay their Employees' wage and salary obligations on either a salaried or hourly basis, and pay approximately $450,000 to $500,000 in the aggregate on a weekly basis. The Debtors estimate that the current Prepetition Obligations are approximately $850,000.00.

Certain of the Employees to be paid pursuant to this Motion are insiders.

7. Over the past two years, an increasing number of lawsuits have been filed against one or more of the Debtors, including various labor disputes. Most recently, on or about April 22, 2019, Hillair Capital Management LLC ("Hillair") filed a three-count complaint against the Debtors, alleging breach of contract, breach of guaranty and replevin and delivery, which is currently pending as case number 19GDCV00492 in the Superior Court of the State of California, County of Los Angeles, North Central District (the "Los Angeles Case"). On or about April 24, 2019, Hillair filed an *Ex Parte* Application to Appoint Receiver, Issue Temporary Restraining Order and Set Order to Show Cause Why Receiver Should Not Be Confirmed and Why Preliminary Injunction Should Not Be Issued (the "Ex Parte Application") in the Los Angeles Case. The hearing on the Ex Parte Application was set for May 1, 2019 at 1:30 p.m. In addition, within the past 90-120 days, a number of purported creditors have filed UCC-1 financing statements asserting purported liens against substantially all, if not all, of the Debtors' personal property, including but not limited to accounts receivable.

8. Based on the aforementioned events and circumstances, amongst others, the Debtors began to explore and evaluate potential reorganization strategies aimed towards preserving and strengthening the Debtors' operations. After significant deliberation by the Debtors in this regard, the Debtors determined, in conjunction with insolvency counsel, that pursing reorganization under chapter 11 of the Bankruptcy Code provided the best option for the Debtors, their customers, and their creditors.

9. By and through the Bankruptcy Cases, the Debtors intend to restructure their obligations and reorganize their operations in order to maximize revenues and, thus, their ability to pay creditors of the bankruptcy estate through a plan of reorganization.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 30th day of April, 2019, at Glendale, California.

Shahan Ohanessian

*EMERGENCY* MOTION TO AUTHORIZE PAYMENT OF PREPETITION WAGES

4852-4621-5061.4