1  Ashley M. McDow (245114)
   **FOLEY & LARDNER LLP**
2  555 S. Flower St., Suite 3300
   Los Angeles, CA  90071
3  Telephone:    213.972.4500
   Facsimile:    213.486.0065
4  Email:        amcdow@foley.com

5  [Proposed] Attorneys for Debtors and Debtors in
   Possession, Scoobeez, Scoobeez Global, Inc. and
6  Scoobur, LLC

7

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                 **LOS ANGELES DIVISION**

11
   In re                                    Case Nos.: 2:19-bk-14989; 2:19-bk-14991;
12                                           2:19-bk-14997
   SCOOBEEZ, *et al.*[1]
13                                           Chapter 11
            Debtors and Debtors in
14          Possession.                      **DEBTORS' MOTION FOR JOINT
                                             ADMINSTRATION PURSUANT TO 11
15  ─────────────────────────               U.S.C. § 105(A), FEDERAL RULE OF
                                             BANKRUPTCY PROCEDURE 1015, AND
16  Affects:                                 LOCAL BANKRUPTCY RULE 1015-1;
                                             MEMORANDUM OF POINTS AND
17  ■ All Debtors                            AUTHORITIES; DECLARATIONS IN
                                             SUPPORT THEREOF
18  □ Scoobeez, ONLY

19  □ Scoobeez Global, Inc., ONLY

20  □ Scoober LLC, ONLY

21

22

23

24

25

26

27  [1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows:
    Scoobeez Global, Inc. (9779); Scoobur, LLC (0343); and Scoobeez (6339).  The Debtors' address is 3463 Foothill
28  Boulevard, Glendale, California 91214.
                                             - 1 -

4835-1817-3333.1

1  **TO THE HONORABLE JULIA W. BRAND, UNITED STATES BANKRUPTCY JUDGE,**

2  **THE OFFICE OF THE UNITED STATES TRUSTEE, SECURED CREDITORS, 20**

3  **LARGEST UNSECURED CREDITORS, AND ALL INTERESTED PARTIES AND/OR**

4  **THEIR COUNSEL OF RECORD:**

5  **I.    STATEMENT OF FACTS**

6      **A. Jurisdiction and Venue.**

7      This Court has jurisdiction to consider the above-captioned motion (the "Motion") under

8  28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2).  The Debtors

9  consent to the entry of a final order by the above-captioned bankruptcy court (the "Court") in

10  connection with this Motion to the extent it is later determined that the Court, absent consent of

11  the parties, cannot enter final orders or judgments consistent with Article III of the United States

12  Constitution. Venue of the above-captioned bankruptcy cases (collectively, the "Bankruptcy

13  Cases") and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

14      **B. The Debtors and the Chapter 11 Filings.**

15      On April 30, 2019 (the "Petition Date"), Scoobeez, Scoobeez Global, Inc. and Scoobur,

16  LLC (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of the

17  Bankruptcy Code in the United States Bankruptcy Court for the Central District of California, Los

18  Angeles Division. The lead bankruptcy case was assigned to the Honorable Julia W. Brand.

19      The Debtors continue to operate and manage their affairs as debtors and debtors-in-

20  possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code. No party has requested

21  the appointment of a trustee or examiner and no committee has been appointed or designated in

22  any of the Bankruptcy Cases.

23      The Debtors are affiliates of one another related by common ownership and, in many

24  instances, share common creditors. As such, in the course of the Bankruptcy Cases, the Debtors

25  will be faced with similar, if not identical, issues impacting the abilities of the Debtors to operate

26  and ultimately reorganize.

27  ///

28

- 2 -

EX PARTE MOTION FOR JOINT ADMINISTRATION PURSUANT TO 11 U.S.C.§ 105(A), FEDERAL RULE OF BANKRUPTCY
PROCEDURE 1015, AND LOCAL BANKRUPTCY RULE 1015-1

4835-1817-3333.1

## II. PROPOSED PROCEDURE FOR JOINT ADMINISTRATION

The Debtors propose the following procedure for joint administration of the Bankruptcy Cases[2]:

1.       The use of a single docket (In re Scoobeez, case no. 2:19-bk-14989-WB) for any and all administrative matters, including, without limitation, any filing, lodging, and docketing of pleadings and orders, and parties in interest shall be directed to use the caption attached to the Declaration of Ashley M. McDow (the "McDow Declaration") as Exhibit A for all filings relating to the Bankruptcy Cases. Each pleading or filing, however, shall indicate on the caption which of the Debtors is affected by or is a party subject to the pleading or filing at issue;

2.       The use of a combined service list for the provision of notice to creditors and parties in interest;

3.       The scheduling of joint hearings;

4.       The use of combined financial reports for the Estates;

5.       The approval of joint and several liability of the Estates for allowed professional fees and costs and the consolidated billing of professional fees and expenses as well as the use of joint fee applications by professionals of the Estates, which shall cover any and all services rendered to the Debtors during the covered period; and

6.       The joint handling of other administrative matters.

If the Motion is granted, a notice of the joint administration of the Estates shall be separately filed and docketed in each of the Bankruptcy Cases in a form substantially to the proposed notice attached to the McDow Declaration as Exhibit B.

///

///

---

[2] Although each of the Bankruptcy Cases are pending with three (3) different Judges at the time of the preparation and filing of this Motion, because the Debtors filed the requisite Notice of Related Case in each of the related bankruptcy proceedings (nearly) simultaneously with the filing of the voluntary bankruptcy petitions giving rise to each of those proceedings, the Debtors anticipate that the related Bankruptcy Cases will be "low numbered" to this Court in very short order, and likely before the hearing set on this Motion. However, if this is not the case, the Debtors respectfully request that the Court enter an order approving the relief sought by and through this Motion if and when the related Bankruptcy Cases are transferred to this Court.

- 3 -

4835-1817-3333.1

**III. DISCUSSION**

Joint administration of bankruptcy cases is governed by Rule 1015 of the Bankruptcy

Rules, which provides, in pertinent part, that "[i]f … two or more petitions are pending in the

same court by or against … (4) a debtor and an affiliate, the court may order a joint

administration of the estates. Prior to entering an order the court shall give consideration to

protecting creditors of different estates against potential conflicts of interest." Fed. R. Bankr. P.

1015(b).  Joint administration is typically ordered when related business entities file for chapter

11 bankruptcy relief and seek to employ similar reorganization strategies, and when the success

of one entity may depend on success of another. See 9 COLLIER ON BANKRUPTCY, ¶

1015.03 (15th ed. rev. 2008).

Bankruptcy Rule 1015 promotes the fair and efficient administration of related cases of

affiliated debtors, while ensuring that no rights of individual creditors are unduly prejudiced. *See*

*In re N.S. Garrott & Sons*, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986); *In re H & S Transportation*

*Co.*, 55 B.R. 786, 791 (Bankr. M.D. Tenn. 1985). As set forth in the official 1983 Advisory

Committee Note to Rule 1015:

> Joint administration[,] as distinguished from consolidation[,] may include
> combining the estates by using a single docket for the matters occurring in the
> administration, including the listing of filed claims, the combining of notices to
> creditors of the different estates, and the joint handling of other purely
> administrative matters that may aid in expediting the cases and rendering the
> process less costly.

The Bankruptcy Cases, and the creditors of the Estates, would benefit greatly from the

joint administration of the Bankruptcy Cases. The Bankruptcy Cases involve many

commonalities—from the equity interests in the Debtors to the businesses conducted by the

Debtors. Indeed, given the commonality of ownership and operations, the Debtors also share

many creditors.

Given the commonality of interests and issues, the joint administration of the Bankruptcy

Cases would benefit the Debtors by streamlining the administration of the Estate, the Court by

reducing the administrative burden of the Bankruptcy Cases, and all affected creditors,

- 4 -

EX PARTE MOTION FOR JOINT ADMINISTRATION PURSUANT TO 11 U.S.C.§ 105(A), FEDERAL RULE OF BANKRUPTCY
PROCEDURE 1015, AND LOCAL BANKRUPTCY RULE 1015-1

4835-1817-3333.1

1    minimizing the potentially duplicative administrative expenses associated with the Bankruptcy

2    Cases and, thereby, potentially increasing distributions to creditors.  Moreover, joint

3    administration of the Bankruptcy Cases will also ease the burden placed upon the Office of the

4    United States Trustee in supervising the cases.  In addition to decreasing the burdens associated

5    with the administration of the Bankruptcy Cases, joint administration will also ensure that no

6    contrary opinions on similar issues involved in the administration of the Estates are rendered—

7    thereby ensuring consistency in the reorganization of the Debtors.

8          The Debtors also intend to retain the same professionals to represent and assist the

9    Debtors during the reorganization of their affairs. Per the terms of the employment, the Debtors

10   will be jointly and severally liable for all of the administrative professional fees and expenses

11   incurred in the course of the Bankruptcy Cases. Jointly administering the Bankruptcy Cases will

12   permit professionals to consolidate charges under a single matter, which will eliminate any

13   expenses associated with allocating the services rendered among multiple matter numbers, and

14   permit professionals to file joint fee applications, which will reduce the number of applications

15   required and, thus, the expenses associated with preparing any fee applications.

16         In addition to the benefits of joint administration, the rights of the Debtors' respective

17   creditors will not be adversely affected by joint administration of the Bankruptcy Cases. Creditors

18   will continue to receive notice of matters related to the administration of the Estates and a full and

19   fair opportunity to respond to any pleadings or filings (potentially) affecting their interests.

20   Indeed, the joint administration may provide additional transparency for creditors by providing

21   creditors with notice of matters affecting any of the creditors in any of the Bankruptcy Cases,

22   which, given the likely interrelatedness of the reorganization, may affect creditors of other

23   Debtors. Furthermore, the Debtors do not propose at this point to take any action that would

24   constitute substantive consolidation of the Estates; rather, the Debtors are seeking merely to

25   jointly administer the Estates. As such, the liabilities and obligations of the Debtors shall not

26   affect the rights and interests of creditors of the more solvent Debtors (to the extent there are any)

27   by diluting the value of any assets of such Debtors.

28

EX PARTE MOTION FOR JOINT ADMINISTRATION PURSUANT TO 11 U.S.C.§ 105(A), FEDERAL RULE OF BANKRUPTCY
PROCEDURE 1015, AND LOCAL BANKRUPTCY RULE 1015-1

4835-1817-3333.1

1    Based on the foregoing, the Debtors respectfully submit that the joint administration of the

2   Bankruptcy Cases is warranted under rule 1015 of the Bankruptcy Rules.

3   **IV.    NO NOTICE OR HEARING REQUIRED**

4    Pursuant to LBR 1015-1(b), the Court may order the joint administration of bankruptcy

5   cases pending before it without the need for notice and a hearing. More precisely, LBR 1015-

6   1(b) provides:

7
       If [two] or more cases are pending before the same judge, an order of joint
8       administration may be entered, without further notice and an opportunity for
       hearing, upon the filing of a motion for joint administration pursuant to FRBP
9       1015 and LBR 9013-1(q), supported by a declaration establishing that the joint
       administration of the cases is warranted, will ease the administrative burden for
10      the court and the parties, and will protect creditors of the different estates against
       potential conflicts of interest.
11
     Based on the foregoing, and the declarations filed in support of the Motion, in the event
12
   the Court is unable and/or unwilling to grant the relief sought herein based upon the fact that the
13
   related Bankruptcy Cases have not been "low numbered" before the hearing set for this Motion,
14
   the Debtors respectfully submit that the Court may grant the Motion and order the joint
15
   administration of the Estates without notice and a hearing if and when the transfer of the
16
   Bankruptcy Cases has been completed.
17
   **V.    CONCLUSION**
18
     WHEREFORE, the Debtors respectfully request that the Court enter an order: (1) granting
19
   the Motion in its entirety; (2) approving the procedure for joint administration proposed in the
20
   Motion; (3) approving the proposed caption for the Bankruptcy Cases, a copy of which is
21
   appended to the McDow Declaration as Exhibit A; (4) approving the proposed notice of joint
22
   administration for the Bankruptcy Cases, a copy of which is appended to the McDow Declaration
23
   as Exhibit B, and (5) granting any further or additional relief the Court deems just and proper.
24
   ///
25
   ///
26
   ///
27
   ///
28

- 6 -

4835-1817-3333.1

1  Dated: April 30, 2019                    Respectfully submitted,

2

3                                           **FOLEY & LARDNER LLP**

4                                           By:    */s/ Ashley M. McDow*
                                                   Ashley M. McDow
5
                                            [Proposed] Attorneys for Scoobeez, Scoobeez Global,
6                                           Inc., and Scoobur, LLC, Debtors and Debtors-in-
                                            Possession
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 7 -

4835-1817-3333.1

1

## <u>DECLARATION OF SHAHAN OHANESSIAN</u>

2      I, Shahan Ohanessian, hereby declare:

3      1.  I am an individual over 18 years of age.  I have personal knowledge of the facts stated

4  herein as more fully set forth below or have gained such knowledge by review of the file and if

5  called as a witness, I could and would competently testify thereto.

6      2.  I make this declaration in support of the motion for entry of an order, pursuant to sections

7  105(a), Federal Rule of Bankruptcy Procedure 1015, and Local Bankruptcy Rule 1015-1 for joint

8  administration of the Bankruptcy Cases (the "<u>Motion</u>").[3]

9      3.  I am the Chief Executive Officer ("<u>CEO</u>") for the Debtors, and, in that capacity, among

10  other things maintain books, records, files and documents relating to the Debtors. As such, I am

11  generally responsible for managing the operations of the Debtors and, thus, am familiar with the

12  Debtors' operations, assets, and liabilities.

13      4.  I have read the contents of the Motion, and to best of my knowledge, all the

14  representations made therein are true and correct.

15      5.  By and through the Bankruptcy Cases, the Debtors intend to restructure their obligations

16  and reorganize their operations in order to maximize revenues and, thus, their ability to pay

17  creditors of the bankruptcy estates through a plan of reorganization.

18      6.  The Debtors are affiliates of one another related by common ownership and, in many

19  instances, share common creditors. Additionally, the Debtors may confront similar, if not

20  identical, issues impacting the abilities of the Debtors to maintain operations and reorganize.

21      7.  The Debtors also intend to retain the same professionals to represent and assist the

22  Debtors during the reorganization of their affairs. Per the terms of the employment, the Debtors

23  will be jointly and severally liable for all of the administrative professional fees and expenses

24  incurred in the course of the Bankruptcy Cases. Jointly administering the Bankruptcy Cases will

25  permit professionals to consolidate charges under a single matter, which will eliminate any

26  expenses associated with allocating the services rendered among multiple matter numbers, and

27

28

[3] Capitalized terms otherwise not defined herein have the same meaning as in the underlying Motion.

EX PARTE MOTION FOR JOINT ADMINISTRATION PURSUANT TO 11 U.S.C.§ 105(A), FEDERAL RULE OF BANKRUPTCY
PROCEDURE 1015, AND LOCAL BANKRUPTCY RULE 1015-1

105(a)
4835-1817-3333.1

1 | permit professionals to file joint fee applications, which will reduce the number of applications

2 | required and, thus, the expenses associated with preparing any fee applications.

3 |     8.  In addition to the benefits of joint administration, I do not believe that the rights of the

4 | Debtors' respective creditors will be adversely affected by joint administration of the Bankruptcy

5 | Cases.

6 |       I declare under penalty of perjury that the foregoing is true and correct.  Executed this 30th

7 | day of April, at Glendale, California.

8

9

10 | Shahan Ohanessian

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 9 -

EX PARTE MOTION FOR JOINT ADMINISTRATION PURSUANT TO 11 U.S.C.§ 105(A), FEDERAL RULE OF BANKRUPTCY
PROCEDURE 1015, AND LOCAL BANKRUPTCY RULE 1015-1

4835-1817-3333.1

1

## DECLARATION OF ASHLEY M. McDOW

2      I, Ashley M. McDow, hereby declare:

3      1.      I am an attorney duly licensed to practice before this Court. I am a partner with the

4  law firm of Foley & Lardner LLP, proposed general insolvency counsel for the debtors and

5  debtors-in-possession in the Bankruptcy Cases.  I submit this declaration in support of the *Ex*

6  *Parte Motion for Joint Administration Pursuant to 11 U.S.C. § 105(a), Federal Rule of*

7  *Bankruptcy Procedure 1015, and Local Bankruptcy Rule 1015-1* (the "Motion"). Unless

8  otherwise stated, I have personal knowledge of the matters set forth herein, and if called as a

9  witness, could and would competently testify to the same. Unless otherwise defined herein, all

10  capitalized terms shall have the meaning ascribed to them in the Motion.

11      2.      The Debtors propose that all pleadings related to the Bankruptcy Cases shall

12  contain a joint caption in the form attached hereto as Exhibit A, and that any and all pleadings

13  shall be filed and maintained on the docket for the proposed lead case, In re Scoobeez, case no.

14  2:19-bk-14989-WB.

15      3.      If the Motion is granted, a notice in the form attached hereto as Exhibit B, or in a

16  substantially similar form, shall be filed on the docket in each of the Bankruptcy Cases and served

17  on all requisite parties-in-interest.

18      I declare under penalty of perjury that the foregoing is true and correct.  Executed this 30th

19  day April 2019, at Los Angeles, California.

20

21                                  /s/ Ashley M. McDow
                                    Ashley M. McDow

22

23

24

25

26

27

28

- 10 -

4835-1817-3333.1

1

**EXHIBIT A**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EX PARTE MOTION FOR JOINT ADMINISTRATION PURSUANT TO 11 U.S.C.§ 105(A), FEDERAL RULE OF BANKRUPTCY
PROCEDURE 1015, AND LOCAL BANKRUPTCY RULE 1015-1

4835-1817-3333.1

1

INFORMATION RE FILING PARTY

2

OR COUNSEL FOR FILING PARTY

3

[If Applicable] Attorneys for FILING PARTY.

4

5

6

7

8                    **UNITED STATES BANKRUPTCY COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10                        **LOS ANGELES DIVISION**

11

| | |
|---|---|
| 12    In re | Lead Case No.: 2:19-bk-14989-WB |
| 13    SCOOBEEZ, *et al.*[1] | Chapter 11 |
| 14        Debtors and Debtors in Possession. | (Jointly Administered with Case Nos. 2:19-bk-14991; 2:19-bk-14997) |
| 15 | **[PLEADING TITLE]** |
| 16 | Hearing: |
| 17 | Date:  [Date] |
| 18 | Time: [Time] Place: Courtroom 1375 |
| 19 |             U.S. Bankruptcy Court             255 East Temple Street |
| 20 |             Los Angeles, CA 90012 |

21

22

23

24

25

26

---

27    [1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows:
Scoobeez Global, Inc. (9779); Scoobur, LLC (0343); and Scoobeez (6339).  The Debtors' address is 3463 Foothill

28    Boulevard, Glendale, California 91214.

EX PARTE MOTION FOR JOINT ADMINISTRATION PURSUANT TO 11 U.S.C.§ 105(A), FEDERAL RULE OF BANKRUPTCY
PROCEDURE 1015, AND LOCAL BANKRUPTCY RULE 1015-1

4835-1817-3333.1

1

**EXHIBIT B**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EX PARTE MOTION FOR JOINT ADMINISTRATION PURSUANT TO 11 U.S.C.§ 105(A), FEDERAL RULE OF BANKRUPTCY
PROCEDURE 1015, AND LOCAL BANKRUPTCY RULE 1015-1

4835-1817-3333.1

| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>Ashley M. McDow (245114)<br>Foley & Lardner LLP<br>555 South Flower Street<br>33rd Floor<br>Los Angeles, CA 90071<br>Telephone: 213-972-4500<br>Facsimile: 213-486-0065<br>Email: amcdow@foley.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Debtors and Debtors in Possession | FOR COURT USE ONLY |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - Los Angeles Division**    ▼

| | |
|---|---|
| In re:<br><br>     Scoobeez<br>                                          Debtor(s)<br>-----------------------------------------------------------------<br>In re:<br>     Scoobeez Global, Inc.<br>     Scoobur LLC<br><br><br>                                          Debtor(s) | LEAD CASE NO.: 2:19-bk-14989<br>CHAPTER: 11    ▼<br><br>JOINTLY ADMINISTERED WITH:<br>CASE NO.:  2:19-bk-14991<br>CASE NO.:  2:19-bk-14997<br>CASE NO.:<br>CASE NO.:<br>CASE NO.:<br>☐ See attached for additional Case Numbers |
| ☒ Affects All Debtors<br><br>☐ Affects<br><br>☐ Affects<br><br>☐ Affects<br><br>☐ Affects<br><br>☐ See attached for additional Debtors<br><br>                                          Debtor(s) | **NOTICE OF JOINT ADMINISTRATION OF CASES AND REQUIREMENTS FOR FILING DOCUMENTS**<br><br>**[LBR 1015-1]**<br><br><br>[No Hearing Required] |

TO: THE U.S. TRUSTEE AND ALL PARTIES IN THESE JOINTLY ADMINISTERED CASES:  An order was entered on (*date*) _____ granting a motion to approve joint administration of cases pursuant to FRBP 1015 and LBR 1015-1, under the lead case indicated in the caption of this notice.

1.  **Required Caption on Documents** – All documents filed must contain a caption in substantially the same format and content as the caption of this notice.

2.  **Debtors Affected by a Filed Document** – All documents filed must indicate, by checking appropriate boxes, the debtor or debtors affected by the filed document.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court, Central District of California.

3.  **Filing Documents on Main Case Docket** – Unless indicated below in paragraph 4, all documents must be filed on the docket of the lead case indicated on the caption of this notice.

4.  **Filing Proof of Claims on Docket of Individual Case** – Notwithstanding joint administration of these cases, creditors must file their respective proofs of claim as to the specific affected and applicable debtor using the case number and claim register for the specific affected and applicable debtor.

5.  **Parties to File a Request to be Added to Courtesy NEF** – To facilitate notice and service of documents via Notice of Electronic Filing, all parties who previously electronically filed documents only in cases other than the lead case must promptly file in the lead case a Request to be Added to Courtesy Notice of Electronic Filings, using the court-approved form.

6.  **Other**:

Date: _____          By: _____
                                              Signature

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court, Central District of California.