STEVEN M. SPECTOR (SBN: 51623)
   sspector@buchalter.com
ANTHONY J. NAPOLITANO (SBN: 227691)
   anapolitano@buchalter.com
BUCHALTER, A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891.0700
Facsimile: (213) 896.0400

Attorneys for Secured Creditor
HILLAIR CAPITAL MANAGEMENT LLC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>SCOOBEEZ, INC., a California corporation,<br><br>    Debtor and Debtor in Possession. | Case No. 2:19-bk-14989-WB<br><br>Chapter 11<br><br>(Related Case Nos. 2:19-bk-14991-BB and 2:19-bk-14997-BR)<br><br>**HILLAIR CAPITAL MANAGEMENT'S LIMITED OMNIBUS OPPOSITION TO:**<br><br>**(I)**    **DEBTORS' MOTION FOR JOINT ADMINISTRATION;**<br><br>**(II)**    **EMERGENCY MOTION FOR ORDER AUTHORIZING PAYMENT OF PREPETITION WAGES, ETC.; AND**<br><br>**(III)**    **EMERGENCY MOTION FOR ORDER AUTHORIZING THE MAINTENANCE OF EXISTING BANK ACCOUNTS.**<br><br>**Hearing:**<br>Date:    May 1, 2019<br>Time:    3:00 p.m.<br>Place:    U.S. Bankruptcy Court<br>           Courtroom 1375<br>           255 East Temple Street<br>           Los Angeles, CA 90012<br>Judge:    Hon. Julia Brand |

**TO THE HONORABLE JULIA BRAND, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, ITS COUNSEL AND ALL PARTIES IN INTEREST:**

Hillair Capital Management LLC and its affiliates (collectively, "Hillair") is the senior secured creditor of Scoobeez, Inc., a California corporation, debtor in the above-captioned chapter 11 bankruptcy case ("Scoobeez"), and its affiliated debtors, Scoobeez Global, Inc., an Idaho corporation (formerly known as ABT Holdings, Inc.) ("Scoobeez Global") and Scoobur, LLC, a California limited liability company ("Scoobur") (collectively, the "Debtors").

Hillair respectfully submits this limited omnibus opposition to the Debtors' (i) *Motion for Joint Administration Pursuant to 11 U.S.C. § 105, etc.* [Docket No. 9] (the "Joint Administration Motion"), (ii) *Emergency Motion for Order Authorizing (1) the Payment of Prepetition Wages, etc.* [Docket No. 8] (the "Employee Wage Motion"), and (iii) *Emergency Motion for Order (1) Authorizing the Maintenance of Existing Bank Accounts, etc.* [Docket No. 7] (the "Cash Management Motion") as follows.

A.   **Overview of the Debtors' Secured Obligations to Hillair.**

On January 30, 2017, Scoobeez Global and Hillair entered into a second Securities Purchase Agreement pursuant to which Scoobeez Global issued to Hillair that certain 8% Senior Secured Convertible Debenture Due January 1, 2019 in the total amount of $8,584,000 (the "2017 Debenture").[1]   Under the 2017 Debenture, Scoobeez Global agreed to pay Hillair the principal sum of $8,584,000 plus all other interest and charges due on or before January 1, 2019.

On October 7, 2016, Scoobeez and Scoobur each executed a Subsidiary Guarantee, jointly and severally, and unconditionally guarantying the complete repayment of Scoobeez Global's obligations to Hillair.  To secure repayment of all obligations owing to Hillair, on or about October 7, 2016, Scoobeez Global, Scoobeez and Scoobur each, jointly and severally, executed a Security Agreement.  The Security Agreement granted Hillair a security interest in essentially all of the assets of Scoobeez Global, Scoobeez and Scoobur.[2]

---

[1] The obligations owed by Scoobeez Global to Hillair pursuant to that certain Securities Purchase Agreement entered into on or about October 7, 2016 are included within the obligations due under the 2017 Debenture.
[2] Hillair duly perfected its security interest in the Collateral by filing UCC-1 financing statements as follows:  (a) as to Scoobeez Global, a financing statement was filed with the Idaho Secretary of State on October 11, 2016, as File No. B-2016-1183112-1; (b) as to Scoobeez, a financing statement was filed with the California Secretary of State on

Scoobeez Global failed to pay its obligations under the 2017 Debenture in full by the January 1, 2019 maturity date. There is due, owing and unpaid to Hillair from the Debtors the principal sum of $11,153,098, plus accrued and accruing unpaid interest, late charges, together with other miscellaneous charges set forth in the 2017 Debenture.

**B.     Hillair's Limited Opposition to the Joint Administration Motion.**

In addition to the above-referenced chapter 11 case, on April 30, 2019 Scoobeez Global filed its own chapter 11 case designated as *In re Scoobeez Global, Inc.*, Case No. 2:19-bk-14991-BB (Bankr. C.D. Cal.) assigned to Judge Sheri Bluebond, and Scoobur filed its own chapter 11 case designated as *In re Scoobur, LLC*, Case No. 2:19-bk-14997-BR (Bankr. C.D. Cal.) assigned to Judge Barry Russell. As of the filing of this Omnibus Limited Opposition, neither the Scoobeez Global nor the Scoobur bankruptcy cases have been transferred to this Court. In addition to this procedural issue, Hillair has the following substantive concerns with the Joint Administration Motion.

On May 1, 2019, Scoobeez filed its *ex parte* Joint Administration Motion seeking entry of an order authorizing joint administration of the three affiliated bankruptcy cases including the following relief:

    (1)     use of a single docket for administrative matters;

    (2)     use of a combined service list for notice to creditors and parties in interest;

    (3)     scheduling joint hearings;

    (4)     combined financial reporting for the estates;

    (5)     joint and several liability for professional fees and costs; and

    (6)     joint handling of any other administrative matters.

*See* Joint Administration Motion, p. 3, ln. 2-21.

While there is no real urgency to have this motion heard on an emergency basis, Hillair primarily objects to the Debtors' request for entry of an order authorizing "joint and several liability for professional fees and costs." The Debtors are seeking a procedurally improper

---

October 11, 2016 as File No. 16-7550581531; (c) as to Scoobur, a financing statement was filed with the California Secretary of State on October 11, 2016 as file no. 16-7550581210.

attempt to obtain substantive relief beyond the typical parameters allowed for joint administration. While the Debtors claim that "the Debtors do not propose at this point to take any action that would constitute substantive consolidation of the Estates," see Joint Administration Motion, p. 5, ln. 23-24, this is precisely the relief that the Debtors are requesting under the guise of "joint administration." Hillair's concern is that profitable debtors would be used to subsidize the unprofitable debtors with respect to the fees and costs incurred. This relief is inappropriate for a joint administration motion and is better suited to be addressed in the context of the forthcoming application to employ general insolvency counsel and cash collateral motion.

Relatedly, Hillair objects to the relief in the Joint Administration Motion seeking "combined financial reporting" for the affiliated debtors. Each of the affiliated debtors is a discrete business unit and should be required to report as such. With combined reporting, creditors and interested parties will not be able to tell which debtors are profitable and which are not. Nor will there be any visibility for the magnitude of those profits and losses. The Debtors should not be able to use joint administration as a means to obfuscate their financial performance through combined reporting.

Finally, Hillair objects to the Debtors' open-ended request for an order authorizing "the joint handling of any other administrative matters." Considering that the Debtors have tried to push the bounds of joint administration in the instant Joint Administration Motion, Hillair is concerned that the Debtors may try to obtain other impermissible relief under the guise of joint administration without providing the parties an opportunity to object and have a hearing.

The Debtors' attempt to obtain this relief through a provision that allows for entry of an order without an opportunity for a hearing under Local Bankruptcy Rule 1015-1(b) should not be countenanced. Accordingly, Hillair asks this Court to strike the relief set forth in clauses (4), (5), and (6) of the Joint Administration Motion from any order entered granting such motion. Alternatively, Hillair requests that the Court set the Joint Administration Motion for a hearing and allow the parties to further brief the issues. As above, there is no real emergency to this motion.

### C. Hillair's Limited Opposition to the Employee Wage Motion.

Through their Employee Wage Motion, the Debtors seek authorization to pay the accrued prepetition wages of their employees that are due today, May 1, 2019. Hillair is sympathetic to the needs of the Debtors to timely pay their payroll and is cognizant of the effect that non-payment may have on the Debtors' operations. Unfortunately, the Debtors have not attached a redacted list of their employees and the associated payments to be made as is typically done in the context of emergency first day motions nor have the Debtors provided a cash collateral budget to Hillair setting forth the Debtors' relative financial position, the amount of employee compensation to be paid and whether the Debtors have the funds available to make such payments. Hillair has requested this information but has received no substantive response. Yet, Hillair is hopeful that the Debtors will provide such routine financial information prior to the hearing on the Employee Wage Motion so that the Court and affected parties in interest can make an informed decision regarding the payment of the employee wages.

More significantly, Hillair objects to the Employee Wage Motion to the extent that the Debtors seek to pay insiders. Employee Wage Motion, p. 3., ln. 22 ("Certain of the Employees to be paid pursuant to this Motion are insiders."). Local Bankruptcy Rule 2014-1(a) addresses the setting of compensation of insiders and requires that no compensation may be paid from the assets of the estate from the time of the filing of the petition until the confirmation of the plan unless the debtor serves its "Notice of Setting/Increasing Insider Compensation." L. BANKR. R. 2014-1(a)(1). The local rules further provide that if an objection is timely received within the 14 day period following the service of the Notice then the debtor may not pay such compensation and the debtor must set the matter for hearing. L. BANKR. R. 2014-1(a)(3) and (a)(4).

Similarly, the U.S. Trustee's guidelines provides that "[b]efore any insiders (as defined in 11 U.S.C. § 101(31)) . . . may receive compensation from a Chapter 11 estate, the debtor must submit a Notice of Setting/Increasing Insider Compensation." *See Guidelines and Requirements for Chapter 11 Debtors in Possession (Central Division)*, Office of the United States Trustee (Region 16), p. 7 at Part IV.B.1. (rev. Jan. 2018). The Court must deny the Employee Wage Motion to the extent that it seeks to pay the wages and employee benefits of the Debtors' insiders.

Finally, the Employee Wage Motion seeks to pay various other prepetition employee benefit obligations consisting of health insurance contributions, expense reimbursements, and productivity and referral bonuses. However, the Debtors do not provide any reporting on the amounts owed other than stating that the amounts are approximately $850,000 per year on average. Like the payroll amounts due today, the Debtors should similarly provide a list of benefit obligations by employee (as may be redacted) along with the appropriate cash collateral reporting so that the Court and Hillair can properly evaluate whether the Debtors are able to meet these obligations.

### D.  Hillair's Limited Opposition to the Cash Management Motion.

The Debtors' Cash Management Motion seeks relief from the requirements that the Debtors close their existing pre-petition bank accounts and reopen existing bank accounts. Hillair does not object to the Debtors' request to maintain their existing bank accounts and cash management system. To the extent that the Debtors open post-petition accounts, Hillair maintains that such accounts be subject to their senior, perfected security interest. Hillair anticipates that this will be provided for in connection with the Debtors' forthcoming request to use cash collateral. The Cash Management Motion also seeks authorization to pay expenses related to the maintenance of these bank accounts. Hillair submits this limited objection on the basis that the Debtors have yet to provide Hillair with a cash collateral budget so that it can evaluate such payments in relation to the Debtors overall financial projections.

### E.  Conclusion.

Based on the foregoing, Hillair submits this limited omnibus opposition to the Debtors' Joint Administration Motion, Employee Wage Motion and Cash Management Motion and requests that the Court address these concerns in connection with the first-day hearings on the motions.

DATED: May 1, 2019        BUCHALTER, a Professional Corporation

By:  /s/ Anthony J. Napolitano
STEVEN M. SPECTOR
ANTHONY J. NAPOLITANO
Attorneys for Secured Creditor
HILLAIR CAPITAL MANAGEMENT, LLC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: BUCHALTER, 1000 Wilshire Blvd, Suite 1500, Los Angeles, CA 90017

A true and correct copy of the foregoing document entitled (*specify*) **HILLAIR CAPITAL MANAGEMENT'S LIMITED OMNIBUS OPPOSITION TO: (I) DEBTORS' MOTION FOR JOINT ADMINISTRATION; (II) EMERGENCY MOTION FOR ORDER AUTHORIZING PAYMENT OF PREPETITION WAGES, ETC.; AND (III) EMERGENCY MOTION FOR ORDER AUTHORIZING THE MAINTENANCE OF EXISTING BANK ACCOUNTS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) May 1, 2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Alvin Mar    alvin.mar@usdoj.gov
- Ashley M McDow    amcdow@foley.com, sgaeta@foley.com;Ffarivar@foley.com;swilson@foley.com
- Anthony J Napolitano    anapolitano@buchalter.com, IFS_filing@buchalter.com;salarcon@buchalter.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) May 1, 2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor
Scoobeez, Inc.
3463 Foothill Blvd.
Glendale, CA 91214

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) May 1, 2019, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

VIA COURIER
Presiding Judge
Hon. Julia W. Brand
U.S. Bankruptcy Court – Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1382
Los Angeles, CA 90012

| | | |
|---|---|---|
| May 1, 2019 | Sandra Alarcon | /s/ Sandra Alarcon |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                    **F 9013-3.1.PROOF.SERVICE**