1   STEVEN M. SPECTOR (SBN: 51623)
        sspector@buchalter.com
2   ANTHONY J. NAPOLITANO (SBN: 227691)
        anapolitano@buchalter.com
3   BUCHALTER, A Professional Corporation
    1000 Wilshire Boulevard, Suite 1500
4   Los Angeles, CA 90017-2457
    Telephone: (213) 891-0700
5   Facsimile:: (213) 896-0400

6   ADAM H. FRIEDMAN (pro hac vice to be filed)
        afriedman@olshanlaw.com
7   OLSHAN FROME WOLOSKY LLP
    1325 Avenue of the Americas
8   New York, NY 10019
    Telephone: (212) 451-2216
9   Facsimile: (212) 451-2222

10  Attorneys for secured creditor
    HILLAIR CAPITAL MANAGEMENT, LLC

11

12              **UNITED STATES BANKRUPTCY COURT**

13              **CENTRAL DISTRICT OF CALIFORNIA**

14              **LOS ANGELES DIVISION**

15

16  In re                                   Lead Case No. 2:19-bk-14989-WB

17  SCOOBEEZ, INC., et al.                  Chapter 11

18              Debtors and Debtors in      (Jointly Administered with
                Possession.                 Case Nos. 2:19-bk-14991; 2:19-bk-14997)

19  Affects:                                **HILLAIR CAPITAL MANAGEMENT,
                                            LLC'S NOTICE OF MOTION AND
20  ☒   All Debtors                         OMNIBUS MOTION FOR ENTRY OF
                                            ORDER AUTHORIZING
21  ☐   SCOOBEEZ, INC., only               EXAMINATIONS PURSUANT TO
                                            FEDERAL RULE OF BANKRUPTCY
22  ☐   SCOOBEEZ GLOBAL, INC. only          PROCEDURE 2004**

23  ☐   SCOOBUR, LLC only                   [Declarations of Scott Kaufman and Steven
24                                          Spector concurrently filed.]

25                                          [No Hearing Required Per Local
26                                          Bankruptcy Rule 2004-1(d)]

27

28
                                1

BN 36359829V4

**TO THE HONORABLE JULIA BRAND, UNITED STATES BANKRUPTCY JUDGE, THE DEBTORS, THEIR COUNSEL, AND ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE THAT** Hillair Capital Management LLC and its affiliates (collectively, "Hillair"), senior secured creditor of Scoobeez, Inc., a California corporation, debtor in the above-captioned chapter 11 bankruptcy case ("Scoobeez"), and its affiliated debtors, Scoobeez Global, Inc., an Idaho corporation (formerly known as ABT Holdings, Inc.) ("Scoobeez Global") and Scoobur, LLC, a California limited liability company ("Scoobur") (collectively, the "Debtors"), hereby moves this Court for the entry of an order pursuant to Rule 2004 of the Federal Rule of Bankruptcy Procedure and Local Bankruptcy Rule 2004-1 (the "Motion") authorizing the examination of:   (1) Scoobeez; (2) Scoobeez Global; (3) Scoobur; (4) Scoobeez Deliveries, Inc.; (5) Shahan Ohanessian; (6) Shoushana Ohanessian; (7) Nazareth Ohanessian; and (8) Next Gen Financial (collectively, the "Examinees").

**PLEASE TAKE NOTICE THAT** Hillair specifically seeks an order authorizing Hillair to subpoena the production of documents from the Examinees and, to the extent Hillair deems necessary, requiring the Examinees to attend one or more examinations under oath, so that Hillair may obtain information and documentation relating to, among other things, the Debtors' acts, conduct and property, as well as their liabilities and financial condition during the relevant times.

**PLEASE TAKE FURTHER NOTICE** that (i) this Motion is brought in accordance with Bankruptcy Rule 2004 and Local Bankruptcy Rule 2004-1, (ii) this Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334, (iii) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and (iv) venue of this proceeding and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

**PLEASE TAKE FURTHER NOTICE** that the basis for the relief requested in this Motion is Rule 2004 of the Federal Rules of Bankruptcy Procedure, and that this Motion is based upon this Notice of Motion, the appended Memorandum of Points and Authorities, the concurrently filed Declarations of Scott Kaufman and Steven M. Spector, the Court's records and files in this chapter 11 case and such other matters as may be brought to the attention of the Court at or prior to its determination of this Motion.

2

1       **PLEASE TAKE FURTHER NOTICE** that unless otherwise ordered by the Court, any

2  motion for a protective order in connection with this motion must be filed and served not less than

3  14 days before the date of any scheduled examination, and be set for hearing not less than 2 court

4  days before the scheduled examination.  Any such motion must be made in writing and must be

5  served on co-counsel for Hillair, Anthony J. Napolitano, Esq. at Buchalter, a Professional

6  Corporation, 1000 Wilshire Boulevard, 15th Floor, Los Angeles, California 90017.

7       **PLEASE TAKE FURTHER NOTICE** that under Local Bankruptcy Rule 2004-1(d), the

8  Court may enter an order granting this Motion without a hearing.

9  DATED:  May 10, 2019           BUCHALTER, a Professional Corporation

10

11                  By____*/s/ Steven M. Spector*_____
                      STEVEN M. SPECTOR

12                       ANTHONY J. NAPOLITANO

13                  Attorneys for secured creditor
                 HILLAIR CAPITAL MANAGEMENT, LLC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

**HILLAIR CAPITAL MANAGEMENT'S OMNIBUS MOTION FOR ENTRY OF ORDER AUTHORIZING
EXAMINATIONS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

BN 36359829V4

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .................................................................................................................... 1

II. BACKGROUND ................................................................................................................... 3

    A.    Hillair provides Scoobeez Global with $8.5 million of financing to fund the Debtors' business operations. .......................................................................... 3

    B.    The Debtors have defaulted on their obligations owing to Hillair. ......................... 4

    C.    The Debtors' most recent annual report reveals a significant number of financial issues plaguing the company. ................................................................................. 4

        *1.*    Scoobeez Global's 2018 Annual Report reveals many financial issues and casts doubt as to whether the Debtors can continue as a going concern. ...... 4

        2.    The Debtors blatantly mischaracterize the execution of the Hillair indebtedness and fabricate that Hillair and the Debtors are renegotiating the entire note. ................................................................................................ 6

        3.    As a publicly traded company, the Debtors have failed to comply with the mandatory reporting requirements for material corporate events. ............... 7

    D.    The formation of the Debtors' affiliate, Scoobeez Deliveries, Inc., raises significant fraudulent transfer and mere continuation concerns. ........................... 7

    E.    The Debtors' majority shareholder and current CEO ousts the Debtors' former interim CEO and CFO as a whistleblower. ............................................................. 8

        1.    Firoz notifies the Board of Directors of Scoobeez Global of significant misappropriation of funds by the Debtors' principal. ................................... 8

        2.    Firoz is terminated and pursues a wrongful termination claim against the Debtors and Shahan and Shoushana Ohanessian. ....................................... 9

    F.    Hillair commences its state court action against the Debtors and seeks the appointment of a receiver. ............................................................................... 10

    G.    The impending appointment of the receiver precipitates the filing of the Debtors' bankruptcy cases. ....................................................................................... 11

        1.    The Commencement of the Debtors' Chapter 11 Bankruptcy Cases. ....... 11

        2.    The First-Day Motions were significantly deficient precluding the Court and interested parties from evaluating the precise relief sought by the Debtors. ................................................................................................ 11

        3.    The Debtors' attempt to cure their evidentiary deficiencies raises more concerns about the Debtors' financial affairs. .......................................... 12

    H.    At the Debtors' First-Day Hearing, Nex Gen Financial asserts that the Debtors sold their accounts receivable to Nex Gen notwithstanding Hillair's blanket security interest in the same accounts receivable. ............................................................. 13

III. ARGUMENT ..................................................................................................................... 14

    A.    Bankruptcy Rule 2004 Allows for the Examination of the Debtors and Third-Parties to Uncover Undisclosed Assets of the Estate and Sources of Income. ...... 14

i

**HILLAIR CAPITAL MANAGEMENT'S OMNIBUS MOTION FOR ENTRY OF ORDER AUTHORIZING EXAMINATIONS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

BN 36359829V4

B.    A Rule 2004 Examination of the Debtors and Third-Parties is Warranted in this
Bankruptcy Case. .................................................................................................. 15

IV. CERTIFICATION OF COUNSEL ...................................................................................... 17

V. CONCLUSION ................................................................................................................... 19

ii

**HILLAIR CAPITAL MANAGEMENT'S OMNIBUS MOTION FOR ENTRY OF ORDER AUTHORIZING
EXAMINATIONS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

BN 36359829V4

# <u>TABLE OF AUTHORITIES</u>

**<u>Page</u>**

### <u>Cases</u>

*In re Bakalis*,
    199 B.R. 443 (Bankr. E.D.N.Y. 1996) ..................................................................... 15

*In re Cinderella Clothing Indus., Inc.*,
    93 B.R. 373 (Bankr. E.D. Pa. 1988) ....................................................................... 15

*In re Countrywide Home Loans, Inc.*,
    384 B.R. 373 (Bankr. W.D. Pa. 2008) ..................................................................... 15

*In re Ionosphere Clubs, Inc.*,
    156 B.R. 414 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994) ........................... 15

*In re Johns-Manville*,
    42 B.R. 362 (S.D.N.Y. 1984) .................................................................................. 14

*In re Table Talk, Inc.*,
    51 B.R. 143 (Bankr. D. Mass. 1985) ....................................................................... 15

*In re Texaco, Inc.*,
    79 B.R. 551 (Bankr. S.D.N.Y. 1987) ....................................................................... 14

*In re Valley Forge Plaza Assoc.*,
    109 B.R. 669 (Bankr. E.D. Pa. 1990) ...................................................................... 15

### <u>Rules</u>

FED. R. BANKR. P. 2004 ....................................................................................................... 2

FED. R. BANKR. P. 2004(a) ................................................................................................. 14

FED. R. BANKR. P. 2004(b) ................................................................................................. 17

Local Bankruptcy Rule 2004-1 ............................................................................................ 18

Local Bankruptcy Rule 2004-1(b) ....................................................................................... 17

Local Bankruptcy Rule 7026-1(c) ....................................................................................... 18

iii

**HILLAIR CAPITAL MANAGEMENT'S OMNIBUS MOTION FOR ENTRY OF ORDER AUTHORIZING
EXAMINATIONS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

BN 36359829V4

## MEMORANDUM OF POINTS AND AUTHORITIES

Hillair Capital Management LLC and its affiliates (collectively, "Hillair"), senior secured creditor of Scoobeez, Inc., a California corporation, debtor in the above-captioned chapter 11 bankruptcy case ("Scoobeez"), and its affiliated debtors, Scoobeez Global, Inc., an Idaho corporation (formerly known as ABT Holdings, Inc.) ("Scoobeez Global") and Scoobur, LLC, a California limited liability company ("Scoobur") (collectively, the "Debtors"), submits this *Omnibus Motion for Entry of Order Authorizing Examinations Pursuant to Federal Rule of Bankruptcy Procedure 2004* (the "Motion") seeking authorizing for the examination of (1) Scoobeez; (2) Scoobeez Global; (3) Scoobur; (4) Scoobeez Deliveries, Inc.; (5) Shahan Ohanessian; (6) Shoushana Ohanessian; (7) Nazareth Ohanessian; and (8) Next Gen Financial (collectively, the "Examinees").

## I.

## <u>INTRODUCTION</u>

Scoobeez Global, one of the Debtors, is a public entity. Its shares are traded on a public market known as the OTC Market "Pink Sheets", and buyers and sellers of its shares rely on compliance with various securities disclosure obligations. Scoobeez Global has routinely failed to comply with those disclosure obligations. That failure has spilled over into this bankruptcy case. Among other issues referenced below, the Court and interested parties should be extremely concerned.

The Debtors' bankruptcy cases present the classic example of why the examination of the Debtors and other affiliated parties are necessary under Bankruptcy Rule 2004. Prior to the commencement of these cases, the Debtors' principal, Shahan Ohanessian, allegedly misappropriated over $1.5 million dollars from the companies for his own personal use. The Debtors' former CFO prepared a Whistleblower Report (as defined below), which was provided to Hillair, outlining the scope of the misappropriation and Shahan Ohanessian's conduct. A Rule 2004 examination is necessary to ascertain the scope of the misappropriation of corporate assets and the existence of any potential avoidance actions.

1

BN 36359829V4

Equally as troubling are the Debtors' significant financial issues, which has resulted in the Debtors declaring in their 2018 Annual Report filed in April 2019 that there is "substantial doubt for the Company to continue as a going concern." At this same time, the principals of the Debtors have formed a new entity named Scoobeez Delivery, Inc. with the Debtors' current CFO serving as the incorporator and agent for service of process. This new entity was formed after the Debtors' default to Hillair and several other significant creditors, and less than 30 days prior to the commencement of the bankruptcy cases. A Rule 2004 examination is necessary to ascertain whether assets of the Debtors have been transferred to Scoobeez Deliveries to avoid the obligations of the Debtors giving rise to potential avoidance actions.

In addition, during the course of the Debtors' "first-day" hearings, a creditor emerged alleging that it had an interest in Hillair's cash collateral on the basis that the Debtors' previously sold their accounts receivable to this third-party. These accounts receivable are subject to Hillair's blanket security interest (security for a debt of about $11.5 million). Any attempt to obtain financing to a third-party through the sale of Hillair's collateral highlights the fraudulent nature of this transaction. Accordingly, a Rule 2004 examination is necessary to investigate this transaction (and several other recent UCC-1 filings made against the Debtors).

Finally, the Debtors entered chapter 11 providing very little information regarding their business operations. The Debtors did not file any schedules or their statement of financial affairs. They did not file a customary omnibus declaration or adequate evidence in support of their first-day motions. No supporting documentation for the proposed expenses has been provided. Indeed, several attempts by Hillair to obtain such information have been largely ignored. For example, Hillair has asked for routine financial information that would be readily available in order to evaluate the Debtors' proposed cash collateral expenditures. Hillair is still asking.

The Debtors' lack of transparency and violation of disclosure obligations extends beyond the failure to comply with the Bankruptcy Code. As above, the Debtors have also ignored their public company disclosure obligations as a publically traded company. They have neither publicly disclosed their bankruptcy filing nor disclosed material events of default, each of which are "reportable" events required by applicable securities laws.

2

For these reasons, Hillair seeks an order under Bankruptcy Rule 2004 authorizing the immediate examination of the Examinees and compelling them to produce the documents set forth in Exhibits B-1 through B-8 hereto and to sit for examination.

## II.

## BACKGROUND

### A.    Hillair provides Scoobeez Global with $8.5 million of financing to fund the Debtors' business operations.

On October 7, 2016, Scoobeez Global and Hillair entered into that certain Securities Purchase Agreement (the "First SPA").  Under the First SPA, Scoobeez Global issued to Hillair its 8% Senior Secured Convertible Debenture Due October 1, 2018 in the principal sum of $5,800,000 due on October 1, 2018 (the "First Debenture").  Declaration of Scott D. Kaufman (the "Kaufman Decl."), ¶ 7.  On January 30, 2017, Scoobeez Global and Hillair entered into that certain Securities Purchase Agreement (the "Second SPA").  Under the Second SPA, Scoobeez Global issued to Hillair its 8% Senior Secured Convertible Debenture Due January 1, 2019 in the principal sum of $8,584,000 (the "Second Debenture") due on or before January 1, 2019 (the "Maturity Date").  Kaufman Decl., ¶ 8.  The Second Debenture includes the obligations of Scoobeez Global to Hillair due under the First Debenture.  Kaufman Decl., ¶ 9.

On October 7, 2016, the Debtors entered into that certain Subsidiary Guarantee in favor of Hillair.  Under the Subsidiary Guarantee, Scoobeez and Scoobur, jointly and severally, unconditionally guaranteed the repayment of Scoobeez Global's obligations to Hillair.  Kaufman Decl., ¶ 10.  To secure repayment of all obligations owing to Hillair, on October 7, 2016, the Debtors, jointly and severally, executed a Security Agreement.  The Security Agreement granted Hillair a security interest in substantially <u>all</u> of the assets of the Debtors, including accounts receivable and the proceeds thereof.  Kaufman Decl., ¶ 11.  Hillair duly perfected its security interest in the assets by filing UCC-1 financing statements as follows:  (a) as to Scoobeez Global, a financing statement was filed with the Idaho Secretary of State on October 11, 2016, as File No. B-2016-1183112-1; (b) as to Scoobeez, a financing statement was filed with the California Secretary of State on October 11, 2016 as File No. 16-7550581531; (c) as to Scoobur, a financing

3

1  statement was filed with the California Secretary of State on October 11, 2016 as file no. 16-

2  7550581210.  Kaufman Decl., ¶ 11.

3  **B.    The Debtors have defaulted on their obligations owing to Hillair.**

4  Events of monetary and non-monetary default by the Debtors under both the Second

5  Debenture and the Subsidiary Guarantee have occurred, and continue to occur.  The penultimate

6  default was failure of the Debtors to pay the entire amount due and owing to Hillair under the

7  Second Debenture on the Maturity Date.  Kaufman Decl., ¶ 12.  Other significant defaults include

8  but are not limited to: (i) the incurrence of indebtedness greater than the agreed maximum as

9  referenced in Section 7(a) of the Second Debenture without the prior written consent of Hillair;

10  (ii) the failure to make Periodic Redemption Payments and the failure to pay accrued interest

11  thereon; (iii) the failure to make Quarterly Interest Payments; and (iv) suffering a material

12  adverse change in its financial condition which has impaired its ability to perform under the

13  Second SPA and Second Debenture.  Kaufman Decl., ¶ 13.

14  As a result of the Debtors' failure to pay the obligations owing to Hillair by the Maturity

15  Date, Hillair sent a notice of default and demand for payment to Scoobeez Global (the "Default

16  Letter").  Scoobeez has failed and refused, and continues to fail and refuse, to pay the sums due

17  thereunder or any part thereof.  Kaufman Decl., ¶ 14.  As a result, there is due, owing and unpaid

18  to Hillair by the Debtors the principal sum of $11,153,098, plus accrued and accruing unpaid

19  interest, late charges, and legal fees together with other miscellaneous charges set forth in the

20  Second Debenture.  Kaufman Decl., ¶ 15.

21  **C.    The Debtors' most recent annual report reveals a significant number
of financial issues plaguing the company.**

22

23  *1.    Scoobeez Global's 2018 Annual Report reveals many financial
issues and casts doubt as to whether the Debtors can continue as a
going concern.*

24

25  Scoobeez Global's shares are publically traded on the OTC Market "Pink Sheets".  As a

26  publicly traded company, Scoobeez Global files reports pursuant to the Pink Basic Disclosure

27  Guidelines.  Scoobeez Global's most recent annual report is dated April 12, 2019 for the year

28

4

1   ending December 31, 2018 (the "2018 Annual Report").  Kaufman Decl., ¶ 16; a true and correct

2   copy of the 2018 Annual Report is attached as **Exhibit 1** to the Kaufman Decl.

3       The 2018 Annual Report highlights several areas of substantial concern for Hillair.  First,

4   the Debtors' consolidated balance sheet as of December 31, 2018 shows assets of $6.2 million

5   and liabilities of $23.7 million resulting in a shareholders' equity deficit of $17.5 million.

6   Kaufman Decl., Ex. 1, at p. 13.  Second, the accounts receivable balance has decreased from $4.1

7   million from December 31, 2017 to $1.6 million for December 31, 2018.  *Id.*  This is a $2.5

8   million reduction in Hillair's collateral while the cash balance has increased only by $1.18 million

9   for the same period.  Third, the accounts payable balance has increased from $13.6 million from

10   December 31, 2017 to $17.9 million for December 31, 2018.  *Id.*   Fourth, approximately

11   $224,000 in related party loans was paid off between December 31, 2017 and December 31,

12   2018.  *Id.*  Finally, the company sustained a net loss of $2.9 million for 2018.  Kaufman Decl.,

13   Ex. 1, at p. 14.

14       As a result of this financial distress, the Debtors readily admit that there is **substantial**

15   **doubt** that they can continue as a going concern.  The 2018 Annual Report states:

16       The Company's consolidated financial statements have been prepared on a going
     concern basis, which contemplates the realization of assets and the settlement of
17   liabilities and commitments in the normal course of business.  The Company
     reported a net operating loss of $2,903,000 (excluding noncontrolling interest)
18   and an accumulated deficit of $34,171,000 for the Year ended December 31,
     2018.  **These factors raise substantial doubt for the Company to continue as a**
19   **going concern.**

20   Kaufman Decl., Ex. 1 (2018 Annual Report), at p.21.

21       This statement is even more remarkable in light of Note 8 to the 2018 Annual Report,

22   which discloses that the Debtors advanced $800,000 to their principal shareholder, Shahan

23   Ohanessian, during 2018 notwithstanding the financial distress that the Debtors had sustained

24   during that year.  Specifically, the 2018 Annual Report provides:

25       During the Year ended December 31, 2018 and 2017, the Company advanced a
     total of approximately $800,000 and $260,000, respectively, to its Chief
26   Executive Officer (CEO), who is also the majority shareholder.  The amount is
     offset by the Related party notes payable to its CEO.  The balance as of December
27   31, 2018 of approximately $446,900 is reflected on the balance as an advance to

28

5

BN 36359829V4

shareholder.  The remaining balance of advance to shareholder will be expected to [be] paid off by February 2019.

Kaufman Decl., Ex. 1 (2018 Annual Report), at p.25.

It is clear that significant insider transfers were being made at a time when the Debtors were insolvent and legitimate non-insider creditors were not being paid.  The 2018 Annual Report indicates an expectation that Shahan Ohanessian would pay the remaining balance of $446,900 due to the Debtors.  Whether such payment was made is but one of the many requests set forth in the instant Motion.

> 2.    *The Debtors blatantly mischaracterize the execution of the Hillair*
> *indebtedness and fabricate that Hillair and the Debtors are*
> *renegotiating the entire note.*

In their 2018 Annual Report, Note 10 to the Debtors' Consolidated Financial Statements discloses the Debtors' obligations owing to Hillair.  In that note, the Debtors acknowledge that "[t]he Debenture is secured by all of the Company's real and personal property (tangible and intangible)."  However, the Debtors continue to state that:

> [T]he Company recently conducted due diligence and found inconsistencies in the total balances of the Note documents that Hillair has provided.  The Company is in the process of working with Hillair to identify the correct amount of the combined loans, as the terms were negotiated and signed electronically by the prior CFO, with whom the Company is in current litigation.  **There may be a markdown of the total amount of the Loan due to moneys missing and/or renegotiating of the entire note.**

Kaufman Decl., Ex. 1 (2018 Annual Report), at p. 26 (emphasis added).

This statement in a public securities filing is astonishing and false.  The "note documents" were not signed by the "former CFO" (*i.e.*, Imran Firoz) electronically or in any other manner.  Kaufman Decl., ¶ 17.  The note documents were signed by Shahan Ohanessian.  Moreover, the Debtors are not "working with" Hillair to "identify or correct" anything.   There is no "markdown."   There is no "money missing."   There is no "renegotiating the entire note."  Kaufman Decl., ¶ 18.  These statements are completely and utterly false and fabricated for the purpose of misleading anyone who reads the report into believing there will be a negotiated reduction in the $11 million debt owed to Hillair.

6

**HILLAIR CAPITAL MANAGEMENT'S OMNIBUS MOTION FOR ENTRY OF ORDER AUTHORIZING
EXAMINATIONS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

BN 36359829V4

1
2

> 3.      *As a publicly traded company, the Debtors have failed to comply*
> *with the mandatory reporting requirements for material corporate*
> *events.*

3      Based on the publically accessible Pink Sheet Guidelines, the Debtors have an obligation

4    to report material corporate events within four days of occurrence.  On March 19, 2019, Hillair

5    sent the Default Letter to the Debtors formally placing them on notice and demanding payment.

6    On March 26, 2019, counsel for Scoobeez Global sent a letter to Hillair acknowledging the

7    receipt of the Default Letter.  Kaufman Decl, ¶ 19.

8      Under the Pink Sheet Guidelines, the Default Letter constituted a material corporate event

9    requiring a public disclosure filing.  This disclosure was required by March 25, 2019 at the latest.

10    Hillair has searched the public records and found no such disclosure.  Kaufman Decl., ¶ 20.  The

11    consequence of this disclosure failure misleads all parties who buy and sell Scoobeez Global's

12    stock.  Further, the Debtors had every opportunity to include such a disclosure when they filed

13    their 2018 Annual Report on April 12, 2019.  They did not.  Similarly, the filing of a bankruptcy

14    petition is a material event which requires public company disclosure.  To date, the Debtors have

15    still not made public disclosures of their bankruptcy filing:  an egregious and continuing violation

16    of securities law.  Kaufman Decl., ¶ 21.

17    **D.      The formation of the Debtors' affiliate, Scoobeez Deliveries, Inc.,**
       **raises significant fraudulent transfer and mere continuation concerns.**

18
       Hillair has recently discovered that the Debtors or their insiders have incorporated a new

19    entity called Scoobeez Deliveries, Inc., a California corporation ("Scoobeez Deliveries"), on

20    April 3, 2019—less than a month prior to the commencement of the Debtors' bankruptcy cases.

21    Kaufman Decl., ¶ 22; a copy of the Articles of Incorporation for Scoobeez Deliveries is attached

22    as **Exhibit 2** to the Kaufman Decl.  The existence of this entity (which is required to execute a

23    guaranty in favor of Hillair under the Guaranty Agreement) was not disclosed to Hillair (or the

24    public in securities filings) and raises many red flags.  Kaufman Decl., ¶ 23.

25      Further, the Articles of Incorporation have been signed by George Voskanian, who is also

26    the Chief Financial Officer of the Debtors.  Mr. Voskanian also appointed himself as the Agent

27    for Service of Process for the Scoobeez Deliveries.  Kaufman Decl., Ex. 2.  Additionally, the

28

7

BN 36359829V4

1    Articles provided that the address for Scoobeez Deliveries is 3463 Foothill Boulevard, Glendale,

2    California 91214, which is the same address for the Debtors.  Curiously, the Articles state that the

3    mailing address for Scoobeez Deliveries is 12710 Oxnard Street, North Hollywood, California

4    91606, a residence, which is also the same address provided for Mr. Voskanian as Agent for

5    Service of Process.  Kaufman Decl., Ex. 2.

6        The implication of the formation of Scoobeez Deliveries post-default and within the last

7    30 days is clear and requires immediate investigation.  To the extent that there has been a

8    prepetition transfer of assets from the Debtors to Scoobeez Deliveries, the Debtors' estates hold

9    fraudulent transfer claims against Scoobeez Deliveries under 11 U.S.C. § 544(b) (incorporating

10   the California Uniform Voidable Transactions Act,  Cal. Civ. Code § 3439.04 *et seq.*) and

11   11 U.S.C. § 548.  Additionally, the Debtors' estates and others may likely hold successor liability

12   and mere continuation claims against Scoobeez Deliveries in the event that the Debtors have

13   diverted business or assets to the new entity.

### E.    The Debtors' majority shareholder and current CEO ousts the Debtors' former interim CEO and CFO as a whistleblower.

15   Imran Firoz was the interim CEO and CFO of the Debtors.  He began work in July 2012

16   as the President and CEO of the Debtors.  In May 2015, Shahan Ohanessian became the majority

17   shareholder of Scoobeez Global and as a result became the CEO of the Debtors.  Firoz agreed to

18   remain employed as the CFO and a member of the Board of Directors of the Company.  In March

19   2017, Firoz was removed as a member of the Board and was terminated from the Debtors as a

20   whistleblower for the reasons described below.

### 1.    *Firoz notifies the Board of Directors of Scoobeez Global of significant misappropriation of funds by the Debtors' principal.*

23   On March 15, 2017, Firoz sent a twenty-five page report (the "Whistleblower Report") to

24   the Board of Directors of ABT Holdings, Inc. n/k/a Scoobeez Global outlining various actions

25   taking by the Debtors' majority shareholder and CEO resulting in the misappropriation of $1.7

26   million in funds of the Debtor among other things.  Kaufman Decl., ¶ 24; a true and complete

27   copy of the Whistleblower Report is attached as **Exhibit 3** to the Kaufman Decl..  Specifically,

28   the Whistleblower Report states that Shahan Ohanessian transferred the total sum of $1,698,500

8

HILLAIR CAPITAL MANAGEMENT'S OMNIBUS MOTION FOR ENTRY OF ORDER AUTHORIZING
EXAMINATIONS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004

BN 36359829V4

from two of ABT Holdings' bank accounts (Acct. No. xxx-xxx-7380 and Acct. No. xxx-xxx-1330) to a Business Account in which Shahan Ohanessian is the ultimate beneficiary designated as Acct. No. xxx-xxx-4724.    Kaufman Decl., Ex. 3, at p. 38.    From that account, Shahan Ohanessian (i) transferred $390,580 to his personal Premier Checking Account No. xxx-xxx-2672; (ii) made collective cash withdrawals totaling $715,006 at the Wynn Hotel in Las Vegas, Nevada; (iii) made collective cash withdrawals totaling $473,699 at various Wells Fargo banking locations.  Kaufman Decl., Ex. 3, at pp. 38-39.

As a result of these actions, Firoz states in the Whistleblower Report that the Debtors at that time were unable to "meet its short term and long term obligations."  Kaufman Decl., Ex. 3, at p. 39.  Ultimately, Firoz concluded that:

> As a result of this (sic.) these unauthorized transactions, the Company is unable to account for $1,579,285.  Therefore, the Company will not be able to complete its Fiscal 2016 audit by April 14, 2017.  If the Company is unable to become a fully reporting company, it will impede its chances to raise necessary capital from the public and private markets.

Kaufman Decl., Ex. 3, at p. 40.

### 2.    *Firoz is terminated and pursues a wrongful termination claim against the Debtors and Shahan and Shoushana Ohanessian.*

On February 7, 2019, Firoz filed a Cross-Complaint for, among other things, breach of fiduciary duty, breach of contract, wrongful termination, retaliation, and conversion in the state court action designated as *Firoz v. Scoobeez Global, Inc., et al.*, Case No. EC067690 (L.A. Sup. Ct.).  Kaufman Decl., ¶ 25; a true and complete copy of the Cross-Complaint is attached as **Exhibit 4** to the Kaufman Decl.  In that Cross-Complaint, Mr. Firoz disclosed that on March 3, 2017 he had demanded that Shahan Ohanessian show cause and provide explanation with respect to the misappropriation of company funds.  On March 5, 2017, Shahan Ohanessian provided documentation to Mr. Firoz which confirmed the misappropriation of funds in excess of $1.5 million.  On March 10, 2017, Shahan Ohanessian and Shoushana Ohanessian resigned as CEO and member of the Board, respectively.  Kaufman Decl., Ex. 4 at p.76.

On March 13, 2017, Firoz was appointed as interim CEO.  On March 14, 2017, Shahan Ohanessian informed the Board that since he was the majority shareholder he had reinstated

9

**HILLAIR CAPITAL MANAGEMENT'S OMNIBUS MOTION FOR ENTRY OF ORDER AUTHORIZING EXAMINATIONS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

BN 36359829V4

1    himself as CEO and reappointed his wife to the Board.    That same day Shahan Ohanessian

2    terminated Firoz's employment with the Debtors.    On March 15, 2017, Firoz submitted his

3    Whistleblower Report to the Board of Scoobeez Global, among others.    Kaufman Decl., Ex. 4 at

4    pp.76-77.

5        In addition to the misappropriation of funds discussed above based upon the

6    Whistleblower Report, the February 2019 Cross-Complaint explains that Shahan Ohanessian had

7    withdrawn approximately $3.3 million from the Company depositing $1.695 million into his own

8    accounts and withdrawing $1.6 million from Scoobeez Global's bank account without authority

9    from the Board or any agreement with the company.    As a result, the Cross-Complaint alleges

10    that Shahan Ohanessian caused the company to take seventeen high-interest cash advance loans

11    totaling $3.7 million which cost the company approximately $2,000,000 in fees, charges and

12    interest payments.    Kaufman Decl., Ex. 4 at pp.72-73.

13        Further, the misappropriation of these funds resulted in the Debtors' inability to pay

14    Hillair as well as an entity called Avitus, Inc.—an entity that made payroll advances.    Kaufman

15    Decl., ¶ 26.    This gave rise to a lawsuit filed by Avitus against Scoobeez, Scoobeez Global, and

16    Shahan Ohanessian designated as *Avitus, Inc. v. Scoobeez, Inc., et al.*, Case No. CV-18-146-BLG-

17    SPW-TJC (D. Mont.) seeking damages in excess of $16 million.    The Avitus debt was itself a

18    breach of the Hillair loan agreements.    *Id.*

19    **F.    Hillair commences its state court action against the Debtors and seeks
    the appointment of a receiver.**

20

21        Because of the foregoing defaults and issues plaguing the Debtors, on April 22, 2019

    Hillair filed its Complaint for (1) Breach of Contract, (2) Breach of Guaranty, and (3) Replevin in

22    the Los Angeles Superior Court commencing the action designated *Hillair Capital Management,*

23    *LLC v. Scoobeez Global, Inc., et al.*, Case No. 19GDCV00492 (L.A. Sup. Ct. 2019) (the "State

24    Court Action").    Kaufman Decl., ¶ 27.    Having realized the precarious financial situation in which

25    the Debtors found themselves and given the number and magnitude of the irregularities occurring,

26    on April 24, 2019 Hillair filed its *Ex Parte Application to Appoint Receiver, Issue Temporary*

27    *Restraining Order and Set Order to Show Cause why Receiver Should not be Confirmed* (the

28

10

**HILLAIR CAPITAL MANAGEMENT'S OMNIBUS MOTION FOR ENTRY OF ORDER AUTHORIZING
EXAMINATIONS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

BN 36359829V4

"Receivership Application") in the State Court Action.  Kaufman Decl., ¶ 28.  The Receivership Application sought the appointment a receiver over the Debtors.  *See* Declaration of Steven M. Spector concurrently filed herewith (the "Spector Decl."), ¶ 3.

The Court held a preliminary hearing on the Receivership Application on April 26, 2019 and set a continued hearing for May 1, 2019 at 1:30 p.m.  A temporary restraining order was issued at that hearing limiting the Debtors' operations to only ordinary course transactions.  The Superior Court also established April 30, 2019 at 12:00 p.m. PDT as the deadline for the Debtors to file any opposition to the Receivership Application.  Spector Decl., ¶ 4.

**G.      The impending appointment of the receiver precipitates the filing of the Debtors' bankruptcy cases.**

*1.      The Commencement of the Debtors' Chapter 11 Bankruptcy Cases.*

Rather than file an opposition to the Receivership Application by the 12:00 p.m. deadline on April 30, 2019, the Debtors opted to file the above-referenced chapter 11 bankruptcy cases at 12:12 p.m. on April 30, 2019.  *See* Docket No. 1.[1]  Notably, the Debtors did not file schedules or statements of financial affairs.  Nor did the Debtors file their first day motions until well into the late evening on April 30, 2019/May 1, 2019.  In fact, the *Motion for Interim Order Approving Use of Cash Collateral* [Docket No. 13] (the "Cash Collateral Motion") was not filed until less than four hours prior to the "first-day" hearings set for May 1, 2019 at 3:00 p.m.  *See* Docket No. 13.

*2.      The First-Day Motions were significantly deficient precluding the Court and interested parties from evaluating the precise relief sought by the Debtors.*

In addition to the protracted delay in the filing of the first-day motions, there were significant deficiencies in the motions that prevented the parties from being able to fully evaluate the relief sought.  Missing from the routine and customary first-day filings was an omnibus declaration of Shahan Ohanessian, the Debtors' principal, setting forth the general background of the Debtors' business and operations, the capital structure of the Debtors, the issues precipitating the filing of the chapter 11 cases, the key issues to be addressed in the early stages of the cases

---

[1]  All docket references are to the docket for the lead case *In re Scoobeez, Inc.*, Case No. 2:19-bk-14989-WB.

11

HILLAIR CAPITAL MANAGEMENT'S OMNIBUS MOTION FOR ENTRY OF ORDER AUTHORIZING
EXAMINATIONS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004

BN 36359829V4

and the necessary evidentiary support for the relief sought in the first-day motions.  Spector Decl., ¶ 5.

Missing from the *Motion to Authorized Payment of Prepetition Wages* [Docket No. 8] (the "Wage Motion") was a report itemizing the employees and the precise wages to be paid.  Spector Decl., ¶ 6.  Missing from the Cash Collateral Motion was a customary 13-week cash collateral budget setting forth with specificity the precise expenses to be paid.  Instead, the Debtors submitted monthly income statement projections for a three-month period providing only high level categorization of the expenses sought to be paid.  Spector Decl., ¶ 7.  Missing from the first-day motions was a critical vendor motion to enable the Debtors to pay prepetition vendors that they have decried as being critical to the Debtors' operation.  And finally, missing from the first-day motions was a customary motion prohibiting the trading of the Debtors' securities so as to preserve any beneficial tax attributes that the Debtors may have.  Spector Decl., ¶ 8.

>3.	*The Debtors' attempt to cure their evidentiary deficiencies raises more concerns about the Debtors' financial affairs.*

In connection with the Debtors' *Emergency Motion for Order (1) Authorizing the Maintenance of Existing Bank Accounts, etc.* [Docket No. 7] (the "Cash Management Motion"), the Debtors provided on May 6, 2019 at 1:58 p.m. their proposed order granting that motion, but, more importantly, a spreadsheet containing a list outstanding prepetition checks that had not cleared the Debtors' prepetition bank accounts.  Spector Decl., ¶ 9; a true and complete copy of this spreadsheet is attached as **Exhibit 1** to the Spector Declaration.  There are sixty-seven checks on this list totaling $134,006.76.  Spector Decl., Ex. 1.  What is troubling is that approximately $45,000 of these checks was issued on April 30, 2019 (*i.e.*, the Petition Date), and at least two of the checks were issued to insiders of the Debtors:  $7,500.00 to Shoushana Ohanessian (the Debtors' principal's wife and board member); $2,000 to Nazareth Ohanessian and $3,000 to Joweta Jowita Chometowska (a board member).  Spector Decl., ¶ 11.  Equally concerning is that of the twenty-five checks issued on the petition date fifteen of them are for amounts greatly in excess of $1,000.  Spector Decl., Ex. 1.

1    In order to address the Debtors' informational deficiencies, on May 2, 2019 counsel for

2    Hillair sent Debtors' counsel an email detailing the documents and information necessary to fully

3    evaluate the Debtors' financial projections and the relief being requested in the first-day motions.

4    Spector Decl., ¶ 12; a copy of that email is attached as **Exhibit 2** to the Spector Decl.  Basic

5    financial information relevant to relief sought in the first-day motions, like an ADP payroll report,

6    bank statements, insurance policies, truck rental agreements, and other basic easily obtainable

7    financial information was requested.  Hillair requested that the Debtors provided that information

8    my no later than May 6, 2019 so that the Hillair could review the data prior to a meeting of

9    counsel and the parties' principals on May 7, 2019.  Spector Decl., ¶ 14.  That information was

10    never provided and the meeting set for May 7th was cancelled.  *Id.*

11    Thereafter, a meeting was proposed for Friday, May 10, 2019 with a document production

12    deadline of Thusday, May 9, 2019.  Spector Decl., ¶ 15.  No documents were provided and no

13    meeting occurred.  *Id.*  Given the operational and management issues of the Debtors and the self-

14    dealing by the Debtors' principal, access to this information is critical.  Hence, the need for this

15    Rule 2004 Motion.

16    **H.    At the Debtors' First-Day Hearing, Nex Gen Financial asserts that the
        Debtors sold their accounts receivable to Nex Gen notwithstanding
17        Hillair's blanket security interest in the same accounts receivable.**

18    A third-party has alleged that the Debtors sold some of their receivables to them as part of

19    a secured merchant financing transaction notwithstanding that Hillair has a blanket security

20    interest in the same receivables.  At the hearing on the Debtors' first-day motion, counsel

21    appeared on behalf of Nex Gen Financial with respect to the Cash Collateral Motion.  Spector

22    Decl., ¶ 19.  Counsel disclosed that Nex Gen apparently asserts an interest in the cash collateral

23    since the Debtors had allegedly sold their accounts receivable to Nex Gen.  Spector Decl, ¶ 20.

24    Hillair, through its counsel, has attempted to get documentation supporting this claim from

25    counsel for Nex Gen and from counsel for the Debtors.  To date, nothing has been provided.

26    Spector Decl., ¶ 21.

27    If this is true, then certainly the Debtors' sale of its accounts receivable to a third party

28    amounts to fraud.  The accounts receivables were encumbered by Hillair's valid and senior lien,

13

and no sophisticated financial institution would engage in such a factoring transaction in the face of a senior security interest. For whatever reason, the Debtors' and Nex Gen's counsel have not been forthcoming with this information further necessitating this Rule 2004 Motion.

In the weeks prior to the commencement of the Debtors' bankruptcy cases, Hillair has uncovered other financing statements and judgment filings that raise additional concerns for Hillair. Simply stated, there are numerous and very recent UCC filings and judgments which are causes for concern. Further, these UCC filings and judgments have not been reported as required disclosure by the Pink Sheet Guidelines. A true and complete copy of a *Comprehensive Business Report* listing these UCC filings and judgment is attached as **Exhibit 5** to the Spector Decl. The Comprehensive Business Report shows the following:

1.    A UCC filing in California on February 14, 2019, in favor of a secured party named GTR Source LLC.

2.    A civil judgment filed in Steuben County, New York on March 13, 2019, in the amount of $326,957 in favor of a company called Chrome Cap.

3.    A civil judgment filed in Albany County, New York on March 12, 2019, in the amount of $404,560 in favor of a company called Palm Funding LLC.

4.    A UCC-1 filing in California on March 22, 2019 in favor of secured party CT Corporation System as Representative.

5.    A UCC-1 filing in California on February 25, 2019 in favor of secured party HOP Capital.

Spector Decl., Ex. 5. This Rule 2004 Motion will facilitate the transparency that is necessary for all interested parties to evaluate the Debtors, their businesses, their assets and liabilities. This is particularly warranted given the Debtors lack of openness and candor.

## III.

## ARGUMENT

**A.    Bankruptcy Rule 2004 Allows for the Examination of the Debtors and Third-Parties to Uncover Undisclosed Assets of the Estate and Sources of Income.**

Bankruptcy Rule 2004(a) provides that on motion of any party in interest, the court may order the examination of any entity. FED. R. BANKR. P. 2004(a). A Rule 2004 examination

14

**HILLAIR CAPITAL MANAGEMENT'S OMNIBUS MOTION FOR ENTRY OF ORDER AUTHORIZING EXAMINATIONS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

BN 36359829V4

affords a party in interest an opportunity to conduct a wide-ranging examination with respect to a debtor's financial affairs. *See In re Texaco, Inc.*, 79 B.R. 551, 553 (Bankr. S.D.N.Y. 1987); *In re Johns-Manville*, 42 B.R. 362, 364 (S.D.N.Y. 1984) (a Rule 2004 examination may "cut a broad swath through the Debtor's affairs."). Indeed, courts have recognized that the scope of Rule 2004 examinations is broad, unfettered, and can legitimately be in the nature of a "fishing expedition." *In re Table Talk, Inc.*, 51 B.R. 143 (Bankr. D. Mass. 1985); *In re Valley Forge Plaza Assoc.*, 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990); *In re Bakalis*, 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996); *In re Countrywide Home Loans, Inc.*, 384 B.R. 373, 400 (Bankr. W.D. Pa. 2008).

A debtor or any other entity with knowledge of the debtor's acts, property, liabilities, and financial condition, may be examined under Rule 2004. *In re Cinderella Clothing Indus., Inc.*, 93 B.R. 373, 378-79 (Bankr. E.D. Pa. 1988); *see also In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 432 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994) ("Because the purpose of the Rule 2004 investigation is to aid in the discovery of assets, any third party who can be shown to have a relationship with the debtor can be made subject to a Rule 2004 investigation.").

**B.    A Rule 2004 Examination of the Debtors and Third-Parties is Warranted in this Bankruptcy Case.**

The Debtors' chapter 11 cases highlight why Bankruptcy Rule 2004 exists and why it is necessary to grant this Motion. The Debtors' bankruptcy cases present the classic example of why the examination of the Debtors and other parties are necessary under Bankruptcy Rule 2004. Prior to the commencement of these cases, the Debtors' principal, Shahan Ohanessian, allegedly misappropriated over $1.5 million dollars from the companies for his own personal use. The Debtors' former CFO prepared a Whistleblower Report (as defined below), which was provided to Hillair, outlining the scope of the misappropriation and Shahan Ohanessian's conduct. A Rule 2004 examination is necessary to ascertain the scope of the misappropriation of corporate assets and the existence of any potential avoidance actions.

Equally as troubling are the Debtors' significant financial issues plaguing the company, which has resulted in the Debtors declaring in their 2018 Annual Report filed in April 2019 that there is "substantial doubt for the Company to continue as a going concern." At this same time,

15

**HILLAIR CAPITAL MANAGEMENT'S OMNIBUS MOTION FOR ENTRY OF ORDER AUTHORIZING EXAMINATIONS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

BN 36359829V4

1    the principals of the Debtors have formed a new entity named Scoobeez Delivery, Inc. with the

2    Debtors' current CFO serving as the incorporator and agent for service of process.  This new

3    entity was formed after the Debtors' default to Hillair and several other significant creditors, and

4    less than 30 days prior to the commencement of the bankruptcy cases.  A Rule 2004 examination

5    is necessary to ascertain whether assets of the Debtors have been transferred to Scoobeez

6    Deliveries to avoid the obligations of the Debtors giving rise to potential avoidance actions.

7        During the course of the Debtors' "first-day" hearings, a creditor emerged alleging that it

8    had an interest in the cash collateral on the basis that the Debtors' previously sold their accounts

9    receivable to this third-party.  These accounts receivable are subject to Hillair's blanket security

10   interest.  Any attempt to obtain financing to a third-party through the sale of Hillair's collateral

11   highlights the fraudulent nature of this transaction.  Accordingly, a Rule 2004 examination is

12   necessary to investigate this transaction (and several other recent UCC-1 filings made against the

13   Debtors).

14       Finally, the Debtors entered chapter 11 providing very little information regarding their

15   business operations.  The Debtors did not file any schedules or their statement of financial affairs.

16   They did not file a customary omnibus declaration or adequate evidence in support of their first-

17   day motions.   No supporting documentation for the proposed expenses has been provided.

18   Indeed, any attempts to obtain such information have been largely ignored.  For example, Hillair

19   has asked for routine financial information that would be readily available in order to evaluate the

20   Debtors' proposed cash collateral expenditures.  One week later and Hillair is still waiting.

21       The Debtors' lack of transparency and violation of disclosure obligations extends beyond

22   the failure to comply with the Bankruptcy Code.  The Debtors have also flouted their public

23   company disclosure obligations.  They have neither publicly disclosed their bankruptcy filing nor

24   disclosed material events, each of which are "reportable" events required by applicable securities

25   laws.

26       The information sought by Hillair through both a Rule 2004 examination and related

27   document production is within the proper scope of Rule 2004.  The scope of this examination

28   seeks information related to the Debtors' assets, liabilities and financial affairs.

16

1    The requested documents and, if necessary, examinations concern matters about which

2  Hillair is entitled to conduct discovery.  The documents that have been requested relate to the

3  foregoing areas, and are set forth in further detail in Exhibits B-1 to B-8 attached hereto.  Both the

4  information sought during the Rule 2004 examination and document production is within the

5  proper scope of Rule 2004(b).

6                                              **IV.**

7                          **CERTIFICATION OF COUNSEL**

8    In accordance with Local Bankruptcy Rule 2004-1(b), Hillair seeks the examination of the

9  following Examinees:

| No. | Examinee | Address for Service of Process | Scope of Examination |
|---|---|---|---|
| 1 | Scoobeez, Inc. | Scoobeez, Inc.<br>Attn:  Scott A. Sheikh, Esq., Agent for Service of Process<br>396 S. Pasadena Avenue<br>Pasadena, California 91105 | Financial transactions, agreements, loans, payments and transfers. |
| 2 | Scoobeez Global, Inc. | Scoobeez Global, Inc.<br>Attn:  Incorp Services, Inc., Agent for Service of Process<br>1310 S. Vista Avenue, Suite 27<br>Boise, ID  83705 | Financial transactions, agreements, loans, payments and transfers. |
| 3 | Scoobur, LLC | Scoobur, LLC<br>Attn:  Agent for Service of Process<br>1814 Flower Street<br>Glendale, CA 91201 | Financial transactions, agreements, loans, payments and transfers. |
| 4 | Scoobeez Deliveries, Inc. | Scoobeez Deliveries, Inc.<br>Attn:  George Voskanian, Agent for Service of Process<br>12710 Oxnard Street<br>North Hollywood, CA 91606 | Financial transactions, agreements, loans, payments and transfers. |
| 5 | Shahan Ohanessian | Shahan Ohanessian<br>c/o Scoobeez, Inc.<br>3463 Foothill Blvd.<br>Glendale, CA 91214 | Financial transactions, agreements, loans, payments and transfers. |
| 6 | Shoushana Ohanessian | Shoushana Ohanessian<br>c/o Scoobeez, Inc.<br>3463 Foothill Blvd.<br>Glendale, CA 91214 | Financial transactions, agreements, loans, payments and transfers. |

17

**HILLAIR CAPITAL MANAGEMENT'S OMNIBUS MOTION FOR ENTRY OF ORDER AUTHORIZING
EXAMINATIONS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

BN 36359829V4

| No. | Examinee | Address for Service of Process | Scope of Examination |
|-----|----------|-------------------------------|----------------------|
| 7 | Nazareth Ohanessian | Nazareth Ohanessian c/o Scoobeez, Inc. 3463 Foothill Blvd. Glendale, CA 91214 | Financial transactions, agreements, loans, payments and transfers. |
| 8 | Nex Gen Financial | Nex Gen Financial c/o David Neale, Esq. Levene, Neale, Bender, Yoo & Brill LLP 10250 Constellation Blvd. Suite 1700 Los Angeles, CA  90067 | Financial transactions, agreements, loans, payments and transfers. |

In order to comply with the meet and confer requirements of Local Bankruptcy Rule 2004-1, counsel for Hillair attempted to meet and confer with Ashley McDow and Mark Hebbeln, counsel for the Debtors, from May 2, 2019, when Hillair first provided a list of documents that it requested, through May 10, 2019.  Spector Decl., ¶¶ 12-18.  During that week proposed document production deadlines were missed and the related meetings between counsel and principals were canceled.  *Id.*  Ultimately, when the Debtors produced a smattering of documents on the morning of May 10, 2019, those documents turned out to be inadequate or irrelevant.  *Id.*  Accordingly, counsel for Hillair called and emailed Ms. McDow and Mr. Hebbeln to discuss the documents and a Rule 2004 motion.  *Id.* ¶¶ 17-18.  At 1:30 p.m. on Friday, May 10, 2019, counsel for Hillair spoke with Mr. Hebblen regarding the scope and necessity of this Motion and the proposal to file the Motion and coordinate the production of documents and examinations following entry of the order granting of the Motion.  *Id.* ¶ 18.

On May 2, 2019, counsel for Hillair sent an email to counsel for Nex Gen to obtain documents regarding Nex Gen's alleged relationship with the Debtors.  Spector Decl., ¶¶ 19-21.  A similar request was sent to Ms. McDow regarding the Nex Gen relationship.  *Id.*  No response has been received to either email further necessitating this Rule 2004 motion.  *Id.*

Accordingly, Hillair intends to serve a subpoena on each person or entity, seeking the documents specified in Exhibits B-1 through B-8.  Hillair will provide at least 14 days' notice to each Examinee with respect to deadline for the documents to be produced.  If Hillair requires that

18

HILLAIR CAPITAL MANAGEMENT'S OMNIBUS MOTION FOR ENTRY OF ORDER AUTHORIZING
EXAMINATIONS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004

BN 36359829V4

1   any Examinee appear for an examination, Hillair, through its counsel, will meet and confer with

2   each relevant Examinee (and their counsel if applicable) to determine a mutually agreeable time,

3   date and location for such examination.[2]  If any dispute arises, Hillair will endeavor to resolve

4   any such dispute in accordance with Local Bankruptcy Rule 2004-1 and 7026-1(c) as applicable.

5   *Id.* ¶ 11.

6         Finally, this Motion cannot proceed under Federal Rule of Bankruptcy Procedure 7030 or

7   9014 as there are no pending adversary proceedings or contested matters involving the substance

8   of the requests set forth in this Motion.  Spector Decl., ¶ 23.

9                                          **V.**

10                                    **CONCLUSION**

11        For these reasons, Hillair requests that this Court enter an order:

12        (1)     granting this Motion;

13        (2)     authorizing Hillair to subpoena the production of documents set forth on Exhibits

14   B-1 through B-8 and, to the extent Hillair deems necessary, requiring the Examinees to attend one

15   or more examinations under oath, so that Hillair may obtain information and documentation

16   relating to, amongst other things, the Debtors' acts, conduct and property, as well as his liabilities

17   and financial condition; and

18        (3)     granting such further relief as the Court deems just and proper.

19   DATED:  May 10, 2019                    BUCHALTER, a Professional Corporation

20

21                                  By    */s/ Steven M. Spector*
                                          STEVEN M. SPECTOR
22                                        ANTHONY J. NAPOLITANO

23                                  Attorneys for secured creditor
                                    HILLAIR CAPITAL MANAGEMENT, LLC
24

25

26

_____

27   [2] Counsel for Hillair has used a similar process in other "Omnibus" Rule 2004 Motions filed in other cases where
     there was a large number of examinees.  The process provides for greater flexibility for all parties as well as
28   efficiency in scheduling the examinations and productions.

                                          19

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

## DEFINITIONS

These document requests shall be governed by the following definitions:

1.    As used herein, the terms "DOCUMENT" or "DOCUMENTS" shall have the broadest possible meaning under Rule 34(a) of the Federal Rules of Civil Procedure, and shall INCLUDE all media on which information is recorded or stored, including, without limitation, any written, printed, typed, photostatic, photographed, magnetic or optical local storage media for use with computers, recorded or otherwise reproduced communication or representation, whether comprised of letters, words, numbers, pictures, sounds or symbols or any combination thereof, including but not limited to all writings, drawings, graphs, charts, photographs, audio and visual recordings, microfilm, data compilations, computer databases, underlying documents supporting computer entries, computer diskettes, CD-ROM, electronic mail or "e-mail," file menus, directories, distribution lists, acknowledgments of receipt, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, agreements, contracts, projects, estimates, working papers, summaries, statistical statements, financial statements, work papers, accounts, analytical records, reports and/or summaries of investigations, opinions or reports of consultants, opinions of reports of accountants, other reports, trade letters, press releases, comparisons, books, diaries, calendars, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings or of other communications of any type, including telephone conversations, inter- and intra-office communications of any type, questionnaires, surveys, films, tapes, computer tapes, back up computer tapes, disks, data cells, drums, printouts, and other data compilations from which information can be obtained (translated, if necessary, by the responding entity into usable form), and any preliminary versions, drafts, or revisions of any of the foregoing, and other writings or documents of whatever description or kind, whether produced or authorized by you or anyone else, including non-identical copies of any of the foregoing now in your possession, custody, or control.

20

**HILLAIR CAPITAL MANAGEMENT'S OMNIBUS MOTION FOR ENTRY OF ORDER AUTHORIZING
EXAMINATIONS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

BN 36359829V4

2.      The term "PERSON" means any natural person, corporation, partnership, association, governmental body or agency, proprietorship or other entity.

3.      The terms "COMMUNICATION" or "COMMUNICATIONS" shall mean and refer to all written, electronic or oral exchanges between PERSONS, including in person, telephonic, email, instant messaging, correspondence, memoranda, and other DOCUMENTS.

4.      The term "YOU" or "YOUR" means the responding party, YOUR agents, representatives, accountants, attorneys, any predecessor in interest, and/or any other PERSON acting on YOUR behalf.

5.      The term "DEBTORS" means collectively the debtors in the above-referenced, jointly administered, chapter 11 bankruptcy cases:  SCOOBEEZ; SCOOBEEZ GLOBAL; and SCOOBUR.

6.      The term "SCOOBEEZ" means Scoobeez, Inc., a California corporation, and its officers, agents, employees, representatives and any other PERSON acting in its behalf.

7.      The term "SCOOBEEZ GLOBAL" means Scoobeez Global, Inc., an Idaho corporation, and its officers, agents, employees, representatives and any other PERSON acting in its behalf.

8.      The term "SCOOBUR" means Scoobur, LLC, a California limited liability company, and its officers, agents, employees, representatives and any other PERSON acting in its behalf.

9.      The term "SCOOBEEZ DELIVERIES" means Scoobeez Deliveries, Inc., a California corporation, and its officers, agents, employees, representatives and any other PERSON acting in its behalf.

10.     The term "ACCOUNT" when used with respect to a bank or other financial institution means a demand, time, savings, checking, credit passbook, or similar account for deposits or for credit a maintained with such bank or other financial institution whether or not such account is presently open or has been closed during the relevant time period.  The term "ACCOUNT" when used with respect to any entity or individual that is not a bank or other financial institution means a record of debit and credit entries to cover transactions involving a

21

particular item or a particular person or concern, and INCLUDES any such statement of transactions during a fiscal period and the resulting balance.

11.    The terms "RELATING TO," "RELATE TO" and "RELATE" mean evidencing, constituting, memorializing, referring to, embodying, reflecting, or pertaining to, in any manner, in whole or in part, the subject matter referred to in the request.

12.    The terms "INCLUDE" and "INCLUDING" are non-exhaustive and shall be interpreted as "including, but not limited to."

13.    "EACH" shall mean "each and every."

14.    "ANY" INCLUDES the word "all," and vice versa.

15.    "OR" shall mean "and/or."

16.    The use of the singular shall be deemed to INCLUDE the plural.

17.    The use of one gender shall INCLUDE all others as are appropriate in the context.

18.    The use of the verb in any tense shall be construed as the use of the verb in all other tenses.

## **INSTRUCTIONS**

A.    In producing DOCUMENTS and things, YOU are requested to furnish all DOCUMENTS or things in YOUR possession, custody, or control, or known or available to YOU, regardless of whether such DOCUMENTS or things are possessed directly by YOU or YOUR attorneys, agents, employees, representatives, or investigators, or by any other person or persons acting on YOUR behalf, or their agents, employees, representatives, or investigators.

B.    In producing DOCUMENTS for inspection, YOU are requested to produce the original of each DOCUMENT requested together with all non-identical copies and drafts of that DOCUMENT.  Any comment, notation, or marking appearing on any DOCUMENT, and not a part of the original, and any draft, preliminary form, or superseded version of any DOCUMENTS is also to be considered a separate DOCUMENT.

C.    All DOCUMENTS that are maintained in electronic form must be produced in electronic form even if a paper copy of the same DOCUMENT was produced.

**HILLAIR CAPITAL MANAGEMENT'S OMNIBUS MOTION FOR ENTRY OF ORDER AUTHORIZING
EXAMINATIONS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

BN 36359829V4

D.    All DOCUMENTS must be produced in the same order as they are kept or maintained by YOU.

E.    All DOCUMENTS must be produced in the file, folder, envelope, or other container in which the DOCUMENTS are kept or maintained.  If the container cannot be produced, please produce copies of all labels or other identifying markings.

F.    DOCUMENTS attached to each other must not be separated.

G.    If any requested DOCUMENT or thing cannot be produced in full, please produce it to the extent possible, indicating what is being withheld and the reason it is being withheld.

H.    If a responsive DOCUMENT once existed but has been lost, destroyed, or otherwise is no longer in YOUR possession, identify the DOCUMENT and state the details concerning the loss or destruction of such DOCUMENT, INCLUDING the name and address of the present custodian of any such DOCUMENT if known to YOU.

I.    Please produce DOCUMENTS and things responsive to these requests as they are kept in the usual course of business or, alternatively, organized and labeled to correspond to each request to which the DOCUMENTS or things are responsive.

J.    In the event any DOCUMENT is withheld on a claim of attorney-client privilege, work product, or other similar privilege, please provide the following information: (1) the date the DOCUMENT was prepared or the date it bears; (2) the author of the DOCUMENT; (3) the addressee(s) and recipients of the DOCUMENT; (4) the title and subject matter of the DOCUMENT; (5) the source of the DOCUMENT; and (6) the basis for withholding the DOCUMENT.

BN 36359829V4

**EXHIBIT B-1**

**[SCOOBEEZ, INC.]**

**SUPPLEMENTAL DEFINITION**

1.    "YOU" or "YOUR" means the responding party, SCOOBEEZ, its agents, representatives, accountants, attorneys, any predecessor in interest, and/or any other PERSON acting on its behalf.

**RELEVANT TIME PERIOD**

Unless otherwise stated, each of the following requests for documents to be produce seeks DOCUMENTS and COMMUNICATIONS from January 1, 2015 through present.

**DOCUMENTS TO BE PRODUCED**

1.    All DOCUMENTS and COMMUNICATIONS RELATED TO any deposit account, checking account, savings account, money market account, certificate of deposit, pension fund, retirement account or any other type of account at any financial institution or any credit union in which YOU have either a legal or a beneficial interest.

2.    ALL DOCUMENTS and COMMUNICATIONS RELATED TO any safe-deposit boxes to which YOU have access, either directly or indirectly, or which contain property belonging to YOU or which is under YOUR control.

3.    All DOCUMENTS and COMMUNICATIONS RELATED TO any transfer, deposit, or payment (whether by check, wire transfer, ACH transfer, or otherwise) into any account in which YOU hold either a legal or beneficial interest.

4.    All DOCUMENTS and COMMUNICATIONS RELATED TO any transfer, deposit, or payment (whether by check, wire transfer, ACH transfer, or otherwise) from any account in which YOU hold either a legal or beneficial interest.

5.    All DOCUMENTS and COMMUNICATIONS RELATED TO any credit card account or debit card account administered at any financial institution or any credit union in which YOU have either a legal or a beneficial interest.

6.    All DOCUMENTS and COMMUNICATIONS RELATED TO related to YOUR financial performance including, without limitation, any balance sheet, income statement,

24

statement of cash flow, statement of shareholder equity, financial projections, general ledgers, accounts receivable schedules, accounts payable schedules, inventory schedules, charts of account, and supporting documents or schedules RELATED TO the foregoing categories that were either prepared by YOU or prepared for YOU by any third party.

7.      All DOCUMENTS and COMMUNICATIONS RELATED TO the compensation of YOUR employees or independent contractors including, without limitation, all time records and payroll records, expense reimbursements, job descriptions, etc., and all contracts with any payroll service company or employee leasing company.

8.      All DOCUMENTS and COMMUNICATIONS RELATED TO any contract or agreement, whether written or oral, between YOU, on the one hand, and any of the DEBTORS, SHAHAN OHANESSIAN, SHOUSHANA OHANESSIAN, NAZARETH OHANESSIAN or any affiliates, insiders or relatives of the foregoing, on the other hand.

9.      All DOCUMENTS evidencing any dividend distributions, equity distributions, compensation, expense reimbursements, payments or other transfers to any of the DEBTORS, SHAHAN OHANESSIAN, SHOUSHANA OHANESSIAN, NAZARETH OHANESSIAN or any affiliates, insiders or relatives of the foregoing.

10.      All DOCUMENTS and COMMUNICATIONS RELATED TO any lease agreement for either real property or personal property to which YOU are a party.

11.      All DOCUMENTS and COMMUNICATIONS RELATED TO any insurance policy of any nature or kind for which YOU have been or are the insured, beneficiary or loss payee.

12.      All DOCUMENTS, including any registration records or certificates of title, and COMMUNICATIONS RELATED TO any vehicles, commercial coaches, recreational motor vehicles, vessels, air and water craft, mobile homes or manufactured homes, owned or leased by YOU.

13.      All DOCUMENTS and COMMUNICATIONS RELATED TO the purchase of fuel for any of the vehicles that YOU own or lease.

14.      All DOCUMENTS and COMMUNICATIONS RELATED TO any utility services

25

1   provided to YOU.

2       15.    All DOCUMENTS and COMMUNICATIONS RELATED TO any loans or any

3   other financial accommodation obtained by YOU or obtained for YOUR benefit.

4       16.    All DOCUMENTS and COMMUNICATIONS RELATED TO any debts or

5   obligations owed by YOU to either any of the DEBTORS, SHAHAN OHANESSIAN,

6   SHOUSHANA OHANESSIAN, NAZARETH OHANESSIAN or any affiliates, insiders or

7   relatives of the foregoing.

8       17.    All DOCUMENTS and COMMUNICATIONS RELATED TO any debts or

9   obligations owed to YOU by either any of the DEBTORS, SHAHAN OHANESSIAN,

10  SHOUSHANA OHANESSIAN, NAZARETH OHANESSIAN or any affiliates, insiders or

11  relatives of the foregoing.

12      18.    All DOCUMENTS and COMMUNICATIONS RELATED TO any security

13  interest granted by YOU to any PERSON within the seven year period prior to the DEBTORS'

14  April 30, 2019 petition date.

15      19.    All DOCUMENTS and COMMUNICATIONS RELATED TO any transfer, sale,

16  lease, loan, hypothecation or encumbrance of any item of real or personal property in which YOU

17  have or had an interest and transferred said interest, in whole or in part, to a third party or parties.

18      20.    All DOCUMENTS and COMMUNICATIONS RELATED TO any stocks, bonds,

19  securities, chattel paper, or negotiable documents of title owned by YOU, in which YOU have or

20  had an interest or from which YOU derived a benefit.

21      21.    All DOCUMENTS and COMMUNICATIONS RELATED TO any transaction

22  between YOU and either any of the DEBTORS, SHAHAN OHANESSIAN, SHOUSHANA

23  OHANESSIAN, NAZARETH OHANESSIAN or any affiliates, insiders or relatives of the

24  foregoing, Next Gen Financial, GTS Source LLC, Chrome Cap, Palm Funding, LLC or HOP

25  Capital.

26      22.    All DOCUMENTS and COMMUNICATIONS RELATED TO any transfer,

27  payment, or distribution made by YOU to any of the DEBTORS, SHAHAN OHANESSIAN,

28  SHOUSHANA OHANESSIAN, NAZARETH OHANESSIAN or any affiliates, insiders or

26

**HILLAIR CAPITAL MANAGEMENT'S OMNIBUS MOTION FOR ENTRY OF ORDER AUTHORIZING
EXAMINATIONS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

BN 36359829V4

relatives of the foregoing, Next Gen Financial, GTS Source LLC, Chrome Cap, Palm Funding, LLC or HOP Capital within the 7 year period prior to the DEBTORS' April 30, 2019 petition date.

23.    All DOCUMENTS and COMMUNICATIONS RELATED TO any payments made to any of the DEBTORS, SHAHAN OHANESSIAN, SHOUSHANA OHANESSIAN, NAZARETH OHANESSIAN or any affiliates, insiders or relatives of the foregoing.

24.    All DOCUMENTS and COMMUNICATIONS referenced in the March 15, 2017 report from the DEBTORS' Chief Financial Officer, a copy of which is attached hereto as **Exhibit 1**.

**HILLAIR CAPITAL MANAGEMENT'S OMNIBUS MOTION FOR ENTRY OF ORDER AUTHORIZING EXAMINATIONS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

BN 36359829V4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT B-2**

**[SCOOBEEZ GLOBAL, INC.]**

**SUPPLEMENTAL DEFINITION**

1.    "YOU" or "YOUR" means the responding party, SCOOBEEZ GLOBAL, its agents, representatives, accountants, attorneys, any predecessor in interest, and/or any other PERSON acting on its behalf.

**RELEVANT TIME PERIOD**

Unless otherwise stated, each of the following requests for documents to be produce seeks DOCUMENTS and COMMUNICATIONS from January 1, 2015 through present.

**DOCUMENTS TO BE PRODUCED**

1.    All DOCUMENTS and COMMUNICATIONS RELATED TO any deposit account, checking account, savings account, money market account, certificate of deposit, pension fund, retirement account or any other type of account at any financial institution or any credit union in which YOU have either a legal or a beneficial interest.

2.    ALL DOCUMENTS and COMMUNICATIONS RELATED TO any safe-deposit boxes to which YOU have access, either directly or indirectly, or which contain property belonging to YOU or which is under YOUR control.

3.    All DOCUMENTS and COMMUNICATIONS RELATED TO any transfer, deposit, or payment (whether by check, wire transfer, ACH transfer, or otherwise) into any account in which YOU hold either a legal or beneficial interest.

4.    All DOCUMENTS and COMMUNICATIONS RELATED TO any transfer, deposit, or payment (whether by check, wire transfer, ACH transfer, or otherwise) from any account in which YOU hold either a legal or beneficial interest.

5.    All DOCUMENTS and COMMUNICATIONS RELATED TO any credit card account or debit card account administered at any financial institution or any credit union in which YOU have either a legal or a beneficial interest.

6.    All DOCUMENTS and COMMUNICATIONS RELATED TO related to YOUR financial performance including, without limitation, any balance sheet, income statement,

28

statement of cash flow, statement of shareholder equity, financial projections, general ledgers, accounts receivable schedules, accounts payable schedules, inventory schedules, charts of account, and supporting documents or schedules RELATED TO the foregoing categories that were either prepared by YOU or prepared for YOU by any third party.

7.     All DOCUMENTS and COMMUNICATIONS RELATED TO the compensation of YOUR employees or independent contractors including, without limitation, all time records and payroll records, expense reimbursements, job descriptions, etc., and all contracts with any payroll service company or employee leasing company.

8.     All DOCUMENTS and COMMUNICATIONS RELATED TO any contract or agreement, whether written or oral, between YOU, on the one hand, and any of the DEBTORS, SHAHAN OHANESSIAN, SHOUSHANA OHANESSIAN, NAZARETH OHANESSIAN or any affiliates, insiders or relatives of the foregoing, on the other hand.

9.     All DOCUMENTS evidencing any dividend distributions, equity distributions, compensation, expense reimbursements, payments or other transfers to any of the DEBTORS, SHAHAN OHANESSIAN, SHOUSHANA OHANESSIAN, NAZARETH OHANESSIAN or any affiliates, insiders or relatives of the foregoing.

10.     All DOCUMENTS and COMMUNICATIONS RELATED TO any lease agreement for either real property or personal property to which YOU are a party.

11.     All DOCUMENTS and COMMUNICATIONS RELATED TO any insurance policy of any nature or kind for which YOU have been or are the insured, beneficiary or loss payee.

12.     All DOCUMENTS, including any registration records or certificates of title, and COMMUNICATIONS RELATED TO any vehicles, commercial coaches, recreational motor vehicles, vessels, air and water craft, mobile homes or manufactured homes, owned or leased by YOU.

13.     All DOCUMENTS and COMMUNICATIONS RELATED TO the purchase of fuel for any of the vehicles that YOU own or lease.

14.     All DOCUMENTS and COMMUNICATIONS RELATED TO any utility services

29

1    provided to YOU.

2        15.    All DOCUMENTS and COMMUNICATIONS RELATED TO any loans or any

3    other financial accommodation obtained by YOU or obtained for YOUR benefit.

4        16.    All DOCUMENTS and COMMUNICATIONS RELATED TO any debts or

5    obligations owed by YOU to either any of the DEBTORS, SHAHAN OHANESSIAN,

6    SHOUSHANA OHANESSIAN, NAZARETH OHANESSIAN or any affiliates, insiders or

7    relatives of the foregoing.

8        17.    All DOCUMENTS and COMMUNICATIONS RELATED TO any debts or

9    obligations owed to YOU by either any of the DEBTORS, SHAHAN OHANESSIAN,

10    SHOUSHANA OHANESSIAN, NAZARETH OHANESSIAN or any affiliates, insiders or

11    relatives of the foregoing.

12        18.    All DOCUMENTS and COMMUNICATIONS RELATED TO any security

13    interest granted by YOU to any PERSON within the seven year period prior to the DEBTORS'

14    April 30, 2019 petition date.

15        19.    All DOCUMENTS and COMMUNICATIONS RELATED TO any transfer, sale,

16    lease, loan, hypothecation or encumbrance of any item of real or personal property in which YOU

17    have or had an interest and transferred said interest, in whole or in part, to a third party or parties.

18        20.    All DOCUMENTS and COMMUNICATIONS RELATED TO any stocks, bonds,

19    securities, chattel paper, or negotiable documents of title owned by YOU, in which YOU have or

20    had an interest or from which YOU derived a benefit.

21        21.    All DOCUMENTS and COMMUNICATIONS RELATED TO any transaction

22    between YOU and either any of the DEBTORS, SHAHAN OHANESSIAN, SHOUSHANA

23    OHANESSIAN, NAZARETH OHANESSIAN or any affiliates, insiders or relatives of the

24    foregoing, Next Gen Financial, GTS Source LLC, Chrome Cap, Palm Funding, LLC or HOP

25    Capital.

26        22.    All DOCUMENTS and COMMUNICATIONS RELATED TO any transfer,

27    payment, or distribution made by YOU to any of the DEBTORS, SHAHAN OHANESSIAN,

28    SHOUSHANA OHANESSIAN, NAZARETH OHANESSIAN or any affiliates, insiders or

30

relatives of the foregoing, Next Gen Financial, GTS Source LLC, Chrome Cap, Palm Funding, LLC or HOP Capital within the 7 year period prior to the DEBTORS' April 30, 2019 petition date.

23.    All DOCUMENTS and COMMUNICATIONS RELATED TO any payments made to any of the DEBTORS, SHAHAN OHANESSIAN, SHOUSHANA OHANESSIAN, NAZARETH OHANESSIAN or any affiliates, insiders or relatives of the foregoing.

24.    All DOCUMENTS and COMMUNICATIONS referenced in the March 15, 2017 report from the DEBTORS' Chief Financial Officer, a copy of which is attached hereto as **Exhibit 1**.

31

**HILLAIR CAPITAL MANAGEMENT'S OMNIBUS MOTION FOR ENTRY OF ORDER AUTHORIZING
EXAMINATIONS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

BN 36359829V4

1  **EXHIBIT B-3**

2  **[SCOOBUR, LLC]**

3  **SUPPLEMENTAL DEFINITION**

4      1.    "YOU" or "YOUR" means the responding party, SCOOBUR, its agents,

5  representatives, accountants, attorneys, any predecessor in interest, and/or any other PERSON

6  acting on its behalf.

7  **RELEVANT TIME PERIOD**

8      Unless otherwise stated, each of the following requests for documents to be produce seeks

9  DOCUMENTS and COMMUNICATIONS from January 1, 2015 through present.

10  **DOCUMENTS TO BE PRODUCED**

11      1.    All DOCUMENTS and COMMUNICATIONS RELATED TO any deposit

12  account, checking account, savings account, money market account, certificate of deposit,

13  pension fund, retirement account or any other type of account at any financial institution or any

14  credit union in which YOU have either a legal or a beneficial interest.

15      2.    ALL DOCUMENTS and COMMUNICATIONS RELATED TO any safe-deposit

16  boxes to which YOU have access, either directly or indirectly, or which contain property

17  belonging to YOU or which is under YOUR control.

18      3.    All DOCUMENTS and COMMUNICATIONS RELATED TO any transfer,

19  deposit, or payment (whether by check, wire transfer, ACH transfer, or otherwise) into any

20  account in which YOU hold either a legal or beneficial interest.

21      4.    All DOCUMENTS and COMMUNICATIONS RELATED TO any transfer,

22  deposit, or payment (whether by check, wire transfer, ACH transfer, or otherwise) from any

23  account in which YOU hold either a legal or beneficial interest.

24      5.    All DOCUMENTS and COMMUNICATIONS RELATED TO any credit card

25  account or debit card account administered at any financial institution or any credit union in

26  which YOU have either a legal or a beneficial interest.

27      6.    All DOCUMENTS and COMMUNICATIONS RELATED TO related to YOUR

28  financial performance including, without limitation, any balance sheet, income statement,

**HILLAIR CAPITAL MANAGEMENT'S OMNIBUS MOTION FOR ENTRY OF ORDER AUTHORIZING
EXAMINATIONS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

BN 36359829V4

statement of cash flow, statement of shareholder equity, financial projections, general ledgers, accounts receivable schedules, accounts payable schedules, inventory schedules, charts of account, and supporting documents or schedules RELATED TO the foregoing categories that were either prepared by YOU or prepared for YOU by any third party.

7.    All DOCUMENTS and COMMUNICATIONS RELATED TO the compensation of YOUR employees or independent contractors including, without limitation, all time records and payroll records, expense reimbursements, job descriptions, etc., and all contracts with any payroll service company or employee leasing company.

8.    All DOCUMENTS and COMMUNICATIONS RELATED TO any contract or agreement, whether written or oral, between YOU, on the one hand, and any of the DEBTORS, SHAHAN OHANESSIAN, SHOUSHANA OHANESSIAN, NAZARETH OHANESSIAN or any affiliates, insiders or relatives of the foregoing, on the other hand.

9.    All DOCUMENTS evidencing any dividend distributions, equity distributions, compensation, expense reimbursements, payments or other transfers to any of the DEBTORS, SHAHAN OHANESSIAN, SHOUSHANA OHANESSIAN, NAZARETH OHANESSIAN or any affiliates, insiders or relatives of the foregoing.

10.    All DOCUMENTS and COMMUNICATIONS RELATED TO any lease agreement for either real property or personal property to which YOU are a party.

11.    All DOCUMENTS and COMMUNICATIONS RELATED TO any insurance policy of any nature or kind for which YOU have been or are the insured, beneficiary or loss payee.

12.    All DOCUMENTS, including any registration records or certificates of title, and COMMUNICATIONS RELATED TO any vehicles, commercial coaches, recreational motor vehicles, vessels, air and water craft, mobile homes or manufactured homes, owned or leased by YOU.

13.    All DOCUMENTS and COMMUNICATIONS RELATED TO the purchase of fuel for any of the vehicles that YOU own or lease.

14.    All DOCUMENTS and COMMUNICATIONS RELATED TO any utility services

33

1    provided to YOU.

2         15.    All DOCUMENTS and COMMUNICATIONS RELATED TO any loans or any

3    other financial accommodation obtained by YOU or obtained for YOUR benefit.

4         16.    All DOCUMENTS and COMMUNICATIONS RELATED TO any debts or

5    obligations owed by YOU to either any of the DEBTORS, SHAHAN OHANESSIAN,

6    SHOUSHANA OHANESSIAN, NAZARETH OHANESSIAN or any affiliates, insiders or

7    relatives of the foregoing.

8         17.    All DOCUMENTS and COMMUNICATIONS RELATED TO any debts or

9    obligations owed to YOU by either any of the DEBTORS, SHAHAN OHANESSIAN,

10   SHOUSHANA OHANESSIAN, NAZARETH OHANESSIAN or any affiliates, insiders or

11   relatives of the foregoing.

12        18.    All DOCUMENTS and COMMUNICATIONS RELATED TO any security

13   interest granted by YOU to any PERSON within the seven year period prior to the DEBTORS'

14   April 30, 2019 petition date.

15        19.    All DOCUMENTS and COMMUNICATIONS RELATED TO any transfer, sale,

16   lease, loan, hypothecation or encumbrance of any item of real or personal property in which YOU

17   have or had an interest and transferred said interest, in whole or in part, to a third party or parties.

18        20.    All DOCUMENTS and COMMUNICATIONS RELATED TO any stocks, bonds,

19   securities, chattel paper, or negotiable documents of title owned by YOU, in which YOU have or

20   had an interest or from which YOU derived a benefit.

21        21.    All DOCUMENTS and COMMUNICATIONS RELATED TO any transaction

22   between YOU and either any of the DEBTORS, SHAHAN OHANESSIAN, SHOUSHANA

23   OHANESSIAN, NAZARETH OHANESSIAN or any affiliates, insiders or relatives of the

24   foregoing, Next Gen Financial, GTS Source LLC, Chrome Cap, Palm Funding, LLC or HOP

25   Capital.

26        22.    All DOCUMENTS and COMMUNICATIONS RELATED TO any transfer,

27   payment, or distribution made by YOU to any of the DEBTORS, SHAHAN OHANESSIAN,

28   SHOUSHANA OHANESSIAN, NAZARETH OHANESSIAN or any affiliates, insiders or

34

**HILLAIR CAPITAL MANAGEMENT'S OMNIBUS MOTION FOR ENTRY OF ORDER AUTHORIZING
EXAMINATIONS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

BN 36359829V4

relatives of the foregoing, Next Gen Financial, GTS Source LLC, Chrome Cap, Palm Funding, LLC or HOP Capital within the 7 year period prior to the DEBTORS' April 30, 2019 petition date.

23.    All DOCUMENTS and COMMUNICATIONS RELATED TO any payments made to any of the DEBTORS, SHAHAN OHANESSIAN, SHOUSHANA OHANESSIAN, NAZARETH OHANESSIAN or any affiliates, insiders or relatives of the foregoing.

24.    All DOCUMENTS and COMMUNICATIONS referenced in the March 15, 2017 report from the DEBTORS' Chief Financial Officer, a copy of which is attached hereto as **Exhibit 1**.

BN 36359829V4

**EXHIBIT B-4**

**[SCOOBEEZ DELIVERIES, INC.]**

**SUPPLEMENTAL DEFINITION**

1.    "YOU" or "YOUR" means the responding party, SCOOBEEZ DELIVERIES, its agents, representatives, accountants, attorneys, any predecessor in interest, and/or any other PERSON acting on its behalf.

**RELEVANT TIME PERIOD**

Unless otherwise stated, each of the following requests for documents to be produce seeks DOCUMENTS and COMMUNICATIONS from January 1, 2015 through present.

**DOCUMENTS TO BE PRODUCED**

1.    All DOCUMENTS and COMMUNICATIONS RELATED TO any deposit account, checking account, savings account, money market account, certificate of deposit, pension fund, retirement account or any other type of account at any financial institution or any credit union in which YOU have either a legal or a beneficial interest.

2.    ALL DOCUMENTS and COMMUNICATIONS RELATED TO any safe-deposit boxes to which YOU have access, either directly or indirectly, or which contain property belonging to YOU or which is under YOUR control.

3.    All DOCUMENTS and COMMUNICATIONS RELATED TO any transfer, deposit, or payment (whether by check, wire transfer, ACH transfer, or otherwise) into any account in which YOU hold either a legal or beneficial interest.

4.    All DOCUMENTS and COMMUNICATIONS RELATED TO any transfer, deposit, or payment (whether by check, wire transfer, ACH transfer, or otherwise) from any account in which YOU hold either a legal or beneficial interest.

5.    All DOCUMENTS and COMMUNICATIONS RELATED TO any credit card account or debit card account administered at any financial institution or any credit union in which YOU have either a legal or a beneficial interest.

6.    All DOCUMENTS and COMMUNICATIONS RELATED TO related to YOUR financial performance including, without limitation, any balance sheet, income statement,

36

**HILLAIR CAPITAL MANAGEMENT'S OMNIBUS MOTION FOR ENTRY OF ORDER AUTHORIZING
EXAMINATIONS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

BN 36359829V4

statement of cash flow, statement of shareholder equity, financial projections, general ledgers, accounts receivable schedules, accounts payable schedules, inventory schedules, charts of account, and supporting documents or schedules RELATED TO the foregoing categories that were either prepared by YOU or prepared for YOU by any third party.

7.     All DOCUMENTS and COMMUNICATIONS RELATED TO the compensation of YOUR employees or independent contractors including, without limitation, all time records and payroll records, expense reimbursements, job descriptions, etc., and all contracts with any payroll service company or employee leasing company.

8.     All DOCUMENTS and COMMUNICATIONS RELATED TO any contract or agreement, whether written or oral, between YOU, on the one hand, and any of the DEBTORS, SHAHAN OHANESSIAN, SHOUSHANA OHANESSIAN, NAZARETH OHANESSIAN or any affiliates, insiders or relatives of the foregoing, on the other hand.

9.     All DOCUMENTS evidencing any dividend distributions, equity distributions, compensation, expense reimbursements, payments or other transfers to any of the DEBTORS, SHAHAN OHANESSIAN, SHOUSHANA OHANESSIAN, NAZARETH OHANESSIAN or any affiliates, insiders or relatives of the foregoing.

10.    All DOCUMENTS and COMMUNICATIONS RELATED TO any lease agreement for either real property or personal property to which YOU are a party.

11.    All DOCUMENTS and COMMUNICATIONS RELATED TO any insurance policy of any nature or kind for which YOU have been or are the insured, beneficiary or loss payee.

12.    All DOCUMENTS, including any registration records or certificates of title, and COMMUNICATIONS RELATED TO any vehicles, commercial coaches, recreational motor vehicles, vessels, air and water craft, mobile homes or manufactured homes, owned or leased by YOU.

13.    All DOCUMENTS and COMMUNICATIONS RELATED TO the purchase of fuel for any of the vehicles that YOU own or lease.

14.    All DOCUMENTS and COMMUNICATIONS RELATED TO any utility services

37

1   provided to YOU.

2        15.   All DOCUMENTS and COMMUNICATIONS RELATED TO any loans or any

3   other financial accommodation obtained by YOU or obtained for YOUR benefit.

4        16.   All DOCUMENTS and COMMUNICATIONS RELATED TO any debts or

5   obligations owed by YOU to either any of the DEBTORS, SHAHAN OHANESSIAN,

6   SHOUSHANA OHANESSIAN, NAZARETH OHANESSIAN or any affiliates, insiders or

7   relatives of the foregoing.

8        17.   All DOCUMENTS and COMMUNICATIONS RELATED TO any debts or

9   obligations owed to YOU by either any of the DEBTORS, SHAHAN OHANESSIAN,

10   SHOUSHANA OHANESSIAN, NAZARETH OHANESSIAN or any affiliates, insiders or

11   relatives of the foregoing.

12        18.   All DOCUMENTS and COMMUNICATIONS RELATED TO any security

13   interest granted by YOU to any PERSON within the seven year period prior to the DEBTORS'

14   April 30, 2019 petition date.

15        19.   All DOCUMENTS and COMMUNICATIONS RELATED TO any transfer, sale,

16   lease, loan, hypothecation or encumbrance of any item of real or personal property in which YOU

17   have or had an interest and transferred said interest, in whole or in part, to a third party or parties.

18        20.   All DOCUMENTS and COMMUNICATIONS RELATED TO any stocks, bonds,

19   securities, chattel paper, or negotiable documents of title owned by YOU, in which YOU have or

20   had an interest or from which YOU derived a benefit.

21        21.   All DOCUMENTS and COMMUNICATIONS RELATED TO any transaction

22   between YOU and either any of the DEBTORS, SHAHAN OHANESSIAN, SHOUSHANA

23   OHANESSIAN, NAZARETH OHANESSIAN or any affiliates, insiders or relatives of the

24   foregoing, Next Gen Financial, GTS Source LLC, Chrome Cap, Palm Funding, LLC or HOP

25   Capital.

26        22.   All DOCUMENTS and COMMUNICATIONS RELATED TO any transfer,

27   payment, or distribution made by YOU to any of the DEBTORS, SHAHAN OHANESSIAN,

28   SHOUSHANA OHANESSIAN, NAZARETH OHANESSIAN or any affiliates, insiders or

**HILLAIR CAPITAL MANAGEMENT'S OMNIBUS MOTION FOR ENTRY OF ORDER AUTHORIZING
EXAMINATIONS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

BN 36359829V4

relatives of the foregoing, Next Gen Financial, GTS Source LLC, Chrome Cap, Palm Funding, LLC or HOP Capital within the 7 year period prior to the DEBTORS' April 30, 2019 petition date.

23.    All DOCUMENTS and COMMUNICATIONS RELATED TO any payments made to any of the DEBTORS, SHAHAN OHANESSIAN, SHOUSHANA OHANESSIAN, NAZARETH OHANESSIAN or any affiliates, insiders or relatives of the foregoing.

24.    All DOCUMENTS and COMMUNICATIONS referenced in the March 15, 2017 report from the DEBTORS' Chief Financial Officer, a copy of which is attached hereto as **Exhibit 1**.

BN 36359829V4

**EXHIBIT B-5**

**[SHAHAN OHANESSIAN]**

**SUPPLEMENTAL DEFINITION**

1.    "YOU" or "YOUR" means the responding party, SHAHAN OHANESSIAN, YOUR agents, representatives, accountants, attorneys, any predecessor in interest, and/or any other PERSON acting on YOUR behalf.

**RELEVANT TIME PERIOD**

Unless otherwise stated, each of the following requests for documents to be produce seeks DOCUMENTS and COMMUNICATIONS from January 1, 2015 through present.

**DOCUMENTS TO BE PRODUCED**

1.    All DOCUMENTS and COMMUNICATIONS that evidence the existence of any assets to which YOU claim a legal or beneficial interest.

2.    All DOCUMENTS and COMMUNICATIONS that evidence the existence of any obligation that YOU owe to any party.

3.    All DOCUMENTS and COMMUNICATIONS RELATED TO any deposit account, checking account, savings account, money market account, certificate of deposit, pension fund, retirement account or any other type of account at any financial institution or any credit union in which YOU have either a legal or a beneficial interest.

4.    ALL DOCUMENTS and COMMUNICATIONS RELATED TO any safe-deposit boxes to which YOU have access, either directly or indirectly, or which contain property belonging to YOU or which is under YOUR control.

5.    All DOCUMENTS and COMMUNICATIONS RELATED TO any transfer, deposit, or payment (whether by check, wire transfer, ACH transfer, or otherwise) into any account in which YOU hold either a legal or beneficial interest.

6.    All DOCUMENTS and COMMUNICATIONS RELATED TO any transfer, deposit, or payment (whether by check, wire transfer, ACH transfer, or otherwise) from any account in which YOU hold either a legal or beneficial interest.

7.    All DOCUMENTS and COMMUNICATIONS RELATED TO any credit card

40

1 account or debit card account administered at any financial institution or any credit union in

2 which YOU have either a legal or a beneficial interest.

3        8.     All DOCUMENTS and COMMUNICATIONS RELATED TO related to YOUR

4 financial performance including, without limitation, any balance sheet, income statement,

5 statement of cash flow, statement of shareholders' equity, financial projections, general ledgers,

6 accounts receivable schedules, accounts payable schedules, inventory schedules, charts of

7 account, and supporting documents or schedules RELATED TO the foregoing categories that

8 were either prepared by YOU or prepared for YOU by any third party.

9        9.     All DOCUMENTS and COMMUNICATIONS RELATED TO any contract or

10 agreement, whether written or oral, between YOU, on the one hand, and SCOOBEEZ,

11 SCOOBEEZ GLOBAL, SCOOBUR, SCOOBEEZ DELIVERIES, or any other party affiliated

12 with the foregoing.

13       10.    All DOCUMENTS evidencing any dividend distributions, equity distributions,

14 compensation, expense reimbursements, payments or other transfers that YOU have received

15 from any entity in which YOU have or had a legal or beneficial interest.

16       11.    All DOCUMENTS and COMMUNICATIONS RELATING TO any employment

17 or independent contractor agreements that YOU and either SCOOBEEZ, SCOOBEEZ,

18 GLOBAL, SCOOBUR, or SCOOBEEZ DELIVERIES have entered into.

19       12.    All DOCUMENTS and COMMUNICATIONS RELATED TO any lease

20 agreement for either real property or personal property to which YOU are a party.

21       13.    All DOCUMENTS and COMMUNICATIONS RELATED TO any insurance

22 policy of any nature or kind for which YOU have been or are the insured, beneficiary or loss

23 payee.

24       14.    All DOCUMENTS, including any registration records or certificates of title, and

25 COMMUNICATIONS RELATED TO any vehicles, commercial coaches, recreational motor

26 vehicles, vessels, air and water craft, mobile homes or manufactured homes, owned or leased by

27 YOU.

28       15.    All DOCUMENTS and COMMUNICATIONS RELATED TO any loans or any

41

1    other financial accommodation obtained by YOU or obtained for YOUR benefit.

2        16.    All DOCUMENTS and COMMUNICATIONS RELATED TO any debts or

3    obligations owed by YOU to either any of the DEBTORS, SHOUSHANA OHANESSIAN, or

4    NAZARETH OHANESSIAN or any affiliates, insiders or relatives of the foregoing.

5        17.    All DOCUMENTS and COMMUNICATIONS RELATED TO any debts or

6    obligations owed to YOU by either any of the DEBTORS, SHOUSHANA OHANESSIAN, or

7    NAZARETH OHANESSIAN or any affiliates, insiders or relatives of the foregoing.

8        18.    All DOCUMENTS and COMMUNICATIONS RELATED TO any transfer, sale,

9    lease, loan, hypothecation or encumbrance of any item of real or personal property in which YOU

10    have or had an interest and transferred said interest, in whole or in part, to a third party or parties.

11        19.    All DOCUMENTS and COMMUNICATIONS RELATED TO any stocks, bonds,

12    securities, chattel paper, or negotiable documents of title owned by YOU, in which YOU have or

13    had an interest or from which YOU derived a benefit.

14        20.    All DOCUMENTS and COMMUNICATIONS RELATED TO any transaction

15    between YOU and either any of the DEBTORS, SCOOBEEZ DELIVERIES, SHOUSHANA

16    OHANESSIAN, NAZARETH OHANESSIAN or any affiliates, insiders or relatives of the

17    foregoing, Next Gen Financial, GTS Source LLC, Chrome Cap, Palm Funding, LLC or HOP

18    Capital.

19        21.    All DOCUMENTS and COMMUNICATIONS RELATED TO any transfer,

20    payment, or distribution made by YOU to any of the DEBTORS, SCOOBEEZ DELIVERIES,

21    SHOUSHANA OHANESSIAN, NAZARETH OHANESSIAN or any affiliates, insiders or

22    relatives of the foregoing, Next Gen Financial, GTS Source LLC, Chrome Cap, Palm Funding,

23    LLC or HOP Capital within the 7 year period prior to the DEBTORS' April 30, 2019 petition

24    date.

25        22.    All DOCUMENTS and COMMUNICATIONS referenced in the March 15, 2017

26    report from the DEBTORS' Chief Financial Officer, a copy of which is attached hereto as

27    **Exhibit 1**.

28

42

**HILLAIR CAPITAL MANAGEMENT'S OMNIBUS MOTION FOR ENTRY OF ORDER AUTHORIZING
EXAMINATIONS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

BN 36359829V4

**EXHIBIT B-6**

**[SHOUSHANA OHANESSIAN]**

**SUPPLEMENTAL DEFINITION**

1.    "YOU" or "YOUR" means the responding party, SHOUSHANA OHANESSIAN, YOUR agents, representatives, accountants, attorneys, any predecessor in interest, and/or any other PERSON acting on YOUR behalf.

**RELEVANT TIME PERIOD**

Unless otherwise stated, each of the following requests for documents to be produce seeks DOCUMENTS and COMMUNICATIONS from January 1, 2015 through present.

**DOCUMENTS TO BE PRODUCED**

1.    All DOCUMENTS and COMMUNICATIONS that evidence the existence of any assets to which YOU claim a legal or beneficial interest.

2.    All DOCUMENTS and COMMUNICATIONS that evidence the existence of any obligation that YOU owe to any party.

3.    All DOCUMENTS and COMMUNICATIONS RELATED TO any deposit account, checking account, savings account, money market account, certificate of deposit, pension fund, retirement account or any other type of account at any financial institution or any credit union in which YOU have either a legal or a beneficial interest.

4.    ALL DOCUMENTS and COMMUNICATIONS RELATED TO any safe-deposit boxes to which YOU have access, either directly or indirectly, or which contain property belonging to YOU or which is under YOUR control.

5.    All DOCUMENTS and COMMUNICATIONS RELATED TO any transfer, deposit, or payment (whether by check, wire transfer, ACH transfer, or otherwise) into any account in which YOU hold either a legal or beneficial interest.

6.    All DOCUMENTS and COMMUNICATIONS RELATED TO any transfer, deposit, or payment (whether by check, wire transfer, ACH transfer, or otherwise) from any account in which YOU hold either a legal or beneficial interest.

7.    All DOCUMENTS and COMMUNICATIONS RELATED TO any credit card

43

account or debit card account administered at any financial institution or any credit union in which YOU have either a legal or a beneficial interest.

8.    All DOCUMENTS and COMMUNICATIONS RELATED TO related to YOUR financial performance including, without limitation, any balance sheet, income statement, statement of cash flow, statement of shareholders' equity, financial projections, general ledgers, accounts receivable schedules, accounts payable schedules, inventory schedules, charts of account, and supporting documents or schedules RELATED TO the foregoing categories that were either prepared by YOU or prepared for YOU by any third party.

9.    All DOCUMENTS and COMMUNICATIONS RELATED TO any contract or agreement, whether written or oral, between YOU, on the one hand, and SCOOBEEZ, SCOOBEEZ GLOBAL, SCOOBUR, SCOOBEEZ DELIVERIES, or any other party affiliated with the foregoing.

10.    All DOCUMENTS evidencing any dividend distributions, equity distributions, compensation, expense reimbursements, payments or other transfers that YOU have received from any entity in which YOU have or had a legal or beneficial interest.

11.    All DOCUMENTS and COMMUNICATIONS RELATING TO any employment or independent contractor agreements that YOU and either SCOOBEEZ, SCOOBEEZ, GLOBAL, SCOOBUR, or SCOOBEEZ DELIVERIES have entered into.

12.    All DOCUMENTS and COMMUNICATIONS RELATED TO any lease agreement for either real property or personal property to which YOU are a party.

13.    All DOCUMENTS and COMMUNICATIONS RELATED TO any insurance policy of any nature or kind for which YOU have been or are the insured, beneficiary or loss payee.

14.    All DOCUMENTS, including any registration records or certificates of title, and COMMUNICATIONS RELATED TO any vehicles, commercial coaches, recreational motor vehicles, vessels, air and water craft, mobile homes or manufactured homes, owned or leased by YOU.

15.    All DOCUMENTS and COMMUNICATIONS RELATED TO any loans or any

44

other financial accommodation obtained by YOU or obtained for YOUR benefit.

16.    All DOCUMENTS and COMMUNICATIONS RELATED TO any debts or obligations owed by YOU to either any of the DEBTORS, SHAHAN OHANESSIAN, or NAZARETH OHANESSIAN or any affiliates, insiders or relatives of the foregoing.

17.    All DOCUMENTS and COMMUNICATIONS RELATED TO any debts or obligations owed to YOU by either any of the DEBTORS, SHAHAN OHANESSIAN, or NAZARETH OHANESSIAN or any affiliates, insiders or relatives of the foregoing.

18.    All DOCUMENTS and COMMUNICATIONS RELATED TO any transfer, sale, lease, loan, hypothecation or encumbrance of any item of real or personal property in which YOU have or had an interest and transferred said interest, in whole or in part, to a third party or parties.

19.    All DOCUMENTS and COMMUNICATIONS RELATED TO any stocks, bonds, securities, chattel paper, or negotiable documents of title owned by YOU, in which YOU have or had an interest or from which YOU derived a benefit.

20.    All DOCUMENTS and COMMUNICATIONS RELATED TO any transaction between YOU and either any of the DEBTORS, SCOOBEEZ DELIVERIES, SHAHAN OHANESSIAN, NAZARETH OHANESSIAN or any affiliates, insiders or relatives of the foregoing, Next Gen Financial, GTS Source LLC, Chrome Cap, Palm Funding, LLC or HOP Capital.

21.    All DOCUMENTS and COMMUNICATIONS RELATED TO any transfer, payment, or distribution made by YOU to any of the DEBTORS, SCOOBEEZ DELIVERIES, SHAHAN OHANESSIAN, NAZARETH OHANESSIAN or any affiliates, insiders or relatives of the foregoing, Next Gen Financial, GTS Source LLC, Chrome Cap, Palm Funding, LLC or HOP Capital within the 7 year period prior to the DEBTORS' April 30, 2019 petition date.

22.    All DOCUMENTS and COMMUNICATIONS referenced in the March 15, 2017 report from the DEBTORS' Chief Financial Officer, a copy of which is attached hereto as **Exhibit 1**.

BN 36359829V4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT B-7**

**[NAZARETH OHANESSIAN]**

**SUPPLEMENTAL DEFINITION**

1.    "YOU" or "YOUR" means the responding party, NAZARETH OHANESSIAN, YOUR agents, representatives, accountants, attorneys, any predecessor in interest, and/or any other PERSON acting on YOUR behalf.

**RELEVANT TIME PERIOD**

Unless otherwise stated, each of the following requests for documents to be produce seeks DOCUMENTS and COMMUNICATIONS from January 1, 2015 through present.

**DOCUMENTS TO BE PRODUCED**

1.    All DOCUMENTS and COMMUNICATIONS that evidence the existence of any assets to which YOU claim a legal or beneficial interest.

2.    All DOCUMENTS and COMMUNICATIONS that evidence the existence of any obligation that YOU owe to any party.

3.    All DOCUMENTS and COMMUNICATIONS RELATED TO any deposit account, checking account, savings account, money market account, certificate of deposit, pension fund, retirement account or any other type of account at any financial institution or any credit union in which YOU have either a legal or a beneficial interest.

4.    ALL DOCUMENTS and COMMUNICATIONS RELATED TO any safe-deposit boxes to which YOU have access, either directly or indirectly, or which contain property belonging to YOU or which is under YOUR control.

5.    All DOCUMENTS and COMMUNICATIONS RELATED TO any transfer, deposit, or payment (whether by check, wire transfer, ACH transfer, or otherwise) into any account in which YOU hold either a legal or beneficial interest.

6.    All DOCUMENTS and COMMUNICATIONS RELATED TO any transfer, deposit, or payment (whether by check, wire transfer, ACH transfer, or otherwise) from any account in which YOU hold either a legal or beneficial interest.

7.    All DOCUMENTS and COMMUNICATIONS RELATED TO any credit card

46

**HILLAIR CAPITAL MANAGEMENT'S OMNIBUS MOTION FOR ENTRY OF ORDER AUTHORIZING
EXAMINATIONS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

BN 36359829V4

account or debit card account administered at any financial institution or any credit union in which YOU have either a legal or a beneficial interest.

8.    All DOCUMENTS and COMMUNICATIONS RELATED TO related to YOUR financial performance including, without limitation, any balance sheet, income statement, statement of cash flow, statement of shareholders' equity, financial projections, general ledgers, accounts receivable schedules, accounts payable schedules, inventory schedules, charts of account, and supporting documents or schedules RELATED TO the foregoing categories that were either prepared by YOU or prepared for YOU by any third party.

9.    All DOCUMENTS and COMMUNICATIONS RELATED TO any contract or agreement, whether written or oral, between YOU, on the one hand, and SCOOBEEZ, SCOOBEEZ GLOBAL, SCOOBUR, SCOOBEEZ DELIVERIES, or any other party affiliated with the foregoing.

10.    All DOCUMENTS evidencing any dividend distributions, equity distributions, compensation, expense reimbursements, payments or other transfers that YOU have received from any entity in which YOU have or had a legal or beneficial interest.

11.    All DOCUMENTS and COMMUNICATIONS RELATING TO any employment or independent contractor agreements that YOU and either SCOOBEEZ, SCOOBEEZ, GLOBAL, SCOOBUR, or SCOOBEEZ DELIVERIES have entered into.

12.    All DOCUMENTS and COMMUNICATIONS RELATED TO any lease agreement for either real property or personal property to which YOU are a party.

13.    All DOCUMENTS and COMMUNICATIONS RELATED TO any insurance policy of any nature or kind for which YOU have been or are the insured, beneficiary or loss payee.

14.    All DOCUMENTS, including any registration records or certificates of title, and COMMUNICATIONS RELATED TO any vehicles, commercial coaches, recreational motor vehicles, vessels, air and water craft, mobile homes or manufactured homes, owned or leased by YOU.

15.    All DOCUMENTS and COMMUNICATIONS RELATED TO any loans or any

47

1    other financial accommodation obtained by YOU or obtained for YOUR benefit.

2        16.    All DOCUMENTS and COMMUNICATIONS RELATED TO any debts or

3    obligations owed by YOU to either any of the DEBTORS, SHAHAN OHANESSIAN, or

4    SHOUSHONA OHANESSIAN or any affiliates, insiders or relatives of the foregoing.

5        17.    All DOCUMENTS and COMMUNICATIONS RELATED TO any debts or

6    obligations owed to YOU by either any of the DEBTORS, SHAHAN OHANESSIAN, or

7    SHOUSHONA OHANESSIAN or any affiliates, insiders or relatives of the foregoing.

8        18.    All DOCUMENTS and COMMUNICATIONS RELATED TO any transfer, sale,

9    lease, loan, hypothecation or encumbrance of any item of real or personal property in which YOU

10   have or had an interest and transferred said interest, in whole or in part, to a third party or parties.

11       19.    All DOCUMENTS and COMMUNICATIONS RELATED TO any stocks, bonds,

12   securities, chattel paper, or negotiable documents of title owned by YOU, in which YOU have or

13   had an interest or from which YOU derived a benefit.

14       20.    All DOCUMENTS and COMMUNICATIONS RELATED TO any transaction

15   between YOU and either any of the DEBTORS, SCOOBEEZ DELIVERIES, SHAHAN

16   OHANESSIAN, SHOUSHONA OHANESSIAN or any affiliates, insiders or relatives of the

17   foregoing, Next Gen Financial, GTS Source LLC, Chrome Cap, Palm Funding, LLC or HOP

18   Capital.

19       21.    All DOCUMENTS and COMMUNICATIONS RELATED TO any transfer,

20   payment, or distribution made by YOU to any of the DEBTORS, SCOOBEEZ DELIVERIES,

21   SHAHAN OHANESSIAN, SHOUSHONA OHANESSIAN or any affiliates, insiders or relatives

22   of the foregoing, Next Gen Financial, GTS Source LLC, Chrome Cap, Palm Funding, LLC or

23   HOP Capital within the 7 year period prior to the DEBTORS' April 30, 2019 petition date.

24       22.    All DOCUMENTS and COMMUNICATIONS referenced in the March 15, 2017

25   report from the DEBTORS' Chief Financial Officer, a copy of which is attached hereto as

26   **Exhibit 1**.

27

28

BN 36359829V4

# EXHIBIT B-8

## [NEXT GEN FINANCIAL, INC.]

## SUPPLEMENTAL DEFINITION

1.    "YOU" or "YOUR" means the responding party, Next Gen Finnacial, its agents, representatives, accountants, attorneys, any predecessor in interest, and/or any other PERSON acting on its behalf.

## RELEVANT TIME PERIOD

Unless otherwise stated, each of the following requests for documents to be produce seeks DOCUMENTS and COMMUNICATIONS from January 1, 2015 through present.

## DOCUMENTS TO BE PRODUCED

1.    All DOCUMENTS and COMMUNICATIONS RELATED TO any agreement between YOU and any of the following:  SCOOBEEZ, SCOOBEEZ GLOBAL, SCOOBUR, SCOOBEEZ DELIVERIES, SHAHAN OHANESSIAN, SHOUSHANA OHANESSIAN or NAZARETH OHANESSIAN.

2.    All DOCUMENTS and COMMUNICATIONS RELATED TO any loan or any other financial accommodation provided by YOU to any of the following:  SCOOBEEZ, SCOOBEEZ GLOBAL, SCOOBUR, SCOOBEEZ DELIVERIES, SHAHAN OHANESSIAN, SHOUSHANA OHANESSIAN or NAZARETH OHANESSIAN.

3.    All DOCUMENTS and COMMUNICATIONS RELATED TO any transfer, deposit, or payment (whether by check, wire transfer, ACH transfer, or otherwise) made by YOU to any of the following:  SCOOBEEZ, SCOOBEEZ GLOBAL, SCOOBUR, SCOOBEEZ DELIVERIES, SHAHAN OHANESSIAN, SHOUSHANA OHANESSIAN or NAZARETH OHANESSIAN.

4.    All DOCUMENTS and COMMUNICATIONS RELATED TO any transfer, deposit, or payment (whether by check, wire transfer, ACH transfer, or otherwise) received by YOU from any of the following:  SCOOBEEZ, SCOOBEEZ GLOBAL, SCOOBUR, SCOOBEEZ DELIVERIES, SHAHAN OHANESSIAN, SHOUSHANA OHANESSIAN or NAZARETH OHANESSIAN.

49

5.      All DOCUMENTS and COMMUNICATIONS RELATED TO any security interest provided by YOU from any of the following:  SCOOBEEZ, SCOOBEEZ GLOBAL, SCOOBUR, SCOOBEEZ DELIVERIES, SHAHAN OHANESSIAN, SHOUSHANA OHANESSIAN or NAZARETH OHANESSIAN.

6.      All DOCUMENTS and COMMUNICATIONS RELATED TO any accounts receivable sold to YOU by any of the following:  SCOOBEEZ, SCOOBEEZ GLOBAL, SCOOBUR, SCOOBEEZ DELIVERIES, SHAHAN OHANESSIAN, SHOUSHANA OHANESSIAN or NAZARETH OHANESSIAN.

50

HILLAIR CAPITAL MANAGEMENT'S OMNIBUS MOTION FOR ENTRY OF ORDER AUTHORIZING
EXAMINATIONS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004

BN 36359829V4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
BUCHALTER, 1000 Wilshire Blvd, Suite 1500, Los Angeles, CA 90017

A true and correct copy of the foregoing document entitled (*specify*) **HILLAIR CAPITAL MANAGEMENT, LLC'S NOTICE OF MOTION AND OMNIBUS MOTION FOR ENTRY OF ORDER AUTHORIZING EXAMINATIONS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) May 10, 2019_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Alvin Mar    alvin.mar@usdoj.gov
- Ashley M McDow    amcdow@foley.com, sgaeta@foley.com;Ffarivar@foley.com;swilson@foley.com
- Rejoy Nalkara    rejoy.nalkara@americaninfosource.com
- Anthony J Napolitano    anapolitano@buchalter.com, IFS_filing@buchalter.com;salarcon@buchalter.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) May 10, 2019_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) May 10, 2019, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

VIA COURIER
Presiding Judge
Hon. Julia W. Brand
U.S. Bankruptcy Court – Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1382
Los Angeles, CA 90012

| May 10, 2019 | Sandra I. Alarcon | /s/ Sandra I. Alarcon |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**VIA OVERNIGHT MAIL:**

Debtor
Scoobeez, Inc.
3463 Foothill Blvd.
Glendale, CA 91214

Debtor
*Debtor*
Scoobeez Global, Inc.
3463 Foothill Blvd.
Glendale, CA 91214

Debtor
Scoobur LLC
3463 Foothill Blvd.
Glendale, CA 91214

U.S.Trustee's Counsel
Alvin Mar
915 Wilshire Boulevard, Ste 1850
Los Angeles, CA 90017

Debtor's Counsel
Ashley M McDow
Foley & Lardner LLP
555 South Flower Street
Suite 3300
Los Angeles, CA 90071

U.S. Trustee
U.S. Trustee
United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017

**EXAMINEES:**

Nex Gen Financial
c/o David Neale, Esq.
Levene, Neale, Bender, Yoo & Brill LLP
10250 Constellation Blvd. Suite 1700
Los Angeles, CA  90067

Scoobeez, Inc.
Attn:  Scott A. Sheikh, Esq., Agent for Service of Process
396 S. Pasadena Avenue Pasadena, California 91105

Scoobeez Global, Inc.
Attn:  Incorp Services, Inc., Agent for Service of Process
1310 S. Vista Avenue, Suite 27
Boise, ID  83705

Scoobur, LLC
Attn:  Agent for Service of Process
1814 Flower Street
Glendale, CA 91201

Scoobeez Deliveries, Inc.
Attn:  George Voskanian, Agent for Service of Process
12710 Oxnard Street
North Hollywood, CA 91606

Shahan Ohanessian
c/o Scoobeez, Inc.
3463 Foothill Blvd.
Glendale, CA 91214

Shoushana Ohanessian
c/o Scoobeez, Inc.
3463 Foothill Blvd.
Glendale, CA 91214

Nazareth Ohanessian
c/o Scoobeez, Inc.
3463 Foothill Blvd.
Glendale, CA 91214

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**