Ashley M. McDow (245114)
**FOLEY & LARDNER LLP**
555 S. Flower St., Suite 3300
Los Angeles, CA 90071
Telephone: 213.972.4500
Facsimile: 213.486.0065
Email: amcdow@foley.com

[Proposed] Attorneys for Debtors and Debtors in Possession, Scoobeez, Scoobeez Global, Inc. and Scoobur, LLC

**FILED & ENTERED**

**MAY 15 2019**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY kaaumoan DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>SCOOBEEZ, *et al.*[1]<br><br>Debtors and Debtors in Possession.<br><br>Affects:<br><br>■ All Debtors<br><br>☐ Scoobeez, ONLY<br><br>☐ Scoobeez Global, Inc., ONLY<br><br>☐ Scoober LLC, ONLY | Case Nos.: 2:19-bk-14989; 2:19-bk-14991; 2:19-bk-14997<br><br>Chapter 11<br><br>**ORDER GRANTING IN PART AND DENYING IN PART THE DEBTORS' *EMERGENCY* MOTION FOR ORDER AUTHORIZING (1) THE PAYMENT OF PREPETITION WAGES, (2) THE CONTINUATION OF EMPLOYEE PROGRAMS POSTPETITION, (3) THE WITHHOLDING AND PAYMENT OF PAYROLL RELATED TAXES, AND (4) THE PAYMENT OF PREPETITION CLAIMS RELATING TO EMPLOYEE PROGRAMS**<br><br>Hearing:<br>Date: May 1, 2019<br>Time: 3:00 p.m.<br>Place: Courtroom 1375<br>U.S. Bankruptcy Court<br>255 East Temple Street<br>Los Angeles, CA 90012 |

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Scoobeez (6339); Scoobeez Global, Inc. (9779); and Scoobur, LLC (0343). The Debtors' address is 3463 Foothill Boulevard, Glendale, California 91214.

ORDER GRANTING EMERGENCY MOTION TO AUTHORIZE PAYMENT OF PREPETITION WAGES

4827-7446-9525.3

On May 1, 2019, the *Emergency Motion for Order Authorizing (1) the Payment of Prepetition Wages, (2) the Continuation of Employee Programs Postpetition, (3) the Withholding and Payment of Payroll Related Taxes, and (4) the Payment of Prepetition Claims Relating to Employee Programs* (the "Motion") filed by Scoobeez, Scoobeez Global, Inc., and Scoobur, LLC, the debtors and debtors in possession (the "Debtors") in the above-captioned bankruptcy cases (the "Bankruptcy Cases"), came on for hearing in the above-referenced court, the Honorable Julia W. Brand presiding. Appearances were made as stated on the record.

Having reviewed and considered the Motion and all pleadings and papers filed in support thereof, having heard and considered the arguments of counsel made at the hearing, having found that notice of the Motion was adequate and appropriate under the circumstances and that no further notice need be given, and finding good cause appearing therefor,

IT IS HEREBY ORDERED that:

1. The Motion is granted in part and denied in part pursuant subject to the provisions of this order;

2. In connection with the submission of a supplemental declaration attaching a payroll report itemizing the wage-related expenses to be paid on a per employee basis (Docket No. 24), the Debtors are authorized, but not required, to pay, continue, or otherwise honor the pre-petition payroll obligations of non-insider employees (the "Employees") in an amount not to exceed $12,850.00 for each of the Employees and including premiums due for worker's compensation and employer and employee federal, state and local tax obligations in amount not to exceed a total of nine hundred fifty thousand dollars and zero cents ($950,000.00) in the aggregate (collectively, the "Prepetition Obligations");

3. The Debtors are authorized to pay and/or withhold for any and all local, state, and federal withholding and payroll-related or similar taxes related to the Prepetition Obligations;

4. In connection with the submission of itemized receipts, the Debtors are authorized to pay any and all reasonable unreimbursed business expenses of the Employees;

5. To the extent the Debtors need to use cash collateral to pay the Prepetition Obligations, the Debtors are authorized to do so subject to the conditions set forth in the *Order Regarding Debtors' Emergency Motion for Entry of Interim Order: (1) Authorizing Use of Cash Collateral on an Interim Basis and (2) Granting Related Relief* as entered by the Court;

6. All applicable banks and other financial institutions are authorized and directed to receive, process, honor, and pay all checks presented for payment and to honor all electronic payment requests made by the Debtors relating to the foregoing, but only with respect to payroll, payroll taxes, workers' compensation premiums and employee reimbursable expenses;

7. As none of the Prepetition Obligations constitute "sales commission" to be paid to any independent contractor rendering services to the Debtors, a declaration under §507(a)(4)(B) is not necessary; and

8. The fourteen-day stay period under Bankruptcy Rule 6004(h) is hereby waived.

IT IS SO ORDERED.

### #

Date: May 15, 2019

*Julia W. Brand*
Julia W. Brand
United States Bankruptcy Judge