1    STEVEN M. SPECTOR (SBN: 51623)
     sspector@buchalter.com
2    ANTHONY J. NAPOLITANO (SBN: 227691)
     anapolitano@buchalter.com
3    BUCHALTER, A Professional Corporation
     1000 Wilshire Boulevard, Suite 1500
4    Los Angeles, CA 90017-2457
     Telephone: (213) 891-0700
5    Facsimile:: (213) 896-0400

6    ADAM H. FRIEDMAN (pro hac vice to be filed)
     afriedman@olshanlaw.com
7    OLSHAN FROME WOLOSKY LLP
     1325 Avenue of the Americas
8    New York, NY 10019
     Telephone: (212) 451-2216
9    Facsimile: (212) 451-2222

10   Attorneys for secured creditor
     Hillair Capital Management, LLC

11

## UNITED STATES BANKRUPTCY COURT

12

## CENTRAL DISTRICT OF CALIFORNIA

13

## LOS ANGELES DIVISION

14

| | |
|---|---|
| In re | Lead Case No. 2:19-bk-14989-WB |
| SCOOBEEZ, INC., et al. | Chapter 11 |
|            Debtors and Debtors in Possession. | (Jointly Administered with Case Nos. 2:19-bk-14991; 2:19-bk-14997) |
| Affects: | **HILLAIR CAPITAL MANAGEMENT, LLC'S NOTICE OF MOTION AND MOTION TO APPROVE TERMS OF PROPOSED STIPULATION FOR INTERIM USE OF CASH COLLATERAL** |
| ☒    All Debtors | |
| ☐    SCOOBEEZ, INC., only | **Hearing:** |
| ☐    SCOOBEEZ GLOBAL, INC. only | Date:      June 6, 2019 |
| ☐    SCOOBUR, LLC only | Time:      10:00 a.m. |
| | Place:    U.S. Bankruptcy Court |
| |           Courtroom 1375 |
| |           255 East Temple Street |
| |           Los Angeles, CA 90012 |

15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TO THE HONORABLE JULIA BRAND, UNITED STATES BANKRUPTCY JUDGE, THE DEBTORS, THEIR COUNSEL AND ALL PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE THAT** Hillair Capital Management LLC and its affiliates (collectively, "Hillair"), senior secured creditor of Scoobeez, Inc., a California corporation, debtor in the above-captioned chapter 11 bankruptcy case ("Scoobeez"), and its affiliated debtors, Scoobeez Global, Inc., an Idaho corporation (formerly known as ABT Holdings, Inc.) ("Scoobeez Global") and Scoobur, LLC, a California limited liability company ("Scoobur") (collectively, the "Debtors"), hereby move the Court (the "Motion") for entry of an order approving the terms of the *[Proposed] Stipulation for (1) Authorization to Use Cash Collateral; and (2) Appointment of Chief Restructuring Officer* (the "Proposed Stipulation").

**PLEASE TAKE FURTHER NOTICE THAT** the Proposed Stipulation between Hillair and the Debtors governs the Debtors' proposed use of Hillair's cash collateral in exchange for (1) the payment of $40,000 per week to Hillair in adequate protection, (2) the granting of post-petition liens in substantially all of the Debtors' and the Debtors' bankruptcy estates ("Estates") assets and administrative claims to Hillair, (3) the acknowledgment of the validity and the enforceability of Hillair's secured claims and liens, (4) the waiver of certain rights of the Debtors and their Estates against Hillair and (5) the requirement of the Debtors to provide various reports to Hillair.  A copy of the Proposed Stipulation is attached hereto as **Exhibit 1** and sets forth the precise terms of the agreement on the useage of cash collateral.

**PLEASE TAKE FURTHER NOTICE THAT** the Court has set a continued hearing on the Debtors' continued use of cash collateral for June 6, 2019 at 10:00 a.m. in Courtroom 1375 in the above-captioned court located at 255 East Temple Street, Los Angeles, CA 90012.

**PLEASE TAKE FURTHER NOTICE THAT** under Local Bankruptcy Rule 9013-1(f), any objection to the relief sought in this Motion or to the terms of the Proposed Stipulation must be filed with the Court and served on counsel for Hillair and counsel for the Debtors not less than 14 days before the hearing on the Motion and the Proposed Stipulation.  The Debtors reserve the right to file an objection to the Motion and the terms of the Proposed Stipulation.  If any objection is not filed and served strictly as prescribed herein, the objecting party may be barred from

1    objecting to the Motion and the Proposed Stipulation Disclosure Statement and may not be heard

2    at the hearing.

3         **PLEASE TAKE FINAL NOTICE THAT** this Motion and the Proposed Stipulation is

4    based on the Debtors' prior motions seeking authorization to use cash collateral [Docket Nos. 13

5    and 29], Hillair's opposition and supporting documentation filed with respect to the Debtors' cash

6    collateral motions [Docket Nos. 3, 16, 45, 46, and 47], the Court's prior orders granting interim

7    use of cash collateral [Docket No. 52], the records on file with the Court in this above-captioned

8    case and such other evidence as may be presented to the Court at a subsequent hearing.  The

9    foregoing Docket entries are on file with the Court and may be examined by interested parties by

10   accessing the Court's Electronic Case Filing System which can be located through

11   http://www.cacb.uscourts.gov/.  In addition, copies of the foregoing may be obtained upon written

12   request to counsel for Hillair at the address listed on the top-left corner of the first page of this

13   Motion.

14   DATED:  May 16, 2019             BUCHALTER, a Professional Corporation

15

16                        By____*/s/ Anthony J. Napolitano*_____
                              STEVEN M. SPECTOR

17                            ANTHONY J. NAPOLITANO

18                        Attorneys for secured creditor
                          HILLAIR CAPITAL MANAGEMENT, LLC

19

20

21

22

23

24

25

26

27

28

**HILLAIR CAPITAL MANAGEMENT, LLC'S MOTION TO APPROVE TERMS OF
PROPOSED STIPULATION FOR INTERIM USE OF CASH COLLATERAL**

BN 36489560V1

## MEMORANDUM OF POINTS AND AUTHORITIES

Hillair Capital Management LLC and its affiliates (collectively, "Hillair"), senior secured creditor of Scoobeez, Inc., a California corporation, debtor in the above-captioned chapter 11 bankruptcy case ("Scoobeez"), and its affiliated debtors, Scoobeez Global, Inc., an Idaho corporation (formerly known as ABT Holdings, Inc.) ("Scoobeez Global") and Scoobur, LLC, a California limited liability company ("Scoobur") (collectively, the "Debtors"), respectfully submits this memorandum of points and authorities in support of its Motion to Approve Terms of Proposed Stipulation for Interim Use of Cash Collateral.

## I.

## INTRODUCTION

The Debtors have been authorized previously to use Hillair's cash collateral pursuant to a a stipulation between the Debtors and Hillair and interim orders of this Court.  At the prior cash collateral hearing, the Court set a continued hearing date of June 6, 2019 in order to provide sufficient notice to any interested party of the terms of the *[Proposed] Stipulation for (1) Authorization to Use Cash Collateral; and (2) Appointment of Chief Restructuring Officer* (the "Proposed Stipulation"), a copy of which of is attached hereto as Exhibit 1.  The Court has afforded any interested party an opportunity to review, comment on or object to the Proposed Stipulation as certain provisions are binding upon the Debtors and the Debtors' Estates.

The Proposed Stipulation between Hillair and the Debtors governs the Debtors' proposed use of Hillair's cash collateral in exchange for (1) the payment of $40,000 per week to Hillair in adequate protection, (2) the granting of post-petition liens in substantially all of the Debtors' and the Debtors' bankruptcy estates ("Estates") assets and administrative claims to Hillair, (3) the acknowledgment of the validity and the enforceability of Hillair's secured claims and liens, (4) the waiver of certain rights of the Debtors and their Estates against Hillair and (5) the requirement of the Debtors to provide various reports to Hillair.

While Hillair and the Debtors have agreed to a number of the provisions set forth in the Proposed Stipulation, the filing of this Motion is without prejudice to either party addressing any further additional open issues prior to the hearing on the Motion.

3

## II.

## BACKGROUND

A.    **Hillair provides Scoobeez Global with $8.5 million of financing to fund the Debtors' business operations.**

On October 7, 2016, Scoobeez Global and Hillair entered into that certain Securities Purchase Agreement (the "First SPA"). A true and complete copy of the First SPA is attached as **Exhibit 1** to the previously filed Declaration of Sean M. McAvoy [Docket No. 47] (the "McAvoy Decl."). Under the First SPA, Scoobeez Global issued to Hillair its 8% Senior Secured Convertible Debenture Due October 1, 2018 in the principal sum of $5,800,000 due on October 1, 2018 (the "First Debenture"). A true and complete copy of the First Debenture is attached as **Exhibit 2** to the McAvoy Decl. On January 30, 2017, Scoobeez Global and Hillair entered into that certain Securities Purchase Agreement (the "Second SPA"). A true and complete copy of the Second SPA is attached as **Exhibit 3** to the McAvoy Decl. Under the Second SPA, Scoobeez Global issued to Hillair its 8% Senior Secured Convertible Debenture Due January 1, 2019 in the principal sum of $8,584,000 (the "Second Debenture") due on or before January 1, 2019 (the "Maturity Date"). A true and complete copy of the Second Debenture is attached as **Exhibit 4** to the McAvoy Decl. The Second Debenture includes the obligations of Scoobeez Global to Hillair due under the First Debenture. McAvoy Decl., ¶ 9.

On October 7, 2016, the Debtors entered into that certain Subsidiary Guarantee in favor of Hillair. A true and complete copy of the Subsidiary Guarantee is attached as **Exhibit 5** to the McAvoy Decl. Under the Subsidiary Guarantee, Scoobeez and Scoobur, jointly and severally, unconditionally guaranteed the repayment of Scoobeez Global's obligations to Hillair. McAvoy Decl., ¶ 10. To secure repayment of all obligations owing to Hillair, on October 7, 2016, the Debtors, jointly and severally, executed a Security Agreement. A true and complete copy of the Security Agreement is attached as **Exhibit 6** to the McAvoy Decl. The Security Agreement granted Hillair a security interest in substantially <u>all</u> of the assets of the Debtors, including accounts receivable and the proceeds thereof. McAvoy Decl., ¶ 11. Hillair duly perfected its security interest in the assets by filing UCC-1 financing statements as follows: (a) as to Scoobeez

4

**HILLAIR CAPITAL MANAGEMENT, LLC'S MOTION TO APPROVE TERMS OF
PROPOSED STIPULATION FOR INTERIM USE OF CASH COLLATERAL**

BN 36489560V1

1  Global, a financing statement was filed with the Idaho Secretary of State on October 11, 2016, as

2  File No. B-2016-1183112-1; (b) as to Scoobeez, a financing statement was filed with the

3  California Secretary of State on October 11, 2016 as File No. 16-7550581531; (c) as to Scoobur,

4  a financing statement was filed with the California Secretary of State on October 11, 2016 as file

5  no. 16-7550581210.  True and complete copies of the UCC-1 Financing Statements are attached

6  collectively as **Exhibit 7** to the McAvoy Decl.

7          **B.     The Debtors have defaulted on their obligations owing to Hillair.**

8          Events of monetary and non-monetary default by the Debtors under both the Second

9  Debenture and the Subsidiary Guarantee have occurred, and continue to occur.  The penultimate

10  default was failure of the Debtors to pay the entire amount due and owing to Hillair under the

11  Second Debenture on the Maturity Date.  McAvoy Decl., ¶ 12.  Other significant defaults include

12  but are not limited to: (i) the incurrence of indebtedness greater than the agreed maximum as

13  referenced in Section 7(a) of the Second Debenture without the prior written consent of Hillair;

14  (ii) the failure to make Periodic Redemption Payments and the failure to pay accrued interest

15  thereon; (iii) the failure to make Quarterly Interest Payments; and (iv) suffering a material

16  adverse change in its financial condition which has impaired its ability to perform under the

17  Second SPA and Second Debenture.  McAvoy Decl., ¶ 13.

18          As a result of the Debtors' failure to pay the obligations owing to Hillair by the Maturity

19  Date, Hillair sent a notice of default and demand for payment to Scoobeez Global (the "Default

20  Letter").  Scoobeez has failed and refused, and continues to fail and refuse, to pay the sums due

21  thereunder or any part thereof.  McAvoy Decl., ¶ 14.  As a result, there is due, owing and unpaid

22  to Hillair by the Debtors the principal sum of $11,153,098, plus accrued and accruing unpaid

23  interest, late charges, and legal fees together with other miscellaneous charges set forth in the

24  Second Debenture.  McAvoy Decl., ¶ 15.

25

26

27

28

# III.

# ARGUMENT

A.    **Hillair, as the Debtors' senior secured creditor, is entitled to adequate protection of its interests.**

Section 363 of the Bankruptcy Code provides that a debtor-in-possession may only use cash collateral with the secured creditor's consent or upon order of the Court.  Protection of a secured lender's interest in collateral is rooted in the Fifth Amendment of the United States Constitution and the secured lender's interest is universally recognized as a property right afforded the highest protection under the law.  *See Wright v. Union Cent. Life Ins. Co.*, 311 U.S. 273 (1940); H.R. Rep. No. 595, 95th Cong., 1st Sess. 339 (1977) ("The concept is derived from the fifth amendment protection of property interests").   "Adequate protection" is intended to safeguard Hillair's constitutional right to have the value of its secured claim, as it existed on the petition date, preserved.  *See United Sav. Ass'n v. Timbers of Inwood Forest Assocs.*, 484 U.S. 365, 370 (1988).; *see also In re Keystone Camera Prods. Corp.*, 126 B.R. 177, 183 (Bankr. D.N.J. 1991) ("A secured creditor has a constitutional right to have the value of its secured claim on the petition date preserved.").

In order to authorize the use of cash collateral without the secured creditor's consent, the Court must make a finding that the secured creditor's interest in the cash collateral is adequately protected.  Section 361 of the Bankruptcy Code provides three non-exclusive means of providing adequate protection.  These alternatives include (i) requiring the debtor to make a cash payment or periodic cash payments to the secured party; (ii) providing an additional or replacement liens to the secured party; or (iii) granting other relief that will result in the indubitable equivalent of the interest in the property.  *See* 11 U.S.C. § 361.  The debtor has the burden of proving the issue of adequate protection.  *See* 11 U.S.C. § 363(p)(1).  If adequate protection cannot be provided, then the use of the cash collateral must be prohibited.  *See In re Megan-Racine Assocs Inc.*, 202 B.R. 660, 663 (Bankr. N.D.N.Y. 1996).

In determining whether a creditor's interest will be adequately protected, the debtor's prior conduct may be a relevant factor.  *In re Colonial Center, Inc.*, 156 B.R. 452, 463 (Bankr.

6

1  E.D. Pa. 1993).  Moreover, "[e]ven in situations where adequate protections are available cash

2  collateral can not be used for a nonbusiness purpose." *In re Plaza Family P'ship*, 95 B.R. 166,

3  174 (E.D. Ca. 1989) (even where there is an equity cushion, the debtor cannot use discharge its

4  duties by using funds for "personal use.").

5  **IV.**

6  **CONCLUSION**

7       Based on the foregoing, Hillair respectfully requests that the Court enter an order

8  approving the terms of the Proposed Stipulation, and grant such other relief as is just and proper.

9  DATED:  May 16, 2019                    BUCHALTER, a Professional Corporation

10

11                                         By   */s/ Anthony J. Napolitano*
                                              STEVEN M. SPECTOR
12                                            ANTHONY J. NAPOLITANO

13                                         Attorneys for secured creditor
                                           HILLAIR CAPITAL MANAGEMENT, LLC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

BN 36489560V1

# EXHIBIT 1

1   STEVEN M. SPECTOR (SBN: 51623)
     sspector@buchalter.com
2   ANTHONY J. NAPOLITANO (SBN: 227691)
     anapolitano@buchalter.com
3   BUCHALTER, A Professional Corporation
   1000 Wilshire Boulevard, Suite 1500
4   Los Angeles, CA 90017-2457
   Telephone: (213) 891-0700
5   Facsimile:: (213) 896-0400

6   ADAM H. FRIEDMAN (pro hac vice to be filed)
     afriedman@olshanlaw.com
7   OLSHAN FROME WOLOSKY LLP
   1325 Avenue of the Americas
8   New York, NY 10019
   Telephone: (212) 451-2216
9   Facsimile: (212) 451-2222

10

11   Attorneys for secured creditor
   HILLAIR CAPITAL MANAGEMENT, LLC

12            **UNITED STATES BANKRUPTCY COURT**

13            **CENTRAL DISTRICT OF CALIFORNIA**

14            **LOS ANGELES DIVISION**

| | |
|---|---|
| In re | Lead Case No. 2:19-bk-14989-WB |
| SCOOBEEZ, INC., et al. | Chapter 11 |
|         Debtors and Debtors<br>        in Possession. | (Jointly Administered with<br>Case Nos. 2:19-bk-14991; 2:19-bk-14997) |
| Affects:<br><br>☒    All Debtors<br><br>☐    SCOOBEEZ, INC., only<br><br>☐    SCOOBEEZ GLOBAL, INC.<br>       only<br><br>☐    SCOOBUR, LLC only | **[PROPOSED] STIPULATION BETWEEN THE DEBTORS AND HILLAIR CAPITAL MANAGEMENT FOR (1) AUTHORIZATION TO USE CASH COLLATERAL ON AN INTERIM BASIS; (2) APPOINTMENT OF A CHIEF RESTRUCTURING OFFICER**<br><br>**Hearing:**<br>Date:      May 14, 2019<br>Time:     2:00 p.m.<br>Place:    U.S. Bankruptcy Court<br>           Courtroom 1375<br>           255 East Temple Street<br>           Los Angeles, CA 90012 |

1

**[PROPOSED] STIPULATION FOR (1) AUTHORIZATION TO USE CASH COLLATERAL; AND (2) APPOINTMENT OF A CHIEF RESTRUCTURING OFFICER**

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 36480565v2

Exhibit 1, Page 000009

**TO THE HONORABLE JULIA BRAND, UNITED STATES BANKRUPTCY JUDGE, THE DEBTORS, THEIR COUNSEL AND ALL PARTIES IN INTEREST:**

Hillair Capital Management LLC and Hillair Capital Advisors LLC, the general partner of Hillair Capital Investments LP (collectively, "Hillair"), on the one hand, and Scoobeez, Inc., a California corporation, debtor in the above-captioned chapter 11 bankruptcy case ("Scoobeez"), and its affiliated debtors, Scoobeez Global, Inc., an Idaho corporation (formerly known as ABT Holdings, Inc.) ("Scoobeez Global") and Scoobur, LLC, a California limited liability company ("Scoobur") (collectively, the "Debtors"), on the other hand, hereby enter into this *Stipulation for (1) Authorization to Use Cash Collateral; and (2) Appointment of Chief Restructuring Officer* as follows.

## RECITALS

### I.        The Debtors' secured obligations to Hillair.

A.        On October 7, 2016, Scoobeez Global and Hillair entered into that certain Securities Purchase Agreement (the "First SPA").  Under the First SPA, Scoobeez Global issued to Hillair its 8% Senior Secured Convertible Debenture Due October 1, 2018 in the principal sum of $5,800,000 due on October 1, 2018 (the "First Debenture").

B.        On January 30, 2017, Scoobeez Global and Hillair entered into that certain Securities Purchase Agreement (the "Second SPA").  Under the Second SPA, Scoobeez Global issued to Hillair its 8% Senior Secured Convertible Debenture Due January 1, 2019 in the principal sum of $8,584,000 (the "Second Debenture") due on or before January 1, 2019 (the "Maturity Date").  The Second Debenture includes the obligations of Scoobeez Global to Hillair due under the First Debenture.

C.        On October 7, 2016, the Debtors entered into that certain Subsidiary Guarantee in favor of Hillair.  Under the Subsidiary Guarantee, Scoobeez and Scoobur, jointly and severally, unconditionally guaranteed the repayment of Scoobeez Global's obligations to Hillair.  To secure repayment of all obligations owing to Hillair, on October 7, 2016, the Debtors, jointly and severally, executed a Security Agreement.

2

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 36480565v2

Exhibit 1, Page 000010

D.     The Security Agreement granted Hillair a security interest in substantially <u>all</u> of the assets of the Debtors, including cash, cash equivalents, accounts receivable and the proceeds thereof.   Hillair duly perfected its security interest in the assets by filing UCC-1 financing statements as follows:  (a) as to Scoobeez Global, a financing statement was filed with the Idaho Secretary of State on October 11, 2016, as File No. B-2016-1183112-1; (b) as to Scoobeez, a financing statement was filed with the California Secretary of State on October 11, 2016 as File No. 16-7550581531; (c) as to Scoobur, a financing statement was filed with the California Secretary of State on October 11, 2016 as file no. 16-7550581210.   The First SPA, the First Debenture, the Second SPA, the Second Debenture, the Subsidiary Guarantee, the Security Agreement and the UCC-1 Financing Statements are collectively referred to herein as the "Loan Documents."

## II.     The Debtors file their chapter 11 bankruptcy cases.

E.     On April 30, 2019 (the "Petition Date"), the Debtors each filed their own voluntary chapter 11 petitions thereby commencing the above-captioned chapter 11 bankruptcy case.   On May 1, 2019, at the hearing on the Debtors' "first-day" motions seeking authorization (1) for the Debtors' interim use of cash collateral [Docket No. 13]; (2) to continue the maintenance of existing bank accounts and cash management systems [Docket No. 7]; and (3) the payment of prepetition wages and continuation of employee programs [Docket No. 8], the Court authorized interim use of cash collateral though May 14, 2019, subject to further briefing and a further hearing on the continued use of cash collateral.

NOW, THEREFORE, based upon the foregoing Recitals, and for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the parties, and the parties hereto intending to be legally bound hereby, by and through their respective attorneys of record, hereby agree and stipulate as follows:

3

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**[PROPOSED] STIPULATION FOR (1) AUTHORIZATION TO USE CASH COLLATERAL;
AND (2) APPOINTMENT OF A CHIEF RESTRUCTURING OFFICER**

Exhibit 1, Page 000011

BN 36480565v2

# AGREEMENT

1.    **Incorporation of Recitals.**

1.1    The Recitals set forth above is incorporated herein by this reference and shall be deemed a material part of this Stipulation.

2.    **Prepetition Obligations and Security Interests.**

2.1    The Debtors, on their own behalf and on behalf of their bankruptcy estates (the "Estates"), admit, stipulate and agree as follows:

(a)    <u>Prepetition Obligations</u>.  As of the Petition Date, the Debtors were obligated to Hillair for the obligations arising under or relating to the prepetition Loan Documents (collectively, the "Prepetition Obligations").    The Prepetition Obligations (1) were fully accelerated, due and payable to Hillair in the aggregate principal amount of not less than $11,153,098.00 and accrued interest in the amount of not less than $370,363.00, plus additional interest, costs, fees and charges recoverable under the documents or by law, (2) constitute legal, valid, binding and enforceable obligations of the Debtors, and (3) are not subject to any objection, offset, avoidance, subordination or other claim or challenge of any nature under the Bankruptcy Code, any other applicable law, contract or otherwise.

(b)    <u>Prepetition Liens and Collateral</u>.  As of the Petition Date, the Prepetition Obligations were secured by certain liens and security interests in favor of Hillair (the "Prepetition Liens").  The Prepetition Liens (a) encumber all of the Debtors' right, title and interest in assets described in the Loan Documents and existing as of the Petition Date including, without limitation, all accounts, equipment, inventory, general intangibles and proceeds, attachments and accessions to the foregoing (as previously defined, the "Collateral"), (b) secure performance of the Prepetition Obligations pursuant to the Loan Documents, (c) constitute legal, valid, enforceable, non-avoidable and duly perfected security interests and liens in and upon the Collateral in favor of Hillair, (d) are not subject to any objection, offset, avoidance, subordination or other claim or challenge of any nature by the Debtors under the Bankruptcy Code, any other applicable law, contract or otherwise, and (e) were granted by the Debtors for fair and sufficient

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**[PROPOSED] STIPULATION FOR (1) AUTHORIZATION TO USE CASH COLLATERAL;
AND (2) APPOINTMENT OF A CHIEF RESTRUCTURING OFFICER**

consideration and reasonably equivalent value, contemporaneously with the making of the loans or commitments to make loans and other financial accommodations secured thereby. Pursuant to the Loan Documents, Hillair has a valid, perfected, and unavoidable security interest in the cash collateral, which includes, at a minimum, all "Cash Collateral" as that term is defined in Section 363(a) (collectively, the "Cash Collateral"). The Collateral includes the Debtors' Cash Collateral.

(c)    No Claims Against Hillair. The Debtors have no valid claims (as such term is defined in section 101(5)) or causes of action against Hillair with respect to the Loan Documents or the Prepetition Obligations, whether arising at law or at equity, including, without limitation, any recharacterization, subordination, avoidance or other claims arising under or pursuant to sections 105, 510, 541 or 542 through 553, inclusive.

3.    **Authorization for Use of Cash Collateral.**

3.1    Request for Use of Cash Collateral. The Debtors have requested the use of the Cash Collateral, and Hillair is willing to consent to such use of Cash Collateral upon the admissions, agreements, terms and conditions contained in this Stipulation and the entry of an order approving this Stipulation.

3.2    Need for Use of Cash Collateral. The Debtors have an immediate need for the use of Cash Collateral in order to permit, among other tasks, the orderly continuation of the operation of their business, to minimize the disruption of their business operations, and to manage and preserve the assets of their estates.

3.3    Authorized Use of Cash Collateral. Subject to the terms and conditions of this Stipulation, the Debtors shall only be entitled to use the Cash Collateral for payment of the following expenses:

(a)    "Authorized Expenses" comprising only the current necessary, reasonable, and ordinary expenses of the Debtors actually incurred after the Petition Date as set forth and not to exceed the amounts set forth in the weekly budget attached hereto as **Exhibit "A"** for the period from May 14, 2019 through June 4, 2019 and incorporated herein by this reference

5

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 36480565v2

Exhibit 1, Page 000013

1   (the "Budget"), subject only to modification by express mutual consent of the parties in writing.

2   The Debtors may not exceed any line item budget amount by a variance of 10% for each category

3   line item in the Budget.  Allowed amounts not paid by the Debtors in each budget category during

4   each week may carry over to the next succeeding week only on a line item by line item basis.

5   The fees and costs for the Debtors' proposed counsel (Foley and Lardner LLP) and the Debtors'

6   proposed financial advisor (Conway MacKenzie LLP) shall be capped at $10,000 and $5,000 per

7   week, respectively, for the period from June 8, 2019 to _____.

8           (b)    An "Emergency Expense" comprising only that expense relating to

9   an emergency which is not an Authorized Expense and for which it is not feasible to provide

10   advance notice to Hillair and for which the Debtors and the Chief Restructuring Officer in good

11   faith believe must be incurred immediately in order to mitigate damage to the Collateral or to

12   avoid (i) possible health and safety concerns, or (ii) damage or harm to the Collateral, not to

13   exceed the amount of $2,500 for any one particular expense.  In each circumstance when the

14   Debtors has paid an Emergency Expense, the Debtors shall advise Hillair as soon as possible but

15   not later than the next business day, in writing by fax, the amount of the expenditure, the nature of

16   the emergency, and the reason that advance approval was not practical.  If Hillair believes that

17   such expenditure or the amount thereof was not warranted under the circumstances, Hillair shall

18   be entitled to an *ex parte* hearing on forty-eight (48) hours' notice regarding termination of this

19   Stipulation, prohibition of any further use of the Cash Collateral by Debtors, and other remedies

20   available to Hillair pursuant to this Stipulation, or by contract or law.

21           3.4    <u>Limitation on the Use of Cash Collateral</u>.  Notwithstanding any other term

22   to the contrary in this Stipulation, the Debtors shall not use the Cash Collateral:

23           (a)    to pay any obligation owed to any party (other than to Hillair) on

24   account of or relating to services and/or product provided prior to the Petition Date,

25   including without limitation, obligations relating to the provision or sale of goods,

26   materials or services, or obligations on account of purchase orders, that were provided by

27   the Debtors prior to the Petition Date;

28

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 36480565v2

**[PROPOSED] STIPULATION FOR (1) AUTHORIZATION TO USE CASH COLLATERAL;
AND (2) APPOINTMENT OF A CHIEF RESTRUCTURING OFFICER**

Exhibit 1, Page 000014

(b) from the sale or disposition of assets of the Debtors outside the ordinary course of business of the Debtors;

(c) to pay to or for the benefit of the Debtors or any principal, shareholder, or insider of the Debtor, any management person or entity retained by the Debtors or the Debtors' estate, whether directly or indirectly, except as expressly approved and agreed in writing by Hillair; or

(d) in connection with any action or proceeding against Hillair.

3.5  Ordinary Course of Business.  Except as otherwise permitted by Court order or as authorized by Hillair, the Debtors shall conduct their business operations in the ordinary course and on ordinary and customary terms consistent with the terms and manner by the Debtors prior to the Petition Date.

3.6  Adequate Protection for Use of Cash Collateral.  As partial adequate protection of Hillair's interest in the Cash Collateral, the Debtors shall pay Hillair the sum of $40,000 per week commencing on May 15, 2019 and payable on each Wednesday thereafter for the period from May 14, 2019 through _____, 2019.  All payments made under this Stipulation shall be made in accordance with the terms expressly set forth in the loan documents and in effect before the Petition Date or as further directed by Hillair.

**4.  Appointment of a Chief Restructuring Officer.**

4.1  The Debtors [have consented] to the appointment of a Chief Restructuring Officer ("CRO"), who is acceptable to Hillair, to oversee the financial and operational functions of the Debtors, and to maintain an oversight role over the administration of the Debtors' bankruptcy cases and their Estates.

4.2  The Debtors agree that (1) all use of Cash Collateral shall be authorized and approved by the CRO.  Hillair shall be permitted to obtain financial reporting directly from the Debtors, the CRO, the Debtors' financial advisors or investment banker, and the Debtors' counsel.  The financial reporting shall include, among other things, financial statements (including balance sheets, income statements and statements of cash flow), budget reports,

7

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**[PROPOSED] STIPULATION FOR (1) AUTHORIZATION TO USE CASH COLLATERAL;
AND (2) APPOINTMENT OF A CHIEF RESTRUCTURING OFFICER**

Exhibit 4, Page 000015

BN 36480565v2

inventory schedules, accounts receivable schedules, accounts payable schedules, pro forma financial statements, bank account statements, payroll reports and any other report respecting the assets, liabilities, financial condition or operation of the Debtors in addition to the reporting specified in Paragraph 8.1 of this Stipulation.

4.3     The Debtors acknowledge and agree that (1) the CRO shall liase with the current interim co-CEOs, George Voskanian and Scott Sheikh, with respect to the operations and management of the Debtors and the administration of the Debtors' bankruptcy cases and their Estates; and (2) the duties and responsibilities of the CRO include the following:

(a)     Review and analyze the Debtors and their financial results, projections, operational data and compliance with the Budget;

(b)     Gain an understanding of the existing contractual arrangements and obligations with customers, advisors/consultants and suppliers;

(c)     Advise the Debtors with regard to the development and implementation of a turnaround and restructuring plan;

(d)     Assist the Debtor in managing key constituents, including communications and meetings with, and requests for information made by, creditor constituents, including secured lenders, vendors, customers and employees;

(e)     Oversee key customer relationships;

(f)     Provide expert testimony, if required and permitted;

(g)     Manage cash forecasting and liquidity management procedures. In particular, assume responsibility and oversight of day-to-day cash management and initiatives to protect, preserve, and enhance liquidity;

(h)     Review and evaluate the go-forward business;

(i)     Conduct a review and analysis of the existing workforce and direct recruitment of new employees, where and if appropriate; and

(j)     Execute on identified cost saving initiatives.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 36480565v2

**[PROPOSED] STIPULATION FOR (1) AUTHORIZATION TO USE CASH COLLATERAL; AND (2) APPOINTMENT OF A CHIEF RESTRUCTURING OFFICER**

Exhibit 1, Page 000016

4.4    The United States Trustee reserves the right to seek entry of a court order terminating the appointment of the CRO for cause shown.

5.    **Post-Petition Replacement Liens.**  As additional adequate protection, the Debtors and their Estates hereby grant Hillair post-petition liens as follows:

5.1    <u>Post-petition Lien Granting</u>.  Hillair shall have and is hereby granted by the Debtors, effective as of the Petition Date, a post-petition security interest and replacement lien pursuant to sections 361 and 363(e) (the "Post-petition Lien") in all present and future, prepetition and post-petition real and personal property assets in which and to the extent the Debtors hold an interest, whether tangible or intangible, including without limitation, all accounts (including post-petition accounts receivable arising post-petition notwithstanding the provisions of Section 552), chattel paper, deposit accounts, documents, documents of title, goods (including all inventory, equipment and fixtures), instruments, investment property (including all certificated and uncertificated securities, securities entitlements, securities accounts, commodity contracts and commodity accounts), letter of credit rights, money, and general intangibles, all supporting obligations and security for any of the foregoing and all proceeds of the foregoing (including all distributions made on account of any of the foregoing, all claims arising from the loss, nonconformity, or interference with the use of, or defects or infringement of rights in, any of the foregoing and any insurance payable by reason of any such loss, nonconformity, interference, defects or infringement), and all rents, issues, profits and proceeds thereof (collectively, the "Post-petition Collateral"), solely to the extent of any post-petition diminution in value of the prepetition assets of the Debtor (the "Prepetition Collateral," and collectively with the Post-petition Collateral, the "Collateral") encumbered by liens and security interests in favor of Hillair securing the Debtors' obligations owed to Hillair; <u>provided</u>, <u>however</u>, with respect to the Debtors' interest in any unexpired lease of real property, the Post-petition Lien shall only extend to the Debtors' rights to the proceeds arising from the assignment, sale, disposition or termination of such lease.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**[PROPOSED] STIPULATION FOR (1) AUTHORIZATION TO USE CASH COLLATERAL; AND (2) APPOINTMENT OF A CHIEF RESTRUCTURING OFFICER**

Exhibit 4, Page 000017

BN 36480565v2

5.2    <u>Post-petition Lien Priority</u>.  The Post-petition Lien shall be senior and have priority over all other liens and interests on and in the Collateral, except that the Post-petition Lien shall be junior only to (a) the Prepetition Lien in favor of Hillair and (b) such other valid, existing, and perfected liens or security interests existing as of the Petition Date with respect to such assets existing as of the Petition Date encumbered by such liens, and to the extent such liens or security interests were senior to the Prepetition Lien in favor of Hillair as of the Petition Date and are not otherwise avoided.

5.3    <u>Automatic Perfection of Post-petition Lien</u>.  The Post-petition Lien shall be granted, attached, perfected and validated by virtue of the Order approving this Stipulation, without any further act required under federal, state, or local law requiring notice, filing, registration, recording, possession or other act to validate or perfect a security interest or lien, including without limitation deposit account control agreements, merchant payment agreements, merchant payment direction letters, cash transport agreements, and such other agreements with any party possessing or asserting an interest in the Collateral (a "Perfection Act").  Notwithstanding the foregoing, if Hillair, in its sole discretion, elects to effectuate a Perfection Act, Hillair is authorized to perform such act, and if requested by Hillair, the Debtors are authorized to perform such act to the extent necessary or required, and in such event, the subject filing or recording office or agency is authorized to accept, file, and/or record any document in regard to such act in accordance with applicable law.  No defect or failure in connection with an attempt to perform a Perfection Act shall limit, waive, or alter the validity, enforceability, attachment, or perfection of the Post-petition Lien by virtue of entry of the Order approving this Stipulation.

5.4    <u>Validity and Perfection of Post-petition Lien</u>.  Upon entry of the Order approving this Stipulation, the Post-petition Lien granted to Hillair by virtue of this Stipulation shall be valid, enforceable and perfected without any further act by Hillair.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**[PROPOSED] STIPULATION FOR (1) AUTHORIZATION TO USE CASH COLLATERAL; AND (2) APPOINTMENT OF A CHIEF RESTRUCTURING OFFICER**

Exhibit 1, Page 000018

6. **Segregation of Cash Collateral.**

6.1    <u>Segregation of the Cash Collateral.</u>    Unless otherwise agreed upon in writing by Hillair, the Cash Collateral shall be collected, received, maintained, and segregated by the Debtors in trust for Hillair.  The Cash Collateral shall be maintained in the accounts separate and apart from any other revenue or property of the Debtors or the Debtors' estates, shall not be commingled or intermingled with any other income or property of the Debtors or the Debtors' estates not constituting the Cash Collateral, and shall not be used except in accordance with the terms and conditions of this Stipulation.

6.2    <u>Segregated Accounts</u>.    The Debtors shall maintain separate debtor in possession accounts (collectively, the "Operating Accounts") for:  (a) operating funds, (b) payroll, and (c) taxes.  All of the funds in each of the Operating Accounts are Cash Collateral.  All cash in the Operating Accounts shall remain Cash Collateral and may only be withdrawn in accordance with this Stipulation and the attached Budget.

7. **Insurance.**

7.1    The Debtors shall maintain and insure the Collateral in sufficient amounts to adequately protect Hillair's interest in such Collateral, and include Hillair as a loss payee in accordance with the requirements of the Loan Documents.  Debtors shall promptly provide in writing evidence of insurance to Hillair.

8. **Reporting Requirements.**

8.1    <u>Periodic Reporting Requirements</u>.    The Debtors shall maintain records adequate and sufficient to account for the Cash Collateral and expenses, and shall make such records available for inspection by Hillair upon 24 hours' notice.  The Debtors shall provide Hillair within five (5) business days from the date of the entry of the order approving this Stipulation a complete accounting of the Cash Collateral and expenses relating to the Collateral from the Petition Date to the date of the entry of the Order approving this Stipulation.  The Debtors shall (i) timely perform all reporting and other requirements of the Office of the United States Trustee, and (ii) provide Hillair with (A) all information and reports as required under the

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**[PROPOSED] STIPULATION FOR (1) AUTHORIZATION TO USE CASH COLLATERAL;
AND (2) APPOINTMENT OF A CHIEF RESTRUCTURING OFFICER**

Exhibit 1, Page 000019

BN 36480565v2

Loan Documents and (B) copies of all documents and papers filed or submitted by the Debtors with the Office of the United States Trustee or with the Court.  The Debtors shall further provide the following periodic reports to Hillair:

(a)    a weekly report delivered on each Wednesday at 2:00 p.m. (Pacific Time) for the immediately prior week (ending on Saturday) reflecting actual receipts and expenditures by line item against those set forth in the approved cash collateral budget for such weekly period;

(b)    on each Wednesday at 2:00 p.m. (Pacific Time), an update to the approved cash collateral budget extending the term of the budget for an additional week to reflect a rolling 13- week budget;

(c)    a current accounts receivable aging covering post-petition receivables (with respect to payments received by the Debtors and entered into the Debtors' financial reporting system), on each Wednesday by 2:00 p.m. (Pacific Time), and current through the immediately prior week (ending on Saturday);

(d)    a current accounts payable aging covering post-petition payables (with respect to payables where invoices have been received by the Debtors and entered into the Debtors' financial reporting system), on each Wednesday by 2:00 p.m. (Pacific Time), and current through the immediately prior week (ending on Saturday);

(e)    monthly financial statements prepared by the Debtors' financial advisor and/or reviewed by the CRO (provided that the fees for the same shall be included in the Budget), and such other reports required to be delivered by the Debtors pursuant to the loan documents with such financial statements being delivered within seven (7) business days following the month end closing;

(f)    monthly bank account statements to be provided to Hillair on the 5th business day following the statement closing date;

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**[PROPOSED] STIPULATION FOR (1) AUTHORIZATION TO USE CASH COLLATERAL; AND (2) APPOINTMENT OF A CHIEF RESTRUCTURING OFFICER**

Exhibit 1, Page 000020

BN 36480565v2

1       (g)     upon request, on each Thursday at 2:00 p.m. (Pacific Time), a written update regarding the operations of the Debtors, including, without limitation, information regarding (i) relationships with key suppliers, carriers and customers since the Petition Date, and (ii) a written update of the Debtors' sales and refinancing efforts including, without limitation, potential lenders, buyers, investors, the status of any negotiations and the and terms contemplated, and the likely time frame; and

       (h)     copies of all periodic reports provided to the U.S. Trustee on the date that such reports are due.

       8.2    <u>Access to Collateral and Records</u>.  Within 48 hours of a request of Hillair, the Debtors shall permit Hillair or an agent of Hillair, reasonable access to any of the Collateral for the purpose of enabling such party to inspect, audit and appraise the Collateral and the Debtors' books and records, and to inspect books and records maintained by any agent of the Debtors at the location that those books and records are maintained.

       9.     **Section 507(b) Priority.**

       9.1    As additional adequate protection, the Debtors, on their own behalf and on behalf of their Estates, hereby agree and acknowledge that, if the protections provided by the liens and security interests under the Loan Documents or this Stipulation are later determined inadequate, Hillair shall have an allowed super priority administrative claim of the kind and priority specified in section 503(b) or 507(b): (1) with priority over all costs and expenses of administration of the bankruptcy case that are incurred under any provision of the Bankruptcy Code, including, without limitation, sections 503(b), 506(c), 507(a), or 522(b); and (2) with the same priority as the Replacement Lien as set forth in this Stipulation.

       10.    **Waiver of Section 506(c) Surcharge.**

       10.1   Based on the authorization of the Debtors' use of the Cash Collateral pursuant to this Stipulation, the Debtors, on behalf of themselves and their Estate, waives their rights and shall not seek to surcharge the Collateral or Hillair under Section 506(c).

13

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 36480565v2

**[PROPOSED] STIPULATION FOR (1) AUTHORIZATION TO USE CASH COLLATERAL;
AND (2) APPOINTMENT OF A CHIEF RESTRUCTURING OFFICER**

Exhibit 1, Page 000021

11.    **Forbearance of Remedies.**

11.1    Providing that there are no defaults hereunder, during the term of this Stipulation, and subject to the terms and conditions hereof, Hillair will forbear from exercising any of Hillair's rights and remedies against the Debtors under the Loan Documents.

12.    **Event of Default.**

12.1    An event of default under this Stipulation (each, a "Default") shall include the following:

(a)    The Debtors' failure to perform or comply with any of the terms, conditions, representations, warranties or covenants of the Loan Documents (except monetary defaults contained therein), this Stipulation, or any other order of the Court;

(b)    Following the entry of the order approving this Stipulation, any material misrepresentation of fact made by any representative of the Debtors to Hillair about the Debtors' business or financial condition or the Collateral;

(c)    The granting in favor of any party other than Hillair of a security interest in or lien upon any property of the Debtors or the Debtors' estate, or a claim against the Debtors having priority over the security interests, liens or claims in favor of Hillair except to the extent that such party had a security interest in or lien upon any property of Debtors on the Petition Date which had priority over the security interests, liens or claims of Hillair existing on Petition Date;

(d)    The Debtors' failure to perform or comply with their obligations under the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure or of the requirements of the Office of the United States Trustee;

(e)    The termination of this Stipulation by its own terms, operation of law, or Court order;

(f)    The dismissal of the Bankruptcy Case;

(g)    The appointment of a trustee or an examiner under the Bankruptcy Code;

14

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**[PROPOSED] STIPULATION FOR (1) AUTHORIZATION TO USE CASH COLLATERAL; AND (2) APPOINTMENT OF A CHIEF RESTRUCTURING OFFICER**

BN 36480565v2

(h)      The conversion of the Bankruptcy Case to a case under another chapter of the Bankruptcy Code;

(i)      Submission by the Debtors of any chapter 11 plan of reorganization inconsistent in any material respect with the terms of this Stipulation;

(j)      Failure of the Debtors to file a disclosure statement and proposed plan within the exclusivity period;

(k)      The stay, modification, amendment, vacating, or reversal of any term herein or Order approving this Stipulation, or any of the rights and acknowledgments conferred hereunder, without the express prior written consent of Hillair.

13.      **Rights and Remedies Upon Default.**

13.1      <u>Effect of Default</u>.      Immediately upon the occurrence of a Default, and subject only to voiding the Default, as set forth in paragraph 13.2, all of the following shall be deemed to have occurred:

(a)      Hillair's consent regarding the Debtors' use of the Cash Collateral pursuant to this Stipulation is terminated without further notice;

(b)      The Debtors shall not use any Cash Collateral for any purpose;

(c)      The Debtors shall not seek authority to use any Cash Collateral;

(d)      The Debtors shall hold in trust for Hillair, and shall segregate, all Cash Collateral in its possession or to come into its possession in the future; and

(e)      Hillair is granted immediate relief from the automatic stay of Section 362 for cause, without any further notice, motion, hearing, or order, to take any action or exercise of any or all rights and remedies available under the Loan Documents, this Stipulation, or applicable law, including (i) the continuation of the state court receivership and (ii) the commencement and completion of a judicial or non-judicial foreclosure under the Loan Documents. The parties specifically waive the provisions of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**[PROPOSED] STIPULATION FOR (1) AUTHORIZATION TO USE CASH COLLATERAL;
AND (2) APPOINTMENT OF A CHIEF RESTRUCTURING OFFICER**

Exhibit 1, Page 000023

BN 36480565v2

13.2    <u>If Default is "Curable."</u>    If the Default is a type that is curable by the Debtors and the Debtors cure the Default within three (3) business days from the date of service of such notice of the Default, the Default is voided, and the Debtors may then be allowed to use Cash Collateral under the terms and conditions set forth in this Stipulation, and as provided in the Budget.

14.    **Cash Collateral Term.**

14.1    The authorization to use the Cash Collateral pursuant to this Stipulation shall terminate as of the earliest of the following (the "Termination Date"):

(a)    June 4, 2019;

(b)    The occurrence of a Default; or

(c)    The occurrence of the Effective Date of a confirmed plan of reorganization.

14.2    Notwithstanding the occurrence of the Termination Date or a Default, this Stipulation may be extended by Hillair and the Debtor by written agreement without further order of this Court.

14.3    The Parties stipulate and agree to a continued cash collateral hearing to occur on _____, 2019 at ___:00 ___.m. in the above-captioned court or to such other date and time as is convenient to the Court.

15.    **No Modification or Stay of the Stipulation or Order.**

15.1    Unless expressly consented to in writing by Hillair, (a) this Stipulation, (b) an Order approving this Stipulation, and (c) the rights and remedies of Hillair under the Loan Documents and this Stipulation, shall not be subject to any stay, modification, alteration, amendment, vacating, or reversal by any order of this Court or other tribunal.

16.    **Power To Waive Rights; Duties To Third Parties.**

16.1    Hillair shall have the right to waive any of the terms, rights, and remedies provided in this Stipulation or the Loan Documents ("Hillair Rights"), and shall have no obligation or duty to any other party with respect to the exercise or enforcement, or failure to

16

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 36480565v2

exercise or enforce any Hillair Rights. Any waiver by Hillair of any Hillair Rights shall not be or constitute a continuing waiver. Hillair's delay in or failure of exercising or enforcing any of Hillair Rights shall neither constitute a waiver of such Hillair Rights, subject Hillair to any liability to any other party, nor cause or enable any other party to rely upon or in any way seek to assert as a defense to any obligations or indebtedness owed to Hillair.

## 17.    **Reservation of Rights.**

17.1    This Stipulation is in addition to and without prejudice to Hillair's right to pursue any and all rights and remedies under the Bankruptcy Code, the Loan Documents, and any other applicable agreement or law, including seeking an order prohibiting or restricting the Debtors' use of cash collateral, granting further or additional relief from the automatic stay, providing for adequate protection, or imposing an injunction, and to object to applications for allowance or payment of compensation of professionals retained pursuant to the Bankruptcy Code.

## 18.    **The Debtors' Acknowledgment.**

18.1    Notwithstanding any other provision of this Stipulation, the Debtors acknowledge and agree that (a) the Obligations are valid and indefeasible obligations of the Debtors and their estate, in accordance with their terms; and (b) the liens and security interests in favor of Hillair with respect to the Collateral, both prepetition and post-petition, including the Cash Collateral, are valid, enforceable, perfected, and unavoidable under the Bankruptcy Code, including Section 552, and any other applicable law. The Obligations shall include all reasonable attorneys' fees and costs incurred by Hillair in connection with the representation of Hillair in all aspects of this matter, including the enforcement of its rights and remedies under the Loan Documents and the representation of Hillair in all aspects of the Bankruptcy Case.

## 19.    **No Action for Purposes of the One Form of Action Rule.**

19.1    The Debtors hereby waive each of the provisions of Code of Civil Procedure Sections 726, 580a, 580b or 580d or other similar law which provide for an election of remedies or an "action" to the extent such law is applicable.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**[PROPOSED] STIPULATION FOR (1) AUTHORIZATION TO USE CASH COLLATERAL;
AND (2) APPOINTMENT OF A CHIEF RESTRUCTURING OFFICER**

BN 36480565v2

20.    **Notice.**

      20.1    When notice is required in this Stipulation, it shall be delivered or served upon the parties as follows:

| | |
|---|---|
| If to Hillair: | Hillair Capital Management, LLC<br>345 Lorton Avenue, Suite 303<br>Burlingame, California 94010 |
| with a copy to counsel for Hillair, which shall not constitute notice hereunder: | Steven M. Spector, Esq.<br>Buchalter, a Professional Corporation<br>1000 Wilshire Boulevard, 15th Floor<br>Los Angeles, California 90017<br>Telephone:  (213) 891-0700<br>Facsimile:   (213) 896-0400 |
| If to the Debtors, as applicable: | Soobeez, Inc.<br>3463 Foothill Boulevard<br>Glendale, California 91214 |
| | Scoobeez Global, Inc.<br>3463 Foothill Boulevard<br>Glendale, California 91214 |
| | Scoobur, LLC<br>3463 Foothill Boulevard<br>Glendale, California 91214 |
| with a copy to counsel for the Debtors, which shall not constitute notice hereunder: | Ashley M. McDow, Esq.<br>Foley & Lardner LLP<br>555 South Flower Street, Suite 3300<br>Los Angeles, CA 90071<br>Telephone:  (213) 972-4500<br>Facsimile:   (213) 486-0065 |

21.    **Dismissal of Bankruptcy Case.**

      21.1    In the event that any of the Debtors' bankruptcy cases are dismissed, the Debtors shall turnover all Cash Collateral then held in its possession to Hillair within five (5) business days from the date that Hillair provides notice of its turnover demand to the parties specified in paragraph 20.  This provision shall survive the termination of this Stipulation, the dismissal of the applicable Bankruptcy Case, and shall be binding on the applicable Debtors and may be enforced under bankruptcy and non-bankruptcy law.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**[PROPOSED] STIPULATION FOR (1) AUTHORIZATION TO USE CASH COLLATERAL;
AND (2) APPOINTMENT OF A CHIEF RESTRUCTURING OFFICER**

BN 36480565v2

Exhibit 1, Page 000026

22. **No Responsible Person Liability.**

22.1    In making decisions or in taking other actions reasonably related to the Debtors' Cash Collateral Motion or this Stipulation, Hillair shall have no liability to any third party including creditors and equity interest holders of the Debtors.  Hillair shall not be deemed to be in control of the operations of the Debtors or to be acting as a "responsible person," "owner" or "operator" with respect to the operation or management of the Debtors.

23. **No Agreement to Provide Financial Accommodation.**

23.1    This Stipulation shall not impose any duty or obligation to provide any financing or financial accommodation to the Debtors, or to any other entity, to collect, sell, lease or otherwise dispose of any of the Collateral, to proceed against any entity, to proceed against or exhaust any security, or to otherwise pursue any of Hillair's Rights.

24. **Access to the Debtors' Books and Records.**

24.1    Hillair shall have full, complete, unqualified and unlimited access to the books and records of the Debtors during normal business hours for the purpose of inspection, photocopying and audit upon 24 hours' notice from Hillair to the Debtors.

25. **Miscellaneous Provisions.**

25.1    <u>Jointly Negotiated Stipulation</u>.    This Stipulation is the product of negotiation among the parties hereto and represents the joint, conceived, bargained for and agreed upon language mutually determined by the parties to express their intentions in entering into this Stipulation.  Any ambiguity or uncertainty herein shall be deemed to be caused by, or attributable to, all parties collectively.   In any action to enforce or interpret this Stipulation, it shall be construed in a neutral manner and no term or condition herein shall be construed more or less favorably to any one party or groups of parties.   Each party will act in good faith in the performance of its obligations hereunder.

25.2    <u>Consent to Entry of Order</u>.  The parties each consent to entry of an order approving this Stipulation.

19

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**[PROPOSED] STIPULATION FOR (1) AUTHORIZATION TO USE CASH COLLATERAL;
AND (2) APPOINTMENT OF A CHIEF RESTRUCTURING OFFICER**

Exhibit 1, Page 000027

BN 36480565v2

25.3 <u>Binding Effect</u>. This Stipulation shall be binding upon Hillair and the Debtors and their respective successors and assigns, including any trustee appointed in this Bankruptcy Case or any subsequently converted bankruptcy case of the Debtors. This Stipulation shall also inure to the benefit of Hillair and the Debtors, and their respective successors and assigns.

25.4 <u>Counterparts</u>. This Stipulation may be executed in counterparts, and such signatures may be by facsimile.

25.5 <u>Time of the Essence</u>. Each of the parties expressly acknowledges and agrees that time is of the essence and that all dates and time periods provided for in this Stipulation are absolute and final.

25.6 <u>Survival of Terms</u>. Notwithstanding any term to the contrary herein with the exception of paragraph 21, the terms and conditions of this Stipulation shall apply only during the term of this Stipulation prior to the Termination Date, provided, however, that the rights and remedies granted Hillair shall survive the term of this Stipulation and Termination Date.

25.7 <u>No Benefit to Non-Parties</u>. This Stipulation is not intended, nor shall it be construed or deemed to confer any rights, powers or privileges on any entity that is not the Debtors or Hillair as express signatories to this Stipulation. Specifically, no benefit is extended to any surety or guarantor of the obligations, and Hillair reserves all of its rights with respect to such non-parties.

25.8 <u>Further Assurances</u>. Debtor is authorized and shall perform all acts and execute and deliver to Bank all agreements, financing statements, instruments or documents as may be reasonably requested by Bank to effectuate the terms of this Stipulation or as contemplated herein.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**[PROPOSED] STIPULATION FOR (1) AUTHORIZATION TO USE CASH COLLATERAL;
AND (2) APPOINTMENT OF A CHIEF RESTRUCTURING OFFICER**

Exhibit 4, Page 000028

BN 36480565v2

1    **IT IS SO STIPULATED:**

2    DATED:                 BUCHALTER, a Professional Corporation

3

4                        By: _____

5                               STEVEN M. SPECTOR
                             ANTHONY J. NAPOLITANO

6                        Attorneys for Secured Creditor Hillair Capital
7                        Management, LLC

8    DATED:                 FOLEY & LARDNER, LLP

9

10

11                        By: _____
                              ASHLEY M. McDOW

12                        Attorneys for the Debtors

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**[PROPOSED] STIPULATION FOR (1) AUTHORIZATION TO USE CASH COLLATERAL;
AND (2) APPOINTMENT OF A CHIEF RESTRUCTURING OFFICER**

BUCHALTER
A Professional Corporation
Los Angeles

BN 36480565v2

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
BUCHALTER, 1000 Wilshire Blvd, Suite 1500, Los Angeles, CA 90017

A true and correct copy of the foregoing document entitled (*specify*) **HILLAIR CAPITAL MANAGEMENT, LLC'S NOTICE OF MOTION AND MOTION TO APPROVE TERMS OF PROPOSED STIPULATION FOR INTERIM USE OF CASH COLLATERAL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) May 16, 2019          , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Alvin Mar    alvin.mar@usdoj.gov
- Ashley M McDow    amcdow@foley.com, sgaeta@foley.com;mhebbeln@foley.com;swilson@foley.com
- Rejoy Nalkara    rejoy.nalkara@americaninfosource.com
- Anthony J Napolitano    anapolitano@buchalter.com, IFS_filing@buchalter.com;salarcon@buchalter.com
- David L. Neale    dln@lnbyb.com
- Gregory M Salvato    gsalvato@salvatolawoffices.com, calendar@salvatolawoffices.com;jboufadel@salvatolawoffices.com;gsalvato@ecf.inforuptcy.com
- Steven M Spector    sspector@buchalter.com, IFS_efiling@buchalter.com;salarcon@buchalter.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) May 16, 2019          , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) May 16, 2019, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

VIA COURIER
Presiding Judge
Hon. Julia W. Brand
U.S. Bankruptcy Court – Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1382
Los Angeles, CA 90012

| May 16, 2019 | Sandra Alarcon | /s/ Sandra Alarcon |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

<u>Debtor</u>
Scoobeez, Inc.
3463 Foothill Blvd.
Glendale, CA 91214

<u>Debtor</u>
Scoobur LLC
3463 Foothill Blvd.
Glendale, CA 91214

Avitus, Inc.
c/o David M. Wagner, Esq.
Crowley Fleck, PLLP
P.O. Box 10969
Bozeman, MT 59719

Emil Davtyan
Davtyan Professional Law Corp.
21900 Burbank Blvd., Suite 300
Woodland Hills, CA 91367

Jassim M. Addal
c/o Law Office of Arash Alizadeh
7545 Irvine Center Drive
Suite 200
Irvine, CA 92618

App Group International, LLC
85 Broad Street, 17th Floor
New York, NY 10004

De'Von Walker
c/o David Yeremian & Associates, In
535 N. Brand Blvd., Suite 705
Glendale, CA 91203

Hop Capital
323 Sunny Isles Blvd., Suite 501
Sunny Isles Beach, FL 33160

Marwan Griffin
c/o Aegis Law Firm, PC
9811 Irvine Center Drive
Suite 100
Irvine, CA 92618

Bernardo Parra
c/o Mancini Law Group, P.C.
7170 W. Grand Avenue
Elmwood Park, IL 60707

GTR Source LLC
1006 Monmouth Ave
Lakewood, NJ 08701

Lockton Companies, LLC
Attn: Nate Mundy, COO
Lockton Insurance Brokres, LLC
725 S. Figueroa, 35th Floor
Los Angeles, CA 90017

Mostafa Joharifard
1651 E. Edinger Ave.
Suite 100
Santa Ana, CA 92705

<u>Debtor</u>
*Debtor*
Scoobeez Global, Inc.
3463 Foothill Blvd.
Glendale, CA 91214

Alissa Guler
c/o Albert G. Stoll, Jr.
55 Francisco Street
Suite 403
San Francisco, CA 94133

CT Corporation System
as Representative
Attn: SPRS
330 N. Brand Blvd., Suite 700
Glendale, CA 91203

Hillair Capital Management LLC
330 Primrose Road
Suite 660
Burlingame, CA 94010

Maria Salgado
c/o Nicholas J. Tsakas, Esq.
4267 Marina City Drive
Suite 512
Marina Del Rey, CA 90292

Azad Baban
c/o Justin Silverman, Esq.
Reisner & King LLP
14724 Ventura Blvd., Suite 1210
Sherman Oaks, CA 91403

Garo and Aroussiak Dekirmendjian
c/o Bulldog Commercial Real Estate
Attn: John Raudsep, President
3634 Woodcliff
Sherman Oaks, CA 91403

LeClairRyan
44 Montgomery Street, Suite 3100
San Francisco, CA 94104

AT&T Corp.
c/o CT Corporation
818 Seventh Street, Suite 930
Los Angeles, CA 90017

Deputy General Counsel
The Hertz Corporation
8501 Williams Rd., 2DO40
Estero, FL 33928

Jacob Lee DeGough
c/o Glenn Law Firm
1017 William D. Tate Ave.
Suite 100
Grapevine, TX 76051

Minas Sarafian
c/o Simonian & Simonian, PLC
144 N. Glendale Ave., #228
Glendale, CA 91206

Pex Cards
462 7th Avenue
21st Floor
New York, NY 10018

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

Raef Lawson
8601 Lincoln Blvd.
Ste. 180-276
Los Angeles, CA 90045

Sean McNair
c/o Hamed Yazdanpanah &
Associates
9454 Wilshire Blvd., 6th Floor
Beverly Hills, CA 90212

Premier Business Bank
700 S. Flower Street, #2000
Los Angeles, CA 90017

The Hertz Corporation
Attn: Casey Rodriguez, Division VP
2 Schoephoester Road
Windsor Locks, CT 06096

Peter Rosenthal Irrevocable Trust
dated 10/31/2012
3450 N. Verdugo Rd.
Glendale, CA 91208

Steve & Millessa Oberhauser
c/o Sanders Bajwa LLP
919 Congress Ave., Suite 750
Austin, TX 78701

Scoobeez SD, LLC
c/o Law Offices of Daniel A. Kaplan
555 W. Beech St., Suite 230
San Diego, CA 92101

Edvin Amzayan,
c/oState of CA Dept. of Industrial Relations
Labor Commission Office
455 Golden Gate Ave., 10th Floor
San Francisco, CA  94102

Imran Firoz
c/o Brent Finch
Brent Finch Law
27200 Agoura Rd., Ste. 102
Agoura Hills, CA  91301

Kirk Davis
c/o Law Offices of Daniel A. Kaplan
555 W. Beech St., Suite 230
San Diego, CA 92101

Nate Mundy, COO
Lockton Companies, LLC-Pacific Seri
Lockton Insurance Brokres, LLC
725 S. Figueroa, 35th Floor
Los Angeles, CA 90017

Roy Castelanos
c/o Employees' Legal Advocates, LLP
811 Wilshire Blvd.
Suite 800
Los Angeles, CA 90017

Salvador Rivas
c/o Law Offices of Daniel A. Kaplan
555 W. Beech St., Suite 230
San Diego, CA 92101

Queen Funding LLC
2221 NE 164 ST
North Miami Beach, FL 33160

Hamed Yazdanpanah & Associates
9454 Wilshire Blvd., 6th Floor
Beverly Hills, CA 90212

Arturo Vega, et. al.
c/o Eric K. Yaeckel
Sullivan Law Group, APC
2330 Third Ave.
San Diego, CA 92101

Enterprise Holdings, Inc.
600 Corporate Park Drive
Saint Louis, MO  63105

NexGen Capital, LLC
c/o David Neale
Levene Neale Bender
10250 Constellation Blvd., #1700
Los Angeles, CA 90067

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**