Ashley M. McDow (245114)
FOLEY & LARDNER LLP
555 S. Flower St., 33rd Floor
Los Angeles, CA 90071
Telephone: 213.972.4500
Facsimile: 213.486.0065
Email: amcdow@foley.com

Proposed Attorneys for Debtors and Debtors in
Possession, SCOOBEEZ, SCOOBEEZ GLOBAL,
INC., and SCOOBUR, LLC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

| | |
|---|---|
| In re:<br><br>SCOOBEEZ, et al.,[1]<br><br>     Debtors and Debtors in Possession. | Lead Case No. 2:19-bk-14989-WB<br><br>Chapter 11<br><br>(Jointly Administered with Case Nos. 2:19-bk-14991-WB; 2:19-bk-14997-WB) |
| Affects:<br><br>■ All Debtors<br><br>☐ Scoobeez, ONLY<br><br>☐ Scoobeez Global, Inc., ONLY<br><br>☐ Scoobur LLC, ONLY | **EMERGENCY MOTION FOR ORDER PURSUANT TO 11 U.S.C. §§ 105(A) AND 366: (I) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE, (II) DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, AND (III) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; AND DECLARATION OF GEORGE VOSKANIAN IN SUPPORT THEREOF**<br><br>Hearing:<br>Date:  May 28, 2019<br>Time:  10:00 a.m.<br>Place:  Courtroom 1375<br>       U.S. Bankruptcy Court<br>       255 East Temple Street<br>       Los Angeles, CA 90012 |

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Scoobeez (6339); Scoobeez Global, Inc. (9779); and Scoobur, LLC (0343). The Debtors' address is 3463 Foothill Boulevard, Glendale, California 91214.

4822-9547-3814.2

**TO THE HONORABLE JULIA W. BRAND, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL OTHER INTERESTED PARTIES:**

The Debtors in the above-captioned cases (the "Debtors"), hereby move (the "Motion") on an emergency basis for entry an order pursuant to sections 105(a) and 366 of title 11 of the United States Code (the "Bankruptcy Code"), providing the following relief: (i) prohibiting the utility providers utilized by the Debtors (collectively, the "Utility Companies" and each individually a "Utility Company") from altering, refusing, or discontinuing service to the Debtors without further order of the Court, (ii) determining adequate assurance of payment for future utility services, and (iii) establishing procedures for determining adequate assurance of payment.  In support of the Motion, the Debtors submit the following Memorandum of Points and Authorities and the Declaration of George Voskanian in Support of the Motion (the "Declaration").[2]

The Debtors request that the relief sought herein be granted on an emergency basis.  The Debtors receive essential Utility Services from various Utility Companies.  At this critical time, uninterrupted Utility Services are essential to the ongoing operations of the Debtors' businesses and to the preservation of the value thereof.  In addition, certainty as to the amount of the deposits will provide the Debtors with much-needed stability at this critical time.  Furthermore, section 366 of the Bankruptcy Code sets forth a short time frame for resolving disputes with Utility Companies and, pursuant to Rule 2081-1(a)(3) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California (the "Local Rules"),[3] the Court is specifically authorized to hear this Motion on an emergency basis.

Wherefore, the Debtors respectfully request that this Court enter an order providing the following relief: (a) entry of an order, the form of which is attached to this Motion as **Exhibit A**; (b) a determination that the Proposed Adequate Assurance constitutes adequate assurance of payment for future utility services as contemplated by sections 366(b) and (c)(3)(A) of the Bankruptcy Code; (c) a prohibition barring the Utility companies from altering, refusing, or discontinuing services to the

---

[2] Capitalized terms not defined herein have the meaning ascribed to them in the Memorandum of Points and Authorities.
[3] Pursuant to Local Rule 9075-1 (a)(3), no separate motion for an expedited hearing is requested.

4822-9547-3814.2

Debtors without further order of this Court; and (d) such other and further relief as the Court deems just and proper.

DATED:  May 16, 2019                    **FOLEY & LARDNER LLP**


/s/Ashley M. McDow
Ashley M. McDow
Proposed Attorneys for Debtors and Debtors in
Possession, SCOOBEEZ, SCOOBEEZ GLOBAL,
INC., and SCOOBUR, LLC

4822-9547-3814.2

# TABLE OF CONTENTS

**Page**

I.    Jurisdiction and Venue .................................................................................................. 1

II.    Relief Requested ............................................................................................................. 1

III.    Statement of Facts ......................................................................................................... 1
    A.    The Debtors and the Chapter 11 Filing ............................................................. 1

    B.    Debtors' Restructuring Efforts and Events Leading to Chapter 11 Filing .......... 2

IV.    The Utility Companies and Proposed Utility Procedures ........................................... 3
    A.    The Utility Companies ........................................................................................ 3

    B.    Adequate Assurance Procedures ........................................................................ 4

V.    The Procedures Outlined in this Motion are Necessary and Appropriate to Prevent
Interruption of Utility Services to the Debtors .......................................................... 6
    A.    The Proposed Utility Deposit Constitutes Adequate Assurance of Future
Performance for the Utility Companies ............................................................. 7

    B.    The Procedures Proposed by the Debtors Properly Balance the  Interests of the
Utility Companies and those of the Debtors ..................................................... 8

VI.    Immediate Relief is Necessary to Avoid Immediate and Irreparable Harm ................ 10

VII.    Notice ........................................................................................................................... 10

VIII.    Conclusion .................................................................................................................. 12

4822-9547-3814.2

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Best Products,*
203 B.R. 51 (Bankr. E.D. Va. 1996) .................................................................8

*In re Crystal Cathedral Ministries,*
454 B.R. 124,131 (Bankr. C.D. Cal. 2011) .......................................................8

*In re Magnesium Corp. of America,*
278 B.R. 698 (Bankr. S.D.N.Y. 2002) ..............................................................8

*In re Pacific Gas & Elec. Co.,*
271 B.R. 626 (N.D. Cal. 2002) .........................................................................8

*In re Penn Jersey Corp.,*
72 B.R. 981 (Bankr. E.D. Pa. 1987) .................................................................8

*In re Steinbach,*
303 B.R. 634 (Bankr. D. Az. 2004) ..................................................................7

**Statutes**

11 U.S.C. § 105(a) ..............................................................................................9,10

11 U.S.C. § 366 ...........................................................1, 5, 6, 7, 8, 9, 10, 11

11 U.S.C. § 366(a) ..............................................................................................6, 7

11 U.S.C. § 366(b) ..............................................................................................7, 12

11 U.S.C. § 366(c) ..............................................................................................6, 7

11 U.S.C. § 366(c)(1)(A)(B) ..............................................................................7

11 U.S.C. § 366(c)(2) ..........................................................................................7

11 U.S.C. § 366(c)(3) ..........................................................................................5, 7

11 U.S.C. § 366(c)(3)(A) ....................................................................................5, 7

11 U.S.C. § 366(c)(3)(B) ....................................................................................7

11 U.S.C. § 366(c)(3)(B)(iii) ..............................................................................7

11 U.S.C. § 1107(a) ............................................................................................2

11 U.S.C. § 1108 .................................................................................................2

28 U.S.C. § 157 ................................................................................................................................1

28 U.S.C. § 157(b)(2) ......................................................................................................................1

28 U.S.C. § 1334 .............................................................................................................................1

28 U.S.C. § 1408 .............................................................................................................................1

28 U.S.C. § 1409 .............................................................................................................................1

**Other Authorities**

2 COLLIER ON BANKRUPTCY ¶ 105.01 (15th rev. ed. 2001) .........................................................10

Fed. R. Bankr. P. 6003 ..................................................................................................................10

Fed. R. Bankr. P. 6004(h) .............................................................................................................10

LBR 9075-1 .....................................................................................................................................2

U.S. Const. art. III ...........................................................................................................................1

4822-9547-3814.2

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.**    <u>**JURISDICTION AND VENUE**</u>

This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). The Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

**II.**    <u>**RELIEF REQUESTED**</u>

The Debtors use a variety of utilities in their daily business operations, including gas, water, trash, electricity, internet, telephone services, and other similar services (collectively, the "<u>Utility Services</u>") from various Utility Companies. A non-exhaustive list of these Utility Companies is attached to this Motion as Exhibit B.[4] Pursuant to section 366 the Bankruptcy Code, the Debtors seek a determination that (a) a deposit to each Utility Company in an amount equal to approximately two weeks of the estimated average monthly cost[5] for services provided to the Debtors by such Utility Company (less any pre-paid amounts) (the "<u>Utility Deposit</u>"), (b) the ability of any Utility Company to obtain an initial hearing on the adequacy of the Utility Deposit, and (c) the ability of any Utility Company to obtain an expedited hearing regarding further adequate assurance if there is a failure to cure a postpetition payment default within twenty-one (21) days after written notice of such default (collectively, the "<u>Proposed Adequate Assurance</u>"), constitute adequate assurance of payment for future utility services.

**III.**    <u>**STATEMENT OF FACTS**</u>

**A.**    <u>**The Debtors and the Chapter 11 Filing**</u>

On April 30, 2019 (the "<u>Petition Date</u>"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central

---

[4] Although the Debtors believe that the list of Utility Companies set forth in Exhibit B hereto is complete, the Debtors reserve the right to supplement such list if it is determined that any Utility Company has been omitted.

[5] The average monthly cost amount was determined by averaging the most recent monthly bills received from each Utility Company over the past 12 months.

1

4822-9547-3814.2

District of California, Los Angeles Division (the "Court").  The Debtors intend to continue in possession of their property and to operate their business as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.  No request for appointment of a Chapter 11 trustee or examiner has been made and, as of the date of this filing, no official committee has been appointed.

## B.    Debtors' Restructuring Efforts and Events Leading to Chapter 11 Filing

The Debtors are a logistics and delivery company headquartered at 3463 Foothill Boulevard, Glendale, California 91214.

Over the past two years, an increasing number of lawsuits have been filed against one or more of the Debtors, including various labor disputes.  Most recently, on or about April 22, 2019, Hillair Capital Management LLC ("Hillair") filed a three-count complaint against the Debtors, alleging breach of contract, breach of guaranty and replevin and delivery, which is currently pending as case number 19GDCV00492 in the Superior Court of the State of California, County of Los Angeles, North Central District (the "Los Angeles Case").  On or about April 24, 2019, Hillair filed an *Ex Parte* Application to Appoint Receiver, Issue Temporary Restraining Order and Set Order to Show Cause Why Receiver Should Not Be Confirmed and Why Preliminary Injunction Should Not Be Issued (the "Ex Parte Application") in the Los Angeles Case.  The hearing on the Ex Parte Application was set for May 1, 2019 at 1:30 p.m.  In addition, within the past 90-120 days, a number of purported creditors have filed UCC-1 financing statements asserting purported liens against substantially all, if not all, of the Debtors' personal property, including but not limited to accounts receivable.

Based on the aforementioned events and circumstances, amongst others, the Debtors began to explore and evaluate potential reorganization strategies aimed towards preserving and strengthening the Debtors' operations.  After significant deliberation by the Debtors in this regard, the Debtors determined, in conjunction with insolvency counsel, that pursing reorganization under chapter 11 of the Bankruptcy Code provided the best option for the Debtors, their customers, and their creditors.

By and through the Bankruptcy Cases, the Debtors intend to restructure their obligations

4822-9547-3814.2

and reorganize their operations in order to maximize revenues and, thus, their ability to pay creditors of the bankruptcy estates through a plan of reorganization. The Debtors have begun to engage in good faith discussions and negotiations with a number of their larger creditors in order to continue to assess the most viable exit strategy. The Debtors have also endeavored to ensure substantial compliance with the guidelines and requirements of the Office of the United States Trustee (the "UST").

## IV. THE UTILITY COMPANIES AND PROPOSED UTILITY PROCEDURES

### A. The Utility Companies

Uninterrupted electricity, gas, telephone, and similar services are essential to the Debtors' ability to continue their operations. Any interruption, however brief, in Utility Services will result in a serious disruption of the Debtors' business. It is critical, therefore, that the Court prohibit the Utility Companies from altering, refusing, or discontinuing service to the Debtors without further order of this Court. The Utility Deposit, if any, for each of the Utility Companies, coupled with the streamlined mechanism for requesting further adequate assurance described in the Motion, will provide adequate assurance of payment to the Utility Companies as well as safeguard the Debtors' ability to continue their operations without disruption. Furthermore, the Debtors expect that they will have sufficient cash to pay the postpetition utility bills as they come due and the Debtors have specifically budgeted for such payments. The Court should therefore grant the relief requested in the Motion in its entirety.

The Debtors receive essential Utility Services from various Utility Companies. *See* Exhibit B attached hereto. Prior to the Petition Date, the Debtors generally timely paid their utility bills. However, the Debtors' bankruptcy filing occurred during the billing cycles, or before recently-received invoices were processed for payment, for many of the Utility Companies. As a result, there are outstanding prepetition amounts owed to many of the Utility Companies for the monthly billing cycle prior to the bankruptcy filing. The Debtors will have adequate available cash to meet all of their necessary postpetition operating expenses on a current basis, including payments to the Utility Companies. The Debtors have specifically included amounts in the Debtors' budget for post-petition payments to Utility Companies, including the payment of the

3

Utility Deposits.

## B.     Adequate Assurance Procedures

The Debtors propose to give each of the Utility Companies a Utility Deposit equal to one-half of the average monthly cost as reflected on Exhibit B hereto, less any prepaid amounts, which reflects approximately two weeks of service for each Utility Company. This calculation was determined by averaging the amounts of the twelve most recently received monthly bills from each Utility Company, and dividing the average by two. The Debtors propose to pay the Utility Deposits within twenty-one (21) days after the Court's entry of an order granting this Motion.

The Debtors seek to establish reasonable procedures (the "Procedures") by which a Utility Company may request adequate assurance of future payment in the form of a Utility Deposit or object to the Procedures in the event the Utility Company believes it is entitled to something other than the Utility Deposit proposed by the Debtors. Such Procedures would provide that:

(a)     The Utility Company must make a request (the "Request") for a Utility Deposit within twenty-one (21) days after service of the order (the "Order") granting this Motion (the "Request Deadline").

(b)     The Request must be filed with the Court and actually received by the Debtors' counsel, Foley & Lardner LLP, 555 S. Flower St., 33rd Floor, Los Angeles, CA 90071, Attn: Ashley M. McDow (amcdow@foley.com); and Foley & Lardner LLP, 500 Woodward Ave., Ste. 2700, Detroit, MI 48226, Attn: John Simon (jsimon@foley.com) by the Request Deadline.

(c)     If a Utility Company is not satisfied with the Utility Deposit proposed by the Debtors, such Utility Company must file with the Court a written response or objection (an "Objection") setting forth the account number, the outstanding balance for such account, a summary of the Debtors' payment history on such account and an explanation of why the Utility Deposit is inadequate assurance of payment.

(d)     The Objection must be filed with the Court and actually received by the Debtors'

counsel, Foley & Lardner LLP, 555 S. Flower St., 33rd Floor, Los Angeles, CA 90071, Attn: Ashley M. McDow (amcdow@foley.com); and Foley & Lardner LLP, 500 Woodward Ave., Ste. 2700, Detroit, MI 48226, Attn: John Simon (jsimon@foley.com), within twenty-one (21) days after the service of the Order (the "Objection Deadline").

(e)    Without further order of this Court, the Debtors may enter into an agreement granting additional adequate assurance to a Utility Company serving a timely Request if the Debtors, in their discretion, determine that the Request is reasonable.

(f)    If the Debtors believe that a Request or Objection is unreasonable, they shall, within fourteen (14) days after the Request and Objection Deadline, file a response (the "Response"), pursuant to section 366(c)(3) of the Bankruptcy Code, seeking a determination by the Court that the Utility Deposit, plus additional consideration offered by the Debtors, constitutes adequate assurance of payment.

(g)    Pending entry of an order by the Court resolving the dispute relating to any Objection and Request, the Utility Company that is the subject of the unresolved Objection or Request may not alter, refuse, or discontinue services to the Debtors or recover or setoff against a prepetition deposit, if any.

(h)    Assurance of future payment shall be deemed satisfied for any Utility Company that fails to make a timely Request or Objection.

The Debtors reserve the right, without further order of the Court, to supplement the list of Utility Companies attached hereto as Exhibit B if any Utility Company has been omitted.  If the Debtors add a Utility Company to the list after the Court enters the Order, the Debtors will serve a copy of this Motion and the Order on the added Utility Company (the "Supplemental Service").  Concurrently with the Supplemental Service, the Debtors will file with the Court a supplement to Exhibit B showing the name of the Utility Company that is being added to the list.  In addition, the Utility Company subject to the Supplemental Service will have twenty-one (21) days from the date of the Supplemental Service to request a Utility Deposit.  If such Request is made, the

5

Procedures outlined above shall apply to its consideration and resolution.

Additionally, the Debtors propose that if there is a default on an obligation to pay a Utility Company for postpetition services and such default is not cured within twenty-one (21) days of the Debtors' receipt of written notice of default, then the applicable Utility Company may file a motion requesting that the Debtors furnish further adequate assurance of future payment.

The Debtors further request that the Order prohibit any Utility Company from altering, refusing, or discontinuing services to the Debtors without further order of this Court.

Finally, the Debtors request that the Order provide that Utility Companies must immediately refund any Utility Deposit (without offset for prepetition claims but less postpetition invoices owed by the Debtor) in the event that the Debtors terminate the services of any Utility Company.  The Debtors believe that the immediate refund of a Utility Deposit by a Utility Company whose services have been terminated and whose postpetition bills have been paid is fair and appropriate under the circumstances because the Utility Company would no longer require adequate assurance of future performance.  Under the circumstances of the Case, in which the Debtors have a limited amount of outstanding prepetition utility obligations arising from services which have not yet been billed, or invoices which have not yet been processed, and have already arranged to maintain current payment for post-petition services, the Debtors believe that the proposed Utility Deposits constitute adequate assurance of payment under section 366(c) of the Bankruptcy Code.  The Debtors also propose to further protect the Utility Companies by agreeing to a process whereby the Court will resolve any disputes regarding the adequacy of Utility Deposits or a default, pursuant to which any Utility Company can request additional adequate assurance by demonstrating facts and circumstances with respect to its postpetition services to the Debtors that merit greater protection.

## V.    THE PROCEDURES OUTLINED IN THIS MOTION ARE NECESSARY AND APPROPRIATE TO PREVENT INTERRUPTION OF UTILITY SERVICES TO THE DEBTORS

Section 366 of the Bankruptcy Code generally protects a debtor against the immediate termination of utility services following the petition date.  Specifically, section 366(a) of the

4822-9547-3814.2

Bankruptcy Code provides that "a utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or the debtor solely" because of the commencement of the bankruptcy case or the existence of pre-petition debt. *See* 11 U.S.C. § 366(a). Under section 366(c)(2) of the Bankruptcy Code, however, a utility company may alter, refuse, or discontinue service to the debtor if the debtor has not furnished adequate assurance of payment that is satisfactory to the utility within thirty (30) days of the filing of the petition. *See* 11 U.S.C. § 366(c)(2).

### A.    The Proposed Utility Deposit Constitutes Adequate Assurance of Future Performance for the Utility Companies

The amount of any cash deposit or other form of adequate assurance is ultimately a matter to be determined by the Court. While section 366(c)(2) of the Bankruptcy Code requires that the adequate assurance of payment initially be satisfactory to the utility provider, section 366(c)(3) of the Bankruptcy Code expressly authorizes the Court to modify the amount of such assurance after notice and a hearing. *See* 11 U.S.C. § 366(c)(2), (3)(A). In making a determination regarding the amount of assurance pursuant to section 366(c)(3) of the Bankruptcy Code, the Court may not consider the following: (i) the absence of security before the petition date; (ii) the debtor's history of timely payment; and (iii) the availability of an administrative expense priority to the utility company. *See* 11 U.S.C. § 366(c)(3)(B). However, with few exceptions, section 366(c) leaves the determination regarding the amount of deposit or other form of security as adequacy of assurance of payment within the Court's discretion. *See also In re Pacific Gas & Elec. Co.*, 271 B.R. 626, 644 (N.D. Cal. 2002) ("The use of the word 'may' in the second sentence [of section 366(b)] contemplates that the decision of whether to order security lies within the discretion of the Bankruptcy Court."); *In re Steinbach*, 303 B.R. 634, 641 (Bankr. D. Az. 2004) ("Bankruptcy courts are afforded reasonable discretion in determining what constitutes adequate assurance.").

Section 366 of the Bankruptcy Code requires a cash deposit or other enumerated form of security that is "adequate." The Bankruptcy Code does not, however, define what is "adequate," except that administrative priority is not sufficient as a form of adequate assurance of payment. *See* 11 U.S.C. §§ 366(c)(1)(A)(B), (3)(B)(iii). Bankruptcy courts may consider factors that could

4822-9547-3814.2

minimize the amount of the deposit, including: (a) the right of the utility to terminate service upon nonpayment, (b) the chapter 11 estate's liquidity, and (c) the estate's net worth and ability to pay its postpetition obligations.  *See In re Best Products*, 203 B.R. 51, 54 (Bankr. E.D. Va. 1996) (the court in *Best Products* approved a deposit of one-half the average monthly utility invoice, and permitted the debtor to apply prepetition deposits and prepayments to the postpetition adequate assurance deposits).

When determining the amount of a required adequate assurance, bankruptcy courts should be conservative in order to conserve an estate's scarce financial resources.  *See In re Magnesium Corp. of America*, 278 B.R. 698, 714 (Bankr. S.D.N.Y. 2002) ("In deciding what constitutes 'adequate assurance' in a given case, a bankruptcy court must focus upon the need of the utility for assurance, and to require that the debtor supply no more than that, since the debtor almost perforce has a conflicting need to conserve scarce financial resources."), *quoting Virginia Elec. & Power Co. v. Caldor*, 117 F.3d 646 650 (2d Cir. 1997); *see also In re Penn Jersey Corp.*, 72 B.R. 981, 985 (Bankr. E.D. Pa. 1987).  By its terms, section 366 of the Bankruptcy Code, as amended, does not require that the deposit or other security be more than a nominal amount.  *See In re Crystal Cathedral Ministries*, 454 B.R. 124,131 (Bankr. C.D. Cal. 2011) (adequate assurance "is not to be confused with actual payment or an absolute guarantee of payment.").

Accordingly, the Debtors propose to make a cash deposit to each of the Utility Companies in an amount equal to approximately two weeks of the estimated average monthly cost (less any prepaid amounts) as reflected on Exhibit B.  The Debtors believe that such a deposit is more than adequate under the totality of the facts and circumstances.  Moreover, should any Utility Company dispute the Debtors' proposed treatment, such Utility Company has the right to request further adequate assurance of payment in accordance with the Procedures set forth herein.

## B.    The Procedures Proposed by the Debtors Properly Balance the Interests of the Utility Companies and those of the Debtors

By this Motion, the Debtors seek to implement an orderly process to resolve requests for adequate assurance of payment without unduly burdening the estates or the Court.  The

4822-9547-3814.2

Procedures will provide an efficient and orderly process to resolve any Request without judicial intervention, unless absolutely necessary. The Procedures properly balance the interests of the Utility Companies under section 366 of the Bankruptcy Code and those of the Debtors and their estates.

First, the Procedures protect the Debtors against the termination of critical utility services upon which their business depends. To continue day-to-day operations, the Debtors must ensure that there is no termination of these Utility Services. Disruption of the Utility Services, even for a brief period, could have a devastating impact on the Debtors' ability to generate revenue and restructure their liabilities.

Second, the Procedures are consistent with the rights of the Utility Providers to adequate assurance of future payment pursuant to section 366 of the Bankruptcy Code. To the extent a Utility Company believes that, under the facts and circumstances of the Case, providing post-petition services to the Debtors warrants greater protection, it can request adequate assurance of payment. If the Debtors and Utilities Companies are unable to reach an agreement on the amount and form of adequate assurance within the parameters set forth above, such adequate assurance will be determined by this Court. Thus, the Procedures provide a mechanism for each Utility Company to request and obtain the adequate assurance of payment to which it is entitled pursuant to the Bankruptcy Code. Further, the Utility Companies will not be prejudiced by the continuation of their services. Post-petition payments to the Utility Companies are provided for in the Debtors' budget. The Utility Companies are further protected by the provisions granting them an expedited hearing if there is a failure to cure a payment default within twenty-one (21) days after written notice of such default.

In sum, the Procedures strike the appropriate balance of protecting the Utility Company against the risk of nonpayment without unduly burdening the Debtors' chances of reorganization and protecting them against the termination of critical Utility Services. Approving the Procedures is entirely within the Court's authority under section 366 of the Bankruptcy Code, and section 105(a) of the Bankruptcy Code, which states that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." *See* 11 U.S.C.

4822-9547-3814.2

§ 105(a).  The purpose of section 105(a) of the Bankruptcy Code is to "assure the bankruptcy court[']s power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction."  2 COLLIER ON BANKRUPTCY ¶ 105.01 (15th rev. ed. 2001).  Because the proposed Procedures protect both the Debtors and the Utility Companies, they carry out section 366 of the Bankruptcy Code in a manner fully consistent therewith and are an appropriate exercise of this Court's authority under section 105(a) of the Bankruptcy Code.  Accordingly, the Procedures should be approved.

## VI.  IMMEDIATE RELIEF IS NECESSARY TO AVOID IMMEDIATE AND IRREPARABLE HARM

Bankruptcy Rule 6003 provides that the relief requested in this Motion may be granted if the "relief is necessary to avoid immediate and irreparable harm."  Fed. R. Bankr. P. 6003.  The Debtors submit that for the reasons already set forth herein, the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors.

The Debtors also request that the Court waive the stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise."  Fed. R. Bankr. P. 6004(h).  As described above, the relief that the Debtors seek in this Motion is necessary for the Debtors to operate without interruption and to preserve value for the estates.  Accordingly, the Debtors respectfully request that the Court waive the 14 day stay imposed by Bankruptcy Rule 6004(h), as the exigent nature of the relief sought herein justifies the immediate relief.

## VII.  NOTICE

The Motion has been served on: (a) the Office of the United States Trustee, (b) the Utility Companies, (c) the Debtors' secured creditors, and (d) all creditors of the Debtors' estates.  To the extent necessary, the Debtors request that the Court waive compliance with Local Bankruptcy Rule 9075-1 and approve service (in addition to the means of service set forth in such Local Bankruptcy Rule) by overnight or electronic delivery.  In the event that the Court grants the relief requested by the Motion, the Debtors shall provide notice of the entry of the order granting such

4822-9547-3814.2

relief upon each of the foregoing parties and any other parties-in-interest as the Court directs.

The Debtors submit that such notice is sufficient and that no other or further notice be given.

///

///

///

4822-9547-3814.2

## VIII.  **CONCLUSION**

Based on the foregoing, the Debtors respectfully request that this Court enter an order providing the following relief: (a) entry of an order, the form of which is attached to this Motion as **Exhibit A**; (b) a determination that (i) a Utility Deposit made by the Debtors to each Utility Company in an amount equal to two weeks of the estimated average monthly cost for services provided by such Utility Company (less any pre-paid amounts); (ii) the ability to obtain a hearing on the adequacy of the Utility Deposit; and (iii) the ability to obtain an expedited hearing regarding additional adequate assurance upon a failure to cure a default within twenty-one (21) days after written notice of such default, constitute adequate assurance of payment for future utility services as contemplated by sections 366(b) and (c)(3)(A) of the Bankruptcy Code; (c) a prohibition barring the Utility Companies from altering, refusing, or discontinuing services to the Debtors without further order of this Court; and (d) such other and further relief as the Court deems just and proper.

DATED:  May 16, 2019                          **FOLEY & LARDNER LLP**


                                              /s/Ashley M. McDow
                                              Ashley M. McDow
                                              Proposed Attorneys for Debtors and Debtors in
                                              Possession, SCOOBEEZ, SCOOBEEZ GLOBAL,
                                              INC., and SCOOBUR, LLC

4822-9547-3814.2

## DECLARATION OF GEORGE VOSKANIAN

I, George Voskanian, hereby declare:

1.  I am an individual over 18 years of age.  I have personal knowledge of the facts stated herein as more fully set forth below or have gained such knowledge by review of the file and if called as a witness, I could and would competently testify thereto.

2.  I make this declaration in support of the motion for entry of an order, pursuant to sections 105(a) and 366 of title 11 of the United States Code (the "Bankruptcy Code"), providing the following relief: (i) prohibiting the utility providers utilized by the Debtors (collectively, the "Utility Companies" and each individually a "Utility Company") from altering, refusing, or discontinuing service to the Debtors without further order of the Court, (ii) determining adequate assurance of payment for future utility services, and (iii) establishing procedures for determining adequate assurance of payment (the "Motion").[1]

3.  I am the Chief Financial Officer ("CFO") and Co-Chief Executive Officer ("Co-CEO") for the Debtors, and, in that capacity, among other things maintain books, records, files and documents relating to the Debtors. As such, I am generally responsible for managing the operations of the Debtors and, thus, am familiar with the Debtors' operations, assets, and liabilities.  In the ordinary course of business, I rely on the maintenance of true and correct copies of various documents relating to the Debtors.  I have personally worked on books, records, files and documents, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from my business records, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of the Debtors' business at or near the time of the acts, conditions or events to which they related. Additionally, as the CFO/Co-CEO, I have been involved in discussions and planning sessions related to the potential reorganization options and, thus, am familiar with the objectives the Debtors intend to achieve through the Bankruptcy Cases.

4.  I have read the contents of the Motion, and to best of my knowledge, all the representations made therein are true and correct.

---

[1] Capitalized terms otherwise not defined herein have the same meaning as in the underlying Motion.

4822-9547-3814.2

5.  In connection with the operation of their businesses, the Debtors obtain electricity, natural gas, water, telephone, internet, and/or similar services through the Utility Companies.  A detailed list of the Utility Companies, the services provided by each, and the average monthly bill for each is attached to the Motion as Exhibit B.

6.  Through the Motion, the Debtors seek to establish Utility Deposits for each necessary Utility Company in an amount equal to the cost of two weeks of service for each Utility Company, to create a process by which a Utility Company may challenge the Utility Deposit, and to ensure that no Utility Company will alter, refuse, or discontinue providing service to the Debtors without further order of the Court.  For the sake of the Debtors and their creditors, I would like to effectuate this relief as soon as practicable in order to insure uninterrupted utility service to.  Therefore, I believe bringing this Motion on an emergency basis is warranted.

7.  Uninterrupted utility services are critical to the Debtors' ability to sustain their operations during the pendency of these chapter 11 cases.  The Debtors' facilities are dependent on electricity and gas service for lighting, operations, and general office use.  In addition, telephone and internet service is necessary to permit the Debtors to conduct sales and marketing functions and to communicate with customers, vendors, and among other Debtor personnel.  Continued water service is necessary to maintain sanitary facilities for employees.  Any interruption of these services would severely disrupt the Debtors' day-to-day operations, harming the value of the estates.

8.  In accordance with section 366(c)(1)(A) of the Bankruptcy Code, the Debtors propose to, as necessary in accordance with the procedures detailed herein, provide each Utility Company with the Utility Deposit within 21 days after this Court enters an order approving the Utilities Motion.  The Debtors will supplement the list of Utility Companies as needed, and the additional Utility Companies will receive the appropriate Utility Deposit, as outlined in the Utilities Motion.

9.  The procedures proposed in the Utilities Motion are designed to ensure that the Utility Companies receive the "adequate assurance" contemplated by section 366(c) of the Bankruptcy Code by providing for a fair and orderly method for processing requests by the Utility Companies for additional or different Utility Deposits or for the Utility Companies to object to the procedures themselves.  Because the proposed procedures will ensure that the Debtors will continue to receive Utility Services

2

without prejudice to the Utility Companies, the Debtors submit, and I believe, that the relief requested in the Utilities Motion is necessary, appropriate, and in the best interests of the Debtors and their estates and creditors.

10. Based on the foregoing and as explained in more detail in the Motion, the Debtors seek the Court's authority on ***an emergency basis*** to (i) prohibit the Utility Companies from altering, refusing, or discontinuing service to the Debtors without further order of the Court, (ii) determine adequate assurance of payment for future utility services, and (iii) establish procedures for determining adequate assurance of payment.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 16th day of May, at Glendale, California.

George Voskanian

4822-9547-3814.2

**EXHIBIT A**

1   Ashley M. McDow (245114)
    FOLEY & LARDNER LLP
2   555 S. Flower St., 33rd Floor
    Los Angeles, CA 90071
3   Telephone: 213.972.4500
    Facsimile: 213.486.0065
4   Email: amcdow@foley.com

5   Proposed Attorneys for Debtors and Debtors in
    Possession, SCOOBEEZ, SCOOBEEZ GLOBAL,
6   INC., and SCOOBUR, LLC

7                    UNITED STATES BANKRUPTCY COURT

8              CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

9

10

11  In re:                                    Lead Case No. 2:19-bk-14989-WB

12  SCOOBEEZ, *et al.*,[1]                     Chapter 11

13          Debtors and Debtors in Possession.  (Jointly Administered with Case Nos.
                                                2:19-bk-14991-WB; 2:19-bk-14997-WB)
14

15  Affects:                                   [PROPOSED] ORDER REGARDING
                                               EMERGENCY MOTION FOR ORDER
16  ■ All Debtors                              PURSUANT TO 11 U.S.C. §§ 105(A) AND
                                               366: (I) PROHIBITING UTILITY
17  □ Scoobeez, ONLY                           COMPANIES FROM ALTERING,
                                               REFUSING, OR DISCONTINUING
18  □ Scoobeez Global, Inc., ONLY              SERVICE, (II) DETERMINING ADEQUATE
                                               ASSURANCE OF PAYMENT FOR FUTURE
19  □ Scoobur LLC, ONLY                        UTILITY SERVICES, AND (III)
                                               ESTABLISHING PROCEDURES FOR
20                                             DETERMINING ADEQUATE ASSURANCE
                                               OF PAYMENT; MEMORANDUM OF
21                                             POINTS AND AUTHORITIES IN SUPPORT
                                               THEREOF; AND DECLARATION OF
22                                             GEORGE VOSKANIAN IN SUPPORT
                                               THEREOF
23
                                               Hearing:
24                                             Date:  May 28, 2019
                                               Time:  10:00 a.m.
25                                             Place: Courtroom 1375
                                                      U.S. Bankruptcy Court
26                                                    255 East Temple Street
                                                      Los Angeles, CA 90012
27  ─────────────────────

28  [1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as
    follows: Scoobeez (6339); Scoobeez Global, Inc. (9779); and Scoobur, LLC (0343). The Debtors'
    address is 3463 Foothill Boulevard, Glendale, California 91214.

                                               1

4822-9547-3814.2

Upon the Debtors' Emergency Motion for an order pursuant to sections 105(a) and 366 of title 11 of the United States Code (the "Bankruptcy Code"), providing the following relief: (i) prohibiting the utility providers utilized by the Debtors (collectively, the "Utility Companies" and each individually a "Utility Company") from altering, refusing, or discontinuing service to the Debtors without further order of the Court, (ii) determining adequate assurance of payment for future utility services, and (iii) establishing procedures for determining adequate assurance of payment (the "Motion"), filed by the Debtors, seeking entry of an order authorizing the Debtors to (a) a determination that (i) a Utility Deposit[2] made by the Debtors to each Utility Company in an amount equal to two weeks of the estimated average monthly cost for services provided by such Utility Company (less any pre-paid amounts); (ii) the ability to obtain a hearing on the adequacy of the Utility Deposit; and (iii) the ability to obtain an expedited hearing regarding additional adequate assurance upon a failure to cure a default within twenty-one (21) days after written notice of such default, constitute adequate assurance of payment for future utility services as contemplated by sections 366(b) and (c)(3)(A) of the Bankruptcy Code; and (b) a prohibition barring the Utility Companies from altering, refusing, or discontinuing services to the Debtors without further order of this Court, all as more fully described in the Motion; and the Court having jurisdiction pursuant to sections 157 and 1334 of title 28 of the United States Code to consider the Motion and the relief requested therein; and venue being proper in this Court pursuant to sections 1408 and 1409 of title 28 of the United States Code; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates, as contemplated by Bankruptcy Rule 6003; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their creditors, and all parties in interest; and the Court having heard the evidence and statements of counsel regarding the Motion and having determined that the legal and factual bases set forth in the Motion and establish just cause for the relief granted herein, it is therefore

**ORDERED** that the Motion is GRANTED; and it is further

**ORDERED** that, pursuant to sections 366 and 105(a) of the Bankruptcy Code, a Utility Deposit

---

[2] All capitalized terms used, but no otherwise defined herein, shall have the meanings ascribed to such terms in the Motion.

made by the Debtors to each Utility Company in an amount equal to two weeks of the estimated average monthly cost for services provided by such Utility Company (less any pre-paid amounts); (ii) the ability to obtain a hearing on the adequacy of the Utility Deposit; and (iii) the ability to obtain an expedited hearing regarding additional adequate assurance upon a failure to cure a default within twenty-one (21) days after written notice of such default, constitute adequate assurance of payment for future utility services as contemplated by sections 366(b) and (c)(3)(A) of the Bankruptcy Code; and it is further

**ORDERED** that no Utility Company may alter, refuse, or discontinue services to the Debtors without further order of this Court; and it is further

**ORDERED** that the following procedures apply for a Utility Company to request adequate assurance of future payment in the form of a Utility Deposit or objection to the Procedures in the event that the Utility Company believes it is entitled to something different than the Utility Deposit proposed by the Debtor:

(a)    The Utility Company must make a request (the "Request") for a Utility Deposit within twenty-one (21) days after service of the order (the "Order") granting this Motion (the "Request Deadline").

(b)    The Request must be filed with the Court and actually received by the Debtors' counsel, Foley & Lardner LLP, 555 S. Flower St., 33rd Floor, Los Angeles, CA 90071, Attn: Ashley M. McDow (amcdow@foley.com); and Foley & Lardner LLP, 500 Woodward Ave., Ste. 2700, Detroit, MI 48226, Attn: John Simon (jsimon@foley.com) by the Request Deadline.

(c)    If a Utility Company is not satisfied with the Utility Deposit proposed by the Debtors, such Utility Company must file with the Court a written response or objection (an "Objection") setting forth the account number, the outstanding balance for such account, a summary of the Debtors' payment history on such account and an explanation of why the Utility Deposit is inadequate assurance of payment.

(d)    The Objection must be filed with the Court and actually received by the Debtors' counsel, Foley & Lardner LLP, 555 S. Flower St., 33rd Floor, Los Angeles, CA 90071, Attn: Ashley M. McDow (amcdow@foley.com); and Foley & Lardner LLP, 500

3

Woodward Ave., Ste. 2700, Detroit, MI 48226, Attn: John Simon (jsimon@foley.com) within twenty-one (21) days after the service of the Order (the "Objection Deadline").

(e)    Without further order of this Court, the Debtors may enter into an agreement granting additional adequate assurance to a Utility Company serving a timely Request if the Debtors, in their discretion, determine that the Request is reasonable.

(f)    If the Debtors believe that a Request or Objection is unreasonable, they shall, within fourteen (14) days after the Request and Objection Deadline, file a response (the "Response"), pursuant to section 366(c)(3) of the Bankruptcy Code, seeking a determination by the Court that the Utility Deposit, plus additional consideration offered by the Debtors, constitutes adequate assurance of payment.

(g)    Pending entry of an order by the Court resolving the dispute relating to any Objection and Request, the Utility Company that is the subject of the unresolved Objection or Request may not alter, refuse, or discontinue services to the Debtors or recover or setoff against a prepetition deposit, if any.

(h)    Assurance of future payment shall be deemed satisfied for any Utility Company that fails to make a timely Request or Objection; and it is further

**ORDERED** that all Utility Companies must immediately refund any Utility Deposit (without offset for prepetition claims, but less postpetition invoices owed by the Debtors) in the event the Debtors terminate the services of the Utility Company; and it is further

**ORDERED** that notwithstanding anything to the contrary herein, to the extent there is any conflict between this Order and any order approving the Debtors' use of cash collateral (the "Cash Collateral Order"), the terms of the Cash Collateral Order will control; and it is further

**ORDERED** that notwithstanding any applicability of Bankruptcy Rules 6004(h), 7062, or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

**ORDERED** that entry of this Order is necessary to avoid immediate and irreparable harm and the requirements under Bankruptcy Rule 6003 have been satisfied; and it is further

**ORDERED** that notice of the Motion as provided therein shall be deemed good and sufficient

4

1   notice of such Motion and the requirements of Bankruptcy Rules 4001(d) and 6004(a) are waived.

2   # # #

4822-9547-3814.2

**EXHIBIT B**

**LIST OF UTILITY COMPANIES AND AVERAGE MONTHLY PAYMENT**

| Type | Utility | Service Location | Average Monthly Payment |
|---|---|---|---|
| Security | ADT Security Systems, LLC | Glendale HQ office | $    54.85 |
| Telephone | AT&T | | $   203.87 |
| Waste Disposal | Athens Services | Glendale HQ office | $   174.25 |
| Internet | Charter Cable/Spectrum | Glendale HQ office | $   249.99 |
| Internet | Charter Cable/Spectrum | San Antonio | $   324.38 |
| Internet | Charter Cable/Spectrum | Ft. Worth, TX | $   177.83 |
| Telephone | Verizon | | $  5,344.78 |
| Telephone | AT&T Mobility | | $ 19,071.71 |
| Water / Electric | City of Glendale, Water & Power | Glendale HQ office | $   534.37 |
| Water / Electric | City of Glendale, Water & Power | Glendale HQ office | $   276.72 |
| Gas | SoCalGas | Glendale HQ office | $    37.30 |
| Water | Crescenta Valley Water District | Glendale HQ office | $   233.36 |
| Telephone | Ring Central | Glendale HQ office | $  3,857.65 |

$ 30,541.06

4822-9547-3814.2

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Foley & Lardner LLP, 555 South Flower Street, Suite 3300, Los Angeles, CA 90072-2411
A true and correct copy of the foregoing document entitled (*specify*): **EMERGENCY MOTION FOR ORDER PURSUANT TO 11 U.S.C. §§ 105(A) AND 366: (I) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE, (II) DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, AND (III) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; AND DECLARATION OF GEORGE VOSKANIAN IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 05/16/2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
Alvin Mar    alvin.mar@usdoj.gov
Ashley M McDow    amcdow@foley.com, sgaeta@foley.com;mhebbeln@foley.com;swilson@foley.com;jsimon@foley.com
Rejoy Nalkara    rejoy.nalkara@americaninfosource.com
Anthony J Napolitano    anapolitano@buchalter.com, IFS_filing@buchalter.com;salarcon@buchalter.com
David L. Neale    dln@lnbyb.com
Gregory M Salvato    gsalvato@salvatolawoffices.com,
calendar@salvatolawoffices.com;jboufadel@salvatolawoffices.com;gsalvato@ecf.inforuptcy.com
Steven M Spector    sspector@buchalter.com, IFS_efiling@buchalter.com;salarcon@buchalter.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2.    SERVED BY UNITED STATES MAIL**:
On (*date*) 05/16/2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Honorable Julia W. Brand
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1382
Los Angeles, CA 90012

☐ Service information continued on attached page

**3.SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/16/2019 | Sonia Gaeta | /s/ Sonia Gaeta |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

## 2. <u>SERVED BY UNITED STATES MAIL</u>:

~~Scoobeez~~
~~3463 Foothill Blvd.~~
~~Glendale,CA 91214~~

~~Ashley M. McDow~~
~~Foley & Lardner LLP~~
~~555 S. Flower Street~~
~~Suite 3300~~
~~Los Angeles, CA 90071-2411~~

Accurate Background
7515 Irvine Center Drive
Irvine,CA 92618

ADT Security Services
PO Box 371878
Pittsburgh,PA 15250-7878

Alissa Guler
c/o Albert G. Stoll, Jr.
55 Francisco Street
Suite 403
San Francisco,CA 94133

Amazon
1516 Second Avenue
Seattle,WA 98101

Amazon Web Services Inc.
440 Terry Ave N
Seattle,WA 98109

App Group International, LLC
85 Broad Street, 17th Floor
New York,NY 10004

Arturo Vega and Unta Key
c/o Eric K. Yaeckel
Sullivan Law Group, APC
2330 Third Avenue
San Diego,CA 92101

Asana
1550 Bryant Street, Suite 800
San Francisco,CA 94103

AT&T Corp.
c/o CT Corporation
818 Seventh Street, Suite 930
Los Angeles,CA 90017

Athens Services
14048 E. Valley Blvd.
La Puente,CA 91746

Avitus, Inc.
c/o David M. Wagner, Esq.
Crowley Fleck, PLLP
P.O. Box 10969
Bozeman,MT 59719

Azad Baban
c/o Justin Silverman, Esq.
Reisner & King LLP
14724 Ventura Blvd., Suite 1210
Sherman Oaks,CA 91403

Bernardo Parra
c/o Mancini Law Group, P.C.
7170 W. Grand Avenue
Elmwood Park,IL 60707

BMW Financial Services NA, LLC
Bankruptcy Servicer
AIS Portfolio Servcies, LP
4515 N. Santa Fe Ave., Dept. APS
Oklahoma City,OK 73118

Booster Fuels
11 N. Ellsworth Avenue
San Mateo,CA 94403

California Franchise Tax Board
Franchise Tax Board Bankr. Section
PO Box 2952, MS:A-340
Sacramento,CA 95812-2952

City of Glendale Water & Power
141 North Glendale Ave., Level 2
Glendale,CA 91206

Corporation Service Company
as Representative
PO Box 2576
Springfield,IL 62708

Crescenta Valley Water District
2700 Foothill Blvd.
La Crescenta,CA 91214

CT Corporation System
as Representative
330 N. Brand Blvd., Suite 700
Attn: SPRS
Glendale,CA 91203

De'Von Walker
c/o David Yeremian & Associates, In
535 N. Brand Blvd., Suite 705
Glendale,CA 91203

DSP Online Order
5825 Southwest Arctic Drive
Beaverton,OR 97005

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

Edvin Amzayan, c/o State of CA
Dept. of Industrial Relations
Labor Commission Office
455 Golden Gate Ave., 10th Floor
San Francisco,CA 94102

Edvin Yegiyan, c/o State of CA
Dept. of Industrial Relations
Labor Commission Office
455 Golden Gate Ave., 10th Floor
San Francisco,CA 94102

Enterprise Holdings, Inc.
600 Corporate Park Drive
Saint Louis,MO 63105

Fed Ex
942 South Shady Grove Road
Memphis,TN 38120

First Advantage
1 Concourse Parkway NE
Suite 200
Atlanta,GA 30328

First Insurance Funding
450 Skokie Blvd., Ste. 1000
Northbrook,IL 60062-7917

Fleetwash Inc.
26 Law Drive
Fairfield,NJ 7004

Global Results Communications
201 East Sandpointe Avenue
Suite 650
Santa Ana,CA 92707

Google/G Suite Software
1600 Amphitheatre Parkway
Mountain View,CA 94043

GTR Source LLC
1006 Monmouth Ave
Lakewood,NJ 8701

Halo Branded Solutions
1500 Halo Way
Sterling,IL 61081

Hillair Capital Management LLC
330 Primrose Road
Suite 660
Burlingame,CA 94010

Hop Capital
323 Sunny Isles Blvd., Suite 501
Sunny Isles Beach,FL 33160

Imran Firoz
c/o Brent Finch
Brent Finch Law
27200 Agoura Rd., Ste. 102
Agoura Hills,CA 91301

Indeed, Inc.
6433 Champion Grandview Way
Building 1
Austin,TX 78750

Influx Capital LLC
1049 Helen Avenue
Santa Clara,CA 95051

Internal Revenue Service
Centalized Insolvency Operation
PO Box 7346
Philadelphia,PA 19101-7346

Jacob Lee DeGough
c/o Glenn Law Firm
1017 William D. Tate Ave.
Suite 100
Grapevine,TX 76051

Jassim M. Addal
c/o Law Office of Arash Alizadeh
7545 Irvine Center Drive
Suite 200
Irvine,CA 92618

Liquid Web Inc.
2703 Ena Drive
Lansing,MI 48917

LiveAgent
c/o Quality Unit, LLC
616 Corporate Way, Suite 2-3278

Valley Cottage,NY 10989

Lockton Companies, LLC
Attn: Nate Mundy, COO
Lockton Insurance Brokres, LLC
725 S. Figueroa, 35th Floor
Los Angeles,CA 90017

Mail Chimp
c/o The Rocket Science Group, LLC
675 Ponce de Leon Ave. NE
Suite 5000
Atlanta,GA 30308

Maria Salgado
c/o Nicholas J. Tsakas, Esq.
4267 Marina City Drive
Suite 512
Marina Del Rey,CA 90292

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

Marwan Griffin
c/o Aegis Law Firm, PC
9811 Irvine Center Drive
Suite 100
Irvine,CA 92618

Massinissa Bechout, c/o State of CA
Dept. of Industrial Relations
Labor Commission Office
455 Golden Gate Ave., 10th Floor
San Francisco,CA 94102

Minas Sarafian
c/o Simonian & Simonian, PLC
144 N. Glendale Ave., #228
Glendale,CA 91206

Mostafa Joharifard
1651 E. Edinger Ave.
Suite 100
Santa Ana,CA 92705

NexGen Capital, LLC
c/o David Neale
Levene Neale Bender
10250 Constellation Blvd., #1700
Los Angeles,CA 90067

Office of the Director
Department of Motor Vehicles
2415 1st Avenue, MS: F101
Sacramento,CA 95818-2606

Peter Rosenthal Irrevocable Trust
dated 10/31/2012
3450 N. Verdugo Rd.
Glendale,CA 91208

Pex Cards
462 7th Avenue
21st Floor
New York,NY 10018

Premier Business Bank
700 S. Flower Street, #2000
Los Angeles,CA 90017

Prince Uko, c/o State of CA
Dept. of Industrial Relations
Labor Commission Office
455 Golden Gate Ave., 10th Floor
San Francisco,CA 94102

Queen Funding LLC
2221 NE 164 ST
North Miami Beach,FL 33160

Quickbooks
c/o Intuit Inc.
2700 Coast Avenue
Mountain View,CA 94043

Raef Lawson
8601 Lincoln Blvd.
Ste. 180-276
Los Angeles,CA 90045

Rafael Nendel - Flores
c/o LeClairRyan
725 S. Figueroa Street
Suite 350
Los Angeles,CA 90017

Ready Refresh
4400 S. Kolmar Ave.
Chicago,IL 60632

Ready Refresh (Foothill Location)
4400 S. Kolmar Ave.
Chicago,IL 60632

Ring Central
20 Davis Drive
Belmont,CA 94002

Roy Castelanos
c/o Employees' Legal Advocates, LLP
811 Wilshire Blvd.
Suite 800
Los Angeles,CA 90017

Sean McNair
c/o Hamed Yazdanpanah & Associates
9454 Wilshire Blvd., 6th Floor
Beverly Hills,CA 90212

Southern California Gas Company
PO Box 1626
Monterey Park,CA 91754-8626

Spectrum Business
c/o Charter Communications
PO Box 790261
Saint Louis,MO 63179

Steve & Millessa Oberhauser
c/o Sanders Bajwa LLP
919 Congress Ave., Suite 750
Austin,TX 78701

SuperVision
PO Box 21636
Saint Paul,MN 55121

Swizznet
6075 California Avenue SW
Seattle,WA 98136

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012
4822-9547-3814.2

**F 9013-3.1.PROOF.SERVICE**

T-Mobile/T-Mobile USA Inc.
by American InfoSource as agent
PO Box 248848
Oklahoma City,OK 73124

Texas Department of Insurance
Division of Workers' Compensation
7551 Metro Center Drive, Suite 100
Austin,TX 78744

The Hertz Corporation
Attn: Casey Rodriguez, Division VP
2 Schoephoester Road
Windsor Locks,CT 6096

UPS
55 Glenlake Parkway NE
Atlanta,GA 30328

US Securities and Exchange Commissi
Attn: Bankruptcy Counsel
444 S. Flower St., Suite 900
Los Angeles,CA 90071-9591

USPS
475 Lenfant Plaza SW
Washington,DC 20260

Verizon
PO Box 489
Newark,NJ 07101-0489

WG Fund LLC
1734 8th Avenue
Suite PH
Brooklyn,NY 11215

Amazon Logistics, Inc.
Attn: General Counsel
410 Terry Avenue North
Seattle,WA 98109-5210

Deputy General Counsel
The Hertz Corporation
8501 Williams Rd., 2DO40
Estero,FL 33928

Kirk Davis
c/o Law Offices of Daniel A. Kaplan
555 W. Beech St., Suite 230
San Diego,CA 92101

Salvador Rivas
c/o Law Offices of Daniel A. Kaplan
555 W. Beech St., Suite 230
San Diego,CA 92101

Scoobeez SD, LLC
c/o Law Offices of Daniel A. Kaplan
555 W. Beech St., Suite 230
San Diego,CA 92101

Shane R. Heskin
White and Williams LLP
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia,PA 19103-7395

Emil Davtyan
Davtyan Professional Law Corp.
21900 Burbank Blvd., Suite 300
Woodland Hills,CA 91367

Steven M. Spector
BUCHALTER, A Professional Corporati
1000 Wilshire Blvd., Suite 1500
Los Angeles,CA 90017

Graham S.P. Hollis
Graham Hollis APC
3555 Fifth Avenue, Suite 200
San Diego,CA 92103

Corporation Service Company,
as Representative
801 Adlai Stevenson Drive
Springfield,IL 62703

Garo and Aroussiak Dekirmendjian
c/o Bulldog Commercial Real Estate
Attn: John Raudsep, President
3634 Woodcliff
Sherman Oaks,CA 91403

Parkway Commercial Realty
Attn: Laurence & Patricia Cesander
2485 E. Southlake Blvd.
Southlake,TX 76092

TACAL Properties LLC
c/o Peloton Commercial Real Estate
PO Box 15039
San Antonio,TX 78212

~~Scoobeez Global, Inc.~~
~~3463 Foothill Blvd.~~
~~Glendale,CA 91214~~

~~Scoobur LLC~~
~~3463 Foothill Blvd.~~
~~Glendale,CA 91214~~

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
*4822-9547-3814.2*

**F 9013-3.1.PROOF.SERVICE**