DAVID L. NEALE (SBN 141225)
J.P. FRITZ (SBN 245240)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: DLN@LNBYB.COM, JPF@LNBYB.COM

Proposed Counsel for
Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>SCOOBEEZ, et al.[1]<br><br>Debtors and Debtors in Possession.<br><br>―――――――――――――――――――<br>Affected Debtor(s):<br><br>☒ All Debtors<br><br>☐ Scoobeez<br><br>☐ Scoobeez Global, Inc.<br><br>☐ Scoobur LLC | Case No. 2:19-bk-14989-WB<br><br>Chapter 11<br><br>Jointly Administered With Case Nos.:<br>2:19-bk-14991-WB and 2:19-bk-14997-WB<br><br>**Opposition to Debtors' Application for an Order Authorizing and Approving (I) Appointing Brian Weiss as Chief Restructuring Officer of the Debtors *Nunc Pro Tunc* to May 16, 2019**<br><br><u>Hearing on Shortened Notice:</u><br>Date:      May 28, 2019<br>Time:      10:00 a.m.<br>Location:  255 E. Temple St.<br>           Courtroom 1375, 13th Floor<br>           Los Angeles, CA 90012 |

―――――――――――――――――――

[1]  The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Scoobeez (6339); Scoobeez Global, Inc. (9779); and Scoobur, LLC (0343). The Debtors' address is 3463 Foothill Boulevard, Glendale, California 91214.

-1-

The Official Committee of Unsecured Creditors (the "Committee") in the jointly administered bankruptcy cases of Scoobeez and Scoobeez Global, Inc. (each a "Debtor" and, collectively, the "Debtors"), debtors and debtors in possession herein, respectfully submits its limited opposition (the "Opposition") to the Debtors' *Application for an Order Authorizing and Approving (I)* [sic] *Appointing Brian Weiss as Chief Restructuring Officer of the Debtors Nunc Pro Tunc to May 16, 2019* (the "Application") [Dkt. No. 63].

## I. BRIEF STATEMENT OF RELEVANT FACTS

On April 30, 2019 (the "Petition Date") the Debtors filed their voluntary petitions commencing their chapter 11 bankruptcy cases.

On May 16, 2019, the Debtor filed the Application.

On May 20, 2019, the Office of the United States Trustee (the "UST") formed the Committee. *See*, Dkt. No. 72.

On May 22, 2019, Committee met and hired Levene, Neale, Bender, Yoo & Brill L.L.P. as its proposed bankruptcy counsel.

At the Debtors' request, the hearing on the Application has been set on shortened notice for May 28, 2019, with oppositions due by no later than May 23, 2019. *See*, Dkt. No. 79.

## II. DISCUSSION

As contemplated by the Bankruptcy Code, official committees are intended to play a central role in business reorganizations. *Philip v. L.F. Rothschild Holdings (IN re L.F. Rothschild Holdings)*, 163 B.R. 45, 49 (S.D.N.Y.1994); *In re Penn-Dixie Indus., Inc.*, 9 B.R. 941, 944 (S.D.N.Y.1981). Section 1103 of the Bankruptcy Code expressly authorizes an official committee to "investigate the acts, conduct, assets, liabilities, and financial condition of the debtor, the operation of the debtor's business… and any other matter relevant to the case or to the formulation of a plan." 11 U.S.C. § 1103(c)(2). Congress intended for official committees to be active participants in chapter 11 reorganizations in consultation and negotiations with debtors. *See*, COLLIER ON BANKRUPTCY ¶ 1103.5[1] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.); H.R. Rep. No. 95-595, at 235 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6194.

Having only been recently formed, the Committee requires more time to evaluate and formulate a position on the Application. Based on a preliminary review of the Application, the Committee has certain concerns with the Application, including but not limited to the following[2]:

- The employment of a chief restructuring officer ("CRO") is required as a condition of Hillair Capital Management, LLC's ("Hillair") willingness to stipulate with the Debtors regarding continued use of cash collateral (*see*, Application p.1 ln.7-9). However, no amount is budgeted for payment of the CRO's fees and costs. *See Stipulation Between the Debtors and Hillair Capital Management For (1) Authorization to Use Cash Collateral on an Interim Basis; (2) Appointment of a Chief Restructuring Officer*, Ex. "A" [Doc. No. 81]. The Committee has no idea how much the anticipated fees and costs of the CRO are, and cannot evaluate whether those expenses are offset to the anticipated benefit to the estates of a CRO. More information regarding the projected fees and costs of the CRO is necessary for the Committee (and the Court) to make an informed decision on the Application.

- The CRO is being employed in addition to the Debtors' proposed employment of Conway MacKenzie, Inc. as their financial advisor (*see*, Application p.4 ln.18), which may result in unnecessary additional administrative costs that are detrimental to the unsecured creditors in these cases. There is no express delineation of the services to be rendered by the CRO, as opposed to the financial advisor, or, for that matter, the insiders whom the Debtors propose to pay almost $60,000 per month cumulatively. More information regarding the specific allocation of tasks and responsibilities among the CRO, the financial advisor, and existing management must be provided.

---

[2] The Committee has spoken with counsel for the Debtors, and intends to speak with counsel for Hillair Capital Management, LLC, regarding its concerns with respect to the Application. The Committee would like, among other things, to independently speak with the proposed CRO to get a better sense of what the CRO sees his role as being in the case and how he intends to interface with current management. The Committee is extremely concerned about duplication of efforts and the costs associated with the retention of a CRO in addition to a financial advisor.

- The Application seeks to employ the CRO pursuant to 11 U.S.C. § 363 instead of § 327, thereby cutting off the future ability of the UST, creditors, the Committee, and the Court to evaluate under §§ 330 and 331 the professional fees incurred by the CRO as a bankruptcy professional employed by the estate. *See*, Application p.4 ln.23-27. Without a budget or projection regarding the anticipated fees and costs of the CRO, the Court is being asked to give the CRO a "blank check" with no oversight or opportunity for review.

- Although the Application states that the CRO will "submit compensation and staffing reports in accordance with the protocols for the retention of CROs in this district," *see*, Application p.4, ln. 27-28, the Committee and its proposed counsel are not aware of what the purported standard "protocol" in this district is with respect to CROs, and no detail is provided in the Application. The Debtors should specifically state what procedure is to be employed by the CRO with respect to the provision of information concerning compensation and staffing.

- The CRO will bill the estates at an hourly rate of $595. *See*, Application p.5, ln.1. The Application was filed in connection with the Debtors' stipulation with Hillair regarding use of cash collateral. The Debtors filed their motion for use of cash collateral pursuant to the Stipulation (the "Cash Collateral Motion") [Dkt. No. 65], but the Cash Collateral Motion contains no budget. While the proposed stipulation has attached a budget, that budget contains no amount for the anticipated costs of the CRO. *See* Doc. No. 81, Ex. "A." Accordingly, there is no way to reasonably determine if the estates can afford CRO services at this rate.

- The Application states (without explanation) that the CRO's services are necessary and essential to the Debtors' reorganization. *See*, Application p.6, ln.16-17. The Debtors' statement may very well be true, but the Committee requires more time to evaluate and formulate a position on the Debtors' bare allegation. Given that the appointment of a CRO was required by Hillair as a condition to continued use of cash collateral, the

Committee is left to wonder whether the Debtors would believe that the appointment of a CRO is truly necessary or essential to their reorganization efforts were they not compelled to retain a CRO by Hillair.[3]

- The Application states that the Debtors will "appoint Weiss as Chief Restructuring Officer." *See*, Application p.3 ln.15-17. Although not discussed in the Application, the proposed order states that "the Debtor, *in consultation with Hillair*, may terminate the engagement with Weiss at any time *without notice* if the Debtors determine that continuing with the Engagement could expose them to undue financial or reputational risk, or otherwise is no longer in the best interests of the estates." *See*, Dkt. No. 63-1 ¶ 5 (emphasis added). The Committee has multiple concerns. First, it is unclear to whom the CRO is actually accountable, to whom the CRO reports, or which individual actually has control over the decision to terminate the CRO, especially on the vague ground of "reputational risk." Moreover, it is problematic that one single creditor, Hillair (which unlike a debtor in possession has no fiduciary duty to the estates) is the only party in interest with which the Debtors must consult before terminating the CRO. More troubling is that the CRO can be terminated without notice to the Court, the UST, the Committee, or any other parties in interest when the grounds may purportedly be "the best interests of the estates." The Debtors must provide more information to clearly address these problems.

- Hillair, the Debtors' prepetition secured lender agrees that hiring the CRO serves the best interest of the estates. *See*, Application p.6 ln.20-22. However, the Committee has not had the opportunity to form its position on what would be in the best interest of the unsecured creditors.

---

[3] The description of the CRO's scope of services, Application, pp. 3-4, would appear to be broad enough to render the proposed services of the Debtors' current management superfluous. It is unclear from the Application whether it is the Debtors' and Hillair's intent to divest current management of control of the Debtors. If so, there is no need for the Debtors to keep current management in place, especially since current management is seeking approval for monthly compensation totaling approximately $60,000.

### III.  CONCLUSION

**WHEREFORE**, the Committee respectfully requests that the Court: (i) deny the Application at this time, without prejudice; (ii) alternatively, set a continued hearing date and further response deadline for the Committee; and (iii) grant such other and further relief as the Court deems just under the circumstances of the cases.

Dated:  May 23, 2019      Official Committee of Unsecured Creditors

By:  */s/ John-Patrick M. Fritz*
    David L. Neale
    John-Patrick M. Fritz
    LEVENE, NEALE, BENDER,
    YOO & BRILL L.L.P.
    Proposed Counsel for the Official
    Committee of Unsecured Creditors

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

10250 Constellation Blvd., Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): **Opposition to Debtors' Application for an Order Authorizing and Approving (I) Appointing Brian Weiss as Chief Restructuring Officer of the Debtors *Nunc Pro Tunc* to May 16, 2019** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) May 23, 2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On May 23, 2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on May 23, 2019, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Via Attorney Service
The Honorable Julia W. Brand
U.S. Bankruptcy Court, Suite 1382
255 E. Temple St
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 23, 2019 | Jason Klassi | /s/ Jason Klassi |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**2:19-bk-14989-WB Notice will be electronically mailed to:**

John-Patrick M Fritz on behalf of Interested Party Levene, Neale, Bender, Yoo & Brill L.L.P.
jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com

Alvin Mar on behalf of U.S. Trustee United States Trustee (LA)
alvin.mar@usdoj.gov

Ashley M McDow on behalf of Debtor Scoobeez
amcdow@foley.com, sgaeta@foley.com;mhebbeln@foley.com;swilson@foley.com;jsimon@foley.com

Rejoy Nalkara on behalf of Creditor BMW Financial Services NA, LLC, c/o AIS Portfolio Services, LP
rejoy.nalkara@americaninfosource.com

Anthony J Napolitano on behalf of Creditor Hillair Capital Management LLC
anapolitano@buchalter.com, IFS_filing@buchalter.com;salarcon@buchalter.com

David L. Neale on behalf of Interested Party Levene, Neale, Bender, Yoo & Brill L.L.P.
dln@lnbyb.com

Gregory M Salvato on behalf of Interested Party INTERESTED PARTY
gsalvato@salvatolawoffices.com, calendar@salvatolawoffices.com;jboufadel@salvatolawoffices.com;gsalvato@ecf.inforuptcy.com

Steven M Spector on behalf of Creditor Hillair Capital Management LLC
sspector@buchalter.com, IFS_efiling@buchalter.com;salarcon@buchalter.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov