Ashley M. McDow (245114)
**FOLEY & LARDNER LLP**
555 S. Flower St., Suite 3300
Los Angeles, CA 90071
Telephone:  213.972.4500
Facsimile:  213.486.0065
Email:  amcdow@foley.com

Proposed Attorneys for Debtors and Debtors-in-Possession, Scoobeez, Scoobeez Global, Inc., and Scoobur, LLC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>SCOOBEEZ, *et al.*[1]<br><br>Debtors and Debtors in Possession.<br><br>Affects:<br><br>■ All Debtors<br><br>☐ Scoobeez, ONLY<br><br>☐ Scoobeez Global, Inc., ONLY<br><br>☐ Scoobur LLC, ONLY | Case Nos.: 2:19-bk-14989; 2:19-bk-14991; 2:19-bk-14997<br><br>Chapter 11<br><br>**DEBTORS' OPPOSITION TO HILLAIR CAPITAL MANAGEMENT, LLC'S MOTION TO APPROVE TERMS OF PROPOSED STIPULATION FOR INTERIM USE OF CASH COLLATERAL**<br><br>Hearing:<br>Date:  June 6, 2019<br>Time:  10:00 a.m.<br>Place:  Courtroom 1375<br>         U.S. Bankruptcy Court<br>         255 East Temple Street<br>         Los Angeles, CA 90012 |

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Scoobeez (6339); Scoobeez Global, Inc. (9779); and Scoobur, LLC (0343). The Debtors' address is 3463 Foothill Boulevard, Glendale, California 91214.

DEBTORS' OPPOSITION TO HILLAIR CAPITAL MANAGEMENT, LLC'S MOTION TO APPROVE TERMS OF PROPOSED STIPULATION FOR INTERIM USE OF CASH COLLATERAL

4825-9071-0167.1

TO THE HONORABLE JULIA W. BRAND, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, SECURED CREDITORS, 20 LARGEST UNSECURED CREDITORS, AND ALL INTERESTED PARTIES AND/OR THEIR COUNSEL OF RECORD:

Debtors and Debtors-in-Possession Scoobeez, Scoobeez Global, Inc. and Scoobur, LLC (collectively, the "Debtors") submit this opposition (the "Opposition") to the *Motion to Approve Terms of Proposed Stipulation for Interim Use of Cash Collateral* (the "Motion") filed by Hillair Capital Management, LLC ("Hillair").  In support of this Opposition, the Debtors respectfully state as follows:

I.    INTRODUCTION

Apparently forgetting that (i) it is not a debtor and (ii) it takes at least two parties to stipulate to stipulate to something, Hillair filed the Motion, in which it seeks approval of a "Proposed Stipulation"[2] between the Debtors and Hillair governing the Debtors' use of cash collateral.  ***Significantly, the Debtors have not agreed to the terms of the Proposed Stipulation***. Indeed, Hillair's counsel notified the Debtors' counsel that Hillair intended to file the Motion (and first provided a copy of the Proposed Stipulation to the Debtors' counsel) on the afternoon of May 16, 2019.  The Motion was filed later that same day.  Thus, putting aside the numerous objectionable provisions in the Proposed Stipulation, which are discussed in more detail below, the Motion is premature, at best.

Furthermore, the filing of the Motion – the type of a motion that would normally be filed by a debtor - and certain of the terms included in the Proposed Stipulation are an attempt by

---

[2] Capitalized terms used but not defined herein shall have the meaning given them in the Motion.

- 1 -

DEBTORS' OPPOSITION TO HILLAIR CAPITAL MANAGEMENT, LLC'S MOTION TO APPROVE TERMS OF PROPOSED STIPULATION FOR INTERIM USE OF CASH COLLATERAL

4825-9071-0167.1

Hillair to take control of these cases mere days mere days after they were filed. At this early stage of these cases, the Court should not grant Hillair control over the Debtors' reorganization.

Finally, with the recent appointment of the Committee (as defined below), the Debtors anticipate that any future stipulation or order governing the Debtors' use of cash collateral will be the subject of further negotiations. The Debtors look forward to engaging with the other constituencies in the case, including particularly Hillair, the Committee, and the United States Trustee, on longer-term stipulation or order governing the Debtors' use of cash collateral. Nevertheless, the Debtors file this Objection to set forth their preliminary objections to the Motion and the Proposed Stipulation, and reserve the right to supplement this Objection to the extent the terms of Hillair's "Proposed Stipulation" change between now and the June 6, 2019 hearing on the Motion.[3]

## II.  BACKGROUND

### A.  The Debtors and the Chapter 11 Filings.

1. On April 30, 2019, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California, Los Angeles Division (the "Court"). The Debtors continue to operate and manage their affairs as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner.

2. On May 20, 2019, the United States Trustee appointed an official committee of unsecured creditors (the "Committee"). The Debtors understand that the Committee retained counsel on May 22, 2019.

3. Over the past two years, an increasing number of lawsuits had been filed against one or more of the Debtors, including various labor disputes. Most recently, on or about

---

[3] In addition to the objectionable provisions of the Proposed Stipulation, there are numerous blank provisions in the Proposed Stipulation, so it is inevitable that the Proposed Stipulation will need to be modified when (or if) it is ever ultimately agreed to.

April 22, 2019, Hillair filed a three-count complaint against the Debtors, alleging breach of contract, breach of guaranty and replevin and delivery, which is currently pending as case number 19GDCV00492 in the Superior Court of the State of California, County of Los Angeles, North Central District (the "Los Angeles Case"). On or about April 24, 2019, Hillair filed an *Ex Parte* Application to Appoint Receiver, Issue Temporary Restraining Order and Set Order to Show Cause Why Receiver Should Not Be Confirmed and Why Preliminary Injunction Should Not Be Issued in the Los Angeles Case.

4. In addition, within the past 90-120 days, a number of purported creditors have filed UCC-1 financing statements asserting purported liens against substantially all, if not all, of the Debtors' personal property, including but not limited to accounts receivable.

5. Based on the aforementioned events and circumstances, among others, the Debtors began to explore and evaluate potential reorganization strategies aimed towards preserving and strengthening the Debtors' operations. After significant deliberation by the Debtors in this regard, the Debtors determined, in conjunction with insolvency counsel, that pursing reorganization under chapter 11 of the Bankruptcy Code provided the best option for the Debtors, their customers, and their creditors.

6. By and through these chapter 11 cases, the Debtors intend to restructure their obligations and reorganize their operations in order to maximize revenues and, thus, their ability to pay creditors of the bankruptcy estates through a plan of reorganization.

**B.    The Debtors' Use of Cash Collateral.**

7. On the May 1, 2019, the Debtors filed their *Emergency Motion for Entry of Interim Order Authorizing the Use of Cash Collateral on an Interim Basis* (the "Cash Collateral Motion). In the Cash Collateral Motion, the Debtors sought authority to use cash collateral on an interim basis.

8. On May 15, 2019, the Court entered its *Order Regarding Debtors' Emergency Motion for Entry of an Interim Order: (I) Authorizing Use of Cash Collateral on an Interim Basis and (II) Granting Related Relief* (the "Cash Collateral Order"). In the Cash Collateral Order, the

- 3 -

DEBTORS' OPPOSITION TO HILLAIR CAPITAL MANAGEMENT, LLC'S MOTION TO APPROVE TERMS OF PROPOSED
STIPULATION FOR INTERIM USE OF CASH COLLATERAL

4825-9071-0167.1

Court, among other things, authorized the Debtors' use of cash collateral through and including May 14, 2019 in accordance with a budget attached to the Cash Collateral Order.

9. On May 22, 2019, the Debtors (a) filed the *Stipulation Between the Debtors and Hillair Capital Management for (I) Authorization to Use Cash Collateral on an Interim Basis; (II) Appointment of a Chief Restructuring Officer* (the "Cash Collateral Stipulation") and (b) lodged an order approving the Cash Collateral Stipulation. The Cash Collateral Stipulation, which both Hillair and the Debtors have agreed to, contemplates, among other things, the Debtors' consensual use of cash collateral through June 7, 2019.

10. The Cash Collateral Stipulation also provides that the Debtors will file a motion (the "CRO Motion") seeking the appointment of a Chief Restructuring Officer no later than May 16, 2019. The Debtors filed the CRO Motion on May 16, 2019 seeking the appointment of Brian Weiss as the Debtors' Chief Restructuring Officer. A hearing on the CRO Motion is set for May 28, 2019.

11. On May 16, 2019, Hillair filed the Motion. As noted above, the Motion seeks approval of the "Proposed Stipulation". The "Proposed Stipulation" contains many of the same terms of the Cash Collateral Stipulation but, notably, adds several objectionable terms.

### III. DISCUSSION

12. As noted above, the Motion is premature, in that it seeks this Court approval of a "Proposed Stipulation" to which only one party – Hillair – has agreed. Further, it is a transparent attempt by Hillair to take control of these cases. But in addition, and more fundamentally, the Motion seeks approval of certain terms in the Proposed Stipulation that are objectionable and should not be approved by the Court. At this time, the Debtors object to the following provisions, amongst others of the Proposed Stipulation:

- Paragraph 2.1. The Proposed Stipulation provides that "The Debtors, on their own behalf and on behalf of their estates . . ." stipulate to certain things, including the amount of Hillair's debt, the validity and extent of Hillair's liens, and that the Debtors have no claims or causes of action against Hillair. This is a transparent attempt by

- 4 -

DEBTORS' OPPOSITION TO HILLAIR CAPITAL MANAGEMENT, LLC'S MOTION TO APPROVE TERMS OF PROPOSED STIPULATION FOR INTERIM USE OF CASH COLLATERAL

4825-9071-0167.1

Hillair to lock in its claims and liens, and avoid any litigation over them, to the detriment of other creditors. At this early stage of the Debtors' cases, no stipulation should be binding on other party in interest, including, particularly, the Committee, which was only recently formed and will need to conduct its own due diligence on Hillair's claims and liens. Thus, any stipulation or order approving the use of cash collateral should provide the Committee sufficient time to conduct such due diligence.

- <u>Paragraph 2.1(a)</u>. The Proposed Stipulation provides that the Debtors stipulate to the amount of Hillair's claim. While the Debtors have recently requested that Hillair substantiate the amount of their claim(s), the Debtors have not yet received Hillair's calculations. Thus, the Debtors are not in a position at this time to stipulate to such amounts and this provision should not be approved.

- <u>Paragraph 3.3(a)</u>. The Proposed Stipulation provides that "The fees and costs for the Debtors' proposed counsel (Foley and Lardner LLP) and the Debtors' proposed financial advisor (Conway MacKenzie LLP) shall be capped at $10,000 and $5,000 per week, respectively, for the period from June 8, 2019 to _____." A fee cap is inappropriate. Again, Hillair seeks, through this provision, to hamstring the Debtors in conducting their cases, to the benefit of Hillair. More fundamentally, if Hillair objects to the fees and expenses of the Debtors' advisors, it can object to their fee applications and the Court can decide what is reasonable.

- <u>Paragraph 10.1</u>. The Proposed Stipulation provides that "the Debtors, on behalf of themselves and their Estate [sic], waives [sic] their rights and shall not seek to surcharge the Collateral or Hillair under Section 506(c)." Again, particularly given the recent appointment of the Committee, nothing in the Proposed Stipulation should bind parties other than the Debtors.

- <u>Paragraph 12.1(a)</u>. The Proposed Stipulation provides that it is a default under the Proposed Stipulation if the Debtors do not "perform or comply with any of the *terms, conditions, representations, warranties or covenants of the Loan Documents* (except

- 5 -

DEBTORS' OPPOSITION TO HILLAIR CAPITAL MANAGEMENT, LLC'S MOTION TO APPROVE TERMS OF PROPOSED
STIPULATION FOR INTERIM USE OF CASH COLLATERAL

4825-9071-0167.1

monetary defaults contained therein), this Stipulation, or any other order of the Court." (emphasis supplied). It is inappropriate to condition the Debtors use of cash collateral on their unequivocal compliance with the terms of prepetition loan documents the validity and enforceability of which are likely to be the subject of objection by the Committee and Hillair's inclusion of this provision in the Proposed Stipulation is yet another a transparent attempt to give Hillair one more way to take control of these cases. Thus, it should not be approved.

## IV.    CONCLUSION

The Debtors respectfully request that the Court enter an order denying the Motion. Furthermore, the Debtors reserve the right to supplement this Objection to the extent the terms of Hillair's "Proposed Stipulation" change between now and the June 6, 2019 hearing on the Motion.

Dated:  May 23, 2019        Respectfully submitted,

**FOLEY & LARDNER LLP**

By:    /s/ Ashley M. McDow
       Ashley M. McDow

Proposed Attorneys for Scoobeez, Scoobeez Global, Inc., and Scoobur, LLC, Debtors and Debtors-in-Possession

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Foley & Lardner LLP, 555 South Flower Street, Suite 3300, Los Angeles, CA 90072-2411

A true and correct copy of the foregoing document entitled (*specify*): **DEBTORS' OPPOSITION TO HILLAIR CAPITAL MANAGEMENT, LLC'S MOTION TO APPROVE TERMS OF PROPOSED STIPULATION FOR INTERIM USE OF CASH COLLATERAL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 05/23/2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Alvin Mar    alvin.mar@usdoj.gov
Ashley M McDow    amcdow@foley.com, sgaeta@foley.com;mhebbeln@foley.com;swilson@foley.com
Rejoy Nalkara    rejoy.nalkara@americaninfosource.com
Anthony J Napolitano    anapolitano@buchalter.com, IFS_filing@buchalter.com;salarcon@buchalter.com
David L. Neale    dln@lnbyb.com
Gregory M Salvato    gsalvato@salvatolawoffices.com, calendar@salvatolawoffices.com; jboufadel@salvatolawoffices.com; gsalvato@ecf.inforuptcy.com
Steven M Spector    sspector@buchalter.com, IFS_efiling@buchalter.com;salarcon@buchalter.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 05/23/2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Honorable Julia W. Brand
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1382
Los Angeles, CA 90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/23/2019 | Sonia Gaeta | /s/ Sonia Gaeta |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE

4825-9071-0167.1