1  PETER C. ANDERSON
   UNITED STATES TRUSTEE
2  JILL M. STURTEVANT, State Bar No. 089395
   ASSISTANT UNITED STATES TRUSTEE
3  ALVIN MAR, State Bar No. 151482
   TRIAL ATTORNEY
4  OFFICE OF THE UNITED STATES TRUSTEE
   915 Wilshire Boulevard, Ste 1850
5  Los Angeles, California 90017
   (213) 894-4219 telephone
6  (213) 894-2603 facsimile
   Email: alvin.mar@usdoj.gov
7
                     UNITED STATES BANKRUPTCY COURT
8
            CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION
9

10
   In re:                              )  Case No.: 02:19-bk-14989-WB
11                                      )
   SCOOBEEZ et al,                      )  Chapter 11
12                                      )
                Debtor,                 )  Jointly Administered with case nos. 2:19-bk-
13                                      )  14991-WB and 2:19-bk-14997-WB
   Affects:                             )
14 X All Debtors,                       )  RESPONSE TO DEBTORS' REPLY IN
                                        )  SUPPORT OF APPLICATION FOR AN
15                                      )  ORDER AUTHORIZING AND APPROVING
                                        )  (I) APPOINTING BRIAN WEISS AS CHIEF
16                                      )  RESTRUCTURING OFFICER OF THE
                                        )  DEBTORS NUNC PRO TUNC TO MAY 16,
17                                      )  2019 (Doc. no. 100) AND REQUEST FOR
                                        )  CONTINUANCE OF HEARING
18                                      )
                                        )  Hearing Date:  JUNE 6, 2019
19                                      )  Time:          10:00 A.M.
                                        )  Place:         Courtroom 1375
20                                      )                 255 East Temple Street
                                        )                 Los Angeles, CA  90012
21
          TO THE HONORABLE JULIA W. BRAND, UNITED STATES BANKRUPTCY JUDGE,
22
   DEBTOR, DEBTOR'S COUNSEL AND OTHER INTERESTED PARTIES:
23
          The United States Trustee has reviewed the "Debtors' Reply in Support of Application for
24
   an Order Authorizing and Approving (I) Appointing Brian Weiss as Chief Restructuring Officer of
25
   the Debtors Nunc Pro Tunc to May 16, 2019", hereinafter 'Reply', filed on May 28, 2019 (doc. no.
26
   100) and submits his response as follows:
27
   //
28
                                            1

1   I.    **THE UNITED STATES TRUSTEE HAS FOLLOWED ITS MANDATORY**

2         **STATUTORY DUTY IN SEEKING THE APPOINTMENT OF A CHAPTER 11**

3         **TRUSTEE**

4         a.    **Debtor's Allegations About the U.S. Trustee Objection**.

5         Debtor's Reply asserts that the U.S. Trustee's objection to the appointment of a CRO under

6   the facts of this specific case:  - "…puts every debtor-in-position in an untenable position," and

7   further complains that:

8         "The alarming rate at which the UST increasingly seeks to routinely deprive a debtor-in-

9   possession of the fundamental right to operate as a debtor-in-possession – even when faced with a

10  complete dearth of evidence (let alone clear and convincing evidence) warranting the imposition of

11  one of the most extraordinary remedies provided for in the Bankruptcy Code…"

12        Let's unpack these sweeping claims.

13        b.    **U.S. Trustee's Mandatory Duty to Seek Appointment of a Chapter 11 Trustee**

14              **Where Grounds Exist**

15        The U.S. Trustee rarely files a motion for a chapter 11 trustee.  And he only objects to the

16  appointments of CROs when there are grounds existing under Section 1104(a) to appoint a chapter

17  11 trustee.

18        Section 1104, in relevant part, reads as follows:

19        " (a) At any time after the commencement of the case but before confirmation of a plan,   on

20  request of a party in interest or the United States Trustee, and after notice and a      hearing, the court

21  shall order the appointment of a trustee—

22              (1)  for cause, including fraud, dishonesty, incompetence, or gross mismanagement

23                   of the affairs of the debtor by current management, either before or after the

24                   commencement of the case…

25              (2)  if such appointment is in the best interest of creditor

26  "… (e) **The United States trustee shall move** for the appointment of a trustee under

27  subsection (a) if there are reasonable grounds to suspect that current members of the

28  governing body of the debtor, the debtor's chief executive or chief financial officer,

2

1    participated in actual fraud, dishonesty, or criminal conduct in the management of the

2    debtor…"    [Emphasis added.]

3    In accordance with this mandatory statutory duty, the U.S. Trustee seeks a chapter 11 trustee

4    when grounds to support Section 1104(a) exist.  This has been the U.S. Trustee's position since the

5    2005 amendments to the U.S. Bankruptcy Code were enacted.  There is no new trend or "alarming

6    increase" as alleged by counsel.

7    The Debtor's motion cites some cases where the Court ruled against the U.S. Trustee in

8    opposition to the appointment of CROs.  These cases are all very fact-specific, and the Court of

9    course will exercise its best judgment when making such decisions on a case by case basis.  But

10    Debtor's claim that the U.S. Trustee always objects to appointment of CROs is inaccurate.  The

11    U.S. Trustee only objects to the appointment of a CRO when there are grounds to appoint a trustee

12    under section 1104(a).

13    Further, Debtor argues that the right to be a debtor-in-possession is a "fundamental" right.

14    Rather, it is a right proscribed by statute, and subject to the limitations placed on such right by the

15    Bankruptcy Code as a whole.  Among the limitations on the right to be a debtor-in-possession are

16    the provisions found in Section 1104, as quoted hereinabove.

17    c.  **Not all CROs are appointed because of fraud or gross mismanagement**.

18    Many CRO appointments are required by lenders who will not otherwise agree to the use of

19    cash collateral without a trusted manager.  In such cases, there are no allegations of fraud or gross

20    mismanagement, only a loss of faith or trust in the management ability by the lenders.  In such

21    cases, agreements are frequently made between the U.S. Trustee and the debtors under Section 363

22    to ensure that the payment structures for the CRO comport with the requirements of the Code and

23    that the reporting structure comports with state corporate law.

24    In the instant case, the U.S. Trustee was engaging in discussions with Debtor's counsel

25    when he discovered that the "Board of Directors" referenced in the Debtor's Motion to Appoint was

26    comprised of the very person whose conduct necessitated the need for the CRO.  Indeed, no motion

27    to appoint a trustee had been filed at the time of the hearing; what the U.S. Trustee requested in its

28    Objection was a *continuance* so that new information that came to light shortly before the U.S.

Trustee's Objection was due could be investigated and a proper motion to appoint trustee could be filed. And what were the facts that gave rise to the U.S. Trustee's concern?

- The CRO motion stated to whom the CRO reports by referring to a "Board of Directors". Under California law, a CRO must report to a board of directors. [1]

- Shortly before the U.S. Trustee's Objection was due it was discovered, based on an informal inquiry to Debtor's counsel, that the "Board of Directors" mentioned in the CRO motion consisted of one man – Mr. Oshannian. The allegations set forth in many of the pleadings filed in this case led to Mr. Oshannian's departure as the Debtors' CEO.

- The representations in the pleadings filed in this case raise serious issues of mismanagement by Debtor's management pre-petition; the Court can decide for itself the weight of the representations made especially in light of the Debtor's decision to replace the Debtors' CEO.

- These facts led to the U.S. Trustee's conclusion that the CRO would not be independent and that the old management would still be calling the shots in the case. In such situations, as stated in Section 1104(e) the U.S. Trustee *must* seek the appointment of a trustee.

- Additionally, at the hearing on the matter, the U.S. Trustee heard the Creditor Committee's counsel allege that Hillair – the alleged secured creditor – is actually comprised of equity holders, and therefore not a true secured creditor. This is a serious allegation. If true, it reflects an attempt by the Debtor and its investors to circumvent the Code's absolute priority scheme. Thus, the U.S. Trustee believes this allegation should be investigated before a determination is made to allow the Debtor's principals to remain in possession.

---

[1] *See* California Corporations Code §300(a) –

a) Subject to the provisions of this division and any limitations in the articles relating to action required to be approved by the shareholders (Section 153) or by the outstanding shares (Section 152), or by a less than majority vote of a class or series of preferred shares (Section 402.5), the business and affairs of the corporation shall be managed and all corporate powers shall be exercised by or under the direction of the board. The board may delegate the management of the day-to-day operation of the business of the corporation to a management company or other person provided that the business and affairs of the corporation shall be managed and all corporate powers shall be exercised under the ultimate direction of the board.

4

**d. THE UNITED STATES TRUSTEE MAINTAINS THAT THE APPOINTMENT OF A CHAPTER 11 TRUSTEE IS THE APPROPRIATE REMEDY UNDER THE PRESENT CIRCUMSTANCES OF THE CASE AND A SHORT CONTINUANCE SHOULD BE GRANTED TO ALLOW THE U.S. TRUSTEE SUFFICIENT TIME TO FILE A MOTION TO APPOINT**

Without repeating the entirety of his objection to the Debtors' application for an order authorizing the appointment of Brian Weiss as Chief Restructuring Officer ("CRO") filed on May 23, 2019 (doc. no. 86), the United States Trustee maintains that the appointment of a Chapter 11 trustee is most appropriate in the Debtors' case. While the Debtors espouse the source of this Court's authority for retention of a CRO, nowhere in Debtors' Reply does the Debtor point to any statutory language under 11 U.S.C. §363(b) other than the express language which provides for the "use, sale or lease, other than in the ordinary course of business, property of the estate…". Instead, the Bankruptcy Code artfully provides for the appointment of a disinterested third party when cause is demonstrated under 11 U.S.C. §1104(a). This Court must be faithful to the plain meaning of the Bankruptcy Code's provision, as drafted by Congress. See, e.g.., Lamie v. United States Trustee, 540 U.S. 526, 533 (2004).

Section 1104(a) of the Bankruptcy Code is written in the disjunctive. As the statute states, a "court *shall* order the appointment of a trustee –

(1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, *either before or after the commencement of the case,…; or*

(2) if such appointment is in the interests of creditors, any equity security holders and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor."

(emphasis added)

In the Debtors' Reply, Debtors attempt to convince this Court that they have swiftly and effectively taken responsibility of correcting for 'prior issues' representing that:

1     1) "…the Debtors are taking action to correct prior issues with their business including

2     appointing Weiss as an independent decision maker and removing Mr. Ohanessian as

3     CEO with his agreement."[2] and that

4     2) "The Debtors did the responsible thing here in changing management to remove Mr.

5     Ohanessian as CEO and replace him with others, and to appoint the CRO as an

6     independent decision maker, on their own initiative."[3]

7     The Debtors' representations beg the question, why didn't they take action earlier, and

8 apparently only after the filing of their bankruptcy petitions?  Also why couldn't the Debtors,

9 without the need to form another entity, Scoobeez Deliveries, accomplish the same objective to find

10 alternative workers compensation quotes as eventually, if the Debtors were to change carriers, such

11 carrier would eventually know that the insured were the Debtors and not the newly formed entity?[4]

12     And why didn't Scoobeez take the initiative in the creation of an independent board of

13 directors before the filing of its bankruptcy cases and only now appears to appreciate the necessity

14 in an attempt to mitigate the United States Trustee's objection to the application to appoint the

15 CRO.[5]

16     As the plain language of the statute states, this Court need only find "fraud, dishonesty,

17 incompetence, or gross mismanagement of the affairs of the debtor by current management" as

18 having occurred before the filing of the *"commencement of the case"* to support an order directing

19 the appointment of a Chapter 11 trustee.

20

21

22

___

23 [2] *See* Reply, page 8, line 11 to 13.

24 [3] *See* Reply, page 9, line 24 to 26.

25 [4] *See* Voskanian Declaration, ¶6.

26
[5] *See* "Declaration of George Voskanian in Support of the Debtors' Application for an Order
27 Authorizing and Approving the (I) Appointing Brian Weiss as Chief Restructuring Officer of the
Debtors Nunc Pro Tunc to May 16, 2019" filed on May 28, 2019 (doc. no. 101), hereinafter
28 "Voskanian Declaration", page 3, ¶5.

**II.    ALTERNATIVELY, THE APPOINTMENT OF A CHAPTER 11 TRUSTEE IS APPROPRIATE UNDER THE AUSPICES OF 11 U.S.C. §1104(a)(2).**

Unlike §1104(a)(1), section 1104(a)(2) of the Bankruptcy Code does not require a finding of fault; this Court may appoint a trustee even if no 'cause' exists.    Instead, section 1104(a)(2) reflects the practical reality that a trustee is needed.    In re Sundale, Ltd., 400 B.R. 890, 901 (Bankr.S.D.Fla. 2009).

Factors that courts have used to determine whether a trustee should be appointed under this subsection include:

(1) the trustworthiness of the debtor;
(2) the debtor in possession's past and present performance and prospects for the debtor's rehabilitation;
(3) the confidence-or lack thereof-of the business community and of creditors in present management; and
(4) the benefit derived by the appointment of a trustee, balanced against the cost of the appointment.

Id.

In connection with the first factor, it is noteworthy that even the Debtors admit that "...the Debtors are taking action to correct prior issues with their business including appointing Weiss as an independent decision maker and removing Mr. Ohanessian as CEO with his agreement" suggesting their own internal concerns regarding allowing their CEO to continue in control of the Debtors. The concerns of the secured lender and others regarding Mr. Ohanessian have been voiced before this Court and indeed are not flattering in any sense.

In connection with the second factor, the United States Trustee and this Court is aware of the Debtors' pending emergency motion to attempt to preserve the bankruptcy estate's interest in approximately $16,473,730 of net operating loss carry-forwards as well as other tax attributes. In ¶8 of the Voskanian Declaration, reference is made to a $12 million loss in FY 2017 for the Debtors. And while Mr. Voskanian indicates a positive $1 million gain in FY 2018 in the same paragraph of his declaration, he qualifies such based on "backing out non-operating interest expenses that are not recurring" yet presumably on an accrual basis such expenses are meaningful but are not disclosed so that interested parties can make their own independent evaluation. Based

1  on the above, the Debtors' financial performance in the past reflects the lack of operational

2  profitability.  And while the Voskanian Declaration paints a somewhat rosy picture of the future

3  prospects of the Debtors' business, such is speculative especially in light of the lack of any

4  meaningful long term financial projections.

5        With respect to the third factor, the Debtors have only recently appointed their interim

6  CEO's consisting of Mr. Voskanian and their general counsel, Mr. Sheikh post-petition.  It is

7  unclear whether they have any experience in their role as co-CEOs, but the United States Trustee

8  does find it troubling that despite holding the most senior executive position in a corporation, that

9  both will report to the proposed CRO as set forth in ¶4 of the Supplemental Declaration of Brian

10  Weiss (doc. no. 102).  Moreover while the United States Trustee is cognizant that "the Debtors are

11  in the process of implementing boards that are completely independent" as represented again in ¶4

12  of the Supplemental Declaration of Brian Weiss, it is unclear in what manner or procedure Debtors

13  are implementing such change as transparency is important especially under the circumstances that

14  have brought these Debtors before this Court to seek approval of their appointment of a CRO.

15        As to the fourth and final factor, the benefits of the appointment of a Chapter 11 trustee

16  should be self evident.  There is no issue regarding the responsibilities of a trustee.  *See* 11 U.S.C.

17  §1106.  Furthermore, the compensation of a trustee is subject to the limits of 11 U.S.C. §326; the

18  compensation arrangement with the CRO does not appear to be so.  Furthermore, the Chapter 11

19  trustee can undertake the necessary investigation to address the concerns of the Committee

20  regarding whether Hillair is a true secured creditor or an equity security holder without the burdens

21  of Debtors' past negotiations with Hillair simply to 'clear the air'.

22  **III.    IT IS UNCLEAR HOW DUPLICATION OF SERVICES CAN BE AVOIDED
23  BETWEEN THE PROPOSED CRO AND THE DEBTORS' PROPOSED
    FINANCIAL ADVISOR, CONWAY MACKENZIE, INC.**

24

25  Brian Weiss, in his supplemental declaration in support of his appointment as the Debtors'

26

27

28

1   CRO declares and assures "the Court and the parties that [he] will avoid duplication of efforts with
2   the Debtors' current management and Conway."[6]
3       The Debtors have recently filed their 'Application [of] Conway MacKenzie, Inc. as
4   Financial Advisor Pursuant to 11 U.S.C. §§327(a), 330, 331 & 1107, Rules 2014(a) & 2016(b) of
5   the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 2014-1'.[7]  A side by side
6   comparison of the outlined duties of each is set forth below:

| FOR THE CRO | FOR CONWAY MACKENZIE |
| --- | --- |
| Review and analyze the Debtors and their financial results, financial projections, operational data and compliance with the Budget | Evaluate the short-term Debtors' prepared cash flows and financing requirements of the Company as it relates to the Company's planned Chapter 11 proceedings |
| | Assist the Debtors in obtaining court approval for use of cash collateral or other financing including developing forecasts and information. |
| Gain an understanding of the existing contractual arrangements and obligations with customers, advisors/consultants and suppliers. | Same as below |
| Assist the Debtor in managing key constituents, including communications and meetings and meetings with, and requests for information made by, creditor constituents, including secured lenders, vendors, customers and employees | Assist management, where appropriate, in communications and negotiations with other constituents critical to successful execution of the Debtors' bankruptcy proceedings |
| Oversee key customer relationships | Same as above |
| Provide expert testimony, if required and permitted | |
| Manage cash forecasting and liquidity management procedures.   In particular, assume responsibility and oversight of day- | Assist the Debtors in their planned Chapter 11 proceedings, including preparation and oversight of its financial   statements and |

---

[6] *See* 'Supplemental Declaration of Brian Weiss in Support of the Debtors' Application for an Order Authorizing and Approving (I) Appointing Brian Weiss as Chief Restructuring Officer of the Debtors Nunc Pro Tunc to May 16, 2019" filed on May 28, 2019 (doc. no. 102), ¶2 therein.

[7] A true and correct copy of the application is attached hereto as Exhibit 1; the United States Trustee requests this Court to take judicial notice of the aforementioned document pursuant to FRE Rule 201.

| to-day cash management and initiatives to protect, preserve, and enhance liquidity | schedules related to the bankruptcy process, monthly operating reports, and other information required in the bankruptcy |
|---|---|
| | Assist the Debtors in obtaining court approval for use of cash collateral or other financing including developing forecasts and information |
| Review and evaluate the go-forward business | |
| Conduct a review and analysis of the existing workforce and direct recruitment of new employees, where and if appropriate | |
| Execute on identified cost saving initiatives | |

While Conway MacKenzie has three additional professional services, including the catchall (ie: Prepare any additional work produce as requested by management and other parties), the opportunity for duplication is obvious between the CRO and Conway MacKenzie. Such duplication would not be authorized under 11 U.S.C. §330(a)(4)(A)(i) if both parties were professional persons under 11 U.S.C. §327. Moreover, the Debtors' Reply does not adequately respond to the provision for other members of Force 10 to intervene in Debtors' case.

## IV.  CONCLUSION

WHEREFORE, the United States Trustee requests a short continuance so that he may file his motion for the appointment of a Chapter 11 Trustee in lieu of the present request for the appointment of a CRO for the reasons cited herein. However, if the Court is otherwise inclined to appoint the CRO the United States Trustee expresses his concerns about the obvious duplication of services between the CRO and Debtors' financial advisors as set forth above.

Dated: May 31, 2019

Respectfully Submitted,
Peter C. Anderson
United States Trustee

By: _____
Alvin Mar, Trial Attorney

# EXHIBIT 1

# EXHIBIT 1

1

Ashley M. McDow (245114)
FOLEY & LARDNER LLP

2

555 S. Flower St., 33rd Floor
Los Angeles, CA 90071

3

Telephone: 213.972.4500
Facsimile: 213.486.0065

4

Email: amcdow@foley.com

5

6

[Proposed] Attorneys for Debtors and Debtors in
Possession, SCOOBEEZ, SCOOBEEZ GLOBAL,

7

INC., and SCOOBUR, LLC

8

## UNITED STATES BANKRUPTCY COURT

9

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

10

11

In re:
SCOOBEEZ, et al.[1]

12

        Debtors and Debtors in Possession.

13

14

15

Affects:
■ All Debtors

16

□ Scoobeez, ONLY
□ Scoobeez Global, Inc., ONLY

17

□ Scoobur LLC, ONLY

18

19

20

21

Case No. 2:19-bk-14989-WB
Jointly Administered:
2:19-bk-14991-WB; 2:19-bk-14997-WB

Chapter 11

**APPLICATION TO CONWAY
MACKENZIE, INC. AS FINANCIAL
ADVISOR PURSUANT TO 11 U.S.C.
§§ 327(A), 330, 331 & 1107, RULES
2014(A) & 2016(B) OF THE FEDERAL
RULES OF BANKRUPTCY
PROCEDURE AND LOCAL
BANKRUPTCY RULE 2014-1**

[No hearing required]

22

23

24

25

26

27

28

    Scoobeez, Scoobeez Global, Inc., and Scoobur, LLC (collectively the "Debtors") submit this

Application (the "Application") to Employ Conway Mackenzie, Inc. ("Conway") as financial advisor

pursuant to sections 327(a), 330, 331 & 1107 of title 11 of the United States Code (the "Bankruptcy

Code"), Rules 2014(a) & 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the Central District of California (the

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as
follows: Scoobeez (6339); Scoobeez Global, Inc. (9779); and Scoobur, LLC (0343). The Debtors'
address is 3463 Foothill Boulevard, Glendale, California 91214.

1

4816-7564-6871.5

"Local Rules"). In support of the Motion, the Debtors rely on the pleadings on file in these cases and the Declaration of Jeffrey C. Perea (the "Perea Declaration") filed concurrently herewith and incorporated by reference herein.

## I.    JURISDICTION

This Court has jurisdiction to hear the Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are Bankruptcy Code Sections §§ 327(a), 330, 331 & 1107, Bankruptcy Rules 2014(a) & 2016(b) and Local Rule 2014-1.

## II.    BACKGROUND

### A.    The Bankruptcy Case

1.    On April 30, 2019, (the "Petition Date"), the Debtors each filed a petition for relief (a "Petition") under Chapter 11 of Title 11 of the Bankruptcy Code (the "Chapter 11 Cases"), in the United States Bankruptcy Court for the Central District of California, Southern Division (the "Court").  The Debtors intend to continue in possession of their property and to operate their businesses as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.  No request for appointment of a Chapter 11 trustee or examiner has been made and, as of the date of this filing, no official committee has been appointed.

2.    On May 13, 2019, the Court granted the joint administration motion filed by the Debtors and the Chapter 11 Cases are being jointly administered under Case No. 19-14989.

### B.    Debtor's Formation and Business Overview

3.    The Debtors are a logistics and delivery company headquartered at 3463 Foothill Boulevard, Glendale, California 91214.  Amazon is one of their largest customers.

4.    Over the past two years, an increasing number of lawsuits have been filed against one or more of the Debtors, including various labor disputes.  Most recently, on or about April 22, 2019, Hillair Capital Management LLC ("Hillair") filed a three-count complaint against the Debtors, alleging breach of contract, breach of guaranty and replevin and delivery, which is currently pending as case number 19GDCV00492 in the Superior Court of the State of California, County of Los Angeles, North Central District (the "Los Angeles Case").  On or about April 24, 2019, Hillair filed an *Ex Parte*

2

4816-7564-6871.5

1   Application to Appoint Receiver, Issue Temporary Restraining Order and Set Order to Show Cause

2   Why Receiver Should Not Be Confirmed and Why Preliminary Injunction Should Not Be Issued (the

3   "Ex Parte Application") in the Los Angeles Case.  The hearing on the Ex Parte Application was set for

4   May 1, 2019 at 1:30 p.m., however, the Debtors filed these Chapter 11 Cases prior to that hearing.  In

5   addition, within the past 90-120 days, a number of purported creditors have filed UCC-1 financing

6   statements asserting purported liens against substantially all, if not all, of the Debtors' personal property,

7   including but not limited to accounts receivable.

8          5.      Based on the aforementioned events and circumstances, amongst others, the

9   Debtors began to explore and evaluate potential reorganization strategies aimed towards preserving and

10  strengthening the Debtors' operations.  After significant deliberation by the Debtors in this regard, the

11  Debtors determined, in conjunction with insolvency counsel, that pursing reorganization under Chapter

12  11 of the Bankruptcy Code provided the best option for the Debtors, their customers, and their creditors.

13         6.      By and through these Chapter 11 Cases, the Debtors intend to restructure their

14  obligations and reorganize their operations in order to maximize revenues and, thus, their ability to pay

15  creditors of the bankruptcy estates through a plan of reorganization.

16  **III.    RELIEF REQUESTED**

17         7.      The Debtors seek the authority to employ Conway as their financial advisor

18  during the term of these Chapter 11 Cases pursuant to sections 327(a), 330, 331 and 1107 of the

19  Bankruptcy Code, Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure, and Local

20  Bankruptcy Rule 2014-1. The Debtors seek to hire Conway because Conway is familiar with their

21  business and has extensive experience in Chapter 11 matters.

22  **IV.    BASIS FOR RELIEF**

23         8.      Section 327(a) of the Bankruptcy Code authorizes the debtor-in-possession, under

24  certain specified conditions, to employ financial advisors during their bankruptcy cases.  Specifically,

25  section 327(a) states in full as follows:

26         Except as otherwise provided in this section, the trustee with the court's
           approval, may employ one or more attorneys, accountants, appraisers,
27         auctioneers, or other professional persons, that do not hold or represent an
           interest adverse to the estate, and that are disinterested persons, to

28

3

Case 2:19-bk-14989-WB    Doc 90    Filed 05/23/19    Entered 05/23/19 18:26:19    Desc
                Main Document      Page 4 of 11

represent or assist the trustee in carrying out the trustee's duties under this title.

A.    **Conway Mackenzie**

9.    The Debtors have selected Conway because it has extensive experience in bankruptcy matters, and is able to work with the Debtors on all aspects of their business operations and financial matters, as well as to assist the Debtors and their general bankruptcy counsel in preparing motions, pleadings, schedules, statements of financial affairs, and other necessary bankruptcy documents.

10.    Conway, as well as the specific professionals to be involved in these Chapter 11 Cases, enjoy an excellent national reputation financial advisors, and have extensive experience representing parties in complex, national bankruptcy matters, including the representation of large corporate debtors in complex chapter 11 proceedings. The Debtors believe that Conway is well-suited to provide the representation and professional services that its reorganization proceedings will require. Subject to order of Court, the professional services Conway will render to the Debtors shall include, but shall not be limited to, the following:

- Evaluate the short-term Debtors-prepared cash flows and financing requirements of the Company as it relates to the Company's planned Chapter 11 proceedings;
- Assist the Debtors in their planned Chapter 11 proceedings, including preparation and oversight of its financial statements and schedules related to the bankruptcy process, monthly operating reports, and other information required in the bankruptcy;
- Assist the Debtors in obtaining court approval for use of cash collateral or other financing including developing forecasts and information;
- Assist the Debtors with respect to their bankruptcy-related claims management and reconciliation process;
- Assist the Debtors in development of a plan of reorganization, including preparation of a liquidation analysis, historical financial data and projections;
- Assist management, where appropriate, in communications and negotiations with other constituents critical to the successful execution of the Debtors' bankruptcy proceedings; and
- Prepare any additional work product as requested by management and other parties.

11.    All of the services that Conway will provide to the Debtors will be (i) at the request of the Debtors, (ii) appropriately directed by the Debtors so as to avoid duplicative efforts among the professionals retained in the case, and (iii) performed in accordance with applicable professional standards.

4

**B.**    **Conway's Investigation of Conflicts and Connections**

12.    Except as specifically disclosed in this Application or in the Perea Declaration, including all attachments, which is incorporated herein by reference, neither Conway nor any of its employees (i) is a creditor, an equity security holder or an insider of any of the Debtors; (ii) is or has been within two years before the date of the filing of the petition a director, officer or employee of any of the Debtors; or (iii) has an interest materially adverse to the interests of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, any of the Debtors. Accordingly, Conway is a "disinterested person" within the meaning of sections 101(14) and 327 of the Bankruptcy Code. The list of the parties searched by Conway in connection with this matter is attached to the Perea Declaration as Exhibit A.

13.    On various matters unrelated to the Debtors, Conway has provided services in the past, but no longer provides services for Buchalter, the law firm currently representing the Debtors' prepetition secured lender.

**C.**    **General Information Regarding the Terms of Conway's Engagement**

14.    As provided for in the Engagement Letter, Conway will bill the debtors on a weekly basis for all professional fees and out-of-pocket expenses. The Debtors request that all professional fees and related costs and expenses incurred by the Debtors on account of financial advisory services rendered by Conway in these Chapter 11 Cases be paid as administrative expenses of their estate. Conway will maintain detailed records of any actual and necessary costs and expenses incurred in connection with these services.

15.    Subject to Bankruptcy Court approval and compliance with applicable provisions of the Bankruptcy Code, Conway intends to apply for compensation for professional services rendered, and out-of-pocket expenses incurred, in connection with these Chapter 11 Cases in accordance with the terms and conditions set forth in the Engagement Letter and as further described herein. Subject to the approval of the Court, Conway intends to charge for its financial advisory services rendered to the Debtors in these Chapter 11 Cases fees ranging from $185 per hour for paraprofessionals to $495 per hour for managing directors.

16.    The Debtors believe that the fees proposed to be paid to Conway in these Chapter

5

4816-7564-6871.5

1   11 Cases are comparable to those generally charged by such a firm of similar stature and for comparable

2   engagements, both in and out of court.

3          17.    No previous motion for the relief sought herein has been made by the Debtors to

4   this or any other Court.

5          18.    Using the modified fee application procedures (the "Modified Fee Application

6   Procedures") described below, Conway will draw down its fees and expenses on a monthly basis from

7   any unencumbered funds of the Debtors or any amounts budgeted for professional services in any cash

8   collateral stipulation or order.

9         a.    Conway will submit to the Office of the United States Trustee a monthly

10   Professional Fee Statement (the "Fee Statement") by the 20th day after the end of the

11   month during which professional services were rendered. Conway will attach its invoices

12   as an exhibit to the Fee Statement. In addition, Conway will serve a copy of the Fee

13   Statement (with exhibits) on the Debtors, and will serve a copy of the Fee Statement

14   (without exhibits) on the 20 largest creditors or the creditors' committee (if one is

15   appointed) and committee counsel (if any), secured creditors and their counsel (if any),

16   all parties on the ECF NEF list and parties that have filed with the Court a request for

17   special notice. The Fee Statement will include a notice that Conway's invoices may be

18   obtained upon request to Conway, subject to appropriate redactions.

19         b.    If no written objection and request for hearing is filed and served upon Conway

20   within 10 days after service of the Fee Statement, Conway may be paid its fees and

21   expenses for which notice was given, without further notice, hearing or order thereon.

22   Any failure by any party to object to any Fee Statement shall <u>not</u> be deemed to be, nor

23   construed in any manner to constitute a waiver of any objections such party may have to

24   this request for payment of fees and costs at a later time. Any party which does not

25   object to any Fee Statement shall be entitled to raise all of its objections at the next

26   hearing on the interim and/or final fee application, as the case may be.

27         c.    If timely opposition is received, Conway will schedule the matter for hearing in

28   accordance with procedure established by Local Bankruptcy Rule 9013-1(o)(4). In

6

addition, Conway shall file and serve, approximately every 120 days, an interim fee

application or a final fee application, on noticed hearing, pursuant to 11 U.S.C. §§ 330 or

331. The Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules regarding

compensation requests shall apply to all interim and final fee applications filed by

Conway.

19.    Conway submits that the above Modified Fee Application Procedures are

appropriate. Where adequate safeguards are taken, a bankruptcy court may authorize a fee payment

procedure whereby professionals employed by a debtor will be paid each month without prior court

approval of billing statements. *See In re Knudsen Corp.*, 84 B.R. 668, 671 (BAP 9th Cir. 1988). In

*Knudsen*, the court held that where the court can make the following findings, a fee application

procedure providing for periodic post-petition payments without prior court approval of the payments

may be authorized:

> 1. The case is an unusually large one in which an exceptionally large
> amount of fees accrue each month;
>
> 2. The court is convinced that waiting an extended period for payment
> would place an undue hardship on counsel;
>
> 3. The court is certain that fees paid but not allowed can, if necessary, be
> recovered; and
>
> 4. The fee retainer procedure is, itself, the subject of a noticed hearing
> prior to any payment thereunder.

*Id.* at 673-74.

20.    Courts typically authorize post-petition payment without prior court approval

where, as here, (1) the professional's monthly fee statements (with exhibit) are served on the debtor and

the Office of the United States Trustee, and are served (without exhibit) on the 20 largest creditors or the

creditors' committee (if one is appointed) and committee counsel (if any), secured creditor and counsel

(if any) and parties that have filed with the Court a request for special notice, (2) the noticed parties have

10 days to file a written objection and obtain a hearing, and (3) approximately every four months, the

professional is required to file an application with the court for allowance of fees and expenses paid by

the debtor.

21.    Conway believes that the proposed monthly payment procedure in this case is

7

4816-7564-6871.5

Case 2:19-bk-14989-WB    Doc 90    Filed 05/23/19    Entered 05/23/19 18:26:19    Desc
Main Document    Page 8 of 11

1  appropriate under §§ 330 and 331 of the Bankruptcy Code, and is consistent with the *Knudsen* case.

2  First, the Debtors' cases are complex, involving contentious litigation with the secured lender, the

3  complications of public company bankruptcy filings, the emergency nature of the filing, and the amount

4  of work for Conway to undertake to assist the Debtors in determining the best path forward for

5  reorganization. These issues make it likely that Conway will incur a relatively large amount of fees each

6  month.  Second, requiring Conway to wait at least four months to receive payment would cause it to

7  suffer undue hardship. Conway anticipates that it will be required to devote significant time to assisting

8  the Debtors in reorganizing their affairs.  Without the monthly payment procedure Conway would, in

9  effect, be financing these Chapter 11 Cases.  Third, Conway will respond to any order entered by this

10  Court reassessing fees paid to it pursuant to the requested monthly payment procedure.  Fourth, as is

11  evidenced by the proof of service submitted concurrently with this Application, notice of the relief

12  requested by this Application has been provided to the U.S. Trustee, secured creditors, and the 20 largest

13  creditors.  Therefore, the proposed compensation procedure "fully allows for scrutiny of fees by

14  creditors and the court." *Knudsen* 84 B.R. at 672.

15        22.      For the reasons stated throughout this Application, the Debtors believe that

16  employing Conway as their financial advisor during these proceedings is in the best interests of the

17  estates, and, except as noted in this Application and the Perea Declaration, that Conway holds no

18  interests adverse to the Debtors or their estates with respect to the matters for which Conway is to be

19  retained.

20

21  **V.    INDEMNIFICATION OF CONWAY AND LIMITATION OF LIABILITY**

22        23.      An additional material part of the consideration for Conway's engagement is the

23  indemnification by the Debtors of Conway and its affiliates against any claims related to its services

24  under the Engagement Letter excluding Conway's gross negligence or willful misconduct as finally

25  judicially determined by a court of competent jurisdiction and a limitation of Conway's liability to the

26  Debtors.  As more fully set forth in the Engagement Letter, the Debtors also: (i) may be required to

27  contribute to any damages payable by Conway for any liability related to the services rendered; (ii) must

28  waive any claim for damages other than actual damages; and (iii) agree that Conway's liability to the

8

4816-7564-6871.5

1  Debtors, if any, is limited to the fees paid by the Debtors for services rendered.

2  **VI.    *NUNC PRO TUNC* RETENTION**

3          24.    The Debtors respectfully request that this Application for employment be

4  approved *nunc pro tunc* to May 15, 2019. Due to the complexities and fast-track nature of this case,

5  Conway was required to immediately begin working on the matter to prepare the Schedules and

6  Statement of Financial Affairs and address contested cash collateral issues. Under these circumstances,

7  the Debtors respectfully submits that granting the relief requested herein *nunc pro tunc* to May 15, 2019

8  is appropriate.

9

10  **VII.    NOTICE**

11          25.    Notice of this Motion has been provided to: (a) the Office of the United States

12  Trustee for the Central District of California; (b) the secured creditors of the Debtors and their counsel if

13  known; (c) the 20 largest unsecured creditors of the Debtors; and (d) any parties who have requested

14  notice in this case. The Debtors submit that in light of the nature of the relief requested, no further

15  notice is required.

16          WHEREFORE, the Debtors respectfully hereby move this Court for entry of an order:

17          1.    affirming the adequacy of the notice given;

18          2.    granting the Application in its entirety;

19          3.    authorizing the retention and employment of Conway as the Debtors' financial

20          advisor pursuant to 11 U.S.C. 327(a);

21          4.    authorize Conway to use the Modified Fee Application Procedures; and

22          5.    granting such other and further relief as the Court deems just and proper.

23  ///

24

25

26

27

28

DATE: MAY ____, 2019

**Scoobeez, Inc., Scoobeez Global, Inc., and Scoobur, LLC**

_____

**VERIFIED BY:**
ITS:

SUBMITTED BY:

**FOLEY & LARDNER, LLP**

_/s/Ashley M. McDow_
Ashley M. McDow

Ashley M. McDow (245114)
**FOLEY & LARDNER LLP**
555 S. Flower St., Suite 3300
Los Angeles, CA  90071
Telephone:    213.972.4500
Facsimile:    213.486.0065
Email:        amcdow@foley.com

[Proposed] Attorneys for Debtors and Debtors-
in-Possession, Scoobeez, Scoobeez Global,
Inc., and Scoobur, LLC

10

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Foley & Lardner LLP, 555 South Flower Street, Suite 3300, Los Angeles, CA 90072-2411

A true and correct copy of the foregoing document entitled (specify): **APPLICATION TO CONWAY MACKENZIE, INC.
AS FINANCIAL ADVISOR PURSUANT TO 11 U.S.C. §§ 327(A), 330, 331 & 1107, RULES 2014(A) & 2016(B) OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL BANKRUPTCY RULE 2014-1**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date)
05/23/2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
Alvin Mar    alvin.mar@usdoj.gov
Ashley M McDow    amcdow@foley.com, sgaeta@foley.com;mhebbeln@foley.com;swilson@foley.com
Rejoy Nalkara    rejoy.nalkara@americaninfosource.com
Anthony J Napolitano    anapolitano@buchalter.com, IFS_filing@buchalter.com;salarcon@buchalter.com
David L. Neale    dln@lnbyb.com
Gregory M Salvato    gsalvato@salvatolawoffices.com, calendar@salvatolawoffices.com;
jboufadel@salvatolawoffices.com; gsalvato@ecf.inforuptcy.com
Steven M Spector    sspector@buchalter.com, IFS_efiling@buchalter.com;salarcon@buchalter.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (date) 05/23/2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case
or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first
class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge
will be completed no later than 24 hours after the document is filed.
Honorable Julia W. Brand
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1382
Los Angeles, CA 90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method
for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/23/2019 | Sonia Gaeta | /s/ Sonia Gaeta |
|------------|-------------|-----------------|
| Date | Printed Name | Signature |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**915 Wilshire Boulevard, Ste 1850, Los Angeles, CA  90017**

A true and correct copy of the foregoing document entitled (*specify*):  RESPONSE TO DEBTORS' REPLY IN SUPPORT OF APPLICATION FOR AN ORDER AUTHORIZING AND APPROVING (I) APPOINTING BRIAN WEISS AS CHIEF RESTRUCTURING OFFICER OF THE DEBTORS NUNC PRO TUNC T MAY 16, 2019 (Doc. no. 100) AND REQUEST FOR CONTINUANCE OF HEARING

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On (*date*) 05/31/2019 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**SEE ATTACHED SERVICE LIST (IF APPLICABLE)**

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On 05/31/2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**SEE ATTACHED SERVICE LIST (IF APPLICABLE)**

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 05/31/2019, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**SEE ATTACHED SERVICE LIST (IF APPLICABLE)**

☒  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/31/2019 | Helen Cruz | |
|---|---|---|
| Date | Print Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

## ADDITIONAL SERVICE INFORMATION

1.    **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

John-Patrick M Fritz on behalf of Attorney Official Committee Of Unsecured Creditors
jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com

John-Patrick M Fritz on behalf of Interested Party Levene, Neale, Bender, Yoo & Brill L.L.P.
jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com

Vivian Ho on behalf of Creditor FRANCHISE TAX BOARD
BKClaimConfirmation@ftb.ca.gov

Alvin Mar on behalf of U.S. Trustee United States Trustee (LA)
alvin.mar@usdoj.gov

Ashley M McDow on behalf of Debtor Scoobeez
amcdow@foley.com, sgaeta@foley.com;mhebbeln@foley.com;swilson@foley.com;jsimon@foley.com

Ashley M McDow on behalf of Debtor Scoobeez Global, Inc.
amcdow@foley.com, sgaeta@foley.com;mhebbeln@foley.com;swilson@foley.com;jsimon@foley.com

Ashley M McDow on behalf of Debtor Scoobur LLC
amcdow@foley.com, sgaeta@foley.com;mhebbeln@foley.com;swilson@foley.com;jsimon@foley.com

Rejoy Nalkara on behalf of Creditor BMW Financial Services NA, LLC, c/o AIS Portfolio Services, LP
rejoy.nalkara@americaninfosource.com

Anthony J Napolitano on behalf of Creditor Hillair Capital Management LLC
anapolitano@buchalter.com, IFS_filing@buchalter.com;salarcon@buchalter.com

David L. Neale on behalf of Attorney Official Committee Of Unsecured Creditors
dln@lnbyb.com

David L. Neale on behalf of Interested Party Levene, Neale, Bender, Yoo & Brill L.L.P.
dln@lnbyb.com

Gregory M Salvato on behalf of Interested Party INTERESTED PARTY
gsalvato@salvatolawoffices.com,
calendar@salvatolawoffices.com;jboufadel@salvatolawoffices.com;gsalvato@ecf.inforuptcy.com

Steven M Spector on behalf of Creditor Hillair Capital Management LLC
sspector@buchalter.com, IFS_efiling@buchalter.com;salarcon@buchalter.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

*SEE NEF FOR CONFIRMATION OF ELECTRONIC TRANSMISSION TO THE U.S. TRUSTEE AND ANY TRUSTEE IN THIS CASE, AND TO ANY ATTORNEYS WHO RECEIVE SERVICE BY NEF.*

2.    **SERVED BY U.S. MAIL**

Debtor:
**Scoobeez**
Scoobeez Global, Inc.
Scoobur, LLC
3463 Foothill Blvd.
Glendale, CA 91214

Members of the Committee:

Yitzchak Abadi, CEO
Nexgen Capital, LLC
101 Chase Avenue, Suite 206
Lakewood, NJ 08701

Avitus, Inc.
Attn: Donald Reile, CCO
175 N. 27th Street, Suite 800
Billings, MT 59101

Minas Sarafian
c/o Simonian & Simonian, PLC
144 N. Glendale Avenue, Ste 228
Glendale, CA 91206

3.    **SERVED BY (state method for each person served):**

**BY OVERNIGHT DELIVERY**

Judge's Copy
The Honorable Julia W. Brand
U.S. Bankruptcy Court
255 E. Temple Street
9th Floor-Judge's Bin
Los Angeles, CA 90012

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**