Ashley M. McDow (245114)
**FOLEY & LARDNER LLP**
555 S. Flower St., Suite 3300
Los Angeles, CA 90071
Telephone: 213.972.4500
Facsimile: 213.486.0065
Email: amcdow@foley.com

Proposed Attorneys for Debtors and Debtors-in-Possession, Scoobeez, Scoobeez Global, Inc., and Scoobur, LLC

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>SCOOBEEZ, *et al.*[1]<br><br>    Debtors and Debtors in Possession.<br><br>Affects:<br><br>■ All Debtors<br><br>☐ Scoobeez, ONLY<br><br>☐ Scoobeez Global, Inc., ONLY<br><br>☐ Scoobur LLC, ONLY | Case Nos.: 2:19-bk-14989; 2:19-bk-14991; 2:19-bk-14997<br><br>Chapter 11<br><br>**DEBTORS' SUPPLEMENTAL BRIEF IN SUPPORT OF APPLICATION FOR AN ORDER AUTHORIZING AND APPROVING (I) APPOINTING BRIAN WEISS AS CHIEF RESTRUCTURING OFFICER OF THE DEBTORS NUNC PRO TUNC TO MAY 16, 2019**<br><br><u>Hearing:</u><br>Date:   June 6, 2019<br>Time:  10:00 a.m.<br>Place:  Courtroom 1375<br>           U.S. Bankruptcy Court<br>           255 East Temple Street<br>           Los Angeles, CA 90012 |

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Scoobeez (6339); Scoobeez Global, Inc. (9779); and Scoobur, LLC (0343). The Debtors' address is 3463 Foothill Boulevard, Glendale, California 91214.

---

DEBTORS' SUPPLEMENTAL BRIEF IN SUPPORT OF APPLICATION FOR APPOINTMENT OF CHIEF RESTRUCTURING OFFICER
4839-1970-5496.1

**TO THE HONORABLE JULIA W. BRAND, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, SECURED CREDITORS, OFFICIAL COMMITTEE OF UNSECURED CREDITORS, AND ALL INTERESTED PARTIES AND/OR THEIR COUNSEL OF RECORD:**

Debtors and debtors-in-possession Scoobeez, Scoobeez Global, Inc. and Scoobur, LLC (collectively, the "Debtors") submit this Supplemental Brief in support of their Application for an Order Authorizing and Approving (I) Appointing Brian Weiss as Chief Restructuring Officer of the Debtors *Nunc Pro Tunc* to May 16, 2019 (the "CRO Application").[2]  In support of the CRO Application, the Debtors respectfully state as follows:

**I.    BACKGROUND**

On May 16, 2019, the Debtors filed the CRO Application.

On May 23, 2019, the UST filed his Objection to Application for an Order Authorizing and Approving (1) Appointment of Brian Weiss as Chief Restructuring Officer of the Debtors *Nunc Pro Tunc* to May 16, 2019 (the "UST Opposition").  Also on May 23, 2019, the Official Committee of Unsecured Creditors (the "Committee") filed its Opposition to Debtors' Application for an Order Authorizing and Approving (I) Appointing Brian Weiss as Chief Restructuring Officer of the Debtors *Nunc Pro Tunc* to May 16, 2019 (the "Committee Opposition" and collectively with the UST Opposition, the "Oppositions").

On May 28, 2019, the Debtors filed their Reply in support of their Application for an Order Authorizing and Approving (I) Appointing Brian Weiss as Chief Restructuring Officer of the Debtors *Nunc Pro Tunc* to May 16, 2019 (the "Debtors' Reply").  In the Debtors' Reply, the Debtors addressed the arguments made by the UST and the Committee in the Oppositions.

On May 31, 2019, the UST filed his Response to Debtors' Reply in Support of Application for an Order Authorizing and Approving (I) Appointing Brian Weiss as Chief Restructuring Officer of the Debtors *Nunc Pro Tunc* to May 16, 2019 and Request for Continuance of Hearing (the "UST Supplemental Brief").  Also on May 31, 2019, the Committee filed its Limited Opposition to Debtors' Application for an Order Authorizing and Approving (I)

---

[2] Capitalized terms used but not defined herein shall have the meaning given them in the Application.

- 1 -

Appointing Brian Weiss as Chief Restructuring Officer of the Debtors *Nunc Pro Tunc* to May 16, 2019 (the "Committee Supplemental Brief").

For the reasons set forth below, in the Application, and in the Debtors' Reply, the Debtors submit that the Court should grant the Application and that any opposition to the Application should be overruled.

## II. DISCUSSION

As the above makes clear, there already has been significant briefing on the Application. The Debtors will not burden the Court with extensive, repetitive argument. Rather, the Debtors file this Supplemental Brief for the limited purposes of (a) responding to any new arguments raised by the UST in the UST Supplemental Brief[3] and (b) emphasizing certain arguments that they believe compel overruling any opposition to the Application.

### A. The Debtors' Primary Creditor Constituencies – Hillair and the Committee – Either Support, or are Expected to Support, the Appointment of the CRO, and Oppose the Appointment of a Chapter 11 Trustee.

Based upon the Debtors' extensive work to address the parties' issues, the Debtors' primary creditor constituencies, whose money is at stake in these chapter 11 proceedings, either support the appointment of the CRO, or are expected to imminently support the appointment of the CRO. For its part, in the most recent version of the proposed Cash Collateral Stipulation, Hillair has made the appointment of an independent CRO, and the reporting of the Debtors' officers to such CRO, a condition to its consent to the Debtors' continued use of cash collateral. See Second Stipulation Between the Debtors and Hillair Capital Management for (1) Authorization to Use Cash Collateral on an Interim Basis; and (2) Appointment of a Chief Restructuring Officer. And while the Committee initially objected to the retention of the CRO, the Committee, the Debtors and Hillair are on the cusp of a resolution of the Committee's

---

[3] In the Committee Supplemental Brief, the Committee notes that it is "in ongoing discussions in an attempt to resolve the Committee's concerns about the Application as outlined in the Opposition" and "at this time the Committee stands on its Opposition." See Committee Supplemental Brief, at p. 2. Thus, the Debtors will not address the Committee Supplemental Brief in this Supplemental Brief.

- 2 -

objections. Moreover, the Debtors and Hillair oppose the appointment of a chapter 11 trustee, and upon the expected imminent resolution of the Committee's issues, the Committee will as well. Thus, the UST is the only party still pursuing an objection to the Debtors' retention of the CRO. And while the UST's views are certainly entitled to consideration by the Court, the Debtors submit that, given that the Debtors' primary creditor constituencies desire the appointment of the CRO, along with the other factors set forth below, appointment of a CRO is appropriate here.

**B.   The Debtors Have Addressed Any Corporate Governance Concerns Expressed by the UST.**

In the UST Supplemental Brief, the UST expressed concern that the board of directors of Scoobeez Global, Inc. consisted of one person – Mr. Ohanessian – and that the CRO would report to that board of directors. See UST Supplemental Brief, at p. 3-4. But this should no longer be a concern of the UST. In the resolution referenced above that the Debtors have tentatively reached with the Committee and Hillair, going forward the Debtors' board will consist of (i) the CRO, (ii) Daniel Harrow, an independent turnaround expert who has no previous relationship with the Debtors, and (iii) a member designated by the Committee and accepted by the Debtors who has similarly represented that he has no previously relationship with the Committee or its members, who sought his appointment, nor creditors. Thus, the independent CRO will be reporting to a completely independent board. Moreover, the officers will report to the CRO.

**C.   The CRO and the Debtors' Financial Advisors Will Avoid Duplication of Efforts.**

In the UST Supplemental Brief, the UST expresses concern that "the opportunity for duplication is obvious between the CRO and Conway MacKenzie." See UST Supplemental Brief, at p. 10. But the "opportunity" for duplication of efforts is not the same thing as actual duplication of efforts. The Debtors, the CRO, and Conway are cognizant of the concerns expressed by the UST (and others) regarding potential duplication of effort, and will make every

- 3 -
DEBTORS' SUPPLEMENTAL BRIEF IN SUPPORT OF APPLICATION FOR APPOINTMENT OF CHIEF RESTRUCTURING OFFICER

4839-1970-5496.1

effort to avoid duplication of efforts. To the extent that the UST (or others) believe that the Debtors, the CRO and Conway have fallen short of their pledges to avoid duplication of efforts, such can be addressed when the CRO and/or Conway submit their fees for review, and objection if deemed appropriate, by the parties and/or the Court.

### D. The Court Should Not Continue the Hearing on the Application to Permit the UST to File a Motion for Appointment of a Chapter 11 Trustee

In the UST Supplemental Brief, the UST again argues that the appointment of a chapter 11 trustee is appropriate here. More specifically, the UST argues that under section 1104(a)(1) of the Bankruptcy Code, the Court need only find "fraud, dishonesty, incompetence, or gross mismanagement" by "current management" of the Debtors in order to appoint a chapter 11 trustee. See UST Supplemental Brief, at p. 6. But these cases were filed five weeks ago, and the UST still has not presented any admissible evidence to support the appointment of a chapter 11 trustee. What's more, if the CRO Application is granted, the Debtors will have a new person (the CRO) in charge of the Debtors' management, not to mention a new, independent board of directors to which the CRO will report.

The UST also argues that appointment of a chapter 11 trustee is appropriate under section 1104(a)(2) of the Bankruptcy Code because section 1104(a)(2) permits the appointment of a chapter 11 trustee if the "practical reality" is that a trustee is needed. See UST Supplemental Brief, at p. 7. The Debtors will not respond here to every point the UST makes with respect to this argument. However, the Debtors submit that the "practical reality" here is that the Debtors have taken the actions discussed above, in communication and expected resolution with their primary creditor constituencies, to satisfy such creditors that whatever issues were of concern to them prior to the commencement of these cases are not continuing going forward. As restructured internally, the Debtors are trustworthy and will be even more so if the CRO is appointed. Under the new management structure, the Debtors have a high prospect of a

- 4 -

successful reorganization. The creditors have expressed significant confidence in the present management. Most recently, representatives from Hillair were extremely complimentary of George Voskanian after meeting with him on June 3, 2019. The Debtors and their economic stakeholders ought to be given an opportunity to let their efforts bear fruit without the imposition of the extraordinary remedy of the appointment of a chapter 11 trustee.

The appointment of a chapter 11 trustee would have a fatal impact on this business, particularly given that the Debtors have one customer (Amazon) – an incredible business relationship that Debtors would stand to lose upon the appointment of a trustee. Balancing the equities, the significant risk associated with losing Amazon's business (which would unequivocally sound the death knell for the Debtors) is not even remotely outweighed by any benefit to be served by a trustee (which is essentially non-existent, especially if a CRO is appointed).

In any event, the Court should not delay the hearing on the CRO Application to permit the UST to file a motion for the appointment of a chapter 11 trustee. It is imperative that the Debtors be allowed to focus on running their business and negotiating with their creditor constituencies over the terms of a chapter 11 plan and exit from bankruptcy. The appointment of a chapter 11 trustee, which the Debtors (and, likely, others) would object to, would only serve to significantly disrupt - and lengthen, likely by weeks if not months - these chapter 11 cases, and add expense. If, at some point in the future, after the CRO and independent board have had a chance to do their jobs, the UST believes the appointment of a chapter 11 trustee is still warranted, he can file a motion at that time.

**III.    CONCLUSION**

Based upon the foregoing, the Debtors respectfully request that the Court enter an order authorizing and approving the retention of Weiss as Chief Restructuring Officer of the Debtors

- 5 -

*Nunc Pro Tunc* to May 16, 2019; overruling the UST Opposition and the Committee Opposition; and granting such other and further relief as the Court deems just and proper.

Dated:  June 4, 2019

Respectfully submitted,

**FOLEY & LARDNER LLP**

By:  /s/ Ashley M. McDow
Ashley M. McDow
John A. Simon (admitted Pro Hac Vice)
Mark F. Hebbeln (admitted Pro Hac Vice)
555 S. Flower Street, Suite 3300
Los Angeles, CA 90071
amcdow@foley.com
jsimon@foley.com
mhebbeln@foley.com

Proposed Attorneys for Scoobeez, Scoobeez Global, Inc., and Scoobur, LLC, Debtors and Debtors-in-Possession

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Foley & Lardner LLP, 555 South Flower Street, Suite 3300, Los Angeles, CA 90072-2411

A true and correct copy of the foregoing document entitled (*specify*): **DEBTORS' SUPPLEMENTAL BRIEF IN SUPPORT OF APPLICATION FOR AN ORDER AUTHORIZING AND APPROVING (I) APPOINTING BRIAN WEISS AS CHIEF RESTRUCTURING OFFICER OF THE DEBTORS NUNC PRO TUNC TO MAY 16, 2019**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 06/04/2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Alvin Mar    alvin.mar@usdoj.gov
Ashley M McDow    amcdow@foley.com, sgaeta@foley.com;mhebbeln@foley.com;swilson@foley.com
Rejoy Nalkara    rejoy.nalkara@americaninfosource.com
Anthony J Napolitano    anapolitano@buchalter.com, IFS_filing@buchalter.com;salarcon@buchalter.com
David L. Neale    dln@lnbyb.com
Gregory M Salvato    gsalvato@salvatolawoffices.com, calendar@salvatolawoffices.com; jboufadel@salvatolawoffices.com; gsalvato@ecf.inforuptcy.com
Steven M Spector    sspector@buchalter.com, IFS_efiling@buchalter.com;salarcon@buchalter.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) 06/04/2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Julia W. Brand
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1382
Los Angeles, CA 90012

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 06/04/2019 | Ashley M. McDow | /s/ Ashley M. McDow |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**