William B. Sullivan [CSB No. 171637]
helen@sullivanlawgroupapc.com
Eric K. Yaeckel [CSB No. 274608]
yaeckel@sullivanlawgroupapc.com
Andrea J. Torres-Figueroa [CSB No. 314818]
andrea@sullivanlawgroupapc.com
**SULLIVAN LAW GROUP, APC**
2330 Third Avenue
San Diego, California 92101
(619) 702-6760 * (619) 702-6761 FAX

Attorneys for Plaintiff ARTURO VEGA, in a Representative capacity, and on behalf of other members of the general public similarly situated

**GRAHAMHOLLIS APC**
Graham S.P. Hollis (SBN 120577)
ghollis@grahamhollis.com
Nicole R. Roysdon (SBN 262237)
nroysdon@grahamhollis.com
3555 Fifth Avenue Suite 200
San Diego, California 92103
Telephone: 619.692.0800
Facsimile: 619.692.0822

Attorneys for Plaintiff UNTA KEY and Aggrieved Employees

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES

| | |
|---|---|
| In re: SCOOBEEZ, et al. | LEAD CASE NO. 2:19-bk-14989-WB<br><br>**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOVANTS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY** |

## I. INTRODUCTION

Pursuant to 11 U.S.C. § 362(d) of the Bankruptcy Code, and Rule 4001 of the Federal Rules of Bankruptcy Procedure, Arturo Vega and Unta Key ("Vega," "Key" or collectively "Movants"), through their undersigned counsel, hereby moves the Court for an entry of an order terminating and providing relief from the automatic stay imposed under Section 362(a) of the Bankruptcy Code, to allow Movants to resume and pursue a California State Court case involving Private Attorney Gernral Act ("PAGA") claims that was pending before the petition date, entitled *Vega, et al. v. Scoobeez, et al.*, currently pending in the San Diego Superior Court, Case Number 37-2017-00018285-CU-OE-CTL (the "Vega/Key action.")

This motion is made on the grounds that the Plaintiffs in the Vega/Key action seek civil penalties on behalf of the State of California against SCOOBEEZ. These exact PAGA claims, which seek only civil penalties, have been specifically held to be **not subject to discharge** in a bankruptcy proceeding. 11 U.S.C. § 523(a)(7); *Medina v. Vander Poel* (E.D. Cal. 2015) 523 B.R. 820, 825-30. Therefore there are no grounds for a continued stay of that State Court litigation.

This Court has jurisdiction over this Motion pursuant to 11 U.S.C. § 362 of the U.S. Bankruptcy Code, and Movants seeks relief from the automatic stay for all purposes allowed by U.S. Bankruptcy law and State law to pursue the remedies sought in the civil action identified above.

## II. PROCEDURAL HISTORY AND STATEMENT OF RELEVANT FACTS

Prior to filing the Vega/Key action, both named Plaintiffs sent written notice to the California Labor & Workforce Development Agency ("LWDA") pursuant to Labor Code section 2699.3(a)(1). The notice letters detailed the violations of the Labor Code, with supporting factual allegations, alleged to have been committed by SCOOBEEZ. (See Exhibits A and B, to the Complaint attached as Exhibit 1 to the accompanying declaration of Eric K. Yaeckel.)

On May 19, 2017, Plaintiff Vega filed his original Complaint in the Vega/Key action. An amended consolidated complaint was later filed on June 14, 2018, adding additional allegations and parties. (See **Ex. 1** to the accompanying declaration of Eric K. Yaeckel.). This remains the operative pleadings in the Vega/Key Action. In addition to SCOOBEEZ, the Complaint names multiple non-debtor parties as co-defendants. (Ex. 1 at ¶¶ 13-17).

The operative Complaint is brought solely pursuant to the Private Attorneys General Act of 2004 ("PAGA") and alleges nine causes of action based on violations of the California Labor Code. Such violations include, but are not limited to, SCOOBEEZ's practices of failing to pay for all worked, failure to maintain accurate records, failure to provide lawful meal and rest periods, failure to provide proper reimbursement for business expenses, and improper retention of gratuities. (See **Ex. 1**.)

The only remedy sought in the Complaint is civil penalties pursuant to the PAGA statute. Pursuant to the PAGA statute 75% of penalties recovered in the Vega/Key action are to be distributed to the State of California's Labor and Workforce Development Agency. (Labor Code § 2699(i)). The remaining 25% is distributed to the aggrieved employees. (*Id.*)

On April 30, 2019, SCOOBEEZ filed as "Notice of Stay of Proccedings" in the Vega/Key action. (See **Ex. 2** to the declaration of Eric K. Yaeckel.) The notice indicated the case was stayed "[w]ith regard to all parties." (See **Ex. 2** to the accompanying declaration of Eric K. Yaeckel). The Court accepted this notice and the Registrar of Actions confirms "all proceedings [are] stayed" in the Vega/Key matter. (See **Ex. 3** to the accompanying declaration of Eric K. Yaeckel.)

### III. LEGAL AUTHORITY

To obtain relief from the automatic stay, the movant must first establish a prima facie case that "cause" exists for the relief under Section 362(d)(1). (*See In re Duvar Apt., Inc.*, 205 B.R. 196, 200 (9th Cir. BAP 1996).) Once a prima facie case has been established, the burden shifts to the debtor to show that relief from the stay is unwarranted. (See 11 U.S.C. § 362(g)(2); *In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1285 (2d Cir. 1990).)

The code is clear that a discharge will not apply where "the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss.." 11 U.S.C.A. § 523(7).

Other circuits have noted that four requirements must be met in order for a debt to be non-dischargeable under § 523(a)(7). The debt must: (1) be a fine, penalty, or forfeiture, (2) be payable to a governmental unit; (3) be payable for the benefit of a governmental unit, and (4) not be compensation for actual pecuniary loss. *In re McDowell,* 415 B.R. 612, 616-617 (Bankr.S.D.Fla.2008).

PAGA functions as a police action on behalf of the government:

> Because an aggrieved employee's action under the [PAGA] functions as a substitute for an action brought by the government itself, a judgment in that action binds all those, including nonparty aggrieved employees, who would be bound by a judgment in an action brought by the government. The act authorizes a representative action only for the purpose of seeking statutory penalties for Labor Code violations (Lab.Code, § 2699, subds.(a), (g)), and an action to recover civil penalties 'is fundamentally a law enforcement action designed to protect the public and not to benefit private parties'
>
> [...]
>
> **The civil penalties recovered on behalf of the state under the PAGA are distinct from the statutory damages** to which employees may be entitled in their individual capacities.

(*Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348, 381 (emphasis added)).

The purpose of PAGA penalties is to serve to deter Labor Law violations:

> Representative PAGA actions 'directly enforce the state's interest in penalizing and deterring employers who violate California's labor laws.' (*Iskanian v. CLS Transportation Los Angeles, LLC, supra*, 59 Cal.4th at p. 387, 173 Cal.Rptr.3d 289, 327 P.3d 129; see *Arias v. Superior Court, supra*, 46 Cal.4th at pp. 980–981, 95 Cal.Rptr.3d 588, 209 P.3d 923.) **Hurdles that impede the effective prosecution of representative PAGA actions undermine the Legislature's objectives**.

(*Williams v. Superior Court* (2017) 3 Cal.5th 531, 548 (emphasis added).)

In the Bankruptcy context it has been previously held that the PAGA claims fell within the discharge exception for debts for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit. (*Medina v. Vander Poel* (E.D. Cal January 21, 2015) 523 B.R. 820, 825-30.)

The *Medina* Court made this finding based on the fact that "there is no reason to believe that the 'civil penalties' described in PAGA are anything but punitive in nature or that they are 'compensation for actual pecuniary loss.'" (*Medina,* 523 B.R. at 826.)

The Court specifically found that a PAGA action is for the benefit of a governmental unit (the LWDA) despite the argument that there were separate fees and costs that could be awarded (*Id.*) Finally the Court conluded (consistent with the PAGA statute) that the penalties are "payable" to a governmental unit. (*Id.* at 826-827.)

While Medina appears to be the only reported case addressing the applicability of 11 U.S.C.A. § 523(7) and PAGA claims, other Court's have held similarly with regards to other types of civil penalties. (*In re Taite* (C.D. Cal. 1987) 76 B.R. 764, 769 [holding "the civil penalties of $750,000

imposed against Debtors are a debt for a 'penalty payable to or for the benefit of a governmental unit' within the meaning of Section 523(a)(7). This penalty is therefore automatically nondischargeable."].)

### IV. ARGUMENT

**A. THE PAGA CLAIMS IN THE VEGA / KEY LITIGATION ARE NOT SUBJECT TO DISCHARGE**

The Vega / Key action is brought solely as a PAGA only representative action. (Ex. 1). There is no dispute that this litigation seeks civil penalties, pursuant to statute, on behalf of the State of California.

The *Medina* Court has clearly instructed that it was error for the bankruptcy court to conclude "that civil penalties under the California Private Attorneys General Act ("PAGA"), Cal. Labor Code. § 2699, et seq., do not fall within the exception to discharge set forth in 11 U.S.C. § 523(a)(7)."

In fact, the Court went as far as to say declining to allow prosecution of PAGA claims because of a bankruptcy could lead to an "absurd consequence, wherein the bankruptcy code would completely shield labor code violators from the consequences of their illegal activities." (*Medina*, 523 B.R. at 830.)

There is no reason for this Court to depart from this clear holding. Movants' state court action should be permitted to proceed as any judgment: (1) will not be subject to discharge in bankruptcy; and (2) serves the important public policy goal of Labor Code enforcement.

**B. OTHER RELEVANT FACTORS ALSO SUPPORT A LIFT OF THE STAY**

Movants submit *Medina* is directly on point and therefore the Court need not consider additional factors which may, or may not, support a stay.

However, should this Court wish to do so, case law has identified twelve nonexclusive factors a bankruptcy court should weigh in determining whether the stay should be lifted to allow a creditor to continue pending litigation in a non-bankruptcy forum. These factors also support lifting the stay in this case.

Those twelve factors are:

1. Whether the relief will result in a partial or complete resolution of the issues;

2. The lack of connection or interference with the bankruptcy case;

3. Whether the foreign proceeding involves the debtor as a fiduciary;

4. Whether a specialized tribunal has been established to hear the particular cause of action and whether that tribunal has the expertise to hear such cases;

5. Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;

6. Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question;

7. Whether the litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties;

8. Whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c);

9. Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f);

10. The interests of judicial economy and the expeditious and economical determination of litigation for the parties;

11. Whether the foreign proceedings have progressed to the point where the parties are prepared for trial; and

12. The impact of the stay on the parties and the "balance of hurt."

(*In re Sonnax Indus., Inc.*, (2d Cir. 1990) 907 F.2d 1280, 1286; *In re Plumberex Specialty Products, Inc.* (C.D. Cal. 2004) 311 B.R. 551, 559.)

All twelve factors are not relevant or applicable in every case. (*In re Sonnax Indus., Inc.*, 907 F.2d at 1286.) Nor is a court required to give each factor equal weight when making its determination. (*In re Burger Boys*, *Inc.*, (S.D.N.Y. 1994) 183 B.R. 682, 688.)

As an initial matter, the third through sixth, eighth and ninth factors do not apply here. The remaining factors all weigh heavily in favor of granting the Movant relief from the stay.

As to the first factor, the relief will allow Movants to resolve all of their outstanding issues with the debtor via the state court action.

As to the second factor, Movants' state court litigation has no direct connection to the bankruptcy case. Prosecution of the claims cannot interfere with, or effect, the bankruptcy case as any judgment in the Vega/Key action will not be subject to a bankruptcy discharge.

As to the seventh factor, there will be no prejudice to other creditors for the same reasons. Since the penalties sought will not be discharged in bankruptcy, creditors can still continue their own collection efforts through the bankruptcy.

As to the tenth factor, the interests of judicial economy would be minimally impacted by relief from the stay. The Vega/Key action will need to proceed to a trial and cannot be resolved in the bankruptcy proceeding. Therefore there is no reason to delay the case from moving forward. Trial is scheduled for March 6, 2020. (See **Ex. 3**.) If the stay is not lifted the trial court's schedule will be impacted.

As to the eleventh factor, substantial discovery and litigation have already occurred in the Vega/Key action. Both Plaintiffs were deposed and the majority of the Defendants have been deposed. Should the stay be lifted Movants will be ready for trial as scheduled on March 6, 2020.

As to the twelfth factor, the imposition of a stay harms not only Movants, but a group of approximately 2,000 employees whom Movants are seeking to represent by way of their representative PAGA action. In the Vega/Key action many of the alleged Labor Code violations are ongoing. So a delay only does a further disservice to this workforce. Finally, the State of California, who would be able to collect 75% of any judgment, is also adversely impacted by a stay.

In addition to the fact that the Vega/Key action seeks non-dischargeable penalties, all other relevant factors also support that the bankruptcy stay be lifted.

**C.    THE STAY IMPROPERLY SHIELDS MULTIPLE OTHER CO-DEFENDANTS FROM THE PROSECUTION OF LABOR CODE CLAIMS**

As noted above, SCOOBEEZ is only one of several Defendants in the Vega/Key action. However, SCOOBEEZ bankruptcy filing has caused a stay of the entire litigation, as to all Defendants. Because this stay has prevented Plaintiffs from prosecuting the alleged Labor Code violations against all of the other parties, public policy further supports lifting the stay to ensure Labor Code compliance.

The law already confirms that the stay as to SCOOBEEZ should not impact Plaintiff's ability to prosecute claims against other co-defendants who are not bankruptcy debtors:

> the automatic stay of judicial proceedings against a debtor in bankruptcy does not apply to nondebtor codefendants." (*Cross v. Cooper* (2011) 197 Cal.App.4th 357, 365, fn. 2, 127 Cal.Rptr.3d 903 (*Cross*); accord, *Danko v. O'Reilly* (2014) 232 Cal.App.4th 732, 748, 181 Cal.Rptr.3d 304 (*Danko*) [" 'automatic stay does not ... apply to nondebtor entities such as ... codefendants' "]. ) As a general rule, therefore, because "the automatic stay protects only the debtor," the "[b]ankruptcy of one defendant in a multidefendant case does not stay the case as to the remaining defendants." (March et al., Cal. Practice Guide: Bankruptcy (The Rutter Group 2016) ¶ 8:100, p. 8(I)-8, ¶ 8:125, p. 8(I)-11 [citing federal authorities].)

(*Higgins v. Superior Court*, (2017) 15 Cal.App.5th 973, 979-80; Accord *Freiberg v. City of Mission Viejo*, (1995) 33 Cal.App.4th 1484, 1488).

Additionally, shielding non debtor co defendants in the Vega/Key action is contrary to public policy given California's "interest in penalizing and deterring employers who violate California's labor laws." (*Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348, 387.)

The Vega/Key action asserts that numerous other Defendants including, but not limited to Amazon.Com, Inc. Avitus, Inc. and Scoobeez SD LLC were acting as their co-employers and therefore are liable for numerous labor code allegations. (See **Ex. 1** at ¶¶ 30-36.) Accordingly, it was error for the Vega/Key action to be stayed in its entirety as to all co-defendants. (See **Exs. 2-3**, confirming the stay of the *entire* proceeding.)

Accordingly, the stay should be lifted so Movants can continue to prosecute all of the alleged Labor Code violations.

## IV. CONCLUSION

Based on the foregoing, Movants respectfully request that the Court enter an order granting relief from stay.

Dated:  June 21, 2019

**SULLIVAN LAW GROUP, APC**

/s/ *Eric K. Yaeckel*

---

William B. Sullivan
Eric K. Yaeckel
Andrea J. Torres-Figueroa
Attorneys for MOVANTS ARTURO VEGA and UNTA KEY