Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number
A. Jacob Nalbandyan, Esq. (SBN 2702023); Sara Y. Showkatian, Esq. (SBN 316949)

jnalbandyan@LNtriallawyers.com; sshowkatian@LNtriallawyers.com

811 Wilshire Blvd, Suite 800
Los Angeles, CA  90017
(213) 232-4848

☐ Individual appearing without counsel
☒ Attorney for: Roy Anthony Castellanos

FOR COURT USE ONLY

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

In re:

Scoobeez, et al.
3463 Foothill Blvd.
Glendale, CA 91214
EID 47-1996339

Debtor(s).

CHAPTER: 11

CASE NO.: 2:19-bk-14989-WB

DATE: August 1, 2019
TIME: 10:00 A.M.
CTRM: 1375
FLOOR: 13th Floor

# NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations)

**(MOVANT:  Roy Anthony Castellanos                    )**
**(Action in Non-bankruptcy Forum)**

1. NOTICE IS HEREBY GIVEN to the Debtor(s) and Trustee (if any)("Responding parties"), their attorneys (if any), and other interested parties that on the above date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order granting relief from the automatic stay as to Debtor(s) and Debtor's(s') bankruptcy estate on the grounds set forth in the attached Motion.

2. Hearing Location:   ☒ **255 East Temple Street, Los Angeles**       ☐ **411 West Fourth Street, Santa Ana**
   ☐ **21041 Burbank Boulevard, Woodland Hills**       ☐ **1415 State Street, Santa Barbara**
   ☐ **3420 Twelfth Street, Riverside**

3. a. ☒ This Motion is being heard on REGULAR NOTICE pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response to this Motion with the Bankruptcy Court and serve a copy of it upon the Movant's attorney (or upon Movant, if the Motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and must appear at the hearing of this Motion.

   b. ☐ This Motion is being heard on SHORTENED TIME. If you wish to oppose this Motion, you must appear at the hearing. Any written response or evidence must be filed and served:

      ☐ at the hearing       ☐ at least _____ court days before the hearing.

   (1) ☐ A Motion for Order Shortening Time was not required (according to the calendaring procedures of the assigned judge).

   (2) ☐ A Motion for Order Shortening Time was filed per Local Bankruptcy Rule 9075-1(b) and was granted by the Court.

   (3) ☐ A Motion for Order Shortening Time has been filed and remains pending. Once the Court has ruled on that Motion, you will be served with another notice or an order that will specify the date, time, and place of the hearing on the attached Motion and the deadline for filing and serving a written opposition to the Motion.

4. You may contact the Bankruptcy Clerk's Office to obtain a copy of an approved court form for use in preparing your response (*Optional Court Form F 4001-1.RES),* or you may prepare your response using the format required by Local Bankruptcy Rule 1002-1.

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised May 2004*                                                                    **F4001-1M.NA**

Case 2:19-bk-14989-WB    Doc 171    Filed 07/03/19    Entered 07/03/19 15:07:37    Desc
Motion for Relief from Stay (Non-bankruptcy Action) Page 2 of ____
Main Document    Page 2 of 23

F 4001-1M.NA

| In re | (SHORT TITLE) | CHAPTER: 11 |
|-------|---------------|-------------|
| Scoobeez | Debtor(s). | CASE NO.: 2:19-bk-14989-WB |

5. If you fail to file a written response to the Motion or fail to appear at the hearing, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Dated: 07/03/2019

Levin & Nalbandyan, LLP
_Print Law Firm Name (if applicable)_

Sara Y. Showkatian
_Print Name of Individual Movant or Attorney for Movant_

/s/ Sara Y. Showkatian
_Signature of Individual Movant or Attorney for Movant_

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

F4001-1M.NA

Revised May 2004

F 4001-1M.NA

| In re | (SHORT TITLE) | CHAPTER: 11 |
|---|---|---|
| Scoobeez | Debtor(s). | CASE NO.: 2:19-bk-14989-WB |

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## (MOVANT:  Roy Castellanos                                      )

**1. The Non-bankruptcy Action:** Movant moves for relief from the automatic stay as to Debtor(s) and Debtor's(s') bankruptcy estate with respect to the following pending lawsuit or administrative proceeding (the "Non-bankruptcy Action") in a non-bankruptcy forum:

Case name: Roy Castellanos v. Scoobeez
Docket number: BC701427
Court or agency where pending: Los angeles Superior Court

**2. Case History:**

a. ☒ A voluntary ☐ An involuntary   petition under Chapter   ☐ 7   ☒ 11   ☐ 12   ☐ 13
   was filed on (specify date):

b. ☐ An Order of Conversion to Chapter   ☐ 7   ☐ 11   ☐ 12   ☐ 13
   was entered on (specify date):

c. ☐ Plan was confirmed on (specify date):

d. ☐ Other bankruptcy cases affecting this action have been pending within the past two years. See attached Declarations.

e. For additional case history, see attached continuation page.

**3. Grounds for Relief from Stay:** Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay to proceed with the Non-bankruptcy Action to final judgment in the non-bankruptcy forum for the following reasons:

a. ☐ The bankruptcy case was filed in bad faith specifically to delay, hinder or interfere with prosecution of the Non-bankruptcy Action.

b. ☒ The claim is insured. Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor(s) or estate property.

c. ☐ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor(s) or estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

d. ☐ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor(s) or estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

e. ☐ The claims are non-dischargeable in nature and can be most expeditiously resolved in the non-bankruptcy forum.

f. ☒ The claims at issue arise under non-bankruptcy law and can be most expeditiously resolved in the non-bankruptcy forum.

g. ☐ Other reasons to allow the Non-bankruptcy Action to proceed are set forth in an attached Declaration.

4. ☐ Movant also seeks annulment of the stay so that filing of the bankruptcy petition does not affect any and all of the enforcement actions that were taken after the filing of the bankruptcy petition in this case, as specified in the attached Declaration(s).

**5. Evidence in Support of Motion:** *(Important Note: Declaration(s) in support of the Motion MUST be attached hereto.)*

a. ☒ Movant submits the attached Declaration(s) to provide evidence in support of this Motion pursuant to Local Bankruptcy Rules.

b. ☐ Movant requests that the Court consider as admissions the statements made by Debtor(s) under penalty of perjury concerning Movant's claims set forth in Debtor's(s') Schedules. Authenticated copies of the relevant portions of the Schedules are attached as Exhibit _____ .

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

F4001-1M.NA

| In re | (SHORT TITLE) | CHAPTER: 11 |
|---|---|---|
| Scoobeez | Debtor(s). | CASE NO.: 2:19-bk-14989-WB |

c.  ☐  Other evidence (*specify*):

6.  ☐  **An optional Memorandum of Points and Authorities is attached to this Motion.**

**WHEREFORE, Movant prays-that this Court issue an Order granting the following:**

1.  Relief from the stay to Movant (and its successors and assigns, if any) (*check boxes re all applicable relief requested*):

    a.  ☐  Terminating the stay as to Debtor(s) and Debtors(s') bankruptcy estate.

    b.  ☐  Annulling the stay so that the filing of the bankruptcy petition does not affect post petition acts, as specified in the attached Declaration(s).

    c.  ☐  Modifying or conditioning the stay as set forth in the attached continuation page:

2.  Allowing Movant to proceed under applicable non-bankruptcy law to enforce its remedies to proceed to final judgment in the non-bankruptcy forum, provided that the stay remains in effect with respect to enforcement of any judgment against Debtor(s) or estate property.

3.  ☒  Additional provisions requested:

    a.  ☒  That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

    b.  ☐  That the 10-day stay prescribed by Bankruptcy Rule 4001(a)(3) be waived.

    c.  ☐  That the Extraordinary Relief be granted as set forth in the Attachment (*attach Optional Court Form F 4001-IM.ER*).

    d.  ☐  For other relief requested, see attached continuation page.

4.  If relief from stay is not granted, Movant respectfully requests the Court to order adequate protection.

Dated: 07/03/2019

Respectfully submitted,

Roy Castellanos
*Movant Name*

Levin & Nalbandyan, LLP
*Firm Name of Attorney for Movant (if applicable)*

By:  /s/ Sara Y. Showkatian
*Signature*

Name:  Sara Y. Showkatian
*Typed Name of Individual Movant or Attorney for Movant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised May 2004                                                                                                    F4001-1M.NA

**F 4001-1M.NA**

| In re | (SHORT TITLE) | CHAPTER: 11 |
|---|---|---|
| Scoobeez | Debtor(s). | CASE NO.: 2:19-bk-14989-WB |

## DECLARATION RE ACTION IN NON-BANKRUPTCY FORUM
### (MOVANT: Sara Y. Showkatian _____ )

I, Sara Y. Showkatian _____, declare as follows:
(*Print Name of Declarant*)

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding the state court lawsuit, administrative proceeding, or other action in a non-bankruptcy forum ("Non-bankruptcy Action") that is the subject of this Motion because:

a. ☐ I am the Movant.

b. ☒ I am the Movant's attorney of record in the Non-bankruptcy Action.

c. ☐ I am employed by the Movant as (*state title and capacity*):

d. ☐ Other (*specify*):

2. I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the Non-bankruptcy Action. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the Court if required.

3. The Non-bankruptcy Action at issue is currently pending as:

Case name:  Roy Castellanos v. Scoobeez

Docket number:  BC701427

Court or agency where pending:  Los angeles Superior Court

4. **Procedural Status:**

a. The causes of action pleaded in the non-bankruptcy forum are (*list*):

1. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
2. DISABILITY DISCRIMINATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT
3. RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT

True and correct copies of the pleadings filed before the non-bankruptcy forum are attached hereto as Exhibit   A____ .

b. The Non-bankruptcy Action was filed on (*specify date*):  04/10/2018

c. Trial or hearing began/is scheduled to begin on (*specify date*):

d. The trial or hearing is estimated to require the following number of court days (*specify*):

e. Other defendants to the Non-bankruptcy Action are (*specify*):

5. **Grounds for relief from stay:**

a. ☐ The claim is insured. The insurance carrier and policy number are (*specify*):

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

**F4001-1M.NA**

Case 2:19-bk-14989-WB    Doc 171    Filed 07/03/19    Entered 07/03/19 15:02:37    Desc
Motion for Relief from Stay (Non-bankruptcy Action) - Page 6 of
Main Document    Page 6 of 23

F 4001-1M.NA

| In re | (SHORT TITLE) | CHAPTER: 11 |
|---|---|---|
| Scoobeez | Debtor(s). | CASE NO.: 2:19-bk-14989-WB |

b. ☒ The matter can be tried more expeditiously in the non-bankruptcy forum.

(1) ☐ It is currently set for trial on:

(2) ☐ It is in advanced stages of discovery and Movant believes that it will be set for trial by (*specify date*):
The basis for this belief is (*specify*):

(3) ☐ The matter involves non-debtor parties who are not subject to suit in the bankruptcy court. A single trial in the non-bankruptcy forum is the most efficient use of judicial resources.

c. ☐ The bankruptcy case was filed in bad faith specifically to delay or interfere with the prosecution of the Non-bankruptcy Action.

(1) ☐ Movant is the only creditor (or the only substantial creditor) scheduled by the Debtor(s).

(2) ☐ The timing of the petition filing shows that it was intended to delay or interfere with the Non-bankruptcy Action based upon the following facts (*specify*):

(3) ☐ Debtor(s) does(do) not have a reasonable likelihood of reorganizing in this Chapter ☐ 11 ☐ 13    bankruptcy case based upon the following facts (*specify*):

d. ☒ For other facts justifying relief from stay, see attached continuation page.

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on** July 3 _____ , 2019 , at Los Angeles, CA _____ (*city, state*).

Sara Y. Showkatian _____
*Print Declarant's Name*

/s/ Sara Y. Showkatian _____
*Signature of Declarant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised May 2004*    **F4001-1M.NA**

F 4001-1M.NA

| In re | (SHORT TITLE) | CHAPTER: 11 |
|-------|---------------|-------------|
| Scoobeez | Debtor(s). | CASE NO.: 2:19-bk-14989-WB |

## PROOF OF SERVICE

STATE OF CALIFORNIA

COUNTY OF __Los Angeles__

1. I am over the age of 18 and not a party to the within action. My business address is as follows:

   811 Wilshire Blvd, Suite 800, Los Angeles, CA 90017

2. **Regular Mail Service:** On __07/03/2019_____, pursuant to Local Bankruptcy Rule 9013-1, I served the documents described as: NOTICE OF MOTION and MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) on the interested parties at their last known address in this action by placing a true and correct copy thereof in a sealed envelope with postage thereon fully prepaid in the United States Mail at __Los Angeles_____, California, addressed as set forth on the attached list.

   > **NOTE:** If the Notice and Motion have been served pursuant to an Order Shortening Time ("Order"), you must file a Proof of Service that indicates that the notice and service requirements contained in the Order have been met.

3. **See attached list for names and addresses of all parties and counsel that have been served.** (*in the manner set forth in Local Bankruptcy Rule 7004-1 (b), specify capacity in which service is made; e.g., Debtor(s), Debtor's(s) Attorney, Trustee, Trustee's Attorney, Creditors Committee or 20 largest unsecured creditors, etc.*)

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 07/03/2019

| Claudia Bautista | /s/ Claudia Bautista |
|------------------|----------------------|
| *Typed Name* | *Signature* |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised May 2004*                                                                F4001-1M.NA

# **EXHIBIT A**

A. Jacob Nalbandyan, Esq.  (SBN 272023)
jnalbandyan@employeesla.com
Ruben Limondzhyan, Esq. (SBN 305307)
rlimondzhyan@employeesla.com
**EMPLOYEES' LEGAL ADVOCATES, LLP**
811 Wilshire Blvd, Suite 800
Los Angeles, CA  90017
Tel: (213) 232-4848
Fax: (213) 232-4849

Attorneys for Plaintiff,
ROY CASTELLANOS

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 10 2018

Sherri R. Carter, Executive Officer/Clerk
By: _____, Deputy
Moses Soto

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT

| | |
|---|---|
| ROY CASTELLANOS, an individual, | Case No.: **BC 701427** |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | 1. **DISABILITY DISCRIMINATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT** |
| | 2. **FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT** |
| SCOOBEEZ, a California Corporation, and DOES 1 through 20, Inclusive, | 3. **FAILURE TO PROVIDE REASONABLE ACCOMODATIONS IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT** |
| Defendants. | 4. **FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT** |
| | 5. **RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT** |
| | 6. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY** |
| | **Demand over $25,000** |
| | **DEMAND FOR JURY TRIAL** |

eLA File #: 1945

-1-

**COMPLAINT FOR DAMAGES**

1     ROY CASTELLANOS ("Plaintiff") is informed and believes, and alleges thereon, the

2  following:

3

4                     **PARTIES, VENUE, AND JURISDICTION**

5     1.     Plaintiff, at all relevant times herein resided in Los Angeles County, California.

6     2.     Defendant SCOOBEEZ ("Defendant") is a California corporation with its principal

7  place of business in Los Angeles County, California.

8     3.     Plaintiff is informed and believes, and thereon alleges that Defendant operates a courier

9  service.

10    4.     The unlawful acts pleaded herein occurred in Los Angeles County, California.

11    5.     Venue is proper in Los Angeles County pursuant to California Government Code §

12  12965.

13    6.     Plaintiff is unaware of the true names and capacities of DOES 1 through 20, inclusive,

14  and therefore sues these defendants by their fictitious names. Plaintiff will amend this Complaint to

15  allege their true names and capacities when ascertained.

16    7.     At all times relevant to this action, each of the fictitiously named defendants was an

17  employee, agent, servant, partner, member, shareholder, officer, director, co-conspirator, or alter ego

18  of Defendants, and was acting within the course and scope of such agency or employment.

19    8.     Each of the fictitiously named defendants is responsible in some manner for the

20  occurrences herein alleged, and such defendants directly and proximately caused Plaintiff's injuries as

21  herein alleged.

22    9.     Pursuant to CAL. GOV'T CODE §§12960, *et seq.*, Plaintiff filed a charge against

23  Defendant 99 CENTS with the California Department of Fair Employment and Housing ("DFEH") on

24  April 9, 2018, less than one year from the date of most recent actionable offense. On April 9, 2018,

25  Plaintiff received a Notice of Case Closure and Right to Sue Letter from the DFEH.

26

27                         **FACTUAL ALLEGATIONS**

28    10.    Plaintiff incorporates, by reference, all allegations in the above paragraphs of this

eLA File #: 1945                         -2-

**COMPLAINT FOR DAMAGES**

1  Complaint, as though fully set forth herein.

2        11.    In or about September 2017, Plaintiff began working for Defendant as a delivery driver.

3        12.    On or about October 9, 2017, Plaintiff requested to be let go from work early due to

4  high level of anxiety he felt during one of his deliveries. The request was reluctantly granted by his

5  supervisor Sam (last name unknown) on the condition that a medical note from his physician would be

6  submitted upon his return.

7        13.    The following day, on or about October 10, 2017, Plaintiff visited his doctor who

8  diagnosed him with psychosis and provided a medical note to submit to his employer.

9        14.    On or about the following day, October 11, 2017, Plaintiff submitted the medical note

10  to Defendant who, in response to the medical note, instructed him to go home until further notice.

11        15.    Thereafter, on or about October 18, 2017, Defendant terminated Plaintiff's

12  employment.

13        16.    Plaintiff was left embarrassed, ashamed, emotionally broken, and in financial

14  desperation for having been directly discriminated against because he had a disability and/or being

15  regarded as disabled and for taking a medical leave of absence despite otherwise outstanding and loyal

16  service to Defendant.

17

18  **FIRST CAUSE OF ACTION**

19  **DISABILITY DISCRIMINATION IN VIOLATION OF**

20  **THE FAIR EMPLOYMENT AND HOUSING ACT**

21        17.    Plaintiff incorporates, by reference, all allegations in the above paragraphs of this

22  Complaint, as though fully set forth herein.

23        18.    At all times relevant to this action, Plaintiff was employed by Defendant.

24        19.    At all times relevant to this action, Defendant is an employer who regularly employed

25  five or more persons within the meaning of CAL. GOV'T CODE §12926(d).

26        20.    At all times relevant to this action, Plaintiff was a member of a protected class within

27  the meaning of CAL. GOV'T CODE §§ 12940(a), 12926(j) because of his disability and/or being

28  regarded as disabled.

eLA File #: 1945            -3-

**COMPLAINT FOR DAMAGES**

1     21.    At all times relevant to this action, Defendant unlawfully discriminated against

2  Plaintiff, as previously alleged, on the basis of his disability by terminating his employment.

3     22.    Defendant was substantially motivated to terminate Plaintiff because of his disability.

4     23.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered and

5  continues to suffer losses in earnings and other benefits, and will for a period of time in the future be

6  unable to obtain gainful employment, as his ability to obtain such employment and earning capacity

7  have been diminished. The exact amount of such expenses and losses is presently unknown, and

8  Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is

9  ascertained.

10     24.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered general

11  damages, as he was psychologically injured. Such injuries have caused, and continue to cause Plaintiff

12  great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

13     25.    As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in

14  the future, will be required to employ physicians and incur additional medical and incidental expenses.

15  The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of Court to

16  amend this Complaint to set forth the exact amount when it has been ascertained.

17     26.    Plaintiff is informed and believes, and thereon alleges that the employees, officers,

18  directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful acts

19  were carried out with full knowledge of the extreme risk of injury involved, and with willful and

20  conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the

21  fact that Plaintiff's employment rights were being violated, with the intent to deprive him of

22  employment benefits. Accordingly, an award of punitive damages is warranted.

23     27.    Plaintiff is informed, and believes and thereon alleges that the actions of Defendant's,

24  officers, directors, and/or managing agents were undertaken with the prior approval, consent, and

25  authorization of Defendant was subsequently authorized and ratified by it as well by and through its

26  officers, directors, and/or managing agents.

27  ///

28  ///

eLA File #: 1945      -4-

**COMPLAINT FOR DAMAGES**

## SECOND CAUSE OF ACTION

### FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF

### THE FAIR EMPLOYMENT AND HOUSING ACT

28.     Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

29.     At all times relevant to this action, Plaintiff was employed by Defendant.

30.     At all times relevant to this action, Defendant was an employer who regularly employed five or more persons within the meaning of CAL. GOV'T CODE §12926(d).

31.     At all times relevant to this action, Plaintiff was a member of a protected class within the meaning of CAL. GOV'T CODE §§ 12940(a), 12926(j) because of his disability and/or being regarded as disabled.

32.     At all times relevant to this action, Defendant unlawfully discriminated against Plaintiff, as previously alleged, on the basis of his disability by terminating his employment.

33.     Defendant was substantially motivated to terminate Plaintiff because of his disability, as previously pled herein.

34.     Defendant failed to take reasonable steps to prevent the unlawful discrimination during Plaintiff's employment, as previously pled, in violation of CAL. GOV'T CODE §12940(k), even when management level employees of Defendant became aware of the discriminatory conduct. Instead, Defendant terminated Plaintiff in bad faith.

35.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is ascertained.

36.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered general damages, as he was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

**COMPLAINT FOR DAMAGES**

37.    As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

38.    Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive him of employment benefits. Accordingly, an award of punitive damages is warranted.

39.    Plaintiff is informed, and believes and thereon alleges that the actions of Defendant's, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendant was subsequently authorized and ratified by it as well by and through its officers, directors, and/or managing agents.

## THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS

### IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT

40.    Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

41.    At all times relevant to this action, Plaintiff was employed by Defendant.

42.    At all times relevant to this action, Defendant was an employer who regularly employed five or more persons within the meaning of CAL. GOV'T CODE §12926(d).

43.    At all times relevant to this action, Plaintiff was a member of a protected class within the meaning of CAL. GOV'T CODE §§ 12940(a), 12926(j), because of his disability and/or being regarded as disabled.

44.    At all times relevant to this action, Defendant unlawfully failed to provide Plaintiff reasonable accommodations in violation of CAL. GOV'T CODE § 12940(m) despite the fact that it had

**COMPLAINT FOR DAMAGES**

1   actual and constructive knowledge of his disability, need for accommodations, and Plaintiff's actual

2   and constructive requests for accommodations.

3       45.    Defendant's failure to accommodate Plaintiff was substantially motivated by his

4   disability, as previously pled herein.

5       46.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered and

6   continues to suffer losses in earnings and other benefits, and will for a period of time in the future be

7   unable to obtain gainful employment, as his ability to obtain such employment and earning capacity

8   have been diminished. The exact amount of such expenses and losses is presently unknown, and

9   Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is

10  ascertained.

11      47.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered general

12  damages, as he was psychologically injured. Such injuries have caused, and continue to cause Plaintiff

13  great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

14      48.    As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in

15  the future, will be required to employ physicians and incur additional medical and incidental expenses.

16  The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of Court to

17  amend this Complaint to set forth the exact amount when it has been ascertained.

18      49.    Plaintiff is informed and believes, and thereon alleges that the employees, officers,

19  directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful acts

20  were carried out with full knowledge of the extreme risk of injury involved, and with willful and

21  conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the

22  fact that Plaintiff's employment rights were being violated, with the intent to deprive him of

23  employment benefits. Accordingly, an award of punitive damages is warranted.

24      50.    Plaintiff is informed, and believes and thereon alleges that the actions of Defendant's,

25  officers, directors, and/or managing agents were undertaken with the prior approval, consent, and

26  authorization of Defendant was subsequently authorized and ratified by it as well by and through its

27  officers, directors, and/or managing agents.

28  ///

**COMPLAINT FOR DAMAGES**

## FOURTH CAUSE OF ACTION

### FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS
### IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT

51.     Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

52.     At all times relevant to this action, Plaintiff was employed by Defendant.

53.     At all times relevant to this action, Defendant was an employer who regularly employed five or more persons within the meaning of CAL. GOV'T CODE §12926(d).

54.     At all times relevant to this action, Plaintiff was a member of a protected class within the meaning of CAL. GOV'T CODE §§ 12940(a), 12926(j) because of his disability and/or being regarded as disabled.

55.     Defendant unlawfully failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations despite the fact that it had actual and constructive knowledge of his disability, in violation of CAL. GOV'T CODE §§ 12940(n) and 12926.1(e), as previously pled herein.

56.     Defendant's failure to engage in a good faith interactive process with Plaintiff was substantially motivated by his disability, as previously pled herein.

57.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is ascertained.

58.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered general damages, as he was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

59.     As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses.

---

**COMPLAINT FOR DAMAGES**

1    The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of Court to

2    amend this Complaint to set forth the exact amount when it has been ascertained.

3        60.     Plaintiff is informed and believes, and thereon alleges that the employees, officers,

4    directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful acts

5    were carried out with full knowledge of the extreme risk of injury involved, and with willful and

6    conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the

7    fact that Plaintiff's employment rights were being violated, with the intent to deprive him of

8    employment benefits. Accordingly, an award of punitive damages is warranted.

9        61.     Plaintiff is informed, and believes and thereon alleges that the actions of Defendant's,

10    officers, directors, and/or managing agents were undertaken with the prior approval, consent, and

11    authorization of Defendant was subsequently authorized and ratified by it as well by and through its

12    officers, directors, and/or managing agents.

13

14                       **FIFTH CAUSE OF ACTION**

15    **RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**

16        62.     Plaintiff incorporates, by reference, all allegations in the above paragraphs of this

17    Complaint, as though fully set forth herein.

18        63.     At all times relevant to this action, Plaintiff was employed by Defendant.

19        64.     At all times relevant to this action, CAL. GOV'T CODE §12900 *et seq.* were in full force

20    and effect and were binding upon Defendant. These sections, *inter alia*, require Defendant to refrain

21    from discriminating and retaliating against any employee on the basis of a disability, request for

22    accommodation, and opposition to conduct related thereto.

23        65.     Defendant engaged in conduct that taken as a whole, materially and adversely affected

24    the terms and conditions of Plaintiff's employment.

25        66.     Plaintiff's assertion of his rights under CAL. GOV'T CODE §12900 *et seq.* was a

26    substantial motivating reason for Defendant's decision to retaliate against and terminate him.

27    Defendant's conduct was a substantial factor in causing harm to Plaintiff as set forth herein.

28        67.     At all times relevant to this action, Defendant unlawfully retaliated against Plaintiff, in

COMPLAINT FOR DAMAGES

1  violation of CAL. GOV'T CODE §12940(h), 12940(m)(2), by terminating him.

2        68.    Defendant's retaliatory termination of Plaintiff's employment was substantially

3  motivated by his disability, request for accommodation, and opposition to Defendant's conduct related

4  thereto, as previously pled herein.

5        69.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered and

6  continues to suffer losses in earnings and other benefits, and will for a period of time in the future be

7  unable to obtain gainful employment, as his ability to obtain such employment and earning capacity

8  have been diminished. The exact amount of such expenses and losses is presently unknown, and

9  Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is

10  ascertained.

11        70.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered general

12  damages, as he was psychologically injured. Such injuries have caused, and continue to cause Plaintiff

13  great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

14        71.    As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in

15  the future, will be required to employ physicians and incur additional medical and incidental expenses.

16  The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of Court to

17  amend this Complaint to set forth the exact amount when it has been ascertained.

18        72.    Plaintiff is informed and believes, and thereon alleges that the employees, officers,

19  directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful acts

20  were carried out with full knowledge of the extreme risk of injury involved, and with willful and

21  conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the

22  fact that Plaintiff's employment rights were being violated, with the intent to deprive him of

23  employment benefits. Accordingly, an award of punitive damages is warranted.

24        73.    Plaintiff is informed, and believes and thereon alleges that the actions of Defendant's,

25  officers, directors, and/or managing agents were undertaken with the prior approval, consent, and

26  authorization of Defendant was subsequently authorized and ratified by it as well by and through its

27  officers, directors, and/or managing agents.

28  ///

**COMPLAINT FOR DAMAGES**

## SIXTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

74.    Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

75.    At all times relevant to this action, Plaintiff was employed by Defendant.

76.    At all times relevant to this action, CAL. GOV'T CODE §12900 *et seq.* were in full force and effect and were binding upon Defendant. These sections, *inter alia*, require Defendant to refrain from discriminating and retaliating against and terminating any employee on the basis of a disability, need for accommodations, and medical leaves of absence, as previously pled herein.

77.    Defendant's conduct as previously alleged was in retaliation for Plaintiff's assertion of rights under CAL. GOV'T CODE §§12900 *et seq.*

78.    Plaintiff's assertion of his rights under CAL. GOV'T CODE §§12900 *et seq.* was a substantial motivating reason for Defendant's decision to discriminate, retaliate against, and terminate Plaintiff. Defendant's conduct was a substantial factor in causing harm to Plaintiff as set forth herein.

79.    CAL. GOV'T CODE §§12900 *et seq.* evinces a policy that benefits society at large, was well-established at the time of Plaintiff's discharge, and is substantial and fundamental.

80.    Defendant's wrongful termination of Plaintiff's employment was substantially motivated by his disability, need for accommodations, and medical leaves of absence.

81.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is ascertained.

82.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered general damages, as he was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

83.    As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in

1    the future, will be required to employ physicians and incur additional medical and incidental expenses.

2    The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of Court to

3    amend this Complaint to set forth the exact amount when it has been ascertained.

4        84.    Plaintiff is informed and believes, and thereon alleges that the employees, officers,

5    directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful acts

6    were carried out with full knowledge of the extreme risk of injury involved, and with willful and

7    conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the

8    fact that Plaintiff's employment rights were being violated, with the intent to deprive him of

9    employment benefits. Accordingly, an award of punitive damages is warranted.

10       85.    Plaintiff is informed, and believes and thereon alleges that the actions of Defendant's,

11   officers, directors, and/or managing agents were undertaken with the prior approval, consent, and

12   authorization of Defendant was subsequently authorized and ratified by it as well by and through its

13   officers, directors, and/or managing agents.

14

15                          **PRAYER FOR RELIEF**

16       WHERFORE, Plaintiff ROY CASTELLANOS, prays for judgment against Defendant

17   SCOOBEEZ, and DOES 1 through 20, as follows:

18       1.    Past and future general and special damages according to proof;

19       2.    Pre-judgment interest, post-judgment interest, costs of suit and attorney's fees according

20             to proof;

21       3.    Injunctive relief compelling Defendant to reinstate Plaintiff to his previous position,

22             prohibiting Defendant from engaging in similar unlawful conduct as complained of

23             herein, and ordering Defendant to establish effective preventive mechanisms to ensure

24             that the conduct complained of herein does not continue in the future;

25       4.    Declaratory relief that Defendant's conduct as complained of herein was a violation of

26             Plaintiff's rights;

27       5.    Punitive damages; and

28       6.    All other relief that the Court deems just and proper.

---

eLA File #: 1945                          -12-

**COMPLAINT FOR DAMAGES**

1

## **DEMAND FOR JURY TRIAL**

2     Plaintiff demands a trial by jury on all claims as provided by California law.

3

4    Dated: April 10, 2018                    **EMPLOYEES' LEGAL ADVOCATES, LLP**

5

6

7                                            By: _____

8                                                A. Jacob Nalbandyan, Esq.
                                                 Ruben Limondzhyan, Esq.
9                                                Attorneys for Plaintiff,
                                                 ROY CASTELLANOS

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled (*specify*): NOTICE OF MOTION AND MOTION FOR
RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations)

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
07/03/2019         , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

Rejoy Nalkara (rejoy.nalkara@americaninfosource.com); Aram Ordubegian (ordubegian.aram@arentfox.com);
Anthony Napolitano (anapolitano@buchalter.com);Steven Spector (sspector@buchalter.com); Gregory Salvato
(gsalvato@salvatolawoffices.com); John-Patrick Fritz (jpf@lnbyb.com); David Neale (dln@lnbyb.com); Stacey Miller
(smiller@tharpe-howell.com); Ashley McDow (amcdow@foley.com) Alvin Mar(alvin.mar@usdoj.gov); Erik Yaeckel

(yaeckel@sullivanlawgroupapc.com)                                    ☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*)           07/03/2019          , I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

United States Bankruptcy Court - Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1382
Los Angeles, CA 90012

                                                            ☑ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)                      , I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

                                                            ☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 07/03/2019 | Claudia L. Bautista | | /s/ Claudia L. Bautista |
|---|---|---|---|
| *Date* | *Printed Name* | | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                            **F 9013-3.1.PROOF.SERVICE**

IN RE: SCOOBEEZ, et al.
Case No.: 2:19-bk-14989

Service List

| | |
|---|---|
| Alissa Guler<br>c/o Albert G. Stoll, Jr.<br>55 Francisco Street, Suite 403<br>San Francisco, CA 94133 | AT&T Corp.<br>c/o CT Corporation<br>818 Seventh Street, Suite 930<br>Los Angeles, CA 90017 |
| Jassim M. Addal<br>c/o Law Office of Arash Alizadeh<br>7545 Irvine Center Drive, Suite 200<br>Irvine, CA 92618 | Avitus, Inc.<br>c/o David M. Wagner<br>Crowley Fleck, PLLP<br>P.O. Box 10969<br>Bozeman, MT 59719 |
| Azad Baban<br>c/o Justin Silverman<br>Reisner & King LLP<br>14724 Ventura Blvd., Suite 1210<br>Sherman Oaks, CA 91403 | Bernado Parra<br>c/o Mancini Law Group PC<br>7170 W. Grand Ave.<br>Elmwood Park, IL 60707 |
| LeClair Ryan<br>725 S. Figueroa Street, Suite 350<br>Los Angeles, CA 90017 | Maria Salgado<br>c/o Nicolas K. Tsakas<br>4267 Marina City Drive, Suite 512<br>Marina Del Rey, CA 90292 |
| Minas Sarafin<br>c/o Simonian & Simonian, PLC<br>144 N. Glendale Ave., Suite 228<br>Glendale, CA 91206 | Marwan Griffin<br>c/o Aegis Law Firm PC<br>9811 Irvine Center Drive, Suite 100<br>Irvine, CA 92618 |
| Mostafa Johairfard<br>1651 E. Edinger Ave., Suite 100<br>Santa Ana, CA 92705 | NexGen Capital, LLC<br>c/o David Neale<br>Levene Neale Bender<br>10250 Constallation Blvd., #1700<br>Los Angeles, CA 90067 |
| Edwin Amzayan<br>c/o State of CA Dept. of Industrial Relations<br>Labor Commission Office<br>455 Golden Gate Ave., 10th Floor<br>San Francisco, CA 94102 | Hillair Capital Mgmt. LLC<br>330 Primrose Road, Suite 660<br>Bulingame, CA 94010 |
| Enterprise Holdings, Inc.<br>600 Corporate Park Drive<br>St. Louis, MO 63105 | Jacob Lee DeGough<br>c/o Glenn Law Firm<br>1017 William D. Tate Ave., # 100<br>Grapevine, TX 76051 |
| Imran Firoz<br>c/o Brent Finch Law<br>27200 Agoura Road, Suite 102<br>Agoura Hills, CA 91301 | |