Ashley M. McDow (245114)
John A. Simon (Admitted *Pro Hac Vice*)
**FOLEY & LARDNER LLP**
555 S. Flower St., Suite 3300
Los Angeles, CA  90071
Telephone:    213.972.4500
Facsimile:    213.486.0065
Email:            amcdow@foley.com
                      jsimon@foley.com

Proposed Attorneys for Debtors and
Debtors-in-Possession, Scoobeez,
Scoobeez Global, Inc., and Scoobur, LLC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>SCOOBEEZ, *et al.*[1]<br><br>   Debtors and Debtors in Possession.<br><br>Affects:<br><br>■ All Debtors<br><br>☐ Scoobeez, ONLY<br><br>☐ Scoobeez Global, Inc., ONLY<br><br>☐ Scoobur LLC, ONLY | Case No. 2:19-bk-14989-WB<br>Jointly Administered:<br>2:19-bk-14991-WB; 2:19-bk-14997-WB<br><br>Chapter 11<br><br>**NOTICE OF OMNIBUS MOTION AND OMNIBUS MOTION OF DEBTORS TO REJECT CERTAIN UNEXPIRED VEHICLE LEASES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; AND DECLARATION OF BRIAN WEISS**<br><br>[No hearing required pursuant to Local Bankruptcy Rule 9013-1(o)(1)]<br><br>HON. JULIA BRAND |

**TO THE HONORABLE JULIA BRAND, UNITED STATES BANKRUPTCY JUDGE, PORSCHE FINANCIAL SERVICES, MERCEDES-BENZ FINANCIAL SERVICES, BENTLEY FINANCIAL SERVICES, HILLAIR CAPITAL MANAGEMENT, LLC, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, PARTIES REQUESTING SPECIAL NOTICE, AND THE OFFICE OF THE UNITED STATES TRUSTEE:**

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows:  Scoobeez (6339); Scoobeez Global, Inc. (9779); and Scoobur, LLC (0343).  The Debtors' address is 3463 Foothill Boulevard, Glendale, California 91214.

1

4823-5549-8394.3

**PLEASE TAKE NOTICE** that by this motion Scoobeez, Scoobeez Global, Inc. and Scoobur, LLC, the debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned jointly administered bankruptcy proceedings (collectively, the "Chapter 11 Cases"), hereby move the Court for entry of an order, pursuant to section 365 of title 11 of the United States Code (the "Bankruptcy Code") rejecting certain unexpired vehicle leases (the "Leases") executed among Debtors and three separate lessors concerning vehicles (the "Vehicles"), for the vehicles set forth below:

| Vehicle Description | Lessor | Rejection Date |
| --- | --- | --- |
| 2017 Porsche Panamera 4S<br>VIN: WPOAB2A71HL122432 | Porsche Financial Services | April 30, 2019 |
| 2017 Mercedes-Benz S63V4<br>VIN: WDDUG7JB3HA332354 | Mercedes-Benz Financial Services | April 30, 2019 |
| 2017 Bentley CONT GTC V8 S<br>VIN: SCBGH3ZA7HC063551 | Bentley Financial Services | April 30, 2019 |

**PLEASE TAKE FURTHER NOTICE** that the Debtors seek to reject the Leases as of April 30, 2019 (the "Rejection Date").

**PLEASE TAKE FURTHER NOTICE** that the basis for the relief requested in this Motion is set forth below in the attached Memorandum of Points and Authorities and in the *Declaration of Brian Weiss* (the "Weiss Declaration"), which is being filed concurrently with this Motion and is incorporated herein by reference.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-1(o), the Debtors have not scheduled a hearing on the Motion and are requesting that relief be granted without a hearing. Accordingly, any response to this Motion and request for hearing must be filed with the Bankruptcy Court and served on proposed counsel for the Debtors and the United States Trustee within fourteen (14) days of the date of service of this Notice.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-1(h), any failure to file and serve a timely response and request for hearing may be deemed by the Court to

4823-5549-8394.3

constitute consent to the relief requested in the Motion, and the Motion may be granted without a hearing.

**PLEASE TAKE FURTHER NOTICE** that the Debtors will serve this Notice and Motion and the attached Memorandum of Points and Authorities on: (a) the Office of the United States Trustee, (b) counsel for the Official Committee of Unsecured Creditors, (c) counsel for the Debtors' secured lender, Hillair Capital Management, LLC (d) counsel for Porsche Financial Services, (e) Mercedes-Benz Financial Services, (f) counsel for Bentley Financial Services, and (g) all other parties requesting notice in the Chapter 11 Cases.  In the event that the Court grants the relief requested by the Motion, the Debtors shall provide notice of the entry of the order granting such relief upon each of the foregoing parties and any other parties-in-interest as the Court directs. The Debtors submit that such notice is sufficient and that no other or further notice be given.

Dated:  July 12, 2019

**FOLEY & LARDNER, LLP**

*/s/Ashley M. McDow*
Ashley M. McDow

Ashley M. McDow (245114)
John A. Simon (Admitted *Pro Hac Vice*)
**FOLEY & LARDNER LLP**
555 S. Flower St., Suite 3300
Los Angeles, CA  90071
Telephone:    213.972.4500
Facsimile:     213.486.0065
Email:           amcdow@foley.com
                     jsimon@foley.com

Proposed Attorneys for Debtors and Debtors-in-Possession, Scoobeez, Scoobeez Global, Inc., and Scoobur, LLC

4823-5549-8394.3

# MEMORANDUM OF POINTS AND AUTHORITIES

Scoobeez, Scoobeez Global, Inc. and Scoobur, LLC, the debtors and debtors-in-possession in the above-captioned jointly administered bankruptcy proceedings (collectively, the "Debtors") hereby file this Memorandum of Points and Authorities in support of their *Omnibus Motion to Reject Certain Unexpired Vehicle Leases,* and respectfully represent as follows:

## I. JURISDICTION AND VENUE

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is section 365 of title 11 of the United States Code (the "Bankruptcy Code").

## II. STATEMENT OF FACTS

### A. The Bankruptcy Cases

On April 30, 2019, (the "Petition Date"), the Debtors each filed a petition for relief (a "Petition") under Chapter 11 of Title 11 of the Bankruptcy Code (the "Chapter 11 Cases"), in the United States Bankruptcy Court for the Central District of California, Los Angeles Division (the "Court"). The Debtors intend to continue in possession of their property and to operate their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for appointment of a Chapter 11 trustee or examiner has been made. On May 20, 2019, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in the Chapter 11 Cases.

On May 13, 2019, the Court granted the joint administration motion filed by the Debtors and the Chapter 11 Cases are being jointly administered under Case No. 19-14989.

### B. Debtor's Formation and Business Overview

Scoobeez is a logistics and delivery company headquartered at 3463 Foothill Boulevard, Glendale, California 91214. Amazon is their largest customer. Over the past two (2) years, an increasing number of lawsuits had been filed against one or more of the Debtors, including various labor disputes. Most recently, on or about April 22, 2019, Hillair Capital Management LLC ("Hillair") filed a three-count complaint against the Debtors, alleging breach of contract, breach of guaranty and replevin

and delivery, which is currently pending as case number 19GDCV00492 in the Superior Court of the State of California, County of Los Angeles, North Central District (the "Los Angeles Case"). On or about April 24, 2019, Hillair filed an *Ex Parte* Application to Appoint Receiver, Issue Temporary Restraining Order and Set Order to Show Cause Why Receiver Should Not Be Confirmed and Why Preliminary Injunction Should Not Be Issued (the "Ex Parte Application") in the Los Angeles Case. The hearing on the Ex Parte Application was set for May 1, 2019 at 1:30 p.m., however, the Debtors commenced the Chapter 11 Cases prior to that hearing. In addition, within the past 90-120 days, a number of purported creditors have filed UCC-1 financing statements asserting liens against substantially all, if not all, of the Debtors' personal property, including but not limited to accounts receivable.

Based on the aforementioned events and circumstances, amongst others, the Debtors began to explore and evaluate potential reorganization strategies aimed towards preserving and strengthening the Debtors' operations. After significant deliberation by the Debtors in this regard, the Debtors determined, that pursing reorganization under Chapter 11 of the Bankruptcy Code provided the best option for the Debtors, their customer(s), and their creditors.

## III.    RELIEF REQUESTED

By this Motion, the Debtors seek entry of an order, pursuant to section 365 of the Bankruptcy Code, rejecting as of April 30, 2019 certain unexpired vehicle leases (the "Leases") executed between Debtors and three separate lessors concerning vehicles (the "Vehicles") described as:

| Vehicle Description | Lessor | Rejection Date |
|---|---|---|
| 2017 Porsche Panamera 4S<br>VIN: WPOAB2A71HL122432 | Porsche Financial Services | April 30, 2019 |
| 2017 Mercedes-Benz S63V4<br>VIN: WDDUG7JB3HA332354 | Mercedes-Benz Financial Services | April 30, 2019 |
| 2017 Bentley CONT GTC V8 S<br>VIN: SCBGH3ZA7HC063551 | Bentley Financial Services | April 30, 2019 |

## IV. ARGUMENT

Section 365(a) of the Bankruptcy Code provides that, "subject to the court's approval [a debtor in possession] may assume or reject any executory contract or unexpired lease of the debtor." Courts apply the "business judgment test" in determining whether a debtor in possession's proposed assumption or rejection of an executory contract or unexpired lease is appropriate under Bankruptcy Code § 365. *Agarwal v. Pomona valley Medical Group, Inc. (In re Pomona Valley Medical Group, Inc.)*, 476 F.3d 665, 670 (9th Cir. 2007); *Durkin v. Benedor Corp. (In re G.I. Indust., Inc.)*, 204 F.3d 1276, 1282 (9th Cir. 2000); *see also NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984). Under the business judgment test, if assumption or rejection would benefit the debtor's estate, the court should approve the debtor's proposed assumption or rejection. *Pomona Valley Medical Group, Inc.*, 476 F.3d at 670-71. At least one bankruptcy court concluded that a debtor's decision to reject a lease should be granted as a matter of course:

> [C]ourt approval under Section 365(a), if required, except in extraordinary situations, should be granted as a matter of course. To begin, this rule places responsibility for administering the estate with the trustee, not the court, and therefore furthers the policy of judicial independence considered vital by the authors of the Code. Second, this rule expedites the administration of estates, another goal of the Bankruptcy Reform Act. Third, the rule encourages rehabilitation by permitting the replacement of marginal with profitable business arrangements . . . .

*Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981).

The Debtors have determined in their sound business judgment that rejection of the Leases is in the best interest of the estates. Rejection of the Leases will help avoid potential monthly charges and increase the Debtors' liquidity. The proposed rejection will help avoid additional administrative expenses. There is no operational need for the Debtors to retain the Leases for the Vehicles. In addition, the Debtors have determined that they will be unable to assign the Leases to third parties for value. Given that the Vehicles are not a part of the Debtors' going-forward business plan and that the Leases appear to have no value, the Debtors have decided, in the exercise of their sound business judgment,to reject the Leases in order to eliminate the incurrence of additional post-petition administrative obligations.

## V. **NOTICE**

Notice of this Motion has been provided to: (a) the Office of the United States Trustee for the Central District of California; (b) counsel to Hillair Capital Management, LLC (c) counsel to the Committee; (d) counsel for Porsche Financial Services; (e) Mercedes-Benz Financial Services, (f) counsel for Bentley Financial Services, and (g) the parties that file with the Court requests for notice of all matters in accordance with Bankruptcy Rule 2002.  The Debtors submit that in light of the nature of the relief requested, no further notice is required.

## VI. **NO PRIOR REQUEST**

No prior application for the relief requested herein has been made to this or any other court.

## VII. **CONCLUSION**

For all the foregoing reasons, the Debtors respectfully request that the Court enter an order (i) granting the Motion, effective April 30, 2019, and (ii) granting such other and further relief as is just and proper under the circumstances.

Dated:  July 12, 2019

**FOLEY & LARDNER, LLP**

*/s/Ashley M. McDow*
Ashley M. McDow

Ashley M. McDow (245114)
John A. Simon (Admitted *Pro Hac Vice*)
**FOLEY & LARDNER LLP**
555 S. Flower St., Suite 3300
Los Angeles, CA  90071
Telephone:     213.972.4500
Facsimile:      213.486.0065
Email:            amcdow@foley.com
                       jsimon@foley.com

Proposed Attorneys for Debtors and Debtors-in-Possession, Scoobeez, Scoobeez Global, Inc., and Scoobur, LLC

4

4823-5549-8394.3

# DECLARATION OF BRIAN WEISS

I, Brian Weiss, hereby declare:

1. I am an individual over 18 years of age. I have personal knowledge of the facts stated herein as more fully set forth below or have gained such knowledge by review of the file and if called as a witness, I could and would competently testify thereto.

2. I make this Declaration in support of the motion (the "Motion")[2] filed by Scoobeez, Scoobeez Global, Inc., and Scoobur, LLC (collectively the "Debtors") for entry of an order, pursuant to section 365 of the Bankruptcy Code rejecting Leases concerning the Vehicles. All facts in this Declaration are based on my personal knowledge, information gathered from my review of relevant documents, and information supplied to me by the Debtors or their professionals.

3. I am the Chief Restructuring Officer of the Debtors. As such, I am generally responsible for managing the operations of the Debtors and, thus, am familiar with the Debtors' operations, assets, and liabilities. In the ordinary course of business, I rely on the maintenance by personnel of the Debtors of true and correct copies of various documents and information relating to the Debtors. As to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from discussions with personnel of the Debtors or business records, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of the Debtors' business at or near the time of the acts, conditions or events to which they related. Additionally, as the CRO, I have been involved in discussions and planning sessions related to the potential reorganization options and, thus, am familiar with the objectives the Debtors intend to achieve through the Bankruptcy Cases.

4. The Debtors have determined in their sound business judgment that rejection of the Leases is in the best interest of the estates. Rejection of the Leases will help avoid potential monthly charges and increase the Debtors' liquidity. The proposed rejection will help avoid additional administrative expenses. There is no operational need for the Debtors to retain the Leases for the Vehicles. In addition, the Debtors have determined that they will be unable to assign the Leases to third parties for value. Given that the Vehicles are not a part of the Debtors' going-forward business plan and

---

[2] Capitalized terms not defined herein have the terms ascribed to them in the Motion.

1

4823-5549-8394.3

that the Leases appear to have no value, the Debtors have decided, in the exercise of their sound business judgment, to reject the Leases in order to eliminate the incurrence of additional post-petition administrative obligations

      I declare under penalty of perjury that the foregoing is true and correct.  Executed this 12th day of July, 2019.

/s/ Brian Weiss

Brian Weiss

2

4823-5549-8394.3

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Foley & Lardner LLP, 555 South Flower Street, Suite 3300, Los Angeles, CA 90072-2411

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF OMNIBUS MOTION AND OMNIBUS MOTION OF DEBTORS TO REJECT CERTAIN UNEXPIRED VEHICLE LEASES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; AND DECLARATION OF BRIAN WEISS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 07/12/2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

John-Patrick M Fritz    jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com
Vivian Ho    BKClaimConfirmation@ftb.ca.gov
Alvin Mar    alvin.mar@usdoj.gov
Ashley M McDow    amcdow@foley.com, sgaeta@foley.com;mhebbeln@foley.com;swilson@foley.com;jsimon@foley.com
Stacey A Miller    smiller@tharpe-howell.com
Akop J Nalbandyan    jnalbandyan@LNtriallawyers.com, cbautista@LNtriallawyers.com
Rejoy Nalkara    rejoy.nalkara@americaninfosource.com
Anthony J Napolitano    anapolitano@buchalter.com, IFS_filing@buchalter.com;salarcon@buchalter.com
David L. Neale    dln@lnbyb.com
Aram Ordubegian    ordubegian.aram@arentfox.com
Gregory M Salvato    gsalvato@salvatolawoffices.com, calendar@salvatolawoffices.com; jboufadel@salvatolawoffices.com; gsalvato@ecf.inforuptcy.com
Steven M Spector    sspector@buchalter.com, IFS_efiling@buchalter.com;salarcon@buchalter.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
Eric K Yaeckel    yaeckel@sullivanlawgroupapc.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 07/12/2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Julia W. Brand
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1382
Los Angeles, CA 90012

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 07/12/2019 | Ashley M. McDow | /s/ Ashley M. McDow |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*      **F 9013-3.1.PROOF.SERVICE**

**2. SERVED BY UNITED STATES MAIL**:

Calstar Motors, Inc.
Attention: Officer, Managing or General Agent
700 S. Brand Blvd.
Glendale, CA 91204

MERCEDES-BENZ FINANCIAL SERVICES USA LLC
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                          **F 9013-3.1.PROOF.SERVICE**