PETER C. ANDERSON
UNITED STATES TRUSTEE
JILL M. STURTEVANT, State Bar No. 089395
ASSISTANT UNITED STATES TRUSTEE
ALVIN MAR, State Bar No. 151482
TRIAL ATTORNEY
OFFICE OF THE UNITED STATES TRUSTEE
915 WILSHIRE BOULEVARD, STE 1850
Los Angeles, California 90017-5418
(213) 894-4219 telephone
(213) 894-2603 facsimile
Email: alvin.mar@usdoj.gov

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA - Los Angeles Division

In re:

**SCOOBEEZ, ET AL.,**

**Affects:**
**X All Debtors,**

    Debtors and Debtors in Possession.

Case No.: 2:19-bk-14989-WB

Jointly Administered with case nos.
2:19-bk-14991-WB; 2:19-bk-14997-WB

Chapter 11

**OBJECTION TO APPLICATION TO EMPLOY ARMORY SECURITIES, LLC AS INVESTMENT BANKER PURSUANT TO 11 U.S.C. §§327(a) AND 328(a) (doc. no. 179)**

Hearing Date: [HEARING REQUESTED]
Time:
Place:    Courtroom 1375
          255 East Temple Street
          Los Angeles, CA 90012

To the Honorable Julia W. Brand, United States Bankruptcy Judge, Debtors, Debtors' Counsel, and All Interested Parties:

The United States Trustee has reviewed the 'Application to Employ Armory Securities, LLC as Investment Banker Pursuant to 11 U.S.C. §§327(a) and 328(a), Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 2014-1' hereinafter 'Employment Application' filed on July 8, 2019 (doc. no. 179) and submits his objections as follows:

1

Case 2:19-bk-14989-WB    Doc 206    Filed 07/19/19    Entered 07/19/19 10:33:55    Desc
                              Main Document    Page 2 of 13

I.  **ARMORY SECURITIES, LLC, ("ARMORY") IS SEEKING APPROVAL OF ITS RETENTION AND COMPENSATION ARRANGEMENT UNDER THE RESTRICTIVE PROVISIONS OF 11 U.S.C. §328.**

Debtor is seeking approval of the terms of the Engagement Letter which is attached as Exhibit A to the Employment Application, under 11 U.S.C. §328(a). As the Ninth Circuit in In re Circle K Corporation, 279 F.3d 669, 671 (9th Cir. 2002), held:

> Section 328(a) permits a professional to have the terms and conditions of its employment pre-approved by the bankruptcy court, such that the bankruptcy court may alter the agreed-upon compensation only "if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions." In the absence of preapproval under §328, fees are reviewed at the conclusion of the bankruptcy proceeding under a reasonableness standard pursuant to 11 U.S.C. §330(a)(1). (internal footnote omitted in excerpt)

The Engagement Letter further reiterates Armory's requirement that their employment be approved under 11 U.S.C. §328.[1]

With this in mind, the United States Trustee submits his objections as follows.

II.  **OBJECTION TO MONTHLY FIXED FEE**

The Engagement Letter provides for a monthly fees of $33,333 "due and payable by the Debtors upon the date of the Engagement Letter and thereafter on the one month and two month anniversary of such date....provided...that such fees shall not be paid until Court approval of the engagement is obtained."[2]

This payment scheme allows Armory to be paid on an interim basis without any showing, prior to its fee application, as to what services it has performed, or even whether it has performed any services at all for any particular month. It is not in the best interest of the estate that Debtor be

---

[1] The Engagement Letter states, in pertinent part, on page 7 of that Letter (ie: Pacer bate stamped page 27 of 44), "Armory Securities shall have *no obligation* to provide any services under this agreement unless Armory Securities' retention under the terms of this agreement is approved under Section 328(a) of the Bankruptcy Code by a final order of the Bankruptcy Court no longer subject to appeal, rehearing, reconsideration or petition for certiorari, and which is acceptable to Armory Securities in all respects" (emphasis added)

[2] *See* Employment Application, page 5, line 19 to 22. *See also* Engagement Letter on page 3 (Pacer bate stamped page 23 of 44), ¶2(a).

2

required to make monthly payment of this type without some showing of work performed by Armory.

The Employment Application also does not provide for the maintenance of time sheets as required by Federal Rule of Bankruptcy Procedure 2016. Rule 2016 provides that "[a]n entity seeking interim or final compensation for services or reimbursement of necessary expenses, from the estate shall file an application setting forth a detailed statement of (1) services rendered, time expended and expenses incurred, …"

Armory must follow the same procedure and accounting for time as all other professionals for interim and final compensation pursuant to 11 U.S.C. §§330 and 331 and should be subject to the same standards of those statutory provisions and this Court's Local Rules.

No showing by the Debtor has been made for the necessity or reasonableness of this monthly flat fee other than espousing that similar fixed and contingency fee arrangements have been approved and implemented by courts in other large chapter 11 cases in the Central District of California and elsewhere in the Ninth Circuit.[3] In support of this contention, the Debtor cites to three cases pending in the bankruptcy courts in the Central District of California. This Court should not be persuaded by this type of authority.

> Unreported bankruptcy decisions have very little weight as precedent. When a bankruptcy judge wants a decision to serve as precedent, the judge publishes the decision. Unpublished decisions do not establish case law, and do not serve as precedent.

In re Mortgage and Realty Trust, 123 B.R. 626, 630 (Bankr.C.D.Cal. 1991)

Alternatively, Debtors appear to suggest that this Court recognize the customary practices of

---

[3] See Employment Application, page 9, ¶18 therein.

3

investment bankers in consideration of their request for relief under 11 U.S.C. §328.[4]  In <u>In re Gillett Holdings, Inc.</u>, 137 B.R. 452, 457 (Bankr.D.Colo. 1991), held, "[a]s a general rule, investment bankers must be treated as other Section 327 professionals and should not be given extraordinary treatment, absent a compelling reason to do so." (internal citations omitted).  Another court held "[t]his Court is unable to find any authority supporting the proposition that investment advisors are not subject to the mandate of Bankruptcy Rule 2016(a)… While this Rule may not please the community of investment advisors, this Court is constrained to conclude that the Bankruptcy Rules are controlling, not the general policy or custom of the investment advisors which prevails in the operation of the business of investment bankers or advisors." <u>In re Hillsborough Holdings Corp.</u>, 125 B.R. 837, 840 (Bankr.M.D.Fl. 1991).[5]

Finally, it appears that Debtors are seeking the employment of Armory on the basis that 11 U.S.C. §328 provides for such relief.[6]  But as the plain language of the statute states, a condition of such relief is that the terms be reasonable and as stated above, no such evidence has been presented in support of the reasonableness of the fixed monthly fee of $33,333.00.  <u>In re Mortgage and Realty Trust</u> at 630.

### III.    OBJECTION TO TERMS OF SALE TRANSACTION FEE

The terms of the Sales Transaction Fee are reflected at the top of page 6 of the Employment

---

[4] *See* Employment Application, page 8, ¶17.

[5] The <u>Hllsborough Holdings</u> court at 840 further observed,

This Court is not unaware that the world of investment banking is indeed a strange but wonderful place where a large amount of money is spent, generally at the expense of debtors in Chapter 11. Nevertheless, this Court is satisfied that in the absence of time record, it is almost impossible to determine the reasonable value of the services rendered.

[6] *See* Employment Application, page 8, ¶¶16 and 17.

4

Application. Generally it is contingent upon the consummation of a sale and payable at the closing of the sale with differing amounts based on whether the sale is to the (a) existing secured lender, any of the secured lender's affiliates or (b) another third party.

Again the United States Trustee objects to the relief requested as *nowhere* in the terms of the Sale Transaction Fee is there a prerequisite that the buyer or even the secured lender's interest be procured by the services rendered by Armory. This is particularly true in the case of the secured lender as they may be motivated by their self-interest to independently seek to solicit Debtors' interest to sell Debtors' operations to it or even seek to file a plan of reorganization which would result in the secured lender's acquisition of the Debtors' operations.

In further respect, the United States Trustee notes that unlike the general provisions of the Sale Transaction Fee, the terms following termination of Armory's engagement for the Extended Fee Period as defined in the Employment Application[7], such fee is contingent, in pertinent part, on Covered Part[ies] (ie: those executing a non disclosure agreement or party that has received the marketing materials prepared under the Engagement Letter). There is no such similar provision in the Engagement Letter for determination of the Sale Transaction Fee during the engagement period.

a) **Inclusion of equity securities in the term 'Sale'**

The term 'Sale' includes the disposition to one or more parties in one or a series of related transactions of all or a significant portion of the equity securities of the Company[8] or one of the Company's subsidiaries.

This provision raises a serious issue of valuation of securities for purposes of calculating the Sale Transaction Fee. While the valuation of securities with an existing public market is addressed in the Engagement Letter at the top of page 5 (Pacer bate stamped page 25 of 44), securities with no

---

[7] Term 'Extended Fee Period' is defined in the Employment Application on page 6, lines 6 to 7.

[8] The United States Trustee understands the term 'Company' as used in the Engagement Letter to mean the Debtors-in-Possession collectively.

5

existing market value are left to the negotiation between the Debtors and Armory apparently without further review of this Court or notice to creditors.

b) **<u>Inclusion of the term 'Restructuring' under the umbrella of the term 'Sale'.</u>**

The term 'Restructuring' is included under the definition of 'Sale' in the determination of a Sale Transaction Fee. This term includes a recapitalization or restructuring of debt and equity and apparently includes the forgiveness of debt through a Chapter 11 Plan of Reorganization. Again, the issue of valuation of 'Restructuring' for purposes of determination of the Sale Transaction Fee arises and such is not defined in the Engagement Letter. Moreover, the United States Trustee expresses his concern regarding the inclusion of conversion of debt, cancellation of debt, forgiveness of debt, etc. under a Chapter 11 Plan of Reorganization as the basis for determination of Armory's Sale Transaction Fee which may extend to the Extended Fee Period. This particular provision appears egregious as the terms of any plan of reorganization may well be a factor of economic reality for the Debtors and as such, the administrative fee of 3% on the Transaction Value may prove to be especially burdensome to the Debtors and which may otherwise not been a product of any of the services provided by Armory.

c) **<u>Objection to the provision of Extended Fee Period as it applies to the Sale Transaction Fee</u>**

The term 'Extended Fee Period' as it applies to the Sale Transaction Fee is defined in the Employment Application on page 6, line 6 to 14 and in the Engagement Letter at the bottom of page 3 (Pacer bate stamped page 23 of 44).

Here again, the United States Trustee objects to the provision of Armory's claim to the Sales Transaction Fee as it applies to a sale to the Debtors' secured lender as the secured lender may be motivated by their self-interest to independently seek to solicit Debtors' interest to sell Debtors' operations to it or even seek to file a plan of reorganization which would result in the secured lender's acquisition of the Debtors' operations.

6

Secondly, the United States Trustee objects to the provision of Armory's claim to a Sale Transaction Fee to a Covered Party as defined in the Employment Application outside the six month following the termination of Armory's engagement (ie: outside the Extended Fee Period). In this respect, the United States Trustee objects to such provision as Debtors may decide at another date after the termination of Armory's engagement, to engage another investment banker whose efforts, and not those of Armory, may persuade a Covered Party to purchase the estate assets-if this specific term of Armory's Engagement Letter were enforced, Debtors could be liable for two Sale Transaction Fees.

### IV.    OBJECTION TO TERMS OF FINANCING TRANSACTION FEE

The term 'Financing Transaction Fee' is defined in the Employment Application on page 6, line 15 to page 7, line 10.

Here again, the United States Trustee objects to the relief requested as *nowhere* in the terms of the Financing Transaction Fee is there a prerequisite that the lender be procured by the services rendered by Armory. This is particularly true in the case of the secured lender as they may be motivated by their self-interest to extend further 'Financing', as such term is defined in the Engagement Letter, to the Debtors. Moreover, issues arise as to the reasonableness of the fee in the event of any modification of the terms of existing debt.

a) **Objection to the provision of Extended Fee Period as it applies to the Financing Transaction Fee.**

There appears to be an inconsistency regarding Armory's entitlement to a Financing Transaction Fee following the termination of their engagement.[9] In any case, the United States Trustee objects to the provision of Armory's entitlement to a Financing Transaction Fee outside of the Extended Fee Period for the same reason set forth above in connection with the Sale

---

[9] *See* Employment Application, page 6, line 19 to 22 and page 7, line 3 to 8.

7

Transaction Fee (ie: financing transaction may be result of services by another investment banker which may result in a claim for a duplicative financing fee).

### V. OBJECTION TO MINIMUM FEE

The Engagement Letter provides for a minimum fee of $200,000 for any Sale and/or Financing Transaction Fee.[10] Nowhere in the Employment Application does the Debtors provide an explanation of why such minimum fee is reasonable even under the auspices of 11 U.S.C. §328.

### VI. OBJECTION TO PAYMENT OF EXPENSES PRIOR TO INTERIM FEE APPLICATION.

The Engagement Letter also provides for Amory's recovery on a monthly basis of its reasonable travel and out of pocket expenses, including charges of counsel to be retained by Amory.[11] The United States Trustee objects to such provision absent a noticed hearing for this Court and other interested parties to assess the reasonableness of such charges; this is especially true with respect to fees related to counsel as there is no disclosed ceiling of such costs.

### VII. OBJECTION TO TERMS OF INDEMNIFICATION

The succinct terms of the indemnification provisions of Armory's employment appear in Schedule A to the Engagement Letter (Pacer bate stamped pages 28 and 29 of 44). The terms of the indemnification provision provides the ceiling of damages, 'in no event …exceed the amount of fees actually received and retained by Armory Securities [this amount excludes reimbursement of expenses]….' The United States Trustee objects to such term particularly in light that the services of Armory may affect third parties who may make a claim based on representations by Armory in its role as Debtors' investment banker and that this term appears to include acts which may be determined to bad faith, gross misconduct or willful misconduct on the part of Armory.

---

[10] *See* Engagement Letter, page 4 (Pacer bate stamped page 24 of 44).

[11] *See* Engagement Letter, page 5 (Pacer bate stamped page 25 of 44).

### VIII. OBJECTION TO EMPLOYMENT BASED ON PROVISION OF NON DISCLOSURE OF CONFLICTS TO THE DEBTORS.

The Engagement Letter contains a provision which reads as follows:

8. <u>Other Relationships</u>. The Company acknowledges that Armory Securities or its respective affiliates may from time to time perform various investment banking and financial advisory services for, and have other relationships with, other clients and customers who may have conflicting interests with respect to the Company or a Transaction and that Armory Securities and its affiliates shall have no obligation to disclose any information acquired in connection with such relationships to the Company or to use such information in connection with any transactions contemplated with this letter agreement.[12]

This single provision in the Engagement Letter gives rise to serious issues regarding the propriety of Armory's employment. A professional employed under 11 U.S.C. §327(a) as Armory is seeking to be employed, must remain disinterested and not hold an adverse interest to the estate throughout their employment and not just at the time of their employment. The two prongs of 11 U.S.C. §327(a), that of being a "disinterested person" and not holding or representing an interest adverse to the estate apply at the time of retention and throughout the case. <u>In re Granite Partners, L.P.</u>, 219 B.R. 22, 32 (Bankr.S.D.N.Y. 1998).

The aforementioned provision in the Engagement Letter, the terms of which appear to be critical to Armory to accept employment in these cases, are offensive to the requirements of 11 U.S.C. §327(a) for any employed professional as such conflicts, if they arise, may be detrimental to the interests of the Debtors who Armory has indicated has no obligation to disclose to (or presumably even to this Court). In addition, to the extent Armory uses any of its affiliates to perform services[13], it is unclear whether such affiliates are also disinterested or hold any interest adverse to the bankruptcy estates.

As such, the United States Trustee objects to the employment of Armory.

---

[12] *See* Engagement Letter, page 6 (Pacer bate stamped page 26 of 44).

[13] *See* Engagement Letter, Pacer bate stamped page 21 of 44.

## IX.    CASH COLLATERAL ISSUES.

The United States Trustee is unaware of any provision in any existing cash collateral order providing for payment of the fees and expenses of an investment banker. To the extent that the source of payment of such fees and expenses are sought from a secured creditor's cash collateral, no payment should be authorized absent court approval of such use.

## X.    CONCLUSION

WHEREFORE, based on the above, the United States Trustee submits his objection to the proposed employment of Armory Securities, LLC as investment banker to the Debtors-in-Possession.

Dated: July 19, 2019

                                PETER C. ANDERSON
                                UNITED STATES TRUSTEE

                                By: _____
                                     Alvin Mar
                                Attorney for the United States Trustee

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**915 Wilshire Boulevard, Ste 1850, Los Angeles, CA 90017**

A true and correct copy of the foregoing document entitled (*specify*): **OBJECTION TO APPLICATION TO EMPLOY ARMORY SECURITIES, LLC AS INVESTMENT BANKER PURSUANT TO 11 U.S.C. §§327(a) AND 328(a)(doc. no. 179)**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 07/19/2019 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**SEE ATTACHED SERVICE LIST (IF APPLICABLE)**

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On 07/19/2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**SEE ATTACHED SERVICE LIST (IF APPLICABLE)**

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 07/19/2019, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**SEE ATTACHED SERVICE LIST (IF APPLICABLE)**

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 07/19/2019 | Helen Cruz | /s/ Helen Cruz |
|---|---|---|
| Date | Print Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

John-Patrick M Fritz on behalf of Attorney Official Committee Of Unsecured Creditors
jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com

John-Patrick M Fritz on behalf of Interested Party Levene, Neale, Bender, Yoo & Brill L.L.P.
jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com

Vivian Ho on behalf of Creditor FRANCHISE TAX BOARD
BKClaimConfirmation@ftb.ca.gov

Alvin Mar on behalf of U.S. Trustee United States Trustee (LA)
alvin.mar@usdoj.gov

Ashley M McDow on behalf of Debtor Scoobeez
amcdow@foley.com, sgaeta@foley.com;mhebbeln@foley.com;swilson@foley.com;jsimon@foley.com

Ashley M McDow on behalf of Debtor Scoobeez Global, Inc.
amcdow@foley.com, sgaeta@foley.com;mhebbeln@foley.com;swilson@foley.com;jsimon@foley.com

Ashley M McDow on behalf of Debtor Scoobur LLC
amcdow@foley.com, sgaeta@foley.com;mhebbeln@foley.com;swilson@foley.com;jsimon@foley.com

Stacey A Miller on behalf of Creditor Porsche Financial Services, Inc.
smiller@tharpe-howell.com

Stacey A Miller on behalf of Creditor Porsche Financial Services, Inc. dba Bentley Financial Services
smiller@tharpe-howell.com

Stacey A Miller on behalf of Creditor Porsche Leasing Ltd.
smiller@tharpe-howell.com

Shane J Moses on behalf of Debtor Scoobeez
smoses@foley.com

Akop J Nalbandyan on behalf of Interested Party INTERESTED PARTY
jnalbandyan@LNtriallawyers.com, cbautista@LNtriallawyers.com

Rejoy Nalkara on behalf of Creditor BMW Financial Services NA, LLC, c/o AIS Portfolio Services, LP
rejoy.nalkara@americaninfosource.com

Anthony J Napolitano on behalf of Creditor Hillair Capital Management LLC
anapolitano@buchalter.com, IFS_filing@buchalter.com;salarcon@buchalter.com

David L. Neale on behalf of Attorney Official Committee Of Unsecured Creditors
dln@lnbyb.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                    F 9013-3.1.PROOF.SERVICE

David L. Neale on behalf of Interested Party Levene, Neale, Bender, Yoo & Brill L.L.P.
dln@lnbyb.com

Aram Ordubegian on behalf of Interested Party Courtesy NEF
ordubegian.aram@arentfox.com

Gregory M Salvato on behalf of Interested Party INTERESTED PARTY
gsalvato@salvatolawoffices.com,
calendar@salvatolawoffices.com;jboufadel@salvatolawoffices.com;gsalvato@ecf.inforuptcy.com

Steven M Spector on behalf of Creditor Hillair Capital Management LLC
sspector@buchalter.com, IFS_efiling@buchalter.com;salarcon@buchalter.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Eric K Yaeckel on behalf of Creditor Arturo Vega
yaeckel@sullivanlawgroupapc.com


*SEE NEF FOR CONFIRMATION OF ELECTRONIC TRANSMISSION TO THE U.S. TRUSTEE AND ANY TRUSTEE IN THIS CASE, AND TO ANY ATTORNEYS WHO RECEIVE SERVICE BY NEF.*

2.  **SERVED BY U.S. MAIL**

    Debtor:
    **Scoobeez**
    Scoobeez Global, Inc.
    Scoobur, LLC
    3463 Foothill Blvd.
    Glendale, CA 91214

    Proposed Investment Banker:
    Armory Securities, LLC
    c/o Eben Paul Perison, Managing Director
    1230 Rosecrans Avenue, Ste 660
    Manhattan Beach, CA 90266

3.  **SERVED BY (state method for each person served):**

    **BY OVERNIGHT DELIVERY**

    Judge's Copy
    The Honorable Julia W. Brand
    U.S. Bankruptcy Court
    255 E. Temple Street
    9th Floor-Judge's Bin
    Los Angeles, CA 90012

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                F 9013-3.1.PROOF.SERVICE