UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
CENTRAL DISTRICT OF CALIFORNIA

| In Re:<br>Scoobur, LLC<br><br>Debtor(s) | CHAPTER 11 (BUSINESS)<br>Case Number: 2:19-BK-14997-WB<br><br>Operating Report Number: 2<br>For the Month Ending: 6/1/2019 to 6/30/2019 |
|---|---|

## I. CASH RECEIPTS AND DISBURSEMENTS
### A. (GENERAL ACCOUNT*)

| | | | |
|---|---|---|---|
| 1. | TOTAL RECEIPTS PER ALL PRIOR GENERAL ACCOUNT REPORTS | | 0 |
| 2. | LESS: TOTAL DISBURSEMENTS PER ALL PRIOR GENERAL ACCOUNT REPORTS | | 0 |
| 3. | BEGINNING BALANCE: | | 0 |
| 4. | RECEIPTS DURING CURRENT PERIOD: | | |
| | Accounts Receivable - Post-filing | | |
| | Accounts Receivable - Pre-filing | | |
| | General Sales | | |
| | Other (Specify)    Branch Deposit | 25 | |
| | **Other (Specify)   Card Claim Final Credit | 1,019 | |
| | TOTAL RECEIPTS THIS PERIOD: | | 1,044 |
| 5. | BALANCE: | | 1,044 |
| 6. | LESS: TOTAL DISBURSEMENTS DURING CURRENT PERIOD | | |
| | Transfers to Other DIP Accounts (from page 2) | 0 | |
| | Disbursements (from page 2) | 0 | |
| | TOTAL DISBURSEMENTS THIS PERIOD:*** | | 0 |
| 7. | ENDING BALANCE: | | 1,044 |
| 8. | General Account Number(s): | ******3755 | |
| | Depository Name & Location: | DIP Operating Wells Fargo<br>3200 Foothill, Blvd.<br>La Crescenta, CA 91214 | |

\*   All receipts must be deposited into the general account.

\*\* Include receipts from the sale of any real or personal property out of the ordinary course of business; attach an exhibit specifying what was sold, to whom, terms, and date of Court Order or Report of Sale.

\*\*\*This amount should be the same as the total from page 2.

TOTAL DISBURSEMENTS FROM GENERAL ACCOUNT FOR CURRENT PERIOD

| Date mm/dd/yyyy | Check Number | Payee or DIP account | Purpose | *Amount Transferred | **Amount Disbursed | Amount |
|---|---|---|---|---|---|---|
| | | | TOTAL DISBURSEMENTS THIS PERIOD: | | | |

\* Fill in amounts in this column if they are TRANSFERS to another DIP account (e.g. Payroll or Tax); the "amount" column will be filled in for you.
\*\* Fill in amounts in this column if they are DISBURSEMENTS to outside payees; the "amount" column will be filled in for you.

GENERAL ACCOUNT

## BANK RECONCILIATION

| | | | |
|---|---|---|---:|
| Bank statement Date: | 6/30/2019 | Balance on Statement: | $1,044 |

Plus deposits in transit (a):

| Deposit Date | Deposit Amount |
|---|---|
| | |
| | |
| | |
| | |
| | |

TOTAL DEPOSITS IN TRANSIT $0

Less Outstanding Checks (a):

| Check Number | Check Date | Check Amount |
|---|---|---|
| | | |
| | | |

TOTAL OUTSTANDING CHECKS: $0

Bank statement Adjustments: $0
Explanation of Adjustments-

ADJUSTED BANK BALANCE: $1,044

\* It is acceptable to replace this form with a similar form
\*\* Please attach a detailed explanation of any bank statement adjustment

I. CASH RECEIPTS AND DISBURSEMENTS

B. (PAYROLL ACCOUNT)

1. TOTAL RECEIPTS PER ALL PRIOR PAYROLL ACCOUNT REPORTS — N/A

2. LESS: TOTAL DISBURSEMENTS PER ALL PRIOR PAYROLL ACCOUNT REPORTS

3. BEGINNING BALANCE:

4. RECEIPTS DURING CURRENT PERIOD:
   (Transfer from General Account)

5. BALANCE:

6. LESS: TOTAL DISBURSEMENTS DURING CURRENT PERIOD
   TOTAL DISBURSEMENTS THIS PERIOD:***

7. ENDING BALANCE:

8. PAYROLL Account Number(s):

   Depository Name & Location:

TOTAL DISBURSEMENTS FROM PAYROLL ACCOUNT FOR CURRENT PERIOD

| Date mm/dd/yyyy | Check Number | Payee | Purpose | Amount |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  | TOTAL DISBURSEMENTS THIS PERIOD: |  |

PAYROLL ACCOUNT

BANK RECONCILIATION

Bank statement Date: 6/30/2019    Balance on Statement: N/A

Plus deposits in transit (a):

| Deposit Date | Deposit Amount |
|---|---|
|  |  |
|  |  |
|  |  |

TOTAL DEPOSITS IN TRANSIT

Less Outstanding Checks (a):

| Check Number | Check Date | Check Amount |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

TOTAL OUTSTANDING CHECKS:

Bank statement Adjustments:
Explanation of Adjustments-

ADJUSTED BANK BALANCE:

\* It is acceptable to replace this form with a similar form
\*\* Please attach a detailed explanation of any bank statement adjustment

I. CASH RECEIPTS AND DISBURSEMENTS

                            C. (TAX ACCOUNT)

1. TOTAL RECEIPTS PER ALL PRIOR TAX ACCOUNT REPORTS                  N/A

2. LESS: TOTAL DISBURSEMENTS PER ALL PRIOR TAX ACCOUNT REPORTS

3. BEGINNING BALANCE:

4. RECEIPTS DURING CURRENT PERIOD:
   (Transfer from General Account)

5. BALANCE:

6. LESS: TOTAL DISBURSEMENTS DURING CURRENT PERIOD
   TOTAL DISBURSEMENTS THIS PERIOD:***

7. ENDING BALANCE:

8. TAX Account Number(s):

   Depository Name & Location:

TOTAL DISBURSEMENTS FROM TAX ACCOUNT FOR CURRENT PERIOD

| Date mm/dd/yyyy | Check Number | Payee | Purpose | Amount |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  | TOTAL DISBURSEMENTS THIS PERIOD: |  |

TAX ACCOUNT

## BANK RECONCILIATION

Bank statement Date: 6/30/2019     Balance on Statement: N/A

Plus deposits in transit (a):

| Deposit Date | Deposit Amount |
|---|---|
|  |  |
|  |  |

TOTAL DEPOSITS IN TRANSIT

Less Outstanding Checks (a):

| Check Number | Check Date | Check Amount |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

TOTAL OUTSTANDING CHECKS:

Bank statement Adjustments:
Explanation of Adjustments-

ADJUSTED BANK BALANCE:

\* It is acceptable to replace this form with a similar form
\*\* Please attach a detailed explanation of any bank statement adjustment

I. D SUMMARY SCHEDULE OF CASH

ENDING BALANCES FOR THE PERIOD:
(Provide a copy of monthly account statements for each of the below)

|  |  |
|---|---:|
| General Account: | 1,044 |
| Payroll Account: | 0 |
| Tax Account: | 0 |
| *Other Accounts: |  |
| *Other Monies: |  |
| **Petty Cash (from below): |  |
| TOTAL CASH AVAILABLE: | 1,044 |

Petty Cash Transactions:

| Date | Purpose | Amount |
|---|---|---|
|  |  |  |
|  |  |  |

TOTAL PETTY CASH TRANSACTIONS:

* Specify the Type of holding (e.g. CD, Savings Account, Investment Security), and the depository name, location & account#
** Attach Exhibit Itemizing all petty cash transactions

## II. STATUS OF PAYMENTS TO SECURED CREDITORS, LESSORS
### AND OTHER PARTIES TO EXECUTORY CONTRACTS

| Creditor, Lessor, Etc. | Frequency of Payments (Mo/Qtr) | Amount of Payment | Post-Petition payments not made (Number) | Total Due |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  | TOTAL DUE: |  |

## III. TAX LIABILITIES

FOR THE REPORTING PERIOD:

Gross Sales Subject to Sales Tax: N/A
Total Wages Paid: N/A

|  | Total Post-Petition Amounts Owing | Amount Delinquent | Date Delinquent Amount Due |
|---|---|---|---|
| Federal Withholding |  |  |  |
| State Withholding |  |  |  |
| FICA- Employer's Share |  |  |  |
| FICA- Employee's Share |  |  |  |
| Federal Unemployment |  |  |  |
| Sales and Use |  |  |  |
| Real Property |  |  |  |
| Other: |  |  |  |
| TOTAL: |  |  |  |

IV. AGING OF ACCOUNTS PAYABLE AND RECEIVABLE

|  | *Accounts Payable Post-Petition | Accounts Receivable Pre-Petition | Accounts Receivable Post-Petition |
|---|---|---|---|
| 30 days or less |  |  |  |
| 31 - 60 days |  |  |  |
| 61 - 90 days |  |  |  |
| 91 - 120 days |  |  |  |
| Over 120 days |  |  |  |
| TOTAL: |  |  |  |

V. INSURANCE COVERAGE

| Type | Name of Carrier | Amount of Coverage | Policy Expiration Date | Premium Paid Through (Date) |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
| Others: |  |  |  |  |

VI. UNITED STATES TRUSTEE QUARTERLY FEES
(TOTAL PAYMENTS)

| Quarterly Period Ending (Date) | Total Disbursements | Quarterly Fees | Date Paid | Amount Paid | Quarterly Fees Still Owing |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

* Post-Petition Accounts Payable SHOULD NOT include professionals' fees and expenses which have been incurred but not yet awarded by the court.  Post-Petition Accounts Payable SHOULD include professionals' fees and expenses authorized by Court Order but which remain unpaid as of the close of the period report

VII SCHEDULE OF COMPENSATION PAID TO INSIDERS

| Name of Insider | Date of Order Authorizing Compensation | *Authorized Gross Compensation | Gross Compensation Paid During the Month |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

VIII.  SCHEDULE OF OTHER AMOUNTS PAID TO INSIDERS

| Name of Insider | Date of Order Authorizing Compensation | Description | Amount Paid During the Month |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

* Please indicate how compensation was identified in the order (e.g. $1,000/week, $2,500/month)

# IX. PROFIT AND LOSS STATEMENT
## (ACCRUAL BASIS ONLY)

|  | Current Month | Cumulative Post-Petition |
|---|---|---|
| **Sales/Revenue:** | | |
| Gross Sales/Revenue | N/A | |
| Less: Returns/Discounts | | |
| Net Sales/Revenue | | |
| **Cost of Goods Sold:** | | |
| Beginning Inventory at cost | | |
| Purchases | | |
| Less: Ending Inventory at cost | | |
| Cost of Goods Sold (COGS) | | |
| **Gross Profit** | | |
| Other Operating Income (Itemize) | | |
| **Operating Expenses:** | | |
| Payroll - Insiders | | |
| Payroll - Other Employees | | |
| Payroll Taxes | | |
| Other Taxes (Itemize) | | |
| Depreciation and Amortization | | |
| Rent Expense - Real Property | | |
| Lease Expense - Personal Property | | |
| Insurance | | |
| Real Property Taxes | | |
| Telephone and Utilities | | |
| Repairs and Maintenance | | |
| Travel and Entertainment (Itemize) | | |
| Miscellaneous Operating Expenses (Itemize) | | |
| Total Operating Expenses | | |
| Net Gain/(Loss) from Operations | | |
| **Non-Operating Income:** | | |
| Interest Income | | |
| Net Gain on Sale of Assets (Itemize) | | |
| Other (Itemize) | | |
| Total Non-Operating income | | |
| **Non-Operating Expenses:** | | |
| Interest Expense | | |
| Legal and Professional (Itemize) | | |
| Other (Itemize) | | |
| Total Non-Operating Expenses | | |
| **NET INCOME/(LOSS)** | | |

(Attach exhibit listing all itemizations required above)

## X. BALANCE SHEET
### (ACCRUAL BASIS ONLY)

| ASSETS | Current Month End | |
|---|---|---|
| Current Assets: | | |
|   Unrestricted Cash | 1,044 | |
|   Restricted Cash | | |
|   Accounts Receivable | | |
|   Inventory | | |
|   Notes Receivable | | |
|   Prepaid Expenses | | |
|   Other (Itemize) | | |
| Total Current Assets | | 1,044 |
| Property, Plant, and Equipment | | |
| Accumulated Depreciation/Depletion | | |
| Net Property, Plant, and Equipment | | |
| Other Assets (Net of Amortization): | | |
|   Due from Insiders | | |
|   Other (Itemize) | 89,000 (1) | |
| Total Other Assets | | 89,000 |
| **TOTAL ASSETS** | | **90,044** |
| LIABILITIES | | |
| Post-petition Liabilities: | | |
|   Accounts Payable | | |
|   Taxes Payable | | |
|   Notes Payable | | |
|   Professional fees | | |
|   Secured Debt | | |
|   Other (Itemize) | 1,044 (2) | |
| Total Post-petition Liabilities | | 1,044 |
| Pre-petition Liabilities: | | |
|   Secured Liabilities | | |
|   Priority Liabilities | | |
|   Secured Liabilities | | |
|   Other (Itemize) | | |
| Total Pre-petition Liabilities | | 0 |
| **TOTAL LIABILITIES** | | **1,044** |
| EQUITY: | | |
|   Pre-petition Owners' Equity | 89,000 | |
|   Post-petition Profit/(Loss) | | |
|   Direct Charges to Equity | | |
| **TOTAL EQUITY** | | **89,000** |
| **TOTAL LIABILITIES & EQUITY** | | **90,044** |

(1) Relates to the Scoobeez.com, trademark and various related marks.
(2) Of this total, $1,019 is due to Scoobeez on account of a reimbursement inadvertently deposited into Scoobur's debtor-in-possession account ("DIP Account") rather than the DIP Account for Scoobeez, the operating debtor, and $25 is due to George Voskanian on account of an advance made to open up the Debtor's DIP Account.

XI. QUESTIONNAIRE

| | | No | Yes |
|---|---|---|---|
| 1. | Has the debtor-in-possession made any payments on its pre-petition unsecured debt, except as have been authorized by the court?  If "Yes", explain below: | X | |
| 2. | Has the debtor-in-possession during this reporting period provided compensation or remuneration to any officers, directors, principals, or other insiders without appropriate authorization?  If "Yes", explain below: | X | |

3. State what progress was made during the reporting period toward filing a plan of reorganization

**On or about June 6, 2019, the Court entered an order authorizing the Debtor(s) to retain Brian Weiss of Force 10 Partners as their chief restructuring officer (the "CRO").  Since this date, the CRO has continued to work diligently with the Debtors and the Debtor(s) professionals towards the exit strategy most likely to maximize the value of the estates' assets, and thus the distributions to be made to creditors holding allowed claims.**

4. Describe potential future developments which may have a significant impact on the case:
**See response to question #3.  In addition, the deadline for the Official Committee of Unsecured Creditors (the "Committee") to challenge the nature, extent, scope, amount and/or enforceability of any and all claim(s) asserted by and/or lien(s) purportedly in favor of Hillair Capital Management is July 24, 2019, and the Committee has indicated their intent to do so on or before that date by way of adversary proceeding and/or contested matter.**

5. Attach copies of all Orders granting relief from the automatic stay that were entered during the reporting period.

| | | No | Yes |
|---|---|---|---|
| 6. | Did you receive any exempt income this month, which is not set forth in the operating report?  If "Yes", please set forth the amounts and sources of the income below. | X | |

/s/ George Voskanian

I,  George Voskanian, CFO/Co-CEO

declare under penalty of perjury that I have fully read and understood the foregoing debtor-in-possession operating report and that the information contained herein is true and complete to the best of my knowledge.

Ashley M. McDow (245114)
**FOLEY & LARDNER LLP**
555 S. Flower St., Suite 3300
Los Angeles, CA  90071
Telephone:   213.972.4500
Facsimile:   213.486.0065
Email:           amcdow@foley.com

and

John A. Simon (admitted *pro hac vice*)
**FOLEY & LARDNER LLP**
500 Woodward Ave., Ste. 2700
Detroit, MI 48226
Telephone:   313.234.7100
Facsimile:   313.234.2800
Email:           jsimon@foley.com

Attorneys for Debtors and Debtors-in-Possession,
Scoobeez, Scoobeez Global, Inc., and Scoobur, LLC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>SCOOBEEZ, *et al.*[1]<br><br>Debtors and Debtors in Possession.<br><br>———<br><br>Affects:<br><br>☐ All Debtors<br><br>☐ Scoobeez, ONLY<br><br>☐ Scoobeez Global, Inc., ONLY<br><br>■ Scoobur LLC, ONLY | Case No. 2:19-bk-14989-WB<br>Jointly Administered:<br>2:19-bk-14991-WB; 2:19-bk-14997-WB<br><br>Chapter 11<br><br>**GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING SCOOBUR, LLC'S JUNE 2019 MONTHLY OPERATING REPORT** |

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Scoobeez (6339); Scoobeez Global, Inc. (9779); and Scoobur, LLC (0343).  The Debtors' address is 3463 Foothill Boulevard, Glendale, California 91214.

Scoobur, LLC, as debtor and debtor in possession ("**Scoobur**") is filing its June 2019 Monthly Operating Report in accordance with the United States Trustee Guidelines for the Bankruptcy Court for the Central District of California. These Global Notes and Statement of Limitations, Methodology, and Disclaimers Regarding Scoobur's June 2019 Monthly Operating Report (the "**Global Notes**") relate to the Scoobur June 2019 Monthly Operating Report (the "**MOR**") and are in addition to any specific notes contained in the MOR.

**These Global Notes comprise an integral part of the MOR and should be referred to and considered in connection with any review of the MOR. The MOR and Global Notes should not be relied upon by any persons for information relating to current or future financial conditions, events, or performance of Scoobur.**

The MOR was prepared by George Voskanian, the Chief Financial Officer and Co-Chief Executive Officer ("**Voskanian**") of Scoobur's sole member, Scoobeez Global, Inc., with the assistance of Scoobur's advisors. Although Voskanian has made reasonable efforts to ensure that MOR is accurate and complete based upon information that was available at the time of preparation, subsequent information or discovery thereof may result in material changes to MOR, and inadvertent errors or omissions may exist. Moreover, the MOR contains unaudited information, which is subject to further review and potential adjustment.

The MOR has been signed by Voskanian. In reviewing and signing the MOR, Voskanian necessarily relied upon the efforts, statements, and representations of Scoobur's other personnel and professionals.

Scoobur and its agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein, and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein. While reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist.

# GLOBAL NOTES PERTAINING TO MOR

1. **General Reservation of Rights:** Scoobur reserves all rights to amend the MOR from time to time, in any and all respects, as may be necessary or appropriate. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

2. **Global Notes Control**. These Global Notes pertain to and comprise an integral part of the MOR and should be referenced in connection with any review thereof. In the event that the MOR conflict with these Global Notes, these Global Notes shall control.

3. **Reservations and Limitations**. Reasonable efforts have been made to prepare and file a complete and accurate MOR; however, as noted above, inadvertent errors and omissions may exist. Scoobur reserves all rights to amend and supplement the MOR as may be necessary or appropriate. Nothing contained in the MOR constitutes a waiver of Scoobur's rights or an admission of any kind with respect to these Chapter 11 Cases, including, but not limited to, any rights or claims of Scoobur against any third party or issues involving substantive consolidation, recharacterization, equitable subordination, or defenses or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable bankruptcy or non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

4. **No Admission**. Nothing contained in the MOR is intended or should be construed as an admission or stipulation of the validity of any claim against Scoobur, the secured status of any claim against Scoobur, the nature of any contract, including whether such contract is executory, or a waiver of Scoobur's rights to dispute any claim, the status of any contract, or to assert any cause of action or defense against any party. Furthermore, nothing in the MOR constitutes an admission by Scoobur of the legal rights of any vendor, claimant, or contract counterparty, or nothing in the MOR constitutes a waiver of Scoobur's rights to recharacterize or reclassify such claim or contract.

5. **Financial Information.** The financial and tax information contained in the MOR continues to be reviewed by Scoobur and its professionals and will be amended or updated as necessary and appropriate. Historically, based upon the relationship amongst the Debtors, certain financial obligations and results of the operating entity (Scoobeez) may have beeen reported or reflected in the financials of the parent company (Scoobeez Global). For instance, solely by way of example, the Debtors have filed consolidated tax returns.

6. **Insiders**. In the circumstances where the MOR requires information regarding "insiders," Scoobur has included information with respect to certain individuals who served as officers and directors, as the case may be, during the relevant time periods. Such individuals may no longer serve in such capacities. The listing of a party as an insider for purposes of the MOR is not intended to be, nor should it be, construed an admission of any fact, right, claim, or defense, and all such rights, claims, and defenses are hereby expressly reserved. Information regarding the individuals listed as insiders in the MOR may not be used for the purposes of determining control of Scoobur, the extent to which any individual exercised management responsibilities or functions, corporate decision-making authority over Scoobur, or whether such individual could successfully argue that he or she is not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability or any other purpose. Payments listed as being made to insiders in the MOR continue to be reviewed by Scoobur and its professionals and will be amended or updated as necessary and appropriate.