Ashley M. McDow (245114)
**FOLEY & LARDNER LLP**
555 S. Flower St., Suite 3300
Los Angeles, CA 90071
Telephone:    213.972.4500
Facsimile:    213.486.0065
Email:    amcdow@foley.com

and

John A. Simon (admitted *pro hac vice*)
**FOLEY & LARDNER LLP**
500 Woodward Ave., Ste. 2700
Detroit, MI 48226
Telephone:    313.234.7100
Facsimile:    313.234.2800
Email:    jsimon@foley.com

Attorneys for Debtors and
Debtors-in-Possession, Scoobeez,
Scoobeez Global, Inc., and Scoobur, LLC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>SCOOBEEZ, *et al.*[1]<br><br>　　Debtors and Debtors in Possession.<br><br>Affects:<br><br>■ All Debtors<br>☐ Scoobeez, ONLY<br>☐ Scoobeez Global, Inc., ONLY<br>☐ Scoobur LLC, ONLY | Case No. 2:19-bk-14989-WB<br>Jointly Administered:<br>2:19-bk-14991-WB; 2:19-bk-14997-WB<br><br>Chapter 11<br><br>**STATUS REPORT**<br><br>Hearing:<br><br>Date: **August 1, 2019**<br>Time: **10:00 a.m.**<br>Place: **255 E. Temple Street,**<br>　　　**Courtroom 1375, 13th Floor**<br>　　　**Los Angeles, CA 90012** |

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Scoobeez (6339); Scoobeez Global, Inc. (9779); and Scoobur, LLC (0343). The Debtors' address is 3463 Foothill Boulevard, Glendale, California 91214.

1

4825-4093-1485.7

Case 2:19-bk-14989-WB    Doc 218    Filed 07/24/19    Entered 07/24/19 20:14:41    Desc
Main Document    Page 2 of 17

**TO THE HONORABLE JULIA BRAND, UNITED STATES BANKRUPTCY JUDGE, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, PARTIES REQUESTING SPECIAL NOTICE, AND THE OFFICE OF THE UNITED STATES TRUSTEE:**

On April 30, 2019, (the "Petition Date"), the Debtors each filed a petition for relief (a "Petition") under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") (collectively, the "Chapter 11 Cases"), in the United States Bankruptcy Court for the Central District of California, Los Angeles Division (the "Court"). The Debtors intend to continue in possession of their property and to operate their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for an examiner has been made and none has been appointed. On May 13, 2019, the Court granted the joint administration motion filed by the Debtors [Dkt. No. 44] and the Chapter 11 Cases are being jointly administered under Case No. 19-14989. On May 20, 2019, the Office of the United States Trustee ("U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") in the Chapter 11 Cases [Dkt. No. 72].

The Debtors hereby submit the within chapter 11 status report, including the declaration of Brian Weiss, the Debtors' chief restructuring officer (the "CRO" or "Weiss"), in support hereof (the "Weiss Decl.") (the "Report").

### A. BRIEF DESCRIPTION OF THE DEBTORS' BUSINESSES AND OPERATIONS, AND THE PRINCIPAL ASSETS AND LIABILITIES OF EACH ESTATE

Scoobeez is a logistics and delivery company headquartered at 3463 Foothill Boulevard, Glendale, California 91214. Amazon is the Debtors' only customer. Information regarding the Debtors' assets and liabilities is set forth in their respective schedules, amendments to certain of which will be filed in short order. [*See* Dkt. No. 112 in Case No. 2:19-bk-14989-WB; Dkt No. 13 in Case No. 2:19-bk-14991-WB; and Dkt. No. 13 in Case No. 2:19-bk-14997-WB]. As of the Petition Date, Scoobeez had approximately $4.1 million of accounts receivable, and various personal property valued at an estimated $184,971.43 as of the Petition Date. Scoobeez Global, Inc. owns 96% of the stock of Scoobeez and 100% of the member interest in Scoobur, LLC. Scoobur, LLC owns Scoobeez.com, a trademark and various related marks.

The largest creditor asserting a security interest in property owned by one or more of the Debtors

2
4825-4093-1485.7

is Hillair Capital Management LLC ("Hillair").  On or about June 6, 2019, the Debtors entered into the *Second Stipulation Between the Debtors, the Committee and Hillair Capital Management for (1) Authorization to Use Cash Collateral on an Interim Basis; (2) Appointment of a Chief Restructuring Officer* [Dkt. No. 132] (the "Second Cash Collateral Stipulation"), in which they stipulated, amongst other things, that the Prepetition Obligations, as that term is defined therein, were due and payable to Hillair in the aggregate amount of not less than $11,108,500.00.  Pursuant to the Second Cash Collateral Stipulation, the Committee have until July 31, 2019 to challenge the validity, enforceability, priority, extent, and/or amount of any claim(s) by or liens in favor of Hillair.

### B.    BRIEF ANSWERS TO QUESTIONS

#### 1.    What Precipitated the Bankruptcy Filing?

Over the two (2) years prior to the Petition Date, an increasing number of lawsuits had been filed against one or more of the Debtors, including various labor disputes.  Most recently, on or about April 22, 2019, Hillair filed a three-count complaint against one or all of the Debtors, alleging breach of contract, breach of guaranty and replevin and delivery, which commenced case number 19GDCV00492 in the Superior Court of the State of California, County of Los Angeles, North Central District (the "Los Angeles Case"). On or about April 24, 2019, Hillair filed an *Ex Parte* Application to Appoint Receiver, Issue Temporary Restraining Order and Set Order to Show Cause Why Receiver Should Not Be Confirmed and Why Preliminary Injunction Should Not Be Issued (the "Ex Parte Application") in the Los Angeles Case.  The hearing on the Ex Parte Application was set for May 1, 2019 at 1:30 p.m., however, the Debtors commenced the Chapter 11 Cases prior to that hearing.  In addition, within the past 90-120 days, a number of purported creditors have filed UCC-1 financing statements asserting liens against substantially all, if not all, of the Debtors' personal property, including but not limited to accounts receivable.  Based on the aforementioned events and circumstances, amongst others, the Debtors began to explore and evaluate potential reorganization strategies aimed towards preserving and strengthening the Debtors' operations as well as exploring a sale or recapitalization of the business.  The Debtor has filed an application to employ Amory Securities, LLC [Dkt. No. 179] to evaluate sale and recapitalization opportunities.

**2.      What Does the Debtor Hope to Accomplish in this Chapter 11 Case?**

The Debtors are evaluating the most viable exit strategy designed to maximize value for the benefit of all creditors holding allowed claims, including a potential sale, refinancing, restructuring, recapitalization or other similar transaction.

**3.      What Are the Principal Disputes or Problems Likely to Be Encountered During the Course of the Debtors' Reorganization Efforts?**

The Debtors have had cash collateral disputes with Hillair.  The U.S. Trustee and the Committee objected to the Debtors' motion to appoint Brian Weiss as Chief Restructuring Officer.  That dispute has been resolved.  The U.S. Trustee and Hillair and the Committee had certain disputes regarding the Debtors' retention of general bankruptcy counsel and a financial advisor, which have been resolved.  The U.S. Trustee has also objected to the Debtors' motion to retain an investment banker.  Additional disputes may arise in connection with a proposed sale or confirmation of a plan.

**4.      How Does the Debtor Recommend that these Disputes Be Resolved and Why?**

The Debtors intend to formulate appropriate responses and proposed potential resolutions to matters among relevant parties as they arise.

**5.      Has the Debtor Complied with All of Its Duties under 11 U.S.C. Section 521, 1106 and 1107 and All Applicable Guidelines of the Office of the United States Trustee, and, if Not, Why Not?**

The Debtors believe they are in substantial compliance with the duties and obligations imposed upon them as corporate debtors under sections 521, 1106, and 1107 of the Bankruptcy Code, and the applicable guidelines of the Office of the United States Trustee (collectively, the "UST Guidelines").

By way of example, with respect to the applicable duties and obligations under section 521 of the Bankruptcy Code, on or about May 29, 2019, the Debtors filed their Schedules and Statement of Financial Affairs [Dkt. No. 112 in Case No. 2:19-bk-14989-WB; Dkt No. 13 in Case No. 2:19-bk-14991-WB; and Dkt. No. 13 in Case No. 2:19-bk-14997-WB], and intend to file certain amendments thereto in short order.   Similarly, with respect to the applicable duties and obligations under section 1106 and 1107, the Debtors have, amongst other things, furnished various documents and information to

4825-4093-1485.7

a number of parties-in-interest, including Hillair, the Committee and the U.S. Trustee.  Lastly, with respect to the UST Guidelines - at least as far as the Debtors are aware having heard nothing to the contrary from the U.S. Trustee - each of them have submitted their respective seven-day package to the U.S. Trustee in accordance with the UST Guidelines.  On May 16, 2019, the Debtors attended their initial debtor interviews with the U.S. Trustee.

On May 31, 2019 and on June 7, 2019, the Debtors attended the meetings of creditors pursuant to section 341(a) of the Bankruptcy Code.  The Debtors are current on their obligations to file monthly operating reports (the "MORs"), having filed the MORs for May and June 2019.

On May 13, 2019, the Debtors filed with the U.S. Trustee *Notices of Setting/Increasing Insider Compensation* for Scott A. Sheikh, George Voskanian, and Jowita Chomentowska.  On May 28, 2019, the Committee filed objections and requests for hearings on the notices of insider compensation for Scott A. Sheikh and George Voskanian [Dkt. Nos. 106, 107].  Hillair filed a *Limited Omnibus Opposition to the Debtors' Notices of Setting Insider Compensation of George Voskanian, Scott Sheikh and Jowita Chomentowska* [Dkt. No. 110].  Following negotiations by and among the parties, the Committee and Hillair withdrew their objections on June 12, 2019 [Dkt. Nos. 141, 142, 144].  On June 21, 2019, the Debtors filed with the U.S. Trustee a Notice of Setting/Increasing Insider Compensation for Shoushana Ohanessian (the "Shoushana Notice").  On July 5, 2019, the Committee filed an objection to and request for hearing on the Shoushana Notice [Dkt. No. 174].  The Debtors have set the hearing on the Shoushana Notice for August 1, 2019 at 10:00 a.m. [Dkt. No. 200], and intend to timely file a reply in support of the Shoushana Notice.

**6.    Do any Parties Claim an Interest in Cash Collateral of the Debtor?**

Hillair has asserted and continues to assert an interest in the cash collateral (as that term is defined in Section 363(a) of the Bankruptcy Code) (the "Cash Collateral") of the Debtors.  Based upon a UCC search performed by the Debtors immediately prior to the Petition Date, there were a number of parties that had recorded a UCC-1 reflecting the purported granting of a security interest in various property owned by one or more of the Debtors that would come within the ambit of the definition of Cash Collateral (collectively, the "Secured Parties" and each a "Secured Party").  Based thereon, the Debtors have served each of the Secured Parties with every motion to approve the use of Cash Collateral

1  that has been filed by the Debtors, and Hillair is the only Secured Party that has objected (formally or
2  otherwise) to the Debtors' use of Cash Collateral, or otherwise asserted an interest therein.

**7. Is the Debtor Using Cash that Any Party Claims as Its Cash Collateral and, If So, on What Date(s) Did the Debtor Obtain an Order Authorizing the Use of Such Cash or the Consent of Such Party?**

On May 15, 2019, the Court entered the *Order Regarding Debtors' Emergency Motion for Entry of Interim Order: (1) Authorizing Use of Cash Collateral on an Interim Basis and (2) Granting Related Relief* [Dkt. No. 52].

On or about May 22, 2019, the Debtors entered into the *Stipulation Between the Debtors and Hillair Capital Management for (1) Authorization to Use Cash Collateral on an Interim Basis; (2) Appointment of a Chief Restructuring Officer* [Dkt. No. 81]. On or about June 6, 2019, the Debtors entered into the Second Cash Collateral Stipulation. [Dkt. No. 132].

On July 3, 2019, the Court entered the *Order Granting Continued Use of Cash Collateral Pursuant to that Certain Second Stipulation for (1) Authorization to Use Cash Collateral; and (2) Appointment of Chief Restructuring Officer* [Dkt. No. 172], extending the Debtors' use of Cash Collateral up to and through September 6, 2019.

**C. The Identity of All Professionals Retained or to Be Retained by the Estate, the Dates on Which Applications for the Employment of Such Professionals Were Filed or Submitted to the United States Trustee, the Dates on Which Orders Were Entered in Response to Such Applications, If Any, and a General Description of the Type of Services to Be Rendered by Each or the Purpose of the Employment**

**1. Counsel**

On May 30, 2019, the Debtors filed an application to employ Foley & Lardner LLP ("Foley") as general bankruptcy counsel to Debtors [Dkt. No. 116] (the "Foley Application"). On June 13, 2019, the U.S. Trustee filed an objection to the Foley Application [Dkt. No. 145] (the "UST Foley Objection"). On July 10, 2019, the Debtors filed the *Stipulation (I) Resolving (A) Objection of the United States Trustee, (B) Limited Objection of Hillair Capital Management LLC, and (C) Informal Objections of the Official Committee of Unsecured Creditors, to Debtors' Application to Employ Conway Mackenzie, Inc.*

*as the Debtors' Financial Advisors; (II) Resolving Objection of the United States Trustee to Debtors' Application to Employ Foley & Lardner LLP as General Bankruptcy Counsel; and (III) Establishing Procedures for Interim Compensation and Reimbursement of Professionals* [Dkt. No. 184] (the "Retention Stipulation").  The Debtors have lodged a proposed order approving the Retention Stipulation (the "Global Retention Order"), as well as a proposed order approving the Foley Application, and are currently awaiting entry of these orders.

### 2. Financial Advisor

On May 23, 2019, the Debtors filed an application to employ Conway Mackenzie, Inc. ("Conway") as the Debtor(s)' financial advisor [Dkt. No. 90] (the "Conway Application").  On June 5, 2019, the U.S. Trustee filed an objection to the Conway Application [Dkt. No. 131] (the "UST Conway Objection").  On June 12, 2019, Hillair filed a limited objection to the Conway Application [Dkt. No. 143] (the "Hillair Conway Limited Objection").  As suggested above, the Retention Stipulation also resolved the issues raised in the UST Conway Objection and the Hillair Conway Limited Objection, as well as informal objections raised by the Committee.  In addition to the Retention Order, on or about July 10, 2019, the Debtors lodged a proposed order approving the Conway Application and are awaiting entry of these orders.

Amongst other duties and responsibilities, and as outlined in greater detail in the Conway Application, Conway was retained by the Debtors to provide various services, including but not limited to, evaluating the short-term cash flow and financing needs of the Debtor(s), assisting in the preparation of financial statements, schedules, monthly operating reports, and budget forecasts, assisting the Debtors in developing a plan of reorganization or liquidation, including preparation of a liquidation analysis, financial data and projections, to the extent this is the exit strategy pursued by the Debtors, assisting the Debtor(s)' management and/or the Debtors' other professionals in communicating and negotiating with various parties-in-interest, as necessary and appropriate, and performing any and all tasks of similar import as may be reasonably requested by the Debtors' management, one or more of the Debtors' professionals, and/or any other parties-in-interest.

### 3. Chief Restructuring Officer

On May 16, 2019, the Debtors filed an *Application for an Order Authorizing and Approving*

*Appointing Brian Weiss as Chief Restructuring Officer of the Debtors Nunc Pro Tunc to May 16, 2019; Declaration Of Brian Weiss In Support Thereof* [Dkt. No. 63] (the "CRO Application").  On or about May 23, 2019, the U.S. Trustee filed an *Objection to Application for an Order Authorizing and Approving (1) Appointment of Brian Weiss as Chief Restructuring Officer of the Debtors Nunc Pro Tunc to May 16, 2019* (the "UST CRO Objection").  In the UST CRO Objection, the UST, amongst other things, requested that the Court order the appointment of a Chapter 11 trustee rather than approve the retention of the CRO. [Dkt. No. 86].  On May 23, 2019, the Committee filed its *Opposition to Debtors' Application for an Order Authorizing and Approving (I) Appointing Brian Weiss as Chief Restructuring Officer of the Debtors Nunc Pro Tunc to May 16, 2019* [Dkt. No. 88] (the "Committee CRO Objection").  On or about June 6, 2019, the Debtors entered into the Second Cash Collateral Stipulation amongst Hillair, the Debtors, and the Committee stipulating to not only the Debtors' use of Cash Collateral on an interim basis, but also the Debtors' retention of the CRO on certain terms.  On or about July 12, 2019, the Court overruled the UST CRO Objection as well as the Committee CRO Objection and entered an order granting the CRO Application [Dkt. No. 192].

The CRO has and will continue to assist the Debtors with various aspects of the reorganization process, including but not limited to reviewing and analyzing the performance of the Debtors, monitoring and ensuring compliance with cash collateral stipulations, cash collateral orders and the budgets related thereto, overseeing the preparation and presentation of various operational data to Hillair, the Committee and/or any other party-in-interest, assisting the Debtors in maintaining their relationship(s) with a myriad of constituents, including Hillair, Amazon, members of management and key employees, overseeing and handling of day-to-day cash management, protecting, preserving, and enhancing the Debtors' liquidity, evaluating the viability of the business as a going concern, attending to various personnel issues aimed at improving company morale and productivity, and identifying and executing cost saving initiatives, as necessary and appropriate.

### 4.    Investment Banker

On July 8, 2019, the Debtors filed an *Application to Employ Armory Securities, LLC as Investment Banker* [Dkt. No. 179] (the "Armory Application").  As detailed in the Armory Application, the Debtors believe that Armory Securities, LLC ("Armory") has the requisite knowledge and

experience, not only with the chapter 11 process but with the Debtors' industry, to (more than) competently serve as the Debtors' investment banker by, amongst other things, exploring both a potential sale and a recapitalization, and moreover that Armory can do so in a cost-effective, efficient and timely manner. On July 19, 2019, the U.S. Trustee filed an objection to the Armory Application [Dkt No. 206], and on or about July 22, 2019, Shahan Ohanessian filed an objection to the Armory Application [Dkt. No. 210].

### 5. Other Professionals and Consultants

The Debtors' management, in the day-to-day performance of their duties, regularly call upon certain professionals, including non-bankruptcy attorneys, an auditor, and a tax preparer, to assist them in carrying out their responsibilities. More specifically, the Debtors have utilized and intend to continue to utilize DBB McKennon for Tax Preparation and Audit Services, as well as Gallik, Bremmer & Molloy, P.C., as attorneys in a Montana litigation matter. In order to ensure that these professionals can continue to provide necessary services to the Debtors in a cost-effective and efficient manner, the Debtors intend to file a motion to approve their retention as ordinary course professionals in short order.

### D. In Operating Cases, Evidence Regarding Projected Income and Expenses for the First Six Months of the Case

The Debtors and their financial advisor, Conway, have prepared a six-month financial projection, a true and correct copy of which is appended to the Weiss Decl. as Exhibit A and incorporated herein by reference. Based upon these projections and a number of financial statements identifying the actual financial performance of the Debtors from (at least) the Petition Date, as well as his observation of financial performance and financial trends in general, the CRO believes the Debtors will continue to remain operating cash flow positive and that their performance will continue to be consistent with the budgets filed to date.

### E. Proposed Deadlines for the Filing of Claims and Objections to Claims

On July 9, 2019, the Debtors filed the *Notice of Motion and Motion for Order: (1) Fixing Last Date for Filing Proofs of Claim or Interest Other than Administrative Claims; and (2) Approving Form of Notice of Bar Date; Memorandum of Points and Authorities* [Dkt. No. 181] (the "Bar Date Motion"). Among other things, the Bar Date Motion sought entry of an order fixing **August 16, 2019** as the claims

bar date for the filing of non-governmental proofs of claims or interests, and fixing **November 4, 2019** as the claims bar date for governmental proofs of claims or interests (the "Governmental Claims Bar Date"). By and through the Bar Date Motion, the Debtors also proposed setting a deadline to filing objections to claims that is at least thirty (30) days after the Governmental Claims Bar Date. An order has not yet been entered on the Bar Date Motion.

### F.  A Proposed Deadline for the Filing of a Plan and Disclosure Statement

If and when the Armory Application has been approved by this Court, the Debtors will be in a more informed position to identify a reasonable and meaningful deadline by which they can file a plan and disclosure statement. As set forth above, the Debtors are evaluating any and all viable exit strategies, including a sale, refinancing, restructuring, recapitalization or similar transaction and are working diligently to develop a value-maximizing exit from bankruptcy.

### G.  A Discussion of Any Significant Unexpired Leases and Executory Contracts to Which the Debtor Is a Party and the Debtors' Intentions With Regard to these Leases and Contracts

One or more of the Debtors are a party to a number of unexpired leases and/or executory contracts that are set forth in schedule G (and any amendment(s) that may be filed thereto) for each of the Debtors (collectively, the "Executory Contracts"). The most noteworthy of the Executory Contracts are: (1) three (3) leases for the commercial real properties located at 3463 Foothill Blvd., Glendale, CA 91214, 3601 Northeast Loop 820, Suite 103, Fort Worth, TX 76137, and 4118 McCullough Ave., Suite 18, San Antonio, TX 78212; (2) a Delivery Provider contract with Amazon Logistics, Inc., and (3) a Master Rental Agreement for Rental Vans with The Hertz Corporation. In order to enable the Debtors time to determine which exit strategy is the most viable and beneficial for creditors, (as the nature of the exit strategy will necessarily dictate the manner in which the Debtors (and/or any potential purchasers of the (assets of the) Debtor(s)) will proceed with respect to the leases for the commercial real properties), the Debtors intend to file a motion to extend the time to assume or reject the leases for the commercial real properties in short order. In the event of a sale and/or proposal of a plan (or reorganization or liquidation), the Debtors will seek approval of certain procedures for the assumption and assignment of the Executory Contracts.

The Debtor(s) are also parties to three (3) vehicle leases for a 2017 Porsche Panamera 4S, a 2017 Mercedes-Benz S63V4, and a 2017 Bentley CONT GTC V8 S (collectively, the "Vehicle Leases").  The Debtor(s) have determined in their sound business judgment that rejection of the Vehicle Leases is in the best interest of the estate(s) and, based thereon, on or about July 12, 2019, the Debtors filed the *Notice of Omnibus Motion and Omnibus Motion of Debtors to Reject Certain Unexpired Vehicle Leases; Memorandum of Points and Authorities in Support Thereof; and Declaration of Brian Weiss* [Dkt No. 194].  Rejection of the Vehicle Leases will help avoid potential monthly charges and increase the Debtors' liquidity.  The proposed rejection will help avoid additional administrative expenses. There is no operational need for the Debtors to retain the Vehicle Leases.  In addition, the Debtors have determined that they will be unable to assign the Vehicle Leases to third parties for value.

Dated:  July 24, 2019                                          **FOLEY & LARDNER, LLP**

*/s/Ashley M. McDow*
Ashley M. McDow

Ashley M. McDow (245114)
**FOLEY & LARDNER LLP**
555 S. Flower St., Suite 3300
Los Angeles, CA  90071
Telephone:     213.972.4500
Facsimile:      213.486.0065
Email:             amcdow@foley.com

and

John A. Simon (admitted *pro hac vice*)
**FOLEY & LARDNER LLP**
500 Woodward Ave., Ste. 2700
Detroit, MI 48226
Telephone:     313.234.7100
Facsimile:      313.234.2800
Email:             jsimon@foley.com

Attorneys for Debtors and Debtors-in-Possession, Scoobeez, Scoobeez Global, Inc., and Scoobur, LLC

4825-4093-1485.7

## DECLARATION OF BRIAN WEISS

I, Brian Weiss, hereby declare:

1.     I am an individual over 18 years of age.  I have personal knowledge of the facts stated herein as more fully set forth below or have gained such knowledge by review of the file and if called as a witness, I could and would competently testify thereto.

2.     I make this Declaration in support of the Status Report (the "Report")[2] filed by Scoobeez, Scoobeez Global, Inc., and Scoobur, LLC (collectively the "Debtors").  All facts in this Declaration are based on my personal knowledge, information gathered from my review of relevant documents, and information supplied to me by the Debtors or their professionals.

3.     I am the Chief Restructuring Officer of the Debtors.  As such, I am generally responsible for managing the operations of the Debtors and, thus, am familiar with the Debtors' operations, assets, and liabilities.  In the ordinary course of business, I rely on the maintenance by personnel of the Debtors of true and correct copies of various documents and information relating to the Debtors.  As to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from discussions with personnel of the Debtors or business records, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of the Debtors' business at or near the time of the acts, conditions or events to which they related.  Additionally, as the CRO, I have led discussions and planning sessions related to the potential reorganization options and, thus, am familiar with the objectives the Debtors intend to achieve through the Bankruptcy Cases.

4.     The Debtors and their financial advisor, Conway, have prepared a six-month financial projection, a true and correct copy of which is attached hereto as Exhibit A.  Based upon these projections and a number of financial statements identifying the actual financial performance of the Debtors from (at least) the Petition Date, as well as my observation of financial performance and financial trends in general, I believe the Debtors will continue to remain operating cash flow positive and that their performance will continue to be consistent with the budgets filed to date.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 24th day

---

[2] Capitalized terms not defined herein have the terms ascribed to them in the Report.

1

4825-4093-1485.7

1 | of July, 2019.

_____

Brian Weiss

4825-4093-1485.7

# EXHIBIT A

|  | Q2 Partial 4/30 - 6/30 | Q3 7/1 - 9/30 | Q4 Partial 10/1 - 10/31 | 6-Month Total |
|---|---:|---:|---:|---:|
| Total Invoiced | 7,845,542 | 11,050,000 | 4,250,000 | 23,145,542 |
| Beginning Cash | 697,628 | 2,372,656 | 1,139,106 | 697,628 |
| Collections | 8,163,193 | 11,050,000 | 4,250,000 | 23,463,193 |
| **Cash Disbursements:** | | | | |
| Fuel | 414,875 | 663,000 | 255,000 | 1,332,875 |
| Payroll & Payroll Expenses | 4,240,712 | 6,200,000 | 3,120,000 | 13,560,712 |
| Corporate Payroll & Expenses | 149,500 | 253,500 | 126,750 | 529,750 |
| Vehicle - Hertz | 669,182 | 1,480,650 | 520,000 | 2,669,832 |
| Vehicle - Accidents/Tolls/Citations | 5,708 | 17,500 | 5,000 | 28,208 |
| Worker's Compensation | 185,819 | 523,000 | 101,000 | 809,819 |
| Rent & Utilities | 65,166 | 41,000 | 41,000 | 147,166 |
| Insurance | 255,155 | 240,000 | 160,000 | 655,155 |
| Phones & Service | 50,877 | 100,000 | 60,000 | 210,877 |
| Travel | 17,090 | 45,000 | 22,500 | 84,590 |
| IT Expenses | 35,700 | 60,000 | 35,000 | 130,700 |
| Dues & Subscriptions | 45,771 | 76,950 | 42,300 | 165,021 |
| Car Wash | 6,000 | 12,000 | 3,000 | 21,000 |
| Other Expenses | 65,059 | 130,000 | 50,000 | 245,059 |
| Executory Contract Cure Claims | - | 540,000 | - | 540,000 |
| Total Operating Cash Disbursements | 6,206,615 | 10,382,600 | 4,541,550 | 21,130,765 |
| **Operating Cash Flow** | **1,956,578** | **667,400** | **(291,550)** | **2,332,428** |
| **Financing Cash Flows** | | | | |
| Debt Principal | - | - | - | - |
| Debt Interest | 280,000 | 520,000 | 200,000 | 1,000,000 |
| Bank Fees | 1,550 | 1,950 | 750 | 4,250 |
| Financing Cash Flows | 281,550 | 521,950 | 200,750 | 1,004,250 |
| **Restructuring Cash Flows** | | | | |
| Debtor Counsel | - | 430,000 | - | 430,000 |
| Debtor CRO | - | 60,000 | - | 60,000 |
| Debtor Advisor | - | 180,000 | - | 180,000 |
| Board of Directors (2 Individuals) | - | 15,000 | - | 15,000 |
| Secured Lender Counsel | - | 270,000 | - | 270,000 |
| Committee Counsel | - | 110,000 | - | 110,000 |
| Committee Professionals | - | 150,000 | - | 150,000 |
| Investment Banker | - | 99,000 | - | 99,000 |
| Post Petition US Trustee Fees | - | 65,000 | 120,000 | 185,000 |
| Restructuring Cash Flows | - | 1,379,000 | 120,000 | 1,499,000 |
| **Net Total Cash Flow In / (Out)** | **1,675,028** | **(1,233,550)** | **(612,300)** | **(170,822)** |
| Ending Cash Balance | 2,372,656 | 1,139,106 | 526,806 | 526,806 |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Foley & Lardner LLP, 555 South Flower Street, Suite 3300, Los Angeles, CA 90072-2411

A true and correct copy of the foregoing document entitled (*specify*): **STATUS REPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 07/24/2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 07/24/2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Honorable Julia W. Brand
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1382
Los Angeles, CA 90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 07/24/2019 | Sonia Gaeta | /s/ Sonia Gaeta |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

4832-0291-9325.1

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- **John-Patrick M Fritz**   jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com
- **Vivian Ho**   BKClaimConfirmation@ftb.ca.gov
- **Alvin Mar**   alvin.mar@usdoj.gov
- **Ashley M McDow**   amcdow@foley.com, sgaeta@foley.com;mhebbeln@foley.com;swilson@foley.com;jsimon@foley.com
- **Stacey A Miller**   smiller@tharpe-howell.com
- **Shane J Moses**   smoses@foley.com
- **Akop J Nalbandyan**   jnalbandyan@LNtriallawyers.com, cbautista@LNtriallawyers.com
- **Rejoy Nalkara**   rejoy.nalkara@americaninfosource.com
- **Anthony J Napolitano**   anapolitano@buchalter.com, IFS_filing@buchalter.com;salarcon@buchalter.com
- **David L. Neale**   dln@lnbyb.com
- **Aram Ordubegian**   ordubegian.aram@arentfox.com
- **Hamid R Rafatjoo**   hrafatjoo@raineslaw.com, bclark@raineslaw.com;cwilliams@raineslaw.com
- **Gregory M Salvato**   gsalvato@salvatolawoffices.com, calendar@salvatolawoffices.com;jboufadel@salvatolawoffices.com;gsalvato@ecf.inforuptcy.com
- **Steven M Spector**   sspector@buchalter.com, IFS_efiling@buchalter.com;salarcon@buchalter.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov
- **Eric K Yaeckel**   yaeckel@sullivanlawgroupapc.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                **F 9013-3.1.PROOF.SERVICE**

4832-0291-9325.1