Ashley M. McDow (245114)
John A. Simon (admitted *Pro Hac Vice*)
**FOLEY & LARDNER LLP**
555 S. Flower St., 33rd Floor
Los Angeles, CA 90071
Telephone: 213.972.4500
Facsimile: 213.486.0065
Email: amcdow@foley.com
      jsimon@foley.com

**FILED & ENTERED**

**SEP 04 2019**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** tatum     **DEPUTY CLERK**

Attorneys for Debtors and Debtors in Possession, SCOOBEEZ, SCOOBEEZ GLOBAL, INC., and SCOOBUR, LLC

## UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA

#### LOS ANGELES DIVISION

| | |
|---|---|
| IN RE:<br><br>SCOOBEEZ, ET AL.<br><br>    DEBTORS AND DEBTORS IN POSSESSION.<br><br>AFFECTS:<br>■ ALL DEBTORS<br>☐ SCOOBEEZ, ONLY<br>☐ SCOOBEEZ GLOBAL, INC., ONLY<br>☐ SCOOBUR LLC, ONLY | Case No. 2:19-bk-14989-WB<br>Jointly Administered:<br>2:19-bk-14991-WB; 2:19-bk-14997-WB<br><br>CHAPTER 11<br><br>**ORDER GRANTING DEBTORS' APPLICATION TO EMPLOY ARMORY SECURITIES, LLC AS INVESTMENT BANKER PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a), RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL BANKRUPTCY RULE 2014-1**<br><br>JUDGE:    HON. JULIA BRAND |

    Upon the review and consideration of the Debtors' Application (the "Application")[1] to employ Armory Securities, LLC ("Armory") as Investment Banker Pursuant to 11 U.S.C. §§ 327(a) and

---

[1] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to such terms in the Application.

1

4816-5952-3489.4

328(a), Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 2014-1 [Dkt. No. 179] (the "Application"); the Declaration of Eben Paul Perison in support thereof [Dkt. No. 179] (the "Perison Declaration"); the objection of the Office of the United States Trustee to the Application [Dkt. No. 206] (the "UST Objection"); the objection of Shahan Ohanessian to the Application [Dkt. No. 210] (the "Ohanessian Objection," and together with the UST Objection, the "Objections"); and the Debtors' reply to the Objections [Dkt. No. 267] and the Declaration of Brian Weiss in support thereof [Dkt. No. 267]; and the records, pleadings, and other documents on file in the case; and the Court having found based on the representations made in the Application and in the Perison Declaration that (a) Armory does not hold or represent an interest adverse to the Debtors' estates and (b) Armory is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code and otherwise meets the standards for retention under the Bankruptcy Code and applicable rules; and this Court having found that the relief requested in the Application as modified by the Stipulation is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate and no other notice need be provided; and this Court having heard the statements in regard to the relief requested at a hearing (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application, as modified by this Order, establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

       **IT IS HEREBY ORDERED THAT:**

  1.  The Application is granted as set forth herein, and all objections are overruled.

  2.  The retention and employment of Armory as investment banker to the Debtors pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Federal Rule of Bankruptcy Procedure 2014 and Local Rule of Bankruptcy Procedure 2014-1, on the terms and conditions set forth in the Application and Engagement Letter as modified herein, is approved.

  3.  Armory's compensation is approved pursuant to section 328(a) of the Bankruptcy Code. Armory's compensation shall be subject to the standard of review provided in section 328(a) of the

Bankruptcy Code, and not subject to the standard of review under section 330 of the Bankruptcy Code, with the sole exception that out of pocket expenses incurred by Armory and sought to be charged to the estate shall be subject to review under section 330.

4. Notwithstanding anything in the Application or Engagement Letter to the contrary:

(a) No Indemnified Party, as defined in the Engagement Letter, shall be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services unless the indemnification, contribution or reimbursement therefore are approved by this Court;

(b) The Debtors shall have no obligation to indemnify any Indemnified Party, or provide contribution or reimbursement to any Indemnified Party, for any claim or expense to the extent it is either (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from the Indemnified Party's bad faith, gross negligence or willful misconduct, or (ii) settled prior to a judicial determination as to the Indemnified Party's bad faith, gross negligence or willful misconduct, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) infra, to be a claim or expense for which the Indemnified Party is not entitled to receive indemnity under the terms of the Engagement Letter; and

(c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this case (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing the chapter 11 cases, an Indemnified Party believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including, without limitation, the advancement of defense costs, the Indemnified Party must file an application therefor in this Court, and the Debtors may not pay any such amounts to the Indemnified Party before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by any Indemnified Person for indemnification, and not as a provision limiting the duration of the Debtors' obligation to indemnify an Indemnified Party.

(d)     The cap on damages in the second sentence of the second paragraph of Schedule A to the Engagement Letter shall not apply with respect to claims or expenses which are judicially determined in a final judgment (that is not subject to appeal) to have resulted primarily from that party's bad faith, gross negligence or willful misconduct.

(e)     Armory shall file interim and final fee applications on an information-only basis for parties in interest, provided that Armory shall provide in its fee application summaries of each of its professional's daily work and total hours rather than detailed time entries by task, and the filing of such fee applications does not affect the standard of approval and review of Armory's fees and expenses as set forth in this order.

(f)     Armory shall not represent any parties other than the Debtors in connection with the Debtors and these chapter 11 cases.

(g)     In the event Armory is entitled under the Engagement Letter to a Sale Transaction Fee for a Restructuring,

  (i)  Armory shall not be entitled to any Sale Transaction Fee on account of a conversion of unsecured trade debt from debt to equity.

  (ii) Armory shall be entitled to a Sale Transaction Fee equal to (A) $200,000 on account of any existing secured debt restructured (but no Sale Transaction Fee on account of forgiveness or cancellation of debt other than secured debt); plus (B) 3% of gross new third party proceeds raised in a Restructuring.

(h)     For purposes of calculating any Sale Transaction Fee, if any Transaction Value used to calculate such fee is payable in securities that do not have an existing public market, the payment of that portion of Armory's compensation shall be subject to the valuation of the securities as approved by the Court upon notice and a hearing, including in connection with any Court approval of a transaction.

(i)     Armory shall not be authorized to utilize services of any affiliates of Armory unless such affiliates are authorized to be employed pursuant to separate order of this Court, after filing of an application upon notice.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

6. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**APPROVED AS TO FORM**:

Dated: August 26, 2019

PETER C. ANDERSON
UNITED STATES TRUSTEE


By: _____

Alvin Mar
Attorney for the United States Trustee

###

Date: September 4, 2019

*Julia W Brand*
Julia W. Brand
United States Bankruptcy Judge

5

5.   The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

6.   This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**APPROVED AS TO FORM:**

Dated: August 26, 2019 [27th handwritten]

PETER C. ANDERSON
UNITED STATES TRUSTEE

By: /s/ Alvin Mar

Alvin Mar
Attorney for the United States Trustee

###

5

4816-5952-3489.4