| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| GREGORY M. SALVATO (SBN 126285)<br>  Gsalvato@salvatolawoffices.com<br>JOSEPH BOUFADEL (SBN 267312)<br>  Jboufadel@salvatolawoffices.com<br>EMMA SAMYAN (SBN 322703)<br>  Esamyan@salvatolawoffices.com<br>SALVATO LAW OFFICES<br>777 South Figueroa Street, Suite 2800<br>Los Angeles, California 90017-5826<br>Telephone: (213) 484-8400<br>Facsimile: (213) 401-2411<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* AZAD BABAN | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| In re:<br><br>SCOOBEEZ et al,<br><br><br><br><br><br><br><br><div align="right">Debtor(s).</div> | CASE NO.: 2:19-bk-14989-WB<br>CHAPTER: 11<br><br>**NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(with supporting declarations)**<br>**(ACTION IN NONBANKRUPTCY FORUM)**<br><br>DATE: 10/08/2019<br>TIME: 10:00 am<br>COURTROOM: 1375 |

**Movant**: AZAD BABAN

1. **Hearing Location**:

   ☒ 255 East Temple Street, Los Angeles, CA 90012          ☐ 411 West Fourth Street, Santa Ana, CA 92701

   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367     ☐ 1415 State Street, Santa Barbara, CA 93101

   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d).  If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b).  If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

   a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c. ☐ An application for order setting hearing on shortened notice was filed and remains pending.  After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date:  09/09/2019

Salvato Law Offices
Printed name of law firm (if applicable)

Gregory M. Salvato
Printed name of individual Movant or attorney for Movant


/s/ Gregory M. Salvato
Signature of individual Movant or attorney for Movant

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO NONBANKRUPTCY ACTION

1. **In the Nonbankruptcy Action, Movant is:**

   a. ☒ Plaintiff

   b. ☐ Defendant

   c. ☐ Other (*specify*):

2. **The Nonbankruptcy Action:** There is a pending lawsuit or administrative proceeding (Nonbankruptcy Action) involving the Debtor or the Debtor's bankruptcy estate:

   a. *Name of Nonbankruptcy Action*: Azad Baban v. Scoobeez, Inc., et al.

   b. *Docket number*: BC692250

   c. *Nonbankruptcy forum where Nonbankruptcy Action is pending*:
   Los Angeles Superior Court, Dept 62 (Hon. Michael L. Stern)

   d. Causes of action or claims for relief (Claims):
   Employment claims, including wrongful termination, racial, disability and gender harassment, discrimination and retaliation, and related claims.

3. **Bankruptcy Case History:**

   a. ☒ A voluntary  ☐ An involuntary  petition under chapter  ☐ 7  ☒ 11  ☐ 12  ☐ 13
   was filed on (*date*)  04/30/2019  .

   b. ☐ An order to convert this case to chapter  ☐ 7  ☐ 11  ☐ 12  ☐ 13
   was entered on (*date*) _____.

   c. ☐ A plan was confirmed on (*date*) _____.

4. **Grounds for Relief from Stay:**  Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay to proceed with the Nonbankruptcy Action to final judgment in the nonbankruptcy forum for the following reasons:

   a. ☒ Movant seeks recovery from applicable insurance, if any.

   b. ☒ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   c. ☒ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   d. ☐ The Claims are nondischargeable in nature and can be most expeditiously resolved in the nonbankruptcy forum.

   e. ☒ The Claims arise under nonbankruptcy law and can be most expeditiously resolved in the nonbankruptcy forum.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                            Page 3                              **F 4001-1.RFS.NONBK.MOTION**

f. ☐ The bankruptcy case was filed in bad faith.

    (1) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

    (2) ☐ The timing of the filing of the bankruptcy petition indicates that it was intended to delay or interfere with the Nonbankruptcy Action.

    (3) ☐ Multiple bankruptcy cases affect the Nonbankruptcy Action.

    (4) ☐ The Debtor filed only a few case commencement documents.  No schedules or statement of financial affairs (or chapter 13 plan, if appropriate) has been filed.

g. ☒ Other (*specify*):
Movant seeks relief to proceed with the state court action to access Debtor's insurance policy that may cover Movant's claims, and reserves his right to pursue any deficiency or other claim against Debtor.

5. **Grounds for Annulment of Stay.**  Movant took postpetition actions against the Debtor.

a. ☐ The actions were taken before Movant knew that the bankruptcy case had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Although Movant knew the bankruptcy case was filed, Movant previously obtained relief from stay to proceed in the Nonbankruptcy Action in prior bankruptcy cases affecting the Nonbankruptcy Action as set forth in Exhibit. _____.

c. ☐ Other (*specify*):

6. **Evidence in Support of Motion:  (*Important Note:  declaration(s) in support of the Motion MUST be signed under penalty of perjury and attached to this motion.*)**

a. ☒ The DECLARATION RE ACTION IN NONBANKRUPTCY FORUM on page 6.

b. ☒ Supplemental declaration(s).

c. ☐ The statements made by Debtor under penalty of perjury concerning Movant's claims as set forth in Debtor's case commencement documents.  Authenticated copies of the relevant portions of the Debtor's case commencement documents are attached as Exhibit. _____.

d. ☒ Other evidence (*specify*):
Supplemental Declaration of Leona H. Bahnam, Esq., state court counsel for Plaintiff.

7. ☐ **An optional Memorandum of Points and Authorities is attached to this Motion.**

**Movant requests the following relief:**

1. Relief from the stay pursuant to 11 U.S.C. § 362(d)(1).

2. ☒ Movant may proceed under applicable nonbankruptcy law to enforce its remedies to proceed to final judgment in the nonbankruptcy forum, provided that the stay remains in effect with respect to enforcement of any judgment against the Debtor or property of the Debtor's bankruptcy estate.

3. ☐ The stay is annulled retroactively to the bankruptcy petition date.  Any postpetition acts taken by Movant in the Nonbankruptcy Action shall not constitute a violation of the stay.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4.  ☐  The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified, or annulled as to the co-debtor, on the same terms and condition as to the Debtor.

5.  ☒  The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

6.  ☐  The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Nonbankruptcy Action.

7.  ☐  The order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice

8.  ☒  Other relief requested.


Date:  09/09/2019

                                        Salvato Law Offices
                                        _____
                                        Printed name of law firm (*if applicable*)

                                        Gregory M. Salvato
                                        _____
                                        Printed name of individual Movant or attorney for Movant


                                        /s/ Gregory M. Salvato
                                        _____
                                        Signature of individual Movant or attorney for Movant


---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## DECLARATION RE ACTION IN NONBANKRUPTCY FORUM

I, (*name of Declarant*) <u>Leona H. Bahnam, Esq.</u>                                                , declare as follows:

1.  I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto.  I am over 18 years of age.  I have knowledge regarding (Nonbankruptcy Action) because:

    ☐  I am the Movant.
    ☒  I am Movant's attorney of record in the Nonbankruptcy Action.
    ☐  I am employed by Movant as (*title and capacity*):
    ☐  Other (*specify*):

2.  I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the Nonbankruptcy Action.  I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate.  Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event.  The business records are available for inspection and copies can be submitted to the court if required.

3.  In the Nonbankruptcy Action, Movant is:

    ☒  Plaintiff
    ☐  Defendant
    ☐  Other (*specify):*

4.  The Nonbankruptcy Action is pending as:

    a.  *Name of Nonbankruptcy Action*: Azad Baban v. Scoobeez, Inc., et al
    b.  *Docket number*: BC692250
    c.  *Nonbankruptcy court or agency where Nonbankruptcy Action is pending*:
        Los Angeles Superior Court, Dept 62 (Hon. Michael L. Stern)

5.  **Procedural Status of Nonbankruptcy Action**:

    a.  The Claims are:
        Movant Azad Baban filed a lawsuit against Debtor and non-debor defendants for employment claims, including wrongful termination, racial, disability and gender harassment, discrimination and retaliation, and related claims.

    b.  True and correct copies of the documents filed in the Nonbankruptcy Action are attached as Exhibit <u>1</u>.

    c.  The Nonbankruptcy Action was filed on *(date)* <u>01/30/2018</u>.

    d.  The trial or hearing was scheduled to begin on (*date*) <u>07/01/2019</u>, taken off calendar due to the bankruptcy stay.

    e.  The trial or hearing was estimated to require <u>7-10</u> days (*specify*).

    f.  Other plaintiffs in the Nonbankruptcy Action are (*specify*):
        N/A

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                                    Page 6                                      **F 4001-1.RFS.NONBK.MOTION**

g.  Other defendants in the Nonbankruptcy Action are (*specify*):

Shahan Ohanessian and Shoushan Ohanessian, principals of the Debtor.

6.  **Grounds for relief from stay:**

a.  ☒  Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

b.  ☒  Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

c.  ☒  Movant seeks recovery from applicable insurance, if any.  The insurance carrier and policy number are (*specify*):

The Workers Compensation and Employers Liability Insurance Policy No. XX-XXXXX-18-SZ issued by United Wisconsin Insurance Company, and any predecessor policies. See attached Exhibit 3.

d.  ☒  The Nonbankruptcy Action can be tried more expeditiously in the nonbankruptcy forum.

(1)  ☒  It was set for trial on (*date*) 07/01/2019, but taken off calendar due to the bankruptcy stay.

(2)  ☐  It is in advanced stages of discovery and Movant believes that it will be set for trial by (*date*) _____. The basis for this belief is (*specify*):

(3)  ☒  The Nonbankruptcy Action involves non-debtor parties and a single trial in the nonbankruptcy forum is the most efficient use of judicial resources.

e.  ☐  The bankruptcy case was filed in bad faith specifically to delay or interfere with the prosecution of the Nonbankruptcy Action.

(1)  ☐  Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

(2)  ☐  The timing of the filing of the bankruptcy petition indicates it was intended to delay or interfere with the Nonbankruptcy Action based upon the following facts (*specify*):

(3)  ☐  Multiple bankruptcy cases affecting the Property include:

(A) Case name:
Case number:                          Chapter:
Date filed:            Date discharged:            Date dismissed:
Relief from stay regarding this Nonbankruptcy Action  ☐ was  ☐ was not  granted.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                          Page 7                          **F 4001-1.RFS.NONBK.MOTION**

(B) Case name:
Case number:                          Chapter:
Date filed:            Date discharged:          Date dismissed:
Relief from stay regarding this Nonbankruptcy Action  ☐ was  ☐ was not  granted.

(C) Case name:
Case number:                          Chapter:
Date filed:            Date discharged:          Date dismissed:
Relief from stay regarding this Nonbankruptcy Action  ☐ was  ☐ was not  granted.

☐ See attached continuation page for information about other bankruptcy cases affecting the Nonbankruptcy Action.

☐ See attached continuation page for additional facts establishing that this case was filed in bad faith.

f.  ☐ See attached continuation page for other facts justifying relief from stay.

7.  ☐ Actions taken in the Nonbankruptcy Action after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

a.  ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b.  ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with the Nonbankruptcy Action enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____

c.  ☐ For other facts justifying annulment, see attached continuation page.


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


9|9|19          Leona H. Bahnam
Date            Printed name                                  Signature

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                      Page 8                        F 4001-1.RFS.NONBK.MOTION

1  GREGORY M. SALVATO (SBN 126285)
       Gsalvato@salvatolawoffices.com
2  JOSEPH BOUFADEL (SBN 267312)
       Jboufadel@salvatolawoffices.com
3  EMMA SAMYAN (SBN 322703)
       Esamyan@salvatolawoffices.com
4  SALVATO LAW OFFICES
5  777 So. Figueroa Street, Suite 2800
   Los Angeles, California 90017-5826
6  Telephone:   (213) 484-8400
7  Facsimile:    (213) 401-2411

8  Attorneys for Creditor
   AZAD BABAN
9

10                **UNITED STATES BANKRUPTCY COURT**

11                **CENTRAL DISTRICT OF CALIFORNIA**

12                         **LOS ANGELES**

13

14  In re:                          | Case No. 2:19-bk-14989-WB

15                                     Chapter 11

16  SCOOBEEZ et al,                 **Supplemental Declaration of Leona
                                     Bahnam, Esq. in Support of Motion for**
17                                   **Relief from the Automatic Stay under 11**
                   Debtor.           **U.S.C. § 362 (Action in Nonbankruptcy**
18                                    **Forum)**

19  Affects:

20  ■ All Debtors                              Hearing:
                                     Date:      October 8, 2019
21  □ Scoobeez, ONLY                 Time:      10:00 a.m.
                                     Place:     Roybal Federal Building
22  □ Scoobeez Global, Inc., ONLY              Courtroom 1539
                                                255 E. Temple Street
23  □ Scoobur LLC, ONLY                         Los Angeles, CA 90012

24

25

26

27

Salvato Law
Offices
28

Declaration of Leona Bahnam, Esq.        -1-          *In re Scoobeez, et al., Debtor*
                                                     Case No. 2:19-bk-14989-WB

## **SUPPLEMENTAL DECLARATION OF NAHAL BARAHMAND, ESQ.**

I, Leona Bahnam, Esq., declare:

1.     I am an attorney at law admitted to practice before the Courts of the State of California (State Bar No. 322148), with offices in Los Angeles, California. I am the attorney of record for the Creditor, Azad Baban ("**Creditor**"), in the pending matter entitled *Azad Baban v. Scoobeez, Inc., et al., Case No. BC692250*, in the Los Angeles Superior Court (the "**State Court Action**").

2.     I submit my declaration in support of the Creditor's Motion for Relief from the Automatic Stay under 11 U.S.C. § 362 (Action in Nonbankruptcy Forum). The following facts are known to me of my own personal knowledge and if called as a witness I could and would testify competently thereto.

### **Background of the State Court Action**

3.     On January 30, 2018, Creditor commenced the State Court Action against Debtor and other non-debtor parties alleging causes of action for wrongful termination, racial, disability and gender harassment, discrimination and retaliation, and related claims (the "**Complaint**"). Attached as **Exhibit 1** is a true copy of the Complaint filed by Creditor on January 30, 2018.

4.     On April 30, 2019, the Debtor filed this voluntary Chapter 11 bankruptcy case, *In re Scoobeez, et al., Debtor, Case No. 2:19-bk-14989-WB* (the "**Bankruptcy Case**"), along with several related cases.

5.     On August 6, 2019, Creditor filed a Proof of Claim in this Bankruptcy Case as Claim No. 5 (the "**Proof of Claim**").

6.     Shahan Ohanessian and Shoushan Ohanessian, who are management insiders, are the two other non-debtor parties to the State Court Action besides the Creditor and Debtor,

7.     Attached as **Exhibit 2** is a true and correct copy of the docket summary of the State Court Action.

Salvato Law
Offices

**Relief from Stay**

8.      Since the State Court Action involves non-debtors, a single trial in the nonbankruptcy forum is the most efficient use of judicial resources.

9.      Further, as the claims at issue arise under only state law, and the Creditor requests a trial by jury, the matter would be most expeditiously tried in the Los Angeles Superior Court.

10.     Importantly, Creditor has identified certain insurance policies that may provide coverage for the claims asserted against the Debtor in the State Court Action, including, but not limited to, the Workers Compensation and Employers Liability Insurance Policy No. XX-XXXXX-18-SZ issued by United Wisconsin Insurance Company, of which a correct copy is attached hereto as **Exhibit 3**, and any and all predecessor policies.

11.     The Creditor seeks relief only to pursue its State Court Action.

12.     Thus, Creditor seeks recovery from applicable insurance and from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor, except that Creditor seeks to retain the right to file and prosecute his Proof of Claim against the Debtor and the bankruptcy estate, but only as to amounts not satisfied by the proceeds of the insurance policies, if any.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 9, 2019, at Los Angeles, California.

Leona Bahnam, Esq.

Salvato Law
Offices

---

Declaration of Leona Bahnam, Esq.          -3-          *In re Scoobeez, et al., Debtor*
Case No. 2:19-bk-14989-WB

# EXHIBIT 1

# EXHIBIT 1

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:** SCOOBEEZ, INC.; SHAHAN OHANESSIAN, an
*(AVISO AL DEMANDADO):* individual; SHOUSHAN OHANESSIAN; and DOES
1 THROUGH 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** AZAD BABAN
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

JAN 30 2018

Sherri R. Carter, Executive Officer/Clerk

By: Marlon Gomez, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Los Angeles<br>111 North Hill Street<br>Los Angeles, California 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>BC692250 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
REISNER & KING
14724 Ventura Blvd., Suite 1210, Sherman Oaks, CA 91403 — (818) 981-0901

| DATE:<br>*(Fecha)* JAN 30 2018 | Clerk, by<br>*(Secretario)* Marlon Gomez | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served<br>1. ☐ as an individual defendant.<br>2. ☐ as the person sued under the fictitious name of *(specify):*<br><br>3. ☐ on behalf of *(specify):*<br><br>under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)<br>        ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)<br>        ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)<br>        ☐ other *(specify):*<br>4. ☐ by personal delivery on *(date):* |
|---|---|

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*
Westlaw Doc & Form Builder®

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| JUSTIN SILVERMAN, ESQ.        SBN: 292036 <br> REISNER & KING <br> 14724 Ventura Blvd., Suite 1210, Sherman Oaks, CA 91403 <br> TELEPHONE NO.: (818) 981-0901    FAX NO.: (818) 981-0902 <br> ATTORNEY FOR *(Name):* Azad Baban | CONFORMED COPY <br> ORIGINAL FILED <br> Superior Court Of California <br> County Of Los Angeles <br><br> JAN 30 2018 <br><br> Sherri R. Carter, Executive Officer/Clerk <br> By: Marlon Gomez, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse on Hill St.

CASE NAME: Baban v. Scoobeez, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [X] Unlimited <br> (Amount <br> demanded <br> exceeds $25,000) | [ ] Limited <br> (Amount <br> demanded is <br> $25,000 or less) | [ ] Counter  [ ] Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | BC692250 <br> JUDGE: <br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[X] monetary  b.[ ] nonmonetary; declaratory or injunctive relief  c.[X] punitive
4. Number of causes of action *(specify):* Twenty-One (21)
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 30, 2018

JUSTIN SILVERMAN, ESQ.
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courtinfo.ca.gov <br> Westlaw Doc & Form Builder |

| SHORT TITLE: Baban v. Scoobeez, Inc., et al. | CASE NUMBER |
|---|---|
| | BC692250 |

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

**Applicable Reasons for Choosing Court Filing Location (Column C)**

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** Auto (22) | ☐ A7100 | Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| Uninsured Motorist (46) | ☐ A7110 | Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** Asbestos (04) | ☐ A6070 | Asbestos Property Damage | 1, 11 |
| | ☐ A7221 | Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| Product Liability (24) | ☐ A7260 | Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| Medical Malpractice (45) | ☐ A7210 | Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | ☐ A7240 | Other Professional Health Care Malpractice | 1, 4, 11 |
| Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 | Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | ☐ A7230 | Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | ☐ A7270 | Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | ☐ A7220 | Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Baban v. Scoobeez, Inc., et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☒ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Baban v. Scoobeez, Inc., et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name/Change of Gender<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: Baban v. Scoobeez, Inc., et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☒ 1. ☒ 2. ☒ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | 396 South Pasadena Ave. |

| CITY: Pasadena | STATE: CA | ZIP CODE: 91105 |
|---|---|---|

**Step 5: Certification of Assignment**: I certify that this case is properly filed in the <u>Central</u> District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: <u>January 30, 2018</u>

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

JAN 30 2018

Sherri R. Carter, Executive Officer/Clerk
By: Marlon Gomez, Deputy

1  ADAM REISNER, ESQ., (State Bar No. 204351)
2  TESSA KING, ESQ., (State Bar No. 251408)
   JUSTIN SILVERMAN, (State Bar No. 292036)
3  **REISNER & KING LLP**
   14724 Ventura Blvd., Suite 1210
4  Sherman Oaks, California 91403
5  Phone: (818) 981-0901
   Fax:    (818) 981-0902
6  Attorneys for PLAINTIFF **AZAD BABAN**

7

8  ### SUPERIOR COURT OF THE STATE OF CALIFORNIA
   ### FOR THE COUNTY OF LOS ANGELES

9
                                        )  Case No.:    BC 692250
10 AZAD BABAN,                          )
                                        )
11          Plaintiff,                  )  **COMPLAINT FOR DAMAGES:**
                                        )
12     vs.                              )  **(1) ACTUAL/PERCEIVED DISABILITY**
                                        )      **HARASSMENT, VIOLATION OF**
13                                      )      **CAL. GOV. CODE §§ 12940 ET SEQ.;**
   SCOOBEEZ, INC.;                      )
14 SHAHAN OHANESSIAN, an individual;    )  **(2) ACTUAL/PERCEIVED DISABILITY**
   SHOUSHAN OHANESSIAN; and             )      **DISCRIMINATION, VIOLATION OF**
15 DOES 1 THROUGH 100, inclusive,       )      **CAL. GOV. CODE §§ 12940 ET SEQ.;**
                                        )
16                                      )  **(3) ACTUAL/PERCEIVED DISABILITY**
                                        )      **RETALIATION, VIOLATION OF**
17          Defendants.                 )      **CAL. GOV. CODE §§ 12940 ET SEQ.;**
                                        )
18                                      )  **(4) VIOLATION OF THE CALIFORNIA**
19                                      )      **FAMILY RIGHTS ACT, CAL. GOV.**
                                        )      **CODE §§ 12945.2 ET SEQ.;**
20                                      )
                                        )  **(5) FAILURE TO ENGAGE IN THE**
21                                      )      **MANDATORY GOOD-FAITH**
22                                      )      **INTERACTIVE PROCESS, CAL.**
                                        )      **GOV. CODE § 12940 ET SEQ.;**
23                                      )
24                                      )  **(6) FAILURE TO ACCOMMODATE,**
                                        )      **CAL. GOV. CODE § 12940 ET SEQ.;**
25                                      )
26                                      )  **(7) RACE/NATIONAL ORIGIN**
                                        )      **HARASSMENT, VIOLATION OF**
27                                      )      **CAL. GOV. CODE §§ 12940 ET SEQ.;**
                                        )
28                                      )  **(8) RACE/NATIONAL ORIGIN**
                                        )      **DISCRIMINATION, VIOLATION OF**
                                        )      **CAL. GOV. CODE §§ 12940 ET SEQ.;**

1
**COMPLAINT FOR DAMAGES**

(9)  RACE/NATIONAL ORIGIN
RETALIATION, VIOLATION OF
CAL. GOV. CODE §§ 12940 ET SEQ.;

(10) SEX/GENDER HARASSMENT,
VIOLATION OF CAL. GOV. CODE §§
12940 ET SEQ.;

(11) SEX/GENDER DISCRIMINATION,
VIOLATION OF CAL. GOV. CODE §§
12940 ET SEQ.;

(12) SEX/GENDER RETALIATION,
VIOLATION OF CAL. GOV. CODE §§
12940 ET SEQ.;

(13) FAILURE TO PAY OVERTIME
WAGES IN VIOLATION OF CAL.
LABOR CODE § 510 AND IWC WAGE
ORDER NO. 4

(14) FAILURE TO PROVIDE MEAL &
REST PERIODS, VIOLATION OF
CAL. LABOR CODE § 226.7, 512 &
IWC WAGE ORDER NO. 4;

(15) FAILURE TO PAY WAGES IN
VIOLATION OF CAL. LABOR CODE
§ 201;

(16) FAILURE TO COMPENSATE
EMPLOYEE IN VIOLATION OF CAL.
LABOR CODE § 2926;

(17) FAILURE TO INDEMNIFY,
VIOLATION OF CAL. LABOR CODE
§ 2802

(18) VIOLATION OF CAL. BUS. & PROF.
CODE §§ 17200 ET SEQ. FOR
UNFAIR BUSINESS PRACTICES;

(19) WHISTLEBLOWER VIOLATION,
CAL. LABOR CODE § 1102.5;

(20) INTENTIONAL INFLICTION OF
EMOTIONAL DISTRESS;

2

COMPLAINT FOR DAMAGES

)  **(21)RETALIATION AND WRONGFUL**
)        **TERMINATION IN VIOLATION OF**
)        **PUBLIC POLICY.**
)
)  **JURY TRIAL DEMANDED**
)

COMES NOW PLAINTIFF AZAD BABAN (hereinafter referred to as " Baban" or "Plaintiff") and complains against the above-named Defendants and for causes of action against the Defendants, and each of them, as follows:

## I.

### FIRST CAUSE OF ACTION

**For Actual/Perceived Disability Harassment in Employment**

**[California Government Code §§ 12940 et seq.]**

**Against All Defendants & DOES 1 Through 100, Inclusive**

1.      Plaintiff incorporates herein by reference and re-alleges each and every paragraph in this Complaint as though duly set forth in full herein.

2.      At all times mentioned herein, Plaintiff was, and now is, an individual domiciled in the County of Los Angeles, State of California.

3.      Plaintiff is informed and believes, and thereon alleges that at all times relevant herein, Defendant SCOOBEEZ, INC. (hereinafter referred to as Defendant "Scoobeez," and collectively with all other Defendants as "Defendants") were, and now are, valid businesses and/or government entities and/or a political subdivisions thereof of form unknown duly organized and existing under the laws of the State of California, having their principal places of business in the County of Los Angeles, State of California.

4.      At all times mentioned herein, Defendant CEO SHAHAN OHANESSIAN (hereinafter "Mr. Ohanessian" and collectively with all other Defendants as "Defendants"), was, and now is, an individual domiciled in the County of Los Angeles, State of California, and was a Manager, Officer, Shareholder, Director, Supervisor, Manager, Managing Agent, Owner, Principal, and/or Employee of Defendant Scoobeez and DOES 1 through 100, and each of them.

5.      At all times mentioned herein, Defendant CEO SHOUSHAN OHANESSIAN (hereinafter "Ms. Ohanessian" and collectively with all other Defendants as "Defendants"), was,

3

and now is, an individual domiciled in the County of Los Angeles, State of California, and was a Manager, Officer, Shareholder, Director, Supervisor, Manager, Managing Agent, Owner, Principal, and/or Employee of Defendant Scoobeez and DOES 1 through 100, and each of them.

6.       Plaintiff is ignorant of the true names and capacities, whether corporate, associate, individual, or otherwise, of Defendants sued herein as DOES 1 - 100, inclusive, and therefore sues said Defendants by such fictitious names. Plaintiff will seek leave of Court to amend this Complaint to assert the true names and capacities of the fictitiously named Defendants when the same have been ascertained. Plaintiff is informed and believes, and thereon alleges, that each Defendant designated as "DOES" herein is legally responsible for the events, happenings, acts, occurrences, indebtedness, damages and liabilities hereinafter alleged and caused injuries and damages proximately thereby to the Plaintiff, as hereinafter alleged.

7.       Plaintiff is informed and believes and thereon alleges that each of the Defendants named herein has, at all times relevant to this action, been the officer, agent, employee and/or representative of the remaining Defendants and has acted within the course and scope of such agency and employment, and with the permission and consent of the co-defendants.

8.       Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, each DEFENDANT designated, including DOES 1 through 100, herein was the agent, partner, joint venturer, alter ego, joint and special employer, representative, servant, employee, managing agent, managing supervisor and/or co-conspirator of each of the other Defendants, and was at all times mentioned herein acting within the course and scope of said agency and employment, and that all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each Defendant designated herein.

9.       Plaintiff is informed and believes and thereupon alleges that Defendants and DOES 1 through 100, herein are subject to such a degree of common ownership, control and management that, in doing the things hereinafter alleged, each entity, corporation and individual was the agent of each other entity, corporation and individual and is liable to plaintiff under the law for the damages sustained by plaintiff.

10.       At all times mentioned herein each and every Defendant and DOES 1 through 100 was

**COMPLAINT FOR DAMAGES**

the agent, representative, employee, servant or affiliated entity of every other defendant and, in doing the acts herein alleged, each defendant is liable and responsible to Plaintiff for the acts of every other defendant.

11.     Plaintiff is informed and believes and thereupon alleges that Defendants and DOES 1 through 100, and each of them, were thereafter his/her employers under California law, that all of the Defendants and DOES 1 through 100, herein did acts consistent with the existence of an employer-employee relationship with Plaintiff and all of the Defendants were owned and controlled, directly or indirectly, by Defendants.

12.     Defendants and DOES 1 through 100, a California Corporation, have such a unity of interest and ownership that the separate personalities do not in reality exist and that the corporate structure is just a shield for the alter ego of each other.  Inequity will result if the acts in question are treated as those of one of these Defendants and DOES 1 through 100, over the other. Defendants and DOES 1 through 100, should be held collectively liable for the acts complained of herein.

13.     Plaintiff was an employee of Scoobeez beginning in or around August 2014, and worked as a Regional Operations Manager until his wrongful termination on or about February 13, 2017.

14.     At all times relevant herein, as an employee disabled by a severe and debilitating disability, including anxiety and depression, among other related conditions and/or disabilities, Plaintiff was a member of a protected class pursuant to the Fair Employment & Housing Act.

15.     At all times relevant herein, Plaintiff was an actual, perceived, and/or potentially disabled person within the meaning of Cal. Gov. Code §§ 12926.1(b) et seq., because Plaintiff was a person with an actual, perceived, potentially disabling, and/or potentially disabling in the future physical/mental disability(s) including, but not limited to: anxiety and depression, among other related conditions and/or disabilities.

16.     Plaintiff's impairments affect Plaintiff's musculoskeletal body system and ability to perform major life activities, such as working.

17.     At all times relevant herein, Plaintiff was able to perform the essential functions of Plaintiff's job either with and/or without reasonable accommodations.

**COMPLAINT FOR DAMAGES**

18.    On a severe and/or pervasive basis during Plaintiff's employment with Defendant Scoobeez, and continuing at least through Plaintiff's wrongful termination on or about February 13, 2017, and continuing through January 30, 2018, and continuing, Defendants and DOES 1 through 100, and each of them, harassed Plaintiff due to and substantially motivated by Plaintiff's actual/perceived disabilities, need for accommodations, and/or need for protected finite medical leave through the following actions, among others:

a)    Plaintiff notified his supervisors, including Defendant Mr. Ohanessian, in mid-2016 that he suffered from and was diagnosed with anxiety and depression.

b)    However, immediately subsequently, Defendant Mr. Ohanessian refused to offer any type of accommodation and persuaded Plaintiff to not see a doctor.

c)    Thereafter, during the course of the following approximately three to four months, Defendant Mr. Ohanessian directed harassing and discriminatory conduct toward Plaintiff on a routine basis. For example, Mr. Ohanessian routinely accused Plaintiff of being on drugs and frequently asked what drugs Plaintiff was using.

d)    Defendant Mr. Ohanessian would further constantly disparage his employees in the presence of Plaintiff, referring to them as "those Arabs" or "those Muslims" when expressing frustration with delays, or simply to criticize his employees.

e)    Defendant Ms. Ohanessian regularly ridiculed Plaintiff by telling him, "The women were in power," that the company needed "a woman's touch," that he should hire women and not hire men because "they could do better than men," and that "women were more powerful."

f)    In direct response to Plaintiff notifying Scoobeez of his disabilities and requesting accommodations, Mr. Ohanessian substantially reduced Plaintiff's work responsibilities as a biased personnel management decision.

g)    On or around January 2017, Plaintiff requested and took medically protected leave due to his disabilities. However, immediately following, Defendant Mr. Ohanessian unlawfully retaliated against Plaintiff by wrongfully terminating him on or around February 13, 2017, in extremely close proximity

6

**COMPLAINT FOR DAMAGES**

h)    As such, Plaintiff was wrongfully terminated due to his disabilities and related complaints on or about February 13, 2017.

i)    Plaintiff was treated differently, disparately, and negatively because of his actual/perceived disabilities, including but not limited to Defendants harassing Plaintiff (as aforesaid), failing to initiate and thereafter participate in the mandatory good-faith interactive process to determine the nature and extent of Plaintiff's disabilities and determine whether reasonable accommodations were possible, failing to provide Plaintiff reasonable accommodations, denying Plaintiff opportunities, unfairly disciplining Plaintiff, overly monitoring and scrutinizing Plaintiff, denying Plaintiff benefits, wrongfully terminating Plaintiff, and refusing to return Plaintiff back to Plaintiff's former position or offer Plaintiff employment in any capacity, and failing to rehire Plaintiff.

j)    At least through January 30, 2018, and continuing, Defendants failed and/or refused to rehire/reinstate Plaintiff and/or offer Plaintiff employment in any capacity or investigate Plaintiff's complaints and take appropriate remedial actions.

19.    In doing the acts alleged herein, Defendants and DOES 1 through 100, and each of them, were substantially motivated by Plaintiff's actual/perceived disabilities, need for accommodations, and/or need for legally protected finite medical leave.

20.    A reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile or abusive.

21.    Plaintiff considered the work environment to be hostile or abusive towards Plaintiff and disabled individuals, and favorable to non-disabled individuals.

22.    At all times relevant herein, Plaintiff believes and further alleges that Defendant Scoobeez and/or its agents/representatives failed to timely, properly, and/or completely investigate the harassment Plaintiff was routinely subjected to and ratified and condoned the unlawful behavior.

23.    The acts and conduct of Defendants and DOES 1 through 100, and each of them, as aforesaid, were in violation of Cal. Government Code §§ 12940 et seq. Said statutes impose certain duties upon Defendants concerning harassment against persons, such as Plaintiff, on the

basis of actual/perceived disabilities and the prohibition of actual/perceived disability harassment. Said statutes were intended to prevent the type of disability and damage herein set forth.

24.    By the acts and conduct described above, Defendants and DOES 1 through 100, and each of them, in violation of said statutes, knew about, or should have known about, and failed to investigate and/or properly investigate, prevent or remedy the disability harassment.

25.    Prior to the initiation of this lawsuit, Plaintiff filed a timely complaint against each named Defendant with the DFEH pursuant to Cal. Government Code § 12900 et seq. and has received Right-to-Sue notices in a California Superior Court pursuant to California Government Code § 12965(b). Attached hereto and incorporated herein as Exhibit "A" are said Complaints and by reference hereto are made a part hereof. Attached hereto and incorporated herein as Exhibit "B" are said Right-to-Sue notices and by reference hereto are made a part hereof. Plaintiff has therefore exhausted Plaintiff's administrative remedies under the California Government Code.

26.    As a direct and legal result of the acts and omissions of Defendants and DOES 1 through 100, Plaintiff was rendered sick, sore, lame, disabled and/or disordered, both internally and/or externally, and/or suffered, among other things, numerous internal injuries, severe fright, shock, pain, discomfort and/or anxiety.

27.    As a further legal result of the acts and omissions of Defendants and DOES 1 through 100, Plaintiff has been forced and/or will be forced to incur expenses for medical care, X-rays, and/or laboratory costs during the period of Plaintiff's disability, and/or is informed and believes, and thereon alleges, that Plaintiff will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

28.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents has been unable to engage fully and/or partially in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff will be fully and/or partially incapacitated and/or unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will

**COMPLAINT FOR DAMAGES**

1   pray leave of court to show the total amount of loss of earnings at the time of trial.

2   29.    As a further direct and legal result of the acts and conduct of Defendants and DOES 1

3   through 100, Plaintiff has been caused, and did suffer, and continues to suffer severe and

4   permanent emotional and/or mental distress and/or anguish, humiliation, embarrassment, fright,

5   shock, pain, discomfort and/or anxiety. The exact nature and extent of said injuries is presently

6   unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

7   30.    The aforementioned acts of Defendants and DOES 1 through 100, and each of them, were

8   willful, wanton, malicious, intentional, oppressive and/or despicable and were done in willful

9   and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by

10   managerial agents and employees of Defendant Scoobeez and DOES 1 through 100, and with the

11   express knowledge, consent, and/or ratification of managerial agents and employees of

12   Defendant Scoobeez and DOES 1 through 100, thereby justifying the awarding of punitive and

13   exemplary damages in an amount to be determined at the time of trial pursuant to California

14   Civil Code § 3294(a) and (b).

15   31.    By the aforesaid acts and conduct of Defendants and DOES 1 through 100, Plaintiff has

16   been directly and legally caused to suffer actual damages pursuant to California Civil Code §

17   3333 including, but not limited to, loss of earnings and future earning capacity, medical and

18   related expenses for care and procedures both now and in the future, attorneys' fees, and other

19   pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend

20   when ascertained.

21   32.    As a result of the harassing acts of Defendants and DOES 1 through 100, as alleged

22   herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically

23   provided in California Government Code § 12965(b).

24   33.    The FEHA also provides remedies, including but not limited to, declaratory and

25   injunctive relief. As such, Plaintiff is entitled to both declaratory and injunctive relief as a result

26   of Defendants' unlawful conduct.

27   34.    Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

28   ///

**COMPLAINT FOR DAMAGES**

## II.

### SECOND CAUSE OF ACTION

**For Actual/Perceived Disability Discrimination in Employment**

**[California Government Code §§ 12940 et seq.]**

**Against Defendants Scoobeez & DOES 1 Through 100, Only**

35.     Plaintiff incorporates herein by reference and re-alleges each and every paragraph in this Complaint as though duly set forth in full herein.

36.     Plaintiff was an employee of Scoobeez beginning in or around August 2014, and worked as a Regional Operations Manager until his wrongful termination on or about February 13, 2017.

37.     At all times relevant herein, Plaintiff was an actual, perceived, and/or potentially disabled person within the meaning of Cal. Gov. Code §§ 12926.1(b) et seq., because Plaintiff was a person with an actual, perceived, potentially disabling, and/or potentially disabling in the future physical/mental disability(s) including, but not limited to: anxiety and depression, among other related conditions and/or disabilities.

38.     At all times relevant herein, Defendant Scoobeez had notice of Plaintiff's disabilities and/or need for accommodations. For example, Defendant Scoobeez and its relevant Supervisors sent Plaintiff to a clinic immediately following him sustaining his disability for treatment.

39.     Plaintiff's impairments affect his musculoskeletal body system and ability to perform major life activities, such as working.

40.     At all times relevant herein, as an employee disabled by a severe and debilitating physical/mental disability, Plaintiff was a member of a protected class.

41.     At all times relevant herein, Plaintiff was qualified for and/or competently performed the position(s) held throughout his employment with Defendant Scoobeez.

42.     At all times relevant herein, Plaintiff was able to perform the essential functions of his job either with and/or without reasonable accommodations.

43.     Starting during Plaintiff's employment, and continuing through Plaintiff's wrongful termination on or about February 13, 2017, and continuing through January 30, 2018, and continuing, as a result of and substantially motivated by Plaintiff's actual/perceived disabilities,

**COMPLAINT FOR DAMAGES**

need for accommodations, and/or need for protected finite leave, Defendants and DOES 1 through 100, and each of them, subjected Plaintiff to discriminatory treatment and/or adverse employment actions, including the following actions, among others:

a)      Plaintiff was treated differently, disparately, and negatively because of his actual/perceived disabilities, including but not limited to Defendants harassing Plaintiff (as aforesaid), failing to initiate and thereafter participate in the mandatory good-faith interactive process to determine the nature and extent of Plaintiff's disabilities and determine whether reasonable accommodations were possible, failing to provide Plaintiff reasonable accommodations, denying Plaintiff opportunities, unfairly disciplining Plaintiff, overly monitoring and scrutinizing Plaintiff, denying Plaintiff benefits, wrongfully terminating Plaintiff, and refusing to return Plaintiff back to Plaintiff's former position or offer Plaintiff employment in any capacity, and failing to rehire Plaintiff.

b)      Plaintiff notified his supervisors, including Defendant Mr. Ohanessian, in mid-2016 that he suffered from and was diagnosed with anxiety and depression.

c)      However, immediately subsequently, Defendant Mr. Ohanessian refused to offer any type of accommodation and persuaded Plaintiff to not see a doctor.

d)      Thereafter, during the course of the following approximately three to four months, Defendant Mr. Ohanessian directed harassing and discriminatory conduct toward Plaintiff on a routine basis. For example, Mr. Ohanessian routinely accused Plaintiff of being on drugs and frequently asked what drugs Plaintiff was using.

e)      Defendant Mr. Ohanessian would further constantly disparage his employees in the presence of Plaintiff, referring to them as "those Arabs" or "those Muslims" when expressing frustration with delays, or simply to criticize his employees.

f)      Defendant Ms. Ohanessian regularly ridiculed Plaintiff by telling him, "The women were in power," that the company needed "a woman's touch," that he should hire women and not hire men because "they could do better than men," and that "women were more powerful."

g)      In direct response to Plaintiff notifying Scoobeez of his disabilities and requesting

**COMPLAINT FOR DAMAGES**

accommodations, Mr. Ohanessian substantially reduced Plaintiff's work responsibilities as a biased personnel management decision.

h)     On or around January 2017, Plaintiff requested and took medically protected leave due to his disabilities. However, immediately following, Defendant Mr. Ohanessian unlawfully retaliated against Plaintiff by wrongfully terminating him on or around February 13, 2017, in extremely close proximity

i)     As such, Plaintiff was wrongfully terminated due to his disabilities and related complaints on or about February 13, 2017.

j)     At least through January 30, 2018, and continuing, Defendants failed and/or refused to rehire/reinstate Plaintiff and/or offer Plaintiff employment in any capacity or investigate Plaintiff's complaints and take appropriate remedial actions.

44.    Plaintiff was replaced by a non-disabled employee.

45.    In doing the acts alleged herein, Defendants and DOES 1 through 100, and each of them, were substantially motivated by Plaintiff's actual/perceived disabilities, need for accommodations, and/or need for legally protected finite medical leave.

46.    At all times relevant herein, Plaintiff believes and further alleges that Defendant Scoobeez and/or its agents/representatives failed to timely, properly, and/or completely investigate the discrimination Plaintiff was routinely subjected to and ratified and condoned the unlawful behavior.

47.    The acts and conduct of Defendants and DOES 1 through 100, and each of them, as aforesaid, were in violation of Cal. Gov. Code §§ 12940 et seq. Said statutes impose certain duties upon Defendant Scoobeez concerning discrimination against persons, such as Plaintiff, on the basis of disabilities and the prohibition of disability discrimination. Said statutes were intended to prevent the type of injury and damage herein set forth.

48.    By the acts and conduct described above, Defendants and DOES 1 through 100, and each of them, in violation of said statutes, knew about, or should have known about, and failed to investigate and/or properly investigate, prevent or remedy the actual/perceived disability discrimination. When Plaintiff was discriminated against, Plaintiff's actual/perceived

1    disability(s) were substantial motivating reasons and/or factors in Defendants' conduct.

2    49.    Prior to the initiation of this lawsuit, Plaintiff filed a timely complaint against each named

3    Defendant with the DFEH pursuant to Cal. <u>Government Code</u> § 12900 et seq. and has received

4    Right-to-Sue notices in a California Superior Court pursuant to California <u>Government Code</u> §

5    12965(b). Attached hereto and incorporated herein as Exhibit "A" are said Complaints and by

6    reference hereto are made a part hereof. Attached hereto and incorporated herein as Exhibit "B"

7    are said Right-to-Sue notices and by reference hereto are made a part hereof. Plaintiff has

8    therefore exhausted Plaintiff's administrative remedies under the California <u>Government Code</u>.

9    50.    As a direct and legal result of the acts and omissions of Defendants and DOES 1 through

10   100, Plaintiff was rendered sick, sore, lame, disabled and/or disordered, both internally and/or

11   externally, and/or suffered, among other things, numerous internal injuries, severe fright, shock,

12   pain, discomfort and/or anxiety.

13   51.    As a further legal result of the acts and omissions of Defendants and DOES 1 through

14   100, Plaintiff has been forced and/or will be forced to incur expenses for medical care, X-rays,

15   and/or laboratory costs during the period of Plaintiff's disability, and/or is informed and believes,

16   and thereon alleges, that Plaintiff will in the future be forced to incur additional expenses of the

17   same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to

18   show the exact amount of said expenses at the time of trial.

19   52.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since

20   said incidents has been unable to engage fully and/or partially in Plaintiff's occupation, and is

21   informed and believes, and thereon alleges, that Plaintiff will be fully and/or partially

22   incapacitated and/or unable to perform Plaintiff's usual work for an indefinite period of time in

23   the future, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will

24   pray leave of court to show the total amount of loss of earnings at the time of trial.

25   53.    As a further direct and legal result of the acts and conduct of Defendants and DOES 1

26   through 100, Plaintiff has been caused, and did suffer, and continues to suffer severe and

27   permanent emotional and/or mental distress and/or anguish, humiliation, embarrassment, fright,

28   shock, pain, discomfort and/or anxiety. The exact nature and extent of said injuries is presently

unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

54.    The aforementioned acts of Defendants and DOES 1 through 100, and each of them, were willful, wanton, malicious, intentional, oppressive and/or despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of Defendant Scoobeez and DOES 1 through 100, and with the express knowledge, consent, and/or ratification of managerial agents and employees of Defendant Scoobeez and DOES 1 through 100, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial pursuant to California Civil Code § 3294(a) and (b).

55.    By the aforesaid acts and conduct of Defendants and DOES 1 through 100, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code § 3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys' fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

56.    As a result of the discriminatory acts of Defendants and DOES 1 through 100, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b).

57.    The FEHA also provides remedies, including but not limited to, declaratory and injunctive relief. As such, Plaintiff is entitled to both declaratory and injunctive relief as a result of Defendants' unlawful conduct.

58.    Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

### III.

### THIRD CAUSE OF ACTION

**For Actual/Perceived Disability Retaliation in Employment**

**[California Government Code §§ 12940 et seq.]**

**Against Defendant Scoobeez & DOES 1 Through 100, Only**

59.    Plaintiff incorporates herein by reference and re-alleges each and every paragraph in this

14

Complaint as though duly set forth in full herein.

60.    Plaintiff was an employee of Scoobeez beginning in or around August 2014, and worked as a Regional Operations Manager until his wrongful termination on or about February 13, 2017.

61.    Plaintiff was, at all times material hereto, a disabled employee (and one who engaged in legally protected conduct) and within a protected class covered by Cal. <u>Gov. Code</u> § 12940, as Plaintiff suffered from anxiety and depression, among other related conditions and/or disabilities.

62.    Plaintiff's impairments affect his musculoskeletal body system and ability to perform major life activities, such as working.

63.    Starting during Plaintiff's employment, and continuing through Plaintiff's wrongful termination on or about February 13, 2017, and continuing through January 30, 2018, and continuing, Defendant Scoobeez retaliated against Plaintiff as a result of Plaintiff asserting his legal rights and/or complaining about and/or protesting against the disability harassment and discrimination Plaintiff was subjected to.

64.    Plaintiff asserted his legal rights, for example partaking in protected activity and protesting and complaining, on the following occasions, among others:

a)    Plaintiff engaged in legally protected activity by notifying his employer of his injuries, disabilities, need for accommodations, need to seek medical treatment, and/or need for legally protected medical leave.

b)    Plaintiff engaged in legally protected activity by requesting/taking legally protected medical leave due to his disability.

c)    Plaintiff complained about the aforementioned harassment and discrimination directly to his supervisors.

65.    However, Defendant Scoobeez and DOES 1 through 100, and each of them, retaliated against Plaintiff, due to and substantially motivated by Plaintiff's actual/perceived disability(s), requesting accommodations, or protected finite leave, and/or due to Plaintiff engaging in the aforesaid legally protected activities (complaints/protests), through the following actions, among others:

a)    Plaintiff was treated differently, disparately, and negatively because of his

15

**COMPLAINT FOR DAMAGES**

complaints of disability harassment and discrimination, including but not limited to Defendants harassing Plaintiff (as aforesaid), failing to initiate and thereafter participate in the mandatory good-faith interactive process to determine the nature and extent of Plaintiff's disabilities and determine whether reasonable accommodations were possible, failing to provide Plaintiff reasonable accommodations, denying Plaintiff opportunities, unfairly disciplining Plaintiff, overly monitoring and scrutinizing Plaintiff, denying Plaintiff benefits, wrongfully terminating Plaintiff, and refusing to return Plaintiff back to Plaintiff's former position or offer Plaintiff employment in any capacity, and failing to rehire Plaintiff.

b)      Plaintiff notified his supervisors, including Defendant Mr. Ohanessian, in mid-2016 that he suffered from and was diagnosed with anxiety and depression.

c)      However, immediately subsequently, Defendant Mr. Ohanessian refused to offer any type of accommodation and persuaded Plaintiff to not see a doctor.

d)      Thereafter, during the course of the following approximately three to four months, Defendant Mr. Ohanessian directed harassing and discriminatory conduct toward Plaintiff on a routine basis. For example, Mr. Ohanessian routinely accused Plaintiff of being on drugs and frequently asked what drugs Plaintiff was using.

e)      Defendant Mr. Ohanessian would further constantly disparage his employees in the presence of Plaintiff, referring to them as "those Arabs" or "those Muslims" when expressing frustration with delays, or simply to criticize his employees.

f)      Defendant Ms. Ohanessian regularly ridiculed Plaintiff by telling him, "The women were in power," that the company needed "a woman's touch," that he should hire women and not hire men because "they could do better than men," and that "women were more powerful."

g)      In direct response to Plaintiff notifying Scoobeez of his disabilities and requesting accommodations, Mr. Ohanessian substantially reduced Plaintiff's work responsibilities as a biased personnel management decision.

h)      On or around January 2017, Plaintiff requested and took medically protected

**COMPLAINT FOR DAMAGES**

leave due to his disabilities. However, immediately following, Defendant Mr. Ohanessian unlawfully retaliated against Plaintiff by wrongfully terminating him on or around February 13, 2017, in extremely close proximity

i)      As such, Plaintiff was wrongfully terminated due to his disabilities and related complaints on or about February 13, 2017.

j)      At least through January 30, 2018, and continuing, Defendants failed and/or refused to rehire/reinstate Plaintiff and/or offer Plaintiff employment in any capacity or investigate Plaintiff's complaints and take appropriate remedial actions.

66.    In doing the acts alleged herein, Defendants and DOES 1 through 100, and each of them, were substantially motivated by Plaintiff's actual/perceived disabilities, need for accommodations, need for legally protected medical leave, and/or aforesaid legally protected activities (complaints/protests).

67.    At all times relevant herein, Plaintiff believes and further alleges that Defendant Scoobeez and/or its agents/representatives failed to timely, properly, and/or completely investigate the retaliation Plaintiff was routinely subjected to and ratified and condoned the unlawful behavior.

68.    The acts and conduct of Defendants and DOES 1 through 100, and each of them, as aforesaid, were in violation of California Government Code §§ 12940 et seq. Said statutes impose certain duties upon Defendants, and each of them, concerning retaliation against persons, such as Plaintiff, on the basis of disabilities and the prohibition of actual/perceived disability retaliation. Said statutes were intended to prevent the type of injury and damage herein set forth.

69.    By the acts and conduct described above, Defendants and DOES 1 through 100, and each of them, in violation of said statutes, knew about, or should have known about, and failed to investigate and/or properly investigate, prevent or remedy the disability retaliation. When Plaintiff was retaliated against, Plaintiff's disability(s) and/or complaints about the unlawful conduct were substantial motivating reasons and/or factors in Defendants' conduct.

70.    Prior to the initiation of this lawsuit, Plaintiff filed a timely complaint against each named Defendant with the DFEH pursuant to Cal. Government Code § 12900 et seq. and has received

**COMPLAINT FOR DAMAGES**

Right-to-Sue notices in a California Superior Court pursuant to California Government Code §

12965(b). Attached hereto and incorporated herein as Exhibit "A" are said Complaints and by

reference hereto are made a part hereof. Attached hereto and incorporated herein as Exhibit "B"

are said Right-to-Sue notices and by reference hereto are made a part hereof. Plaintiff has

therefore exhausted Plaintiff's administrative remedies under the California Government Code.

71.     As a direct and legal result of the acts and omissions of Defendants and DOES 1 through

100, Plaintiff was rendered sick, sore, lame, disabled and/or disordered, both internally and/or

externally, and/or suffered, among other things, numerous internal injuries, severe fright, shock,

pain, discomfort and/or anxiety.

72.     As a further legal result of the acts and omissions of Defendants and DOES 1 through

100, Plaintiff has been forced and/or will be forced to incur expenses for medical care, X-rays,

and/or laboratory costs during the period of Plaintiff's disability, and/or is informed and believes,

and thereon alleges, that Plaintiff will in the future be forced to incur additional expenses of the

same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to

show the exact amount of said expenses at the time of trial.

73.     Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since

said incidents has been unable to engage fully and/or partially in Plaintiff's occupation, and is

informed and believes, and thereon alleges, that Plaintiff will be fully and/or partially

incapacitated and/or unable to perform Plaintiff's usual work for an indefinite period of time in

the future, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will

pray leave of court to show the total amount of loss of earnings at the time of trial.

74.     As a further direct and legal result of the acts and conduct of Defendants and DOES 1

through 100, Plaintiff has been caused, and did suffer, and continues to suffer severe and

permanent emotional and/or mental distress and/or anguish, humiliation, embarrassment, fright,

shock, pain, discomfort and/or anxiety. The exact nature and extent of said injuries is presently

unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

75.     The aforementioned acts of Defendants and DOES 1 through 100, and each of them, were

willful, wanton, malicious, intentional, oppressive and/or despicable and were done in willful

COMPLAINT FOR DAMAGES

1   and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by

2   managerial agents and employees of Defendant Scoobeez and DOES 1 through 100, and with the

3   express knowledge, consent, and/or ratification of managerial agents and employees of

4   Defendant Scoobeez and DOES 1 through 100, thereby justifying the awarding of punitive and

5   exemplary damages in an amount to be determined at the time of trial pursuant to California

6   Civil Code § 3294(a) and (b).

7   76.    By the aforesaid acts and conduct of Defendants and DOES 1 through 100, Plaintiff has

8   been directly and legally caused to suffer actual damages pursuant to California Civil Code §

9   3333 including, but not limited to, loss of earnings and future earning capacity, medical and

10  related expenses for care and procedures both now and in the future, attorneys' fees, and other

11  pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend

12  when ascertained.

13  77.    As a result of the retaliatory acts of Defendants and DOES 1 through 100, as alleged

14  herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically

15  provided in California Government Code § 12965(b).

16  78.    The FEHA also provides remedies, including but not limited to, declaratory and

17  injunctive relief. As such, Plaintiff is entitled to both declaratory and injunctive relief as a result

18  of Defendants' unlawful conduct.

19  79.    Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

20                                         **IV.**

21                          **<u>FOURTH CAUSE OF ACTION</u>**

22                  **For Violation of the California Family Rights Act**

23                  **[California <u>Government Code</u> §§ 12945.2 et seq.]**

24              **Against Defendant Scoobeez & DOES 1 Through 100, Only**

25  80.    Plaintiff incorporates herein by reference and re-alleges each and every paragraph in this

26  Complaint as though duly set forth in full herein.

27  81.    Plaintiff was an employee of Scoobeez beginning in or around August 2014, and worked

28  as a Regional Operations Manager until his wrongful termination on or about February 13, 2017.

82.    Plaintiff was an employee of Defendant Scoobeez who qualified for leave due to an actual physical/mental disability(s) and for medical purposes pursuant to California Government Code §§ 12945.2 et seq.

83.    Plaintiff's impairments affect his musculoskeletal body system and ability to perform major life activities, such as working.

84.    At all times herein mentioned, Defendant Scoobeez was an employer who regularly employed 50 or more employees, and therefore within the definition provided by California Government Code § 12945.2.

85.    Plaintiff worked for Defendant Scoobeez for over one (1) year and worked over 1250 hours in the year prior to taking and/or request for medical leave.

86.    At all times relevant herein, Plaintiff was an actual, perceived, and/or potentially disabled person within the meaning of Cal. Gov. Code §§ 12926.1(b) et seq., because Plaintiff was a person with an actual, perceived, potentially disabling, and/or potentially disabling in the future physical/mental disability(s) including, but not limited to: suffering from anxiety and depression, among other related conditions and/or disabilities.

87.    Plaintiff was affected by his physical/mental disability(s) during his employment, and continuing at least through the time of his wrongful termination on or about February 13, 2017, and continuing thereafter through January 30, 2018, and continuing, thereby entitling Plaintiff to medical leave pursuant to the California Family Rights Act ("CFRA").

88.    Plaintiff informed Defendant Scoobeez and its relevant Supervisors of his disability, restrictions, need for accommodations, and need/potential need for protected medical leave.

89.    As a result of Plaintiff requesting and/or taking legally protected CFRA medical leave, Plaintiff was subjected to further discriminatory and retaliatory treatment by Defendant Scoobeez including, but not limited to:

      a)    Plaintiff was treated differently, disparately, and negatively because of his actual/perceived disabilities and request to take CFRA leave, including but not limited to Defendants harassing Plaintiff (as aforesaid), failing to initiate and thereafter participate in the mandatory good-faith interactive process to determine the nature and extent of

Plaintiff's disabilities and determine whether reasonable accommodations were possible, failing to provide Plaintiff reasonable accommodations, denying Plaintiff opportunities, unfairly disciplining Plaintiff, overly monitoring and scrutinizing Plaintiff, denying Plaintiff benefits, wrongfully terminating Plaintiff, and refusing to return Plaintiff back to Plaintiff's former position or offer Plaintiff employment in any capacity, and failing to rehire Plaintiff.

b)      Plaintiff notified his supervisors, including Defendant Mr. Ohanessian, in mid-2016 that he suffered from and was diagnosed with anxiety and depression.

c)      However, immediately subsequently, Defendant Mr. Ohanessian refused to offer any type of accommodation and persuaded Plaintiff to not see a doctor.

d)      Thereafter, during the course of the following approximately three to four months, Defendant Mr. Ohanessian directed harassing and discriminatory conduct toward Plaintiff on a routine basis. For example, Mr. Ohanessian routinely accused Plaintiff of being on drugs and frequently asked what drugs Plaintiff was using.

e)      Defendant Mr. Ohanessian would further constantly disparage his employees in the presence of Plaintiff, referring to them as "those Arabs" or "those Muslims" when expressing frustration with delays, or simply to criticize his employees.

f)      Defendant Ms. Ohanessian regularly ridiculed Plaintiff by telling him, "The women were in power," that the company needed "a woman's touch," that he should hire women and not hire men because "they could do better than men," and that "women were more powerful."

g)      In direct response to Plaintiff notifying Scoobeez of his disabilities and requesting accommodations, Mr. Ohanessian substantially reduced Plaintiff's work responsibilities as a biased personnel management decision.

h)      On or around January 2017, Plaintiff requested and took medically protected leave due to his disabilities. However, immediately following, Defendant Mr. Ohanessian unlawfully retaliated against Plaintiff by wrongfully terminating him on or around February 13, 2017, in extremely close proximity

i)    As such, Plaintiff was wrongfully terminated due to his request for leave and related complaints on or about February 13, 2017.

j)    At least through January 30, 2018, and continuing, Defendants failed and/or refused to rehire/reinstate Plaintiff and/or offer Plaintiff employment in any capacity or investigate Plaintiff's complaints and take appropriate remedial actions.

90.    In doing the acts alleged herein, Defendant Scoobeez and DOES 1 through 100, and each of them, were substantially motivated by Plaintiff requesting and/or taking legally protected CFRA medical leave.

91.    Based on information and belief, Plaintiff alleges Plaintiff was replaced by an employee who did not request and/or take legally protected leave pursuant to the CFRA.

92.    At all times relevant herein, Plaintiff believes and further alleges Defendant Scoobeez and/or its agents/representatives failed to timely, properly, and/or completely investigate the discrimination and/or retaliation Plaintiff was subjected to based on Plaintiff requesting and/or taking protected CFRA leave, and instead ratified and condoned the unlawful conduct.

93.    By the acts and conduct described above, Defendant Scoobeez, in violation of said statutes, knew about, or should have known about, and failed to investigate and/or properly investigate, prevent or remedy the retaliation and discrimination in violation of the CFRA. The acts of discrimination and retaliation described herein were sufficiently pervasive so as to alter the conditions of employment and created an abusive working environment.

94.    Prior to the initiation of this lawsuit, Plaintiff filed a timely complaint against each named Defendant with the DFEH pursuant to Cal. Government Code § 12900 et seq. and has received Right-to-Sue notices in a California Superior Court pursuant to California Government Code § 12965(b). Attached hereto and incorporated herein as Exhibit "A" are said Complaints and by reference hereto are made a part hereof. Attached hereto and incorporated herein as Exhibit "B" are said Right-to-Sue notices and by reference hereto are made a part hereof. Plaintiff has therefore exhausted Plaintiff's administrative remedies under the California Government Code.

95.    As a direct and legal result of the acts and omissions of Defendants and DOES 1 through 100, Plaintiff was rendered sick, sore, lame, disabled and/or disordered, both internally and/or

**COMPLAINT FOR DAMAGES**

externally, and/or suffered, among other things, numerous internal injuries, severe fright, shock, pain, discomfort and/or anxiety.

96.    As a further legal result of the acts and omissions of Defendants and DOES 1 through 100, Plaintiff has been forced and/or will be forced to incur expenses for medical care, X-rays, and/or laboratory costs during the period of Plaintiff's disability, and/or is informed and believes, and thereon alleges, that Plaintiff will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

97.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents has been unable to engage fully and/or partially in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff will be fully and/or partially incapacitated and/or unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

98.    As a further direct and legal result of the acts and conduct of Defendants and DOES 1 through 100, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and/or mental distress and/or anguish, humiliation, embarrassment, fright, shock, pain, discomfort and/or anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

99.    The aforementioned acts of Defendants and DOES 1 through 100, and each of them, were willful, wanton, malicious, intentional, oppressive and/or despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of Defendant Scoobeez and DOES 1 through 100, and with the express knowledge, consent, and/or ratification of managerial agents and employees of Defendant Scoobeez and DOES 1 through 100, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial pursuant to California Civil Code § 3294(a) and (b).

100.    By the aforesaid acts and conduct of Defendants and DOES 1 through 100, Plaintiff has

been directly and legally caused to suffer actual damages pursuant to California Civil Code §
3333 including, but not limited to, loss of earnings and future earning capacity, medical and
related expenses for care and procedures both now and in the future, attorneys' fees, and other
pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend
when ascertained.

101.    As a result of the unlawful acts of Defendants and DOES 1 through 100, as alleged
herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically
provided in California Government Code § 12965(b).

102.    Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

## V.

### FIFTH CAUSE OF ACTION

**Failure to Engage in the Mandatory Good-Faith Interactive Process**

**[California Government Code § 12940 et. seq.]**

**Against Defendant Scoobeez & DOES 1 Through 100, Only**

103.    Plaintiff incorporates herein by reference and re-alleges each and every paragraph in this
Complaint as though duly set forth in full herein.

104.    At all times relevant herein, Plaintiff was an actual, perceived, and/or potentially disabled
person within the meaning of Cal. Gov. Code §§ 12926.1(b) et seq., because Plaintiff was a
person with an actual, perceived, potentially disabling, and/or potentially disabling in the future
physical/mental disability(s) including, but not limited to: anxiety and depression, among other
related conditions and/or disabilities.

105.    At all times relevant herein, Plaintiff's impairments affected and/or affect Plaintiff's
mental and psychological condition and/or Plaintiff's musculoskeletal body system, thereby
affecting Plaintiff's ability to perform major life activities, such as working.

106.    At all times relevant herein, Defendant Scoobeez failed to engage in a good-faith
interactive process with Plaintiff to determine whether it would be possible to provide reasonable
accommodations as required by Cal. Gov. Code § 12940.

107.    California Gov. Code § 12940 generally provides that it is an unlawful employment

1  practice for an employer or other entity covered by the FEHA to fail to engage in a timely, good-

2  faith, interactive process with the employee to determine effective reasonable accommodations,

3  if any, for an employee with a known physical or mental disability or known medical condition.

4  108.  Defendant Scoobeez was an "employer" pursuant to Cal. Gov. Code §§ 12900 et seq. and

5  therefore a covered entity.

6  109.  At all times relevant herein, Plaintiff was an employee of Defendant Scoobeez.

7  110.  At all times relevant herein, Plaintiff had physical and/or mental limitations resulting

8  from Plaintiff's aforesaid disabilities, which were known to Defendant Scoobeez, as aforesaid.

9  111.  At all times relevant herein, Plaintiff was willing to participate in an interactive process

10  to determine whether reasonable accommodations could be made.

11  112.  Pursuant to Cal. Code of Regs. ("CCR") § 11069(b)(2), an employer or other covered

12  entity shall initiate an interactive process when the employer or other covered entity otherwise

13  becomes aware of the need for an accommodation through a third party or by observation.

14  113.  At all times relevant herein, Defendant Scoobeez was aware and/or had notice of

15  Plaintiff's disabilities and/or need for accommodations pursuant to C.C.R. § 11069(b)(2).

16  114.  However, despite its duty to do so, Defendant Scoobeez failed to timely initiate and

17  thereafter participate in a good-faith interactive process with Plaintiff to determine whether

18  reasonable accommodations could be made.

19  115.  Defendant Scoobeez's failure to engage in a good-faith interactive process was a

20  substantial factor in causing Plaintiff's harm.

21  116.  In doing the acts alleged herein, Defendant Scoobeez and DOES 1 through 100, and each

22  of them, were substantially motivated by Plaintiff's actual/perceived disabilities, need for

23  accommodations, and/or need for legally protected finite medical leave.

24  117.  At all times relevant herein, Plaintiff believes and further alleges that Defendant

25  Scoobeez and/or its agents/representatives failed to timely, properly, and/or completely

26  investigate the unlawful conduct Plaintiff was routinely subjected to, and instead ratified and

27  condoned the unlawful behavior.

28  118.  Prior to the initiation of this lawsuit, Plaintiff filed a timely complaint against each named

25

**COMPLAINT FOR DAMAGES**

1  Defendant with the DFEH pursuant to Cal. Government Code § 12900 et seq. and has received

2  Right-to-Sue notices in a California Superior Court pursuant to California Government Code §

3  12965(b). Attached hereto and incorporated herein as Exhibit "A" are said Complaints and by

4  reference hereto are made a part hereof. Attached hereto and incorporated herein as Exhibit "B"

5  are said Right-to-Sue notices and by reference hereto are made a part hereof. Plaintiff has

6  therefore exhausted Plaintiff's administrative remedies under the California Government Code.

7  119.    As a direct and legal result of the acts and omissions of Defendant Scoobeez and DOES 1

8  through 100, Plaintiff was rendered sick, sore, lame, disabled and/or disordered, both internally

9  and externally, and/or suffered, among other things, numerous internal injuries, severe fright,

10  shock, pain, discomfort and/or anxiety.

11  120.    As a further legal result of the acts and omissions of Defendant Scoobeez and DOES 1

12  through 100, Plaintiff has been forced and/or will be forced to incur expenses for medical care,

13  X-rays, and/or laboratory costs during the period of Plaintiff's disability, and is informed and

14  believes, and thereon alleges, that Plaintiff will in the future be forced to incur additional

15  expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray

16  leave of court to show the exact amount of said expenses at the time of trial.

17  121.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since

18  said incidents has been unable to engage fully in Plaintiff's occupation, and is informed and

19  believes, and thereon alleges, that Plaintiff will be fully and/or partially incapacitated and/or

20  unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to

21  Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of

22  court to show the total amount of loss of earnings at the time of trial.

23  122.    As a further direct and legal result of the acts and conduct of Defendant Scoobeez and

24  DOES 1 through 100, Plaintiff has been caused, and did suffer, and continues to suffer severe

25  and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright,

26  shock, pain, discomfort and/or anxiety. The exact nature and extent of said injuries is presently

27  unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

28  123.    The aforementioned acts of Defendant Scoobeez and DOES 1 through 100, and each of

**COMPLAINT FOR DAMAGES**

1  them, were willful, wanton, malicious, intentional, oppressive and/or despicable and were done

2  in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by

3  managerial agents and employees of Defendant Scoobeez and DOES 1 through 100, and with the

4  express knowledge, consent, and/or ratification of managerial agents and employees of

5  Defendant Scoobeez and DOES 1 through 100, thereby justifying the awarding of punitive and

6  exemplary damages in an amount to be determined at the time of trial pursuant to California

7  Civil Code § 3294(a) and (b).

8  124.    By the aforesaid acts and conduct of Defendant Scoobeez and DOES 1 through 100,

9  Plaintiff has been directly and legally caused to suffer actual damages pursuant to California

10  Civil Code § 3333 including, but not limited to, loss of earnings and future earning capacity,

11  medical and related expenses for care and procedures both now and in the future, attorney's fees,

12  and/or other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court

13  to amend when ascertained.

14  125.    As a result of Defendant Scoobeez's failure to initiate and participate in the good-faith

15  interactive process, as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs

16  of said suit as specifically provided in California Government Code § 12965(b).

17  126.    The FEHA also provides remedies, including but not limited to, declaratory and

18  injunctive relief. As such, Plaintiff is entitled to both declaratory and injunctive relief as a result

19  of Defendants' unlawful conduct.

20  127.    Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

21                                          **VI.**

22                            **SIXTH CAUSE OF ACTION**

23                  **Failure to Provide Reasonable Accommodations**

24                  **[California Government Code § 12940 et. seq.]**

25                  **Against Defendant Scoobeez & DOES 1 Through 100, Only**

26  128.    Plaintiff incorporates herein by reference and re-alleges each and every paragraph in this

27  Complaint as though duly set forth in full herein.

28  129.    At all times relevant herein, Defendant Scoobeez failed to provide reasonable

27

**COMPLAINT FOR DAMAGES**

accommodations to Plaintiff's for injuries and/or disabilities as required by Cal. Gov. Code § 12940.

130.    Defendants Scoobeez failed to provide reasonable accommodations to Plaintiff through the following, among others,:

a)    Plaintiff notified his supervisors, including Defendant Mr. Ohanessian, in mid-2016 that he suffered from and was diagnosed with anxiety and depression.

b)    However, immediately subsequently, Defendant Mr. Ohanessian refused to offer any type of accommodation and persuaded Plaintiff to not see a doctor.

c)    Thereafter, during the course of the following approximately three to four months, Defendant Mr. Ohanessian directed harassing and discriminatory conduct toward Plaintiff on a routine basis. For example, Mr. Ohanessian routinely accused Plaintiff of being on drugs and frequently asked what drugs Plaintiff was using.

d)    Defendant Mr. Ohanessian would further constantly disparage his employees in the presence of Plaintiff, referring to them as "those Arabs" or "those Muslims" when expressing frustration with delays, or simply to criticize his employees.

e)    Defendant Ms. Ohanessian regularly ridiculed Plaintiff by telling him, "The women were in power," that the company needed "a woman's touch," that he should hire women and not hire men because "they could do better than men," and that "women were more powerful."

f)    In direct response to Plaintiff notifying Scoobeez of his disabilities and requesting accommodations, Mr. Ohanessian substantially reduced Plaintiff's work responsibilities as a biased personnel management decision.

g)    On or around January 2017, Plaintiff requested and took medically protected leave due to his disabilities. However, immediately following, Defendant Mr. Ohanessian unlawfully retaliated against Plaintiff by wrongfully terminating him on or around February 13, 2017, in extremely close proximity

h)    As such, Plaintiff was wrongfully terminated due to his disabilities, request for accommodations, and related complaints on or about February 13, 2017.

COMPLAINT FOR DAMAGES

i)      Plaintiff was treated differently, disparately, and negatively because of his actual/perceived disabilities, including but not limited to Defendants harassing Plaintiff (as aforesaid), failing to initiate and thereafter participate in the mandatory good-faith interactive process to determine the nature and extent of Plaintiff's disabilities and determine whether reasonable accommodations were possible, failing to provide Plaintiff reasonable accommodations, denying Plaintiff opportunities, unfairly disciplining Plaintiff, overly monitoring and scrutinizing Plaintiff, denying Plaintiff benefits, wrongfully terminating Plaintiff, and refusing to return Plaintiff back to Plaintiff's former position or offer Plaintiff employment in any capacity, and failing to rehire Plaintiff.

j)      At least through January 30, 2018, and continuing, Defendants failed and/or refused to rehire/reinstate Plaintiff and/or offer Plaintiff employment in any capacity or investigate Plaintiff's complaints and take appropriate remedial actions.

131.    Cal. Gov. Code § 12940 provides that it is an unlawful employment practice for an employer or other entity covered by this part to fail to make reasonable accommodations for the known physical or mental disability of an applicant or employee.

132.    At all times relevant herein, Plaintiff was an actual, perceived, and/or potentially disabled person within the meaning of Cal. Gov. Code §§ 12926.1(b) et seq., because Plaintiff was a person with an actual, perceived, potentially disabling, and/or potentially disabling in the future physical/mental disability(s) including, but not limited to: anxiety and depression, among other related conditions and/or disabilities.

133.    Plaintiff is informed, believes, and herein alleges Defendant Scoobeez was an "employer" pursuant to Cal. Gov. Code §§ 12900 et seq. and therefore a covered entity.

134.    At all times relevant herein, Plaintiff was an employee of Defendant Scoobeez.

135.    At all times relevant herein, Defendant Scoobeez was aware and/or had notice of Plaintiff's disabilities and/or need for accommodations pursuant to C.C.R. § 11069(b)(2).

136.    At all times relevant herein, Plaintiff was able to perform the essential job duties with and/or without reasonable accommodations for Plaintiff's disabilities.

137.    Plaintiff was harmed as a result of Defendant Scoobeez's failure to provide reasonable

**COMPLAINT FOR DAMAGES**

1 | accommodations.

2 | 138.    Defendant Scoobeez's failure to provide reasonable accommodations was a substantial

3 | factor in causing Plaintiff's harm.

4 | 139.    At all times relevant herein, Plaintiff believes and further alleges that Defendant

5 | Scoobeez and/or its agents/representatives failed to timely, properly, and/or completely

6 | investigate the unlawful conduct Plaintiff was routinely subjected to, and instead ratified and

7 | condoned the unlawful behavior.

8 | 140.    In doing the acts alleged herein, Defendant Scoobeez and DOES 1 through 100, and each

9 | of them, were substantially motivated by Plaintiff's actual/perceived disabilities, need for

10 | accommodations, and/or need for legally protected finite medical leave.

11 | 141.    Prior to the initiation of this lawsuit, Plaintiff filed a timely complaint against each named

12 | Defendant with the DFEH pursuant to Cal. Government Code § 12900 et seq. and has received

13 | Right-to-Sue notices in a California Superior Court pursuant to California Government Code §

14 | 12965(b). Attached hereto and incorporated herein as Exhibit "A" are said Complaints and by

15 | reference hereto are made a part hereof. Attached hereto and incorporated herein as Exhibit "B"

16 | are said Right-to-Sue notices and by reference hereto are made a part hereof. Plaintiff has

17 | therefore exhausted Plaintiff's administrative remedies under the California Government Code.

18 | 142.    As a direct and legal result of the acts and omissions of Defendant Scoobeez and DOES 1

19 | through 100, Plaintiff was rendered sick, sore, lame, disabled and/or disordered, both internally

20 | and externally, and/or suffered, among other things, numerous internal injuries, severe fright,

21 | shock, pain, discomfort and/or anxiety.

22 | 143.    As a further legal result of the acts and omissions of Defendant Scoobeez and DOES 1

23 | through 100, Plaintiff has been forced and/or will be forced to incur expenses for medical care,

24 | X-rays, and/or laboratory costs during the period of Plaintiff's disability, and is informed and

25 | believes, and thereon alleges, that Plaintiff will in the future be forced to incur additional

26 | expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray

27 | leave of court to show the exact amount of said expenses at the time of trial.

28 | 144.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since

said incidents has been unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff will be fully and/or partially incapacitated and/or unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

145.    As a further direct and legal result of the acts and conduct of Defendant Scoobeez and DOES 1 through 100, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and/or anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

146.    The aforementioned acts of Defendant Scoobeez and DOES 1 through 100, and each of them, were willful, wanton, malicious, intentional, oppressive and/or despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial pursuant to California <u>Civil Code</u> § 3294(a) and (b).

147.    By the aforesaid acts and conduct of Defendant Scoobeez and DOES 1 through 100, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California <u>Civil Code</u> § 3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorney's fees, and/or other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

148.    As a result of Defendant Scoobeez's failure to initiate and participate in the good-faith interactive process, as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of said suit as specifically provided in California <u>Government Code</u> § 12965(b).

149.    The FEHA also provides remedies, including but not limited to, declaratory and injunctive relief. As such, Plaintiff is entitled to both declaratory and injunctive relief as a result of Defendants' unlawful conduct.

150.    Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

**COMPLAINT FOR DAMAGES**

# VII.

## SEVENTH CAUSE OF ACTION

### For Race/National Origin Harassment in Employment

[California Government Code §§ 12940 et seq.]

**Against All Defendants & DOES 1 Through 100, Inclusive**

151.    Plaintiff incorporates herein by reference and re-alleges each and every paragraph in this Complaint as though duly set forth in full herein.

152.    Plaintiff was an employee of Scoobeez beginning in or around August 2014, and worked as a Regional Operations Manager until his wrongful termination on or about February 13, 2017.

153.    On a severe and/or pervasive basis starting during Plaintiff's employment with Scoobeez, continuing at least through the time of Plaintiff's wrongful termination on or around February 13, 2017, and continuing through January 30, 2018, and continuing thereafter, Defendants and DOES 1 through 100, and each of them, harassed Plaintiff due to and substantially motivated by Plaintiff's race/national origin, Middle Eastern, and association with/advocacy for Middle Eastern individuals and non-Caucasian individuals, and subjected Plaintiff to a hostile work environment through the following actions, among others on a severe and/or pervasive basis:

   a)    Defendant Mr. Ohanessian would constantly disparaged his employees in the presence of Plaintiff, referring to them as "those Arabs" or "those Muslims" when expressing frustration with delays, or simply to criticize his employees.

   b)    Defendant Mr. Ohanessian routinely accused Plaintiff of being on drugs and frequently asked what drugs Plaintiff was using.

   c)    Defendant Ms. Ohanessian regularly ridiculed Plaintiff by telling him, "The women were in power," that the company needed "a woman's touch," that he should hire women and not hire men because "they could do better than men," and that "women were more powerful."

   d)    In direct response to Plaintiff notifying Scoobeez of his disabilities and requesting accommodations, Mr. Ohanessian substantially reduced Plaintiff's work responsibilities as a biased personnel management decision.

**COMPLAINT FOR DAMAGES**

e)    On or around January 2017, Plaintiff requested and took medically protected leave due to his disabilities. However, immediately following, Defendant Mr. Ohanessian unlawfully retaliated against Plaintiff by wrongfully terminating him on or around February 13, 2017, in extremely close proximity

f)    As such, Plaintiff was wrongfully terminated due to his race/national origin on or about February 13, 2017.

g)    Plaintiff was treated differently, disparately, and negatively because of his race/national origin and/or association with Middle Eastern individuals, including but not limited to Defendants harassing Plaintiff (as aforesaid), denying Plaintiff opportunities, unfairly disciplining Plaintiff, overly monitoring and scrutinizing Plaintiff, denying Plaintiff benefits, wrongfully terminating Plaintiff, and refusing to return Plaintiff back to Plaintiff's former position or offer Plaintiff employment in any capacity, and failing to rehire Plaintiff.

h)    At least through January 30, 2018, and continuing, Defendants failed and/or refused to rehire/reinstate Plaintiff and/or offer Plaintiff employment in any capacity or investigate Plaintiff's complaints and take appropriate remedial actions.

154.    At all times relevant herein, Plaintiff believes and further alleges that Defendant Scoobeez and/or its agents/representatives failed to timely, properly, and/or completely investigate the unlawful conduct Plaintiff was routinely subjected to, and instead ratified and condoned the unlawful behavior.

155.    A reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile or abusive.

156.    Plaintiff considered the work environment to be hostile or abusive toward Plaintiff and Middle Eastern individuals, and favorable to Caucasians and non-Middle Eastern individuals.

157.    Defendant Scoobeez had an employment practice of harassment that had a disproportionate adverse effect on Middle Eastern individuals.

158.    In doing the acts alleged herein, Defendants and DOES 1 through 100, and each of them, were substantially motivated by Plaintiff's race/national origin, and association with a protected

1    class, and these acts were done to harass Plaintiff.

2    159.    The acts and conduct of Defendants and DOES 1 through 100, and each of them, as

3    aforesaid, were in violation of California Government Code §§ 12940 et seq. Said statutes

4    impose certain duties upon Defendants, and each of them, concerning harassment against

5    persons, such as Plaintiff, on the basis of race/national origin and association with/advocacy for

6    those protected. Said statutes were intended to prevent the type of injury and damage herein set

7    forth.

8    160.    By the acts and conduct described above, Defendants and DOES 1 through 100, and each

9    of them, in violation of said statutes, knew about, or should have known about, and failed to

10    investigate and/or properly investigate, prevent or remedy the race/national origin or

11    associational harassment. The acts of harassment described herein were sufficiently pervasive so

12    as to alter the conditions of employment, and created an abusive working environment. When

13    Plaintiff was harassed, Plaintiff's race/national origin and/or association with/advocacy for

14    Middle Eastern individuals was a substantial motivating reasons/factors in Defendants' conduct.

15    161.    As a result, Plaintiff filed timely charges and complaints of race/national origin and

16    associational harassment, discrimination, and retaliation with the California Department of Fair

17    Employment and Housing and has received Notice(s) of Right to Sue in a California Superior

18    Court pursuant to California Government Code § 12965(b). Plaintiff has therefore exhausted

19    Plaintiff's administrative remedies under the California Government Code. Attached hereto and

20    incorporated herein as Exhibit "A" are said Complaints and by reference hereto are made a part

21    hereof. Attached hereto and incorporated herein as Exhibit "B" are said Right to Sue Notices and

22    by reference hereto are made a part hereof.

23    162.    As a direct and legal result of the acts and omissions of Defendants and DOES 1 through

24    100, and each of them, Plaintiff was rendered sick, sore, lame, disabled and/or disordered, both

25    internally and/or externally, and/or suffered, among other things, emotional distress, including

26    but not limited to shock, pain, discomfort and/or anxiety.

27    163.    As a further legal result of the acts and omissions of Defendants and DOES 1 through

28    100, and each of them, Plaintiff has been forced to incur expenses for medical care, and/or is

**COMPLAINT FOR DAMAGES**

1  informed and believes, and thereon alleges, that Plaintiff will in the future be forced to incur

2  additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff

3  will pray leave of court to show the exact amount of said expenses at the time of trial.

4  164.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since

5  said incidents has been unable to engage fully in Plaintiff's occupation, and/or is informed and

6  believes, and thereon alleges, that Plaintiff will be fully and/or partially incapacitated and/or

7  unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to

8  Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of

9  court to show the total amount of loss of earnings at the time of trial.

10  165.    As a further direct and legal result of the acts and conduct of Defendants and DOES 1

11  through 100, as aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer

12  severe emotional and/or mental distress and anguish, humiliation, embarrassment, fright, shock,

13  pain, discomfort and/or anxiety. The exact nature and extent of said injuries is presently

14  unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

15  166.    The aforementioned acts of Defendants and DOES 1 through 100, and each of them, were

16  willful, wanton, malicious, intentional, oppressive and despicable and were done in willful and

17  conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial

18  agents and employees of Defendants, and with the express knowledge, consent, and ratification

19  of managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying

20  the awarding of punitive and exemplary damages in an amount to be determined at the time of

21  trial pursuant to Cal. Civil Code § 3294(a) and (b).

22  167.    By the aforesaid acts and conduct of Defendants and DOES 1 through 100, and each of

23  them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to

24  California Civil Code § 3333 including, but not limited to, loss of earnings and future earning

25  capacity, medical and related expenses for care and procedures both now and in the future,

26  attorneys' fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek

27  leave of court to amend when ascertained.

28  168.    As a result of the harassing acts of Defendants and DOES 1 through 100, and each of

**COMPLAINT FOR DAMAGES**

1    them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as
2    specifically provided in California Government Code § 12965(b).

3    169.    The FEHA also provides remedies, including but not limited to, declaratory and
4    injunctive relief. As such, Plaintiff is entitled to both declaratory and injunctive relief as a result
5    of Defendants' unlawful conduct.

6    170.    Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

7                                                   VIII.

8                                    EIGHTH CAUSE OF ACTION

9                     For Race/National Origin Discrimination in Employment

10                    [California Government Code §§ 12940 et seq.]

11                    Against Defendants Scoobeez & DOES 1 Through 100, Only

12   171.    Plaintiff incorporates herein by reference and re-alleges each and every paragraph in this
13   Complaint as though duly set forth in full herein.

14   172.    Plaintiff was treated differently in the terms and conditions of Plaintiff's employment
15   substantially due to Plaintiff's race/national origin, Middle Eastern.

16   173.    Defendants also treated Middle Eastern employees disparately due to their race which
17   had an adverse impact on those individuals.

18   174.    At all times relevant herein, Plaintiff was qualified for and competently performed the
19   position held throughout Plaintiff's employment with Defendant Scoobeez.

20   175.    At all times relevant herein, Plaintiff was a Middle Eastern employee and within a class
21   protected by the California Fair Employment & Housing Act ("FEHA").

22   176.    Plaintiff was an employee of Scoobeez beginning in or around August 2014, and worked
23   as a Regional Operations Manager until his wrongful termination on or about February 13, 2017.

24   177.    Beginning during Plaintiff's employment with Defendant Scoobeez, and continuing at
25   least through the time of Plaintiff's wrongful termination on or around February 13, 2017, and
26   continuing through January 30, 2018, and continuing thereafter, as a result of and substantially
27   motivated by Plaintiff's race/national origin, Middle Eastern, and/or association with/advocacy
28   for Middle Eastern individuals, Defendants subjected Plaintiff to discriminatory treatment and

COMPLAINT FOR DAMAGES

adverse employment actions including, but not limited, to the following:

a)    Plaintiff was treated differently, disparately, and negatively because of his race/national origin and/or association with Middle Eastern individuals, including but not limited to Defendants harassing Plaintiff (as aforesaid), denying Plaintiff opportunities, unfairly disciplining Plaintiff, overly monitoring and scrutinizing Plaintiff, denying Plaintiff benefits, wrongfully terminating Plaintiff, and refusing to return Plaintiff back to Plaintiff's former position or offer Plaintiff employment in any capacity, and failing to rehire Plaintiff.

b)    Defendant Mr. Ohanessian would constantly disparaged his employees in the presence of Plaintiff, referring to them as "those Arabs" or "those Muslims" when expressing frustration with delays, or simply to criticize his employees.

c)    Defendant Mr. Ohanessian routinely accused Plaintiff of being on drugs and frequently asked what drugs Plaintiff was using.

d)    Defendant Ms. Ohanessian regularly ridiculed Plaintiff by telling him, "The women were in power," that the company needed "a woman's touch," that he should hire women and not hire men because "they could do better than men," and that "women were more powerful."

e)    In direct response to Plaintiff notifying Scoobeez of his disabilities and requesting accommodations, Mr. Ohanessian substantially reduced Plaintiff's work responsibilities as a biased personnel management decision.

f)    On or around January 2017, Plaintiff requested and took medically protected leave due to his disabilities. However, immediately following, Defendant Mr. Ohanessian unlawfully retaliated against Plaintiff by wrongfully terminating him on or around February 13, 2017, in extremely close proximity

g)    As such, Plaintiff was wrongfully terminated due to his race/national origin on or about February 13, 2017.

h)    At least through January 30, 2018, and continuing, Defendants failed and/or refused to rehire/reinstate Plaintiff and/or offer Plaintiff employment in any capacity or

investigate Plaintiff's complaints and take appropriate remedial actions.

178.   At all times relevant herein, Plaintiff believes and further alleges that Defendant Scoobeez and/or its agents/representatives failed to timely, properly, and/or completely investigate the unlawful conduct Plaintiff was routinely subjected to, and instead ratified and condoned the unlawful behavior.

179.   In doing the acts alleged herein, Defendants and DOES 1 through 100, and each of them, were substantially motivated by Plaintiff's race/national origin, Middle Eastern and/or association with/advocacy for protected classes.

180.   Defendant Scoobeez had an employment practice of harassment that had a disproportionate adverse effect on Middle Eastern individuals.

181.   As alleged herein, the aforesaid harassing and discriminatory comments were made in Plaintiff's presence and/or Plaintiff was made aware and/or found out that such comments were being made in the workplace, thereby subjecting Plaintiff to a hostile and discriminatory work environment.

182.   By the acts and conduct described above, Defendant Scoobeez, and DOES 1 through 100, and each of them, in violation of said statutes, knew about, or should have known about, and failed to investigate and/or properly investigate, prevent or remedy the race/national origin and/or associational discrimination. The acts of discrimination described herein were sufficiently pervasive so as to alter the conditions of employment, and created an abusive working environment.

183.   As a result, Plaintiff filed timely charges and complaints of race/national origin and associational harassment, discrimination, and retaliation with the California Department of Fair Employment and Housing and has received Notice(s) of Right to Sue in a California Superior Court pursuant to California Government Code § 12965(b). Plaintiff has therefore exhausted Plaintiff's administrative remedies under the California Government Code. Attached hereto and incorporated herein as Exhibit "A" are said Complaints and by reference hereto are made a part hereof. Attached hereto and incorporated herein as Exhibit "B" are said Right to Sue Notices and by reference hereto are made a part hereof.

**COMPLAINT FOR DAMAGES**

184.   As a direct and legal result of the acts and omissions of Defendants and DOES 1 through 100, and each of them, Plaintiff was rendered sick, sore, lame, disabled and/or disordered, both internally and/or externally, and/or suffered, among other things, emotional distress, including but not limited to shock, pain, discomfort and/or anxiety.

185.   As a further legal result of the acts and omissions of Defendants and DOES 1 through 100, and each of them, Plaintiff has been forced to incur expenses for medical care, and/or is informed and believes, and thereon alleges, that Plaintiff will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

186.   Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents has been unable to engage fully in Plaintiff's occupation, and/or is informed and believes, and thereon alleges, that Plaintiff will be fully and/or partially incapacitated and/or unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

187.   As a further direct and legal result of the acts and conduct of Defendants and DOES 1 through 100, as aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe emotional and/or mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and/or anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

188.   The aforementioned acts of Defendants and DOES 1 through 100, and each of them, were willful, wanton, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of Defendants, and with the express knowledge, consent, and ratification of managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial pursuant to Cal. Civil Code § 3294(a) and (b).

189.   By the aforesaid acts and conduct of Defendants and DOES 1 through 100, and each of

**COMPLAINT FOR DAMAGES**

1    them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to
2    California Civil Code § 3333 including, but not limited to, loss of earnings and future earning
3    capacity, medical and related expenses for care and procedures both now and in the future,
4    attorneys' fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek
5    leave of court to amend when ascertained.

6    190.    As a result of the harassing acts of Defendants and DOES 1 through 100, and each of
7    them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as
8    specifically provided in California Government Code § 12965(b).

9    191.    The FEHA also provides remedies, including but not limited to, declaratory and
10   injunctive relief. As such, Plaintiff is entitled to both declaratory and injunctive relief as a result
11   of Defendants' unlawful conduct.

12   192.    Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

13                                          IX.

14                              **NINTH CAUSE OF ACTION**

15                   **For Race/National Origin Retaliation in Employment**

16                    **[California Government Code §§ 12940 et seq.]**

17                **Against Defendant Scoobeez & DOES 1 Through 100, Only**

18   193.    Plaintiff incorporates herein by reference and re-alleges each and every paragraph in this
19   Complaint as though duly set forth in full herein.

20   194.    Plaintiff was an employee of Scoobeez beginning in or around August 2014, and worked
21   as a Regional Operations Manager until his wrongful termination on or about February 13, 2017.

22   195.    Plaintiff was, at all times material hereto, a Middle Eastern employee who engaged in
23   legally protected activities, including but not limited to complaining about race/national origin
24   and associational harassment and discrimination, and within a protected class covered by Cal.
25   Gov. Code § 12940, prohibiting race/national origin and associational based race retaliation in
26   employment.

27   196.    Beginning during Plaintiff's employment with Defendant Scoobeez, and continuing at
28   least through the time of Plaintiff's wrongful termination on or around February 13, 2017, and

**COMPLAINT FOR DAMAGES**

continuing through January 30, 2018, and continuing thereafter, Plaintiff engaged in legally protected activity by complaining about and/or protesting against the disparate working terms and conditions and hostile work environment Plaintiff was subjected to based on Plaintiff's race/national origin and association with other Middle Eastern individuals. Plaintiff asserted Plaintiff's legal rights and/or complained on the following occasions, among others:

   a)    Plaintiff protested to Defendant Managers themselves to stop the harassing conduct and comments.

197.    Defendant Scoobeez failed to take corrective or remedial measures to stop the unlawful conduct, instead ratifying and condoning it.

198.    As a result of and substantially motivated by Plaintiff engaging in the aforesaid protected activities, including but not limited to complaining of the race/national origin harassment and discrimination, Defendant Scoobeez subjected Plaintiff to the following retaliatory adverse employment actions, including the following, among others:

   a)    Plaintiff was treated differently, disparately, and negatively because of his race/national origin and/or association with Middle Eastern individuals, including but not limited to Defendants harassing Plaintiff (as aforesaid), denying Plaintiff opportunities, unfairly disciplining Plaintiff, overly monitoring and scrutinizing Plaintiff, denying Plaintiff benefits, wrongfully terminating Plaintiff, and refusing to return Plaintiff back to Plaintiff's former position or offer Plaintiff employment in any capacity, and failing to rehire Plaintiff.

   b)    Defendant Mr. Ohanessian would constantly disparaged his employees in the presence of Plaintiff, referring to them as "those Arabs" or "those Muslims" when expressing frustration with delays, or simply to criticize his employees.

   c)    Defendant Mr. Ohanessian routinely accused Plaintiff of being on drugs and frequently asked what drugs Plaintiff was using.

   d)    Defendant Ms. Ohanessian regularly ridiculed Plaintiff by telling him, "The women were in power," that the company needed "a woman's touch," that he should hire women and not hire men because "they could do better than men," and that "women were

more powerful."

e)      In direct response to Plaintiff notifying Scoobeez of his disabilities and requesting accommodations, Mr. Ohanessian substantially reduced Plaintiff's work responsibilities as a biased personnel management decision.

f)      On or around January 2017, Plaintiff requested and took medically protected leave due to his disabilities. However, immediately following, Defendant Mr. Ohanessian unlawfully retaliated against Plaintiff by wrongfully terminating him on or around February 13, 2017, in extremely close proximity

g)      As such, Plaintiff was wrongfully terminated due to his race/national origin on or about February 13, 2017.

h)      At least through January 30, 2018, and continuing, Defendants failed and/or refused to rehire/reinstate Plaintiff and/or offer Plaintiff employment in any capacity or investigate Plaintiff's complaints and take appropriate remedial actions.

199.    At all times relevant herein, Plaintiff believes and further alleges that Defendant Scoobeez and/or its agents/representatives failed to timely, properly, and/or completely investigate the unlawful conduct Plaintiff was routinely subjected to, and instead ratified and condoned the unlawful behavior.

200.    As shown above, Defendant had an employment practice of harassment, discrimination, and retaliation of employees, that had a disproportionate adverse effect on Middle Eastern individuals.

201.    In doing the acts alleged herein, Defendant Scoobeez and DOES 1 through 100, and each of them, were substantially motivated by Plaintiff's race/national origin and/or aforesaid legally protected activities.

202.    By the acts and conduct described above, Defendant Scoobeez and DOES 1 through 100, and each of them, in violation of said statutes, knew about, or should have known about, and failed to investigate and/or properly investigate, prevent or remedy the race/national origin retaliation. The acts of retaliation described herein were sufficiently pervasive so as to alter the conditions of employment, and created an abusive working environment.

**COMPLAINT FOR DAMAGES**

203.    As a result, Plaintiff filed timely charges and complaints of race/national origin harassment, discrimination, and retaliation with the California Department of Fair Employment and Housing and has received Notice(s) of Right to Sue in a California Superior Court pursuant to California Government Code § 12965(b). Plaintiff has therefore exhausted Plaintiff's administrative remedies under the California Government Code. Attached hereto and incorporated herein as Exhibit "A" are said Complaints and by reference hereto are made a part hereof. Attached hereto and incorporated herein as Exhibit "B" are said Right to Sue Notices and by reference hereto are made a part hereof.

204.    As a direct and legal result of the acts and omissions of Defendants and DOES 1 through 100, and each of them, Plaintiff was rendered sick, sore, lame, disabled and/or disordered, both internally and/or externally, and/or suffered, among other things, emotional distress, including but not limited to shock, pain, discomfort and/or anxiety.

205.    As a further legal result of the acts and omissions of Defendants and DOES 1 through 100, and each of them, Plaintiff has been forced to incur expenses for medical care, and/or is informed and believes, and thereon alleges, that Plaintiff will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

206.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents has been unable to engage fully in Plaintiff's occupation, and/or is informed and believes, and thereon alleges, that Plaintiff will be fully and/or partially incapacitated and/or unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

207.    As a further direct and legal result of the acts and conduct of Defendants and DOES 1 through 100, as aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe emotional and/or mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and/or anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

**COMPLAINT FOR DAMAGES**

208.    The aforementioned acts of Defendants and DOES 1 through 100, and each of them, were willful, wanton, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of Defendants, and with the express knowledge, consent, and ratification of managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial pursuant to Cal. Civil Code § 3294(a) and (b).

209.    By the aforesaid acts and conduct of Defendants and DOES 1 through 100, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code § 3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys' fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

210.    As a result of the harassing acts of Defendants and DOES 1 through 100, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b).

211.    The FEHA also provides remedies, including but not limited to, declaratory and injunctive relief. As such, Plaintiff is entitled to both declaratory and injunctive relief as a result of Defendants' unlawful conduct.

212.    Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

## X.

### TENTH CAUSE OF ACTION

#### For Sex/Gender Harassment in Employment

#### [California Government Code §§ 12940 et seq.]

#### Against All Defendants & DOES 1 Through 100, Inclusive

213.    Plaintiff was an employee of Scoobeez, beginning in or around August 2014, and worked as a Regional Operations Manager until his wrongful termination on or about February 13, 2017.

214.    On a severe and/or pervasive basis starting during Plaintiff's employment with Scoobeez,

1    and continuing at least through the time of Plaintiff's wrongful termination on or about February

2    13, 2017, and continuing through January 30, 2018, and continuing thereafter, Defendants and

3    DOES 1 through 100, and each of them, harassed Plaintiff due to and substantially motivated by

4    Plaintiff's sex/gender, male, and subjected Plaintiff to a hostile work environment through the

5    following actions, among others on a severe and/or pervasive basis:

6    a)    Defendant Ms. Ohanessian regularly ridiculed Plaintiff by telling him, "The

7    women were in power."

8    b)    Defendant Ms. Ohanessian regularly ridiculed Plaintiff by telling him that the

9    company needed "a woman's touch."

10    c)    Defendant Ms. Ohanessian regularly ridiculed Plaintiff by telling him that he

11    should hire women and not hire men because "they could do better than men," and that

12    "women were more powerful."

13    d)    Defendant Mr. Ohanessian routinely accused Plaintiff of being on drugs and

14    frequently asked what drugs Plaintiff was using.

15    e)    Defendant Mr. Ohanessian would constantly disparaged his employees in the

16    presence of Plaintiff, referring to them as "those Arabs" or "those Muslims" when

17    expressing frustration with delays, or simply to criticize his employees.

18    f)    In direct response to Plaintiff notifying Scoobeez of his disabilities and requesting

19    accommodations, Mr. Ohanessian substantially reduced Plaintiff's work responsibilities

20    as a biased personnel management decision.

21    g)    On or around January 2017, Plaintiff requested and took medically protected

22    leave due to his disabilities. However, immediately following, Defendant Mr. Ohanessian

23    unlawfully retaliated against Plaintiff by wrongfully terminating him on or around

24    February 13, 2017, in extremely close proximity

25    h)    As such, Plaintiff was wrongfully terminated due to his sex/gender on or about

26    February 13, 2017.

27    i)    Plaintiff was treated differently, disparately, and negatively because of his

28    sex/gender, including but not limited to Defendants harassing Plaintiff (as aforesaid),

**COMPLAINT FOR DAMAGES**

denying Plaintiff opportunities, unfairly disciplining Plaintiff, overly monitoring and scrutinizing Plaintiff, denying Plaintiff benefits, wrongfully terminating Plaintiff, and refusing to return Plaintiff back to Plaintiff's former position or offer Plaintiff employment in any capacity, and failing to rehire Plaintiff.

j)    At least through January 30, 2018, and continuing, Defendants failed and/or refused to rehire/reinstate Plaintiff and/or offer Plaintiff employment in any capacity or investigate Plaintiff's complaints and take appropriate remedial actions.

215.    Defendant Scoobeez had an employment practice of harassment, discrimination, and retaliation that had a disproportionate adverse effect on male individuals.

216.    At all times relevant herein, Plaintiff believes and further alleges that Defendant Scoobeez and/or its agents/representatives failed to timely, properly, and/or completely investigate the unlawful conduct Plaintiff was routinely subjected to, and instead ratified and condoned the unlawful behavior.

217.    A reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile or abusive.

218.    Plaintiff considered the work environment to be hostile or abusive toward Plaintiff and male individuals, and favorable to females.

219.    In doing the acts alleged herein, Defendants and DOES 1 through 100, and each of them, were substantially motivated by Plaintiff's sex/gender and these acts were done to harass Plaintiff.

220.    The acts and conduct of Defendants and DOES 1 through 100, and each of them, as aforesaid, were in violation of California Government Code §§ 12940 et seq. Said statutes impose certain duties upon Defendants, and each of them, concerning harassment against persons, such as Plaintiff, on the basis of sex/gender and/or association with/advocacy for those protected. Said statutes were intended to prevent the type of injury and damage herein set forth.

221.    By the acts and conduct described above, Defendants and DOES 1 through 100, and each of them, in violation of said statutes, knew about, or should have known about, and failed to investigate and/or properly investigate, prevent or remedy the sex/gender harassment. The acts of

harassment described herein were sufficiently pervasive so as to alter the conditions of employment, and created an abusive working environment. When Plaintiff was harassed, Plaintiff's sex/gender was a substantial motivating reason/factor in Defendants' conduct.

222.    As a result, Plaintiff filed timely charges and complaints of sex/gender harassment, discrimination, and retaliation with the California Department of Fair Employment and Housing and has received Notice(s) of Right to Sue in a California Superior Court pursuant to California Government Code § 12965(b). Plaintiff has therefore exhausted Plaintiff's administrative remedies under the California Government Code. Attached hereto and incorporated herein as Exhibit "A" are said Complaints and by reference hereto are made a part hereof. Attached hereto and incorporated herein as Exhibit "B" are said Right to Sue Notices and by reference hereto are made a part hereof.

223.    As a direct and legal result of the acts and omissions of Defendants and DOES 1 through 100, and each of them, Plaintiff was rendered sick, sore, lame, disabled and/or disordered, both internally and/or externally, and/or suffered, among other things, emotional distress, including but not limited to shock, pain, discomfort and/or anxiety.

224.    As a further legal result of the acts and omissions of Defendants and DOES 1 through 100, and each of them, Plaintiff has been forced to incur expenses for medical care, and/or is informed and believes, and thereon alleges, that Plaintiff will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

225.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents has been unable to engage fully in Plaintiff's occupation, and/or is informed and believes, and thereon alleges, that Plaintiff will be fully and/or partially incapacitated and/or unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

226.    As a further direct and legal result of the acts and conduct of Defendants and DOES 1 through 100, as aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer

severe emotional and/or mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and/or anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

227.    The aforementioned acts of Defendants and DOES 1 through 100, and each of them, were willful, wanton, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of Defendants, and with the express knowledge, consent, and ratification of managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial pursuant to Cal. Civil Code § 3294(a) and (b).

228.    By the aforesaid acts and conduct of Defendants and DOES 1 through 100, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code § 3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys' fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

229.    As a result of the harassing acts of Defendants and DOES 1 through 100, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b).

230.    The FEHA also provides remedies, including but not limited to, declaratory and injunctive relief. As such, Plaintiff is entitled to both declaratory and injunctive relief as a result of Defendants' unlawful conduct.

231.    Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

///

///

///

///

///

COMPLAINT FOR DAMAGES

# XI.

## ELEVENTH CAUSE OF ACTION

### For Sex/Gender Discrimination in Employment

### [California Government Code §§ 12940 et seq.]

### Against Defendants Scoobeez & DOES 1 Through 100, Only

232.    Plaintiff incorporates herein by reference and re-alleges each and every paragraph in this Complaint as though duly set forth in full herein.

233.    Plaintiff was treated differently in the terms and conditions of Plaintiff's employment substantially due to Plaintiff's sex/gender, male.

234.    At all times relevant herein, Plaintiff was qualified for and competently performed the position held throughout Plaintiff's employment with Defendant Scoobeez.

235.    At all times relevant herein, Plaintiff was a male employee and within a class protected by the California Fair Employment & Housing Act ("FEHA").

236.    Plaintiff was an employee of Scoobeez, beginning in or around August 2014, and worked as a Regional Operations Manager until his wrongful termination on or about February 13, 2017.

237.    Beginning during Plaintiff's employment with Defendant Scoobeez, and continuing at least through the time of Plaintiff's wrongful termination on or about February 13, 2017, and continuing through January 30, 2018, and continuing thereafter, as a result of and substantially motivated by Plaintiff's sex/gender, male, Defendants subjected Plaintiff to discriminatory treatment and adverse employment actions including, but not limited, to the following:

    a)    Plaintiff was treated differently, disparately, and negatively because of his sex/gender, including but not limited to Defendants harassing Plaintiff (as aforesaid), denying Plaintiff opportunities, unfairly disciplining Plaintiff, overly monitoring and scrutinizing Plaintiff, denying Plaintiff benefits, wrongfully terminating Plaintiff, and refusing to return Plaintiff back to Plaintiff's former position or offer Plaintiff employment in any capacity, and failing to rehire Plaintiff.

    b)    Defendant Ms. Ohanessian regularly ridiculed Plaintiff by telling him, "The women were in power."

**COMPLAINT FOR DAMAGES**

c)    Defendant Ms. Ohanessian regularly ridiculed Plaintiff by telling him that the company needed "a woman's touch."

d)    Defendant Ms. Ohanessian regularly ridiculed Plaintiff by telling him that he should hire women and not hire men because "they could do better than men," and that "women were more powerful."

e)    Defendant Mr. Ohanessian routinely accused Plaintiff of being on drugs and frequently asked what drugs Plaintiff was using.

f)    Defendant Mr. Ohanessian would constantly disparaged his employees in the presence of Plaintiff, referring to them as "those Arabs" or "those Muslims" when expressing frustration with delays, or simply to criticize his employees.

g)    In direct response to Plaintiff notifying Scoobeez of his disabilities and requesting accommodations, Mr. Ohanessian substantially reduced Plaintiff's work responsibilities as a biased personnel management decision.

h)    On or around January 2017, Plaintiff requested and took medically protected leave due to his disabilities. However, immediately following, Defendant Mr. Ohanessian unlawfully retaliated against Plaintiff by wrongfully terminating him on or around February 13, 2017, in extremely close proximity

i)    As such, Plaintiff was wrongfully terminated due to his sex/gender on or about February 13, 2017.

j)    At least through January 30, 2018, and continuing, Defendants failed and/or refused to rehire/reinstate Plaintiff and/or offer Plaintiff employment in any capacity or investigate Plaintiff's complaints and take appropriate remedial actions.

238.    Defendant Scoobeez had an employment practice of harassment, discrimination, and retaliation that had a disproportionate adverse effect on male individuals.

239.    At all times relevant herein, Plaintiff believes and further alleges that Defendant Scoobeez and/or its agents/representatives failed to timely, properly, and/or completely investigate the unlawful conduct Plaintiff was routinely subjected to, and instead ratified and condoned the unlawful behavior.

**COMPLAINT FOR DAMAGES**

240.    In doing the acts alleged herein, Defendants and DOES 1 through 100, and each of them, were substantially motivated by Plaintiff's sex/gender, male.

241.    As alleged herein, the aforesaid harassing and discriminatory comments were made in Plaintiff's presence and/or Plaintiff was made aware and/or found out that such comments were being made in the workplace, thereby subjecting Plaintiff to a hostile and discriminatory work environment.

242.    The acts and conduct of Defendants and DOES 1 through 100, and each of them, as aforesaid, were in violation of California Government Code §§ 12940 et seq. Said statutes impose certain duties upon Defendants, and each of them, concerning harassment against persons, such as Plaintiff, on the basis of sex/gender and/or association with/advocacy for those protected. Said statutes were intended to prevent the type of injury and damage herein set forth.

243.    By the acts and conduct described above, Defendant Scoobeez, and DOES 1 through 100, and each of them, in violation of said statutes, knew about, or should have known about, and failed to investigate and/or properly investigate, prevent or remedy the sex/gender and/or associational discrimination. The acts of discrimination described herein were sufficiently pervasive so as to alter the conditions of employment, and created an abusive working environment.

244.    At all times relevant herein, Plaintiff believes and further alleges that Defendant Commerce Casino and/or its agents/representatives failed to timely, properly, and/or completely investigate the discrimination Plaintiff was routinely subjected to and ratified and condoned the unlawful behavior.

245.    As a result, Plaintiff filed timely charges and complaints of sex/gender harassment, discrimination, and retaliation with the California Department of Fair Employment and Housing and has received Notice(s) of Right to Sue in a California Superior Court pursuant to California Government Code § 12965(b). Plaintiff has therefore exhausted Plaintiff's administrative remedies under the California Government Code. Attached hereto and incorporated herein as Exhibit "A" are said Complaints and by reference hereto are made a part hereof. Attached hereto and incorporated herein as Exhibit "B" are said Right to Sue Notices and by reference hereto are

made a part hereof.

246.    As a direct and legal result of the acts and omissions of Defendants and DOES 1 through 100, and each of them, Plaintiff was rendered sick, sore, lame, disabled and/or disordered, both internally and/or externally, and/or suffered, among other things, emotional distress, including but not limited to shock, pain, discomfort and/or anxiety.

247.    As a further legal result of the acts and omissions of Defendants and DOES 1 through 100, and each of them, Plaintiff has been forced to incur expenses for medical care, and/or is informed and believes, and thereon alleges, that Plaintiff will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

248.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents has been unable to engage fully in Plaintiff's occupation, and/or is informed and believes, and thereon alleges, that Plaintiff will be fully and/or partially incapacitated and/or unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

249.    As a further direct and legal result of the acts and conduct of Defendants and DOES 1 through 100, as aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe emotional and/or mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and/or anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

250.    The aforementioned acts of Defendants and DOES 1 through 100, and each of them, were willful, wanton, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of Defendants, and with the express knowledge, consent, and ratification of managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial pursuant to Cal. Civil Code § 3294(a) and (b).

251.     By the aforesaid acts and conduct of Defendants and DOES 1 through 100, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code § 3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys' fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

252.     As a result of the discriminatory acts of Defendants and DOES 1 through 100, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b).

253.     The FEHA also provides remedies, including but not limited to, declaratory and injunctive relief. As such, Plaintiff is entitled to both declaratory and injunctive relief as a result of Defendants' unlawful conduct.

254.     Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

## XII.

## TWELFTH CAUSE OF ACTION

### For Sex/Gender Retaliation in Employment

### [California Government Code §§ 12940 et seq.]

### Against Defendants Scoobeez & DOES 1 Through 100, Only

255.     Plaintiff incorporates herein by reference and re-alleges each and every paragraph in this Complaint as though duly set forth in full herein.

256.     Plaintiff was an employee of Scoobeez, beginning in or around August 2014, and worked as a Regional Operations Manager until his wrongful termination on or about February 13, 2017.

257.     Plaintiff was, at all times material hereto, a male employee who engaged in legally protected activities, including but not limited to complaining about sex/gender harassment and discrimination, and within a protected class covered by Cal. Gov. Code § 12940, prohibiting sex/gender retaliation in employment.

258.     Beginning during Plaintiff's employment with Defendant Scoobeez, and continuing at least through the time of Plaintiff's wrongful termination on or about February 13, 2017, and

**COMPLAINT FOR DAMAGES**

continuing through January 30, 2018, and continuing thereafter,

a)    Plaintiff complained on multiple occasions regarding these aforementioned harassing and discriminatory comments and conduct to Defendant Managers.

259.    Defendant Scoobeez failed to take corrective or remedial measures to stop the unlawful conduct, instead ratifying and condoning it.

260.    As a result of and substantially motivated by Plaintiff engaging in the aforesaid protected activities, including but not limited to complaining of the sex/gender harassment and discrimination, Defendant Scoobeez subjected Plaintiff to the following retaliatory adverse employment actions, including the following, among others:

a)    Defendants treated Plaintiff differently, disparately, and negatively because of his complaints of sex/gender discrimination, including making demeaning, abusive, and derogatory comments and gestures in Plaintiff's presence, denying Plaintiff opportunities, unfairly disciplining Plaintiff, overly monitoring and scrutinizing Plaintiff, denying Plaintiff benefits, wrongfully terminating Plaintiff, refusing/failing to return Plaintiff to Plaintiff's former position or offer Plaintiff employment in any capacity, and failing to rehire Plaintiff.

b)    Manager Ms. Ohanessian told another female salesperson, in the presence of Plaintiff, "You're too stressed, you need to go get some sex."

c)    Manager Mr. Ohanessian told Plaintiff in regards to performing his duties, "I don't Defendant Ms. Ohanessian regularly ridiculed Plaintiff by telling him, "The women were in power."

d)    Defendant Ms. Ohanessian regularly ridiculed Plaintiff by telling him that the company needed "a woman's touch."

e)    Defendant Ms. Ohanessian regularly ridiculed Plaintiff by telling him that he should hire women and not hire men because "they could do better than men," and that "women were more powerful."

f)    Defendant Mr. Ohanessian routinely accused Plaintiff of being on drugs and frequently asked what drugs Plaintiff was using.

**COMPLAINT FOR DAMAGES**

g)    Defendant Mr. Ohanessian would constantly disparaged his employees in the presence of Plaintiff, referring to them as "those Arabs" or "those Muslims" when expressing frustration with delays, or simply to criticize his employees.

h)    In direct response to Plaintiff notifying Scoobeez of his disabilities and requesting accommodations, Mr. Ohanessian substantially reduced Plaintiff's work responsibilities as a biased personnel management decision.

i)    On or around January 2017, Plaintiff requested and took medically protected leave due to his disabilities. However, immediately following, Defendant Mr. Ohanessian unlawfully retaliated against Plaintiff by wrongfully terminating him on or around February 13, 2017, in extremely close proximity

j)    As such, Plaintiff was wrongfully terminated due to his sex/gender on or about February 13, 2017.

k)    At least through January 30, 2018, and continuing, Defendants failed and/or refused to rehire/reinstate Plaintiff and/or offer Plaintiff employment in any capacity or investigate Plaintiff's complaints and take appropriate remedial actions.

261.    As shown above, Defendant had an employment practice of harassment, discrimination, and retaliation of employees, that had a disproportionate adverse effect on males.

262.    At all times relevant herein, Plaintiff believes and further alleges that Defendant Scoobeez and/or its agents/representatives failed to timely, properly, and/or completely investigate the unlawful conduct Plaintiff was routinely subjected to, and instead ratified and condoned the unlawful behavior.

263.    In doing the acts alleged herein, Defendant Scoobeez and DOES 1 through 100, and each of them, were substantially motivated by Plaintiff's sex/gender and/or aforesaid legally protected activities.

264.    The acts and conduct of Defendants and DOES 1 through 100, and each of them, as aforesaid, were in violation of Cal. Gov. Code §§ 12940 et seq. Said statutes impose certain duties upon Defendant Commerce Casino concerning discrimination against persons, such as Plaintiff, on the basis of sex/gender and the prohibition of sex/gender discrimination. Said

COMPLAINT FOR DAMAGES

1   statutes were intended to prevent the type of injury and damage herein set forth.

2   265.    By the acts and conduct described above, Defendant Scoobeez and DOES 1 through 100,

3   and each of them, in violation of said statutes, knew about, or should have known about, and

4   failed to investigate and/or properly investigate, prevent or remedy the sex/gender retaliation.

5   The acts of retaliation described herein were sufficiently pervasive so as to alter the conditions of

6   employment, and created an abusive working environment.

7   266.    As alleged herein, the aforesaid harassing and discriminatory comments were made in

8   Plaintiff's presence and/or Plaintiff was made aware and/or found out that such comments were

9   being made in the workplace, thereby subjecting Plaintiff to a hostile and discriminatory work

10  environment.

11  267.    The acts of discrimination described herein were sufficiently pervasive so as to alter the

12  conditions of employment, and created an abusive working environment.

13  268.    As a result, Plaintiff filed timely charges and complaints of sex/gender harassment,

14  discrimination, and retaliation with the California Department of Fair Employment and Housing

15  and has received Notice(s) of Right to Sue in a California Superior Court pursuant to California

16  Government Code § 12965(b). Plaintiff has therefore exhausted Plaintiff's administrative

17  remedies under the California Government Code. Attached hereto and incorporated herein as

18  Exhibit "A" are said Complaints and by reference hereto are made a part hereof. Attached hereto

19  and incorporated herein as Exhibit "B" are said Right to Sue Notices and by reference hereto are

20  made a part hereof.

21  269.    As a direct and legal result of the acts and omissions of Defendants and DOES 1 through

22  100, and each of them, Plaintiff was rendered sick, sore, lame, disabled and/or disordered, both

23  internally and/or externally, and/or suffered, among other things, emotional distress, including

24  but not limited to shock, pain, discomfort and/or anxiety.

25  270.    As a further legal result of the acts and omissions of Defendants and DOES 1 through

26  100, and each of them, Plaintiff has been forced to incur expenses for medical care, and/or is

27  informed and believes, and thereon alleges, that Plaintiff will in the future be forced to incur

28  additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff

**COMPLAINT FOR DAMAGES**

1  will pray leave of court to show the exact amount of said expenses at the time of trial.

2  271.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since

3  said incidents has been unable to engage fully in Plaintiff's occupation, and/or is informed and

4  believes, and thereon alleges, that Plaintiff will be fully and/or partially incapacitated and/or

5  unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to

6  Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of

7  court to show the total amount of loss of earnings at the time of trial.

8  272.    As a further direct and legal result of the acts and conduct of Defendants and DOES 1

9  through 100, as aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer

10  severe emotional and/or mental distress and anguish, humiliation, embarrassment, fright, shock,

11  pain, discomfort and/or anxiety. The exact nature and extent of said injuries is presently

12  unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

13  273.    The aforementioned acts of Defendants and DOES 1 through 100, and each of them, were

14  willful, wanton, malicious, intentional, oppressive and despicable and were done in willful and

15  conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial

16  agents and employees of Defendants, and with the express knowledge, consent, and ratification

17  of managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying

18  the awarding of punitive and exemplary damages in an amount to be determined at the time of

19  trial pursuant to Cal. Civil Code § 3294(a) and (b).

20  274.    By the aforesaid acts and conduct of Defendants and DOES 1 through 100, and each of

21  them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to

22  California Civil Code § 3333 including, but not limited to, loss of earnings and future earning

23  capacity, medical and related expenses for care and procedures both now and in the future,

24  attorneys' fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek

25  leave of court to amend when ascertained.

26  275.    As a result of the retaliatory acts of Defendants and DOES 1 through 100, and each of

27  them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as

28  specifically provided in California Government Code § 12965(b).

**COMPLAINT FOR DAMAGES**

276.    The FEHA also provides remedies, including but not limited to, declaratory and injunctive relief. As such, Plaintiff is entitled to both declaratory and injunctive relief as a result of Defendants' unlawful conduct.

277.    Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

## XIII.

## THIRTEENTH CAUSE OF ACTION

### For Failure to Pay Overtime Wages

### [California Labor Code § 510 and IWC Wage Order No. 4]

### Against Defendant Scoobeez & DOES 1 Through 100, Only

278.    Plaintiff incorporates herein by reference each and every paragraph in this Complaint as though duly set forth in full herein.

279.    Plaintiff was an employee of Scoobeez beginning in or around August 2014, and worked as a Regional Operations Manager until his wrongful termination on or about February 13, 2017.

280.    Throughout Plaintiff's employment, Defendant Scoobeez failed to compensate Plaintiff with the true and/or correct and/or full amount of Plaintiff's earned overtime pay.

281.    Plaintiff was routinely ordered and/or directed to work overtime without adequate overtime compensation.

282.    Indeed, throughout Plaintiff's employment, Plaintiff routinely worked in excess of eight (8) hours per day and/or five (5) days per workweek, yet was still only compensated his regular hourly wages.

283.    At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated in California Labor Code § 510 et seq. and Industrial Welfare Commission ("IWC") Wage Order No. 4, Section 3(A), declares that eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.

284.    As a result of the aforesaid acts and conduct of Defendant Scoobeez, Plaintiff is entitled

COMPLAINT FOR DAMAGES

to recover in a civil action the unpaid balance of the overtime compensation, including interest, reasonable attorneys' fees, and fees pursuant to California Labor Code § 1194, which declares that notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest, reasonable attorneys' fees, and costs of suit.

285.    Plaintiff is entitled to reasonable attorney fees and court costs of said suit as specifically provided in California Labor Code §§ 218.5(a).

286.    The acts of Defendants and DOES 1 through 100, were willful, wanton, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of Defendant Scoobeez and DOES 1 through 100, and with the express knowledge, consent, and ratification of managerial agents and employees of Defendant Scoobeez and DOES 1 through 100, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial pursuant to California Civil Code § 3294(a) and (b).

287.    Defendants are liable for civil penalties pursuant to California Labor Code §§ 558 and 203, other applicable provisions of the Labor Code, and other applicable laws and regulations.

288.    Plaintiff is entitled to both declaratory and injunctive relief as a result of Defendant's unlawful conduct.

289.    Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

## XIV.

## FOURTEENTH CAUSE OF ACTION

### Failure to Provide Meal and Rest Periods

### [California Labor Code § 226.7, 512 and Wage Order No. 4]

### Against Defendant Scoobeez & DOES 1 Through 100, Only

290.    Plaintiff incorporates herein by reference and re-alleges each and every paragraph in this Complaint as though duly set forth in full herein.

291.    Plaintiff was an employee of Scoobeez beginning in or around August 2014, and worked

1  as a Regional Operations Manager until his wrongful termination on or about February 13, 2017.

2  292.    Throughout Plaintiff's employment, Defendant Scoobeez failed to provide Plaintiff with

3  all of his timely mandatory meal and rest periods as required by California law, including but not

4  limited to the following:

5      a)    On numerous occasions beginning during Plaintiff's employment and continuing

6      at least through on or about January 16, 2015, Defendants did not permit Plaintiff to take

7      a timely and proper uninterrupted lunch break in violation of California Labor Code §

8      512(a) and IWC Wage Order No. 4, Section 11(A).

9      b)    On numerous occasions, Defendants denied Plaintiff his lawfully provided proper

10      uninterrupted 10 minute break.

11  293.    At all times herein relevant, the public policy of the State of California, as codified,

12  expressed and mandated by California Labor Code § 512(a) and IWC Wage Order No. 4, Section

13  11(A) declares that an employer may not employ an employee for a work period of more than

14  five hours per day without providing the employee with a meal period of not less than 30

15  minutes, except that if the total work period per day of the employee is no more than six hours,

16  the period may be waived by mutual consent of both the employer and employee.

17  294.    At all times herein relevant, the public policy of the State of California, as codified,

18  expressed and mandated by IWC Wage Order No. 4, Section 11(A) also declares unless the

19  employee is relieved of all duty during his/her thirty minute meal period, the meal period shall be

20  considered an "on duty" meal period and counted as hours worked, which must be compensated

21  at the employee's regular rate of pay. An "on duty" meal period shall be permitted only when the

22  nature of the work prevents an employee from being relieved of all duty and when by written

23  agreement between the employer and employee an on-the-job paid meal period is agreed to.

24  295.    At all times herein relevant, the public policy of the State of California, as codified,

25  expressed and mandated by IWC Wage Order No. 4, Section 12(a) requires that every employer

26  shall authorize and permit all employees to take rest periods, which insofar as practicable shall

27  be in the middle of each work period. The authorized rest period time shall be based on the total

28  hours worked daily at the rate of ten minutes net rest time per four hours or major fraction

**COMPLAINT FOR DAMAGES**

1  thereof. Authorized rest period time shall be counted as hours worked for which there shall be no

2  deduction from wages.

3  296.    At all times herein relevant, the public policy of the State of California, as codified,

4  expressed and mandated by Labor Code § 226.7(a) declares that no employer shall require any

5  employee to work during any meal or rest period mandated by an applicable order of the IWC.

6  297.    Section § 226.7(b), IWC Wage Order No. 4, §§ 11(B), 12(B) declare that if an employer

7  fails to provide an employee a meal period or rest period in accordance with an applicable order

8  of the IWC, the employer shall pay the employee one additional hour of pay at the employee's

9  regular rate of compensation for each work day that the meal or rest period is not provided.

10  298.    As such, Plaintiff is entitled to one additional hour of pay at the employee's regular rate

11  of compensation for each work day that the meal or rest period was not provided.

12  299.    As a result of the acts of Defendant Scoobeez and DOES 1 through 100, and each of

13  them, Plaintiff is also entitled to compensation for each meal period where Plaintiff was "on

14  duty."

15  300.    Plaintiff is also entitled to any and all relief as provided for by Cal. Labor Code § 203.

16  301.    As a result of the retaliatory acts of Defendant Scoobeez and DOES 1 through 100, and

17  each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said

18  suit as specifically provided in California Code of Civil Procedure § 1021.5. Plaintiff's action

19  enforces important rights affecting the public interest by bringing forth this lawsuit to ensure

20  Defendant Scoobeez, as an employer, offers its employees meal and rest periods, thereby

21  conferring a significant benefit on the general public's health and well-being as a result. The

22  necessity and financial burden of this private enforcement, as well as the interest of justice,

23  entitles Plaintiff to reasonable attorneys' fees and costs under California Code of Civil Procedure

24  § 1021.5.

25  302.    The acts of Defendants and DOES 1 through 100, were willful, wanton, malicious,

26  intentional, oppressive and despicable and were done in willful and conscious disregard of the

27  rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of

28  Defendant Scoobeez and DOES 1 through 100, and with the express knowledge, consent, and

1  ratification of managerial agents and employees of Defendant Scoobeez and DOES 1 through

2  100, thereby justifying the awarding of punitive and exemplary damages in an amount to be

3  determined at the time of trial pursuant to California <u>Civil Code</u> § 3294(a) and (b).

4  Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

5  303.    Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

6                                        XV.

7                       **FIFTEENTH CAUSE OF ACTION**

8                 **For Violation of California Labor Code § 2802 et. seq.**

9              **Against Defendants Scoobeez & DOES 1 Through 100, Only**

10  304.    Plaintiff incorporates herein by reference each and every paragraph in this Complaint as

11  though duly set forth in full herein.

12  305.    Plaintiff was an employee of Scoobeez beginning in or around August 2014, and worked

13  as a Regional Operations Manager until his wrongful termination on or about February 13, 2017.

14  306.    Plaintiff incurred out-of-pocket work-related expenses as a direct consequence of the

15  discharge of Plaintiff's duties during the course of Plaintiff's employment with Scoobeez,

16  including but not limited to gas, mileage, and office supplies.

17  307.    However, Defendant Scoobeez failed and refused to reimburse Plaintiff for these work-

18  related expenses, expenditures, or losses incurred by Plaintiff in direct consequence of Plaintiff's

19  duties.

20

21  308.    As such, Defendant Scoobeez was in violation of California <u>Labor Code</u>  § 2802, which

22  declares:

23        (a) An employer shall indemnify his or her employee for all necessary
          expenditures or losses incurred by the employee in direct consequence of the
24        discharge of his or her duties, or of his or her obedience to the directions of the
          employer, even though unlawful, unless the employee, at the time of obeying the
25        directions, believed them to be unlawful.

26        (b) All awards made by a court or by the Division of Labor Standards
27        Enforcement for reimbursement of necessary expenditures under this section shall
          carry interest at the same rate as judgments in civil actions. Interest shall accrue
28        from the date on which the employee incurred the necessary expenditure or loss.

**COMPLAINT FOR DAMAGES**

(c) For purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section.

309. Despite Defendant Scoobeez' legal obligation to reimburse Plaintiff for the necessary expenditures incurred by Plaintiff in direct consequence of the discharge of Plaintiff's duties, Defendant Scoobeez failed to do so.

310. As such, Plaintiff is entitled to damages and awards, with interest, pursuant to Cal. Labor Code § 2802(b), (c), and as deemed appropriate by this Court.

311. By the aforesaid acts and conduct of Defendant Scoobeez and DOES 1 through 100, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code § 3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys' fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

312. As a result of the acts of Defendant Scoobeez and DOES 1 through 100, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided by Cal. Code of Civil Procedure § 1021.5. Plaintiff's action enforces important rights affecting the public interest by bringing forth this lawsuit to ensure Defendant Scoobeez, as a large employer, indemnifies its employees' expenses and losses in discharging their duties, thereby conferring a significant benefit on the general public. The necessity and financial burden of this private enforcement, as well as the interest of justice, entitles Plaintiff to reasonable attorneys' fees and costs under Cal. Code of Civil Procedure § 1021.5.

313. Plaintiff has been generally damaged in an amount within the jurisdictional limits of this court.

///

///

///

COMPLAINT FOR DAMAGES

## XVI.

### SIXTEENTH CAUSE OF ACTION

#### Failure to Pay Wages

#### [California Labor Code § 201]

#### Against Defendants Scoobeez & DOES 1 Through 100, Only

314.    Plaintiff incorporates herein by reference each and every paragraph in this Complaint as though duly set forth in full herein.

315.    Plaintiff was an employee of Scoobeez beginning in or around August 2014, and worked as a Regional Operations Manager until his wrongful termination on or about February 13, 2017.

316.    Defendant failed to properly compensate Plaintiff for meal/rest break violations, including penalties, overtime performed, or for reimbursements.

317.    Scoobeez' violation of this Labor Code was intentional.

318.    As a direct result of the conduct, act and omissions of Defendant Scoobeez and DOES 1 through 100, and each of them, Plaintiff has been harmed and damaged in an amount to be shown at the time of trial, together with prejudgment interest thereon from the time owed until paid, all within an amount within the jurisdictional limits of this Court.

319.    Plaintiff is entitled to all penalties provided by California Labor Code § 203, among others.

320.    The acts of Defendant Scoobeez and DOES 1 through 100, were willful, wanton, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of Defendant Scoobeez and DOES 1 through 100, and with the express knowledge, consent, and ratification of managerial agents and employees of Defendant Scoobeez and DOES 1 through 100, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial pursuant to California Civil Code § 3294(a) and (b).

321.    As a result of the unlawful acts of Defendants and DOES 1 through 100, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in Cal. C.C.P. § 1021.5. Plaintiff's action enforces important rights

affecting the public interest by bringing forth this lawsuit to ensure Defendants refrain from failing to properly compensate their employees, thereby conferring a significant benefit on the general public's health and well-being as a result. The necessity and financial burden of this private enforcement, as well as the interest of justice, entitles Plaintiff to reasonable attorneys' fees and costs under Cal. C.C.P. § 1021.5.

322.    Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

<div align="center">

**XVII.**

**SEVENTEENTH CAUSE OF ACTION**

**Failure to Compensate Employee**

**[California Labor Code § 2926]**

**Against Defendants Scoobeez & DOES 1 Through 100, Only**

</div>

323.    Plaintiff incorporates herein by reference each and every paragraph in this Complaint as though duly set forth in full herein.

324.    Plaintiff was an employee of Scoobeez beginning in or around August 2014, and worked as a Regional Operations Manager until his wrongful termination on or about February 13, 2017.

325.    Defendant failed to properly compensate Plaintiff for meal/rest break violations, including penalties, overtime performed, or for reimbursements.

326.    Scoobeez' violation of this Labor Code was intentional.

327.    As a direct result of the conduct, act and omissions of Defendant Scoobeez and DOES 1 through 100, and each of them, Plaintiff has been harmed and damaged in an amount to be shown at the time of trial, together with prejudgment interest thereon from the time owed until paid, all within an amount within the jurisdictional limits of this Court.

328.    Plaintiff is entitled to all penalties provided by California Labor Code §§ 203 and 2926, among others.

329.    The acts of Defendant Scoobeez and DOES 1 through 100, were willful, wanton, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of Defendant Scoobeez and DOES 1 through 100, and with the express knowledge,

<div align="center">

65

**COMPLAINT FOR DAMAGES**

</div>

consent, and ratification of managerial agents and employees of Defendant Scoobeez and DOES 1 through 100, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial pursuant to California Civil Code § 3294(a) and (b).

330.    As a result of the unlawful acts of Defendants and DOES 1 through 100, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in Cal. C.C.P. § 1021.5. Plaintiff's action enforces important rights affecting the public interest by bringing forth this lawsuit to ensure Defendants refrain from failing to properly compensate their employees, thereby conferring a significant benefit on the general public's health and well-being as a result. The necessity and financial burden of this private enforcement, as well as the interest of justice, entitles Plaintiff to reasonable attorneys' fees and costs under Cal. C.C.P. § 1021.5.

331.    Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

## VIII.

## EIGHTEENTH CAUSE OF ACTION

### For Violation of California Business & Professions Code §§ 17200 et seq.

### Against Defendants Scoobeez & DOES 1 Through 100, Only

332.    Plaintiff incorporates herein by reference and re-alleges each and every paragraph in this Complaint as though duly set forth in full herein.

333.    Defendant Scoobeez engaged in unfair, unlawful, fraudulent, deceptive, untrue, and/or misleading business practices through the following, among others:

a)    As aforesaid, Defendant Scoobeez failed to provide Plaintiff with all of his mandatory meal and/or rest periods as required by California law. Said conduct was in violation of Cal. Labor Code §§ 226.7 and 512 and IWC Wage Order No.4. §§ 11, 12.

b)    Additionally, as aforesaid, Defendant Scoobeez failed to compensate Plaintiff with the true and/or correct and/or full amount of his earned overtime pay. Said conduct was in violation of Cal. Labor Code § 510 and IWC Wage Order No.4. §§ 11.

c)    As aforesaid, Defendant Scoobeez failed to lawfully provide reimbursements to Plaintiff, in violation of California Labor Code § 2802.

**COMPLAINT FOR DAMAGES**

d)      As aforesaid, Defendant Scoobeez failed to lawfully provide wages to Plaintiff, in violation of California Labor Code § 201.

e)      As aforesaid, Defendant Scoobeez failed to lawfully provide wages to Plaintiff, in violation of California Labor Code § 2926.

f)      As aforesaid, Defendant Scoobeez wrongfully terminated Plaintiff to avoid paying him wages.

334.    Through the aforementioned acts, Defendant Scoobeez engaged in unfair, unlawful, fraudulent, deceptive, untrue, and/or misleading business practices in direct violation of California Bus. & Prof. Code § 17200, which prohibits conducting such business.

335.    Defendant Scoobeez' willful and/or reckless conduct constituted unfair business practices and acts because the harm to the general public outweighed any utility that its conduct may have produced.

336.    As a direct result of the conduct, act and omissions of Defendant Scoobeez and DOES 1 through 100, and each of them, Plaintiff has been harmed and damaged in an amount to be shown at the time of trial, together with prejudgment interest thereon from the time owed until paid, all within an amount within the jurisdictional limits of this Court.

337.    Plaintiff is also entitled to all penalties provided by Cal. Bus. & Prof. Code § 17206.

338.    Additionally, Cal. Bus. & Prof. Code § 17205 declares, unless otherwise expressly provided, the remedies or penalties provided by this chapter are cumulative to each other and to the remedies or penalties available under all other laws of this state.

339.    As a result of the retaliatory acts of Defendant Scoobeez and DOES 1 through 100, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Code of Civil Procedure § 1021.5. Plaintiff's action enforces important rights affecting the public interest by bringing forth this lawsuit to ensure Defendant Scoobeez, as an employer, does not engage in unfair business practices, thereby conferring a significant benefit on the general public's health and well-being as a result. The necessity and financial burden of this private enforcement, as well as the interest of justice, entitles Plaintiff to reasonable attorneys' fees and costs under California Code of Civil Procedure

**COMPLAINT FOR DAMAGES**

1  § 1021.5.

2  340.    The acts of Defendants and DOES 1 through 100, were willful, wanton, malicious,

3  intentional, oppressive and despicable and were done in willful and conscious disregard of the

4  rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of

5  Defendant Scoobeez and DOES 1 through 100, and with the express knowledge, consent, and

6  ratification of managerial agents and employees of Defendant Scoobeez and DOES 1 through

7  100, thereby justifying the awarding of punitive and exemplary damages in an amount to be

8  determined at the time of trial pursuant to California Civil Code § 3294(a) and (b).

9  341.    Plaintiff is entitled to both declaratory and injunctive relief as a result of Defendants'

10  unlawful conduct.

11      Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

12  <div align="center">XIX.</div>

13  <div align="center">NINETEENTH CAUSE OF ACTION</div>

14  <div align="center">For Whistleblower Violations</div>

15  <div align="center">[California Labor Code § 1102.5]</div>

16  <div align="center">Against Defendants Scoobeez & DOES 1 Through 100, Only</div>

17  342.    Plaintiff incorporates herein by reference each and every paragraph in this Complaint as

18  though duly set forth in full herein.

19  343.    Plaintiff was an employee of Scoobeez beginning in or around August 2014, and worked

20  as a Regional Operations Manager until his wrongful termination on or about February 13, 2017.

21  344.    Defendants retaliated against Plaintiff for blowing the whistle/complaining

22  about/protesting against its unlawful activities, including but not limited to race/national origin,

23  sex/gender, and disability harassment discrimination, and retaliation, and wage and hour

24  violations, where Plaintiff had reasonable cause to believe Plaintiff's employer was violating the

25  law.

26  345.    It is a violation of the California whistleblower statute, Cal. Labor Code § 1102.5, and

27  public policy to unlawfully retaliate/punish/discharge or deny opportunities to an employee for

28  refusing to violate the law and/or for protesting unlawful activities to a government agency or

his/her employer.

346.    Plaintiff was a whistleblower pursuant to Cal. Labor Code § 1102.5, as Plaintiff engaged in the following protected activities, among others:

a)    Plaintiff continuously complained to Management that he was not being provided proper meal and rest periods.

b)    Plaintiff continuously complained to Management that he was not being provided proper overtime compensation.

c)    Plaintiff continuously complained to Management that he was not being provided proper compensation, including for reimbursements.

d)    Plaintiff complained to his Managers regarding the aforementioned harassment, discrimination, and retaliation.

347.    However, as a direct result of Plaintiff engaging in legally protected activity and complaining about and protesting against the aforesaid violations of law (or Plaintiff's reasonable belief that laws were being violated), Defendants retaliated against Plaintiff through the following, among others:

a)    Plaintiff was treated differently, disparately, and negatively because of his complaints, including but not limited to Defendants harassing Plaintiff (as aforesaid), failing to initiate and thereafter participate in the mandatory good-faith interactive process to determine the nature and extent of Plaintiff's disabilities and determine whether reasonable accommodations were possible, failing to provide Plaintiff reasonable accommodations, denying Plaintiff opportunities, unfairly disciplining Plaintiff, overly monitoring and scrutinizing Plaintiff, denying Plaintiff benefits, wrongfully terminating Plaintiff, and refusing to return Plaintiff back to Plaintiff's former position or offer Plaintiff employment in any capacity, and failing to rehire Plaintiff.

b)    Plaintiff notified his supervisors, including Defendant Mr. Ohanessian, in mid-2016 that he suffered from and was diagnosed with anxiety and depression.

c)    However, immediately subsequently, Defendant Mr. Ohanessian refused to offer any type of accommodation and persuaded Plaintiff to not see a doctor.

**COMPLAINT FOR DAMAGES**

d)      Thereafter, during the course of the following approximately three to four months, Defendant Mr. Ohanessian directed harassing and discriminatory conduct toward Plaintiff on a routine basis. For example, Mr. Ohanessian routinely accused Plaintiff of being on drugs and frequently asked what drugs Plaintiff was using.

e)      Defendant Mr. Ohanessian would further constantly disparage his employees in the presence of Plaintiff, referring to them as "those Arabs" or "those Muslims" when expressing frustration with delays, or simply to criticize his employees.

f)      Defendant Ms. Ohanessian regularly ridiculed Plaintiff by telling him, "The women were in power," that the company needed "a woman's touch," that he should hire women and not hire men because "they could do better than men," and that "women were more powerful."

g)      In direct response to Plaintiff notifying Scoobeez of his disabilities and requesting accommodations, Mr. Ohanessian substantially reduced Plaintiff's work responsibilities as a biased personnel management decision.

h)      On or around January 2017, Plaintiff requested and took medically protected leave due to his disabilities. However, immediately following, Defendant Mr. Ohanessian unlawfully retaliated against Plaintiff by wrongfully terminating him on or around February 13, 2017, in extremely close proximity

i)      As such, Plaintiff was wrongfully terminated due to his complaints on or about February 13, 2017.

j)      At least through January 30, 2018, and continuing, Defendants failed and/or refused to rehire/reinstate Plaintiff and/or offer Plaintiff employment in any capacity or investigate Plaintiff's complaints and take appropriate remedial actions.

k)      Accordingly, Defendants Scoobeez had and maintained a policy and/or practice which prevented/prevents Plaintiff and other employees from complaining about and/or protesting against his/her employer's violation(s) of law to a government agency, or reasonable belief that a law(s) is being violated.

348.    California Labor Code § 1102.5 declares:

(a) An employer, or any person acting on behalf of the employer, shall not make, adopt, or enforce any rule, regulation, or policy preventing an employee from disclosing information to a government or law enforcement agency, to a person with authority over the employee, or to another employee who has authority to investigate, discover, or correct the violation or noncompliance, or from providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

(b) An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

(c) An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation.

349.    Defendants Scoobeez violated Cal. Labor Code § 1102.5(a) as it made, adopted, and enforced rules, regulation and policies preventing Plaintiff from disclosing information to government and law enforcement agencies or a person with authority over Plaintiff and/or authority to investigate, discover, investigate, or correct the violation, where Plaintiff had reasonable cause to believe Plaintiff's employer was violating the law.

350.    Defendants Scoobeez violated Cal. Labor Code § 1102.5(b) as it retaliated against Plaintiff for protesting Defendants' unlawful actions, and/or because Defendant Scoobeez felt Plaintiff may protest, to a government or law enforcement agency or to a person with authority over the employee and/or authority to investigate, discover, investigate, or correct the violation.

351.    Plaintiff was retaliated against through the aforesaid acts by Defendants Scoobeez, at least in part, because of Plaintiff's refusal to participate in an activity that would result in a violation of state or federal statutes (or Plaintiff reasonably believed to be in violation).

**COMPLAINT FOR DAMAGES**

1   Defendants Scoobeez were thus in violation of Cal. Labor Code § 1102.5(c).

2   352.    When Plaintiff was subjected to the adverse employment actions identified above,

3   Defendants Scoobeez, and DOES 1 through 100, and each of them, were substantially motivated

4   by Plaintiff's complaints of violations of state and/or federal law (or Plaintiff's reasonable belief

5   that a law(s) was being violated), and said complaints were substantial motivating factors and/or

6   reasons in the decision to subject Plaintiff to the aforesaid retaliatory, adverse employment

7   actions, in violation of California Labor Code § 1102.5.

8   353.    As a direct and legal result of the acts and omissions of Defendants and DOES 1 through

9   100, and each of them, Plaintiff was rendered sick, sore, lame, disabled and/or disordered, both

10  internally and/or externally, and suffered, among other things, emotional distress, including but

11  not limited to shock, pain, discomfort and/or anxiety.

12  354.    As a further legal result of the acts and omissions of Defendants Scoobeez, and DOES 1

13  through 100, and each of them, Plaintiff has been forced to incur expenses for medical care, X-

14  rays, and/or laboratory costs during the period of Plaintiff's disability, and is informed and

15  believes, and/or thereon alleges, that Plaintiff will in the future be forced to incur additional

16  expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray

17  leave of court to show the exact amount of said expenses at the time of trial.

18  355.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since

19  said incidents has been unable to engage fully in Plaintiff's occupation, and/or is informed and

20  believes, and thereon alleges, that Plaintiff will be partially and/or fully incapacitated and/or

21  unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to

22  Plaintiff's damages in an amount which is at present unascertained. Plaintiff will pray leave of

23  court to show the total amount of loss of earnings at the time of trial.

24  356.    As a further direct and legal result of the acts of Defendants Scoobeez, and DOES 1

25  through 100, Plaintiff has been caused, and did suffer, and continues to suffer severe and/or

26  permanent emotional and/or mental distress and anguish, humiliation, embarrassment, fright,

27  shock, pain, discomfort and/or anxiety. The exact nature and extent of said injuries is presently

28  unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

**COMPLAINT FOR DAMAGES**

357.    The aforementioned acts of Defendants and DOES 1 through 100, and each of them, were willful, wanton, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of Defendants, and with the express knowledge, consent, and ratification of managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial pursuant to Cal. Civil Code § 3294(a) and (b).

358.    Plaintiff is entitled to a civil penalty up to ten thousand dollars ($10,000) for each violation of Cal. Lab. Code § 1102.5.

359.    By the acts and conduct of aforesaid Defendants Scoobeez, and DOES 1 through 100, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code § 3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys' fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

360.    As a result of the unlawful acts of Defendants and DOES 1 through 100, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in Cal. C.C.P. § 1021.5. Plaintiff's action enforces important rights affecting the public interest by bringing forth this lawsuit to ensure Defendants refrain from unlawfully retaliating against employees for blowing the whistle, thereby conferring a significant benefit on the general public's health and well-being as a result. The necessity and financial burden of this private enforcement, as well as the interest of justice, entitles Plaintiff to reasonable attorneys' fees and costs under Cal. C.C.P. § 1021.5.

361.    Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

///

///

///

///

## XX.

### TWENTIETH CAUSE OF ACTION

#### For Intentional Infliction of Emotional Distress

#### Against All Defendants & DOES 1 Through 100, Inclusive

362.    Plaintiff incorporates herein by reference and re-alleges each and every paragraph in this Complaint as though duly set forth in full herein.

363.    The aforesaid conduct of Defendants, and each of them, was so extreme and outrageous as to exceed all bounds of that usually tolerated in a civilized society, and intended to cause and actually did cause Plaintiff to suffer severe emotional distress.

364.    Defendants, and each of them, intended to cause and did cause Plaintiff severe emotional distress, as a result of the aforesaid unlawful conduct.

365.    Plaintiff did not consent to Defendants' conduct, as herein alleged, and said conduct was unprivileged. Defendants' conduct caused Plaintiff to suffer severe emotional distress.

366.    Defendants' conduct continues to cause Plaintiff to suffer severe emotional distress.

367.    Further, at all times relevant herein, individual Defendants were agents/employees of Defendant Scoobeez, and in doing the acts alleged herein, were acting within the course and scope of their employment with Defendant Scoobeez.

368.    As a direct and legal result of the acts and omissions of Defendants and DOES 1 through 100, and each of them, Plaintiff was rendered sick, sore, lame, disabled and/or disordered, both internally and/or externally, and suffered, among other things, emotional distress, including but not limited to shock, pain, discomfort and/or anxiety.

369.    As a further legal result of the acts and omissions of Defendants Scoobeez, and DOES 1 through 100, and each of them, Plaintiff has been forced to incur expenses for medical care, X-rays, and/or laboratory costs during the period of Plaintiff's disability, and is informed and believes, and/or thereon alleges, that Plaintiff will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

370.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since

**COMPLAINT FOR DAMAGES**

1    said incidents has been unable to engage fully in Plaintiff's occupation, and/or is informed and

2    believes, and thereon alleges, that Plaintiff will be partially and/or fully incapacitated and/or

3    unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to

4    Plaintiff's damages in an amount which is at present unascertained. Plaintiff will pray leave of

5    court to show the total amount of loss of earnings at the time of trial.

6    371.    As a further direct and legal result of the acts of Defendants Scoobeez, and DOES 1

7    through 100, Plaintiff has been caused, and did suffer, and continues to suffer severe and/or

8    permanent emotional and/or mental distress and anguish, humiliation, embarrassment, fright,

9    shock, pain, discomfort and/or anxiety. The exact nature and extent of said injuries is presently

10   unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

11   372.    The aforementioned acts of Defendants and DOES 1 through 100, and each of them, were

12   willful, wanton, malicious, intentional, oppressive and despicable and were done in willful and

13   conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial

14   agents and employees of Defendants, and with the express knowledge, consent, and ratification

15   of managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying

16   the awarding of punitive and exemplary damages in an amount to be determined at the time of

17   trial pursuant to Cal. Civil Code § 3294(a) and (b).

18   373.    By the aforesaid acts and conduct of Defendants and DOES 1 through 100, and each of

19   them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to

20   California Civil Code § 3333 including, but not limited to, loss of earnings and future earning

21   capacity, medical and related expenses for care and procedures both now and in the future,

22   attorneys' fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek

23   leave of court to amend when ascertained.

24   374.    As a result of the unlawful acts of Defendants and DOES 1 through 100, and each of

25   them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as

26   specifically provided in Cal. C.C.P. § 1021.5. Plaintiff's action enforces important rights

27   affecting the public interest by bringing forth this lawsuit to ensure Defendants refrain from

28   intentionally inflicting emotional distress on others (employees/coworkers), thereby conferring a

**COMPLAINT FOR DAMAGES**

significant benefit on the general public's health and well-being as a result. The necessity and financial burden of this private enforcement, as well as the interest of justice, entitles Plaintiff to reasonable attorneys' fees and costs under Cal. C.C.P. § 1021.5.

375.    Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

## XXI.

## TWENTY-FIRST CAUSE OF ACTION

### For Retaliation and Wrongful Termination in Violation of Public Policy

### Against Defendant Scoobeez & DOES 1 Through 100

376.    Plaintiff incorporates herein by reference and re-alleges each and every paragraph in this Complaint as though duly set forth in full herein.

377.    Plaintiff was an employee of Scoobeez beginning in or around August 2014, and worked as a Regional Operations Manager until his wrongful termination on or about February 13, 2017.

378.    Plaintiff was retaliated and wrongfully terminated from Plaintiff's employment on or about February 13, 2017 due to Plaintiff's race/national origin, actual/perceived disability, sex/gender, and association with protected classes, and/or his aforesaid legally protected activities (blowing the whistle, complaints/protests against the harassment and discrimination, taking/requesting CFRA leave, complaints of business professional code violations, complaints of wage and hour violations, due to his protesting/requesting his proper meal and rest periods and reimbursements, among others) as aforesaid.

379.    As such, Plaintiff was retaliated and discharged from Plaintiff's employment for reasons that violate a public policy(s).

380.    At all times relevant herein, Plaintiff was employed by Defendant Scoobeez.

381.    As alleged herein, Defendant Scoobeez discharged Plaintiff from Plaintiff's employment.

382.    Plaintiff's wrongful discharge caused and continues to cause Plaintiff harm.

383.    At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated by California Government Code §§ 12920 and 12940 et seq., was to prohibit employers from harassing, discriminating, and retaliating against and/or wrongfully terminating any individual on the grounds of their race/national origin, actual/perceived

**COMPLAINT FOR DAMAGES**

disability, sex/gender, and association with individuals of a certain protected classes. This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large. The policy inures to the benefit of the public and is fundamental and substantial.

384.    At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated by California Government Code § 12940 et. seq., was to prohibit employers from failing to engage in the mandatory good-faith interactive process with disabled employees to determine the extent of their disabilities and determine how they could be reasonably accommodated. This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large. The policy inures to the benefit of the public and is fundamental and substantial.

385.    At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated by California Government Code § 12940 et. seq., was to prohibit employers from failing to provide reasonable accommodations to disabled employees. This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large. The policy inures to the benefit of the public and is fundamental and substantial.

386.    At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated by California Government Code § 12945 et. seq., was to prohibit employers from failing to provide medical leave to disabled employees and to prohibit employees from retaliating against an employee for taking extended medical leave. This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large. The policy inures to the benefit of the public and is fundamental and substantial.

387.    At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated by California Labor Code § 1102.5 prohibited discrimination and/or retaliation against employees blowing the whistle about their employers' unlawful activities. This public policy of the State of California is designed to protect all employees and to promote

1  the welfare and well-being of the community at large.

2  388.    At all times herein mentioned, the public policy of the State of California, as codified,

3  expressed and mandated by California Civil Code § 1750 prohibited unfair or deceptive business

4  practices and/or retaliation against employees blowing the whistle regarding violations of the

5  aforesaid. This public policy of the State of California is designed to protect all employees and to

6  promote the welfare and well-being of the community at large.

7  389.    At all times herein mentioned, the public policy of the State of California, as codified,

8  expressed and mandated by California Labor Code §§ 226.7 and 512, and IWC Wage Order

9  Number 4, among others, was to prohibit employers from failing of to provide their employees

10  with proper and timely meal and rest periods. This public policy of the State of California is

11  designed to protect all employees and to promote the welfare and well-being of the community at

12  large.

13  390.    At all times herein mentioned, the public policy of the State of California, as codified,

14  expressed and mandated by California Labor Code § 510 and IWC Wage Order Number 4,

15  among others, was to prohibit employers from failing to provide their employees with

16  compensation for overtime. This public policy of the State of California is designed to protect all

17  employees and to promote the welfare and well-being of the community at large.

18  391.    At all times herein mentioned, the public policy of the State of California, as codified,

19  expressed and mandated by California Labor Code §§ 201 and 2926, among others, was to

20  prohibit employers from failing to provide swift payment to their employees, including minimum

21  wage, and/or terminating employees to avoid paying them wages. This public policy of the State

22  of California is designed to protect all employees and to promote the welfare and well-being of

23  the community at large.

24  392.    At all times herein mentioned, the public policy of the State of California, as codified,

25  expressed and mandated by California Labor Code § 2802 et. sec., among others, was to prohibit

26  employers from failing to reimburse employees for out-of-pocket work-related expenses as a

27  direct consequence of the discharge of the employee's duties. This public policy of the State of

28  California is designed to protect all employees and to promote the welfare and well-being of the

**COMPLAINT FOR DAMAGES**

# EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GOVERNOR EDMUND G. BROWN JR.

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

DIRECTOR KEVIN KISH

August 02, 2017

RE:  **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 833566-303806
Right to Sue: Baban / Scoobeez

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

**No response to DFEH is requested or required.**

Sincerely,

Department of Fair Employment and Housing

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

## BEFORE THE STATE OF CALIFORNIA

## DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

In the Matter of the Complaint of                    DFEH No. 833566-303806
Azad Baban, Complainant.
C O Reisner And King 14724 Ventura Blvd
Ste 1210
Sherman Oaks,  California  91403

vs.

 Scoobeez, Respondent.
396 S. Pasadena Ave
Pasadena, California 91105

Complainant alleges:

1. Respondent Scoobeez is a **Private Employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.). Complainant believes respondent is subject to the FEHA.

2. On or around **February 03, 2017**, complainant alleges that respondent took the following adverse actions against complainant: **Discrimination, Harassment, Retaliation Asked impermissible non-job-related questions, Demoted, Denied a good faith interactive process, Denied a work environment free of discrimination and/or retaliation, Denied employment, Denied equal pay, Denied family care or medical leave, Denied or forced to transfer, Denied promotion, Denied reasonable accommodation, Denied reinstatement, Terminated, Other, unjust discipline, failure to adjust pro rata for medical leave and disability, exacerbation of medical condition from failure to accommodate, disability, sex/gender, race/national origin, CFRA, discrimination, harassment and retaliation, whistleblower, and for protesting and complaining, unsafe workplace, no good faith interactive process, no accommodations, and retaliation and wrongful termination, whistleblower, wage and overtime, misclassification, and 2802 violations..** Complainant believes respondent committed these actions because of their: **Ancestry, Association with a member of a protected class, Color, Disability, Engagement in Protected Activity,**

DFEH 902-1

Date Filed: August 02, 2017

**Family Care or Medical Leave, Medical Condition - Including cancer or cancer related medical condition or genetic characteristics, National Origin - Including language use restrictions, Race, Sex - Gender, Other disability, sex/gender, race/national origin, CFRA,   discrimination, harassment and retaliation, whistleblower, and for protesting and complaining, unsafe workplace, no good faith interactive process, no accommodations, and retaliation and wrongful termination, whistleblower, wage and overtime, misclassification, and 2802.**

3. Complainant **Azad Baban** resides in the City of **Sherman Oaks**, State of **California**.  If complaint includes co-respondents please see below.

1

2    **Co-Respondents:**

3      Shahan Ohanessian
       396 S. Pasadena Ave
4      Pasadena  California 91105

5

6      Shoushan Ohanessian
       396 S. Pasadena Ave
7      Pasadena  California 91105

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

                              *Complaint ± DFEH No. 833566-303806*

Date Filed: August 02, 2017

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

**Additional Complaint Details:**

I was harassed, discriminated and retaliated against and wrongfully terminated due to my disability, sex/gender, race/national origin, CFRA, discrimination, harassment and retaliation, whistleblower, and for protesting and complaining, unsafe workplace, My employer failed to engage in the mandatory good faith interactive process, failed to accommodate, and subjected me to retaliation and wrongful termination, whistleblower, wage and overtime, misclassification, and 2802 unjust discipline, failed to adjust goals pro rata to account for disability and medical leave. My employer failed to investigate and take appropriate remedial action. After informing my employer of my disability, my hours and work was decreased. I was falsely accused of going to strip clubs and dating in Texas, demeaned and called names.

VERIFICATION

I, **Adam Reisner**, am the Attorney for Complainant in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof.  The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On August 02, 2017, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Sherman Oaks, California**
**Adam Reisner**

-9-

*Complaint ± DFEH No. 833566-303806*

DFEH 902-1

Date Filed: August 02, 2017

# EXHIBIT B



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

August 02, 2017

Azad Baban
C O Reisner And King 14724 Ventura Blvd Ste 1210
Sherman Oaks, California 91403

RE:  **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 833566-303806
Right to Sue: Baban / Scoobeez

Dear Azad Baban,

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective August
02, 2017 because an immediate Right to Sue notice was requested. DFEH will take no
further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency        GOVERNOR EDMUND G. BROWN JR.

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov ! email: contact.center@dfeh.ca.gov

DIRECTOR KEVIN KISH

Enclosures

cc:  Shahan Ohanessian

Shoushan Ohanessian

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE - IC

Case Number _____

*BC692250*

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Debre K. Weintraub | 1 | 534 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Barbara A. Meiers | 12 | 636 | Hon. Deirdre Hill | 49 | 509 |
| Hon. Terry A. Green | 14 | 300 | Hon. Teresa A. Beaudet | 50 | 508 |
| Hon. Richard Fruin | 15 | 307 | Hon. Michael J. Raphael | 51 | 511 |
| Hon. Rita Miller | 16 | 306 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Howard L. Halm | 53 | 513 |
| Hon. Stephanie Bowick | 19 | 311 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Dalila Corral Lyons | 20 | 310 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Michael Johnson | 56 | 514 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. John P. Doyle | 58 | 516 |
| Hon. Barbara Scheper | 30 | 400 | Hon. Gregory Keosian | 61 | 732 |
| Hon. Samantha Jessner | 31 | 407 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Daniel S. Murphy | 32 | 406 | Hon. Mark Mooney | 68 | 617 |
| Hon. Michael P. Linfield | 34 | 408 | Hon. William F. Fahey | 69 | 621 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Monica Bachner | 71 | 729 |
| Hon. Marc Marmaro | 37 | 413 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. Rafael Ongkeko | 73 | 733 |
| Hon. Elizabeth Feffer | 39 | 415 | Hon. Michelle Williams Court | 74 | 735 |
| Hon. David Sotelo | 40 | 414 | Hon. Gail Ruderman Feuer | 78 | 730 |
| Hon. Holly E. Kendig | 42 | 416 | | | |
| Hon. Mel Red Recana | 45 | 529 | | | |
| Hon. Frederick C. Shaller | 46 | 500 | | | |
| Hon. Randolph Hammock | 47 | 507 | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____

(Date)

SHERRI R. CARTER, Executive Officer/Clerk of Court

By _____ , Deputy Clerk

### NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association
Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

LACIV 230 (NEW)
LASC Approved 4-11

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:        FAX NO. (Optional)
E-MAIL ADDRESS (Optional)
ATTORNEY FOR (Name)

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS

PLAINTIFF.

DEFENDANT.

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

       i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

       ii. Include a brief summary of the dispute and specify the relief requested; and

       iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

       i. Also be filed on the approved form (copy attached);

       ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

     iii.    Be filed within two (2) court days of receipt of the Request; and

     iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c. No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d. If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e. If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE | | CASE NUMBER. |
|---|---|---|
| | | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO :
E-MAIL ADDRESS (Optional)          FAX NO  (Optional):
ATTORNEY FOR (Name)

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS

PLAINTIFF

DEFENDANT.

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1.  The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a.  Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b.  Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c.  Exchange of names and contact information of witnesses;

    d.  Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e.  Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f.  Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g.  Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE | CASE NUMBER. |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.   Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
         (INSERT DATE)                                      (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*").

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____
          (TYPE OR PRINT NAME)

Date:

_____
          (TYPE OR PRINT NAME)

Date:

_____
          (TYPE OR PRINT NAME)

Date:

_____
          (TYPE OR PRINT NAME)

Date:

_____
          (TYPE OR PRINT NAME)

Date:

_____
          (TYPE OR PRINT NAME)

Date:

_____
          (TYPE OR PRINT NAME)

➢   _____
          (ATTORNEY FOR PLAINTIFF)

➢   _____
          (ATTORNEY FOR DEFENDANT)

➢   _____
          (ATTORNEY FOR DEFENDANT)

➢   _____
          (ATTORNEY FOR DEFENDANT)

➢   _____
          (ATTORNEY FOR _____)

➢   _____
          (ATTORNEY FOR _____)

➢   _____
          (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO :
E-MAIL ADDRESS (Optional):                    FAX NO. (Optional).
ATTORNEY FOR (Name)

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS

PLAINTIFF.

DEFENDANT

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request)

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, _briefly_ describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, _briefly_ describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.
E-MAIL ADDRESS (Optional)        FAX NO (Optional)
ATTORNEY FOR (Name)

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS

PLAINTIFF

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.

There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**Advantages of ADR**

- Often faster than going to trial
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

**Disadvantages of ADR** - ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR**

- **Mediation**

  In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

  - **Mediation is particularly effective** when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

  - **Mediation may not be effective** when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

- **Arbitration**

  In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

  Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

- **Mandatory Settlement Conference (MSC)**

  **Settlement Conferences are appropriate in any case where settlement is an option.** Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

  The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

  In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program. Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

## Additional Information

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at
http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

# EXHIBIT 2

# EXHIBIT 2

THE SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

**Home**   **Online Services**   **Forms, Filings & Files**   **Self-Help**   **Divisions**   **Jury**   **General Info**
Pay Fines, Search Records...   Forms, Filing Fees...   Self-Rep, Info, FAQs...   Civil, Criminal, Family...   Jury Duty Portal, Q&A...   Courthouses, ADA ...

ONLINE SERVICES

# Case Access



LANGUAGE ACCESS

English ▼

[ PRINT ]   [ NEW SEARCH ]

## CASE INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Case Number:**  BC692250
AZAD BABAN VS SCOOBEEZ INC ET AL

**Filing Courthouse:**  Stanley Mosk Courthouse

**Filing Date:**  01/30/2018
**Case Type:**  Wrongful Termination (General Jurisdiction)
**Status:**  Pending

Click here to access document images for this case
If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page

## FUTURE HEARINGS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**09/30/2019** at 08:30 AM in Department 62 at 111 North Hill Street, Los Angeles, CA 90012
Status Conference Re: Bankruptcy

## PARTY INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

BABAN AZAD - Plaintiff

OHANESSIAN SHAHAN - Defendant

OHANESSIAN SHOUSHAN - Defendant

REISNER ADAM - Attorney for Plaintiff

SCOOBEEZ INC. - Defendant

SHEIKH SCOTT A. - Attorney for Defendant

TELLO GUILLERMO M. - Attorney for Defendant

**DOCUMENTS FILED**

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Documents Filed (Filing dates listed in descending order)**

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:

07/11/2018

**05/07/2019** Minute Order ( (Hearing on Ex Parte Application FOR AN ORDER: STRIKING DEFEN...))
Filed by Clerk

**05/07/2019** Opposition (to Ex Parte Motion to Strike)
Filed by Scoobeez, Inc. (Defendant)

**05/06/2019** Notice of Stay of Proceedings (Bankruptcy)
Filed by Scoobeez, Inc. (Defendant)

**05/06/2019** Ex Parte Application (PLAINTIFF?S NOTICE OF EX PARTE AND EX PARTE APPLICATION FOR AN ORDER: STRIKING DEFENDANT
SCOOBEEZ, INC., SHAHAN OHANESSIAN, SHOUSHAN OHANESSIAN?S MOTION FOR SUMMARY JUDGMENT/ADJUDICATING THE HEARING ON
DEFENDANTS? MOTION FOR SUMMARY JUDGEMENT/ADJUDICATION)
Filed by Azad Baban (Plaintiff)

**03/29/2019** Minute Order ( (Hearing on Ex Parte Application FOR AN ORDER COMPELLING THE ...))
Filed by Clerk

**03/28/2019** Motion to Compel Discovery (not Further Discovery) - 1 moving party, 1 motion
Filed by Azad Baban (Plaintiff)

**03/28/2019** Ex Parte Application (PLAINTIFF?S NOTICE OF EX PARTE AND EX PARTE APPLICATION FOR AN ORDER COMPELLING THE NOTICED
DEPOSITIONS)
Filed by Azad Baban (Plaintiff)

**03/22/2019** Minute Order ( (Hearing on Ex Parte Application Continuing defendants' MSJ))
Filed by Clerk

**03/21/2019** Ex Parte Application (Tto Continue the Trial Date, or, In the Alternative for an Order Shortening ime for Such a Motion to be Heard;
Memorandum of Points and Authorities; Declaration of Maryam Maleki)
Filed by Azad Baban (Plaintiff)

**02/21/2019** Substitution of Attorney
Filed by Scoobeez, Inc. (Defendant)

**01/16/2019** Minute Order ((Hearing on Ex Parte Application to Continue MSJ/MSA dates, Tr...))
Filed by Clerk

**01/16/2019** Order (RE: PLAINTIFF?S EX PARTE TO CONTINUE MSJ/MSA HEARING DATES, TRIAL, AND ALL RELATED DEADLINES)
Filed by Azad Baban (Plaintiff)

**01/16/2019** Ex Parte Application (to Continue MSJ/MSA Hearing, Trial, and deadlines)
Filed by Azad Baban (Plaintiff)

**01/04/2019** Minute Order ((Ex-Parte Proceedings))
Filed by Clerk

**01/03/2019** Notice (NOTICE OF WITHDRAWAL OF EX PARTE)
Filed by Azad Baban (Plaintiff)

**01/03/2019** Ex Parte Application (Plaintiff's Ex Parte Application to Take Off Calendar, or, in the Alternative, To Continue the March 14, 2019,
Motion for Summary Judgment/Adjudication Hearing Date and All Related Dates Due to Defendants' Refusal to Respond to Discovery; or in the
Alter)
Filed by Azad Baban (Plaintiff)

**12/28/2018** Separate Statement
Filed by Scoobeez, Inc. (Defendant); Shahan Ohanessian (Defendant); Shoushan Ohanessian (Defendant)

**12/28/2018** Declaration (of Ohanessian in Support of Motion for Summary Judgment)
Filed by Scoobeez, Inc. (Defendant); Shahan Ohanessian (Defendant); Shoushan Ohanessian (Defendant)

**12/28/2018** Proof of Service (not Summons and Complaint)
Filed by Scoobeez, Inc. (Defendant); Shahan Ohanessian (Defendant); Shoushan Ohanessian (Defendant)

**12/28/2018** Request for Judicial Notice
Filed by Scoobeez, Inc. (Defendant); Shahan Ohanessian (Defendant); Shoushan Ohanessian (Defendant)

**12/28/2018** Memorandum of Points & Authorities
Filed by Scoobeez, Inc. (Defendant); Shahan Ohanessian (Defendant); Shoushan Ohanessian (Defendant)

**12/28/2018** Motion for Summary Judgment
Filed by Scoobeez, Inc. (Defendant); Shahan Ohanessian (Defendant); Shoushan Ohanessian (Defendant)

**10/26/2018** Notice of Ruling (RE: EX PARTE APPLICATION TO CONTINUE TRIAL DATE, MOTION FOR SUMMARY JUDGMENT DATE, AND ALL PRE-TRIAL DATES)
Filed by Scoobeez, Inc. (Defendant); Shahan Ohanessian (Defendant; Shoushan Ohanessian (Defendant

**10/24/2018** Certificate of Mailing for (Minute Order (Ex-Parte Proceedings) of 10/24/2018)
Filed by Clerk

**10/24/2018** Minute Order ((Ex-Parte Proceedings))
Filed by Clerk

**10/24/2018** Notice Re: Continuance of Hearing and Order (Order granting ex parte request to continue)
Filed by Clerk

**10/24/2018** Stipulation - No Order (Joint stipulation to Continue)
Filed by Scoobeez, Inc. (Defendant)

**10/24/2018** Ex Parte Application (to Continue Trial Date)
Filed by Scoobeez, Inc. (Defendant); Shahan Ohanessian (Defendant); Shoushan Ohanessian (Defendant)

**10/03/2018** Notice of Ruling at Case Management Conference
Filed by Azad Baban (Plaintiff)

**09/10/2018** Minute order entered: 2018-09-10 00:00:00
Filed by Clerk

**09/10/2018** Minute Order

**09/07/2018** DEFENDANTS' ANSWER TO PLAINTIFF S FIRST AMENDED COMPLAINT

**09/07/2018** SUBSTITUTION OF ATTORNEY

**09/07/2018** SUBSTITUTION OF ATTORNEY

**09/07/2018** CASE MANAGEMENT STATEMENT

**09/07/2018** SUBSTITUTION OF ATTORNEY

**09/07/2018** Answer to First Amended Complaint
Filed by Scoobeez, Inc. (Defendant); Shahan Ohanessian (Defendant); Shoushan Ohanessian (Defendant)

**09/07/2018** Substitution of Attorney
Filed by Scoobeez, Inc. (Defendant)

**09/07/2018** Substitution of Attorney
Filed by Shoushan Ohanessian (Defendant)

**09/07/2018** Substitution of Attorney
Filed by Shahan Ohanessian (Defendant)

**09/07/2018** Case Management Statement
Filed by Azad Baban (Plaintiff)

**09/05/2018** Minute order entered: 2018-09-05 00:00:00
Filed by Clerk

**09/05/2018** Minute Order

**08/21/2018** CASE MANAGEMENT STATEMENT

**08/21/2018** Case Management Statement
Filed by Azad Baban (Plaintiff)

**07/20/2018** NOTICE OF ERRATA REGARDING PLAINTIFF S FIRST AMENDED COMPLAINT FOR DAMAGES

**07/20/2018** FIRST AMENDED COMPLAINT FOR DAMAGES: (1) ACTUAL/PERCEIVED DISABILITY HARASSTIENT, VIOLATION OF CAL GOV, CODE 12940 ET SEQ.; (2) ACTUAL/PERCEIVED DISABILITY DISCRIMINATION, VIOLATION OF CAL GOV. CODE 12940 ET SEQ.; (3) ACTUAL/PERCEIVED DISABILITY RETAL

**07/20/2018** Notice
Filed by Azad Baban (Plaintiff)

**07/20/2018** First Amended Complaint
Filed by Azad Baban (Plaintiff)

**07/13/2018** NOTICE OF RULING

**07/13/2018** Notice of Ruling
Filed by Azad Baban (Plaintiff)

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
TOP  07/11/2018

**07/11/2018** Minute order entered: 2018-07-11 00:00:00
Filed by Clerk

**07/11/2018** Minute Order

**07/11/2018** Order Appointing Court Approved Reporter as Official Reporter Pro Tempore
Filed by Azad Baban (Plaintiff)

**07/03/2018** REPLY TO PLAINTIFF'S OPPOSITON TO DEFENDANTS SCOOBEEZ, INC., SHAHAN OHANESSIAN, AND SHOUSHAN OHANESSIAN'S
DEMURRER TO PLAINTIFF'S COMPLAINT; NOTICE OF HEARING; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**07/03/2018** Reply to Opposition
Filed by Scoobeez, Inc. (Defendant); Shahan Ohanessian (Defendant); Shoushan Ohanessian (Defendant)

**06/27/2018** PLAINTIFF'S OPPOSITION TO DEFENDANTS SCOOBEEZ, INC., SHAHAN OHANESSIAN, AND SHOUSHAN OHANESSIAN'S DEMURRER
TO PLAINTIFF'S COMPLAINT

**06/27/2018** Opposition Document
Filed by Azad Baban (Plaintiff)

**06/27/2018** Opposition Document
Filed by Azad Baban (Plaintiff)

**06/08/2018** Minute order entered: 2018-06-08 00:00:00
Filed by Clerk

**06/08/2018** DECLARATION OF SCOTT A. SHEIKH RE: MEET AND CONFER

**06/08/2018** Minute Order

**06/08/2018** DEMURRER TO PLAINTIFF'S COMPLAINT FOR DAMAGES, ETC

**06/08/2018** Minute Order

**06/08/2018** Demurrer
Filed by Scoobeez, Inc. (Defendant); Shahan Ohanessian (Defendant); Shoushan Ohanessian (Defendant)

**06/08/2018** Declaration
Filed by Scoobeez, Inc. (Defendant); Shahan Ohanessian (Defendant); Shoushan Ohanessian (Defendant)

**06/06/2018** Minute order entered: 2018-06-06 00:00:00
Filed by Clerk

**06/06/2018** NOTICE OF HEARING

**06/06/2018** Minute Order

**06/06/2018** Notice of Hearing
Filed by Azad Baban (Plaintiff)

**06/05/2018** CASE MANAGEMENT STATEMENT

**06/05/2018** CASE MANAGEMENT STATEMENT

**06/05/2018** Case Management Statement
Filed by Scoobeez, Inc. (Defendant); Shahan Ohanessian (Defendant); Shoushan Ohanessian (Defendant)

**06/05/2018** Case Management Statement
Filed by Azad Baban (Plaintiff)

**05/16/2018** Minute order entered: 2018-05-16 00:00:00
Filed by Clerk

**05/08/2018** STIPULATION TO SET ASIDE DEFAULT AND VACATE DEFAULT JUDGMENT; ORDER THEREON

**05/08/2018** Stipulation and Order
Filed by Defendant/Respondent

**04/30/2018** Minute order entered: 2018-04-30 00:00:00
Filed by Clerk

**04/30/2018** Minute Order

**04/24/2018** Receipt
Filed by Azad Baban (Plaintiff)

**04/24/2018** Case Management Statement
Filed by Azad Baban (Plaintiff)

**04/24/2018** Notice
Filed by Azad Baban (Plaintiff)

**04/24/2018** NOTICE OF POSTING JURY FEES

**04/24/2018** CASE MANAGEMENT STATEMENT

**04/24/2018** CIVIL DEPOSIT

**04/10/2018** Minute order entered: 2018-04-10 00:00:00
Filed by Clerk

**03/07/2018** Proof-Service/Summons
Filed by Azad Baban (Plaintiff)

**03/07/2018** Proof-Service/Summons
Filed by Azad Baban (Plaintiff)

**03/07/2018** PROOF OF SERVICE SUMMONS

**03/07/2018** Proof-Service/Summons
Filed by Azad Baban (Plaintiff)

**03/07/2018** PROOF OF SERVICE SUMMONS

**03/07/2018** PROOF OF SERVICE SUMMONS

**01/31/2018** ORDER TO SHOW CAUSE HEARING

**01/31/2018** NOTICE OF CASE MANAGEMENT CONFERENCE

**01/31/2018** Notice of Case Management Conference
Filed by Clerk

**01/31/2018** OSC-Failure to File Proof of Serv
Filed by Clerk

**01/30/2018** COMPLAINT FOR DAMAGES: (1) ACTUAL/PERCEIVED DISABILITY HARASSMENT, VIOLATION OF CAL. GOV. CODE 12940 ET SEQ.; ETC

**01/30/2018** SUMMONS

**01/30/2018** Complaint
Filed by Azad Baban (Plaintiff)

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
TOP   07/11/2018

# PROCEEDINGS HELD

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Proceedings Held (Proceeding dates listed in descending order)**

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
06/08/2018

**07/01/2019** at 08:30 AM in Department 62, Michael L. Stern, Presiding
Jury Trial - **Not Held - Vacated by Court**

**06/13/2019** at 08:30 AM in Department 62, Michael L. Stern, Presiding
Final Status Conference - **Not Held - Vacated by Court**

**06/03/2019** at 08:30 AM in Department 62, Michael L. Stern, Presiding
Jury Trial - **Not Held - Advanced and Continued - by Court**

**05/29/2019** at 08:30 AM in Department 62, Michael L. Stern, Presiding
Hearing on Motion for Summary Judgment - **Not Held - Vacated by Court**

**05/23/2019** at 08:30 AM in Department 62, Michael L. Stern, Presiding
Hearing on Motion to Compel Further Discovery Responses

**05/23/2019** at 08:30 AM in Department 62, Michael L. Stern, Presiding
Final Status Conference - **Not Held - Advanced and Continued - by Court**

**05/07/2019** at 08:30 AM in Department 62, Michael L. Stern, Presiding
Hearing on Ex Parte Application ( FOR AN ORDERSTRIKING DEFENDANT SCOOBEEZ, INC., SHAHAN OHANESSIAN, SHOUSHAN OHANESSIAN?S MOTION FOR SUMMARY JUDGMENT/ADJUDICATING THE HEARING ON DEFENDANTS? MOTION FOR SUMMARY JUDGEMENT/ADJUDICATION) - **Held**

**04/26/2019** at 08:30 AM in Department 62, Michael L. Stern, Presiding
Jury Trial - **Not Held - Advanced and Continued - by Court**

**04/22/2019** at 08:30 AM in Department 62, Michael L. Stern, Presiding
Hearing on Motion for Summary Judgment - **Not Held - Advanced and Continued - by Court**

**04/22/2019** at 08:30 AM in Department 62, Michael L. Stern, Presiding
Hearing on Motion to Compel Discovery (not "Further Discovery") - **Not Held - Taken Off Calendar by Party**

**04/04/2019** at 08:30 AM in Department 62, Michael L. Stern, Presiding
Final Status Conference - **Not Held - Advanced and Continued - by Court**

**03/29/2019** at 08:30 AM in Department 62, Michael L. Stern, Presiding
Hearing on Ex Parte Application ( FOR AN ORDER COMPELLING THE NOTICED DEPOSITIONS) - **Not Held - Taken Off Calendar by Party**

**03/22/2019** at 08:30 AM in Department 62, Michael L. Stern, Presiding
Hearing on Ex Parte Application (Continuing defendants' MSJ) - **Held**

**03/14/2019** at 08:30 AM in Department 62, Michael L. Stern, Presiding
Hearing on Ex Parte Application - **Not Held - Advanced and Continued - by Court**

**03/04/2019** at 08:30 AM in Department 62, Michael L. Stern, Presiding
Jury Trial - **Not Held - Advanced and Continued - by Court**

**02/21/2019** at 08:30 AM in Department 62, Michael L. Stern, Presiding
Final Status Conference - **Not Held - Advanced and Continued - by Court**

**01/16/2019** at 08:30 AM in Department 62, Michael L. Stern, Presiding
Hearing on Ex Parte Application (EX PARTE APPLICATION TO CONTINUE MSJ/MSA HEARING DATES, TRIAL, AND ALL RELATED DEADLINES) - **Held - Motion Granted**

**01/04/2019** at 08:30 AM in Department 62, Michael L. Stern, Presiding
Ex-Parte Proceedings - **Not Held - Taken Off Calendar by Party**

**10/24/2018** at 1:30 PM in Department 62, Michael L. Stern, Presiding
Ex-Parte Proceedings

**09/10/2018** at 08:30 AM in Department 62
Case Management Conference (Conference-Case Management; Trial Date Set) -

**09/05/2018** at 08:30 AM in Department 62
Case Management Conference (Conference-Case Management; Matter continued) -

**07/11/2018** at 08:30 AM in Department 62
Hearing on Demurrer - without Motion to Strike - **Held**

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
TOP  06/08/2018

**06/08/2018** at 08:30 AM in Department 62
Case Management Conference (Conference-Case Management; Matter continued) -

**06/06/2018** at 08:30 AM in Department 62
Case Management Conference (Conference-Case Management; Matter continued) -

**05/16/2018** at 08:30 AM in Department 62
Default Prove Up Hearing

**04/30/2018** at 08:30 AM in Department 62
Case Management Conference (Conference-Case Management; Court makes order) -

**04/10/2018** at 08:30 AM in Department 62
(OSC - No Return of Service; Vacated) -

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
TOP  06/08/2018

## REGISTER OF ACTIONS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

### Register of Actions (Listed in descending order)

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
12/28/2018  04/10/2018

**07/01/2019** at 08:30 AM in Department 62, Michael L. Stern, Presiding
Jury Trial - **Not Held - Vacated by Court**

**06/13/2019** at 08:30 AM in Department 62, Michael L. Stern, Presiding
Final Status Conference - **Not Held - Vacated by Court**

**06/03/2019** at 08:30 AM in Department 62, Michael L. Stern, Presiding
Jury Trial - **Not Held - Advanced and Continued - by Court**

**05/29/2019** at 08:30 AM in Department 62, Michael L. Stern, Presiding
Hearing on Motion for Summary Judgment - **Not Held - Vacated by Court**

**05/23/2019** at 08:30 AM in Department 62, Michael L. Stern, Presiding
Hearing on Motion to Compel Further Discovery Responses

**05/23/2019** at 08:30 AM in Department 62, Michael L. Stern, Presiding
Final Status Conference - **Not Held - Advanced and Continued - by Court**

**05/07/2019** at 08:30 AM in Department 62, Michael L. Stern, Presiding
Hearing on Ex Parte Application ( FOR AN ORDERSTRIKING DEFENDANT SCOOBEEZ, INC., SHAHAN OHANESSIAN, SHOUSHAN OHANESSIAN?S

MOTION FOR SUMMARY JUDGMENT/ADJUDICATING THE HEARING ON DEFENDANTS? MOTION FOR SUMMARY JUDGEMENT/ADJUDICATION) - Held

**05/07/2019** Opposition (to Ex Parte Motion to Strike)
Filed by Scoobeez, Inc. (Defendant)

**05/07/2019** Minute Order ( (Hearing on Ex Parte Application FOR AN ORDER: STRIKING DEFEN...))
Filed by Clerk

**05/06/2019** Notice of Stay of Proceedings (Bankruptcy)
Filed by Scoobeez, Inc. (Defendant)

**05/06/2019** Ex Parte Application (PLAINTIFF?S NOTICE OF EX PARTE AND EX PARTE APPLICATION FOR AN ORDER: STRIKING DEFENDANT SCOOBEEZ, INC., SHAHAN OHANESSIAN, SHOUSHAN OHANESSIAN?S MOTION FOR SUMMARY JUDGMENT/ADJUDICATING THE HEARING ON DEFENDANTS? MOTION FOR SUMMARY JUDGEMENT/ADJUDICATION)
Filed by Azad Baban (Plaintiff)

**04/26/2019** at 08:30 AM in Department 62, Michael L. Stern, Presiding
Jury Trial - **Not Held - Advanced and Continued - by Court**

**04/22/2019** at 08:30 AM in Department 62, Michael L. Stern, Presiding
Hearing on Motion to Compel Discovery (not "Further Discovery") - **Not Held - Taken Off Calendar by Party**

**04/22/2019** at 08:30 AM in Department 62, Michael L. Stern, Presiding
Hearing on Motion for Summary Judgment - **Not Held - Advanced and Continued - by Court**

**04/04/2019** at 08:30 AM in Department 62, Michael L. Stern, Presiding
Final Status Conference - **Not Held - Advanced and Continued - by Court**

**03/29/2019** at 08:30 AM in Department 62, Michael L. Stern, Presiding
Hearing on Ex Parte Application ( FOR AN ORDER COMPELLING THE NOTICED DEPOSITIONS) - **Not Held - Taken Off Calendar by Party**

**03/29/2019** Minute Order ( (Hearing on Ex Parte Application FOR AN ORDER COMPELLING THE ...))
Filed by Clerk

**03/28/2019** Ex Parte Application (PLAINTIFF?S NOTICE OF EX PARTE AND EX PARTE APPLICATION FOR AN ORDER COMPELLING THE NOTICED DEPOSITIONS)
Filed by Azad Baban (Plaintiff)

**03/28/2019** Motion to Compel Discovery (not Further Discovery) - 1 moving party, 1 motion
Filed by Azad Baban (Plaintiff)

**03/22/2019** at 08:30 AM in Department 62, Michael L. Stern, Presiding
Hearing on Ex Parte Application (Continuing defendants' MSJ) - **Held**

**03/22/2019** Minute Order ( (Hearing on Ex Parte Application Continuing defendants' MSJ))
Filed by Clerk

**03/21/2019** Ex Parte Application (Tto Continue the Trial Date, or, In the Alternative for an Order Shortening ime for Such a Motion to be Heard; Memorandum of Points and Authorities; Declaration of Maryam Maleki)
Filed by Azad Baban (Plaintiff)

**03/14/2019** at 08:30 AM in Department 62, Michael L. Stern, Presiding
Hearing on Motion for Summary Judgment - **Not Held - Advanced and Continued - by Court**

**03/04/2019** at 08:30 AM in Department 62, Michael L. Stern, Presiding
Jury Trial - **Not Held - Advanced and Continued - by Court**

**02/21/2019** at 08:30 AM in Department 62, Michael L. Stern, Presiding
Final Status Conference - **Not Held - Advanced and Continued - by Court**

**02/21/2019** Substitution of Attorney
Filed by Scoobeez, Inc. (Defendant)

**01/16/2019** at 08:30 AM in Department 62, Michael L. Stern, Presiding
Hearing on Ex Parte Application (EX PARTE APPLICATION TO CONTINUE MSJ/MSA HEARING DATES, TRIAL, AND ALL RELATED DEADLINES) - **Held - Motion Granted**

**01/16/2019** Order (RE: PLAINTIFF?S EX PARTE TO CONTINUE MSJ/MSA HEARING DATES, TRIAL, AND ALL RELATED DEADLINES)
Filed by Azad Baban (Plaintiff)

**01/16/2019** Ex Parte Application (to Continue MSJ/MSA Hearing, Trial, and deadlines)
Filed by Azad Baban (Plaintiff)

**01/16/2019** Minute Order ((Hearing on Ex Parte Application to Continue MSJ/MSA dates, Tr...))
Filed by Clerk

**01/04/2019** at 08:30 AM in Department 62, Michael L. Stern, Presiding
Ex-Parte Proceedings - **Not Held - Taken Off Calendar by Party**

**01/04/2019** Minute Order ((Ex-Parte Proceedings))
Filed by Clerk

**01/03/2019** Ex Parte Application (Plaintiff's Ex Parte Application to Take Off Calendar, or, in the Alternative, To Continue the March 14, 2019, Motion for Summary Judgment/Adjudication Hearing Date and All Related Dates Due to Defendants' Refusal to Respond to Discovery, or in the Alter)
Filed by Azad Baban (Plaintiff)

**01/03/2019** Notice (NOTICE OF WITHDRAWAL OF EX PARTE)
Filed by Azad Baban (Plaintiff)

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
TOP   12/28/2018   04/10/2018

**12/28/2018** Declaration (of Ohanessian in Support of Motion for Summary Judgment)
Filed by Scoobeez, Inc. (Defendant); Shahan Ohanessian (Defendant); Shoushan Ohanessian (Defendant)

**12/28/2018** Separate Statement
Filed by Scoobeez, Inc. (Defendant); Shahan Ohanessian (Defendant); Shoushan Ohanessian (Defendant)

**12/28/2018** Proof of Service (not Summons and Complaint)
Filed by Scoobeez, Inc. (Defendant); Shahan Ohanessian (Defendant); Shoushan Ohanessian (Defendant)

**12/28/2018** Memorandum of Points & Authorities
Filed by Scoobeez, Inc. (Defendant); Shahan Ohanessian (Defendant); Shoushan Ohanessian (Defendant)

**12/28/2018** Motion for Summary Judgment
Filed by Scoobeez, Inc. (Defendant); Shahan Ohanessian (Defendant); Shoushan Ohanessian (Defendant)

**12/28/2018** Request for Judicial Notice
Filed by Scoobeez, Inc. (Defendant); Shahan Ohanessian (Defendant); Shoushan Ohanessian (Defendant)

**10/26/2018** Notice of Ruling (RE: EX PARTE APPLICATION TO CONTINUE TRIAL DATE, MOTION FOR SUMMARY JUDGMENT DATE, AND ALL PRE-TRIAL DATES)
Filed by Scoobeez, Inc. (Defendant); Shahan Ohanessian (Defendant); Shoushan Ohanessian (Defendant)

**10/24/2018** at 1:30 PM in Department 62, Michael L. Stern, Presiding
Ex-Parte Proceedings

**10/24/2018** Certificate of Mailing for (Minute Order (Ex-Parte Proceedings) of 10/24/2018)
Filed by Clerk

**10/24/2018** Minute Order ((Ex-Parte Proceedings))
Filed by Clerk

**10/24/2018** Notice Re: Continuance of Hearing and Order (Order granting ex parte request to continue)
Filed by Clerk

**10/24/2018** Stipulation - No Order (Joint stipulation to Continue)
Filed by Scoobeez, Inc. (Defendant)

**10/24/2018** Ex Parte Application (to Continue Trial Date)
Filed by Scoobeez, Inc. (Defendant); Shahan Ohanessian (Defendant); Shoushan Ohanessian (Defendant)

**10/03/2018** Notice of Ruling at Case Management Conference
Filed by Azad Baban (Plaintiff)

**09/10/2018** at 08:30 AM in Department 62
Case Management Conference (Conference-Case Management; Trial Date Set) -

**09/10/2018** Minute Order

**09/10/2018** Minute order entered: 2018-09-10 00:00:00
Filed by Clerk

**09/07/2018** Case Management Statement
Filed by Azad Baban (Plaintiff)

**09/07/2018** Substitution of Attorney
Filed by Shahan Ohanessian (Defendant)

**09/07/2018** Substitution of Attorney
Filed by Shoushan Ohanessian (Defendant)

**09/07/2018** Substitution of Attorney
Filed by Scoobeez, Inc. (Defendant)

**09/07/2018** Answer to First Amended Complaint
Filed by Scoobeez, Inc. (Defendant); Shahan Ohanessian (Defendant); Shoushan Ohanessian (Defendant)

**09/07/2018** SUBSTITUTION OF ATTORNEY

**09/07/2018** CASE MANAGEMENT STATEMENT

**09/07/2018** SUBSTITUTION OF ATTORNEY

**09/07/2018** SUBSTITUTION OF ATTORNEY

**09/07/2018** DEFENDANTS' ANSWER TO PLAINTIFF S FIRST AMENDED COMPLAINT

**09/05/2018** Case Management Conference (Conference-Case Management; Matter continued) -

Case Management Conference (Conference-Case Management; Matter continued) -

**09/05/2018** Minute order entered: 2018-09-05 00:00:00
Filed by Clerk

**09/05/2018** Minute Order

**08/21/2018** Case Management Statement
Filed by Azad Baban (Plaintiff)

**08/21/2018** CASE MANAGEMENT STATEMENT

**07/20/2018** First Amended Complaint
Filed by Azad Baban (Plaintiff)

**07/20/2018** NOTICE OF ERRATA REGARDING PLAINTIFF S FIRST AMENDED COMPLAINT FOR DAMAGES

**07/20/2018** Notice
Filed by Azad Baban (Plaintiff)

**07/20/2018** FIRST AMENDED COMPLAINT FOR DAMAGES: (1) ACTUAL/PERCEIVED DISABILITY HARASSTIENT, VIOLATION OF CAL GOV, CODE
12940 ET SEQ.; (2) ACTUAL/PERCEIVED DISABILITY DISCRIMINATION, VIOLATION OF CAL GOV. CODE 12940 ET SEQ.; (3) ACTUAL/PERCEIVED
DISABILITY RETAL

**07/13/2018** Notice of Ruling
Filed by Azad Baban (Plaintiff)

**07/13/2018** NOTICE OF RULING

**07/11/2018** at 08:30 AM in Department 62
Hearing on Demurrer - without Motion to Strike - **Held**

**07/11/2018** Order Appointing Court Approved Reporter as Official Reporter Pro Tempore
Filed by Azad Baban (Plaintiff)

**07/11/2018** Minute Order

**07/11/2018** Minute order entered: 2018-07-11 00:00:00
Filed by Clerk

**07/03/2018** REPLY TO PLAINTIFF'S OPPOSITTON TO DEFENDANTS SCOOBEEZ, INC., SHAHAN OHANESSIAN, AND SHOUSHAN OHANESSIAN'S
DEMURRER TO PLAINTIFF'S COMPLAINT; NOTICE OF HEARING; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**07/03/2018** Reply to Opposition
Filed by Scoobeez, Inc. (Defendant); Shahan Ohanessian (Defendant); Shoushan Ohanessian (Defendant)

**06/27/2018** Opposition Document
Filed by Azad Baban (Plaintiff)

**06/27/2018** Opposition Document
Filed by Azad Baban (Plaintiff)

**06/27/2018** PLAINTIFF'S OPPOSITION TO DEFENDANTS SCOOBEEZ, INC., SHAHAN OHANESSIAN, AND SHOUSHAN OHANESSIAN'S DEMURRER
TO PLAINTIFF'S COMPLAINT

**06/08/2018** at 08:30 AM in Department 62
Case Management Conference (Conference-Case Management; Matter continued) -

**06/08/2018** Minute order entered: 2018-06-08 00:00:00
Filed by Clerk

**06/08/2018** DECLARATION OF SCOTT A. SHEIKH RE: MEET AND CONFER

**06/08/2018** Declaration
Filed by Scoobeez, Inc. (Defendant); Shahan Ohanessian (Defendant); Shoushan Ohanessian (Defendant)

**06/08/2018** Minute Order

**06/08/2018** DEMURRER TO PLAINTIFF'S COMPLAINT FOR DAMAGES, ETC

**06/08/2018** Minute Order

**06/08/2018** Demurrer
Filed by Scoobeez, Inc. (Defendant); Shahan Ohanessian (Defendant); Shoushan Ohanessian (Defendant)

**06/06/2018** at 08:30 AM in Department 62
Case Management Conference (Conference-Case Management; Matter continued) -

**06/06/2018** Minute Order

**06/06/2018** NOTICE OF HEARING

**06/06/2018** Notice of Hearing
Filed by Azad Baban (Plaintiff)

**06/06/2018** Minute order entered: 2018-06-06 00:00:00
Filed by Clerk

**06/05/2018** CASE MANAGEMENT STATEMENT

**06/05/2018** CASE MANAGEMENT STATEMENT

**06/05/2018** Case Management Statement
Filed by Azad Baban (Plaintiff)

**06/05/2018** Case Management Statement
Filed by Scoobeez, Inc. (Defendant); Shahan Ohanessian (Defendant); Shoushan Ohanessian (Defendant)

**05/16/2018** at 08:30 AM in Department 62
Default Prove Up Hearing

**05/16/2018** Minute order entered: 2018-05-16 00:00:00
Filed by Clerk

**05/08/2018** Stipulation and Order
Filed by Defendant/Respondent

**05/08/2018** STIPULATION TO SET ASIDE DEFAULT AND VACATE DEFAULT JUDGMENT; ORDER THEREON

**04/30/2018** at 08:30 AM in Department 62
Case Management Conference (Conference-Case Management; Court makes order) -

**04/30/2018** Minute order entered: 2018-04-30 00:00:00
Filed by Clerk

**04/30/2018** Minute Order

**04/24/2018** NOTICE OF POSTING JURY FEES

**04/24/2018** Notice
Filed by Azad Baban (Plaintiff)

**04/24/2018** CIVIL DEPOSIT

**04/24/2018** CASE MANAGEMENT STATEMENT

**04/24/2018** Case Management Statement
Filed by Azad Baban (Plaintiff)

**04/24/2018** Receipt
Filed by Azad Baban (Plaintiff)

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
TOP   12/28/2018   04/10/2018

**04/10/2018** at 08:30 AM in Department 62
(OSC - No Return of Service; Vacated) -

**04/10/2018** Minute order entered: 2018-04-10 00:00:00
Filed by Clerk

**03/07/2018** Proof-Service/Summons
Filed by Azad Baban (Plaintiff)

**03/07/2018** Proof-Service/Summons
Filed by Azad Baban (Plaintiff)

**03/07/2018** PROOF OF SERVICE SUMMONS

**03/07/2018** PROOF OF SERVICE SUMMONS

**03/07/2018** PROOF OF SERVICE SUMMONS

**03/07/2018** Proof-Service/Summons
Filed by Azad Baban (Plaintiff)

**01/31/2018** ORDER TO SHOW CAUSE HEARING

**01/31/2018** OSC-Failure to File Proof of Serv
Filed by Clerk

**01/31/2018** NOTICE OF CASE MANAGEMENT CONFERENCE

**01/31/2018** Notice of Case Management Conference
Filed by Clerk

**01/30/2018** SUMMONS

**01/30/2018** Complaint
Filed by Azad Baban (Plaintiff)

**01/30/2018** COMPLAINT FOR DAMAGES: (1) ACTUAL/PERCEIVED DISABILITY HARASSMENT, VIOLATION OF CAL. GOV. CODE 12940 ET SEQ.; ETC

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:

TOP   12/28/2018   04/18/2018

NEW SEARCH

Copyright © 2019 Superior Court of California, County of Los Angeles

# EXHIBIT 3

# EXHIBIT 3

# ACORD CERTIFICATE OF LIABILITY INSURANCE

**DATE (MM/DD/YYYY)**
5/17/2019

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.  THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT:  If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must have ADDITIONAL INSURED provisions or be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement.  A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | CONTACT NAME: | Trista Barrett | | |
|---|---|---|---|---|
| SUNZ Insurance Solutions, LLC.   ID:(Invo PEO) c/o Invo PEO Inc III 800 Oak Ridge Turnpike Oak Ridge, TN 37830 | PHONE (A/C, No, Ext): | 865-481-0910 | FAX (A/C, No): | 877-299-9849 |
| | E-MAIL ADDRESS: | coi@invopeo.com | | |
| | **INSURER(S) AFFORDING COVERAGE** | | | **NAIC #** |
| | INSURER A : United Wisconsin Insurance Company | | | 29157 |
| INSURED Innovative Work Comp Solutions LLC LCF Scoobeez 800 Oak Ridge Turnpike Oak Ridge TN  37830 | INSURER B : | | | |
| | INSURER C : | | | |
| | INSURER D : | | | |
| | INSURER E : | | | |
| | INSURER F : | | | |

## COVERAGES

**CERTIFICATE NUMBER:** 48740624   **REVISION NUMBER:**

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED.  NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSD | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| | **COMMERCIAL GENERAL LIABILITY** ☐ CLAIMS-MADE ☐ OCCUR | | | | | | EACH OCCURRENCE | $ |
| | | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ |
| | | | | | | | MED EXP (Any one person) | $ |
| | | | | | | | PERSONAL & ADV INJURY | $ |
| | GEN'L AGGREGATE LIMIT APPLIES PER: ☐ POLICY ☐ PRO-JECT ☐ LOC OTHER: | | | | | | GENERAL AGGREGATE | $ |
| | | | | | | | PRODUCTS - COMP/OP AGG | $ |
| | | | | | | | | $ |
| | **AUTOMOBILE LIABILITY** ☐ ANY AUTO ☐ OWNED AUTOS ONLY ☐ SCHEDULED AUTOS ☐ HIRED AUTOS ONLY ☐ NON-OWNED AUTOS ONLY | | | | | | COMBINED SINGLE LIMIT (Ea accident) | $ |
| | | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | | $ |
| | ☐ UMBRELLA LIAB ☐ OCCUR ☐ EXCESS LIAB ☐ CLAIMS-MADE | | | | | | EACH OCCURRENCE | $ |
| | | | | | | | AGGREGATE | $ |
| | DED ☐ RETENTION $ | | | | | | | $ |
| A | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** ANYPROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? (Mandatory in NH) If yes, describe under DESCRIPTION OF OPERATIONS below | Y/N N/A | | 18-SZ | 5/14/2019 | 10/1/2019 | ✓ PER STATUTE ☐ OTHER | |
| | | | | | | | E.L. EACH ACCIDENT | $1,000,000 |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $1,000,000 |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $1,000,000 |

**DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES  (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)**

Coverage provided for all leased employees but not subcontractors of: Scoobeez
Client Effective: 5/14/2019

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| 11750 (CA) United States Trustee 725 S Figueroa Street Suite 2600 Los Angeles CA  90017 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS. |
| | AUTHORIZED REPRESENTATIVE Rick Leonard |

© 1988-2015 ACORD CORPORATION.  All rights reserved.

**ACORD 25 (2016/03)**       The ACORD name and logo are registered marks of ACORD

**United Wisconsin Insurance Company**

00 01 A

(Ed. 08/10)

A STOCK COMPANY

15200 W. Small Road, New Berlin, WI 53151

# WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY

**INFORMATION PAGE**

**NCCI No.**     **24244**

**NAICS Code**     492210                                    Renewal of Policy Number                         NEW

**POLICY NO.**     ▮▮▮▮18-SZ

State Unemployment I.D. No. or other Identifying Number as Required:          FEIN: ▮▮7748   Client ID: 150

| | | |
|---|---|---|
| 1.  Insured:<br>Mailing<br>Address | Innovative Work Comp Solutions LLC<br>LCF  Scoobeez Global Inc<br>800 Oak Ridge Turnpike<br>Oak Ridge, TN  37830 | Producer:<br>Mailing<br>Address   Sunz Insurance Solutions, LLC<br>1301 6th Avenue West<br>Bradenton FL 34205 |

☐ Individual          ☐ Partnership          ☐ Corporation or   X   Limited Liability Company

Other workplaces not shown above:   See WC 99 06 05 Additional Locations if Applicable

Additional Named Insured:          See WC 99 06 04 Additional Named Insureds if Applicable

2.   Policy Period: The policy is from **05/14/19** to **10/01/19** 12:01 A.M. Standard Time, at the Insured's mailing address.

3.   A.   Workers Compensation Insurance: Part One of the policy applies to the Workers Compensation Law of the states listed here:
       **CA**

   B.   Employers Liability Insurance : Part Two of the policy applies to work in each state listed in item 3.A.
       The limits of our liability under Part Two are:

|  |  |  |
|---|---|---|
| Bodily Injury by Accident | $ 1,000,000 | each accident |
| Bodily Injury by Disease | $ 1,000,000 | policy limit |
| Bodily Injury by Disease | $ 1,000,000 | each employee |

   C.   Other states Insurance: Part Three of the policy applies to the states, if any, listed here:

       **All states except HI,ND,OH,WA,WY**

   D.   This policy includes these endorsements and schedules: See Endorsement Schedule WC 99 06 09 A

4.   The premium for this policy will be determined by our Manuals of Rules, Classification, Rates and Rating Plans. All information required below is subject to verification and change by audit.

| Classification | Code<br>No. | Premium Basis<br>Total Estimated<br>Annual Remuneration | Rates Per<br>$100 of<br>Remuneration | Estimated Annual<br>Premium |
|---|---|---|---|---|
| SEE EXTENSION OF INFORMATION PAGE | | | | |
| Experience Modification | | SEE WC 99 06 01 by State | | |
| Other Premium Charges | | 0.00 | | 0.00 |
| Premium Discount | | | | $ 0.00 |
| Expense Constant | | | See Attached Schedule | |

**MINIMUM PREMIUM $ 1,000**          **TOTAL ESTIMATED ANNUAL PREMIUM**                     $

IF INDICATED BELOW, INTERIM ADJUSTMENTS OF PREMIUM SHALL BE MADE:

☐ Semi-Annually     ☐ Quarterly     ☐ Monthly     Deposit Premium

ISSUING OFFICE:   Bradenton FL
DATE PRINTED:   05/15/2019                              Countersigned by: _Peter E. Reynolds_
WC 00 00 01 A          (Ed. 08/10)

**ADDITIONAL LOCATIONS**

Item (1) Other Workplaces Not Shown Above of the Information page is amended to include the following:
**Other Workplace**

| | |
|---|---|
| LCF  Scoobeez Global Inc | FEIN:                ■6339 |
| 396 S Pasadena Ave | Effective Date:   05/14/2019 |
| Sunland, CA 91040 | NAICS Code:     492210 |
| | Division #:         0 |
| | Workplace #:     0000000001 |
| | Emp. Link Code:  369258 |
| | Leasing ID #:     5: CLIENT COMPANY ONLY (in |
| | name of PEO) |

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

**(The information below is required only when this endorsement is issued subsequent to preparation of the policy)**

Endorsement Effective: 05/14/19          Policy No.: ■■■■■18-SZ          Endorsement No.: 2
                                                                              Premium:

Insured:                     Innovative Work Comp
                             Solutions LLCLCF  Scoobeez
                             Global Inc

Insurance Company:           United Wisconsin Insurance    Countersigned by
                             Company

■ 06 05
Date Printed:  05/15/2019
(Ed. 11-08)

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY    06 09 A

(Ed. 11-08)

## ENDORSEMENT SCHEDULE

Item (3.D.) Included Endorsements and Schedules of the Information Page is amended to include the following:

| State | Form Number | Ed. Date | Form Title |
|-------|-------------|----------|------------|
| CA | WC 00 00 01 A | 08/10 | Declaration Page |
| CA | WC 99 06 05 | 03/08 | Additional Locations |
| CA | WC 99 06 01 | 03/08 | Extension of Information Page |
| CA | WC 99 06 09A | 11/08 | Endorsement Schedule |
| CW | UWIC-PN | 02/18 | Privacy Notice |
| CW | WC000421D | 01/15 | Catastrophe (Other than Certified Acts of Terrorism) Premium Endorsement |
| CW | WC000422B | 01/15 | Terrorism Risk Insurance Program Reauthorization Act Disclosure Endorsement |
| CW | WC990660 | 05/17 | Execution Clause Endorsement |
| CA | DISCLOSUR2 | 02/15 | Policyholder Disclosure Notice of Terrorism Insurance Coverage |
| CA | PN049901G | 03/19 | CA Your Right to Rating and Dividend Information |
| CA | PN049902B | 05/02 | CA Workers Comp Insurance Rating Laws |
| CA | PN049904 | 12/01 | CA Policyholder Notice California Insurance Guarantee Association (CIGA) Surcharge |
| CA | PN990451 | 01/15 | CA Loss Prevention Notice |
| CA | WC000000C CA | 01/15 | CA Workers Compensation and Employers Liability Policy |
| CA | WC040301D | 02/18 | CA Policy Amendatory Endorsement |
| CA | WC040310 | 01/95 | CA Duty to Defend Endorsement |
| CA | WC040315B | 10/16 | CA Restriction of Coverage to Client Workers Endorsement |
| CA | WC040360B | 01/15 | CA Employers' Liability Coverage Amendatory Endorsement |

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

**(The information below is required only when this endorsement is issued subsequent to preparation of the policy)**

Endorsement Effective: 05/14/19          Policy No.: █████████ 18-SZ          Endorsement No.: 4
                                                                              Premium:

Insured:              Innovative Work Comp
                      Solutions LLCLCF
                      Scoobeez Global Inc

Insurance Company:    United Wisconsin          Countersigned by
                      Insurance Company

█████ 06 09A                                                          Page # 1 of 2
Date Printed:  05/15/2019

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY  **06 09 A**

(Ed. 11-08)

| State | Form Number | Ed. Date | Form Title |
|-------|-------------|----------|-----------|
| CA | WC040421 | 01/08 | CA Optional Premium Increase Endorsement |
| CA | WC040601A | 12/93 | CA Cancellation Endorsement |
| CA | WC040603B | 01/15 | CA Large Risk Deductible Endorsement |
| CA | WC990107B | 05/15 | CA Special Cancellation Provision Endorsement |

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

**(The information below is required only when this endorsement is issued subsequent to preparation of the policy)**

Endorsement Effective: 05/14/19          Policy No.: ██████████18-SZ          Endorsement No.: 4
                                                                              Premium:

Insured:                 Innovative Work Comp
                         Solutions LLCLCF
                         Scoobeez Global Inc

Insurance Company:       United Wisconsin          Countersigned by
                         Insurance Company

██████ **06 09A**                                                          Page # 2 of 2
Date Printed:  05/15/2019

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY
Case 2:19-bk-14989-WB Doc 316 Filed 09/11/19 Entered 09/11/19 14:51:02 Desc 06 60
Main Document      Page 140 of 175

(Ed. 05/17)

**Execution Clause Endorsement**

In Witness Whereof, the Company has caused this policy to be executed and attested to by its President and Secretary.  Where required by law, the Information Page has been countersigned by our duly authorized representative.

Stephan Cooper, President                        Steven E. Reynolds, Secretary

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

**(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)**

Endorsement Effective: 05/14/19          Policy No.: ████████18-SZ          Endorsement No.: 0
                                                                                                Premium: $ 561,144.00

Insured:              Innovative Work Comp
                         Solutions LLC
                         LCF  Scoobeez Global Inc

Insurance Company:  United Wisconsin Insurance  Countersigned by:
                                   Company



06 60
(Ed. 05/17)

**United Wisconsin Insurance Company**

P.O. Box 40790, Lansing, MI 48901-7990

## PRIVACY NOTICE

United Wisconsin Insurance Company does not disclose any non-public personal information about our individual poli-cyholders, applicants, customers, former customers, or claimants to any non-affiliated third party other than those permitted by law and only for the purposes of transacting the business of your insurance coverage or policy.  The pur-pose of this notice is to inform you of the types of personal information we obtain in providing Workers' Compensation Insurance and how we protect personal information.

### What is Personal Information?

We treat any information that is identifiable to you and not available to the general public as your personal information. For example, we may collect information we receive from you on an application for insurance, or information from your transactions with us, our affiliates, or others, such as:

- Employee health conditions, including health care treatment and payment;
- Identify, such as name, age, address, etc.;
- Income, when necessary for loss-time injuries.

### Why Do We Collect Your Personal Information?

In order to serve your needs, there are occasions when we may collect personal information about you.  We collect personal information from you to help us:

- Underwrite the Workers' Compensation policy offered to you;
- Pay claims for employee injuries;
- Provide case management services; and
- Provide quality improvement services.

### How Do We Collect Your Personal Information?

We collect personal information through you, your agent, your employees, and your health care providers.  For exam-ple, we receive personal information on your insurance application, risk management surveys of your facilities, and from your loss runs provided by previous workers' compensation carriers.

### To Whom Do We Disclose Your Personal Information?

We will not disclose your personal information unless we are allowed or required by law to make the disclosure, or if you give us permission.  Following are some examples of disclosures we may make as allowed or required by law:

- To health care providers (doctors and others who provide care to injured employees) in connection with a workers' compensation injury, such as verifying your coverage;
- To service companies that perform insurance functions on our behalf, such as third party administrators, insurance agents, auditors, benefit consultants, or care management specialists for utilization manage-ment and quality improvement;
- To an insurance regulatory authority; or
- To respond to legal requests such as a subpoena.

We will not disclose your personal information to any non-affiliated company for that company's marketing purposes.

**United Wisconsin Insurance Company**
**P.O. Box 40790, Lansing, MI 48901-7990**

**Your Financial Information**

We collect and use several types of financial information to carry out health insurance activities.  This includes infor-mation you give us on applications or other forms, such as your name, address, age, income and dependents.  We keep records about your business with our affiliates, others, or us such as insurance coverage, premiums, and pay-ment history.

We use physical, technical, and procedural methods to protect your private information.  We may share it only with our employees, affiliates or others who need it to provide service on your policy, to do insurance business, or for other le-gally allowed or required purposes.  We may also share your financial information with our affiliated companies if in-terest is expressed in other products (i.e. group health, disability or life insurance).  An affiliated company means a company owned or controlled by us.  For example, if you choose to purchase insurance from us, we may share your financial information with an affiliated company to make our full range of insurance products and services available to you.

**How Do We Protect Your Personal Information?**

We protect your personal information by:

- Treating all of your personal information that we collect as confidential;
- Stating confidentiality policies and practices in our employee Code of Conduct, training employees in the area of confidentiality and disciplining employees for privacy violations of which we become aware;
- Restricting access to your personal information to those employees who need to know your personal in-formation in order to provide our services to you, such as paying a claim for a covered benefit;
- Only disclosing your personal information that is necessary for a service company to perform its function on our behalf, and the company agrees to protect and maintain the confidentiality of your personal infor-mation; and
- Maintaining physical, electronic, and procedural safeguards that comply with federal and state regulations to guard your personal information.

**Opting Out of Information Sharing**

You may have received notices from other organizations that allow you to "opt out" of certain disclosures.  The most common type of disclosure that applies to "opt outs" is the disclosure of personal information to a non-affiliated com-pany so that company can market its products or services to you.  As a workers' compensation carrier, we must follow many federal and state laws that prohibit us from making these types of disclosures.  Because we do not make disclo-sures that apply to "opt outs," it is not necessary for you to complete an "opt out" form or take any action to restrict such disclosures.

**How Can You Reach Us?**

- Visit our website at www.unitedheartland.com; or
- Contact your primary claim representative, or our President, Stephan Cooper at steve.cooper@unitedheartland.biz.

**Revisions**

We may amend this notice at any time and will inform you of changes as required by law.

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY
Case 2:19-JK-01439-FMO-SS Filed 09/11/19 Entered 09/11/19 14:51:02
Main Document    Page 143 of 175

4 21 D

(Ed. 01/15)

## CATASTROPHE (OTHER THAN CERTIFIED ACTS OF TERRORISM) PREMIUM ENDORSEMENT

This endorsement is notification that your insurance carrier is charging premium to cover the losses that may occur in the event of Catastrophe (other than Certified Acts of Terrorism) as that term is defined below. Your policy provides coverage for workers compensation losses caused by a Catastrophe (other than Certified Acts of Terrorism). This premium charge does not provide funding for Certified Acts of Terrorism contemplated under the Terrorism Risk Insurance Program Reauthorization Act Disclosure Endorsement (WC 00 04 22 B), attached to this policy.

For purposes of this endorsement, the following definitions apply:

- Catastrophe (other than Certified Acts of Terrorism):  Any single event, resulting from an Earthquake, Noncertified Act of Terrorism, or Catastrophic Industrial Accident, which results in aggregate workers compensation losses in excess of $50 million.

- Earthquake: The shaking and vibration at the surface of the earth resulting from underground movement along a fault plane or from volcanic activity.

- Noncertified Act of Terrorism:  An event that is not certified as an Act of Terrorism by the Secretary of Treasury pursuant to the Terrorism Risk Insurance Act of 2002 (as amended) but that meets all of the following criteria:

  a. It is an act that is violent or dangerous to human life, property, or infrastructure;

  b. The act results in damage within the United States, or outside of the United States in the case of the premises of United States missions or air carriers or vessels as those terms are defined in the Terrorism Risk Insurance Act of 2002 (as amended); and

  c. It is an act that has been committed by an individual or individuals as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

- Catastrophic Industrial Accident: A chemical release, large explosion, or small blast that is localized in nature and affects workers in a small perimeter the size of a building.

The premium charge for the coverage your policy provides for workers compensation losses caused by a Catastrophe (other than Certified Acts of Terrorism) is shown in Item 4 of the Information Page or in the Schedule below.

### Schedule

| State | Rate | Premium |
|-------|------|---------|
| CA | 0.02 | $ 2,400.00 |

© Copyright 2015 National Council on Compensation Insurance, Inc. All Rights Reserved.

Page  1 of 1

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY
Case 2:19-vJK-04989-FWB Doc 55 Filed 09/11/19 Entered 09/11/19 14:51:02    04 22 B
Main Document      Page 144 of 175

(Ed. 01/15)

## TERRORISM RISK INSURANCE PROGRAM REAUTHORIZATION ACT DISCLOSURE ENDORSEMENT

This endorsement addresses the requirements of the Terrorism Risk Insurance Act of 2002 as amended and extended by the Terrorism Risk Insurance Program Reauthorization Act of 2015. It serves to notify you of certain limitations under the Act, and that your insurance carrier is charging premium for losses that may occur in the event of an Act of Terrorism.

Your policy provides coverage for workers compensation losses caused by Acts of Terrorism, including workers compensation benefit obligations dictated by state law. Coverage for such losses is still subject to all terms, definitions, exclusions, and conditions in your policy, and any applicable federal and/or state laws, rules, or regulations.

### Definitions

The definitions provided in this endorsement are based on and have the same meaning as the definitions in the Act. If words or phrases not defined in this endorsement are defined in the Act, the definitions in the Act will apply.

"Act" means the Terrorism Risk Insurance Act of 2002, which took effect on November 26, 2002, and any amendments thereto including any amendments resulting from the Terrorism Risk Insurance Program Reauthorization Act of 2015.

"Act of Terrorism" means any act that is certified by the Secretary of the Treasury, in consultation with the Secretary of Homeland Security, and the Attorney General of the United States as meeting all of the following requirements:

   a.  The act is an act of terrorism.

   b.  The act is violent or dangerous to human life, property or infrastructure.

   c.  The act resulted in damage within the United States, or outside of the United States in the case of the premises of United States missions or certain air carriers or vessels.

   d.  The act has been committed by an individual or individuals as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

"Insured Loss" means any loss resulting from an act of terrorism (and, except for Pennsylvania, including an act of war, in the case of workers compensation) that is covered by primary or excess property and casualty insurance issued by an insurer if the loss occurs in the United States or at the premises of United States missions or to certain air carriers or vessels.

"Insurer Deductible" means, for the period beginning on January 1, 2015, and ending on December 31, 2020, an amount equal to 20% of our direct earned premiums, during the immediately preceding calendar year.

© Copyright 2015 National Council on Compensation Insurance, Inc. All Rights Reserved.

**Limitation of Liability**

The Act limits our liability to you under this policy. If aggregate Insured Losses exceed $100,000,000,000 in a calendar year and if we have met our Insurer Deductible, we are not liable for the payment of any portion of the amount of Insured Losses that exceeds $100,000,000,000; and for aggregate Insured Losses up to $100,000,000,000, we will pay only a pro rata share of such Insured Losses as determined by the Secretary of the Treasury.

**Policyholder Disclosure Notice**

1.  Insured Losses would be partially reimbursed by the United States Government. If the aggregate industry Insured Losses exceed:

    a.  $100,000,000, with respect to such Insured Losses occurring in calendar year 2015, the United States Government would pay 85% of our Insured Losses that exceed our Insurer Deductible.

    b.  $120,000,000, with respect to such Insured Losses occurring in calendar year 2016, the United States Government would pay 84% of our Insured Losses that exceed our Insurer Deductible

    c.  $140,000,000, with respect to such Insured Losses occurring in calendar year 2017, the United States Government would pay 83% of our Insured Losses that exceed our Insurer Deductible.

    d.  $160,000,000, with respect to such Insured Losses occurring in calendar year 2018, the United States Government would pay 82% of our Insured Losses that exceed our Insurer Deductible.

    e.  $180,000,000, with respect to such Insured Losses occurring in calendar year 2019, the United States Government would pay 81% of our Insured Losses that exceed our Insurer Deductible.

    f.  $200,000,000, with respect to such Insured Losses occurring in calendar year 2020, the United States Government would pay 80% of our Insured Losses that exceed our Insurer Deductible.

2.  Notwithstanding item 1 above, the United States Government will not make any payment under the Act for any portion of Insured Losses that exceed $100,000,000,000.

3.  The premium charge for the coverage your policy provides for Insured Losses is included in the amount shown in Item 4 of the Information Page or in the Schedule below.

<div align="center">

**Schedule**

</div>

| State | Rate | Premium |
|-------|------|---------|
| CA | .0200 | $ 2,400.00 |

© Copyright 2015 National Council on Compensation Insurance, Inc. All Rights Reserved.

DISCLOSUR2
(Ed. 02/2015)

## POLICYHOLDER DISCLOSURE
## NOTICE OF TERRORISM
## INSURANCE COVERAGE

Coverage for acts of terrorism is included in your policy. You are hereby notified that under the Terrorism Risk Insurance Act, as amended in 2015, the definition of act of terrorism has changed. As defined in Section 102(1) of the Act: The term "act of terrorism" means any act or acts that are certified by the Secretary of the Treasury – in consultation with the Secretary of Homeland Security, and the Attorney General of the United States – to be an act of terrorism; to be a violent act or an act that is dangerous to human life, property, or infrastructure; to have resulted in damage within the United States, or outside the United States in the case of certain air carriers or vessels, or the premises of a United States mission; and to have been committed by an individual or individuals as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion. Under your coverage, any losses resulting from certified acts of terrorism may be partially reimbursed by the United States Government under a formula established by the Terrorism Risk Insurance Act, as amended.  However, your policy may contain other exclusions which might affect your coverage, such as exclusion for nuclear events. Under the formula, the United States Government generally reimburses 85% through 2015; 84% beginning on January 1, 2016, 83% beginning on January 1, 2017; 82% beginning on January 1, 2018; 81% beginning on January 1, 2019; and 80% beginning on January 1, 2012, of covered terrorism losses exceeding the statutorily established deductible paid by the insurance company providing the coverage. The Terrorism Risk Insurance Act, as amended, contains a $100 billion cap that limits U.S. Government reimbursement as well as insurers' liability for losses resulting from certified acts of terrorism when the amount of such losses exceeds $100 billion in any one calendar year. If the aggregate insured losses for all insurers exceed $100 billion, your coverage may be reduced.

The portion of your annual premium that is attributable to coverage for acts of terrorism is listed under Item 4 Premium of the Policy Information Page, and does not include any charges for the portion of losses covered by the United States Government under the Act.

PN 04 99 01 G

(Ed. 03-19)

## POLICYHOLDER NOTICE
### YOUR RIGHT TO RATING AND DIVIDEND INFORMATION

**I.**   **Information Available to You**

**A.**   **Information Available from Us – United Wisconsin Insurance Company**

(1)   General questions regarding your policy should be directed to: **Customer Service at**

**United Wisconsin Insurance Company**
**15200 West Small Road**
**New Berlin, WI 53151**
**1-800-258-2667**
**www.unitedheartland.com**

(2)   **Dividend Calculation.** If this is a participating policy (a policy on which a dividend may be paid), upon payment or non-payment of a dividend, we shall provide a written explanation to you that sets forth the basis of the dividend calculation. The explanation will be in clear, understandable language and will express the dividend as a dollar amount and as a percentage of the earned premium for the policy year on which the dividend is calculated.

(3)   **Claims Information.** Pursuant to Sections 3761 and 3762 of the California Labor Code, you are entitled to receive information in our claim files that affects your premium. Copies of documents will be supplied at your expense during reasonable business hours.

For claims covered under this policy, we will estimate the ultimate cost of unsettled claims for statistical purposes eighteen months after the policy becomes effective and will report those estimates to the Workers' Compensation Insurance Rating Bureau of California (WCIRB) no later than twenty months after the policy becomes effective. The cost of any settled claims will also be reported at that time. At twelve-month intervals thereafter, we will update and report to the WCIRB the estimated cost of any unsettled claims and the actual final cost of any claims settled in the interim. The amounts we report will be used by the WCIRB to compute your experience modification if you are eligible for experience rating.

**B.**   **Information Available from the Workers' Compensation Insurance Rating Bureau of California**

(1)   The WCIRB is a licensed rating organization and the California Insurance Commissioner's designated statistical agent. As such, the WCIRB is responsible for administering the *California Workers' Compensation Uniform Statistical Reporting Plan— 1995* (USRP) and the *California Workers' Compensation Experience Rating Plan—1995* (ERP). WCIRB contact information is: WCIRB, 1221 Broadway, Suite 900, Oakland, CA 94612, Attn: Customer Service; 888.229.2472 (phone); 415.778.7272 (fax); and customerservice@wcirb.com (email). The regulations contained in the USRP and ERP are available for public viewing through the WCIRB's website at wcirb.com.

(2)   **Policyholder Information.** Pursuant to California Insurance Code (CIC) Section 11752.6, upon written request, you are entitled to information relating to loss experience, claims, classification assignments, and policy contracts as well as rating plans, rating systems, manual rules, or other information impacting your premium that is maintained in the records of the WCIRB. Complaints and Requests for Action requesting policyholder information should be forwarded to: WCIRB, 1221 Broadway, Suite 900, Oakland, CA 94612, Attn: Custodian of Records. The Custodian of Records can be reached at 415.777.0777 (phone) and 415.778.7272 (fax).

(3)   **Experience Rating Form.** Each experience rated risk may receive a single copy of its current Experience Rating Form/Worksheet free of charge by completing a Policyholder Experience Rating Worksheet Request Form on the WCIRB's website at wcirb.com/ratesheet. The Experience Rating Form/Worksheet will include a Loss-Free Rating, which is the experience modification that would have been calculated if $0 (zero) actual losses were incurred during the experience period. This hypothetical rating calculation is provided for informational purposes only.

**II.**   **Dispute Process**

You may dispute our actions or the actions of the WCIRB pursuant to CIC Sections 11737 and 11753.1.

**A.**   **Our Dispute Resolution Process.**

If you are aggrieved by our decision adopting a change in a classification assignment that results in increased premium, or by the application of our rating system to your workers' compensation insurance, you may dispute these matters with us. If you are dissatisfied with the outcome of the initial dispute with us, you may send us a written Complaint and Request for Action as outlined below.

(Ed. 03-19)

You may send us a written Complaint and Request for Action requesting that we reconsider a change in a classification assignment that results in an increased premium and/or requesting that we review the manner in which our rating system has been applied in connection with the insurance afforded or offered you. Written Complaints and Requests for Action should be forwarded to:

<div align="center">

**United Wisconsin Insurance Company**
**Attn: Olivia Dimithe**
**Consumer Complaints**
**3 Hutton Centre Dr. #550**
**Santa Ana, CA 92707**
**1-800-258-2667**
**Fax: 517-346-2069**

</div>

After you send your Complaint and Request for Action, we have 30 days to send you a written notice indicating whether or not your written request will be reviewed. If we agree to review your request, we must conduct the review and issue a decision granting or rejecting your request within 60 days after sending you the written notice granting review. If we decline to review your request, if you are dissatisfied with the decision upon review, or if we fail to grant or reject your request or issue a decision upon review, you may appeal to the Insurance Commissioner as described in paragraph II.C., below.

B.  **Disputing the Actions of the WCIRB.** If you have been aggrieved by any decision, action, or omission to act of the WCIRB, you may request, in writing, that the WCIRB reconsider its decision, action, or omission to act. You may also request, in writing, that the WCIRB review the manner in which its rating system has been applied in connection with the insurance afforded or offered you. For requests related to classification disputes, the reporting of experience, or coverage issues, your initial request for review must be received by the WCIRB within 12 months after the expiration date of the policy to which the request for review pertains, except if the request involves the application of the Revision of Losses rule. For requests related to your experience modification, your initial request for review must be received by the WCIRB within 6 months after the issuance, or 12 months after the expiration date, of the experience modification to which the request for review pertains, whichever is later, except if the request for review involves the application of the Revision of Losses rule. If the request involves the Revision of Losses rule, the time to state your appeal may be longer. (See Section VI, Rule 7 of the ERP).

You may commence the review process by sending the WCIRB a written Inquiry. Written Inquiries should be sent to: WCIRB, 1221 Broadway, Suite 900, Oakland, CA 94612, Attn: Customer Service. Customer Service can be reached at 888.229.2472 (phone), 415.778.7272 (fax) and customerservice@wcirb.com (email).

If you are dissatisfied with the WCIRB's decision upon an Inquiry, or if the WCIRB fails to respond within 90 days after receipt of the Inquiry, you may pursue the subject of the Inquiry by sending the WCIRB a written Complaint and Request for Action. After you send your Complaint and Request for Action, the WCIRB has 30 days to send you written notice indicating whether or not your written request will be reviewed. If the WCIRB agrees to review your request, it must conduct the review and issue a decision granting or rejecting your request within 60 days after sending you the written notice granting review. If the WCIRB declines to review your request, if you are dissatisfied with the decision upon review, or if the WCIRB fails to grant or reject your request or issue a decision upon review, you may appeal to the Insurance Commissioner as described in paragraph II.C., below. Written Complaints and Requests for Action should be forwarded to: WCIRB, 1221 Broadway, Suite 900, Oakland, CA 94612, Attn: Complaints and Reconsideration. The WCIRB's contact information is 888.229.2472 (phone), 415.371.5204 (fax) and customerservice@wcirb.com (email).

C.  **California Department of Insurance – Appeals to the Insurance Commissioner.** After you follow the appropriate dispute resolution process described above, if (1) we or the WCIRB decline to review your request, (2) you are dissatisfied with the decision upon review, or (3) we or the WCIRB fail to grant or reject your request or issue a decision upon review, you may appeal to the Insurance Commissioner pursuant to CIC Sections 11737, 11752.6, 11753.1 and Title 10, California Code of Regulations, Section 2509.40 et seq. You must file your appeal within 30 days after we or the WCIRB send you the notice rejecting review of your Complaint and Request for Action or the decision upon your Complaint and Request for Action. If no written decision regarding your Complaint and Request for Action is sent, your appeal must be filed within 120 days after you sent your Complaint and Request for Action to us or to the WCIRB. The filing address for all appeals to the Insurance Commissioner is:

<div align="center">

Administrative Hearing Bureau
California Department of Insurance
45 Fremont Street, 22nd Floor
San Francisco, CA 94105
415.538.4102

</div>

You have the right to a hearing before the Insurance Commissioner, and our action, or the action of the WCIRB, may be affirmed, modified or reversed.

PN 04 99 01 G

(Ed. 03-19)

**III.     Resources Available to You in Obtaining Information and Pursuing Disputes**

    **A.**    **Policyholder Ombudsman.** Pursuant to California Insurance Code Section 11752.6, a policyholder ombudsman is available at the WCIRB to assist you in obtaining and evaluating the rating, policy, and claims information referenced in I.A. and I.B., above. The ombudsman may advise you on any dispute with us, the WCIRB, or on an appeal to the Insurance Commissioner pursuant to Section 11737 of the Insurance Code. The address of the policyholder ombudsman is WCIRB, 1221 Broadway, Suite 900, Oakland, CA 94612, Attn: Policyholder Ombudsman. The policyholder ombudsman can be reached at 415.778.7159 (phone), 415.371.5288 (fax) and ombudsman@wcirb.com (email).

    **B.**    **California Department of Insurance – Information and Assistance.** Information and assistance on policy questions can be obtained from the Department of Insurance Consumer HOTLINE, 800.927.HELP (4357) or insurance.ca.gov. For questions and correspondence regarding appeals to the Administrative Hearing Bureau, see the contact information in paragraph II.C.

This notice does not change the policy to which it is attached.

PN 04 99 02 B

(Ed. 05-02)

## POLICYHOLDER NOTICE

### CALIFORNIA WORKERS' COMPENSATION
### INSURANCE RATING LAWS

Pursuant to Section 11752.8 of the California Insurance Code, we are providing you with an explanation of the California workers' compensation rating laws.

1. We establish our own rates for workers' compensation. Our rates, rating plans, and related information are filed with the insurance commissioner and are open for public inspection.

2. The insurance commissioner can disapprove our rates, rating plans, or classifications only if he or she has determined after public hearing that our rates might jeopardize our ability to pay claims or might create a monopoly in the market. A monopoly is defined by law as a market where one insurer writes 20% or more of that part of the California workers' compensation insurance that is not written by the State Compensation Insurance Fund. If the insurance commissioner disapproves our rates, rating plans, or classifications, he or she may order an increase in the rates applicable to outstanding policies.

3. Rating organizations may develop pure premium rates that are subject to the insurance commissioner's approval. A pure premium rate reflects the anticipated cost and expenses of claims per $100 of payroll for a given classification. Pure premium rates are advisory only, as we are not required to use the pure premium rates developed by any rating organization in establishing our own rates.

4. We must adhere to a single, uniform experience rating plan. If you are eligible for experience rating under the plan, we will be required to adjust your premium to reflect your claim history. A better claim history generally results in a lower experience rating modification; more claims, or more expensive claims, generally result in a higher experience rating modification. The uniform experience rating plan, which is developed by the insurance rating organization designated by the insurance commissioner, is subject to approval by the insurance commissioner.

5. A standard classification system, developed by the insurance rating organization designated by the insurance commissioner, is subject to approval by the insurance commissioner. The standard classification system is a method of recognizing and separating policyholders into industry or occupational groups according to their similarities and/or differences. We can adopt and apply the standard classification system or develop and apply our own classification system, provided we can report the payroll, expenses, and other costs of claims in a way that is consistent with the uniform statistical plan or the standard classification system.

6. Our rates and classifications may not violate the Unruh Civil Rights Act or be unfairly discriminatory.

7. We will provide an appeal process for you to appeal the way we rate your insurance policy. The process requires us to respond to your written appeal within 30 days. If you are not satisfied with the result of your appeal, you may appeal our decision to the insurance commissioner.

### California Workers' Compensation Insurance
### Notice of Nonrenewal

Section 11664 of the California Insurance Code requires us, in most instances, to provide you with a notice of nonrenewal. Except as specified in paragraphs 1 through 6 below, if we elect to nonrenew your policy, we are required to deliver or mail to you a written notice stating the reason or reasons for the nonrenewal of the policy. The notice is required to be sent to you no earlier than 120 days before the end of the policy period and no later than 30 days before the end of the policy period. If we fail to provide you the required notice, we are required to continue the coverage under the policy with no change in the premium rate until 60 days after we provide you with the required notice.

**PN 04 99 02 B**

**(Ed. 05-02)**

We are not required to provide you with a notice of nonrenewal in any of the following situations:

1. Your policy was transferred or renewed without a change in its terms or conditions or the rate on which the premium is based to another insurer or other insurers who are members of the same insurance group as us.

2. The policy was extended for 90 days or less and the required notice was given prior to the extension.

3. You obtained replacement coverage or agreed, in writing, within 60 days of the termination of the policy, to obtain that coverage.

4. The policy is for a period of no more than 60 days and you were notified at the time of issuance that it may not be renewed.

5. You requested a change in the terms or conditions or risks covered by the policy within 60 days prior to the end of the policy period.

6. We made a written offer to you to renew the policy at a premium rate increase of less than 25 percent.

   (A) If the premium rate in your governing classification is to be increased 25 percent or greater and we intend to renew the policy, we shall provide a written notice of a renewal offer not less than 30 days prior to the policy renewal date. The governing classification shall be determined by the rules and regulations established in accordance with California Insurance Code Section 11750.3(c).

   (B) For purposes of this Notice, "premium rate" means the cost of insurance per unit of exposure prior to the application of individual risk variations based on loss or expense considerations such as scheduled rating and experience rating.

This notice does not change the policy to which it is attached.

**PN 04 99 04**

**(Ed. 12-01)**

## POLICYHOLDER NOTICE

### CALIFORNIA INSURANCE GUARANTEE ASSOCIATION (CIGA) SURCHARGE

Companies writing property and casualty insurance business in California are required to participate in the California Insurance Guarantee Association. If a company becomes insolvent, the California Insurance Guarantee Association settles unpaid claims and assesses each insurance company for its fair share.

California law requires all companies to surcharge policies to recover these assessments.  If your policy is surcharged, "CA Surcharge" or "CA Surcharge (CIGA Surcharge)" with an amount will be displayed on your premium notice.

This notice does not change the policy to which it is attached.

## CALIFORNIA LOSS PREVENTION NOTICE

This endorsement applies only to the insurance provided by the policy because California is shown in Item 3.A. of the Policy Information Page.

We are required by law to maintain or provide occupational safety and health loss prevention consultation services as required by Labor Code Section 6354.5 and Insurance Code Section 11703.  These services are available at no additional charge to the insured.

The available Loss Prevention Consultation Services include the following:

*   A workplace survey, including discussion with management and, where appropriate, non-management personnel with permission of the employer.
*   A review of injury records with appropriate personnel.
*   The development of a plan to improve the employer's health and safety loss prevention experience, which shall include, where appropriate, modifications to the employer's injury and illness prevention program established pursuant to Labor Code Section 6401.7.

These services will identify the hazards exposing the policyholder to, or causing, significant workers' compensation losses, and will advise the insured of steps needed to mitigate the identified workers' compensation losses or exposures.

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.
(The information below is required only when this endorsement is issued subsequent to preparation of the policy)

Endorsement Effective: 05/14/19                File No.: ████████3018              Carrier Policy No.: ████████████18-SZ
                                                                                    Premium: $ 561,144.00
Insured:    Scoobeez Global Inc                                                     Carrier No.: 24244
Insurance Company:  United Wisconsin Insurance Company
Endorsement:      PN 99 04 51
Edition:          01/15

Agency: Sunz Insurance Solutions, LLC / 1
© Copyright 2015 National Council on Compensation Insurance

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY                    00 C CA

(Ed. 1-15)

## WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY

In return for the payment of the premium and subject to all terms of this policy, we agree with you as follows:

### GENERAL SECTION

**A. The Policy**

This policy includes at its effective date the Information Page and all endorsements and schedules listed there. It is a contract of insurance between you (the employer named in Item 1 of the Information Page) and us (the insurer named on the Information Page). The only agreements relating to this insurance are stated in this policy. The terms of this policy may not be changed or waived except by endorsement issued by us to be part of this policy.

**B. Who is Insured**

You are insured if you are an employer named in Item 1 of the Information Page. If that employer is a partnership, and if you are one of its partners, you are insured, but only in your capacity as an employer of the partnership's employees.

**C. Workers Compensation Law**

Workers Compensation Law means the workers or workmen's compensation law and occupational disease law of each state or territory named in Item 3.A. of the Information Page. It includes any amendments to that law which are in effect during the policy period. It does not include any federal workers or workmen's compensation law, any federal occupational disease law or the provisions of any law that provide nonoccupational disability benefits.

**D. State**

State means any state of the United States of America, and the District of Columbia.

**E. Locations**

This policy covers all of your workplaces listed in Items 1 or 4 of the Information Page; and it covers all other workplaces in Item 3.A. states unless you have other insurance or are self-insured for such workplaces.

### PART ONE
### WORKERS COMPENSATION INSURANCE

**A. How This Insurance Applies**

This workers compensation insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.

1. Bodily injury by accident must occur during the policy period.

2. Bodily injury by disease must be caused or aggravated by the conditions of your employment. The employee's last day of last exposure to the conditions causing or aggravating such bodily injury by disease must occur during the policy period.

**B. We Will Pay**

We will pay promptly when due the benefits required of you by the workers compensation law.

**C. We Will Defend**

We have the right and duty to defend at our expense any claim, proceeding or suit against you for benefits payable by this insurance. We have the right to investigate and settle these claims, proceedings or suits.

We have no duty to defend a claim, proceeding or suit that is not covered by this insurance.

**D. We Will Also Pay**

We will also pay these costs, in addition to other amounts payable under this insurance, as part of any claim, proceeding or suit we defend:

1. reasonable expenses incurred at our request, but not loss of earnings;

2. premiums for bonds to release attachments and for appeal bonds in bond amounts up to the amount payable under this insurance;

3. litigation costs taxed against you;

4. interest on a judgment as required by law until we offer the amount due under this insurance; and

5. expenses we incur.

**E. Other Insurance**

We will not pay more than our share of benefits and costs covered by this insurance and other

© Copyright 2013 National Council on Compensation Insurance, Inc. All Rights Reserved.

**00 C CA**  **WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY**

(Ed. 1-15)

insurance or self-insurance. Subject to any limits of liability that may apply, all shares will be equal until the loss is paid. If any insurance or self-insurance is exhausted, the shares of all remaining insurance will be equal until the loss is paid.

### F. Payments You Must Make

You are responsible for any payments in excess of the benefits regularly provided by the workers compensation law including those required because:

1. of your serious and willful misconduct;

2. you knowingly employ an employee in violation of law;

3. you fail to comply with a health or safety law or regulation; or

4. you discharge, coerce or otherwise discriminate against any employee in violation of the workers compensation law.

If we make any payments in excess of the benefits regularly provided by the workers compensation law on your behalf, you will reimburse us promptly.

### G. Recovery From Others

We have your rights, and the rights of persons entitled to the benefits of this insurance, to recover our payments from anyone liable for the injury. You will do everything necessary to protect those rights for us and to help us enforce them.

### H. Statutory Provisions

These statements apply where they are required by law.

1. As between an injured worker and us, we have notice of the injury when you have notice.

2. Your default or the bankruptcy or insolvency of you or your estate will not relieve us of our duties under this insurance after an injury occurs.

3. We are directly and primarily liable to any person entitled to the benefits payable by this insurance. Those persons may enforce our duties; so may an agency authorized by law. Enforcement may be against us or against you and us.

4. Jurisdiction over you is jurisdiction over us for purposes of the workers compensation law. We are bound by decisions against you under that law, subject to the provisions of this policy that are not in conflict with that law.

5. This insurance conforms to the parts of the

workers compensation law that apply to:

a. benefits payable by this insurance;

b. special taxes, payments into security or other special funds, and assessments payable by us under that law.

6. Terms of this insurance that conflict with the workers compensation law are changed by this statement to conform to that law.

Nothing in these paragraphs relieves you of your duties under this policy.

### PART TWO
### EMPLOYERS LIABILITY INSURANCE

### A. How This Insurance Applies

This employers liability insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.

1. The bodily injury must arise out of and in the course of the injured employee's employment by you.

2. The employment must be necessary or incidental to your work in a state or territory listed in Item 3.A. of the Information Page.

3. Bodily injury by accident must occur during the policy period.

4. Bodily injury by disease must be caused or aggravated by the conditions of your employment. The employee's last day of last exposure to the conditions causing or aggravating such bodily injury by disease must occur during the policy period.

5. If you are sued, the original suit and any related legal actions for damages for bodily injury by accident or by disease must be brought in the United States of America, its territories or possessions, or Canada.

### B. We Will Pay

We will pay all sums that you legally must pay as damages because of bodily injury to your employees, provided the bodily injury is covered by this Employers Liability Insurance.

The damages we will pay, where recovery is permitted by law, include damages:

1. For which you are liable to a third party by reason of a claim or suit against you by that third party to recover the damages claimed against

© Copyright 2013 National Council on Compensation Insurance, Inc. All Rights Reserved.

such third party as a result of injury to your employee;

2. For care and loss of services; and

3. For consequential bodily injury to a spouse, child, parent, brother or sister of the injured employee; provided that these damages are the direct consequence of bodily injury that arises out of and in the course of the injured employee's employment by you; and

4. Because of bodily injury to your employee that arises out of and in the course of employment, claimed against you in a capacity other than as employer.

C. **Exclusions**

This insurance does not cover:

1. Liability assumed under a contract. This exclusion does not apply to a warranty that your work will be done in a workmanlike manner;

2. Punitive or exemplary damages because of bodily injury to an employee employed in violation of law;

3. Bodily injury to an employee while employed in violation of law with your actual knowledge or the actual knowledge of any of your executive officers;

4. Any obligation imposed by a workers compensation, occupational disease, unemployment compensation, or disability benefits law, or any similar law;

5. Bodily injury intentionally caused or aggravated by you;

6. Bodily injury occurring outside the United States of America, its territories or possessions, and Canada. This exclusion does not apply to bodily injury to a citizen or resident of the United States of America or Canada who is temporarily outside these countries;

7. Damages arising out of coercion, criticism, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination against or termination of any employee, or any personnel practices, policies, acts or omissions;

8. Bodily injury to any person in work subject to the Longshore and Harbor Workers' Compensation Act (33 U.S.C. Sections 901 et seq.), the Nonappropriated Fund Instrumentalities Act (5 U.S.C. Sections 8171 et seq.), the Outer Continental Shelf Lands Act (43 U.S.C. Sections 1331 et seq.), the Defense Base Act (42 U.S.C. Sections 1651–1654), the Federal Mine Safety and Health Act (30 U.S.C. Sections 801 et seq. and 901–944), any other federal workers or workmen's compensation law or other federal occupational disease law, or any amendments to these laws;

9. Bodily injury to any person in work subject to the Federal Employers' Liability Act (45 U.S.C. Sections 51 et seq.), any other federal laws obligating an employer to pay damages to an employee due to bodily injury arising out of or in the course of employment, or any amendments to those laws;

10. Bodily injury to a master or member of the crew of any vessel, and does not cover punitive damages related to your duty or obligation to provide transportation, wages, maintenance, and cure under any applicable maritime law;

11. Fines or penalties imposed for violation of federal or state law; and

12. Damages payable under the Migrant and Seasonal Agricultural Worker Protection Act (29 U.S.C. Sections 1801 et seq.) and under any other federal law awarding damages for violation of those laws or regulations issued thereunder, and any amendments to those laws.

D. **We Will Defend**

We have the right and duty to defend, at our expense, any claim, proceeding or suit against you for damages payable by this insurance. We have the right to investigate and settle these claims, proceedings and suits.

We have no duty to defend a claim, proceeding or suit that is not covered by this insurance. We have no duty to defend or continue defending after we have paid our applicable limit of liability under this insurance.

E. **We Will Also Pay**

We will also pay these costs, in addition to other amounts payable under this insurance, as part of any claim, proceeding, or suit we defend:

1. Reasonable expenses incurred at our request, but not loss of earnings;

2. Premiums for bonds to release attachments and for appeal bonds in bond amounts up to the limit of our liability under this insurance;

3. Litigation costs taxed against you;

4. Interest on a judgment as required by law until we offer the amount due under this insurance; and

5. Expenses we incur.

© Copyright 2013 National Council on Compensation Insurance, Inc. All Rights Reserved.

■■■■■■ 00 C CA    **WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY**

(Ed. 1-15)

---

F.  **Other Insurance**

We will not pay more than our share of damages and costs covered by this insurance and other insurance or self-insurance. Subject to any limits of liability that apply, all shares will be equal until the loss is paid. If any insurance or self-insurance is exhausted, the shares of all remaining insurance and self-insurance will be equal until the loss is paid.

G.  **Limits of Liability**

Our liability to pay for damages is limited. Our limits of liability are shown in Item 3.B. of the Information Page. They apply as explained below.

1.  Bodily Injury by Accident. The limit shown for "bodily injury by accident—each accident" is the most we will pay for all damages covered by this insurance because of bodily injury to one or more employees in any one accident.

    A disease is not bodily injury by accident unless it results directly from bodily injury by accident.

2.  Bodily Injury by Disease. The limit shown for "bodily injury by disease—policy limit" is the most we will pay for all damages covered by this insurance and arising out of bodily injury by disease, regardless of the number of employees who sustain bodily injury by disease. The limit shown for "bodily injury by disease—each employee" is the most we will pay for all damages because of bodily injury by disease to any one employee.

    Bodily injury by disease does not include disease that results directly from a bodily injury by accident.

3.  We will not pay any claims for damages after we have paid the applicable limit of our liability under this insurance.

H.  **Recovery From Others**

We have your rights to recover our payment from anyone liable for an injury covered by this insurance. You will do everything necessary to protect those rights for us and to help us enforce them.

I.  **Actions Against Us**

There will be no right of action against us under this insurance unless:

1.  You have complied with all the terms of this policy; and

2.  The amount you owe has been determined with our consent or by actual trial and final judgment.

This insurance does not give anyone the right to add us as a defendant in an action against you to determine your liability. The bankruptcy or insolvency of you or your estate will not relieve us of our obligations under this Part.

**PART THREE
OTHER STATES INSURANCE**

A.  **How This Insurance Applies**

1.  This other states insurance applies only if one or more states are shown in Item 3.C. of the Information Page.

2.  If you begin work in any one of those states after the effective date of this policy and are not insured or are not self-insured for such work, all provisions of the policy will apply as though that state were listed in Item 3.A. of the Information Page.

3.  We will reimburse you for the benefits required by the workers compensation law of that state if we are not permitted to pay the benefits directly to persons entitled to them.

4.  If you have work on the effective date of this policy in any state not listed in Item 3.A. of the Information Page, coverage will not be afforded for that state unless we are notified within thirty days.

B.  **Notice**

Tell us at once if you begin work in any state listed in Item 3.C. of the Information Page.

**PART FOUR
YOUR DUTIES IF INJURY OCCURS**

Tell us at once if injury occurs that may be covered by this policy. Your other duties are listed here.

1.  Provide for immediate medical and other services required by the workers compensation law.

2.  Give us or our agent the names and addresses of the injured persons and of witnesses, and other information we may need.

3.  Promptly give us all notices, demands and legal

© Copyright 2013 National Council on Compensation Insurance, Inc. All Rights Reserved.

papers related to the injury, claim, proceeding or suit.

4. Cooperate with us and assist us, as we may request, in the investigation, settlement or defense of any claim, proceeding or suit.

5. Do nothing after an injury occurs that would interfere with our right to recover from others.

6. Do not voluntarily make payments, assume obligations or incur expenses, except at your own cost.

## PART FIVE—PREMIUM

### A. Our Manuals

All premium for this policy will be determined by our manuals of rules, rates, rating plans and classifications. We may change our manuals and apply the changes to this policy if authorized by law or a governmental agency regulating this insurance.

### B. Classifications

Item 4 of the Information Page shows the rate and premium basis for certain business or work classifications. These classifications were assigned based on an estimate of the exposures you would have during the policy period. If your actual exposures are not properly described by those classifications, we will assign proper classifications, rates and premium basis by endorsement to this policy.

### C. Remuneration

Premium for each work classification is determined by multiplying a rate times a premium basis. Remuneration is the most common premium basis. This premium basis includes payroll and all other remuneration paid or payable during the policy period for the services of:

1. all your officers and employees engaged in work covered by this policy; and

2. all other persons engaged in work that could make us liable under Part One (Workers Compensation Insurance) of this policy. If you do not have payroll records for these persons, the contract price for their services and materials may be used as the premium basis. This paragraph 2 will not apply if you give us proof that the employers of these persons lawfully secured their workers compensation obligations.

### D. Premium Payments

You will pay all premium when due. You will pay the premium even if part or all of a workers compensation law is not valid.

### E. Final Premium

The premium shown on the Information Page, schedules, and endorsements is an estimate. The final premium will be determined after this policy ends by using the actual, not the estimated, premium basis and the proper classifications and rates that lawfully apply to the business and work covered by this policy. If the final premium is more than the premium you paid to us, you must pay us the balance. If it is less, we will refund the balance to you. The final premium will not be less than the highest minimum premium for the classifications covered by this policy.

If this policy is canceled, final premium will be determined in the following way unless our manuals provide otherwise:

1. If we cancel, final premium will be calculated pro rata based on the time this policy was in force. Final premium will not be less than the pro rata share of the minimum premium.

2. If you cancel, final premium will be more than pro rata; it will be based on the time this policy was in force, and increased by our short-rate cancelation table and procedure. Final premium will not be less than the minimum premium.

### F. Records

You will keep records of information needed to compute premium. You will provide us with copies of those records when we ask for them.

### G. Audit

You will let us examine and audit all your records that relate to this policy. These records include ledgers, journals, registers, vouchers, contracts, tax reports, payroll and disbursement records, and programs for storing and retrieving data. We may conduct the audits during regular business hours during the policy period and within three years after the policy period ends. Information developed by audit will be used to determine final premium. Insurance rate service organizations have the same rights we have under this provision.

© Copyright 2013 National Council on Compensation Insurance, Inc. All Rights Reserved.

**00 C CA**

(Ed. 1-15)

## PART SIX—CONDITIONS

### A. Inspection

We have the right, but are not obliged to inspect your workplaces at any time. Our inspections are not safety inspections. They relate only to the insurability of the workplaces and the premiums to be charged. We may give you reports on the conditions we find. We may also recommend changes. While they may help reduce losses, we do not undertake to perform the duty of any person to provide for the health or safety of your employees or the public. We do not warrant that your workplaces are safe or healthful or that they comply with laws, regulations, codes or standards. Insurance rate service organizations have the same rights we have under this provision.

### B. Long Term Policy

If the policy period is longer than one year and sixteen days, all provisions of this policy will apply as though a new policy were issued on each annual anniversary that this policy is in force.

### C. Transfer of Your Rights and Duties

Your rights or duties under this policy may not be transferred without our written consent.

If you die and we receive notice within thirty days after your death, we will cover your legal representative as insured.

### D. Cancelation

1. You may cancel this policy. You must mail or deliver advance written notice to us stating when the cancelation is to take effect.

2. We may cancel this policy. We must mail or deliver to you not less than ten days advance written notice stating when the cancelation is to take effect. Mailing that notice to you at your mailing address shown in Item 1 of the Information Page will be sufficient to prove notice.

3. The policy period will end on the day and hour stated in the cancelation notice.

4. Any of these provisions that conflict with a law that controls the cancelation of the insurance in this policy is changed by this statement to comply with the law.

### E. Sole Representative

The insured first named in Item 1 of the Information Page will act on behalf of all insureds to change this policy, receive return premium, and give or receive notice of cancelation.

© Copyright 2013 National Council on Compensation Insurance, Inc. All Rights Reserved.

## POLICY AMENDATORY ENDORSEMENT–CALIFORNIA

It is agreed that, anything in the policy to the contrary notwithstanding, such insurance as is afforded by this policy by reason of the designation of California in Item 3 of the Information Page is subject to the following provisions:

1. **Minors Illegally Employed – Not Insured.** This policy does not cover liability for additional compensation imposed on you under Section 4557, Division IV, Labor Code of the State of California, by reason of injury to an employee under sixteen years of age and illegally employed at the time of injury.

2. **Punitive or Exemplary Damages – Uninsurable.** This policy does not cover punitive or exemplary damages where insurance of liability therefor is prohibited by law or contrary to public policy.

3. **Increase in Indemnity Payment – Reimbursement.** You are obligated to reimburse us for the amount of increase in indemnity payments made pursuant to Subdivision (d) of Section 4650 of the California Labor Code, if the late indemnity payment which gives rise to the increase in the amount of payment is due less than seven (7) days after we receive the completed claim form from you. You are obligated to reimburse us for any increase in indemnity payments not covered under this policy and will reimburse us for any increase in indemnity payment not covered under the policy when the aggregate total amount of the reimbursement payments paid in a policy year exceeds one hundred dollars ($100).

   If we notify you in writing, within 30 days of the payment, that you are obligated to reimburse us, we will bill you for the amount of increase in indemnity payment and collect it no later than the final audit. You will have 60 days, following notice of the obligation to reimburse, to appeal the decision of the insurer to the Department of Insurance.

4. **Application of Policy.** Part One, "Workers Compensation Insurance", A, "How This Insurance Applies", is amended to read as follows:

   This workers compensation insurance applies to bodily injury by accident or disease, including death resulting therefrom. Bodily injury by accident must occur during the policy period. Bodily injury by disease must be caused or aggravated by the conditions of your employment. Your employee's exposure to those conditions causing or aggravating such bodily injury by disease must occur during the policy period.

5. **Rate Changes.** The premium and rates with respect to the insurance provided by this policy by reason of the designation of California in Item 3 of the Information Page are subject to change if ordered by the Insurance Commissioner of the State of California pursuant to Section 11737 of the California Insurance Code.

6. **Long Term Policy.** If this policy is written for a period longer than one year, all the provisions of this policy shall apply separately to each consecutive twelve-month period or, if the first or last consecutive period is less than twelve months, to such period of less than twelve months, in the same manner as if a separate policy had been written for each consecutive period.

7. **Statutory Provision.** Your employee has a first lien upon any amount which becomes owing to you by us on account of this policy, and in the case of your legal incapacity or inability to receive the money and pay it to the claimant, we will pay it directly to the claimant.

8. Part Five, "Premium", E, "Final Premium", is amended to read as follows:

   The premium shown on the Information Page, schedules, and endorsements is an estimate. The final premium will be determined after this policy ends by using the actual, not the estimated, premium basis and the proper classifications and rates that lawfully apply to the business and work covered by this policy. If the final premium is more than the premium you paid to us, you must pay us the balance. If it is less, we will refund the balance to you. The final premium will not be less than the highest minimum premium for the classifications covered by this policy.

   If this policy is canceled, final premium will be determined in the following way unless our manuals provide otherwise:

© Copyright 2018 National Council on Compensation Insurance, Inc. All Rights Reserved.


a.  If we cancel, final premium will be calculated pro rata based on the time this policy was in force. Final premium will not be less than the pro rata share of the minimum premium.

b.  If you cancel, final premium may be more than pro rata; it will be based on the time this policy was in force, and may be increased by our short-rate cancelation table and procedure. Final premium will not be less than  the pro rata share of the minimum premium.

It is further agreed that this policy, including all endorsements forming a part thereof, constitutes the entire contract of insurance. No condition, provision, agreement, or understanding not set forth in this policy or such endorsements shall affect such contract or any rights, duties, or privileges arising therefrom.

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.
(The information below is required only when this endorsement is issued subsequent to preparation of the policy)

Endorsement Effective: 05/14/19       File No.: ███████3018       Carrier Policy No.: ███████18-SZ
                                                                    Premium: $ 561,144.00

Insured:    Scoobeez Global Inc                                     Carrier No.: 24244
Insurance Company:  United Wisconsin Insurance Company
Endorsement:        ████ 03 01 D
Edition:            02/18

---

### DUTY TO DEFEND - CALIFORNIA

The insurance afforded by Part One, Section C, **"We Will Defend,"** is hereby deleted and replaced with the following:

**WE WILL DEFEND**

We have the right and duty to defend at our expense any claim or proceeding against you before the California Workers' Compensation Appeals Board or its equivalent in any other state (and any appeal of a decision therefrom) for the benefits payable by this workers' compensation insurance.  We have the right to investigate and settle these claims or proceedings.

We have no duty to defend a claim, proceeding, or suit that is not covered by this insurance.

Nothing contained in this Section shall amend, modify, restrict or otherwise alter any obligations or conditions under Part Two-Employer's Liability Insurance of the policy.

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.
(The information below is required only when this endorsement is issued subsequent to preparation of the policy)

Endorsement Effective: 05/14/19        File No.: ▮▮▮▮3018        Carrier Policy No.: ▮▮▮▮▮▮18-SZ
                                                                 Premium: $ 561,144.00
Insured:    Scoobeez Global Inc                                   Carrier No.: 24244
Insurance Company:  United Wisconsin Insurance Company
Endorsement:        ▮▮▮ 03 10
Edition:            01/95

Countersigned by: _____

## ENDORSEMENT AGREEMENT LIMITING AND RESTRICTING THIS INSURANCE
### Labor Contractor as Named Insured with LCF Designation - Restriction of Coverage to Client Workers

The insurance under this policy is limited as follows: It is AGREED that, anything in this policy to the contrary notwithstanding, this policy DOES NOT INSURE:

**LIABILITY NOT INSURED**   Any liability the labor contractor named in Item 1 of the policy may have, other than with respect to employees provided to the client shown in Item 1 (following the designation "Leased Coverage For" or "LCF") pursuant to an employee leasing arrangement subject to the *California Workers' Compensation Experience Rating Plan—1995*, Section V, Rule 4, *Application of Experience Modification to Policies Covering Employee Leasing Arrangements*

**LIABILITY NOT INSURED**   Any liability the client shown in Item 1 may have, other than with respect to workers provided by the Labor Contractor named in Item 1 of the policy pursuant to an employee leasing arrangement subject to the *California Workers' Compensation Experience Rating Plan—1995*, Section V, Rule 4, *Application of Experience Modification to Policies Covering Employee Leasing Arrangements*.

**Name of Client shown in Item 1:**
Scoobeez Global Inc

**Client's Address**
396 S Pasadena Ave
Sunland, CA 91040-0000

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.
(The information below is required only when this endorsement is issued subsequent to preparation of the policy)

Endorsement Effective: 05/14/19        File No.: 5████3018        Carrier Policy No.: ████████18-SZ
Premium: $ 561,144.00

Insured:   Scoobeez Global Inc                                     Carrier No.: 24244
Insurance Company:  United Wisconsin Insurance Company
Endorsement:      ████ 03 15 B
Edition:          10/16

Countersigned by: _____

Agency: Sunz Insurance Solutions, LLC / 1
© Copyright 2016 National Council on Compensation Insurance

## EMPLOYERS' LIABILITY COVERAGE AMENDATORY ENDORSEMENT-CALIFORNIA

The insurance afforded by Part Two (Employers' Liability Insurance) by reason of designation of California in item 3 of the information page is subject to the following provisions:

A. **"How This Insurance Applies,"** is amended to read as follows:

    A. How This Insurance Applies

    This employers' liability insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury means a physical injury, including resulting death.

      1. The bodily injury must arise out of and in the course of the injured employee's employment by you.

      2. The employment must be necessary or incidental to your work in California.

      3. Bodily injury by accident must occur during the policy period.

      4. Bodily injury by disease must be caused or aggravated by the conditions of your employment. The employee's last day of last exposure to the conditions causing or aggravating such bodily injury by disease must occur during the policy period.

      5. If you are sued, the original suit and any related legal actions for damages for bodily injury by accident or by disease must be brought in the United States of America, its territories or possessions, or Canada.

C. The **"Exclusions"** section is modified as follows (all other exclusions in the **"Exclusions"** section remain as is):

    1. Exclusion 1 is amended to read as follows:

      1. liability assumed under a contract.

    2. Exclusion 2 is deleted.

    3. Exclusion 7 is amended to read as follows:

      7. damages arising out of coercion, criticism, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination against or termination of any employee, termination of employment, or any personnel practices, policies, acts or omissions.

    4. The following exclusions are added:

      1. bodily injury to any member of the flying crew of any aircraft.

      2. bodily injury to an employee when you are deprived of statutory or common law defenses or are subject to penalty because of your failure to secure your obligations under the workers' compensation law(s) applicable to you or otherwise fail to comply with that law.

      3. liability arising from California Labor Code Section 2810.3 which relates to labor contracting.

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.
(The information below is required only when this endorsement is issued subsequent to preparation of the policy)

Endorsement Effective: 05/14/19    File No.: ███ 3018    Carrier Policy No.: ███ 18-SZ
                                           Premium: $ 561,144.00

Insured:   Scoobeez Global Inc                             Carrier No.: 24244

Insurance Company:  United Wisconsin Insurance Company

Endorsement:   ███ 03 60 B

Edition:       01/15

Countersigned by: _____

Agency: Sunz Insurance Solutions, LLC / 1
© Copyright 2015 National Council on Compensation Insurance

## OPTIONAL PREMIUM INCREASE ENDORSEMENT - CALIFORNIA

You must provide us, or our authorized representative, access to records necessary to perform a payroll verification audit.  If you fail to provide access within 90 days after expiration of the policy, you are liable to pay a total premium equal to 3 times our current estimate of the annual premium for your policy. In addition, if you fail to provide access after our third request within a 90 day or longer period, you are also liable for our costs in attempting to perform the audit unless you provide a compelling business reason for your failure.

We will contact you to schedule appointments during normal business hours.

We will notify you of your failure to provide access by mailing a certified, return-receipt document stating the increased premium and the total amount of our costs incurred in our attempt(s) to perform an audit. In addition to any other obligations under this contract, 30 days after you receive the notification, you will be obligated to pay the total premium and costs referenced above. If, thereafter, you provide access to your records within three years after the policy expires, or within another mutually agreed upon time, and we succeed in performing the audit to our satisfaction, we will revise your total premium and the costs due to reflect the results of the audit.

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.
(The information below is required only when this endorsement is issued subsequent to preparation of the policy)

Endorsement Effective: 05/14/19    File No.: ▮▮▮3018    Carrier Policy No.: ▮▮▮18-SZ
Premium: $ 561,144.00

Insured:    Scoobeez Global Inc    Carrier No.: 24244
Insurance Company:  United Wisconsin Insurance Company
Endorsement:    ▮▮▮ 04 21
Edition:    01/08

Countersigned by: _____

Agency: Sunz Insurance Solutions, LLC / 1
© Copyright 2008 National Council on Compensation Insurance

Page 1 of 1

## CALIFORNIA CANCELATION ENDORSEMENT

This endorsement applies only to the insurance provided by the policy because California is shown in Item 3.A. of the Information Page.

The Cancelation condition in Part Six (Conditions) of the policy is replaced by these conditions:

**Cancelation:**

1.    You may cancel this policy.  You must mail or deliver advance written notice to us stating when the cancelation is to take effect.

2.    We may cancel this policy for one or more of the following reasons:

    a.    Non-payment of premium;

    b.    Failure to report payroll;

    c.    Failure to permit us to audit payroll as required by the terms of this policy or of a previous policy issued by us;

    d.    Failure to pay any additional premium resulting from an audit of payroll required by the terms of this policy or any previous policy issued by us;

    e.    Material misrepresentation made by you or your agent;

    f.    Failure to cooperate with us in the investigation of a claim;

    g.    Failure to comply with Federal or State safety orders;

    h.    Failure to comply with written recommendations of our designated loss control representatives;

    i.    The occurrence of a material change in the ownership of your business;

    j.    The occurrence of any change in your business or operations that materially increases the hazard for frequency or severity of loss;

    k.    The occurrence of any change in your business of operation that requires additional or different classification for premium calculation;

    l.    The occurrence of any change in your business or operation which contemplates an activity excluded by our reinsurance treaties.

3.    If we cancel your policy for any of the reasons listed in (a) through (f), we will give you 10 days advance written notice, stating when the cancelation is to take effect.  Mailing that notice to you at your mailing address shown in Item 1 of the Information Page will be sufficient to prove notice.  If we cancel your policy for any of the reasons listed in Items (g) through (l), we will give you 30 days advance written notice; however, we agree that in the event of cancelation and reissuance of a policy effective upon a material change in ownership or operations, notice will not be provided.

4.    The policy period will end on the day and hour stated in the cancelation notice.

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.
(The information below is required only when this endorsement is issued subsequent to preparation of the policy)

Endorsement Effective: 05/14/19          File No.: ▮▮▮▮3018          Carrier Policy No.: ▮▮▮▮18-SZ
                                                                                                   Premium: $ 561,144.00

Insured:    Scoobeez Global Inc                                                 Carrier No.: 24244
Insurance Company:  United Wisconsin Insurance Company
Endorsement:        ▮▮▮▮ 06 01 A
Edition:            12/93

Countersigned by: _____

Case 2:19-bk-14989-WB    Doc 316    Filed 09/11/19    Entered 09/11/19 14:51:02    06 03 B

Main Document    Page 167 of 175

(Ed. 01/15)

## CALIFORNIA LARGE RISK DEDUCTIBLE ENDORSEMENT

1.  This endorsement applies to the workers' compensation insurance coverage, the employers' liability insurance coverage and the other states insurance coverage provided in this policy.

2.  This endorsement applies between you and us. It does not affect the rights of others under the policy. Nor does it change our obligations under the policy, except as otherwise stated in this endorsement.

3.  In consideration of a reduced premium, you have agreed to reimburse us up to the deductible amounts stated in the Schedule at the end of this endorsement for all payments legally required, including allocated loss adjustment expenses which arise out of any claim or suit we defend, where you elect to include such expenses.

4.  We will remain responsible for the full payment of all claims under this policy without regard to your ability or intention to reimburse us for the deductible amounts. The contract of insurance shall be fully enforceable by your employees or their dependents against us.

## Deductible – Each Occurrence

5.  The deductible amount stated in the Schedule is the most you must reimburse us for indemnity and medical benefits and damages combined, including allocated loss adjustment expenses, if elected by you, for bodily injury to one or more employees as the result of any one accident or for disablement of one employee due to bodily injury by disease.

## Deductible – Policy Aggregate

6.  The amount stated in the Schedule as aggregate is the most you must reimburse us for the sum of all indemnity and medical benefits, damages, and allocated loss adjustment expense, if elected by you, because of bodily injury by accident or bodily injury by disease for the policy period.

    (a)  If we cancel the policy, the aggregate amount stated in the Schedule will be reduced to a pro rata amount based on the time this policy was in force.

    (b)  If you cancel the policy as a result of your retiring from business, the aggregate deductible amount will be reduced to a pro rata amount based on the time this policy was in force.

    (c)  If you cancel the policy for any reason other than retiring from business, the aggregate deductible amount will not be reduced.

    (d)  If this policy is issued for a term of less than one year, the aggregate deductible amount will not be reduced.

## Effect of Deductible on Limits of Liability

7.  The applicable limits of liability as respects the employers' liability insurance coverage provided in this policy are subject to reduction by the application of the loss reimbursement amount(s) applicable to any claim for accident or disease covered by this policy. In the event of a claim, our obligation to pay is the amount available for benefits or damages that remains after the application of the specific loss reimbursement amount. The payment of loss adjustment expense, where such expense is elected by you, will not affect the limits of the liability.

© Copyright 2015 National Council on Compensation Insurance, Inc. All Rights Reserved.

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY

Case 2:19-bk-14989-WB    Doc 316    Filed 09/11/19    Entered 09/11/19 14:51:02    Desc    06 03 B
Main Document        Page 168 of 175
(Ed. 01/15)

## Allocated Loss Adjustment Expenses

8.    Allocated loss adjustment expenses, which is electable by you, means claims expenses directly allocated by us to a particular claim. Such expenses shall not include cost of investigation or the salaries and traveling expenses of our employees other than those salaried employees who perform services which can be directly allocated to the handling of a particular claim.

## Recovery from Others

9.    If we recover any payments made under this policy from anyone liable for the injury, the amount we recover will be applied as follows:

    (a)    First, to any payments made by us in excess of the deductible amount; and

    (b)    Then the remainder, if any, will be applied to reduce the deductible amount reimbursed by you.

## Cancellation

10.    We may cancel this policy for nonpayment of any deductible amounts or for failure to comply with any security-related terms of this policy. Such cancellation of this policy shall be treated in the same manner as nonpayment of premium as provided by the California Insurance Code. We will remain fully responsible for the full amount of all claims incurred prior to the effective date of cancellation.

## Sole Representation

11.    The first Named Insured stated in the Information Page will act on behalf of all the named insureds with respect to:

    (a)    Changes to this endorsement

    (b)    Obligations to receive premiums; or

    (c)    Giving or receiving notice of cancellation.

## Your Duties and Understanding

12.    All bodily injuries by accident or disease for which you are responsible shall be promptly reported to us for adjustment and payment, regardless of their severity or cost. You further understand that all such bodily injuries and their cost shall be included in experience data used to determine the experience rating for your policy, regardless of the eligibility of such claims for full or partial reimbursement under the deductible provisions of this policy.

## Other Rights and Duties

13.    All other terms of the policy, including those which govern the following items, apply irrespective of this deductible endorsement:

    (a)    Our right and duty to defend any claim, proceeding or suit against you; and

    (b)    Your duties if injury occurs.

© Copyright 2015 National Council on Compensation Insurance, Inc. All Rights Reserved.

**Additional Charges**

14.  Any assessments pursuant to California statute are not part of this Plan but are included in the cost of the coverage provided by the policy to which this endorsement is attached.

Schedule

1.  Deductible Amount $ 500,000.00 Each Accident

2.  Aggregate Limit N/A     Negotiated Charge N/A

3.  Allocated Loss Adjustment Expenses are Included

4.  The Fixed Expense Charge Will Not be adjusted retroactively, based upon actual costs.

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.
(The information below is required only when this endorsement is issued subsequent to preparation of the policy)

Endorsement Effective: 05/14/19     File No.: ████3018     Carrier Policy No.: ████18-SZ
Premium: $ 561,144.00

Insured:  Scoobeez Global Inc     Carrier No.: 24244
Insurance Company:  United Wisconsin Insurance Company
Endorsement:  ████ 06 03 B
Edition:    01/15

Countersigned by: _____

01 07 B

(Ed. 05/15)

## SPECIAL CANCELLATION PROVISION

It is agreed that, anything in the policy to the contrary notwithstanding, such insurance as is afforded by this policy is subject to the following provisions:

If you cancel the policy or if the policy is cancelled for non-payment of any premium, cancellation premium may be computed using the short rate cancellation table.

The following table shall be used in computing the Short Rate Premium:

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.
(The information below is required only when this endorsement is issued subsequent to preparation of the policy)

Endorsement Effective: 05/14/19          File No.: ▇▇▇▇3018          Carrier Policy No.: ▇▇▇▇▇▇18-SZ
                                                                    Premium: $ 561,144.00

Insured:    Scoobeez Global Inc                                     Carrier No.: 24244
Insurance Company:  United Wisconsin Insurance Company
Endorsement:    ▇▇▇ 01 07 B
Edition:        05/15

                                                    Countersigned by: _____

Agency: Sunz Insurance Solutions, LLC / 1
© Copyright 2015 National Council on Compensation Insurance

## SPECIAL CANCELLATION PROVISION
### Short Rate Cancellation Table

| Extended Number Of Days | Percent of Full Policy Premium | Extended Number Of Days | Percent of Full Policy Premium | Extended Number Of Days | Percent of Full Policy Premium |
|---|---|---|---|---|---|
| 1 | 5% | 95-98 | 37% | 219-223 | 69% |
| 2 | 6% | 99-102 | 38% | 224-28 | 70% |
| 3-4 | 7% | 103-105 | 39% | 229-232 | 71% |
| 5-6 | 8% | 106-109 | 40% | 233-237 | 72% |
| 7-8 | 9% | 110-113 | 41% | 238-241 | 73% |
| 9-10 | 10% | 114-116 | 42% | 242-246 | 74% |
| 11-12 | 11% | 117-120 | 43% | 247-250 | 75% |
| 13-14 | 12% | 121-124 | 44% | 251-255 | 76% |
| 15-16 | 13% | 125-127 | 45% | 256-260 | 77% |
| 17-18 | 14% | 128-131 | 46% | 264-264 | 78% |
| 19-20 | 15% | 132-135 | 47% | 265-269 | 79% |
| 21-22 | 16% | 136-138 | 48% | 270-273 | 80% |
| 23-25 | 17% | 139-142 | 49% | 274-278 | 81% |
| 26-29 | 18% | 143-146 | 50% | 279-282 | 82% |
| 30-32 | 19% | 147-149 | 51% | 283-287 | 83% |
| 33-36 | 20% | 150-153 | 52% | 288-291 | 84% |
| 37-40 | 21% | 154-156 | 53% | 292-296 | 85% |
| 41-43 | 22% | 157-160 | 54% | 297-301 | 86% |
| 44-47 | 23% | 161-164 | 55% | 302-305 | 87% |
| 48-51 | 24% | 165-167 | 56% | 306-310 | 88% |
| 52-54 | 25% | 168-171 | 57% | 311-314 | 89% |
| 55-58 | 26% | 172-175 | 58% | 315-319 | 90% |
| 59-62 | 27% | 176-178 | 59% | 320-323 | 91% |
| 63-65 | 28% | 179-182 | 60% | 324-328 | 92% |
| 66-69 | 29% | 183-187 | 61% | 329-332 | 93% |
| 70-73 | 30% | 188-191 | 62% | 333-337 | 94% |
| 74-76 | 31% | 192-196 | 63% | 338-342 | 95% |
| 77-80 | 32% | 197-200 | 64% | 343-346 | 96% |
| 81-83 | 33% | 201-205 | 65% | 347-351 | 97% |
| 84-87 | 34% | 206-209 | 66% | 352-355 | 98% |
| 88-91 | 35% | 210-214 | 67% | 356-360 | 99% |
| 92-94 | 36% | 215-218 | 68% | 361-365 | 100% |

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.
(The information below is required only when this endorsement is issued subsequent to preparation of the policy)

Endorsement Effective: 05/14/19          File No.: ███████3018          Carrier Policy No.: ███████████18-SZ
                                                                         Premium: $ 561,144.00

Insured:    Scoobeez Global Inc                                          Carrier No.: 24244
Insurance Company:  United Wisconsin Insurance Company
Endorsement:    ███████ 01 07 B
Edition:        05/15
                                                                         Countersigned by: _____

# Workers' Compensation and Employers Liability
# Insurance Policy

## EMPLOYER NAME CHANGE
Prepared by:  Heather Hawkins

**Insurer (Carrier Code:  24244)**
**United Wisconsin Insurance Company**
**15200 West Small Rd**
**New Berlin, WI  53151-0000**

| Carrier Policy #: | Policy Period |
|---|---|
| ████████18-SZ | 05/14/2019 to 10/01/2019 |

| Named Insured and Address | Agency Information |
|---|---|
| **Innovative Work Comp Solutions LLC**<br>**LCF  Scoobeez**<br>**800 Oak Ridge Turnpike**<br>**Oak Ridge, TN  37830** | Agency #: 1<br>Sunz Insurance Solutions, LLC<br>1301 6th Avenue West<br>Bradenton, FL  34205 |

| | |
|---|---|
| Federal ID | ████6339 |
| File #: | ████████3018 |
| Endorsement Effective Date | 05/14/2019 |
| Endorsement Prepared Date | 05/16/2019 |

**Intent of Endorsement:**

EMPLOYER NAME CHANGE

| BEFORE | AFTER |
|---|---|
| Scoobeez Global Inc | Scoobeez |



---

## Policy Information Page Endorsement

☒ Insured's Name (WC 89 06 01)                     ☐ Item 3.B. Limits (WC 89 06 12)

☐ Policy Number (WC 89 06 02)                       ☐ Item 3.C. States (WC 89 06 13)

☐ Effective Date (WC 89 06 03)                      ☐ Item 3.D. Endorsement Numbers (WC 89 06 14)

☐ Expiration Date (WC 89 06 04)                     ☐ Item 4. *Class, Rate, Other (WC 89 06 15)

☐ Insured's Mailing Address (WC 89 06 05)           ☐ Interim Adjustment of Premium (WC 89 06 16)

☐ Experience Modification (WC 89 04 06)             ☐ Carrier Servicing Office (WC 89 06 17)

☐ Producer's Name (WC 89 06 07)                     ☐ Interstate/Intrastate Risk ID Number (WC 89 06 18)

☐ Change in Workplace of Insured (WC 89 06 08)      ☐ Carrier Number (WC 89 06 19)

☐ Insured's Legal Status (WC 89 06 10)              ☐ Issuing Agency/Producer Office Address (WC 89 06 25)

☐ Item 3.A. States (WC 89 06 11)


is changed to read:  Scoobeez


* Item 4 Changed To:

| Classifications | Code # | Premium Basis Total Estimated Annual Remuneration | Rate Per $100 of Remuneration | Estimated Annual Premium |
|---|---|---|---|---|
| | | | | |

### See Schedule of Classifications on Following Page(s)


This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.
(The information below is required only when this endorsement is issued subsequent to preparation of the policy)

Endorsement Effective: 05/14/19        File No.: ▮▮▮▮3018              Carrier Policy No.: ▮▮▮▮18-SZ
                                                                      Premium: $

Insured:                Scoobeez

Insurance Company:      United Wisconsin Insurance Company       Carrier No.: 24244
Endorsement:            ▮▮▮ 06 00 B
Edition:                07/01

                                                Countersigned by: _____

Agency: Sunz Insurance Solutions, LLC / 1
© Copyright 2001 National Council on Compensation Insurance

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**Salvato Law Offices, 777 South Figueroa Street, Suite 2800, Los Angeles, CA 90017**

A true and correct copy of the foregoing document entitled (*specify*): **Notice of Motion and Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362 (Action in Nonbankruptcy Forum)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **09/11/19**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **John-Patrick M Fritz**    jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com
- **Riebert Sterling Henderson**    shenderson@gibbsgiden.com
- **Vivian Ho**    BKClaimConfirmation@ftb.ca.gov
- **Alvin Mar**    alvin.mar@usdoj.gov
- **Ashley M McDow**    amcdow@foley.com,
  sgaeta@foley.com;mhebbeln@foley.com;swilson@foley.com;jsimon@foley.com
- **Stacey A Miller**    smiller@tharpe-howell.com
- **Kevin H Morse**    kmorse@clarkhill.com, blambert@clarkhill.com
- **Shane J Moses**    smoses@foley.com
- **Akop J Nalbandyan**    jnalbandyan@LNtriallawyers.com, cbautista@LNtriallawyers.com
- **Rejoy Nalkara**    rejoy.nalkara@americaninfosource.com
- **Anthony J Napolitano**    anapolitano@buchalter.com,
  IFS_filing@buchalter.com;salarcon@buchalter.com
- **David L. Neale**    dln@lnbyb.com
- **Aram Ordubegian**    ordubegian.aram@arentfox.com
- **Hamid R Rafatjoo**    hrafatjoo@raineslaw.com, bclark@raineslaw.com;cwilliams@raineslaw.com
- **Gregory M Salvato**    gsalvato@salvatolawoffices.com,
  calendar@salvatolawoffices.com;jboufadel@salvatolawoffices.com;gsalvato@ecf.inforuptcy.com
- **Jeffrey S Shinbrot**    jeffrey@shinbrotfirm.com, jeffrey@shinbrotfirm.com
- **Steven M Spector**    sspector@buchalter.com, IFS_efiling@buchalter.com;salarcon@buchalter.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Eric K Yaeckel**    yaeckel@sullivanlawgroupapc.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **09/11/2019**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

> *Debtor*
> Scoobeez
> 3463 Foothill Blvd.
> Glendale, CA 91214

☐ Service information continued on attached page

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

3.  **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) **09/11/19** , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Overnight Mail
Honorable Julia W. Brand
United States Bankruptcy Court
255 E. Temple Street, Suite 1382
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 09/11/2019 | Tim Mayse | /s/ Tim Mayse |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                    2                    **F 9013-3.1.PROOF.SERVICE**