JEFFREY S. SHINBROT, ESQ. (SBN 155486)
jeffrey@shinbrotfirm.com
JEFFREY S. SHINBROT, APLC
15260 Ventura Blvd., Suite 1200
Sherman Oaks, CA 91403
Telephone: (310) 659-5444
Fax: (310) 878-8304
Counsel for Shahan Ohanessian and Shoushana Ohanessian

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>SCOOBEEZ,<br>SCOOBEEZ GLOBAL INC.,<br>SCOOBUR LLC,<br><br>        Debtors.<br><br>This pleading affects:<br>All Debtors    ☐<br><br>SCOOBEEZ;<br>SCOOBEEZ GLOBAL, INC.,;<br>SCOOBUR LLC. | Case Number:2:19-bk-14989-WB<br>Jointly Administered:<br>2:19-bk-14991-wb;2:19-BK-14997-WB<br><br>Chapter 11<br><br>**OPPOSITION TO MOTION FOR ENTRY OF ORDER (I) AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THE ASSETS OF DEBTOR OUTSIDE THE ORDINARY COURSE OF BUSINESS, FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS, SUBJECT TO HIGHER AND BETTER BIDS; (II) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH SUCH SALE; AND (III) GRANTING RELATED RELIEF; REQUEST FOR JUDICIAL NOTICE, DECLARATIONS & EXHIBITS IN SUPPORT OF OPPOSITION FILED CONCURRENTLY HEREWITH.**<br><br>**Date:** October 17, 2019<br>**Time:** 10:00 a.m.<br>**Place:** Courtroom 1375<br>        255 East Temple Street.<br>        Los Angeles, California |

**TO THE HONORABLE JULIA BRAND, UNITED STATES BANKRUPTCY JUDGE AND ALL INTERESTED PARTIES:**

**COMES NOW**, Shahan Ohanessian and Shoushana Ohanessian and Object to the MOTION FOR ENTRY OF ORDER (I) AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THE ASSETS OF DEBTOR OUTSIDE THE ORDINARY COURSE OF BUSINESS, FREE AND CLEAR OF ALLLIENS, CLAIMS, ENCUMBRANCES AND INTERESTS, SUBJECT TO HIGHER AND BETTER BIDS; (II) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH SUCH SALE; AND (III) GRANTING RELATED RELIEF (the "Motion") for the reasons stated in the annexed Memorandum of Points and Authorities, the evidence submitted separately herewith in support of the Opposition and argument at the time of hearing on the Motion, including that the Debtors have not demonstrated a valid business purpose for the sale, the sale is lacks good faith, the relief requested is not in best interests of the creditors, no marketing and insufficient notice has been provided in connection with the Debtors' attempts to sell a valuable commercial real property option and bid chilling is present.

Based on the foregoing, Shahan Ohanessian and Shoushana Ohanessian respectfully request that the Court deny the Motion and grant other relief that the Court deems appropriate, including the appointment of a Chapter 11 Trustee

Respectfully submitted,

Dated: 10/1/2019                                JEFFREY S. SHINBROT, APLC


By: /s/Jeffrey S. Shinbrot
    Jeffrey S. Shinbrot,
    Counsel for Shahan Ohanessian and
    Shoushana Ohanessian

Table of Contents

I. MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO SALE MOTION ...................................................................... 1

II. STATEMENTS OF FACTS ........................................................................... 1

III. BID CHILLING BY THE DEBTORS' MANAGEMENT ..................................... 4

IV. THE PROPOSED SALE LACKS GOOD FAITH ................................................ 5

V. HILLAIR SHOULD NO BE ENTITLE TO CREDIT BID .................................... 5

VI. NO VALUE TO CREDITORS ........................................................................ 6

VII. HILLAIR IS NOT ENTITLED TO SECTION 363(m) PROTECTIONS ................ 7

VIII. APPOINTMENT OF ATRUSTEE AS ALTERNATIVE RELIEF ......................... 7

IX. PRAYER FOR RELIEF .................................................................................. 9

**Cases**

11 U.S.C. §1104(a) ............................................................................................................... 8

Bankruptcy Code Section 363(m) ........................................................................................ 7

*Bellevue Place Assocs.*, 171 B.R. at 623 ............................................................................. 8

*Bellevue Place Assocs.*, 171 B.R. at 623; see also *In re V. Savino Oil & Heating Co.*, 99 B.R. 518, 527 n.11 (Bankr. E.D.N.Y. 1988) ................................................................... 8

*Ewell,,* 958 F.2d at 281 and *Community Thrift & Loan v. Suchy (In re Suchy)*, 786 F.2d 900, 902 (9th Cir.1985)) .................................................................................................... 7

*Hirsch v. Pa. Textile Corp.* (*In re Centennial Textiles, Inc.*), 227 B.R. 606, 612 (S.D.N.Y. 1998) 8

*In re 240 North Brand Partners, Ltd.,* 200 B.R. 653 (B.A.P. 9th Cir. 1996) .................................. 6

*In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143, 147 (3d Cir.1986)) .............................. 7

*In re Bibo, Inc.*, 76 F.3d 256 (9th Cir. 1996) ......................................................................... 8

*In re Filtercorp, Inc.*, 163 F.3d 570, 577 (9th Cir. 1998) (citing *Ewell v. Diebert (In re Ewell)*, 958 F.2d 276, 281 (9th Cir.1992)) ................................................................................... 7

*In re Intercat, Inc.*, 247 B.R. 911, 920 (Bankr. S.D. Ga. 2000) ............................................... 8

*In re Nat'l R.V. Holdings, Inc.*, 390 B.R. 690 (Bankr. C.D. Cal. 2008) .................................... 8

*In re Wilde Horse Enters., Inc.*, 136 B.R. 830, 841 – 842 (Bankr. C.D. Cal. 1991)(citing *In re Chung King, Inc.*, 753 E2d 547 (7th Cir. 1985) ................................................................ 5

*Variable-Parameter Fixture Dev. Corp. v. Comerica Bank-Cal.* (*In re Morpheus Lights, Inc.*), 228 B.R. 449, 454 (Bankr. N.D. Cal. 1998) ...................................................................... 8

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO SALE MOTION**

**I.**

**INTRODUCTION**

The Debtors have entered into an agreement to transfer substantially all of their assets to their pre-Petition investor, for no discernable value to creditors. More specifically, the Debtors propose to trade of all of the assets of $45,000,000.00 a year enterprise, with monthly positive cash flow (per the filed Monthly Operating Reports) of approximately $500,000.00, for a credit bid of "secured debt," debt that is subject to an adversary proceeding filed by the Creditor's Committee for mandatory subordination and re-characterization. The Debtors are not *melting ice cubes*, no business justification for the sale has been articulated and no showing has been made that a sale provides more distribution than a restructuring or liquidation by a bankruptcy trustee. Particularly troubling is the Debtors attempt to provide 363(m) protections to the investor whose claims are subject to subordination, the attempts to prevent the founders of the Debtors to create value for creditors via explicit and implicit bid chilling and the complete surrender of the Debtors' assets to the investor whose bad acts have been revealed by the Committee. If the Debtors' current management is unwilling to provide value to the estates' constituents, a trustee should be appointed to fulfill the purpose of the Bankruptcy Code, to wit, to create a ratable distribution to creditors.

**II.**

**STATEMENT OF FACTS[1]**

1.  On April 30, 2019, (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the Central District of California, Los Angeles Division. On May 13, 2019, this Court entered its Order granting the joint administration of the Debtor's cases.

2.  The Debtors' cases were filed after significant controversy with the Debtor's

---

[1] This Opposition is based on the pleadings and documents filed in the Debtors' chapter 11 cases, the Request for Judicial Notice filed concurrently herewith, the declarations of Mr. Andres Munoz, Mr. Shanan Ohanessian, Ms. Shoushana Ohanessian and exhibits thereto filed concurrently herewith.

1

investor Hillair Capital Management, LLC's ("Hillair"), including the filing by Hillair of a motion for appointment of a receiver in the Los Angeles Superior Court.

3. On May 20, 2019, the United States Trustee filed its Notice of Appointment and Appointment of Committee of Creditors Holding Unsecured Claims [ECF #72] thereby appointing the Official Committee of Unsecured Creditors (the "Committee").

4. Based on promises by the Debtors' counsel that a chapter reorganizing chapter 11 plan would be proposed, on May 28, 2019, the Debtor's founding principal, Mr. Shahan Ohanessian, resigned from the Board of Directors of Scoobez. Based on the same promises, Mr. Ohanessian consented to the appointment of Mr. Brian Weiss and Mr. Daniel W. Harrow to the Board of Directors of Scoobez. (See Declaration of Shahan Ohanessian, filed concurrently herewith)

5. Notably, as a condition of continued use of cash-collateral Hillair required the appointment of Mr. Weiss as the Debtor's Chief Restructuring Officer (see, Application to Appoint Chief Restructuring Officer, ECF #63 & 81 (". . . the Debtors shall file an application see[k]ing the appointment of a Chief Restructuring Officer ("CRO"), who is acceptable to Hillair, to oversee the financial and operational functions of the Debtors, . . ..)" and which resulted in Mr. Weiss's and Harrow's appointments to the Board of Directors. Therefore, two of the Debtors' current board members hold their positions as a result of Hillair's "approval."

6. Mr. Howard Grobstein, is the Debtor's third board member and he is member of the panel of Chapter 7 bankruptcy trustees in the Riverside Division of the Central District of California. Mr. Grobstein does not appear to have been "approved" by the putative buyer.

7. The Committee has filed an adversary complaint against Hillair for Mandatory Subordination and Re-characterization of the Hillair's claim [ECF # 327, the "Adversary Complaint"]. The Adversary Complaint makes clear that Hillar's claims are defined as "securities" and arise specifically from "the purchase or sale of a security of the Debtors."

8. Mr. George Voskanian, is the Debtors' Co-Chief Executive Officer and Chief Financial Officer and Scott A. Sheikh, Esquire, the Debtors' Co-Chief Executive Officer and

General Counsel.[2]

9. Mr. Sheikh is also Mr. and Mrs. Ohanessian's personal legal counsel, this fact is absent from the Court record. (Shahan Ohanessian Dec.).

10. Voskanian has been engaged in gross financial irregularities yet the Debtor's management continues to employ him in an executive management capacity. (Shahan Ohanessian Dec.).

11. Sheikh has committed gross violations of his duties of loyalties to the Ohanessians during this chapter 11 case, in spite of these actual conflict of interest, the Debtor's management continues to employ him in an executive management capacity.

12. Both explicit and implicit bid chilling has occurred by the Debtors' management. Filed herewith is the declaration of the Debtors former employee Andres Munoz, evidencing Voskanian and Sheikh's intent to "block" the Ohanessian's attempts to create value for the Debtors in order to protect their own personal interests.

13. The Debtors' current management has refused to reimburse Mrs. Ohanessian for expenses paid by her on behalf of the Debtor, including expenses include payroll for a SCOOBEEZ employee and expenses that were pre-approved and that are undisputed.

14. SCOOBEEZ is a party to a lease agreement for the real property commonly known as 3463 Foothill Boulevard, Glendale, which includes an Option to Purchase for $2,150,000.00 (the "Lease Option").(Declaration of Shahan Ohanessian).

15. On September 20, 2019, the Debtors filed its "NOTICE OF SALE OF ESTATE PROPERTY" [ECF # 337]. The notice is completely devoid of any mention of the Debtors' attempts to "sell" the Lease Option interests to Hillair as part of the instant transaction. No creditor reviewing the Notice of Sale, the notice of the sale motion nor the sale motion could reasonably be expected to have sufficient notice to bid and/or be heard on the sale of the Debtors' most significant tangible asset. No efforts have been made to expose the Lease Option to the marketplace of brokers and buyers in the commercial property marketplace.

16. The proposed sale includes all cash and accounts receivables of the Debtors,

---

[2] See Notices of Insider Compensation exhibits to the pleading at ECF# 110 filed in these cases.

releases Hillair of all claims and provides no disclosure of what creditors will actually receive if the sale is approved. [see ECF # 329 page 5].

17. The Debtors' Monthly Operating Reports reveal significantly healthy companies with positive cash flow.  The report for August, 2019, Report #4 [ECF #322] reveals total receipts from all prior reports of $12,120,709.00, total disbursements of $10,201,372.00, and an ending cash balance of $1,719,920.00.  This cash balance is after the heavy burden of payments to the Estates' professional, $40,000 weekly to Hillair and outrageous salaries paid to Voshanian and Sheikh ($50,000 per month combined).

18. By May 16, 2016, **16 days after the filing of the Debtors' bankruptcy** cases, Hillair had filed a motion with this Court to approve a stipulation with the Debtors that purported to waive rights to object to  the validity of Hillair's disputed claims, waive the Debtors' claims against Hillair, appoint a CRO that is "acceptable to Hillair," requires that the CRO "liase" with Voskanian and Sheikh and automatically attaches Hillair's disputed liens to post-Petition assets [ECF #61]. This abdication to HIllair occurred prior to the formation of the Committee.

19. On September 6, 2019, Amazon.com, Inc., filed a proof of claim in the Debtors chapter 11 case [claim # 31 -1], which seeks indemnification for the following matters: *Jassim Addal v. Amazon.com, Inc.; Scoobeez, Inc.*, Los Angeles Superior Court Case No. BC719783; · *Unta Key, et al v. Scoobeez, et al.*, San Diego County Superior Court Case No. 37-2017-00018285, consolidated with Case No. 37-2017-0039527; and · *Bennie Hamilton v. Scoobeez, Inc., Amazon Logistics, Inc.*, Los Angeles Superior Court Case No. BC669835 ( collectively the "Indemnification Claims").

### III.

### BID CHILLING BY THE DEBTORS' MANAGEMENT

Two of the Debtors' three board members were effectively appointed by Hillair in exchange for the use of cash collateral. Through the cash collateral stipulations, Hillair controls payments to all professionals and the Debtor's management including Messrs. Voskanian and Sheikh.  Voskanian and Sheik's salaries were doubled from their pre-Petition salaries to an outrageous $25,000.000 per month each.  It is under these conditions that Sheik explicitly

revealed to a SCOOBEEZ employee (who has been terminated by the Debtors) that Voskanian and Sheik would "block" the Ohanessians from returning to the Debtors because upon their return he and Voskanian would be "gone." The Debtor also failed to reimburse Mrs. Ohanessian for post-Petition expenses that the Debtor had pre-approved and expenses that are undisputed. Depriving Mrs. Ohaessian of reimbursement payments is an implicit and bad faith attempt to deprive her of resources for the bid process. Finally, the bid process is not chilled, but is frozen by the Debtors' failure to properly disclose and market the sale of the Lease Option. Under these circumstances, the instant sale cannot be approved.

## IV.

## THE PROPOSED SALE LACKS GOOD FAITH

It is fundamental to the bankruptcy process that "[i]n approving any sale outside the ordinary course of business, the court must... find [that the proposed sale] ... is in the best interest of the estate, i.e. it is fair and reasonable, that it has been given adequate marketing, that it has been negotiated and proposed in good faith, that the purchaser is proceeding in good faith, and that it is an 'arms-length' transaction." *In re Wilde Horse Enters., Inc*., 136 B.R. 830, 841 – 842 (Bankr. C.D. Cal. 1991)(citing *In re Chung King, Inc*., 753 E2d 547 (7th Cir. 1985)(other citations omitted)). None of these factors are present in the proposed sale. There is no evidence that the Debtor marketed the Lease Option in any meaningful manner. There is inadequate notice that the Debtor intended to sell this asset. There is no evidence that a ratable distribution to creditors will result from the proposed transaction.

The proposed purchaser is the Defendant in the Adversary Case filed by the Committee whose claims are subject to mandatory subordination. The proposed purchaser "approved" the Debtor's board (except apparently Mr. Howard Grobstein), pays the Debtors' management and professionals and pays itself a king's ransom, through permissive use of its alleged cash collateral. The proposed sale turns the meaning of *"good faith"* on its head. The proposed transaction cannot be considered either *good faith* or *arms-length* in any honest sense and must be denied.

## V.

## HILLAIR SHOULD NOT BE ENTITLED TO CREDIT BID

Bankruptcy courts deny the right to credit bid for cause where is a bona fide dispute regarding the validity of the secured creditor's lien. *Fisker Automotive Holdings, Inc.,* 510 B.R. 55 (Bankr. D. Del. 2014). See also *In re The Free Lance-Star Publishing Co. of Fredericksburg, VA*, 512 B.R. 798 (Bankr. E.D. Va. 2014. As set forth in detail the Adversary Case, Hillair's claims are for damages arising from the purchase or sale securities of the Debtors, subject to Mandatory Subordination pursuant to 11 U.S.C. Section 510(b). The gravamen of the Committee's Adversary Case is that since Hillair's claims arise from the purchase or sale of such securities they, pursuant to statute, **shall be** subordinated to all claims or interests. The Debtors' make no mention in the sale motion and provide no evidence that this substantial dispute should be over-looked in the sale process.

## VI.

## NO VALUE TO CREDITORS

The Debtors are required to demonstrate that the sale has a valid business justification and is proposed in good faith. *In re 240 North Brand Partners, Ltd.,* 200 B.R. 653 (B.A.P. 9th Cir. 1996). Here, the Debtors have stated no business justification for the sale. The Debtors are profitable and the sale results in no discernable benefit to creditors. There is no evidence presented that the sale maximizes the value of the Debtors' assets, to the contrary, it is a complete surrender of the Debtors' cash, accounts receivable, Lease Option and businesses to Hillair. The "consideration" for the sale is:

> In consideration of the sale of the Purchased Assets to Buyer and the other undertakings set forth herein, the purchase price (the "Purchase Price") for
> the Purchased Assets shall be $9,000,000 (the "Credit Bid Amount"), to be satisfied in the form of a credit against the Hillair Obligations in accordance with Section 363(k) of the Bankruptcy Code in satisfaction of all liens and claims of Buyer or its affiliates; provided that in the event any Person submits a bid in the sale process that is in excess of Buyer's then-current bid, then Buyer shall be entitled to increase the Credit Bid Amount up to the full amount of the Hillair Obligations in its sole discretion, in a writing signed by Buyer and delivered to Sellers.

[ECF # 318, page 26, Art. 3.1]. The purchase agreement also contain "Working Capital" formulas

[*Id*. at Section 8.11], but completely fails to disclose how much, if any, of this formula results in a distribution of creditors.

There is also insufficient notice to creditors regarding how Amazon's Indemnification Claims shall effect the viability of a sale or a distribution to creditors. Will the Indemnification Claims be cured? If so, is there any money left for creditors? The Debtors have provided no evidence that tends to prove that a bankruptcy court may find that the sale has been proposed in "good faith." There is no valid business justification for transferring profitable operating companies to a disputed creditor whose claims are subject to subordination -- for no ratable value to creditors.

## VII.

## HILLAIR IS NOT ENTITLED TO SECTION 363(m) PROTECTIONS

Bankruptcy Code Section 363(m) is a codification of some aspects of equitable mootness with respect to sales. Unlike equitable mootness, however, § 363(m) provides for specific procedures and findings in order to provide certainty for sales. *In re PW, LLC*, 391 B.R. at 35. "A good faith buyer 'is one who buys 'in good faith' and 'for value.''" *In re Filtercorp, Inc.*, 163 F.3d 570, 577 (9th Cir. 1998) (citing *Ewell v. Diebert (In re Ewell),* 958 F.2d 276, 281 (9th Cir.1992)); *In re Abbotts Dairies of Pennsylvania, Inc*., 788 F.2d 143, 147 (3d Cir.1986)). "Lack of good faith is typically shown by 'fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.'" *Id*. (quoting *Ewell,,* 958 F.2d at 281 and *Community Thrift & Loan v. Suchy (In re Suchy)*, 786 F.2d 900, 902 (9th Cir.1985)) (internal modifications omitted).

Through the proposed transaction, Hillair provides no value to the creditors of the Debtors' estates. In contrast, Hillair is released from claims for mandatory subordination and re-characterization of its claims. Hillair has not acted in good faith, rather, through its cash collateral demands it has controlled the Debtor (as it sought to do in the pre-Petition period) resulting is an utterly one-sided deal. Bid chilling is present in this process. A finding of protections pursuant to Section 363(m) is not appropriate under these circumstances.

# VIII.

# APPOINTMENT OF A TRUSTEE AS ALTERNATIVE RELIEF

The court may appoint a trustee sua sponte. *In re Bibo, Inc.*, 76 F.3d 256 (9th Cir. 1996). The Court may order the appointment of a trustee "for cause, including fraud, dishonesty, incompetence or gross mismanagement of the affairs of the debtor" or "if such appointment is in the interests of creditors, any equity security-holders and other interests of the estate...." 11 U.S.C. §1104(a). A Chapter 11 debtor and its managers owe fiduciary duties to the debtor's estate and its creditors. *Hirsch v. Pa. Textile Corp.* (*In re Centennial Textiles, Inc.*), 227 B.R. 606, 612 (S.D.N.Y. 1998). "As fiduciaries, the debtor in possession and its managers are obligated to treat all parties to the case fairly, maximize the value of the estate, and protect and conserve the debtor's property." (internal citations omitted) *In re Nat'l R.V. Holdings, Inc.*, 390 B.R. 690 (Bankr. C.D. Cal. 2008), quoting *Centennial Textiles*, 227 B.R. at 612. "In the appropriate case, the appointment of a trustee is a power which is crucial for the Court to exercise in order to preserve the integrity of the bankruptcy process and to insure that the interest of creditors are served." *In re Intercat, Inc.*, 247 B.R. 911, 920 (Bankr. S.D. Ga. 2000). Where there is doubt about management's ability to carry out its fiduciary duties, appointment of a trustee is the appropriate remedy. See, e.g., *Variable-Parameter Fixture Dev. Corp. v. Comerica Bank-Cal.* (*In re Morpheus Lights, Inc.*), 228 B.R. 449, 454 (Bankr. N.D. Cal. 1998) (citations omitted).

Section 1104(a)(2) provides a "flexible standard for appointment of a trustee even when no cause exists." See *Bellevue Place Assocs.*, 171 B.R. at 623; see also *In re V. Savino Oil & Heating Co.*, 99 B.R. 518, 527 n.11 (Bankr. E.D.N.Y. 1988) ("factors constituting a basis for appointing a trustee under § 1104(a)(2) are amorphous, diverse, and necessarily involve a great deal of judicial discretion."). The standard affords the Bankruptcy Court "particularly wide discretion" to look to the practical realities and necessities involved in appointing a trustee. *See Bellevue Place Assocs.*, 171 B.R. at 623.

Under the circumstances of the Debtors' cases, there is no practical avenue for the Debtors' current management to maximize recoveries for the estates. The Committee was appointed after the Debtors waived claims against Hillair, and Hillairs' control of the Debtors'

8

cash collateral results in insufficient resources for the Committee to prosecute the Adversary Case. Perhaps the most compelling reason for the appointment of a trustee is that the proposed transaction with Hillair calls into question the integrity of the bankruptcy process in these chapter 11 cases.

## IX

## PRAYER FOR RELIEF

The Debtors have not demonstrated a valid business purpose for the proposed sale, the sale is lacks good faith, the relief requested is not in best interests of the creditors, no marketing and insufficient notice has been provided in connection with the Debtors' attempts to sell a valuable commercial real property option and bid chilling is present. Based on the foregoing, Shahan Ohanessian and Shoushana Ohanessian respectfully request that the Court deny the Motion and grant other relief that the Court deems appropriate, including the appointment of a Chapter 11 Trustee.

Dated: 10/1/2019                                       JEFFREY S. SHINBROT, APLC


By:/s/Jeffrey S. Shinbrot
JEFFREY S. SHINBROT, ESQUIRE Counsel for Shahan Ohanessian and Shoushana Ohanessian

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

15260 Ventura Blvd., Suite 1200
Sherman Oaks, CA 91403

**A true and correct copy of the foregoing document entitled (*specify*): <u>OPPOSITION TO MOTION FOR ENTRY OF ORDER (I) AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THE ASSETS OF DEBTOR OUTSIDE THE ORDINARY COURSE OF BUSINESS, FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS, SUBJECT TO HIGHER AND BETTER BIDS; (II) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH SUCH SALE; AND (III) GRANTING RELATED RELIEF; REQUEST FOR JUDICIAL NOTICE, DECLARATIONS & EXHIBITS IN SUPPORT OF OPPOSITION FILED CONCURRENTLY HEREWITH .</u>:** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below.

1. **<u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>10/1/2019</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **John-Patrick M Fritz**    jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com
- **Riebert Sterling Henderson**    shenderson@gibbsgiden.com
- **Vivian Ho**    BKClaimConfirmation@ftb.ca.gov
- **Alvin Mar**    alvin.mar@usdoj.gov
- **Ashley M McDow**    amcdow@foley.com, sgaeta@foley.com;mhebbeln@foley.com;swilson@foley.com;jsimon@foley.com
- **Stacey A Miller**    smiller@tharpe-howell.com
- **Kevin H Morse**    kmorse@clarkhill.com, blambert@clarkhill.com
- **Shane J Moses**    smoses@foley.com
- **Akop J Nalbandyan**    jnalbandyan@LNtriallawyers.com, cbautista@LNtriallawyers.com
- **Rejoy Nalkara**    rejoy.nalkara@americaninfosource.com
- **Anthony J Napolitano**    anapolitano@buchalter.com, IFS_filing@buchalter.com;salarcon@buchalter.com
- **David L. Neale**    dln@lnbyb.com
- **Aram Ordubegian**    ordubegian.aram@arentfox.com
- **Hamid R Rafatjoo**    hrafatjoo@raineslaw.com, bclark@raineslaw.com;cwilliams@raineslaw.com
- **Gregory M Salvato**    gsalvato@salvatolawoffices.com, calendar@salvatolawoffices.com;jboufadel@salvatolawoffices.com;gsalvato@ecf.inforuptcy.com
- **Jeffrey S Shinbrot**    jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com
- **Steven M Spector**    sspector@buchalter.com, IFS_efiling@buchalter.com;salarcon@buchalter.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

- **Eric K Yaeckel**   yaeckel@sullivanlawgroupapc.com
- 

X   2. **SERVED BY UNITED STATES MAIL**: On (*date*) <u>10/1/2019</u>, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

    NEF

**Conway MacKenzie, Inc.**
333 S Hope St Ste 3625
Los Angeles, CA 90071

**Daimler Trust**
c/o BK Servicing, LLC
PO Box 131265
Roseville, MN 55113-0011

**Levene Neale Bender Yoo & Brill LLP**
10250 Constellation Blvd Ste 1700
Los Angeles, CA 90067

X   3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) <u>10/1/2019</u>, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**VIA EMAIL**
Debtors Chief Restructuring Officer
Brian Weis: bweiss@force10partners.com
Counsel to the Debtors
Ashley M. McDow: amcdow@foley.com
John A. Simon jsimon@foley.com
Financial Advisors to Debtors
Michael Flynn (mflynn@conwaymackenzie.com)
Debtors investment banker
Attn: Eben Perison eperison@armorysecurities.com) and
Jonathan Brownstein: jbrownstein@armorysecurities.com); (v)
Counsel to the Official Committee
David Neal: dln@lnbyb.com) and John-Patrick Fritz (jpf@lnbyb.com);
Counsel to Staling Horse Bidder:
Attn: Adam Friedman: afriedman@olshanlaw.com)
Attn: Anthony Napolitano:anapolitano@buchalter.com
Steven Spector: sspector@buchalter.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*  **F 9013-3.1.PROOF.SERVICE**

**Via Attorney Service**
Honorable Julia W. Brand
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1382
Los Angeles, CA 90012

| 10/1/2019 | Sandra Rodriguez | /s/Sandra Rodriguez |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*  **F 9013-3.1.PROOF.SERVICE**