| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| GREGORY M. SALVATO (SBN 126285)<br>    GSalvato@salvatolawoffices.com<br>JOSEPH BOUFADEL (SBN 267312)<br>    JBoufadel@salvatolawoffices.com<br>EMMA SAMYAN (SBN 322703)<br>    ESamyan@salvatolawoffices.com<br>SALVATO LAW OFFICES<br>777 South Figueroa Street, Suite 2800<br>Los Angeles, California 90071-9500<br>Telephone:    (213) 484-8400<br>Facsimile:    (213) 401-2411<br><br>☐ *Movant appearing without an attorney*<br>☒ *Attorney for Movant* AZAD BABAN | **FILED & ENTERED**<br><br>OCT 07 2019<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY kaaumoan DEPUTY CLERK |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br>SCOOBEEZ et al,<br><br>                              Debtor.<br>Affects:<br>■ All Debtors<br>☐ Scoobeez, ONLY<br>☐ Scoobeez Global, Inc., ONLY<br>☐ Scoobur LLC, ONLY | CASE NO.: 2:19-bk-14989-WB<br>CHAPTER: 11<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(Action in Nonbankruptcy Forum)** |
|---|---|
| | DATE: October 8, 2019<br>TIME: 10:00 a.m.<br>COURTROOM: 1375<br>PLACE: Roybal Federal Building<br>            255 E. Temple Street<br>            Los Angeles, CA 90012 |

**MOVANT:**  AZAD BABAN

1. The Motion was:    ☐ Opposed    ☐ Unopposed    ☒ Settled by stipulation
   **(docket no. 351)**
2. The Motion affects the following Nonbankruptcy Action:

    Name of Nonbankruptcy Action: *Azad Baban v. Scoobeez, Inc., et al.*

    Docket number: BC692250

    Nonbankruptcy court or agency where the Nonbankruptcy Action is pending: Los Angeles Superior Court

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                                                Page 1                                                    F 4001-1.RFS.NONBK.ORDER

3. The Motion is granted under 11 U.S.C. § 362(d)(1).

4. As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

   a. ☒ Terminated as to the Debtor and the Debtor's bankruptcy estate.

   b. ☐ Modified or conditioned as set forth in Exhibit _____ to the Motion.

   c. ☐ Annulled retroactively to the bankruptcy petition date. Any postpetition acts taken by Movant to enforce its remedies regarding the nonbankruptcy action do not constitute a violation of the stay.

5. **Limitations on Enforcement of Judgment:** Movant may proceed in the nonbankruptcy forum to final judgment (including any appeals) in accordance with applicable nonbankruptcy law. Movant is permitted to enforce its final judgment only by *(specify all that apply)*:

   a. ☒ Collecting upon any available insurance in accordance with applicable nonbankruptcy law.

   b. ☐ Proceeding against the Debtor as to property or earnings that are not property of this bankruptcy estate.

6. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

7. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

8. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

9. ☒ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the nonbankruptcy action.

10. ☐ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice.

11. ☒ Other *(specify)*:

    1. Relief from the automatic stay under U.S.C. § 362 is granted for the limited purpose of pursuing the state court action, entitled *Azad Baban v. Scoobeez, Inc., et al.*, Case No. BC692250 (the "**State Court Action**"), to judgment (including through appeal, if and as necessary) in order to liquidate the claims at issue in the State Court Action and solely to recover from and to the extent of any applicable coverage available under the Policies, if any.

    2. Plaintiff shall retain the right to prosecute the proof of claim in the Bankruptcy Case, designated as Claim No. 5 ("**Proof of Claim**") to the extent the liability thereunder is not otherwise satisfied by the proceeds of the Policies, if any.

    3. Within ten (10) days of Plaintiff's receipt of any proceeds from one or more of the Policies on account of the claims pled in the FAC (the "**Insurance Proceeds**"), Plaintiff shall amend the Proof of Claim to reflect the proceeds received.

///

///

///

///

///

///

///

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                           Page 2                                    F 4001-1.RFS.NONBK.ORDER

4. Within ten (10) days of entry of any judgment in the State Court Action in favor of Plaintiff against the Debtor, Plaintiff shall amend the Proof of Claim to reflect the liquidated amount of the claim(s) as against the Debtors, or any of them, net of any Insurance Proceeds received from the Policies, if any.

###

Date: October 7, 2019

*Julia W. Brand*
Julia W. Brand
United States Bankruptcy Judge

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*     Page 3     F 4001-1.RFS.NONBK.ORDER