STEVEN M. SPECTOR (SBN: 51623)
sspector@buchalter.com
ANTHONY J. NAPOLITANO (SBN: 227691)
anapolitano@buchalter.com
BUCHALTER, A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile:: (213) 896-0400

ADAM H. FRIEDMAN (pro hac vice pending)
afriedman@olshanlaw.com
OLSHAN FROME WOLOSKY LLP
1325 Avenue of the Americas
New York, NY 10019
Telephone: (212) 451-2216
Facsimile: (212) 451-2222

Attorneys for secured creditor
HILLAIR CAPITAL MANAGEMENT, LLC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>SCOOBEEZ, INC., et al.<br><br>           Debtors and Debtors<br>           in Possession.<br><br>Affects:<br><br>☒   All Debtors<br><br>☐   SCOOBEEZ, INC., only<br><br>☐   SCOOBEEZ GLOBAL, INC. only<br><br>☐   SCOOBUR, LLC only | Lead Case No. 2:19-bk-14989-WB<br><br>Chapter 11<br><br>(Jointly Administered with<br>Case Nos. 2:19-bk-14991; 2:19-bk-14997)<br><br>**HILLAIR CAPITAL MANAGEMENT, LLC'S REPLY TO AMAZON LOGISTICS, INC.'S OBJECTION TO ASSUMPTION AND ASSIGNMENT OF DELIVERY PROVIDER TERMS OF SERVICE WORK ORDER**<br><br>[Declaration of Scott Kaufman and Motion to File Documents Under Seal concurrently filed.]<br><br>**Hearing:**<br>Date:       October 17, 2019<br>Time:      10:00 a.m.<br>Place:      U.S. Bankruptcy Court<br>               Courtroom 1375<br>               255 East Temple Street<br>               Los Angeles, CA 90012 |

BN 38008958V3

**TO THE HONORABLE JULIA BRAND, UNITED STATES BANKRUPTCY JUDGE, THE DEBTORS, THEIR COUNSEL AND ALL PARTIES IN INTEREST:**

Hillair Capital Management LLC and its affiliates (collectively, "Hillair"), senior secured creditor of Scoobeez, Inc., a California corporation, debtor in the above-captioned chapter 11 bankruptcy case ("Scoobeez"), and its affiliated debtors, Scoobeez Global, Inc., an Idaho corporation (formerly known as ABT Holdings, Inc.) ("Scoobeez Global") and Scoobur, LLC, a California limited liability company ("Scoobur") (collectively, the "Debtors"), respectfully submits this reply to the *Objection to Assumption and Assignment of Delivery Providers Terms of Service Work Order* [Docket No. 349] (the "Amazon Objection") filed by Amazon Logistics, Inc. ("Amazon").

## I.

## PRELIMINARY STATEMENT

On September 19, 2019, the Debtors filed their *Motion for Entry of Order (I) Authorizing the Sale of Substantially All of the Assets of Debtor Outside the Ordinary Course of Business, Etc.* [Docket No. 329] (the "Sale Motion") seeking to sell substantially all of the Debtors assets to Hillair or its designee as the stalking horse bidder. In connection with the Sale Motion, the Debtors filed their *Notice of Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with the Sale* [Docket No. 336] (the "Assumption Notice").

The Amazon Objection raises three arguments against the assumption and assignment of the *Delivery Providers Terms of Service Work Order* (the "Amazon Contract"). Hillair's reply addresses the issue relating to Hillair's ability to provide adequate assurance of future performance. The Debtors will be filing a separate reply with respect to the other issues raised by the Amazon Objection. Hillair hereby joins in that reply.

## II.

## INTRODUCTION

Amazon has objected to the assumption and assignment of the Amazon Contract to Hillair as the stalking horse bidder for the sale of substantially all of the Debtors' assets. Amazon claims

1

**HILLAIR CAPITAL MANAGEMENT, LLC'S REPLY TO AMAZON LOGISTICS, INC.'S OBJECTION TO ASSUMPTION AND ASSIGNMENT OF DELIVERY PROVIDER TERMS OF SERVICE WORK ORDER**

BN 38008958V3

that Hillair cannot demonstrate adequate assurance of future performance.  As discussed in this reply, Hillair can provide adequate assurance of future performance to Amazon.

The Debtors, the Committee and Hillair have negotiated a transaction whereby Hillair has agreed to purchase and acquire the Debtors' assets and continue to operate the business.  As is customary and typical, Hillair will establish a newly formed and capitalized Newco entity to acquire the assets and operate the business.  Hillair is a strategic investment fund with experience in the distribution services industry.  The Newco, per the Term Sheet and the Asset Purchase Agreement, will be adequately capitalized as of the proposed closing date in order to maintain a smooth transition of the business and the continued employment of approximately 1,000 employees.  The current existing senior management will be retained by the Newco to operate the business providing further support for a seamless transition.  Hillair values the contributions that the employees of the Debtors have made to build a successful company, and expects that the Newco will offer equity participation for these employees including the drivers and other operation-level employees.

Hillair intends to capitalize and operate the business for the foreseeable future thereby allaying Amazon's concerns that Hillair may simply assign its rights to an unknown third party.  For these reasons, Hillair respectfully submits that it can provide adequate assurance of future performance, and requests that the Court overrule the Amazon Objection and authorize the assumption and assignment of the Amazon Contract.

### III.

### **BACKGROUND**

**A.    The Debtors enter into an agreement with Hillair and the Committee to sell substantially all of the Debtors' assets to Hillair as the stalking horse bidder.**

On April 30, 2019, the Debtors filed voluntary petitions for relief commencing the above-captioned, jointly administered chapter 11 bankruptcy cases.  As more particularly described in Hillair's concurrently filed Omnibus Reply in support of the Sale Motion and the Declaration of Scott D. Kaufman in support of the Omnibus Reply, Hillair is the Debtors' senior secured creditor holding a security interest in substantially all of the Debtors' assets.  On August 20, 2019, the

2

1  Debtors, the Committee, and Hillair entered into a Term Sheet, which provided for Hillair or its
2  designee to serve as the stalking horse purchaser at an auction of substantially all of the Debtors'
3  assets.
4        On August 29, 2019, the Debtors filed their *Motion for Entry of an Order (I) Approving*
5  *Bidding Procedures for Sale of Assets, Etc.* [Docket No. 293] (the "Bid Procedures Motion")
6  seeking entry of an order, among other things: (i) approving the proposed auction and bidding
7  procedures, (ii) approving certain the bid protections, (iii) establishing procedures for the
8  assumption and assignment of executory contracts and unexpired leases, including notice of
9  proposed cure amounts; (iv) approving the form and manner of notice of all procedures,
10 protections, schedules and agreements; and (v) scheduling a hearing to approve such sale. The
11 Court entered its order approving the Bid Procedures Motion on September 17, 2019. *See* Docket
12 No. 321.
13       In connection with the sale of the Debtors' assets, on September 11, 2019, the Debtors and
14 Hillair entered into that certain Asset Purchase Agreement dated as of September 11, 2019. *See*
15 Docket No. 318. The Term Sheet and the Asset Purchase Agreement, supported by the Debtors
16 and the Committee, permit Hillair to credit bid its secured claim in the amount of $9,000,000 up
17 to Hillair's fully secured claim in the amount of $11,108,000 plus any allowable interest, fees and
18 costs. Thereafter, the Debtors filed on September 19, 2019 the Sale Motion and the Assignment
19 Notice. The Court set October 1, 2019 as the deadline for parties to object to the Sale Motion and
20 the Assignment Notice. The auction has been set for October 14, 2019 at 10:00 a.m., and the sale
21 hearing has been set for October 17, 2019 at 10:00 a.m. in the above-captioned court.

22       **B.**    **Amazon objects to the assumption and assignment of its contract with Scoobeez.**
23
24       Amazon raises four arguments in its opposition to the assumption and assignment of the
25 Amazon Contract. First, the Amazon Contract is not an executory contract capable of being
26 assumed and assigned because Amazon is under no obligation to request services from Sccobeez,
27 and therefore, does not have any unperformed obligations. *See* Amazon Objection, Part II.
28 Second, the Debtors have not cured or provided adequate assurance that they will cure the

existing defaults under the Amazon Contract. *See* Amazon Objection, Part III. Third, if Hillair is not the successful bidder, Amazon would be deprived of its right to due process as a result of the short timeframe between the identification of the winning bidder and the hearing on the Sale Motion. *See* Amazon Objection, p. 6, ln. 1-12. Finally, the Debtors have not provided adequate assurance of future performance of the Amazon Contract. *See* Amazon Objection, Part IV.

With respect to this last issue, Amazon has expressed concern over the language in the Asset Purchase Agreement at Section 12.8, which states that "Buyer intends to (and May, without the consent of the Sellers) assign its rights, interests, and obligations hereunder to one or more of its assignees or designees." Amazon Objection, p. 5, ln. 4-13. As previously noted, the Debtors will be filing a separate reply with respect to the first three issues raised by Amazon. Hillair's reply addresses this last issue.

    **C.**    **Overview of Hillair and its ability to operate the Debtors' business and provide adequate assurance of future performance to Amazon with respect to the Amazon Contract.**

Hillair is a strategic investment fund that provides financial and operational support to growth initiatives of small to medium companies. *See* Declaration of Scott D. Kaufman concurrently filed (the "Kaufman Decl."), ¶ 8. Hillair looks to build long term relationships with its portfolio companies and does not invest solely for quick exit. *Id.* Hillair's initial financing of the Debtors occurred in October 2016 with an additional financing occurring in January 2017 for a total of over $8 million advanced to the Debtors. *Id.*

Over the past three-years, Hillair has funded the Debtors' operations and has become very familiar with the business. Hillair has formed close working relationships with the Debtors' current management. Kaufman Decl., ¶ 9. Hillair's investment professionals have visited Amazon distribution centers serviced by the Debtors in each of California, Texas and Illinois and met on numerous occasions with the Debtors' field management and drivers. *Id.* Hillair has been with the Debtors since its early days and has been crucial to supporting and financing their growth. *Id.* Without the capital provided by Hillair, the Debtors would not have been able to grow their business to service Amazon. *Id.*

4

**HILLAIR CAPITAL MANAGEMENT, LLC'S REPLY TO AMAZON LOGISTICS, INC.'S OBJECTION TO ASSUMPTION AND ASSIGNMENT OF DELIVERY PROVIDER TERMS OF SERVICE WORK ORDER**

BN 38008958V3

Hillair has also played a material role in uncovering the prepetition potentially fraudulent transactions involving the Debtors' prepetition principals, Shahan Ohanessian and Shoshona Ohanessian. Kaufman Decl., ¶ 10. This resulted in their removal from the Debtors' executive management and Board of Directors, which lead to the appointment of a Chief Restructuring Officer at the inception of the bankruptcy case. *Id.*

Hillair understood the business sufficiently to be confident that the Debtors could be successful, and most likely thrive, upon the departure of the Ohanessians as Hillair had confidence in what became the current executive management, namely: George Voskanian (co-CEO and CFO), Scott Sheik (co-CEO and General Counsel) and Nick Solari (Senior Field Manager). Kaufman Decl., ¶ 11. This confidence has been rewarded since the bankruptcy filing because Hillair believes that the objective record makes it clear that the quality of the Debtors' services to Amazon have improved during the bankruptcy case as evidenced by the increase in routes awarded to the Debtors by Amazon and the excellent and superb ratings routinely given by Amazon to the Debtors in Amazon's weekly audits/scorecards of the Debtors' services. *Id.* The Debtors' existing management team is a critical component to the success of the Debtors' business and Hillair intends to retain Messrs. Voskanian, Sheik and Solari to run the business. *Id.* Indeed, Hillair values the contributions that the employees of the Debtors have made to build a successful company, and expects that the Newco will offer equity participation for these employees including the drivers and other operation-level employees. *Id.*

Finally, with respect to Amazon's concerns over Section 12.8 of the Asset Purchase Agreement, that provision was included to allow Hillair to acquire the assets of the Debtors through a "Section 363 Sale" through a newly form acquisition company that will be wholly owned by Hillair or one of its investment vehicles. Kaufman Decl., ¶ 12. Hillair intends to retain its ownership in that Newco and operate the business for the foreseeable future.[1] *Id.* The negotiated Term Sheet and Asset Purchase Agreement provide the Newco with more than adequate working capital to operate the business as of the closing date. *Id.* Indeed, coupled with

---

[1] Hillair has also been approached by potential investors who are committed to saving the business and investing in the Newco's goal of offering continued and growing employment opportunities in the communities in which the Newco will operate. Kaufman Decl., ¶ 12, n.1.

5

the retention of the existing management and employees, the financial and operational posture of the Newco should give Amazon more than sufficient assurance of post-closing operations. *Id.* There is little, if any, doubt that the Newco, on the closing date, will be both financially and operationally more secure than the historical company that Amazon did business with during the entire prior history of the Amazon-Debtors' relationship. *Id.*

Exhibit 1 to the Kaufman Declaration contains confidential financial and operational information demonstrating that Hillair can provide adequate assurance of future performance (the "Adequate Assurance Package") of the Amazon Contract that is the subject of the Amazon Objection. Kaufman Decl., ¶ 13. Given that there are other potential bidders interested in participating in the auction for the Debtors' assets, the disclosure of Hillair's confidential Adequate Assurance Package to such bidders would severely prejudice Hillair's rights. *Id.* For this reason, the Adequate Assurance Package has been submitted to the Court under seal. Hillair will also provide a copy of the Adequate Assurance Package to Amazon's counsel for Amazon's review and consideration.

## IV.

## ARGUMENT

**A.    The Bankruptcy Code requires the demonstration of adequate assurance of future performance for the assumption and assignment of an executory contract.**

Section 365(b)(1) of the Bankruptcy Code permits the assumption of an unexpired lease or executory contract by a debtor. Section 365(b)(1) further provides that:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of the assumption of such contract or lease, the trustee—
>
> (A)    cures, or provides adequate assurance that the trustee will promptly cure, such default . . .;
>
> (B)    compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease for any actual pecuniary loss to such party resulting from such default; and
>
> (C)    provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

Regarding the assignment of an unexpired lease or executory contract, Section 365(f)(2) of the Bankruptcy Code provides that:

> The trustee may assign an executory contract or unexpired lease of the debtor only if—
>
> (A) the trustee assumes such contract or lease in accordance with the provisions of this section; and
>
> (B) adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default under such contract or lease.

11 U.S.C. § 365(f)(2).

A counterparty is entitled to notice of the identity of the assignee and of the proposed adequate assurance. The proposed assignee does not need to provide adequate assurance of all details of the contract, only of material and economically significant contract terms. 3 COLLIER ON BANKRUPTCY ¶ 365.09 (16th ed. rev. 2019). "A contract term is material if it was integral to the bargained-for exchange and is economically significant if performance is required to give the contract counterparty the full benefit of its bargain." *Id.* (citations omitted).

**B.    Hillair submits that it has provided adequate assurance of future performance to permit the assignment of the Amazon Contract.**

As set forth in Part III.C., Hillair can provide Amazon with adequate assurance of future performance of the Amazon Contract. First, the Debtors, the Committee and Hillair have negotiated a transaction whereby Hillair has agreed to purchase and acquire the Debtors' assets and continue to operate the business through a newly formed and well-capitalized Newco. Second, Hillair is a strategic investment fund with experience in the distribution services industry, and Newco, per the Term Sheet and the Asset Purchase Agreement, will be adequately capitalized as of the proposed closing date in order to maintain a smooth transition of the business and the continued employment of approximately 1,000 employees. Third, the current existing senior management will be retained by Newco to operate the business providing further support for a seamless transition. Hillair intends to capitalize and operate the business for the foreseeable

7

HILLAIR CAPITAL MANAGEMENT, LLC'S REPLY TO AMAZON LOGISTICS, INC.'S OBJECTION TO
ASSUMPTION AND ASSIGNMENT OF DELIVERY PROVIDER TERMS OF SERVICE WORK ORDER

BN 38008958V3

future thereby allaying Amazon's concerns that Hillair may simply assign its rights to an unknown third party.

Fourth, Hillair understands that Amazon may have a concern with the characterization of its Amazon Contract as an executory contract. Without waivers of any rights, Hillair is fine with assigning the agreement without characterizing it as an executory contract. Alternatively, Hillair would be willing to enter into a new direct contract with Amazon; however, that contract would need to be in place prior to the closing date of the sale.

Fifth, Amazon in its objection expressed concern over the Debtors' ability to cure its obligations owing to Amazon. In particular, Amazon has raised the issue with specific indemnification obligations related to lawsuits involving the Debtors. While the Debtors will be addressing this issue in their own reply to the Amazon Objection, Hillair requests that Amazon quantify the obligations and believes that the Debtors and Hillair can easily provide a workable solution to resolve this issue. Moreover, Hillair will agree to assume the indemnification provisions of the Amazon Contract so long as Amazon does not terminate the agreement, as it suggests that it may do.

Finally, the Adequate Protection Package attached as Exhibit 1 to the Kaufman Declaration and submitted under seal provides the necessary, confidential financial and operational information to provide Amazon with adequate assurance of future performance of the Amazon Contract by Hillair's Newco.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## V.

## **CONCLUSION**

For these reasons, Hillair requests that this Court overrule the Amazon Objection, grant the Sale Motion, permit the assumption and assignment of the Amazon Contract and grant such further relief as the Court deems just and proper.

DATED: October 11, 2019    BUCHALTER, a Professional Corporation

By   */s/ Anthony J. Napolitano*
     STEVEN M. SPECTOR
     ANTHONY J. NAPOLITANO

and

OLSHAN FROME WOLOSKY LLP

     ADAM H. FRIEDMAN

Attorneys for secured creditor
HILLAIR CAPITAL MANAGEMENT, LLC

9

**HILLAIR CAPITAL MANAGEMENT, LLC'S REPLY TO AMAZON LOGISTICS, INC.'S OBJECTION TO ASSUMPTION AND ASSIGNMENT OF DELIVERY PROVIDER TERMS OF SERVICE WORK ORDER**

BN 38008958V3

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
BUCHALTER, 1000 Wilshire Blvd, Suite 1500, Los Angeles, CA 90017

A true and correct copy of the foregoing document entitled (*specify*) **HILLAIR CAPITAL MANAGEMENT, LLC'S REPLY TO AMAZON LOGISTICS, INC.'S OBJECTION TO ASSUMPTION AND ASSIGNMENT OF DELIVERY PROVIDER TERMS OF SERVICE WORK ORDER** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) October 11, 2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Richard W Esterkin    richard.esterkin@morganlewis.com
- John-Patrick M Fritz    jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com
- Riebert Sterling Henderson    shenderson@gibbsgiden.com
- Vivian Ho    BKClaimConfirmation@ftb.ca.gov
- David Brian Lally    davidlallylaw@gmail.com
- Alvin Mar    alvin.mar@usdoj.gov
- Ashley M McDow    amcdow@foley.com, sgaeta@foley.com;mhebbeln@foley.com;swilson@foley.com;jsimon@foley.com
- Stacey A Miller    smiller@tharpe-howell.com
- Kevin H Morse    kmorse@clarkhill.com, blambert@clarkhill.com
- Shane J Moses    smoses@foley.com
- Akop J Nalbandyan    jnalbandyan@LNtriallawyers.com, cbautista@LNtriallawyers.com
- Rejoy Nalkara    rejoy.nalkara@americaninfosource.com
- Anthony J Napolitano    anapolitano@buchalter.com, IFS_filing@buchalter.com;salarcon@buchalter.com
- David L. Neale    dln@lnbyb.com
- Aram Ordubegian    ordubegian.aram@arentfox.com
- Hamid R Rafatjoo    hrafatjoo@raineslaw.com, bclark@raineslaw.com;cwilliams@raineslaw.com
- Gregory M Salvato    gsalvato@salvatolawoffices.com, calendar@salvatolawoffices.com;jboufadel@salvatolawoffices.com;gsalvato@ecf.inforuptcy.com
- Jeffrey S Shinbrot    jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com
- Steven M Spector    sspector@buchalter.com, IFS_efiling@buchalter.com;salarcon@buchalter.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Kimberly Walsh    bk-kwalsh@texasattorneygeneral.gov
- Eric K Yaeckel    yaeckel@sullivanlawgroupapc.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) October 11, 2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor
Scoobeez
3463 Foothill Blvd.
Glendale, CA 91214

☐ Service information continued on attached page

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) October 11, 2019, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Julia W. Brand – VIA MESSENGER
U.S. Bankruptcy Court – Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1382
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 11, 2019 | Shirlene Martin | /s/ Shirlene Martin |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE