STEVEN M. SPECTOR (SBN: 51623)
sspector@buchalter.com
ANTHONY J. NAPOLITANO (SBN: 227691)
anapolitano@buchalter.com
BUCHALTER, A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile:: (213) 896-0400

ADAM H. FRIEDMAN (pro hac vice pending)
afriedman@olshanlaw.com
OLSHAN FROME WOLOSKY LLP
1325 Avenue of the Americas
New York, NY 10019
Telephone: (212) 451-2216
Facsimile: (212) 451-2222

Attorneys for secured creditor
HILLAIR CAPITAL MANAGEMENT, LLC

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>SCOOBEEZ, INC., et al.<br><br>        Debtors and Debtors in Possession.<br><br>Affects:<br><br>☒   All Debtors<br>☐   SCOOBEEZ, INC., only<br>☐   SCOOBEEZ GLOBAL, INC. only<br>☐   SCOOBUR, LLC only | Lead Case No. 2:19-bk-14989-WB<br><br>Chapter 11<br><br>(Jointly Administered with<br>Case Nos. 2:19-bk-14991; 2:19-bk-14997)<br><br>**DECLARATION OF SCOTT D. KAUFMAN IN SUPPORT OF HILLAIR CAPITAL MANAGEMENT, LLC'S REPLY TO AMAZON LOGISTIC, INC.'S OBJECTION TO ASSUMPTION AND ASSIGNMENT OF DELIVERY PROVIDER TERMS OF SERVICE WORK ORDER**<br><br>[Reply and Motion to File Under Seal concurrently filed.]<br><br>**Hearing:**<br>Date:      October 17, 2019<br>Time:     10:00 a.m.<br>Place:     U.S. Bankruptcy Court<br>             Courtroom 1375<br>             255 East Temple Street<br>             Los Angeles, CA 90012 |

# DECLARATION OF SCOTT D. KAUFMAN

I, Scott D. Kaufman, hereby declare, as follows:

1. I am a member and co-founder of Hillair Capital Management LLC and Hillair Capital Advisors LLC, the general partner of Hillair Capital Investments LP (collectively, "Hillair"), senior secured creditor of Scoobeez, Inc., a California corporation, debtor in the above-captioned chapter 11 bankruptcy case ("Scoobeez"), and its affiliated debtors, Scoobeez Global, Inc., an Idaho corporation (formerly known as ABT Holdings, Inc.) ("Scoobeez Global") and Scoobur, LLC, a California limited liability company ("Scoobur") (collectively, the "Debtors").

2. I submit this declaration in support of Hillair's concurrently filed reply to the *Objection to Assumption and Assignment of Delivery Providers Terms of Service Work Order* [Docket No. 349] (the "Amazon Objection") filed by Amazon Logistics, Inc. ("Amazon").

3. The following facts are true to the best of my own personal knowledge, except where stated on information and belief, and as to those facts, I believe them to be true. If called as a witness, I could and would testify competently to the facts set forth herein.

4. As it relates to the Debtors, I am one of the individuals at Hillair responsible for overseeing and managing the Debtors' credit facility. Additionally, as part of my duties at Hillair, I am one of the custodians of the books, correspondence, agreements, records, files and other banking-related documents maintained at Hillair as they pertain to the Debtors.

5. In the ordinary course of Hillair's business and consistent with its policies and procedures, a record of all contracts and agreements to which Hillair is a party is maintained by Hillair, along with written and computerized records of all sums loaned or advanced to customers, payments made, interest and other charges of the balance owing (collectively, the "Records"). I am informed and believe that (i) the Records constitute writings taken or made and kept in the course of the regularly conducted business activity of Hillair; (ii) it is the regular practice of Hillair to have these Records made, kept, and preserved; (iii) such Records are made at or near the time of the acts or events recorded, by employees or contractors of Hillair with a business duty to do so; and (iv) the Records are made by, or are made from information transmitted by, employees or contractors of Hillair who have personal knowledge of the acts and events recorded

2

**DECLARATION OF SCOTT D. KAUFMAN IN SUPPORT OF HILLAIR'S REPLY TO AMAZON LOGISTICS, INC.'S OBJECTION TO THE ASSUMPTION AND ASSIGNMENT OF DELIVERY PROVIDER TERMS OF SERVICE WORK ORDER**
BN 38016767V2

in such Records and with a business duty to so record such acts and events. Hillair operates in reliance upon these procedures.

6. I have access to Hillair's Records, either through Hillair's computer systems or in hard-copy files maintained in my office or in the offices of Hillair's personnel from whom I can obtain the business records. To the best of my abilities and resources, I have reviewed Hillair's applicable books, documents, and records relating to the Debtors.

7. Based upon my role as a co-founding partner of Hillair and my duties and responsibilities in that role, I am sufficiently acquainted with the method and manner of preparation and maintenance of the business records of Hillair for the relevant time period. As of the date of this Declaration, I have reviewed the Records relating to Hillair's dealings with the Debtors in connection with the Debtors' outstanding obligations owing to Hillair. By virtue of my personal involvement in this matter and with the transactions at issue, and in reviewing the documents and correspondence by, between and among Hillair and the Debtors, I affirm the documents referred to herein and attached as exhibits to be authentic business records of Hillair, and I know the following to be true.

8. Hillair is a strategic investment fund that provides financial and operational support to growth initiatives of small to medium companies. Hillair looks to build long term relationships with its portfolio companies and does not invest solely for quick exit. Hillair's initial financing of the Debtors occurred in October 2016 with an additional financing occurring in January 2017 for a total of over $8 million advanced to the Debtors.

9. Over the past three-years, Hillair has funded the Debtors' operations and has become very familiar with the business. Hillair has formed close working relationships with the Debtors' current management. Hillair's investment professionals have visited Amazon distribution centers serviced by the Debtors in each of California, Texas and Illinois and met on numerous occasions with the Debtors' field management and drivers. Hillair has been with the Debtors since its early days and has been crucial to supporting and financing their growth. Without the capital provided by Hillair, the Debtors would not have been able to grow their business to service Amazon.

10. Hillair has also played a material role in uncovering the prepetition potentially fraudulent transactions involving the Debtors' prepetition principals, Shahan Ohanessian and Shoshona Ohanessian. This resulted in their removal from the Debtors' executive management and Board of Directors, which lead to the appointment of a Chief Restructuring Officer at the inception of the bankruptcy case.

11. Hillair understood the business sufficiently to be confident that the Debtors could be successful, and most likely thrive, upon the departure of the Ohanessians as Hillair had confidence in what became the current executive management, namely: George Voskanian (co-CEO and CFO), Scott Sheik (co-CEO and General Counsel) and Nick Solari (Senior Field Manager). This confidence has been rewarded since the bankruptcy filing because Hillair believes that the objective record makes it clear that the quality of the Debtors' services to Amazon have improved during the bankruptcy case as evidenced by the increase in routes awarded to the Debtors by Amazon and the excellent and superb ratings routinely given by Amazon to the Debtors in Amazon's weekly audits/scorecards of the Debtors' services. The Debtors' existing management team is a critical component to the success of the Debtors' business and Hillair intends to retain Messrs. Voskanian, Sheik and Solari to run the business. Indeed, Hillair values the contributions that the employees of the Debtors have made to build a successful company, and expects that the Newco will offer equity participation for these employees including the drivers and other operation-level employees.

12. With respect to Amazon's concerns over Section 12.8 of the Asset Purchase Agreement, that provision was included to allow Hillair to acquire the assets of the Debtors through a "Section 363 Sale" through a newly form acquisition company that will be wholly owned by Hillair or one of its investment vehicles. Hillair intends to retain its ownership in that Newco and operate the business for the foreseeable future.[1] The negotiated Term Sheet and Asset Purchase Agreement provide the Newco with more than adequate working capital to operate the business as of the closing date. Indeed, coupled with the retention of the existing management

---

[1] Hillair has also been approached by potential investors who are committed to saving the business and investing in Newco's goal of offering continued and growing employment opportunities in the communities in which Newco will operate.

4

and employees, the financial and operational posture of the Newco should give Amazon more than sufficient assurance of post-closing operations. There is little, if any, doubt that the Newco, on the closing date, will be both financially and operationally more secure than the historical company that Amazon did business with during the entire prior history of the Amazon-Debtors' relationship.

13. Attached hereto as Exhibit 1 is a true and complete copy of Hillair's confidential financial and operational information demonstrating that Hillair can provide adequate assurance of future performance (the "Adequate Assurance Package") of the *Delivery Providers Terms of Service Work Order* that is the subject of the Amazon Objection. Given that there are other potential bidders interested in participating in the auction for the Debtors' assets, the disclosure of Hillair's confidential Adequate Assurance Package to such bidders would severely prejudice Hillair's rights.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 11, 2019, at Park City, Utah.

_____
SCOTT D. KAUFMAN

and employees, the financial and operational posture of the Newco should give Amazon more than sufficient assurance of post-closing operations. There is little, if any, doubt that the Newco, on the closing date, will be both financially and operationally more secure than the historical company that Amazon did business with during the entire prior history of the Amazon-Debtors' relationship.

13. Attached hereto as Exhibit 1 is a true and complete copy of Hillair's confidential financial and operational information demonstrating that Hillair can provide adequate assurance of future performance (the "Adequate Assurance Package") of the *Delivery Providers Terms of Service Work Order* that is the subject of the Amazon Objection. Given that there are other potential bidders interested in participating in the auction for the Debtors' assets, the disclosure of Hillair's confidential Adequate Assurance Package to such bidders would severely prejudice Hillair's rights.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 11, 2019, at Park City, Utah.

SCOTT D. KAUFMAN

# EXHIBIT 1

# FILED UNDER SEAL

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: BUCHALTER, 1000 Wilshire Blvd, Suite 1500, Los Angeles, CA 90017

A true and correct copy of the foregoing document entitled (*specify*) **DECLARATION OF SCOTT D. KAUFMAN IN SUPPORT OF HILLAIR CAPITAL MANAGEMENT, LLC'S REPLY TO AMAZON LOGISTIC, INC.'S OBJECTION TO ASSUMPTION AND ASSIGNMENT OF DELIVERY PROVIDER TERMS OF SERVICE WORK ORDER** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) October 11, 2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Richard W Esterkin    richard.esterkin@morganlewis.com
- John-Patrick M Fritz    jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com
- Riebert Sterling Henderson    shenderson@gibbsgiden.com
- Vivian Ho    BKClaimConfirmation@ftb.ca.gov
- David Brian Lally    davidlallylaw@gmail.com
- Alvin Mar    alvin.mar@usdoj.gov
- Ashley M McDow    amcdow@foley.com, sgaeta@foley.com;mhebbeln@foley.com;swilson@foley.com;jsimon@foley.com
- Stacey A Miller    smiller@tharpe-howell.com
- Kevin H Morse    kmorse@clarkhill.com, blambert@clarkhill.com
- Shane J Moses    smoses@foley.com
- Akop J Nalbandyan    jnalbandyan@LNtriallawyers.com, cbautista@LNtriallawyers.com
- Rejoy Nalkara    rejoy.nalkara@americaninfosource.com
- Anthony J Napolitano    anapolitano@buchalter.com, IFS_filing@buchalter.com;salarcon@buchalter.com
- David L. Neale    dln@lnbyb.com
- Aram Ordubegian    ordubegian.aram@arentfox.com
- Hamid R Rafatjoo    hrafatjoo@raineslaw.com, bclark@raineslaw.com;cwilliams@raineslaw.com
- Gregory M Salvato    gsalvato@salvatolawoffices.com, calendar@salvatolawoffices.com;jboufadel@salvatolawoffices.com;gsalvato@ecf.inforuptcy.com
- Jeffrey S Shinbrot    jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com
- Steven M Spector    sspector@buchalter.com, IFS_efiling@buchalter.com;salarcon@buchalter.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Kimberly Walsh    bk-kwalsh@texasattorneygeneral.gov
- Eric K Yaeckel    yaeckel@sullivanlawgroupapc.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) October 11, 2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor
Scoobeez
3463 Foothill Blvd.
Glendale, CA 91214

☐ Service information continued on attached page

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) October 11, 2019, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Julia W. Brand – VIA MESSENGER
U.S. Bankruptcy Court – Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1382
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 11, 2019 | Shirlene Martin | /s/ Shirlene Martin |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE