STEVEN M. SPECTOR (SBN: 51623)
sspector@buchalter.com
ANTHONY J. NAPOLITANO (SBN: 227691)
anapolitano@buchalter.com
BUCHALTER, A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile:: (213) 896-0400

ADAM H. FRIEDMAN (pro hac vice pending)
afriedman@olshanlaw.com
OLSHAN FROME WOLOSKY LLP
1325 Avenue of the Americas
New York, NY 10019
Telephone: (212) 451-2216
Facsimile: (212) 451-2222

Attorneys for secured creditor
HILLAIR CAPITAL MANAGEMENT, LLC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>SCOOBEEZ, INC., et al.<br><br>　　　Debtors and Debtors<br>　　　in Possession.<br><br>Affects:<br><br>☒　All Debtors<br>☐　SCOOBEEZ, INC., only<br>☐　SCOOBEEZ GLOBAL, INC. only<br>☐　SCOOBUR, LLC only | Lead Case No. 2:19-bk-14989-WB<br><br>Chapter 11<br><br>(Jointly Administered with<br>Case Nos. 2:19-bk-14991; 2:19-bk-14997)<br><br>**HILLAIR CAPITAL MANAGEMENT, LLC'S *EX PARTE* MOTION FOR ORDER AUTHORIZING FILING OF CONFIDENTIAL DOCUMENTS UNDER SEAL PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9018; DECLARATION OF ANTHONY J. NAPOLITANO**<br><br>[Reply to Sale Objections and Reply to Opposition to Assignment Notice concurrently filed.]<br><br>**Sale Hearing:**<br>Date:　　　October 17, 2019<br>Time:　　　10:00 a.m.<br>Place:　　　U.S. Bankruptcy Court<br>　　　　　　Courtroom 1375<br>　　　　　　255 East Temple Street<br>　　　　　　Los Angeles, CA 90012 |

BN 37989261V1

**TO THE HONORABLE JULIA BRAND, UNITED STATES BANKRUPTCY JUDGE, THE DEBTORS, THEIR COUNSEL AND ALL PARTIES IN INTEREST:**

Hillair Capital Management LLC and its affiliates (collectively, "Hillair"), senior secured creditor of Scoobeez, Inc., a California corporation, debtor in the above-captioned chapter 11 bankruptcy case ("Scoobeez"), and its affiliated debtors, Scoobeez Global, Inc., an Idaho corporation (formerly known as ABT Holdings, Inc.) ("Scoobeez Global") and Scoobur, LLC, a California limited liability company ("Scoobur") (collectively, the "Debtors"), respectfully submits this *Ex Parte Motion for Order Authorizing Filing of Confidential Documents Under Seal* (the "Motion") as follows:

## I.

## INTRODUCTION

On September 19, 2019, the Debtors filed their *Motion for Entry of Order (I) Authorizing the Sale of Substantially All of the Assets of Debtor Outside the Ordinary Course of Business, Etc.* [Docket No. 329] (the "Sale Motion") seeking to sell substantially all of the Debtors assets to Hillair as the stalking horse bidder. On October 1, 2019, shareholders Shahan and Shoushana Ohanessian (the "Ohanessians") filed their *Opposition to Motion for Entry of Order (I) Authorizing the Sale of Substantially All of the Assets of Debtor, Etc.* [Docket No. 344]. On October 3, 2019, shareholders Peter Rosenthal and Barbara Rosenthal, as Trustees, and Grigori Sedrakyan (the "Rosenthal Parties") filed their *Joinder and Opposition to Motion for Entry of Order (I) Authorizing the Sale of Substantially All of the Assets of Debtor, Etc.* [Docket No. 354] (collectively, the "Sale Objections").

The Debtors also filed on September 19, 2019, their *Notice of Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with the Sale* [Docket No. 336] (the "Assumption Notice"). On October 1, 2019, Amazon Logistics, Inc. ("Amazon") filed its *Objection to Assumption and Assignment of Delivery Providers Terms of Service Work Order* [Docket No. 349] (the "Amazon Objection"). Hillair has concurrently filed its replies to the Sale Objections and the Amazon Objection. In connection with those replies, Hillair seeks the entry of an order authorizing Hillair to file certain confidential documents under seal.

1

With respect to the Sale Objections, Hillair's counsel had retained the Honorable Louis J. Freeh, former Director of the FBI, and Freeh Group International Solutions, LLC (the "Freeh Group") to conduct an analysis of various documents that Hillair obtained pursuant to Hillair's *Omnibus Motion for Entry of Order Authorizing Examinations Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure* [Docket No. 35] (the "Rule 2004 Motion"), which the Court granted. The Freeh Group prepared a report (the "Freeh Report") identifying a substantial number of transactions that showed large sums of money going from the Debtors' business accounts to two accounts that appear to be the Ohanessians' personal accounts.

With respect to the Amazon Objection, Hillair has prepared the Declaration of Scott D. Kaufman and an Exhibit 1 to that declaration that contains confidential financial and operational information demonstrating that Hillair can provide adequate assurance of future performance (the "Adequate Assurance Package") of the Delivery Providers Terms of Service Work Order (the "Amazon Contract") that is the subject of the Amazon Objection. Accordingly, Hillair respectfully requests the entry of an order authorizing the submission of the Freeh Report and Adequate Assurance Package (collectively, the "Confidential Documents") under seal.

## II.

## BACKGROUND

**A.  The Debtors enter into an agreement with Hillair and the Committee to sell substantially all of the Debtors' assets to Hillair as the stalking horse bidder.**

On April 30, 2019, the Debtors filed voluntary petitions for relief commencing the above-captioned, jointly administered chapter 11 bankruptcy cases. As more particularly described in Hillair's concurrently filed Omnibus Reply to the Sale Objection and the Declaration of Scott D. Kaufman in support of the Omnibus Reply, Hillair is the Debtors' senior secured creditor holding a security interest in substantially all of the Debtors' assets. On August 20, 2019, the Debtors, the Committee, and Hillair entered into a Term Sheet, which provided for Hillair or its designee to serve as the stalking horse purchaser at an auction of substantially all of the Debtors' assets.

On August 29, 2019, the Debtors filed their *Motion for Entry of an Order (I) Approving Bidding Procedures for Sale of Assets, Etc.* [Docket No. 293] (the "Bid Procedures Motion")

2

seeking entry of an order, among other things: (i) approving the proposed auction and bidding procedures, (ii) approving certain the bid protections, (iii) establishing procedures for the assumption and assignment of executory contracts and unexpired leases, including notice of proposed cure amounts; (iv) approving the form and manner of notice of all procedures, protections, schedules and agreements; and (v) scheduling a hearing to approve such sale. The Court entered its order approving the Bid Procedures Motion on September 17, 2019. *See* Docket No. 321.

In connection with the sale of the Debtors' assets, on September 11, 2019, the Debtors and Hillair entered into that certain Asset Purchase Agreement dated as of September 11, 2019. *See* Docket No. 318. Thereafter, the Debtors filed on September 19, 2019 the Sale Motion and the Assignment Notice. The Court set October 1, 2019 as the deadline for parties to object to the Sale Motion and the Assignment Notice. The auction has been set for October 14, 2019 at 10:00 a.m., and the sale hearing has been set for October 17, 2019 at 10:00 a.m. in the above-captioned court.

**B.    The Sale Objections and the confidential nature of the Freeh Report requiring its submission under seal.**

The Sale Objections raised a number of arguments in opposition to the Sale Motion including, (i) Hillair's claim should be subordinated pursuant to Section 510(b) of the Bankruptcy Code, (ii) Hillair should be denied its right to credit bid, and (iii) Hillair should not be entitled to the good faith protections under Section 363(m) of the Bankruptcy Code. Not only does Hillair's concurrently filed omnibus reply demonstrate that there is no merit to these arguments, it also places the Sale Objections in the proper context for which they have been submitted.

The Court will surely recall that Shahan Ohanessian had been ousted as the Chief Executive Officer and controlling director of the Debtors shortly after the petition date based on allegations of prepetition fraudulent transfers. The Court will also recall the egregious facts set forth in Hillair's Rule 2004 Motion, which the Court granted, that justified the removal of Shahan Ohanessian from his roles with the Debtors. After obtaining the documents from the Rule 2004 Motion, these documents were provided to the Freeh Group. After conducting a thorough

3

HILLAIR CAPITAL MANAGEMENT, LLC'S *EX PARTE* MOTION FOR ORDER AUTHORIZING FILING OF CONFIDENTIAL DOCUMENTS UNDER SEAL PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9018
BN 37989261V1

forensic analysis of those documents, the Freeh Group prepared the Freeh Report at the direction of Hillair's counsel.

The Freeh Report identified a substantial number of transactions that showed large sums of money going from the Debtors' business accounts to two accounts that appeared to be the Ohanessians' personal accounts. Given the sensitive nature of the information contained in the Freeh Report, and the possibility that Hillair, the Debtors or the Committee may have claims against the Ohanessians based on the conclusions set forth in the Freeh Report, Hillair submits the Freeh Report under seal. After reviewing the Freeh Report, the Court should view the Sale Objections as nothing more than a desperate attempt to derail the Debtors' proposed sale so that the Ohanessians can attempt to salvage their ownership interest in the Debtors.

    **C.**    **The Amazon Objection and the confidential nature of the Adequate Assurance Package requiring its submission under seal.**

The Amazon Objection raises three arguments in opposition to the assumption and assignment of the Amazon Contract. First, the Amazon Contract is not an executory contract capable of being assumed and assigned. Second, the Debtors have not cured or provided adequate assurance that they will cure the existing defaults under the Amazon Contract. Finally, the Debtors have not provided adequate assurance of future performance of the Amazon Contract. Hillair's concurrently filed reply to the Amazon Objection addresses this last argument and provides various confidential operational and financial information to demonstrate that Hillair can provide adequate assurance of future performance.

Given that there are other potential bidders interested in participating in the auction for the Debtors' assets, the disclosure of Hillair's confidential financial and operational information to such bidders would severely prejudice Hillair's rights. For this reason, the Adequate Assurance Package should be submitted under seal.

### III.

### ARGUMENT

    **A.**    **Good cause exists to permit the filing of the Confidential Documents under seal.**

Section 107(b) of the Bankruptcy Code authorizes the Court to enter an order to protect

4

against public disclosure certain "trade secret or confidential research, development or commercial information . . . ." 11 U.S.C. § 107(b). Bankruptcy Rule 9018 further provides that "[o]n motion or its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development or commercial information . . . ." FED. R. BANKR. P. 9018. Finally, Local Bankruptcy Rule 5003-2(c)(1) requires that "[i]f a filing under seal is requested, a written motion and proposed order must be presented to the judge along with the paper submitted for filing under seal." LBR 5003-2(c)(1).

Additionally, Section 105(a) of the Bankruptcy Code provides further authority for this Court to enter an order permitting the filing of the Confidential Documents under seal. Section 105(a) provides that the Court "may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code.]" 11 U.S.C. § 105(a). Preserving the confidential information contained within the Confidential Documents is consistent with the purposes of Section 105(a).

The court in *In re Hemple*, 295 B.R. 200 (Bankr. D. Vt., 2003), identified various criteria to be considered in determining whether confidentiality provisions, justify keeping the substance of a document, such as settlements, from public access. The types of relevant factors to be taken into account include:

> (1) the necessity of the settlement to the viability of the bankruptcy case; (2) whether the confidentiality provision is truly essential . . . (5) whether the creditors will clearly benefit from the settlement notwithstanding a lack of access to the specific terms of that settlement; (6) whether the debtor will suffer irreparable harm if the settlement agreement is not filed under seal; (7) whether the parties would be able to keep the terms of the settlement confidential in the absence of a bankruptcy filing; (8) whose interests are being protected by allowing the filing of the settlement agreement under seal and whether there is any negative impact either on the estate or in the treatment of other interested parties in the case; (9) what is the likelihood of other parties actually obtaining the details of the agreement if it is not filed under seal; and (10) whether the document needs to be kept under seal permanently or some shorter time period could suffice.

*Id.* at 202. Other bankruptcy courts have routinely authorize sealing confidential settlement agreements where the interests of the debtors so require it. *See, e.g., Picciotto v. Salem Suede,*

5

*Inc. (In re Salem Suede, Inc.)*, 268 F.3d 42, 45 (1st Cir. 2001) (sealing transcript discussing terms of confidential agreement); *In re SONICblue Inc.*, 422 B.R. 204, 210 (Bankr. N.D. Cal. 2009) (permitting confidential settlement agreement to be filed under seal).  With respect to adequate assurance of future performance submissions with respect to assumption and assignment of contracts, the court in *In re Carter Hawley Hale Stores*, 1991 Bankr. LEXIS 2186 (Bankr. C.D. Cal. Jul 31, 1991), permitted documentary evidence and testimony to be taken under seal to establish that the proposed assignee could provide adequate assurance of future performance.  *Id.* at *11-13.

Here, the disclosure of the information contained in the Freeh Report would essentially provide a road map for any party in interest interested in pursuing claims against the Ohanessians for which the Debtors' estates do not have exclusive standing rights.  Further, the disclosure of the information contained in the Freeh Report will enable the Ohanessians to take actions that may minimize their liability or potential recovery to the detriment of the Debtors' estates.  The disclosure of the information contained in the Adequate Protection Package would provide any other interested bidder in confidential financial and operational information related to Hillair's bid.  Such disclosure may prejudice Hillair's rights in connection with the auction.

### B.    Submission of the Confidential Documents and service of the Motion.

The Court Manual at Part 2.8(b)(1) provides that the Motion should include as exhibits the documents that the movant seeks to file under seal with the confidential portions redacted. Compliance with this requirement is impracticable as the entirety of the Freeh Report and the entirety of the Adequate Assurance Package contain confidential information. Accordingly, Hillair has lodged the Confidential Documents with the Clerk of this Bankruptcy Court in envelopes marked "DOCUMENTS FILED UNDER SEAL," in compliance with Local Bankruptcy Rule 5003-2(c)(1).  Hillair hereby requests that the Court seal the Confidential Documents, which sets forth confidential information regarding the alleged prepetition fraudulent transfers of the Ohanessians and Hillair's supporting documents demonstrating adequate assurance of future performance with respect to the Amazon Objection.

6

**HILLAIR CAPITAL MANAGEMENT, LLC'S *EX PARTE* MOTION FOR ORDER AUTHORIZING FILING OF CONFIDENTIAL DOCUMENTS UNDER SEAL PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9018**
BN 37989261V1

1  This Motion has been served on the Debtors, the Committee, the U.S. Trustee, and counsel for Amazon. In order to protect the confidentiality of the information contained in the Confidential Documents, the Confidential Documents have not been served on any parties. Hillair will provide its Adequate Assurance Package to counsel for Amazon for its review and consideration.

## IV.

## **CONCLUSION**

For these reasons, Hillair respectfully requests that the Court grant the Motion and permit Hillair to file the Freeh Report and the Adequate Assurance Package under seal, grant such further relief as the Court deems just and proper.

DATED: October 11, 2019                     BUCHALTER, a Professional Corporation

By    */s/ Anthony J. Napolitano*
       STEVEN M. SPECTOR
       ANTHONY J. NAPOLITANO

and

OLSHAN FROME WOLOSKY LLP

   ADAM H. FRIEDMAN

Attorneys for secured creditor
HILLAIR CAPITAL MANAGEMENT, LLC

7

## DECLARATION OF ANTHONY J. NAPOLITANO

I, Anthony J. Napolitano, declare as follows:

1. I am an attorney duly admitted to practice in the State of California and the United States District Court for the Central District of California. I am a Senior Counsel of Buchalter, a Professional Corporation ("Buchalter") and a member of Buchalter's Insolvency & Financial Law practice group. Buchalter is co-counsel of record to Hillair Capital Management, LLC and its affiliates ("Hillair") in connection with the above-captioned, jointly administered chapter 11 bankruptcy cases of Scoobeez, Inc., a California corporation, debtor in the jointly administered, above-captioned chapter 11 bankruptcy case ("Scoobeez"), and its affiliated debtors, Scoobeez Global, Inc., an Idaho corporation (formerly known as ABT Holdings, Inc.) ("Scoobeez Global") and Scoobur, LLC, a California limited liability company ("Scoobur") (collectively, the "Debtors").

2. I make this declaration in support of Hillair's *Ex Parte Motion for Order Authorizing Filing of Confidential Documents Under Seal* (the "Motion"). I am over the age of 18 and have personal knowledge of the facts contained in this declaration. As to the following facts, I know them to be true both from my personal knowledge and my review of documents received in the ordinary course of business.

3. Concurrently with the filing of this Motion, Hillair has filed an omnibus reply (the "Omnibus Reply") to the *Opposition to Motion for Entry of Order (I) Authorizing the Sale of Substantially All of the Assets of Debtor, Etc.* [Docket No. 344] filed by Shahan and Shoushana Ohanessian, and (2) the *Joinder and Opposition to Motion for Entry of Order (I) Authorizing the Sale of Substantially All of the Assets of Debtor, Etc.* [Docket No. 354] filed by Peter Rosenthal and Barbara Rosenthal, as Trustees, and Grigori Sedrakyan.

4. In support of the Omnibus Reply, Hillair has also filed concurrently its Declaration of Scott D. Kaufman, which includes an exhibit, Exhibit No. 10, prepared by the Honorable Louis J. Freeh, former Director of the FBI, and Freeh Group International Solutions, LLC (the "Freeh Group"). Exhibit 10 is a a report (the "Freeh Report") identifying a substantial number of

8

**HILLAIR CAPITAL MANAGEMENT, LLC'S *EX PARTE* MOTION FOR ORDER AUTHORIZING FILING OF CONFIDENTIAL DOCUMENTS UNDER SEAL PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9018**
BN 37989261V1

1  transactions that showed large sums of money going from the Debtors' business accounts to two
2  accounts that appear to be the Ohanessians' personal accounts.

3       5.     Additionally, HIllair has filed concurrently filed a reply (the "Amazon Reply") to
4  the *Objection to Assumption and Assignment of Delivery Providers Terms of Service Work Order*
5  [Docket No. 349] filed by Amazon Logistics, Inc. ("Amazon").

6       6.     In support of the Amazon Reply, Hillair has also filed concurrently a separate
7  Declaration of Scott D. Kaufman, which includes an exhibit, Exhibit No. 1, prepared by Hillair,
8  which provides confidential information about Hillair regarding Hillair's ability to provide
9  adequate assurance of future performance with respect to Amazon's contract with Hillair (the
10 "Adequate Assurance Package").

11      7.     Since the entiret of the Freeh Report and the entirety of the Adequate Assurance
12 Package contain confidential information, compliance with Part 2.8(b)(1) of the the Court Manual
13 would be impracticable.  Accordingly, Hillair has filed this Motion without attaching redacted
14 copies of the Freeh Report and the Adequate Assurance Package and has simply submitted those
15 documents to the Court separately in a sealed envelop via non-electronic submission.

16      I declare under penalty of perjury under the laws of the United States of America that the
17 foregoing is true and correct.  Executed on October 11, 2019 at Los Angeles, California.

                               */s/ Anthony J. Napolitano*
                               ANTHONY J. NAPOLITANO

**HILLAIR CAPITAL MANAGEMENT, LLC'S *EX PARTE* MOTION FOR ORDER AUTHORIZING FILING OF CONFIDENTIAL DOCUMENTS UNDER SEAL PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9018**

BN 37989261V1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
BUCHALTER, 1000 Wilshire Blvd, Suite 1500, Los Angeles, CA 90017

A true and correct copy of the foregoing document entitled (*specify*) **HILLAIR CAPITAL MANAGEMENT, LLC'S EX PARTE MOTION FOR ORDER AUTHORIZING FILING OF CONFIDENTIAL DOCUMENTS UNDER SEAL PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9018** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) October 11, 2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Richard W Esterkin    richard.esterkin@morganlewis.com
- John-Patrick M Fritz    jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com
- Riebert Sterling Henderson    shenderson@gibbsgiden.com
- Vivian Ho    BKClaimConfirmation@ftb.ca.gov
- David Brian Lally    davidlallylaw@gmail.com
- Alvin Mar    alvin.mar@usdoj.gov
- Ashley M McDow    amcdow@foley.com, sgaeta@foley.com;mhebbeln@foley.com;swilson@foley.com;jsimon@foley.com
- Stacey A Miller    smiller@tharpe-howell.com
- Kevin H Morse    kmorse@clarkhill.com, blambert@clarkhill.com
- Shane J Moses    smoses@foley.com
- Akop J Nalbandyan    jnalbandyan@LNtriallawyers.com, cbautista@LNtriallawyers.com
- Rejoy Nalkara    rejoy.nalkara@americaninfosource.com
- Anthony J Napolitano    anapolitano@buchalter.com, IFS_filing@buchalter.com;salarcon@buchalter.com
- David L. Neale    dln@lnbyb.com
- Aram Ordubegian    ordubegian.aram@arentfox.com
- Hamid R Rafatjoo    hrafatjoo@raineslaw.com, bclark@raineslaw.com;cwilliams@raineslaw.com
- Gregory M Salvato    gsalvato@salvatolawoffices.com, calendar@salvatolawoffices.com;jboufadel@salvatolawoffices.com;gsalvato@ecf.inforuptcy.com
- Jeffrey S Shinbrot    jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com
- Steven M Spector    sspector@buchalter.com, IFS_efiling@buchalter.com;salarcon@buchalter.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Kimberly Walsh    bk-kwalsh@texasattorneygeneral.gov
- Eric K Yaeckel    yaeckel@sullivanlawgroupapc.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) October 11, 2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor
Scoobeez
3463 Foothill Blvd.
Glendale, CA 91214

☐ Service information continued on attached page

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) October 11, 2019, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Julia W. Brand – VIA MESSENGER
U.S. Bankruptcy Court – Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1382
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 11, 2019 | Shirlene Martin | /s/ Shirlene Martin |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                            F 9013-3.1.PROOF.SERVICE