Ashley M. McDow (245114)
John A. Simon (admitted Pro Hac Vice)
Shane J. Moses (250533)
**FOLEY & LARDNER LLP**
555 S. Flower St., 33rd Floor
Los Angeles, CA 90071
Telephone: 213.972.4500
Email: amcdow@foley.com
jsimon@foley.com
smoses@foley.com

Attorneys for Debtors and Debtors in Possession, SCOOBEEZ, SCOOBEEZ GLOBAL, INC., and SCOOBUR, LLC

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>SCOOBEEZ, et al.[1]<br><br>Debtors and Debtors in Possession.<br><br>Affects:<br><br>■ All Debtors<br>☐ Scoobeez, ONLY<br>☐ Scoobeez Global, Inc., ONLY<br>☐ Scoobur LLC, ONLY | Case No. 2:19-bk-14989-WB<br>Jointly Administered:<br>2:19-bk-14991-WB; 2:19-bk-14997-WB<br><br>Chapter 11<br><br>**DEBTORS' REPLY TO AMAZON LOGISTICS, INC.'S OBJECTION TO ASSUMPTION AND ASSIGNMENT OF DELIVERY PROVIDER TERMS OF SERVICE WORK ORDER**<br><br>Hearing:<br>Date: October 17<br>Time: 10:00 a.m.<br>Place: Courtroom 1375<br>U.S. Bankruptcy Court<br>255 East Temple Street<br>Los Angeles, CA 90012 |

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Scoobeez (6339); Scoobeez Global, Inc. (9779); and Scoobur, LLC (0343). The Debtors' address is 3463 Foothill Boulevard, Glendale, California 91214.

4850-0785-3481.2

# I. INTRODUCTION

Scoobeez, Scoobeez Global, Inc., and Scoobur, LLC, the debtors and debtors in possession (collectively "Debtors" or "Scoobeez") in the above-captioned chapter 11 bankruptcy cases (collectively the "Chapter 11 Cases") hereby file their reply to objections to Amazon Logistics, Inc.'s Objection to Assumption and Assignment of Delivery Provider Terms of Service Work Order [Docket No. 349] (the "Amazon Objection"). By the Amazon Objection, Amazon Logistics, Inc. ("Amazon") objects to assumption and assignment of its contracts with the Debtors as proposed in the Debtors' Motion for Entry of Order (I) Authorizing the Sale of Substantially All of the Assets of Debtor Outside The Ordinary Course Of Business, Free and Clear of All Liens, Claims, Encumbrances and Interests, Subject to Higher and Better Bids; (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection With Such Sale; and (III) Granting Related Relief [Docket No. 329], filed on September 19, 2019 (the "Sale Motion").

Amazon is the Debtors' largest customer. Scoobeez provides delivery services to Amazon pursuant to its contract with Amazon (the "Amazon Agreement"). As described in the Amazon Opposition, the Amazon Agreement is made up of the Delivery Provider Terms of Service (the "Terms of Service"), which provides the overarching terms of the contract, and a "Work Order," which provides specific locations and pricing terms. The Work Order has been updated by amendment eighteen times.

The Amazon Objection asserts three grounds for objection to assumption and assignment, all of which fall apart under any scrutiny.

First Amazon argues that the contract is not executory, because Amazon does not have any requirements as to the extent to which it must request services from Scoobeez. This cursory argument simply ignores Amazon's executory obligations to pay for services already performed, to license equipment to Scoobeez for use in providing services, and to indemnify Scoobeez with regard to third party claims arising from use of the equipment.

Second, Amazon argues that Scoobeez has failed to cure or provided adequate assurance of a prompt cure. This argument is clearly nothing more than pretext. It rests on an indemnity and defense obligation as to three identified lawsuits under which there is simply no current indemnity obligation, in one case because Scoobeez settled the lawsuit, and in two others because the cases are pending and no

indemnity obligation has arisen. As to the obligation to defend, Amazon has elected to choose its own counsel, has not submitted any requests for reimbursement, and has never asserted that Scoobeez was in breach until now.

Finally, third, Amazon asserts a failure to provide adequate assurance of future performance. As to Hillair as the stalking horse buyer, this is fully addressed by Hillair in its reply. As to potential overbidders, this argument is not ripe.

Amazon fails to provide any persuasive argument that the Amazon Agreement is not executory, or that there is any barrier to assumption and assignment.

## II. THE AMAZON CONTRACT IS AN EXECUTORY CONTRACT THAT CAN BE ASSUMED AND ASSIGNED IN THE DEBTORS' BUSINESS JUDGMENT

Amazon does not object to the Sale. The extent of its objection is limited to the assumption and assignment of its contract in connection with the Sale. Hillair has advised the Debtors that it still wishes to close the Sale on the terms agreed, including assumption and assignment of the Amazon Agreement, and the Debtors have determined to maintain their ability to effect the Sale.

Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor in possession "subject to the court's approval, may assume or reject any executory contract or [unexpired] lease of the debtor." 11 U.S.C. § 365(a); *In re Standor Jewelers West, Inc.*, 129 BR 200, 201 (9th Cir. BAP 1991). The debtor may then assign the executory contract to a third party, notwithstanding any provision in the contract that "prohibits, restricts, or conditions the assignment of such contract or lease." 11 U.S.C. § 365(f). The purpose of allowing assumption is to provide "a means whereby a debtor can force others to continue to do business with it when the bankruptcy filing might otherwise make them reluctant to do so." *In re Penn Traffic Co.*, 524 F.3d 373, 382 (2d Cir. 2008).

### A. The Amazon Agreement is Executory

Amazon's perfunctory argument in the Amazon Objection that the Amazon Agreement is not executory does not stand up to any real scrutiny. Contrary to Amazon's assertion, an examination of the Amazon Agreement reveals clear, material unperformed obligations on both sides.

The provisions of section 365 allowing assumption and assignment of contracts require that the contract be executory. "Executory" is not defined in the Bankruptcy Code. In general, courts have held that "an executory contract is one 'on which performance remains due to some extent on both sides.'" *In re Robert L. Helms Constr. & Dev. Co., Inc.*, 139 F.3d 702, 705 (9th Cir. 1998), quoting *National Labor Relations Board v. Bildisco and Bildisco*, 465 U.S. 513, 522–23 n. 6 (1982). A contract is therefore executory if "the obligations of both parties are so unperformed that the failure of either party to complete performance would constitute a material breach and thus excuse the performance of the other." *Griffel v. Murphy (In re Wegner)*, 839 F.2d 533, 536 (9th Cir.1988). Whether a contract is executory is determined as of the petition date. *See In re Coast Trading Co., Inc.*, 744 F2d 686, 692 (9th Cir. 1984); *In re Penn Traffic Co.*, 524 F3d 373, 381 (2nd Cir. 2008).

It is undisputed and self-evident that Scoobeez had and continues to have material unperformed obligations to makes deliveries of packages (defined as "Deliverables" in the Amazon Agreement) as requested by Amazon. Amazon's position in the Amazon Objection is based solely on its argument that it has no material, unperformed obligations because it is not obligated to provide further work to Scoobeez in the future. Amazon Opp., p. 2-3. This does not accurately represent the terms of the Amazon Agreement, which contain a variety of continuing executory obligations of Amazon.

First, as of the bankruptcy petition date, when the executoriness of a contract is determined, Amazon had a substantial unperformed payment obligation. This continues to be the case, based on the payment terms of the Amazon Agreement. Payment for Scoobeez's services is provided for in sections 3 and 4 of the Terms of Service. Section 3.a. provides that Amazon will pay Scoobeez for delivery services pursuant to the rates provided in the then-current work order. Section 4, provides that Scoobeez will invoice on a weekly basis, and that Amazon will pay disputed amounts within 30 dates of receipt. Amazon therefore has a future obligation to pay for completed work that is both unperformed and material. As of the petition date, the Debtors' Schedule B reveals that total Accounts Receivable, substantially all of which represented Amazon invoices, totaled $4.19 million. There really cannot be a credible argument that this is not (a) an unperformed obligation, or (b) material. *See e.g., Otto Preminger Films, Ltd. v. Qintex Entm't, Inc. (In re Qintex Entm't, Inc.)*, 950 F.2d 1492, 1495 (9th Cir.

1991) (an ongoing obligation to pay is sufficient to determine that a contract is executory, if there is also performance due on the other side).

The fact that the payment obligation is a rolling obligation does not change this plain result. Executoriness is measured at the petition date. *In re Penn Traffic Co.*, 524 F3d 373, 381 (2nd Cir. 2008). The fact that that particular obligation has been paid off does not change the executory nature of the agreement. As a legal matter, the post-petition payment of an outstanding obligation does not render a contract not executory. *Id.* at 383 (finding that the non-debtor party's post-petition performance did not render the contract no longer executory); *In re Coast Trading Co., Inc.*, 744 F.2d 686, 693 (9th Cir. 1984) ("The contract should be no less executory because the seller chooses not to suspend performance but tenders performance subsequent to the filing of the bankruptcy petition"). As a practical matter, regardless of when the Amazon Agreement is viewed, at any point from the petition date through the hearing on the Sale Motion, there is always an outstanding payment obligation on Amazon's part.

However, beyond payment obligations, Amazon also has other separate material unperformed and ongoing obligations under the equipment license provisions of the Amazon Agreement. Section 2.d. of the Amazon Agreement provides for a license of "Equipment" by Amazon to Scoobeez, for use in providing the delivery services. This Equipment consists of both hardware, in the form of handheld scanners together with their documentation, and software and other content and information furnished to Scoobeez. Section 2.d.ii. of the Amazon Agreement provides that Amazon grants a non-exclusive license to Scoobeez for use of the Equipment. The ongoing license itself is at least arguably executory. *See Otto Preminger Films*, 950 F.2d at 1495 (noting that "We have held that a computer software licensing agreement is executory," but observing that not all such licenses are executory). Whether a given license is executory turns on the terms of the license and the obligations of the parties. *Id.* at 1496. Here the license is executory, because it contemplates that on an ongoing basis, Amazon will both provide training to Scoobeez employees, and perform "maintenance, service and repair" on the hardware. See Amazon Agreement, § 2.d.ii. By its nature, the license also requires Amazon to refrain from suing Scoobeez for use of the Equipment. The Ninth Circuit has held that this obligation not to sue is sufficient to find a non-exclusive license to be executory. *See In re CFLC, Inc.*, 89 F.3d 673, 677 (9th Cir. 1996).

  Further, there is yet another clear ongoing and executory obligation of Amazon in the form of an indemnity obligation in section 2.d.iv. of the Amazon Agreement. This section provides that Amazon "will defend and indemnify you from any loss, damage, cost, and expense (including reasonable attorneys' fees and expenses) arising out of any claim, action or proceeding brought by a third party … alleging that your use of the Equipment as authorized under this Section 2.d infringes or misappropriates any third-party patent, copyright, trademark, trade secret or other intellectual property rights…." If a third party claim is brought in the future, Amazon will have a duty to defend and indemnify the Debtors. The fact that the obligation is contingent does not render it any less executory. This contingent obligation of Amazon renders the Amazon Agreement executory. *See, e.g.*, *In re Safety-Kleen Corp.*, 410 B.R. 164, 168 (Bankr. D. Del. 2009) (noting that where a contingent indemnity obligation was the only remaining unperformed obligation under a contract at the time of a debtor's bankruptcy filing, such obligation rendered the contract an executory contract subject to assumption or rejection under Section 365); *Lubrizol Enters., Inc. v. Richmond Metal Finishers, Inc. (In re Richmond Metal Finishers, Inc.)*, 756 F.2d 1043, 1046 (4th Cir.1985), *cert. denied* 475 U.S. 1057 (1986) (holding that a licensor's contingent duty to defend infringement suits was a material obligation); *In re Hawker Beechcraft, Inc.*, 486 B.R. 264 (Bankr. S.D. N.Y. 2013); *In re Spoverlook, LLC*, 551 B. R. 481 (Bankr. D. New Mexico 2016).

  In addition, the Delivery Provider Terms of Service incorporated under the Amazon Agreement contain other ongoing executory obligations of Amazon, including, for example, Amazon's obligation to pay over tips collected under deliveries (Section 3.c.), Amazon's obligation to use commercially reasonable efforts to resolve disputes promptly (Section 4), and Amazon's obligation to pay taxes on invoices submitted by the Debtors (Section 12.i). All of these continuing obligations demonstrate that the Amazon Agreement is an executory contract, subject to the Debtors' assumption and assignment powers pursuant to Section 365 of the Bankruptcy Code.

  In sum, the Amazon Agreement provides for Amazon to provide Scoobeez with hardware and software to use in connection with the delivery services, grants an ongoing license for use of this Equipment, requires Amazon to indemnify and defend Scoobeez from third party claims related to the

Equipment and contains various other ongoing obligations of Amazon. Therefore, the Amazon Agreement is an executory contract.

### B. There is No Failure to Cure or Provide Adequate Assurance of Prompt Cure

Amazon argues that the Debtors have failed to cure or provide adequate assurance of cure, while at the same time refusing to actually state what would be required to cure. The reality is that the Amazon Agreement is not in default.

Section 365 allows a debtor to assume an executory contract regardless of existing defaults, provided that the debtor must either cure the default or provide adequate assurance that the default will be promptly cured. 11 U.S.C. § 365(b)(1)(A). In general, state law governs both the existence of a default requiring cure, and the performance necessary to cure. *See In re Cochise College Park, Inc.*, 703 F2d 1339, 1348, fn. 4 (9th Cir. 1983); *In re Westside Print Works, Inc.*, 180 B.R. 557, 560 (9th Cir. BAP 1995).

The Amazon Agreement requires Scoobeez to indemnify and defend Amazon from third party lawsuits arising from actions of Scoobeez employees. Amazon Agreement, ¶ 9.a.4. Amazon argues that the Debtors are in breach of the indemnity and defense obligations as to three specific lawsuits. This is not accurate.

One of the lawsuits, *Hamilton v. Scoobeez, Inc. et al.*, (the "Hamilton Lawsuit") was settled pre-petition, by a settlement agreement dated October 17, 2018 (the "Hamilton Settlement"). Although Amazon initially sent Scoobeez a form indemnification letter, Amazon then affirmatively chose to employ its choice of counsel rather than relying on provision of a defense by Scoobeez. Amazon has not made any demand identifying any outstanding indemnification obligation related to the Hamilton lawsuit.

As to another of the lawsuits identified, *Addal v. Amazon.com, et al.* (the "Addal Lawsuit"), Amazon fails to acknowledge that (1) the plaintiff brings direct claims against Amazon based on allegations of wrongdoing by Amazon's employees, and (2) that Scoobeez has in fact been dismissed from the case. Again, Amazon from the inception of the case conformed to its standard practice of electing to retain its preferred counsel, rather than relying on provision of a defense by Scoobeez.

Amazon has never made any demand for reimbursement of fees. The Addal lawsuit remains pending, and there has been no award or settlement in favor of the Plaintiff.

The same issues apply to the Unta Key, et al., v. Scoobeez, et al. lawsuit in San Diego Superior Court (the "<u>Unta Key Lawsuit</u>") (which was consolidated with the case of Arturo Vega v. Scoobeez et al.). As with the Addal and Hamilton lawsuits, Amazon elected to retain Morgan Lewis as its counsel rather than relying on a defense by Scoobeez. Amazon has never sent Scoobeez any request for reimbursement for fees associated with the Unta Key lawsuit. The Unta Key Lawsuit also remains pending, and there has been no award or settlement in favor of the plaintiffs.

As to all three lawsuits raised by Amazon, the reality is that Amazon has elected to hire its own choice of counsel, and has never made any demand for reimbursement of fees, prior to the Amazon Opposition. There is therefore no default under the duty to defend.

There also clearly cannot be any default under the duty to indemnify. As to two of the lawsuits, there has been no award or settlement, so the duty to indemnify is only speculative at most. As to the third, the Hamilton lawsuit, the settlement was paid by Scoobeez, and Amazon has not made any subsequent demand of any kind for indemnification or reimbursement of defense costs.

Since the cases were filed, any in particular in connection with the sale motion, Scoobeez has repeatedly requested that Amazon provide any amount that it believes is owed under the indemnification provisions. To date, Amazon has failed to do so. Even the Amazon Opposition fails to provide any amount. Amazon's inability to provide a number even now renders its simultaneous argument that Scoobeez has failed to pay, or assure payment of, this mystery amount almost farcical.

Under these circumstances, two things are abundantly clear. One is that there is no default to be cured. The second is that this argument is a mere pretext.

### C. There is No Failure of Adequate Assurance as to Amazon

Amazon finally argues that there has been a lack of adequate assurance of future performance, as required by Section 365.[2] This argument is inaccurate as to Hillair, and premature as to any other bidder.

---

[2] It should be noted that Amazon relies on section 365(b)(1)(C), which requires adequate assurance only when the contract is in default. As set forth above, the contract is not in default.

Section 365 requires that the non-debtor party be provided adequate assurance of future performance in connection with any assignment of an assumed contract. 11 U.S.C. § 365(f)(2)(B). The issues of adequate assurance of future performance by Hillair as the stalking horse bidder is addressed by Hillair in its reply. The Debtor submits that Hillair has demonstrated adequate assurance. This is particularly true given the reality that, as Amazon points out, it can simply cease to request services from the Hillair purchaser at any time if it is not happy with Hillair's performance. As part of its provision of adequate assurance, Hillair is providing information regarding assignment of its rights under the Asset Purchase Agreement.

Amazon's objection as to other bidders is premature. As Amazon correctly states, the Bid Procedures require that the Debtors immediately notify Amazon of the identity of the winning bidder at the October 14 auction, if the winning bidder is not Hillair. Amazon will then have until October 16 to objection to the ability of the winning bidder to provide adequate assurance. Unless and until there is a successful overbidder, this objection is just speculative, and is therefore premature. Amazon did not object to the motion for the Bid Procedures order, and such order already provided for the timeline. Amazon cannot object to it now.

### III. CONCLUSION

For all of the reasons set forth in the above, in the Sale Motion, and in the other documents filed in support of the Sale Motion, the Debtors respectfully submit that the Amazon Opposition should be overruled and the Sale Motion granted, including assumption and assignment of the Amazon Agreement.

DATED: October 11, 2019

**FOLEY & LARDNER LLP**

*/s/ Shane J. Moses*
Shane J. Moses

Ashley M. McDow (245114)
John A. Simon (admitted Pro Hac Vice)
Shane J. Moses (250533)

Attorneys for Debtors SCOOBEEZ, SCOOBEEZ GLOBAL, INC., and SCOOBUR, LLC

## DECLARATION OF SCOTT A. SHEIKH

I, Scott A. Sheikh, hereby declare as follows:

1. I am over 18 years of age. I have personal knowledge of the facts set forth herein, and, if called as a witness, could and would testify competently with respect thereto.

2. I am Co-Chief Executive Officer and General Counsel of the Scoobeez, a California corporation, and Scoobeez Global, Inc., an Idaho corporation. As such, I am authorized to make this declaration on behalf of the Debtors.

3. I am familiar with the history, organization, and operations of the Debtors. The statements set forth in this declaration are based upon my own personal knowledge and my knowledge of the Debtors' books and records. As the Debtors' General Counsel, I am familiar with the Debtors' litigation matters.

4. I make this declaration in support of the Debtors' Reply to Amazon Logistics, Inc.'s Objection to Assumption and Assignment of Delivery Provider Terms of Service Work Order (the "Reply") to which this declaration is annexed.[3]

5. The case of *Hamilton v. Scoobeez, Inc. et al.*, Los Angeles Superior Court Case No. BC669835 (the "Hamilton Lawsuit"), was settled pre-petition by an agreement dated October 17, 2018 (the "Hamilton Settlement"). Although Amazon initially sent Scoobeez a form indemnification letter through its outside counsel, Morgan Lewis, Amazon then affirmatively chose to employ and pay for its chosen counsel rather than relying on provision of a defense by Scoobeez. Amazon has not made any demand identifying any outstanding indemnification obligation related to the Hamilton lawsuit.

6. The case of *Addal v. Amazon.com, et al.*, Los Angeles County Superior Court Case No. BC719783 (the "Addal Lawsuit"), involved allegations of direct claims against Amazon based on allegations of wrongdoing by Amazon's employees as well as claims related his employment with Scoobeez. Scoobeez was been dismissed as a party form the Addal Lawsuit on September 12, 2019. From the inception of the case, Amazon conformed to its standard practice of electing to retain its preferred counsel rather than relying on provision of a defense by Scoobeez. Amazon has never made

---

[3] All capitalized terms used herein shall have the same meaning ascribed in the Reply, unless otherwise stated.

any demand for reimbursement of fees with respect to this case. The Addal lawsuit remains pending and there has been no award or settlement in favor of the Plaintiff to my knowledge.

7. The same issues apply to the *Unta Key, et al., v. Scoobeez, et al.* lawsuit pending in San Diego Superior Court as Case No. No. 37-2017-00018285, consolidated with *Arturo Vega v. Scoobeez et al.*, San Diego Superior Court Case No. 37-2017-0039527 (the "Unta Key Lawsuit") ). As with the Addal and Hamilton lawsuits, Amazon elected to retain Morgan Lewis as its counsel rather than relying on a defense by Scoobeez. Amazon has never sent Scoobeez any request for reimbursement for fees associated with the Unta Key lawsuit. The Unta Key Lawsuit also remains pending, and there has been no award or settlement in favor of the plaintiffs.

8. As to all three lawsuits raised by Amazon, the reality is that Amazon has elected to hire its own chosen counsel and has not made any demand for reimbursement of fees prior to the Amazon Opposition.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 11th day of October, 2019, at Los Angeles, California.

Scott A. Sheikh

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **Foley & Lardner LLP, 555 South Flower Street, Suite 3300, Los Angeles, CA 90072-2411**.

A true and correct copy of the foregoing document entitled: **DEBTOR'S REPLY TO AMAZON LOGISTICS, INC.'S OBJECTION TO ASSUMPTION AND ASSIGNMENT OF DELIVERY PROVIDER TERMS OF SERVICE WORK ORDER** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 10/11/2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) 10/11/2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Honorable Julia W. Brand
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1382
Los Angeles, CA 90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/11/2019 | Karla P. Hernandez | /s/ Karla P. Hernandez |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*    Page 1    **F 9021-1.2.BK.NOTICE.LODGMENT**

# PROOF OF SERVICE OF DOCUMENT CONT.

**1.** **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Richard W Esterkin    richard.esterkin@morganlewis.com
John-Patrick M Fritz    jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com
Riebert Sterling Henderson    shenderson@gibbsgiden.com
Vivian Ho    BKClaimConfirmation@ftb.ca.gov
David Brian Lally    davidlallylaw@gmail.com
Alvin Mar    alvin.mar@usdoj.gov
Ashley M McDow    amcdow@foley.com,
sgaeta@foley.com;mhebbeln@foley.com;swilson@foley.com;jsimon@foley.com
Stacey A Miller    smiller@tharpe-howell.com
Kevin H Morse    kmorse@clarkhill.com, blambert@clarkhill.com
Shane J Moses    smoses@foley.com
Akop J Nalbandyan    jnalbandyan@LNtriallawyers.com, cbautista@LNtriallawyers.com
Rejoy Nalkara    rejoy.nalkara@americaninfosource.com
Anthony J Napolitano    anapolitano@buchalter.com, IFS_filing@buchalter.com;salarcon@buchalter.com
David L. Neale    dln@lnbyb.com
Aram Ordubegian    ordubegian.aram@arentfox.com
Hamid R Rafatjoo    hrafatjoo@raineslaw.com, bclark@raineslaw.com;cwilliams@raineslaw.com
Gregory M Salvato    gsalvato@salvatolawoffices.com,
calendar@salvatolawoffices.com;jboufadel@salvatolawoffices.com;gsalvato@ecf.inforuptcy.com
Jeffrey S Shinbrot    jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com
Steven M Spector    sspector@buchalter.com, IFS_efiling@buchalter.com;salarcon@buchalter.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
Kimberly Walsh    bk-kwalsh@texasattorneygeneral.gov
Eric K Yaeckel    yaeckel@sullivanlawgroupapc.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*    Page 1    **F 9021-1.2.BK.NOTICE.LODGMENT**