Ashley M. McDow (245114)
John A. Simon (admitted Pro Hac Vice)
Shane J. Moses (250533)
**FOLEY & LARDNER LLP**
555 S. Flower St., 33rd Floor
Los Angeles, CA 90071
Telephone: 213.972.4500
Email: amcdow@foley.com
　　　　jsimon@foley.com
　　　　smoses@foley.com

Attorneys for Debtors and Debtors in Possession, SCOOBEEZ, SCOOBEEZ GLOBAL, INC., and SCOOBUR, LLC

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>SCOOBEEZ, et al.[1]<br><br>Debtors and Debtors in Possession.<br><br>Affects:<br><br>■ All Debtors<br><br>☐ Scoobeez, ONLY<br><br>☐ Scoobeez Global, Inc., ONLY<br><br>☐ Scoobur LLC, ONLY | Case No. 2:19-bk-14989-WB<br>Jointly Administered:<br>2:19-bk-14991-WB; 2:19-bk-14997-WB<br><br>Chapter 11<br><br>**DEBTORS' COMBINED REPLY TO OPPOSITIONS TO MOTION FOR ENTRY OF ORDER (I) AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THE ASSETS OF DEBTOR OUTSIDE THE ORDINARY COURSE OF BUSINESS, FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS, SUBJECT TO HIGHER AND BETTER BIDS; (II) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH SUCH SALE; AND (III) GRANTING RELATED RELIEF**<br><br><u>Hearing</u>:<br>Date:　October 17<br>Time:　10:00 a.m.<br>Place:　Courtroom 1375<br>　　　　U.S. Bankruptcy Court<br>　　　　255 East Temple Street<br>　　　　Los Angeles, CA 90012 |

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Scoobeez (6339); Scoobeez Global, Inc. (9779); and Scoobur, LLC (0343). The Debtors' address is 3463 Foothill Boulevard, Glendale, California 91214.

# I. INTRODUCTION

Scoobeez, Scoobeez Global, Inc., and Scoobur, LLC, the debtors and debtors in possession (collectively "Debtors" or "Scoobeez") in the above-captioned chapter 11 bankruptcy cases (collectively the "Chapter 11 Cases") hereby file their combined reply to the oppositions filed to the Debtors' Motion for Entry of Order (I) Authorizing the Sale of Substantially All of the Assets of Debtor Outside The Ordinary Course Of Business, Free and Clear of All Liens, Claims, Encumbrances and Interests, Subject to Higher and Better Bids; (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection With Such Sale; and (III) Granting Related Relief [Docket No. 329], filed on September 19, 2019 (the "Sale Motion"). This reply is filed in response to the Opposition [Docket No. 344] (the "Ohanessian Opposition") filed by Shahan Ohanessian and Shoushana Ohanessian (the "Ohanessians"), as well as the joinder to the Ohanessian Opposition [Docket No. 354] (the "Rosenthal Joinder" and together with the Ohanessian Opposition, the "Oppositions") filed by Peter Rosenthal and Barbara Rosenthal, as Trustees of the Rosenthal Family Trust, and Grigori Sedrakyan (the "Shareholders" and together with the Ohanessians, the "Opposing Parties").

The Oppositions are nothing more than the complaints of disgruntled shareholders and former principals, who are unhappy that their equity interest is being wiped out in bankruptcy. While their frustration at losing their equity is understandable, it is a predictable result of a Chapter 11 filing and not a basis for opposition to an arms-length good faith transaction that was negotiated by the Debtors' professional Chief Restructuring Officer (the "CRO") and the Debtors' secured lender Hillair Capital Advisors LLC ("Hillair"), with the active participation of the Official Committee of Unsecured Creditors (the "Committee.")  For all the reasons set forth in the Sale Motion and supporting filings, the Debtors respectfully submit that the Oppositions should be overruled, and the Sale approved, subject to any higher and better bids that may be submitted.

## II. THE OPPOSITIONS ARE UTTERLY WITHOUT MERIT

### A. The Allegations Regarding Management Are Spurious

The suggestion that the board of directors and CRO are merely doing Hillair's bidding is as baseless as it is offensive. The Oppositions present absolutely no evidence or support for these

allegations.² Rather, they are founded almost entirely on the changes to the Scoobeez Board of Directors and the appointment of a CRO.

The changes to the Board of Directors were made with Mr. Ohanessian's express consent. In fact, Mr. Ohanessian admits in his declaration that he voluntarily resigned from the Board of Directors, and that he consented to appointment of Brian Weiss and Daniel Harrow to the Board. The representation that he did agreed to step down based on a promise that a plan would be filed is not well taken. While any discussions of what the strategy was at the inception of the case are privileged, and it is not Mr. Ohanessain's privilege to waive, no skilled bankruptcy counsel would make sure a promise. Mr. Ohanessian was well aware that the Debtors' counsel represented the company and not him personally, and had a duty to the company and not to him. Mr. Ohanessian may have hoped that the case would go in a particular direction when he voluntarily consented to changes to the Board of Directors, and to turn over management to a CRO, but he cannot now use that as an objection.

Likewise, the appointment of the CRO was (1) the result of an agreement that included both the Debtors and Hillair, and agreed to my Mr. Ohanessian at the time, (2) stipulated to by the Committee, and (3) approved by the Court. Appointment of the CRO was agreed to by the Debtors and Hillair in the Stipulation Between the Debtors and Hillair Capital Management for (1) Authorization to Use Cash Collateral on an Interim Basis; (2) Appointment of a Chief Restructuring Officer [Docket No. 81] (the "First Stipulation"), filed on May 22, 2019. The First Stipulation was approved by Mr. Ohanessian on behalf of the Debtors. The Committee then approved the appointment of the CRO in connection with the Stipulation Resolving Opposition of Official Committee of Unsecured Creditors to Debtors' Application for an Order Authorizing and Approving (I) Appointing Brian Weiss as Chief Restructuring Office of the Debtors *Nunc Pro Tunc* to May 16, 2019 (the "Committee Stipulation"). By the Committee Stipulation, the Debtors and Hillair also consented to appointment of an additional independent Director, further ensuring the independent management of the Debtors.

The only actual basis that the Opposing Parties present for the idea that management are not acting properly is the circular argument that they have approved a Sale that the Opposing Parties do not

---

² The allegations in the Munez declaration are beside the point. Mr. Ohanessian voluntarily agreed to step down from his position. If the Ohanessians can present a credible proposal it will be considered appropriately.

like. The reality is that the Sale is well within the scope of reasonable business judgment, and represented the best offer available. The fact that the Opposing Parties would prefer a restricting, with all the associated risks inherent in a fight with the Debtors secured lender, is not a reason to impugn the independence the CRO and Board of Directors.

### B. The Proposed Sale is a Good Faith Arm's Length Transaction

The record shows that this is a good faith transaction, negotiated in the best interests of creditors by a professional and respected professional CRO, with the active involvement of the Committee. The Sale reflects the reasonable business judgment of Debtors as to what is in the best interests of the estates and their creditors.

The argument that the Sale is not in the best interests of creditors is almost farcical in light of the involvement of the Committee. The Opposing Parties, as equity holders, are "out of the money" in this case, behind approximately $11 million of claims of Hillair, and $20 million of claims of general unsecured claims represented by the Committee. The Committee representing general unsecured creditors, who are ahead of the opposing parties in priority, supports the Sale on the terms proposed and has already determined that the Sale is the best option in this case.

As the Court is well aware, the Committee has been actively involved in this case from almost the beginning, and is represented by highly skilled and experienced counsel. The Committee has also been an active participant in negotiation of the Sale, including the Stalking Horse Purchase Agreement. The Debtors respectfully submit that the position of the Committee is of far more relevance than that of the unhappy former management.

The arguments regarding value to creditors are not meaningful for the same reasons. If the Objectors believe that the company is worth more, they are free to obtain financing and bid for the assets. They have known that was an option since the beginning of the case. The Sale is subject to overbid, and any and all qualified competing bids will be given due consideration.

### C. The Allegations of Bid Chilling are Not Credible

The allegations of bid chilling in the Oppositions lack any basis or evidence. The only specific allegation is with regard to reimbursements to Mrs. Ohanessian. These reimbursement requests are subject to dispute, and the undisputed portion will be timely paid. The suggestion that the company is

withholding reimbursements in order to prevent her from making a $9 plus million bid is absurd.

### D. The Oppositions Ignore the Fact that the Lease Option is Carved Out

The only substantive argument in the Oppositions relates to the option to purchase for the property at 3463 Foothill Boulevard in Glendale (the "Lease Option"). This is a red herring. The Oppositions deliberately overlook the fact that the Lease Option is expressly carve out in the Stalking Horse Purchase agreement. It is listed as an excluded asset, and specifically addressed in section 8.12. The Sale therefore allows the estate to market the option or exercise the option and market the property, subject to an agreement to a division of proceeds.

To the extent that the Oppositions argue that the Sale provisions regarding the Lease Option were not properly noticed, this argument is waived. The notice and bid procedures were approved by the Court without objection from any of the Opposing Parties.

### E. Hillair is Entitled to Credit Bid and to a 363(m) Finding

The Hillair claim has not been objected to, and is therefore an allowed claim, pursuant to section 502 of the Bankruptcy Code. Section 363(k) therefore requires that Hillair be allowed to credit bid absent an order based on a showing of cause.

The Oppositions make much of the adversary proceeding filed by the Committee, but fail to mention that it was filed only to preserve rights in light of a deadline, and withdrawn by stipulation, pending conclusion of the Sale.

Likewise, because this was a good faith, arm's length transaction, Hillair is entitled to a 363(m) finding. The basis of a 363(m) finding is more fully set forth in the papers filed by Hillair.

### F. The Request for Appointment of a Trustee is Without Basis and Improperly Made

Beyond trying to needlessly destroy value for the Debtors' estate through the flawed Sale arguments, as discussed above, the Opposing Parties argue for appointment of a Chapter 11 trustee.

The request for a Chapter 11 trustee is procedurally improper. A trustee motion is to be properly served as a motion, not as part of an opposition, and the request does not comply with Local Bankruptcy Rule 9013. No appropriate notice to all parties of the request nor a response deadline was made. Therefore the request should be denied.

In any event, the request for appointment of a trustee is substantively without merit. No cause exists to support the extraordinary remedy of appointment of a chapter 11 trustee. The Oppositions nonsensically complain of long past actions in these cases (of which the Opposing Parties had knowledge and notice but did not object) that are of no consequence to the validity of the Debtors' business judgment in the present Sale Motion. For example, the Ohanessian Opposition incorrectly alleges that the Committee was appointed after the Debtors waived claims against Hillair and "Hillair's control of the Debtors' cash collateral results in insufficient resources for the Committee to prosecute the adversary case." To the contrary, pursuant to the Committee's own agreements, the Committee retains to this day its right to bring claims and challenges against Hillair under the conditions agreed by the Committee, including that $25,000 was specifically budgeted for the Committee to pursue such a challenge. *See* Order Approving Stipulation Further Extending Deadline for Official Committee of Unsecured Creditors to Challenge Claim and Lien of Hillair Capital Management, LLC [Docket No. 342]; Second Cash Collateral Stipulation Between the Debtors, The Committee and Hillair Capital Management [Docket. No. 132]. The fact is that the Committee has determined that it would rather see the Sale to Hillair close on the terms proposed than bring such an action.

The Oppositions also allege, without evidence, that "there is no practical avenue for the Debtors' current management to maximize recoveries for the estates," but nothing could be further from the truth. To the contrary, the Debtor has run the sale process in accordance with the Bid Procedures Order entered by this Court, which was approved as a valid exercise of the Debtor's business judgment to maximize the value of the Debtor's estate. The Debtor's financial performance has been positive, and its delivery and operational performance has been positive.

Appointment of a Chapter 11 trustee would not serve any benefit, and in fact would destroy value by creating immense disruption to the Debtor's business operations at the most critical time of the case, both from a legal perspective in terms of the sale and a business perspective in terms of the holiday season which is important to the Debtor's business. Even if the request were not procedurally improper, it should be denied on the merits.

### III. CONCLUSION

For all of the reasons set forth in the above, in the Sale Motion, and in the other documents filed in support of the Sale Motion, the Debtors respectfully submit that the Oppositions should be overruled and the Sale Motion granted.

DATED: October 11, 2019              **FOLEY & LARDNER LLP**

                                     */s/ Shane J. Moses*
                                     Shane J. Moses

                                     Ashley M. McDow (245114)
                                     John A. Simon (admitted Pro Hac Vice)
                                     Shane J. Moses (250533)

                                     Attorneys for Debtors SCOOBEEZ, SCOOBEEZ
                                     GLOBAL, INC., and SCOOBUR, LLC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **Foley & Lardner LLP, 555 South Flower Street, Suite 3300, Los Angeles, CA 90072-2411**.

A true and correct copy of the foregoing document entitled: **DEBTORS' COMBINED REPLY TO OPPOSITIONS TO MOTION FOR ENTRY OF ORDER (I) AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THE ASSETS OF DEBTOR OUTSIDE THE ORDINARY COURSE OF BUSINESS, FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS, SUBJECT TO HIGHER AND BETTER BIDS; (II) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH SUCH SALE; AND (III) GRANTING RELATED RELIEF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 10/11/2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) 10/11/2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Honorable Julia W. Brand
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1382
Los Angeles, CA 90012

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 10/11/2019, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/11/2019 | Karla P. Hernandez | /s/ Karla P. Hernandez |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*    Page 1    **F 9021-1.2.BK.NOTICE.LODGMENT**

# PROOF OF SERVICE OF DOCUMENT CONT.

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

Richard W Esterkin    richard.esterkin@morganlewis.com
John-Patrick M Fritz    jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com
Riebert Sterling Henderson    shenderson@gibbsgiden.com
Vivian Ho    BKClaimConfirmation@ftb.ca.gov
David Brian Lally    davidlallylaw@gmail.com
Alvin Mar    alvin.mar@usdoj.gov
Ashley M McDow    amcdow@foley.com, sgaeta@foley.com;mhebbeln@foley.com;swilson@foley.com;jsimon@foley.com
Stacey A Miller    smiller@tharpe-howell.com
Kevin H Morse    kmorse@clarkhill.com, blambert@clarkhill.com
Shane J Moses    smoses@foley.com
Akop J Nalbandyan    jnalbandyan@LNtriallawyers.com, cbautista@LNtriallawyers.com
Rejoy Nalkara    rejoy.nalkara@americaninfosource.com
Anthony J Napolitano    anapolitano@buchalter.com, IFS_filing@buchalter.com;salarcon@buchalter.com
David L. Neale    dln@lnbyb.com
Aram Ordubegian    ordubegian.aram@arentfox.com
Hamid R Rafatjoo    hrafatjoo@raineslaw.com, bclark@raineslaw.com;cwilliams@raineslaw.com
Gregory M Salvato    gsalvato@salvatolawoffices.com, calendar@salvatolawoffices.com;jboufadel@salvatolawoffices.com;gsalvato@ecf.inforuptcy.com
Jeffrey S Shinbrot    jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com
Steven M Spector    sspector@buchalter.com, IFS_efiling@buchalter.com;salarcon@buchalter.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
Kimberly Walsh    bk-kwalsh@texasattorneygeneral.gov
Eric K Yaeckel    yaeckel@sullivanlawgroupapc.com

**2. SERVED BY UNITED STATES MAIL:**

**Conway MacKenzie, Inc.**
333 S Hope St Ste 3625
Los Angeles, CA 90071

**Daimler Trust**
c/o BK Servicing, LLC
PO Box 131265
Roseville, MN 55113-0011

**Levene Neale Bender Yoo & Brill LLP**
10250 Constellation Blvd Ste 1700
Los Angeles, CA 90067

**Jeffrey S. Shinbrot, APLC**
15260 Ventura Blvd., Suite 1200
Sherman Oaks, CA 91403

**David Brian Lally, Esq.**
Law Offices of David B. Lally
P.O. Box 355
Wilmington, New York 12997

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*    Page 2    **F 9021-1.2.BK.NOTICE.LODGMENT**

**Steven M. Spector**
**Anthony J. Napolitano**
BUCHALTER, A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA  90017-2457

**Adam H. Friedman** (pro hac vice pending)
OLSHAN FROME WOLOSKY LLP
1325 Avenue of the Americas
New York, NY  10019

**Assistant U.S. Trustee**
915 Wilshire Blvd., Suite 1850
Los Angeles, Ca 90017

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**

Counsel for Shahan Ohanessian and Shoushana Ohanessian: Jeffrey S. Shinbrot (jeffrey@shinbrotfirm.com)
Counsel for Hillair Capital Management, LLC: Steven M Spector (sspector@buchalter.com), Anthony Napolitano:anapolitano@buchalter.com and Adam H. Friedman (pro hac vice pending) afriedman@olshanlaw.com
Debtors Chief Restructuring Officer Brian Weis: (bweiss@force10partners.com)
Counsel to the Debtors Ashley M. McDow: (amcdow@foley.com); John A. Simon (jsimon@foley.com); Shane J. Moses (smoses@foley.com)
Financial Advisors to Debtors Michael Flynn: (mflynn@conwaymackenzie.com)
Debtors Investment Banker Attn: Eben Perison: (eperison@armorysecurities.com) and Jonathan Brownstein: (jbrownstein@armorysecurities.com);
Counsel to the Official Committee David Neal: (dln@lnbyb.com) and John-Patrick Fritz (jpf@lnbyb.com)
Counsel to Staling Horse Bidder: Attn: Adam Friedman: (afriedman@olshanlaw.com)
United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov
David Brian Lally     davidlallylaw@gmail.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*        Page 3        **F 9021-1.2.BK.NOTICE.LODGMENT**