1

MORGAN, LEWIS & BOCKIUS LLP
Richard W. Esterkin, SBN 70769

2

richard.esterkin@morganlewis.com
300 S Grand Ave Fl 22

3

Los Angeles CA 90071-3132
Tel:    (213) 612-2500

4

Fax:    (213) 612-2501

5

Attorneys for
Amazon Logistics, Inc.

6

7

8

**UNITED STATES BANKRUPTCY COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

**LOS ANGELES DIVISION**

11

12

**In re:**

13

**SCOOBEEZ, et al.[1],**

14

15

**Debtors and Debtors in Possession.**

16

17

Affects:
■ All Debtors
□ Scoobeez, ONLY

18

□ Scoobeez Global, Inc., ONLY

19

□ Scoobur LLC, ONLY

20

21

22

23

24

25

26

| | |
|---|---|
| Case No. 2:19-bk-14989-WB | |

Case No. 2:19-bk-14989-WB
(Jointly Administered with
2:19-bk-14991-WB, and 2:19-bk-14997-WB)

Chapter 11

**AMAZON LOGISTICS, INC.'S MOTION FOR A PROTECTIVE ORDER QUASHING DOCUMENT REQUESTS AND DEPOSITION NOTICES PROPOUNDED BY HILLAIR CAPITAL MANAGEMENT, LLC; AND DECLARATION OF RICHARD W. ESTERKIN IN SUPPORT THEREOF**

Date:        TBA
Time:        TBA
Dept.:        United States Bankruptcy Court
                Edward Roybal Federal Building
                255 E Temple St., Ctrm 1375
                Los Angeles CA 90012

Judge: The Hon. Julia W. Brand

27

[1]    The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Scoobeez (6339); Scoobeez Global, Inc. (9779); and, Scoobur, LLC (0343). The Debtors' address is 3463 Foothill Boulevard, in Glendale, California 91214.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

- 1 -

1

## MOTION

2          Amazon Logistics, Inc. ("Amazon"), hereby moves the Court for the entry of a protective

3   order:  (a) relieving Amazon from responding to any of Hillair's document requests propounded

4   on October 29, 2019; and (b) quashing the notices of deposition of Amazon pursuant to Rule

5   30(b)(6), James Wilson, Micah McCabe, and Vanessa Delaney.

6   Dated: October 31, 2019                    MORGAN, LEWIS & BOCKIUS LLP

7

8                                              By:   _/s/ Richard W. Esterkin_____
                                                     Richard W. Esterkin
9                                                    Attorneys for Amazon Logistics, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

AMAZON'S MOTION FOR PROTECTIVE
                                              ORDER QUASHING DISCOVERY
                                              REQUESTS PROPOUNDED BY HILLAIR

## MEMORANDUM OF POINTS AND AUTHORITIES

Amazon Logistics, Inc. ("Amazon") respectfully submits the following Memorandum of Points and Authorities in support of the instant motion:

## I.
## INTRODUCTION

Amazon's motion for relief from the automatic stay requires examination of one document: Amazon's contract with Scoobeez ("the Agreement"). [2] There is no dispute regarding the authentication of that contract – Hillair Capital Management, LLC ("Hillair") has filed a declaration under penalty of perjury in the Debtor's associated adversary proceeding authenticating that contract.[3] Notwithstanding, Hillair has served Amazon with numerous discovery requests purportedly related to that motion: (1) 20 document requests requiring the collection, review, and production of almost 5 years' worth of electronically stored information by November 1; (2) a notice of a deposition for a Rule 30(b)(6) corporate representative of Amazon on 13 topics of examination; and (3) notices of deposition of three individual witnesses on November 1 and November 4.[4]

The requested discovery is irrelevant to the issues raised by the present motion, is being sought to evade the limits on discovery imposed with reference to the Debtor's adversary proceeding, and was clearly filed to harass and oppress Amazon.  On October 30, 2019, counsel for Amazon and Hillair met and conferred regarding Hillair's discovery requests and were unable to reach an agreement.  Consequently, Amazon respectfully requests that this Court enter a protective order excusing Amazon from complying with Hillair's discovery requests.

---

[2]    The Agreement consists of two documents, the Delivery Provider Terms of Service – Work Order (the "Work Order") and the Delivery Provider Terms of Service (the "Terms").  Copies of the Work Order and Terms, including the 18 amendments to the Work Order were attached to Amazon's motion.

[3]    Declaration of Sean M. McAvoy in Support of Hillair Capital Management, LLC's Expedited Motion to Intervene as a Co-Plaintiff in Adversary Proceeding for the Limited Purpose of Enforcing the Automatic Stay (Dkt. No. 7 in Adversary Proceeding No. 2:19-ap-01456WB) at ¶ 8, Ex. 1.

[4]    Copies of Hillair's discovery requests are attached to the Declaration of Richard W. Esterkin appended hereto as Exhibits 1 through 5.

## II.
## HILLAIR IS NOT ENTITLED TO IRRELEVANT, OVERBROAD, AND HARASSING DISCOVERY.

Amazon moved for relief from the automatic stay based solely on the terms of the Agreement - and that is the only document relevant to this motion. Amazon's motion for relief from the automatic stay simply relies on the plain language of the Agreement. *See* Dkt. No. 393. There is no dispute about the Agreement or its terms. The Court must simply decide whether to grant Amazon its requested relief from the automatic stay so as to permit Amazon to exercise the rights granted to it under the Agreement. *See* Dkt. No. 393, pp. 5-8. If, as, and when Amazon attempts to exercise those rights, and if the Debtor believes that Amazon does not have the right to engage in whatever actions Amazon may take, the Debtor may or may not wish to contend that Amazon acted in excess of the rights granted to it under the Agreement. Those issues are not properly litigated in the context of a motion for relief from stay.

> Stay litigation is limited to issues of the lack of adequate protection, the debtor's equity in the property, and the necessity of the property to an effective reorganization. Hearings on relief from the automatic stay are thus handled in a summary fashion. [Cite omitted]. The validity of the claim or contract underlying the claim is not litigated during the hearing.

*Johnson v. Righetti (In re Johnson)*, 756 F.2d 738, 740 (9th Cir. 1985). *See also, In re Jin Qing Li*, No. 3:12-BK-33630, 2018 WL 1354548, at *4 (Bankr. 9th Cir. Mar. 12, 2018) ("Motions for relief from stay may not be used to determine the scope and enforceability of a creditor's interest in property of the estate; such issues typically require the commencement of an adversary proceeding."); *In re Miller*, No. BR 10-25453-MER, 2012 WL 2953111, at *7 (Bankr. D. Colo. July 19, 2012), *aff'd sub nom. In re Miller*, 577 F. Appx. 849 (10th Cir. 2014) ("The elements of § 362 define the scope of discovery in connection with relief from stay. Any information sought through discovery having no bearing on a party's claim or defense under § 362 is irrelevant to any determination on the pending Motion for Relief from Automatic Stay, and is outside the permitted scope of discovery."). Notwithstanding, Hillair served document requests that have nothing to do with the issues properly before this Court in conjunction with the present motion and seeks to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

- 4 -

AMAZON'S MOTION FOR PROTECTIVE
ORDER QUASHING DISCOVERY
REQUESTS PROPOUNDED BY HILLAIR

1    take four depositions, when there are no disputed facts relevant to the motion.[5]

2            On October 29, 2019, Hillair demanded that Amazon produce the following documents by

3    November 1, 2019:[6]

4        • All documents and communications concerning the Agreement.  RFP No. 1.

5        • All documents and communications concerning Scoobeez.  RFP No. 2.

6        • All documents related to Amazon's decision to object to assignment of the

7            Agreement to Hillair.  RFP No. 4.

8        • All documents concerning the services Scoobeez provided to Amazon, or the

9            reduction or termination thereof.  RFPs Nos. 3, 5, 8, 19, 20.

10        • All documents or communications related to incentives Amazon has even

11            considered extending to Scoobeez employees for continuing their services.  RFP

12            No. 7.

13        • Any documents related to complaints about Scoobeez or its employees.  RFP No.

14            10.

15        • Any documents or communication between any agent of Amazon and any

16            Scoobeez employee in 2019.  RFP No. 9.

17        • Any documents or communication between any agent of Amazon and any DSP

18            related to hiring Scoobeez employees.  RFP No. 10.

19        • All documents and communications concerning the claims filed by Amazon in this

20            bankruptcy case.  RFP No. 11.

21        • All documents or communications concerning or with the former principals of

22            Scoobeez:  Shahan Ohanessian, Suzy Ohanessian, David Ojeda, or Penelope

23            Register Shaw.  RFPs Nos. 12-18.

24
25    [5]    Of course, the breadth of Hillair's document requests presages the fishing expedition that will occur if this
Court permits the requested depositions to proceed.

26    [6]    The demand that documents be produced on three days' notice violates Federal Rule of Civil Procedure
34(b)(2)(A), which provides that a party responding to requests for production must do so within 30 days of
being served with the requests.  Rule 34 is made applicable to these proceedings by the provisions of Federal

27    Rules of Bankruptcy Procedure 9014 and 7034.  Due to a numbering error, the RFPs include duplicate numbers
8, 9, and 10, while they skip numbers 15-17.  For ease of reference, the RFPs are referred to herein as they are

28    numbered.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

                                    - 5 -                    AMAZON'S MOTION FOR PROTECTIVE
                                                            ORDER QUASHING DISCOVERY
                                                            REQUESTS PROPOUNDED BY HILLAIR

- • All documents "concerning the identity of all DSPs" or financial projections for increased delivery requirements in Los Angeles, Dallas, Houston, San Antonio, and Chicago.  RFPs Nos. 6, 8.
- • All documents related to Amazon's policies and procedures relating to DSPs.  RFP No. 9.

That same day, Hillair noticed the depositions of three individuals (one on November 1, 2019 and the other three on November 4, 2019) and a Rule 30(b)(6) deposition of Amazon on November 4, 2019 with respect to the following topics:

1. The Amazon Agreement with Scoobeez, including any decision to terminate the Amazon Agreement and the terms of the proposed separation agreement as reflected in the October 16, 2019 e-mail from Richard Esterkin, counsel to Amazon to the Debtors.

2. The identities, titles roles, contributions and responsibilities of all Persons who have served or are serving as an officer, director, manager, or employee with responsibilities and/or oversight concerning Scoobeez or the Routes provided to Scoobeez on a weekly basis.

3. Amazon's policies and procedures concerning DSPs, including but not limited to those policies and procedures with respect to the termination of DSPs.

4. The daily total Routes for each distribution center that Scoobeez services for all DSPs that service that distribution center; and (b) the percentage of those Routes provided to Scoobeez.

5. The identity of all DSPs utilized by Amazon in the regions serviced by Scoobeez for Amazon.

6. Any offer or promise, whether express or implied, and whether in writing or oral, concerning any incentives and have been, will be, or may be offered by Amazon to any current or former Scoobeez Employee related to the Scoobeez Employee's/Employees' continued or future services on behalf of Amazon.

7. Statements made by Amazon as set forth in the May 13, 2019 articles entitled "Amazon Helps Employees Launch Small Businesses" published by ecommercebytes.com, and "Amazon Will Pay Workers to Quit and Start Their Own Delivery Businesses" published by the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

- 6 -

AMAZON'S MOTION FOR PROTECTIVE
ORDER QUASHING DISCOVERY
REQUESTS PROPOUNDED BY HILLAIR

New York Times.

8.      All "other factors" on which Amazon purportedly replied in deciding to sever its

relationship with Scoobeez, as referenced on page 7 of its Opposition to Application for

Temporary Restraining Order filed in adversary proceeding no. 19-ap-01456 on October 28, 2019

[Adv. ECF No. 10].

9.      All internal Communications by and between Amazon officers, employees, or

agents, including Communications with any third party, concerning any reduction of Scoobeez'

Routes or volume of deliveries between September 1, 2019 and present.

10.      Any complaints or grievances, whether orally or in writing, concerning Scoobeez's

performance in making deliveries for Amazon, including but not limited to complaints about

individual Scoobeez Employees and any claims by Amazon that Scoobeez had failed to perform

under the Amazon Agreement.

11.      Any financial projections concerning increased delivery abilities or needs that

Amazon believes it will require in the regions of Los Angeles, Dallas, Houston, San Antonio, and

Chicago, in order to keep up with any anticipated increase in consumer sales in those regions.

12.      Any communications that any agent, employee, attorney, or other representative of

Amazon has had with any DSP concerning potential absorption, acquisition, or hiring of any

current or former Scoobeez employee, including the individuals involved with such

communications and the date and substance of such communications.

13.      The proof of claims filed by Amazon and Amazon.com in the above-captioned

bankruptcy case bearing claim nos. 23-1, 31-1, 32-1, 36-1-2, 37-1, 38-1, and 39-1-2 on the

official claims register maintained by the Bankruptcy Court, including the lawsuits involving

Amazon and Scoobeez that support the factual bases for those claims

Hillair's document requests, Rule 30(b)(6) deposition notice, and other notices of

deposition have nothing to do with Amazon's motion for relief from the automatic stay and

everything to do with Hillair's desire to obtain discovery in the Debtor's pending adversary

proceeding, to which it is not a party, in contravention of the limitation on that discovery imposed

AMAZON'S MOTION FOR PROTECTIVE
ORDER QUASHING DISCOVERY
REQUESTS PROPOUNDED BY HILLAIR

1  by the Federal Rules of Bankruptcy Procedure.[7] That attempt is improper. *In re Miller*, No. BR

2  10-25453-MER, 2012 WL 2953111, at *23 (Bankr. D. Colo. July 19, 2012), *aff'd sub nom. In re*

3  *Miller*, 577 F. Appx. 849 (10th Cir. 2014) ("In the future, any attempt to combine the pending

4  Adversary Proceeding issues with the relief from stay issues—whether through pleadings,

5  arguments at hearing or otherwise—shall be interpreted as abusive conduct subject to appropriate

6  sanctions.").

7      Apart from the fact that the requested discovery has no relevance to the contested matter

8  in which it was noticed, Federal Rule of Civil Procedure 30(a)(2)(A)(ii) prohibits multiple

9  depositions of a single witness.[8] By seeking to conduct depositions in conjunction with

10  Amazon's motion that really relate to the Debtor's adversary proceeding, Hillair seeks to

11  accomplish an end run around this Rule.

12      Hillair's discovery requests are improper because they do not seek information that is

13  relevant to the issues raised by Amazon's motion for relief from stay and are a thinly veiled

14  attempt to avoid the discovery limitations applicable to the Debtor's adversary proceeding.  As a

15  result, a protective order should be issued excusing Amazon from producing the documents

16  requested by Hillair, and excusing Amazon and the other proposed deponents appearing at the

17  deposition noticed by Hillair.

18  Dated: October 31, 2019                 MORGAN, LEWIS & BOCKIUS LLP

19

20                                          By:   */s/ Richard W.* Esterkin
21                                                Richard W. Esterkin
                                                Attorneys for Amazon Logistics, Inc.

22

23

24

25

---

26  [7]  Presently, Hillair's motion to intervene in that proceeding is scheduled to be heard by the Court on November
        18, 2019.

27  [8]  Federal Rule of Civil Procedure 30 is made applicable to this proceeding by Federal Rules of Bankruptcy
        Procedure 9014 and 7030.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

- 8 -                    AMAZON'S MOTION FOR PROTECTIVE
                        ORDER QUASHING DISCOVERY
                        REQUESTS PROPOUNDED BY HILLAIR

# DECLARATION OF RICHARD W. ESTERKIN

I, Richard W. Esterkin, declare:

1.      I am an attorney at law, duly admitted into practice before all courts for the State of California and the United States District Court for the Central District of California.  I am a member of the law firm of Morgan, Lewis & Bockius, LLP, counsel for Amazon Logistics, Inc. ("Amazon Logistics"), in the above referenced matter.

2.      On October 29, 2019, I received an e-mail from Jennifer Nassiri, an attorney with the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Hillair Capital Management, LLC ("Hillair") forwarding copies of the following discovery requests:

     (a)      Demand for the production of documents on November 1, 2019

     (b)      Deposition of Vanessa Delany on November 1, 2019

     (c)      Deposition of James Wilson on November 4, 2019

     (d)      Deposition of Micah McCabe on November 4, 2019

     (e)      Deposition of Amazon Logistics, Inc. on November 4, 2019.

Copies of the foregoing discovery requests are attached hereto as Exhibits 1 through 5, respectively.

3.      The parties have not conducted a Rule 26(f) conference in connection with Amazon Logistics' pending motion for relief from stay or Scobeez's pending adversary proceeding against Amazon Logistics, Adv. No. 2:10-ap-01456-WB.

4.      On October 29, 2019, at 3:51 p.m., I sent an e-mail to Ms. Nassiri requesting that she meet and confer regarding the foregoing discovery requests no later than noon on October 30, 2019.  Although Ms. Nassiri initially agreed to meet and confer at noon, as I had requested, she later asked that our meeting be postponed to 2:30 p.m. on October 30, 2019.  I agreed to that request.

5.      On October 30, 2019, at approximately 2:30 p.m., I participated in a telephone conference with Ms. Nassiri, Eric Winston (a member of her firm), and Ashley McDow (counsel to the Debtors).  During that telephone conference I explained that Amazon Logistics objected to Hillair's discovery requests and Ms. Nassiri and Mr. Winston disagreed with Amazon Logistic's

- 9 -

AMAZON'S MOTION FOR PROTECTIVE
ORDER QUASHING DISCOVERY
REQUESTS PROPOUNDED BY HILLAIR

1    position.  As a result, Amazon Logistics has determined to file a motion for a protective order and

2    requires an order shortening time so that the motion can be timely heard.

3          I declare under penalty of perjury that the foregoing is true and correct and that this

4    declaration was executed at Santa Monica, California, on October 31, 2019.

5

6                                         _____*/s/ Richard W. Esterkin*_____
                                          Richard W. Esterkin

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

                                    - 10 -        AMAZON'S MOTION FOR PROTECTIVE
                                                  ORDER QUASHING DISCOVERY
                                                  REQUESTS PROPOUNDED BY HILLAIR

# EXHIBIT 1

Exhibit 1 - page 11

1 | John B. Quinn (Bar No. 90378)
johnquinn@quinnemanuel.com
2 | Crystal Nix-Hines (Bar No. 2482073)
crystalnixhines@quinnemanuel.com
3 | Eric Winston (Bar No. 202407)
ericwinston@quinnemanuel.com
4 | Jennifer L. Nassiri (Bar No. 209796)
jennifernassiri@quinnemanuel.com
5 | QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
6 | Los Angeles, CA 90017
Telephone: (213) 443-3000
7 | Facsimile: (213) 443-3100

8 | Attorneys for Secured Creditor
9 | HILLAIR CAPITAL MANAGEMENT,
LLC

10

11 **UNITED STATES BANKRUPTCY COURT**

12 **CENTRAL DISTRICT OF CALIFORNIA**

13 **LOS ANGELES DIVISION**

14 | In re:                                 | CASE NO. 2:19-bk-14989-WB
                                            Jointly Administered:
15 | SCOOBEEZ, et al.[1]                    | 2:19-bk-14991-WB; 2:19-bk-14997-WB

16 |     Debtors and Debtors in Possession. | CHAPTER 11

17 | Affects:

18 | ■ All Debtors                          | **HILLAIR CAPITAL MANAGEMENT,
                                            LLC'S REQUESTS FOR PRODUCTION
19 | ☐ Scoobeez, ONLY                       OF DOCUMENTS TO AMAZON
                                            LOGISTICS, INC.**
20 | ☐ Scoobeez Global, Inc., ONLY

21 | ☐ Scoobur, LLC, ONLY

22

23

24

25

26 | [1] The Debtors and the last four digits of their respective federal taxpayer identification
27 | numbers are as follows: Scoobeez (6339); Scoobeez Global, Inc. (9779); and Scoobur, LLC
(0343). The Debtors' address is 3463 Foothill Boulevard, Glendale, California 91214.

28

HILLAIR CAPITAL MANAGEMENT, LLC'S REQUEST FOR PRODUCTION
OF DOCUMENTS TO AMAZON LOGISTICS, INC.

Exhibit 1 - page 12

1    Hillair Capital Management, LLC  ("Hillair") serves the following Requests for Production

2  of Documents ("Requests") to Amazon Logistics, Inc. ("Amazon") pursuant to Federal Rule of

3  Civil Procedure 34, and Federal Rules of Bankruptcy Procedure 7034 and 9014.  These Requests

4  are served in connection with the *Notice of Motion for an Order: (A) Determining that the*

5  *Automatic Stay Does Not Require Amazon to Utilize Debtors' Services, and (B) Modifying the*

6

7  *Automatic Stay,* filed by Amazon on October 28, 2019 in the above-captioned chapter 11 case.

8  [ECF No. 393].  Amazon is directed to produce for inspection and copying at the offices of Quinn

9  Emanuel Urquhart & Sullivan, LLP, 865 S. Figueroa, 10th Floor, Los Angeles, CA 90017, Attn:

10  Eric Winston, no later than November 1, 2019, the documents and things described herein within

11  Amazon's possession, custody or control.

12  DATED:  October 29, 2019          QUINN EMANUEL URQUHART &
13                                    SULLIVAN, LLP

14

15          By _____

16                   John B. Quinn
                     Crystal Nix-Hines
17                   Eric D. Winston
                     Jennifer L. Nassiri
18
19                   *Attorneys for Secured Creditor Hillair Capital*
                     *Management, LLC*

20

21

22

23

24

25

26

27

28

HILLAIR CAPITAL MANAGEMENT, LLC'S REQUEST FOR PRODUCTION
OF DOCUMENTS TO AMAZON LOGISTICS, INC.

Exhibit 1 - page 13

## **DEFINITIONS**

1.      "Hillair" means Hillair Capital Management, LLC and Hillair Capital Advisors, LLC and includes any managers, managing members, officers, directors, employees, agents, staff members or other representatives.

2.      "Amazon" means Amazon Logistics, Inc. and includes, where applicable, any entities constituting parents, predecessors, successors, subsidiaries, affiliates, divisions, associated organizations, joint ventures, as well as present and former officers, directors, employees, staff members, agents, or other representatives.

3.      "Amazon Agreement" means the Delivery Provider Terms of Service which provides the substantive terms of the agreement between Amazon and Scoobeez and the work order (as amended) which sets forth the specific locations and pricing terms.

4.      "Scoobeez" means Scoobeez, Scoobeez Global, Inc., and Scoobur LLC and includes, where applicable, any entities constituting parents, predecessors, successors, subsidiaries, affiliates, divisions, associated organizations, joint ventures, as well as present and former officers, directors, employees, staff members, agents, or other representatives.

5.      "Debtors" mean Scoobeez, Scoobeez Global, Inc. and Scoobur LLC, each debtors and debtors-in-possession in the above captioned jointly administered case bearing Case No. 19-14989-WB (lead) pending in the United States Bankruptcy Court for the Central District of California.

6.      "Scoobeez Employees" means all individuals, whether or not actively at work, who are employed by Scoobeez or have been employed by Scoobeez since January 2015.

7.      "Routes" means the delivery route assignments provided by Amazon to Scoobeez under the terms of the Amazon Agreement.

8.      "DSP" means delivery service provider for Amazon.

9.      "Sale" means the proposed sale of the substantially all of the assets of the Debtors, including the Amazon Agreement, to Hillair, as stalking horse bidder, subject to higher and better

-2-

HILLAIR CAPITAL MANAGEMENT, LLC'S REQUEST FOR PRODUCTION
OF DOCUMENTS TO AMAZON LOGISTICS, INC.

Exhibit 1 - page 14

1  offers, as set forth in the motion to approve the sale filed on September 19, 2019 in the bankruptcy

2  case.

3       10.    "Ordinary Course of Business" means the ordinary and usual course of normal day-

4  to-day operations between Scoobeez and Amazon consistent with past practices, including but not

5  limited to, the number of delivery Routes that Amazon provides Scoobeez on a monthly basis.

6       11.    "Person" means any individual, corporation, limited liability company, partnership,

7  firm, joint venture, association, joint-stock company, trust, unincorporated organization,

8  Governmental Body or other entity.

9       12.    "Document" or "documents" shall be used in the broadest sense permitted under

10  Federal Rule of Civil Procedure 34(a) as incorporated into Federal Rule of Bankruptcy Procedure

11  7034..

12       13.    "Communications" or "communications" means written or verbal exchanges

13  between any person(s) or entity(ies), including but not limited to verbal conversations, telephone

14  calls, facsimiles, e-mails, what's-app (and similar applications), or any other means of electronic

15  communication, letter, notes, memoranda, reports and any other documents which refer or relate to

16  the written or verbal exchange.

17       14.    "Concerning," "concern," "relate to," or "relating to"  mean without limitation:

18  regarding; containing; constituting; stating; mentioning; setting forth; recording; describing;

19  reflecting; interpreting; identifying; referring to; evidencing; confirming, supporting;

20  contradicting; controverting; or in any way pertaining to, in whole or in part, that subject to which

21  it refers or that contention to which it refers.

22       15.    "Electronically stored information" abbreviated herein as "ESI," has the meaning

23  given to it in Federal Rule of Civil Procedure 34.

24                                 **INSTRUCTIONS**

25       1.    References to entities or corporations other than natural persons, including Amazon

26  and Scoobeez shall be deemed to include, in addition to the entity named, its divisions,

27  departments, subsidiaries, affiliates, parents, predecessors, present or former officers, directors,

28

-3-

HILLAIR CAPITAL MANAGEMENT, LLC'S REQUEST FOR PRODUCTION
OF DOCUMENTS TO AMAZON LOGISTICS, INC.

Exhibit 1 - page 15

1  employees, agents, representatives, accountants and attorneys, successors and all other persons

2  acting or purporting to act on behalf of each such entity.

3      2.    Each Request shall be construed independently and not with reference to any other

4  Request for the purpose of limitation. The use of the singular form of any word includes the plural

5  and vice versa; the past tense shall include the present tense and vice versa; and reference to any

6  gender includes the other gender. The words "and," "or," and "and/or" shall each be deemed to

7  refer to both their conjunctive and disjunctive meanings and shall be interpreted in a manner

8  consistent with the broader document production. The word "including" shall mean "including

9  but not limited to." The words "every," "all," and "any" shall mean "each and every" as well as

10  "any one."

11      3.    If any Request cannot be complied with in full, it shall be complied with to the

12  extent possible, with an explanation as to why full compliance is not possible.

13      4.    In the event that any Document responsive to these requests for production is

14  subject to any claim of privilege (including work product), the responding party shall furnish a log

15  identifying each such Document by:

16      (a)    identifying the Person who prepared or authored the Document and, if

17  applicable, the persons who sent the Document and to whom the Document was sent (including

18  copies) and the dates on which the Document was prepared and transmitted;

19      (b)    describing the nature of the Document  (e.g., letter, inter-office

20  memorandum, notes, etc.) and, to the extent possible, the subject matter thereof;

21      (c)    identifying any and all attachments or enclosures appurtenant to such

22  Documents;

23      (d)    stating briefly the nature of the privilege asserted; and

24      (e)    producing any non-privileged portions, attachments or enclosures to any

25  such privileged Document, and identifying the portion(s) of the Document to which privilege is

26  claimed.

27      5.    Your search should include both hard copies and ESI.

28

-4-

HILLAIR CAPITAL MANAGEMENT, LLC'S REQUEST FOR PRODUCTION
OF DOCUMENTS TO AMAZON LOGISTICS, INC.

Exhibit 1 - page 16

6.      Where a responsive Document is in a language other than English, state whether or not an English translation of the Document exists. If a responsive Document is in a language other than English and an English translation thereof does exist, produce both the original and the English language translation.

7.      Each copy of any Document that contains any markings not appearing on the original, or is an alteration of the original, shall be considered a separate Document for purposes of these discovery requests.

8.      If possible, supply all financial data requested on a calendar year basis. If fiscal year data is provided, please specify the dates on which the fiscal years begin and end, unless otherwise specified in the Request.

9.      For any information requested that is not readily available from your records in the form requested, furnish carefully prepared estimates, designated as such, attach a statement of the basis for such estimates and identify the person or persons making them.

10.     Records produced should be produced as ordinarily maintained in the regular course of business, including ESI, electronic materials, information and data that are electronically searchable should be produced in a form that does not remove or degrade this feature.

11.     Documents in electronic form, including, but not limited to, e-mail, should be produced in color in single page tagged image file format ("TIFF"). TIFFs shall show all text and images that would be visible in the original electronic format (native format), including redlines and speaker notes, and Hillair reserves the right to make a reasonable request for the production of any documents in native format. An associated load file linking the images to the corresponding Document should be provided. All metadata associated with any ESI shall be produced in text format linked to the associated Document. Extracted text or, if extracted text is not available, optical character recognition (OCR) text should be provided in Document-level text files.

12.     Unless otherwise specified, the time frame for each Request is January 1, 2015 to the present.

-5-

HILLAIR CAPITAL MANAGEMENT, LLC'S REQUEST FOR PRODUCTION
OF DOCUMENTS TO AMAZON LOGISTICS, INC.

Exhibit 1 - page 17

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All Documents and Communications concerning the Amazon Agreement.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications concerning Scoobeez.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents and Communications concerning Amazon's decision to terminate Scoobeez as a DSP.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents and Communications concerning Amazon's decision to object to Scoobeez assumption of the Amazon Agreement and assignment to Hillair in connection with the Sale.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications concerning the daily total Routes for each distribution center that Scoobeez services for all DSPs that service that distribution center and the percentage of those Routes given to Scoobeez.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents concerning the identity of all DSPs utilized by Amazon in the geographic regions serviced by Scoobeez for Amazon.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and Communications concerning any offer or promise, whether express or implied, concerning any incentives and have been, will be, or may be offered by Amazon to any current or former Scoobeez Employee related to the Scoobeez Employee's/Employees' continued or future services on behalf of Amazon.

**REQUEST FOR PRODUCTION NO. 8:**

All Communications by and between Amazon officers, employees, or agents concerning the reduction of Scoobeez Routes or volume of deliveries between September 1, 2019 to the present.

-6-

HILLAIR CAPITAL MANAGEMENT, LLC'S REQUEST FOR PRODUCTION
OF DOCUMENTS TO AMAZON LOGISTICS, INC.

Exhibit 1 - page 18

**REQUEST FOR PRODUCTION NO. 9:**

All Documents concerning Amazon's policies and procedures in connection with its DSPs, including but not limited to, policies relating to termination of DSPs.

**REQUEST FOR PRODUCTION NO. 10:**

All Communications and Documents concerning any complaints or grievances about Scoobeez performance under the terms of the Amazon Agreement, including but not limited to complaints or grievances about individual Scoobeez Employees..

**REQUEST FOR PRODUCTION NO. 8:**

All Documents and Communications concerning Amazon's financial projections for increased delivery requirements for Los Angeles, Dallas, Houston, San Antonio and Chicago to service anticipated increases in consumer demands.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents and Communications that any agent, employee, attorney, or other representative of Amazon has had with any Scoobeez Employee that was employed by Scoobeez during the calendar year 2019.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents and Communications that any agent, employee, attorney, or other representative of Amazon has had with any DSP concerning potential absorption, acquisition, or hiring of any current or former Scoobeez employee.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and Communications concerning the proofs of claim filed by Amazon and Amazon.com in the above-captioned bankruptcy case bearing claim nos. 23-1, 31-1, 32-1, 36-1-2, 37-1, 38-1, and 39-1-2 as reflected on the official claims register maintained by the Bankruptcy Court, including the Documents and Communications concerning the lawsuits that support the factual bases for those claims.

-7-
HILLAIR CAPITAL MANAGEMENT, LLC'S REQUEST FOR PRODUCTION
OF DOCUMENTS TO AMAZON LOGISTICS, INC.

Exhibit 1 - page 19

**REQUEST FOR PRODUCTION NO. 12:**

All Communications that any agent, employee, attorney, or other representative of Amazon has had with or concerning Shahan Ohanessian.

**REQUEST FOR PRODUCTION NO. 13:**

All Communications that any agent, employee, attorney, or other representative of Amazon has had with or concerning Suzy Ohanessian.

**REQUEST FOR PRODUCTION NO. 14:**

All Communications that any agent, employee, attorney, or other representative of Amazon has had with or concerning David Ojeda.

**REQUEST FOR PRODUCTION NO. 18:**

All Communications that any agent, employee, attorney, or other representative of Amazon has had with or concerning Penelope Register Shaw

**REQUEST FOR PRODUCTION NO. 19:**

All Documents and Communications concerning those "other factors" on which Amazon purportedly relied on in deciding to terminate its relationship with Scoobeez, as referenced on page 7 of Amazon's *Opposition to Application for Temporary Restraining Order* filed on October 28, 2019 [Adv. Doc No. 10].

**REQUEST FOR PRODUCTION NO. 20:**

All documents that evidence, support or concern Amazon's statement to the Court that, "[h]aving supported Scoobeez's reorganization efforts for the past six months by continuing to provide Scoobeez with routes and refraining from seeking relief from the automatic stay to exercise its termination right, Amazon is now entitled to relief from the stay[,]" stated on page 8 of Amazon's *Motion for Relief From the Automatic Stay* filed on October 28, 2019 [Dkt. No. 393].

-8-

HILLAIR CAPITAL MANAGEMENT, LLC'S REQUEST FOR PRODUCTION
OF DOCUMENTS TO AMAZON LOGISTICS, INC.

Exhibit 1 - page 20

1   DATED:  October 29, 2019          QUINN EMANUEL URQUHART &
                                      SULLIVAN, LLP
2

3

4                                     By _____
                                         John B. Quinn
5                                        Crystal Nix-Hines
                                         Eric D. Winston
6                                        Jennifer L. Nassiri

7                                     *Attorneys for Proposed Intervenor and Plaintiff*
                                      *HILLAIR CAPITAL MANAGEMENT, LLC*
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                           -9-
          HILLAIR CAPITAL MANAGEMENT, LLC'S REQUEST FOR PRODUCTION
                          OF DOCUMENTS TO AMAZON LOGISTICS, INC.

                              Exhibit 1 - page 21

## **PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On October 29, 2019, I served true copies of the following document(s) described as:

**HILLAIR CAPITAL MANAGEMENT, LLC'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO AMAZON LOGISTICS, INC.**

on the parties in this action as follows:

Ashley M. McDow
John A. Simon
Shane J. Moses
FOLEY & LARDNER LLP
555 S. Flower St. 33rd Floor
Los Angeles, CA 90071
Tel. no. 213-972-4500
amcdow@foley.com
jsimon@foley.com
smoses@foley.com

Richard W. Esterkin
MORGAN, LEWIS & BOCKIUS
300 S. Grand Ave., Floor 22
Los Angeles, CA 90071-3132
Tel. no. 213-612-2500
richard.esterkin@morganlewis.com

John-Patrick M. Fritz
David L. Neale
LEVENE, NEALE, BENDER, YOO & BRILL LLP
10250 Constellation Blvd., Suite 1700
Los Angeles, CA 90067
Tel. no. 310-229-1234
jpf@lnbyb.com
dln@lnbyb.com

Alvin P. Mar
OFFICE OF THE UNITED STATES TRUSTEE
915 Wilshire Blvd., Suite 1850
Los Angeles, CA 90017
Tel. no. 213-894-4219
alvin.mar@usdoj.gov

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from the e-mail address jennifernassiri@quinnemanuel.com to persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 29, 2019, at Los Angeles, California.

*/s/ Jennifer Nassiri*

Jennifer Nassiri

-1-

PROOF OF SERVICE)

Exhibit 1 - page 22

# EXHIBIT 2

Exhibit 2 - page 23

1  John B. Quinn (Bar No. 90378)
   johnquinn@quinnemanuel.com
2  Crystal Nix-Hines (Bar No. 2482073)
   crystalnixhines@quinnemanuel.com
3  Eric Winston (Bar No. 202407)
   ericwinston@quinnemanuel.com
4  Jennifer L. Nassiri (Bar No. 209796)
   jennifernassiri@quinnemanuel.com
5  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   865 S. Figueroa St., 10th Floor
6  Los Angeles, CA  90017
   Telephone:  (213) 443-3000
7  Facsimile:  (213) 443-3100

8  Attorneys for Secured Creditor
   HILLAIR CAPITAL MANAGEMENT,
9  LLC

10

11                 **UNITED STATES BANKRUPTCY COURT**

12                 **CENTRAL DISTRICT OF CALIFORNIA**

13                      **LOS ANGELES DIVISION**

14  In re:                                   CASE NO. 2:19-bk-14989-WB
                                             Jointly Administered:
15  SCOOBEEZ, et al.[1]                      2:19-bk-14991-WB; 2:19-bk-14997-WB

16      Debtors and Debtors in Possession.   CHAPTER 11

17  Affects:

18  ■  All Debtors                           **HILLAIR CAPITAL MANAGEMENT,
                                             LLC'S NOTICE OF DEPOSITION OF
19  ☐  Scoobeez, ONLY                        VANESSA DELANEY**

20  ☐  Scoobeez Global, Inc., ONLY

21  ☐  Scoobur, LLC, ONLY

22

23

24

25  _____

26     [1]  The Debtors and the last four digits of their respective federal taxpayer identification
    numbers are as follows: Scoobeez (6339); Scoobeez Global, Inc. (9779); and Scoobur, LLC
27  (0343). The Debtors' address is 3463 Foothill Boulevard, Glendale, California 91214.

28

                                                          NOTICE OF DEPOSITION

Exhibit 2 - page 24

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Federal Rules of Civil Procedure 30, *et seq.* (made applicable to this matter by Federal Rules of Bankruptcy Procedure 7030 and 9014), Secured Creditor Hillair Capital Management, LLC ("Hillair"), through its attorneys of record, will take the deposition of Vanessa Delaney on November 1, 2019 at 9:00 a.m. at the offices of Quinn Emanuel Urquhart & Sullivan, LLP, 865 S. Figueroa, 10th Floor, Los Angeles, CA 90017. This deposition will be taken in connection with the *Notice of Motion for an Order: (A) Determining that the Automatic Stay Does Not Require Amazon to Utilize Debtors' Services, and (B) Modifying the Automatic Stay,* filed by Amazon on October 28, 2019 in the above-captioned chapter 11 case. [ECF No. 393]. The deposition will take place before a duly authorized notary public or other officer authorized to administer oaths at depositions, and will continue from day to day, Saturdays, Sundays, and legal holidays excepted, until completed, or according to a schedule mutually agreed upon by the parties in advance of the deposition. The deposition will continue from day to day, or may be continued to a future date or dates, until completed.

**PLEASE TAKE FURTHER NOTICE** that, the deposition will be videotaped and/or recorded by stenographic means. Hillair also reserves the right to use LiveNote or other technology for real-time transcription of the testimony.

DATED: October 29, 2019

QUINN EMANUEL URQUHART &
SULLIVAN, LLP


John B. Quinn
Crystal Nix-Hines
Eric D. Winston
Jennifer L. Nassiri

*Attorneys for Secured Creditor Hillair Capital Management, LLC*

-1-

NOTICE OF DEPOSITION

Exhibit 2 - page 25

# EXHIBIT 3

Exhibit 3 - page 26

John B. Quinn (Bar No. 90378)
johnquinn@quinnemanuel.com
Crystal Nix-Hines (Bar No. 2482073)
crystalnixhines@quinnemanuel.com
Eric Winston (Bar No. 202407)
ericwinston@quinnemanuel.com
Jennifer L. Nassiri (Bar No. 209796)
jennifernassiri@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA  90017
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Secured Creditor
HILLAIR CAPITAL MANAGEMENT,
LLC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>SCOOBEEZ, et al.[1]<br><br>     Debtors and Debtors in Possession. | CASE NO. 2:19-bk-14989-WB<br>Jointly Administered:<br>2:19-bk-14991-WB; 2:19-bk-14997-WB<br><br>CHAPTER 11 |
| Affects:<br><br>■  All Debtors<br><br>☐  Scoobeez, ONLY<br><br>☐  Scoobeez Global, Inc., ONLY<br><br>☐  Scoobur, LLC, ONLY | **HILLAIR CAPITAL MANAGEMENT, LLC'S NOTICE OF DEPOSITION OF JAMES WILSON** |

[1]  The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Scoobeez (6339); Scoobeez Global, Inc. (9779); and Scoobur, LLC (0343). The Debtors' address is 3463 Foothill Boulevard, Glendale, California 91214.

NOTICE OF DEPOSITION

Exhibit 3 - page 27

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Federal Rules of Civil Procedure 30, *et seq.*

(made applicable to this matter by Federal Rules of Bankruptcy Procedure 7030 and 9014),

Secured Creditor Hillair Capital Management, LLC ("Hillair"), through its attorneys of record,

will take the deposition of James Wilson on November 4, 2019 at 9:00 a.m. at the offices of Quinn

Emanuel Urquhart & Sullivan, LLP, 865 S. Figuerora, 10th Floor, Los Angeles, CA 90017. This

deposition will be taken in connection with the *Notice of Motion for an Order: (A) Determining*

*that the Automatic Stay Does Not Require Amazon to Utilize Debtors' Services, and (B) Modifying*

*the Automatic Stay,* filed by Amazon on October 28, 2019 in the above-captioned chapter 11 case.

[ECF No. 393]. The deposition will take place before a duly authorized notary public or other

officer authorized to administer oaths at depositions, and will continue from day to day, Saturdays,

Sundays, and legal holidays excepted, until completed, or according to a schedule mutually agreed

upon by the parties in advance of the deposition. The deposition will continue from day to day, or

may be continued to a future date or dates, until completed.

**PLEASE TAKE FURTHER NOTICE** that, the deposition will be videotaped and/or

recorded by stenographic means. Hillair also reserves the right to use LiveNote or other

technology for real-time transcription of the testimony.

DATED:  October 29, 2019             QUINN EMANUEL URQUHART &
                                        SULLIVAN, LLP

                                        John B. Quinn
                                        Crystal Nix-Hines
                                        Eric D. Winston
                                        Jennifer L. Nassiri

                                        *Attorneys for Secured Creditor Hillair Capital*
                                        *Management, LLC*

-1-

NOTICE OF DEPOSITION

Exhibit 3 - page 28

# EXHIBIT 4

Exhibit 4 - page 29

1   John B. Quinn (Bar No. 90378)
  johnquinn@quinnemanuel.com
2   Crystal Nix-Hines (Bar No. 2482073)
  crystalnixhines@quinnemanuel.com
3   Eric Winston (Bar No. 202407)
  ericwinston@quinnemanuel.com
4   Jennifer L. Nassiri (Bar No. 209796)
  jennifernassiri@quinnemanuel.com
5   QUINN EMANUEL URQUHART & SULLIVAN, LLP
  865 S. Figueroa St., 10th Floor
6   Los Angeles, CA  90017
  Telephone:  (213) 443-3000
7   Facsimile:  (213) 443-3100

8

  Attorneys for Secured Creditor
9   HILLAIR CAPITAL MANAGEMENT,
  LLC

10

11           **UNITED STATES BANKRUPTCY COURT**

12             **CENTRAL DISTRICT OF CALIFORNIA**

13                 **LOS ANGELES DIVISION**

| | |
|---|---|
| 14   In re: | CASE NO. 2:19-bk-14989-WB |
| | Jointly Administered: |
| 15   SCOOBEEZ, et al.[1] | 2:19-bk-14991-WB; 2:19-bk-14997-WB |
| 16       Debtors and Debtors in Possession. | CHAPTER 11 |
| 17   Affects: | |
| 18   ■   All Debtors | **HILLAIR CAPITAL MANAGEMENT, LLC'S NOTICE OF DEPOSITION OF MICAH MCCABE** |
| 19   ☐   Scoobeez, ONLY | |
| 20   ☐   Scoobeez Global, Inc., ONLY | |
| 21   ☐   Scoobur, LLC, ONLY | |

22

23

24

25

26   [1]  The Debtors and the last four digits of their respective federal taxpayer identification
27 numbers are as follows: Scoobeez (6339); Scoobeez Global, Inc. (9779); and Scoobur, LLC (0343). The Debtors' address is 3463 Foothill Boulevard, Glendale, California 91214.

28

                                            NOTICE OF DEPOSITION

Exhibit 4 - page 30

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Federal Rules of Civil Procedure 30, *et seq.* (made applicable to this matter by Federal Rules of Bankruptcy Procedure 7030 and 9014), Secured Creditor Hillair Capital Management, LLC ("Hillair"), through its attorneys of record, will take the deposition of Micah McCabe on November 4, 2019 at 9:00 a.m. at the offices of Quinn Emanuel Urquhart & Sullivan, LLP, 865 S. Figuerora, 10th Floor, Los Angeles, CA 90017. This deposition will be taken in connection with the *Notice of Motion for an Order: (A) Determining that the Automatic Stay Does Not Require Amazon to Utilize Debtors' Services, and (B) Modifying the Automatic Stay,* filed by Amazon on October 28, 2019 in the above-captioned chapter 11 case. [ECF No. 393]. The deposition will take place before a duly authorized notary public or other officer authorized to administer oaths at depositions, and will continue from day to day, Saturdays, Sundays, and legal holidays excepted, until completed, or according to a schedule mutually agreed upon by the parties in advance of the deposition. The deposition will continue from day to day, or may be continued to a future date or dates, until completed.

**PLEASE TAKE FURTHER NOTICE** that, the deposition will be videotaped and/or recorded by stenographic means. Hillair also reserves the right to use LiveNote or other technology for real-time transcription of the testimony.

DATED: October 29, 2019

QUINN EMANUEL URQUHART & SULLIVAN, LLP

John B. Quinn
Crystal Nix-Hines
Eric D. Winston
Jennifer L. Nassiri

*Attorneys for Secured Creditor Hillair Capital Management, LLC*

09533-00001/11154619.1

NOTICE OF DEPOSITION

Exhibit 4 - page 31

# EXHIBIT 5

Exhibit 5 - page 32

John B. Quinn (Bar No. 90378)
johnquinn@quinnemanuel.com
Crystal Nix-Hines (Bar No. 2482073)
crystalnixhines@quinnemanuel.com
Eric Winston (Bar No. 202407)
ericwinston@quinnemanuel.com
Jennifer L. Nassiri (Bar No. 209796)
jennifernassiri@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Secured Creditor,
HILLAIR CAPITAL MANAGEMENT,
LLC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>SCOOBEEZ, et al.[1]<br><br>Debtors and Debtors in Possession. | CASE NO. 2:19-bk-14989-WB<br>Jointly Administered:<br>2:19-bk-14991-WB; 2:19-bk-14997-WB<br><br>CHAPTER 11 |
| Affects:<br><br>■  All Debtors<br><br>☐  Scoobeez, ONLY<br><br>☐  Scoobeez Global, Inc., ONLY<br><br>☐  Scoobur, LLC, ONLY | **HILLAIR CAPITAL MANAGEMENT, LLC'S NOTICE OF 30(b)(6) DEPOSITION OF AMAZON LOGISTICS, INC.** |

[1]  The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Scoobeez (6339); Scoobeez Global, Inc. (9779); and Scoobur, LLC (0343). The Debtors' address is 3463 Foothill Boulevard, Glendale, California 91214.

HILLAIR CAPITAL MANAGEMENT, LLC'S NOTICE OF 30(b)(6) DEPOSITION OF
AMAZON LOGISTICS, INC.

Exhibit 5 - page 33

1        PLEASE TAKE NOTICE THAT, pursuant to Federal Rule of Civil Procedure 30(b)(6),

2  (made applicable to this matter by Federal Rules of Bankruptcy Procedure 7030 and 9014), Hillair

3  Capital Management, LLC ("Hillair") will take the deposition upon oral examination of Amazon

4  Logistics, Inc. ("Amazon") commencing on November 4, 2019 at 9:00 a.m. at the offices of

5  Quinn Emanuel Urquhart & Sullivan, LLP, 865 S. Figuerora, 10th Floor, Los Angeles, CA 90017.

6  Amazon shall designate one or more of its officers, directors, managing agents, or other persons

7  with knowledge of the matters set forth in this Notice to appear and testify on its behalf at the

8  deposition. The persons so designated shall testify as to matters known or reasonably available to

9  Amazon. This deposition is served in connection with the *Notice of Motion for an Order: (A)*

10  *Determining that the Automatic Stay Does Not Require Amazon to Utilize Debtors' Services, and*

11  *(B) Modifying the Automatic Stay,* filed by Amazon on October 28, 2019 in the above-captioned

12  chapter 11 case. [ECF No. 393].

13        The deposition will take place before a duly authorized notary public or other officer

14  authorized to administer oaths at depositions, and will continue from day to day, Saturdays,

15  Sundays, and legal holidays excepted, until completed, or according to a schedule mutually agreed

16  upon by the parties in advance of the deposition. The deposition will be videotaped and/or

17  recorded by stenographic means. Hillair also reserves the right to use LiveNote or other

18  technology for real-time transcription of the testimony.

19

20  DATED: October 29, 2019        QUINN EMANUEL URQUHART &
                               SULLIVAN, LLP

21

22

23                     By _____

24                        John B. Quinn
                            Crystal Nix-Hines

25                        Eric D. Winston
                            Jennifer L. Nassiri

26

27                        *Attorneys for Secured Creditor Hillair Capital*
                        *Management, LLC*

28

HILLAIR CAPITAL MANAGEMENT, LLC'S NOTICE OF 30(b)(6) DEPOSITION OF
AMAZON LOGISTICS, INC.

Exhibit 5 - page 34

## INSTRUCTIONS AND DEFINITIONS

1.    Unless otherwise specified, the time frame for each Topic is January 1, 2015 to the present.

2.    "Hillair" means Hillair Capital Management, LLC and Hillair Capital Advisors, LLC and includes any managers, managing members, officers, directors, employees, agents, staff members or other representatives.

3.    "Amazon" means Amazon Logistics, Inc. and includes, where applicable, any entities constituting parents, predecessors, successors, subsidiaries, affiliates, divisions, associated organizations, joint ventures, as well as present and former officers, directors, employees, staff members, agents, or other representatives.

4.    "Amazon Agreement" means the Delivery Provider Terms of Service which provides the substantive terms of the agreement between Amazon and Scoobeez and the work order (as amended) which sets forth the specific locations and pricing terms.

5.    "Scoobeez" means Scoobeez, Scoobeez Global, Inc, and Scoobur LLC and includes, where applicable, any entities constituting parents, predecessors, successors, subsidiaries, affiliates, divisions, associated organizations, joint ventures, as well as present and former officers, directors, employees, staff members, agents, or other representatives.

6.    "Debtors" mean Scoobeez, Scoobeez Global, Inc. and Scoobur LLC, each debtors and debtors-in-possession in the above captioned jointly administered case bearing case no. 19-14989-WB (lead) pending in the United States Bankruptcy Court for the Central District of California.

7.    "Scoobeez Employees" means all individuals, whether or not actively at work, who are employed by Scoobeez or have been employed by Scoobeez since January 2015.

8.    "Routes" means the delivery route assignments provided by Amazon to Scoobeez under the terms of the Amazon Agreement.

9.    "DSP" means delivery service provider for Amazon.

10.    "Sale" means the proposed sale of the substantially all of the assets of the Debtors, including the Amazon Agreement, to Hillair, as stalking horse bidder, subject to higher and better

HILLAIR CAPITAL MANAGEMENT, LLC'S NOTICE OF 30(b)(6) DEPOSITION OF
AMAZON LOGISTICS, INC.

Exhibit 5 - page 35

1  offers, as set forth in the motion to approve the sale filed on September 19, 2019 in the bankruptcy

2  case.

3      11.    "Person" means any individual, corporation, limited liability company,

4  partnership, firm, joint venture, association, joint-stock company, trust, unincorporated

5  organization, Governmental Body or other entity.

6      12.    "Document" or "documents" shall be used in the broadest sense permitted under

7  Federal Rule of Civil Procedure 34(a) as incorporated into Federal Rule of Bankruptcy Procedure

8  7034..

9      13.    "Communications" or "communications" means written or verbal exchanges

10 between any person(s) or entity(ies), including but not limited to verbal conversations, telephone

11 calls, facsimiles, e-mails, what's-app (and similar applications), or any other means of electronic

12 communication, letter, notes, memoranda, reports and any other documents which refer or relate to

13 the written or verbal exchange.

14     14.    "Concerning, "concern," "relate to," or "relating to"  mean without limitation:

15 regarding; containing; constituting; stating; mentioning, setting forth; recording; describing;

16 reflecting; interpreting; identifying; referring to; evidencing; confirming, supporting;

17 contradicting; controverting; or in any way pertaining to, in whole or in part, that subject to which

18 it refers or that contention to which it refers.

19

20

21

22

23

24

25

26

27

28

HILLAIR CAPITAL MANAGEMENT, LLC'S NOTICE OF 30(b)(6) DEPOSITION OF
AMAZON LOGISTICS, INC.

Exhibit 5 - page 36

## **TOPICS FOR EXAMINATION**

1.  The Amazon Agreement with Scoobeez, including any decision to terminate the Amazon Agreement and the terms of the proposed separation agreement as reflected in the October 16, 2019 e-mail from Richard Esterkin, counsel to Amazon to the Debtors.

2.  The identities, titles roles, contributions and responsibilities of all Persons who have served or are serving as an officer, director, manager, or employee with responsibilities and/or oversight concerning Scoobeez or the Routes provided to Scoobeez on a weekly basis.

3.  Amazon's policies and procedures concerning DSPs, including but not limited to those policies and procedures with respect to the termination of DSPs.

4.  The daily total Routes for each distribution center that Scoobeez services for all DSPs that service that distribution center; and (b) the percentage of those Routes provided to Scoobeez

5.  The identity of all DSPs utilized by Amazon in the regions serviced by Scoobeez for Amazon.

6.  Any offer or promise, whether express or implied, and whether in writing or oral, concerning any incentives and have been, will be, or may be offered by Amazon to any current or former Scoobeez Employee related to the Scoobeez Employee's/Employees' continued or future services on behalf of Amazon.

7.  Statements made by Amazon as set forth in the May 13, 2019 articles entitled "Amazon Helps Employees Launch Small Businesses" published by ecommercebytes.com, and "Amazon Will Pay Workers to Quit and Start Their Own Delivery Businesses" published by the New York Times.

8.  All "other factors" on which Amazon purportedly replied in deciding to sever its relationship with Scoobeez, as referenced on page 7 of its *Opposition to Application for Temporary Restraining Order* filed in adversary proceeding no. 19-ap-01456 on October 28, 2019 [Adv. ECF No. 10].

HILLAIR CAPITAL MANAGEMENT, LLC'S NOTICE OF 30(b)(6) DEPOSITION OF
AMAZON LOGISTICS, INC.

Exhibit 5 - page 37

9. All internal Communications by and between Amazon officers, employees, or agents, including Communications with any third party, concerning any reduction of Scoobeez' Routes or volume of deliveries between September 1, 2019 and present.

10. Any complaints or grievances, whether orally or in writing, concerning Scoobeez's performance in making deliveries for Amazon, including but not limited to complaints about individual Scoobeez Employees and any claims by Amazon that Scoobeez had failed to perform under the Amazon Agreement.

11. Any financial projections concerning increased delivery abilities or needs that Amazon believes it will require in the regions of Los Angeles, Dallas, Houston, San Antonio, and Chicago, in order to keep up with any anticipated increase in consumer sales in those regions.

12. Any communications that any agent, employee, attorney, or other representative of Amazon has had with any DSP concerning potential absorption, acquisition, or hiring of any current or former Scoobeez employee, including the individuals involved with such communications and the date and substance of such communications.

13. The proof of claims filed by Amazon and Amazon.com in the above-captioned bankruptcy case bearing claim nos. 23-1, 31-1, 32-1, 36-1-2, 37-1, 38-1, and 39-1-2 on the official claims register maintained by the Bankruptcy Court, including the lawsuits involving Amazon and Scoobeez that support the factual bases for those claims.

HILLAIR CAPITAL MANAGEMENT, LLC'S NOTICE OF 30(b)(6) DEPOSITION OF
AMAZON LOGISTICS, INC.

Exhibit 5 - page 38

1

## PROOF OF SERVICE

2     I am employed in the County of Los Angeles, State of California.  I am over the age of
eighteen years and not a party to the within action; my business address is 865 South Figueroa

3 Street, 10th Floor, Los Angeles, California 90017-2543.

4     On October 29, 2019, I served true copies of the following document(s) described as:

5 **HILLAIR CAPITAL MANAGEMENT, LLC'S REQUESTS FOR PRODUCTION OF
DOCUMENTS TO AMAZON LOGISTICS, INC.**

6

on the parties in this action as follows:

7

8 Ashley M. McDow
John A. Simon
Shane J. Moses

9 FOLEY & LARDNER LLP
555 S. Flower St. 33rd Floor

10 Los Angeles, CA 90071
Tel. no. 213-972-4500

11 amcdow@foley.com
jsimon@foley.com

12 smoses@foley.com

13 John-Patrick M. Fritz
David L. Neale

14 LEVENE, NEALE, BENDER, YOO &
BRILL LLP

15 10250 Constellation Blvd., Suite 1700
Los Angeles, CA 90067

16 Tel. no. 310-229-1234
jpf@lnbyb.com

17 dln@lnbyb.com

 

Richard W. Esterkin
MORGAN, LEWIS & BOCKIUS
300 S. Grand Ave., Floor 22
Los Angeles, CA 90071-3132
Tel. no. 213-612-2500
richard.esterkin@morganlewis.com

 

Alvin P. Mar
OFFICE OF THE UNITED STATES
TRUSTEE
915 Wilshire Blvd., Suite 1850
Los Angeles, CA 90017
Tel. no. 213-894-4219
alvin.mar@usdoj.gov

18

19     **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on an agreement of the
parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent

20 from the e-mail address jennifernassiri@quinnemanuel.com to persons at the e-mail addresses
listed in the Service List.  I did not receive, within a reasonable time after the transmission, any

21 electronic message or other indication that the transmission was unsuccessful.

22     I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

23     Executed on October 29, 2019, at Los Angeles, California.

24

25

26                             */s/ Jennifer Nassiri*

27                             Jennifer Nassiri

28

PROOF OF SERVICE

Exhibit 5 - page 39

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE FORM**

**FOR ELECTRONIC FILINGS**

I hereby certify that on October 31, 2019, I electronically filed the foregoing document,

**Amazon Logistics, Inc.'s Motion for a Protective Order Quashing Document Requests and**

**Deposition Notices Propounded by Hillair Capital Management, LLC,** with the Clerk of the

United States Bankruptcy Court, Central District of California, Los Angeles Division, using the

CM/ECF system, which will send notification of such filing to those parties registered to receive

notice on this matter.

_____

Renee Robles

AMAZON'S MOTION FOR PROTECTIVE
ORDER QUASHING DISCOVERY
REQUESTS PROPOUNDED BY HILLAIR

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
Morgan Lewis & Bockius, LLP
300 S Grand Ave Fl 22, Los Angeles CA  90071-3132

A true and correct copy of the foregoing document entitled (*specify*): Amazon Logistics, Inc.'s Motion for a Protective
Order Quashing Document Requests and Deposition Notices Propounded by Hillair Capital Management, LLC; and
Declaration of Richard W. Esterkin in Support Thereof

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
10/31/2019          , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

    See Service List, Attached.



☑ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL:**
On (*date*)   10/31/2019        , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| Conway MacKenzie, Inc. | Daimler Trust | Levene Neale Bender Yoo & Brill LLP |
|---|---|---|
| 333 S Hope St Ste 3625 | c/o BK Servicing LLC | 10250 Constellation Blvd Ste 1700 |
| Los Angeles CA  90071 | PO Box 131265 | Los Angeles CA  90067 |
|  | Roseville MN  55113-0011 |  |

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):**  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)   10/31/2019        , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Hon. Julia W. Brand, Suite 1382
U.S. Bankruptcy Court, Roybal Federal Building
255 E Temple St, Los Angeles CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/31/2019 | Renee Robles | *Renee Robles* |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**