MORGAN, LEWIS & BOCKIUS LLP
Richard W. Esterkin, SBN 70769
richard.esterkin@morganlewis.com
300 S Grand Ave Fl 22
Los Angeles CA  90071-3132
Tel:    (213) 612-2500
Fax:    (213) 612-2501

Attorneys for
Amazon Logistics, Inc.

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| **In re:**<br><br>**SCOOBEEZ, et al.[1],**<br><br>**Debtors and Debtors in Possession.**<br><br>Affects:<br>■ All Debtors<br>☐ Scoobeez, ONLY<br>☐ Scoobeez Global, Inc., ONLY<br>☐ Scoobur LLC, ONLY | Case No. 2:19-bk-14989-WB<br>Jointly Administered:<br>2:19-bk-14991-WB, and 2:19-bk-14997-WB<br><br>Chapter 11<br><br>**AMAZON LOGISTICS, INC.'S OPPOSITION TO MOTION TO FILE UNDER SEAL (DOCKET NO. 365)**<br><br>Date:    November 18, 2019<br>Time:    10:00 a.m.<br>Dept.:    United States Bankruptcy Court<br>         Edward Roybal Federal Building<br>         255 E Temple St, Ctrm 1375<br>         Los Angeles CA  90012<br><br>Judge:  The Hon. Julia W. Brand |

Amazon Logistics, Inc. ("Amazon") respectfully submits the following opposition to Hillair Capital Management, LLC's motion to file documents under seal (Docket No. 365):

---

[1]  The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Scoobeez (6339); Scoobeez Global, Inc. (9779); and, Scoobur, LLC (0343).  The Debtors' address is 3463 Foothill Boulevard, in Glendale, California  91214.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 37702785.1

## I.

## **INTRODUCTION**

The present motion should be denied. Hillair Capital Management, LLC ("Hillair"), has wholly failed to overcome the presumption that this Court's files should be open to inspection by the members of the public, including the parties in interest in this bankruptcy case. There is no evidence that the Freeh Report contains confidential commercial information. Moreover, the Freeh Report likely contains information demonstrating Hillair's inability to competently oversee the business conducted by Scoobeez, an issue raised by Amazon's objection to the assumption and assignment of its contract. Finally, the only articulated reason for filing Hillair's proposed Adequate Assurance Package under seal, that it may provide information to competitive bidders, has evaporated because there are no competitive bidders. As a result, the Freeh Report and Hillair's Adequate Assurance Package should be filed for public view on this Court's docket.

## II.

## **STATEMENT OF FACTS**

The Debtors have filed a motion seeking authority to sell substantially all of their assets to their secured lender, Hillair. Various parties in interest, including the Debtors' shareholders, Shahan and Shoshana Ohanessian (collectively, the "Ohanessians"), Peter and Barbara Rosenthal (as Trustees) and Grigori Sedrakyan have filed oppositions to the proposed sale. In addition, Amazon has objected to the proposed assumption and assignment of its contract with the Debtors on the grounds that the contract is not an executory contract, the Debtors' have not proposed to cure their pre-petition defaults under that contract (or provide adequate assurances that those defaults will be cured) and Hillair has not provided adequate assurances of its future performance under the contract.

In support of their reply to the shareholders' and Amazon's objections, Hillair seeks an order from this Court permitting it to file two documents under seal: (a) a report regarding the Ohanessians' alleged misappropriation of the Debtor's assets and (b) their tender of adequate assurances of future performance under the Amazon contract. That motion should be denied for the reasons set forth below.

# III.

# **HILLAIR SHOULD NOT BE PERMITTED TO FILE THE FREEH REPORT UNDER SEAL**

**A.    Factual Background**

Hillair has been providing secured financing to the Debtors since October 7, 2016.[2] As of May 10, 2019, the Debtors owed Hillair in excess of $11,000,000.[3] As might be expected of a lender with such a large "investment" in a borrower, Hillair states that it "has become very familiar with the [Debtors'] business" and has "formed close working relationships with the Debtors' current management."[4] In fact, going beyond the role of a traditional lender, Hillair has been "crucial to supporting … [the Debtors'] growth."[5] The close working relationship that developed between the Debtors and Hillair is consistent with Hillair's investment strategy, which includes providing "operational support" to its portfolio companies.[6]

According to Hillair, some time prior to March 1, 2017, while Hillair was working closely with the Debtors' management and providing crucial operational support to that management, Mr. Ohanessian misappropriated approximately $1,700,000 from the Debtors, without Hillair's knowledge.[7] According to the whistleblower report relied upon by Hillair, Hillair was informed about Mr. Ohanessian's misappropriation of the Debtor's funds on March 8, 2017.[8] Although, on March 10, 2017, Mr. Ohanessian promptly resigned as the Debtors' Chief Executive Officer and as a Director, four days later, in his capacity as majority shareholder, Mr. Ohanessian reinstated himself as the Debtor's Chief Executive Officer and appointed his wife to the Debtors' Board of

---

[2]    Declaration of Scott D. Kaufman (Docket No. 37) at ¶ 7.
[3]    *Id.* at ¶ 15.
[4]    Declaration of Scott D. Kauffman (Docket No. 364) at ¶ 9.
[5]    *Id.*
[6]    *Id.* at ¶ 8.
[7]    Declaration of Scott D. Kauffman (Docket No. 361) at ¶ 21.
[8]    Declaration of Scott D. Kauffman (Docket No. 37) at Ex. 3.

Directors.[9] Amazingly, Hillair continued support the Debtors, with Mr. Ohanessian in control, for over two years, through the filing of the Debtors' chapter 11 cases, until this Court appointed a Chief Restructuring Officer as required pursuant to Hillair's stipulation with the Debtors to allow the Debtors to continue to use Hillair's cash collateral.[10]

Following the filing of the Debtors' chapter 11 petitions, Hillair applied to this Court to take a number of examinations pursuant to Bankruptcy Rule 2004 for the purpose, among others, of investigating Mr. Ohanessian's alleged misappropriations.[11] On May 14, 2019, this Court granted the foregoing application.[12] After obtaining the documents requested in connection with the Rule 2004 examinations, those documents were provided to the Freeh Group.[13] "After conducting a thorough forensic analysis of those documents, the Freeh Group prepared the Freeh Report at the direction of Hillair's counsel." *Id.* at 3:28-4:2. The present motion seeks to file that report under seal.

**B.    The Standard for Filing Documents under Seal**

Bankruptcy Code § 107(a) codifies a presumption of public access to all documents filed in a bankruptcy case or with a bankruptcy court. 11 U.S.C. § 107(a). *Gitto v. Worcester Tel. & Gazette Corp. (In re Gitto Global Corp.)*, 422 F.3d 1, 7 (1st Cir. 2005). The concept of sealing portions of the Court's files and records is inimical to the strong guiding principal that court records are public documents. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597-598 (1978). Public access to judicial records "is of special importance in the bankruptcy arena, as unrestricted access to judicial records fosters confidence among creditors regarding the fairness of

---

[9]    *Hillair Capital Management, LLC's Notice of Motion and Omnibus Motion for Entry of Order Authorizing Examinations Pursuant to Federal Rule of Bankruptcy Procedure 2004* (Docket No. 35) at 9:25-26 and 9:27-10:1.

[10]    *See, Declaration Under Penalty of Perjury for Non-Individual Debtors* (Docket No. 1) signed by Mr. Ohanessian as "CEO;" *Hillair Capital Management, LLC's Notice of Motion and Motion to Approve Terms of Proposed Stipulation for Interim Use of Cash Collateral* (Docket No. 61) at pg. 16, ¶ 4; *Order Granting Debtors' Application for an Order Authorizing and Approving the Employment and Retention of Weiss as Chief Restructuring Officer of the Debtor Nunc pro Tunc to May 16, 2019* (Docket No. 192).

[11]    Docket No. 35.

[12]    Docket No. 49.

[13]    Motion to Seal at 3:27-28.

the bankruptcy system." *Gitto*, 422 F.3d at 7 (citing *Fern v. United States Trustee (In re Crawford)*, 194 F.3d 954, 960 (9th Cir. 1999)). As noted by the Ninth Circuit in *Crawford*, "a blanket open access rule obviously fosters public confidence in a way that a regime shot through with exceptions might not." *Crawford* at 960.

Although there is a strong public policy favoring unrestricted access to judicial records, § 107(b) provides two narrow exceptions to that policy: (1) "a trade secret or confidential research, development, or commercial information;" or (2) to protect a person with respect to scandalous or defamatory matter …." 11 U.S.C. § 107(b). The *Crawford* court noted Section 107(b)'s two exceptions "are construed narrowly." *Crawford*, 194 F.3d. at 960 n.8.

The party advocating the request to seal under Section 107 has the burden of proof. *In re Food Mgmt. Group*, 359 B.R. 543, 561 (Bankr. S.D.N.Y. 2007). Sealing is permitted only on a showing of an "extraordinary circumstance or compelling need" to keep the document private. *Id*. In addition, the movant must demonstrate that "disclosure will work a clearly defined and serious injury..." *Goldstein v. Forbes (In re Cendant Corp)*, 260 F.3d 183, 194 (3d Cir. 2001). The movant must show "sufficient threat of irreparable harm" before information will be sealed, and specificity is essential. *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3rd Cir. 1984). Broad allegations of harm, without specific examples or articulated reasoning, are insufficient. *Miller v. Indiana Hospital*, 16 F.3d 549, 551 (3rd Cir. 1994).

Here, there is no allegation that the information is scandalous or defamatory. Therefore, the motion must seek to seal under § 107(b)(1), trade secret or confidential research, development or commercial information. As there is no indication that disclosure will involve trade secrets or research and development, it appears that Hillair seeks to protect the Freeh Report as commercial information.

"Confidential...commercial information" is information that would cause "an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *Ad Hoc Protective Comm. for 10 and ½% Debenture Holders v. Intel Corp. (In re Intel Corp.),* 17 B.R. 942, 944 (Bankr. 9th Cir. 1982)). The information must be "reasonably expected to cause the entity commercial injury," which means that "competitors will gain an unfair

advantage." *In re Alterra Heathcare Corp.,* 353 B.R. 66, 73 (Bankr. Del. 2006).  The unfair advantage must be "so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors.  Id. at 76.

Here, Hillair attempts to justify its request to seal the Freeh Report in two sentences in the motion, neither of which are supported by an iota of evidence.  First, Hillair contends that "disclosure of the information contained in the Freeh Report would essentially provide a road map for any party interested in pursuing claims against the Ohanessians for which the Debtors' do not have exclusive standing rights."[14]  The motion does not suggest who those third parties might be, the claims that they may hold or how anyone other than the Debtors could have claims against Mr. Ohanessian arising from Mr. Ohanessian's alleged misappropriation of the Debtors' funds.  The motion also fails to show that Hillair has any claims against Mr. Ohanessian such that disclosure of the Freeh Report would advantage anyone in preference to Hillair in seeking to recover on such claims.  Second, Hillair states that "the disclosure of the information contained in the Freeh Report will enable the Ohanessians to take actions that may minimize their liability or potential recovery to the detriment of the Debtors' estates."[15]  Since the Freeh Report details findings based upon the Ohanessian's past actions, it is hard to see how disclosure of the report would enable the Ohanessians to minimize any liability that they may have as a result of those past actions or jeopardize the estates' recovery on any claim that the estates may elect to pursue.

There is simply no evidence demonstrating that disclosure of the Freeh Report would work any competitive harm on Hillair.  Rather, this Court has been presented with "Broad allegations of harm, without specific examples or articulated reasoning." *Indiana Hospital*, 16 F.3d at 551.  Such arguments are insufficient to support a sealing order.  *Id.*

The contents of the Freeh Report may be material to this Court's consideration of the adequacy of Hillair's offers of adequate assurances of future performance of Scoobeez's contract with Amazon, assuming that the Court concludes that the contract is otherwise assumable and assignable (which Amazon disputes).  To date, we know that Hillair worked closely with the

---

[14] Motion to Seal at 6:9-11

[15] Motion to Seal at 6:11-13.

Debtors' management from the inception of its loan in 2016 through the date upon which the Debtors filed their chapter 11 petitions. We also know that Hillair became aware of Mr. Ohanessian's alleged misappropriation of approximately $1,700,000 in March 2017. We also know that, despite that knowledge, other than a four day hiatus in March 2017, Hillair continued to provide operational and financial support to the Debtors with Mr. Ohanessian acting as the Debtors' Chief Executive Officer. On the face of things, these facts suggest that Hillair has extremely poor judgment and is not qualified to oversee the business operations that it now seeks to acquire. Notwithstanding, Hillair now urges this Court to ignore the provisions in Amazon's contract that give it a unilateral right to terminate the contract and force Amazon to do business with Hillair. It is apparent that the Freeh Report will provide substantial insight into Mr. Ohanessian's activities and Hillair's lack of attention to those activities. Amazon and the other parties in interest in this bankruptcy case should be provided with the benefits of that insight. Hillair's request to file the Freeh Report under seal should be denied.

## IV.

## HILLAIR SHOULD NOT BE PERMITTED TO FILE
## THE "ADEQUATE PROTECTION PACKAGE" UNDER SEAL

The only justification in the motion for filing the "Adequate Protection Package" under seal is that the disclosure of that information "would provide any other interested bidder in *(sic)* confidential financial and operational information related to Hillair's bid. Such disclosure may prejudice Hillair in connection with the auction."[16] Because there were no Qualified Bidders under this Court's bidding procedures order, there was no auction and there are no other bidders for the assets that Hillair proposes to acquire. As a result, even assuming that Hillair's articulated reason for seeking to seal the Adequate Protection Package had been sufficient when the motion was filed (which it is not), there is no reason today to permit the Adequate Protection Package to be filed under seal.

---

[16] Motion to Seal at 6:14-16.

# V.

# **CONCLUSION**

For the foregoing reasons, Hillair's motion to file the Freeh Report and its proposed Adequate Protection Package under seal should be denied.

Dated: November 4, 2019                    MORGAN, LEWIS & BOCKIUS LLP

By:  */s/ Richard W.* Esterkin
     Richard W. Esterkin

Attorneys for Amazon Logistics, Inc.

**CERTIFICATE OF SERVICE FORM**

**FOR ELECTRONIC FILINGS**

I hereby certify that on November 4, 2019, I electronically filed the foregoing document, **Amazon Logistics, Inc.'s Opposition to Motion to File Under Seal (Docket No. 365)**, with the Clerk of the United States Bankruptcy Court, Central District of California, Los Angeles Division, using the CM/ECF system, which will send notification of such filing to those parties registered to receive notice on this matter.

_/s/ Renee Robles_
Renee Robles

- 9 -

DB2/ 37702785.1

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Morgan Lewis & Bockius, LLP
300 S Grand Ave Fl 22, Los Angeles CA 90071-3132

A true and correct copy of the foregoing document entitled (*specify*): Amazon Logistics, Inc.'s Opposition to Motion to File Under Seal (Docket No. 365)

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 11/04/2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See Service List, Attached.

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 11/04/2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| | | |
|---|---|---|
| Conway MacKenzie, Inc. | Daimler Trust | Levene Neale Bender Yoo & Brill LLP |
| 333 S Hope St Ste 3625 | c/o BK Servicing LLC | 10250 Constellation Blvd Ste 1700 |
| Los Angeles CA 90071 | PO Box 131265 | Los Angeles CA 90067 |
| | Roseville MN 55113-0011 | |

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 11/04/2019, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Hon. Julia W. Brand, Suite 1382
U.S. Bankruptcy Court, Roybal Federal Building
255 E Temple St, Los Angeles CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 11/04/2019 | Renee Robles | *Renee Robles* |
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                            **F 9013-3.1.PROOF.SERVICE**

**2:19-bk-14989-WB Service List:**

Richard T Baum on behalf of Stockholder Rosenthal Family Trust
rickbaum@hotmail.com, rickbaum@ecfinforuptcy.com

Richard W Esterkin on behalf of Creditor Amazon Logistics, Inc.
richard.esterkin@morganlewis.com

John-Patrick M Fritz on behalf of Attorney Official Committee Of Unsecured Creditors jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com

John-Patrick M Fritz on behalf of Creditor Committee Official Committee of Unsecured Creditors jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com

John-Patrick M Fritz on behalf of Interested Party Levene, Neale, Bender, Yoo & Brill L.L.P. jpf@lnbyb.com, JPF.LNBYB@ecf. inforuptcy.com

John-Patrick M Fritz on behalf of Plaintiff Official Committee of Unsecured Creditors of the Estates of Scoobeez

and Scoobeez Global, Inc.

jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com

Riebert Sterling Henderson on behalf of Interested Party Courtesy NEF
shenderson@gibbsgiden.com

Vivian Ho on behalf of Creditor FRANCHISE TAX BOARD
BKClaimConfirmation@ftb.ca.gov

David Brian Lally on behalf of Attorney Grigori Sedrakyan
davidlallylaw@gmail.com

David Brian Lally on behalf of Attorney Peter and Barbara Ro Trustees of the Rosenthal Family Trust UTD

3/25/1988

davidlallylaw@gmail.com

Alvin Mar on behalf of U.S. Trustee United States Trustee (LA)
alvin.mar@usdoj.gov, dare.law@usdoj.gov

Ashley M McDow on behalf of Debtor Scoobeez

amcdow@foley.com, sgaeta@foley.com;mhebbeln@foley.com;swilson@foley.com;jsimon@foley.com

Ashley M McDow on behalf of Debtor Scoobeez Global, Inc.

amcdow@foley.com, sgaeta@foley.com;mhebbeln@foley.com;swilson@foley.com;jsimon@foley.com

Ashley M McDow on behalf of Debtor Scoobur LLC

amcdow@foley.com,
sgaeta@foley.com;mhebbeln@foley.com;swilson@foley.com;jsimon@foley.com

Ashley M McDow on behalf of Plaintiff Scoobeez, Inc.

amcdow@foley.com,
sgaeta@foley.com;mhebbeln@foley.com;swilson@foley.com;jsimon@foley.com

Stacey A Miller on behalf of Creditor Porsche Financial Services, Inc.
smiller@tharpe-howell.com

Stacey A Miller on behalf of Creditor Porsche Financial Services, Inc. dba Bentley Financial Services smiller@tharpe-howell.com

Stacey A Miller on behalf of Creditor Porsche Leasing Ltd.
smiller@tharpe-howell.com

Kevin H Morse on behalf of Creditor Avitus Group, Inc.
kmorse@clarkhill.com, blambert@clarkhill.com

Shane J Moses on behalf of Debtor Scoobeez
smoses@foley.com

Shane J Moses on behalf of Plaintiff Scoobeez, Inc.
smoses@foley.com

Akop J Nalbandyan on behalf of Creditor Roy Anthony Catellanos
jnalbandyan@LNtriallawyers.com, cbautista@LNtriallawyers.com

Akop J Nalbandyan on behalf of Interested Party INTERESTED PARTY
jnalbandyan@LNtriallawyers.com, cbautista@LNtriallawyers.com

Rejoy Nalkara on behalf of Creditor BMW Financial Services NA, LLC, c/o AIS Portfolio Services, LP rejoy.nalkara@americaninfosource.com

Anthony J Napolitano on behalf of Creditor Hillair Capital Management LLC
anapolitano@buchalter.com,
IFS_filing@buchalter.com;salarcon@buchalter.com

David L. Neale on behalf of Attorney Official Committee Of Unsecured Creditors dln@lnbyb.com

David L. Neale on behalf of Creditor Committee Official Committee of Unsecured Creditors dln@lnbyb.com

David L. Neale on behalf of Interested Party Levene, Neale, Bender, Yoo & Brill L.L.P. dln@lnbyb.com

Aram Ordubegian on behalf of Interested Party Courtesy NEF
ordubegian.aram@arentfox.com

Hamid R Rafatjoo on behalf of Creditor Shahan Ohanessian
hrafatjoo@raineslaw.com,
bclark@raineslaw.com;cwilliams@raineslaw.com

Gregory M Salvato on behalf of Creditor Azad Baban

gsalvato@salvatolawoffices.com,

calendar@salvatolawoffices.com;jboufadel@salvatolawoffices.com;gsalvato@ecf. inforuptcy.com

Gregory M Salvato on behalf of Interested Party INTERESTED PARTY
gsalvato@salvatolawoffices.com,

calendar@salvatolawoffices.com;jboufadel@salvatolawoffices.com;gsalvato@ecf. inforuptcy.com

Jeffrey S Shinbrot on behalf of Creditor Shahan Ohanessian
jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com

Steven M Spector on behalf of Creditor Hillair Capital Management LLC
sspector@buchalter.com,
IFS_efiling@buchalter.com;salarcon@buchalter.com

United States Trustee (LA)
ustpregion16.1a.ecf@usdoj.gov

Kimberly Walsh on behalf of Creditor Texas Comptroller of Public Accounts bk-kwalsh@texasattorneygeneral.gov

Eric D Winston on behalf of Creditor Hillair Capital Management, LLC
ericwinston@quinnemanuel.com

Eric K Yaeckel on behalf of Creditor Arturo Vega
yaeckel@sullivanlawgroupapc.com

**2:19-bk-14989-WB Notice will not be electronically mailed to:**


Armory Securities, LLC

Conway MacKenzie, Inc.
333 S Hope St Ste 3625
Los Angeles, CA 90071

Daimler Trust
c/o BK Servicing, LLC
PO Box 131265
Roseville, MN 55113-0011

Force Ten Partners, LLC

Levene Neale Bender Yoo & Brill LLP
10250 Constellation Blvd Ste 1700
Los Angeles, CA 90067