DAVID L. NEALE (SBN 141225)
J.P. FRITZ (SBN 245240)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: DLN@LNBYB.COM, JPF@LNBYB.COM

Counsel for Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>SCOOBEEZ, et al.<br><br>Debtors and Debtors in Possession.<br><br>―――――――――――――――<br>Affected Debtor(s):<br><br>☒ All Debtors<br><br>☐ Scoobeez, Inc.<br><br>☐ Scoobeez Global, Inc.<br><br>☐ Scoobur LLC | Case No. 2:19-bk-14989-WB<br><br>Chapter 11<br><br>Jointly Administered With Case Nos.:<br>2:19-bk-14991-WB and 2:19-bk-14997-WB<br><br>**Committee's Opposition to Amazon Logistics, Inc.'s Notice of Motion and Motion for an Order: (A) Determining that the Automatic Stay Does Not Require Amazon to Utilize Debtor's Services, and (B) Modifying the Automatic Stay [Dkt. No. 393]**<br><br>Hearing:<br>Date:       November 19, 2019<br>Time:      10:00 a.m.<br>Location:  255 E. Temple St.<br>              Courtroom 1375, 13th Floor<br>              Los Angeles, CA 90012 |

–1–

**Table of Contents**

**I. BRIEF STATEMENT OF RELEVANT FACTS** ................................................................... 2

**II. DISCUSSION** ........................................................................................................................ 3

    **A.  The Court Should Deny the Motion for Its Procedural Deficiencies** ............................ 3

    **B.  The Stay Applies to the Contract with Amazon** ............................................................ 4

    **C.  The Court Should Deny the Motion Because Amazon Fails to Demonstrate "Cause" for Relief from Stay and No Adequate Protection Is Required Because There Has Been No Harm** ................................................................................................................................. 4

    **D.  Amazon Does Not Have a Unilateral Right to Terminate the Contract** ....................... 9

    **E.  Stay Relief Should Neither Condone nor Validate Amazon's Stay Violations** .......... 11

**III. CONCLUSION** .................................................................................................................. 12

# **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Butner v. United States*,
   440 U.S. 48 (1979)..................................................................................................................9

*In re Carroll*,
   903 F.2d 1266 (9th Cir.1990) ..................................................................................................4

*In re Computer Communications, Inc.*,
   824 F.2d 725 (9th Cir.1987) ...............................................................................................8, 11

*In re Conejo Enters., Inc.*,
   96 F.3d 346 (9th Cir. 1996) .....................................................................................................4

*In re Elder-Beerman Stores Corp.*,
   195 B.R. 1019 (Bankr.S.D. Ohio 1996).............................................................................. 4, 9

*In re Ernie Haire Ford, Inc.*,
   403 B.R. 750 (Bankr.M.D.Fla.2009) .....................................................................................11

*FSFG Service Corp. v. Kim (In re Kim)*,
   71 B.R. 1011 (Bankr. C.D.Cal. 1987) .....................................................................................6

*In re Jug End in the Berkshires, Inc.*,
   46 B.R. 892 (Bankr.D.Mass.1985) ..........................................................................................7

*In the Matter of Little Creek Dev. Co.*,
   779 F.2d 1068 (5th Cir. 1986) .................................................................................................4

*Louisville Joint Stock Land Lender v. Radford*,
   295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593 (1935).................................................................6

*Perlman v. Catapult Entertainment, Inc. (In re Catapult Entertainment, Inc.)*,
   165 F.3d 747 (9th Cir.1999) ....................................................................................................8

*In re Planned Systems, Inc.*
   78 B.R. 852 (Bankr. S.D. Ohio 1987)......................................................................................7

*In re Setzer*,
   47 B.R. 340 (Bankr. S.D.N.Y. 1985).......................................................................................5

*In re Siciliano*,
   167 B.R. 999 (Bankr. E.D. Pa. 1994) ......................................................................................5

*In re Timbers of Inwood Forest Assoc., Ltd.*,
   484 U.S. 365, 108 S.Ct. 626 (1988).........................................................................................7

*In re Winslow Center Associates*,
    32 B.R. 685 (Bankr. E.D. Pa. 1983) ..................................................................................7

*Wright v. Union Central Life Ins. Co.*,
    311 U.S. 273, 61 S.Ct. 196, 85 L.Ed. 184 (1940) ..............................................................6

**Other State Cases**

*Johnson v. Yousoofian*,
    84 Wash. App. 755 (1997) ...........................................................................................9, 10

*Rekhter v. State, Dept. of Social and Health Services*,
    180 Wash.2d 102 (2014) (*en banc*) .............................................................................9, 10

**Federal Statutes**

11 U.S.C.
    § 361 ....................................................................................................................................6
    § 362(d)(1) ..................................................................................................................4, 5, 6
    § 365 ....................................................................................................................................3
    § 365(c)(1) ..........................................................................................................................8

**Other Authorities**

3 COLLIER ON BANKRUPTCY ¶ 361.03[4] ...................................................................................7

3 COLLIER ON BANKRUPTCY ¶ 361.03[5][a] ...............................................................................8

3 COLLIER ON BANKRUPTCY ¶ 362.10 .........................................................................................5

H.R. Rep. No. 95-595, 95th Cong., 1st Sess. (1977) ...................................................................6

The Official Committee of Unsecured Creditors (the "Committee") in the jointly administered bankruptcy cases of Scoobeez, Inc. and Scoobeez Global, Inc. (each a "Debtor" and, collectively, the "Debtors"), debtors and debtors in possession herein, respectfully submits its opposition (the "Opposition") to *Amazon Logistics, Inc.'s Notice of Motion and Motion for an Order: (A) Determining that the Automatic Stay Does Not Require Amazon to Utilize Debtor's Servies, and (B) Modifying the Automatic Stay* (the "Motion") [Dkt. No. 393] filed by Amazon Logistics, Inc. ("Amazon").

## I. BRIEF STATEMENT OF RELEVANT FACTS

1. On April 30, 2019 (the "Petition Date") the Debtors filed their voluntary petitions commencing their chapter 11 bankruptcy cases.

2. On May 20, 2019, the Office of the United States Trustee (the "UST") formed the Committee.

3. On September 19, 2019, the Debtors filed their *Motion for Entry of Order (I) Authorizing the Sale of Substantially All of the Assets of Debtor Outside the Ordinary Course of Business, Free and Clear of All Liens, Claims, Encumbrances and Interests, Subject to High and Better Bids; (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with Such Sale; and (III) Granting Related Relief* (the "Sale Motion") [Dkt. No. 329]. By way of the Motion, the Debtors sought, *inter alia*, the sale substantially all of their assets and business (the "Sale") to Hillair Capital Management, LLC ("Hillair") or such other higher and better bidder as may appear at auction.

4. On September 20, 2019, the Debtors filed their *Notice of Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Sale* (the "Assumption Notice") [Dkt. No. 336]. The Debtors' contract with Amazon was listed a potential assumed contract on Exhibit "A" to the Assumption Notice in connection with the Sale.

5. On October 1, 2019, Amazon filed *Amazon Logistics, Inc.'s Objection to Assumption and Assignment of Delivery Provider Terms of Service Word Order* (the "Amazon Objection") [Dkt. No. 349] in opposition to the Sale Motion and Assumption Notice.

6. On October 11, 2019, Hillair filed a reply to the Amazon Objection and in support of the assumption and assignment of the Amazon contract pursuant to 11 U.S.C. § 365 as part of the Sale. *See*, Dkt. No. 363.

7. On October 11, 2019, the Debtors filed a reply to the Amazon Objection and in support of the assumption and assignment of the Amazon contract pursuant to 11 U.S.C. § 365 as part of the Sale. *See*, Dkt. No. 366.

8. The hearing on the Sale Motion and Assumption Notice was conducted on October 17, 2019, and continued to November 7, 2019, so that the Debtors, Hillair, and Amazon could attempt to resolve Amazon's opposition to the Sale and assignment of the Amazon contract.

9. On October 25, 2019, the Debtors filed a complaint against Amazon, commencing adversary proceeding 2:19-ap-01456-WB, and, on October 25, 2019, filed the *Debtors' Notice of Motion and Emergency Motion for Temporary Restraining Order and Preliminary Injunction to Prevent Violation of the Automatic Stay* (the "TRO Motion") [Adv. Proc. Dkt. No. 2] as against Amazon. The declarations and exhibits to the TRO Motion explain the attempts by the Debtors and Hillair to resolve the Amazon Objection and the ultimate lack of success in those attempts.

10. On October 28, 2019, Amazon filed the Motion seeking, *inter alia*, relief from the automatic stay to terminate its contract with the Debtors.

## II. DISCUSSION

**A. The Court Should Deny the Motion for Its Procedural Deficiencies**

The Court should deny the Motion for Amazon's failure to comply with local rules. "An entity seeking relief from the automatic stay… or confirmation that the stay is … no longer in effect, must file a motion using the court-mandated F 4001-1 series of form motions. The failure to use the mandatory forms may result in the denial of the motion or the imposition of sanctions." LBR 4001-1(b)(1). Amazon has failed to use the mandatory local form. Therefore, the Court may – and should – deny the Motion.

"A motion for relief from the automatic stay must be filed separately from, and not combined in the same document with, any other request for relief, unless otherwise ordered by the court." LBR 4001-1(c)(4). Amazon's Motion requests relief from stay combined with declaratory relief that Amazon is not compelled to provide the Debtors with any particular volume of business. *See*, Motion p.3 ln.6-7; *see also*, Motion § II. The Court should deny the Motion for Amazon's failure to file two separate motions seeking relief additional to relief from the automatic stay.

### B. The Stay Applies to the Contract with Amazon

The Debtors' have demonstrated that the automatic stay applies to the contract with Amazon, as set forth in the Debtors' TRO Motion. The Committee joins in those arguments and incorporates them here as though set forth in full. A contract with a debtor is a property right that is protected and "can only be terminated after a grant of relief from stay." *In re Carroll*, 903 F.2d 1266, 1271 (9th Cir.1990). Even when a contract is in breach, the non-debtor party cannot terminate the contract without first obtaining stay relief. *Id.* (citing *In re Computer Communications, Inc.*, 824 F.2d 725, 729-30 (9th Cir.1987)). "Courts have consistently held that contract rights are property of the estate, and that therefore those rights are protected by the automatic stay." *In re Elder-Beerman Stores Corp.*, 195 B.R. 1019, 1023 (Bankr.S.D. Ohio 1996). The stay applies even when the non-debtor party has the power to terminate "at will." *Id.* at 1024 (citing *Minoco Group of Cos., Ltd. v. First State Underwriters Agency of New England Reins. Corp. (In re Minoco Group of Cos., Ltd.)*, 799 F.2d 517, 519 (9th Cir.1986)).

### C. The Court Should Deny the Motion Because Amazon Fails to Demonstrate "Cause" for Relief from Stay and No Adequate Protection Is Required Because There Has Been No Harm

The court may grant relief from stay for cause. 11 U.S.C. § 362(d)(1). Cause is not clearly defined in the Bankruptcy Code, and its existence must be determined on a case-by-case basis in the court's discretion. *In re Conejo Enters., Inc.*, 96 F.3d 346, 352 (9th Cir. 1996); *In the Matter of Little Creek Dev. Co.*, 779 F.2d 1068, 1072 (5th Cir. 1986) (relief from stay may be

granted for "cause," a term not defined in the statute so as to afford flexibility to the court). Contrary to Amazon's misleading emphasis on the phrase that "the court ***shall*** grant relief from stay" for cause (*see*, Motion p.5 ln.17), section 362(d) provides the Court with a high degree of discretion in formulating stay relief, as the more complete quote of the statute includes the Court's ability to "grant relief from stay… such as by terminating, annulling, modifying, or conditioning such stay." 11 U.S.C. § 362(d)(1). Furthermore, while Bankruptcy Courts have broad discretion to lift the automatic stay in appropriate circumstances, "even when the requirements of § 362(d)(1) . . . are satisfied, a bankruptcy court may, in its discretion, withhold relief from the automatic stay." *In re Siciliano*, 167 B.R. 999, 1010 (Bankr. E.D. Pa. 1994).

Here, Amazon purports to provide two "causes" for relief from stay. *See*, Motion p.5 ln.22. But Amazon's arguments are circular and fail to present a *prima facie* case; thus, the Motion should be denied. First, Amazon argues that there is cause simply because the contract provides it the right to terminate with or without cause. This is not "cause" in any sense of section 362(d)(1). Second, Amazon argues (again circularly) that it has a prepetition right to terminate the contract and, thus, the only adequate protection for this right is to grant relief from stay to exercise it unconstrained. Both of Amazon's arguments fail.

It is axiomatic that a party seeking relief from stay has the burden of presenting a prima facie case demonstrating a factual and legal right to the relief it seeks. 3 COLLIER ON BANKRUPTCY ¶ 362.10, at 362-113 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.). It would be both illogical and inefficient to require the debtor to demonstrate the nonexistence of every conceivable cause for relief under § 362(d)(1). *In re Setzer,* 47 B.R. 340, 345 (Bankr. S.D.N.Y. 1985).

Practical considerations also underlie the allocation of the initial burden of production to the movant. As Professor Kennedy has noted, "facts providing a justification for modifying the stay will ordinarily be more easily provable by the creditor than disprovable by the [debtor]." Kennedy, *The Automatic Stay in Bankruptcy,* 11 U.Mich.J.L.Ref. 175, 227 (1978). Further, if the burden of producing evidence were not initially allocated to the party seeking relief under

section 362(d)(1), debtors would encounter difficult, if not insurmountable, problems of proof. As such, sound policy considerations militate in favor of a rule requiring that the party seeking relief from stay under section 362(d)(1) introduce a certain quantum of evidence sufficient to establish a *prima facie* case, or cause, thereby putting to the debtor the burden of producing evidence to show that a movant's interest is adequately protected. Unless the quantum of proof on the issue of cause under section 362(d)(1) reaches a certain threshold, no *prima facie* case is established and the debtor is not required to introduce evidence to meet and rebut the *prima facie* case. *FSFG Service Corp. v. Kim (In re Kim),* 71 B.R. 1011, 1015 (Bankr. C.D.Cal. 1987).

Here, Amazon has put the cart before the horse by assuming harm to Amazon that needs adequate protection without showing that any harm has occurred. Adequate protection is defined to include cash payments or a lien measured by a "decrease in the value of such entity's interest in such property" or "such other relief… as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property." 11 U.S.C. § 361.

Where, as here, Amazon's alleged "cause" for relief from stay is lack of adequate protection, typically the creditor must establish a *prima facie* case as to harm to its property due to the imposition of the automatic stay. Contrary to any showing of harm, the declaration and exhibits attached to the Debtors' TRO Motion show that the Debtors have operated very well under the contract and that there has been no harm to Amazon at all. *See*, Debtors' TRO Motion Exhibit B. Amazon's mere assertion of harm coupled with no actual showing is wholly insufficient to establish a *prima facie* case of lack of adequate protection under §§ 361 and 362(d)(1). Therefore, the Motion should be denied.

The concept of adequate protection is derived from the Fifth Amendment protection of property interests. *Wright v. Union Central Life Ins. Co.,* 311 U.S. 273, 61 S.Ct. 196, 85 L.Ed. 184 (1940); *Louisville Joint Stock Land Lender v. Radford,* 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593 (1935). The principle of adequate protection reconciles the competing interests of the debtor, who needs time to reorganize free from harassing creditors, and the secured creditor, which is entitled to constitutional protection for its bargained-for property interest. *See* H.R.

Rep. No. 95-595, 95th Cong., 1st Sess. (1977), 1978 U.S. Code Cong. & Admin. News, p. 5787; *In re Jug End in the Berkshires, Inc.,* 46 B.R. 892 (Bankr.D.Mass.1985). Although the notion of adequate protection is derived from constitutional grounds, it also encompasses sound policy considerations. Secured creditors should not be deprived of the benefit of their bargain. *In re Jug End in the Berkshires, Inc.* at 899; *In re Winslow Center Associates,* 32 B.R. 685, 688 (Bankr. E.D. Pa. 1983). Thus, by providing the creditor with a means of protection for its interest, adequate protection permits the debtor to continue with its reorganization free from the harshness of relief from stay. *See In re Jug End in the Berkshires, Inc.,* 46 B.R. at 899.

While protection of a secured creditor's interest in property is required, protection for the entire bundle of rights is not required. *In re Timbers of Inwood Forest Assoc., Ltd.*, 484 U.S. 365, 108 S.Ct. 626 (1988). By way of example, in cases involving secured creditors seeking relief from stay, an equity cushion is generally considered *prima facie* evidence of adequate protection, but the absence of an equity cushion does not establish a lack of adequate protection. In *In re Planned Systems, Inc.* 78 B.R. 852, 862 (Bankr. S.D. Ohio 1987), the Court noted that it is proof of a post-petition decline in the value of property, caused by the imposition of the automatic stay, as opposed to a mere lack of equity in the property, which would support a finding of lack of adequate protection. It further noted that the existence or non-existence of equity should not be the *sine qua non* for adequate protection.

Because Amazon has no lien or claim secured by collateral, traditional notions of adequate protection related § 361(1) and (2) are a poor fit, which leaves the "indubitable equivalent" form of protection under § 361(3) as the most appropriate option. However, as Collier has noted, the "indubitable equivalent" is not the same as the "most indubitable equivalence" of the creditor's property rights; or, in other words, "the collateral need not be replaced with an identical type of collateral." 3 COLLIER ON BANKRUPTCY ¶ 361.03[4], at 361-18 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). Here, Amazon is arguing for the exact rights it enjoyed in the prepetition, non-bankruptcy context, of a unilateral right to terminate the contract regardless of condition or effect on the estates, but Amazon has failed to acknowledge

that the filing of bankruptcy, the creation of the estates, and the imposition of the automatic stay has altered its rights. *See*, *In re Computer Communications, Inc.*, 824 F.2d 725, 730 (9th Cir.1987) (noting the filing of bankruptcy and imposition of the stay superseded the non-debtor party's prepetition contract rights on termination and non-assignability). Certainly, to the extent that Amazon could show harm (which it has not done), some adequate protection could be fashioned, but, in the absence of that showing, there is no adequate protection needed, and, moreover, it should be fashioned <u>not</u> to provide Amazon with the exact same prepetition rights, but some indubitable equivalent of the right, while realizing that the status quo must should be maintained and there are numerous situations that require no adequate protection to creditors at all. 3 COLLIER ON BANKRUPTCY ¶ 361.03[5][a], at 361-19.

Here, Amazon has not shown any harm on account of the automatic stay that would result in cause or any need for adequate protection. Indeed, as shown by the declaration and exhibits attached to the Debtors' TRO Motion, the Debtors are performing well under the contract, and Amazon has not been harmed at all. Therefore, the Court should find that there is no cause for relief from stay and deny the Motion.

Amazon's invocation of subsection 365(c) anti-assignment cases under the "hypothetical test" for assumption of contracts is if no consequence in relation to its relief from stay arguments because the Amazon contract is not the type of contract subject to 365(c). *See*, Motion p.6 ln.18 – p.7 ln.13.[1] Moreover, to the extent that Amazon has relied on these line of cases involving § 365(c) for the proposition that cause exists for relief from stay where contract termination is inevitable, Amazon is mistaken. Contrary to Amazon's assertions, Amazon does not have a unilateral right to terminate the contract that makes such a result inevitable – at least, not without a host of damages claims by the estates against it.

///

///

---

[1] The Ninth Circuit case of *Perlman v. Catapult Entertainment, Inc. (In re Catapult Entertainment, Inc.)*, 165 F.3d 747, (9th Cir.1999) provides a full discussion of the "hypothetical test" and "actual test" for executory contract assumption and assignment limitations under 11 U.S.C. § 365(c)(1). However, § 365(c)(1) has no application to the facts in this present case between the Debtors and Amazon.

**D. Amazon Does Not Have a Unilateral Right to Terminate the Contract**

Amazon is incorrect in its assertion that it has the unilateral right to terminate the contract simply on the terms of the contract alone. In support of this mistaken position, Amazon cites to *Butner v. United States*, 440 U.S. 48, 55 (1979), for the unremarkable and highly generalized bankruptcy platitude that property rights are defined by non-bankruptcy law. *See*, Motion p.4 ln.25-28. But Amazon's Motion ignores the strong body of case law cited by the Debtors' TRO Motion [Adv. Proc. Dkt. No. 2] that a contract is a property right specially protected by the automatic stay because there is a federal interest in preserving a debtor's going concern business value. *In re Elder-Beerman Stores Corp.*, 195 B.R. 1019, 1024 (Bankr.S.D. Ohio 1996) (collecting cases). *See also*, this Opposition *supra*, at § II.B.

Amazon is also incorrect in its assertion that there is no duty of good faith and fair dealing in its unilateral decision to terminate the contract with the Debtors. Citing to the Washington state court appellate case of *Johnson v. Yousoofian*, 84 Wash. App. 755 (1997) for the proposition that the implied covenant of good faith and fair dealing is derivative and applies only to performance of specific contractual obligations, Amazon ignores the body of case law that has developed over the subsequent years to support the obligation to proceed generally in good faith and not only in connection with specific obligations.

In an important shift, the Supreme Court for the State of Washington, sitting *en banc*, noted that: "It is, of course, possible to breach the implied duty of good faith even while fulfilling all of the terms of the written contract." *Rekhter v. State, Dept. of Social and Health Services*, 180 Wash.2d 102, 111 (2014) (*en banc*) (quoting *Metavante Corp. v. Emigrant Sav. Bank*, 619 F.3d 748, 766 (7th Cir.2010) (cert denied, 131 S.Ct. 1784 (2011))). The Washington Supreme Court further noted the position of other states and persuasive authority: "Similarly, the California Supreme Court observed that 'breach of a specific provision of the contract is not a necessary prerequisite [to a breach of good faith and fair dealing claim]. Were it otherwise, the covenant would have no practical meaning, for any breach thereof would necessarily involve breach of some other term of the contract. *Id.* (citing and quoting *Carma Developers (Cal.), Inc.*

*v. Marathon Dev. Cal., Inc.*, 2 Cal.4th 342, 373 (1992)). The Washington Supreme Court concluded that if the implied duty of good faith and fair dealing applied only to express contract provisions, then any violation would itself already be a contract breach on its own and "would render the good faith and fair dealing doctrine superfluous." Therefore, Amazon is not correct in its reliance on the older case of *Johnson v. Yousoofian*.

Even when there is an open contract term that provides one party with unilateral discretionary authority, that discretion must be exercised in good faith. *Rekhter*, 180 Wash.2d at 112-13. "When asked to apply Washington law in this area, the Ninth Circuit concluded that '[g]ood faith limits the authority of a party retaining discretion to interpret contract terms; it does not provide a blank check for the party to define terms however it chooses." *Id.* (citing and quoting *Scribner v. Worldcom, Inc.*, 249 F.3d 902, 910 (9th Cir.2001)). Thus, there is not absolute free reign "when one party has discretionary authority to determine certain terms of the contract, such as quantity, price, or time." *Id.* (citing and quoting *Amoco Oil Co. v. Ervin*, 908 P.2d 493, 498 (Colo.1995)). Here, Amazon has unilateral discretion to alter the quantity and timing of contract services with the Debtors, and Amazon has not acted in good faith in deciding that it will cease all business with the Debtors regardless of what the Debtors may do by way of a reorganization or sale to Hillair or any other buyer.

The Committee strongly disagrees with Amazon's statement, in its own words: "Although not obligated to do so, Amazon has acted reasonably…" *See*, Motion p.5 fn.5. First, Amazon is obligated to act reasonably, and, second, based on the factual record, Amazon has not done so. Indeed, Amazon has acted unreasonably by opposing every and any exit strategy that might preserve value in these estates, stating in unequivocal terms that Amazon will not do business with Hillair or any other buyer from the Sale or even with the Debtors if they pursued an alternative restructuring in a chapter 11 plan. *See*, TRO Motion [Adv. Proc. Dkt. No. 2] Ex.C. There is no excuse for Amazon's heavy-handed conduct and lack of good faith, and Amazon's actions in violation of the implied duty of good faith and fair dealing certainly is not "cause" for relief from stay.

**E. Stay Relief Should Neither Condone nor Validate Amazon's Stay Violations**

"A party who violates the automatic stay may be held in contempt and the court may award damages to compensate the other party for actual loss suffered." *In re Computer Communications, Inc.*, 824 F.2d 725, 731 (9th Cir.1987) (specifically addressing stay violations related to executory contracts). Amazon has made clear that it will not do business with the Debtors, Hillair, any third-party buyer of the Debtors' business, or even the Debtors in the event of a successful chapter 11 reorganization plan. Courts have noted that a non-debtor party's retaliatory actions under the guise of discretion is, in effect, a functional termination of the contract that violates the stay, separate and apart from any doctrine of good faith and fair dealing: "Rejecting every Consumer Contract that [the Debtor] generates, while accepting similar contracts meeting certain objective standards from other dealers, effectively terminates the agreements in violation of the automatic stay." *In re Ernie Haire Ford, Inc.*, 403 B.R. 750, 760 (Bankr.M.D.Fla.2009). Amazon will never admit to it, but the circumstantial evidence leads to the undeniable conclusion that Amazon has violated the stay without excuse.

Here, Amazon is not a pro se individual or small business acting in a gray area of undecided law. Rather, Amazon is a highly sophisticated company with counsel and more than 30 years of binding Ninth Circuit case law affirming the imposition of the automatic stay on contract termination. The Committee reserves all rights on behalf of the estates for damages against Amazon for its stay violation, bad faith, lack of good faith, and interference with the Sale, reorganization, and assets of the estates. If the Court grants relief from stay (which it should not do), the Court should make clear that such relief neither condones nor ratifies Amazon's stay violations.

/ / /

/ / /

/ / /

/ / /

/ / /

−11−

### III.    CONCLUSION

The Committee respectfully requests that the Court deny the Motion and enter an order granting such other and further relief as may be just and appropriate under the circumstances of these cases.

Dated:  November 4, 2019              Official Committee of Unsecured Creditors

By:  */s/ John-Patrick M. Fritz*
David L. Neale
John-Patrick M. Fritz
LEVENE, NEALE, BENDER,
YOO & BRILL L.L.P.
Proposed Counsel for the Official
Committee of Unsecured Creditors

**`PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

10250 Constellation Blvd., Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): **Committee's Opposition to Amazon Logistics, Inc.'s Notice of Motion and Motion for an Order: (A) Determining that the Automatic Stay Does not Require Amazon to Utilize Debtor's Services, and (B) Modifying the Automatic Stay  [Dkt. No. 393]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) November 4, 2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On November 4, 2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on November 4, 2019, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Via Attorney Service
The Honorable Julia W. Brand
U.S. Bankruptcy Court, Suite 1382
255 E. Temple St
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 4, 2019, | Jason Klassi | /s/ Jason Klassi |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**2:19-bk-14989-WB Notice will be electronically mailed to:**

Richard T Baum on behalf of Stockholder Rosenthal Family Trust
rickbaum@hotmail.com, rickbaum@ecf.inforuptcy.com

Richard W Esterkin on behalf of Creditor Amazon Logistics, Inc.
richard.esterkin@morganlewis.com

Richard W Esterkin on behalf of Defendant Amazon Logistics, Inc.
richard.esterkin@morganlewis.com

John-Patrick M Fritz on behalf of Attorney Official Committee Of Unsecured Creditors
jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com

John-Patrick M Fritz on behalf of Creditor Committee Official Committee of Unsecured Creditors
jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com

John-Patrick M Fritz on behalf of Interested Party Levene, Neale, Bender, Yoo & Brill L.L.P.
jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com

John-Patrick M Fritz on behalf of Plaintiff Official Committee of Unsecured Creditors of the Estates of Scoobeez and Scoobeez Global, Inc.
jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com

Riebert Sterling Henderson on behalf of Interested Party Courtesy NEF
shenderson@gibbsgiden.com

Vivian Ho on behalf of Creditor FRANCHISE TAX BOARD
BKClaimConfirmation@ftb.ca.gov

David Brian Lally on behalf of Attorney Grigori Sedrakyan
davidlallylaw@gmail.com

David Brian Lally on behalf of Attorney Peter and Barbara Ro Trustees of the Rosenthal Family Trust UTD 3/25/1988
davidlallylaw@gmail.com

Alvin Mar on behalf of U.S. Trustee United States Trustee (LA)
alvin.mar@usdoj.gov, dare.law@usdoj.gov

Ashley M McDow on behalf of Debtor Scoobeez
amcdow@foley.com, sgaeta@foley.com;mhebbeln@foley.com;swilson@foley.com;jsimon@foley.com

Ashley M McDow on behalf of Debtor Scoobeez Global, Inc.
amcdow@foley.com, sgaeta@foley.com;mhebbeln@foley.com;swilson@foley.com;jsimon@foley.com

Ashley M McDow on behalf of Debtor Scoobur LLC
amcdow@foley.com, sgaeta@foley.com;mhebbeln@foley.com;swilson@foley.com;jsimon@foley.com

Ashley M McDow on behalf of Plaintiff Scoobeez, Inc.
amcdow@foley.com, sgaeta@foley.com;mhebbeln@foley.com;swilson@foley.com;jsimon@foley.com

Stacey A Miller on behalf of Creditor Porsche Financial Services, Inc.
smiller@tharpe-howell.com

Stacey A Miller on behalf of Creditor Porsche Financial Services, Inc. dba Bentley Financial Services
smiller@tharpe-howell.com

| | |
|---|---|
| 1 | Stacey A Miller on behalf of Creditor Porsche Leasing Ltd.<br>smiller@tharpe-howell.com |
| 2 | Kevin H Morse on behalf of Creditor Avitus Group, Inc.<br>kmorse@clarkhill.com, blambert@clarkhill.com |
| 4 | Shane J Moses on behalf of Debtor Scoobeez<br>smoses@foley.com |
| 5 | Shane J Moses on behalf of Plaintiff Scoobeez, Inc.<br>smoses@foley.com |
| 7 | Akop J Nalbandyan on behalf of Creditor Roy Anthony Catellanos<br>jnalbandyan@LNtriallawyers.com, cbautista@LNtriallawyers.com |
| 8 | Akop J Nalbandyan on behalf of Interested Party INTERESTED PARTY<br>jnalbandyan@LNtriallawyers.com, cbautista@LNtriallawyers.com |
| 10 | Rejoy Nalkara on behalf of Creditor BMW Financial Services NA, LLC, c/o AIS Portfolio Services, LP<br>rejoy.nalkara@americaninfosource.com |
| 11 | Anthony J Napolitano on behalf of Creditor Hillair Capital Management LLC<br>anapolitano@buchalter.com, IFS_filing@buchalter.com;salarcon@buchalter.com |
| 12 | Jennifer L Nassiri on behalf of Creditor Hillair Capital Management, LLC<br>jennifernassiri@quinnemanuel.com |
| 14 | David L. Neale on behalf of Attorney Official Committee Of Unsecured Creditors<br>dln@lnbyb.com |
| 15 | David L. Neale on behalf of Creditor Committee Official Committee of Unsecured Creditors<br>dln@lnbyb.com |
| 17 | David L. Neale on behalf of Interested Party Levene, Neale, Bender, Yoo & Brill L.L.P.<br>dln@lnbyb.com |
| 18 | Aram Ordubegian on behalf of Interested Party Courtesy NEF<br>ordubegian.aram@arentfox.com |
| 20 | Hamid R Rafatjoo on behalf of Creditor Shahan Ohanessian<br>hrafatjoo@raineslaw.com, bclark@raineslaw.com;cwilliams@raineslaw.com |
| 21-22 | Gregory M Salvato on behalf of Creditor Azad Baban<br>gsalvato@salvatolawoffices.com,<br>calendar@salvatolawoffices.com;jboufadel@salvatolawoffices.com;gsalvato@ecf.inforuptcy.com |
| 23-24 | Gregory M Salvato on behalf of Interested Party INTERESTED PARTY<br>gsalvato@salvatolawoffices.com,<br>calendar@salvatolawoffices.com;jboufadel@salvatolawoffices.com;gsalvato@ecf.inforuptcy.com |
| 25 | Jeffrey S Shinbrot on behalf of Creditor Shahan Ohanessian<br>jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com |
| 26 | Steven M Spector on behalf of Creditor Hillair Capital Management LLC<br>sspector@buchalter.com, IFS_efiling@buchalter.com;salarcon@buchalter.com |
| 28 | United States Trustee (LA)<br>ustpregion16.la.ecf@usdoj.gov |

Kimberly Walsh on behalf of Creditor Texas Comptroller of Public Accounts
bk-kwalsh@texasattorneygeneral.gov

Eric D Winston on behalf of Creditor Hillair Capital Management LLC
ericwinston@quinnemanuel.com

Eric D Winston on behalf of Creditor Hillair Capital Management, LLC
ericwinston@quinnemanuel.com

Eric K Yaeckel on behalf of Creditor Arturo Vega
yaeckel@sullivanlawgroupapc.com