| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Bradley E. Brook (SBN 125323) Law Offices of Bradley E. Brook, APC 10866 Washington Blvd., #108 Culver City, CA 90232 Tel: (310) 839-2004 Fax: (310) 945-0022 bbrook@bbrooklaw.com<br><br>☐ *Individual appearing without attorney* ☒ *Attorney for:* Ardis Stephens | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br>In re SCOOBEEZ, et al.,<br>3463 Foothill Blvd.<br>Glendale, CA 91214<br>EID 47-1996339<br>Debtors and Debtors in Possession.<br><br>Affects:<br>X All Debtors<br>☐ Scoobeez, ONLY<br>☐ Scoobeez Global, Inc., ONLY<br>☐ Scoobur LLC, ONLYScoobeez, Inc.<br><br>Debtor(s). | CASE NO.: 2:19-bk-14989-WB<br><br>CHAPTER: 11 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(with supporting declarations)**<br>**(ACTION IN NONBANKRUPTCY FORUM)** |
| | DATE: 12/03/2019<br>TIME: 10:00 am<br>COURTROOM: 1375 |

**Movant**: Ardis Stephens

1. **Hearing Location**:
   - ☒ 255 East Temple Street, Los Angeles, CA 90012
   - ☐ 411 West Fourth Street, Santa Ana, CA 92701
   - ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367
   - ☐ 1415 State Street, Santa Barbara, CA 93101
   - ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d).  If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b).  If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

    a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

    b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

    c. ☐ An application for order setting hearing on shortened notice was filed and remains pending.  After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date:   10/31/2019

Law Offices of Bradley E. Brook, APC
Printed name of law firm (if applicable)

Bradley E. Brook
Printed name of individual Movant or attorney for Movant


/s/ Bradley E. Brook
Signature of individual Movant or attorney for Movant

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO NONBANKRUPTCY ACTION

1. **In the Nonbankruptcy Action, Movant is:**

   a. ☒ Plaintiff

   b. ☐ Defendant

   c. ☐ Other (*specify*):

2. **The Nonbankruptcy Action:** There is a pending lawsuit or administrative proceeding (Nonbankruptcy Action) involving the Debtor or the Debtor's bankruptcy estate:

   a. *Name of Nonbankruptcy Action*: Ardis Stephens v. Scoobeez, Inc. and Billy Carroll

   b. *Docket number*: DC-19-10915

   c. *Nonbankruptcy forum where Nonbankruptcy Action is pending*:
      Dallas County, Texas

   d. Causes of action or claims for relief (Claims):
      Negligence, Gross Negligence, Respondeat Superior

3. **Bankruptcy Case History:**

   a. ☒ A voluntary  ☐ An involuntary  petition under chapter  ☐ 7 ☒ 11 ☐ 12 ☐ 13
      was filed on (*date*)  04/30/2019  .

   b. ☐ An order to convert this case to chapter  ☐ 7 ☐ 11 ☐ 12 ☐ 13
      was entered on (*date*) _____.

   c. ☐ A plan was confirmed on (*date*) _____.

4. **Grounds for Relief from Stay:** Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay to proceed with the Nonbankruptcy Action to final judgment in the nonbankruptcy forum for the following reasons:

   a. ☒ Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate.

   b. ☐ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   c. ☐ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   d. ☐ The Claims are nondischargeable in nature and can be most expeditiously resolved in the nonbankruptcy forum.

   e. ☒ The Claims arise under nonbankruptcy law and can be most expeditiously resolved in the nonbankruptcy forum.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                              Page 3                              **F 4001-1.RFS.NONBK.MOTION**

000003

f. ☐ The bankruptcy case was filed in bad faith.

(1) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

(2) ☐ The timing of the filing of the bankruptcy petition indicates that it was intended to delay or interfere with the Nonbankruptcy Action.

(3) ☐ Multiple bankruptcy cases affect the Nonbankruptcy Action.

(4) ☐ The Debtor filed only a few case commencement documents. No schedules or statement of financial affairs (or chapter 13 plan, if appropriate) has been filed.

g. ☐ Other (*specify*):

5. **Grounds for Annulment of Stay.** Movant took postpetition actions against the Debtor.

a. ☒ The actions were taken before Movant knew that the bankruptcy case had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Although Movant knew the bankruptcy case was filed, Movant previously obtained relief from stay to proceed in the Nonbankruptcy Action in prior bankruptcy cases affecting the Nonbankruptcy Action as set forth in Exhibit. _____.

c. ☐ Other (*specify*):

6. **Evidence in Support of Motion: (*Important Note: declaration(s) in support of the Motion MUST be signed under penalty of perjury and attached to this motion.*)**

a. ☒ The DECLARATION RE ACTION IN NONBANKRUPTCY FORUM on page 6.

b. ☒ Supplemental declaration(s).

c. ☐ The statements made by Debtor under penalty of perjury concerning Movant's claims as set forth in Debtor's case commencement documents. Authenticated copies of the relevant portions of the Debtor's case commencement documents are attached as Exhibit. _____.

d. ☐ Other evidence (*specify*):

7. ☐ **An optional Memorandum of Points and Authorities is attached to this Motion.**

**Movant requests the following relief:**

1. Relief from the stay pursuant to 11 U.S.C. § 362(d)(1).

2. ☒ Movant may proceed under applicable nonbankruptcy law to enforce its remedies to proceed to final judgment in the nonbankruptcy forum, provided that the stay remains in effect with respect to enforcement of any judgment against the Debtor or property of the Debtor's bankruptcy estate.

3. ☒ The stay is annulled retroactively to the bankruptcy petition date. Any postpetition acts taken by Movant in the Nonbankruptcy Action shall not constitute a violation of the stay.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

000004

4. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified, or annulled as to the co-debtor, on the same terms and condition as to the Debtor.

5. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

6. ☐ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Nonbankruptcy Action.

7. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice

8. ☐ Other relief requested.


Date:  10/31/2019

Law Offices of Bradley E. Brook, APC
Printed name of law firm (*if applicable)*

Bradley E. Brook
Printed name of individual Movant or attorney for Movant


/s/ Bradley E. Brook
Signature of individual Movant or attorney for Movant

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                Page 5                          F 4001-1.RFS.NONBK.MOTION

000005

## DECLARATION RE ACTION IN NONBANKRUPTCY FORUM

I, (*name of Declarant*) Aaron L. Genthe_____, declare as follows:

1.  I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto.  I am over 18 years of age.  I have knowledge regarding (Nonbankruptcy Action) because:

   ☐  I am the Movant.

   ☒  I am Movant's attorney of record in the Nonbankruptcy Action.

   ☐  I am employed by Movant as (*title and capacity*):

   ☐  Other (*specify*):

2.  I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the Nonbankruptcy Action.  I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event.  The business records are available for inspection and copies can be submitted to the court if required.

3.  In the Nonbankruptcy Action, Movant is:

   ☒  Plaintiff

   ☐  Defendant

   ☐  Other (*specify):*

4.  The Nonbankruptcy Action is pending as:

   a.  *Name of Nonbankruptcy Action*: Ardis Stephens v. Scoobeez, Inc. and Billy Carroll
   b.  *Docket number*: DC-19-10915
   c.  *Nonbankruptcy court or agency where Nonbankruptcy Action is pending*:
       Dallas County District Court, Texas

5.  **Procedural Status of Nonbankruptcy Action**:

   a.  The Claims are:
       Negligence, Gross Negligence, and Respondeat Superior



   b.  True and correct copies of the documents filed in the Nonbankruptcy Action are attached as Exhibit _1____.

   c.  The Nonbankruptcy Action was filed on *(date)* _08/01/2019___.

   d.  Trial or hearing began/is scheduled to begin on (*date*) _____.

   e.  The trial or hearing is estimated to require _____ days (*specify).*

   f.  Other plaintiffs in the Nonbankruptcy Action are (*specify*):

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

000006

g.   Other defendants in the Nonbankruptcy Action are (*specify*):

Billy Carroll

6.   **Grounds for relief from stay:**

a.   ☐   Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

b.   ☐   Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

c.   ☒   Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate.  The insurance carrier and policy number are (*specify*):

I've been informed the insurance carrier is ESIS and the file number for the matter is 1M01M01042558X. I do not know if that is the insurance policy number

d.   ☒   The Nonbankruptcy Action can be tried more expeditiously in the nonbankruptcy forum.

(1)  ☐   It is currently set for trial on (*date*) _____.

(2)  ☐   It is in advanced stages of discovery and Movant believes that it will be set for trial by (*date*) _____.  The basis for this belief is (*specify*):

(3)  ☒   The Nonbankruptcy Action involves non-debtor parties and a single trial in the nonbankruptcy forum is the most efficient use of judicial resources.

e.   ☐   The bankruptcy case was filed in bad faith specifically to delay or interfere with the prosecution of the Nonbankruptcy Action.

(1)  ☐   Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

(2)  ☐   The timing of the filing of the bankruptcy petition indicates it was intended to delay or interfere with the Nonbankruptcy Action based upon the following facts (*specify*):

(3)  ☐   Multiple bankruptcy cases affecting the Property include:

(A)  Case name:
Case number:                          Chapter:
Date filed:            Date discharged:            Date dismissed:
Relief from stay regarding this Nonbankruptcy Action  ☐ was  ☐ was not  granted.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                          Page 7                          **F 4001-1.RFS.NONBK.MOTION**

000007

(B) Case name:

    Case number:                    Chapter:

    Date filed:          Date discharged:          Date dismissed:

    Relief from stay regarding this Nonbankruptcy Action ☐ was ☐ was not  granted.

(C) Case name:

    Case number:                    Chapter:

    Date filed:          Date discharged:          Date dismissed:

    Relief from stay regarding this Nonbankruptcy Action ☐ was ☐ was not  granted.

☐ See attached continuation page for information about other bankruptcy cases affecting the Nonbankruptcy Action.

☐ See attached continuation page for additional facts establishing that this case was filed in bad faith.

f. ☐ See attached continuation page for other facts justifying relief from stay.

7. ☒ Actions taken in the Nonbankruptcy Action after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

a. ☒ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with the Nonbankruptcy Action enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____

c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/31/2019 | Aaron L. Genthe | /s/ Aaron L. Genthe |
|---|---|---|
| *Date* | *Printed name* | *Signature* |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

000008

SUPPLEMENTAL DECLARATION OF AARON L. GENTHE

I, Aaron L. Genthe, Esq., declare:

1.      I am an attorney at law admitted to practice before the courts of the State of
Texas (State Bar No. 24093610 ), with my office in Dallas, Texas. I am the
attorney of record for creditor Ardis Stephens ("Creditor") in the matter entitled *Ardis Stephens
v. Scoobeez, Inc. and Billy Carroll*, Case No. DC 19-10915 pending in the Dallas County Court
in the State of Texas (the "State Court Action").  I submit my declaration in support of the
Creditor's Motion for Relief from the Automatic Stay under 11 U.S.C. § 362 (Action in
Nonbankruptcy Forum). The following facts are known to me of my own personal knowledge
and if called as a witness I could and would testify competently thereto.

2.      On August 1, 2019, Creditor commenced the State Court Action against
Debtor and Billy Carroll, then an employee of the Debtor as the result of a traffic accident by the
filing of Plaintiff's Original Petition With Attached Plaintiff's First Request For Written
Discovery to Defendant alleging causes of action for Negligence, Gross Negligence and
Respondeat superior (the "Complaint"). Unbeknownst to me at the time I filed the Complaint,
the Debtor and several related entities had filed their bankruptcy cases on April 30, 2019.  Had I
known of the bankruptcy, I would have obtained relief from stay before filing the Complaint.

3.      On September 18, 2019, Debtor and Billy Carroll each filed their own separate
Answer to the Complaint. Debtor's Answer includes a notification that the Debtor had filed its
bankruptcy case.

4.      Attached as Exhibit "1" hereto are true and correct copies of the Complaint and
the two Answers.

5.      The insurance carrier with applicable coverage for this incident is ESIS and the
file number is 1M01M01042558X.  I do not know if that is the policy number.

6.      Since the State Court Action arose in Texas and would be determined under
Texas law, plaintiff and one defendant are residents of Texas, the case involves non-debtors, and
Plaintiff is willing to limit its recovery to applicable insurance coverage, and the right to a jury

trial is sought by Plaintiff, a single trial in Dallas County, a nonbankruptcy forum, is the most efficient rise of judicial resources.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 3/, 2019, at _Dallas_, Texas.

_Aaron L. Genthe_

Aaron L. Genthe

**Exhibit 1**

FILED
DALLAS COUNTY
8/1/2019 5:07 PM
FELICIA PITRE
DISTRICT CLERK

Danitra Wilkerson

DC-19-10915

CAUSE NO. _____

| | |
|---|---|
| **ARDIS STEPHENS,**<br>             Plaintiff, | **IN THE DISTRICT COURT** |
| **v.** | **_____ JUDICIAL DISTRICT** |
| **SCOOBEEZ, INC. AND BILLY CARROLL,**<br>             Defendants. | **DALLAS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION WITH ATTACHED PLAINTIFF'S FIRST REQUEST FOR WRITTEN DISCOVERY TO DEFENDANT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **ADRIS STEPHENS**, Plaintiffs, and files this, his Original Petition, complaining of Defendants, **SCOOBEEZ, INC. AND BILLY CARROLL**, and would show unto the Court as follows:

### I. SELECTION OF DISCOVERY LEVEL

Discovery in this case is intended to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### II.    JURISDICTION & VENUE

This suit is brought in accordance with the laws of the State of Texas, for the recovery of damages which are within the jurisdictional limits of this Court, to which Plaintiffs are entitled to receive as compensation for the injuries described below. The Court has continuing jurisdiction over Defendant because Defendant committed a tort in whole or in part in the State of Texas. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff's counsel states that damages are within the jurisdictional limits of this Court.  Further, as required by Rule 47(b),

Page 1

000012

Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages, harms and losses sought by Plaintiff are in an amount within the jurisdictional limits of this Court. Plaintiff's counsel is required by Rule 47(c) of the Texas Rules of Civil Procedure to state the amount of damages, in dollar amount, that represent Plaintiff's harms and losses suffered due to the negligence of the Defendant. The legislative history of this requirement indicates that it is for record keeping and statistical purposes only for lawsuits filed in the State of Texas.

At this time, no discovery has been conducted and Plaintiff's assertion is made upon knowledge and belief at the time of filing and reserves the right to amend as more information and discovery becomes available. Plaintiff's counsel states that Plaintiffs seek monetary relief more than $1,000,000. The amount of monetary relief actually assessed by the jury or judge, however, will ultimately be determined by a jury or judge after hearing all of the evidence of harms, damages and losses and Plaintiffs implicitly trust the judgment of the good and fair judge or jury as the representatives of our community. Ultimately, Plaintiffs will ask a judge or jury of Plaintiff's peers to assess a fair and reasonable amount of money damages as compensation for Plaintiff's injuries.

Pursuant to Texas Civil Practices and Remedies Code § 15.002, et *seq.*, venue is proper in DALLAS COUNTY, Texas. DALLAS COUNTY, Texas, is the county where incident made the basis for this suit occurred.

### III. PARTIES

Plaintiff is an individual who resides in Dallas, Texas.

Defendant, **BILLY CARROLL**, is an individual who resides at 3318 Western Dr., Garland, Texas 75042, and may be served with process at that address or wherever he may be found.

Defendant **SCOOBEEZ, INC.** is a foreign corporation doing business in Texas which

Page 2

is being served through its registered agent for service, National Registered Agents, Inc., 1999 Bryan St., Ste. 900, Dallas, TX 75201.

## IV.    FACTS

This lawsuit results from an automobile collision that occurred on or about September 30, 2018 in Dallas, Dallas County, Texas.  At the time of the collision Plaintiff was the operator of a motorcycle traveling on Myrtle Street in a safe and prudent manner when Defendant, who was operating a motor vehicle traveling on Lawrence Street failed to yield the right-of-way and collided with Plaintiff's motorcycle.  As a result of the impact, Plaintiffs suffered severe bodily injuries and other damages complained of herein.

Upon information and belief available at this time, Defendant, Billy Carroll, was acting while in the course and scope of his employment with Defendant, Scoobeez, Inc.

## V.    NEGLIGENCE AND GROSS NEGLIGENCE – BILLY CARROLL

At the time of the accident, Defendant was operating his vehicle in a negligent, and grossly negligent manner.  Specifically, Defendant had a duty to exercise ordinary care and operate his vehicle reasonably and prudently. The collision and the injuries of the Plaintiffs were proximately caused by Defendant's negligent, grossly negligent, careless, and reckless disregard of his duty to Plaintiffs, including the following acts and omissions:

i.      Defendant failed to keep a proper lookout for the Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

ii.     Defendant failed to timely apply the brakes of his vehicle in order to avoid the collision in question;

iii.    Defendant failed to turn his vehicle to the left or right in order to avoid the collision in question;

iv.     Defendant was operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

v.      Defendant failed to take proper evasive action that would have been taken by a person of ordinary prudence under the same or similar

Page 3

circumstances;

    vi.      Defendant failed to remain reasonably attentive to the traffic and other conditions existing on the roadway as a reasonably prudent person would have been under the same or similar circumstances;

    vii.      Defendant failed to maintain a clear and reasonable distance between other motor vehicle and Defendant's motor vehicle which would permit Defendant to bring his motor vehicle to a safe stop without colliding into other motor vehicles;

    viii.      Defendant failed to sound his horn;

    ix.      Defendant failed in his inattention to the operation of the vehicle;

    x.      Defendant failed to yield the right-of-way;

    xi.      Defendant failed in his inattention to road signs and traffic lights; and

    xii.      Defendant was using a cellular phone at the time of collision.

Each of the foregoing acts and omissions, either taken singularly or in combination with others, constituted negligence, gross negligence and negligence per se, which proximately and directly caused the collision and Plaintiff's injuries and damages.

The conduct of Defendant when viewed objectively, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and of which the Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety and welfare of others, specifically including Plaintiffs.

## VI.    <u>NEGLIGENCE AND GROSS NEGLIGENCE – SCOOBEEZ, INC.</u>

Defendant, Billy Carroll, was operating the SCOOBEEZ, INC. vehicle in accordance with and in furtherance of his business agreement(s)and arrangement(s) with SCOOBEEZ, INC, and/or in addition and/or in the alternative in the course and scope of her duties for SCOOBEEZ, INC. Upon information and belief, among likely numerous other things, Defendant, Billy Carrroll, and other SCOOBEEZ, INC. drivers are at all relevant times

employees and/or actual, apparent, ostensible, and/or estoppel agents, and/or representatives, of SCOOBEEZ, INC. Upon information and belief, Carroll was a SCOOBEEZ, INC. employee acting in the course and scope of her duties for SCOOBEEZ, INC.

At all relevant times, SCOOBEEZ, INC. owed a duty to Plaintiff and other passengers of SCOOBEEZ, INC. drivers to act with reasonable care. This duty arises by virtue of its employment, agency, joint liability with, or control of Carroll; out of the foreseeability of the risks involved in transporting passengers; by application of the risk-utility test; and by contract. SCOOBEEZ, INC. breached its duties to Plaintiff by acting or failing to act as a reasonably prudent company would act under the same or similar circumstances, including but not limited to the:

    i.       Failing to act with ordinary care;

    ii.      Failing to exercise reasonable care to avoid a foreseeable risk of injury to Plaintiff;

    iii.     Failing to use ordinary care in the hiring of Defendant, Billy Carroll;

    iv.     Failing to use ordinary care in the supervising, retaining, monitoring, or training of Carroll as an employee;

    v.      Through its employed driver, failing to maintain a safe and proper lookout; and

    vi.    Through its employed driver, failing to comply with all traffic laws.

The above acts or omissions by SCOOBEEZ, INC. were a producing and/or proximate cause of Plaintiff's injuries and the resulting damages Plaintiffs seek in this suit. Plaintiffs pray that, following a verdict, all such damages asserted below be awarded against the SCOOBEEZ, INC.

Plaintiffs would further show that whenever in this Petition it is alleged that Defendants SCOOBEEZ, INC. did any act or thing, it is meant that such Defendants themselves or their agents, officers, servants, employees, or representatives did such an act or thing and it was done

**Page 5**

with full authorization or ratification of Defendants SCOOBEEZ, INC. or was done in the normal routine, course and scope of agency or employment with Defendants SCOOBEEZ, INC. or their agents, officers, servants, employees, or representatives.

## VII. **RESPONDEAT SUPERIOR**

Defendant, SCOOBEEZ, INC., was incorporated at the time of the collision, and Plaintiff pleads that at the time of the accident, Defendant, Billy Carroll, was the agent, servant, and employee of Defendant, SCOOBEEZ, INC., and was acting within the scope of his authority as such agent, servant, and employee.  Defendant, SCOOBEEZ, INC., is liable to Plaintiff for the negligence of Defendant, Billy Carroll, under the common law doctrine of respondeat superior.

## VIII. **DAMAGES**

As a proximate result of Defendants' negligence, Plaintiff suffered severe injuries. Plaintiff suffered the following damages:

  i.    Medical and healthcare expenses incurred in the past;

  ii.   Medical and healthcare expenses which, in all reasonable probability, will be incurred in the future;

  iii.  Physical pain and suffering in the past;

  iv.   Physical pain and suffering which, in all reasonable probability, will be incurred in the future;

  v.    Mental anguish suffered in the past;

  vi.   Mental anguish which, in all reasonable probability will be suffered in the future;

  vii.  Physical impairment suffered in the past;

  viii. Physical impairment which, in all reasonable probability, will be suffered in the future;

  ix.   Lost wages suffered in the past;

    x.      Lost wages and earning capacity which, in all reasonable probability will be suffered in the future;

    xi.     Loss of earning capacity;

    xii.    Disfigurement in the past; and

    xiii.   Disfigurement which, in all reasonable probability, will be suffered in the future.

Plaintiff additionally seeks exemplary damages as allowed by Chapter 41 of the Texas Civil Practice & Remedies Code.

## IX. **CONDITIONS PRECEDENT**

Pursuant to Rule 54 of the Texas Rules of Civil Procedure, Plaintiff hereby alleges all conditions precedent have been performed or have occurred.

## X. **U. S. LIFE TABLES**

Notice is hereby given that Plaintiffs intend to use the U.S. Life Tables as prepared by the Department of Health and Human Services.

## XI. **COSTS AND INTEREST**

It was necessary for Plaintiff to expend money as costs of Court requisite to prosecute this cause of action. Therefore, an award of these costs to Plaintiff is authorized by Rule 131 of the Texas Rules of Civil Procedure. Plaintiff is also entitled to prejudgment and post-judgment interests as allowed by law.

## XII. **PLAINTIFF'S T.R.C.P. 193.7 NOTICE**

Plaintiff, in accordance with Rule 193.7 of the Texas Rules of Civil Procedure regarding self-authenticating documents, files this notice of intent to use written discovery documents at trial and/or any pre-trial proceedings. Plaintiff hereby gives notice to all parties that Plaintiff intends to use at trial, or at any pre-trial proceedings, all documents produced by Defendants in response to discovery from any and all parties in this cause.

Page 7

## XIII. JURY DEMAND

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff hereby makes demand and application for jury trial.

## XIV.  REQUESTS FOR DISCLOSURE

Pursuant to Rule 194, you are requested to disclose, within fifty (50) days of the service of this request, the information or material described in Rule 194.2(a), (b), (c), (d), (e), (f), (g), (h), (i), (j ), (k), and (l).

## XV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, **ARDIS STEPHENS**, respectfully requests that Defendants, **SCOOBEEZ, INC. AND BILLY CARROLL**, be cited to appear and answer, and on final trial, that Plaintiffs have judgment against Defendants for:

     i.      Actual damages;

     ii.     Prejudgment and post judgment interest as allowed by law;

     iii.    Costs of suit;

     iv.    Exemplary damages; and

     v.     Any further relief, either in law or equity, to which Plaintiffs are justly entitled.

Respectfully submitted,
**THE LAW FIRM OF AARON A. HERBERT**

BY:_____

AARON L. GENTHE
State Bar No. 24093610
efileagenthe@texaslegaladvice.com
8330 LBJ Freeway, STE 700
Dallas, Texas 75243
Phone:(214)347-4259
Fax:   (214)983-0462

**ATTORNEY FOR PLAINTIFFS**

**WRITTEN DISCOVERY HAS BEEN SERVED HEREWITH IN
ACCORDANCE WITH THE TEXAS RULES OF CIVIL PROCEDURE**

Page 9

CAUSE NO. _____

| ARDIS STEPHENS,<br>    **Plaintiff,** | IN THE DISTRICT COURT |
|---|---|
| v. | _____ **JUDICIAL DISTRICT** |
| **SCOOBEEZ, INC. AND BILLY CARROLL,**<br>    **Defendants.** | **DALLAS COUNTY, TEXAS** |

## PLAINTIFF'S FIRST REQUEST FOR WRITTEN DISCOVERY TO DEFENDANT BILLY CARROLL

**TO:** DEFENDANT, BILLY CARROLL, at 3318 Western Dr, Garland, Texas 75042.

 COMES NOW, ARDIS STEPHENS, Plaintiff in the above styled cause of action and serves PLAINTIFF'S FIRST REQUEST FOR WRITTEN DISCOVERY upon Defendant, **BILLY CARROLL**, as allowed by Tex.R.Civ.P. 192 through 197. Defendant must answer each request separately, fully, in writing, and under oath, within fifty (50) days after service.

PLAINTIFF'S ORIGINAL PETITION WITH ATTACHED PLAINTIFF'S
FIRST REQUEST FOR WRITTEN DISCOVERY TO DEFENDANTS   **Page 10**

000021

Respectfully submitted,

**THE LAW FIRM OF AARON A. HERBERT**

BY:_____

AARON L. GENTHE
State Bar No. 24093610
efileagenthe@texaslegaladvice.com
8330 LBJ Freeway, STE 700
Dallas, Texas 75243
Phone (214)347-4259
Fax    (214)983-0462
**ATTORNEY FOR PLAINTIFF**

# I. <u>FIRST SET OF INTERROGATORIES</u>

Pursuant to Rule 197 of the TEXAS RULES OF CIVIL PROCEDURE, you are requested to

answer, within fifty (50) days of service of this request, the following Interrogatories.

## Preliminary Statement

1. The following interrogatories are to be answered separately and fully, by furnishing all information in your possession, custody or control, including all information to which you have a superior right to compel from a third party, such as your agent, authority, or representative.

2. You are to answer the interrogatories under oath. Your attorney in this case is not allowed to sign or swear to the answers you have made to the interrogatories.

3. You and your attorney are under a duty to supplement your answers to these interrogatories by amending your answers if you obtain information upon the basis of which you know that the answer was incorrect when made or you know that the answer is no longer true, even though it was correct when made.

4. Whenever an interrogatory requests the identification of a document or documents, please set forth where the document exists, the name and address of its custodian, a description of its contents, including its author, date, and addresses, the number of pages it contains, and all attachments to the original document.

5. If the answer to any interrogatory may be derived or ascertained from your business records, and the burden of deriving the answer would be substantially the same for Plaintiff and you, you may specify the records from which the answer may be obtained.

## Definitions & Abbreviations

Plaintiff sets forth the following definitions or abbreviations of various words and phrases that are contained in the Interrogatories. Plaintiff provides the following definitions and abbreviations for the purpose of clarifying the meaning of various words and phrases contained herein in order to expedite discovery, i.e., (1) to help the Defendant fully and accurately understands the objectives of Plaintiff's discovery efforts and (2) to simplify and assist the Plaintiff in Plaintiff's efforts to locate and furnish the relevant information and documents. It is expressly stipulated and agreed by Plaintiff's that an affirmative response on the part of Defendant will not be construed as an admission that any definition or abbreviation contained hereto is either factually correct or legally binding on Defendant.

**A. DEFENDANT:** As used herein, the term "Defendant" means BILLY CARROLL, his agent, representatives, and all other persons acting in concert with him, or under his control, whether directly or indirectly, excluding his attorney.

**PLAINTIFF'S ORIGINAL PETITION WITH ATTACHED PLAINTIFF'S
FIRST REQUEST FOR WRITTEN DISCOVERY TO DEFENDANTS**                    **Page 12**

000023

**B.  PLAINTIFF:** As used herein, the term "Plaintiff(s)" means ARDIS STEPHENS, his, representatives, and all other persons acting in concert with him, or under his control, whether directly or indirectly, excluding his attorney.

**C. MULTIPLE PART ANSWERS:** Where an individual interrogatory calls for an answer which involves more than one part or subpart, each part of the answer should be set forth separately so that it is clearly understandable and responsive to the respective interrogatory or subpart thereof.

**D.  YOU OR YOUR:** Where the term "you or your" is used in the interrogatories or instructions, it is meant to include the person(s) referenced in definition "A" above.

**E. WRITING OR WRITTEN:** The term "writing" or "written" are intended to include, but not necessarily be limited to the following:  hand writing, type writing, computer printouts, printing, photograph, and every other means of recording upon any tangible thing or any form of communication, including letters, words, pictures, sounds or symbols or combinations thereof; and they further include any oral communication later reduced to writing or confirmed by a letter.

**F.  DOCUMENT(S):** The term "documents" shall mean writings of every type and from any source, including originals and non-identical copies thereof, that are in your possession, custody, or control or known by you to exist. This would include documents sent outside your organization to any source as well as documents intended for internal use. The term also includes communications not only in words, but also in symbols, pictures, sound recordings, film, tapes and information stored in, or accessible through, computer or other information storage or retrieval systems. If the information is kept in a computer or informational retrieval system, the term also includes codes and programming instructions and other materials necessary to understand such systems. The term includes, but is not limited to: calendars, checkbooks, agenda, agreements, analyses, bills, invoices, records of obligations and expenditures, corporate bylaws and charters, correspondence, diaries, files, legal documents, financial documents including balance sheets and profit and loss statements, letters, memorandum recording telephone or in-person conferences, manuals, books, press releases, purchase orders, records, schedules, memos of interviews, evaluations, written reports of tests or experiments, public relations releases, telegrams, teletypes, work papers, drafts of documents, and all other writings whose contents relate to the subject matter of the discovery request.

**G.  FILE:** "File" as used herein means any collection or group of documents maintained, held, stored, or used together, including, without limitation, all collections of documents maintained, held, or stored in folders, notebooks, or other devices for separating or organizing documents.

**H. PERSON:**  "Person" as used herein means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

**I. PERSON(S) IDENTITY:**  When an interrogatory requests that you identify a person please state:

1. His or her full name;
2. His or her present or last known address;
3. His or her present employers name and address; and
4. His or her occupational position or classification.

## J. "DESCRIBE", "IDENTIFY" or "IDENTIFICATION":

1. As to a person: When used in reference to a person or individual, the terms "describe" "identify" or "identification" mean to state his/her full name, address, and telephone number.

2. As to an entity: The terms "describe", "identify" or identification" when used in reference to an entity such as a corporation, partnership or association, mean to state the name of the entity, its business address, telephone number, and name of its chief executive officer and the agent for service of process.

3. As to a document: When used in reference to a document, the terms "describe", "identify" or "identification" shall include the following:
   a. The title, heading or caption of such document.
   b. The date appearing on such document; or if no date appears, the approximate date on which the document was prepared.
   c. A general description of the document.
   d. The name of the person who signed the document or statement that it was unsigned.
   e. Name of the person or persons who prepared the document.
   f. Name of the person or persons to whom the document was addressed and to whom the document was sent.
   g. The physical location of the document.

4. As to a statement: When used in reference to a statement, the terms "describe", "identify" or "identification" shall include who made the statement, who took or recorded it, and all others, if any, present during the making thereof; to state when, where and how it was taken or recorded, and to identify who was present or last known possession, custody or control thereof.

5. To any other tangible thing: When used in reference to any other tangible thing, the terms "describe", "identify" or "identification" mean to give a reasonably detailed description thereof, including, if applicable, when, where, and how it was made; to identify who made it; and to identify who has present or last known possession, custody or control thereof.

---

**K. COLLISION IN QUESTION:**   The term "collision" or "collision in question" or similar reference as used herein refers to the Collision or Collision in Question described in Plaintiff's Original Petition, unless otherwise defined herein, and which forms the subject matter in this suit.

**L. INCIDENT IN QUESTION:**   The term "incident" or "incident in question" or similar reference as used herein refers to the Collision or Collision in Question described in Plaintiff's Original Petition, unless otherwise defined herein, and which forms the subject matter in this suit.

**M. STATEMENTS:** The term "statement" or "statements" includes any written or graphic statement signed or otherwise adopted or approved by the person making it and any stenographic, mechanical, electrical, or other recordings, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

**N.  VEHICLE IN QUESTION:**  The term "vehicle in question" means the vehicle driven by Defendant at the time of the incident in question.

**O.  "AND" "OR":**   The word "and" means "and/or." The word "or" means "or/and."

**PLAINTIFF'S ORIGINAL PETITION WITH ATTACHED PLAINTIFF'S**
**FIRST REQUEST FOR WRITTEN DISCOVERY TO DEFENDANTS**                                      **Page 15**

000026

## II. **INTERROGATORIES**

1. State your full and complete name, any nicknames you have used, or been known by, date of birth, social security number, your present home address, telephone number and, if different, your complete home address and telephone number at the time of the collision in question.

2. If it is your contention that any individual other than yourself was operating the vehicle involved in, and at the time of the Incident in Question, state their full and complete name, any nicknames you know they have used or been known by, date of birth, social security number, present home address, telephone number and, if different, their complete home address and telephone number at the time of the collision in question.

3. At the time the collision in question occurred, was BILLY CARROLL employed? If so, please state the following as to such employment:

    a. The identity of each employer, including their complete name(s) and address(es);
    b. The identity of the person who was BILLY CARROLL's immediate supervisor in reference to services you performed;
    c. The beginning and ending dates of BILLY CARROLL's employment or present status of employment;
    d. What BILLY CARROLL's job position and duties were with respect to each employment; and
    e. Whether or not BILLY CARROLL was performing job related duties at the time of the collision.

4. Please list each state that has issued BILLY CARROLL a motor vehicle drivers' license in the last ten (10) years, including those licenses that may have now expired or been canceled, withdrawn, suspended, surrendered, or revoked, listing the name of each issuing state and the approximate date of issuance and status for each license held.

5. If you have entered a guilty plea to any offense or have been convicted of a felony or a crime involving moral turpitude within the last ten (10) years, identify any such offense or crime by its nature, date of the guilty plea or conviction, penalty assessed, and the county and state wherein the offense or crime occurred.

6. Please state each and every address where you have resided in the last ten (10) years, setting forth the approximate dates of your residence at each such address.

7. List all traffic violations for which BILLY CARROLL has been cited during the past seven (7) years, including the date, city, county, state, offense alleged, and disposition of each such citation.

**PLAINTIFF'S ORIGINAL PETITION WITH ATTACHED PLAINTIFF'S**
**FIRST REQUEST FOR WRITTEN DISCOVERY TO DEFENDANTS**                    **Page 16**

000027

8. List all motor vehicle collisions in which BILLY CARROLL has been involved in the past seven (7) years, including the location, city, county, state, and any violations for which you were cited.

9. Did anyone, after the collision in question occurred, make a recording, either in writing or by use of electronic recording equipment of your version of the Collision in Question either in person or by telephone? If so, please identify each such person, their title, and organization to which they are employed or associated, and the approximate date, time and location of each such occurrence indicating the method utilized in recording their version of the collision. Identify the Custodian of such statement(s).

10. Please state the name, address, and telephone number of any expert(s) with whom you or your attorneys have consulted, but whom you do not intend to call as an expert witness in this case or whom you have not decided to call as an expert witness in this case, but whose opinion(s) and/or impression(s) have been reviewed by any expert who is to be called as a witness at the trial of this case.

11. Identify by name and amount all intoxicating beverages, drugs, alcohol, and/or medications, prescription or otherwise, that BILLY CARROLL had taken or consumed within (24) twenty-four hours prior to the collision in question.

12. Describe in your own words how the Collision in Question occurred and state specifically what the claim or contention of the Defendant will be regarding any cause or contributing cause of the collision, including a statement in detail of the facts or information upon which this contention is based.

13. If you contend either of Plaintiff's acts or omissions caused or contributed to the Collision in Question, or to their injuries, please describe the basis for your position, including any evidence or statements that support your position.

14. Identify by cause number, style, court, county, and state each lawsuit to which you have ever been a party, other than this lawsuit.

15. Give the dates, times and places together with the names and addresses of persons and organizations that have provided drug or alcohol counseling or treatment, marriage counseling, or personal counseling to you in the past ten (10) years.

16. Specify all mechanical or other defects, if any, of the vehicle BILLY CARROLL was driving which caused or contributed to the collision made the basis of this suit, including, but not limited to, all components of the vehicle which were inoperable, defective or otherwise in need of repair.

17. State where BILLY CARROLL had been just prior to the collision, where BILLY CARROLL was going at the time of the collision and the purpose of the trip that BILLY CARROLL was on at the time of the collision made the basis of this suit.

18. State the speed of the vehicle at all times material to the collision in question, including specifically BILLY CARROLL's speed at the time of impact and, if BILLY CARROLL's brakes were engaged at the time of impact, please state BILLY CARROLL's speed before applying the brakes.

19. Identify any account from which payment was made for fines stemming from any traffic violation or citation received by BILLY CARROLL prior to or relating to Collision in Question.

20. Identify all persons whom you intend to have testify at the trial of this case, including but not limited to any rebuttal or impeaching witnesses who may be called at trial.

21. With regard to any phones that were in your vehicle at the time of the accident in question, please state:

        a.  The name, address, and telephone number of the provider (on the date of the accident) of the phone services for said phone;

        b.  State the telephone number (on the date of the accident) for said phone;

        c.  State the account number for said phone on the date of the accident;

        d.  State the full name, address, and telephone number of the person in whose name the phone was listed on the date of the accident; and

        e.  State the full name, address, and telephone number of the person in whose name the phone services account (on the date of the accident) was listed.

**PLAINTIFF'S ORIGINAL PETITION WITH ATTACHED PLAINTIFF'S
FIRST REQUEST FOR WRITTEN DISCOVERY TO DEFENDANTS**        **Page 18**

000029

## III.   FIRST REQUESTS FOR PRODUCTION

Pursuant to Rule 196 of the TEXAS RULES OF CIVIL PROCEDURE, you are requested to produce, within fifty (50) days of service of this request, the following information. Demand is hereby made for supplementation of the Defendant's responses to this Request for Production as required by TEXAS RULE OF CIVIL PROCEDURE 193.5.

### Definitions & Instructions

For purposes of the following Requests, the following definitions and instructions apply:

"You", "Your" and "Defendant" means and refers to the named Defendant responding to the request, as well as your attorneys, agents, employees, and all other natural persons or business or legal entities acting, or purporting to act, for or on your behalf whether authorized to do so or not.

"Collision in Question" and "Incident in Question" means and refers to the collision described in Plaintiff's Original Petition.

"Vehicle in Question" means and refers to the vehicle driven by BILLY CARROLL, involved in the Collision in Question.

"Document" means and includes writings of every type and from any source, including originals and non-identical copies thereof, that are in your possession, custody, or control or known by you to exist. This would include documents sent outside your organization to any source as well as documents intended for internal use.

The term also includes communications not only in words, but in symbols, pictures, sound recordings, film, tapes and information stored in, or accessible through, computer or other information storage or retrieval systems.  If the information is kept in a computer or informational retrieval system, the term also includes codes and programming instructions and other materials necessary to understand such systems.

The term includes, but is not limited to: calendars, checkbooks, agenda, agreements, analyses, bills, invoices, records of obligations and expenditures, corporate bylaws and charters, correspondence, diaries, files, legal documents, financial documents including balance sheets and profit and loss statements, letters, memorandum recording telephone or in-person conferences, manuals, books, press releases, purchase orders, records, schedules, memos of interviews, evaluations, written reports of tests or experiments, public relations releases, telegrams, teletypes,

work papers, drafts of documents, and all other writings whose contents relate to the subject matter of the discovery request.

"Custodian" means the person or entity with care, custody, control of the item or document that is subject of inquiry. A request to identify the custodian of any item or document is a request to provide the name, address and telephone number of said custodian.

"Photograph" means and includes any motion picture, still picture, transparency, videotape, drawing, sketch, electronic image, negatives or any other recording of any non-verbal communication in tangible form.

You are not asked to divulge or provide any information or documents which are privileged in nature. However, for each document or other requested information that you assert is privileged or is not discoverable, identify that document or other requested information. State the specific grounds for the claim or privilege or other ground for exclusion.

If a requested document once was but is no longer in the possession, custody or control of Defendant or any of its representatives, state what disposition was made of such document.

If any of these requests cannot be responded to in full, please respond to the extent possible, specifying the reason for Defendant's inability to fully respond, and stating whatever information or knowledge Defendant has concerning the portion to which Defendant cannot fully respond.

Pursuant to *Overall v. Southwestern Travis Yellow Pages*, a party is required to send the documents to the requesting party along with a copy of the response. Unless these are thousands of documents, a party is not permitted to merely make documents available at a specific location. 869 S.W.2d 629 (Tex. App.–Houston [14th Dist.] 1994).

**PLAINTIFF'S ORIGINAL PETITION WITH ATTACHED PLAINTIFF'S
FIRST REQUEST FOR WRITTEN DISCOVERY TO DEFENDANTS**                    **Page 20**

000031

## IV.    <u>REQUESTS FOR PRODUCTION</u>

1.    Any and all documents, notes, calendars, diaries, memoranda, statements, tape recordings and/or other records which reflect any and all contact you have had with Plaintiff, their agents or their employees <u>prior to</u> and <u>subsequent</u> to the filing of this lawsuit.

2.    Pursuant to Rule 192.3(h) all statements as defined of persons with knowledge or relevant facts.

3.    Any and all relevant photographs, motion pictures, video, recordings, maps, drawings, charts, diagrams, measurements, surveys or other documents concerning the incident made the basis of this lawsuit, persons or objects involved, either made before, at the time of or after the time of the events in question, including any photographs made of you at any time since the incident made the basis of this lawsuit, that you, your attorney or anyone acting on your behalf, have or know of.

4.    All diaries, journals, notes and memoranda kept by you as a result of the alleged occurrences, which delineate or refer to any expenses or damages incurred by you as a result of the occurrence.

5.    Copies of any and all documents, including, but not limited to, applications, payment receipts, application rejection notices, etc., from any state, federal, private and/or any other program related to any illness, medical condition and/or injury, including, but not limited to life insurance benefits, Social Security benefits, maritime benefits or disability benefits from the Veterans Administration or any other governmental agency or any private insurer of disability and/or medical benefits, from whom you applied for financial assistance due to this accident.

6.    Copies of statements of all parties and/or witnesses taken in connection with the facts of this case.  In the event statements taken were tape-recorded and the transcriptions have not been reduced to writing, duplicate copies of any tape-recordings are hereby requested.

7.    Any and all documents pertaining to any type of claim and/or lawsuit to which you were a party prior to the present litigation, including, but not limited to, claims for worker's compensation, claims for personal injury and/or wrongful termination against any person, firm, corporation, or governmental agency.

8.    Any and all writings, maps or sketches of the scene of the accident which has been made the basis of this lawsuit.

**PLAINTIFF'S ORIGINAL PETITION WITH ATTACHED PLAINTIFF'S**
**FIRST REQUEST FOR WRITTEN DISCOVERY TO DEFENDANTS**                    **Page 21**

000032

9.  Copies of any and all estimates indicating repairs <u>to be completed</u> on any vehicle involved in this incident.

10. Copies of any and all estimates indicating repairs <u>completed</u> on any vehicle involved in this incident.

11. Copies of any documents in your possession custody or control concerning any witnesses to this accident.

12. A copy of the title to the vehicle you were driving at the time in question.

13. A copy of any contract of employment that would govern relationship with any other party or bear on the issue of scope of employment.

14. Copies of any medical records relating to the Plaintiff not received from Plaintiff or their attorney.

15. Copies of any letters, memos, Emails or other communications between yourself and your employer which relate to any issue in this cause, including any letters or notices of reprimand from your employer which relate to this accident.

16. Copies of any letters, memos, Emails or other communications between yourself and any third party not your attorney which relate to any issue in this cause.

17. Copies of any Depositions Upon Written Questions received in relation to this cause in accordance with Texas Rules of Civil Procedure, Rule 205.3(e).

18. Please produce any documents which contain any testimony or statements which will be used to impeach the testimony of any party or fact witness or expert witness identified by any party to this cause.

19. Any surveillance movies or photographs which have been made of Plaintiff, a member of their family or a place where Plaintiff or a member of the family works, lives or engages in social recreational activities.

20. Any police report or other report of investigation of any governmental agency or private organization regarding the occurrence in question.

21. A copy of both sides of your drivers' license at the time of the incident giving rise to this suit and at present.

---

**PLAINTIFF'S ORIGINAL PETITION WITH ATTACHED PLAINTIFF'S
FIRST REQUEST FOR WRITTEN DISCOVERY TO DEFENDANTS**                    **Page 22**

**000033**

22.    All treatises, periodical, and pamphlets on any subject of history, medicine, science, art or technology that you will offer or use in the trial of this case.

23.    Please provide any documents concerning or containing information regarding the claims history of the Plaintiff where such claims history occurred either prior to or after the incident made the basis of this lawsuit.

24.    Please produce all learned treatises contemplated by Rule 803(18) of the Texas Rules of Civil Evidence.

25.    Pursuant to Texas Rules of Evidence 609, please produce a copy of all documents that may be used to impeach, by proof of conviction, any party to this suit, or any person whose name is mentioned in your answer and/or responses to discovery of the answers and/or responses of any other parties to discovery. Such documentary evidence should include, but not limited to, the following:
       (a)    the name of the accused;
       (b)    the nature of the crime;
       (c)    the date of the final conviction;
       (d)    the release date from any legal confinement;
       (e)    the style of the proceeding;
       (f)    the case number;
       (g)    the Court's identification; and
       (h)    the current status and/or disposition of the case.

26.    Please produce a true and correct copy of all documents, correspondence, memoranda, or other written or tangible materials relating to the Plaintiff's driving record or driving history, which you have in your possession or which you intend to produce at the time of trial.

27.    Please produce any original deposition transcript or non-stenographic recording and all attachments for inspection and copying in accordance with Texas Rules of Civil Procedure, Rule 203.3(c).

28.    All reports, publications, regulations, or other documents evidencing any safety standards, laws, regulations, ordinances, or industry standards which you contend or will contend at trial were violated by the Plaintiff.

29.    All documents signed by Plaintiff.

30.    All documents typed or written by Plaintiff or where Plaintiff's handwriting appears.

31.    Copies of all records and documentation (medical and non-medical) concerning you

**PLAINTIFF'S ORIGINAL PETITION WITH ATTACHED PLAINTIFF'S**
**FIRST REQUEST FOR WRITTEN DISCOVERY TO DEFENDANTS**                                    **Page 23**

000034

which would indicate that you were using alcohol and/or drugs of any sort within 48 hours prior to the accident made the basis of this lawsuit.

32.     Copies of all records and documentation (medical and non-medical) which indicate that you were a regular user of any illegal substance(s) within one year before the accident made the basis of this lawsuit.

33.     Produce complete and full copies for Defendant's cellular phone in the motor vehicle (as provided in Interrogatory No. 21). This request is limited to the date of the accident. This request also includes any and all documents demonstrating the following:

        a.     Calls;
        b.     Text messages;
        c.     Instant messages
        d.     Communications of any sort, including but not limited to data transmissions, reception and usage; and
        e.     Locations of cellular towers.

34.     Exact copies of any transcribed recorded statements by either the Plaintiff, Defendant, Defendant's agents, or any witnesses as related to the incident made the basis for this suit.

35.     Exact audio copies of any recorded statements by either the Plaintiff, Defendant, Defendant's agents, or any witnesses as related to the incident made the basis for this suit.

**PLAINTIFF'S ORIGINAL PETITION WITH ATTACHED PLAINTIFF'S**
**FIRST REQUEST FOR WRITTEN DISCOVERY TO DEFENDANTS**            **Page 24**

000035

## V.    REQUESTS FOR ADMISSIONS

Pursuant to Rule 198 of the TEXAS RULES OF CIVIL PROCEDURE, you are requested to answer, within fifty (50) days of service of this request, the following Requests for Admissions.

### Definitions

For purposes of the following Requests, the following definitions apply:

"You," "Your," and "Defendant" means and refers to the named Defendant responding to these requests.

"Incident in Question" means and refers to the collision referred to in Plaintiff's Original Petition.

"Vehicle in Question" refers to the automobile driven by Defendant, involved in the Incident in Question.

## VI.    REQUESTS FOR ADMISSIONS

1.    On or about September 30, 2018, Plaintiff and Defendant were involved in an automobile collision in DALLAS COUNTY, Texas. (hereinafter referred to as incident, collision, accident or occurrence).

   **RESPONSE:**

2.    At the time of the collision Defendant was the driver of the vehicle which collided with Plaintiff's vehicle.

   **RESPONSE:**

3.    Defendant contends the cause of the collision was Plaintiff's negligence.

   **RESPONSE:**

4.    Defendant had physical infirmities which contributed to the cause of the collision.

   **RESPONSE:**

5.    Defendant is aware of the identity of witnesses to the collision other than those listed on the Texas Peace Officer's accident report.

**PLAINTIFF'S ORIGINAL PETITION WITH ATTACHED PLAINTIFF'S**
**FIRST REQUEST FOR WRITTEN DISCOVERY TO DEFENDANTS**                **Page 25**

000036

*RESPONSE:*

6.    Defendant or agents of Defendant, including Defendant's attorney or insurance company, have pictures or photographs illustrating the scene of the accident or damage to the vehicles involved in the collision.

*RESPONSE:*

7.    Defendant has been convicted of a felony or a crime involving moral turpitude.

*RESPONSE:*

8.    The Defendant was under the care of a medical practitioner or other practitioner of the healing arts during the month before the collision.

*RESPONSE:*

9.    The Defendant was under the influence of drugs or alcohol when the collision occurred.

*RESPONSE:*

10.    The Defendant had ingested or consumed drugs or alcohol within the 24 hours before the collision.

*RESPONSE:*

11.    The Defendant has possession, custody, or control of a copy of a written statement or a recorded oral statement made by the Defendant relating to the collision.

*RESPONSE:*

12.    The Defendant was acting as an agent for a person or entity at the time of the collision.

*RESPONSE:*

13.    Defendant consumed at least one alcoholic drink in the **six** hour period prior to your collision with the Plaintiff's vehicle on the date of the accident made the basis of this lawsuit.

*RESPONSE:*

14.    Defendant consumed at least two alcoholic drinks in the **six** hour period prior to your collision with the Plaintiff's car on the date of the accident made the basis of this lawsuit.

*RESPONSE:*

**PLAINTIFF'S ORIGINAL PETITION WITH ATTACHED PLAINTIFF'S
FIRST REQUEST FOR WRITTEN DISCOVERY TO DEFENDANTS**                **Page 26**

15. Admit or Deny that Defendant was engaged in conversation on a telephone at the time of the accident made the basis of this lawsuit.

*RESPONSE:*

16. Admit or Deny that Defendant was dialing a telephone at the time of the accident made the basis of this lawsuit.

*RESPONSE:*

17. Admit or deny you were text messaging at the time of the collision.

*RESPONSE:*

18. Admit or deny you had sent a text message within one minute prior to the collision.

*RESPONSE:*

19. Admit or deny you had sent a text message within five minutes prior to the collision.

*RESPONSE:*

20. Admit or deny you had received a text message within one minute prior to the collision.

*RESPONSE:*

21. Admit or deny you had received a text message within five minutes prior to the collision.

*RESPONSE:*

22. Admit or deny at the time of the collision you were holding your cell phone in your hand.

*RESPONSE:*

23. Admit or deny at the time of the incident in question you were using your cell phone.

*RESPONSE:*

24. Admit or deny you were using a cellular phone application (aka "app") at the time of the collision.

*RESPONSE:*

25. Admit or deny you were browsing the internet on your cellular phone at the time of the collision.

**PLAINTIFF'S ORIGINAL PETITION WITH ATTACHED PLAINTIFF'S
FIRST REQUEST FOR WRITTEN DISCOVERY TO DEFENDANTS**                    **Page 27**

000038

**RESPONSE:**

26.     Admit or deny that you were streaming music using your cellular phone at the time of the collision.

**RESPONSE:**

27.     Admit or deny you were updating an application (aka "app") on your cellular phone at the time of the collision.

**RESPONSE:**

28.     Admit or deny you were looking at your cellular phone at the time of the collision.

**RESPONSE:**

29.     Admit or deny that you were looking at your cellular phone within five seconds prior to the collision.

**RESPONSE:**

30.     Admit or deny that you had a cellular phone in your vehicle at the time of the collision.

**RESPONSE:**

**PLAINTIFF'S ORIGINAL PETITION WITH ATTACHED PLAINTIFF'S**
**FIRST REQUEST FOR WRITTEN DISCOVERY TO DEFENDANTS**                    **Page 28**

**000039**

CAUSE NO. _____

| | |
|---|---|
| **ARDIS STEPHENS,**<br>          **Plaintiff,** | **IN THE DISTRICT COURT** |
| **v.** | \_\_\_\_\_ **JUDICIAL DISTRICT** |
| **SCOOBEEZ, INC. AND BILLY CARROLL,**<br>          **Defendants.** | **DALLAS COUNTY, TEXAS** |

## PLAINTIFF'S FIRST REQUEST FOR WRITTEN DISCOVERY TO DEFENDANT SCOOBEEZ, INC.

**TO:**    DEFENDANT SCOOBEEZ, INC., through its registered agent for service, National Registered Agents, Inc., 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

COMES NOW, ARDIS STEPHENS, Plaintiff in the above styled cause of action and serves PLAINTIFF'S FIRST REQUEST FOR WRITTEN DISCOVERY upon Defendant, **SCOOBEEZ, INC.,** as allowed by Tex.R.Civ.P. 192 through 197. Defendant must answer each request separately, fully, in writing, and under oath, within fifty (50) days after service.

Respectfully submitted,

THE LAW FIRM OF AARON A. HERBERT

BY:_____
AARON L. GENTHE
State Bar No. 24093610
efileagenthe@texaslegaladvice.com
8330 LBJ Freeway, STE 700
Dallas, Texas 75243
Phone (214)347-4259
Fax    (214)983-0462
**ATTORNEY FOR PLAINTIFF**

The following definitions shall have the following meanings, unless the context requires otherwise:

1.      Plaintiff or ARDIS STEPHENS means Plaintiff ARDIS STEPHENS, Plaintiff's agents, representatives and all other persons acting in concert with Plaintiff, or under Plaintiff's control, whether directly or indirectly, including any attorney.

2.      "Defendant" or "SCOOBEEZ, INC" means SCOOBEEZ, INC., Defendant's agents, representatives and all other persons acting in concert with the Defendant, or under Defendant's control, whether directly or indirectly, including any attorney.

3.      "You or "your" means Defendant,  SCOOBEEZ, INC, Defendant's successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees and all other persons acting on behalf of Defendant, Defendant's successors, predecessors, divisions, subsidiaries.

4.      "Document(s)" means all written, typed or printed matter and all magnetic or other records or documentation of any kind or description (including, without limitation, letters, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements or notations of telephone or personal conversations, conferences, interoffice communications, e-mail, microfilm, bulletins, circulars, pamphlets, photographs, facsimiles, invoices, tape recordings, computer printouts and worksheets (including drafts and copies not identical to the originals), all photographs and graphic matter, however produced or reproduced, and all compilations of data from which information can be  obtained, and any and all writings or records of any type or nature, in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys or other agents, whether or not prepared by you.

**PLAINTIFF'S ORIGINAL PETITION WITH ATTACHED PLAINTIFF'S**
**FIRST REQUEST FOR WRITTEN DISCOVERY TO DEFENDANTS**                    **Page 30**

000041

5.      "File" means any collection or group of documents maintained, held, stored, or used together, including, without limitation, all collections of documents maintained, held, stored, in folders, notebooks, or other devices for separating or organizing documents.

6.      "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

7.      "Relating to" and "relates to" mean, without limitation, embodying, mentioning or concerning, directly or indirectly, the subject matter identified in the interrogatory.

8.      "Concerning" means, in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, corresponding to, showing, describing, analyzing, reflecting and constituting.

9.      "Communication" means any oral or written communication of which Defendant has knowledge, information or belief.

10.     "Date" means the exact date, month and year, if ascertainable, or, if not, the best available approximation.

11.     "Describe" or "identify," when referring to a person, means you must state the following:

(a)      the full name;
(b)      the present or last known residential address;
(c)      the present and last known residential and office telephone number;
(d)      the present occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular interrogatory; and
(e)      in the case of any person other than an individual, identify the officer, employee or agent most closely connected with the subject matter of the interrogatory, and the officer who is responsible for supervising that officer or employee.

12.     "Describe" or "identify," when referring to a document, means you must state the following:

(a)      the nature of the document

---

**000042**

(b)      the title or heading that appears on the document;

(c)      the date of the document and the date of each addendum, supplement or other addition or charge;

(d)      the identity of the author and of the signor of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered; and

(e)      the present location of the document, and the name, address, position or title, and telephone number of the person or persons having custody of the document.

13.      The word "and" means "and/or."

14.      The word "or" means "or/and."

15.      "The accident" or "the incident" means the motor vehicle collision involving Plaintiff which occurred on June 3, 2017.

16.      A "statement" as that term is used in the following interrogatories means in accordance with Rule 192.3(h) of the Texas Rules of Civil Procedure.

17.      "Possession, custody or control" includes, in accordance with Rule 192.7(b), constructive possession such that the person need not have actual possession.  As long as the person has the superior right to compel the production from a third party (including an agency, authority or representative), the person has possession, custody or control.

18.      As stated in Rule 192.3(c), a person has knowledge of relevant facts when he or she has or may have knowledge of any discoverable matter.  The information need not be admissible and personal knowledge is not required.

19.      "Settlement" means any oral or written, disclosed or undisclosed, agreement, bargain, contract settlement, partial settlement, limited agreement, arrangement, deal, understanding, loan agreement, credit agreement, contingent settlement, limitation on the amount of liability or judgment or promise by or between Defendant and any party or potential party whereby Plaintiff has in any way released or compromised, in whole or in part, directly or indirectly, or agreed to do so in the future, any of the matters in      controverting      this      lawsuit      whether      before      or      after      or      during

trial, or before or after any jury verdict is returned herein or a judgment is entered and rendered
herein.

## RULE 193.7

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives notice to

Defendants that Plaintiff intends to use all documents produced by Defendants in response to

written discovery in any pretrial matters and during the trial of this matter, as authenticated.

## INTERROGATORIES TO SCOOBEEZ, INC.

## INTERROGATORY NO. 1:

Identify the person answering these interrogatories on behalf of SCOOBEEZ, INC as well as their job
title.

## ANSWER:

## INTERROGATORY NO. 2:

Describe your employment relationship (i.e., employer/ employee, independent contractor, etc...), with
Billy Carroll on the date of the occurrence, and briefly provide the factual background for your answer. If
Billy Carroll was not employed by you, please identify her employer(s).

## ANSWER:

## INTERROGATORY NO. 3:

State whether Defendant Billy Carroll consumed any type of prescription medication, or any type of drug, or
any alcohol within the twenty-four hours prior to the occurrence in question, and if so, what and the
quantity.

## ANSWER:

000044

**INTERROGATORY NO. 4:**

Please identify the SCOOBEZ, INC. agent(s) and/or SCOOBEEZ, INC. employee(s) who granted access to Billy Carroll to drive for SCOOBEEZ, INC. on the date of the incident.

**ANSWER:**

**INTERROGATORY NO. 5:**

Describe any and all actions taken by SCOOBEZ, INC. or any agent of SCOOBEZ, INC. prior to the collision in question to investigate Billy Carroll's driving record and to determine Billy Carroll's ability to safely operate a motor vehicle.

**ANSWER:**

**INTERROGATORY NO. 6:**

Please identify all SCOOBEEZ, INC agent(s) and/or employee(s) who had any responsibilities for investigating the qualifications, employment history, or criminal history of Billy Carroll before the incident made the basis of this suit.

**ANSWER:**

**INTERROGATORY NO. 7:**

Has Defendant Billy Carroll ever had her driver's license revoked or suspended for any reason, and if so, state the dates of revocation or suspension and the reasons thereof.

**ANSWER:**

**INTERROGATORY NO. 8:**

Do you or your attorneys intend to use any criminal records of any party or person with knowledge of relevant facts for impeachment purposes at the trial of this cause? If so, please identify the party against whom you intend to offer the impeachment evidence, the charge, date of conviction, county or state of said conviction, and cause number with the style of the case.

**ANSWER:**

**INTERROGATORY NO. 9:**

Please identify the SCOOBEEZ, INC. agent and/or employee with the most knowledge regarding SCOOBEEZ INC's safety and/or safe driving policies and procedures for drivers at the time of the incident

**ANSWER:**

**INTERROGATORY NO. 10:**

If you made any determination concerning whether the occurrence was preventable or avoidable, please state the determination, the name, address, telephone number and position with your company of all persons who were involved in making such a determination, and provide a brief description of the factual basis for your determination.

**ANSWER:**

**INTERROGATORY NO. 11:**

If you allege that Plaintiff was negligent in regard to the accident made the basis of this suit, please list each and every way in which Plaintiff is alleged to be negligent and detail all facts which you allege support each such allegation.

**ANSWER:**

**INTERROGATORY NO. 12:**

State whether, to your knowledge, Defendant Billy Carroll has ever been involved in any other automobile accidents or collisions either before or after the collision made the basis of this suit, and if so, describe such other accidents or collisions including the dates, where they occurred, the circumstances of their occurrence, and the names and addresses of other parties involved in each.

**ANSWER:**

**INTERROGATORY NO. 13:**

State the full name, current (or last known) address, and phone number of each person who has possession, custody or control of any photographs, movie films or videotapes that depict the scene of the accident (whether made at any time before or after the accident), the vehicles involved in the accident, the Plaintiff, or which depict anything which is relevant to this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 14:**

State whether you have or Defendant Billy Carroll has been involved in any other legal action related to personal injuries resulting from a collision he was involved in, and if so, state the date and place of each action, the name of the court in which each action was filed, the name or names of the other party or parties to the action, the names of any attorneys representing parties in any such action, and the outcome of each such action.

**ANSWER:**

**INTERROGATORY NO. 15:**

Identify whether there had been any other collisions involving Billy Carroll while driving for SCOOBEEZ, INC. since his date of hire. If there were other collisions please identify what happened, where and when the incident occurred, names and contact of all parties involved, police report number, and if Billy Carroll was reprimanded.

**ANSWER:**

**INTERROGATORY NO. 16:**

Have there been any customer complaints or user reviews that are negative towards Billy Carroll since she has driven for SCOOBEEZ, INC.? If so, please identify the complaint(s), the nature of the complaint, specific wording of the complaint, who made the complaint, when the complaint occurred, and the contact information for the person making the complaint.

**ANSWER:**

**INTERROGATORY NO. 17:**

Please set forth in detail the date, location and contents of each and every conversation or communication between you or anyone on your behalf, including Billy Carroll, and Plaintiff, or agents, employees or family members of Plaintiff.

**ANSWER:**

**INTERROGATORY NO. 18:**

As to each expert used for consultation and who is not expected to be called as an expert witness at trial, but whose opinions or impressions have been reviewed by any testifying expert, please state such consulting expert's name, address, telephone number, mental impressions and opinions, and facts known to each such expert which relate to or form the basis of the mental impression or opinion held by such expert.

**ANSWER:**

**INTERROGATORY NO. 19:**

Was Billy Carroll driving for SCOOBEEZ, INC. at the time of the incident?

**ANSWER:**

**INTERROGATORY NO. 20:**

State the names, etc., of any and all persons believed or understood by Defendant to have any information concerning:

(a)      Any pre-existing disabilities, injuries, ailments or illnesses of the Plaintiff; and
(b)      Any disabilities, ailments, illnesses or injuries of the Plaintiff suffered after the date of the accident set forth in Plaintiff's petition.

**ANSWER:**

**INTERROGATORY NO. 21:**

Do you contend the incident made basis of this suit was not a proximate cause of the injuries to Plaintiff? If so, then state the exact basis for your contention/opinion, specifically referencing the evidence in your possession to support your opinion/contention.

**ANSWER:**

**INTERROGATORY NO. 22:**

Describe your understanding of how the incident in question occurred.

**ANSWER:**

**INTERROGATORY NO. 23:**

If Billy Carroll notified you that the incident in question took place, state when such notification took place, who received the notification and the substance of the notification.

**ANSWER:**

## REQUEST FOR PRODUCTION TO SCOOBEEZ, INC.

### REQUEST NO. 1:

A copy of each and every photograph, film, videotape, slide, drawing, model, diagram, or other visual display in the possession, custody or control of Defendant, which allegedly depicts or portrays the scene of the accident made the basis of this lawsuit, the vehicles involved in the accident made the basis of this lawsuit, the Plaintiff and/or which is in any way relevant to the accident in question or this lawsuit.

### RESPONSE:

### REQUEST NO. 2:

A copy of the front and back of Defendant Billy Carroll's driver's license.

### RESPONSE:

### REQUEST NO. 3:

All documents, including correspondence, received by this Defendant or any of its agents or representatives from Plaintiff prior to the date this lawsuit was filed.

### RESPONSE:

### REQUEST NO. 4:

Documents reflecting any notification of the incident given to you by Billy Carroll.

### RESPONSE:

### REQUEST NO. 5:

Any and all non-privileged documents related to any partnership agreements, employment agreements, independent contractor agreements, or any other working agreement related to Billy Carroll's employment at the time of the incident made the basis of this suit.

### RESPONSE:

### REQUEST NO. 6

Any and all non-privileged documents related to Billy Carroll's status as an employer, employee or independent contractor in relation to any other entity at the time of the incident made the basis of this suit.

---

**PLAINTIFF'S FIRST REQUEST FOR WRITTEN
DISCOVERY TO DEFENDANT**

**RESPONSE:**

**REQUEST NO. 7:**

Copies of any and all medical records relating to Plaintiff which have not previously been provided to this Defendant by Plaintiff (or its counsel) and which are in the possession, control or custody of Defendant or its agents, representatives or attorneys.   This request includes all documents obtained through deposition on written questions pursuant to Rule 206(2).

**RESPONSE:**

**REQUEST NO. 8:**

Any and all non-privileged documents, including but not limited to, policy and procedure manuals, related to any procedures, forms or protocols that were mandated or suggested for employees and/or independent contractors such as Billy Carroll in connection with the employees' or contractors' execution of his/her duties.

**RESPONSE:**

**REQUEST NO. 9:**

Any and all documents reflecting criminal conviction you intend to use against any person for impeachment purposes at the time of trial of this cause.

**RESPONSE:**

**REQUEST NO. 10:**

Any and all documents or memoranda concerning, in any way whatsoever, any and all training or instruction of Defendant Billy Carroll (including any materials distributed in any defensive driving course) in operating a motor vehicle in the past three (3) years.

**RESPONSE:**

**REQUEST NO. 11:**

Job Descriptions for the following positions in effect on the date of the incident:

- Billy Carroll;
- SCOOBEEZ, INC Safety Manager;
- Any SCOOBEEZ, INC agent or employee who granted Billy Carroll access to SCOOBEEZ, INC as a driver;
- The supervisor of any SCOOBEEZ, INC agent or employee who granted Billy Carroll access to SCOOBEEZ, INC. as a driver;

**PLAINTIFF'S FIRST REQUEST FOR WRITTEN
DISCOVERY TO DEFENDANT**

- The SCOOBEEZ, INC "Safety Team" members who investigated the incident made the basis of this suit; and
- Any SCOOBEEZ, INC. agent or employee who had any responsibilities for investigating the qualifications, employment history, or criminal history of Billy Carroll before the incident made the basis of this suit.

## RESPONSE:

## REQUEST NO. 12:

All orientation and training records for Billy Carroll.

## RESPONSE:

## REQUEST NO. 13:

Documents identifying all claims or lawsuits filed against SCOOBEEZ, INC., in the last 3 years involving personal injuries arising from an incident when a SCOOBIEZ, INC. driver ran a stop sign/stop light or failed to yield the right-of-way.

## RESPONSE:

## REQUEST NO. 14:

Any and all charts, models, blow-ups, pictures, illustrations, diagrams or other documents or tangible things which you intend to use as a demonstrative exhibit or aid at the trial of this cause.

## RESPONSE:

## REQUEST NO. 15:

Any documents related to disciplinary measures, or termination, taken against Billy Carroll as a result of the collision made the basis of this suit since this incident made the basis of this suit and the three years prior to the incident made the basis for this suit.

## RESPONSE:

## REQUEST NO. 16:

All reports, documents, notes, memoranda, correspondence, charts, diagrams, photographs, videotapes, exhibits, slides, x-rays, models, compilations of data, and any other documents, materials or tangible things prepared by or for any consulting experts whose opinions have been reviewed by any testifying expert.

**RESPONSE:**

**REQUEST NO. 17:**

Any indemnity agreements by and between any Defendant in this suit.

**RESPONSE:**

**REQUEST NO. 18:**

All Incident/Occurrence Reports and all addenda that pertain to the incident made the basis of this suit.

**RESPONSE:**

**REQUEST NO. 19**

Any subrogation or lien notices related to Plaintiff.

**RESPONSE:**

**REQUEST NO. 20:**

All documents gathered by you reflecting the driving record of Defendant Billy Carroll or any other documents related to his driving history.

**RESPONSE**

**REQUEST NO. 21:**

Any internal report and/or documentation you completed at the request of any party relating to this incident which predates your anticipation of litigation.

**RESPONSE:**

**REQUEST NO. 22:**

Any and all documents, reports, memoranda, notes, recordings or statements of any kind which relate or refer to any vehicular incidents involving Billy Carroll.

**RESPONSE:**

**REQUEST NO. 23:**

Copies of any and all employee manuals, instruction manuals, policy and procedure manuals and other materials issued to Billy Carroll containing instructions, directions, suggestions or recommendations for driving and operations.

**RESPONSE:**

**REQUEST NO.24:**

All documents related to any complaints by any customers or co-workers related to Billy Carroll and his use of a motor vehicle during the time he drove for SCOOBEEZ, INC preceding the occurrence in question.

**RESPONSE:**

**REQUEST NO. 25**

All documents and electronic data related to communications between you and Billy Carroll on the date of the occurrence and the day following the occurrence.

**RESPONSE:**

**REQUEST NO. 26:**

All records of any communications, including transcripts, notes, memoranda, electronic and digital records, between Billy Carroll and you (including your agents, servants, employees and independent contractors) for the 48 period before and after the collision in question.

**RESPONSE:**

**REQUEST NO. 27:**

All documents related to any investigation of the incident made the basis of this suit by SCOOBEEZ INC's Safety Team (or other safety related team).

**RESPONSE:**

**REQUEST NO. 28:**

A copy of any alcohol and/or controlled substance test for Billy Carroll following the occurrence in question.

**RESPONSE:**

**REQUEST NO. 29:**

Copies of the complete employee manual, instruction manual, policy and procedure manual and other materials issued by you to Billy Carroll containing instructions, directions, suggestions or recommendations for proper and safe driving and operations.

**RESPONSE:**

**REQUEST NO. 30:**

Any and all non-privileged documents related to any partnership agreements, employment agreements, independent contractor agreements, or any other working agreement, related to Billy Carroll's employment at the time of the incident made the basis of this suit.

**RESPONSE:**

**REQUEST NO. 31:**

Produce the drivers delivery route for the day of the incident.

**RESPONSE:**

**REQUEST NO. 32:**

Documents reflecting scheduled delivery times for Billy Carroll for the date of the incident.

**REQUEST NO. 33:**

Documents reflecting actual delivery times for Billy Carroll for the date of the incident.

**RESPONSE:**

**REQUEST NO. 34:**

Produce Billy Carroll's delivery route for the three months preceding the incident made the basis for this suit.

**RESPONSE:**

**REQUEST NO. 35:**

Documents reflecting scheduled delivery times for Billy Carroll for the three months preceding the incident made the basis for this suit.

**REQUEST NO. 36:**

Documents reflecting actual delivery times for Billy Carroll for the three months preceding the incident made the basis for this suit.

**REQUEST NO. 37:**

Produce the Driver delivery log for the two weeks preceding the date of the incident up to and including the date of the incident.

**RESPONSE:**

**REQUEST NO. 38:**

Produce all complaints or user reviews that are negative towards Billy Carroll since he began driving for you.

**RESPONSE:**

**REQUEST NO. 39:**

Produce all incident reports and documents generated by you for all motor vehicle collisions Billy Carroll has been involved in since he began driving for you.

**RESPONSE:**

**REQUEST NO. 40:**

Produce all documents reflecting the driver's delivery logs that day.  This request should include the following.

**RESPONSE:**

CAUSE NO. DC-19-10915

| | | |
|---|---|---|
| ARDIS STEPHENS | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff,** | § | |
| v. | § | |
| | § | 68th JUDICIAL DISTRICT |
| SCOOBEEZ, INC. and | § | |
| BILLY CARROLL | § | |
| | § | |
| **Defendants.** | § | DALLAS COUNTY, TEXAS |

## DEFENDANT, SCOOBEEZ, INC.'S, ORIGINAL ANSWER, SUGGESTION OF BANKRUPTCY and NOTICE OF AUTOMATIC STAY

**COME NOW DEFENDANT, SCOOBEEZ, INC.**, (hereinafter "Defendant"), by and through its attorney, George "Hal" Parker of the law firm Dewhirst & Dolven, LLC, who files this Original Answer, Suggestion of Bankruptcy and Notice of Automatic Stay in response to Plaintiff's Original Petition, stating as follows:

The "***attorney-in-charge***" for purposes of Tex. R. Civ. P. 8, is hereby designated to be George "Hal" Parker, who is the attorney for Defendant designated to receive communications from the Court and the other parties in this matter.

## I. GENERAL DENIAL

1. Pursuant to Tex. R. Civ. P. 92, Defendant asserts a general denial and request that Plaintiffs be required to prove the charges and allegations against Defendant by a preponderance of the evidence.

## II. AFFIRMATIVE DEFENSES

2. Plaintiff's accident was caused in whole or in part by his own contributory negligence in driving too fast for conditions present, failing to slow or stop his vehicle to avoid the

1

000056

collision, and in other acts of negligence in the operation of his motorcycle which may be disclosed during discovery in this case.

3.    Plaintiff's right to recover loss of earnings, loss of earning capacity, or contributions of pecuniary value, or loss of inheritance, such recovery is limited to net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law.

4.    Plaintiff's right to recover medical expenses is limited by the provisions of Tex. Civ. Practice and Remedies Code Sec. 41.005.

### III. RULE 193.7 NOTICE

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant hereby gives notice that all documents produced by Plaintiff will be used in pretrial proceedings and/or at the trial of this matter.

### IV. SUGGESTION OF BANKRUPTCY and NOTICE OF AUTOMATIC STAY

5.    On April 30, 2019, Defendant, Scoobeez, Inc., filed a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code in the Central District of California, Case No. 2:19-bk-14989-WB. (*See*, Exh. A attached). The case is still ongoing and the Defendant, Scoobeez, Inc., has not been closed or discharged.

2.    Pursuant to 11 U.S.C.A. §362(a), *et seq.*, the filing of this bankruptcy action created an automatic stay of all actions and claims made against it by the Plaintiff in the above styled and numbered cause.

3.    The Plaintiff filed his case against Defendant on August 1, 2019, which was about three months after the bankruptcy court's automatic stay had entered. "This stay arises automatically when bankruptcy is filed and is effective whether or not a party learns of it prior to acting. That stay remains in effect until the bankruptcy proceeding is concluded or

2

the property is no longer in the estate." *Lawrenson v. Global Marine, Inc*., 869 S.W.2d 519 (Tex. App.-Texarkana 1993). Further, "[w]hen a creditor does not seek relief from a stay but attempts to take some action commencing or continuing such a suit, as in the present case, the action taken is void, not merely voidable." *Id*. "… filing of suit during the bankruptcy without the permission of the bankruptcy court, is a nullity." For this reason, the Defendant asks this Court to dismiss the lawsuit filed against it by Plaintiff herein.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that this Court dismiss the Plaintiff's Original Petition and all claims made against Defendant and for such other and further relief to which the Court finds Defendant justly entitled.

Dated this the 18th day of September 2019.

By:     *s/George H. Parker*
        **George H. "Hal" Parker**
        Texas Bar No. 15484020
        gparker@dewhirstdolven.com
        Dewhirst & Dolven, LLC
        5430 LBJ Freeway Ste. 1200
        Dallas, TX 75240
        Telephone: (970) 214-9698
        Attorney for Defendant,
        Scoobeez, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a true and correct copy of this pleading to be served upon Plaintiffs by electronic filing to their attorney of record through the court's system on this the 18th day of September 2019.

By:     *s/George H. Parker*
        George H. "Hal" Parker

3

**CAUSE NO. DC-19-10915**

| | | |
|---|---|---|
| **ARDIS STEPHENS** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | |
| | § | **68th JUDICIAL DISTRICT** |
| **SCOOBEEZ, INC. and** | § | |
| **BILLY CARROLL** | § | |
| | § | |
| **Defendants.** | § | **DALLAS COUNTY, TEXAS** |

**DEFENDANT, BILLY CARROLL'S, ORIGINAL ANSWER and
REQUEST FOR DISCLOSURE**

**COME NOW DEFENDANT, BILLY CARROLL**, (hereinafter "Defendant"), by and through his attorney, George "Hal" Parker of the law firm Dewhirst & Dolven, LLC, who files this Original Answer and Request for Disclosure, stating as follows:

The "***attorney-in-charge***" for purposes of Tex. R. Civ. P. 8, is hereby designated to be George "Hal" Parker, who is the attorney for Defendant designated to receive communications from the Court and the other parties in this matter.

**I. GENERAL DENIAL**

1.      Pursuant to Tex. R. Civ. P. 92, Defendant asserts a general denial and request that Plaintiff be required to prove the charges and allegations against Defendant by a preponderance of the evidence.

**II. AFFIRMATIVE DEFENSES**

2.      Plaintiff's accident was caused in whole or in part by his own contributory negligence in driving too fast for conditions present, failing to slow or stop his vehicle to avoid the collision, and in other acts of negligence in the operation of his motorcycle which may be disclosed during discovery in this case.

1

3.    Plaintiff's right to recover loss of earnings, loss of earning capacity, or contributions of pecuniary value, or loss of inheritance, such recovery is limited to net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law.

4.    Plaintiff's right to recover medical expenses is limited by the provisions of Tex. Civ. Practice and Remedies Code Sec. 41.005.

### III. RULE 193.7 NOTICE

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant hereby gives notice that all documents produced by Plaintiff will be used in pretrial proceedings and/or at the trial of this matter.

### IV. REQUEST FOR DISCLOSURES

Pursuant to Rule 194, you are requested to disclose, within 30 days of service of this request, the information or material described in Rule 194.2 (a) through (l).

### PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that upon final hearing that Plaintiff takes nothing by his claims; and for such other and further relief to which the Court finds Defendant justly entitled.

Dated this the 18th day of September 2019.

By:    *s/George H. Parker*
**George H. "Hal" Parker**
Texas Bar No. 15484020
gparker@dewhirstdolven.com
Dewhirst & Dolven, LLC
5430 LBJ Freeway Ste. 1200
Dallas, TX 75240
Telephone: (970) 214-9698
Attorney for Defendant,
Billy Carroll

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have caused a true and correct copy of this pleading to be served upon Plaintiff by electronic filing to their attorney of record through the court's system on this the 18th day of September 2019.

By:    *s/George H. Parker*
       George H. "Hal" Parker

000061

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10866 Washington Blvd. #108, Culver City, CA 90232.

A true and correct copy of the foregoing document entitled **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>**November 7, 2019**</u>, I checked the CMC/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

⊠ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On <u>**November 7, 2019**</u>, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

⊠ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method <u>for each person or entity served</u>): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on <u>**November 7, 2019**</u>, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

*Via Overnight Mail Service*
Honorable Julie Brand
U.S. Bankruptcy Court - Central District of California
255 East Temple Street, Suite 1382
Los Angeles, CA 90012

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| <u>**November 7, 2019**</u> | Michael C. Mosher | */s/ Michael C. Mosher* |
|---|---|---|
| Date | Printed Name | Signature |

By ECF email:


Richard W Esterkin    richard.esterkin@morganlewis.com
John-Patrick M Fritz    jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com
Riebert Sterling Henderson    shenderson@gibbsgiden.com
Vivian Ho    BKClaimConfirmation@ftb.ca.gov
David Brian Lally    davidlallylaw@gmail.com
Alvin Mar    alvin.mar@usdoj.gov
Ashley M McDow    amcdow@foley.com,
sgaeta@foley.com;mhebbeln@foley.com;swilson@foley.com;jsimon@foley.com
Stacey A Miller    smiller@tharpe-howell.com
Kevin H Morse    kmorse@clarkhill.com, blambert@clarkhill.com
Shane J Moses    smoses@foley.com
Akop J Nalbandyan    jnalbandyan@LNtriallawyers.com, cbautista@LNtriallawyers.com
Rejoy Nalkara    rejoy.nalkara@americaninfosource.com
Anthony J Napolitano    anapolitano@buchalter.com,
IFS_filing@buchalter.com;salarcon@buchalter.com
David L. Neale    dln@lnbyb.com

Aram Ordubegian    ordubegian.aram@arentfox.com
Hamid R Rafatjoo    hrafatjoo@raineslaw.com, bclark@raineslaw.com;cwilliams@raineslaw.com
Gregory M Salvato    gsalvato@salvatolawoffices.com,
calendar@salvatolawoffices.com;jboufadel@salvatolawoffices.com;gsalvato@ecf.inforuptcy.com
Jeffrey S Shinbrot    jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com
Steven M Spector    sspector@buchalter.com, IFS_efiling@buchalter.com;salarcon@buchalter.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
Kimberly Walsh    bk-kwalsh@texasattorneygeneral.gov
Eric K Yaeckel    yaeckel@sullivanlawgroupapc.com

By US Mail:

Conway MacKenzie, Inc.
333 S Hope St Ste 3625
Los Angeles, CA 90071

Daimler Trust
c/o BK Servicing, LLC
PO Box 131265
Roseville, MN 55113-0011

Levene Neale Bender Yoo & Brill LLP
10250 Constellation Blvd Ste 1700
Los Angeles, CA 90067