1

2

## MEMORANDUM OF POINTS AND AUTHORITIES

3      A corporation is managed by its board of directors who answer to, and are elected

4   by the shareholders.  The Shareholders of SCOOBEEZ GLOBAL, INC. held a special

5   meeting at which they voted to remove one member of the board of directors and replace

6   him with three additional members.  That new board has not attempted to exercise control

7   over property of the estates, or to direct the actions of the Debtors in this case.  The

8   shareholders are greatly concerned over the course the Debtors have followed in this case,

9   particularly the undue influence that secured creditor Hillair has exercised over the "old

10  board" and management.  Movant, one of the shareholders attending the meeting, and

11  voting in favor of the actions taken at that meeting, requests that the court recognize the

12  the actions of the shareholders to created the newly constituted board as the current Board

13  of Directors of SCOOBEEZ GLOBAL, INC. and that the actions of the Board of Directors

14  do not violate the Automatic Stay of Proceedings, or alternatively, that the Board be

15  granted relief from stay so that it may freely govern the corporations.  Since this Debtor is

16  the parent of the other Debtors in this case, the decisions of that board will determine the

17  actions of those Debtors.  However, the shareholders made it clear to the new board

18  members that they would not countenance any attempt to put Shahan Ohanessian in

19  charge of, or with access to, the moneys of the Debtors.

20

21

## A SHORT HISTORY OF THE FACTS

22      The Debtors filed their Chapter 11 Petitions on April 30, 2019 .  The Debtors are

23  debtors-in-possession of their estates.  Cash collateral orders between the Debtors and

24  secured creditor Hillair Capital Management, LLC ("Hillair") were entered on an interim

25  basis throughout the case, and continue to be in effect.  On August 29, 2019, the Debtors

26  filed a motion seeking approval of the sale of substantially all assets, subject to a stalking

27  horse bid by senior secured creditor Hillair.  The Debtors also obtained orders setting forth

28

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER FOR RELIEF FROM AUTOMATIC STAY
OR, ALTERNATIVELY, FOR ORDER THAT AUTOMATIC STAY DOES NOT APPLY**

procedures for the marketing of the Debtors and their assets as well as the conduct of any sales in light of expected overbids.  At a hearing on October 17, 2019, the Debtors admitted that they had not obtained any offers.  The hearing was continued to November 7, and later to November 18 when the motion was denied.  Meantime, the Debtors filed a complaint against Amazon Logistics Inc. ("Amazon") on October 25, which turned around and filed a motion for relief from stay contending that it had the right to terminate its agreements with the Debtors.  Amazon provides the vast majority of the Debtors' delivery business.

If the motion to approve the sale of all of the Debtors' assets had been approved and secured creditor Hillair was the buyer, there would be no distribution to the unsecured creditors absent Hillair's charity, no distribution to equity, and a probable wholesale reduction in the workforce.  The relationship with Amazon has been allowed to sour to the point of litigation and threats of termination of contracts, and the future prospects of the Debtors are cast into substantial doubt.

On October 18, 2019, the shareholders of SCOOBEEZ GLOBAL, INC. made a written demand upon the co-executive officers that a special meeting of the shareholders be called and noticed within 15 days.  The executive officers did not respond to the demand, but instead stated that they were doing research and that a response would follow.

On October 29, 2019, majority shareholder Shahan Ohanessian served notice upon the Board, officers and bankruptcy counsel that due to their failure to call a shareholders meeting, he was calling one for November 1, 2019 to discuss the current status of Scoobeez Global, the actions of the current board of directors, Scoobeez Global's relationship with, and the recently filed lawsuit against, Amazon, as well as possible removal of the existing Board or some of its members.

The executives responded on October 31 that they would not call a special meeting of the shareholders because notice would have to be sent to all shareholders, that they did

not have a current list of shareholders, that the transfer agent of Scoobeez Global could compile such a list, that it would cost approximately $6,000 to obtain that list, that the cash collateral budget did not take such an expense into account, and that permission to incur that expense had been denied by the secured creditor.

The Special Meeting of the Shareholders took place on November 1, 2019 at approximately 12:00 noon.  Three shareholders were present.  Prior to any motions or votes, the shareholders discussed the Amazon situation, their dissatisfaction with the seeming take-over of the company by Hillair including the relations between Hillair and CRO Brian Weiss, the seeming absence of Daniel Harrow from governance, the potential sale of the company to Hillair with no return to creditors or shareholders, and the need to explore other means of reorganization.  After review of the situation, the shareholders voted to remove Daniel W. Harrow as a member of the board,, and voted to elect Chishona Ohanessian, Shahan Ohanessian and Gregori Sedrakyan as new directors.

The first act of this new board was to ask the Debtors' management why a sale is a better alternative than restructuring and reorganization of the Debtors.  It will seek answers into the issues of excess technology spending.  It will deal with conflicts of interest among the officers of the debtors, and it may seek a new Chief Restructuring Officer who does not have ties to Hillair.  It will not wrest control of the finances of the Debtors from its management.

The action by the shareholders should be recognized as a legitimate means to exercise their inherent power to control the Debtors' reorganization.

## DECISIONS OF DEBTORS' MANAGEMENT HAVE DELETERIOUSLY IMPACTED THE BUSINESS OF THE DEBTORS

At a time when business is down 40% from its pre-bankruptcy level, when its best customer, Amazon, is threatening to cut off all business from the Debtors, and when its

1  buyer backed out of the APA causing its sale motion to be denied, the Debtors paid

2  $86,000 in one month to its Chief Restructuring Officer, and doubled the pay of its co-

3  CEOs, George Voskanian and Scott Sheikh, Ohanessian's former lawyer.  A sophisticated

4  logistics company seems to be overspending on outside technology consultants.

5      Secured creditor Hillair took over the Debtors through its cash collateral powers

6  within three weeks of the Petition Date.  It forced the ouster of Scoobeez' president and

7  founder, Shahan Ohanessian.  It installed its own nominee as Chief Restructuring Officer,

8  Brian Weiss.  It added a new board of directors, installing Weiss, respected Chapter 7

9  trustee Howard Grobstein, and Daniel W. Harrow, a man with a limited known background.

10  During this regime, revenue has dropped by 40% from pre-petition levels, the relationship

11  with Amazon has soured to litigation and threatened termination of contracts, and a sale

12  of the Debtors' estates to Hillair which would return nothing to anyone but Hillair was

13  floated and denied.

14      The sale to Hillair, while termed a stalking horse bid, was really an attempt to freeze

15  out any competition.  The sale to Hillair would not have generated a return to unsecured

16  creditors let alone equity.  The responsibility for undertaking these tasks lies with the Board

17  of Directors not just the attorneys who advise them and who follow their instructions.  This

18  does not look like a board which understands its fiduciary obligations in a chapter

19  proceeding.  Rather, it is a puppet of Hillair.

20      Debtors' top management is rife with conflicts of interest.  Weiss is the chosen CRO

21  of Hillair, and undoubtedly hopes for future appointments.  Sheikh remains the attorney of

22  ousted officer and director Ohanessian.  That appears to be serving two masters with

23  different agendas.

24      In addition, the Debtors paid Weiss $86,000 in one month, which annualizes to over

25  $1,000,000.  They apparently ran up over $1-million in Debtor-in-Possession attorneys'

26  fees (Application at docket # 376), plus the fees of Creditors Committee Counsel

27  ($244,000, docket # 378) others ($100,000 to Armory Securities, docket # 37, and

28

1   $272,500 to Conway MacKenzie, docket # 372).  Yet that Board refused reimbursement

2   to Shoushana Ohanessian for employee expenses she advanced at their request.

3        The Debtors have asked to extend exclusivity to file a Chapter 11 Plan, yet nothing

4   as been floated.  The old board is too beholden to Hillair to mount any kind of challenge

5   to its rule.  This new board is prepared to fashion a reorganization relying upon the

6   business acumen of its members, not just the financial analysis of its CRO.

7        For all of these reasons, the shareholders sought to call a meeting so that

8   management would answer their many questions regarding the fate of their companies.

9   When that was rebuffed, it was clear that more assertive action needed to be done.  They

10  convened a meeting of the shareholders in compliance with the By-Laws, removed a

11  director, installed three new directors, and demanded information from management.

12  Further steps await a decision of this motion.

13

14  **THE SHAREHOLDERS MEETING WAS PROPERLY CALLED AND HELD**

15

16       Scoobeez was originally organized in California, but as a result of a reverse merger

17  with ABT Mining, Inc., which later became ABT Holding, Inc., and now has changed its

18  name to Scoobeez Global, Inc., Scoobeez Global. Inc. is an Idaho corporation.  <u>Idaho</u>

19  <u>Code</u> Section 30-29-702(a) governs special meetings of the shareholders of a corporation.

20  In relevant part, the section provides:

21       "(2) If shareholders holding at least twenty percent (20%) of all the

22       votes entitled to be cast on any issue proposed to be considered at the

23       proposed special meeting sign, date and deliver to the corporation one (1)

24       or more written demands for the meeting describing the purpose or purposes

25       for which it is to be held, provided that the articles of incorporation may fix a

26       lower percentage or a higher percentage not exceeding thirty-three and

27       one-third percent (33 1/3%) of all the votes entitled to be cast on any issue

28

1    proposed to be considered. Unless otherwise provided in the articles of

2    incorporation, a written demand for a special meeting may be revoked by a

3    writing to that effect received by the corporation before the receipt by the

4    corporation of demands sufficient in number to require the holding of a

5    special meeting."

6    On October 18, 2019, majority shareholder Shahan Ohanessian served upon the

7    then co-Chief Executive Officers of Scoobeez Global, George Voskanian and Scott A.

8    Shiekh, a written demand, pursuant to Article II, Section 2 of the debtor's bylaws[1], that a

9    special meeting of the shareholders of Scoobeez Global be called and noticed within 15

10   days of the demand and set forth the issues to be addressed at the special meeting. The

11   demand was also sent to bankruptcy counsel, John Simon and Ashley M. McDow, and

12   then directors, Brian Weiss, Howard Grobstein and Daniel W. Harrow.   Ohanessian

13   received no response from the co-CEOs of Scoobeez Global, therefore, on October 23,

14   2019, he sent a follow up email inquiring about the status of the special meeting demanded

15   by way of the letter served on October 18, 2019.  On that same date, Ohanessian received

16   a response from Weiss indicating that his "legal counsel … are performing some research"

17   and that a response would be "provide[d] after this occurs."

18   On October 25, 2019, Ohanessian sent another follow-up correspondence to

19   Messrs. Voskanian, Shiekh, Simon, Weiss, Grobstein and Harrow, and Ms. McDow

20   following up on his demand for a special meeting of the shareholders.  The Board did not

21   take any action.  In light of management's refusal to address the demand, on October 29,

22   2019, Shahan served a notice on Messrs. Voskanian, Shiekh, Simon, Weiss, Grobstein

23   and Harrow, and Ms. McDow indicating that, he was calling a Special Meeting of the

24   _____

25       [1] That section provides: "Any action required to be taken at a meeting of the
     shareholders, or any other action which may be taken at a meeting of the shareholders,
26   may be taken without a meeting of a consent in writing, setting forth the action so taken,
     must be signed by shareholders owning a majority of the Company's issued and
27   outstanding common stock with respect to the subject matter thereof."

28   _____
     **POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER FOR RELIEF FROM AUTOMATIC STAY
     OR, ALTERNATIVELY, FOR ORDER THAT AUTOMATIC STAY DOES NOT APPLY**
     - 6 -

1  Shareholders to be held at 1:00 p.m. PST on November 1, 2019, at Scoobeez Global's

2  principal offices.  Finally responding, on October 31, 2019, Co-CEO Sheikh sent an email

3  indicating that Shahan will not be allowed access to Scoobeez Global's principal offices on

4  November 1, 2019 for purposes of holding a shareholders meeting.

5      In light of these events, shareholders Peter Rosenthal (as Trustee of the Rosenthal

6  Family Trust), Ohanessian and Dick Dolan, who jointly own over 90% of the outstanding

7  common stock of Scoobeez Global, convened a shareholders meeting on November 1,

8  2019, at a location in Glendale, California (which was disclosed to the Company's

9  management in advance of the meeting), wherein they discussed: (i) the status of

10 Scoobeez Global, (ii) the actions taken by the current officers and directors, (iii) Scoobeez

11 Global's relationship with Amazon, (iv) Scoobeez Global's lawsuit against Amazon, and (v)

12 the actions and conduct of the directors and officers of Scoobeez Global.

13     At the meeting, Rosenthal made a motion to change the Board of Directors of

14 Scoobeez Global, to remove of Daniel W. Harrow and appoint new Directors to the Board.

15 The motion was seconded by Dick Dolan. A vote was held by the present shareholders,

16 with all three shareholders voting in favor, to remove Harrow from the Board of Directors,

17 and elected the following individuals to the Board:  Shoushana Ohanessian, Shahan

18 Ohanessian and Gregori Sedrakyan.  Brian Weiss and Howard Grobstein were not

19 removed from the Board.

20     That new board asked for information from the company's management, "why the

21 Sale Motion pending before the United States Bankruptcy Court is a better course of action

22 for the creditors than the Company filing a reorganization plan." The management's

23 response was to deny the legitimacy of the shareholders meeting and its actions.

24

25     Article 2, Section 8 of the Bylaws of Scoobeez Global provides as follows:

26         "Any action required to be taken at a meeting of the shareholders, or

27         any other action which may be taken at a meeting of the shareholders, may

28

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER FOR RELIEF FROM AUTOMATIC STAY
OR, ALTERNATIVELY, FOR ORDER THAT AUTOMATIC STAY DOES NOT APPLY**

1    be taken without a meeting of a consent in writing, setting forth the action so

2    taken, must be signed by shareholders owning a majority of the Company's

3    issued and outstanding common stock with respect to the subject matter

4    thereof."

5    This provision is consistent with Idaho law, which provides that:

6        "The articles of incorporation may provide that any action required or

7    permitted by this chapter to be taken at a shareholders' meeting may be

8    taken without a meeting, and without prior notice, if consents in writing

9    setting forth the action so taken are signed by the holders of outstanding

10    shares having not less than the minimum number of votes that would be

11    required to authorize or take the action at a meeting at which all shares

12    entitled to vote on the action were present and voted. (I.C. § 30-29-704(b).)"

13    Idaho law further provides that:

14        A consent signed pursuant to the provisions of this section has the

15    effect of a vote taken at a meeting and may be described as such in any

16    document. Unless the articles of incorporation, bylaws, or a resolution of the

17    board of directors provides for a reasonable delay to permit tabulation of

18    written consents, the action taken by written consent shall be effective when

19    written consents signed by sufficient shareholders to take the action have

20    been delivered to the corporation. (I.C. § 30-29-704(d).)

21

22    **THE FILING OF A BANKRUPTCY DOES NOT DEPRIVE SHAREHOLDERS**

23    **AND DIRECTORS OF THEIR CORPORATE MANAGEMENT POWERS**

24

25    It is axiomatic that a corporate entity is managed by a board of directors that is

26    elected by the shareholders.  The ultimate power of a corporation rests in its shareholders

27    whose power to elect and remove members of the board of directors can steer the course

28

the corporate follows.  This is true in the wide world, and it is also true while the corporation navigates the reefs and shoals of bankruptcy.

The shareholders retain their rights to elect the board of directors of debtors in bankruptcy. Jacobson v. AEG Capital Corp., 50 F.3d 1493, 1499-1500 (9th Cir 1995) ("shareholders still have the power to elect directors of the corporation, and the directors still have the power to select officers and to guide the corporation's business activities where director action is required by state law", quoting Broude, Reorganizations Under Chapter 11 of the Bankruptcy Code, § 6.06). Bankruptcy courts have long given wide deference to the underlying corporate powers possessed by officers, directors and shareholders of debtor corporations.  "As a consequence of the shareholders' right to govern their corporation, *a prerogative ordinarily uncompromised by reorganization*, a bankruptcy court should not lightly employ its equitable power to block an election of a new board of directors." In re Johns Manville Corp., 801 F.2d 60, 64 (2d Cir. 1986) (Emphasis added.).

As stated in In re Lifeguard Indus., Inc., 37 BR 3, 17 (Bankr SD Ohio 1983) "There is little question that shareholders of a corporate debtor-in-possession retain their state law rights to control a corporation, and that such rights cannot be lightly cast aside by this Court."  The equitable principles that underlie bankruptcy law encourage respect for all classes of claimants.  "Shareholders, moreover, should have the right to be adequately represented in the conduct of a debtor's affairs, particularly in such an important matter as the reorganization of the debtor."     In re Marvel Entm't Grp., 209 BR 832, 838 (D Del. 1997).  The course presently set by the Board seems to lead inexorably to a take-over by the secured creditor to the extreme detriment of the creditor classes and the shareholders.

The "right to call a [shareholders] meeting may be impaired only if the Equity Committee is guilty of "clear abuse" in attempting to call one. See In re J.P. Linahan, Inc., 111 F.2d 590, 592 (2d Cir. 1940)." In re Johns-Manville Corp., 801 F.2d 60, 64 (2d Cir. 1986).  Providing themselves with a voice in the reorganization process is not a clear

1    abuse.

2        In an early case, <u>In re Bush Terminal Co.</u>, 78 F.2d 662 (2d Cir. 1935), the Second

3    Circuit reversed an order enjoining a shareholders' meeting which sought to advance a

4    rehabilitation plan more favorable to equity.  The court said:

5        "[T]he debtor is given the right to be heard on all questions. Obviously, the

6        stockholders should have the right to be adequately represented in the

7        conduct of the debtor's affairs, especially in such an important matter as the

8        reorganization of the debtor. Such representation can be obtained only by

9        having as directors persons of their choice. . . . [T]he debtor is given the

10        power to propose a plan of reorganization. No reason is advanced why

11        stockholders, if they feel that the present board of directors is not acting in

12        their interest, or has caused an unsatisfactory plan to be filed on behalf of

13        the debtor, should not cause a new board to be elected which will act in

14        conformance with the stockholders' wishes." Id at 664.

15        A significant factor which influences the courts appears to be equity's participation

16    in the reorganization process.  The position of the respective classes of creditors and

17    interest holders can be negotiated and incorporated into a reorganization plan; or be the

18    subject of a reorganization battle for votes after a disclosure statement makes clear the

19    consequences of confirmation for each class.  This process is lacking here where the

20    Debtor's directors seek to sell it and/or its assets as a Section 363(b) sale against the

21    expressed will of equity and without any significant disclosure of due diligence in locating

22    a buyer, the valuation of assets, or the consequences to each class if a sale is

23    consummated.  If equity participation is to be encouraged in the open reorganization

24    process, it stands to reason that it is to be welcomed where the process is shrouded in

25    mystery.

26

27

28

1    **THE SHAREHOLDERS MEETING AND ELECTION OF NEW DIRECTORS**

2    **IS NOT PROHIBITED BY THE AUTOMATIC STAY**

3

4          A number of courts have considered the impact of the automatic stay vis-a-vis the

5    inherent powers and structures of corporations and their interestholders, and virtually all

6    have concluded that the automatic stay does not bar such actions.  The Second Circuit

7    considered the issue of whether a court should issue an affirmative injunction to stop a

8    disputed board election in the case of In re Johns-Manville Corp. Manville Corp. v. Equity

9    Security Holders Committee (In re Johns-Manville Corp.), 801 F.2d 60, 63 (2d Cir. 1986).

10   The Johns-Manville court upheld that the right of shareholders to compel a shareholders'

11   meeting for the purposes of election a new board of directors continues during

12   reorganization proceedings.  "A proceeding in bankruptcy ordinarily will not impair the right

13   of a shareholder to compel an annual meeting."

14          While there are differences between annual and special shareholder meetings, they

15   are more of formalities than of substance.  In each, shareholders may vote to take action.

16   In Official Bondholder Committee v. Chase Manhatten [sic] Bank (In re Marvel Entm't Grp.,

17   Inc.), 209 B.R. 832 (D. Del. 1997) ("Marvel Entertainment"), the court held that the

18   automatic stay provisions of the Bankruptcy Code were not implicated by the exercise of

19   a shareholders' corporate governance rights.  Relying, in part, on Johns-Manville, the court

20   held:

21          "It is well settled that the right of shareholders to compel a

22          shareholders' meeting for the purpose of electing a new board of directors

23          subsists during reorganization proceedings. The right of shareholders to be

24          represented by directors of their choice and thus to control corporate policy

25          is paramount. Shareholders, moreover, should have the right to be

26          adequately represented in the conduct of a debtor's affairs, particularly in

27          such an important matter as the reorganization of the debtor. As a result, the

28

1  election of a new board of directors may be enjoined only under

2  circumstances demonstrating "clear abuse." "Clear abuse" requires a

3  showing that the shareholders' action in seeking to elect a new board of

4  directors demonstrates a willingness to risk rehabilitation altogether in order

5  to win a larger share for equity. The fact that the shareholders' action may

6  be motivated by a desire to arrogate more bargaining power in the

7  negotiation of a reorganization plan, without more, does not constitute clear

8  abuse." (citations and internal quotation marks omitted)

9  It is important to recognize the context of these cases.  The question at issue was

10  decided in the context of adversary proceedings seeking an injunction against the

11  shareholder action.  It was taken as a given that the automatic stay did not prohibit the

12  actions.  The court in In re SS Body Armor I, Inc., 527 BR 597  (Bankr D Del 2015)

13  confronted the issue directly where, as here, a shareholder made a motion that the

14  automatic stay did not prohibit shareholder actions to convene a meeting and to replace

15  members of the board of directors. "This Court adopts the holdings of Johns-Manville and

16  Marvel Entertainment. The right of a shareholder to compel a shareholder's meeting for the

17  purpose of election of a new board of directors continues during bankruptcy and the

18  automatic stay is inapplicable to the exercise of that right, including the inception of state

19  court proceedings to compel a shareholder meeting." Id at 606-607.  While that right is not

20  unfettered, a showing of "'clear abuse', in other words, a showing of delay and real

21  jeopardy to a debtor's reorganization," must await an adversary proceeding seeking an

22  injunction against the shareholder action, Id at 607.

23  The court in JohnsManville cited In re Potter Instrument Co., 593 F 2d 470 (2d Cir.

24  1979) (a case under the Act, not the Code), and then distinguished it.  Potter said:

25  "[T]he right of the majority of stockholders to be represented by directors of

26  their own choice and thus to control corporate policy is paramount and will

27  not be disturbed unless a clear case of abuse is made out. This has been the

28

1    rule all along in equity receivership, in ordinary bankruptcy and in

2    proceedings for reorganization under former section 77B of the Bankruptcy

3    Act [the antecedent of Chapter X] . . . [With respect to their choice of the type

4    of reorganization plan,] the stockholders are entitled to elect directors who

5    will abide by their wishes, provided of course the directors chosen are not

6    persons who will injure the honest and efficient management of the corporate

7    property. In re J. P. Linahan, Inc., 111 F.2d 590, 592 (2d Cir. 1940) (citations

8    omitted). See 6 Collier on Bankruptcy ¶ 8.15 (14th ed. 1978)." Potter at 475.

9        Potter was factually distinguished from Johns Manville since the shareholder had

10    failed to abide by previous court orders, and had expressed his goal of smashing the

11    debtor business.   The Potter lower court found that a shareholder election "might result

12    in unsatisfactory management and would probably jeopardize both PICO's rehabilitation

13    and the rights of creditors and stockholders—sounding the "death knell" to the debtor as

14    well as to appellant himself."

15        The new board has made demand for information from management.  It has not

16    seized the reins of the reorganization.  The Debtors reorganizations are not threatened;

17    rather it appears that they are furthered by having management pushed to devise a plan,

18    a course they have proved reluctant to follow.  The actions seek to further the debtors, not

19    to endanger them.

20

21    **CONCLUSION**

22        Shareholder powers of meeting and election are not impacted by the bankruptcy

23    process.  The automatic stay does not prohibit either from being pursued because the

24    ultimate powers behind the throne are the shareholders.  Where shareholder actions

25    threaten the survival of the debtor, the court may weigh injunctive relief bringing to bear the

26    full gamut of equitable analysis.  But when the actions taken do not imperil the debtor, its

27    business, or its reorganization, there is no cause for injunctive relief.  To the contrary, this

28

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER FOR RELIEF FROM AUTOMATIC STAY
OR, ALTERNATIVELY, FOR ORDER THAT AUTOMATIC STAY DOES NOT APPLY**

court should grant the motion, find that the automatic stay does not prohibit the call of Scoobeez Global's shareholders meeting, does not prohibit the removal and replacement of board members, and does not prohibit that new board from acting on behalf of the debtors in this case.

Dated: November 21, 2019

/s/ Richard T. Baum

RICHARD T. BAUM, Attorney for Shareholder ROSENTHAL FAMILY TRUST U/T/D 3/25/1988

1

2

### DECLARATION OF PETER ROSENTHAL

3

I, PETER ROSENTHAL, declare:

4    1.  Along with my wife Barbara, I am the trustee of Rosenthal Family Trust UTD

5  3/25/1988 ("RT" hereafter).  I have personal knowledge of the facts set forth herein and if

6  called as a witness I could testify competently thereto, except where stated on information

7  and belief, in which case I trust the source of information and believe the facts stated to

8  be true.

9    2.  Based upon review of records of the corporation shown to me sometime after RT

10  became a shareholder, Scoobeez was originally organized in California, but as a result of

11  a reverse merger with ABT Mining, Inc., which later became ABT Holding, Inc., and now

12  has changed its name to Scoobeez Global, Inc., Scoobeez Global. Inc. is an Idaho

13  corporation.

14    3. On October 18, 2019, majority shareholder Shahan Ohanessian served upon the

15  then co-Chief Executive Officers of Scoobeez Global, George Voskanian and Scott A.

16  Shiekh, our written demand, pursuant to Article II, Section 2 of the debtor's bylaws, that a

17  special meeting of the shareholders of Scoobeez Global be called and noticed within 15

18  days of the demand and set forth the issues to be addressed at the special meeting.  A

19  true copy is attached hereto as Exhibit 1.  The demand was also sent to bankruptcy

20  counsel, John Simon and Ashley M. McDow, and then directors, Brian Weiss, Howard

21  Grobstein and Daniel W. Harrow.    Neither Ohanessian nor I received a response.

22  Therefore, on October 23, 2019, he cc'd me on a follow up email inquiring about the status

23  of the special meeting demanded by way of the letter served on October 18, 2019, a true

24  copy of the print fo that email is attached as Exhibit 2.  On that same date, Ohanessian

25  received a response from Weiss indicating that his "legal counsel … are performing some

26  research" and that a response would be "provide[d] after this occurs."  A true copy of the

27  print of this email is attached as Exhibit 3.

28

1      4.  On October 25, 2019, Ohanessian sent another follow-up correspondence to

2    Messrs. Voskanian, Shiekh, Simon, Weiss, Grobstein and Harrow, and Ms. McDow

3    following up on his demand for a special meeting of the shareholders.  The Board did not

4    take any action.  In light of management's refusal to address the demand, on October 29,

5    2019, Ohanessian served a notice on Messrs. Voskanian, Shiekh, Simon, Weiss,

6    Grobstein and Harrow, and Ms. McDow indicating that, he was calling a Special Meeting

7    of the Shareholders to be held at 1:00 p.m. PST on November 1, 2019, at Scoobeez

8    Global's principal offices.  A true copy of the print of that email is attached as Exhibit 4.

9    p.m. PST on November 1, 2019, at Scoobeez Global's principal offices.  On October 31,

10   2019, Co-CEO Sheikh finally responded and sent an email indicating that Ohanessian will

11   not be allowed access to Scoobeez Global's principal offices on November 1, 2019 for

12   purposes of holding a shareholders meeting.  A true copy of the print of this email is

13   attached as Exhibit 5.

14      5.  On November 1, 2019, shareholders Ohanessian, Dick Dolan, and I (on behalf

15   of RT), who jointly own over 90% of the outstanding common stock of Scoobeez Global,

16   convened a shareholders meeting at a location in Glendale, California.  The address of the

17   meeting was disclosed to the Company's management in advance of the meeting.  We

18   discussed: (i) the status of Scoobeez Global, (ii) the actions taken by the current officers

19   and directors, (iii) Scoobeez Global's relationship with Amazon, (iv) Scoobeez Global's

20   lawsuit against Amazon, and (v) the actions and conduct of the directors and officers of

21   Scoobeez Global.  we discussed the 40% fall in revenue disclosed by Ms McDow.  We

22   discussed the falling out of favor with Amazon, the litigation initiated by the Debtors against

23   it, and Amazon's motion for relief from stay which contends that it has the right to terminate

24   its contract with the Debtors.  We discussed the implications of such a course, and the

25   need to restore the good relations with the Debtor's most important customer.  The failure

26   to repair that relationship greatly troubled each of us. Ohanessian expressed concern that

27   review of the Monthly Operating Report in the bankruptcy indicated that the Debtors were

28

1  spending a lot of money on technology issues which, in Ohanessian's experience, was

2  unnecessary.  As shareholders we expressed that this issue needed to be explored.  We

3  were very concerned over the influence which Hillair was having with the Debtors, and

4  decided to ask for information from the company's management, specifically "why the Sale

5  Motion pending before the United States Bankruptcy Court is a better course of action for

6  the creditors than the Company filing a reorganization plan."  A true copy of the letter to the

7  Board is attached as Exhibit 6.  We discussed concerns regarding the officers of

8  Scoobeez:  Weiss is the chosen CRO of Hillair, and undoubtedly hopes for future

9  appointments.  Voskanian and Sheikh had their salaries doubled (thanks to Hillair), and

10  Sheikh remains the attorney of ousted officer and director Ohanessian.  While we were

11  concerned about these many things, it was specifically stated by Ohanessian that neither

12  we as shareholders, nor the new board, would attempt to wrest control of the finances

13  away from management.  He also stated that while he was dissatisfied with the work of

14  Brian Weiss, the new board might replace him with another qualified Chief Reorganization

15  Officer.  That person, he said, would not be him.

16      6.  After some discussion, I made a motion to change the Board of Directors of

17  Scoobeez Global, to remove of Daniel W. Harrow and appoint new Directors to the Board.

18  The motion was seconded by Dick Dolan. A vote was held by the present shareholders,

19  with all three of us voting in favor and none opposed, to remove Harrow from the Board of

20  Directors, and to elect the following individuals to the Board:  Shoushana Ohanessian,

21  Shahan Ohanessian and Gregori Sedrakyan.  Brian Weiss and Howard Grobstein were

22  not removed from the Board.  Minutes fo the meeting were prepared by Ohanessian, a true

23  copy of which is attached as Exhibit 7.  We also acted by written consent to remove Harrow

24  and elect Shoushana Ohanessian, Shahan Ohanessian and Gregori Sedrakyan as

25  directors.  A true copy of that Action By Written Consent is attached as Exhibit 8.

26

27

28

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER FOR RELIEF FROM AUTOMATIC STAY
OR, ALTERNATIVELY, FOR ORDER THAT AUTOMATIC STAY DOES NOT APPLY**

1    7.  After the vote, the shareholders stated clearly to the new board members that

2    they would not countenance any attempt to put Shahan Ohanessian or Shoushana

3    Ohanessian in charge of, or with access to, the moneys of the Debtors

4    8.  The procedures undertaken by us, the shareholders, are consistent with the By-

5    Laws of Scoobeez Global, Inc. and with Idaho law.  Article 2, Section 8 of the Bylaws of

6    Scoobeez Global provides as follows:

7    "Any action required to be taken at a meeting of the shareholders, or

8    any other action which may be taken at a meeting of the shareholders, may

9    be taken without a meeting of a consent in writing, setting forth the action so

10    taken, must be signed by shareholders owning a majority of the Company's

11    issued and outstanding common stock with respect to the subject matter

12    thereof."

13    9.  This provision in the By-Laws is consistent with Idaho law, which provides:

14    The articles of incorporation may provide that any action required or

15    permitted by this chapter to be taken at a shareholders' meeting may be

16    taken without a meeting, and without prior notice, if consents in writing

17    setting forth the action so taken are signed by the holders of outstanding

18    shares having not less than the minimum number of votes that would be

19    required to authorize or take the action at a meeting at which all shares

20    entitled to vote on the action were present and voted. (I.C. § 30-29-704(b).)

21    10.  Idaho law further provides that:

22    A consent signed pursuant to the provisions of this section has the

23    effect of a vote taken at a meeting and may be described as such in any

24    document. Unless the articles of incorporation, bylaws, or a resolution of the

25    board of directors provides for a reasonable delay to permit tabulation of

26    written consents, the action taken by written consent shall be effective when

27    written consents signed by sufficient shareholders to take the action have

28

1    been delivered to the corporation. (I.C. § 30-29-704(d).)

2

3        I declare under penalty of perjury under the laws of the United States of America

4    that the foregoing is true and correct. Executed this 21 day of November, 2019 in Los

5    Angeles County, California.

6

7

8            PETER ROSENTHAL

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

**Shahan Ohanessian**
**1328 Doverwood Drive • Glendale, CA 91207**
**shahan.oh@gmail.com • (818) 400-0338**

October 18, 2019

**VIA EMAIL**

George Voskanian
Scott A. Sheikh
Scoobeez Global, Inc.
3463 Foothill Blvd
Glendale, CA 91214
George@Scoobeez.com
Scott@Scoobeez.com

   **Re:**  **Notice of Special Meeting of Shareholders of Scoobeez Global, Inc.**

   The undersigned, being the record owner of 150,000,000 shares of common stock and 18,400,000 shares of Series A preferred stock and representing more than 20% of the voting power of Scoobeez Global, Inc., an Idaho corporation, ("Scoobeez Global") hereby demands that a special meeting of the shareholders of Scoobeez Global be called and noticed within 15 days of this demand for the purposes of discussing:

- The sale of Scoobeez Global or any of its assets, including, but not limited to, Scoobeez, a California corporation, and Scoobur LLC, a California limited liability company.
- Actions necessary to preserve relationships with Amazon.com and its affiliated companies.
- Failure to hold an annual meeting as required by the bylaws.
- The conduct of the current Board of Directors, including, but not limited to, consequences for such conduct.

Sincerely,

Shahan Ohanessian

cc:  John Simon
   Ashley M. McDow
   FOLEY & LARDNER LLP
   555 S Flower St 33rd Fl
   Los Angeles, CA 90071
   jsimon@foley.com
   amcdow@foley.com

   Howard Grobstein
   6300 Canoga Ave Ste 1500W
   Woodland Hills 91367
   hgrobstein@gtllp.com

**Shahan Ohanessian**
**1328 Doverwood Drive • Glendale, CA 91207**
**shahan.oh@gmail.com • (818) 400-0338**

Brian Weiss
20341 SW Birch St Ste 220
Newport Beach, CA 92660
bweiss@force10partners.com

Daniel W. Harrow
D.W. Harrow and Associates
Dallas Fortworth
(Please provide email address for Mr. Harrow)

# EXHIBIT 2

11/20/2019

## FW: ShareHolders Meeting

**Jeffrey Shinbrot** <jeffrey@shinbrotfirm.com>
Wed 11/20/2019 9:03 AM
**To:** Rick Baum <rickbaum@hotmail.com>

**From:** Brian Weiss <bweiss@force10partners.com>
**Sent:** Wednesday, October 23, 2019 11:58 AM
**To:** Shahan Ohanessian <shahan.oh@gmail.com>
**Cc:** George Voskanian <george@scoobeez.com>; Scott A. Sheikh <scott@scoobeez.com>; Ashley McDow
<amcdow@foley.com>; JSimon@foley.com; Jeffrey Shinbrot <jeffrey@shinbrotfirm.com>
**Subject:** Re: ShareHolders Meeting

Shahan,

My legal counsel has been provided a copy of your request. They are performing some research and will
revert back to me shortly. We will provide you with a response after this occurs.

Regards,        [EXHIBIT 2]
Brian

On Wed, Oct 23, 2019, 11:54 AM Shahan Ohanessian <shahan.oh@gmail.com> wrote:

I am following up on the email below. I have not received any response from any of you. Please let me
know where is the meeting going to be held and if you have given notice to the rest of the shareholders
or not. Should not hear from you by the end of the day tomorrow October 24th, 2019, I will assume
you are going to ignore the notice and I will take appropriate action and will hold all of the officers and
the board members accountable for this conduct.

Shahan Ohanessian

> On FridayOctober 18, 2019, at Friday5:48 PM, Shahan Ohanessian <shahan.oh@gmail.com> wrote:
>
> Please take notice for the meeting below and let me know the time and place where this meeting will
be held.
>
> <Demand for Special Meeting - Scoobeez Global 10-18-19 .pdf>
>
>
> Shahan Ohanessian
>

This message is for the named person's use only. It may contain confidential,
proprietary or legally privileged information. No confidentiality or privilege is
waived or lost by any mistransmission. If you receive this message in error, please
immediately delete it and all copies of it from your system, destroy any hard copies
of it and notify the sender. You must not, directly or indirectly, use, disclose,
distribute, print, or copy any part of this message if you are not the intended

# EXHIBIT 3

## FW: ShareHolders Meeting

**Jeffrey Shinbrot** <jeffrey@shinbrotfirm.com>

Wed 11/20/2019 9:03 AM

**To:** Rick Baum <rickbaum@hotmail.com>

**From:** Brian Weiss <bweiss@force10partners.com>
**Sent:** Wednesday, October 23, 2019 11:58 AM
**To:** Shahan Ohanessian <shahan.oh@gmail.com>
**Cc:** George Voskanian <george@scoobeez.com>; Scott A. Sheikh <scott@scoobeez.com>; Ashley McDow
<amcdow@foley.com>; JSimon@foley.com; Jeffrey Shinbrot <jeffrey@shinbrotfirm.com>
**Subject:** Re: ShareHolders Meeting

[EXHIBIT 3]

Shahan,

My legal counsel has been provided a copy of your request. They are performing some research and will
revert back to me shortly. We will provide you with a response after this occurs.

Regards,
Brian

On Wed, Oct 23, 2019, 11:54 AM Shahan Ohanessian <shahan.oh@gmail.com> wrote:

I am following up on the email below. I have not received any response from any of you. Please let me
know where is the meeting going to be held and if you have given notice to the rest of the shareholders
or not. Should not hear from you by the end of the day tomorrow October 24th, 2019, I will assume
you are going to ignore the notice and I will take appropriate action and will hold all of the officers and
the board members accountable for this conduct.


Shahan Ohanessian


> On FridayOctober 18, 2019, at Friday5:48 PM, Shahan Ohanessian <shahan.oh@gmail.com> wrote:
>
> Please take notice for the meeting below and let me know the time and place where this meeting will
be held.
>
> <Demand for Special Meeting - Scoobeez Global 10-18-19 .pdf>
>
>
> Shahan Ohanessian
>

This message is for the named person's use only. It may contain confidential,
proprietary or legally privileged information. No confidentiality or privilege is
waived or lost by any mistransmission. If you receive this message in error, please
immediately delete it and all copies of it from your system, destroy any hard copies
of it and notify the sender. You must not, directly or indirectly, use, disclose,
distribute, print, or copy any part of this message if you are not the intended

# EXHIBIT 4

**Shahan Ohanessian**
**1328 Doverwood Drive • Glendale, CA 91207**
**shahan.oh@gmail.com • (818) 400-0338**

October 29, 2019

**VIA FEDEX OVERNIGHT, U.S. MAIL AND EMAIL**

George Voskanian                                     John Simon
Scott A. Sheikh                                       Ashley M. McDow
Scoobeez Global, Inc.                                 Foley & Lardner LLP
3463 Foothill Blvd                                    555 S Flower St 33rd Fl
Glendale, CA 91214                                    Los Angeles, CA 90071
scott@scoobeez.com                                    jsimon@foley.com
george@scoobeez.com                                   amcdow@foley.com

Howard Grobstein                                      Brian Weiss
6300 Canoga Ave Ste 1500W                             20341 SW Birch St Ste 220
Woodland Hills 91367                                  Newport Beach, CA 92660
hgrobstein@gtllp.com                                  bweiss@force10partners.com

**I have request the rest of the boards information
several times so we can contact them and you
have ignored these request. Please make sure all
of the board members are provided this notice.**

   **Re:     Special Meeting of Shareholders of Scoobeez Global, Inc.**
            **Date and Time: November 1, 2019 at 1:00 P.M. PST**

Dear All:

          As you know, on October 18, 2019, I demanded that Messrs. Voskanian and Sheikh call a Special
Meeting of the Shareholders of Scoobeez Global, Inc., an Idaho corporation, ("Scoobeez Global" or the
"Company"), to discuss the following issues: (1) the sale of Scoobeez Global or any of its assets,
including, but not limited to, Scoobeez, a California corporation, and Scoobur LLC, a California limited
liability company; (2) actions necessary to preserve relationships with Amazon.com and its affiliated
companies; (3) failure to hold an annual meeting as required by the bylaws; and (4) the conduct of the
current Board of Directors, including, but not limited to, consequences for such conduct. My demand
was sent to all of you.

          On October 23, 2019, I sent an email in an attempt to follow up on my October 18, 2019
demand that a special meeting be called. That same day, I received a response from Mr. Weiss that his
"legal counsel … are performing some research" and that a response would be "provide[d] after this
occurs." However, I have not heard back from Mr. Weiss.

          On October 24, 2019, I spoke with Ashley McDow, Scoobeez Global's bankruptcy counsel, who
informed me that revenues were down about 40% because Amazon has reduced the routes drastically
and will likely cut more routes within days. I informed Ms. McDow that this was likely a result of poor

October 29, 2019
Page 2

management by the current officers and directors of the Company. As many of you know, when I was in control, the Company enjoyed a very prosperous relationship with Amazon. Ms. McDow also indicated that Amazon was willing to cancel its contracts with Scoobeez Global in exchange for $1.1 million. The relationship with Amazon is worth many times that. Rather than attempt to salvage the relationship, Ms. McDow filed a lawsuit against Amazon the following day. During our call, Ms. McDow mentioned that she was recommending that the sale motion be withdrawn and that she had even drafted a board resolution for it. I also asked Ms. McDow when the Special Meeting of Shareholders would be called, pursuant to my demand, she told me that she had to send a memo to Mr. Weiss about it, but offered no further information.

On October 25, 2019, I sent yet another follow-up email to all of you, following up on my demand for a special meeting of the shareholders. That email was also ignored.

I have not heard back from any of you regarding my demand. I am seriously concerned about the ongoing viability of the Company and your actions that are seriously jeopardizing the Company's relationship with its main customer Amazon.com, do not benefit the Company, its shareholders or its creditors. Since you have failed to notice a meeting, as the record owner of 150,000,000 shares of common stock and 18,400,000 shares of Series A preferred stock and representing the majority of the voting power of Scoobeez Global, I am calling a Special Meeting of the Shareholders to be held at **12:00 p.m. PST on November 1, 2019** at the Company's principal offices, located at 3463 Foothill Boulevard, Glendale, California 91214. You are hereby requested to give notice to the remaining shareholders, whose contact information I do not have since my access to the Company's information has been revoked.

As I already indicated, the purpose of the meeting shall be to discuss the following issues: (1) the sale of Scoobeez Global or any of its assets, including, but not limited to, Scoobeez, a California corporation, and Scoobur LLC, a California limited liability company; (2) actions necessary to preserve relationships with Amazon.com and its affiliated companies; (3) failure to hold an annual meeting as required by the bylaws; and (4) the conduct of the current Board of Directors, including, but not limited to, consequences for such conduct.

Sincerely,

Shahan Ohanessian

# EXHIBIT 5

### Fwd: Proposed Special Meeting of the Scoobeez Global, Inc. Shareholders

Shahan Ohanessian <shahan.oh@gmail.com>

Sun 11/10/2019 11:15 AM

**To:** Rick Baum <Rickbaum@hotmail.com>; Jeffrey Shinbrot <jeffrey@shinbrotfirm.com>
**Cc:** Shoushana Ohanessian <Suzy.oha@gmail.com>

Here is Scott's response to the share holder meeting


Begin forwarded message:

**From:** Jeffrey Shinbrot <jeffrey@shinbrotfirm.com>
**Subject: Fwd: Proposed Special Meeting of the Scoobeez Global, Inc. Shareholders**
**Date:** ThursdayOctober 31, 2019 at Thursday10:52:05 AM PDT
**To:** Shahan Ohanessian <Shahan.oh@gmail.com>, Shoushig Ohanessian <Suzy.oha@gmail.com>

Please see below

Sent from my iPhone

Begin forwarded message:

**From:** Scott Sheikh <scott@scoobeez.com>
**Date:** October 31, 2019 at 10:45:46 AM PDT
**To:** jeffrey@shinbrotfirm.com
**Cc:** Brian Weiss <bweiss@force10partners.com>, "<george@scoobeez.com>" <george@scoobeez.com>, Ashley McDow <amcdow@foley.com>, "John A. Simon" <JSimon@foley.com>
**Subject: Proposed Special Meeting of the Scoobeez Global, Inc. Shareholders**


Mr. Shinbrot,

We are in receipt of your client's correspondence regarding a proposed Special Meeting of the Shareholders at the Scoobeez Headquarters on Friday, November 1, 2019. Unfortunately, the notice is defective and no meeting can take place on that date. Please inform your client that there will be no Shareholder's Meeting at the Scoobeez Headquarters on November 1, 2019 and your client will not be allowed access to the premises.

To properly schedule a Special Meeting of the Shareholders pursuant to Idaho law, notice must be sent to all 1650+ shareholders and it must be sent no less than 10 days prior to the meeting. In order to determine who the current

shareholders are of Scoobeez Global, Inc., one must first obtain a NOBO list. Per the Company's transfer agent, it takes between 5-10 business days to process a request for the list. The cost of obtaining the list of shareholders and sending the notice (estimated to be just shy of $6,000) is not part of the Cash Collateral Budget and must be approved by the Secured Creditor prior to incurring the cost. The request was submitted and denied. Accordingly, Scoobeez Global, Inc. is unable to honor the request for a Special Meeting of the Shareholders at this time.

Please confirm receipt of this correspondence at your earliest convenience.

Kind regards,



**Scott A. Sheikh, Esq.**
p: 844-Scoobeez ext. 1190
w: www.scoobeez.com

Co-CEO and General Counsel

m: 818-650-0958
e: scott@scoobeez.com

This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the sender. This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this email. Please notify the sender immediately by email if you have received this email by mistake and delete this email from your system. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited.

# EXHIBIT 6

**Shoushana Ohanessian**

1328 Doverwood Drive • Glendale, CA 91207

Suzy.oha@gmail.com • (818) 400-0338

November 9, 2019

<u>**VIA OVERNIGHT MAIL AND EMAIL**</u>

Brian Weiss
20341 SW Birch St, Ste. 220
Newport Beach, CA 92660
bweiss@force10partners.com

Re:    **Demand For Information Regarding Sale Motion**

Dear Mr. Weiss,

As you already know, a special meeting of the shareholders was held by Scoobeez Global, Inc. on November 1, 2019, at which time, Daniel W. Harrow was removed from the Board of Directors and the following individuals were appointed to the Board: Shoushana Ohanessian, Shahan Ohanessian, and Gregori Sedrakyan. On November 9, 2019, a special meeting of the newly constituted Board of Directors of Scoobeez Global, Ins. was held. You were provided notice of that meeting.

On behalf of the newly constituted Board of Directors of Scoobeez Global, Inc., as the company Chief Restructuring Officer, a request is hereby made that, within 48 hours of this letter, you provide the newly constituted Board of Directors the following information:

Detailed information to the newly constituted Board of Directors of Scoobeez Global, as to why the Sale Motion pending before the United States Bankruptcy Court is a better course of action for the creditors than the Company filing a reorganization plan.

I look forward to your prompt response.

Sincerely,

Shoushana Ohanessian

cc (via email):  Shahan Ohanessian
                   Howard Grobstein
                   Gregori Sedrakyan

# EXHIBIT 7

## MINUTES OF SPECIAL MEETING
## OF SHAREHOLDERS OWNING MAJORITY OF OUTSTANDING COMMON STOCK
## OF SCOOBEEZ GLOBAL, INC., an Idaho Corporation

A special meeting of the shareholders Scoobeez Global, Inc. ("Scoobeez Global"), an Idaho corporation was called for and held on November 1, 2019, with shareholders owning more than 90% of the outstanding common stock of Scoobeez Global participated in the meeting. The actions taken at the special meeting are reflected herein:

## I.    RECITALS

1.    On August 29, 2019, Scoobeez Global, through its bankruptcy counsel, made a motion for entry of an order approving bidding procedures for sale of assets in the Scoobeez Global Voluntary Chapter 11 Bankruptcy Proceedings pending the U.S. Bankruptcy Court, Central District of California, Petition # 2:19-bk-14989-WB. Such motion was made without notice to and/or consent from the Shareholders of Scoobeez Global.

2.    On October 18, 2019, majority shareholder Shahan Ohanessian served upon the co-Chief Executive Officers of Scoobeez Global, George Voskanian and Scott A. Shiekh, a written demand that a special meeting of the shareholders of Scoobeez Global be called and noticed within 15 days of the demand and set forth the issues to be addressed at the special meeting. The demand was also sent to bankruptcy counsel for Scoobeez Global, John Simon and Ashley M. McDow of Foley & Lardner, LLP, and Scoobeez Global's current directors Brian Weiss, Howard Grobstein and Daniel W. Harrow.

3.    On October 23, 2019, Mr. Ohanessian sent a follow up email inquiring about the status of the special meeting demanded by way of the letter served on October 18, 2019. On that same date, Mr. Ohanessian received a response from Mr. Weiss indicating that his "legal counsel … are performing some research" and that a response would be "provide[d] after this occurs." Mr. Weiss did not provide a subsequent response.

4.    On October 24, 2019, Mr. Ohanessian spoke with Ms. McDow, who informed him that revenues were down about 40% because Amazon had reduced the routes drastically and will likely cut more routes within days.

5.    On October 25, 2019, Scoobeez Global, through its bankruptcy counsel, filed a lawsuit against Amazon Logistics, Inc. Such action was filed without notice to and/or consent from the Shareholders of Scoobeez Global.

6.    On October 25, 2019, Mr. Ohanessian sent another follow-up correspondence to Messrs. Voskanian, Shiekh, Simon, Weiss, Grobstein and Daniel W. Harrow, and Ms. McDow following up on his demand for a special meeting of the shareholders, bankruptcy counsel for Scoobeez Global. That correspondence was also not addressed.

7.    In light of the failure of the current officers and directors to notice the Special Meeting as demanded by Mr. Ohanessian on October 18, 2019 or addressing the demand for a Special Meeting, on October 29, 2019, Mr. Ohanessian served a notice on Messrs. Voskanian, Shiekh, Simon, Weiss, Grobstein and Daniel W. Harrow, and Ms. McDow indicating that, in light of their failure to notice a Special Meeting as demanded by way of the October 18, 2019 letter, he was calling a Special Meeting of the Shareholders to be held at 1:00 p.m. PST on

Minutes of Special Meeting of
Shareholders of Scoobeez Global, Inc.

1

## MINUTES OF SPECIAL MEETING
## OF SHAREHOLDERS OWNING MAJORITY OF OUTSTANDING COMMON STOCK
## OF SCOOBEEZ GLOBAL, INC., an Idaho Corporation

November 1, 2019, at Scoobeez Global's principal offices, located at 3463 Foothill Boulevard, Glendale, California 91214.

8.     On October 31, 2019, Mr. Sheikh sent an email to Mr. Ohanessian's bankruptcy counsel indicating that Mr. Ohanessian will not be allowed access to Scoobeez Global's principal offices on November 1, 2019 for purposes of holding a shareholders meeting.

9.     In light of the foregoing, shareholders Peter Rosenthal, Shahan Ohanessian, and Dick Dolan, representing over 90% of the outstanding common stock of Scoobeez Global, convened on November 1, 2019, at approximately 12:00 p.m. PST, at 3221 North Verdugo Road, Glendale 91208, wherein the following matters were discussed: (i) current status of Scoobeez Global, (ii) the actions taken by the current officers and directors, (iii) Scoobeez Global's relationship with Amazon, (iv) Scoobeez Global's lawsuit against Amazon, and (v) the actions and conduct of the directors and officers of Scoobeez Global.

10.     The participating shareholders expressed their displeasure with the fact that the current officers of the Scoobeez Global failed to call a special meeting of the shareholders when a demand was made. The participating shareholders further expressed a desire for preserving Scoobeez Global's relationship with Amazon.

## II.    ACTIONS TAKEN AT SHAREHOLDERS' MEETING

At the special meeting of the shareholders, shareholder Peter Rosenthal made a motion to change the Board of Directors of Scoobeez Global, to remove of Daniel W. Harrow and appoint new Directors to the Board. The motion was seconded by Dick Dolan. A vote was held by the present shareholders, with all three shareholders voting in favor, as follows:

1.     RESOLVED, that the following individuals are hereby removed from the Board of Directors of Scoobeez Global:

Daniel W. Harrow

2.     RESOLVED, that the following individuals are hereby elected to a serve as directors of Scoobeez Global to hold office until the next annual meeting of the shareholders or until their successors are duly elected:

Shoushana Ohanessian
Shahan Ohanessian
Gregori Sedrakyan

Brian Weiss and Howard Grobstein are not removed and therefore, continue to remain on the Board of Directors.

Minutes of Special Meeting of
Shareholders of Scoobeez Global, Inc.

2

## MINUTES OF SPECIAL MEETING
## OF SHAREHOLDERS OWNING MAJORITY OF OUTSTANDING COMMON STOCK
## OF SCOOBEEZ GLOBAL, INC., an Idaho Corporation

3.      RESOLVED, that all the actions taken above and resolutions are approved, ratified, and adopted, and may be reflected in the minutes of Scoobeez Global.

The meeting was then adjourned.

Shahan Ohanessian
Secretary of Meeting

Minutes of Special Meeting of
Shareholders of Scoobeez Global, Inc.

3

# EXHIBIT 8

## ACTION BY WRITTEN CONSENT
## OF SHAREHOLDERS OWNING MAJORITY OF OUTSTANDING COMMON STOCK
## OF SCOOBEEZ GLOBAL, INC., an Idaho Corporation

A special meeting of the shareholders Scoobeez Global, Inc. ("Scoobeez Global"), an Idaho corporation was called for and held on November 1, 2019, with shareholders owning more than 90% of the outstanding common stock of Scoobeez Global participated in the meeting. The actions taken at the special meeting are reflected herein:

## I.    RECITALS

1.    On August 29, 2019, Scoobeez Global, through its bankruptcy counsel, made a motion for entry of an order approving bidding procedures for sale of assets in the Scoobeez Global Voluntary Chapter 11 Bankruptcy Proceedings pending the U.S. Bankruptcy Court, Central District of California, Petition # 2:19-bk-14989-WB. Such motion was made without notice to and/or consent from the Shareholders of Scoobeez Global.

2.    On October 18, 2019, majority shareholder Shahan Ohanessian served upon the co-Chief Executive Officers of Scoobeez Global, George Voskanian and Scott A. Shiekh, a written demand that a special meeting of the shareholders of Scoobeez Global be called and noticed within 15 days of the demand and set forth the issues to be addressed at the special meeting. The demand was also sent to bankruptcy counsel for Scoobeez Global, John Simon and Ashley M. McDow of Foley & Lardner, LLP, and Scoobeez Global's current directors Brian Weiss, Howard Grobstein and Daniel W. Harrow.

3.    On October 23, 2019, Mr. Ohanessian sent a follow up email inquiring about the status of the special meeting demanded by way of the letter served on October 18, 2019. On that same date, Mr. Ohanessian received a response from Mr. Weiss indicating that his "legal counsel … are performing some research" and that a response would be "provide[d] after this occurs." Mr. Weiss did not provide a subsequent response.

4.    On October 24, 2019, Mr. Ohanessian spoke with Ms. McDow, who informed him that revenues were down about 40% because Amazon had reduced the routes drastically and will likely cut more routes within days.

5.    On October 25, 2019, Scoobeez Global, through its bankruptcy counsel, filed a lawsuit against Amazon Logistics, Inc. Such action was filed without notice to and/or consent from the Shareholders of Scoobeez Global.

6.    On October 25, 2019, Mr. Ohanessian sent another follow-up correspondence to Messrs. Voskanian, Shiekh, Simon, Weiss, Grobstein and Daniel W. Harrow, and Ms. McDow following up on his demand for a special meeting of the shareholders, bankruptcy counsel for Scoobeez Global. That correspondence was also not addressed.

7.    In light of the failure of the current officers and directors to notice the Special Meeting as demanded by Mr. Ohanessian on October 18, 2019 or addressing the demand for a Special Meeting, on October 29, 2019, Mr. Ohanessian served a notice on Messrs. Voskanian, Shiekh, Simon, Weiss, Grobstein and Daniel W. Harrow, and Ms. McDow indicating that, in light of their failure to notice a Special Meeting as demanded by way of the October 18, 2019 letter, he was calling a Special Meeting of the Shareholders to be held at 1:00 p.m. PST on

Action by Written Consent of
Shareholders of Scoobeez Global, Inc.

1

## ACTION BY WRITTEN CONSENT
## OF SHAREHOLDERS OWNING MAJORITY OF OUTSTANDING COMMON STOCK
## OF SCOOBEEZ GLOBAL, INC., an Idaho Corporation

November 1, 2019, at Scoobeez Global's principal offices, located at 3463 Foothill Boulevard, Glendale, California 91214.

8.    On October 31, 2019, Mr. Sheikh sent an email to Mr. Ohanessian's bankruptcy counsel indicating that Mr. Ohanessian will not be allowed access to Scoobeez Global's principal offices on November 1, 2019 for purposes of holding a shareholders meeting.

9.    In light of the foregoing, shareholders Peter Rosenthal, Shahan Ohanessian, and Dick Dolan, representing over 90% of the outstanding common stock of Scoobeez Global, convened on November 1, 2019, at approximately 12:00 p.m. PST, at 3221 North Verdugo Road, Glendale 91208, wherein the following matters were discussed: (i) current status of Scoobeez Global, (ii) the actions taken by the current officers and directors, (iii) Scoobeez Global's relationship with Amazon, (iv) Scoobeez Global's lawsuit against Amazon, and (v) the actions and conduct of the directors and officers of Scoobeez Global.

10.    At the special meeting of the shareholders, shareholder Peter Rosenthal made a motion to change the Board of Directors of Scoobeez Global, to remove of Daniel W. Harrow and appoint new Directors to the Board. The motion was seconded by Dick Dolan. A vote was held by the shareholders present, with all three shareholders voting in favor, as follows:

Daniel W. Harrow was removed from the Board of Directors of Scoobeez Global.

The following individuals were elected to a serve as directors of Scoobeez Global to hold office until the next annual meeting of the shareholders or until their successors are duly elected: Shoushana Ohanessian, Shahan Ohanessian, and Gregori Sedrakyan

Brian Weiss and Howard Grobstein were not removed and therefore, continue to remain on the Board of Directors.

11.    The participating shareholders also expressed their displeasure with the fact that the current officers of the Scoobeez Global failed to call a special meeting of the shareholders when a demand was made. The participating shareholders further expressed a desire for preserving Scoobeez Global's relationship with Amazon.

## II.    ACTION BY WRITTEN CONSENT

The undersigned, as the record owners of more than 90% of the outstanding shares entitled to vote of Scoobeez Global, Inc. ("Scoobeez Global"), an Idaho corporation, do hereby approve and adopt the following actions:

1.    **RESOLVED**, that the following individuals are hereby removed from the Board of Directors of Scoobeez Global:

Daniel W. Harrow

Action by Written Consent of
Shareholders of Scoobeez Global, Inc.

2

## ACTION BY WRITTEN CONSENT
## OF SHAREHOLDERS OWNING MAJORITY OF OUTSTANDING COMMON STOCK
## OF SCOOBEEZ GLOBAL, INC., an Idaho Corporation

2.     **RESOLVED**, that the following individuals are hereby elected to a serve as directors of Scoobeez Global to hold office until the next annual meeting of the shareholders or until their successors are duly elected:

>      Shoushana Ohanessian
>      Shahan Ohanessian
>      Gregori Sedrakyan

Brian Weiss and Howard Grobstein are not removed and therefore, continue to remain on the Board of Directors.

3.     **RESOLVED**, that all the actions taken above and resolutions are approved, ratified, and adopted.

The undersigned hereby consent to the foregoing resolutions and direct that this Written Consent be filed with the minutes of the proceedings of the shareholders of Scoobeez Global and that said resolutions shall have the same force and effect as if they were adopted at a meeting at which the undersigned were personally present.

**IN WITNESS WHEREOF**, the undersigned have executed this Written Consent of November 5, 2019

| Shareholder Name | Shareholder Signature |
|---|---|
| Shahan Ohanessian | |
| Peter Rosenthal | |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 11500 West Olympic Boulevard, Suite 400, Los Angeles, California 90064-1525.

A true and correct copy of the foregoing document described as  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On November 22, 2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☑ Service information continued on attached page

II. <u>SERVED BY U.S. MAIL</u>:
On November 22, 2019 , I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

Judge Julia Brand, United States Bankruptcy Court, 255 East Temple Street, Suite 1382, Los Angeles, California  90012

■    Service information continued on attached page

**III. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>**
<u>(indicate method for each person or entity served):</u> Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on October 22, 2019 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| November 22, 2019 | RICHARD T. BAUM | /s/ Richard T. Baum |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2012                                                                                                                                F 9013-3.1

---

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER FOR RELIEF FROM AUTOMATIC STAY OR, ALTERNATIVELY, FOR ORDER THAT AUTOMATIC STAY DOES NOT APPLY**

- 20 -

1 | By Notice of Electronic Filing (NEF)

2 | Richard T Baum    rickbaum@hotmail.com, rickbaum@ecf.inforuptcy.com
Bradley E Brook    bbrook@bbrooklaw.com, paulo@bbrooklaw.com; brookecfmail@gmail.com

3 | Richard W Esterkin    richard.esterkin@morganlewis.com
John-Patrick M Fritz    jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com

4 | Riebert Sterling Henderson    shenderson@gibbsgiden.com
Vivian Ho    BKClaimConfirmation@ftb.ca.gov

5 | David Brian Lally    davidlallylaw@gmail.com
Alvin Mar    alvin.mar@usdoj.gov, dare.law@usdoj.gov

6 | Ashley M McDow    amcdow@foley.com, sgaeta@foley.com;
mhebbeln@foley.com;swilson@foley.com;jsimon@foley.com

7 | Stacey A Miller    smiller@tharpe-howell.com
Kevin H Morse    kmorse@clarkhill.com, blambert@clarkhill.com

8 | Shane J Moses    smoses@foley.com
Akop J Nalbandyan    jnalbandyan@LNtriallawyers.com, cbautista@LNtriallawyers.com

9 | Rejoy Nalkara    rejoy.nalkara@americaninfosource.com
Anthony    J    Napolitano    anapolitano@buchalter.com,

10 | IFS_filing@buchalter.com;salarcon@buchalter.com
Jennifer L Nassiri    jennifernassiri@quinnemanuel.com

11 | David L. Neale    dln@lnbyb.com
Aram Ordubegian    ordubegian.aram@arentfox.com

12 | Hamid R Rafatjoo    hrafatjoo@raineslaw.com, bclark@raineslaw.com;cwilliams@raineslaw.com
Gregory    M    Salvato    gsalvato@salvatolawoffices.com,

13 | calendar@salvatolawoffices.com;jboufadel@salvatolawoffices.com;
gsalvato@ecf.inforuptcy.com

14 | Jeffrey S Shinbrot    jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com
Steven M Spector   sspector@buchalter.com, IFS_efiling@buchalter.com;salarcon@buchalter.com

15 | United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
Kimberly Walsh    bk-kwalsh@texasattorneygeneral.gov

16 | Eric D Winston    ericwinston@quinnemanuel.com
Eric K Yaeckel    yaeckel@sullivanlawgroupapc.com

17 |

18 | <u>By US Mail</u>:

19 | Conway MacKenzie, Inc.
333 S Hope St Ste 3625
Los Angeles, CA 90071

20 |

21 | Daimler Trust
c/o BK Servicing, LLC
PO Box 131265

22 | Roseville, MN 55113-0011

23 | Levene Neale Bender Yoo & Brill LLP
10250 Constellation Blvd Ste 1700

24 | Los Angeles, CA 90067

25 |

26 |

27 |

28 |

---

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER FOR RELIEF FROM AUTOMATIC STAY OR, ALTERNATIVELY, FOR ORDER THAT AUTOMATIC STAY DOES NOT APPLY**