Ashley M. McDow (245114)
John A. Simon (admitted Pro Hac Vice)
Shane J. Moses (250533)
**FOLEY & LARDNER LLP**
555 S. Flower St., 33rd Floor
Los Angeles, CA 90071
Telephone: 213.972.4500
Facsimile: 213.486.0065
Email: amcdow@foley.com
         jsimon@foley.com
         smoses@foley.com

Attorneys for Debtors and Debtors in Possession, SCOOBEEZ, SCOOBEEZ GLOBAL, INC., and SCOOBUR, LLC

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>SCOOBEEZ, et al.[1]<br><br>Debtors and Debtors in Possession.<br><br>Affects:<br><br>■ All Debtors<br><br>□ Scoobeez, ONLY<br><br>□ Scoobeez Global, Inc., ONLY<br><br>□ Scoobur LLC, ONLY | Case No. 2:19-bk-14989-WB<br><br>Chapter 11<br><br>**DEBTORS' NOTICE OF MOTION AND MOTION FOR SECOND ORDER EXTENDING EXCLUSIVE PERIOD FOR DEBTORS TO FILE AND CONFIRM A PLAN; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF BRIAN WEISS**<br><br><u>Hearing</u>:<br>Date:  January 9, 2020<br>Time:  10:00 a.m.<br>Place:  Courtroom 1375<br>         U.S. Bankruptcy Court<br>         255 East Temple Street<br>         Los Angeles, CA 90012 |

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Scoobeez (6339); Scoobeez Global, Inc. (9779); and Scoobur, LLC (0343). The Debtors' address is 3463 Foothill Boulevard, Glendale, California 91214.

**TO THE HONORABLE JULIA BRAND, UNITED STATES BANKRUPTCY JUDGE; HILLAIR CAPITAL MANAGEMENT, LLC; THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS; PARTIES REQUESTING SPECIAL NOTICE; AND THE OFFICE OF THE UNITED STATES TRUSTEE:**

**PLEASE TAKE NOTICE** that by this motion Scoobeez, Scoobeez Global, Inc. and Scoobur, LLC, the debtors and debtors-in-possession in the above-captioned jointly administered bankruptcy proceedings (collectively, the "Debtors"), hereby move the above-captioned bankruptcy court (the "Court") for entry of an order, pursuant to 11 U.S.C. § 1121(d), extending the time in which the debtor has the exclusive right to file a plan. The Debtors seek to further extend the time provided in 11 U.S.C. § 1121(b) and (c)(2), in which the Debtors have the exclusive right to file a plan, by an additional three (3) months up to and through February 28, 2020 (the "Motion"). By and through the Motion, the Debtors also seek to extend the time provided in 11 U.S.C. § 1121(c)(3) by an additional three (3) months up to and through April 30, 2020.

**PLEASE TAKE FURTHER NOTICE** that a hearing on this Motion will take place on January 9, 2020, at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Julia Brand, United States Bankruptcy Judge, in Courtroom 1375 of the United States Bankruptcy Court for the Central District of California, at 255 East Temple Street, Los Angeles, California.

**PLEASE TAKE FURTHER NOTICE** that the basis for the relief requested in this Motion is set forth in the following Memorandum of Points and Authorities and in the Declaration of Brian Weiss (the "Weiss Declaration"), which is attached hereto and is incorporated herein by reference.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-1(f), any opposition or other response to the Motion must be filed with the Court and served on counsel for the Debtors at the above address at least fourteen days before the hearing. Failure to timely object may be deemed by the Court to constitute consent to the relief requested by and through the Motion.

///

///

///

**WHEREFORE** the Debtors respectfully request that this Court enter an order (1) extending the time provided in 11 U.S.C. § 1121(b) and (c)(2), in which the Debtors have the exclusive right to file a plan, by an additional three months up to and through February 28, 2020; (2) extending the time provided in 11 U.S.C. § 1121(c)(3) by an additional three months up to and through April 30, 2020; and (3) for such other relief as the Court may deem just and proper.

DATED:  November 30, 2019             **FOLEY & LARDNER LLP**

                                                 */s/ Shane J. Moses*
Shane J. Moses
Attorneys for Debtors SCOOBEEZ, SCOOBEEZ GLOBAL, INC., and SCOOBUR, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Debtors seek a brief further extension of the time in which they have the exclusive right to file a Chapter 11 plan.  Given the myriad of moving parts in the above-captioned jointly administered bankruptcy cases (collectively, the "Chapter 11 Cases"), as well as their relatively early stage, the Debtors submit that there is no reason why their request should not be granted.  The Debtors have made significant progress in these Chapter 11 Cases during the seven months they have been pending, and but for the recent events that have forced the Debtors (and all other parties-in-interest) to shift their focus (and which will inevitably have a significant impact on the contours of the exit strategy elected by the Debtors), the Debtors would not likely have needed the additional extension(s) sought by and through the Motion.  Nonetheless, the Debtors continue to work in good faith with the Official Committee of Unsecured Creditors (the "Committee"), Hillair Capital Management, LLC ("Hillair") and Amazon in order to maximize value to the estate(s), and the Bankruptcy Code clearly contemplates that the Debtors should have the opportunity to conduct these negotiations free of the distractions of competing plans.

Accordingly, the Debtors seek an additional three month extension of the exclusivity periods provided in 11 U.S.C. § 1121.  For the reasons set forth below, the Debtors respectfully submit that there is ample cause to grant this extension.

## II. JURISDICTION

This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334(a).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The subject matter of the Motion is a core proceeding pursuant to 28 U.S.C §§ 157(b)(2)(A), (L), and (O).  Authority for the relief requested exists pursuant to 11 U.S.C. §§ 105 and 1121.

## III. STATEMENT OF FACTS

### A. The Bankruptcy Cases

On April 30, 2019, (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California, Los Angeles Division , which commenced the Chapter 11 Cases.  On May 13, 2019, the Court granted the joint administration motion filed by the Debtors and the Chapter 11 Cases are being

jointly administered under Case No. 19-14989.  The Debtors continue in possession of their property and no Chapter 11 trustee or examiner has been appointed.  On May 20, 2019, the Office of the United States Trustee (the "UST") appointed the Committee in the Chapter 11 Cases.

### B. The Debtors' Formation and Business Overview

Scoobeez is a logistics and delivery company headquartered at 3463 Foothill Boulevard, Glendale, California 91214.  Amazon is its only customer.  In the two years preceding the Petition Date, an increasing number of lawsuits had been filed against one or more of the Debtors, including lawsuits related to various labor disputes.  To this end, on or about April 22, 2019, Hillair filed a three-count complaint against the Debtors, alleging breach of contract, breach of guaranty and replevin and delivery, which is currently pending as case number 19GDCV00492 in the Superior Court of the State of California, County of Los Angeles, North Central District (the "Los Angeles Case").  On or about April 24, 2019, Hillair filed an *ex parte* application to appoint a receiver (the "Ex Parte Application") in the Los Angeles Case.  The hearing on the Ex Parte Application was set for May 1, 2019 at 1:30 p.m. (the "Ex Parte Hearing").

Based on the aforementioned events and circumstances, among others, the Debtors began to explore and evaluate potential reorganization strategies aimed towards preserving and strengthening the Debtors' operations.  After significant deliberation by the Debtors in this regard, the Debtors determined that pursing reorganization under Chapter 11 of the Bankruptcy Code provided the best option for the Debtors, their customers, and their creditors, and thus commenced the Chapter 11 Cases prior to the Ex Parte Hearing

### C. Prior Extension of Exclusivity

The original statutory exclusivity period extended through August 28, 2019 (120 days after the Petition Date).  On August 1, 2019, the Debtors filed their *Notice of Motion and Motion For an Order Extending Exclusive Period for Debtors to File and Confirm a Plan* [Docket No. 241] (the "First Exclusivity Motion").  Pursuant to a stipulation resolving the limited objection of Hillair thereto, the Court granted the First Exclusivity Motion, and extended the exclusivity periods under Section 1121 by three months.  On September 4, 2019, the Court entered its *Order Extending Exclusive Period for Debtors to File and Confirm a Plan* [Docket No. 301] (the "First Exclusivity Order").  By and through

the First Exclusivity Order, the Debtors' exclusive period to file a plan was extended to November 30, 2019, and their exclusive period to confirm a plan was extended to January 31, 2020.

### D.  Recent Events in the Bankruptcy Cases

Since the entry of the First Exclusivity Order, the Debtors have been diligently working to move the cases forward toward an exit that will maximize recoveries for the estates and their creditors. On August 29, 2019, the Debtors filed a motion seeking approval of sale procedures [Docket No. 293] (the "Bid Procedures Motion") in connection with a proposed sale of substantially all assets of the Debtors to Hillair as stalking horse bidder, subject to higher and better bids (the "Sale"). On September 17, 2019, the Bid Procedures Motion was granted [Docket No. 321], and on September 19, 2019, the Debtors filed their motion pursuant to Section 363 of the Bankruptcy Code seeking approval of the Sale (the "Sale Motion") [Docket No. 332]. The Sale Motion and the Sale process were the result of extensive negotiations amongst the Debtors, Hillair, and the Committee, amongst others, and were based on the determination – following a thorough and careful business analysis - that the Sale was in the best interest of the estates.

As the Court is aware, Amazon opposed the assumption and assignment of any and all agreements by and between Amazon, on the one hand, and the Debtor(s), on the other hand (collectively, the "Amazon Agreements") to any (proposed) purchaser by and through the Sale process, refused to consider doing business with Hillair or any other purchaser following the Sale, and declared that it intended to terminate the Amazon Agreements. In an attempt to remedy these actions, on or about October 25, 2019, the Debtors filed a complaint against Amazon, which commenced the adversary proceeding bearing case number 2:19-ap-01456 (the "Adversary Proceeding") and is currently pending before this Court. On that same date, the Debtors also filed an *Emergency Motion for Temporary Restraining Order and Preliminary Injunction to Prevent Further Violation of the Automatic Stay*, the hearing for which was set on October 28, 2019 (the "TRO Hearing"). On October 28, 2019, Hillair filed an *Expedited Motion to Intervene* in [the Adversary Proceeding], which was set for hearing on November 18, 2019. Also, on October 28, 2019, Amazon filed a *Motion for Relief From Stay and for an Order (A) Determining That the Automatic Stay Does Not Require Amazon to Utilize Debtors' Services, and (B) Modifying the Automatic Stay*. Immediately prior to the TRO Hearing, the Debtors, the

Committee and Hillair reached an agreement whereby Amazon agreed not to (1) terminate the Amazon Agreements; (2) engage with the Debtors' employees in a manner inconsistent with the ordinary course of business; or (3) reduce routes in a manner inconsistent with the ordinary course pending the hearing on the preliminary injunction.

On or about November 1, 2019, the Debtors received a notice from Hillair stating that Hillair was no longer prepared to move forward with the Sale as a result of Amazon's actions and position, which the Debtors filed with the Court on November 13, 2019 [Docket No. 435]. On November 18, 2019, the Sale Motion came before the Court and was denied.

Since it became apparent that the Sale would not be moving forward as constituted, the Debtors have been diligently exploring alternative exit strategies. In addition to preparing to move forward with litigation with Amazon if necessary to preserve the Debtors' interest in the Amazon Agreements, the Debtors have also been engaging in discussions with Amazon in an effort to reach a comprehensive resolution of the issues underlying the Adversary Proceeding in order to generate value for the benefit of the Debtors' estates. The Debtors are also actively involved in discussions with Hillair and the Committee regarding potential alternative exit strategies.

## IV.  RELIEF REQUESTED

By and through this Motion, the Debtors seek an extension, pursuant to 11 U.S.C. § 1121(d), of the time periods within which they have the exclusive right to file and seek authorization of a plan of reorganization, from the dates provided in the First Exclusivity Order. The Debtors seek a further extension of the 120-day exclusivity period provided in § 1121(b) and (c)(2) to February 28, 2020, and a further extension of the 180-day exclusivity period provided in § 1121(c)(3) to April 30, 2020.

## V.  BASIS FOR RELIEF

### A.    11 U.S.C. § 1121(d) Permits This Court to Extend the Debtors' Exclusivity Period

The Court has discretion to extend the time in which the Debtors have the exclusive right to file and to seek acceptance of a plan. In order to facilitate effective reorganization in Chapter 11 cases, the Bankruptcy Code grants a debtor-in-possession the initial exclusive right to file a plan, and further provides for that exclusive right to be extended by the Court, for cause. 11 U.S.C. § 1121.

The Bankruptcy Code provides that only the debtor may file a plan until 120 days after the date of the petition. 11 U.S.C. § 1121(b), (c)(2). If the debtor files a plan within that 120 day period, the debtor's right to exclusivity continues to 180 days after the petition, in order to allow the debtor time to seek acceptance and confirmation of its proposed plan. 11 U.S.C. § 1121(c)(3).

These 120-day and 180-day exclusive periods to file and to seek acceptance of a plan may be extended on the request of any party in interest. 11 U.S.C. § 1121(d). The operative portion of § 1121(d) reads: ". . . on request of a party in interest made within the respective periods specified . . . and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section." 11 U.S.C. § 1121(d).

The exclusivity period established by Congress was incorporated in the Bankruptcy Code to afford a chapter 11 debtor a full and fair opportunity to propose a chapter 11 plan and enable solicitation of acceptances of the plan without the deterioration and disruption of the debtor's business that might be caused by the filing of multiple competing plans. Indeed, the primary objective of a chapter 11 case is the formulation, confirmation, and consummation of a consensual chapter 11 plan. The Debtors have made substantial progress towards, and intend to achieve, this objective. Although the Sale process was not successful as originally contemplated and presented, the Debtors have continued to engage in productive negotiations with parties-in-interest regarding the resolution of key matters in these Chapter 11 Cases that are necessary to enable confirmation of a plan, including the potential for a reformulated sale of the business or a consensual plan.

To terminate the exclusivity periods in these Chapter 11 Cases in the midst of exhaustive negotiations that include, amongst other things, the contours of a consensual chapter 11 plan would be to defeat the very purpose of section 1121 of the Bankruptcy Code, i.e., affording a debtor the full and fair opportunity to formulate and prosecute its proposed chapter 11 plan. Although the Debtors have achieved a great deal in the first seven months of these cases, the initial 120- and 180-day exclusive periods provided under the Bankruptcy Code simply are unrealistic for chapter 11 cases of this size and complexity, particularly given the recent events identified above and of which this Court is aware. More specifically, given the recent need for a change in direction following Hillair's withdrawal from the

Sale, and the recent position(s) taken by Amazon with respect to not only Hillair, but the Debtors, the Debtors need a further extension of exclusivity in order to identify and propose an alternative plan.

Although § 1121 provides that the exclusivity period may be extended "for cause," the Bankruptcy Code does not define "cause" or provide any specific standard. The legislative history of § 1121(d), however, reflects a Congressional intent to allow a debtor to remain in control of the bankruptcy process, while recognizing the legitimate interest of creditors in the debtor's case. *See* H.R. Rep. No. 95-595, 406 (1977); S. Rep. No. 95-989, 118 (1978).

The Courts have further interpreted the "cause" standard of § 1121(d) as a broad standard that allows the Court "maximum flexibility to suit various types of reorganization proceedings." *In re Public Service Co. of New Hampshire*, 88 B.R. 521, 534 (Bankr. D.N.H. 1988); *see Gaines v. Perkins (In re Perkins)*, 71 B.R. 294, 297 (W.D. Tenn. 1987) ("[t]he hallmark of [§ 1121(d)] is flexibility"). The courts have highlighted numerous factors that can be considered in evaluating whether to extend the exclusivity period. These include: (1) the size and complexity of the case; (2) the amount of time that has elapsed in the case; (3) the existence of good faith progress; (4) whether the debtor is paying its bills as they become due; (5) whether the debtor has demonstrated reasonable prospects of filing a viable plan; (6) the necessity of sufficient time for the debtor to negotiate a plan; (7) whether the debtor has made progress in negotiation with its creditors; (8) whether the debtor is seeking an extension in order to pressure creditors to submit to the debtor's reorganization demands; and (9) whether an unresolved contingency exists. *In re Dow Corning Corp.*, 208 B.R. 661, 664-65 (Bankr. E.D. Mich. 1997); *see also In re Express One International, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996). The Ninth Circuit Bankruptcy Appellate Panel has held that the one "transcendent" consideration is whether an extension of the exclusivity period will facilitate moving the case forward, and toward a fair and equitable resolution. *In re Henry Mayo Newhall Memorial Hosp.*, 282 B.R. 444, 453 (B.A.P. 9th Cir. 2002).

### B.    The Requested Relief Falls Within the Statutory Time Limits

The Debtors filed their petitions on April 30, 2019. The Debtors' 120-day exclusivity period would therefore have expired on August 28, 2019, and the Debtors' 180-day exclusivity period would have expired on October 27, 2019. Pursuant to the First Exclusivity Order, the Debtors' 120-day

exclusivity period was extended to November 30, 2019, and the Debtors' 180-day exclusivity period was extended to January 31, 2020.

The Bankruptcy Code limits extensions of the exclusivity period to 18 months from the petition date for the 120-day period, and 20 months for the 180-day period. *See* 11 U.S.C. § 1121(d)(2). The modest additional extensions sought herein are not remotely near these limits, and the Debtors reserve their right to seek further extensions of the periods.

**C.     Good Cause Exists to Extend the Debtors' Exclusivity Period**

An evaluation of the factors identified above clearly shows that cause exists for the extension of the exclusivity period.

   1.   *Size and Complexity of the Case*

The Debtors believe that the size and complexity of these Chapter 11 Cases clearly support an extension of exclusivity. This is a substantial reorganization case, with significant complexities. Courts have recognized that a colossal bankruptcy estate is not a prerequisite to justify an extension of the exclusivity period based on size and complexity. *See In re United Press Int'l.*, 60 B.R. 265, 270 (Bankr. D.D.C. 1986) (granting an extension of the exclusivity period for a $40 million company); *Gaines v. Perkins (In re Perkins)*, 71 B.R. 294, 296 (W.D. Tenn. 1987) (finding that a case was sufficiently large to justify an extension where there were approximately 100 creditors holding 225 claims against the estate). In the early stages of this case, the Debtors have dealt with numerous critical and time-demanding concerns of parties in interest, including their secured lender, Hillair Hillair, the Committee and the UST. These matters included, among many others, disputes over the appointment of Brian Weiss as the chief restructuring officer (the "CRO") and establishment of changes in governance of the Debtors, and the use of cash collateral, as well as initial negotiations with Hillair and the Committee regarding the exit of the Debtors' business from bankruptcy. The Debtors are now involved in complex negotiations with Amazon, Hillair, and the Committee regarding alternative exit strategies and resolution of the pending litigation with Amazon.

   2.   *Amount of Time Elapsed in the Case*

Only seven months have elapsed since the Debtors filed their voluntary petitions. This is the Debtors' second request for an extension of exclusivity. The requested relief would extend the

exclusivity periods to approximately ten and twelve months from the petition date. This is only a little more than half of the limit on exclusivity provided by the Bankruptcy Code. *See* 11 U.S.C. § 1121(d)(2)(B) and § 1121(d)(2)(B) (18 and 20 month maximums). This factor therefore strongly supports the requested extension.

### 3. *Existence of Good Faith Progress*

The Debtors have made good faith progress in the Chapter 11 Cases to date, particularly in light of the recent developments. After successfully resolving numerous disputes, particularly with respect to corporate governance, the Debtors retained the CRO. The Debtors have negotiated and operated under numerous stipulations with Hillair and the Committee regarding the use of cash collateral, and on an operational level, the Debtors have continued to receive increasingly exemplary scores from Amazon.

After protracted discussions with the parties-in-interest, as well as a comprehensive sale process run by Armory Securities, the Debtors investment banker, the Debtors entered into the Sale agreement with Hillair as the stalking horse bidder (the "APA"), which was approved by the Court. Although the Sale Motion was ultimately denied based upon Hillair's election not to move forward based upon the (mis)conduct of Amazon, there can be no credible dispute that the Sale process did not represent good faith progress in these Chapter 11 Cases.

Since Hillair's termination of the APA, the Debtors have been evaluating the alternative exit strategy most likely to maximize value for the benefit of all creditors of the Estates holding allowed claims. The Debtors continue to engage in active discussions with the Committee, Amazon, Hillair, and other parties regarding these issues.

The Debtors respectfully submit that, at this stage of these Chapter 11 Cases, they have demonstrated good faith progress, and thus that this factor strongly supports an extension of exclusivity.

### 4. *The Debtors are Paying Their Post-Petition Bills as They Become Due*

The Debtors are consistently paying their post-petition bills as they come due. The Debtors also remain current with their fees to the UST. There is no question that this factor is satisfied.

### 5. *The Debtors Have Reasonable Prospects of Filing a Viable Plan*

The Debtors' clearly have the ability to propose a viable plan. As set forth in the Debtors' monthly operating reports, the Debtors have maintained substantial cash flows. The Debtors are actively

involved in negotiations necessary to reach agreement with the key constituents on the terms of a plan. While the Debtors are continuing to evaluate what exit strategy will provide the best outcome for all creditors, there should be no question that the Debtors have more than a reasonable prospect of filing a viable plan. *See In re Express One*, 194 B.R. at 100 (issue for this factor is whether there is reasonable prospect of filing viable plan).

### 6. The Necessity of Sufficient Time for the Debtors to Negotiate a Plan

The Debtors clearly require additional time to evaluate their exit strategy and negotiate a plan. As discussed above, after dealing with numerous critical issues at the inception of these Chapter 11 Cases, and engaging in a robust sale process, including protracted negotiations with Hillair regarding the terms of the APA, the Debtors filed the Sale Motion. Since Hillair's termination of the APA, and the subsequent denial of the Sale Motion earlier this month, the Debtors have been engaging in negotiations and analysis to formulate an alternative exit strategy that will maximize value to the Estate's constituents. This process is – for all intents and purposes - just beginning and more time is necessary to enable the Debtors to explore these avenues without the distraction of competing plans.

Given the number of creditors, the size and complexity of the Debtors' business(es) and the course of the Chapter 11 Cases to date, there is clearly a need for further time to negotiate with the parties-in-interest, including but not limited to Hillair, the Committee, and Amazon.

### 7. The Debtors Have Made Progress in Negotiations with Their Creditors

As set forth in a number of places above, the Debtors have been actively involved in negotiations with their creditors, including but not limited to Hillair, the Committee and Amazon. These negotiations are ongoing, and include active discussions regarding the exit strategy from Chapter 11. Given that this is a second request for a modest further extension of exclusivity, the Debtors believe that this supports extension of exclusivity. *See In re Dow Corning Corp.*, 208 B.R. at 665 (active involvement in negotiation supports extending exclusivity). The Debtors expect to have a further update on their progress at the time of the hearing on this Motion.

8. *The Debtors are Not Seeking an Extension In Order To Pressure Creditors*

At this stage in the case, there cannot be any reasonable contention that the Debtors' request for an extension is for the purpose of pressuring creditors. The Debtors are not abusing the exclusivity period and should be permitted to maintain exclusivity as contemplated by the Bankruptcy Code.

9. *Unresolved Contingencies*

Generally speaking, the types of unresolved contingencies in question are those which are external to the case. *See In re Dow Corning Corp.*, 208 B.R. at 665. The Debtors are not aware of any such external contingencies.

**D.    The Requested Extension Will Facilitate Moving the Case Forward**

The factors discussed above are all related to the "transcendent consideration" of whether extending exclusivity will facilitate moving the case forward toward a fair and equitable resolution. *See In re Henry Mayo*, 282 B.R. at 453. This is not a case where the debtor has dragged its feet or failed to make meaningful progress. Rather, the Debtors have made significant steps in these cases that set the groundwork for proposing a viable exit strategy. The purpose of the relief requested is simply to allow the Debtors reasonable time to evaluate options and negotiate with its secured creditor, Amazon, and the Committee, while protected from the interference of competing plans, as contemplated by the Bankruptcy Code. *See In re Homestead Partners, Ltd.*, 197 B.R. 706, 719 (Bankr. N.D. Ga., 1996) ("[t]he debtor's exclusive opportunity at plan formulation is a key element in the delicate balance struck by Congress to encourage the consensual development of reorganization plans.").

A key part of moving the case forward is allowing the Debtors adequate time to negotiate with creditors regarding its exit strategy. As the Second Circuit has stated: "In enacting the 1978 Code Congress . . . clearly indicated as one of its purposes that equity interests have a greater voice in reorganization plans-hence, the safeguards of disclosure, voting, acceptance and confirmation in present Chapter 11." *See In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983). The Debtors do not believe that it is productive or appropriate for other parties to file competing plans before the Debtors have had a reasonable opportunity, following denial of the Sale Motion, to explore a consensual alternative exit strategy with the key parties-in-interest.

By this Motion, the Debtors seek to preserve their exclusivity for a total period of ten months, and there is every reason to believe that allowing this brief period of extended exclusivity for negotiation among the major parties, without the possible distraction of competing plans, will move the case forward. The requested extension of exclusivity is therefore clearly consistent with the purpose of Section 1121. *See In re Lionel Corp.*, 722 F.2d at 1071; *Homestead Partners, Ltd.*, 197 B.R. at 719.

### VI. CONCLUSION

WHEREFORE, the Debtors respectfully request entry of an Order:

1. Granting this Motion;

2. Extending to February 28, 2020, the time during which the Debtors have the exclusive right to file a plan, pursuant to 11 U.S.C. § 1121(b) and (c)(2);

3. Extending to April 30, 2010, the time during which the Debtors have the exclusive right to file a plan, pursuant to 11 U.S.C. § 1121(c)(3); and

4. For such other relief as the Court finds just and proper.

DATED:  November 30, 2019                **FOLEY & LARDNER LLP**

  */s/ Shane J. Moses*
Shane J. Moses
Attorneys for Debtors SCOOBEEZ, SCOOBEEZ GLOBAL, INC., and SCOOBUR, LLC

## DECLARATION OF BRIAN WEISS

I, Brian Weiss, hereby declare:

1. I am an individual over 18 years of age. I have personal knowledge of the facts stated herein as more fully set forth below or have gained such knowledge by review of the file and if called as a witness, I could and would competently testify thereto.

2. I make this Declaration in support of the above the (the "Motion")[2] filed by Scoobeez, Scoobeez Global, Inc., and Scoobur, LLC (collectively the "Debtors") for entry of an order, pursuant to section 1121(d) of the Bankruptcy Code further extending the exclusive period in which only the Debtors may file a Chapter 11 plan. All facts in this Declaration are based on my personal knowledge, information gathered from my review of relevant documents, and information supplied to me by the Debtors or their professionals.

3. I am the Chief Restructuring Officer of the Debtors. As such, I am generally responsible for managing the operations of the Debtors and, thus, am familiar with the Debtors' operations, assets, and liabilities. In the ordinary course of business, I rely on the maintenance by personnel of the Debtors of true and correct copies of various documents and information relating to the Debtors. As to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from discussions with personnel of the Debtors or business records, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of the Debtors' business at or near the time of the acts, conditions or events to which they related. Additionally, as the CRO, I have been involved in discussions and planning sessions related to the potential reorganization options and, thus, am familiar with the objectives the Debtors intend to achieve through the Bankruptcy Cases.

4. Scoobeez is a logistics and delivery company headquartered at 3463 Foothill Boulevard, Glendale, California 91214. Amazon is its only customer.

5. The Debtors filed their Chapter 11 petitions on April 30, 2019, initiating these Chapter 11 Cases.

6. The Debtors are consistently paying their post-petition bills as they come due. The Debtors also remain current with their Monthly Operating Reports and their fees to the United States

---

[2] Capitalized terms not defined herein have the terms ascribed to them in the Motion.

Trustee.

7. Since the entry of the First Exclusivity Order, the Debtors have been diligently working to move the cases forward toward an exit that will maximize recoveries for the estates and their creditors. On August 29, 2019, the Debtors filed the "Bid Procedures Motion in connection with the proposed Sale of substantially all assets of the Debtors to Hillair as stalking horse bidder, subject to higher and better bids. On September 17, 2019, the Bid Procedures Motion was granted, and on September 19, 2019, the Debtors filed their Sale Motion. The Sale Motion and the Sale process were the result of extensive negotiations amongst the Debtors, Hillair, and the Committee, amongst others, and were based on the determination – following a thorough and careful business analysis - that the Sale was in the best interest of the estates.

8. As the Court is aware, Amazon opposed the assumption and assignment of the Amazon Agreements to any (proposed) purchaser by and through the Sale process, refused to consider doing business with Hillair or any other purchaser following the Sale, and declared that it intended to terminate the Amazon Agreements. In an attempt to remedy these actions, on or about October 25, 2019, the Debtors filed a complaint against Amazon, which commenced Adversary Proceeding, and is currently pending before this Court. On that same date, the Debtors also filed a motion seeking a temporary restraining order and preliminary injunction. On October 28, 2019, Hillair filed a motion to intervene in the Adversary Proceeding. Also, on October 28, 2019, Amazon filed motion for relief from the automatic stay. Immediately prior to the TRO Hearing, the Debtors, the Committee and Hillair reached an agreement whereby Amazon agreed not to (1) terminate the Amazon Agreements; (2) engage with the Debtors' employees in a manner inconsistent with the ordinary course of business; or (3) reduce routes in a manner inconsistent with the ordinary course pending the hearing on the preliminary injunction.

9. On or about November 1, 2019, the Debtors received a notice from Hillair stating that Hillair was no longer prepared to move forward with the Sale as a result of Amazon's actions and position, which the Debtors filed with the Court on November 13, 2019. On November 18, 2019, the Sale Motion came before the Court and was denied.

10. Since it became apparent that the Sale would not be moving forward as constituted, the Debtors have been diligently exploring alternative exit strategies. In addition to preparing to move forward with litigation with Amazon if necessary to preserve the Debtors' interest in the Amazon Agreements, the Debtors have also been engaging in discussions with Amazon in an effort to reach a comprehensive resolution of the issues underlying the Adversary Proceeding in order to generate value for the benefit of the Debtors' estates. The Debtors are also actively involved in discussions with Hillair and the Committee regarding potential alternative exit strategies.

11. In the early stages of this case, the Debtors have dealt with numerous critical and time-demanding concerns of parties in interest, including Hillair, the Committee, and the UST. These matters included, among many others, disputes over the appointment of the CRO and establishment of changes in governance of the Debtors, and the use of cash collateral, as well as initial negotiations with Hillair and the Committee regarding the exit of the Debtors' business from bankruptcy.

12. I believe that the Debtors clearly require additional time to evaluate their exit strategy and negotiate a plan. As discussed above, after dealing with numerous critical issues at the inception of these Chapter 11 Cases, and engaging in a robust sale process, including protracted negotiations with Hillair regarding the terms of the APA, the Debtors filed the Sale Motion. Since Hillair's termination of the APA, and the subsequent denial of the Sale Motion earlier this month, the Debtors have been engaging in negotiations and analysis to formulate an alternative exit strategy that will maximize value to the Estate's constituents. This process is – for all intents and purposes - just beginning and more time is necessary to enable the Debtors to explore these avenues without the distraction of competing plans.

13. Given the number of creditors, the size and complexity of the Debtors' business(es) and the course of the Chapter 11 Cases to date, there is a clear need for further time to negotiate with the parties-in-interest, including but not limited to Hillair, the Committee, and Amazon.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 30th day of November, 2019.

---
Brian Weiss

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Foley & Lardner LLP, 555 South Flower Street, Suite 3300, Los Angeles, CA 90072-2411

A true and correct copy of the foregoing document entitled (*specify*): **DEBTORS' NOTICE OF MOTION AND MOTION FOR A SECOND ORDER EXTENDING EXCLUSIVE PERIOD FOR DEBTORS TO FILE AND CONFIRM A PLAN; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF BRIAN WEISS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 11/30/2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 11/30/2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Julia W. Brand
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1382
Los Angeles, CA 90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/30/2019 | Shane Moses | /s/ Shane Moses |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*  **F 9013-3.1.PROOF.SERVICE**
4818-7088-4526.2

**1.** **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

**Richard T Baum**     rickbaum@hotmail.com, rickbaum@ecf.inforuptcy.com
- **Bradley E Brook**     bbrook@bbrooklaw.com, paulo@bbrooklaw.com;brookecfmail@gmail.com
- **Richard W Esterkin**     richard.esterkin@morganlewis.com
- **John-Patrick M Fritz**     jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com
- **Riebert Sterling Henderson**     shenderson@gibbsgiden.com
- **Vivian Ho**     BKClaimConfirmation@ftb.ca.gov
- **David Brian Lally**     davidlallylaw@gmail.com
- **Alvin Mar**     alvin.mar@usdoj.gov, dare.law@usdoj.gov
- **Ashley M McDow**     amcdow@foley.com, sgaeta@foley.com;mhebbeln@foley.com;swilson@foley.com;jsimon@foley.com
- **Stacey A Miller**     smiller@tharpe-howell.com
- **Kevin H Morse**     kmorse@clarkhill.com, blambert@clarkhill.com
- **Shane J Moses**     smoses@foley.com
- **Akop J Nalbandyan**     jnalbandyan@LNtriallawyers.com, cbautista@LNtriallawyers.com
- **Rejoy Nalkara**     rejoy.nalkara@americaninfosource.com
- **Anthony J Napolitano**     anapolitano@buchalter.com, IFS_filing@buchalter.com;salarcon@buchalter.com
- **Jennifer L Nassiri**     jennifernassiri@quinnemanuel.com
- **David L. Neale**     dln@lnbyb.com
- **Aram Ordubegian**     ordubegian.aram@arentfox.com
- **Hamid R Rafatjoo**     hrafatjoo@raineslaw.com, bclark@raineslaw.com;cwilliams@raineslaw.com
- **Gregory M Salvato**     gsalvato@salvatolawoffices.com, calendar@salvatolawoffices.com;jboufadel@salvatolawoffices.com;gsalvato@ecf.inforuptcy.com
- **Jeffrey S Shinbrot**     jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com
- **Steven M Spector**     sspector@buchalter.com, IFS_efiling@buchalter.com;salarcon@buchalter.com
- **United States Trustee (LA)**     ustpregion16.la.ecf@usdoj.gov
- **Kimberly Walsh**     bk-kwalsh@texasattorneygeneral.gov
- **Eric D Winston**     ericwinston@quinnemanuel.com
- **Eric K Yaeckel**     yaeckel@sullivanlawgroupapc.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                              **F 9013-3.1.PROOF.SERVICE**
4818-7088-4526.2