Ashley M. McDow (245114)
John A. Simon (admitted Pro Hac Vice)
Shane J. Moses (250533)
**FOLEY & LARDNER LLP**
555 S. Flower St., 33rd Floor
Los Angeles, CA 90071
Telephone: 213.972.4500
Email: amcdow@foley.com
       jsimon@foley.com
       smoses@foley.com

Attorneys for Debtors and Debtors in Possession, SCOOBEEZ, SCOOBEEZ GLOBAL, INC., and SCOOBUR, LLC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>SCOOBEEZ, et al.[1]<br><br>Debtors and Debtors in Possession. | Case No. 2:19-bk-14989-WB<br>Jointly Administered:<br>2:19-bk-14991-WB; 2:19-bk-14997-WB<br><br>Chapter 11 |

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Scoobeez (6339); Scoobeez Global, Inc. (9779); and Scoobur, LLC (0343). The Debtors' address is 3463 Foothill Boulevard, Glendale, California 91214.

Affects:

■ All Debtors

☐ Scoobeez, ONLY

☐ Scoobeez Global, Inc., ONLY

☐ Scoobur LLC, ONLY

**DECLARATION OF BRIAN WEISS IN SUPPORT OF OMNIBUS REPLY OF DEBTORS' PROFESSIONALS TO: (1) OBJECTIONS OF THE UNITED STATES TRUSTEE TO FIRST INTERIM FEE APPLICATIONS OF ARMORY SECURITIES, LLC CONWAY MACKENZIE, INC., AND FOLEY & LARDNER LLP; (2) OBJECTION OF SHAHAN AND SHOUSHANA OHANESSIAN TO FIRST INTERIM FEE APPLICATION OF FOLEY & LARDNER LLP; AND (3) OMNIBUS OPPOSITION OF HILLAIR CAPITAL MANAGEMENT L.L.C. TO FIRST INTERIM FEE APPLICATIONS OF (I) FOLEY & LARDNER LLP, (II) CONWAY MACKENZIE, INC., (III) ARMORY SECURITIES, LLC, AND (IV) LEVENE, NEALE, BENDER, YOU, & BRILL L.L.P.**

<u>Hearing</u>:
Date: December 5, 2019
Time: 10:00 a.m.
Place: Courtroom 1375
　　　　U.S. Bankruptcy Court
　　　　255 East Temple Street
　　　　Los Angeles, CA 90012

WEISS DECLARATION IN SUPPORT OF OMNIBUS REPLY
Case No. 2:19-bk-14989-WB
Jointly Administered:
2:19-bk-14991-WB; 2:19-bk-14997-WB
-2-

4847-7198-0206.3

I, Brian Weiss, declare as follows:[2]

1. I am the Chief Restructuring Officer for Scoobeez, Scoobeez Global, Inc., and Scoobur, LLC (collectively the "Debtors"), debtors and debtors-in-possession in the above-captioned bankruptcy case. Except for those statements made expressly upon information and belief, the following facts are based upon my personal knowledge and if called to testify, I could and would competently testify to these facts under oath. As to those statements made upon information and belief, I believe them to be true.

2. I have reviewed Foley & Lardner LLP's ("Foley") First Interim Fee Application for Allowance of Compensation and Reimbursement of Expenses (the "Foley First Interim Application"), Conway MacKenzie, Inc.'s ("Conway") First Interim Fee Application for Allowance of Compensation and Reimbursement of Expenses (the "Conway First Interim Application"), and Armory Securities, LLC's ("Armory") First Interim Fee Application for Allowance of Compensation and Reimbursement of Expenses (the "Armory First Interim Application", and together with the Foley First Interim Fee Application and the Conway First Interim Fee Application, the "First Interim Applications"), in the above-referenced case.

3. Prior to the filing of the filing of the First Interim Applications and the payment of fees and expenses pursuant to the Compensation Procedures, I reviewed drafts of the underlying Monthly Statements containing the fees and expenses of Foley and Conway and obtained reductions of fees expenses from Conway and Foley to the extent I determined any were appropriate in order to make such Professionals' fees reasonable and their expenses appropriate, actual and necessary.

4. With respect to the Foley First Interim Application, Foley has at all times since my appointment as CRO acted in the Debtors' interest and has attempted to resolve these cases efficiently. I believe that Foley's fees being sought were reasonable and necessary. Without limiting the foregoing, Foley's work in support of the sale process yielded a stalking horse bid and a Court-approved sale

---

[2] Capitalized terms not defined herein have the meanings ascribed to them in the Stipulation (I) Resolving (A) Objection of the United States Trustee, (B) Limited Objection of Hillair Capital Management LLC, and (C) Informal Objections of The Official Committee of Unsecured Creditors, to Debtors' Application to Employ Conway Mackenzie, Inc. as the Debtors' Financial Advisors; (II) Resolving Objection of the United States Trustee to Debtors' Application to Employ Foley & Lardner LLP as General Bankruptcy Counsel; and (III) Establishing Procedures for Interim Compensation and Reimbursement of Professionals [Docket No. 184].

process that I believe was robust and which I believe was appropriate to find the highest and best offer for the Debtors' assets, before Amazon's actions changed the path of the sale.  As a result, I support allowance of Foley's fees and expenses in full as reasonable, appropriate and necessary since my appointment as CRO.

5. With respect to the Conway First Interim Application, Conway's actual out-of-pocket expenses were expended for Conway's primary professional responsible for this matter, Michael Flynn, who resides in San Diego, California.  Therefore, he was required to travel to Los Angeles to be onsite at the Debtors' offices for several days per week, particularly at the outset of the cases.  The Debtors knew of his travel and did not raise any objections to it.  He took the train from San Diego to Los Angeles and stayed at a hotel in Los Angeles during this time, utilizing taxis as needed. Because he was onsite, he also needed to eat and his meals while onsite at the Debtors.  Conway's financial services were necessary for the Debtors to meet bankruptcy requirements and the debtors' forecasting needs at the time they were provided. As a result, I support allowance of Conway's fees and expenses in full, as reasonable, appropriate and necessary.

6. With respect to the Armory First Interim Application, the fees and expenses incurred by Armory were reasonable and benefitted the Debtors' estates.   I reviewed and negotiated downward Armory's monthly payments prior to the filing of the application to employ Armory and approval of such application.  Armory was able to conduct a thorough marketing process for the Debtors' assets and had a number of serious potential bidders conducting due diligence before Amazon made its decision to object to assumption and assignment of its contract. Armory performed as requested and desired by the Debtors.  As a result, I support allowing Armory's fees and expenses in full.

7. The Debtors' Professionals' fees and expenses have benefited the estate, and were reasonable and necessary at the time they were incurred.

8. I do not have any objections to the First Interim Fee Applications and support the granting of the First Interim Fee Applications on an interim basis.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

1  Executed at Newport Beach, California on this 4th day of December, 2019.

_____
Brian Weiss

WEISS DECLARATION IN SUPPORT OF OMNIBUS REPLY
Case No. 2:19-bk-14989-WB
Jointly Administered:
2:19-bk-14991-WB; 2:19-bk-14997-WB
-5-

4847-7198-0206.3

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**Foley & Lardner LLP, 555 South Flower Street, Suite 3300, Los Angeles, CA 90072-2411**

A true and correct copy of the foregoing document entitled (*specify*): **DECLARATION OF BRIAN WEISS IN SUPPORT OF OMNIBUS REPLY OF DEBTORS' PROFESSIONALS TO: (1) OBJECTIONS OF THE UNITED STATES TRUSTEE TO FIRST INTERIM FEE APPLICATIONS OF ARMORY SECURITIES, LLC CONWAY MACKENZIE, INC., AND FOLEY & LARDNER LLP; (2) OBJECTION OF SHAHAN AND SHOUSHANA OHANESSIAN TO FIRST INTERIM FEE APPLICATION OF FOLEY & LARDNER LLP; AND (3) OMNIBUS OPPOSITION OF HILLAIR CAPITAL MANAGEMENT L.L.C. TO FIRST INTERIM FEE APPLICATIONS OF (I) FOLEY & LARDNER LLP, (II) CONWAY MACKENZIE, INC., (III) ARMORY SECURITIES, LLC, AND (IV) LEVENE, NEALE, BENDER, YOU, & BRILL L.L.P.** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 12/04/2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 12/04/2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| | |
|---|---|
| Honorable Julia W. Brand<br>United States Bankruptcy Court<br>Central District of California<br>Edward R. Roybal Federal Building and Courthouse<br>255 E. Temple Street, Suite 1382<br>Los Angeles, CA 90012 | |

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/04/2019 | Ashley M. McDow | /s/ *Ashley M. McDow* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
4847-7198-0206.3

**F 9013-3.1.PROOF.SERVICE**

# PROOF OF SERVICE OF DOCUMENT CONT.

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- **John-Patrick M Fritz**    jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com
- **Riebert Sterling Henderson**    shenderson@gibbsgiden.com
- **Vivian Ho**    BKClaimConfirmation@ftb.ca.gov
- **Alvin Mar**    alvin.mar@usdoj.gov
- **Ashley M McDow**    amcdow@foley.com, sgaeta@foley.com;mhebbeln@foley.com;swilson@foley.com;jsimon@foley.com
- **Stacey A Miller**    smiller@tharpe-howell.com
- **Kevin H Morse**    kmorse@clarkhill.com, blambert@clarkhill.com
- **Shane J Moses**    smoses@foley.com
- **Akop J Nalbandyan**    jnalbandyan@LNtriallawyers.com, cbautista@LNtriallawyers.com
- **Rejoy Nalkara**    rejoy.nalkara@americaninfosource.com
- **Anthony J Napolitano**    anapolitano@buchalter.com, IFS_filing@buchalter.com;salarcon@buchalter.com
- **David L. Neale**    dln@lnbyb.com
- **Aram Ordubegian**    ordubegian.aram@arentfox.com
- **Hamid R Rafatjoo**    hrafatjoo@raineslaw.com, bclark@raineslaw.com;cwilliams@raineslaw.com
- **Gregory M Salvato**    gsalvato@salvatolawoffices.com, calendar@salvatolawoffices.com;jboufadel@salvatolawoffices.com;gsalvato@ecf.inforuptcy.com
- **Steven M Spector**    sspector@buchalter.com, IFS_efiling@buchalter.com;salarcon@buchalter.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Eric K Yaeckel**    yaeckel@sullivanlawgroupapc.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

4847-7198-0206.3

**F 9013-3.1.PROOF.SERVICE**