1  MORGAN, LEWIS & BOCKIUS LLP
   Richard W. Esterkin, SBN 70769
2  richard.esterkin@morganlewis.com
   300 S Grand Ave Fl 22
3  Los Angeles CA  90071-3132
   Tel:    (213) 612-2500
4  Fax:   (213) 612-2501

5  Attorneys for
   Amazon Logistics, Inc.

6

7

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                   **LOS ANGELES DIVISION**

11

| 12 | **In re:** | Case No. 2:19-bk-14989-WB |
| 13 | **SCOOBEEZ, et al.[1],** | Jointly Administered: 2:19-bk-14991-WB, and 2:19-bk-14997-WB |
| 14 | | Chapter 11 |
| 15 | **Debtors and Debtors in Possession.** | **STIPULATION TO PROTECTIVE ORDER RE: AMAZON LOGISTICS, INC.'S MOTION FOR RELIEF FROM STAY** |
| 16 | | |
| 17 | Affects: | (No hearing required) |
| 18 | • All Debtors | Judge:  The Hon. Julia W. Brand |
| 19 | • Scoobeez, ONLY  • Scoobeez Global, Inc., ONLY  • Scoobur LLC, ONLY | |

20

21        This Stipulation to Protective Order is entered into by and between Amazon Logistics,

22  Inc. ("Amazon"), Hillair Capital Management, LLC ("Hillair"), Scoobeez and the Official

23  Committee of Unsecured Creditors with reference to the following facts:

24  ////

25  ////

26  _____

27  [1]  The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Scoobeez (6339); Scoobeez Global, Inc. (9779); and, Scoobur, LLC (0343).  The Debtors' address is 3463 Foothill

28  Boulevard, in Glendale, California  91214.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 37758168.2

1

## **RECITALS**

2      A.      On October 28, 2019, Amazon filed a motion seeking, among other relief,

3   an order modifying the automatic stay herein (Docket No. 393) (the "Motion").

4      B.      Hillair has filed opposition to the Motion and, in connection therewith, has

5   served discovery requests on Amazon.  Amazon has also served discovery requests on

6   Hillair and Scoobeez.

7      C.      The party's responses to the foregoing discovery requests are likely to

8   involve production of confidential, proprietary, or private information for which special

9   protection from public disclosure and from use for any purpose other than litigating the

10  Motion may be warranted.

11

## **STIPULATION**

12      Accordingly, the Parties hereby stipulate to the entry of a Protective Order in the

13  form attached hereto as Exhibit 1.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

- 2 -

DB2/ 37758168.2

1    Dated: December __, 2019                    MORGAN, LEWIS & BOCKIUS LLP

2

3                                               By:  _/s/ Richard W. Esterkin_____
                                                     Richard W. Esterkin
4
                                                Attorneys for Amazon Logistics, Inc.
5
     Dated: December 18, 2019                   QUINN EMANUEL URQUHART &
6                                               SULLIVAN, LLP

7

8                                               By: _Crystal Nix Hines_____
                                                     Crystal Nix-Hines
9
                                                Attorneys for Hillair Capital
10                                              Management, LLC

11   Dated: December __, 2019                   LEVENE, NEALE, BENDER, YOO & BRILL
                                                L.L.P.
12

13

14                                              By: _____
                                                     David L. Neale
15
                                                Attorneys for the Official Committee
16                                              of Unsecured Creditors

17   Dated: December __, 2019                   FOLEY & LARDNER LLP

18

19                                              By: _____
                                                     Ashley McDow
20
                                                Attorneys for Scoobeez
21

22

23

24

25

26

27

28

1    Dated: December __, 2019                    MORGAN, LEWIS & BOCKIUS LLP

2

3                                               By:  _*/s/ Richard W.* Esterkin_____
                                                         Richard W. Esterkin
4
                                                Attorneys for Amazon Logistics, Inc.
5
     Dated: December __, 2019                   QUINN EMANUEL URQUHART &
6                                               SULLIVAN, LLP

7

8                                               By: _____
                                                         Eric Winston
9
                                                Attorneys for Hillair Capital
10                                              Management, LLC

11   Dated: December 16, 2019                   LEVENE, NEALE, BENDER, YOO & BRILL
                                                L.L.P.
12

13

14                                              By: _____
                                                         David L. Neale
15
                                                Attorneys for the Official Committee
16                                              of Unsecured Creditors

17   Dated: December __, 2019                   FOLEY & LARDNER LLP

18

19                                              By: _____
                                                         Ashley McDow
20
                                                Attorneys for Scoobeez
21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 37758168.2

1    Dated: December __, 2019                    MORGAN, LEWIS & BOCKIUS LLP

2

3                                                By:   /s/ Richard W. Esterkin
                                                      Richard W. Esterkin
4
                                                      Attorneys for Amazon Logistics, Inc.
5
     Dated: December 18, 2019                    QUINN EMANUEL URQUHART &
6                                                SULLIVAN, LLP

7

8                                                By:  Crystal Nix Hines
                                                      Crystal Nix-Hines
9
                                                      Attorneys for Hillair Capital
10                                                    Management, LLC

11   Dated: December __, 2019                    LEVENE, NEALE, BENDER, YOO & BRILL
                                                 L.L.P.
12

13
                                                 By: _____
14                                                    David L. Neale

15                                                    Attorneys for the Official Committee
                                                      of Unsecured Creditors
16

17   Dated: December 18, 2019                    FOLEY & LARDNER LLP

18

19   By: _____
        Ashley McDow  Brittany J Nelson
20                                                      Foley + Lardner
                                                 Attorneys for Scoobeez

21

22

23

24

25

26

27

28
                                          - 3 -

DB2/ 37758168.2

# EXHIBIT 1

Exhibit 1 - page 4

1    MORGAN, LEWIS & BOCKIUS LLP
     Richard W. Esterkin, SBN 70769
2    richard.esterkin@morganlewis.com
     300 S Grand Ave Fl 22
3    Los Angeles CA  90071-3132
     Tel:     (213) 612-2500
4    Fax:    (213) 612-2501

5    Attorneys for
     Amazon Logistics, Inc.
6

7

8                    **UNITED STATES BANKRUPTCY COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10                        **LOS ANGELES DIVISION**

11

12   **In re:**                                Case No. 2:19-bk-14989-WB
                                               Jointly Administered with:
13        **SCOOBEEZ, et al.[1],**             2:19-bk-14991-WB, and 2:19-bk-14997-WB

14                                             Chapter 11
             **Debtors and Debtors in**
15           **Possession.**                   **PROTECTIVE ORDER RE: AMAZON
                                               LOGISTICS, INC.'S MOTION FOR
16                                             RELIEF FROM STAY**

17   Affects:                                  (No hearing required)
     ■ All Debtors
18   ☐ Scoobeez, ONLY                          Judge:  The Hon. Julia W. Brand
     ☐ Scoobeez Global, Inc., ONLY
19   ☐ Scoobur LLC, ONLY

20

21          The parties having stipulated thereto, and good cause appearing therefor,

22          IT IS HEREBY ORDERED AS FOLLOWS:

23          1.      DEFINITIONS

24                  1.1      "ATTORNEYS-EYES ONLY" Information or Items: information

25   (regardless of how it is generated, stored or maintained) or tangible things that qualify for

26   protection under Federal Rule of Civil Procedure 26(c) and that constitutes highly confidential and

27   _____

28   [1]  The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows:
     Scoobeez (6339); Scoobeez Global, Inc. (9779); and, Scoobur, LLC (0343).  The Debtors' address is 3463 Foothill
     Boulevard, in Glendale, California  91214.

     DB2/ 37758235.5                                    - 1 -

Exhibit 1 - page 5

1    sensitive information, the disclosure of which to anyone other than the parties' attorneys could

2    result in irreparable harm.

3          1.2    <u>Bankruptcy Case</u>:  The above-captioned bankruptcy case.

4          1.3    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of

5    information or items under this Order.

6          1.4    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it

7    is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule

8    of Civil Procedure 26(c) that are entitled to confidential treatment, but that do not qualify as

9    "ATTORNEYS-EYES ONLY."

10          1.5    <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their

11    support staff).

12          1.6    <u>Debtors</u>:  Scoobeez, Scoobeez Global, Inc. and Scoobur, LLC.

13          1.7    <u>Designating Party</u>: a Party or Non-Party that designates information or

14    items that it produces in disclosures or in responses to discovery (including answers to questions

15    posed at depositions) as "CONFIDENTIAL" or "ATTORNEYS-EYES ONLY."

16          1.8    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the

17    medium or manner in which it is generated, stored, or maintained (including, among other things,

18    testimony, transcripts, and tangible things), that are produced or generated in disclosures or

19    responses to discovery in this matter.

20          1.9    <u>House Counsel</u>: attorneys who are employees of a Party to this Action.

21    House Counsel does not include Outside Counsel of Record or any other outside counsel.

22          1.10    <u>Motion</u>:  Amazon Logistics, Inc.'s *Notice of Motion and Motion for an*

23    *Order:  (A) Determining that the Automatic Stay Does not Require Amazon to Utilize the*

24    *Debtor's Services; and (B) Modifying the Automatic Stay; Memorandum of Points and*

25    *Authorities and Request to Take Judicial Notice in Support Thereof* (Docket No. 393).

26          1.11    <u>Non-Party</u>: any natural person, partnership, corporation, association, or

27    other legal entity other than a Party.

28

1.12    <u>Outside Counsel of Record</u>: attorneys and their support staff who are not employees of a Party but are retained to represent or advise a Party and have appeared in the Bankruptcy Case on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

1.13    <u>Party</u>:  Amazon Logistics, Inc.; Hillair Capital Management, LLC; Debtors; and the Creditors' Committee, or either of them.

1.14    <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

1.15    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

1.16    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "ATTORNEYS-EYES ONLY."

1.17    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.    <u>SCOPE</u>

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

3.    <u>DURATION</u>

Even after final disposition of the Motion, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

4.    DESIGNATING PROTECTED MATERIAL

4.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take

1    care to limit any such designation to specific material that qualifies under the appropriate

2    standards, as specified in the definitions above.  The Designating Party must designate for

3    protection only those parts of material, documents, items, or oral or written communications that

4    qualify so that other portions of the material, documents, items, or communications for which

5    protection is not warranted are not swept unjustifiably within the ambit of this Order.  If it comes

6    to a Designating Party's attention that information or items that it designated for protection do not

7    qualify for protection, that Designating Party must promptly notify all other Parties that it is

8    withdrawing the inapplicable designation.

9            4.2      Restriction of Designation Concerning Communications Relating Only to

10    the Debtors.  Any Disclosure or Discovery Material evidencing or concerning communications

11    within Amazon Logistics, Inc., or between Amazon Logistics, Inc. (or any of its affiliates or

12    agents), on the one hand, and any other person, on the other hand, that relates only to the Debtors,

13    may not be designated as Attorneys-Eyes Only.

14            4.3      Manner and Timing of Designations.  Except as otherwise provided in this

15    Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

16    Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

17    designated before the material is disclosed or produced.  Designation in conformity with this Order

18    requires:

19            (a)      for information in documentary form (e.g., paper or electronic

20    documents, but excluding transcripts of depositions), that the Producing Party affix at a

21    minimum, the legend "CONFIDENTIAL" or "ATTORNEYS-EYES ONLY" (hereinafter,

22    collectively, the "Confidentiality Legend"), to each page that contains protected material.  If only

23    a portion or portions of the material on a page qualifies for protection, the Producing Party also

24    must clearly identify the protected portion(s) (e.g., by making appropriate markings in the

25    margins).

26            (b)      A Party or Non-Party that makes original documents available for

27    inspection need not designate them for protection until after the inspecting Party has indicated

28    which documents it would like copied and produced.  During the inspection and before the

1  designation, all of the material made available for inspection will be deemed "ATTORNEYS-

2  EYES ONLY."  After the inspecting Party has identified the documents it wants copied and

3  produced, the Producing Party must determine which documents, or portions thereof, qualify for

4  protection under this Order.  Then, before producing the specified documents, the Producing

5  Party must affix the appropriate Confidentiality Legend to each page that contains Protected

6  Material.  If only a portion or portions of the material on a page qualifies for protection, the

7  Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

8  markings in the margins).

9          (c)      for testimony given in depositions that the Designating Party

10 identify testimony to be designated as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" at

11 or before the time provided for the witness to review and correct the deposition transcript by

12 marking the portions of the deposition transcript to be so designated.

13         (d)      for information produced in some form other than documentary and

14 for any other tangible items, that the Producing Party affix in a prominent place on the exterior of

15 the container or containers in which the information is stored the appropriate Confidentiality

16 Legend.  If only a portion or portions of the information warrants protection, the Producing Party,

17 to the extent practicable, should identify the protected portion(s).

18         4.4      <u>Inadvertent Failures to Designate</u>.  If a Designating Party inadvertently

19 fails to designate qualified information or items as "CONFIDENTIAL" or "ATTORNEYS EYES

20 ONLY," the Designating party may later designate qualified information or items, provided that

21 the Designating Party does so promptly after discovering that the information or items was not

22 designated.  Upon timely correction of a designation, the Receiving Party must make reasonable

23 efforts to assure that the material is treated in accordance with the provisions of this Order.

24         5.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

25         5.1      <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a

26 confidentiality designation at any time.

27

28

5.2    <u>Meet and Confer</u>.  Prior to challenging a confidentiality designation, the Challenging Party must meet and confer with the Designating Party to attempt to reach agreement with respect to the challenge.

5.3    <u>Burden of Persuasion</u>:  In the event that the Challenging Party and the Designating Party are unable to resolve the challenge consensually, and the Challenging Party files a motion to remove a confidentiality designation, the burden of persuasion in any such challenge proceeding will be on the Designating Party.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties will continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

6.    <u>ACCESS TO, AND USE OF, PROTECTED MATERIAL</u>

6.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with the Motion for prosecuting, defending, or attempting to settle the issues raised by the Motion only.  Protected Materials may not be used by a Receiving Party for any purpose in another action or proceeding. Protected Material may be disclosed only to the categories of persons, and under the Conditions, described in this Order. When the Motion has been terminated, a Receiving Party must comply with the provisions of Section 12 below (FINAL DISPOSITION).  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

6.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom disclosure of "CONFIDENTIAL" Information or Items is reasonably necessary for the disposition of the Motion, provided, however, that each non-lawyer given access to "CONFIDENTIAL" Information or Items shall be

1  advised that such materials are being disclosed pursuant to, and are subject to, the terms of this

2  Protective Order and that they may not be disclosed other than pursuant to its terms;

3          (b)    the officers, directors, and employees (including House Counsel) of

4  the Receiving Party to whom disclosure of the "CONFIDENTIAL" Information or Items is

5  reasonably necessary for the disposition of the Motion, provided, however, that prior to the

6  disclosure of the "CONFIDENTIAL" Information or Items to any such individual, the Receiving

7  Party's Outside Counsel of Record shall deliver a copy of this Protective Order to such

8  individual, shall explain that such individual is bound to follow the terms of this Order, and shall

9  secure the signature of such individual on the "Acknowledgement and Agreement to Be Bound"

10  (Exhibit A);

11          (c)    the Court and its personnel;

12          (d)    court reporters and their staff;

13          (e)    the author or recipient of a document containing the

14  "CONFIDENTIAL" Information or Items or a custodian or other person who otherwise possessed

15  or knew the "CONFIDENTIAL" Information or Items;

16          (f)    during their depositions, witnesses, and attorneys for witnesses, in

17  the Action to whom disclosure is reasonably necessary, provided: (1) the deposing party requests

18  that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to

19  keep any confidential information, and will be required to review their deposition transcript at the

20  court reporter's office, unless they sign the "Acknowledgment and Agreement to Be Bound"

21  (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of

22  transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be

23  separately bound by the court reporter and may not be disclosed to anyone except as permitted

24  under this Stipulated Protective Order;

25          (g)    consultants, experts, Professional Vendors, and/or others contacted

26  or retained for the purpose of assisting counsel with regard to the Motion; provided, however, that

27  prior to the disclosure of the "CONFIDENTIAL" Information or Items to any such individual, the

28  Receiving Party's Outside Counsel of Record shall deliver a copy of this Protective Order to such

1  individual, shall explain that such individual is bound to follow the terms of this Order, and shall

2  secure the signature of such individual on the "Acknowledgement and Agreement to Be Bound"

3  (Exhibit A);

4            (h)     any mediator or settlement officer, and their supporting personnel,

5  mutually agreed upon by any of the Parties engaged in settlement discussions; and

6            (i)     any other person or entity that the Designating Party agrees to in

7  writing.

8         6.3    Disclosure of "ATTORNEYS-EYES ONLY" Information or Items. Unless

9  otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving

10  Party may disclose any information or item designated "ATTORNEYS-EYES ONLY" only to:

11            (a)     the Receiving Party's Outside Counsel of Record in connection

12  with the Motion, as well as employees of said Outside Counsel of Record who are working on the

13  Motion under the direction of such counsel and to whom disclosure of "ATTORNEYS-EYES

14  ONLY" Information or Items is necessary for the prosecution of the Motion, provided, however,

15  that each non-lawyer given access to "ATTORNEYS-EYES ONLY" Information or Items shall

16  be advised that such materials are being disclosed pursuant to, and are subject to, the terms of this

17  Stipulated Protective Order and that they may not be disclosed other than pursuant to its terms;

18  and

19            (b)     the Court and its personnel;

20            (c)     court reporters and their staff;

21            (d)     the author or recipient of a document containing the

22  "ATTORNEYS-EYES ONLY" Information or Items or a custodian or other person who

23  otherwise possessed or knew the "ATTORNEYS-EYES ONLY" Information or Items;

24            (e)     during their depositions, witnesses testifying on behalf of the

25  Designating Party;

26            (f)     consultants, experts, Professional Vendors, and/or others contacted

27  or retained for the purpose of assisting counsel with regard to the Motion;  provided, however,

28  that prior to the disclosure of the "ATTORNEYS-EYES ONLY" Information or Items to any

1   such individual, the Receiving Party's Outside Counsel of Record shall deliver a copy of this

2   Protective Order to such individual, shall explain that such individual is bound to follow the terms

3   of this Order, and shall secure the signature of such individual on the "Acknowledgement and

4   Agreement to Be Bound" (Exhibit A);

5            (g)    any mediator or settlement officer, and their supporting personnel,

6   mutually agreed upon by any of the Parties engaged in settlement discussions; and

7            (h)    any other person or entity that the Designating Party agrees to in

8   writing.

9       7.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

10  OTHER LITIGATION

11           7.1    Notice.  If a party is served with a subpoena or a court order issued in other

12  litigation that compels disclosure of any information or items designated in this Action as

13  "CONFIDENTIAL" or "ATTORNEYS-EYES ONLY," that party must:

14           (a)    promptly notify in writing counsel of record for the Designating

15  Party by electronic mail transmission that such information or item has become the subject of a

16  subpoena or court order, followed by either express mail or overnight delivery to counsel of

17  record for the Designation Party.  Such notification must include a copy of the subpoena or court

18  order;

19           (b)    promptly notify in writing the party who caused the subpoena or

20  order to issue in the other litigation that some or all of the material covered by the subpoena or

21  order is subject to this Protective Order.  Such notification will include a copy of this Stipulated

22  Protective Order; and

23           (c)    cooperate with respect to all reasonable procedures sought to be

24  pursued by the Designating Party whose Protected Material may be affected.

25           7.2    Protective Order.  If the Designating Party timely seeks a protective order,

26  the party served with the subpoena or court order will not produce any information designated in

27  this action as "CONFIDENTIAL" or "ATTORNEYS-EYES ONLY" before a determination with

28  respect to the request for a protective order by the court from which the subpoena or order issued,

1    unless the party has obtained the Designating Party's permission.  The Designating Party will

2    bear the burden and expense of seeking protection in that court of its confidential material.

3          8.    <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED

4    IN THIS LITIGATION</u>

5          8.1    The terms of this Order are applicable to information produced by a Non-

6    Party in connection with the Motion and designated as "CONFIDENTIAL" or "ATTORNEYS-

7    EYES ONLY."  Such information produced by Non-Parties in connection with the Motion is

8    protected by the remedies and relief provided by this Order.  Nothing in this Order should be

9    construed as prohibiting a Non-Party from seeking additional protections.

10          8.2    In the event that a Party is required, by a valid discovery request, to

11    produce a Non-Party's confidential information in its possession, and the Party is subject to an

12    agreement with the Non-Party not to produce the Non-Party's confidential information, then the

13    Party will:

14          (a)    promptly notify in writing the Requesting Party and the Non-Party

15    that some or all of the information requested is subject to a confidentiality agreement with a Non-

16    Party;

17          (b)    promptly provide the Non-Party with a copy of the Stipulated

18    Protective Order in this Action, the relevant discovery request(s), and a reasonably specific

19    description of the information requested; and

20          (c)    make the information requested available for inspection by the

21    Non-Party, if requested.

22          8.3    If the Non-Party fails to seek a protective order from this Court within 7

23    days of receiving the notice and accompanying information, the Receiving Party may produce the

24    Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely

25    seeks a protective order, the Receiving Party will not produce any information in its possession or

26    control that is subject to the confidentiality agreement with the Non-Party before a determination

27    by the court with respect to that request.  Absent a court order to the contrary, the Non-Party will

28    bear the burden and expense of seeking protection in this court of its Protected Material.

9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures via electronic mail transmission, followed by either express mail or overnight delivery, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

Nothing in this Order shall be deemed to be a limit or waiver of the attorney-client privilege, the work product doctrine, or any other relevant privilege.  Further, inadvertent production of privileged information shall not waive the privilege.  If privileged information is inadvertently produced, the recipient agrees that, upon request from the producing party, it shall promptly return all copies of documents containing the privileged information, delete any versions of the documents containing the privileged information on any database or computer filing system it maintains, and make no use of the privileged information.

11.     MISCELLANEOUS

11.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

11.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this  Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

11.3    Filing Protected Material. A Party that seeks to file Protected Material must seek an order permitting it to file the Protected Material under seal, but may note for the Court

that the Party filing such Protected Material does not qualify to be filed under seal, and the

Designating Party may file its own motion requesting that the Protected Material be filed under

seal.  Any such request must comply with the applicable Local Rules and other authority

providing for the sealing of filed documents.  If a Party's request to file Protected Material under

seal is denied by the court, then the Receiving Party may file the information in the public record

unless otherwise instructed by the Court.

12.    <u>FINAL DISPOSITION</u>

After the final disposition of the Motion, within 60 days of a written request by the

Designating Party, each Receiving Party must return all Protected Material to the Producing Party

or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies,

abstracts, compilations, summaries, and any other format reproducing or capturing any of the

Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party

must submit a written certification to the Producing Party (and, if not the same person or entity, to

the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate)

all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party

has not retained any copies, abstracts, compilations, summaries or any other format reproducing

or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled

to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing

transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports,

attorney work product, and consultant and expert work product, even if such materials contain

Protected Material.  Any such archival copies that contain or constitute Protected Material remain

subject to this Protective Order.

####

1

## EXHIBIT A

2

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3    I, _____ **[full name]**, of _____ **[full**

4    **address]**, declare under penalty of perjury that I have read in its entirety and understand the

5    Protective Order that was issued by the United States Bankruptcy Court for the Central District of

6    California on [date] in the case of *In re Scoobeez, et al.,* Case No. 2:19-bk-14989-WB (the

7    "Protective Order").  I agree to comply with and to be bound by all the terms of the Protective

8    Order.

9    I further agree to submit to the jurisdiction of the United States Bankruptcy Court for the

10   Central District of California for the purpose of enforcing the terms of the Protective Order, even

11   if such enforcement proceedings occur after termination of this action.

12   Date: _____

13   City and State where signed: _____

14

15   Printed name: _____

16

17   Signature: _____

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

09533-00001/11176607.1
DB2/ 37758235.5

- 1 -

Exhibit 1 - page 17

1

**CERTIFICATE OF SERVICE FORM**

2

**FOR ELECTRONIC FILINGS**

3

I hereby certify that on December 19, 2019, I electronically filed the foregoing document,

4

**Stipulation to Protective Order Re: Amazon Logistics, Inc.'s Motion For Relief From Stay**,

5

with the Clerk of the United States Bankruptcy Court, Central District of California, Los Angeles

6

Division, using the CM/ECF system, which will send notification of such filing to those parties

7

registered to receive notice on this matter.

8

9

_____
Renee Robles

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

09533-00001/11176607.1
DB2/ 37758235.5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
 Morgan Lewis & Bockius, LLP
 300 S Grand Ave Fl 22, Los Angeles CA  90071-3132

A true and correct copy of the foregoing document entitled (*specify*):  Stipulation to Protective Order re: Amazon
Logistics, Inc.'s Motion for Relief From Stay
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
12/19/2019_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

 See Service List, Attached.

☑ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)  12/19/2019_____, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

| Conway MacKenzie, Inc. | Daimler Trust | Levene Neale Bender Yoo & Brill LLP |
|---|---|---|
| 333 S Hope St Ste 3625 | c/o BK Servicing LLC | 10250 Constellation Blvd Ste 1700 |
| Los Angeles CA  90071 | PO Box 131265 | Los Angeles CA  90067 |
| | Roseville MN  55113-0011 | |

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method
for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  12/19/2019_____, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

The Hon. Julia W. Brand, Suite 1382
U.S. Bankruptcy Court, Roybal Federal Building
255 E Temple St, Los Angeles CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/19/2019 | Renee Robles | *Renee Robles* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

**2:19-bk-14989-WB Service List:**

Richard T Baum on behalf of Stockholder Rosenthal Family Trust
rickbaum@hotmail.com, rickbaum@ecfinforuptcy.com

Richard W Esterkin on behalf of Creditor Amazon Logistics, Inc.
richard.esterkin@morganlewis.com

John-Patrick M Fritz on behalf of Attorney Official Committee Of
Unsecured Creditors jpf@lnbyb.com,
JPF.LNBYB@ecf.inforuptcy.com

John-Patrick M Fritz on behalf of Creditor Committee Official Committee of
Unsecured Creditors jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com

John-Patrick M Fritz on behalf of Interested Party Levene, Neale, Bender,
Yoo & Brill L.L.P. jpf@lnbyb.com, JPF.LNBYB@ecf. inforuptcy.com

John-Patrick M Fritz on behalf of Plaintiff Official Committee of Unsecured Creditors of the
Estates of Scoobeez

and Scoobeez Global, Inc.

jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com

Riebert Sterling Henderson on behalf of Interested Party Courtesy NEF
shenderson@gibbsgiden.com

Vivian Ho on behalf of Creditor FRANCHISE TAX BOARD
BKClaimConfirmation@ftb.ca.gov

David Brian Lally on behalf of Attorney Grigori Sedrakyan
davidlallylaw@gmail.com

David Brian Lally on behalf of Attorney Peter and Barbara Ro Trustees of the Rosenthal Family
Trust UTD

3/25/1988

davidlallylaw@gmail.com

Alvin Mar on behalf of U.S. Trustee United States Trustee (LA)
alvin.mar@usdoj.gov, dare.law@usdoj.gov

Ashley M McDow on behalf of Debtor Scoobeez

amcdow@foley.com,
sgaeta@foley.com;mhebbeln@foley.com;swilson@foley.com;jsimon@foley.com

Ashley M McDow on behalf of Debtor Scoobeez Global, Inc.

amcdow@foley.com,
sgaeta@foley.com;mhebbeln@foley.com;swilson@foley.com;jsimon@foley.com

Ashley M McDow on behalf of Debtor Scoobur LLC

amcdow@foley.com,
sgaeta@foley.com;mhebbeln@foley.com;swilson@foley.com;jsimon@foley.com

Ashley M McDow on behalf of Plaintiff Scoobeez, Inc.

amcdow@foley.com,
sgaeta@foley.com;mhebbeln@foley.com;swilson@foley.com;jsimon@foley.com

Stacey A Miller on behalf of Creditor Porsche Financial Services, Inc.
smiller@tharpe-howell.com

Stacey A Miller on behalf of Creditor Porsche Financial Services, Inc. dba Bentley
Financial Services smiller@tharpe-howell.com

Stacey A Miller on behalf of Creditor Porsche Leasing Ltd.
smiller@tharpe-howell.com

Kevin H Morse on behalf of Creditor Avitus Group, Inc.
kmorse@clarkhill.com, blambert@clarkhill.com

Shane J Moses on behalf of Debtor Scoobeez
smoses@foley.com

Shane J Moses on behalf of Plaintiff Scoobeez, Inc.
smoses@foley.com

Akop J Nalbandyan on behalf of Creditor Roy Anthony Catellanos
jnalbandyan@LNtriallawyers.com, cbautista@LNtriallawyers.com

Akop J Nalbandyan on behalf of Interested Party INTERESTED PARTY
jnalbandyan@LNtriallawyers.com, cbautista@LNtriallawyers.com

Rejoy Nalkara on behalf of Creditor BMW Financial Services NA, LLC, c/o AIS
Portfolio Services, LP rejoy.nalkara@americaninfosource.com

Anthony J Napolitano on behalf of Creditor Hillair Capital Management LLC
anapolitano@buchalter.com,
IFS_filing@buchalter.com;salarcon@buchalter.com

David L. Neale on behalf of Attorney Official Committee Of Unsecured
Creditors dln@lnbyb.com

David L. Neale on behalf of Creditor Committee Official Committee of Unsecured
Creditors dln@lnbyb.com

David L. Neale on behalf of Interested Party Levene, Neale, Bender, Yoo & Brill
L.L.P. dln@lnbyb.com

Aram Ordubegian on behalf of Interested Party Courtesy NEF
ordubegian.aram@arentfox.com

Hamid R Rafatjoo on behalf of Creditor Shahan Ohanessian
hrafatjoo@raineslaw.com,
bclark@raineslaw.com;cwilliams@raineslaw.com

Gregory M Salvato on behalf of Creditor Azad Baban

gsalvato@salvatolawoffices.com,

calendar@salvatolawoffices.com;jboufadel@salvatolawoffices.com;gsalvato@ecf. inforuptcy.com

Gregory M Salvato on behalf of Interested Party INTERESTED PARTY
gsalvato@salvatolawoffices.com,

calendar@salvatolawoffices.com;jboufadel@salvatolawoffices.com;gsalvato@ecf. inforuptcy.com

Jeffrey S Shinbrot on behalf of Creditor Shahan Ohanessian
jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com

Steven M Spector on behalf of Creditor Hillair Capital Management LLC
sspector@buchalter.com,
IFS_efiling@buchalter.com;salarcon@buchalter.com

United States Trustee (LA)
ustpregion16.1a.ecf@usdoj.gov

Kimberly Walsh on behalf of Creditor Texas Comptroller of Public
Accounts bk-kwalsh@texasattorneygeneral.gov

Eric D Winston on behalf of Creditor Hillair Capital Management, LLC
ericwinston@quinnemanuel.com

Eric K Yaeckel on behalf of Creditor Arturo Vega
yaeckel@sullivanlawgroupapc.com

**2:19-bk-14989-WB Notice will not be electronically mailed to:**

Armory Securities, LLC

Conway MacKenzie, Inc.
333 S Hope St Ste 3625
Los Angeles, CA 90071

Daimler Trust
c/o BK Servicing, LLC
PO Box 131265
Roseville, MN 55113-0011

Force Ten Partners, LLC

Levene Neale Bender Yoo & Brill LLP
10250 Constellation Blvd Ste 1700
Los Angeles, CA 90067