MORGAN, LEWIS & BOCKIUS LLP
Richard W. Esterkin, SBN 70769
richard.esterkin@morganlewis.com
300 S Grand Ave Fl 22
Los Angeles CA  90071-3132
Tel:    (213) 612-2500
Fax:    (213) 612-2501

Attorneys for
Amazon Logistics, Inc.

**FILED & ENTERED**

**DEC 23 2019**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY bryant    DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| **In re:**<br><br>**SCOOBEEZ, et al.,[1]**<br><br>**Debtors and Debtors in Possession.**<br><br>Affects:<br>■ All Debtors<br>☐ Scoobeez, ONLY<br>☐ Scoobeez Global, Inc., ONLY<br>☐ Scoobur LLC, ONLY | Case No. 2:19-bk-14989-WB<br>Jointly Administered with:<br>2:19-bk-14991-WB, and 2:19-bk-14997-WB<br><br>Chapter 11<br><br>**PROTECTIVE ORDER RE: AMAZON LOGISTICS, INC.'S MOTION FOR RELIEF FROM STAY**<br><br>(No hearing required)<br><br>Judge:  The Hon. Julia W. Brand |

The parties having stipulated thereto, and good cause appearing therefor,

IT IS HEREBY ORDERED AS FOLLOWS:

1.    DEFINITIONS

   1.1    "ATTORNEYS-EYES ONLY" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and that constitutes highly confidential and

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Scoobeez (6339); Scoobeez Global, Inc. (9779); and, Scoobur, LLC (0343).  The Debtors' address is 3463 Foothill Boulevard, in Glendale, California  91214.

DB2/ 37758235.5

- 1 -

sensitive information, the disclosure of which to anyone other than the parties' attorneys could result in irreparable harm.

1.2 Bankruptcy Case: The above-captioned bankruptcy case.

1.3 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

1.4 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) that are entitled to confidential treatment, but that do not qualify as "ATTORNEYS-EYES ONLY."

1.5 Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

1.6 Debtors: Scoobeez, Scoobeez Global, Inc. and Scoobur, LLC.

1.7 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery (including answers to questions posed at depositions) as "CONFIDENTIAL" or "ATTORNEYS-EYES ONLY."

1.8 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

1.9 House Counsel: attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

1.10 Motion: Amazon Logistics, Inc.'s *Notice of Motion and Motion for an Order: (A) Determining that the Automatic Stay Does not Require Amazon to Utilize the Debtor's Services; and (B) Modifying the Automatic Stay; Memorandum of Points and Authorities and Request to Take Judicial Notice in Support Thereof* (Docket No. 393).

1.11 Non-Party: any natural person, partnership, corporation, association, or other legal entity other than a Party.

1.12     <u>Outside Counsel of Record</u>: attorneys and their support staff who are not employees of a Party but are retained to represent or advise a Party and have appeared in the Bankruptcy Case on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

1.13     <u>Party</u>: Amazon Logistics, Inc.; Hillair Capital Management, LLC; Debtors; and the Creditors' Committee, or either of them.

1.14     <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

1.15     <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

1.16     <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "ATTORNEYS-EYES ONLY."

1.17     <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.     <u>SCOPE</u>

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

3.     <u>DURATION</u>

Even after final disposition of the Motion, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

4.     DESIGNATING PROTECTED MATERIAL

4.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take

1  care to limit any such designation to specific material that qualifies under the appropriate
2  standards, as specified in the definitions above.  The Designating Party must designate for
3  protection only those parts of material, documents, items, or oral or written communications that
4  qualify so that other portions of the material, documents, items, or communications for which
5  protection is not warranted are not swept unjustifiably within the ambit of this Order.  If it comes
6  to a Designating Party's attention that information or items that it designated for protection do not
7  qualify for protection, that Designating Party must promptly notify all other Parties that it is
8  withdrawing the inapplicable designation.

9         4.2    <u>Restriction of Designation Concerning Communications Relating Only to
10 the Debtors.</u>  Any Disclosure or Discovery Material evidencing or concerning communications
11 within Amazon Logistics, Inc., or between Amazon Logistics, Inc. (or any of its affiliates or
12 agents), on the one hand, and any other person, on the other hand, that relates only to the Debtors,
13 may not be designated as Attorneys-Eyes Only.

14        4.3    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this
15 Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,
16 Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so
17 designated before the material is disclosed or produced.  Designation in conformity with this Order
18 requires:

19        (a)    for information in documentary form (e.g., paper or electronic
20 documents, but excluding transcripts of depositions), that the Producing Party affix at a
21 minimum, the legend "CONFIDENTIAL" or "ATTORNEYS-EYES ONLY" (hereinafter,
22 collectively, the "Confidentiality Legend"), to each page that contains protected material.  If only
23 a portion or portions of the material on a page qualifies for protection, the Producing Party also
24 must clearly identify the protected portion(s) (e.g., by making appropriate markings in the
25 margins).

26        (b)    A Party or Non-Party that makes original documents available for
27 inspection need not designate them for protection until after the inspecting Party has indicated
28 which documents it would like copied and produced.  During the inspection and before the

designation, all of the material made available for inspection will be deemed "ATTORNEYS-EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate Confidentiality Legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(c) for testimony given in depositions that the Designating Party identify testimony to be designated as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" at or before the time provided for the witness to review and correct the deposition transcript by marking the portions of the deposition transcript to be so designated.

(d) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the appropriate Confidentiality Legend. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, should identify the protected portion(s).

4.4    Inadvertent Failures to Designate. If a Designating Party inadvertently fails to designate qualified information or items as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY," the Designating party may later designate qualified information or items, provided that the Designating Party does so promptly after discovering that the information or items was not designated. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

5.1    Timing of Challenges. Any Party or Non-Party may challenge a confidentiality designation at any time.

DB2/ 37758235.5

- 5 -

1        5.2    <u>Meet and Confer</u>.  Prior to challenging a confidentiality designation, the Challenging Party must meet and confer with the Designating Party to attempt to reach agreement with respect to the challenge.

      5.3    <u>Burden of Persuasion</u>:  In the event that the Challenging Party and the Designating Party are unable to resolve the challenge consensually, and the Challenging Party files a motion to remove a confidentiality designation, the burden of persuasion in any such challenge proceeding will be on the Designating Party.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties will continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

6.    <u>ACCESS TO, AND USE OF, PROTECTED MATERIAL</u>

      6.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with the Motion for prosecuting, defending, or attempting to settle the issues raised by the Motion only.  Protected Materials may not be used by a Receiving Party for any purpose in another action or proceeding.  Protected Material may be disclosed only to the categories of persons, and under the Conditions, described in this Order. When the Motion has been terminated, a Receiving Party must comply with the provisions of Section 12 below (FINAL DISPOSITION).  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

      6.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

      (a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom disclosure of "CONFIDENTIAL" Information or Items is reasonably necessary for the disposition of the Motion, provided, however, that each non-lawyer given access to "CONFIDENTIAL" Information or Items shall be

DB2/ 37758235.5

- 6 -

advised that such materials are being disclosed pursuant to, and are subject to, the terms of this Protective Order and that they may not be disclosed other than pursuant to its terms;

      (b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure of the "CONFIDENTIAL" Information or Items is reasonably necessary for the disposition of the Motion, provided, however, that prior to the disclosure of the "CONFIDENTIAL" Information or Items to any such individual, the Receiving Party's Outside Counsel of Record shall deliver a copy of this Protective Order to such individual, shall explain that such individual is bound to follow the terms of this Order, and shall secure the signature of such individual on the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

      (c)     the Court and its personnel;

      (d)     court reporters and their staff;

      (e)     the author or recipient of a document containing the "CONFIDENTIAL" Information or Items or a custodian or other person who otherwise possessed or knew the "CONFIDENTIAL" Information or Items;

      (f)     during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary, provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information, and will be required to review their deposition transcript at the court reporter's office, unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

      (g)     consultants, experts, Professional Vendors, and/or others contacted or retained for the purpose of assisting counsel with regard to the Motion; provided, however, that prior to the disclosure of the "CONFIDENTIAL" Information or Items to any such individual, the Receiving Party's Outside Counsel of Record shall deliver a copy of this Protective Order to such

1  individual, shall explain that such individual is bound to follow the terms of this Order, and shall

2  secure the signature of such individual on the "Acknowledgement and Agreement to Be Bound"

3  (Exhibit A);

4        (h)    any mediator or settlement officer, and their supporting personnel,

5  mutually agreed upon by any of the Parties engaged in settlement discussions; and

6        (i)    any other person or entity that the Designating Party agrees to in

7  writing.

8      6.3    <u>Disclosure of "ATTORNEYS-EYES ONLY" Information or Items</u>. Unless

9  otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving

10  Party may disclose any information or item designated "ATTORNEYS-EYES ONLY" only to:

11        (a)    the Receiving Party's Outside Counsel of Record in connection

12  with the Motion, as well as employees of said Outside Counsel of Record who are working on the

13  Motion under the direction of such counsel and to whom disclosure of "ATTORNEYS-EYES

14  ONLY" Information or Items is necessary for the prosecution of the Motion, provided, however,

15  that each non-lawyer given access to "ATTORNEYS-EYES ONLY" Information or Items shall

16  be advised that such materials are being disclosed pursuant to, and are subject to, the terms of this

17  Stipulated Protective Order and that they may not be disclosed other than pursuant to its terms;

18  and

19        (b)    the Court and its personnel;

20        (c)    court reporters and their staff;

21        (d)    the author or recipient of a document containing the

22  "ATTORNEYS-EYES ONLY" Information or Items or a custodian or other person who

23  otherwise possessed or knew the "ATTORNEYS-EYES ONLY" Information or Items;

24        (e)    during their depositions, witnesses testifying on behalf of the

25  Designating Party;

26        (f)    consultants, experts, Professional Vendors, and/or others contacted

27  or retained for the purpose of assisting counsel with regard to the Motion;  provided, however,

28  that prior to the disclosure of the "ATTORNEYS-EYES ONLY" Information or Items to any

such individual, the Receiving Party's Outside Counsel of Record shall deliver a copy of this Protective Order to such individual, shall explain that such individual is bound to follow the terms of this Order, and shall secure the signature of such individual on the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

    (g) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions; and

    (h) any other person or entity that the Designating Party agrees to in writing.

  7. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

    7.1 <u>Notice</u>.  If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "ATTORNEYS-EYES ONLY," that party must:

    (a) promptly notify in writing counsel of record for the Designating Party by electronic mail transmission that such information or item has become the subject of a subpoena or court order, followed by either express mail or overnight delivery to counsel of record for the Designation Party.  Such notification must include a copy of the subpoena or court order;

    (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification will include a copy of this Stipulated Protective Order; and

    (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

    7.2 <u>Protective Order</u>.  If the Designating Party timely seeks a protective order, the party served with the subpoena or court order will not produce any information designated in this action as "CONFIDENTIAL" or "ATTORNEYS-EYES ONLY" before a determination with respect to the request for a protective order by the court from which the subpoena or order issued,

DB2/ 37758235.5

- 9 -

unless the party has obtained the Designating Party's permission.  The Designating Party will bear the burden and expense of seeking protection in that court of its confidential material.

8.  **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

8.1  The terms of this Order are applicable to information produced by a Non-Party in connection with the Motion and designated as "CONFIDENTIAL" or "ATTORNEYS-EYES ONLY." Such information produced by Non-Parties in connection with the Motion is protected by the remedies and relief provided by this Order.  Nothing in this Order should be construed as prohibiting a Non-Party from seeking additional protections.

8.2  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party will:

(a)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)  make the information requested available for inspection by the Non-Party, if requested.

8.3  If the Non-Party fails to seek a protective order from this Court within 7 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party will not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court with respect to that request.  Absent a court order to the contrary, the Non-Party will bear the burden and expense of seeking protection in this court of its Protected Material.

9.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures via electronic mail transmission, followed by either express mail or overnight delivery, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

Nothing in this Order shall be deemed to be a limit or waiver of the attorney-client privilege, the work product doctrine, or any other relevant privilege. Further, inadvertent production of privileged information shall not waive the privilege. If privileged information is inadvertently produced, the recipient agrees that, upon request from the producing party, it shall promptly return all copies of documents containing the privileged information, delete any versions of the documents containing the privileged information on any database or computer filing system it maintains, and make no use of the privileged information.

11.    <u>MISCELLANEOUS</u>

11.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

11.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

11.3    Filing Protected Material. A Party that seeks to file Protected Material must seek an order permitting it to file the Protected Material under seal, but may note for the Court

that the Party filing such Protected Material does not qualify to be filed under seal, and the Designating Party may file its own motion requesting that the Protected Material be filed under seal. Any such request must comply with the applicable Local Rules and other authority providing for the sealing of filed documents. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

12.   FINAL DISPOSITION

After the final disposition of the Motion, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

Date: December 23, 2019

*Julia W Brand*
Julia W. Brand
United States Bankruptcy Judge

DB2/ 37758235.5

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ **[full name]**, of _____ **[full address]**, declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States Bankruptcy Court for the Central District of California on [date] in the case of *In re Scoobeez, et al.,* Case No. 2:19-bk-14989-WB (the "Protective Order").  I agree to comply with and to be bound by all the terms of the Protective Order.

I further agree to submit to the jurisdiction of the United States Bankruptcy Court for the Central District of California for the purpose of enforcing the terms of the Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____

09533-00001/11176607.1
DB2/ 37758235.5

- 1 -

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA