| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| RICHARD W. ESTERKIN (070769)<br>MORGAN, LEWIS & BOCKIUS LLP<br>300 South Grand Avenue, Suite 2200<br>Los Angeles, CA 90071<br>Telephone:  213.612.2500<br>FAX:  213.612.2501<br>E-mail:  richard.esterkin@morganlewis.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Amazon Logistics, Inc. | |

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -  LOS ANGELES DIVISION**

</div>

| In re:<br><br>SCOOBEEZ, et al.¹<br><br>Affects:<br>■ All Debtors<br>☐ Scoobeez, ONLY<br>☐ Scoobeez Global, Inc., ONLY<br>☐ Scoobur LLC, ONLY<br><br><div align="right">Debtor(s).</div> | CASE NO.: 2:19-bk-14989-WB [Jointly administered with 2:19-bk-14991-WB and 2:19-bk-17997-WB]<br>CHAPTER: 11 |
|---|---|
| | <div align="center">**NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(with supporting declarations)**<br>**(ACTION IN NONBANKRUPTCY FORUM)**</div><br><br>DATE: 02/04/2020<br>TIME: 10:00 am<br>COURTROOM: 1375. |
| **Movant:** Amazon Logistics, Inc. | |

1. **Hearing Location**:

   ☒ 255 East Temple Street, Los Angeles, CA 90012          ☐ 411 West Fourth Street, Santa Ana, CA 92701

   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367      ☐ 1415 State Street, Santa Barbara, CA 93101

   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

¹ The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows:  Scoobeez (6339); Scoobeez Global, Inc. (9779); and, Scoobur, LLC (0343).  The Debtors' address is 3463 Foothill Boulevard, in Glendale, California  91214.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d).  If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b).  If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

   a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c. ☐ An application for order setting hearing on shortened notice was filed and remains pending.  After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date:  01/08/2020

MORGAN, LEWIS & BOCKIUS LLP
_____
Printed name of law firm (if applicable)

Richard W. Esterkin
_____
Printed name of individual Movant or attorney for Movant

/s/ Richard W. Esterkin
_____
Signature of individual Movant or attorney for Movant

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO NONBANKRUPTCY ACTION

1. **In the Nonbankruptcy Action, Movant is:**

   a. ☐ Plaintiff

   b. ☒ Defendant

   c. ☐ Other (*specify*):

2. **The Nonbankruptcy Action:** There is a pending lawsuit or administrative proceeding (Nonbankruptcy Action) involving the Debtor or the Debtor's bankruptcy estate:

   a. *Name of Nonbankruptcy Action*: Oberhauser v. Tomchesson, et al.

   b. *Docket number*: D-1-GN-18-0078588

   c. *Nonbankruptcy forum where Nonbankruptcy Action is pending*:

      District Court, 261st Judicial District, Travis County, Texas

   d. Causes of action or claims for relief (Claims):
      Negligence, Negligent Supervision, Negligent Hiring and Retention, Gross Negligence, Res Ipsa Loquiter and Vicarious Liability

3. **Bankruptcy Case History:**

   a. ☒ A voluntary  ☐ An involuntary  petition under chapter  ☐ 7  ☒ 11  ☐ 12  ☐ 13
      was filed on (*date*)  04/30/2019  .

   b. ☐ An order to convert this case to chapter  ☐ 7 ☐ 11 ☐ 12 ☐ 13
      was entered on (*date*) _____.

   c. ☐ A plan was confirmed on (*date*) _____.

4. **Grounds for Relief from Stay:** Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay to proceed with the Nonbankruptcy Action to final judgment in the nonbankruptcy forum for the following reasons:

   a. ☒ Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate.

   b. ☐ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   c. ☐ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   d. ☐ The Claims are nondischargeable in nature and can be most expeditiously resolved in the nonbankruptcy forum.

   e. ☒ The Claims arise under nonbankruptcy law and can be most expeditiously resolved in the nonbankruptcy forum.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                              Page 3                        **F 4001-1.RFS.NONBK.MOTION**

f.  ☐  The bankruptcy case was filed in bad faith.

    (1)  ☐  Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

    (2)  ☐  The timing of the filing of the bankruptcy petition indicates that it was intended to delay or interfere with the Nonbankruptcy Action.

    (3)  ☐  Multiple bankruptcy cases affect the Nonbankruptcy Action.

    (4)  ☐  The Debtor filed only a few case commencement documents.  No schedules or statement of financial affairs (or chapter 13 plan, if appropriate) has been filed.

g.  ☒  Other (*specify*):
    See attachment 4(g).

**5.  Grounds for Annulment of Stay.**  Movant took postpetition actions against the Debtor.

a.  ☐  The actions were taken before Movant knew that the bankruptcy case had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b.  ☐  Although Movant knew the bankruptcy case was filed, Movant previously obtained relief from stay to proceed in the Nonbankruptcy Action in prior bankruptcy cases affecting the Nonbankruptcy Action as set forth in Exhibit. _____.

c.  ☐  Other (*specify*):

**6.  Evidence in Support of Motion:  (*Important Note:  declaration(s) in support of the Motion MUST be signed under penalty of perjury and attached to this motion.*)**

a.  ☒  The DECLARATION RE ACTION IN NONBANKRUPTCY FORUM on page 6.

b.  ☐  Supplemental declaration(s).

c.  ☐  The statements made by Debtor under penalty of perjury concerning Movant's claims as set forth in Debtor's case commencement documents.  Authenticated copies of the relevant portions of the Debtor's case commencement documents are attached as Exhibit. _____.

d.  ☐  Other evidence (*specify*):

**7.  ☐  An optional Memorandum of Points and Authorities is attached to this Motion.**

**Movant requests the following relief:**

1.  Relief from the stay pursuant to 11 U.S.C. § 362(d)(1).

2.  ☒  Movant may proceed under applicable nonbankruptcy law to enforce its remedies to proceed to final judgment in the nonbankruptcy forum, provided that the stay remains in effect with respect to enforcement of any judgment against the Debtor or property of the Debtor's bankruptcy estate.

3.  ☐  The stay is annulled retroactively to the bankruptcy petition date.  Any postpetition acts taken by Movant in the Nonbankruptcy Action shall not constitute a violation of the stay.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 4                          **F 4001-1.RFS.NONBK.MOTION**

4.  ☐  The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified, or annulled as to the co-debtor, on the same terms and condition as to the Debtor.

5.  ☒  The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

6.  ☐  The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Nonbankruptcy Action.

7.  ☐  The order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice

8.  ☒  Other relief requested.


Date:  _01/08/2020_

MORGAN, LEWIS & BOCKIUS LLP
_____
Printed name of law firm (*if applicable*)

Richard W. Esterkin
_____
Printed name of individual Movant or attorney for Movant


/s/ Richard W. Esterkin
_____
Signature of individual Movant or attorney for Movant

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 5                          **F 4001-1.RFS.NONBK.MOTION**

## DECLARATION RE ACTION IN NONBANKRUPTCY FORUM

I, (*name of Declarant*) Tomas E. Alarcon _____, declare as follows:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto.  I am over 18 years of age.  I have knowledge regarding (Nonbankruptcy Action) because:

   ☐ I am the Movant.

   ☒ I am Movant's attorney of record in the Nonbankruptcy Action.

   ☐ I am employed by Movant as (*title and capacity*):

   ☐ Other (*specify*):

2. I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the Nonbankruptcy Action.  I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate.  Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event.  The business records are available for inspection and copies can be submitted to the court if required.

3. In the Nonbankruptcy Action, Movant is:

   ☐ Plaintiff

   ☒ Defendant

   ☐ Other (*specify):*

4. The Nonbankruptcy Action is pending as:

   a. *Name of Nonbankruptcy Action*: Oberhauser v. Tomchesson, et al.

   b. *Docket number*: D-1-GN-18-0078588

   c. *Nonbankruptcy court or agency where Nonbankruptcy Action is pending*:
   District Court, 261st Judicial District, Travis County, Texas

5. **Procedural Status of Nonbankruptcy Action**:

   a. The Claims are:
   Negligence, Negligent Supervision, Negligent Hiring and Retention, Gross Negligence, Res Ipsa Loquiter and Vicarious Liability

   b. True and correct copies of the documents filed in the Nonbankruptcy Action are attached as Exhibit _1____.

   c. The Nonbankruptcy Action was filed on (*date*) _12/20/2018__.

   d. Trial or hearing began/is scheduled to begin on (*date*) _06/15/2020___.

   e. The trial or hearing is estimated to require _2-4__ days (*specify*).

   f. Other plaintiffs in the Nonbankruptcy Action are (*specify*):
   Millessa Oberhauser

   Steve Oberhauser

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                            Page 6                                  **F 4001-1.RFS.NONBK.MOTION**

g.  Other defendants in the Nonbankruptcy Action are (*specify*):
    Kyle Garrett Tomchesson, Amazon.com, Inc. and Amazon Logistics, Inc.

6. **Grounds for relief from stay:**

a.  ☐  Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to
    enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that
    Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under
    11 U.S.C. § 523 or § 727 in this bankruptcy case.

b.  ☐  Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in
    effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate,
    except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary
    complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

c.  ☐  Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim
    against the Debtor or property of the Debtor's bankruptcy estate.  The insurance carrier and policy number
    are (*specify*):

d.  ☐  The Nonbankruptcy Action can be tried more expeditiously in the nonbankruptcy forum.

    (1)  ☒  It is currently set for trial on (*date*)  06/15/2020  .

    (2)  ☐  It is in advanced stages of discovery and Movant believes that it will be set for trial by
         (*date*) _____.  The basis for this belief is (*specify*):

    (3)  ☒  The Nonbankruptcy Action involves non-debtor parties and a single trial in the nonbankruptcy forum
         is the most efficient use of judicial resources.

e.  ☐  The bankruptcy case was filed in bad faith specifically to delay or interfere with the prosecution of the
    Nonbankruptcy Action.

    (1)  ☐  Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case
         commencement documents.

    (2)  ☐  The timing of the filing of the bankruptcy petition indicates it was intended to delay or interfere with
         the Nonbankruptcy Action based upon the following facts (*specify*):

    (3)  ☐  Multiple bankruptcy cases affecting the Property include:

    (A)  Case name:
         Case number:                              Chapter:
         Date filed:            Date discharged:              Date dismissed:
         Relief from stay regarding this Nonbankruptcy Action  ☐ was  ☐ was not  granted.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

(B) Case name:
    Case number:                        Chapter:
    Date filed:               Date discharged:             Date dismissed:
    Relief from stay regarding this Nonbankruptcy Action  ☐ was  ☐ was not  granted.

(C) Case name:
    Case number:                        Chapter:
    Date filed:               Date discharged:             Date dismissed:
    Relief from stay regarding this Nonbankruptcy Action  ☐ was  ☐ was not  granted.

☐ See attached continuation page for information about other bankruptcy cases affecting the Nonbankruptcy Action.

☐ See attached continuation page for additional facts establishing that this case was filed in bad faith.

f.  ☒ See attached continuation page for other facts justifying relief from stay.

7.  ☐ Actions taken in the Nonbankruptcy Action after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

  a.  ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

  b.  ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with the Nonbankruptcy Action enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____

  c.  ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/08/2020 | Tomas E. Alarcon | |
|---|---|---|
| Date | Printed name | Signature |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**Attachment to Motion for Relief from the Automatic Stay**
**(Action in Nonbankruptcy Forum)**

4(g):  The claims arise under nonbankruptcy law and can be most expeditiously resolved in the nonbankruptcy forum.  Also, the claims are insured, are likely fully covered by the applicable insurance.

8:  Plaintiffs may proceed under applicable nonbankruptcy law to enforce their remedies to proceed to final judgment in the nonbankruptcy forum, provided that the stay remains in effect with respect to enforcement of any judgment against the Debtor or property of the Debtor's bankruptcy estate.

1

2

## CONTINUATION PAGE TO
## DECLARATION OF TOMAS E. ALARCON

3

4

5

6

7

8

9

10

11

The plaintiffs in *Oberhauser v. Tomchesson, et al.* originally sought recovery from the driver of the vehicle that collided with their residence (Kyle Garrett Tomchesson) and from Scoobeez, Inc. (which allegedly employed Mr. Tomchesson).  Following the filing of Scoobeez's petition for relief, plaintiffs filed a third amended petition that included negligence claims against Amazon Logistics, Inc. and Amazon.com., Inc.  Mr. Tomchesson and Scoobeez are being provided with a defense to this action by Scoobeez's insurer.  Plaintiffs' most recent settlement demand was well below the amount of the available insurance.  As a result, I believe that there is sufficient insurance to pay any judgment that plaintiffs may obtain, or any settlement that may be entered into to resolve plaintiffs' claims.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 38061194.1

page 10

# EXHIBIT 1

Exhibit 1 -- page 11

**9/11/2019 12:36 PM**
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-18-007588**
**Adrian Rodriguez**

**Cause No. D-1-GN-18-007588**

| | | |
|---|---|---|
| MILLESSA OBERHAUSER & | § | IN THE DISTRICT COURT |
| STEVE OBERHAUSER, | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | 261st JUDICIAL DISTRICT |
| | § | |
| KYLE GARRETT TOMCHESSON, | § | |
| AMAZON.COM, INC., AMAZON | § | |
| LOGISTICS, INC, & SCOOBEEZ, | § | |
| INC. | § | |
| *Defendants.* | § | TRAVIS COUNTY, TEXAS |

---

### PLAINTIFFS' THIRD AMENDED PETITION

---

Plaintiffs Millessa Oberhauser and Steve Oberhauser (collectively, "Plaintiffs") file their Third Amended Petition against Defendants Kyle Garrett Tomchesson ("Tomchesson"), Amazon Logistics, Inc. ("Amazon"), and Scoobeez, Inc. ("Scoobeez") (collectively, "Defendants"), and would respectfully show the Court as follows:

### I.    DISCOVERY LEVEL AND RULE 47(C) DISCLOSURE

1.    Discovery in this case is intended to be conducted under a Level 3 discovery control plan under Texas Rules of Civil Procedure Rule 190.

2.    Plaintiffs seeks monetary relief over $200,000 but not more than $1,000,000.

### II.    JURISDICTION AND VENUE

3.    This Court has jurisdiction over this matter because the amount sought is within the jurisdictional limits of this Court.

1

Exhibit 1 -- page 12

4.      Venue is proper in Travis County pursuant to Texas Civil Practice and Remedies Code Section 15.002 because the events and omissions giving rise to this lawsuit occurred in Travis County, Texas.

### III.    PARTIES

5.      Plaintiff Millessa Oberhauser is an individual residing in Travis County, Texas.

6.      Plaintiff Steve Oberhauser is an individual residing in Travis County, Texas.

7.      Defendant Kyle Garrett Tomchesson is an individual residing in Montgomery County, Texas.  Tomchesson has answered and appeared in this lawsuit.

8.      Defendant Scoobeez, Inc. is a business incorporated in California doing business in Texas.  Scoobeez has answered and appeared in this lawsuit.  Scoobeez filed Chapter 11 bankruptcy on April 30, 2019 in the Central District of California.

9.      Defendant Amazon.com, Inc. is a foreign business incorporated in Washington doing business in Texas.  This Defendant was served and answered as "Amazon Logistics, Inc.," stating it had been incorrectly referred to as "Amazon.com, Inc."

10.      Defendant Amazon Logistics, Inc. is a foreign business incorporated in Washington doing business in Texas.  This Defendant has answered and appeared in this lawsuit.

2

Exhibit 1 -- page 13

## IV.    SUMMARY OF PETITION

11.    This case involves significant property damage to Plaintiffs' home that occurred when an Amazon delivery van driven by Defendant Tomchesson, a Scoobeez employee, crashed into Plaintiffs' home.  The collision could have been avoided if it was not for Amazon's and Scoobeez's grossly negligent business practices.  Amazon hires last-mile delivery companies such as Scoobeez to deliver Amazon packages.  At the time of the collision, Amazon controlled the manner in which Scoobeez drivers, including Tomchesson, delivered Amazon packages. For example:

- Amazon directed the order in which packages were delivered and the routes to each delivery destination.

- Amazon controlled the speed at which its packages were delivered, requiring drivers to deliver over 250 packages in a normal nine-hour shift.

- Amazon used its own software to monitor the drivers' progress, and an Amazon dispatcher would contact drivers when they fell behind schedule.

12.    Amazon's monitoring and delivery quotas placed extreme pressure on drivers, including Tomchesson, to deliver an inordinate number of packages within an impossible amount of time—**allotting less than two minutes of delivery time per package**.  While Amazon required Scoobeez's drivers, including Tomchesson, to deliver Amazon packages as fast as possible, Amazon did not impose any safety requirements on Scoobeez to ensure packages were delivered in a safe manner.

3

Exhibit 1 -- page 14

Amazon's lack of safety requirements allowed Scoobeez to provide minimal or no training to its drivers, including Tomchesson, before they began delivering packages in this pressure packed environment, and to not regularly or randomly drug test its drivers—even after a collision such as the one that occurred here.  Scoobeez also failed to provide additional compensation to its employees for additional time to deliver packages because Amazon will not reimburse Scoobeez for the cost of doing business in a safe manner.  Because of Amazon's grossly negligent control and business practices, Amazon predisposed Scoobeez to operate its business in a grossly negligent manner and required Scoobeez's drivers, including Tomchesson, to meet requirements that were unsafe for them to meet.  The culmination of Amazon's and Scoobeez's grossly negligent business practices resulted in the collision on June 26, 2018, causing severe damage to Plaintiffs' home.

## V.    FACTS

### A.    THE COLLISION

13.    On June 26, 2018, Tomchesson drove his delivery van into Plaintiffs' driveway to deliver an Amazon package.  Plaintiffs' home is located at the bottom of a steep driveway.  The van was facing downhill and towards Plaintiffs' home when Tomchesson exited the vehicle to deliver a package to Plaintiffs.  After Tomchesson exited the van, the van rolled down Plaintiffs' driveway and crashed into Plaintiffs' home.  The van hit Plaintiffs' home with such force that its airbags deployed and became lodged in Plaintiffs' home.

Exhibit 1 -- page 15



*Figure 1 - Photograph of damage to Tomchesson's van*



*Figures 2 - Photograph of van lodged in Plaintiffs' home.*

Exhibit 1 -- page 16

### B.    THE POST-COLLISION SCENE

14.    Plaintiff Millessa Oberhauser arrived at her home soon after the collision.  Tomchesson told Mrs. Oberhauser he was planning on leaving the scene and placing a note on the van because he had other deliveries to make.  Tomchesson had already called another Scoobeez delivery driver to pick up the remaining packages in his van.  Tomchesson asked Mrs. Oberhauser if he could leave the scene before the tow truck arrived, but Mrs. Oberhauser insisted he stay to speak with police and ensure the van was towed away.

15.    When police arrived at the scene, Tomchesson provided his driver's license and certificate of self-insurance.



*Figure 3 - Kyle Garret Tomchesson's Driver License*

Tomchesson told police he was surprised they were not drug testing him to see if he had been under the influence of drugs or alcohol, to which the investigating officer replied that drug testing was the responsibility of his employer.  Tomchesson also told police he was not sure if he had placed the van in park or neutral because he was in a hurry.

6

Exhibit 1 -- page 17

C.    THE DAMAGES

16.    After the tow truck removed the van from Plaintiffs' residence, Plaintiffs

discovered the full extent of the damage to Plaintiffs' home. The collision caused

significant structural and cosmetic damage to Plaintiffs' home. The van collided with

the left front corner section of Plaintiffs' garage. The impact not only destroyed the

brick veneer on the garage, but also caused cracks to the brick on the front and

side of the garage. The impact also damaged the structural frame of the home.



*Figure 4 - Photograph of damages to the front of Plaintiffs' garage and antifreeze spill*

7

Exhibit 1 -- page 18



*Figure 5 - Photograph of damages to the side of Plaintiffs' garage and antifreeze spill*

Exhibit 1 -- page 19



*Figures 6 & 7 - Photographs of cracks in brick veneer above Plaintiffs' laundry room window*



*Figure 8 - Photograph of cracks in brick veneer beneath Plaintiffs' laundry room window*

17.    In addition to the garage and brick damages, the adjoining areas of the home, including the kitchen, utility room, garage closet, and pantry, have shifted and

9

Exhibit 1 -- page 20

the walls have cracked. Further damage to Plaintiffs' home includes certain doors not closing, which is highly unusual because the home has a slab foundation.



*Figures 9 & 10 - Photographs of cracked walls inside Plaintiffs' garage and laundry room*



*Figure 11 - Photograph of cracked walls inside Plaintiffs' garage*

Exhibit 1 -- page 21



*Figure 12 - Photograph detailing shift in framing of Plaintiffs' home*

18.    The structural integrity of the exterior load-bearing walls and various interior walls have been structurally compromised and need repair or replacement. The full extent of the damage to the home cannot be determined without removal of masonry veneer, weather penetration barriers, and interior sheetrock.

### D.    AMAZON'S AND SCOOBEEZ'S HAZARDOUS BUSINESS PRACTICES

19.    Amazon hires last-mile delivery companies such as Scoobeez to deliver Amazon packages.  At the time of the collision, Amazon controlled the manner in which Scoobeez's drivers, including Tomchesson, delivered Amazon packages.  Upon information and belief, Amazon directed the order in which packages were delivered

and the routes to each delivery destination.  Amazon controlled the speed at which its packages were delivered, requiring drivers, including Tomchesson, to deliver over 250 packages in a normal nine-hour shift.  Amazon also used its own software to monitor the drivers' progress, and an Amazon dispatcher would contact drivers, including Tomchesson, when they fell behind schedule.  Amazon placed enormous pressure on Scoobeez's drivers, including Tomchesson, to deliver Amazon packages as fast as possible regardless of the risk to the safety and welfare of delivery drivers and Amazon's own customers.  Upon information and belief, Amazon did not impose any safety requirements on Scoobeez to ensure Scoobeez's delivery drivers, including Tomchesson, delivered Amazon packages in a safe manner.  Upon information and belief, Amazon's and Scoobeez's business practices included:

(a) Allowing their drivers to drive malfunctioning vans that are in disrepair;

(b) Not requiring nor incentivizing delivery drivers to watch safety videos;

(c) Failing to regularly drug test delivery drivers;

(d) Failing to require that their delivery drivers take a drug test following a collision;

(e) Not requiring drivers to take lunch breaks;

(f) Refusing to provide workers' compensation benefits;

(g) Placing extreme pressure on their delivery drivers to deliver over 250 packages per day; and

Exhibit 1 -- page 23

(h)     Requiring drivers to deliver more packages than they safely can during their shifts but refusing to pay their drivers for the additional time that is often required to deliver all of the packages.

20.     Tomchesson was one of Scoobeez's drivers on whom Amazon imposed its undue pressure and unsafe requirements discussed above.  Tomchesson was hurried on the day of the collision because Amazon and Scoobeez required him to deliver an inordinate number of packages within an impossible amount of time.  According to Tomchesson's sworn testimony, Amazon and Scoobeez required Tomchesson to deliver over 250 packages between 9:00 a.m. and 6:00 p.m.  If Tomchesson takes a one-hour break during the day, he would have to deliver a package every 1.92 minutes to deliver 250 packages before 6:00 p.m.  During Tomchesson's employment, and even after the collision, Scoobeez failed to drug test Tomchesson to determine whether Tomchesson might have been under the influence of anything other than the immense pressure Amazon and Scoobeez places on its drivers.

## VI.    CAUSES OF ACTION

21.     In support of each cause of action, Plaintiffs re-allege the facts as set forth above.

### NEGLIGENCE AGAINST TOMCHESSON

22.     Tomchesson was operating the delivery van in a negligent manner when the van crashed into Plaintiffs' home.

Exhibit 1 -- page 24

23.    Tomchesson owed Plaintiffs a duty of ordinary care to operate the van in a reasonable and prudent manner.  Tomchesson breached this duty by leaving the van on Plaintiffs' steep driveway without taking the necessary precautions to prevent the van from rolling down the driveway and crashing into Plaintiffs' home.

24.    Among the ways in which Tomchesson breached his duty of ordinary care include:

a.    Failing to place the vehicle in park;

b.    Failing to apply the parking brake;

c.    Failing to park the vehicle in a location that did not pose a risk of rolling; and

d.    Failing to turn the van off.

25.    In fact, Tomchesson acknowledges that he left the van in neutral at the top of a hill in Plaintiffs' driveway.

26.    These failures by Tomchesson, whether taken singularly, or in combination, constitute negligence and were a proximate cause of Plaintiffs' damages.

## NEGLIGENCE AGAINST AMAZON

27.    Amazon controlled the manner in which Scoobeez's drivers, including Tomchesson, delivered Amazon packages and exercised its control in a negligent manner when the delivery van crashed into Plaintiffs' home.

28.    Amazon owed a duty of ordinary care to Plaintiffs to ensure Amazon packages were delivered in a reasonable manner that would not cause harm to the

Exhibit 1 -- page 25

public.  Amazon exercised control over the way Scoobeez operated its business and delivered packages and also exercised control over the means and manner in which Tomchesson delivered packages on the day of the collision.

29.    Among the ways in which Amazon failed to ensure Amazon packages were delivered in a reasonably prudent manner include:

    a.    Amazon placed pressure on Scoobeez's drivers, including Tomchesson, to deliver an inordinate number of packages in an impossible amount of time.  Amazon's pressure required Scoobeez's drivers, including Tomchesson, to deliver more than 250 packages per day.  These delivery requirements caused Tomchesson to feel hurried and not take the necessary precautions before exiting his van to deliver a package at Plaintiffs' home;

    b.    Amazon did not impose safety requirements on Scoobeez to ensure Scoobeez's drivers, including Tomchesson, delivered Amazon packages in a safe manner;

    c.    Amazon did not require nor incentivize delivery drivers, including Tomchesson, to watch safety videos;

    d.    Amazon did not require regular drug testing for delivery drivers, including Tomchesson;

    e.    Amazon did not require delivery drivers, including Tomchesson, to take a drug test following a collision;

Exhibit 1 -- page 26

    f.    Amazon did not require drivers, including Tomchesson, to take any breaks throughout their shifts and their delivery requirements discouraged drivers from taking any breaks;

    g.    Amazon did not require Scoobeez to provide workers' compensation benefits to delivery drivers, including Tomchesson; and

    h.    Amazon required drivers, including Tomchesson, to deliver more packages than they could safely deliver during their shifts and did not compensated for the additional time that was often required to deliver all of the packages.

30.    Amazon's actions, whether taken singularly, or in combination, constitute negligence and were a proximate cause of Plaintiffs' damages.

### <u>NEGLIGENCE AGAINST SCOOBEEZ</u>

31.    Scoobeez was operating its business in a negligent manner when the delivery van crashed into Plaintiffs' home.

32.    Scoobeez owed a duty of ordinary care to Plaintiffs to operate its business in a reasonable manner that would not cause harm to the public.

33.    Among the ways in which Scoobeez failed to operate its business in a reasonably prudent manner include:

    a.    Scoobeez placed extreme pressure on their delivery drivers to deliver more than 250 packages per day. It was these demands from Scoobeez that caused Tomchesson to feel hurried and not

take the necessary precautions before exiting his van to deliver a

package at Plaintiffs' home.

b.      Scoobeez allows its delivery drivers to operate malfunctioning

vans.

34.    Scoobeez's actions, whether taken singularly, or in combination,

constitute negligence and were a proximate cause of Plaintiffs' damages.

## NEGLIGENT SUPERVISION AGAINST AMAZON

35.    Amazon retained supervisory control over its contractor, Scoobeez, in a

negligent manner when the van crashed into Plaintiffs' home.

36.    Amazon owed a duty to Plaintiffs to exercise its supervisory control with

reasonable care to ensure that Scoobeez delivered Amazon packages in a reasonable

manner.

37.    Among the ways in which Amazon failed to exercise its supervisory

control with reasonable care include:

a.      Allowing Scoobeez to require its drivers to deliver more than 250

packages per day;

b.      Allowing Scoobeez to deliver packages with malfunctioning vans;

c.      Failure to require Scoobeez to regularly or randomly drug test its

delivery drivers;

d.      Failing to require Scoobeez to drug test its delivery drivers

following a collision; and

17

Exhibit 1 -- page 28

    e.    Failure to require Scoobeez to properly train and supervise its drivers.

38.    These acts and omissions by Amazon, whether taken singularly, or in combination, constitute negligent supervision and were a proximate cause of Plaintiffs' damages.

## NEGLIGENT SUPERVISION AGAINST SCOOBEEZ

39.    Scoobeez supervised their employee, Tomchesson, in a negligent manner when the van crashed into Plaintiffs' home.

40.    Scoobeez employs delivery drivers to deliver Amazon packages to Amazon customers. Scoobeez owed a legal duty to Plaintiffs to reasonably supervise its employees in carrying out deliveries. Scoobeez's breaches of its duty owed to Plaintiffs include:

    a.    Requiring drivers to deliver more than 250 packages per day;

    b.    Allowing delivery drivers to operate malfunctioning vans;

    c.    Failure to regularly or randomly drug test delivery drivers;

    d.    Failing to require that their delivery drivers take a drug test following a collision;

    e.    Failure to properly train and supervise its drivers; and

    f.    Failure to provide routes on which drivers should deliver assigned packages.

Exhibit 1 -- page 29

41.    These actions and omissions by Scoobeez, whether taken singularly, or in combination, constitute negligence and were a proximate cause of Plaintiffs' damages.

### NEGLIGENT HIRING AND RETENTION AGAINST AMAZON

42.    Amazon's and Scoobeez's acts and omissions as set forth in preceding paragraphs are incorporated herein by reference.

43.    Amazon negligently hired and retained its contractor, Scoobeez, to deliver Amazon packages.

44.    Amazon owed a duty to Plaintiffs to hire and retain its contractor, Scoobeez, with ordinary care and reasonable inquiry.

45.    Amazon breached its duty to Plaintiffs because it knew or should have known Scoobeez was unfit to deliver Amazon packages in a reasonable manner.

46.    Amazon's negligent hiring and retention of Scoobeez was the proximate cause of Plaintiffs' damages.

### GROSS NEGLIGENCE

47.    Defendants' acts and omissions as set forth in preceding paragraphs are incorporated by reference.

48.    Defendants' acts and omissions, when viewed from Defendants' standpoint at the time they occurred, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs.  Defendants had actual, subjective awareness of the risks associated with the hurried conditions under which Scoobeez and Tomchesson delivered packages, but proceeded with conscious

Exhibit 1 -- page 30

indifference to the rights, safety, or welfare of others, including Plaintiffs. Accordingly, Defendants' acts and omissions on the date of the collision constitute gross negligence and proximately caused Plaintiffs' damages.

49.    Defendants' acts and omissions are sufficient, under Chapter 41 of the Texas Civil Practices and Remedies Code, to justify the imposition of punitive damages against the Defendants.

## RES IPSA LOQUITUR AGAINST DEFENDANTS

50.    Defendants are liable to Plaintiffs under the doctrine of res ipsa loquitur.

51.    The delivery van crashing into Plaintiffs' home is the type of collision that would not ordinarily occur in the absence of negligence. And the van that damaged Plaintiffs' home was under Defendants' control and management of Defendants.

## VII.    VICARIOUS LIABILITY

52.    Scoobeez is vicariously liable for the negligent acts and omissions of its agents and employees, including Tomchesson, under the legal theory of respondent superior.

53.    Amazon is vicariously liable for the negligence of Scoobeez and Tomchesson.  Amazon retained control over the manner in which Scoobeez and Tomchesson performed the work that caused Plaintiffs' damages. Amazon exercised supervisory control over Scoobeez and Tomchesson, controlled the details of their work to such an extent that they could not perform the work as they chose, and had

the power to forbid both Scoobeez and Tomchesson to perform the work in the dangerous manner in which the work was performed. Amazon, therefore, is vicariously liable for the negligence of Scoobeez that caused the damages to Plaintiffs. Amazon is also vicariously liable for Tomchesson's negligence, which proximately caused Plaintiffs' damages.

## VIII. JURY DEMAND

54.    Plaintiffs request a trial by jury and tender the appropriate fee with this petition.

## PRAYER

WHEREFORE Plaintiffs pray that on that final trial, Plaintiffs have:

1) A finding that Defendants are jointly and severally liable for Plaintiffs' damages;

2) Damages within the jurisdictional limits of the Court;

3) Punitive damages;

4) Pre-judgment and post-judgment interest; and

5) All other relief in law or in equity to which Plaintiffs show themselves entitled.

21

Exhibit 1 -- page 32

Respectfully submitted,

*/s/ Yusuf A. Bajwa*
Yusuf A. Bajwa
State Bar No. 24047754
ybajwa@sandersbajwa.com
Erin A. Hudson
State Bar No. 24059978
ehudson@sandersbajwa.com
Lad Z. Stricker
State Bar No. 24110876
lstricker@sandersbajwa.com
SANDERS BAJWA LLP
919 Congress Avenue, Suite 750
Austin, Texas 78701
(512) 535-5220
(512) 270-5111 fax

*Attorneys for Plaintiffs*

22

Exhibit 1 -- page 33

### CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the foregoing document has been served on this 11th day of September 2019, pursuant to the Texas Rules of Civil Procedure.

**Via E-Service**

George "Hal" Parker, gparker@dewhirstdolven.com
Dewhirst & Dolven, LLC
5430 LBJ Freeway, Suite 1200
Dallas, Texas 75240
[Tel.] (970) 214-9698

*Attorney for Defendants Tomchesson and Scoobeez*

Michael C. Steindorf, Michael.steindorf@nortonrosefulbright.com
Tomas E. Alarcon, tomas.alarcon@nortonrosefulbright.com
Norton Rose Fulbright US LLP
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201
[Tel.] (214) 855-8000
[Fax] (214) 855-8200

*Attorneys for Defendant Amazon Logistics, Inc.*

*/s/ Erin A. Hudson*
Erin A. Hudson

Exhibit 1 -- page 34

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

Morgan Lewis & Bockius, LLP, 300 S Grand Ave Fl 22, Los Angeles CA  90071-3132

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (ACTION IN NONBANKRUPTCY FORUM)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _01/08/2020_, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

  See Service List, Attached.

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _01/08/2020_, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| | | |
|---|---|---|
| Conway MacKenzie, Inc. | Daimler Trust | Levene Neale Bender Yoo & Brill LLP |
| 333 S Hope St Ste 3625 | c/o BK Servicing LLC | 10250 Constellation Blvd Ste 1700 |
| Los Angeles CA  90071 | PO Box 131265 | Los Angeles CA  90067 |
| | Roseville MN  55113-0011 | |

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _01/08/2020_, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Hon. Julia W. Brand, Suite 1382
U.S. Bankruptcy Court, Roybal Federal Building
255 E Temple St, Los Angeles CA 90012

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| _01/08/2020_ | Renee Robles | |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**2:19-bk-14989-WB Service List:**

Richard T Baum on behalf of Stockholder Rosenthal Family Trust
rickbaum@hotmail.com, rickbaum@ecfinforuptcy.com

Richard W Esterkin on behalf of Creditor Amazon Logistics, Inc.
richard.esterkin@morganlewis.com

John-Patrick M Fritz on behalf of Attorney Official Committee Of
Unsecured Creditors jpf@lnbyb.com,
JPF.LNBYB@ecf.inforuptcy.com

John-Patrick M Fritz on behalf of Creditor Committee Official Committee of
Unsecured Creditors jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com

John-Patrick M Fritz on behalf of Interested Party Levene, Neale, Bender,
Yoo & Brill L.L.P. jpf@lnbyb.com, JPF.LNBYB@ecf. inforuptcy.com

John-Patrick M Fritz on behalf of Plaintiff Official Committee of Unsecured Creditors of the
Estates of Scoobeez

and Scoobeez Global, Inc.

jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com

Riebert Sterling Henderson on behalf of Interested Party Courtesy NEF
shenderson@gibbsgiden.com

Vivian Ho on behalf of Creditor FRANCHISE TAX BOARD
BKClaimConfirmation@ftb.ca.gov

David Brian Lally on behalf of Attorney Grigori Sedrakyan
davidlallylaw@gmail.com

David Brian Lally on behalf of Attorney Peter and Barbara Ro Trustees of the Rosenthal Family
Trust UTD

3/25/1988

davidlallylaw@gmail.com

Alvin Mar on behalf of U.S. Trustee United States Trustee (LA)
alvin.mar@usdoj.gov, dare.law@usdoj.gov

Ashley M McDow on behalf of Debtor Scoobeez

amcdow@foley.com,
sgaeta@foley.com;mhebbeln@foley.com;swilson@foley.com;jsimon@foley.com

Ashley M McDow on behalf of Debtor Scoobeez Global, Inc.

amcdow@foley.com,
sgaeta@foley.com;mhebbeln@foley.com;swilson@foley.com;jsimon@foley.com

Ashley M McDow on behalf of Debtor Scoobur LLC

amcdow@foley.com,
sgaeta@foley.com;mhebbeln@foley.com;swilson@foley.com;jsimon@foley.com

Ashley M McDow on behalf of Plaintiff Scoobeez, Inc.

amcdow@foley.com,
sgaeta@foley.com;mhebbeln@foley.com;swilson@foley.com;jsimon@foley.com

Stacey A Miller on behalf of Creditor Porsche Financial Services, Inc.
smiller@tharpe-howell.com

Stacey A Miller on behalf of Creditor Porsche Financial Services, Inc. dba Bentley
Financial Services smiller@tharpe-howell.com

Stacey A Miller on behalf of Creditor Porsche Leasing Ltd.
smiller@tharpe-howell.com

Kevin H Morse on behalf of Creditor Avitus Group, Inc.
kmorse@clarkhill.com, blambert@clarkhill.com

Shane J Moses on behalf of Debtor Scoobeez
smoses@foley.com

Shane J Moses on behalf of Plaintiff Scoobeez, Inc.
smoses@foley.com

Akop J Nalbandyan on behalf of Creditor Roy Anthony Catellanos
jnalbandyan@LNtriallawyers.com, cbautista@LNtriallawyers.com

Akop J Nalbandyan on behalf of Interested Party INTERESTED PARTY
jnalbandyan@LNtriallawyers.com, cbautista@LNtriallawyers.com

Rejoy Nalkara on behalf of Creditor BMW Financial Services NA, LLC, c/o AIS
Portfolio Services, LP rejoy.nalkara@americaninfosource.com

Anthony J Napolitano on behalf of Creditor Hillair Capital Management LLC
anapolitano@buchalter.com,
IFS_filing@buchalter.com;salarcon@buchalter.com

David L. Neale on behalf of Attorney Official Committee Of Unsecured
Creditors dln@lnbyb.com

David L. Neale on behalf of Creditor Committee Official Committee of Unsecured
Creditors dln@lnbyb.com

David L. Neale on behalf of Interested Party Levene, Neale, Bender, Yoo & Brill
L.L.P. dln@lnbyb.com

Aram Ordubegian on behalf of Interested Party Courtesy NEF
ordubegian.aram@arentfox.com

Hamid R Rafatjoo on behalf of Creditor Shahan Ohanessian
hrafatjoo@raineslaw.com,
bclark@raineslaw.com;cwilliams@raineslaw.com

Gregory M Salvato on behalf of Creditor Azad Baban

gsalvato@salvatolawoffices.com,

calendar@salvatolawoffices.com;jboufadel@salvatolawoffices.com;gsalvato@ecf. inforuptcy.com

Gregory M Salvato on behalf of Interested Party INTERESTED PARTY
gsalvato@salvatolawoffices.com,

calendar@salvatolawoffices.com;jboufadel@salvatolawoffices.com;gsalvato@ecf. inforuptcy.com

Jeffrey S Shinbrot on behalf of Creditor Shahan Ohanessian
jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com

Steven M Spector on behalf of Creditor Hillair Capital Management LLC
sspector@buchalter.com,
IFS_efiling@buchalter.com;salarcon@buchalter.com

United States Trustee (LA)
ustpregion16.1a.ecf@usdoj.gov

Kimberly Walsh on behalf of Creditor Texas Comptroller of Public
Accounts bk-kwalsh@texasattorneygeneral.gov

Eric D Winston on behalf of Creditor Hillair Capital Management, LLC
ericwinston@quinnemanuel.com

Eric K Yaeckel on behalf of Creditor Arturo Vega
yaeckel@sullivanlawgroupapc.com

**2:19-bk-14989-WB Notice will not be electronically mailed to:**

Armory Securities, LLC

Conway MacKenzie, Inc.
333 S Hope St Ste 3625
Los Angeles, CA 90071

Daimler Trust
c/o BK Servicing, LLC
PO Box 131265
Roseville, MN 55113-0011

Force Ten Partners, LLC

Levene Neale Bender Yoo & Brill LLP
10250 Constellation Blvd Ste 1700
Los Angeles, CA 90067