| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>RICHARD W. ESTERKIN (070769)<br>MORGAN, LEWIS & BOCKIUS LLP<br>300 South Grand Avenue, Suite 2200<br>Los Angeles, CA 90071<br>Telephone:  213.612.2500<br>FAX:  213.612.2501<br>E-mail:  richard.esterkin@morganlewis.com<br><br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Movants | FOR COURT USE ONLY |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -  LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>SCOOBEEZ, ET AL.<sup>1</sup><br><br><br>Affects:<br>■ All Debtors<br>☐ Scoobeez, ONLY<br>☐ Scoobeez Global, Inc., ONLY<br>☐ Scoobur LLC, ONLY<br><br><br><br><div align="right">Debtor(s).</div> | CASE NO.: 2:19-bk-14989-WB [Jointly administered with 2:19-bk-14991-WB and 2:19-bk-17997-WB]<br>CHAPTER: 11<br><br>**NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(with supporting declarations)**<br>**(ACTION IN NONBANKRUPTCY FORUM)**<br><br>DATE:<br>TIME:<br>COURTROOM: 1375 |
| **Movant:** Amazon Logistics, Inc., and Amazon.com, Inc. | |

1. **Hearing Location**:

   ☒ 255 East Temple Street, Los Angeles, CA 90012        ☐ 411 West Fourth Street, Santa Ana, CA 92701

   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367    ☐ 1415 State Street, Santa Barbara, CA 93101

   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

<sup>1</sup> The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Scoobeez (6339); Scoobeez Global, Inc. (9779); and, Scoobur, LLC (0343). The Debtors' address is 3463 Foothill Boulevard, in Glendale, California 91214.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☐ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d).  If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☒ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b).  If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

   a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c. ☒ An application for order setting hearing on shortened notice was filed and remains pending.  After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date:  01/28/2020

MORGAN, LEWIS & BOCKIUS LLP
_____
Printed name of law firm (if applicable)

Richard W. Esterkin
_____
Printed name of individual Movant or attorney for Movant

/s/ Richard W. Esterkin
_____
Signature of individual Movant or attorney for Movant

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO NONBANKRUPTCY ACTION

1. **In the Nonbankruptcy Action, Movant is:**

   a. ☐ Plaintiff

   b. ☒ Defendant

   c. ☐ Other (*specify*):

2. **The Nonbankruptcy Action:** There is a pending lawsuit or administrative proceeding (Nonbankruptcy Action) involving the Debtor or the Debtor's bankruptcy estate:

   a. *Name of Nonbankruptcy Action*: See attachment at paragraph 2(a)

   b. *Docket number*: 37-2017-00018285-CU-OE-CTRL

   c. *Nonbankruptcy forum where Nonbankruptcy Action is pending*:
   Superior Court of the State of California for the County of San Diego

   d. Causes of action or claims for relief (Claims):

   See attachment at paragraph 2(d)

3. **Bankruptcy Case History:**

   a. ☒ A voluntary  ☐ An involuntary  petition under chapter  ☐ 7  ☒ 11  ☐ 12  ☐ 13
   was filed on (*date*)  04/30/2019  .

   b. ☐ An order to convert this case to chapter  ☐ 7  ☐ 11  ☐ 12  ☐ 13
   was entered on (*date*) _____.

   c. ☐ A plan was confirmed on (*date*) _____.

4. **Grounds for Relief from Stay:** Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay to proceed with the Nonbankruptcy Action to final judgment in the nonbankruptcy forum for the following reasons:

   a. ☐ Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate.

   b. ☐ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   c. ☐ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   d. ☐ The Claims are nondischargeable in nature and can be most expeditiously resolved in the nonbankruptcy forum.

   e. ☐ The Claims arise under nonbankruptcy law and can be most expeditiously resolved in the nonbankruptcy forum.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                                    Page 3                                    F 4001-1.RFS.NONBK.MOTION

f. ☐ The bankruptcy case was filed in bad faith.

   (1) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

   (2) ☐ The timing of the filing of the bankruptcy petition indicates that it was intended to delay or interfere with the Nonbankruptcy Action.

   (3) ☐ Multiple bankruptcy cases affect the Nonbankruptcy Action.

   (4) ☐ The Debtor filed only a few case commencement documents.  No schedules or statement of financial affairs (or chapter 13 plan, if appropriate) has been filed.

g. ☒ Other (*specify*):
      See attachment at paragraph 4(g).


5. **Grounds for Annulment of Stay.**  Movant took postpetition actions against the Debtor.

   a. ☐ The actions were taken before Movant knew that the bankruptcy case had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

   b. ☐ Although Movant knew the bankruptcy case was filed, Movant previously obtained relief from stay to proceed in the Nonbankruptcy Action in prior bankruptcy cases affecting the Nonbankruptcy Action as set forth in Exhibit. _____.

   c. ☐ Other (*specify*):


6. **Evidence in Support of Motion:  (*Important Note:  declaration(s) in support of the Motion MUST be signed under penalty of perjury and attached to this motion.*)**

   a. ☒ The DECLARATION RE ACTION IN NONBANKRUPTCY FORUM on page 6.

   b. ☐ Supplemental declaration(s).

   c. ☐ The statements made by Debtor under penalty of perjury concerning Movant's claims as set forth in Debtor's case commencement documents.  Authenticated copies of the relevant portions of the Debtor's case commencement documents are attached as Exhibit. _____.

   d. ☐ Other evidence (*specify*):


7. ☐ **An optional Memorandum of Points and Authorities is attached to this Motion.**

**Movant requests the following relief:**

1. Relief from the stay pursuant to 11 U.S.C. § 362(d)(1).

2. ☐ Movant may proceed under applicable nonbankruptcy law to enforce its remedies to proceed to final judgment in the nonbankruptcy forum, provided that the stay remains in effect with respect to enforcement of any judgment against the Debtor or property of the Debtor's bankruptcy estate.

3. ☐ The stay is annulled retroactively to the bankruptcy petition date.  Any postpetition acts taken by Movant in the Nonbankruptcy Action shall not constitute a violation of the stay.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 4                        **F 4001-1.RFS.NONBK.MOTION**

4. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified, or annulled as to the co-debtor, on the same terms and condition as to the Debtor.

5. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

6. ☐ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Nonbankruptcy Action.

7. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice

8. ☒ Other relief requested.


Date:  01/28/2020

MORGAN, LEWIS & BOCKIUS LLP
_____
Printed name of law firm (*if applicable*)

RIchard W. Esterkin
_____
Printed name of individual Movant or attorney for Movant


/s/ Richard W. Esterkin
_____
Signature of individual Movant or attorney for Movant

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 5                          **F 4001-1.RFS.NONBK.MOTION**

## DECLARATION RE ACTION IN NONBANKRUPTCY FORUM

I, (*name of Declarant*) <u>Tuyet T. Nguyen</u>, declare as follows:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto.  I am over 18 years of age.  I have knowledge regarding (Nonbankruptcy Action) because:

    ☐ I am the Movant.

    ☒ I am Movant's attorney of record in the Nonbankruptcy Action.

    ☐ I am employed by Movant as (*title and capacity*):

    ☐ Other (*specify*):

2. I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the Nonbankruptcy Action.  I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate.  Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event.  The business records are available for inspection and copies can be submitted to the court if required.

3. In the Nonbankruptcy Action, Movant is:

    ☐ Plaintiff

    ☒ Defendant

    ☐ Other (*specify*):

4. The Nonbankruptcy Action is pending as:

    a. *Name of Nonbankruptcy Action*: See attachment to motion at paragraph 2(a)
    b. *Docket number*: 37-2017-00018285-CU-OE-CTRL
    c. *Nonbankruptcy court or agency where Nonbankruptcy Action is pending*:
       Superior Court of the State of California for the County of San Diego

5. **Procedural Status of Nonbankruptcy Action**:

    a. The Claims are:

       See attachment to motion at paragraph 2(d).

    b. True and correct copies of the documents filed in the Nonbankruptcy Action are attached as Exhibit <u>1</u>.

    c. The Nonbankruptcy Action was filed on (*date*) <u>05/19/2017</u>.

    d. Trial or hearing began/is scheduled to begin on (*date*) <u>_____</u>.

    e. The trial or hearing is estimated to require <u>_____</u> days (*specify*).

    f. Other plaintiffs in the Nonbankruptcy Action are (*specify*):

       See attachment at paragraph 5(f).

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

 **F 4001-1.RFS.NONBK.MOTION**

g.  Other defendants in the Nonbankruptcy Action are (*specify*):

    See attachment at paragraph 5(g).

6.  **Grounds for relief from stay:**

a.  ☐  Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

b.  ☐  Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

c.  ☐  Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate.  The insurance carrier and policy number are (*specify*):

d.  ☐  The Nonbankruptcy Action can be tried more expeditiously in the nonbankruptcy forum.

    (1)  ☐  It is currently set for trial on (*date*) _____ .

    (2)  ☐  It is in advanced stages of discovery and Movant believes that it will be set for trial by (*date*) _____ .  The basis for this belief is (*specify*):

    (3)  ☐  The Nonbankruptcy Action involves non-debtor parties and a single trial in the nonbankruptcy forum is the most efficient use of judicial resources.

e.  ☐  The bankruptcy case was filed in bad faith specifically to delay or interfere with the prosecution of the Nonbankruptcy Action.

    (1)  ☐  Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

    (2)  ☐  The timing of the filing of the bankruptcy petition indicates it was intended to delay or interfere with the Nonbankruptcy Action based upon the following facts (*specify*):

    (3)  ☐  Multiple bankruptcy cases affecting the Property include:

        (A) Case name:
           Case number:                Chapter:
           Date filed:        Date discharged:        Date dismissed:
           Relief from stay regarding this Nonbankruptcy Action  ☐ was  ☐ was not  granted.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                      Page 7              **F 4001-1.RFS.NONBK.MOTION**

(B) Case name:

Case number:                              Chapter:

Date filed:              Date discharged:                 Date dismissed:

Relief from stay regarding this Nonbankruptcy Action  ☐ was  ☐ was not  granted.

(C) Case name:

Case number:                              Chapter:

Date filed:              Date discharged:                 Date dismissed:

Relief from stay regarding this Nonbankruptcy Action  ☐ was  ☐ was not  granted.

☐ See attached continuation page for information about other bankruptcy cases affecting the Nonbankruptcy Action.

☐ See attached continuation page for additional facts establishing that this case was filed in bad faith.

f.  ☒ See attached continuation page for other facts justifying relief from stay.

7.  ☐ Actions taken in the Nonbankruptcy Action after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

a.  ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b.  ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with the Nonbankruptcy Action enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit ____

c.  ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/28/2020 | Tuyet T. Nguyen | _signature_ |
|---|---|---|
| _Date_ | _Printed name_ | _Signature_ |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                              Page 8                              **F 4001-1.RFS.NONBK.MOTION**

# Attachments

## ATTACHMENT TO MOTION TO MODIFY THE STAY

2(a)    The present action results from two separate actions that have now been

consolidated.  The earlier filed action was filed on May 19, 2017 and was entitled *Vega, et al. v.*

*Scoobeez, et al,* Superior Court of the State of California for the County of San Diego

Case No. 37-2017-00018285-CU-OE-CTRL.  The later filed action was filed on March 5, 2018,

and was entitled *Key, et al. v. Scoobeez, et al.*, Superior Court of the State of California for the

County of San Diego Case No. 37-2017-00039527-CU-OE-CTRL.  A copy of the operative

complaint in the consolidated cases is attached hereto as Exhibit 1.

2(d)    The causes of action asserted are:

(a)    Meal and Rest Period Violations Pursuant to Labor Code § 26978, et seq.

(b)    Minimum Wage Violations Pursuant to Labor Code § 2698, et seq.

(c)    Overtime Violations Pursuant to Labor Code § 2698, et seq.

(d)    Wage Statement Violations Pursuant to Labor Code § 2698, et seq.

(e)    Failure to Reimburse Business Expenses Pursuant to Labor Code § 2698, et seq.

(f)    Improper Retention of Gratuities "Tip-Pooling" Pursuant to Labor Code § 2698, et seq.

(g)    Failure to Timely Pay Wages Due During Employment Pursuant to Labor Code § 2698, et seq.

(h)    Failure to Pay Wages Upon Separation of Employment Pursuant to Labor Code § 2698, et seq.

(i)    Failure to Maintain Accurate Records Pursuant to Labor Code § 2698, et seq.

4(g).    This motion seeks to modify the stay to permit Movants to participate in mediation proceedings that, if successful, may resolve claims that Movant has against the Debtor's estate.  Any such settlement will remain subject to approval by this Court pursuant to Federal Rule of Bankruptcy Procedure 9019.  Movant does not seek relief from the automatic stay to pursue its claims against the estate, other than in the course of mediation or informal settlement discussions.

8.    An order modifying the automatic stay to permit Movants to participate in mediation and other settlement discussions with the Debtor that, if successful, subject to approval by this Court, may include a resolution of Movants' claims against the Debtors' estates.

## ATTACHMENT TO DECLARATION

## RE ACTION IN NONBANKRUPTCY FORUM

5(f)    The named plaintiffs in the action are Arturo Vega and Unta Key.  The action was

filed as a class action on behalf of the named plaintiffs and others similarly situated.

5(g)    The named defendants are:

(a)    Scoobeez

(b)    Scoobeez Global, Inc.

(c)    Amazon Logistics, Inc.

(d)    Amazon.com, Inc.

(e)    Avitus, Inc.

(f)    Scoobeez SD LLC

(g)    Shahan Ohanessian

6(f)    The parties to the actions referred to in the present motion have scheduled a

mediation in order to attempt to resolve the plaintiffs' claims against the Debtors an Movants.

Movants have filed proofs of claim in the Debtors' bankruptcy case seeking indemnification

against plaintiffs' claims.  The mediation, or ensuing settlement discussions, may include

discussions regarding those claims.  Movants are requesting an order modifying the automatic

stay to the extent required to enable those discussions to take place.  Any resolution of Movants'

claims will be subject to approval by this Court pursuant to Federal Rule of Bankruptcy

Procedure 9019.

DB2/ 38173066.1

# EXHIBIT 1

Exhibit 1 - page 13

William B. Sullivan [CSB No. 171637]
helen@sullivanlawgroupapc.com
Eric K. Yaeckel [CSB No. 274608]
yaeckel@sullivanlawgroupapc.com
Andrea Torres-Figueroa [CSB No. 314818]
andrea@sullivanlawgroupapc.com
**SULLIVAN LAW GROUP, APC**
2330 Third Avenue
San Diego, California 92101
Telephone: (619) 702-6760
Facsimile: (619) 702-6761

Attorneys for Plaintiff ARTURO VEGA, in a Representative capacity,
and on behalf of other members of the general public similarly situated

GRAHAM**HOLLIS** APC
Graham S.P. Hollis (SBN 120577)
ghollis@grahamhollis.com
Nicole R. Roysdon (SBN 262237)
nroysdon@grahamhollis.com
3555 Fifth Avenue Suite 200
San Diego, California 92103
Telephone: 619.692.0800
Facsimile: 619.692.0822

Attorneys for Plaintiff UNTA KEY and Aggrieved Employees

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| ARTURO VEGA and UNTA KEY, in a Representative capacity, and on behalf of other members of the general public similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>SCOOBEEZ, a California Corporation; SCOOBEEZ GLOBAL, INC., an Idaho Corporation; AMAZON LOGISTICS, INC., a Delaware Corporation; AMAZON.COM, INC., a Delaware Corporation; AVITUS, INC., a Montana Corporation; SCOOBEEZ SD LLC, a California Limited Liability Company; SHAHAN OHANESSIAN, an Individual; and DOES 3-50, inclusive,<br><br>        Defendants. | Case No.: 37-2017-00018285-CU-OE-CTL [Consolidated with non-lead Case No.: 37-2017-00039527-CU-OE-CTL]<br><br>*Unlimited Civil -*<br>*Amount Demanded Exceeds $25,000.00*<br><br>**CONSOLIDATED COMPLAINT**<br><br>**REPRESENTATIVE ACTION FOR PAGA PENALTIES**<br>[Labor Code § 2698, *et seq.*]<br><br>1.  MEAL AND REST PERIOD VIOLATIONS PURSUANT TO LABOR CODE § 2698 *et seq.*<br>2.  MINIMUM WAGE VIOLATIONS PURSUANT TO LABOR CODE § 2698 *et seq.*<br>3.  OVERTIME VIOLATIONS PURSUANT TO LABOR CODE § 2698 *et seq.*<br>4.  WAGE STATEMENT VIOLATIONS |

1

**CONSOLIDATED COMPLAINT**

Exhibit 1 - page 14

PURSUANT TO LABOR CODE § 2698 *et seq.*

5.  FAILURE TO REIMBURSE BUSINESS EXPENSES PURSUANT TO LABOR CODE § 2698 *et seq.*
6.  IMPROPER RETENTION OF GRATUITIES "TIP-POOLING" PURSUANT TO LABOR CODE § 2698 *et seq.*
7.  FAILURE TO TIMELY PAY WAGES DUE DURING EMPLOYMENT PURSUANT TO LABOR CODE § 2698 *et seq.*
8.  FAILURE TO PAY WAGES UPON SEPARATION OF EMPLOYMENT PURSUANT TO LABOR CODE § 2698 *et seq.*
9.  FAILURE TO MAINTAIN ACCURATE RECORDS PURSUANT TO LABOR CODE § 2698 *et seq.*

[IMAGED FILE]

Plaintiffs ARTURO VEGA ("VEGA") and UNTA KEY ("KEY") ("collectively "Plaintiffs"), on behalf of themselves and all other aggrieved employees of Defendants SCOOBEEZ, SCOOBEEZ GLOBAL, INC., AMAZON LOGISTICS, INC., AMAZON.COM, INC., AVITUS, INC., SCOOBEEZ SD, LLC, SHAHAN OHANESSIAN, and DOES 3 THROUGH 50, inclusive, (collectively "Defendants"), allege as follows:

<div align="center">

I.

**INTRODUCTION**

</div>

1.    Plaintiffs bring this representative action pursuant to the Private Attorneys General Act of 2004, California Labor Code section 2698, *et seq.* ("PAGA") on behalf of other current and former aggrieved employees of Defendants for engaging in a pattern and practice of wage and hour violations under the California Labor Code.

2.    Plaintiffs are informed and believe, and thereon allege, that Defendants decreased their employment-related costs by systematically violating California wage and hour laws.

///

<div align="center">

2

**CONSOLIDATED COMPLAINT**

</div>

Exhibit 1 - page 15

3.    Defendants' systematic pattern of wage and hour and IWC Wage Order violations toward Plaintiffs and other aggrieved employees in California include, *inter alia*:

      a.    Failure to provide compliant meal and rest periods;

      b.    Failure to pay all minimum, regular, and overtime wages;

      c.    Failure to pay all tips;

      d.    Failure to reimburse for all business expenses;

      e.    Failure to maintain true and accurate records;

      f.    Failure to provide accurate itemized wage statements; and

      g.    Failure to timely pay wages due during and upon separation of employment.

4.    Plaintiffs bring this PAGA representative action against Defendants on behalf of themselves and all other aggrieved employees of Defendants in California seeking PAGA penalties, but only those civil penalties that are required to be shared with the LWDA and no individual relief or underpaid wages, pursuant to California Labor Code sections 201, 202, 203, 204, 210, 223, 225.5, 226, 226.3, 226.7, 351, 353, 510, 512, 558, 1174, 1174.5, 1194, 1197, 1197.1, 1198, 2802, and 2698, *et seq*.

5.    Plaintiffs reserve the right to name additional representatives throughout the State of California.

## II.

## PARTIES, JURISDICTION AND VENUE

6.    This Court has jurisdiction over this matter in that all parties are residents of, or do business within, the State of California and the amount in controversy exceeds the statutory minimum limit of this Court. The monetary damages and restitution sought by Plaintiffs exceed the minimal jurisdictional limits of the Superior Court and will be established according to proof at trial. Furthermore, there is no federal question at issue as Wage and Hour protections and remedies related thereto are based solely on California Law and Statutes, including the Labor Code, Civil Code, and IWC Wage Order(s). Also, the Ninth Circuit has held that, for purposes of establishing federal diversity jurisdiction, penalties pursuant to the Private Attorneys General Act of 2004 ("PAGA") may **not** be aggregated. *Urbino v. Orkin Servs. of California, Inc.*, 726 F.3d 1118, 1122 (9th Cir. 2013).

///

7.     Plaintiff VEGA is an individual who worked for Defendants in San Diego County.

8.     Plaintiff VEGA is an "aggrieved employee" within the meaning of Labor Code section 2699(c) because he was employed by Defendants and suffered one or more of the violations committed by Defendants.

9.     Plaintiff KEY is an individual residing in the County of San Diego and a former non-exempt employee of Defendants. Plaintiff KEY worked for Defendants in San Diego County as a delivery driver.

10.    Plaintiff KEY is an "aggrieved employee" within the meaning of Labor Code section 2699(c) because he was employed by Defendants and suffered one or more of the violations committed by Defendants.

11.    Defendant SCOOBEEZ is incorporated under the laws of the State of California and has its principal place of business in Los Angeles County, California. Defendant SCOOBEEZ is doing business throughout the State of California, including the County of San Diego.

12.    Defendant SCOOBEEZ GLOBAL, INC., formerly known as ABT Holdings, Inc. dba ABT Global, Inc., is incorporated under the laws of the State of Idaho and has its principal place of business in Los Angeles County, California. Defendant SCOOBEEZ GLOBAL, INC. is doing business throughout the State of California, including the County of San Diego.

13.    Defendant AMAZON LOGISTICS, INC. is incorporated under the laws of the State of Delaware and has its principal place of business in Seattle, Washington. Defendant AMAZON LOGISTICS, INC. is doing business throughout the State of California, including the County of San Diego.

14.    Defendant AMAZON.COM, INC. is incorporated under the laws of the State of Delaware and has its principal place of business in Seattle, Washington. Defendant AMAZON.COM, INC. is doing business throughout the State of California, including the County of San Diego.

15.    Defendant AVITUS, INC. is incorporated under the laws of the State of Montana and has its principal place of business in Billings, Montana. Defendant AVITUS, INC. is doing business throughout the State of California, including the County of San Diego.

///

4

**CONSOLIDATED COMPLAINT**

Exhibit 1 - page 17

16.     Defendant SCOOBEEZ SD, LLC is organized under the laws of the State of California and has its principal place of business in San Diego, California. Defendant SCOOBEEZ SD, LLC is doing business throughout the State of California, including the County of San Diego.  Defendant SCOOBEEZ SD, LLC was previously named as DOE 1 in Case No. 37-2017-00018285-CU-OE-CTL.

17.     Defendant SHAHAN OHANESSIAN is President and CEO of SCOOBEEZ and SCOOBEEZ GLOBAL, INC. Defendant SHAHAN OHANESSIAN was previously named as DOE 1 in Case No. 37-2017-00039527-CU-OE-CTL. SHAHAN OHANESSIAN is sued individually pursuant to Labor Code sections 558, 1197.1 and 2698 *et seq.* ("PAGA") as an employer or person acting on behalf of an employer, who violated or causes to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any order of the Industrial Welfare Commission, and as an employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the Industrial Welfare Commission.

18.     Defendants' wrongful conduct, as herein alleged, occurred in the County of San Diego and in various counties throughout the State of California. Plaintiffs are informed and believe, and thereon allege, that Defendants are, and at all relevant times were, authorized to do business and did business in the State of California, and were Plaintiffs' and aggrieved employees' "employers" as defined in and subject to the California Labor Code and Industrial Welfare Commission Wage Orders.

19.     Each of the fictitiously named Defendants participated in the acts alleged in this Complaint. The true names and capacities of the Defendants named as DOES 3 THROUGH 50, inclusive, are presently unknown to Plaintiffs.  Plaintiffs will amend this Complaint, setting forth the true names and capacities of these fictitiously named Defendants when their true names are ascertained.  Plaintiffs are informed and believe, and on that basis allege, that each of the fictitious Defendants have participated in the acts alleged in this Complaint.

20.     Plaintiffs and all other aggrieved employees are, and at all relevant times were, employees of each Defendant, including DOES 3 THROUGH 50, within the meanings set forth in the California Labor Code and applicable Industrial Welfare Commission Wage Order.

///

21.    At all relevant times, each Defendant, whether named or fictitious, was the agent, employee or other person acting on behalf of each other Defendant, and, in participating in the acts alleged in this Complaint, acted within the scope of such agency or employment and ratified the acts of the other.

22.    Plaintiffs' injuries as herein alleged were proximately caused by said defendants. Wherever it is alleged herein that any act or omission was done or committed by any specially named defendant or defendants, Plaintiffs intend thereby to allege and do allege that the same act or omission was also done and committed by each and every defendant named as a DOE, both separately and in concert or conspiracy with the named defendant or defendants.

23.    Each Defendant, whether named or fictitious, exercised control over Plaintiffs' wages, working hours, and/or working conditions.

24.    Each Defendant, whether named or fictitious, acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy, and the acts of each Defendant are legally attributable to the other Defendants.

25.    Each Defendant, whether named or fictitious, was the alter ego of each of the other Defendants at all relevant times herein.

26.    A unity of interest and ownership between each Defendant, whether named or fictitious, exists such that all Defendants acted as a single employer of Plaintiffs and all other aggrieved employees.

27.    Defendants, including DOES 3 THROUGH 50, were Plaintiffs' employers or persons acting on behalf of Plaintiffs' employer, within the meaning of California Labor Code section 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any order of the Industrial Welfare Commission and, as such, are subject to civil penalties for each underpaid employee, as set forth in Labor Code section 558, at all relevant times.

28.    Defendants, including DOES 3 THROUGH 50, were Plaintiffs' employers or persons acting on behalf of Plaintiffs' employer either individually or as an officer, agent, or employee of another person, within the meaning of California Labor Code section 1197.1, who paid or caused to be paid to any employee a wage less than the minimum fixed by California state law, and as such, are subject to civil penalties for each underpaid employee.

6
**CONSOLIDATED COMPLAINT**

Exhibit 1 - page 19

29.    Venue is proper in this Court pursuant to Code of Civil Procedure sections 395(a) and 395.5 because Defendants maintain offices, transact business, and/or have an agent in San Diego County and Defendants are otherwise within this Court's jurisdiction for purposes of service of process. The unlawful acts alleged herein arose in San Diego County and have a direct effect on Plaintiffs and other aggrieved employees within the State of California and San Diego County. On information and belief, Defendants employ numerous individuals throughout San Diego County and the State of California.

## III.

## GENERAL ALLEGATIONS

30.    Scoobeez is a logistics, messenger, delivery, and courier company owned and operated by Scoobeez Global, Inc. (collectively, "Scoobeez"), formerly known as ABT Holdings, Inc. dba ABT Global, Inc.  Scoobeez' corporate address is the address listed on Plaintiffs' and other aggrieved employees itemized wage statements.  On information and belief, Scoobeez Global, Inc. is the majority shareholder of Scoobeez and manages its day to day operations.  Scoobeez jointly employed Plaintiffs and other aggrieved employees to perform delivery services pursuant to a contract with various companies, but primarily and almost exclusively to make deliveries for Amazon Logistics, Inc. and Amazon.com, Inc.

31.    Scoobeez provided training to its subsidiaries/licensees, including Scoobeez SD, LLC on how to use its system, provided them with an operating manual, and required them to implement all changes as directed by Scoobeez.

32.    Scoobeez Global directly entered into a licensing agreement with Scoobeez SD, LLC, in which it dictated the terms of employment of Plaintiffs and the aggrieved employees.

33.    Amazon Logistics, Inc., which is owned and operated by Amazon.com, Inc. (collectively, "Amazon"), contracted with Scoobeez to provide Amazon's "Prime Now" delivery services, which guarantees delivery of grocery and household items to consumers within a specified two-hour window. Amazon is a joint employer of Plaintiffs and other aggrieved employees.  Amazon dictated the number of hours, drivers, and orders it needed each day for all Amazon deliveries.  On information and belief, Amazon directed Scoobeez to reclassify delivery drivers from 1099 independent contractors to W-2 employees shortly after Scoobeez and Amazon were alleged in a class action lawsuit to have misclassified the delivery drivers.

7

**CONSOLIDATED COMPLAINT**

Exhibit 1 - page 20

34.     Avitus, Inc. ("Avitus") is a Professional Employer Organization ("PEO") that provides services for companies, including but not limited to, payroll, bookkeeping, human resources, insurance, recruiting, training, and marketing. Scoobeez Global, Inc. contracted with Avitus to provide these services for all the Scoobeez locations in California. Avitus issued wage statements and W-2's to Plaintiffs and other aggrieved employees and required them to enter into an agreement to arbitrate disputes relating to their employment. Pursuant to an agreement between Scoobeez and Avitus, Avitus is a co-employer of Plaintiffs and other aggrieved employees and shares employment responsibilities with Scoobeez. Specifically, the agreement states that Avitus "reserves a right of direction and control over employees assigned to the work site location, retains the authority to hire, terminate, discipline and reassign employees."

35.     Scoobeez SD was a subsidiary or licensee of Scoobeez and operated in the San Diego region. Scoobeez SD jointly employed Plaintiffs and other aggrieved employees to perform delivery services pursuant to Scoobeez's contracts with various companies, including Amazon Logistics, Inc. and Amazon.com, Inc.

36.     Shahan Ohanessian is the President and CEO of Scoobeez and Scoobeez Global, Inc. As a high-level executive, Mr. Ohanessian is and was in a position to act on behalf of Scoobeez and/or possessed the authority to cause Scoobeez to act. For example, on information and belief, as the President and CEO of Scoobeez, Mr. Ohanessian acted on behalf of Scoobeez in requiring that Scoobeez SD service certain accounts, such as Eat24, and dictating the terms of those accounts, and assuring Scoobeez SD that it could classify delivery drivers as independent contractors but then requiring that they reclassify delivery drivers to W-2 employees per Amazon's directive. In addition, on information and belief, Mr. Ohanessian acted on behalf of Scoobeez in dictating the terms and conditions of Plaintiffs' and other aggrieved employees' employment, including the applicable policies and practices.

37.     On or about October of 2014, Plaintiff VEGA commenced working for Defendants. Plaintiff VEGA's employment with Defendants continued until approximately August of 2017. Throughout his employment with Defendants, Plaintiff VEGA performed his job in a capable and competent manner and was commended for doing so.

///

8

**CONSOLIDATED COMPLAINT**

Exhibit 1 - page 21

38.     Plaintiff KEY was employed by Defendants as a delivery driver from approximately February 2017 to June 2017. Plaintiff KEY primarily provided Amazon's "Prime Now" delivery services, but on occasion delivered hot food through Eat24 and flowers through Allen's Flowers.  At all times throughout his employment, Plaintiff KEY worked as a non-exempt employee and was compensated on an hourly basis.

39.     Plaintiff KEY's hours and days of work varied week to week; however, Plaintiff KEY typically worked six to seven days a week and six to eight hours a day.  On occasion, Plaintiff KEY worked more than eight hours a day and/or more than forty hours a week.

40.     Defendants exercised control over Plaintiffs' and other aggrieved employees' wages, hours, and working conditions. Defendants provided instructions for Plaintiffs and other aggrieved employees as to the manner required to complete their job duties, where to report to work and the work schedule. Defendants permitted Plaintiffs and other aggrieved employees to work and were engaged in the daily activities Plaintiffs and other aggrieved employees performed, thus creating a common law employment relationship.

41.     Plaintiffs utilized Amazon's "Prime Now" App for instructions on where to pick up the "Prime Now" orders, where to deliver them, their itinerary or the order in which they were to make the deliveries, and any customer requirements for the delivery.  Plaintiffs reported to Amazon's warehouse on Kurtz Street in San Diego, the Sprouts stores in Lemon Grove and La Jolla, and Bristol Farms in La Jolla to pick up deliveries.  After picking up and scanning the "Prime Now" deliveries, Plaintiffs were required to deliver them all within a two-hour window.  Amazon would contact Plaintiffs throughout the day to check the status of their deliveries and to ensure they were delivered on time.  If Plaintiffs received a tip for the "Prime Now" deliveries, it would be through the Amazon "Prime Now" App.  After making all of their deliveries in a two-hour window, Plaintiffs would return to a location designated in the Amazon "Prime Now" App to pick up deliveries for the next delivery window.  Plaintiffs were required to wear an Amazon Prime polo shirt when making "Prime Now" deliveries and were provided with Amazon hats as well.

42.     On information and belief, Plaintiffs and other aggrieved employees of Defendants were subject to the same policies, practices, and procedures governing the control and payment of wages and

9

**CONSOLIDATED COMPLAINT**

Exhibit 1 - page 22

1 | hours worked and were denied specific rights afforded to them under the California Labor Code and
2 | applicable IWC Wage Order.

3 |     43.    Plaintiffs and other aggrieved employees of Defendants regularly worked shifts in excess
4 | of five hours, but Defendants failed to provide them with compliant off-duty meal periods before the
5 | commencement of their sixth hour of work, as required by Labor Code section 512 and the Meal Periods
6 | section of the applicable IWC Wage Order. Not only do Defendants lack a valid written meal period
7 | policy applicable to Plaintiffs and other aggrieved employees, but they did not provide Plaintiffs and other
8 | aggrieved employees the opportunity to take compliant 30-minute, off-duty meal periods. Although the
9 | nature of Plaintiffs' work did not require them to take on-duty meal breaks, Defendants' delivery
10 | requirements made it so they could not be relieved of all duties. Defendants required Plaintiffs and other
11 | aggrieved employees to make all their deliveries within a two-hour window. Plaintiffs and other aggrieved
12 | employees were then required to return straight to the store to pick up the next set of deliveries. Due to
13 | their workload and Defendants' two-hour delivery requirement, Plaintiffs were required to work through
14 | their meal breaks, take an untimely meal break, or take a meal break that was less than thirty minutes long.

15 |     44.    Plaintiffs and, on information and belief, other aggrieved employees of Defendants did not
16 | sign an on-duty meal period agreement at any point during their employment with Defendants, and, even
17 | if they did, such an agreement would not satisfy the requirements for an on-duty meal period.

18 |     45.    Defendants failed to pay Plaintiffs and other aggrieved employees a premium wage
19 | equivalent to one hour of pay at their regular rate of pay for all the times that Defendants failed to provide
20 | them with compliant meal periods in accordance with the provisions of the applicable IWC Wage Order
21 | and Labor Code section 226.7.

22 |     46.    Plaintiffs and other aggrieved employees of Defendants regularly worked shifts at least
23 | three and a half hours long; however, for the same reasons that Defendants failed to provide Plaintiffs and
24 | other aggrieved employees with compliant off-duty meal periods, Defendants failed to authorize and
25 | permit them to take duty-free rest periods of at least 10 minutes for every four-hour work period, or major
26 | fraction thereof. Defendants do not have a valid written rest period policy applicable to Plaintiffs and
27 | other aggrieved employees. Further, due to the workload and Defendants' delivery requirements,
28 | Plaintiffs were required to forego their rest periods.

<div align="center">10</div>

**CONSOLIDATED COMPLAINT**

Exhibit 1 - page 23

47.    Defendants failed to pay Plaintiffs and other aggrieved employees a premium wage equivalent to one hour of pay at their regular rate of pay for all the times that Defendants failed to authorize and permit them to take duty-free rest periods in accordance with the Rest Periods section of the applicable IWC Wage Order and Labor Code section 226.7.

48.    Defendants failed to pay Plaintiffs and other aggrieved employees all minimum, regular, and overtime wages owed because Plaintiffs and other aggrieved employees were not compensated for all hours worked and under the control of Defendants, as required by Labor Code sections 223, 510, 1194, and 1197, and the Minimum Wages and Hours and Days of Work sections of the applicable IWC Wage Order.

49.    Defendants failed to relieve Plaintiffs and other aggrieved employees of all duties during their meal periods and failed to pay Plaintiffs and other aggrieved employees for this time as hours worked. Even though Plaintiffs and other aggrieved employees were required to work through their meal periods, Defendants did not count this time as hours worked and improperly deducted 30 minutes from their daily wages. Specifically, when Plaintiffs and other aggrieved employees were not able to take and, thus, did not record, a 30-minute meal period before the end of the fifth hour of work, Defendants would require Plaintiffs and other aggrieved employees to clock out for a 30-minute meal break even if they were still making deliveries. If Plaintiffs and other aggrieved employees did not clock out, Defendants would call them to tell them they needed to clock out for a 30-minute meal break. As a result, Plaintiffs and other aggrieved employees did not receive the statutory minimum wage for all time suffered or permitted to work because they were not properly compensated at their regular rate of pay for those hours they worked during their meal periods. In addition, on those occasions when Plaintiffs and other aggrieved employees worked more than eight hours a day and/or more than forty hours a week, they did not receive proper overtime compensation for all hours worked.

50.    Furthermore, Plaintiffs and other aggrieved employees were not paid all minimum, regular, and overtime wages because Defendants failed to pay them for various tasks that they performed while they were off-duty. Defendants required Plaintiffs and other aggrieved employees to check the "When I Work" App on a daily basis to find out when they were scheduled to work. Defendants would also text Plaintiffs and other aggrieved employees after work hours regarding their schedule or available shifts.

11

**CONSOLIDATED COMPLAINT**

Exhibit 1 - page 24

1   Despite the fact that all time spent performing these duties was compensable work hours and Defendants

2   were required to compensate Plaintiffs and other aggrieved employees accordingly, Defendants did not

3   count this time as hours worked and provided no remuneration.

4        51.    Defendants also improperly altered or edited Plaintiffs' and aggrieved employees actual

5   work times, resulting in underpayment of wages. Defendants retain records which put them on notice that

6   Plaintiffs and other aggrieved employees worked outside of their scheduled and/or reported hours, but

7   Defendants failed to provide any compensation for this work time.

8        52.    Scoobeez, Shahan Ohanessian, Scoobeez SD, and Avitus also failed to pay Plaintiffs and

9   other aggrieved employees for all their overtime wages because Scoobeez, Scoobeez SD, and Avitus failed

10  to include flat amounts earned for certain deliveries, such as Eat24, in the regular rate of pay for purposes

11  of calculating overtime.

12       53.    Defendants failed to pay Plaintiffs and other aggrieved employees for all of their tips, as

13  required by Labor Code section 351. For example, Plaintiff KEY was not paid any tips for his deliveries

14  for the first two pay periods.  Thereafter, although Plaintiff KEY was paid some amount for tips, the

15  Amazon "Prime Now" App did not allow Plaintiff KEY to see if or how much he was tipped, and

16  Defendants do not provide a summary or itemized report of these tips.  Therefore, Plaintiffs and other

17  aggrieved employees are unable to verify whether they have received the tips left for them by customers

18  in full or in part, and, on information and belief, Plaintiffs and other aggrieved employees have not

19  received all of the tips left designated for them by customers in full or in part.

20       54.    Defendants failed to reimburse Plaintiffs and other aggrieved employees for all necessary

21  expenses that were incurred in the discharge of their job duties, as required by Labor Code section 2802.

22  For example, Plaintiffs and other aggrieved employees were required to use their personal cell phones to

23  access the "When I Work" and Amazon "Prime Now" Apps and respond to calls and text messages during

24  their scheduled shift hours, as well as when they were off-duty.  Not only was this time not properly

25  compensated as hours worked, but Plaintiffs and other aggrieved employees did not receive any

26  reimbursement for the use of their personal cell phones, as required by California law. In addition,

27  Plaintiffs and other aggrieved employees were required to use their personal vehicles to drop off or pick

28  up merchandise, but they were not reimbursed for their mileage as required by law.  Instead, they were

12

**CONSOLIDATED COMPLAINT**

Exhibit 1 - page 25

1    only paid $3.00 per hour for their mileage, rather than at the IRS rate or based upon the actual amount of

2    gasoline, insurance, maintenance and other vehicle expenses.  On information and belief, Plaintiffs' and

3    other aggrieved employees' net compensation was at times less than the lawful minimum wage after they

4    paid these expenses, despite the fact that the hourly rate of pay is, on its face, higher than the applicable

5    minimum wage.

6        55.    Defendants intentionally and knowingly failed to provide Plaintiffs and other aggrieved

7    employees with accurate itemized wage statements as required by Labor Code section 226, as Plaintiffs

8    and other aggrieved employees were not properly compensated by Defendants for all hours worked and

9    were not paid all compensation due and owing, including all minimum, regular, and overtime wages, and

10   meal and rest period premium wages. As a result, the wage statements furnished by Defendants failed to

11   include the correct total regular and overtime hours worked, the correct amount of gross and net wages

12   earned, all applicable hourly rates and the corresponding number of hours worked at each hourly rate, and

13   the name and address of the legal entity that is the employer. Furthermore, the wage statements furnished

14   by Scoobeez, Shahan Ohanessian, Scoobeez SD, and Avitus also did not reflect the hours worked on all

15   types of deliveries, such as Eat24 deliveries, nor did they reflect the correct overtime rate.

16       56.    Defendants failed to record all hours worked by Plaintiffs and other aggrieved employees,

17   including but not limited to, Defendants' failure to record the proper beginning and end of each work

18   period, the meal periods, the total hours worked during the pay period, the applicable rates of pay, and the

19   wages paid.   As a result, the records maintained by Defendants for Plaintiffs and other aggrieved

20   employees are incomplete and inaccurate and fail to comply with the requirements of Labor Code section

21   1174(d) and the Records section of the applicable IWC Wage Order.

22       57.    Defendants willfully failed to pay Plaintiffs and other aggrieved employees in California

23   by the times set forth by Labor Code sections 201, 202, 203, and 204 all minimum, regular, and overtime

24   wages and all meal and rest period premium wages earned and owed during their employment and/or upon

25   separation of their employment.

26       58.    Defendants maintained a pattern and practice of failing to timely pay Plaintiffs and other

27   aggrieved employees' wages due and owing, as required by Labor Code sections 201, 202, and 203.

28   Defendants failed to pay Plaintiffs and other aggrieved employees' wages due and owing at the time of

13

**CONSOLIDATED COMPLAINT**

Exhibit 1 - page 26

1  termination of their employment because Defendants willfully failed to pay Plaintiffs and other aggrieved

2  employees all minimum, regular, and overtime wages owed, as well as all meal and rest period premium

3  wages owed upon their separation of employment. For example, at the time of Plaintiff KEY's separation

4  of employment with Defendants, Defendants did not provide Plaintiff KEY with all wages due and owing

5  for all hours worked during his scheduled meal periods, all hours worked performing tasks while he was

6  off-duty such as answering text messages and phone calls and checking the "When I Work" App for his

7  schedule, all overtime hours worked that were not paid at the proper rate of pay, and meal and rest period

8  premium wages owed.

9    59.    Plaintiffs are informed and believe that Defendants maintained a pattern and practice of

10  failing to pay Plaintiffs and other aggrieved employees all wages due and owing during their employment

11  within the time specified by Labor Code section 204 because Defendants failed to pay Plaintiffs and other

12  aggrieved employees all minimum, regular, and overtime wages earned for all the time they were suffered

13  or permitted to work, engaged in work and/or were under Defendants' control, as well as all meal and rest

14  period premium wages.

15                                             **IV.**

16              <u>**THE LABOR CODE PRIVATE ATTORNEYS GENERAL ACT ("PAGA")**</u>

17                        <u>**REPRESENTATIVE ACTION DESIGNATION**</u>

18    60.    Plaintiffs incorporate by reference paragraphs 1 through 59, inclusive, as if fully set forth

19  herein.

20    61.    The Causes of Action alleged herein are appropriately suited for a Labor Code Private

21  Attorneys General Act of 2004 ("PAGA") action because:

22          a.    Pursuant to California Labor Code section 2699(a), any provision of the Labor

23  Code that provides for a civil penalty to be assessed and collected by the Labor and Workforce

24  Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees,

25  for a violation of the California Labor Code, may, as an alternative, be recovered through a civil action

26  brought by an aggrieved employee on behalf of himself or herself and all other current or former

27  employees pursuant to the procedures specified in section 2699.3;

28  ///

---

14

**CONSOLIDATED COMPLAINT**

Exhibit 1 - page 27

      b.     This representative action involves allegations of violations of Labor Code sections 201, 202, 203, 204, 223, 226(a), 226.7, 351, 510, 512, 1174(d), 1194, 1197, 1198, and 2802, which, pursuant to Labor Code section 2699.5, provides for a civil penalty to be assessed and collected by the LWDA or recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Labor Code section 2699.3.

      c.     Plaintiffs are "aggrieved employees" because they were employed by the alleged violators and had one or more of the alleged violations committed against them;

      d.     On March 13, 2017, Plaintiff VEGA satisfied the procedural requirements of section 2699.3 by serving the LWDA electronically and Defendants SCOOBEEZ and AVITUS, INC. via Certified Mail with his notice for wage and hour violations and penalties, including the facts and theories to support each violation.  A true and correct copy of Plaintiff VEGA's notice and proof of service is attached as **Exhibit A.**

      e.     On August 7, 2017, Plaintiff KEY satisfied the procedural requirements of section 2699.3 by serving the LWDA electronically and Defendants SCOOBEEZ, AMAZON LOGISTICS, INC., AMAZON.COM, INC., and AVITUS, INC. via Certified Mail with his notice for wage and hour violations and penalties, including the facts and theories to support each violation.  Plaintiff KEY also provided notice to ABT Holdings, Inc. dba ABT Global, Inc.  A true and correct copy of Plaintiff KEY's notice and proof of service is attached as **Exhibit B**.

      f.     On August 15, 2017, Plaintiff KEY satisfied the procedural requirements of section 2699.3 by serving the LWDA electronically and Defendants, including SCOOBEEZ GLOBAL, INC., via Certified Mail, with an amended notice adding SCOOBEEZ GLOBAL, INC. as an alleged violator.  A true and correct copy of Plaintiff KEY's amended notice and proof of service is attached as **Exhibit C**.

      g.     On October 26, 2017, Plaintiff KEY satisfied the procedural requirements of section 2699.3 by serving the LWDA electronically and Defendant SHAHAN OHANESSIAN via Certified Mail, with an amended notice adding SHAHAN OHANESSIAN as an alleged violator.  A true and correct copy of Plaintiff KEY's amended notice and proof of service is attached as **Exhibit D**.

///

**CONSOLIDATED COMPLAINT**

Exhibit 1 - page 28

1        h.     On January 12, 2018, Plaintiff VEGA satisfied the procedural requirements of

2   section 2699.3 by serving the LWDA electronically and Defendants, including SCOOBEEZ SD, LLC,

3   SCOOBEEZ GLOBAL, INC., AMAZON LOGISTICS, INC, and AMAZON.COM, INC., via Certified

4   Mail, with an amended notice adding SCOOBEEZ SD, LLC, SCOOBEEZ GLOBAL, INC., AMAZON

5   LOGISTICS, INC, and AMAZON.COM, INC. as alleged violators. A true and correct copy of Plaintiff

6   VEGA's amended notice and proof of service is attached as **Exhibit E**.

7        i.     More than 65 days have passed since Plaintiffs served notice via Certified Mail to

8   the LWDA and their employers. Therefore, Plaintiffs satisfied all the administrative requirements to

9   pursue civil penalties against Defendants pursuant to Labor Code section 2698, *et seq.*

10        j.     Plaintiffs filed this action pursuant to Labor Code section 2699(a) and (f), on behalf

11   of themselves and all other aggrieved employees of Defendants to recover civil penalties, but only those

12   civil penalties that are required to be shared with the LWDA and no individual relief or underpaid wages.

13        k.     Defendants were Plaintiffs' employers or persons acting on behalf of Plaintiffs'

14   employer, within the meaning of California Labor Code section 558, who violated or caused to be violated,

15   a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of

16   work in any order of the Industrial Welfare Commission and, as such, are subject to civil penalties for

17   each underpaid employee, as set forth in Labor Code section 558, at all relevant times.

18        l.     Defendants were Plaintiffs' employers or persons acting on behalf of Plaintiffs'

19   employer either individually or as an officer, agent, or employee of another person, within the meaning of

20   California Labor Code section 1197.1, who paid or caused to be paid to any employee a wage less than

21   the minimum fixed by California state law, and as such, are subject to civil penalties for each underpaid

22   employee.

23        m.     Pursuant to Labor Code section 2699(a), Plaintiffs seek civil penalties, but only

24   those civil penalties that are required to be shared with the LWDA and no individual relief or underpaid

25   wages, on behalf of themselves and all other current and former employees of Defendants that worked as

26   Delivery Drivers at a Scoobeez location in California (collectively referred to as the "aggrieved

27   employees").

28   ///

<div align="center">16</div>

<div align="center">**CONSOLIDATED COMPLAINT**</div>

Exhibit 1 - page 29

n.    For all provisions of the Labor Code for which a civil penalty is not specifically provided, Labor Code section 2699(f) imposes upon Defendants, and each of them, a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent violation.

o.    Plaintiffs seek to recover all applicable civil penalties under PAGA, but only those civil penalties that are required to be shared with the LWDA and no individual relief or underpaid wages, on behalf of themselves and all other aggrieved employees pursuant to Labor Code sections 558, 1197.1, *Reynolds v. Bement*, 36 Cal.4th 1075, 1089 (2005), and *Thurman v. Bayshore Transit Management, Inc.*, 203 Cal. App. 4th 1112 (2012).

**V.**

**CAUSES OF ACTION**
**FIRST CAUSE OF ACTION**
**Meal and Rest Period Violations Pursuant to Labor Code § 2698 et seq.**
**Representative Action**
**(By Plaintiffs against all Defendants)**

62.    Plaintiffs hereby incorporate by reference paragraphs 1 through 61, as though fully set forth herein.

63.    Labor Code section 1198 states:

> The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

Defendants violated this section by establishing working conditions below the standard of the applicable Wage Order.

64.    Under applicable California law, "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes [...] An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes" Lab. Code § 512(a); see also 8 Cal. Code Regs. § 11090 (11)(A).

///

17
**CONSOLIDATED COMPLAINT**

Exhibit 1 - page 30

65.    Unless the employee is relieved of all duty during a thirty (30) minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. 8 Cal. Code Regs. § 11090 (11).

66.    California law requires employers to provide nonexempt employees with a 10-minute rest break for every four hours worked, or "major fraction thereof." 8 Cal. Code Regs. § 11090 (12).

67.    An employer who fails to provide meal or rest periods as required by an applicable Wage Order must pay the employee one additional hour of pay at the employee's regular rate of pay for each workday that the meal or rest period was not provided. Lab. Code § 226.7(b); 8 Cal. Code Regs. § 11090 (11), (12).

68.    Within the operative time period, Defendants failed to possess compliant meal and rest period policies. For example, Defendants do not possess a legal meal period policy, as the purported policy lacks required language and results in a failure to provide all meal periods due to employees. Defendants also make no attempts to ensure that their employees are either timely or wholly provided meal periods. The employees would often either miss a meal period entirely, be provided a short or untimely meal period, or be provided only one meal period, even when they were working in excess of 10 hours a day. Defendants would also pressure their employees to either skip, or cut short, a meal period depending on customer volume. Additionally, Defendants failed to keep accurate records of employee meal period start and end times.

69.    As to rest periods, Defendants do not possess a legal rest period policy or practice, as their purported rest period policy lacks required language, including, but not limited to the term "major fraction thereof" resulting in employees failing to receive all rest periods legally due. Defendants would also pressure their employees to either skip, or cut short, rest periods depending on customer volume.

70.    Moreover, Defendants' policies and practices preclude "duty-free" meal and rest periods. Specifically, employees were required to be "on-call" and to respond to the employer immediately at all times while under the employer's control. These institutional and established practices of Defendants are illegal, in that Plaintiffs and all other aggrieved employees were denied proper and/or timely meal and rest periods.

///

18
**CONSOLIDATED COMPLAINT**

Exhibit 1 - page 31

71.   Defendants willfully failed and refused to pay Plaintiffs and all other aggrieved employees one additional hour of pay at their regular rate of pay for all workdays that a meal or rest period was not provided, as required by Labor Code section 226.7 and IWC Wage Order 9 (11), (12).

72.   Any payments made by Defendants for missed or late meal periods were not paid at an employee's regular rate in violation of Labor Code section 226.7 and the operative IWC Wage Orders. Instead, these payments were made at an employee's base rate and did not include the value of, *inter alia*, all compensation and employee benefits such as, for example, nondiscretionary bonuses.

73.   Defendants are and were Plaintiffs' and other aggrieved employees' employers, or persons acting on their behalf, within the meaning of Labor Code section 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the Labor Code or any provision regulating hours and days of work in any IWC Wage Order and, as such, are subject to civil penalties for each underpaid employee as set forth in Labor Code section 558.

74.   As a direct result of Defendants' failure to comply with the foregoing provisions of the Labor Code, Plaintiffs and all other aggrieved employees have been damaged in an amount to be proven at trial.

75.   As California Labor Code Section 2699 provides for civil penalties recoverable by Plaintiffs on behalf of themselves and all other aggrieved employees by and through Labor Code section 2699.3, and as Plaintiffs have complied with all pre-filing requirements, Plaintiffs may recover these penalties pursuant to Labor Code section 2699, as more specifically set forth in the below Prayer For Relief.

76.   Plaintiffs seek an award of statutory civil penalties for each underpaid employee of Defendants pursuant to Labor Code sections 2699(a) for each of these employees.

77.   Defendants violated Labor Code sections 226.7, 512, and 1198 by failing to provide Plaintiffs and aggrieved employees lawfully compliant meal periods and by failing to pay them meal period premium wages for each day a meal period was not provided.   Under Labor Code section 2699(f)(2), Defendants are subject to a civil penalty of $100 for each aggrieved employee per pay period for the initial violation of Labor Code sections 226.7 and 1198, and $200 for each aggrieved employee per pay period for each subsequent violation.

**CONSOLIDATED COMPLAINT**

Exhibit 1 - page 32

78.    Defendants violated Labor Code sections 226.7 and 1198 by failing to authorize and permit Plaintiffs and aggrieved employees to take duty-free rest periods and by failing to pay them rest period premium wages for each day a rest period was not provided.  Under Labor Code section 2699(f)(2), Defendants are subject to a civil penalty of $100 for each aggrieved employee per pay period for the initial violation of Labor Code sections 226.7 and 1198, and $200 for each aggrieved employee per pay period for each subsequent violation.

79.    Pursuant to Labor Code section 558, Defendants are subject to a civil penalty of $50.00 for an initial violation of Labor Code section 512, for each aggrieved employee, for each pay period for which the aggrieved employee was not provided with a timely uninterrupted 30-minute meal period as alleged herein.  Furthermore, Labor Code section 558 imposes upon Defendants for each subsequent violation of Labor Code section 512 a civil penalty of $100.00 for each aggrieved employee for each pay period for which the aggrieved employee was not provided with a timely uninterrupted 30-minute meal period as alleged herein.

80.    Labor Code section 558 also imposes upon Defendants for each initial violation of the Hours and Days of Work section of the applicable IWC Wage Order a civil penalty of $50.00 for each aggrieved employee for each pay period for which the aggrieved employee was not provided with a paid uninterrupted 10-minute rest period, as alleged herein. Furthermore, Labor Code section 558 imposes upon Defendants for each subsequent violation of the Hours and Days of Work section of the applicable IWC Wage Order a civil penalty of $100.00 for each aggrieved employee for each pay period for which the aggrieved employee was not provided with a paid uninterrupted 10-minute rest period, as alleged herein. As set forth in *Thurman v. Bayshore Transit Management*, 203 Cal.App.4th 1112, 1153 (2012), the Hours and Days of Work section of the Wage Order also covers failure to provide rest periods and Plaintiffs may therefore recover civil penalties under Labor Code section 558 for each such violation.

81.    Defendants violated Labor Code section 1198 when they failed to comply with the maximum hours of work and the standard conditions of labor fixed by the IWC under the "Meal Periods," and the "Rest Periods" Sections of the applicable IWC Wage Order, by failing to provide compliant meal and rest periods, and failing to pay meal and rest period premium wages, as alleged herein. Thus, under Labor Code section 2699(f)(2), Defendants are subject to a civil penalty of $100 for each aggrieved

20

**CONSOLIDATED COMPLAINT**

Exhibit 1 - page 33

1  employee per pay period for the initial violation of Labor Code section 1198 and $200 for each aggrieved

2  employee per pay period for each subsequent violation of Labor Code section 1198.

3      82.    Plaintiffs also seek an award of reasonable attorney's fees and costs pursuant to Labor Code

4  section 2699(g)(1), and interest, pursuant to Labor Code section 218.6.

5  **SECOND CAUSE OF ACTION**
**Minimum Wage Violations Pursuant to Labor Code § 2698 et seq.**
6  **Representative Action**
**(By Plaintiffs against all Defendants)**
7

8      83.    Plaintiffs hereby incorporate by reference paragraphs 1 through 82, as though fully set forth

9  herein.

10     84.    Defendants failed to pay their employees all compensation due in violation of, among other

11  statutes, Labor Code section 1197. This failure was caused by and through Defendants' failure to maintain

12  accurate Time Records (as required by California law), to the detriment of the employee. Specifically,

13  although Defendants would receive "to-the-minute" start and end times (from their employees required

14  actions), Defendants would thereafter alter - and deduct time from - the Time Records, prior to payment

15  of compensation to the employees. Defendants also provided compensation based on "scheduled" time

16  and did not record all their employees' actual times worked, or time spent under the control of Defendants.

17  Defendants are in possession of their own employment records, including mobile application data, which

18  put Defendants on notice of Plaintiffs, and others, working outside of their scheduled and/or reported

19  hours, but Defendants failed to provide any compensation for this work-time. These actions, and

20  instructions, caused the employees to lose compensation, including the proper minimum wage

21  compensation.

22     85.    Defendants are and were Plaintiffs and aggrieved employees' employers or other person(s)

23  acting either individually or as an officer, agent, or employee of another person(s), who pays or causes to

24  be paid to any employee a wage less than the minimum fixed by an order of the Commission, and, as such,

25  are subject to civil penalties for each underpaid employee pursuant to Labor Code section 1197.1.

26     86.    As a direct result of Defendants' failure to comply with the foregoing provisions of the

27  Labor Code, Plaintiffs and all other aggrieved employees have been damaged in an amount to be proven

28  at trial.

21
**CONSOLIDATED COMPLAINT**

Exhibit 1 - page 34

87.    As California Labor Code Section 2699 provides for civil penalties recoverable by Plaintiffs on behalf of themselves and all other aggrieved employees by and through Labor Code section 2699.3, and as Plaintiffs have complied with all pre-filing requirements, Plaintiffs may recover these penalties pursuant to Labor Code section 2699, as more specifically set forth in the below Prayer For Relief.

88.    Plaintiffs seek an award of statutory civil penalties for each underpaid employee of Defendants pursuant to Labor Code sections 2699(a) for each of these employees.

89.    Defendants violated Labor Code sections 223, 1194, 1197, and 1198 by not paying Plaintiffs and other aggrieved employees at least minimum and regular wages for all the time they were suffered or permitted to work, engaged in work and/or under Defendants' control, as alleged herein. Thus, under Labor Code section 2699(f)(2), Defendants are subject to a civil penalty of $100 for each aggrieved employee per pay period for the initial violation of Labor Code sections 223, 1194, and 1198, and $200 for each aggrieved employee per pay period for each subsequent violation.

90.    Under Labor Code section 225.5, Defendants, in addition to, and entirely independent and apart from, any other penalty, are subject to a civil penalty for unlawfully withholding wages due Plaintiffs and other aggrieved employees in violation of Labor Code section 223 as follows: (1) For an initial violation, one hundred dollars ($100.00) for each failure to pay each employee. (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200.00) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld. This amount shall be recovered on behalf of the Labor Commissioner.

91.    Labor Code section 1197.1 imposes upon Defendants for each initial violation of Labor Code section 1197 by paying or causing an employee to be paid less than the minimum wage, a civil penalty of $100.00 for each underpaid employee for each pay period for which the employee is underpaid. Furthermore, Labor Code section 1197.1 imposes upon Defendants for each subsequent violation a civil penalty of $250.00 for each underpaid employee for each pay period for which the employee was underpaid.

92.    Defendants violated Labor Code section 1198 when they failed to comply with the maximum hours of work and the standard conditions of labor fixed by the IWC under the "Minimum

22

**CONSOLIDATED COMPLAINT**

Exhibit 1 - page 35

Wages" Section of the applicable IWC Wage Order, by failing to pay all minimum wages as alleged herein. Thus, under Labor Code section 2699(f)(2), Defendants are subject to a civil penalty of $100 for each aggrieved employee per pay period for the initial violation of Labor Code section 1198 and $200 for each aggrieved employee per pay period for each subsequent violation of Labor Code section 1198.

93.    Plaintiffs also seek an award of reasonable attorney's fees and costs pursuant to Labor Code section 2699(g)(1), and interest, pursuant to Labor Code section 218.6.

<div align="center">

**THIRD CAUSE OF ACTION**
**Overtime Violations Pursuant to Labor Code § 2698 et seq.**
**Representative Action**
**(By Plaintiffs against all Defendants)**

</div>

94.    Plaintiffs hereby incorporate by reference paragraphs 1 through 93, as though fully set forth herein.

95.    Defendants failed to pay Plaintiffs and all other aggrieved employees all compensation, including Overtime Compensation, due in violation of, among other statutes, Labor Code section 510. These violations occurred due to Defendants' illegal policies and practices, referenced above, whereby employees experienced monetary under-compensation. The systematic failure to provide proper overtime compensation is a violation of California law.

96.    Plaintiffs and other aggrieved employees, worked in excess of eight hours a day, or in excess of forty hours a week, without receiving all overtime compensation.

97.    Defendants are and were Plaintiffs' and other aggrieved employees' employers, or persons acting on their behalf, within the meaning of Labor Code section 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the Labor Code or any provision regulating hours and days of work in any IWC Wage Order and, as such, are subject to civil penalties for each underpaid employee as set forth in Labor Code section 558.

98.    As a direct result of Defendants' failure to comply with the foregoing provisions of the Labor Code, Plaintiffs and all other aggrieved employees have been damaged in an amount to be proved at trial.

99.    As California Labor Code Section 2699 provides for civil penalties recoverable by Plaintiffs on behalf of themselves and all other aggrieved employees by and through Labor Code section

<div align="center">

23
**CONSOLIDATED COMPLAINT**

</div>

Exhibit 1 - page 36

2699.3, and as Plaintiffs hve complied with all pre-filing requirements, Plaintiffs may recover these penalties pursuant to Labor Code section 2699, as more specifically set forth in the below Prayer For Relief.

100.    Plaintiffs seek an award of statutory civil penalties for each underpaid employee of Defendants pursuant to Labor Code sections 2699(a) for each of these employees.

101.    Defendants violated Labor Code sections 223, 510, 1194, and 1198 by not paying Plaintiffs and other aggrieved employees all overtime wages earned for all the time they were suffered or permitted to work, engaged in work and/or under Defendants' control, as alleged herein. At all relevant times, Plaintiffs and, on information and belief, other aggrieved employees were not paid all overtime when they worked in excess of eight hours a workday or forty hours in a workweek. Thus, under Labor Code section 2699(f)(2), Defendants are subject to a civil penalty of $100 for each aggrieved employee per pay period for the initial violation of Labor Code sections 223, 1194, and 1198, and $200 for each aggrieved employee per pay period for each subsequent violation.

102.    Under Labor Code section 225.5, Defendants, in addition to, and entirely independent and apart from, any other penalty, are subject to a civil penalty for unlawfully withholding wages due Plaintiffs and other aggrieved employees in violation of Labor Code section 223 as follows: (1) For an initial violation, one hundred dollars ($100.00) for each failure to pay each employee. (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200.00) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld. This amount shall be recovered on behalf of the Labor Commissioner.

103.    Defendants violated Labor Code section 1198 when they failed to comply with the maximum hours of work and the standard conditions of labor fixed by the IWC under the "Hours and Days of Work" Section of the applicable IWC Wage Order, by failing to pay all overtime wages as alleged herein. Thus, under Labor Code section 2699(f)(2), Defendants are subject to a civil penalty of $100 for each aggrieved employee per pay period for the initial violation of Labor Code section 1198 and $200 for each aggrieved employee per pay period for each subsequent violation of Labor Code section 1198.

104.    Pursuant to Labor Code section 558, Defendants are subject to a civil penalty of $50.00 for an initial violation of Labor Code section 510 for each aggrieved employee, for each pay period for which

24

**CONSOLIDATED COMPLAINT**

Exhibit 1 - page 37

the aggrieved employee was not provided with all overtime wages for all hours worked, as alleged herein. Furthermore, Labor Code section 558 imposes upon Defendants for each subsequent violation of Labor Code section 510 a civil penalty of $100.00 for each aggrieved employee for each pay period for which the aggrieved employee was not provided with all overtime wages for all hours worked, as alleged herein.

105.    Plaintiffs also seek an award of reasonable attorney's fees and costs pursuant to Labor Code section 2699(g)(1), and interest, pursuant to Labor Code section 218.6.

<div align="center">

**FOURTH CAUSE OF ACTION**
**Wage Statement Violations Pursuant to Labor Code § 2698 et seq.**
**Representative Action**
**(By Plaintiffs against all Defendants)**

</div>

106.    Plaintiffs hereby incorporate by reference paragraphs 1 through 105, as though fully set forth herein.

107.    Defendants failed to provide Plaintiffs and all other aggrieved employees with accurate itemized wage statements in violation of, among other statutes, Labor Code section 226. These violations include, but are not limited to, Defendants failed to provide an accurate showing of the gross and net wages earned and total hours worked (in violation of Labor Code sections 226(a)(1),(2)(5)), due in part to the failure to pay the legal minimum and overtime compensation, as set forth above. Defendants also failed to provide an accurate showing of all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee, in violation of Labor Code section 226(a)(9). Defendants also failed to accurately provide the name and address of the legal entity that is the employer, in violation of Labor Code section 226(a)(8).

108.    As a direct result of Defendants' failure to comply with the foregoing provisions of the Labor Code, Plaintiffs and all other aggrieved employees have been damaged in an amount to be proven at trial.

109.    As California Labor Code Section 2699 provides for civil penalties recoverable by Plaintiffs on behalf of themselves and all other aggrieved employees by and through Labor Code section 2699.3, and as Plaintiffs have complied with all pre-filing requirements, Plaintiffs may recover these penalties pursuant to Labor Code section 2699, as more specifically set forth in the below Prayer For Relief.

<div align="center">

25
**CONSOLIDATED COMPLAINT**

</div>

Exhibit 1 - page 38

110.    Defendants violated Labor Code sections 226(a) and 1198, by knowingly and intentionally failing to maintain and provide Plaintiffs and other aggrieved employees of Defendants with wage statements itemizing accurately all information required by Labor Code section 226(a), as alleged herein, including the total hours worked, all regular hours worked, all overtime hours worked, the applicable hourly rate per hour worked, the total wages earned, and the name and address of the legal entity that is the employer. Thus, under Labor Code section 2699(f)(2), Defendants are subject to a civil penalty of $100 for each aggrieved employee per pay period for the initial violation of Labor Code sections 226(a) and 1198, and $200 for each aggrieved employee per pay period for each subsequent violation.

111.    Alternatively, Labor Code section 226.3 provides for a civil penalty in the amount of $250 per violation in an initial citation and $1,000 for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of section 226.

112.    Plaintiffs seek an award of statutory civil penalties for each underpaid employee of Defendants pursuant to Labor Code sections 2699(a) for each of these employees.

113.    Defendants violated Labor Code section 1198 when they failed to comply with the maximum hours of work and the standard conditions of labor fixed by the IWC under the "Records" Section of the applicable IWC Wage Order, by failing to provide accurate records, as alleged herein. Thus, under Labor Code section 2699(f)(2), Defendants are subject to a civil penalty of $100 for each aggrieved employee per pay period for the initial violation of Labor Code section 1198 and $200 for each aggrieved employee per pay period for each subsequent violation of Labor Code section 1198.

114.    Plaintiffs also seek an award of reasonable attorney's fees and costs pursuant to Labor Code section 2699(g)(1), and interest, pursuant to Labor Code section 218.6.

### FIFTH CAUSE OF ACTION
#### Failure to Reimburse Pursuant to Labor Code § 2698 et seq.
#### Representative Action
#### (By Plaintiffs against all Defendants)

115.    Plaintiffs hereby incorporate by reference paragraphs 1 through 114, as though fully set forth herein.

///

26

**CONSOLIDATED COMPLAINT**

Exhibit 1 - page 39

116.    Defendants failed to reimburse their employees for all necessary business expenditures incurred in direct consequence of the discharge of their duties in violation of, among other statutes, Labor Code section 2802. These expenditures are the result of, inter alia, Defendants' standard policies which require their drivers to travel and incur costs for gasoline and mileage, to use their own cell phones for work-related purposes and purchase required work uniform items and other necessary work-related supplies, without proper and complete reimbursement.

117.    As a direct result of Defendants' failure to comply with the foregoing provisions of the Labor Code, Plaintiffs and all other aggrieved employees have been damaged in an amount to be proven at trial.

118.    As California Labor Code Section 2699 provides for civil penalties recoverable by Plaintiffs on behalf of themselves and all other aggrieved employees by and through Labor Code section 2699.3, and as Plaintiffs have complied with all pre-filing requirements, Plaintiffs may recover these penalties pursuant to Labor Code section 2699, as more specifically set forth in the below Prayer For Relief.

119.    Defendants violated Labor Code section 2802 by requiring Plaintiffs and aggrieved employees to utilize their personal cell phones and personal vehicles in the discharge of their duties without providing reimbursement. Thus, under Labor Code section 2699(f)(2), Defendants are subject to a civil penalty of $100 for each aggrieved employee per pay period for the initial violation of Labor Code section 2802, and $200 for each aggrieved employee per pay period for each subsequent violation.

120.    Plaintiffs seek an award of statutory civil penalties for each underpaid employee of Defendants pursuant to Labor Code sections 2699(a) for each of these employees.

121.    Plaintiffs also seek an award of reasonable attorney's fees and costs pursuant to Labor Code section 2699(g)(1), and interest, pursuant to Labor Code section 218.6.

**SIXTH CAUSE OF ACTION**
**Improper "Tip Pooling" Pursuant to Labor Code § 2698 et seq.**
**Representative Action**
**(By Plaintiffs against all Defendants)**

122.    Plaintiffs hereby incorporate by reference paragraphs 1 through 121, as though fully set forth herein.

123.    Defendants failed to provide Plaintiffs and other aggrieved employees with all tips due and owing to them, in violation of Labor Code section 351. The violations were caused, in part, by Defendants' illegal "tip pooling" system, whereby Defendants and their agents would improperly collect, withhold and/or take a portion of the gratuities from the gratuities paid, given to, or left for the employees. Defendants and their agents would also fail to timely provide for the remuneration of gratuities provided via credit or debit card. Defendants also failed to keep accurate records of all gratuities received, in violation of Labor Code section 353.

124.    As a direct result of Defendants' failure to comply with the foregoing provisions of the Labor Code, Plaintiffs and all other aggrieved employees have been damaged in an amount to be proven at trial.

125.    As California Labor Code Section 2699 provides for civil penalties recoverable by Plaintiffs on behalf of themselves and all other aggrieved employees by and through Labor Code section 2699.3, and as Plaintiffs have complied with all pre-filing requirements, Plaintiffs may recover these penalties pursuant to Labor Code section 2699, as more specifically set forth in the below Prayer For Relief.

126.    Plaintiffs seek an award of statutory civil penalties for each underpaid employee of Defendants pursuant to Labor Code sections 2699(a) for each of these employees.

127.    Defendants violated Labor Code section 351 by failing to pay Plaintiffs and other aggrieved employees all tips earned and owed, as alleged herein. Defendants also failed to keep accurate records of all gratuities received, in violation of Labor Code section 353. Thus, under Labor Code section 2699(f)(2), Defendants are subject to a civil penalty of $100 for each aggrieved employee per pay period for the initial violation of Labor Code sections 351 and 353, and $200 for each aggrieved employee per pay period for each subsequent violation.

128.    Plaintiffs also seeks an award of reasonable attorney's fees and costs pursuant to Labor Code section 2699(g)(1), and interest, pursuant to Labor Code section 218.6.

///

///

///

28

**CONSOLIDATED COMPLAINT**

Exhibit 1 - page 41

**SEVENTH CAUSE OF ACTION**
**Failure to Pay Wages Due During Employment Pursuant to Labor Code § 2698 et seq.**
**Representative Action**
**(By Plaintiffs against all Defendants)**

129.    Plaintiffs hereby incorporate by reference paragraphs 1 through 128, as though fully set forth herein.

130.    Defendants failed to pay Plaintiffs and other aggrieved employees all wages due and owing by the time set forth pursuant to Labor Code § 204(a) and the IWC Wage Order including, but not limited to, not paying all regular, minimum, and overtime wages, and meal and rest period premium wages.

131.    As a direct result of Defendants' failure to comply with the foregoing provisions of the Labor Code, Plaintiffs and all other aggrieved employees have been damaged in an amount to be proven at trial.

132.    As California Labor Code Section 2699 provides for civil penalties recoverable by Plaintiffs on behalf of themselves and all other aggrieved employees by and through Labor Code section 2699.3, and as Plaintiffs have complied with all pre-filing requirements, Plaintiffs may recover these penalties pursuant to Labor Code section 2699, as more specifically set forth in the below Prayer For Relief.

133.    Plaintiffs seek an award of statutory civil penalties for each underpaid employee of Defendants pursuant to Labor Code sections 2699(a) for each of these employees.

134.    Defendants violated Labor Code sections 204 and 1198 by not paying Plaintiffs and aggrieved employees all minimum, regular, and overtime wages owed, and all meal and rest premium wages owed by the time set forth by law during their employment, as alleged herein. Thus, under Labor Code section 2699(f)(2), Defendants are subject to a civil penalty of $100 for each aggrieved employee per pay period for the initial violation of Labor Code sections 204 and 1198, and $200 for each aggrieved employee per pay period for each subsequent violation.

135.    Under Labor Code section 210(a), Defendants, in addition to, and entirely independent and apart from any other penalty, are subject to a civil penalty for failing to pay the wages of each aggrieved employee as provided in Labor Code section 204, as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each aggrieved employee. (2) For each subsequent violation, or any

29
**CONSOLIDATED COMPLAINT**

Exhibit 1 - page 42

willful or intentional violation, two hundred dollars ($200) for each failure to pay each aggrieved employee, plus 25 percent of the amount unlawfully withheld. This amount shall be recovered on behalf of the Labor Commissioner.

136.    Plaintiffs also seek an award of reasonable attorney's fees and costs pursuant to Labor Code section 2699(g)(1), and interest, pursuant to Labor Code section 218.6.

**EIGHTH CAUSE OF ACTION**
**Failure to Pay Wages Upon Separation of Employment Pursuant to Labor Code § 2698 et seq.**
**Representative Action**
**(By Plaintiffs against all Defendants)**

137.    Plaintiffs hereby incorporate by reference paragraphs 1 through 136, as though fully set forth herein.

138.    Defendants failed to provide Plaintiffs and other aggrieved employees with all wages earned and unpaid at termination in violation of, among other statutes, Labor Code sections 201 through 203. These violations resulted from, among other unlawful actions, Defendants' willful failure to provide accurate and complete compensation to aggrieved employees under Labor Code sections 226.7, 510, 512, and 1197.

139.    As a direct result of Defendants' failure to comply with the foregoing provisions of the Labor Code, Plaintiffs and all other aggrieved employees have been damaged in an amount to be proven at trial.

140.    As California Labor Code Section 2699 provides for civil penalties recoverable by Plaintiffs on behalf of themselves and all other aggrieved employees by and through Labor Code section 2699.3, and as Plaintiffs have complied with all pre-filing requirements, Plaintiffs may recover these penalties pursuant to Labor Code section 2699, as more specifically set forth in the below Prayer For Relief.

141.    Plaintiffs seek an award of statutory civil penalties for each underpaid employee of Defendants pursuant to Labor Code sections 2699(a) for each of these employees.

142.    Defendants violated Labor Code sections 201, 202, 203, and 1198 by not paying Plaintiffs and aggrieved employees all minimum, regular, and overtime wages owed, and all meal and rest premium wages owed by the time set forth by law upon their separation of employment, as alleged herein. Thus,

---

30

**CONSOLIDATED COMPLAINT**

Exhibit 1 - page 43

1  under Labor Code section 2699(f)(2), Defendants are subject to a civil penalty of $100 for each aggrieved

2  employee per pay period for the initial violation of Labor Code sections 201, 202, 203, and 1198, and

3  $200 for each aggrieved employee per pay period for each subsequent violation.

4    143.    Plaintiffs also seek an award of reasonable attorney's fees and costs pursuant to Labor Code

5  section 2699(g)(1), and interest, pursuant to Labor Code section 218.6.

<div align="center">

**NINTH CAUSE OF ACTION**
**Failure to Maintain Accurate Records Pursuant to Labor Code § 2698 et seq.**
**Representative Action**
**(By Plaintiffs against all Defendants)**

</div>

6

7

8

9    144.    Plaintiffs hereby incorporate by reference paragraphs 1 through 143, as though fully set

10  forth herein.

11    145.    Defendants did not accurately record the start and end times of each work and break period

12  for Plaintiffs and other aggrieved employees. As a result, Defendants failed to maintain accurate time

13  records showing when Plaintiffs and other aggrieved employees began and ended each work and break

14  period, as alleged herein. Through Defendants' conduct including, but not limited to, the conduct alleged

15  herein, including that alleged on information and belief, Defendants violated Labor Code §§ 1174(d) and

16  1198 and the applicable Wage Order when they failed to keep accurate information regarding employees'

17  hours worked.

18    146.    As a direct result of Defendants' failure to comply with the foregoing provisions of the

19  Labor Code, Plaintiffs and all other aggrieved employees have been damaged in an amount to be proven

20  at trial.

21    147.    As California Labor Code Section 2699 provides for civil penalties recoverable by

22  Plaintiffs on behalf of themselves and all other aggrieved employees by and through Labor Code section

23  2699.3, and as Plaintiffs have complied with all pre-filing requirements, Plaintiffs may recover these

24  penalties pursuant to Labor Code section 2699, as more specifically set forth in the below Prayer For

25  Relief.

26    148.    Defendants violated Labor Code sections 1174(d) and 1198 by failing to maintain records

27  detailing the start and end times of work shifts and meal periods. Thus, under Labor Code section

28  2699(f)(2), Defendants are subject to a civil penalty of $100 for each aggrieved employee per pay period

<div align="center">

31
**CONSOLIDATED COMPLAINT**

</div>

Exhibit 1 - page 44

for the initial violation of Labor Code sections 226(a) and 1198, and $200 for each aggrieved employee per pay period for each subsequent violation.

149.    Labor Code section 1174.5 provides for a civil penalty of $500 for any person employing labor who willfully fails to maintain accurate and complete records required by subdivision (d) of section 1174.

150.    Plaintiffs seek an award of statutory civil penalties for each underpaid employee of Defendants pursuant to Labor Code sections 2699(a) for each of these employees.

151.    Defendants violated Labor Code section 1198 when they failed to comply with the maximum hours of work and the standard conditions of labor fixed by the IWC under the "Records" Section of the applicable IWC Wage Order, by failing to keep accurate records, as alleged herein. Thus, under Labor Code section 2699(f)(2), Defendants are subject to a civil penalty of $100 for each aggrieved employee per pay period for the initial violation of Labor Code section 1198 and $200 for each aggrieved employee per pay period for each subsequent violation of Labor Code section 1198.

152.    Plaintiffs also seek an award of reasonable attorney's fees and costs pursuant to Labor Code section 2699(g)(1), and interest, pursuant to Labor Code section 218.6.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

a.    For reasonable attorney's fees and costs of suit to the extent permitted by law, including pursuant to Labor Code sections 2699, *et seq.*;

b.    For civil penalties to the extent permitted by law pursuant to the Labor Code under the Private Attorneys General Act, in an amount to be shown according to proof at trial;

c.    For civil penalties for each initial and subsequent violation for each underpaid employee for each pay period for which the employee was underpaid;

d.    Plaintiffs are only seeking such civil penalties that are required to be shared with the LWDA; and

e.    For such other relief as the Court deems just and proper.

32
**CONSOLIDATED COMPLAINT**

Exhibit 1 - page 45

1  Dated: May 25, 2018                    SULLIVAN LAW GROUP, APC

2

3                                 By: _____

4                                    WILLIAM B. SULLIVAN
                                     ERIC K. YAECKEL
                                     ANDREA TORRES-FIGUEROA
5                                    Attorney for Plaintiff
                                     ARTURO VEGA in a Representative capacity, and
6                                    on behalf of other members of the general public
                                     similarly situated
7

8  Dated: May 25, 2018                    GRAHAMHOLLIS APC

9

10                                By: _____
                                     GRAHAM S.P. HOLLIS
11                                   NICOLE R. ROYSDON
                                     Attorneys for Plaintiff
12                                   UNTA KEY and Aggrieved Employees

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        33
                              CONSOLIDATED COMPLAINT

Exhibit 1 - page 46

# EXHIBIT A

Exhibit 1 - page 47

# SULLIVAN LAW GROUP

A PROFESSIONAL CORPORATION

**2330 THIRD AVENUE
SAN DIEGO, CALIFORNIA 92101**

**PHONE 619-702-6760
FACSIMILE 619-702-6761**

March 13, 2017

Labor and Workforce Development Agency                    ***Submitted Via Online Filing***
Attn. PAGA Administrator


        Re:    **Arturo Vega v. Scoobeez, Scoobeez, Inc. & Avitus, Inc.**
        Our File Number:   6527

Dear Administrator:

Please allow this correspondence to serve as "written notice," as required by California Labor Code section 2699.3(a)(1), of the specific provisions of the California Labor Code believed to have been violated by Scoobeez, Scoobeez, Inc. & Avitus, Inc. (These entities, acting as co-employers, are collectively referred to as "Scoobeez") in the above referenced matter. Thank you for your assistance on this issue.

The specific provisions alleged to have been violated by Scoobeez are as follows:

CALIFORNIA LABOR CODE SECTIONS 201-203, 226, 226(a), 226.7, 351, 353, 510, 512, 1174, 1194 and 2802, as well as IWC Wage Order 9, codified as Title 8, California Code of Regulations, section 11090 *et seq.*

Facts and theories supporting the allegations: Our client, Arturo Vega, has worked as an employee for Scoobeez from approximately October of 2014 to the present.

Throughout the term of his employment, Scoobeez required Mr. Vega, and all other employees, to experience actions illegal under the California Labor Code, including the following:

-    Scoobeez failed to provide all compensation, including minimum wage and overtime compensation, to its employees in violation of, *inter alia*, Labor Code sections 1194, 510, 1174 and the IWC Wage Orders, codified as Title 8, California Code of Regulations, section 11090 (3). This illegal action is due, in part, to Scoobeez's policies of **(1)** failing to properly retain accurate Time Records, in violation of California law, **(2)** failing to provide compensation (including both minimum and overtime compensation) for all time worked by the employees, or time spent under

1

Exhibit 1 - page 48

the control of the employer and **(3)** failing to provide the actual Overtime Rate of Pay, as Scoobeez ignores certain compensation when calculating the Regular Rate of Pay. Among other issues, Scoobeez provides compensation based on "scheduled" time and does not accurately record its employees actual times worked or under the control of Scoobeez. Scoobeez will also improperly alter or edit its employees actual work times, resulting in underpayments. Scoobeez also retains, as part of their internal records (including the "When I Work" app data and other data), records which put it on notice of Mr. Vega and others working outside of their scheduled and/or reported hours, but Scoobeez fails to provide any compensation for this work-time.

- Scoobeez failed to provide statutorily-compliant and accurate itemized wage statements. For example, Scoobeez failed to provide an <u>accurate</u> showing of the gross and net wages earned and total hours worked (in violation of Labor Code sections 226(a)(1),(2)(5)), due in part to the failure to pay the legal minimum and overtime compensation, as set forth above. Scoobeez also failed to provide an <u>accurate</u> showing of all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee (in violation of Labor Code section 226(a)(9). Scoobeez also failed to accurately provide the name and address of the legal entity that is the employer, in violation of Labor Code section 226(a)(8).

- Scoobeez failed to provide compliant meal periods or requisite meal period penalty payments, in violation of, *inter alia*, Labor Code sections 226.7, 512, and IWC Wage Order 9, codified as Title 8, California Code of Regulations, section 11090(7) and (11). For example, Scoobeez does not possess a legal meal period policy, and makes no attempt to ensure that its employees are either timely or wholly provided meal periods. The employees would often miss a meal period entirely, be provided a short or untimely meal period, or be provided only one meal period, even where they were working in excess of 10 hours a day. Additionally, Scoobeez would pressure its employees to either skip, or cut short, a meal period based on customer volume and delivery schedules. Scoobeez also fails to accurately records its employees time spent on meal breaks on the occasions meal breaks were taken. Finally, Scoobeez has never provided a meal period penalty payment to any employee on such occasions.

- Scoobeez failed to provide compliant rest periods or requisite rest period penalty payments, in violation of, *inter alia*, Labor Code sections 226.7, and IWC Wage Order 4 codified as Title 8, California Code of Regulations, section 11090 (12). These violations are due, in part, to the fact that Scoobeez does not possess a legal rest period policy or practice. Moreover, its written policy is deficient as to timing and lacks required language, including the term "major fraction thereof" resulting in employees failing to receive all Rest Periods legally due. Scoobeez does not provide rest periods, as defined by California law. Scoobeez would pressure its employees to either skip, or cut short, a rest period based on customer volume and delivery schedules.. Finally, Scoobeez has never provided a rest period penalty payment to

2

Exhibit 1 - page 49

any employee.

- Scoobeez failed to ensure that its nonexempt employees fully received the gratuities left for the employees, in that Scoobeez and its agents would collect and/or take a portion of the gratuities for themselves as a fee/cost, in violation of Labor Code section 351. Scoobeez also fails to keep accurate records of all gratuities received, in violation of Labor Code section 353.

- Scoobeez failed to provide compliant expense reimbursement payments in violation of, *inter alia*, Labor Code section 2802, by failing to provide payments for expenses incurred by Mr. Vega and other employees, including expenses for cell-phone costs, full reimbursement for all gas mileage, work uniform expenses (including expenses for required shirts and hats) and other necessary work supplies.

- Scoobeez failed to provide all compensation upon termination of employment in violation of Labor Code sections 201-203, due, in part, to the fact that Scoobeez failed to provide proper compensation for all hours worked, and failed to pay full Meal or Rest Period penalties, as discussed above.

To confirm, the Scoobeez entities are "persons" as defined within California Labor Code section 18.

Again, thank you for your assistance and instruction throughout this matter. Should you have any questions or comments, please do not hesitate to contact the undersigned.

Very Truly Yours,

Eric K. Yaeckel, Esq.

cc: *Via Certified U.S. Mail*

Scoobeez
396 S. Pasadena Ave.
Pasadena, CA 91105

Scoobeez, Inc.
4241 Jutland Drive, Suite 300
San Diego, CA 92117

Avitus, Inc.
P.O. Box 2506
Billings, MT 59103

cc: *Courtesy Copy and Filing Fee via U.S. Mail*

Department of Industrial Relations
Accounting Unit
455 Golden Gate Ave., 10th Floor
San Francisco, CA 94102

3

Exhibit 1 - page 50

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

AVITUS, INC.
P.O. BOX 2506
BILLINGS, MT 59103

9590 9402 1592 5362 5832 54

2. Article Number (Transfer from service label)
7008 1140 0001 8721 1911

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Brian Bentley_   ☐ Agent
                     ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
_BRIAN BENNETT_   3/26/19

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Exhibit 1 - page 51

# EXHIBIT B

Exhibit 1 - page 52

**GRAHAM·HOLLIS**
APC

August 7, 2017

Attorneys at Law

3555 Fifth Avenue Suite 200
San Diego, California 92103
619.692.0800 voice
619.692.0822 fax

www.grahamhollis.com

Nicole R. Roysdon
nroysdon@grahamhollis.com
619.546.4309 direct

**VIA ELECTRONIC FILING**

California Labor and Workforce Development
Agency
Attn: PAGA Administrator
1515 Clay Street, Suite 801
Oakland, CA 94612
PAGA Filing Submitted Online

**CERTIFIED MAIL (RETURN RECEIPT)**

| | |
|---|---|
| Scoobeez, Inc.<br>396 S. Pasadena Avenue<br>Pasadena, CA 91105 | Scott A. Sheikh, Esq.<br>Agent for Service of Process for<br>Scoobeez, Inc.<br>396 S. Pasadena Avenue<br>Pasadena, CA 91105 |
| ABT Holdings, Inc.<br>dba ABT Global, Inc.<br>396 S. Pasadena Avenue<br>Pasadena, CA 91105 | Imran Firoz<br>Agent for Service of Process for ABT<br>Holdings, Inc. dba ABT Global, Inc.<br>301 Simplicity<br>Irvine, CA 92620 |
| Amazon Logistics, Inc.<br>410 Terry Avenue North<br>Seattle, WA 98109 | Corporation Service Company dba<br>CSC - Lawyers Incorporating Service<br>Agent for Service of Process for<br>Amazon Logistics, Inc.<br>2710 Gateway Oaks Drive, Suite 150N<br>Sacramento, CA 95833 |
| Amazon.com, Inc.<br>410 Terry Avenue North<br>Seattle, WA 98109 | Corporation Service Company dba<br>CSC - Lawyers Incorporating Service<br>Agent for Service of Process for<br>Amazon.com, Inc.<br>2710 Gateway Oaks Drive, Suite 150N<br>Sacramento, CA 95833 |
| Avitus, Inc.<br>P.O. Box 2506<br>Billings, MT 59103 | Corporation Service Company dba<br>CSC - Lawyers Incorporating Service<br>Agent for Service of Process for<br>Avitus, Inc.<br>2710 Gateway Oaks Drive, suite 150N<br>Sacramento, CA 95833 |

Graham S.P. Hollis

Vilmarie Cordero

Nicole R. Roysdon

Geoff D. La Val

Paloma Acosta

Caroline G. Massey

Rita Leong

San Diego        Temecula        Orange County        Los Angeles        Sacramento        San Francisco

Exhibit 1 - page 53

August 7, 2017
Page 2



**Re:    Unta Key's Wage and Hour Claims Against Scoobeez, Inc., ABT Holdings, Inc.,
Amazon.com, Inc., Amazon Logistics, Inc., and Avitus, Inc.**

Dear Labor and Workforce Development Agency, Scoobeez, Inc., ABT Holdings, Inc., Amazon.com, Inc., Amazon Logistics, Inc., and Avitus, Inc.:

Please be advised that Unta Key ("Claimant") has retained our firm to represent him for claims against his former employers Scoobeez, Inc., ABT Holdings, Inc., Amazon.com, Inc., Amazon Logistics, Inc., and Avitus, Inc. (collectively, "the Companies").

This letter shall serve as Claimant's written notice to the Labor and Workforce Development Agency ("LWDA") and the Companies of the alleged Labor Code violations Claimant claims that the Companies committed against him and all other aggrieved employees in California. Claimant provides this notice in accordance with the Labor Code Private Attorneys General Act of 2004 ("PAGA"), Labor Code § 2699.3. Claimant desires to file a civil action to enforce his rights under the Labor Code and seek compensation accordingly.

Pursuant to Labor Code § 2699(a), and by way of this letter, Claimant also intends to represent all other current and former aggrieved employees who performed work for the Companies in California and who have suffered at least one of the wage and hour violations described herein during their employment.

## FACTUAL BACKGROUND

Scoobeez, Inc. is a courier company owned and operated by ABT Holdings, Inc. (collectively, "Scoobeez"), which are both located in Pasadena, California. Amazon Logistics, Inc., which is owned and operated by Amazon.com, Inc. (collectively, "Amazon"), contracted with Scoobeez to provide Amazon's "Prime Now" delivery services, which guarantees delivery of grocery and household items within two hours. Avitus, Inc. ("Avitus") is a Professional Employer Organization ("PEO") that provides services for companies, including but not limited to, payroll, bookkeeping, human resources, insurance, recruiting, training, and marketing. Pursuant to an agreement between Scoobeez and Avitus, Avitus is a co-employer of Claimant and other aggrieved employees and shares employment responsibilities with Scoobeez.

The Companies employed Claimant from approximately February 2017 to June 2017 to provide Amazon's "Prime Now" delivery services in San Diego County. Claimant worked as a non-exempt employee and was compensated on an hourly basis at all relevant times. Claimant worked as a delivery driver and typically worked around six to eight hours a day and six to seven days a week. Claimant was required to wear an Amazon Prime polo shirt when making "Prime Now" deliveries.

Claimant utilized Amazon's App for instructions on where to pick up the "Prime Now" orders, where to deliver them, his itinerary or the order in which he was to make the deliveries, and any customer requirements for the delivery. Claimant reported to Amazon's warehouse on Kurtz Street, the Sprouts stores in Lemon Grove and La Jolla, and Bristol Farms in La Jolla to pick up his deliveries. After picking up his deliveries, Claimant was required to deliver them all within a two-hour window. Amazon would

Exhibit 1 - page 54



contact Claimant throughout the day to check the status of his deliveries and to ensure they were delivered on time. Claimant also delivered hot food through Eat24 and flowers through Allen's Flowers.

The Companies denied Claimant and other aggrieved employees in California specific rights afforded to them under the California Labor Code and the applicable Industrial Welfare Commission Wage Order ("IWC Wage Order"). For example, the Companies failed to provide them with legally compliant meal and rest breaks or pay them meal and rest break premiums, failed to timely pay Claimant and other aggrieved employees all minimum, regular, and overtime wages owed, failed to pay them all tips owed, failed to reimburse them for all business expenses, failed to maintain accurate records and issue accurate itemized wage statements, and failed to timely pay all wages due during and upon separation of employment.

For example, during his employment, the Companies did not provide Claimant and other aggrieved employees the opportunity to take compliant 30-minute, off-duty meal periods. Although the nature of Claimant's work did not require him to take on-duty meal breaks, the Companies' delivery requirements made it so he could not be relieved of all duties. The Companies required Claimant and other aggrieved employees to make all their deliveries within a two-hour window. Claimant and other aggrieved employees were then required to return straight to the store to pick up the next set of deliveries. Due to his workload and the Companies' two-hour delivery requirement, Claimant was required to work through his meal breaks, take an untimely meal break, or take a meal break that was less than thirty minutes long. For these same reasons, the Companies also did not authorize or permit Claimant and other aggrieved employees to take legally compliant rest breaks. Despite the fact that Claimant and other aggrieved employees did not receive legally compliant rest breaks and received meal periods that were late, short, or "on-duty," the Companies did not provide adequate compensation, nor did the Companies provide any premium wages for these missed breaks, as required by law.

Even though Claimant and other aggrieved employees were required to work through their meal periods, the Companies did not count this time as hours worked and improperly deducted 30 minutes from their daily wages. Specifically, when Claimant and other aggrieved employees were not able to take and, thus, did not record, a 30-minute meal period before the end of the fifth hour of work, the Companies would require Claimant and other aggrieved employees to clock out for a 30-minute meal break even if they were still making deliveries. If Claimant and other aggrieved employees did not clock out, the Companies would call them to tell them they needed to clock out for a 30-minute meal break. As a result, Claimant and other aggrieved employees did not receive the statutory minimum wage for all time suffered or permitted to work because they were not properly compensated at their regular rate of pay, nor did they receive proper overtime compensation for all hours worked after the eighth hour in a workday and forty hours in a workweek.

Furthermore, Claimant and other aggrieved employees were not paid all minimum, regular, and overtime wages because the Companies failed to pay them for various tasks that they performed while they were off-duty. The Companies required Claimant and other aggrieved employees to check the "When I Work" App on a daily basis to find out when they were scheduled to work. The Companies would also text Claimant and other aggrieved employees after work hours regarding their schedule or available shifts. Despite the fact that all time spent performing these duties was compensable work hours and the Companies were required to compensate Claimant and other aggrieved employees accordingly,

Exhibit 1 - page 55



the Companies did not count this time as hours worked and provided no remuneration.  The Companies also failed to pay Claimant and other aggrieved employees for all their overtime wages because the Companies failed to include flat amounts earned for certain deliveries, such as Eat24, in the regular rate of pay for purposes of calculating overtime.

The Companies failed to pay Claimant and other aggrieved employees for all of their tips.  For example, Claimant was not paid any tips for his deliveries for the first two pay periods.  Thereafter, although Claimant was paid some amount for tips, the Companies do not provide a summary or itemized report of these tips so therefore Claimant and other aggrieved employees are unable to verify whether they have received the tips left for them by customers in full or in part.

The Companies also failed to reimburse Claimant and other aggrieved employees for all necessary expenses that were incurred in the discharge of their job duties.  For example, Claimant and other aggrieved employees were required to use their personal cell phones to access the "When I Work" and Amazon Apps and respond to calls and text messages during their scheduled shift hours, as well as when they were off-duty. Not only was this time not properly compensated as hours worked, but Claimant and other aggrieved employees did not receive any reimbursement for the use of their personal cell phones, as required by California law. In addition, Claimant and other aggrieved employees were required to use their personal vehicles to drop off or pick up merchandise, but they were not reimbursed for their mileage as required by law.  Instead, they were only paid $3.00 per hour for their mileage, rather than at the IRS rate or based upon actual gasoline and maintenance expenses.

As a direct result of the Companies' illegal policies and procedures, the Companies failed to maintain accurate records reflecting all of Claimant's and other aggrieved employees' time worked and wages paid, in violation of California law.  In addition, the wage statements issued by the Companies did not include the correct total regular and overtime hours worked, the correct amount of gross and net wages earned, and all applicable hourly rates and the corresponding number of hours worked at each hourly rate, as required under Labor Code section 226.  The wage statements issued by the Companies also did not reflect the hours worked on all types of deliveries, such as Eat24 deliveries, nor did they reflect the correct overtime rate.

Lastly, and as a direct result of the aforementioned Labor Code violations, the Companies did not pay Claimant and all aggrieved employees all wages due and payable during and upon separation of employment, including minimum, regular, and overtimes wages for all hours worked, and meal and rest period premium wages, as required pursuant to Labor Code sections 201, 202 and 204.

Due to the foregoing Labor Code violations, the Companies denied Claimant and other aggrieved employees certain rights afforded them under the California Labor Code and IWC Wage Orders. Claimant makes these claims against the Companies on behalf of himself and all other aggrieved current and former employees of the Companies in California.

Exhibit 1 - page 56

August 7, 2017
Page 5



## FAILURE TO PROVIDE COMPLIANT MEAL PERIODS
## AND AUTHORIZE AND PERMIT REST PERIODS
(Labor Code sections 226.7, 512, 558, 1198 and the "Meal Periods" and
"Rest Periods" sections of the Applicable IWC Wage Order)

Labor Code section 226.7(b) states, "[a]n employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission…" Labor Code section 226.7(c) states, "[i]f an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law… the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided."

Labor Code section 512(a) states, "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes" and "[a]n employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes."

The "Meal Period" section of the applicable IWC Wage Order states, "[n]o employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee." Furthermore, "[i]f an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

The "Rest Period" section of the applicable IWC Wage Order states, "[e]very employer shall authorize and permit employees to take rest periods, which insofar as practicable shall be in the middle of each work period.  The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof." Furthermore, "[i]f an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

Labor Code section 1198 states, "[t]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

As set forth above, the Companies failed to provide Claimant and other aggrieved employees with the opportunity to take uninterrupted, off-duty meal breaks of at least 30-minutes before the start of their sixth hour of work and did not authorize and permit Claimant and other aggrieved employees to take legally compliant rest breaks, as required by California law.  Consequently, Claimant and other aggrieved employees are entitled to receive one-hour of premium wages for each day a compliant meal break was not provided and one-hour of premium wages for each day a compliant rest period was not authorized or

Exhibit 1 - page 57



permitted. Claimant will pursue all available remedies for the Companies' violations on behalf of himself and other aggrieved current and former employees to the extent allowed by law.

### FAILURE TO PAY MINIMUM, REGULAR, AND OVERTIME WAGES
(Labor Code sections 223, 225.5, 510, 558, 1194, 1194.2, 1197, 1197.1, 1198 and the
"Minimum Wages" and "Hours and Days of Work" sections of the Applicable IWC Wage Order)

Labor Code section 1197 states, "[t]he minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful." Labor Code section 1197.1 provides that, "Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law or by an order of the commission shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Section 203." Section 1198 states, "[t]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

Labor Code section 510 states, "[e]ight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee." The "Hours and Days of Work" sections of the Applicable IWC Wage Order mandate the same requirements.

Labor Code section 1194(a) states, "…any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." Liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon are provided for under Labor Code section 1194.2.

Labor Code section 223 states, "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract." Labor Code section 225.5 provides that, "…every person who unlawfully withholds wages due any employee in violation of Section …223 shall be subject to a civil penalty" of $100 for each initial violation and $200 plus 25% of the amount unlawfully withheld for a subsequent violation.

As set forth above, the Companies failed to pay Claimant and other aggrieved employees all minimum, regular, and overtime wages, as required by law. Claimant will pursue all available remedies for the Companies' violations on behalf of himself and other aggrieved current and former employees to the extent allowed by law.

Exhibit 1 - page 58

August 7, 2017
Page 7



## FAILURE TO PAY TIPS
(Labor Code section 351)

Labor Code section 351 provides in pertinent part, "No employer or agent shall collect, take, or receive any gratuity or a part thereof that is paid, given to, or left for an employee by a patron, or deduct any amount from wages due an employee on account of a gratuity, or require an employee to credit the amount, or any part thereof, of a gratuity against and as a part of the wages due the employee from the employer. Every gratuity is hereby declared to be the sole property of the employee or employees to whom it was paid, given, or left for."

As set forth above, the Companies failed to pay Claimant and other aggrieved employees all tips earned and owed, as required by law. Claimant will pursue all available remedies for the Companies' violations on behalf of himself and other aggrieved current and former employees to the extent allowed by law.

## FAILURE TO REIMBURSE FOR BUSINESS EXPENSES
(Labor Code section 2802)

Labor Code section 2802 provides in pertinent part, "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer."

Labor Code section 2802(b) states, "[a]ll awards made by a court or by the Division of Labor Standards Enforcement for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss." Accordingly, Claimant will request that he receive interest on the applicable amount.

Furthermore, Labor Code section 2802(c) states, "[f]or purposes of this section, the term 'necessary expenditures or losses' shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section." Consequently, Claimant will also request reimbursement of the attorney's fees incurred in pursuing this matter.

As set forth above, the Companies required that Claimant and other aggrieved employees utilize their personal cell phones and their personal vehicles in the discharge of their duties without providing reimbursement. Claimant will pursue all available remedies for the Companies' violations on behalf of himself and other aggrieved current and former employees to the extent allowed by law.

## FAILURE TO MAINTAIN ACCURATE RECORDS
(Labor Code sections 1174, 1174.5, 1198, and the "Records" section of the Applicable IWC Wage Order)

Labor Code section 1174 states, "[e]very person employing labor in this state shall… [k]eep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units

Exhibit 1 - page 59

August 7, 2017
Page 8



GRAHAMHOLLIS
APC

earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments."

The "Records" section of the applicable IWC Wage Order states that every employer shall keep accurate information with respect to each one of its employees, including time records showing when the employee begins and ends each work period, meal period, split shift intervals, total hours worked in the payroll period, and applicable rates of pay.

Labor Code section 1174.5 imposes a civil penalty of $500 for an employer's failure to maintain accurate and complete records. This civil penalty is in addition to the civil penalty of $100 per pay period, per aggrieved employee that would be imposed pursuant to Labor Code section 2699 for a violation of Labor Code section 1174(d).

As set forth above, the Companies violated these requirements by failing to accurately record employee hours worked including, but not limited to, the Companies' failure to record the proper beginning and end of each work period, the meal periods, the total hours worked during the pay period, the applicable rates of pay, and the wages paid. Claimant will pursue all available remedies for the Companies' violations on behalf of himself and other aggrieved current and former employees to the extent allowed by law.

### <u>FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS</u>
(Labor Code sections 226, 226.3, and 1198)

Labor Code section 226(a) states in pertinent part that every employer shall provide an accurate, itemized wage statement in writing with respect to each of its employees showing: "(1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, … (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, …; and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

Labor Code section 226(e) imposes a penalty of the greater of all actual damages or $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of $4,000, and is entitled to an award of costs and reasonable attorney's fees. Labor Code section 226.3 imposes an additional civil penalty on the employer of $250.00 per employee per violation of Labor Code section 226(a) in an initial citation and $1,000 per employee for each violation in a subsequent citation.

As set forth above, the Companies failed to provide Claimant and other aggrieved employees with accurate itemized wage statements that comply with the requirements of the Labor Code because the wage statements issued did not include the correct total regular and overtime hours worked, the correct amount of gross and net wages earned, and all applicable hourly rates and the corresponding number of hours worked at each hourly rate. The wage statements issued by the Companies also did not reflect the hours worked on all types of deliveries, such as Eat24 deliveries, nor did they reflect the correct overtime

Exhibit 1 - page 60

August 7, 2017
Page 9



rate.  Claimant will pursue all available remedies for the Companies' violations on behalf of himself and other aggrieved current and former employees to the extent allowed by law.

### FAILURE TO TIMELY PAY ALL WAGES DUE
(Labor Code sections 201, 202, 203, 204, 210, 1194, 1194.2, 1198, and the
"Minimum Wages" section of the Applicable IWC Wage Order)

Labor Code section 204(a) states in pertinent part, "[a]ll wages...earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays." Furthermore, Labor Code section 204(b)(1) states, "all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period."  Labor Code section 210 provides that, "every person who fails to pay the wages of an employee as provided in Section...204...shall be subject to a civil penalty" of $100 for an initial violation and $200 plus 25% of the amount unlawfully withheld for a subsequent violation.  The "Minimum Wages" section of the applicable IWC Wage Order also states that "[e]very employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission, or otherwise."

Labor Code section 201 states, in pertinent part, "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."  Labor Code section 202 states, in pertinent part, "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

Labor Code section 203(a) states, in pertinent part, "[i]f an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days."

As set forth above, the Companies violated these Labor Code sections by not paying to Claimant and other aggrieved employees all minimum, regular, and overtime wages, and meal and rest break premium wages, within the required time during and upon separation of their employment. As a result of the Companies' failure to comply with the aforementioned Labor Code provisions, the Companies owe waiting time penalties to Claimant and other aggrieved employees, which they have not yet paid. Claimant will pursue all available remedies for the Companies' violations on behalf of himself and other aggrieved current and former employees to the extent allowed by law.

### CIVIL PENALTIES FOR VIOLATION OF THE LABOR CODE AND IWC WAGE ORDERS
(Labor Code sections 558 and 1197.1)

Labor Code section 558 subjects any employer who violates Part 2, Chapter 1, of the Labor Code (Labor Code §§ 500-558) or any provision regulating the hours and days of work in any IWC Wage Order

Exhibit 1 - page 61

August 7, 2017
Page 10



to a civil penalty as follows: "[f]or any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. For each subsequent violation, one hundred ($100) for each underpaid employee for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages."

Similarly, Labor Code section 1197.1 subjects any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Section 203 as follows: "(1) For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203. (2) For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203. (3) Wages, liquidated damages, and any applicable penalties imposed pursuant to Section 203, recovered pursuant to this section shall be paid to the affected employee."

As set forth above, the Companies underpaid Claimant and aggrieved employees by failing to pay them all regular, minimum, and overtime wages, and meal and rest break premium wages, as required under Labor Code sections 226.7, 510, 512, 1194, 1197, 1198, and the applicable sections of the applicable IWC Wage Order. As a result, the Companies are liable for civil penalties under Labor Code sections 558 and 1197.1. Claimant will pursue all available remedies for the Companies' violations on behalf of himself and other aggrieved current and former employees to the extent allowed by law.

### ATTORNEY'S FEES, COSTS, INTEREST, LIQUIDATED DAMAGES AND PENALTIES
(Labor Code sections 210, 218.5, 218.6, 225.5, 226(e),
558, 1194, 1194.2, 1197.1, 2802, and 2699, *et seq.*)

Labor Code sections 210, 218.5, 218.6, 225.5, 226(e), 558, 1194, 1194.2, 1197.1, 2802, and 2699, *et seq.*, among others, give employees the right to recover in a civil action the unpaid balance of the full amount of minimum wages, regular wages, overtime compensation, reimbursements, damages, liquidated damages and penalties, including interest thereon, as well as reasonable attorney's fees and costs.

Pursuant to Labor Code section 2699, *et seq.*, an aggrieved employee is entitled to collect 25% of the penalty assessment and 100% of the underpaid wages. Accordingly, the Companies are liable for these items in addition to the unpaid wages and reimbursements. Claimant has already incurred actual damages, costs and attorney's fees and he will continue to incur costs as a result of the Companies' unlawful actions. Claimant will pursue all available remedies, including those provided by PAGA, for these violations on behalf of himself and other aggrieved employees.

Exhibit 1 - page 62

August 7, 2017
Page 11



## <u>CONCLUSION</u>

The facts and claims contained herein are based on the information available at the time of this writing. Therefore, if through discovery and/or expert review, Claimant becomes aware of additional compensation owed to him or other losses incurred by him or by any other aggrieved employee of the Companies, he reserves the right to revise these facts and/or add any new claims by amending the claim letter or by adding applicable causes of action in his complaint.

Sincerely,

Nicole R. Roysdon

Exhibit 1 - page 63



**UNITED STATES**
**POSTAL SERVICE.**

Date: August 10, 2017

Reference  34667 00001 RES:

The following is in response to your August 10, 2017 request for delivery information on
your Certified Mail™/RRE item number 9414810200793479957344.  The delivery record
shows that this item was delivered on August 9, 2017 at 10:34 am in SACRAMENTO,
CA  95813. The scanned image of the recipient information is provided below.

Signature of Recipient :



Address of Recipient :



Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal
representative.

Sincerely,
United States Postal Service

Exhibit 1 - page 64

**UNITED STATES
POSTAL SERVICE**

Date: August 10, 2017

Reference  34667 00001 RES:

The following is in response to your August 10, 2017 request for delivery information on
your Certified Mail™/RRE item number 9414810200793479946577.  The delivery record
shows that this item was delivered on August 9, 2017 at 9:14 am in PASADENA, CA
91105. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal
representative.

Sincerely,
United States Postal Service

Exhibit 1 - page 65


**UNITED STATES
POSTAL SERVICE**

Date: August 11, 2017

Reference  34667 00001 RES:

The following is in response to your August 11, 2017 request for delivery information on
your Certified Mail™/RRE item number 9414810200828480408667.  The delivery record
shows that this item was delivered on August 10, 2017 at 9:02 am in SEATTLE, WA
98107. The scanned image of the recipient information is provided below.

Signature of Recipient :



Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal
representative.

Sincerely,
United States Postal Service

Exhibit 1 - page 66

# UNITED STATES
## POSTAL SERVICE

Date: August 11, 2017

Reference  34667 00001 RES:

The following is in response to your August 11, 2017 request for delivery information on your Certified Mail™/RRE item number 9414810200829480235017.  The delivery record shows that this item was delivered on August 10, 2017 at 9:02 am in SEATTLE, WA 98107. The scanned image of the recipient information is provided below.

Signature of Recipient :



Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

Exhibit 1 - page 67

**UNITED STATES**
**POSTAL SERVICE**.

Date: August 15, 2017

Reference  34667 00001 RES:

The following is in response to your August 15, 2017 request for delivery information on your Certified Mail™/RRE item number 9414810200829480230302.  The delivery record shows that this item was delivered on August 14, 2017 at 9:24 am in SAN MARINO, CA 91108. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

Exhibit 1 - page 68

**UNITED STATES**
**POSTAL SERVICE**

Date: August 19, 2017

Reference  34667 00001 RES:

The following is in response to your August 19, 2017 request for delivery information on your Certified Mail™/RRE item number 9414810200829488868705.  The delivery record shows that this item was delivered on August 18, 2017 at 9:01 am in PASADENA, CA 91105. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

Exhibit 1 - page 69

**UNITED STATES**
**POSTAL SERVICE**₀

Date: August 19, 2017

Reference  34667 00001 RES:

The following is in response to your August 19, 2017 request for delivery information on your Certified Mail™/RRE item number 9414810200883540181874.  The delivery record shows that this item was delivered on August 18, 2017 at 9:01 am in PASADENA, CA 91105. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

Exhibit 1 - page 70

**UNITED STATES**
**POSTAL SERVICE**

Date: August 17, 2017

Reference  34667 00001 RES:

The following is in response to your August 17, 2017 request for delivery information on your Certified Mail™/RRE item number 9414810200793480020846.  The delivery record shows that this item was delivered on August 15, 2017 at 11:09 am in BILLINGS, MT 59101. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

Exhibit 1 - page 71


**UNITED STATES**
**POSTAL SERVICE**

Date: August 19, 2017

Reference  34667 00001 RES:

The following is in response to your August 19, 2017 request for delivery information on your Certified Mail™/RRE item number 9414810200881488888930.  The delivery record shows that this item was delivered on August 18, 2017 at 10:51 am in SACRAMENTO, CA  95813. The scanned image of the recipient information is provided below.

Signature of Recipient :



William Jacobs

Address of Recipient :

2710 Gateway Oaks #15

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

Exhibit 1 - page 72

**UNITED STATES**
**POSTAL SERVICE**₀

Date: August 19, 2017

Reference  34667 00001 RES:

The following is in response to your August 19, 2017 request for delivery information on
your Certified Mail™/RRE item number 9414810200830659193533.  The delivery record
shows that this item was delivered on August 18, 2017 at 10:51 am in SACRAMENTO,
CA  95813. The scanned image of the recipient information is provided below.

Signature of Recipient :



William Jacobs

Address of Recipient :

2710 Gateway Oaks # 15

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal
representative.

Sincerely,
United States Postal Service

Exhibit 1 - page 73



**UNITED STATES POSTAL SERVICE**

Date: August 19, 2017

Reference  34667 00001 RES:

The following is in response to your August 19, 2017 request for delivery information on your Certified Mail™/RRE item number 9414810200828489008790.  The delivery record shows that this item was delivered on August 18, 2017 at 9:01 am in PASADENA, CA 91105. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

Exhibit 1 - page 74

**Rachel Bray**

| | |
|---|---|
| **From:** | noreply@salesforce.com on behalf of LWDA DO NOT REPLY <lwdadonotreply@dir.ca.gov> |
| **Sent:** | Monday, August 07, 2017 11:23 AM |
| **To:** | Rachel Smith |
| **Subject:** | Thank you for submission of your PAGA Case. |

8/7/2017

LWDA Case No. LWDA-CM-320543-17

Item submitted: Initial PAGA Notice

Thank you for your submission to the Labor and Workforce Development Agency. Please make a note of the LWDA Case No. above as you may need this number for future reference when filing any subsequent documents for this Case.

If you have questions or concerns regarding this submission or your case, please send an email to pagainfo@dir.ca.gov.

DIR PAGA Unit on behalf of
Labor and Workforce Development Agency

Website: http://labor.ca.gov/Private_Attorneys_General_Act.htm

Exhibit 1 - page 75

# EXHIBIT C

Exhibit 1 - page 76

**GRAHAM·HOLLIS**
APC

August 15, 2017

Attorneys at Law

3555 Fifth Avenue Suite 200
San Diego, California 92103
619.692.0800 voice
619.692.0822 fax

www.grahamhollis.com

Nicole R. Roysdon
nroysdon@grahamhollis.com
619.546.4309 direct

**VIA ELECTRONIC FILING**

California Labor and Workforce Development
Agency
Attn: PAGA Administrator
1515 Clay Street, Suite 801
Oakland, CA 94612
PAGA Filing Submitted Online

**CERTIFIED MAIL (RETURN RECEIPT)**

| | |
|---|---|
| Scoobeez, Inc.<br>396 S. Pasadena Avenue<br>Pasadena, CA 91105 | Scott A. Sheikh, Esq.<br>Agent for Service of Process for<br>Scoobeez, Inc.<br>396 S. Pasadena Avenue<br>Pasadena, CA 91105 |
| ABT Holdings, Inc.<br>dba ABT Global, Inc.<br>c/o Shahan Ohanessian<br>396 S. Pasadena Avenue<br>Pasadena, CA 91105 | Scoobeez Global, Inc.<br>c/o Shahan Ohanessian<br>396 S. Pasadena Avenue<br>Pasadena, CA 91105 |
| Amazon Logistics, Inc.<br>410 Terry Avenue North<br>Seattle, WA 98109 | Corporation Service Company dba<br>CSC - Lawyers Incorporating Service<br>Agent for Service of Process for<br>Amazon Logistics, Inc.<br>2710 Gateway Oaks Drive, Suite 150N<br>Sacramento, CA 95833 |
| Amazon.com, Inc.<br>410 Terry Avenue North<br>Seattle, WA 98109 | Corporation Service Company dba<br>CSC - Lawyers Incorporating Service<br>Agent for Service of Process for<br>Amazon.com, Inc.<br>2710 Gateway Oaks Drive, Suite 150N<br>Sacramento, CA 95833 |
| Avitus, Inc.<br>P.O. Box 2506<br>Billings, MT 59103 | Corporation Service Company dba<br>CSC - Lawyers Incorporating Service<br>Agent for Service of Process for<br>Avitus, Inc.<br>2710 Gateway Oaks Drive, suite 150N<br>Sacramento, CA 95833 |

Graham S.P. Hollis

Vilmarie Cordero

Nicole R. Roysdon

Geoff D. La Val

Paloma Acosta

Caroline G. Massey

Rita Leong

San Diego      Temecula      Orange County      Los Angeles      Sacramento      San Francisco

Exhibit 1 - page 77

August 15, 2017
Page 2


GRAHAMHOLLIS
APC

Re:    **LWDA Case No. LWDA-CM-320543-17**
       **Unta Key's Wage and Hour Claims Against Scoobeez, Inc., ABT Holdings, Inc.,**
       **Scoobeez Global, Inc., Amazon.com, Inc., Amazon Logistics, Inc., and Avitus,**
       **Inc.**

Dear Labor and Workforce Development Agency, Scoobeez, Inc., ABT Holdings, Inc., Scoobeez Global, Inc., Amazon.com, Inc., Amazon Logistics, Inc., and Avitus, Inc.:

This letter shall serve as an amendment regarding the wage and hour and penalties claim of Unta Key (the "Claimant") against his former employers, Scoobeez, Inc., ABT Holdings, Inc., Amazon.com, Inc., Amazon Logistics, Inc., and Avitus, Inc. (collectively, "the Companies") in accordance with the Labor Code Private Attorneys General Act ("PAGA"), Labor Code sections 2698, *et seq*.

Claimant electronically filed the initial notification with the Labor and Workforce Development Agency ("LWDA") and sent the initial notification via Certified Mail to his former employers on August 7, 2017, which is enclosed for reference. Since the date of the original letter, Claimant has become aware of new information and amends the original letter to add the following:

## ADDITIONAL ENTITY

Claimant amends his original claim letter to include Scoobeez Global, Inc., which is one of his former employers and is liable for the violations of the California Labor Code and applicable Industrial Welfare Commission Wage Order ("IWC Wage Order"), as set forth in Claimant's original LWDA letter served on August 7, 2017, and enclosed herewith. Since providing the initial notification to the LWDA and the Companies, Plaintiff has learned that one of the Companies, ABT Holdings, Inc., has changed its name to Scoobeez Global, Inc. For the same reasons and based upon the same facts and theories that Claimant set forth in the initial notification, dated August 7, 2017, with respect to the Companies, including ABT Holdings, Inc., Scoobeez Global, Inc. denied Claimant and other aggrieved employees in California specific rights afforded to them under the California Labor Code and the applicable IWC Wage Order. For example, the Companies, including Scoobeez Global, Inc., failed to provide them with legally compliant meal and rest breaks or pay them meal and rest break premiums, failed to timely pay Claimant and other aggrieved employees all minimum, regular, and overtime wages owed, failed to pay them all tips owed, failed to reimburse them for all business expenses, failed to maintain accurate records and issue accurate itemized wage statements, and failed to timely pay all wages due during and upon separation of employment.

Thus, Claimant hereby sends Scoobeez Global, Inc. notice via Certified Mail of his wage and hour and penalties claims in accordance with the Labor Code Private Attorneys General Act (Labor Code sections 2699, 2699.3, 2699.5). Claimant makes these claims against Scoobeez Global, Inc. for himself and on behalf of all aggrieved employees within the statutory period. Claimant will seek all available remedies including those provided by PAGA for the violations set forth in his original LWDA letter served on August 7, 2017, on behalf of himself and other aggrieved employees in California.

Exhibit 1 - page 78

August 15, 2017
Page 3



GRAHAM·HOLLIS
APC

## CONCLUSION

The facts and claims contained herein are based on the information presently available at the time of this writing. Therefore, if through discovery and investigation, Claimant becomes aware of additional claims, he reserves the right to revise these facts and/or add any new claims by amending the claim letter or by adding applicable causes of action in his complaint. In addition, if through discovery and investigation, Claimant becomes aware of additional entities and/or individuals who may be liable for the claims set forth herein and in the original claim letter from August 7, 2017, Claimant reserves the right to add any additional entities and/or individuals by amending the claim letter or by adding the additional entities and/or individuals in his complaint.

Sincerely,

Nicole R. Roysdon

Encl.

Exhibit 1 - page 79

**GRAHAM·HOLLIS**
APC

August 7, 2017

Attorneys at Law

3555 Fifth Avenue Suite 200
San Diego, California 92103
619.692.0800 voice
619.692.0822 fax

www.grahamhollis.com

Nicole R. Roysdon
nroysdon@grahamhollis.com
619.546.4309 direct

**VIA ELECTRONIC FILING**

California Labor and Workforce Development
Agency
Attn: PAGA Administrator
1515 Clay Street, Suite 801
Oakland, CA 94612
PAGA Filing Submitted Online

**CERTIFIED MAIL (RETURN RECEIPT)**

| | |
|---|---|
| Scoobeez, Inc.<br>396 S. Pasadena Avenue<br>Pasadena, CA 91105 | Scott A. Sheikh, Esq.<br>Agent for Service of Process for<br>Scoobeez, Inc.<br>396 S. Pasadena Avenue<br>Pasadena, CA 91105 |
| ABT Holdings, Inc.<br>dba ABT Global, Inc.<br>396 S. Pasadena Avenue<br>Pasadena, CA 91105 | Imran Firoz<br>Agent for Service of Process for ABT<br>Holdings, Inc. dba ABT Global, Inc.<br>301 Simplicity<br>Irvine, CA 92620 |
| Amazon Logistics, Inc.<br>410 Terry Avenue North<br>Seattle, WA 98109 | Corporation Service Company dba<br>CSC - Lawyers Incorporating Service<br>Agent for Service of Process for<br>Amazon Logistics, Inc.<br>2710 Gateway Oaks Drive, Suite 150N<br>Sacramento, CA 95833 |
| Amazon.com, Inc.<br>410 Terry Avenue North<br>Seattle, WA 98109 | Corporation Service Company dba<br>CSC - Lawyers Incorporating Service<br>Agent for Service of Process for<br>Amazon.com, Inc.<br>2710 Gateway Oaks Drive, Suite 150N<br>Sacramento, CA 95833 |
| Avitus, Inc.<br>P.O. Box 2506<br>Billings, MT 59103 | Corporation Service Company dba<br>CSC - Lawyers Incorporating Service<br>Agent for Service of Process for<br>Avitus, Inc.<br>2710 Gateway Oaks Drive, suite 150N<br>Sacramento, CA 95833 |

Graham S.P. Hollis

Vilmarie Cordero

Nicole R. Roysdon

Geoff D. La Val

Paloma Acosta

Caroline G. Massey

Rita Leong

San Diego        Temecula        Orange County        Los Angeles        Sacramento        San Francisco

Exhibit 1 - page 80

August 7, 2017
Page 2



**Re:    Unta Key's Wage and Hour Claims Against Scoobeez, Inc., ABT Holdings, Inc.,
Amazon.com, Inc., Amazon Logistics, Inc., and Avitus, Inc.**

Dear Labor and Workforce Development Agency, Scoobeez, Inc., ABT Holdings, Inc., Amazon.com, Inc., Amazon Logistics, Inc., and Avitus, Inc.:

Please be advised that Unta Key ("Claimant") has retained our firm to represent him for claims against his former employers Scoobeez, Inc., ABT Holdings, Inc., Amazon.com, Inc., Amazon Logistics, Inc., and Avitus, Inc. (collectively, "the Companies").

This letter shall serve as Claimant's written notice to the Labor and Workforce Development Agency ("LWDA") and the Companies of the alleged Labor Code violations Claimant claims that the Companies committed against him and all other aggrieved employees in California. Claimant provides this notice in accordance with the Labor Code Private Attorneys General Act of 2004 ("PAGA"), Labor Code § 2699.3. Claimant desires to file a civil action to enforce his rights under the Labor Code and seek compensation accordingly.

Pursuant to Labor Code § 2699(a), and by way of this letter, Claimant also intends to represent all other current and former aggrieved employees who performed work for the Companies in California and who have suffered at least one of the wage and hour violations described herein during their employment.

## FACTUAL BACKGROUND

Scoobeez, Inc. is a courier company owned and operated by ABT Holdings, Inc. (collectively, "Scoobeez"), which are both located in Pasadena, California. Amazon Logistics, Inc., which is owned and operated by Amazon.com, Inc. (collectively, "Amazon"), contracted with Scoobeez to provide Amazon's "Prime Now" delivery services, which guarantees delivery of grocery and household items within two hours. Avitus, Inc. ("Avitus") is a Professional Employer Organization ("PEO") that provides services for companies, including but not limited to, payroll, bookkeeping, human resources, insurance, recruiting, training, and marketing. Pursuant to an agreement between Scoobeez and Avitus, Avitus is a co-employer of Claimant and other aggrieved employees and shares employment responsibilities with Scoobeez.

The Companies employed Claimant from approximately February 2017 to June 2017 to provide Amazon's "Prime Now" delivery services in San Diego County. Claimant worked as a non-exempt employee and was compensated on an hourly basis at all relevant times. Claimant worked as a delivery driver and typically worked around six to eight hours a day and six to seven days a week. Claimant was required to wear an Amazon Prime polo shirt when making "Prime Now" deliveries.

Claimant utilized Amazon's App for instructions on where to pick up the "Prime Now" orders, where to deliver them, his itinerary or the order in which he was to make the deliveries, and any customer requirements for the delivery. Claimant reported to Amazon's warehouse on Kurtz Street, the Sprouts stores in Lemon Grove and La Jolla, and Bristol Farms in La Jolla to pick up his deliveries. After picking up his deliveries, Claimant was required to deliver them all within a two-hour window. Amazon would

Exhibit 1 - page 81



contact Claimant throughout the day to check the status of his deliveries and to ensure they were delivered on time. Claimant also delivered hot food through Eat24 and flowers through Allen's Flowers.

The Companies denied Claimant and other aggrieved employees in California specific rights afforded to them under the California Labor Code and the applicable Industrial Welfare Commission Wage Order ("IWC Wage Order"). For example, the Companies failed to provide them with legally compliant meal and rest breaks or pay them meal and rest break premiums, failed to timely pay Claimant and other aggrieved employees all minimum, regular, and overtime wages owed, failed to pay them all tips owed, failed to reimburse them for all business expenses, failed to maintain accurate records and issue accurate itemized wage statements, and failed to timely pay all wages due during and upon separation of employment.

For example, during his employment, the Companies did not provide Claimant and other aggrieved employees the opportunity to take compliant 30-minute, off-duty meal periods. Although the nature of Claimant's work did not require him to take on-duty meal breaks, the Companies' delivery requirements made it so he could not be relieved of all duties. The Companies required Claimant and other aggrieved employees to make all their deliveries within a two-hour window. Claimant and other aggrieved employees were then required to return straight to the store to pick up the next set of deliveries. Due to his workload and the Companies' two-hour delivery requirement, Claimant was required to work through his meal breaks, take an untimely meal break, or take a meal break that was less than thirty minutes long. For these same reasons, the Companies also did not authorize or permit Claimant and other aggrieved employees to take legally compliant rest breaks. Despite the fact that Claimant and other aggrieved employees did not receive legally compliant rest breaks and received meal periods that were late, short, or "on-duty," the Companies did not provide adequate compensation, nor did the Companies provide any premium wages for these missed breaks, as required by law.

Even though Claimant and other aggrieved employees were required to work through their meal periods, the Companies did not count this time as hours worked and improperly deducted 30 minutes from their daily wages. Specifically, when Claimant and other aggrieved employees were not able to take and, thus, did not record, a 30-minute meal period before the end of the fifth hour of work, the Companies would require Claimant and other aggrieved employees to clock out for a 30-minute meal break even if they were still making deliveries. If Claimant and other aggrieved employees did not clock out, the Companies would call them to tell them they needed to clock out for a 30-minute meal break. As a result, Claimant and other aggrieved employees did not receive the statutory minimum wage for all time suffered or permitted to work because they were not properly compensated at their regular rate of pay, nor did they receive proper overtime compensation for all hours worked after the eighth hour in a workday and forty hours in a workweek.

Furthermore, Claimant and other aggrieved employees were not paid all minimum, regular, and overtime wages because the Companies failed to pay them for various tasks that they performed while they were off-duty. The Companies required Claimant and other aggrieved employees to check the "When I Work" App on a daily basis to find out when they were scheduled to work. The Companies would also text Claimant and other aggrieved employees after work hours regarding their schedule or available shifts. Despite the fact that all time spent performing these duties was compensable work hours and the Companies were required to compensate Claimant and other aggrieved employees accordingly,

Exhibit 1 - page 82

August 7, 2017
Page 4



the Companies did not count this time as hours worked and provided no remuneration. The Companies also failed to pay Claimant and other aggrieved employees for all their overtime wages because the Companies failed to include flat amounts earned for certain deliveries, such as Eat24, in the regular rate of pay for purposes of calculating overtime.

The Companies failed to pay Claimant and other aggrieved employees for all of their tips. For example, Claimant was not paid any tips for his deliveries for the first two pay periods. Thereafter, although Claimant was paid some amount for tips, the Companies do not provide a summary or itemized report of these tips so therefore Claimant and other aggrieved employees are unable to verify whether they have received the tips left for them by customers in full or in part.

The Companies also failed to reimburse Claimant and other aggrieved employees for all necessary expenses that were incurred in the discharge of their job duties. For example, Claimant and other aggrieved employees were required to use their personal cell phones to access the "When I Work" and Amazon Apps and respond to calls and text messages during their scheduled shift hours, as well as when they were off-duty. Not only was this time not properly compensated as hours worked, but Claimant and other aggrieved employees did not receive any reimbursement for the use of their personal cell phones, as required by California law. In addition, Claimant and other aggrieved employees were required to use their personal vehicles to drop off or pick up merchandise, but they were not reimbursed for their mileage as required by law. Instead, they were only paid $3.00 per hour for their mileage, rather than at the IRS rate or based upon actual gasoline and maintenance expenses.

As a direct result of the Companies' illegal policies and procedures, the Companies failed to maintain accurate records reflecting all of Claimant's and other aggrieved employees' time worked and wages paid, in violation of California law. In addition, the wage statements issued by the Companies did not include the correct total regular and overtime hours worked, the correct amount of gross and net wages earned, and all applicable hourly rates and the corresponding number of hours worked at each hourly rate, as required under Labor Code section 226. The wage statements issued by the Companies also did not reflect the hours worked on all types of deliveries, such as Eat24 deliveries, nor did they reflect the correct overtime rate.

Lastly, and as a direct result of the aforementioned Labor Code violations, the Companies did not pay Claimant and all aggrieved employees all wages due and payable during and upon separation of employment, including minimum, regular, and overtimes wages for all hours worked, and meal and rest period premium wages, as required pursuant to Labor Code sections 201, 202 and 204.

Due to the foregoing Labor Code violations, the Companies denied Claimant and other aggrieved employees certain rights afforded them under the California Labor Code and IWC Wage Orders. Claimant makes these claims against the Companies on behalf of himself and all other aggrieved current and former employees of the Companies in California.

Exhibit 1 - page 83



## FAILURE TO PROVIDE COMPLIANT MEAL PERIODS AND AUTHORIZE AND PERMIT REST PERIODS
### (Labor Code sections 226.7, 512, 558, 1198 and the "Meal Periods" and "Rest Periods" sections of the Applicable IWC Wage Order)

Labor Code section 226.7(b) states, "[a]n employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission…" Labor Code section 226.7(c) states, "[i]f an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law… the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided."

Labor Code section 512(a) states, "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes" and "[a]n employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes."

The "Meal Period" section of the applicable IWC Wage Order states, "[n]o employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee." Furthermore, "[i]f an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

The "Rest Period" section of the applicable IWC Wage Order states, "[e]very employer shall authorize and permit employees to take rest periods, which insofar as practicable shall be in the middle of each work period.  The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof."  Furthermore, "[i]f an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

Labor Code section 1198 states, "[t]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

As set forth above, the Companies failed to provide Claimant and other aggrieved employees with the opportunity to take uninterrupted, off-duty meal breaks of at least 30-minutes before the start of their sixth hour of work and did not authorize and permit Claimant and other aggrieved employees to take legally compliant rest breaks, as required by California law.  Consequently, Claimant and other aggrieved employees are entitled to receive one-hour of premium wages for each day a compliant meal break was not provided and one-hour of premium wages for each day a compliant rest period was not authorized or

Exhibit 1 - page 84

August 7, 2017
Page 6



permitted.  Claimant will pursue all available remedies for the Companies' violations on behalf of himself and other aggrieved current and former employees to the extent allowed by law.

## FAILURE TO PAY MINIMUM, REGULAR, AND OVERTIME WAGES
(Labor Code sections 223, 225.5, 510, 558, 1194, 1194.2, 1197, 1197.1, 1198 and the
"Minimum Wages" and "Hours and Days of Work" sections of the Applicable IWC Wage Order)

Labor Code section 1197 states, "[t]he minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."  Labor Code section 1197.1 provides that, "Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law or by an order of the commission shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Section 203."  Section 1198 states, "[t]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

Labor Code section 510 states, "[e]ight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."  The "Hours and Days of Work" sections of the Applicable IWC Wage Order mandate the same requirements.

Labor Code section 1194(a) states, "...any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."  Liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon are provided for under Labor Code section 1194.2.

Labor Code section 223 states, "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."  Labor Code section 225.5 provides that, "...every person who unlawfully withholds wages due any employee in violation of Section ...223 shall be subject to a civil penalty" of $100 for each initial violation and $200 plus 25% of the amount unlawfully withheld for a subsequent violation.

As set forth above, the Companies failed to pay Claimant and other aggrieved employees all minimum, regular, and overtime wages, as required by law.  Claimant will pursue all available remedies for the Companies' violations on behalf of himself and other aggrieved current and former employees to the extent allowed by law.

Exhibit 1 - page 85



## FAILURE TO PAY TIPS
### (Labor Code section 351)

Labor Code section 351 provides in pertinent part, "No employer or agent shall collect, take, or receive any gratuity or a part thereof that is paid, given to, or left for an employee by a patron, or deduct any amount from wages due an employee on account of a gratuity, or require an employee to credit the amount, or any part thereof, of a gratuity against and as a part of the wages due the employee from the employer. Every gratuity is hereby declared to be the sole property of the employee or employees to whom it was paid, given, or left for."

As set forth above, the Companies failed to pay Claimant and other aggrieved employees all tips earned and owed, as required by law.  Claimant will pursue all available remedies for the Companies' violations on behalf of himself and other aggrieved current and former employees to the extent allowed by law.

## FAILURE TO REIMBURSE FOR BUSINESS EXPENSES
### (Labor Code section 2802)

Labor Code section 2802 provides in pertinent part, "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer."

Labor Code section 2802(b) states, "[a]ll awards made by a court or by the Division of Labor Standards Enforcement for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss." Accordingly, Claimant will request that he receive interest on the applicable amount.

Furthermore, Labor Code section 2802(c) states, "[f]or purposes of this section, the term 'necessary expenditures or losses' shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section." Consequently, Claimant will also request reimbursement of the attorney's fees incurred in pursuing this matter.

As set forth above, the Companies required that Claimant and other aggrieved employees utilize their personal cell phones and their personal vehicles in the discharge of their duties without providing reimbursement. Claimant will pursue all available remedies for the Companies' violations on behalf of himself and other aggrieved current and former employees to the extent allowed by law.

## FAILURE TO MAINTAIN ACCURATE RECORDS
(Labor Code sections 1174, 1174.5, 1198, and the "Records" section of the Applicable IWC Wage Order)

Labor Code section 1174 states, "[e]very person employing labor in this state shall… [k]eep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units

Exhibit 1 - page 86

August 7, 2017
Page 8



earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments."

The "Records" section of the applicable IWC Wage Order states that every employer shall keep accurate information with respect to each one of its employees, including time records showing when the employee begins and ends each work period, meal period, split shift intervals, total hours worked in the payroll period, and applicable rates of pay.

Labor Code section 1174.5 imposes a civil penalty of $500 for an employer's failure to maintain accurate and complete records. This civil penalty is in addition to the civil penalty of $100 per pay period, per aggrieved employee that would be imposed pursuant to Labor Code section 2699 for a violation of Labor Code section 1174(d).

As set forth above, the Companies violated these requirements by failing to accurately record employee hours worked including, but not limited to, the Companies' failure to record the proper beginning and end of each work period, the meal periods, the total hours worked during the pay period, the applicable rates of pay, and the wages paid. Claimant will pursue all available remedies for the Companies' violations on behalf of himself and other aggrieved current and former employees to the extent allowed by law.

## FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS
### (Labor Code sections 226, 226.3, and 1198)

Labor Code section 226(a) states in pertinent part that every employer shall provide an accurate, itemized wage statement in writing with respect to each of its employees showing: "(1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, … (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, …; and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

Labor Code section 226(e) imposes a penalty of the greater of all actual damages or $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of $4,000, and is entitled to an award of costs and reasonable attorney's fees. Labor Code section 226.3 imposes an additional civil penalty on the employer of $250.00 per employee per violation of Labor Code section 226(a) in an initial citation and $1,000 per employee for each violation in a subsequent citation.

As set forth above, the Companies failed to provide Claimant and other aggrieved employees with accurate itemized wage statements that comply with the requirements of the Labor Code because the wage statements issued did not include the correct total regular and overtime hours worked, the correct amount of gross and net wages earned, and all applicable hourly rates and the corresponding number of hours worked at each hourly rate. The wage statements issued by the Companies also did not reflect the hours worked on all types of deliveries, such as Eat24 deliveries, nor did they reflect the correct overtime

Exhibit 1 - page 87



rate.  Claimant will pursue all available remedies for the Companies' violations on behalf of himself and other aggrieved current and former employees to the extent allowed by law.

<div align="center">

**FAILURE TO TIMELY PAY ALL WAGES DUE**
(Labor Code sections 201, 202, 203, 204, 210, 1194, 1194.2, 1198, and the
"Minimum Wages" section of the Applicable IWC Wage Order)

</div>

Labor Code section 204(a) states in pertinent part, "[a]ll wages…earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays." Furthermore, Labor Code section 204(b)(1) states, "all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period."  Labor Code section 210 provides that, "every person who fails to pay the wages of an employee as provided in Section…204…shall be subject to a civil penalty" of $100 for an initial violation and $200 plus 25% of the amount unlawfully withheld for a subsequent violation.  The "Minimum Wages" section of the applicable IWC Wage Order also states that "[e]very employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission, or otherwise."

Labor Code section 201 states, in pertinent part, "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."  Labor Code section 202 states, in pertinent part, "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

Labor Code section 203(a) states, in pertinent part, "[i]f an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days."

As set forth above, the Companies violated these Labor Code sections by not paying to Claimant and other aggrieved employees all minimum, regular, and overtime wages, and meal and rest break premium wages, within the required time during and upon separation of their employment. As a result of the Companies' failure to comply with the aforementioned Labor Code provisions, the Companies owe waiting time penalties to Claimant and other aggrieved employees, which they have not yet paid. Claimant will pursue all available remedies for the Companies' violations on behalf of himself and other aggrieved current and former employees to the extent allowed by law.

<div align="center">

**CIVIL PENALTIES FOR VIOLATION OF THE LABOR CODE AND IWC WAGE ORDERS**
(Labor Code sections 558 and 1197.1)

</div>

Labor Code section 558 subjects any employer who violates Part 2, Chapter 1, of the Labor Code (Labor Code §§ 500-558) or any provision regulating the hours and days of work in any IWC Wage Order

Exhibit 1 - page 88

August 7, 2017
Page 10



to a civil penalty as follows: "[f]or any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. For each subsequent violation, one hundred ($100) for each underpaid employee for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages."

Similarly, Labor Code section 1197.1 subjects any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Section 203 as follows: "(1) For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203. (2) For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203. (3) Wages, liquidated damages, and any applicable penalties imposed pursuant to Section 203, recovered pursuant to this section shall be paid to the affected employee."

As set forth above, the Companies underpaid Claimant and aggrieved employees by failing to pay them all regular, minimum, and overtime wages, and meal and rest break premium wages, as required under Labor Code sections 226.7, 510, 512, 1194, 1197, 1198, and the applicable sections of the applicable IWC Wage Order. As a result, the Companies are liable for civil penalties under Labor Code sections 558 and 1197.1. Claimant will pursue all available remedies for the Companies' violations on behalf of himself and other aggrieved current and former employees to the extent allowed by law.

## ATTORNEY'S FEES, COSTS, INTEREST, LIQUIDATED DAMAGES AND PENALTIES
### (Labor Code sections 210, 218.5, 218.6, 225.5, 226(e),
### 558, 1194, 1194.2, 1197.1, 2802, and 2699, *et seq.*)

Labor Code sections 210, 218.5, 218.6, 225.5, 226(e), 558, 1194, 1194.2, 1197.1, 2802, and 2699, *et seq.*, among others, give employees the right to recover in a civil action the unpaid balance of the full amount of minimum wages, regular wages, overtime compensation, reimbursements, damages, liquidated damages and penalties, including interest thereon, as well as reasonable attorney's fees and costs.

Pursuant to Labor Code section 2699, *et seq.*, an aggrieved employee is entitled to collect 25% of the penalty assessment and 100% of the underpaid wages. Accordingly, the Companies are liable for these items in addition to the unpaid wages and reimbursements. Claimant has already incurred actual damages, costs and attorney's fees and he will continue to incur costs as a result of the Companies' unlawful actions. Claimant will pursue all available remedies, including those provided by PAGA, for these violations on behalf of himself and other aggrieved employees.

Exhibit 1 - page 89

August 7, 2017
Page 11



GRAHAM HOLLIS
APC

## CONCLUSION

The facts and claims contained herein are based on the information available at the time of this writing. Therefore, if through discovery and/or expert review, Claimant becomes aware of additional compensation owed to him or other losses incurred by him or by any other aggrieved employee of the Companies, he reserves the right to revise these facts and/or add any new claims by amending the claim letter or by adding applicable causes of action in his complaint.

Sincerely,

Nicole R. Roysdon

Exhibit 1 - page 90


**UNITED STATES**
**POSTAL SERVICE**

Date: August 19, 2017

Reference  34667 00001 RES:

The following is in response to your August 19, 2017 request for delivery information on your Certified Mail™/RRE item number 9414810200828489008790.  The delivery record shows that this item was delivered on August 18, 2017 at 9:01 am in PASADENA, CA 91105. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

Exhibit 1 - page 91

**UNITED STATES**
**POSTAL SERVICE**

Date: August 19, 2017

Reference  34667 00001 RES:

The following is in response to your August 19, 2017 request for delivery information on your Certified Mail™/RRE item number 9414810200883540181874.  The delivery record shows that this item was delivered on August 18, 2017 at 9:01 am in PASADENA, CA 91105. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

Exhibit 1 - page 92



**UNITED STATES**
**POSTAL SERVICE**

Date: May 8, 2018

usps Certified Mail:

The following is in response to your May 8, 2018 request for delivery information on your
Certified Mail™/RRE item number 9414810200883540191293.  The delivery record
shows that this item was delivered on August 21, 2017 at 8:09 am in SEATTLE, WA
98107. The scanned image of the recipient information is provided below.

Signature of Recipient :



Address of Recipient :



Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal
representative.

Sincerely,
United States Postal Service

Exhibit 1 - page 93

5/8/2018          b0c8a72511636096bbaa-fd21edc6f7995ce09f009ce698d37822.r34.cf2.rackcdn.com/9414810200883540186053-20170823.html

## Certified Mail Electronic Delivery Confirmation™



**USPS CERTIFIED MAIL™**

Grahamhollis APC
3555 5TH AVE STE 200
SAN DIEGO CA 92103-5057

US POSTAGE AND FEES PAID
**FIRST-CLASS**
Aug 16 2017
Mailed from ZIP 92103
2 oz First-Class Mail Letter

endicia.com

071S00777793

---
**USPS CERTIFIED MAIL**

9414 8102 0088 3540 1860 53

---

Amazon Logistics INC
Amazon Logistics INC
410 TERRY AVE N
SEATTLE WA 98109-5210

| | |
|---|---|
| Reference | 34667/00001 RES |
| USPS # | 9414810200883540186053 |
| USPS Mail Class | Certified with Return Receipt (Signature) |
| USPS Status | Your item has been delivered to an agent at 8:09 am on August 21, 2017 in SEATTLE, WA 98107. |
| USPS History | In Transit to Destination, August 20, 2017, 9:21 am, On its way to ZIP Code 98109 |
| | In Transit to Destination, August 19, 2017, 9:21 am, On its way to ZIP Code 98109 |
| | Departed USPS Regional Facility, August 19, 2017, 7:21 am, SEATTLE WA DISTRIBUTION CENTER |
| | Arrived at USPS Regional Destination Facility, August 18, 2017, 5:57 pm, SEATTLE WA DISTRIBUTION CENTER |
| | Departed USPS Regional Origin Facility, August 16, 2017, 8:02 pm, SAN DIEGO CA DISTRIBUTION CENTER |
| | Arrived at USPS Regional Origin Facility, August 16, 2017, 7:21 pm, SAN DIEGO CA DISTRIBUTION CENTER |
| | Accepted at USPS Origin Facility, August 16, 2017, 6:06 pm, SAN DIEGO, CA 92103 |
| | Shipping Label Created, USPS Awaiting Item, August 16, 2017, 8:25 am, SAN DIEGO, CA 92103 |

**Electronic Delivery Confirmation Report © "2017" Certified Mail Envelopes, Inc. All rights reserved.**
The data collected for this mail label was authored and reported by The United States Postal Service USPS. Copies are available from your Post
Office or online at www.USPS.com.  USPS Certified Mail™ is a registered trademark of The United States Postal Service. All rights reserved.
**Report Design Copyright "2017"** Certified Mail Envelopes, Inc.  www.Certified-Mail-Labels.com    www.Certified-Mail-Envelopes.com

**Date Verified: 8/22/2017 5:07:08 PM (UTC)**

5/8/2018        b0c8a72511636096bbaa-fd21edc6f7995ce09f009ce698d37822.r34.cf2.rackcdn.com/9414810200881488866082-20170825.html

## Certified Mail Electronic Delivery Confirmation™



Grahamhollis APC
3555 5TH AVE STE 200
SAN DIEGO CA 92103-5057

US POSTAGE AND FEES PAID
**FIRST-CLASS**
Aug 16 2017
Mailed from ZIP 92103
2 oz First-Class Mail Letter



endicia.com

071S00777793

### USPS CERTIFIED MAIL

9414 8102 0088 1488 8660 82

Avitus INC
Avitus INC
PO BOX 2506
BILLINGS MT 59103-2506

| | |
|---|---|
| Reference | 34667/00001 RES |
| USPS # | 9414810200881488866082 |
| USPS Mail Class | Certified with Return Receipt (Signature) |
| USPS Status | Your item was delivered at 10:52 am on August 23, 2017 in BILLINGS, MT 59101. |
| USPS History | Available for Pickup, August 21, 2017, 7:51 am, BILLINGS, MT 59103<br>Arrived at Unit, August 21, 2017, 7:50 am, BILLINGS, MT 59101<br>Distribution to PO Box in Progress, August 19, 2017, 7:28 am, BILLINGS, MT 59103<br>Sorting Complete, August 19, 2017, 7:18 am, BILLINGS, MT 59103<br>Departed USPS Regional Destination Facility, August 19, 2017, 4:29 am, BILLINGS MT DISTRIBUTION CENTER<br>Arrived at USPS Regional Destination Facility, August 18, 2017, 2:19 pm, BILLINGS MT DISTRIBUTION CENTER<br>In Transit to Destination, August 18, 2017, 9:31 am, On its way to ZIP Code 59103<br>In Transit to Destination, August 17, 2017, 9:31 am, On its way to ZIP Code 59103<br>Departed USPS Regional Origin Facility, August 16, 2017, 8:31 pm, SAN DIEGO CA DISTRIBUTION CENTER<br>Arrived at USPS Regional Origin Facility, August 16, 2017, 7:44 pm, SAN DIEGO CA DISTRIBUTION CENTER<br>Accepted at USPS Origin Facility, August 16, 2017, 6:29 pm, SAN DIEGO, CA 92103<br>Shipping Label Created, USPS Awaiting Item, August 16, 2017, 8:33 am, SAN DIEGO, CA 92103 |

**Electronic Delivery Confirmation Report © "2017"** Certified Mail Envelopes, Inc. All rights reserved.
The data collected for this mail label was authored and reported by The United States Postal Service USPS. Copies are available from your Post
Office or online at www.USPS.com.  USPS Certified Mail™ is a registered trademark of The United States Postal Service. All rights reserved.
**Report Design Copyright "2017"** Certified Mail Envelopes, Inc.  www.Certified-Mail-Labels.com   www.Certified-Mail-Envelopes.com

**Date Verified: 8/24/2017 11:38:03 AM (UTC)**

**UNITED STATES**
**POSTAL SERVICE**

Date: August 19, 2017

Reference  34667 00001 RES:

The following is in response to your August 19, 2017 request for delivery information on your Certified Mail™/RRE item number 9414810200829488862680.  The delivery record shows that this item was delivered on August 18, 2017 at 9:01 am in PASADENA, CA 91105. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

Exhibit 1 - page 96



**UNITED STATES**
**POSTAL SERVICE**

Date: August 19, 2017

Reference  34667 00001 RES:

The following is in response to your August 19, 2017 request for delivery information on
your Certified Mail™/RRE item number 9414810200829488868705.  The delivery record
shows that this item was delivered on August 18, 2017 at 9:01 am in PASADENA, CA
91105. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal
representative.

Sincerely,
United States Postal Service

Exhibit 1 - page 97



**UNITED STATES
POSTAL SERVICE**

Date: August 19, 2017

Reference  34667 00001 RES:

The following is in response to your August 19, 2017 request for delivery information on
your Certified Mail™/RRE item number 9414810200881488888930.  The delivery record
shows that this item was delivered on August 18, 2017 at 10:51 am in SACRAMENTO,
CA  95813. The scanned image of the recipient information is provided below.

Signature of Recipient : 

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal
representative.

Sincerely,
United States Postal Service

Exhibit 1 - page 98

**UNITED STATES**
**POSTAL SERVICE.**

Date: August 19, 2017

Reference  34667 00001 RES:

The following is in response to your August 19, 2017 request for delivery information on
your Certified Mail™/RRE item number 9414810200830659193533.  The delivery record
shows that this item was delivered on August 18, 2017 at 10:51 am in SACRAMENTO,
CA  95813. The scanned image of the recipient information is provided below.

Signature of Recipient :


Address of Recipient :

2710 Gateway Oaks # 15

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal
representative.

Sincerely,
United States Postal Service

Exhibit 1 - page 99


**UNITED STATES**
**POSTAL SERVICE**

Date: August 19, 2017

Reference  34667 00001 RES:

The following is in response to your August 19, 2017 request for delivery information on your Certified Mail™/RRE item number 9414810200881488896980.  The delivery record shows that this item was delivered on August 18, 2017 at 10:51 am in SACRAMENTO, CA  95813. The scanned image of the recipient information is provided below.

Signature of Recipient : 

William Jacobs

Address of Recipient :

2710 Gateway Oaks # 15

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

Exhibit 1 - page 100

**Rachel Bray**

| | |
|---|---|
| **From:** | FormAssembly <no-reply@formassembly.com> on behalf of DIR PAGA Unit <lwdadonotreply@dir.ca.gov> |
| **Sent:** | Tuesday, August 15, 2017 3:59 PM |
| **To:** | Rachel Smith |
| **Subject:** | Thank you for your Amended PAGA Claim Notice Submission |

08/15/2017 03:59:20 PM

Thank you for your submission to the Labor and Workforce Development Agency.

Item submitted: Amended PAGA Claim Notice

If you have questions or concerns regarding this submission or your case, please send an email to pagainfo@dir.ca.gov.

DIR PAGA Unit on behalf of
Labor and Workforce Development Agency

Website: http://labor.ca.gov/Private_Attorneys_General_Act.htm

1

Exhibit 1 - page 101

# EXHIBIT D

Exhibit 1 - page 102



October 26, 2017

Attorneys at Law

3555 Fifth Avenue Suite 200
San Diego, California 92103
619.692.0800 voice
619.692.0822 fax

www.grahamhollis.com

Nicole R. Roysdon
nroysdon@grahamhollis.com
619.546.4309 direct

**VIA ONLINE ELECTRONIC FILING**

California Labor and Workforce Development
Agency
Attn: PAGA Administrator
1515 Clay Street, Suite 801
Oakland, CA 94612

**CERTIFIED MAIL (RETURN RECEIPT)**

Scoobeez, Inc.
396 S. Pasadena Avenue
Pasadena, CA 91105

Scott A. Sheikh, Esq.
Agent for Service of Process for
Scoobeez, Inc.
396 S. Pasadena Avenue
Pasadena, CA 91105

Scoobeez Global, Inc.
formerly ABT Holdings, Inc. dba ABT
Global, Inc.
c/o Shahan Ohanessian
396 S. Pasadena Avenue
Pasadena, CA 91105

Shahan Ohanessian
396 S. Pasadena Avenue
Pasadena, CA 91105

Amazon Logistics, Inc.
410 Terry Avenue North
Seattle, WA 98109

Corporation Service Company
Agent for Service of Process for
Amazon Logistics, Inc.
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

Amazon.com, Inc.
410 Terry Avenue North
Seattle, WA 98109

Corporation Service Company
Agent for Service of Process for
Amazon.com, Inc.
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

Graham S.P. Hollis

Vilmarie Cordero

Nicole R. Roysdon

Geoff D. La Val

Paloma Acosta

Caroline G. Massey

Rita Leong

Avitus, Inc.
P.O. Box 2506
Billings, MT 59103

Corporation Service Company
Agent for Service of Process for
Avitus, Inc.
2710 Gateway Oaks Drive, suite 150N
Sacramento, CA 95833

San Diego        Temecula        Orange County        Los Angeles        Sacramento        San Francisco

Exhibit 1 - page 103

October 26, 2017
Page 2



GRAHAM·HOLLIS
APC

**Re:    LWDA Case No. LWDA-CM-320543-17**
**Unta Key's Wage and Hour Claims Against Scoobeez, Inc., Scoobeez Global,**
**Inc. formerly ABT Holdings, Inc., Amazon.com, Inc., Amazon Logistics, Inc.,**
**Avitus, Inc., and Shahan Ohanessian**

Dear Labor and Workforce Development Agency, Scoobeez, Inc., Scoobeez Global, Inc. formerly ABT Holdings, Inc., Amazon.com, Inc., Amazon Logistics, Inc., Avitus, Inc., and Shahan Ohanessian:

This letter shall serve as an amendment regarding the wage and hour and penalties claim of Unta Key (the "Claimant") against his former employers, Scoobeez, Inc., Scoobeez Global, Inc. formerly ABT Holdings, Inc., Amazon.com, Inc., Amazon Logistics, Inc., and Avitus, Inc. (collectively, "the Companies") in accordance with the Labor Code Private Attorneys General Act ("PAGA"), Labor Code sections 2698, *et seq.*

Claimant electronically filed the initial notification with the Labor and Workforce Development Agency ("LWDA") and sent the initial notification via Certified Mail to his former employers on August 7, 2017, which is enclosed for reference. Claimant subsequently electronically filed an amended notification with the LWDA to add Scoobeez Global, Inc. as an additional entity and employer and sent the amended notification via Certified Mail to his former employers and Scoobeez Global, Inc. on August 15, 2017, which is enclosed for reference.

Since the dates of the original letter and the first amended letter, Claimant has become aware of new information and amends the original letter and the first amended letter to add the following:

## ADDITIONAL ENTITIES/INDIVIDUALS

Claimant amends his original claim letter and first amended letter to include Shahan Ohanessian, an individual, as his former employer and/or as a person acting on behalf of his former employers within the meaning of Labor Code section 558 and/or as a person acting either individually or as an officer, agent, or employee of his former employers within the meaning of Labor Code section 1197.1. Mr. Ohanessian is or was the President and CEO of Scoobeez, Inc. and Scoobeez Global, Inc. ("Scoobeez") during the relevant time. As a high-level executive, Mr. Ohanessian is and was in a position to act on behalf of Scoobeez in violating the Labor Code and applicable Industrial Welfare Commission ("IWC") Wage Order, and/or possessed the authority to cause Scoobeez to violate the Labor Code and applicable IWC Wage Order. Mr. Ohanessian is also responsible for the policies and practices applicable to Mr. Key during his employment and to other aggrieved employees, and also denied Mr. Key and other aggrieved employees in California specific rights afforded to them under the California Labor Code and the IWC Wage Order. Thus, Claimant hereby sends Mr. Ohanessian notice via Certified Mail of his wage and hour and penalties claims in accordance with the Labor Code Private Attorneys General Act (Labor Code sections 2699, 2699.3, 2699.5).

Labor Code section 558 subjects any employer or other person acting on behalf of an employer who violates Part 2, Chapter 1, of the Labor Code (Labor Code sections 500-558), or any provision

Exhibit 1 - page 104



regulating the hours and days of work in any IWC Wage Order, to a civil penalty in the amount of $50 for any initial violation for each pay period in which an employee is underpaid in addition to an amount sufficient to recover underpaid wages, and $100 for each subsequent violation, in addition to an amount sufficient to recover underpaid wages.

Labor Code section 1197.1 subjects any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the IWC, to a civil penalty in the amount of $100 for each underpaid employee for each pay period for which the employee is underpaid in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Labor Code section 1194.2, and any applicable penalties imposed pursuant to Labor Code section 203, and $250 for each subsequent violation, regardless of whether the initial violation is intentionally committed, in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Labor Code section 1194.2, and any applicable penalties imposed pursuant to Labor Code section 203.

As set forth in Claimant's initial notification, dated August 7, 2017, the Companies, including Scoobeez, underpaid Claimant by failing to pay all minimum, regular, and overtime wages owed and by failing to provide them with legally compliant meal and rest breaks or pay them meal and rest break premiums and are liable for civil penalties under Labor Code sections 558, 1197.1, and 2698, *et seq.* As Mr. Key's employer and/or a person acting on Scoobeez' behalf and/or a person acting either individually or as an officer, agent, or employee of Scoobeez, Mr. Ohanessian is also liable for civil penalties under Labor Code sections 558, 1197.1, and 2698, *et seq.* for failing to pay all minimum, regular, and overtime wages owed to Claimant and for failing to provide Claimant with legally compliant meal and rest breaks or pay him meal and rest break premiums.

Therefore, Claimant amends his original claim letter to include Shahan Ohanessian as an additional employer and/or a person acting on his employers' behalf and/or a person acting either individually or as an officer, agent, or employee of his employers, who is liable for the violations of the California Labor Code and IWC Wage Order as set forth in Claimant's original LWDA letter served on August 7, 2017, and enclosed herewith. Claimant makes these claims against Shahan Ohanessian for himself and on behalf of all aggrieved employees within the statutory period. Thus, Claimant hereby sends Shahan Ohanessian notice via Certified Mail of his original wage and hour penalties and claims in accordance with the Private Attorneys General Act (Labor Code sections 2699, 2699.3, 2699.5). Claimant will seek all available remedies including those provided by PAGA for the violations set forth in his original LWDA letter served on August 7, 2017, on behalf of himself and other aggrieved employees in California.

## CONCLUSION

The facts and claims contained herein are based on the information presently available at the time of this writing. Therefore, if through discovery and investigation, Claimant becomes aware of additional claims, he reserves the right to revise these facts and/or add any new claims by amending the claim letter or by adding applicable causes of action in his complaint. In addition, if through discovery and investigation, Claimant becomes aware of additional entities and/or individuals who may be liable for the claims set forth herein and in the original claim letter from August 7, 2017, Claimant reserves the right to

Exhibit 1 - page 105

October 26, 2017
Page 4



add any additional entities and/or individuals by amending the claim letter or by adding the additional
entities and/or individuals in his complaint.

Sincerely,

Nicole R. Roysdon

Enclosures

Exhibit 1 - page 106

GRAHAM·HOLLIS
APC

August 7, 2017

Attorneys at Law

3555 Fifth Avenue Suite 200
San Diego, California 92103
619.692.0800 voice
619.692.0822 fax

www.grahamhollis.com

Nicole R. Roysdon
nroysdon@grahamhollis.com
619.546.4309 direct

**VIA ELECTRONIC FILING**

California Labor and Workforce Development
Agency
Attn: PAGA Administrator
1515 Clay Street, Suite 801
Oakland, CA 94612
PAGA Filing Submitted Online

**CERTIFIED MAIL (RETURN RECEIPT)**

| | |
|---|---|
| Scoobeez, Inc.<br>396 S. Pasadena Avenue<br>Pasadena, CA 91105 | Scott A. Sheikh, Esq.<br>Agent for Service of Process for<br>Scoobeez, Inc.<br>396 S. Pasadena Avenue<br>Pasadena, CA 91105 |
| ABT Holdings, Inc.<br>dba ABT Global, Inc.<br>396 S. Pasadena Avenue<br>Pasadena, CA 91105 | Imran Firoz<br>Agent for Service of Process for ABT<br>Holdings, Inc. dba ABT Global, Inc.<br>301 Simplicity<br>Irvine, CA 92620 |
| Amazon Logistics, Inc.<br>410 Terry Avenue North<br>Seattle, WA 98109 | Corporation Service Company dba<br>CSC - Lawyers Incorporating Service<br>Agent for Service of Process for<br>Amazon Logistics, Inc.<br>2710 Gateway Oaks Drive, Suite 150N<br>Sacramento, CA 95833 |
| Amazon.com, Inc.<br>410 Terry Avenue North<br>Seattle, WA 98109 | Corporation Service Company dba<br>CSC - Lawyers Incorporating Service<br>Agent for Service of Process for<br>Amazon.com, Inc.<br>2710 Gateway Oaks Drive, Suite 150N<br>Sacramento, CA 95833 |
| Avitus, Inc.<br>P.O. Box 2506<br>Billings, MT 59103 | Corporation Service Company dba<br>CSC - Lawyers Incorporating Service<br>Agent for Service of Process for<br>Avitus, Inc.<br>2710 Gateway Oaks Drive, suite 150N<br>Sacramento, CA 95833 |

Graham S.P. Hollis

Vilmarie Cordero

Nicole R. Roysdon

Geoff D. La Val

Paloma Acosta

Caroline G. Massey

Rita Leong

San Diego          Temecula          Orange County          Los Angeles          Sacramento          San Francisco

Exhibit 1 - page 107

August 7, 2017
Page 2


APC

**Re:** **Unta Key's Wage and Hour Claims Against Scoobeez, Inc., ABT Holdings, Inc.,
Amazon.com, Inc., Amazon Logistics, Inc., and Avitus, Inc.**

Dear Labor and Workforce Development Agency, Scoobeez, Inc., ABT Holdings, Inc., Amazon.com,
Inc., Amazon Logistics, Inc., and Avitus, Inc.:

Please be advised that Unta Key ("Claimant") has retained our firm to represent him for claims
against his former employers Scoobeez, Inc., ABT Holdings, Inc., Amazon.com, Inc., Amazon Logistics,
Inc., and Avitus, Inc. (collectively, "the Companies").

This letter shall serve as Claimant's written notice to the Labor and Workforce Development
Agency ("LWDA") and the Companies of the alleged Labor Code violations Claimant claims that the
Companies committed against him and all other aggrieved employees in California. Claimant provides
this notice in accordance with the Labor Code Private Attorneys General Act of 2004 ("PAGA"), Labor
Code § 2699.3. Claimant desires to file a civil action to enforce his rights under the Labor Code and seek
compensation accordingly.

Pursuant to Labor Code § 2699(a), and by way of this letter, Claimant also intends to represent all
other current and former aggrieved employees who performed work for the Companies in California and
who have suffered at least one of the wage and hour violations described herein during their employment.

## FACTUAL BACKGROUND

Scoobeez, Inc. is a courier company owned and operated by ABT Holdings, Inc. (collectively,
"Scoobeez"), which are both located in Pasadena, California. Amazon Logistics, Inc., which is owned
and operated by Amazon.com, Inc. (collectively, "Amazon"), contracted with Scoobeez to provide
Amazon's "Prime Now" delivery services, which guarantees delivery of grocery and household items
within two hours. Avitus, Inc. ("Avitus") is a Professional Employer Organization ("PEO") that provides
services for companies, including but not limited to, payroll, bookkeeping, human resources, insurance,
recruiting, training, and marketing. Pursuant to an agreement between Scoobeez and Avitus, Avitus is a
co-employer of Claimant and other aggrieved employees and shares employment responsibilities with
Scoobeez.

The Companies employed Claimant from approximately February 2017 to June 2017 to provide
Amazon's "Prime Now" delivery services in San Diego County. Claimant worked as a non-exempt
employee and was compensated on an hourly basis at all relevant times. Claimant worked as a delivery
driver and typically worked around six to eight hours a day and six to seven days a week. Claimant was
required to wear an Amazon Prime polo shirt when making "Prime Now" deliveries.

Claimant utilized Amazon's App for instructions on where to pick up the "Prime Now" orders,
where to deliver them, his itinerary or the order in which he was to make the deliveries, and any customer
requirements for the delivery. Claimant reported to Amazon's warehouse on Kurtz Street, the Sprouts
stores in Lemon Grove and La Jolla, and Bristol Farms in La Jolla to pick up his deliveries. After picking
up his deliveries, Claimant was required to deliver them all within a two-hour window. Amazon would

Exhibit 1 - page 108

August 7, 2017
Page 3



GRAHAMHOLLIS
APC

contact Claimant throughout the day to check the status of his deliveries and to ensure they were delivered on time. Claimant also delivered hot food through Eat24 and flowers through Allen's Flowers.

The Companies denied Claimant and other aggrieved employees in California specific rights afforded to them under the California Labor Code and the applicable Industrial Welfare Commission Wage Order ("IWC Wage Order"). For example, the Companies failed to provide them with legally compliant meal and rest breaks or pay them meal and rest break premiums, failed to timely pay Claimant and other aggrieved employees all minimum, regular, and overtime wages owed, failed to pay them all tips owed, failed to reimburse them for all business expenses, failed to maintain accurate records and issue accurate itemized wage statements, and failed to timely pay all wages due during and upon separation of employment.

For example, during his employment, the Companies did not provide Claimant and other aggrieved employees the opportunity to take compliant 30-minute, off-duty meal periods. Although the nature of Claimant's work did not require him to take on-duty meal breaks, the Companies' delivery requirements made it so he could not be relieved of all duties. The Companies required Claimant and other aggrieved employees to make all their deliveries within a two-hour window. Claimant and other aggrieved employees were then required to return straight to the store to pick up the next set of deliveries. Due to his workload and the Companies' two-hour delivery requirement, Claimant was required to work through his meal breaks, take an untimely meal break, or take a meal break that was less than thirty minutes long. For these same reasons, the Companies also did not authorize or permit Claimant and other aggrieved employees to take legally compliant rest breaks. Despite the fact that Claimant and other aggrieved employees did not receive legally compliant rest breaks and received meal periods that were late, short, or "on-duty," the Companies did not provide adequate compensation, nor did the Companies provide any premium wages for these missed breaks, as required by law.

Even though Claimant and other aggrieved employees were required to work through their meal periods, the Companies did not count this time as hours worked and improperly deducted 30 minutes from their daily wages. Specifically, when Claimant and other aggrieved employees were not able to take and, thus, did not record, a 30-minute meal period before the end of the fifth hour of work, the Companies would require Claimant and other aggrieved employees to clock out for a 30-minute meal break even if they were still making deliveries. If Claimant and other aggrieved employees did not clock out, the Companies would call them to tell them they needed to clock out for a 30-minute meal break. As a result, Claimant and other aggrieved employees did not receive the statutory minimum wage for all time suffered or permitted to work because they were not properly compensated at their regular rate of pay, nor did they receive proper overtime compensation for all hours worked after the eighth hour in a workday and forty hours in a workweek.

Furthermore, Claimant and other aggrieved employees were not paid all minimum, regular, and overtime wages because the Companies failed to pay them for various tasks that they performed while they were off-duty. The Companies required Claimant and other aggrieved employees to check the "When I Work" App on a daily basis to find out when they were scheduled to work. The Companies would also text Claimant and other aggrieved employees after work hours regarding their schedule or available shifts. Despite the fact that all time spent performing these duties was compensable work hours and the Companies were required to compensate Claimant and other aggrieved employees accordingly,

Exhibit 1 - page 109

August 7, 2017
Page 4



the Companies did not count this time as hours worked and provided no remuneration. The Companies also failed to pay Claimant and other aggrieved employees for all their overtime wages because the Companies failed to include flat amounts earned for certain deliveries, such as Eat24, in the regular rate of pay for purposes of calculating overtime.

The Companies failed to pay Claimant and other aggrieved employees for all of their tips.  For example, Claimant was not paid any tips for his deliveries for the first two pay periods.  Thereafter, although Claimant was paid some amount for tips, the Companies do not provide a summary or itemized report of these tips so therefore Claimant and other aggrieved employees are unable to verify whether they have received the tips left for them by customers in full or in part.

The Companies also failed to reimburse Claimant and other aggrieved employees for all necessary expenses that were incurred in the discharge of their job duties.  For example, Claimant and other aggrieved employees were required to use their personal cell phones to access the "When I Work" and Amazon Apps and respond to calls and text messages during their scheduled shift hours, as well as when they were off-duty. Not only was this time not properly compensated as hours worked, but Claimant and other aggrieved employees did not receive any reimbursement for the use of their personal cell phones, as required by California law. In addition, Claimant and other aggrieved employees were required to use their personal vehicles to drop off or pick up merchandise, but they were not reimbursed for their mileage as required by law.  Instead, they were only paid $3.00 per hour for their mileage, rather than at the IRS rate or based upon actual gasoline and maintenance expenses.

As a direct result of the Companies' illegal policies and procedures, the Companies failed to maintain accurate records reflecting all of Claimant's and other aggrieved employees' time worked and wages paid, in violation of California law.  In addition, the wage statements issued by the Companies did not include the correct total regular and overtime hours worked, the correct amount of gross and net wages earned, and all applicable hourly rates and the corresponding number of hours worked at each hourly rate, as required under Labor Code section 226.  The wage statements issued by the Companies also did not reflect the hours worked on all types of deliveries, such as Eat24 deliveries, nor did they reflect the correct overtime rate.

Lastly, and as a direct result of the aforementioned Labor Code violations, the Companies did not pay Claimant and all aggrieved employees all wages due and payable during and upon separation of employment, including minimum, regular, and overtimes wages for all hours worked, and meal and rest period premium wages, as required pursuant to Labor Code sections 201, 202 and 204.

Due to the foregoing Labor Code violations, the Companies denied Claimant and other aggrieved employees certain rights afforded them under the California Labor Code and IWC Wage Orders.  Claimant makes these claims against the Companies on behalf of himself and all other aggrieved current and former employees of the Companies in California.

Exhibit 1 - page 110

August 7, 2017
Page 5



## FAILURE TO PROVIDE COMPLIANT MEAL PERIODS AND AUTHORIZE AND PERMIT REST PERIODS
(Labor Code sections 226.7, 512, 558, 1198 and the "Meal Periods" and
"Rest Periods" sections of the Applicable IWC Wage Order)

Labor Code section 226.7(b) states, "[a]n employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission…" Labor Code section 226.7(c) states, "[i]f an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law… the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided."

Labor Code section 512(a) states, "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes" and "[a]n employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes."

The "Meal Period" section of the applicable IWC Wage Order states, "[n]o employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee." Furthermore, "[i]f an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

The "Rest Period" section of the applicable IWC Wage Order states, "[e]very employer shall authorize and permit employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof." Furthermore, "[i]f an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

Labor Code section 1198 states, "[t]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

As set forth above, the Companies failed to provide Claimant and other aggrieved employees with the opportunity to take uninterrupted, off-duty meal breaks of at least 30-minutes before the start of their sixth hour of work and did not authorize and permit Claimant and other aggrieved employees to take legally compliant rest breaks, as required by California law. Consequently, Claimant and other aggrieved employees are entitled to receive one-hour of premium wages for each day a compliant meal break was not provided and one-hour of premium wages for each day a compliant rest period was not authorized or

Exhibit 1 - page 111

August 7, 2017
Page 6



permitted.  Claimant will pursue all available remedies for the Companies' violations on behalf of himself and other aggrieved current and former employees to the extent allowed by law.

### FAILURE TO PAY MINIMUM, REGULAR, AND OVERTIME WAGES
(Labor Code sections 223, 225.5, 510, 558, 1194, 1194.2, 1197, 1197.1, 1198 and the "Minimum Wages" and "Hours and Days of Work" sections of the Applicable IWC Wage Order)

Labor Code section 1197 states, "[t]he minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."  Labor Code section 1197.1 provides that, "Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law or by an order of the commission shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Section 203."  Section 1198 states, "[t]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

Labor Code section 510 states, "[e]ight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."  The "Hours and Days of Work" sections of the Applicable IWC Wage Order mandate the same requirements.

Labor Code section 1194(a) states, "…any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."  Liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon are provided for under Labor Code section 1194.2.

Labor Code section 223 states, "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."  Labor Code section 225.5 provides that, "…every person who unlawfully withholds wages due any employee in violation of Section …223 shall be subject to a civil penalty" of $100 for each initial violation and $200 plus 25% of the amount unlawfully withheld for a subsequent violation.

As set forth above, the Companies failed to pay Claimant and other aggrieved employees all minimum, regular, and overtime wages, as required by law.  Claimant will pursue all available remedies for the Companies' violations on behalf of himself and other aggrieved current and former employees to the extent allowed by law.

Exhibit 1 - page 112

August 7, 2017
Page 7



## FAILURE TO PAY TIPS
### (Labor Code section 351)

Labor Code section 351 provides in pertinent part, "No employer or agent shall collect, take, or receive any gratuity or a part thereof that is paid, given to, or left for an employee by a patron, or deduct any amount from wages due an employee on account of a gratuity, or require an employee to credit the amount, or any part thereof, of a gratuity against and as a part of the wages due the employee from the employer. Every gratuity is hereby declared to be the sole property of the employee or employees to whom it was paid, given, or left for."

As set forth above, the Companies failed to pay Claimant and other aggrieved employees all tips earned and owed, as required by law. Claimant will pursue all available remedies for the Companies' violations on behalf of himself and other aggrieved current and former employees to the extent allowed by law.

## FAILURE TO REIMBURSE FOR BUSINESS EXPENSES
### (Labor Code section 2802)

Labor Code section 2802 provides in pertinent part, "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer."

Labor Code section 2802(b) states, "[a]ll awards made by a court or by the Division of Labor Standards Enforcement for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss." Accordingly, Claimant will request that he receive interest on the applicable amount.

Furthermore, Labor Code section 2802(c) states, "[f]or purposes of this section, the term 'necessary expenditures or losses' shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section." Consequently, Claimant will also request reimbursement of the attorney's fees incurred in pursuing this matter.

As set forth above, the Companies required that Claimant and other aggrieved employees utilize their personal cell phones and their personal vehicles in the discharge of their duties without providing reimbursement. Claimant will pursue all available remedies for the Companies' violations on behalf of himself and other aggrieved current and former employees to the extent allowed by law.

## FAILURE TO MAINTAIN ACCURATE RECORDS
### (Labor Code sections 1174, 1174.5, 1198, and the "Records" section of the Applicable IWC Wage Order)

Labor Code section 1174 states, "[e]very person employing labor in this state shall… [k]eep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units

Exhibit 1 - page 113



earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments."

The "Records" section of the applicable IWC Wage Order states that every employer shall keep accurate information with respect to each one of its employees, including time records showing when the employee begins and ends each work period, meal period, split shift intervals, total hours worked in the payroll period, and applicable rates of pay.

Labor Code section 1174.5 imposes a civil penalty of $500 for an employer's failure to maintain accurate and complete records. This civil penalty is in addition to the civil penalty of $100 per pay period, per aggrieved employee that would be imposed pursuant to Labor Code section 2699 for a violation of Labor Code section 1174(d).

As set forth above, the Companies violated these requirements by failing to accurately record employee hours worked including, but not limited to, the Companies' failure to record the proper beginning and end of each work period, the meal periods, the total hours worked during the pay period, the applicable rates of pay, and the wages paid. Claimant will pursue all available remedies for the Companies' violations on behalf of himself and other aggrieved current and former employees to the extent allowed by law.

## FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS
### (Labor Code sections 226, 226.3, and 1198)

Labor Code section 226(a) states in pertinent part that every employer shall provide an accurate, itemized wage statement in writing with respect to each of its employees showing: "(1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, … (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, …; and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

Labor Code section 226(e) imposes a penalty of the greater of all actual damages or $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of $4,000, and is entitled to an award of costs and reasonable attorney's fees. Labor Code section 226.3 imposes an additional civil penalty on the employer of $250.00 per employee per violation of Labor Code section 226(a) in an initial citation and $1,000 per employee for each violation in a subsequent citation.

As set forth above, the Companies failed to provide Claimant and other aggrieved employees with accurate itemized wage statements that comply with the requirements of the Labor Code because the wage statements issued did not include the correct total regular and overtime hours worked, the correct amount of gross and net wages earned, and all applicable hourly rates and the corresponding number of hours worked at each hourly rate. The wage statements issued by the Companies also did not reflect the hours worked on all types of deliveries, such as Eat24 deliveries, nor did they reflect the correct overtime

Exhibit 1 - page 114

August 7, 2017
Page 9



rate.  Claimant will pursue all available remedies for the Companies' violations on behalf of himself and other aggrieved current and former employees to the extent allowed by law.

## FAILURE TO TIMELY PAY ALL WAGES DUE
(Labor Code sections 201, 202, 203, 204, 210, 1194, 1194.2, 1198, and the
"Minimum Wages" section of the Applicable IWC Wage Order)

Labor Code section 204(a) states in pertinent part, "[a]ll wages...earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays." Furthermore, Labor Code section 204(b)(1) states, "all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period."  Labor Code section 210 provides that, "every person who fails to pay the wages of an employee as provided in Section...204...shall be subject to a civil penalty" of $100 for an initial violation and $200 plus 25% of the amount unlawfully withheld for a subsequent violation.  The "Minimum Wages" section of the applicable IWC Wage Order also states that "[e]very employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission, or otherwise."

Labor Code section 201 states, in pertinent part, "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."  Labor Code section 202 states, in pertinent part, "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

Labor Code section 203(a) states, in pertinent part, "[i]f an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days."

As set forth above, the Companies violated these Labor Code sections by not paying to Claimant and other aggrieved employees all minimum, regular, and overtime wages, and meal and rest break premium wages, within the required time during and upon separation of their employment. As a result of the Companies' failure to comply with the aforementioned Labor Code provisions, the Companies owe waiting time penalties to Claimant and other aggrieved employees, which they have not yet paid. Claimant will pursue all available remedies for the Companies' violations on behalf of himself and other aggrieved current and former employees to the extent allowed by law.

## CIVIL PENALTIES FOR VIOLATION OF THE LABOR CODE AND IWC WAGE ORDERS
(Labor Code sections 558 and 1197.1)

Labor Code section 558 subjects any employer who violates Part 2, Chapter 1, of the Labor Code (Labor Code §§ 500-558) or any provision regulating the hours and days of work in any IWC Wage Order

Exhibit 1 - page 115



to a civil penalty as follows: "[f]or any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. For each subsequent violation, one hundred ($100) for each underpaid employee for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages."

Similarly, Labor Code section 1197.1 subjects any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Section 203 as follows: "(1) For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203. (2) For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203. (3) Wages, liquidated damages, and any applicable penalties imposed pursuant to Section 203, recovered pursuant to this section shall be paid to the affected employee."

As set forth above, the Companies underpaid Claimant and aggrieved employees by failing to pay them all regular, minimum, and overtime wages, and meal and rest break premium wages, as required under Labor Code sections 226.7, 510, 512, 1194, 1197, 1198, and the applicable sections of the applicable IWC Wage Order. As a result, the Companies are liable for civil penalties under Labor Code sections 558 and 1197.1. Claimant will pursue all available remedies for the Companies' violations on behalf of himself and other aggrieved current and former employees to the extent allowed by law.

### ATTORNEY'S FEES, COSTS, INTEREST, LIQUIDATED DAMAGES AND PENALTIES
(Labor Code sections 210, 218.5, 218.6, 225.5, 226(e),
558, 1194, 1194.2, 1197.1, 2802, and 2699, *et seq.*)

Labor Code sections 210, 218.5, 218.6, 225.5, 226(e), 558, 1194, 1194.2, 1197.1, 2802, and 2699, *et seq.*, among others, give employees the right to recover in a civil action the unpaid balance of the full amount of minimum wages, regular wages, overtime compensation, reimbursements, damages, liquidated damages and penalties, including interest thereon, as well as reasonable attorney's fees and costs.

Pursuant to Labor Code section 2699, *et seq.*, an aggrieved employee is entitled to collect 25% of the penalty assessment and 100% of the underpaid wages. Accordingly, the Companies are liable for these items in addition to the unpaid wages and reimbursements. Claimant has already incurred actual damages, costs and attorney's fees and he will continue to incur costs as a result of the Companies' unlawful actions. Claimant will pursue all available remedies, including those provided by PAGA, for these violations on behalf of himself and other aggrieved employees.

Exhibit 1 - page 116

August 7, 2017
Page 11



## CONCLUSION

The facts and claims contained herein are based on the information available at the time of this writing. Therefore, if through discovery and/or expert review, Claimant becomes aware of additional compensation owed to him or other losses incurred by him or by any other aggrieved employee of the Companies, he reserves the right to revise these facts and/or add any new claims by amending the claim letter or by adding applicable causes of action in his complaint.

Sincerely,

Nicole R. Roysdon

Exhibit 1 - page 117


GRAHAMHOLLIS
APC

August 15, 2017

Attorneys at Law

3555 Fifth Avenue Suite 200
San Diego, California 92103
619.692.0800 voice
619.692.0822 fax

www.grahamhollis.com

Nicole R. Roysdon
nroysdon@grahamhollis.com
619.546.4309 direct

**VIA ELECTRONIC FILING**

California Labor and Workforce Development
Agency
Attn: PAGA Administrator
1515 Clay Street, Suite 801
Oakland, CA 94612
PAGA Filing Submitted Online

**CERTIFIED MAIL (RETURN RECEIPT)**

Scoobeez, Inc.
396 S. Pasadena Avenue
Pasadena, CA 91105

Scott A. Sheikh, Esq.
Agent for Service of Process for
Scoobeez, Inc.
396 S. Pasadena Avenue
Pasadena, CA 91105

ABT Holdings, Inc.
dba ABT Global, Inc.
c/o Shahan Ohanessian
396 S. Pasadena Avenue
Pasadena, CA 91105

Scoobeez Global, Inc.
c/o Shahan Ohanessian
396 S. Pasadena Avenue
Pasadena, CA 91105

Amazon Logistics, Inc.
410 Terry Avenue North
Seattle, WA 98109

Corporation Service Company dba
CSC - Lawyers Incorporating Service
Agent for Service of Process for
Amazon Logistics, Inc.
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

Amazon.com, Inc.
410 Terry Avenue North
Seattle, WA 98109

Corporation Service Company dba
CSC - Lawyers Incorporating Service
Agent for Service of Process for
Amazon.com, Inc.
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

Graham S.P. Hollis

Vilmarie Cordero

Nicole R. Roysdon

Geoff D. La Val

Paloma Acosta

Caroline G. Massey

Rita Leong

Avitus, Inc.
P.O. Box 2506
Billings, MT 59103

Corporation Service Company dba
CSC - Lawyers Incorporating Service
Agent for Service of Process for
Avitus, Inc.
2710 Gateway Oaks Drive, suite 150N
Sacramento, CA 95833

San Diego        Temecula        Orange County        Los Angeles        Sacramento        San Francisco

Exhibit 1 - page 118

August 15, 2017
Page 2



GRAHAMHOLLIS
APC

Re:    **LWDA Case No. LWDA-CM-320543-17**
       **Unta Key's Wage and Hour Claims Against Scoobeez, Inc., ABT Holdings, Inc.,**
       **Scoobeez Global, Inc., Amazon.com, Inc., Amazon Logistics, Inc., and Avitus,**
       **Inc.**

Dear Labor and Workforce Development Agency, Scoobeez, Inc., ABT Holdings, Inc., Scoobeez Global, Inc., Amazon.com, Inc., Amazon Logistics, Inc., and Avitus, Inc.:

This letter shall serve as an amendment regarding the wage and hour and penalties claim of Unta Key (the "Claimant") against his former employers, Scoobeez, Inc., ABT Holdings, Inc., Amazon.com, Inc., Amazon Logistics, Inc., and Avitus, Inc. (collectively, "the Companies") in accordance with the Labor Code Private Attorneys General Act ("PAGA"), Labor Code sections 2698, *et seq.*

Claimant electronically filed the initial notification with the Labor and Workforce Development Agency ("LWDA") and sent the initial notification via Certified Mail to his former employers on August 7, 2017, which is enclosed for reference. Since the date of the original letter, Claimant has become aware of new information and amends the original letter to add the following:

## ADDITIONAL ENTITY

Claimant amends his original claim letter to include Scoobeez Global, Inc., which is one of his former employers and is liable for the violations of the California Labor Code and applicable Industrial Welfare Commission Wage Order ("IWC Wage Order"), as set forth in Claimant's original LWDA letter served on August 7, 2017, and enclosed herewith. Since providing the initial notification to the LWDA and the Companies, Plaintiff has learned that one of the Companies, ABT Holdings, Inc., has changed its name to Scoobeez Global, Inc. For the same reasons and based upon the same facts and theories that Claimant set forth in the initial notification, dated August 7, 2017, with respect to the Companies, including ABT Holdings, Inc., Scoobeez Global, Inc. denied Claimant and other aggrieved employees in California specific rights afforded to them under the California Labor Code and the applicable IWC Wage Order. For example, the Companies, including Scoobeez Global, Inc., failed to provide them with legally compliant meal and rest breaks or pay them meal and rest break premiums, failed to timely pay Claimant and other aggrieved employees all minimum, regular, and overtime wages owed, failed to pay them all tips owed, failed to reimburse them for all business expenses, failed to maintain accurate records and issue accurate itemized wage statements, and failed to timely pay all wages due during and upon separation of employment.

Thus, Claimant hereby sends Scoobeez Global, Inc. notice via Certified Mail of his wage and hour and penalties claims in accordance with the Labor Code Private Attorneys General Act (Labor Code sections 2699, 2699.3, 2699.5). Claimant makes these claims against Scoobeez Global, Inc. for himself and on behalf of all aggrieved employees within the statutory period. Claimant will seek all available remedies including those provided by PAGA for the violations set forth in his original LWDA letter served on August 7, 2017, on behalf of himself and other aggrieved employees in California.

Exhibit 1 - page 119

August 15, 2017
Page 3



## CONCLUSION

The facts and claims contained herein are based on the information presently available at the time of this writing. Therefore, if through discovery and investigation, Claimant becomes aware of additional claims, he reserves the right to revise these facts and/or add any new claims by amending the claim letter or by adding applicable causes of action in his complaint. In addition, if through discovery and investigation, Claimant becomes aware of additional entities and/or individuals who may be liable for the claims set forth herein and in the original claim letter from August 7, 2017, Claimant reserves the right to add any additional entities and/or individuals by amending the claim letter or by adding the additional entities and/or individuals in his complaint.

Sincerely,

Nicole R. Roysdon

Encl.

Exhibit 1 - page 120

**GRAHAMHOLLIS**
APC

August 7, 2017

Attorneys at Law

3555 Fifth Avenue Suite 200
San Diego, California 92103
619.692.0800 voice
619.692.0822 fax

www.grahamhollis.com

Nicole R. Roysdon
nroysdon@grahamhollis.com
619.546.4309 direct

**VIA ELECTRONIC FILING**

California Labor and Workforce Development
Agency
Attn: PAGA Administrator
1515 Clay Street, Suite 801
Oakland, CA 94612
PAGA Filing Submitted Online

**CERTIFIED MAIL (RETURN RECEIPT)**

Scoobeez, Inc.
396 S. Pasadena Avenue
Pasadena, CA 91105

Scott A. Sheikh, Esq.
Agent for Service of Process for
Scoobeez, Inc.
396 S. Pasadena Avenue
Pasadena, CA 91105

ABT Holdings, Inc.
dba ABT Global, Inc.
396 S. Pasadena Avenue
Pasadena, CA 91105

Imran Firoz
Agent for Service of Process for ABT
Holdings, Inc. dba ABT Global, Inc.
301 Simplicity
Irvine, CA 92620

Amazon Logistics, Inc.
410 Terry Avenue North
Seattle, WA 98109

Corporation Service Company dba
CSC - Lawyers Incorporating Service
Agent for Service of Process for
Amazon Logistics, Inc.
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

Amazon.com, Inc.
410 Terry Avenue North
Seattle, WA 98109

Corporation Service Company dba
CSC - Lawyers Incorporating Service
Agent for Service of Process for
Amazon.com, Inc.
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

Graham S.P. Hollis

Vilmarie Cordero

Nicole R. Roysdon

Geoff D. La Val

Paloma Acosta

Caroline G. Massey

Rita Leong

Avitus, Inc.
P.O. Box 2506
Billings, MT 59103

Corporation Service Company dba
CSC - Lawyers Incorporating Service
Agent for Service of Process for
Avitus, Inc.
2710 Gateway Oaks Drive, suite 150N
Sacramento, CA 95833

San Diego      Temecula      Orange County      Los Angeles      Sacramento      San Francisco

Exhibit 1 - page 121

August 7, 2017
Page 2



**Re:**    **Unta Key's Wage and Hour Claims Against Scoobeez, Inc., ABT Holdings, Inc.,
Amazon.com, Inc., Amazon Logistics, Inc., and Avitus, Inc.**

Dear Labor and Workforce Development Agency, Scoobeez, Inc., ABT Holdings, Inc., Amazon.com, Inc., Amazon Logistics, Inc., and Avitus, Inc.:

Please be advised that Unta Key ("Claimant") has retained our firm to represent him for claims against his former employers Scoobeez, Inc., ABT Holdings, Inc., Amazon.com, Inc., Amazon Logistics, Inc., and Avitus, Inc. (collectively, "the Companies").

This letter shall serve as Claimant's written notice to the Labor and Workforce Development Agency ("LWDA") and the Companies of the alleged Labor Code violations Claimant claims that the Companies committed against him and all other aggrieved employees in California. Claimant provides this notice in accordance with the Labor Code Private Attorneys General Act of 2004 ("PAGA"), Labor Code § 2699.3. Claimant desires to file a civil action to enforce his rights under the Labor Code and seek compensation accordingly.

Pursuant to Labor Code § 2699(a), and by way of this letter, Claimant also intends to represent all other current and former aggrieved employees who performed work for the Companies in California and who have suffered at least one of the wage and hour violations described herein during their employment.

## FACTUAL BACKGROUND

Scoobeez, Inc. is a courier company owned and operated by ABT Holdings, Inc. (collectively, "Scoobeez"), which are both located in Pasadena, California. Amazon Logistics, Inc., which is owned and operated by Amazon.com, Inc. (collectively, "Amazon"), contracted with Scoobeez to provide Amazon's "Prime Now" delivery services, which guarantees delivery of grocery and household items within two hours. Avitus, Inc. ("Avitus") is a Professional Employer Organization ("PEO") that provides services for companies, including but not limited to, payroll, bookkeeping, human resources, insurance, recruiting, training, and marketing. Pursuant to an agreement between Scoobeez and Avitus, Avitus is a co-employer of Claimant and other aggrieved employees and shares employment responsibilities with Scoobeez.

The Companies employed Claimant from approximately February 2017 to June 2017 to provide Amazon's "Prime Now" delivery services in San Diego County. Claimant worked as a non-exempt employee and was compensated on an hourly basis at all relevant times. Claimant worked as a delivery driver and typically worked around six to eight hours a day and six to seven days a week. Claimant was required to wear an Amazon Prime polo shirt when making "Prime Now" deliveries.

Claimant utilized Amazon's App for instructions on where to pick up the "Prime Now" orders, where to deliver them, his itinerary or the order in which he was to make the deliveries, and any customer requirements for the delivery. Claimant reported to Amazon's warehouse on Kurtz Street, the Sprouts stores in Lemon Grove and La Jolla, and Bristol Farms in La Jolla to pick up his deliveries. After picking up his deliveries, Claimant was required to deliver them all within a two-hour window. Amazon would

Exhibit 1 - page 122

August 7, 2017
Page 3



contact Claimant throughout the day to check the status of his deliveries and to ensure they were delivered on time. Claimant also delivered hot food through Eat24 and flowers through Allen's Flowers.

The Companies denied Claimant and other aggrieved employees in California specific rights afforded to them under the California Labor Code and the applicable Industrial Welfare Commission Wage Order ("IWC Wage Order"). For example, the Companies failed to provide them with legally compliant meal and rest breaks or pay them meal and rest break premiums, failed to timely pay Claimant and other aggrieved employees all minimum, regular, and overtime wages owed, failed to pay them all tips owed, failed to reimburse them for all business expenses, failed to maintain accurate records and issue accurate itemized wage statements, and failed to timely pay all wages due during and upon separation of employment.

For example, during his employment, the Companies did not provide Claimant and other aggrieved employees the opportunity to take compliant 30-minute, off-duty meal periods. Although the nature of Claimant's work did not require him to take on-duty meal breaks, the Companies' delivery requirements made it so he could not be relieved of all duties. The Companies required Claimant and other aggrieved employees to make all their deliveries within a two-hour window. Claimant and other aggrieved employees were then required to return straight to the store to pick up the next set of deliveries. Due to his workload and the Companies' two-hour delivery requirement, Claimant was required to work through his meal break, take an untimely meal break, or take a meal break that was less than thirty minutes long. For these same reasons, the Companies also did not authorize or permit Claimant and other aggrieved employees to take legally compliant rest breaks. Despite the fact that Claimant and other aggrieved employees did not receive legally compliant rest breaks and received meal periods that were late, short, or "on-duty," the Companies did not provide adequate compensation, nor did the Companies provide any premium wages for these missed breaks, as required by law.

Even though Claimant and other aggrieved employees were required to work through their meal periods, the Companies did not count this time as hours worked and improperly deducted 30 minutes from their daily wages. Specifically, when Claimant and other aggrieved employees were not able to take and, thus, did not record, a 30-minute meal period before the end of the fifth hour of work, the Companies would require Claimant and other aggrieved employees to clock out for a 30-minute meal break even if they were still making deliveries. If Claimant and other aggrieved employees did not clock out, the Companies would call them to tell them they needed to clock out for a 30-minute meal break. As a result, Claimant and other aggrieved employees did not receive the statutory minimum wage for all time suffered or permitted to work because they were not properly compensated at their regular rate of pay, nor did they receive proper overtime compensation for all hours worked after the eighth hour in a workday and forty hours in a workweek.

Furthermore, Claimant and other aggrieved employees were not paid all minimum, regular, and overtime wages because the Companies failed to pay them for various tasks that they performed while they were off-duty. The Companies required Claimant and other aggrieved employees to check the "When I Work" App on a daily basis to find out when they were scheduled to work. The Companies would also text Claimant and other aggrieved employees after work hours regarding their schedule or available shifts. Despite the fact that all time spent performing these duties was compensable work hours and the Companies were required to compensate Claimant and other aggrieved employees accordingly,

Exhibit 1 - page 123



the Companies did not count this time as hours worked and provided no remuneration. The Companies also failed to pay Claimant and other aggrieved employees for all their overtime wages because the Companies failed to include flat amounts earned for certain deliveries, such as Eat24, in the regular rate of pay for purposes of calculating overtime.

The Companies failed to pay Claimant and other aggrieved employees for all of their tips. For example, Claimant was not paid any tips for his deliveries for the first two pay periods. Thereafter, although Claimant was paid some amount for tips, the Companies do not provide a summary or itemized report of these tips so therefore Claimant and other aggrieved employees are unable to verify whether they have received the tips left for them by customers in full or in part.

The Companies also failed to reimburse Claimant and other aggrieved employees for all necessary expenses that were incurred in the discharge of their job duties. For example, Claimant and other aggrieved employees were required to use their personal cell phones to access the "When I Work" and Amazon Apps and respond to calls and text messages during their scheduled shift hours, as well as when they were off-duty. Not only was this time not properly compensated as hours worked, but Claimant and other aggrieved employees did not receive any reimbursement for the use of their personal cell phones, as required by California law. In addition, Claimant and other aggrieved employees were required to use their personal vehicles to drop off or pick up merchandise, but they were not reimbursed for their mileage as required by law. Instead, they were only paid $3.00 per hour for their mileage, rather than at the IRS rate or based upon actual gasoline and maintenance expenses.

As a direct result of the Companies' illegal policies and procedures, the Companies failed to maintain accurate records reflecting all of Claimant's and other aggrieved employees' time worked and wages paid, in violation of California law. In addition, the wage statements issued by the Companies did not include the correct total regular and overtime hours worked, the correct amount of gross and net wages earned, and all applicable hourly rates and the corresponding number of hours worked at each hourly rate, as required under Labor Code section 226. The wage statements issued by the Companies also did not reflect the hours worked on all types of deliveries, such as Eat24 deliveries, nor did they reflect the correct overtime rate.

Lastly, and as a direct result of the aforementioned Labor Code violations, the Companies did not pay Claimant and all aggrieved employees all wages due and payable during and upon separation of employment, including minimum, regular, and overtimes wages for all hours worked, and meal and rest period premium wages, as required pursuant to Labor Code sections 201, 202 and 204.

Due to the foregoing Labor Code violations, the Companies denied Claimant and other aggrieved employees certain rights afforded them under the California Labor Code and IWC Wage Orders. Claimant makes these claims against the Companies on behalf of himself and all other aggrieved current and former employees of the Companies in California.

Exhibit 1 - page 124

August 7, 2017
Page 5



## FAILURE TO PROVIDE COMPLIANT MEAL PERIODS
## AND AUTHORIZE AND PERMIT REST PERIODS
(Labor Code sections 226.7, 512, 558, 1198 and the "Meal Periods" and
"Rest Periods" sections of the Applicable IWC Wage Order)

Labor Code section 226.7(b) states, "[a]n employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission…"  Labor Code section 226.7(c) states, "[i]f an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law… the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided."

Labor Code section 512(a) states, "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes" and "[a]n employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes."

The "Meal Period" section of the applicable IWC Wage Order states, "[n]o employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee." Furthermore, "[i]f an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

The "Rest Period" section of the applicable IWC Wage Order states, "[e]very employer shall authorize and permit employees to take rest periods, which insofar as practicable shall be in the middle of each work period.  The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof."  Furthermore, "[i]f an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

Labor Code section 1198 states, "[t]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

As set forth above, the Companies failed to provide Claimant and other aggrieved employees with the opportunity to take uninterrupted, off-duty meal breaks of at least 30-minutes before the start of their sixth hour of work and did not authorize and permit Claimant and other aggrieved employees to take legally compliant rest breaks, as required by California law.  Consequently, Claimant and other aggrieved employees are entitled to receive one-hour of premium wages for each day a compliant meal break was not provided and one-hour of premium wages for each day a compliant rest period was not authorized or

Exhibit 1 - page 125



permitted.  Claimant will pursue all available remedies for the Companies' violations on behalf of himself and other aggrieved current and former employees to the extent allowed by law.

## FAILURE TO PAY MINIMUM, REGULAR, AND OVERTIME WAGES
(Labor Code sections 223, 225.5, 510, 558, 1194, 1194.2, 1197, 1197.1, 1198 and the
"Minimum Wages" and "Hours and Days of Work" sections of the Applicable IWC Wage Order)

Labor Code section 1197 states, "[t]he minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."  Labor Code section 1197.1 provides that, "Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law or by an order of the commission shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Section 203."  Section 1198 states, "[t]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

Labor Code section 510 states, "[e]ight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."  The "Hours and Days of Work" sections of the Applicable IWC Wage Order mandate the same requirements.

Labor Code section 1194(a) states, "…any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."  Liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon are provided for under Labor Code section 1194.2.

Labor Code section 223 states, "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."  Labor Code section 225.5 provides that, "…every person who unlawfully withholds wages due any employee in violation of Section …223 shall be subject to a civil penalty" of $100 for each initial violation and $200 plus 25% of the amount unlawfully withheld for a subsequent violation.

As set forth above, the Companies failed to pay Claimant and other aggrieved employees all minimum, regular, and overtime wages, as required by law.  Claimant will pursue all available remedies for the Companies' violations on behalf of himself and other aggrieved current and former employees to the extent allowed by law.

Exhibit 1 - page 126

August 7, 2017
Page 7



## FAILURE TO PAY TIPS
### (Labor Code section 351)

Labor Code section 351 provides in pertinent part, "No employer or agent shall collect, take, or receive any gratuity or a part thereof that is paid, given to, or left for an employee by a patron, or deduct any amount from wages due an employee on account of a gratuity, or require an employee to credit the amount, or any part thereof, of a gratuity against and as a part of the wages due the employee from the employer. Every gratuity is hereby declared to be the sole property of the employee or employees to whom it was paid, given, or left for."

As set forth above, the Companies failed to pay Claimant and other aggrieved employees all tips earned and owed, as required by law.  Claimant will pursue all available remedies for the Companies' violations on behalf of himself and other aggrieved current and former employees to the extent allowed by law.

## FAILURE TO REIMBURSE FOR BUSINESS EXPENSES
### (Labor Code section 2802)

Labor Code section 2802 provides in pertinent part, "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer."

Labor Code section 2802(b) states, "[a]ll awards made by a court or by the Division of Labor Standards Enforcement for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss." Accordingly, Claimant will request that he receive interest on the applicable amount.

Furthermore, Labor Code section 2802(c) states, "[f]or purposes of this section, the term 'necessary expenditures or losses' shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section." Consequently, Claimant will also request reimbursement of the attorney's fees incurred in pursuing this matter.

As set forth above, the Companies required that Claimant and other aggrieved employees utilize their personal cell phones and their personal vehicles in the discharge of their duties without providing reimbursement. Claimant will pursue all available remedies for the Companies' violations on behalf of himself and other aggrieved current and former employees to the extent allowed by law.

## FAILURE TO MAINTAIN ACCURATE RECORDS
(Labor Code sections 1174, 1174.5, 1198, and the "Records" section of the Applicable IWC Wage Order)

Labor Code section 1174 states, "[e]very person employing labor in this state shall... [k]eep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units

Exhibit 1 - page 127



earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments."

The "Records" section of the applicable IWC Wage Order states that every employer shall keep accurate information with respect to each one of its employees, including time records showing when the employee begins and ends each work period, meal period, split shift intervals, total hours worked in the payroll period, and applicable rates of pay.

Labor Code section 1174.5 imposes a civil penalty of $500 for an employer's failure to maintain accurate and complete records. This civil penalty is in addition to the civil penalty of $100 per pay period, per aggrieved employee that would be imposed pursuant to Labor Code section 2699 for a violation of Labor Code section 1174(d).

As set forth above, the Companies violated these requirements by failing to accurately record employee hours worked including, but not limited to, the Companies' failure to record the proper beginning and end of each work period, the meal periods, the total hours worked during the pay period, the applicable rates of pay, and the wages paid. Claimant will pursue all available remedies for the Companies' violations on behalf of himself and other aggrieved current and former employees to the extent allowed by law.

## FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS
### (Labor Code sections 226, 226.3, and 1198)

Labor Code section 226(a) states in pertinent part that every employer shall provide an accurate, itemized wage statement in writing with respect to each of its employees showing: "(1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, … (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, …; and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

Labor Code section 226(e) imposes a penalty of the greater of all actual damages or $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of $4,000, and is entitled to an award of costs and reasonable attorney's fees. Labor Code section 226.3 imposes an additional civil penalty on the employer of $250.00 per employee per violation of Labor Code section 226(a) in an initial citation and $1,000 per employee for each violation in a subsequent citation.

As set forth above, the Companies failed to provide Claimant and other aggrieved employees with accurate itemized wage statements that comply with the requirements of the Labor Code because the wage statements issued did not include the correct total regular and overtime hours worked, the correct amount of gross and net wages earned, and all applicable hourly rates and the corresponding number of hours worked at each hourly rate. The wage statements issued by the Companies also did not reflect the hours worked on all types of deliveries, such as Eat24 deliveries, nor did they reflect the correct overtime

Exhibit 1 - page 128



rate.   Claimant will pursue all available remedies for the Companies' violations on behalf of himself and
other aggrieved current and former employees to the extent allowed by law.

## FAILURE TO TIMELY PAY ALL WAGES DUE
(Labor Code sections 201, 202, 203, 204, 210, 1194, 1194.2, 1198, and the
"Minimum Wages" section of the Applicable IWC Wage Order)

Labor Code section 204(a) states in pertinent part, "[a]ll wages…earned by any person in any
employment are due and payable twice during each calendar month, on days designated in advance by the
employer as the regular paydays." Furthermore, Labor Code section 204(b)(1) states, "all wages earned
for labor in excess of the normal work period shall be paid no later than the payday for the next regular
payroll period."   Labor Code section 210 provides that, "every person who fails to pay the wages of an
employee as provided in Section…204…shall be subject to a civil penalty" of $100 for an initial violation
and $200 plus 25% of the amount unlawfully withheld for a subsequent violation.   The "Minimum
Wages" section of the applicable IWC Wage Order also states that "[e]very employer shall pay to each
employee, on the established payday for the period involved, not less than the applicable minimum wage
for all hours worked in the payroll period, whether the remuneration is measured by time, piece,
commission, or otherwise."

Labor Code section 201 states, in pertinent part, "[i]f an employer discharges an employee, the
wages earned and unpaid at the time of discharge are due and payable immediately."   Labor Code section
202 states, in pertinent part, "If an employee not having a written contract for a definite period quits his or
her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless
the employee has given 72 hours previous notice of his or her intention to quit, in which case the
employee is entitled to his or her wages at the time of quitting."

Labor Code section 203(a) states, in pertinent part, "[i]f an employer willfully fails to pay,
without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.9, 202, and 205.5,
any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a
penalty from the due date thereof at the same rate until paid or until an action therefore is commenced;
but the wages shall not continue for more than 30 days."

As set forth above, the Companies violated these Labor Code sections by not paying to Claimant
and other aggrieved employees all minimum, regular, and overtime wages, and meal and rest break
premium wages, within the required time during and upon separation of their employment. As a result of
the Companies' failure to comply with the aforementioned Labor Code provisions, the Companies owe
waiting time penalties to Claimant and other aggrieved employees, which they have not yet paid.
Claimant will pursue all available remedies for the Companies' violations on behalf of himself and other
aggrieved current and former employees to the extent allowed by law.

## CIVIL PENALTIES FOR VIOLATION OF THE LABOR CODE AND IWC WAGE ORDERS
(Labor Code sections 558 and 1197.1)

Labor Code section 558 subjects any employer who violates Part 2, Chapter 1, of the Labor Code
(Labor Code §§ 500-558) or any provision regulating the hours and days of work in any IWC Wage Order

Exhibit 1 - page 129

August 7, 2017
Page 10



to a civil penalty as follows: "[f]or any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. For each subsequent violation, one hundred ($100) for each underpaid employee for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages."

Similarly, Labor Code section 1197.1 subjects any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Section 203 as follows: "(1) For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203. (2) For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203. (3) Wages, liquidated damages, and any applicable penalties imposed pursuant to Section 203, recovered pursuant to this section shall be paid to the affected employee."

As set forth above, the Companies underpaid Claimant and aggrieved employees by failing to pay them all regular, minimum, and overtime wages, and meal and rest break premium wages, as required under Labor Code sections 226.7, 510, 512, 1194, 1197, 1198, and the applicable sections of the applicable IWC Wage Order. As a result, the Companies are liable for civil penalties under Labor Code sections 558 and 1197.1. Claimant will pursue all available remedies for the Companies' violations on behalf of himself and other aggrieved current and former employees to the extent allowed by law.

### ATTORNEY'S FEES, COSTS, INTEREST, LIQUIDATED DAMAGES AND PENALTIES
(Labor Code sections 210, 218.5, 218.6, 225.5, 226(e),
558, 1194, 1194.2, 1197.1, 2802, and 2699, *et seq.*)

Labor Code sections 210, 218.5, 218.6, 225.5, 226(e), 558, 1194, 1194.2, 1197.1, 2802, and 2699, *et seq.*, among others, give employees the right to recover in a civil action the unpaid balance of the full amount of minimum wages, regular wages, overtime compensation, reimbursements, damages, liquidated damages and penalties, including interest thereon, as well as reasonable attorney's fees and costs.

Pursuant to Labor Code section 2699, *et seq.*, an aggrieved employee is entitled to collect 25% of the penalty assessment and 100% of the underpaid wages. Accordingly, the Companies are liable for these items in addition to the unpaid wages and reimbursements. Claimant has already incurred actual damages, costs and attorney's fees and he will continue to incur costs as a result of the Companies' unlawful actions. Claimant will pursue all available remedies, including those provided by PAGA, for these violations on behalf of himself and other aggrieved employees.

Exhibit 1 - page 130

August 7, 2017
Page 11



### <u>CONCLUSION</u>

The facts and claims contained herein are based on the information available at the time of this writing.  Therefore, if through discovery and/or expert review, Claimant becomes aware of additional compensation owed to him or other losses incurred by him or by any other aggrieved employee of the Companies, he reserves the right to revise these facts and/or add any new claims by amending the claim letter or by adding applicable causes of action in his complaint.

Sincerely,

Nicole R. Roysdon

Exhibit 1 - page 131

**UNITED STATES POSTAL SERVICE**

Date: October 31, 2017

Reference  34667 00001 DR:

The following is in response to your October 31, 2017 request for delivery information on
your Certified Mail™/RRE item number 9414810898765000407221.  The delivery record
shows that this item was delivered on October 30, 2017 at 10:00 am in SACRAMENTO,
CA  95813. The scanned image of the recipient information is provided below.

Signature of Recipient :



Address of Recipient :



Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal
representative.

Sincerely,
United States Postal Service

Exhibit 1 - page 132

**UNITED STATES POSTAL SERVICE**

Date: October 31, 2017

Reference  34667 00001 DR:

The following is in response to your October 31, 2017 request for delivery information on your Certified Mail™/RRE item number 9414810898765000407023.  The delivery record shows that this item was delivered on October 30, 2017 at 10:00 am in SACRAMENTO, CA  95813. The scanned image of the recipient information is provided below.

Signature of Recipient :  

Address of Recipient :  

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

Exhibit 1 - page 133

**UNITED STATES
POSTAL SERVICE**™

Date: October 31, 2017

Reference  34667 00001 DR:

The following is in response to your October 31, 2017 request for delivery information on
your Certified Mail™/RRE item number 9414810898765000406248.  The delivery record
shows that this item was delivered on October 30, 2017 at 10:00 am in SACRAMENTO,
CA  95813. The scanned image of the recipient information is provided below.

Signature of Recipient : 

Address of Recipient : 

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal
representative.

Sincerely,
United States Postal Service

Exhibit 1 - page 134

 **UNITED STATES POSTAL SERVICE**

Date: October 31, 2017

Reference  34667 00001 DR:

The following is in response to your October 31, 2017 request for delivery information on your Certified Mail™/RRE item number 9414810898765000405180.  The delivery record shows that this item was delivered on October 30, 2017 at 9:48 am in PASADENA, CA 91105. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

Exhibit 1 - page 135

**UNITED STATES**
**POSTAL SERVICE**₎

Date: October 31, 2017

Reference  34667 00001 DR:

The following is in response to your October 31, 2017 request for delivery information on
your Certified Mail™/RRE item number 9414810898765000405128.  The delivery record
shows that this item was delivered on October 30, 2017 at 9:48 am in PASADENA, CA
91105. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal
representative.

Sincerely,
United States Postal Service

Exhibit 1 - page 136

**UNITED STATES**
**POSTAL SERVICE.**

Date: November 4, 2017

Reference  34667 00001 DR:

The following is in response to your November 4, 2017 request for delivery information on your Certified Mail™/RRE item number 9414810898765000404336.  The delivery record shows that this item was delivered on November 3, 2017 at 10:48 am in BILLINGS, MT  59101. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

Exhibit 1 - page 137



**UNITED STATES**
**POSTAL SERVICE**

Date: October 31, 2017

Reference  34667 00001 DR:

The following is in response to your October 31, 2017 request for delivery information on your Certified Mail™/RRE item number 9414810898765000404152.  The delivery record shows that this item was delivered on October 30, 2017 at 8:08 am in SEATTLE, WA 98107. The scanned image of the recipient information is provided below.

Signature of Recipient :



Address of Recipient :



Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

Exhibit 1 - page 138

**UNITED STATES**
**POSTAL SERVICE**

Date: October 31, 2017

Reference  34667 00001 DR:

The following is in response to your October 31, 2017 request for delivery information on
your Certified Mail™/RRE item number 9414810898765000403926.  The delivery record
shows that this item was delivered on October 30, 2017 at 8:08 am in SEATTLE, WA
98107. The scanned image of the recipient information is provided below.

Signature of Recipient :    

Address of Recipient :    

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal
representative.

Sincerely,
United States Postal Service

Exhibit 1 - page 139

**UNITED STATES POSTAL SERVICE**

Date: October 31, 2017

Reference  34667 00001 DR:

The following is in response to your October 31, 2017 request for delivery information on your Certified Mail™/RRE item number 9414810898765000403568.  The delivery record shows that this item was delivered on October 30, 2017 at 9:48 am in PASADENA, CA 91105. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

Exhibit 1 - page 140



**UNITED STATES**
**POSTAL SERVICE**

Date: October 31, 2017

Reference  34667 00001 DR:

The following is in response to your October 31, 2017 request for delivery information on your Certified Mail™/RRE item number 94148108987650000402622.  The delivery record shows that this item was delivered on October 30, 2017 at 9:48 am in PASADENA, CA 91105. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

Exhibit 1 - page 141



**Private Attorneys General Act (PAGA) – Filing**

## Amended PAGA Claim Notice

PAGA Number (LWDA-CM-) OR Court Case Number:
320543-17
*If entering the PAGA Case number, please enter only the eight digit number after "LWDA-CM-" in the following format, "XXXXXX-XX".*

Your Information (Attorney or Employee – Whoever is Filing)

Your Full Name   Your Email Address
**Deborah Retes**   dretes@grahamhollis.com

Your Street Name, Number and Suite/Apt   Your Mobile Phone Numer
**3555 Fifth Avenue Suite 200**        **619-906-4022**

Your City   Your Work Phone Number
**San Diego 619-692-0800**

Your State
**California**

Your Zip/Postal Code
**92103**

Plaintiff/Aggrieved Employee Information

Plaintiff/Aggrieved Employee Name
**Unta Key**

Employer Information

Employer Name
**Scoobeez, Inc.**

| Employer Street Name, Number and Suite/Apt | Employer City | Employer State | Employer Zip/Postal Code |
|---|---|---|---|
| 396 S. Pasadena Avenue | Pasadena | California | 91105 |

Exhibit 1, page 142

Amended Notice Detail

Please provide the details of the amendments to the original notice.

Amendment Detail
Additional Entities/Individuals. Claimant amends his original claim letter to include
Shahan Ohanessian as an additional employer and/or a person acting on his employers'
behalf and/or a person acting either individually or as an officer, agent, or employee of
his employers, who is liable for the violations of the California Labor Code and IWC Wage
Order as set forth in Claimant's original LWDA letter served on August 7, 2017, and
enclosed herewith. Claimant makes these claims against Shahan Ohanessian for himself
and on behalf of all aggrieved employees within the statutory period. Thus, Claimant
hereby sends Shahan Ohanessian notice via Certified Mail of his original wage and hour
penalties and claims in accordance with the Private Attorneys General Act (Labor Code
sections 2699, 2699.3, 2699.5). Claimant will seek all available remedies including those
provided by PAGA for the violations set forth in his original LWDA letter served on August
7, 2017, on behalf of himself and other aggrieved employees in California.

Amended Notice

Amended Notice
2017 10 26 2nd Amended LWDA letter.pdf

Other Attachment (if any) (must be a .pdf)

Should you have questions regarding this online form, please contact PAGAInfo@dir.ca.gov

Attached File:

2017 10 26 2nd Amended LWDA letter.pdf (173 KB)

# EXHIBIT E

Exhibit 1 - page 144

# SULLIVAN LAW GROUP

A PROFESSIONAL CORPORATION

**2330 THIRD AVENUE
SAN DIEGO, CALIFORNIA 92101**

**PHONE 619-702-6760
FACSIMILE 619-702-6761**

January 12, 2018

Labor and Workforce Development Agency                    ***Submitted Via Online Filing***
Attn. PAGA Administrator

Re:  **Arturo Vega v. Scoobeez; Scoobeez, Inc.; Scoobeez, SD LLC; Scoobeez,
Global, Inc.; Avitus, Inc.; Amazon Logistics, Inc.; Amazon.com, Inc.**

San Diego County Superior Court, Case No. 37-2017 -00018285-CU-OE-CTL
LWDA Case No.: LWDA-CM-220845-17

Dear Administrator:

Please allow this correspondence to serve a supplemental "written notice," pursuant to
California Labor Code section 2699.3(a)(1), of the specific provisions of the California Labor Code
believed to have been violated by Scoobeez; Scoobeez, Inc.; Scoobeez, SD LLC; Scoobeez, Global,
Inc.; Avitus, Inc.; Amazon Logistics, Inc.; and Amazon.com, Inc. Each of these entities, acting as co-
employers, are collectively referred to herein as "the Company." Thank you for your assistance on
this issue.

**Please Note**: This is a supplemental notice letter, following the original letter electronically
submitted on behalf of Mr. Vega on March 13, 2017. Based upon further investigation and discovery,
Mr. Vega now contends that additional corporate entities, as named herein, were acting as his co-
employers, pursuant to California law.

The specific provisions alleged to have been violated by the Company are as follows:

CALIFORNIA LABOR CODE SECTIONS 201-203, 226, 226(a),
226.7, 351, 353, 510, 512, 558, 1174, 1194 and 2802, as well as IWC
Wage Order 9, codified as Title 8, California Code of Regulations,
section 11090 *et seq*.

Facts and theories supporting the allegations: Our client, Arturo Vega, has worked as an
employee for the Company from approximately October of 2014 until August of 2017.

Mr. Vega is amending his original notice letter to include Scoobeez, SD LLC, as Plaintiff did

1

Exhibit 1 - page 145

not know the true legal name of this entity, which he previously named as "Scoobeez Inc." Plaintiff is informed and believes he was employed by Scoobeez, SD LLC who is a licensee of Scoobeez Global, Inc. Scoobeez, Global Inc. is also the parent company of Scoobeez.

Scoobeez corporate address is the address listed on Plaintiff's itemized wage statements. Scoobeez and Scoobeez, Global Inc. also provide training on how to use its "standard system," provides an "operating manual" and requires all its subsidiaries/licensees to "implement all changes" directed by Scoobeez and Scoobeez, Global Inc.

Avitus Inc. also is listed on Plaintiff's itemized wage statements. Moreover, Plaintiff's hiring documents all list and define Avitus Inc. as his "co-employer."

Plaintiff is now naming Scoobeez Global, Inc. This entity is the parent company that owns and operates Scoobeez. Scoobeez Global, Inc. also directly entered into a licensing agreement with Scoobeez, SD LLC in which it dictated terms of employment.

Plaintiff is additionally naming both Amazon Logistics, Inc. and Amazon.com, Inc. ( collectively "Amazon"). Amazon.com, Inc. owns and operates Amazon Logistics, Inc. Amazon is being named as a co-employer as it contracted with Scoobeez, Scoobeez Global, Inc., and Scoobeez SD, LLC to provide "Prime Now" delivery and other Amazon delivery services. Amazon would dictate the amount of hours, drivers, and orders it needed each day for all Amazon deliveries. Amazon mobile application data also provided instructions to Mr. Vega, and other employees, as to where and when he was to pick up and deliver all Amazon orders, including any special requirements for these deliveries. Mr. Vega, and other employees, were also required to wear Amazon polo shirts, and was provided Amazon hats to wear, while making Amazon deliveries.

Based on the above, and on other facts and discovery in Mr. Vega's possession, Mr. Vega alleges that all entities named herein (Scoobeez; Scoobeez, Inc.; Scoobeez, SD LLC; Scoobeez, Global, Inc.; Avitus, Inc.; Amazon Logistics, Inc.; and Amazon.com, Inc.) are his employer, for purposes of California law. Again, for ease of reference, these entities are collectively referred to as "the Company," for the remainder of this correspondence.

Throughout the term of his employment, the Company required Mr. Vega, and all other employees, to experience actions illegal under the California Labor Code, including the following:

- Scoobeez failed to provide all compensation, including minimum wage and overtime compensation, to its employees in violation of, *inter alia*, Labor Code sections 1194, 510, 1174 and the IWC Wage Orders, codified as Title 8, California Code of Regulations, section 11090 (3). This illegal action is due, in part, to The Company's policies of **(1)** failing to properly retain accurate Time Records, in violation of California law, **(2)** failing to provide compensation (including both minimum and overtime compensation) for all time worked by the employees, or time spent under the control of the employer and **(3)** failing to provide the actual Overtime Rate of Pay, as The Company ignores certain compensation when calculating the Regular Rate of Pay. Among other issues, The Company provides compensation based on "scheduled" time and does not accurately record its employees actual times worked or under the

2

Exhibit 1 - page 146

control of The Company. The Company will also improperly alter or edit its employees actual work times, resulting in underpayments. The Company also retains, as part of their internal records (including, but not limited to, the "When I Work" app data and other mobile app data), records which put it on notice of Mr. Vega and others working outside of their scheduled and/or reported hours, but the Company fails to provide any compensation for this work-time.

- The Company failed to provide statutorily-compliant and accurate itemized wage statements. For example, the Company failed to provide an <u>accurate</u> showing of the gross and net wages earned and total hours worked (in violation of Labor Code sections 226(a)(1),(2)(5)), due in part to the failure to pay the legal minimum and overtime compensation, as set forth above. The Company also failed to provide an <u>accurate</u> showing of all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee (in violation of Labor Code section 226(a)(9). The Company also failed to accurately provide the name and address of the legal entity that is the employer, in violation of Labor Code section 226(a)(8).

- The Company failed to provide compliant meal periods or requisite meal period penalty payments, in violation of, *inter alia*, Labor Code sections 226.7, 512, and IWC Wage Order 9, codified as Title 8, California Code of Regulations, section 11090(7) and (11). For example, the Company does not possess a legal meal period policy, and makes no attempt to ensure that its employees are either timely or wholly provided meal periods. The employees would often either miss a meal period entirely, be provided a short or untimely meal period, or be provided only one meal period, even where they were working in excess of 10 hours a day. Additionally, the Company would pressure its employees to either skip, or cut short, a meal period based on customer volume and delivery schedules. The Company also fails to accurately records its employees time spent on meal breaks on the occasions meal breaks were taken. Finally, the Company has never provided a meal period penalty payment to any employee on such occasions.

- The Company failed to provide compliant rest periods or requisite rest period penalty payments, in violation of, *inter alia*, Labor Code sections 226.7, and IWC Wage Order 4 codified as Title 8, California Code of Regulations, section 11090 (12). These violations are due, in part, to the fact that the Company does not possess a legal rest period policy or practice. Moreover, its written policy is deficient as to timing and lacks required language, including the term "major fraction thereof" resulting in employees failing to receive all Rest Periods legally due. The Company does not provide rest periods, as defined by California law. The Company would pressure its employees to either skip, or cut short, a rest period based on customer volume and delivery schedules. Finally, the Company has never provided a rest period penalty payment to any employee.

- The Company failed to ensure that its nonexempt employees fully received the gratuities left for the employees, in that the Company and its agents would collect

3

Exhibit 1 - page 147

and/or take a portion of the gratuities for themselves as a fee/cost, in violation of Labor Code section 351. The Company also fails to keep accurate records of all gratuities received, in violation of Labor Code section 353.

- The Company failed to provide compliant expense reimbursement payments in violation of, *inter alia*, Labor Code section 2802, by failing to provide payments for expenses incurred by Mr. Vega and other employees, including expenses for cell-phone costs, full reimbursement for all gas mileage, work uniform expenses (including expenses for required shirts and hats) and other necessary work supplies. Moreover, in the instances where the Company provided some (although incomplete) reimbursement, the Company improperly taxed these reimbursements, resulting in further underpayment to Mr. Vega and other employees.

- The Company failed to provide all compensation upon termination of employment in violation of Labor Code sections 201-203, due, in part, to the fact that The Company failed to provide proper compensation for all hours worked, and failed to pay full Meal or Rest Period penalties, as discussed above.

To confirm, all of the named co-employer entities are "persons" as defined within California Labor Code section 18.

Again, thank you for your assistance and instruction throughout this matter. Should you have any questions or comments, please do not hesitate to contact the undersigned.

Very Truly Yours,

Eric K. Yaeckel, Esq.

cc: *Via Certified U.S. Mail*

Scoobeez
396 S. Pasadena Ave.
Pasadena, CA 91105

Scoobeez Inc.
396 S. Pasadena Ave.
Pasadena, CA 91105

Scoobeez Global, Inc.
396 S. Pasadena Ave.
Pasadena, CA 91105

4

Exhibit 1 - page 148

Scoobeez, SD LLC
13351 D Riverside Dr. # 422
Sherman Oaks, CA 91423

Amazon.com, Inc.
c/o Registered Agent: CORPORATION SERVICE COMPANY
300 DESCHUTES WAY SW STE 304
TUMWATER, WA 98501

Amazon Logistics, Inc.
410 Terry Avenue North
Seattle, WA 98109

Avitus, Inc.
P.O. Box 2506
Billings, MT 59103

(With additional courtesy copies provided to all counsel of record in *Arturo Vega v. Scoobeez, et. al.*;
San Diego County Superior Court, Case No. 37-2017 -00018285-CU-OE-CTL)

5

Exhibit 1 - page 149

LIVERY

■ Print your name and address on the reverse
so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
or on the front if space permits.

1. Article Addressed to:

Amazon Logistics, Inc.
410 Terry Avenue North
Seattle, WA 98109

X

A. [signature]

B. Received by (Printed Name)

C. Date of Delivery

D. Is delivery address different from Item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

☐ Agent
☐ Addressee

9590 9402 2866 7069 8856 16

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)

7015 0640 0006 7660 9586

Domestic Return Receipt

Exhibit 1 - page 150

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _Brucc Amos_  ☐ Agent  ☒ Addressee<br>B. Received by *(Printed Name)*    C. Date of Delivery |
| 1. Article Addressed to:<br><br>Avitus, Inc.<br>P.O. Box 2506<br>Billings, MT 59103 | D. Is delivery address different from Item 1?  ☐ Yes<br>   If YES, enter delivery address below:  ☐ No |
| ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖<br>9590 9402 2866 7069 8856 23 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☒ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery<br>☐ Insured Mail<br>☐ Insured Mail Restricted Delivery | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☐ Return Receipt for Merchandise<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| 2. Article Number *(Transfer from service label)*<br>7013 1710 0001 8394 7796 | Domestic Return Receipt |

Exhibit 1 - page 151

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

SCOOBEEZ, INC.
4241 JUTLAND DRIVE, SUITE 300
SAN DIEGO, CA 92117

9590 9402 1780 6074 1530 11

2. Article Number (Transfer from service label)

7013 1710 0001 8394 7598

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Ally Benavides_    ☐ Agent
                      ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?    ☐ Yes
   If YES, enter delivery address below:    ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

Exhibit 1 - page 152

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X   JAN 2 2 2018  ☐ Agent ☐ Addressee<br>B. Received by *(Printed Name)*   C. Date of Delivery |
| 1. Article Addressed to:<br><br>Amazon.com, Inc.<br>c/o Registered Agent: CORPORATION SERVICE CO<br>300 DESCHUTES WAY SW STE 304<br>TUMWATER, WA 98501 | D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☐ No |

9590 9402 2866 7069 8856 09

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number *(Transfer from service label)*

7015 3010 0001 9359 2879

Domestic Return Receipt

Exhibit 1 - page 153

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _Laurn Potter_ ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery |
| 1. Article Addressed to:<br><br>AVITUS, INC.<br>175 N. 27ᵗʰ STREET, SUITE 800<br>BILLINGS, MT 59101 | D. Is delivery address different from item 1?  ☐ Yes<br>    If YES, enter delivery address below:  ☐ No |
| ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖<br>9590 9402 2835 7069 4986 25 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☒ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery<br>☐ Insured Mail<br>    Mail Restricted Delivery<br>    (over $500) | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☐ Return Receipt for Merchandise<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| 2. Article Number (Transfer from service label)<br>7015 3010 0001 9359 0592 | |

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

Exhibit 1 - page 154

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by *(Printed Name)*   C. Date of Delivery |
| 1. Article Addressed to:<br><br>Scoobeez, SD LLC<br>14351 D Riverside Dr  # 422<br>Sherman Oaks, CA 91423 | D. Is delivery address different from Item 1?  ☐ Yes<br>   If YES, enter delivery address below:  ☐ No |

|  | 3. Service Type |  |
|---|---|---|
| ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖<br>9590 9402 2835 7069 5233 89 | ☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☒ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery<br>☐ Insured Mail<br>☐ Insured Mail Restricted Delivery (over $500) | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☐ Return Receipt for Merchandise<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| 2. Article Number *(Transfer from service label)*<br>   7015 0640 0006 7660 9593 |  | Domestic Return Receipt |

Exhibit 1 - page 155

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X *Georgekelli*  ☑ Agent  ☐ Addressee<br>B. Received by *(Printed Name)*  C. Date of Delivery<br>George Kelizi  1/18/18 |
| 1. Article Addressed to:<br><br>Scoobeez<br>396 S. Pasadena Ave.<br>Pasadena, CA 91105 | D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☑ No |
| ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖<br>9590 9402 2835 7069 5233 72 | 3.  Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☐ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery<br>☐ Insured Mail<br>☐ Insured Mail Restricted Delivery (over $500) | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☐ Return Receipt for Merchandise<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| 2. Article Number *(Transfer from service label)*<br>F    7013 1710 0001 8394 7789 | Domestic Return Receipt |

Exhibit 1 - page 156

| **TITLE OF CASE (ABBREVIATED):** *Vega v. Scoobeez, Inc., et al.* | |
|---|---|
| **ATTORNEY(S) NAME AND ADDRESS:**       **TELEPHONE**<br>GRAHAM**HOLLIS** APC                                619.692.0800<br>Graham S.P. Hollis, Esq. (SBN 120577)<br>Nicole Roysdon, Esq. (SBN 262237)       **FACSIMILE**<br>3555 Fifth Avenue, Suite 200                      619.692.0822<br>San Diego, California  92103 | |
| **ATTORNEYS FOR:**       **HEARING: DATE-TIME-DEPT.**<br>Plaintiff Unta Key | **CASE NUMBER**<br>37-2017-00018285-CU-OE-CTL<br>consl. w/<br>37-2017-00039527-CU-OE-CTL |

[IMAGED FILE]

## PROOF OF SERVICE

I, Rachel Bray, declare: that I am, and was at the time of service of the papers herein referred to, over the age of 18 years, and not a party to the action. I am employed in the County of San Diego, California, within which county the subject service occurred.  My business address is 3555 Fifth Avenue, Suite 200 San Diego, California 92103.  On June 7, 2018 I served the following document(s):

- **CONSOLIDATED COMPLAINT**

Upon:

William B. Sullivan                                   Attorneys for Plaintiff ARTURO VEGA
helen@sullivanlawgroupapc.com
Eric K. Yaeckel
yaeckel@sullivanlawgroupapc.com
Clint S. Engleson
cengleson@sullivanlawgroupapc.com
**SULLIVAN LAW GROUP, APC**
2330 Third Avenue
San Diego, California 92101
Telephone: (619) 702-6760
Facsimile: (619) 702-6761


Krista M. Cabrera                                   Attorneys for Defendant, SCOOBEEZ, INC., and
kcabera@foley.com                                   SCOOBEEZ GLOBAL, INC. and SHAHAN
**FOLEY & LARDNER LLP**                             OHANESSIAN and Cross-Complainant,
3579 Valley Centre Drive Ste. 300                   SCOOBEEZ
San Diego, CA 92130
Tel: (858) 847-6700/ Fax: (858) 792-6773


Archana A. Manwani
amanwani@foley.com
**FOLEY & LARDNER LLP**
555 South Flower Street, Suite 3500
Los Angeles, CA 90071-2411
Tel.: (213) 972-4500/ Fax: (213) 486-0065

Brian D. Fahy                                          Attorneys for Defendants, AMAZON LOGISTICS,
Brian.fahy@morganlewis.com                             INC., and AMAZON.COM, INC.
John S. Battenfeld
john.battenfeld@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: (213) 612-2500/ Fax: (213) 612-2501

Rafael G. Nendel-Flores                                Attorneys for Defendant, AVITUS, INC.
rafael.nendel-flores@leclairryan.com
Guillermo Tello
Guillermo.Tello@leclairryan.com
**LECLAIRRYAN, LLP**
725 S. Figueroa Street, Suite 350
Los Angeles, CA 90017

Noam Glick                                             Attorneys for Defendant, SCOOBEEZ SD, LLC and
noam@glicklawgroup.com                                 Cross-Defendant, SCOOBEEZ SD, LLC
Kelsey D. McCarthy
**GLICK LAW GROUP, P.C.**
225 Broadway, Suite 2100
San Diego, California 92101

Daniel A. Kaplan                                       Attorneys for Cross-Defendant, SCOOBEEZ SD,
dkaplan@danielkaplanlaw.com                            LLC
Alexandra R. Byler
**LAW OFFICES OF DANIEL A. KAPLAN**
555 West Beech Street, Suite 230
San Diego, CA 92101

☒  ***(BY MAIL)*** I caused a true copy of each document, placed in a sealed envelope with postage fully paid, to be placed in the United States mail at San Diego, California. I am "readily familiar" with this firm's business practice for collection and processing of mail, that in the ordinary course of business said document(s) would be deposited with the U.S. Postal Service on that same day. I understand that the service shall be presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained on this affidavit.

☐  ***(BY FACSIMILE)*** By use of facsimile machine number 619.692.0822, I served a copy of the within document(s) on the above interested parties at the facsimile numbers listed above. The transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine.

☐  ***(ELECTRONIC TRANSMISSION)*** By e-mailing the document(s) to the persons at the e-mail address(es) listed above based on an agreement of the parties to accept service of the documents listed above by e-mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission. XX Or by service of such document(s) through the One Legal filing system. Upon completion of said transmission of said document(s), a certified receipt is issued to filing party acknowledging receipt by One Legal's system.

☐ ***(BY PERSONAL SERVICE)*** I caused such document(s) to be placed in an envelope and delivered by hand to the business/home of the above addressee:

☐ ***(BY OVERNIGHT DELIVERY)*** I caused a true copy of each document, placed in a sealed envelope with delivery fees provided for, to be deposited in a box regularly maintained by  . I am readily familiar with this firm's practice for collection and processing of documents for overnight delivery and know that in the ordinary course of Graham**Hollis** APC business practice the document(s) described above will be deposited in a box or other facility regularly maintained by   or delivered to a courier or driver authorized by   to receive documents on the same date it is placed at Graham**Hollis** APC for collection.


I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on June 7, 2018.

Rachel Bray

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

Morgan Lewis & Bockius, LLP, 300 S Grand Ave Fl 22, Los Angeles CA  90071-3132

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (ACTION IN NONBANKRUPTCY FORUM)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) __01/28/2020__, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

   See Service List, Attached.

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) __01/28/2020__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Conway MacKenzie, Inc.      Daimler Trust                  Levene Neale Bender Yoo & Brill LLP
333 S Hope St Ste 3625       c/o BK Servicing LLC           10250 Constellation Blvd Ste 1700
Los Angeles CA  90071        PO Box 131265                  Los Angeles CA  90067
                             Roseville MN  55113-0011

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __01/28/2020__, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

The Hon. Julia W. Brand, Suite 1382
U.S. Bankruptcy Court, Roybal Federal Building
255 E Temple St, Los Angeles CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| __01/28/2020__ | Renee Robles | *Renee Robles* |
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                                                                    **F 4001-1.RFS.NONBK.MOTION**

page 160

**2:19-bk-14989-WB Service List:**

Richard T Baum on behalf of Stockholder Rosenthal Family Trust
rickbaum@hotmail.com, rickbaum@ecfinforuptcy.com

Richard W Esterkin on behalf of Creditor Amazon Logistics, Inc.
richard.esterkin@morganlewis.com

John-Patrick M Fritz on behalf of Attorney Official Committee Of
Unsecured Creditors jpf@lnbyb.com,
JPF.LNBYB@ecf.inforuptcy.com

John-Patrick M Fritz on behalf of Creditor Committee Official Committee of
Unsecured Creditors jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com

John-Patrick M Fritz on behalf of Interested Party Levene, Neale, Bender,
Yoo & Brill L.L.P. jpf@lnbyb.com, JPF.LNBYB@ecf. inforuptcy.com

John-Patrick M Fritz on behalf of Plaintiff Official Committee of Unsecured Creditors of the
Estates of Scoobeez

and Scoobeez Global, Inc.

jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com

Riebert Sterling Henderson on behalf of Interested Party Courtesy NEF
shenderson@gibbsgiden.com

Vivian Ho on behalf of Creditor FRANCHISE TAX BOARD
BKClaimConfirmation@ftb.ca.gov

David Brian Lally on behalf of Attorney Grigori Sedrakyan
davidlallylaw@gmail.com

David Brian Lally on behalf of Attorney Peter and Barbara Ro Trustees of the Rosenthal Family
Trust UTD

3/25/1988

davidlallylaw@gmail.com

Alvin Mar on behalf of U.S. Trustee United States Trustee (LA)
alvin.mar@usdoj.gov, dare.law@usdoj.gov

Ashley M McDow on behalf of Debtor Scoobeez

amcdow@foley.com,
sgaeta@foley.com;mhebbeln@foley.com;swilson@foley.com;jsimon@foley.com

Ashley M McDow on behalf of Debtor Scoobeez Global, Inc.

amcdow@foley.com,
sgaeta@foley.com;mhebbeln@foley.com;swilson@foley.com;jsimon@foley.com

Ashley M McDow on behalf of Debtor Scoobur LLC

amcdow@foley.com,
sgaeta@foley.com;mhebbeln@foley.com;swilson@foley.com;jsimon@foley.com

Ashley M McDow on behalf of Plaintiff Scoobeez, Inc.

amcdow@foley.com,
sgaeta@foley.com;mhebbeln@foley.com;swilson@foley.com;jsimon@foley.com

Stacey A Miller on behalf of Creditor Porsche Financial Services, Inc.
smiller@tharpe-howell.com

Stacey A Miller on behalf of Creditor Porsche Financial Services, Inc. dba Bentley
Financial Services smiller@tharpe-howell.com

Stacey A Miller on behalf of Creditor Porsche Leasing Ltd.
smiller@tharpe-howell.com

Kevin H Morse on behalf of Creditor Avitus Group, Inc.
kmorse@clarkhill.com, blambert@clarkhill.com

Shane J Moses on behalf of Debtor Scoobeez
smoses@foley.com

Shane J Moses on behalf of Plaintiff Scoobeez, Inc.
smoses@foley.com

Akop J Nalbandyan on behalf of Creditor Roy Anthony Catellanos
jnalbandyan@LNtriallawyers.com, cbautista@LNtriallawyers.com

Akop J Nalbandyan on behalf of Interested Party INTERESTED PARTY
jnalbandyan@LNtriallawyers.com, cbautista@LNtriallawyers.com

Rejoy Nalkara on behalf of Creditor BMW Financial Services NA, LLC, c/o AIS
Portfolio Services, LP rejoy.nalkara@americaninfosource.com

Anthony J Napolitano on behalf of Creditor Hillair Capital Management LLC
anapolitano@buchalter.com,
IFS_filing@buchalter.com;salarcon@buchalter.com

David L. Neale on behalf of Attorney Official Committee Of Unsecured
Creditors dln@lnbyb.com

David L. Neale on behalf of Creditor Committee Official Committee of Unsecured
Creditors dln@lnbyb.com

David L. Neale on behalf of Interested Party Levene, Neale, Bender, Yoo & Brill
L.L.P. dln@lnbyb.com

Aram Ordubegian on behalf of Interested Party Courtesy NEF
ordubegian.aram@arentfox.com

Hamid R Rafatjoo on behalf of Creditor Shahan Ohanessian
hrafatjoo@raineslaw.com,
bclark@raineslaw.com;cwilliams@raineslaw.com

Gregory M Salvato on behalf of Creditor Azad Baban

gsalvato@salvatolawoffices.com,

calendar@salvatolawoffices.com;jboufadel@salvatolawoffices.com;gsalvato@ecf. inforuptcy.com

Gregory M Salvato on behalf of Interested Party INTERESTED PARTY
gsalvato@salvatolawoffices.com,

calendar@salvatolawoffices.com;jboufadel@salvatolawoffices.com;gsalvato@ecf. inforuptcy.com

Jeffrey S Shinbrot on behalf of Creditor Shahan Ohanessian
jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com

Steven M Spector on behalf of Creditor Hillair Capital Management LLC
sspector@buchalter.com,
IFS_efiling@buchalter.com;salarcon@buchalter.com

United States Trustee (LA)
ustpregion16.1a.ecf@usdoj.gov

Kimberly Walsh on behalf of Creditor Texas Comptroller of Public
Accounts bk-kwalsh@texasattorneygeneral.gov

Eric D Winston on behalf of Creditor Hillair Capital Management, LLC
ericwinston@quinnemanuel.com

Eric K Yaeckel on behalf of Creditor Arturo Vega
yaeckel@sullivanlawgroupapc.com

**2:19-bk-14989-WB Notice will not be electronically mailed to:**

Armory Securities, LLC

Conway MacKenzie, Inc.
333 S Hope St Ste 3625
Los Angeles, CA 90071

Daimler Trust
c/o BK Servicing, LLC
PO Box 131265
Roseville, MN 55113-0011

Force Ten Partners, LLC

Levene Neale Bender Yoo & Brill LLP
10250 Constellation Blvd Ste 1700
Los Angeles, CA 90067