# EXHIBIT N

# Morgan Lewis

**Richard W. Esterkin**
+1.213.612.1163
richard.esterkin@morganlewis.com

February 11, 2020

**VIA EMAIL**

Jennifer L. Nassiri
John B. Quinn
Crystal Nix-Hines
Eric Winston
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
johnquinn@quinnemanuel.com
crystalnixhines@quinnemanuel.com
ericwinston@quinnemanuel.com
jennifernassiri@quinnemanuel.com

Re:   In re: Scoobeez, et al., Case No. 2:19-bk-14989-WB (Bankr. C.D. Cal.)

Dear Counsel:

We are in receipt of your correspondence dated January 24, 2020 and February 9, 2020 ("Discovery Correspondence") responding to Amazon's January 15, 2020 deficiency letter and purporting to identify alleged deficiencies in Amazon's production. As to the former, in an effort to narrow the scope of outstanding disagreements between the parties, Amazon will limit its response to issues that necessitate further discussions. As to the latter, Amazon has completed a fulsome production in response to Hillair's document requests. Indeed, Amazon already has produced thousands of pages of documents and significant data, and has made five witnesses available to be deposed, despite significant scheduling difficulties.

Amazon will address each of the specific issues discussed in the Discovery Correspondence in detail below but, to be clear, will vigorously oppose any request to further postpone the hearing on its motion for relief from the automatic stay. Amazon has produced a significant volume of discovery that conclusively demonstrates that Amazon decided to terminate its contract with Scoobeez, along with more than a dozen other DSPs, as part of a systemic review of its DSP population due to Scoobeez' history of wage and hour litigation. This is evidenced by witness testimony and documents, *including* Micah McCabe's July 1, 2019 report, all of which have been produced contrary to Hillair's assertions. *See, e.g.,* AMAZON_H002422 (McCabe's July 1, 2019 proposal); AMAZON_H002459-69 (describing July 1 meeting and DSP analysis); AMAZON_H002451, AMAZON_H002453-58 (analyses of DSPs).

In the recent Discovery Correspondence, Hillair suggests that without certain other documents that were not directly requested in discovery, Hillair will not be able to proceed with Ms. Richardson's

**Morgan, Lewis & Bockius LLP**

300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132        +1.213.612.2500
United States                                 +1.213.612.2501

Jennifer Nassiri
February 11, 2020
Page 2

deposition and, as a result, will seek to continue the hearing on Amazon's motion for relief from the stay. This makes no sense. Hillair did not even suggest it needed to depose Ms. Richardson until Thursday, January 30, over a month after Amazon began its document production.

I.  **Hillair's Responses to Amazon's Deficiency Letter**

As an initial matter, Amazon rejects Hillair's characterization of the parties' December 23, 2019 call and Hillair's attempts to limit its discovery obligations. Indeed, for many of the requests where Hillair generically claims that the request is overly burdensome, Amazon requested – and Hillair agreed – to provide specific facts demonstrating the alleged burden. Hillair has failed to do so and therefore, has not complied with its discovery obligations. While we are happy to meet and confer on specific issues, including those discussed below, Amazon asks that Hillair please ensure its production satisfies Hillair's discovery obligations.

First, Amazon's **Request No. 5** seeks communications between Hillair and third parties concerning or relating to the Amazon Agreement. Communications with investors, potential investors, and outside consultants may well have discussed the risks inherent in Hillair's loan to Scoobeez given the terms of the Amazon Agreement and Scoobeez' reliance upon the continuation of its relationship with Amazon. Hillair's recognition of these risks is directly relevant to the arguments made by Hillair in opposition to Amazon's motion. If such documents exist, they should be produced. If such documents do not exist, as is implied in your January 24, 2020 letter, Hillair should say so and put an end to this issue.

Second, Hillair has refused and/or failed to produce final copies of draft emails included in its production. For example, in response to Amazon's request for a "finalized" copy of a draft letter that appears to have been directed to Amazon at **HILLAIR00000159-160**, Hillair refused to provide the "final" letter, instead suggesting that if the letter was sent to Amazon, Amazon would already have it. Because Amazon does not know whether this draft letter is the final product, to whom the letter would have been sent, who would have sent the letter, in what form it would have been provided, or when it would have been sent, it is unreasonable to suggest that Amazon should be able to locate this letter in its records. Please either produce a copy of the final letter or confirm that there were no later drafts and that the letter was never sent. Similarly, Hillair said that it would search for the finalized email associated with **HILLAIR00000019**, a draft email to an individual requesting additional funding to support Scoobeez. Please produce copies of all subsequent drafts of this e-mail, including copies of all e-mails sent based upon those drafts or confirm that there are no subsequent drafts of that e-mail and that the e-mail was not sent to potential investors.

Third, Hillair has failed in some instances to produce complete document families. For example, Hillair has refused to provide the attachment to **HILLAIR00000182-184**, email correspondence in which Jeffrey Berman offers to provide additional information to Hillair about Scoobeez. Hillair characterizes the attachment as a "generic NDA." If this is the case, there is no reason to withhold its production. Hillair also refused to produce a draft term sheet attached to **HILLAIR00000259-266**, email correspondence between the same parties. The draft term sheet is responsive and material to show the terms first proposed transaction between Scoobeez and Hillair. To the extent the terms bear on an analysis of Scoobeez' business and the risks associated with Scoobeez' relationship with Amazon, the draft term sheet may be responsive to a number of Requests, including Request Nos. 2 (communications between Hillair and Scoobeez re: Amazon Agreement) and 10 (documents re: Scoobeez' operations including financial statements). Next, Hillair also has further refused to produce the attachment to **HILLAIR00000251-253**, email correspondence in

Jennifer Nassiri
February 11, 2020
Page 3

which Hillair asks Scoobeez to "generate below analysis assuming no additional hub expansion." Hillair characterizes the analysis as not relevant nor responsive to any of Amazon's Requests. However, to the extent the analysis touches on Scoobeez' business operations and the impact of "no additional hub expansion" on Scoobeez' volume of business, the analysis may be relevant to Request No. 10, and may reflect Hillair's awareness of the limitations imposed by the Amazon Agreement. That Request seeks documents referring or relating to Scoobeez' operations including communications between Hillair employees and Scoobeez employees. Therefore, Amazon reaffirms its demand that Hillair produce the aforementioned documents.

Fourth, Hillair has not addressed the remaining issues identified regarding its document production. For example, Hillair did not respond to Amazon's requests for a legible copy of **HILLAIR00001294**, which appears to be a report of Scoobeez' cash flow. Please re-produce a clear and legible copy of the document or confirm that a legible copy does not exist. As to Amazon's requests for a spreadsheet discussed between Hillair and Scoobeez in **HILLAIR00000299-302**, Hillair responds that it is "at a loss as to how this spreadsheet is material or responsive." In this correspondence, Hillair poses a number of questions to Scoobeez after appearing to notice some differences between a current and prior spreadsheet. The requested spreadsheet is the latter of the two spreadsheets. Production is relevant to Hillair's business analysis of Scoobeez' operations, including Hillair's recognition that Scoobeez was not being forthcoming in the information that Scoobeez was providing to Hillair. Therefore, please produce the referenced spreadsheet or confirm that Hillair does not have a copy of the spreadsheet.

## II. Amazon's Responses to Hillair's Alleged Deficiencies in Amazon's Production

As an initial matter, Amazon denies Hillair's vague allegations regarding perceived production deficiencies. Amazon collected and produced thousands of pages of non-privileged information and data responsive to Hillair's document requests. The following are Amazon's responses to Hillair's specific allegations regarding Amazon's production.

First, Hillair requests that Amazon produce a July 1, 2019 report and Scoobeez' scorecards. Despite Hillair's accusation that Amazon's production has been "materially deficient," Amazon previously produced these documents. For example, the requested July 1, 2019 report, which contains the "original analysis," was previously produced at AMAZON_H002422. Amazon also previously produced Scoobeez' scorecards to Hillair at AMAZON_H000163 – AMAZON_H002106. By way of further response, Amazon disagrees with Hillair's mischaracterization of Mr. McCabe's testimony as it relates to the scorecards.

Second, Hillair submits—for the first time— new requests categorized as "Audit Reports" and "Uncured Breaches." Amazon notes that it disagrees with Hillair's mischaracterization as to Scoobeez' audit reports. As Mr. McCabe testified, Amazon determined to terminate its relations with Scoobeez based upon its history of wage/hour litigation. *See* McCabe Dep. 49:3-50:7. Nevertheless, Amazon already produced Scoobeez' audit findings that Mr. McCabe and Mr. Wilson considered in conjunction with Amazon's decision to terminate Amazon's relationship with Scoobeez. *See* AMAZON_H002452. As to Hillair's request for documents concerning Scoobeez' "uncured breaches," Amazon previously produced spreadsheets concerning Scoobeez' breaches of its Agreement with Amazon, the contents of which speak for themselves. *See, e.g.*, AMAZON_E00000358, 361, 363, 370, 372, 379, and 381. To the extent Hillair assumes that these documents reflect Scoobeez' only breaches of its Agreement with Amazon, Amazon disagrees with

Jennifer Nassiri
February 11, 2020
Page 4

such assumption.  While not required, to avoid unnecessary court intervention, Amazon will be making a supplemental production relating to Scoobeez' audit history.

Third, Hillair raises a number of alleged issues related to Amazon's redactions of its documents.  Amazon will respond to each issue in turn.

Hillair alleges that during the parties' December 23, 2019 meet and confer, Amazon "committed to producing relevant documents while redacting **only the names** of DSPs, while disclosing relevant metrics for all DSPs such that a proper comparison[] could be made."  Therefore, Hillair alleges that Amazon improperly redacted "all information concerning all other DSPs in numerous documents," identifying such documents by bates number.  Amazon disagrees with Hillair's characterization of the parties' meet and confer.  At no time did Amazon agree that the only confidential and sensitive information it would redact would be the names of other DSPs.  To the contrary, Amazon specifically noted that it would redact non-relevant confidential information, just as Hillair indicated it would do (and did do).  The redactions in the documents Hillair identifies concern compliance and breach information of other DSPs, which has no relevance to the pending motion to modify the automatic stay.

Hillair next alleges that AMAZON_E000517, an email from Jimmy Wilson (Amazon) to others, is improperly redacted.  In this email, Jimmy Wilson comments that the "timing [of Scoobeez' exit] is difficult to predict at this time . . . ."  As Hillair correctly points out, the remainder of the comments from Mr. Wilson's statement are redacted.  The redaction is proper because the redacted text on AMAZON_E000517 reflects advice from counsel.

The redacted text on AMAZON_E000365 concerns breach information relating to DSPs other than Scoobeez, which, as noted above, has no relevance to the pending motion to modify the automatic stay.

In response to your request that Amazon produce the document AMAZON_E000381-513 in native format because you claim that the document is illegible, I am including with this letter the native file from which those documents were created.  Please note that some of the redactions are white due to a formatting issue caused by the negative redaction application.  The redactions in this document are the same as the image file previously produced.

Finally, Hillair notes that "Amazon redacted recipients of the emails produced as ML_Hillair000010; ML_Hillair000040; ML_Hillair000110; ML_Hillair000125; and ML_Hillair000128 without basis."  The redacted text reflects the names of in-house counsel that were handling the matter.  Thus, the redactions were proper.

We hope to resolve these issues raised in this letter without the need for the Court's intervention and are available if you would like to discuss these issues further.  With that being said, Amazon reaffirms its opposition to any request to extend the parties' current briefing and hearing schedule.  As this letter confirms, the discovery process has provided the information necessary for the parties to proceed with this matter without further delay.

Jennifer Nassiri
February 11, 2020
Page 5

Sincerely,

Richard W. Esterkin

cc: All Counsel of Record