John B. Quinn (Bar No. 90378)
johnquinn@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Eric Winston (Bar No. 202407)
ericwinston@quinnemanuel.com
Jennifer L. Nassiri (Bar No. 209796)
jennifernassiri@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA  90017
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Secured Creditor,
HILLAIR CAPITAL MANAGEMENT, LLC

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>SCOOBEEZ, et al.[1]<br><br>Debtors and Debtors in Possession.<br><br>Affects:<br><br>■ All Debtors<br>☐ Scoobeez, ONLY<br>☐ Scoobeez Global, Inc., ONLY<br>☐ Scoobur, LLC, ONLY | CASE NO. 2:19-bk-14989-WB<br>Jointly Administered:<br>2:19-bk-14991-WB; 2:19-bk-14997-WB<br>Chapter 11<br><br>**HILLAIR CAPITAL MANAGEMENT'S (I) REQUEST TO SCHEDULE EVIDENTIARY HEARING AND (II) EVIDENTIARY OBJECTIONS TO DECLARATIONS IN SUPPORT OF AMAZON'S MOTION FOR AN ORDER: (A) DETERMINING THAT THE AUTOMATIC STAY DOES NOT REQUIRE AMAZON TO UTILIZE DEBTORS' SERVICES, AND (B) MODIFYING THE AUTOMATIC STAY**<br><br>Date:    March 16, 2020<br>Time:   10:00 am<br>Dept.:   1375<br>         United States Bankruptcy Court<br>         255 E. Temple Street<br>         Los Angeles, CA 90012<br><br>The Hon. Julia Brand |

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Scoobeez (6339); Scoobeez Global, Inc. (9779); and Scoobur, LLC (0343). The Debtors' address is 3463 Foothill Boulevard, Glendale, California 91214.

Case No. 2:19-bk-14989-WB
HILLAIR CAPITAL MANAGEMENT'S EVIDENTIARY OBJECTIONS

Pursuant to the provisions of Local Rule 9013-1(i)(1) and (2), Hillair Capital Management, LLC ("Hillair"), the Debtors' senior secured creditor, respectfully:

- Requests this Court schedule a further hearing on the *Motion for an Order: (A) Determining that the Stay Does not Require Amazon to Utilize Debtor's Services and (B) Modifying the Automatic Stay* (the "Stay Relief Motion") [Dkt. No. 393] to permit cross-examination of witnesses to the extent the Stay Relief Motion is not denied on or after the March 16, 2020 hearing;[2] and

- Submits the following evidentiary objections to the declarations submitted by Amazon Logistics, Inc. ("Amazon") in support of the Stay Relief Motion; Amazon's Reply in support of its Stay Relief Motion (the "Stay Relief Reply") [Dkt. No. 430], and Amazon's Supplemental Brief in support of its Stay Relief Motion (the "Stay Relief Supplemental Brief") [Dkt. No. 605].[3]

## I. REQUEST FOR FURTHER HEARING TO PERMIT CROSS-EXAMINATION OF WITNESSES IF THE AUTOMATIC STAY MOTION IS NOT DENIED

As indicated in Hillair's supplemental brief filed on February 19, 2020, to the extent that this Court concludes that the Stay Relief Motion should not be denied based on the legal arguments and documentary evidence submitted, Hillair requests the opportunity to cross-examine the witnesses who submitted declarations in support of the Stay Relief Motion.  For avoidance of doubt, Hillair believes that, based on the legal arguments and documentary evidence presented, Amazon has failed to sustain its initial burden of showing any harm by imposition of the automatic stay, and even if it had sustained its burden, the balance of harms clearly favors denial of the Stay Relief Motion.  However, if the Court concludes otherwise, Hillair believes that cross-examination will conclusively show that Amazon's motion should be denied.  The ability to cross-

---

[2] Currently scheduled to be heard on March 16 is the Debtors' motion for a preliminary injunction in Adversary Proceeding Case No. 19-01456-WB [Dkt No. 2].  To the extent the Court schedules an evidentiary hearing on Amazon's Stay Relief Motion, it would be efficient to schedule a concurrent evidentiary hearing on the Debtors' motion in the Adversary Proceeding.

[3] Amazon's counsel and Hillair's counsel agreed to file written evidentiary objections one week prior to the March 16, 2020 hearing.

examine witnesses is particularly necessary in light of the factual assertions contained in Amazon's supplemental brief, which are inconsistent with the facts obtained through discovery.

Local Rule 9013-1(i)(1) provides that "[t]he court may, at its discretion, in addition to or in lieu of declaratory evidence, require or allow oral examination of any declarant or any other witness in accordance with FRBP 9017.  When the court intends to take such testimony, it will give the parties 2 days' notice of its intention, if possible, or may grant such a continuance as it may deem appropriate."  Local Rule 9013-1(i)(5) further provides that "[i]f the court decides to hear oral testimony, the matter may be continued to another date for final hearing."  Accordingly, to the extent that the Court does not deny the Stay Relief Motion outright during or after the March 16 hearing, Hillair requests that this Court schedule a further hearing to permit cross-examination of witnesses.

## II. OBJECTIONS TO THE DECLARATION OF VANESSA DELANEY, DATED SEPTEMBER 30, 2019

Hillair hereby submits the following evidentiary objections to the Declaration of Vanessa Delaney, attached to a request to take judicial notice filed in support of the Stay Relief Motion ("Delaney Declaration") [Dkt. No. 349].

Amazon requested judicial notice of the Delaney Declaration, which was the only evidence Amazon offered in support of its Stay Relief Motion.  However, this Court cannot take judicial notice of a declaration for the purposes of the contents of that declaration, which means the Delaney Declaration is not admissible evidence.  *See, e.g.* Fed. R. Evid. 201(b) (only facts not subject to reasonable dispute may be judicially noticed); *In re Sinclair,* 563 B.R. 554, 573 (Bankr. E.D. Cal. 2017) (a court could only take judicial notice of the existence of matters of public record not the veracity of the arguments and disputed facts contained therein).

Further, several statements contained in the Delaney Declaration are inadmissible, as set forth below:

| Asserted Evidence | Objection |
|---|---|
| ¶ 5. "To date, Scoobeez has not provided Amazon or Amazon.com, Inc. with a defense in the foregoing litigation or indemnified them with respect to the plaintiffs' claims. To date, Amazon and Amazon.com, Inc. have incurred defense costs in connection with the foregoing litigation and have not been reimbursed by Scoobeez for those costs." | Irrelevant (Fed. R. Evid. 402). Evidence regarding Amazon's asserted litigation costs on account of prepetition claims, indemnified or not, has no relevance because upon commencing these chapter 11 cases, Scoobeez could not pay any prepetition claims absent order of this Court. No order authorizing such payment has been sought or obtained.<br><br>Further, Amazon's own witnesses have conceded that the presence or absence of indemnification had nothing to do with Amazon's decision to terminate its contract with Scoobeez. Dkt. 609 at 8-9. Accordingly, any assertions regarding prepetition indemnification claims should be excluded as irrelevant. Moreover, Amazon later submitted evidence confirming Amazon had no interest in receiving indemnification for these costs. *See* Declaration of James Wilson, filed in support of Amazon's TRO Opposition ("10/28/19 Wilson Declaration"), at ¶ 8 [Adv. Dkt. No. 10]. |

### III. CONDITIONAL OBJECTIONS TO THE DECLARATION OF JAMES WILSON, DATED OCTOBER 28, 2019

Although the only evidence Amazon submitted in support of the Stay Relief Motion was the Judicial Notice Request, Amazon also submitted the 10/28/19 Wilson Declaration. To the extent that Amazon intends to rely upon the 10/28/19 Wilson Declaration in support of the Stay Relief Motion, Hillair hereby submits the following evidentiary objections:

| Asserted Evidence | Objection |
|---|---|
| ¶ 8. "In fact, had Amazon Logistics been concerned with collecting the pre-petition amounts owed to it, it would have consented to the assumption and assignment of the Contract, which would have required the payment in full of those obligations." | <u>Lack of Foundation/Personal Knowledge</u> (Fed. R. Evid. 602). To the extent Mr. Wilson purports to opine on the existence or nature of any "pre-petition amounts owed," or the legal effect of any "consent[] to the assumption and assignment of the Contract," his testimony lacks foundation and is improper lay opinion. It is an incomplete hypothetical (Amazon opposed assumption and had already determined to terminate the Amazon Contract, which was not disclosed). Mr. Wilson also fails to lay foundation for his purported knowledge of decisions or actions Amazon could or would have taken. |
| ¶ 10. "In Amazon's experience, drivers are more likely to remain employed with a departing DSP and find new employment with another DSP (and therefore lose less wages overall) if the foregoing information is communicated at the same time as the drivers learn the DSP/Amazon relationship is ending." | <u>Irrelevant</u> (Fed. R. Evid. 402). Mr. Wilson's assessment of the likelihood of drivers' continued employment lacks relevance and is unduly prejudicial, especially when not supported by any other facts.<br><br><u>Lack of Foundation/Personal Knowledge</u> (Fed. R. Evid. 602). Mr. Wilson fails to provide sufficient evidence establishing his familiarity with or knowledge of the likelihood of drivers' continued employment. |
| ¶ 10. "The drivers also appreciate being 'kept in the loop' and being able to connect with other potential employers (e.g., other DSPs) to plan for the future." | <u>Irrelevant</u> (Fed. R. Evid. 402). Mr. Wilson's subjective assessment of the drivers' alleged responses is irrelevant and prejudicial, especially when not supported by any other facts.<br><br><u>Lack of Foundation/Personal Knowledge</u> (Fed. R. Evid. 602). Mr. Wilson fails to provide sufficient foundation establishing his familiarity with or knowledge of the drivers' collective feelings.<br><br><u>Inadmissible Hearsay</u> (Fed. R. Evid. 801, 802, 803). To the extent Mr. Wilson offers a summary of out-of-court statements made by drivers for their truth, this constitutes inadmissible hearsay. |

## IV. CONDITIONAL OBJECTIONS TO THE DECLARATION OF RICHARD W. ESTERKIN, DATED OCTOBER 28, 2019

Amazon submitted the Declaration of Richard W. Esterkin in support of Amazon's TRO Opposition ("Esterkin Declaration") [Adv.Dkt. No. 10].  To the extent that Amazon intends to rely upon the Esterkin Declaration in support of the Stay Relief Motion, Hillair hereby submits the following evidentiary objections

| Asserted Evidence | Objection |
|---|---|
| ¶ 2. "I believe that, because Scoobeez, Inc. ('Scoobeez') does not have a property interest under its contract with Amazon Logistics to be assigned any particular number of routes, or any routes at all, Amazon Logistics is not precluded from altering the number of routes assigned to Scoobeez by the automatic stay." | The purpose of a declaration is to submit evidence; it is improper to use a declaration to present legal arguments from an attorney. *See, e.g., Silver v. Executive Car Leasing Long-Term Disability Plan*, 466 F.3d 727, 731 n.2 (9th Cir. 2006) (affirming district court's exclusion of a declaration from plaintiff's counsel because it "contains legal argument that was not appropriate for a declaration, as well as analysis of complex [facts] as to which [plaintiff's] attorney would not have been competent to testify").<br><br>Irrelevant (Fed. R. Evid. 402).  Mr. Esterkin's subjective beliefs about the contract with Amazon Logistics are not relevant.  *Shaw v. Regents of Univ. of Cal.*, 58 Cal. App. 4th 44, 54–55 (1997).<br><br>Inadmissible Legal Conclusions/Opinions (Fed. R. Evid. 701; *see Plush Lounge Las Vegas LLC v. Hotspur Resorts Nev. Inc.*, 371 F. App'x 719, 720-21 (9th Cir. 2010) (district court did not abuse its discretion by striking large portions of declarations because "[t]he declarations presented legal conclusions without underlying factual support, and therefore constitute 'unsupported speculation,'" such that district court reasonably determined "that the declarations fell short of the reliability and relevancy requirements for the admissibility of expert testimony"). |

| Asserted Evidence | Objection |
|---|---|
|  | <u>Lack of Foundation/Personal Knowledge</u> (Fed. R. Evid. 602).  To the extent Mr. Esterkin purports to opine on the legal effect of the contract with Amazon Logistics or its terms, his testimony lacks foundation and is improper lay opinion.<br><br><u>Inadmissible Hearsay</u> (Fed. R. Evid. 801, 802, 803).  To the extent Mr. Esterkin offers summaries of out-of-court statements made in agreements between the parties for their truth, this constitutes inadmissible hearsay. |
| ¶ 2. "Prior to the filing of the current application for a temporary restraining order, Scoobeez had not taken the position that a material reduction by Amazon would violate the automatic stay." | <u>Irrelevant</u> (Fed. R. Evid. 402).  Whatever "positions" Mr. Esterkin asserts Scoobeez has or has not taken regarding what constitutes a violation has no relevance to this Court's determination. |

## V. OBJECTIONS TO THE DECLARATION OF JAMES WILSON, DATED NOVEMBER 11, 2019

Hillair hereby submits the following evidentiary objections to the Declaration of James Wilson, filed in support of Amazon's Stay Relief Reply ("<u>11/11/19 Wilson Declaration</u>") [Dkt. No. 430].

As an initial matter, "[i]t is well established that issues cannot be raised for the first time in a reply brief." *Gadda v. State Bar of Cal.*, 511 F.3d 933, 937 n. 2 (9th Cir. 2007); *see also Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."). This tenet applies with even greater force to evidence which was available to Amazon all along.  Therefore, any evidence offered in support of Amazon's Stay Relief Reply by Mr. Wilson, a current Amazon employee who submitted declarations in support of earlier briefs (or any other witness), should be disregarded.

Further, several statements contained in the 11/11/19 Wilson Declaration are inadmissible, as set forth below:

| Asserted Evidence | Objection |
|---|---|
| ¶ 3. "Based upon the number of routes run, during weeks 43 and 44, Scoobeez is in the top 5% of all DSPs utilized by Amazon Logistics. Indeed, Amazon has increased the average number of routes awarded to Scoobeez following the filing of its bankruptcy petition above the average number of routes awarded to Scoobeez during 2019 in the months before Scoobeez filed its bankruptcy petition." | <u>Irrelevant</u> (Fed. R. Evid. 402). Evidence regarding the Scoobeez's historical routes is irrelevant to Amazon's decision in August 2019 to terminate the Scoobeez's contract, and in September 2019 to treat Scoobeez adversely as compared to other DSPs in the applicable stations through the "peak" holiday period. Dkt. 609 at 3. |

## VI. OBJECTIONS TO THE DECLARATION OF MEREDITH RICCIO, DATED FEBRUARY 18, 2020

Hillair hereby submits the following evidentiary objections to the Declaration of Meredith Riccio, filed in support of Amazon's Stay Relief Supplemental Brief (the "<u>Riccio Declaration</u>") [Dkt. Nos. 607, 623].

| Evidence | Objection |
|---|---|
| ¶ 2. "I am currently in communication with counsel for a Scoobeez driver whose employment by Scoobeez terminated in October 2019 and who alleges that Scoobeez failed to compensate its drivers at the statutorily-required overtime rate for all hours worked per week in excess of forty and failed to compensate its drivers for all hours worked in excess of eight (8) per day." | <u>Inadmissible Hearsay</u> (Fed. R. Evid. 801, 802, 803). To the extent Ms. Riccio offers summaries of out-of-court statements made in pleadings from other cases for their truth, this constitutes inadmissible hearsay.<br><br><u>Best Evidence Rule</u> (Fed. R. Evid. 1002). To the extent Ms. Riccio testifies about the contents of pleadings from other cases, this violates the best evidence rule. The complaints speak for themselves. |
| ¶ 3. "The above-referenced pending claim alleges ongoing wage and hour violations and remains unresolved." | <u>Inadmissible Hearsay</u> (Fed. R. Evid. 801, 802, 803). To the extent Ms. Riccio offers summaries of out-of-court statements made in pleadings from other cases for their truth, this constitutes inadmissible hearsay.<br><br><u>Best Evidence Rule</u> (Fed. R. Evid. 1002). To the extent Ms. Riccio testifies about the contents of pleadings from other cases, this violates the best evidence rule. The complaints speak for themselves. |

VII. **OBJECTIONS TO THE DECLARATION OF JAMES WILSON, DATED FEBRUARY 19, 2020**

Hillair hereby submits the following evidentiary objections to the Declaration of James Wilson, filed in support of Amazon's Stay Relief Supplemental Brief ("2/19/20 Wilson Declaration") [Dkt. No. 605].

| Evidence | Objection |
|---|---|
| Exhibits C, D, E, and F | Each of Exhibits C, D, E, and F are correspondence dated approximately one year ago, March 2019. Evidence which has been available to Amazon and submitted for the first time in a supplemental reply should be disregarded.<br><br>Irrelevant (Fed. R. Evid. 402). Evidence regarding any purported pre-petition claims for which no bankruptcy claims have been filed has no relevance.[4]<br><br>Inadmissible Hearsay (Fed. R. Evid. 801, 802, 803). To the extent Mr. Wilson offers these Exhibits into evidence for the truth of their contents, it constitutes inadmissible hearsay because they are out-of-court statements. |

---

[4] Each of the entities asserting claims in Exhibits C-F did not file proofs of claim in the Scoobeez cases.

## VIII. OBJECTIONS TO THE DECLARATION OF TUYET T. NGUYEN, DATED FEBRUARY 19, 2020

Hillair hereby submits the following evidentiary objections to the Nguyen Declaration filed in support of Amazon's Stay Relief Supplemental Brief. [Dkt. No. 606.]

| Evidence | Objection |
| --- | --- |
| ¶ 2. "On February 6, 2020, I attended a mediation on behalf of Amazon Logistics in which it agreed to pay $2,160,000 to satisfy three wage and hour claims: (1) *Key v. Scoobeez, Inc., et al.*, San Diego County Superior Court, Case No. 37-2017-00039527; (2) *Vega v. Scoobeez, Inc.*, et al., San Diego County Superior Court, Case No. 37-2017-00018285; and (3) *Griffin v. Scoobeez, Inc.*, et al., Los Angeles County Superior Court, Case No. BC707677. | <u>Irrelevant</u> (Fed. R. Evid. 402). Whatever occurred during the mediation released with prejudice any claims against Scoobeez and did not obligate Scoobeez to indemnify Amazon; otherwise, the mediated settlement would require this Court's approval, which has not been sought. Accordingly, whatever Amazon Logistics agreed to pay is irrelevant. |
| Exhibit A (Memorandum of Understanding) | <u>Irrelevant</u> (Fed. R. Evid. 402).<br><br><u>Inadmissible Hearsay</u> (Fed. R. Evid. 801, 802, 803). To the extent Mr. Nguyen offers this Exhibit into evidence for the truth of its contents, it constitutes inadmissible hearsay because it is an out-of-court statement. |

## IX. OBJECTIONS TO THE APPENDIX OF EXHIBITS IN SUPPORT OF AMAZON'S STAY RELIEF SUPPLEMENTAL BRIEF

Hillair hereby submits the following evidentiary objections to Exhibits 3, 7, 8, and 14 to the Appendix, filed in support of Amazon's Stay Relief Supplemental Brief. [Dkt. No. 605.]

| Evidence | Objection |
| --- | --- |
| Exhibits 3, 7, 8, and 14 | <u>Inadmissible Hearsay (Fed. R. Evid. 801, 802, 803).</u> Exhibits 3, 7, 8, and 14 are deposition transcripts from the depositions of current Amazon employees. To the extent these Exhibits are offered into evidence for the truth of their contents, it constitutes inadmissible hearsay because they are out-of-court statements. |

## CONCLUSION

Based on the foregoing, Hillair respectfully requests that this Court schedule an evidentiary hearing on the Stay Relief Motion in the event that it does not deny such Motion on or after the March 16, 2020 hearing, and that it sustain all of Hillair's Evidentiary Objections.

DATED: March 9, 2020
QUINN EMANUEL URQUHART & SULLIVAN, LLP

By _____
John B. Quinn
Crystal Nix-Hines
Eric D. Winston
Jennifer L. Nassiri

*Attorneys for Secured Creditor Hillair Capital Management, LLC*

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On March 9, 2020, I served true copies of the following document(s) described as:

**HILLAIR CAPITAL MANAGEMENT'S (I) REQUEST TO SCHEDULE EVIDENTIARY HEARING AND (II) EVIDENTIARY OBJECTIONS TO DECLARATIONS IN SUPPORT OF AMAZON'S MOTION FOR AN ORDER: (A) DETERMINING THAT THE AUTOMATIC STAY DOES NOT REQUIRE AMAZON TO UTILIZE DEBTORS' SERVICES, AND (B) MODIFYING THE AUTOMATIC STAY**

on the parties in this action as follows:

| | |
|---|---|
| Ashley M. McDow<br>John A. Simon<br>Shane J. Moses<br>FOLEY & LARDNER LLP<br>555 S. Flower St. 33rd Floor<br>Los Angeles, CA 90071<br>Tel. no. 213-972-4500<br>amcdow@foley.com<br>jsimon@foley.com<br>smoses@foley.com | Richard W. Esterkin<br>MORGAN, LEWIS & BOCKIUS<br>300 S. Grand Ave., Floor 22<br>Los Angeles, CA 90071-3132<br>Tel. no. 213-612-2500<br>richard.esterkin@morganlewis.com |
| John-Patrick M. Fritz<br>David L. Neale<br>LEVENE, NEALE, BENDER, YOO & BRILL LLP<br>10250 Constellation Blvd., Suite 1700<br>Los Angeles, CA 90067<br>Tel. no. 310-229-1234<br>jpf@lnbyb.com<br>dln@lnbyb.com | Dare Law<br>OFFICE OF THE UNITED STATES TRUSTEE<br>915 Wilshire Blvd., Suite 1850<br>Los Angeles, CA 90017<br>Tel. no. 213-894-4219<br>alvin.mar@usdoj.gov |
| A. Klair Fitzpatrick<br>MORGAN LEWIS & BOCKIUS<br>1701 Market Street<br>Philadelophia, PA 19103<br>Tel. no. 215-963-5001<br>klair.fitzpatrick@morganlewis.com | Britney J. Nelson<br>FOLEY & LARDNER LLP<br>Washington Harbour<br>3000 K Street, N.W., Suite 600<br>Washington, D.C. 20007<br>bnelson@foley.com |

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from the e-mail address jennifernassiri@quinnemanuel.com to persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Case No. 2:19-bk-14989-WB
PROOF OF SERVICE

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 9, 2020, at Los Angeles, California.

*/s/ Jennifer Nassiri*

Jennifer Nassiri