MORGAN, LEWIS & BOCKIUS LLP
Richard W. Esterkin, SBN 70769
richard.esterkin@morganlewis.com
300 S Grand Ave Fl 22
Los Angeles CA  90071-3132
Tel:    (213) 612-2500
Fax:    (213) 612-2501

Attorneys for
Amazon Logistics, Inc.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| **In re:**<br><br>**SCOOBEEZ, et al.[1],**<br><br>**Debtors and Debtors in Possession.**<br><br>Affects:<br>■ All Debtors<br>☐ Scoobeez, ONLY<br>☐ Scoobeez Global, Inc., ONLY<br>☐ Scoobur LLC, ONLY | Case No. 2:19-bk-14989-WB<br>(Jointly Administered with<br>2:19-bk-14991-WB, and 2:19-bk-14997-WB)<br><br>Chapter 11<br><br>**AMAZON LOGISTICS, INC.'S OBJECTIONS TO DISCLOSURE STATEMENT**<br><br>Date:         April 9, 2020<br>Time:        10:00 a.m.<br>Dept.:       United States Bankruptcy Court<br>                 Edward Roybal Federal Building<br>                 255 E Temple St., Ctrm 1375<br>                 Los Angeles CA  90012<br><br>Judge:  The Hon. Julia W. Brand |

Amazon Logistics, Inc. ("**Amazon**") hereby objects to the Debtors' motion to approve the Disclosure Statement herein as follows:

////

////

////

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Scoobeez (6339); Scoobeez Global, Inc. (9779); and, Scoobur, LLC (0343).  The Debtors' address is 3463 Foothill Boulevard, in Glendale, California  91214.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

- 1 -    AMAZON'S DISCLOSURE STATEMENT OBJECTION

**I. THE PLAN AND DISCLOSURE STATEMENT'S TREATMENT OF EXECUTORY CONTRACTS VIOLATES THE BANKRUPTCY CODE AND DOES NOT PROVIDE ADEQUATE INFORMATION TO EXECUTORY CONTRACT COUNTER-PARTIES.**

**A.     Introduction**

The Disclosure Statement's descriptions of the Plan's treatment of executory contracts, which mirrors the Plan's language, violates the Bankruptcy Code and lacks sufficient detail. That language, so far as is pertinent to this objection, is as follows:

> 1.     Rejection
>
> On the Effective Date, the treatment of which are described further below, any and all agreements executed by the Debtors before the Effective Date, other than agreements that were previously either assumed and assigned or rejected either by a Final Order or under Bankruptcy Code section 365, to the extent that these agreements constitute executory contracts or unexpired leases under Bankruptcy Code section 365, shall be rejected. ….
>
> * * *
>
> 3.     Assumption
>
> As of the Effective Date, the Debtors shall assume the executory contracts and unexpired leases as determined by Hillair in its discretion. The cure of all monetary defaults in connection therewith in accordance with section 365 of the Bankruptcy Code shall be made pursuant to a cure schedule to be provided by the Debtors, which cure payments shall be made from cash on hand, provided that it shall not be a default excusing Hillair from performance in connection with the Joint Plan if the Debtors are unable to assume and assign the Amazon contracts or if the Debtors do not pay cure under such contracts with their own funds (including Estate Cash Payment).

Disclosure Statement, pg. 34 (Docket No. 635 at pg. 50 of 88); Plan, pgs. 44-45 (Docket No. 599, pgs. 49 and 50 of 66).

The "Effective Date" of the plan is defined as "the first day when all Conditions Precedent have been satisfied or waived pursuant to Section VIII *(sic)* of the Plan." Disclosure Statement, pg. 36 (Docket No. 635, pg. 52 of 88); Plan, pg. 8 (Docket No. 599 at pg. 13 of 66). The Plan provides that:

> The Effective Date shall not occur until the following condition(s) (the "Conditions Precedent" have been satisfied or waived:

   (i) the Bankruptcy Court shall have entered an order granting approval of the Disclosure Statement and finding that it contains adequate information pursuant to section 1125 of the Bankruptcy Code and that order shall have become a Final Order;

   (ii) the Bankruptcy Court shall have entered a Confirmation Order that is in form and substance satisfactory to Hillair;

   (iii) the earlier of (a) the entry of a final, non-appealable order resolving the existing Amazon Litigation; and (b) the passage of a period of time at Hillair's discretion not to exceed six months following the Confirmation Date provided that the Debtors' estate at all times has sufficient resources to pay Administrative Expense Claims (excluding Professional Fees, which shall be capped at the line items therein without allowance for any variance in the Estate Cash Payment) or a binding commitment by Hillair to fund any shortfall of the same, exists during such period; and

   (iv) no stay of the Confirmation Order is in effect.

Plan, pgs. 45-46 (Docket No. 599, pgs. 50-51 of 66).  Thus, the Plan contemplates that there may be a substantial period of time following confirmation of the plan and the Effective Date.

  **B.** **The Plan Violates Bankruptcy Code Section 365(d)(2)**.

Bankruptcy Code section 365(d)(2) provides that "the trustee may assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor at any time before confirmation of a plan …."  The plan provides for the rejection of executory contracts entered into by the Debtors "before the Effective Date" and that Hillair may select the executory contracts that are to be assumed without specifying a date by which Hillair must make that election.  As a result, the Plan appears to violate Section 365(d)(2) by deferring the Debtors' determination as to the executory contracts to be assumed until the Effective Date, rather an requiring that the election be made prior to plan confirmation.

  **C.** **The Disclosure Statement Fails to Provide Adequate Information to Executory Contract Counter-Parties**

Bankruptcy Code section 1125(b) requires that Disclosure Statements contain "adequate information."  Section 1125(a) provides that, at a minimum, adequate information includes information that would enable parties in interest "to make an informed judgment about the plan."  Because the Plan appears to permit the Debtor to defer selecting the executory contracts to be

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

- 3 - AMAZON'S DISCLOSURE STATEMENT
OBJECTION

assumed pursuant to the plan until after the plan is confirmed, executory contract counter-parties will not know whether their contracts are going to be assumed or rejected at the time that they are required to vote on the plan. As a result, executory contract counter-parties cannot determine how the plan will affect their rights (for example, whether they will be paid in full for any pre-petition monetary defaults under their contracts, if their contract is assumed, or have a general unsecured claim for those amounts and any rejection damages that may exist, if their contract is rejected) and cannot make an informed judgment as to their vote on the plan. Accordingly, the Disclosure Statement should not be approved in its present form.

### D. Due Process Requires That the Disclosure Statement, or the Court's Order Approving the Disclosure Statement, Provide Procedures for the Assumption or Rejection of Executory Contracts

Section 365(d)(2) provides that the Debtors must either assume or reject their executory contracts prior to the confirmation of the plan. In order to provide the counter-parties to those contracts with fair notice and an opportunity to be heard, including sufficient information so as to enable them to vote on the plan, either the Disclosure Statement should be amended, or this Court should include in its order approving the Disclosure Statement, a schedule pursuant to which, in advance of the plan voting deadine and confirmation hearing, and in chronological order: (a) Hillair must disclose the executory contracts that it wishes the Debtors to assume, (b) the Debtors must provide a cure schedule listing what they believe to be the amount necessary to cure any existing defaults in the executory contracts to be assumed, (c) the counter-parties to the executory contract to be assumed are required to file objections to the assumption of their contracts and/or the cure amounts listed in the Debtors' schedule and (d) any parties in interest can file replies to those objections.

## II. HILLAIR'S UNILATERAL ABILITY TO DEFER THE PLAN'S EFFECTIVE DATE RENDERS THE PLAN UNCONFIRMABLE.

Bankruptcy Code section 1123(a)(5) requires that a plan provide adequate means for its implementation. In order to do so, the plan must specify the date upon which the plan is to become effective. That date is of significant for a number of reasons, including:

- fixing the date on which the present value of claims is determined for purposes of

the "best interests" test [11 U.S.C. § 1129(a)(7)];

- fixing the date upon which administrative claims are to be paid [11 U.S.C. § 1129(a)(9)(A)];

- fixing the date for the payment of certain priority claims (if the class has not accepted the plan) or the date to which those priority claims are to be reduced to present value (if the class has accepted the plan) [11 U.S.C. § 1129(a)(9)(B)];

- fixing the date to present value installment payments of certain priority tax claim [11 U.S.C. § 1129(a)(9)(C) and (D)]; and

- fixing the date upon which the automatic stay protecting property of the estate terminates due to the bankruptcy estate's property being transferred pursuant to the plan's terms [11 U.S.C. § 362(c)(1)].

As explained by the Court in *In re Yates Development, Inc.* 258 B.R. 26 (Bankr. M.D. Fla. 2000):

> There are two views as to when an effective date may occur. Some courts hold that a plan's effective date should be on or close to the date on which a confirmation order is entered. Other courts have held that an effective date which occurs around the date a confirmation order becomes final is acceptable. [The latter holding] was predicated upon the fact that any appeal, and thus, any resulting delay in the case, would be instituted by creditors, not the debtor. "This concern could be minimized if not completely avoided, since if the [creditors] do not create a delay, the effective date need be no later that *(sic)* 30 days after the entry of the Confirmation Order …."

258 B.R. 42-43, quoting from *In re Wonder Corp. of America*, 70 B.R. 1018, 1021 (Bankr. Conn. 1987) (internal citiations omitted). *See also, In re Potomac Iron Works, Inc.*, 217 B.R. 170 (Bankr. Md. 1997); *In re Krueger,* 66 B.R. 463, ,465 (Bankr. S.D. Fla. 1986) (holding four month delay between plan confirmation and the effective date is unreasonable); *In re Jones*, 32 B.R. 951, 959, fn. 13 (Bankr. Utah 1983) ("[T]he effective date of the plan should be reasonably close to the date of the confirmation hearing."). Of particular concern to the *Yates* court was the fact that the deferral of the effective date in that case shifted the risk of loss caused by the delay to the objecting creditor.

Here, at Hillair's election, the plan's effective date may be deferred for up to six months,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

- 5 -

AMAZON'S DISCLOSURE STATEMENT
OBJECTION

following the date upon which the plan is confirmed.  In addition, the effective date may be wholly illusory as it cannot occur unless the Debtors' estate "has sufficient resources to pay Administrative Expense Claims … or a binding commitment by Hillair to fund any shortfall of the same . . .."  As to Amazon, permitting Hillair to defer the effective date of the plan so as to perpetuate the automatic stay and hold Amazon hostage for an additional six months impermissibly shifts the risk of doing business with the Debtors to Amazon in contravention of Amazon's contractual rights.[2]  As to all parties in interest, conditioning the plan's effective date on the Debtors' ability to fund Administrative Expense Claims renders plan confirmation wholly illusory as there is no assurance that the Debtors will have sufficient funds to pay those claims and, as a result, the plan may never become effective.  Consequently, the plan fails to provide adequate means for its implementation and, absent the deletion of Paragraph IX(A)(iii), the plan cannot be confirmed and the Disclosure Statement should not be approved.  *In re Arnold*, 471 B.R. 578, 586 (C.D. Cal. 2012) ("Where a plan is on its face nonconfirmable, as a matter of law, it is appropriate for the court to deny approval of the disclosure statement describing the nonconfirmable plan.") quoting from *In re Silberkraus*, 253 B.R. 890, 899 (Bankr. C.D. Cal. 2000).

### III. CONCLUSION

In conclusion, the Court should establish reasonable procedures so that, consistent with Bankruptcy Code section 365(d)(2) and executory contract counter-parties' due process rights, the Court can consider the Debtors' request to assume any executory contracts designated for assumption by Hillair at or before the plan confirmation hearing.  In addition, in order for the plan to provide adequate means for its implementation, the Court should require that the plan and disclosure statement be amended so as to avoid any unnecessary delay between the date upon which the Court confirms the plan and the plan's effective date.

---

[2] *See, Amazon Logistics, Inc.'s Supplemental Brief in Support of its Motion for an Order; (A) Determining that the Automatic Stay Does Not Require Amazon to Utilize the Debtor's Services, and (B) Modifying the Automatic Stay; an Declaration of James Wilson in Support Thereof* (Docket No. 605).

| | | |
|---|---|---|
| 1 | Dated: March 26, 2020 | MORGAN, LEWIS & BOCKIUS LLP |
| 3 | | By:  */s/ Richard W.* Esterkin |
| 4 | | Richard W. Esterkin<br>Attorneys for Amazon Logistics, Inc. |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

- 7 -    AMAZON'S DISCLOSURE STATEMENT
OBJECTION

**CERTIFICATE OF SERVICE FORM**

**FOR ELECTRONIC FILINGS**

I hereby certify that on March 26, 2020, I electronically filed the foregoing document, **AMAZON LOGISTICS, INC.'S OBJECTIONS TO DISCLOSURE STATEMENT,** with the Clerk of the United States Bankruptcy Court, Central District of California, Los Angeles Division, using the CM/ECF system, which will send notification of such filing to those parties registered to receive notice on this matter.

_____

Renee Robles

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

Morgan Lewis & Bockius, LLP
300 S Grand Ave Fl 22, Los Angeles CA  90071-3132

A true and correct copy of the foregoing document entitled (*specify*): Amazon Logistics, Inc.'s Objections to Disclosure Statement
_____
_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On (*date*) 03/26/2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See Service List, Attached

☑ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 03/26/2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

See Mailing List, Attached

☑ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 03/26/2020, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Hon. Julia W. Brand, Suite 1382
U.S. Bankruptcy Court, Roybbal Federal Building
255 E Temple St
Los Angeles CA  90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 03/26/2020 | Renee Robles | /s/ Renee Robles |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**2:19-bk-14989-WB Service List:**

Richard T Baum on behalf of Stockholder Rosenthal Family Trust
rickbaum@hotmail.com, rickbaum@ecfinforuptcy.com

Richard W Esterkin on behalf of Creditor Amazon Logistics, Inc.
richard.esterkin@morganlewis.com

John-Patrick M Fritz on behalf of Attorney Official Committee Of Unsecured Creditors jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com

John-Patrick M Fritz on behalf of Creditor Committee Official Committee of Unsecured Creditors jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com

John-Patrick M Fritz on behalf of Interested Party Levene, Neale, Bender, Yoo & Brill L.L.P. jpf@lnbyb.com, JPF.LNBYB@ecf. inforuptcy.com

John-Patrick M Fritz on behalf of Plaintiff Official Committee of Unsecured Creditors of the Estates of Scoobeez

and Scoobeez Global, Inc.

jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com

Riebert Sterling Henderson on behalf of Interested Party Courtesy NEF
shenderson@gibbsgiden.com

Vivian Ho on behalf of Creditor FRANCHISE TAX BOARD
BKClaimConfirmation@ftb.ca.gov

David Brian Lally on behalf of Attorney Grigori Sedrakyan
davidlallylaw@gmail.com

David Brian Lally on behalf of Attorney Peter and Barbara Ro Trustees of the Rosenthal Family Trust UTD

3/25/1988

davidlallylaw@gmail.com

Alvin Mar on behalf of U.S. Trustee United States Trustee (LA)
alvin.mar@usdoj.gov, dare.law@usdoj.gov

Ashley M McDow on behalf of Debtor Scoobeez

amcdow@foley.com, sgaeta@foley.com;mhebbeln@foley.com;swilson@foley.com;jsimon@foley.com

Ashley M McDow on behalf of Debtor Scoobeez Global, Inc.

amcdow@foley.com, sgaeta@foley.com;mhebbeln@foley.com;swilson@foley.com;jsimon@foley.com

Ashley M McDow on behalf of Debtor Scoobur LLC

amcdow@foley.com,
sgaeta@foley.com;mhebbeln@foley.com;swilson@foley.com;jsimon@foley.com

Ashley M McDow on behalf of Plaintiff Scoobeez, Inc.

amcdow@foley.com,
sgaeta@foley.com;mhebbeln@foley.com;swilson@foley.com;jsimon@foley.com

Stacey A Miller on behalf of Creditor Porsche Financial Services, Inc.
smiller@tharpe-howell.com

Stacey A Miller on behalf of Creditor Porsche Financial Services, Inc. dba Bentley Financial Services smiller@tharpe-howell.com

Stacey A Miller on behalf of Creditor Porsche Leasing Ltd.
smiller@tharpe-howell.com

Kevin H Morse on behalf of Creditor Avitus Group, Inc.
kmorse@clarkhill.com, blambert@clarkhill.com

Shane J Moses on behalf of Debtor Scoobeez
smoses@foley.com

Shane J Moses on behalf of Plaintiff Scoobeez, Inc.
smoses@foley.com

Akop J Nalbandyan on behalf of Creditor Roy Anthony Catellanos
jnalbandyan@LNtriallawyers.com, cbautista@LNtriallawyers.com

Akop J Nalbandyan on behalf of Interested Party INTERESTED PARTY
jnalbandyan@LNtriallawyers.com, cbautista@LNtriallawyers.com

Rejoy Nalkara on behalf of Creditor BMW Financial Services NA, LLC, c/o AIS Portfolio Services, LP rejoy.nalkara@americaninfosource.com

Anthony J Napolitano on behalf of Creditor Hillair Capital Management LLC
anapolitano@buchalter.com,
IFS_filing@buchalter.com;salarcon@buchalter.com

David L. Neale on behalf of Attorney Official Committee Of Unsecured Creditors dln@lnbyb.com

David L. Neale on behalf of Creditor Committee Official Committee of Unsecured Creditors dln@lnbyb.com

David L. Neale on behalf of Interested Party Levene, Neale, Bender, Yoo & Brill L.L.P. dln@lnbyb.com

Aram Ordubegian on behalf of Interested Party Courtesy NEF
ordubegian.aram@arentfox.com

Hamid R Rafatjoo on behalf of Creditor Shahan Ohanessian
hrafatjoo@raineslaw.com,
bclark@raineslaw.com;cwilliams@raineslaw.com

Gregory M Salvato on behalf of Creditor Azad Baban

gsalvato@salvatolawoffices.com,

calendar@salvatolawoffices.com;jboufadel@salvatolawoffices.com;gsalvato@ecf. inforuptcy.com

Gregory M Salvato on behalf of Interested Party INTERESTED PARTY
gsalvato@salvatolawoffices.com,

calendar@salvatolawoffices.com;jboufadel@salvatolawoffices.com;gsalvato@ecf. inforuptcy.com

Jeffrey S Shinbrot on behalf of Creditor Shahan Ohanessian
jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com

Steven M Spector on behalf of Creditor Hillair Capital Management LLC
sspector@buchalter.com,
IFS_efiling@buchalter.com;salarcon@buchalter.com

United States Trustee (LA)
ustpregion16.1a.ecf@usdoj.gov

Kimberly Walsh on behalf of Creditor Texas Comptroller of Public Accounts bk-kwalsh@texasattorneygeneral.gov

Eric D Winston on behalf of Creditor Hillair Capital Management, LLC
ericwinston@quinnemanuel.com

Eric K Yaeckel on behalf of Creditor Arturo Vega
yaeckel@sullivanlawgroupapc.com

## Mailing List

Conway MacKenzie Inc.
333 S Hope St Ste 3625
Los Angeles CA  90071

Daimler Trust
c/o BK Servicing LLC
PO Box 131265
Roseville MN  55113-0011

Levene Neale Bender Yoo & Brill LLP
10250 Constellation Blvd Ste 1700
Los Angeles CA  90067

Grigori Sedrakyan
c/o David B. Lally Esq
PO Box 355
Wilmington NY  12997-0355

Jay Seigel
Siegel & Siegel
2941 Main St Ste 200A
Santa Monica CA  90405

Peter and Barbara Ro, Trustees of the
Rosenthal Family Trust UTD 3/25/1988
c/o David B. Lally Esq
PO Box 355
Wilmington NY  12997-0355