MORGAN, LEWIS & BOCKIUS LLP
Richard W. Esterkin, SBN 70769
richard.esterkin@morganlewis.com
300 S Grand Ave Fl 22
Los Angeles CA  90071-3132
Tel:    (213) 612-2500
Fax:    (213) 612-2501

Attorneys for
Amazon Logistics, Inc.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| **In re:**<br><br>**SCOOBEEZ, et al.[1],**<br><br>**Debtors and Debtors in Possession.** | Case No. 2:19-bk-14989-WB<br>(Jointly Administered with<br>2:19-bk-14991-WB, and 2:19-bk-14997-WB)<br><br>Chapter 11<br><br>**NOTICE OF FILING OF AMAZON LOGISTICS, INC.'S SIGNATURE TO SEPARATION AGREEMENT** |
| Affects:<br>■ All Debtors<br>☐ Scoobeez, ONLY<br>☐ Scoobeez Global, Inc., ONLY<br>☐ Scoobur LLC, ONLY | Date:       July 29, 2020<br>Time:      10:00 a.m.<br>Dept.:     United States Bankruptcy Court<br>                Edward Roybal Federal Building<br>                255 E Temple St., Ctrm 1375<br>                Los Angeles CA  90012<br><br>Judge:  The Hon. Julia W. Brand |

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Scoobeez (6339); Scoobeez Global, Inc. (9779); and, Scoobur, LLC (0343). The Debtors' address is 3463 Foothill Boulevard, in Glendale, California  91214.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 39348233.1

- 1 -    NOTICE OF FILING OF AMAZON LOGISTICS,
INC.'S SIGNATURE TO SEPARATION AGREEMENT

**TO THE PARTIES HERETO AND THEIR COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE THAT** Amazon Logistics, Inc. ("Amazon") has executed the proposed Separation Agreement referred to in the *Notice of Proposed Order Confirming First Amended Chapter 11 Joint Plan of Reorganization as Proposed by the Debtors, Hillair and the Official Committee of Unsecured Creditors, and Notice of Settlement Among the Plan Proponents and Amazon Logistics, Inc.* (Dkt. No. 863).  A copy of the Separation Agreement bearing Amazon's signature is attached hereto as Exhibit 1.

Dated: July 28, 2020                           MORGAN, LEWIS & BOCKIUS LLP


By:  */s/ Richard W.* Esterkin
         Richard W. Esterkin
    Attorneys for Amazon Logistics, Inc.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 39348233.1

- 2 -   NOTICE OF FILING OF AMAZON LOGISTICS,
INC.'S SIGNATURE TO SEPARATION AGREEMENT

# EXHIBIT 1

Exhibit 1 - page 3

DocuSign Envelope ID: 363287F6-8BD6-495C-0891-4E3B8DC68CEB
Case 2:19-bk-14989-WB    Doc 866    Filed 07/28/20    Entered 07/28/20 16:21:20    Desc
Main Document    Page 4 of 19

CC MISC 00371209 2020 TR

**SEPARATION AGREEMENT**

This Separation Agreement (this "Agreement") is made as of July 27, 2020, between Amazon Logistics, Inc., a Delaware corporation ("Amazon"), Scoobeez, a California corporation ("Company"), and Hillair Capital Management LLC ("Hillair"). The Company and Hillair are referred to collectively as the "Company Parties" in this Agreement and the Company, Hillair, and Amazon are referred to individually as a "Party" and, collectively, as the "Parties."

WHEREAS, Amazon and the Company entered into that certain Delivery Provider Terms of Service ("TOS") and that certain Work Order, as each have been amended, restated, amended and restated, and modified from time to time (together, the "Program Agreement") under which the Company provided Services to Amazon (the "Program"), which Services are being terminated (the "Termination");

WHEREAS, the Parties wish to agree to the terms of the Termination, including certain transition assistance services and releases as described in this Agreement;

WHEREAS, the Company filed a petition for bankruptcy under chapter 11 pending as Case No. 2:19-bk-14989-WB and jointly administered with Case Nos. 2:19-bk-14991-WB and 2:19-bk-14997-WB (together, the "Company Bankruptcy Case") in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court");

WHEREAS, upon the Effective Date of the Plan of Reorganization [Dkt. No. 754] (as amended and approved by the Parties, the "Plan") filed in the Company Bankruptcy Case, the Reorganized Debtors (as that term is defined in the Plan) will be included as the "Company" in the definition of "Company Parties" as defined herein and work with Amazon in implementing the terms of this Agreement including the transition of business under the Program Agreement and this Separation Agreement; and

WHEREAS, capitalized terms used but not defined in this Agreement have the meanings ascribed to those terms in the Program Agreement.

NOW, THEREFORE, in consideration of the following obligations and the execution of this Agreement, the Parties agree as follows:

1. <u>Termination of the Program Agreement</u>. The Program Agreement will automatically terminate on November 1, 2020 (the "Termination Date" and the period from the Effective Date (as defined herein) through the Termination Date, the "Transition Period").

2. <u>Transition Assistance</u>. From and after the Effective Date, the Company Parties shall cooperate in order to enable and facilitate an orderly transition of the Services to one or more other delivery service partners designated by Amazon (each, a "DSP"). The orderly transition will be conducted in accordance with the transition plan attached to this Agreement as <u>Exhibit A</u> (the "Transition Plan"). Termination of the Program Agreement shall be subject to any provisions of the Program Agreement that survive Termination as described in Section 12(f) of the TOS; other than the obligation under Section 7 of the TOS, to maintain insurance post-Termination Date for any insurance policies that are occurrence based.

3. <u>Transition Period Routes</u>. During the Transition Period, Amazon shall continue to offer routes to the Company in the delivery stations where the Company is currently operating, consistent with historical non-peak past practice, prior to business shutdowns caused by the COVID-19 pandemic; provided that the Company continues to have the capacity to service such routes.

DB2/ 39256314.14



Page 1

Exhibit 1 - page 4

4. <u>Outstanding Payments</u>. During the Transition Period, Amazon will continue to pay the Company in a manner no less favorable than those payment terms set forth in the Program Agreement. Any valid outstanding amounts owed to the Company under the Program Agreement as of the Termination Date shall be paid in full and in cash on a "Net 7 Day" basis, without any setoff or recoupment, within seven (7) days of the Company's delivery of an invoice pursuant to the Program Agreement

5. <u>Releases</u>:

   a. <u>Releases of Company Parties</u>. Each of the Company Parties, on behalf of itself and on behalf of its respective successors, assigns, and any other person or entity claiming by, through, under, or in concert with them (collectively, the "<u>Company Releasing Parties</u>"), hereby unconditionally and irrevocably releases and forever fully discharges Amazon, its affiliates, and its and their respective predecessors, successors, and assigns, past and present, as well as each of their respective partners, officers, directors, shareholders, members, agents, employees, representatives, attorneys, and assigns, past and present, and each of them and all persons and entities acting by, through, under, or in concert with any of them (collectively, the "<u>Amazon Released Parties</u>"), from any and all claims, obligations, demands, causes of action, suits, damages, losses, debts, or rights of any kind or nature, whether known or unknown, suspected or unsuspected, absolute or contingent, accrued or unaccrued, determined or speculative (collectively, "<u>Company Releasing Parties' Claims</u>"), which are owned or held by the Company Releasing Parties on or before the Termination Date against the Amazon Released Parties arising out of, resulting from, or in any way related to the Program Agreement, the Program, or the Company Bankruptcy Case, any actual or alleged breach of the Program Agreement or violation of the automatic stay in the Company Bankruptcy Case, or any transaction, agreement, occurrence, act, or omission occurring in connection with the Program Agreement, the Program, or the Company Bankruptcy Case, including without limitation termination of the Program Agreement. Each of the Company Releasing Parties hereby expressly and knowingly waives and relinquishes any and all rights against the Amazon Released Parties that it has or might have had under California Civil Code § 1542 (and any other similar statute or rule of law), which provides as follows: "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."

   b. <u>Amazon Release</u>. Amazon, on behalf of itself and on behalf of its respective successors, assigns, and any other person or entity claiming by, through, under, or in concert with it (collectively, the "<u>Amazon Releasing Parties</u>"), hereby unconditionally and irrevocably releases and forever fully discharges the Company Releasing Parties, and their respective predecessors, successors, and assigns, past and present, as well as each of their respective partners, officers, directors, shareholders, members, agents, employees, representatives, attorneys, and assigns, past and present, and each of them and all persons and entities acting by, through, under, or in concert with any of them (collectively, the "<u>Company Related Released Parties</u>"), from any and all claims, obligations, demands, causes of action, suits, damages, losses, debts, or rights of any kind or nature,

DB2/ 39256314.14



Page 2

Exhibit 1 - page 5

whether known or unknown, suspected or unsuspected, absolute or contingent, accrued or unaccrued, determined or speculative (collectively, "Amazon Claims"), which are owned or held by the Amazon Releasing Parties on or before the Termination Date against the Company Related Released Parties arising out of, resulting from, or in any way related to the Program Agreement, the Program, or the Company Bankruptcy Case, any actual or alleged breach of the Program Agreement, or any transaction, agreement, occurrence, act, or omission occurring in connection with the Program Agreement, the Program, or the Company Bankruptcy Case, including without limitation termination of the Program Agreement. For the avoidance of doubt, the released Amazon Claims include all claims related to those certain proofs of claim filed by Amazon and its affiliates in the Company Bankruptcy Case, including but not limited to any claims related to the litigation known as Arturo Vega, Unta Key and Marwan Griffin v. Scoobeez et al; Case No. 37-2017-00018285-CU-OE-CTL. The Amazon Releasing Parties hereby expressly and knowingly waive and relinquish any and all rights against the Company Related Released Parties that they have or might have had under California Civil Code § 1542 (and any other similar statute or rule of law), which provides as follows: "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."

c.  Notwithstanding the foregoing, the Parties are not releasing claims, if any, against another Party for breach of this Agreement, provided that for clarity, Amazon will not assert any administrative expense claims, including any claim under 11 U.S.C. § 503(b), against the Company or its affiliates in the Company Bankruptcy Case.

6. **Bankruptcy Court Approvals**. The Parties shall obtain the following approvals for the settlement contained herein by no later than July 31, 2020:

a.  an order of the Bankruptcy Court approving the Company's rejection of the Program Agreement effective as of November 1, 2020. The Rejection Order shall be in form and substance acceptable to Amazon and, among other things, provide that the Company's determination to reject the Program Agreement is irrevocable; and

b.  the Approval Order (as defined herein).

7. **Dismissal of Proceedings**. The following proceedings shall be deemed resolved by this Agreement and, following the Effective Date, promptly dismissed or withdrawn, as applicable, by the moving Party with prejudice:

a.  Scoobeez, Inc. v. Amazon Logistics, Inc., Adversary Case No. 2:19-ap-01456-WB; and

b.  Amazon Logistics, Inc. v. Scoobeez, Civil Case No. 2:20-cv-03230-AB.

In addition, Amazon's objections to confirmation [Company Bankruptcy Case, ECF No. 807] and to the Debtors' motion to assume or reject contracts [Company Bankruptcy Case, ECF No. 808] shall be

DB2/ 39256314.14



Page 3

Exhibit 1 - page 6

deemed consensually resolved and withdrawn subject to entry of the Bankruptcy Court Approvals in Paragraph 6.

8. <u>Miscellaneous</u>.

   a. The Company Parties shall continue to comply with all of the Company's obligations under the Program Agreement through the Termination Date and thereafter for obligations that by their terms continue after termination of the Program and Program Agreement;

   b. The Company Parties shall comply with all applicable laws (the "<u>Laws</u>") in connection with the Transition Plan and the Program Agreement, including, without limitation all federal and state wage and hour laws, paid time off and sick leave laws, and laws applicable to the termination of employment of any drivers and other employees of the Company (*e.g.*, wage and hour laws requiring Company to make final wage payments or to pay out accrued PTO, federal and/or state Work Adjustment and Retraining Notification Act (WARN) notices);

   c. The Company Parties shall provide Amazon with all documents, drafts and other information as reasonably requested by Amazon to demonstrate to Amazon's reasonable satisfaction that the Company will comply or has complied with all applicable Laws in connection with the Transition Plan and the Program Agreement within three (3) business days of the date of Amazon's reasonable request;

   d. Any WARN notices shall be in form and substance reasonably acceptable to Amazon and shall be delivered by the Company to affected employees by no later than September 1, 2020; and

   e. The Company Parties will take all actions reasonably requested by Amazon and/or other DSPs to facilitate the hiring by other DSPs of drivers who will not continue to be employed by the Company after the Termination Date or who have applied with another DSP during the Transition Period for employment that will commence after the Termination Date.

9. <u>Denial of Liability</u>. Nothing in this Agreement shall be construed as an admission of guilt, liability, or fault by any Party.

10. <u>Duty to Cooperate</u>. The Company Parties shall disclose the nature and details, to the extent known, of each and every lawsuit, regulatory investigation, law enforcement or agency inquiry, legal claim or other proceeding relating in any way to the Company's participation in the Program or that the Company Parties foresee as potentially exposing Amazon to liability (an "<u>exposure risk</u>"), whether commenced, filed, served, or threatened, within three (3) business days of the Company becoming aware of the exposure risk (and for any exposure risk about which the Company is aware on or before the Effective Date, the Company will disclose to Amazon no later than the Effective Date), and will cooperate with Amazon's reasonable requests related to investigations, responses, and/or defenses related to any exposure risk (whether existing as of the Effective Date or commenced after the Effective Date) and any other issues or disputes arising out of or relating to the Termination, the Transition Plan, the Program Agreement, or the Program. The Company's duty to cooperate will include, at a minimum, providing

DocuSign Envelope ID: 363287F6-8BD6-495C-8891-4E3B8DC68CEB
CC MISC 00371209 2020 TR

Amazon with any and all data and other information reasonably requested by Amazon (either directly or through any of its attorneys or agents) in connection with any exposure risk promptly (and in no event more than five (5) business days) following Amazon's request for such data and other information. The Company Parties duty to cooperate under this Agreement is independent of any obligation the Company may have to indemnify and/or defend the Amazon Indemnified Parties under the Program Agreement.

11. <u>Confidentiality; No Contact</u>. Without limiting the generality of Section 10 of the TOS, the Company Parties agree that this Agreement, all discussions between or among the Parties relating to this Agreement (including the Transition Plan), the Program Agreement, or the Parties' business relationship, and any other non-public information relating to Amazon or the Program are and shall remain Confidential Information subject to Section 10 of the TOS, and the Company Parties shall not, and shall instruct their respective officers, directors, partners, members, management-level employees, agents, and third party advisors not to, (a) disclose Confidential Information to anyone, either directly or indirectly, or (b) make any public statements or any statements to the media regarding the Program, the Termination, Amazon or any of its Affiliates, or any of their respective officers, directors, agents, employees, representatives, attorneys, and assigns. In addition, the Company Parties shall not, and shall instruct their respective officers, directors, members, management-level employees, agents, and third party advisors not to, make any unsolicited contacts to Amazon, any of its Affiliates, or any of their respective officers, directors, agents, employees, representatives, attorneys, and assigns regarding the Termination, including without limitation this Agreement and/or the implementation of the Agreement and Transition Plan; provided, however, that the Company Parties may contact Amazon's counsel, James Walsh, Jennifer Feldsher or Richard Esterkin at Morgan, Lewis & Bockius LLP and/or the Amazon Network Health group (dsp-networkhealth@amazon.com) and provided that Company's personnel will continue to have operational communication with Amazon necessary to provide services or as required under the Transition Plan.

12. <u>Permitted Disclosures</u>. Notwithstanding any other provision of this Agreement, the Company Parties are not prohibited from disclosing the terms of this Agreement or Confidential Information (i) to the Bankruptcy Court to the extent necessary to obtain the Bankruptcy Court Approvals set forth in Paragraph 6, (ii) in response to a valid and enforceable subpoena or as otherwise required by law or regulation, (iii) necessary for preparation and filing of any corporate tax return or audited financial statement, or (iii) necessary to enforce the terms of this Agreement; provided that the Parties will take all reasonable steps to ensure confidentiality is maintained including without limitation informing its attorneys, accountants, and auditors that they may not disclose Confidential Information and/or the terms of this Agreement to any other person or entity and those third-party advisors agree to that restriction, and, unless prohibited by law, notify the other Parties as soon as practical and within three (3) business days of such Party receiving a subpoena or other legal process seeking the disclosure of Confidential Information in order to permit the other Parties to protect their interests to the fullest extent possible.

13. <u>Governing Law; Venue</u>. This Agreement is governed by the laws of the State of Washington, without reference to any applicable conflict of laws rules. In the event and to the extent the Bankruptcy Court declines to exercise or concludes it does not have jurisdiction, each Party irrevocably and unconditionally submits to and accepts the exclusive jurisdiction of the federal and state courts in King County, Washington and appellate courts therefrom, for any action, suit or proceeding arising out of or based upon this Agreement, and waives any objection that it may have to the laying of venue in any such court or that any such court is an inconvenient forum or does not have personal jurisdiction over it.

14. <u>Invalidity of Particular Provisions</u>. If any term or provision of this Agreement is declared illegal, invalid or unenforceable (an "<u>Impaired Provision</u>"), then the remaining terms and

DB2/ 39256314.14



Page 5

Exhibit 1 - page 8

DocuSign Envelope ID: 363287E6-8BD6-495C-0891-4E3B8DC68CEB

CC MISC 00371209 2020 TR

provisions of this Agreement shall not be affected thereby, shall remain effective, and shall be fully enforced and such Impaired Provision shall be deemed modified, reformed and enforceable to the extent necessary to conform to applicable law and to give the maximum effect to the intent of the Parties.

15. <u>Integration and Lack of Reliance</u>. No representations, covenants, warranties, or promises have been made by the Parties other than those expressly contained in this Agreement or the Program Agreement, which is incorporated by reference in this Agreement. This Agreement is the complete and exclusive statement of the agreement between the Parties with respect to the Termination, superseding all proposals or prior agreements, oral or written, and all other communications between the Parties relating to the Termination. This Agreement may be modified only by a written document signed by all Parties. No waiver of this Agreement or any of the promises, obligations, terms or conditions set forth in this Agreement is valid unless it is written and signed by the Party against whom the waiver is to be enforced.

16. <u>Representations and Warranties</u>. Each Party represents and warrants to each other Party that:

    a. it has read and fully understands the terms of this Agreement and agrees to be legally bound by it;

    b. it has executed this Agreement with full knowledge of any and all rights which it may have;

    c. it has full and complete authority to carry out its obligations in this Agreement and to execute this Agreement;

    d. it has not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims being released hereunder;

    e. it has not entered, nor will it enter, into any contract with a third party that purports to impose any obligation on any other Party;

    f. it has received consideration through this Agreement that is fair, reasonable, sufficient, just, and adequate and constitutes lawful consideration to which it is not already entitled supporting its execution of this Agreement; and

    g. it has entered into this Agreement based solely and exclusively upon its and its counsel's analysis of the terms of this Agreement and not in reliance upon any statements or representations of any other Party (except to the extent such statements or representations are fully and expressly set forth in this Agreement).

17. <u>Successors and Assigns</u>. This Agreement shall be binding on and inure to the benefit of the predecessors, successors, and assigns of each Party, including the Reorganized Debtors after the Effective Date.

18. <u>Remedies; Opportunity to Cure</u>. If a Party believes any other Party to be in breach with respect to any of the provisions of this Agreement (including the Transition Plan), they will give written notice by electronic mail to such Party and their counsel and will allow the applicable Party five (5) business days to cure such breach. The Company Parties acknowledge and agree that any breach of this Agreement by the Company Parties that is not cured or cannot be cured would cause irreparable harm to Amazon for which Amazon has no adequate remedies at law. Accordingly, Amazon is entitled to specific performance or injunctive relief for any breach of this Agreement without the necessity of proving damages or posting bond.

19. <u>Counterparts and Signatures</u>. This Agreement may be executed in multiple counterparts,

DB2/ 39256314.14



Page 6

Exhibit 1 - page 9

CC MISC 00371209 2020 TR

all of which when taken together shall constitute one and the same instrument. Facsimile or electronic copies of signature pages of this Agreement have the same binding and legal impact as original signature pages.

20. <u>Joint Preparation</u>. Each Party and its counsel has reviewed and jointly participated in the preparation of this Agreement. No rule of strict construction or presumption that ambiguities will be construed against any drafter will apply.

21. <u>Effective Date</u>. The rights and obligations of the parties to this Agreement are conditioned upon the entry of an order by the Bankruptcy Court in the Company Bankruptcy Case, in form and substance reasonably satisfactory to Amazon, authorizing the Company to enter into this Agreement and to perform its obligations hereunder (the "<u>Approval Order</u>"), which is not subject to any stay. The first day following the entry of the Approval Order upon which the Approval Order is not stayed is referred to herein as the "<u>Effective Date</u>." In the event that the foregoing condition is not satisfied this Agreement shall not be of any further force or effect and the parties shall be restored to their right and obligations as though they had not executed this Agreement. For the avoidance of doubt, the Approval Order may be the confirmation order approving the Plan but only if the "Effective Date" of the Plan is the first day following entry of the confirmation order such that the Effective Date of the Plan and the Effective Date hereunder are the same date.

[Signature Page Follows]

DB2/ 39256314.14



Page 7

Exhibit 1 - page 10

By signature below, the duly authorized representatives of the Parties agree to the terms and conditions of this Agreement as of the Effective Date.

SCOOBEEZ, INC.  
By: *Brian Weiss*  
Name: Brian Weiss  
Title: Chief Restructuring Officer  
Date: July 28, 2020

AMAZON LOGISTICS, INC.  
By: *Eric Swanson*  
Name: Eric Swanson  
Title: Vice President  
Date: July 28, 2020

HILLAIR CAPITAL MANAGEMENT LLC  
By: *Sean McAvoy*  
Name: Sean McAvoy  
Title: Managing Member  
Date: July 28, 2020

[Signature Page to Separation Agreement]

# EXHIBIT A

# TRANSITION PLAN

- The Company Parties will continue providing Services through (and including) the Termination Date, and will comply with all terms and provisions of the Program Agreement, including all terms and provisions requiring Company to comply with applicable law and Amazon's policies; provided, however, that Amazon agrees to work with the Company to adjust the Company's routes as and if the number of drivers employed by the Company changes and it is not able to assign a driver to each assigned route.
- Amazon will pay the Company for all Services rendered during the Transition Period in accordance with the terms and provisions of the Program Agreement, as modified by the Separation Agreement
- The Company Parties will not issue any formal communication regarding or widely disclose the pending termination of the Program Agreement or the Parties' business relationship to any of Company's drivers before the Transition Communication (defined below) is delivered in accordance with the terms described below. Notwithstanding the foregoing, the Company Parties may file the Separation Agreement and any Plan related documents referencing the Separation Agreement with the Bankruptcy Court in order to obtain its approval.
- On a date(s) mutually agreed but not later than September 1, 2020 (the "Notification Date"), in each delivery station in which the Company provides Services, a Company dispatcher or manager will deliver the Transition Communication to the Company's drivers and an Amazon representative will be present to explain how drivers can apply for positions with other DSPs and/or answer driver questions directed to Amazon, if any.
- In the Transition Communication, the Company Parties may communicate that they would like to, or intend to, continue to employ the employee(s) even after the Company's business relationship with Amazon ends. For clarity, the Company Parties shall not be obligated hereunder to terminate the employment of any of their employees.
- The "Transition Communication" is as follows:
  - Company Representative: Thank you everyone for meeting today. The purpose of this meeting is that I wanted to announce to you today that the business relationship between the Company and Amazon will end on November 1, 2020.
  - I know this news may be upsetting to you, but my goal today is to be available to answer any questions and also to help ensure there is a smooth transition for each of you. [*At the Company's option: In that regard, the Company intends to continue providing delivery services to other clients and hopes many of you will remain with us.*] In the event you would like to apply for a position with another DSP, a representative from Amazon is here to provide information about that process.
  - I want to personally thank each and every one of you for the contributions you made to the Company. The Company and Amazon are very grateful for your hard work and we are here to support you during this time, whether you continue to work for the Company or choose to apply with another DSP.
  - I want to stop here and open the floor for questions.
  - *After questions are over*
  - I would now like to introduce <Amazon Representative in Attendance>.
    - Amazon Representative will explain how drivers can apply to other DSPs.
- The Company Parties will take all actions reasonably requested by Amazon and/or other DSPs to facilitate the hiring by other DSPs of drivers who will not continue to be employed by the

Company after the Termination Date or who have applied with another DSP during the Transition Period for employment that will commence after the Termination Date.
- Nothing in this Transition Plan prohibits the Company from communicating with such an employee about remaining with the Company or from making such employee an offer to remain employed by the Company after the Termination Date.
- The Company Parties will not in any way threaten to or actually take an adverse action against any employee who inquires about employment with another DSP, submits an application or accepts a job offer from another DSP, or rejects a job offer from the Company.
- As promptly as practicable after the Termination Date (but in no event more than five days after the Termination Date), the Company will:
    o remove from Amazon property all vehicles that are owned, leased, or rented by Company or any of its Affiliates;
    o return all Amazon-branded vehicles to the applicable vehicle lessor;
    o return all Amazon-branded uniforms pursuant to instructions provided by Amazon;
    o return all mobile delivery devices obtained from Amazon, if any, pursuant to instructions provided by Amazon;
    o cancel and return all fuel cards issued to Company in connection with the Amazon-sponsored fuel card program; and
    o cancel any insurance policies obtained through the Amazon-sponsored insurance program.

DB2/ 39256314.14



Page

Exhibit 1 - page 13

**CERTIFICATE OF SERVICE FORM**

**FOR ELECTRONIC FILINGS**

I hereby certify that on July 28, 2020, I electronically filed the foregoing document, **NOTICE OF FILING OF AMAZON LOGISTICS, INC.'S SIGNATURE TO SEPARATION AGREEMENT** with the Clerk of the United States Bankruptcy Court, Central District of California, Los Angeles Division, using the CM/ECF system, which will send notification of such filing to those parties registered to receive notice on this matter.

/s/ Renee Robles
—————————————————
Renee Robles

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
Morgan Lewis & Bockius LLP
300 S Grand Ave Fl 22, Los Angeles CA  90071-3132

A true and correct copy of the foregoing document entitled (*specify*):  Notice of Filing of Amazon Logistics, Inc.'s Signature to Separation Agreement
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 07/28/2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See Service List attached

☑ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 07/28/2020, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

See E-Mail Only Service List, attached.

☑ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 07/28/2020 | Renee Robles | *Renee Robles* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                            **F 9013-3.1.PROOF.SERVICE**

**2:19-bk-14989-WB Service List:**

Richard T Baum on behalf of Stockholder Rosenthal Family Trust
rickbaum@hotmail.com, rickbaum@ecfinforuptcy.com

Richard W Esterkin on behalf of Creditor Amazon Logistics, Inc.
richard.esterkin@morganlewis.com

John-Patrick M Fritz on behalf of Attorney Official Committee Of Unsecured Creditors jpf@lnbyb.com,
JPF.LNBYB@ecf.inforuptcy.com

John-Patrick M Fritz on behalf of Creditor Committee Official Committee of Unsecured Creditors jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com

John-Patrick M Fritz on behalf of Interested Party Levene, Neale, Bender, Yoo & Brill L.L.P. jpf@lnbyb.com, JPF.LNBYB@ecf. inforuptcy.com

John-Patrick M Fritz on behalf of Plaintiff Official Committee of Unsecured Creditors of the Estates of Scoobeez

and Scoobeez Global, Inc.

jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com

Riebert Sterling Henderson on behalf of Interested Party Courtesy NEF
shenderson@gibbsgiden.com

Vivian Ho on behalf of Creditor FRANCHISE TAX BOARD
BKClaimConfirmation@ftb.ca.gov

David Brian Lally on behalf of Attorney Grigori Sedrakyan
davidlallylaw@gmail.com

David Brian Lally on behalf of Attorney Peter and Barbara Ro Trustees of the Rosenthal Family Trust UTD

3/25/1988

davidlallylaw@gmail.com

Alvin Mar on behalf of U.S. Trustee United States Trustee (LA)
alvin.mar@usdoj.gov, dare.law@usdoj.gov

Ashley M McDow on behalf of Debtor Scoobeez

amcdow@foley.com,
sgaeta@foley.com;mhebbeln@foley.com;swilson@foley.com;jsimon@foley.com

Ashley M McDow on behalf of Debtor Scoobeez Global, Inc.

amcdow@foley.com,
sgaeta@foley.com;mhebbeln@foley.com;swilson@foley.com;jsimon@foley.com

Ashley M McDow on behalf of Debtor Scoobur LLC

amcdow@foley.com,
sgaeta@foley.com;mhebbeln@foley.com;swilson@foley.com;jsimon@foley.com

Ashley M McDow on behalf of Plaintiff Scoobeez, Inc.

amcdow@foley.com,
sgaeta@foley.com;mhebbeln@foley.com;swilson@foley.com;jsimon@foley.com

Stacey A Miller on behalf of Creditor Porsche Financial Services, Inc.
smiller@tharpe-howell.com

Stacey A Miller on behalf of Creditor Porsche Financial Services, Inc. dba Bentley Financial Services smiller@tharpe-howell.com

Stacey A Miller on behalf of Creditor Porsche Leasing Ltd.
smiller@tharpe-howell.com

Kevin H Morse on behalf of Creditor Avitus Group, Inc.
kmorse@clarkhill.com, blambert@clarkhill.com

Shane J Moses on behalf of Debtor Scoobeez
smoses@foley.com

Shane J Moses on behalf of Plaintiff Scoobeez, Inc.
smoses@foley.com

Akop J Nalbandyan on behalf of Creditor Roy Anthony Catellanos
jnalbandyan@LNtriallawyers.com, cbautista@LNtriallawyers.com

Akop J Nalbandyan on behalf of Interested Party INTERESTED PARTY
jnalbandyan@LNtriallawyers.com, cbautista@LNtriallawyers.com

Rejoy Nalkara on behalf of Creditor BMW Financial Services NA, LLC, c/o AIS Portfolio Services, LP rejoy.nalkara@americaninfosource.com

Anthony J Napolitano on behalf of Creditor Hillair Capital Management LLC
anapolitano@buchalter.com,
IFS_filing@buchalter.com;salarcon@buchalter.com

David L. Neale on behalf of Attorney Official Committee Of Unsecured Creditors dln@lnbyb.com

David L. Neale on behalf of Creditor Committee Official Committee of Unsecured Creditors dln@lnbyb.com

David L. Neale on behalf of Interested Party Levene, Neale, Bender, Yoo & Brill L.L.P. dln@lnbyb.com

Aram Ordubegian on behalf of Interested Party Courtesy NEF
ordubegian.aram@arentfox.com

Hamid R Rafatjoo on behalf of Creditor Shahan Ohanessian
hrafatjoo@raineslaw.com,
bclark@raineslaw.com;cwilliams@raineslaw.com

Gregory M Salvato on behalf of Creditor Azad Baban

gsalvato@salvatolawoffices.com,

calendar@salvatolawoffices.com;jboufadel@salvatolawoffices.com;gsalvato@ecf.inforuptcy.com

Gregory M Salvato on behalf of Interested Party INTERESTED PARTY
gsalvato@salvatolawoffices.com,

calendar@salvatolawoffices.com;jboufadel@salvatolawoffices.com;gsalvato@ecf.inforuptcy.com

Jeffrey S Shinbrot on behalf of Creditor Shahan Ohanessian
jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com

Steven M Spector on behalf of Creditor Hillair Capital Management LLC
sspector@buchalter.com,
IFS_efiling@buchalter.com;salarcon@buchalter.com

United States Trustee (LA)
ustpregion16.1a.ecf@usdoj.gov

Kimberly Walsh on behalf of Creditor Texas Comptroller of Public Accounts bk-kwalsh@texasattorneygeneral.gov

Eric D Winston on behalf of Creditor Hillair Capital Management, LLC
ericwinston@quinnemanuel.com

Eric K Yaeckel on behalf of Creditor Arturo Vega
yaeckel@sullivanlawgroupapc.com

Main Document    Page 19 of 19

**2:19-bk-14989-WB Electronic Mail-Only Service List**

Adam Friedman on behalf of Creditor, Hillair Capital Management, LLC
Olshane Frome Wolosky LLP
afriedman@olshanlaw.com

John A. Simon on behalf of Debtor, Scoobeez, Inc.
Foley & Lardner, LLP
jsimon@foley.com